IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., | Judge Carl J. Nichols |
| Defendant. | **ORAL ARGUMENT REQUESTED** |

<u>**DEFENDANT'S MOTION TO DISMISS OR TRANSFER**</u>

## <u>TABLE OF CONTENTS</u>

**Page**

Statement of Points and Authorities ........................................................................................ 1

I.      Introduction ................................................................................................................. 1

II.     Factual background ...................................................................................................... 1

III.    Legal standards ........................................................................................................... 4

        A.      Personal jurisdiction ......................................................................................... 4

        B.      Venue ................................................................................................................ 4

IV.     Argument ..................................................................................................................... 5

        A.      This case should be dismissed because Smartmatic has failed to
                adequately plead personal jurisdiction over OAN ............................................ 5

        B.      Alternatively, the case should be transferred to the U.S. Southern District
                of California because venue is improper in this District .................................. 12

V.      Conclusion ................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amr v. Virginia,*
  58 F. Supp. 3d 27 (D.D.C. 2014) .........................................................................4, 10

*Annapolis Citizens Class Overcharged for Water-Sewer, by Loudon Operations,*
  *LLC v. Stantec, Inc.*, 2021 WL 75766 (D.D.C. Jan. 8, 2021) ....................................6

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*,
  137 S. Ct. 1773 (2017) ...........................................................................................6, 11

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985) ......................................................................................................10

*Calder v. Jones,*
  465 U.S. 783 (1984) ......................................................................................................10

*Daimler AG v. Bauman,*
  571 U.S. 117 (2014) ...................................................................................................5, 6

*Democracy Forward Foundation v. White House Off. of Am. Innovation*, 356 F.
  Supp. 3d 61 (D.D.C. 2019) ............................................................................................2

*Dickerson v. Novartis Corp.,*
  315 F.R.D. 18 (S.D.N.Y. 2016) ....................................................................................12

*Hamilton v. JPMorgan Chase Bank,*
  118 F. Supp. 3d 328 (D.D.C. 2015). ..............................................................................5

*Handy v. Shaw,*
  325 F.3d 346 (D.C. Cir. 2003) ......................................................................................11

*Helmer v. Doletskaya,*
  393 F.3d 201 (D.C. Cir. 2004) ........................................................................................6

*Hurd v. District of Columbia,*
  864 F.3d 671 (D.C. Cir. 2017). ......................................................................................13

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
  466 U.S. 408 (1984) ........................................................................................................9

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement,*
  326 U.S. 310 (1945) ......................................................................................................10

**TABLE OF AUTHORITIES**
(continued)

Page

*J. McIntyre Mach., Ltd. v. Nicastro*,
 564 U.S. 873 (2011) ................................................................................11

*Keeton v. Hustler Magazine, Inc.*,
 465 U.S. 770 (1984) ................................................................................10

*Kowal v. MCI Commc'ns Corp.*,
 16 F.3d 1271 (D.C. Cir. 1994) ...................................................................7

*\*Livnat v. Palestinian Authority*,
 851 F.3d 45 (D.C. Cir. 2017) ............................................................5, 6, 7

*Majid v. Federal Bureau of Investigation*,
 245 F. Supp. 3d 63 (D.D.C. 2017) ...........................................................14

*McCain v. Bank of Am.*,
 13 F. Supp. 3d 45 (D.D.C. 2014) ................................................................5

*Moncrief v. Lexington Herald–Leader Co.*,
 807 F.2d 217 (D.C. Cir. 1986) ...................................................................9

*\*Neely v. Phila. Inquirer Co.*,
 62 F.2d 873 (D.C. Cir. 1932) ......................................................................8

*Nunes v. WP Company LLC*,
 2021 WL 3550896 (D.D.C. Aug. 11, 2021) .............................................10

*Plackett v. Washington Deluxe Bus, Inc.*,
 2020 WL 376511 (D.D.C. Jan. 23, 2020) ...................................................5

*Roland v. Branch Banking & Trust Corp.*,
 149 F. Supp. 3d 61 (D.D.C. 2015) ..............................................................5

*Smartmatic USA Corp., et al. v. Fox News Network LLC, et al.*,
 Case No. 151136-2021 (Supreme Court of New York) ...........................13

*Smartmatic USA Corp., et al. v. Powell*,
 Case No. 21-cv-02995 (D.D.C.) ...............................................................13

*\*Shirlington Limousine and Transp., Inc. v. San Diego Union-Tribune*,
 566 F. Supp. 2d 1 (D.D.C. 2008) ................................................................8

*Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc.*,
 2007 WL 4820968 (S.D.N.Y. 2007) .........................................................12

## TABLE OF AUTHORITIES
(continued)

Page

\* *Trump v. Comm. on Ways & Means*,
  415 F. Supp. 3d 98 (D.D.C. 2019) ....................................................4, 7

*US Dominion, Inc., et al. v. Herring Networks, Inc., et al.*,
  Case No. 21-cv-02130 (D.D.C.) ........................................................8

\**US Dominion, Inc. v. Powell*,
  2021 WL 3550974 (D.D.C. Aug. 11, 2021) ...............................7, 8, 14

\**Walden v. Fiore*,
  134 S. Ct. 1115 (2014) ..................................................................5, 6, 9

*Washington Post v. Robinson*,
  935 F.2d 282 (D.C. Cir. 1991) .......................................................1, 2

**Rules**

FED. R. CIV. P. 12(b)(2) ........................................................................1, 4, 5

FED. R. CIV. P. 12(b)(2) ........................................................................1

**Statutes**

28 U.S.C. § 1391 ...............................................................................5, 12, 14

28 U.S.C. § 1406(a) ..........................................................................1, 4, 14, 15

D.C. Code § 13-422 ...........................................................................6

D.C. Code § 13-423 ...........................................................................7, 8

D.C. Code § 29-105.02 ......................................................................3

**Other Authorities**

Bob Davis & Glen Simpson, *U.S. Authorities Probe How Smartmatic Won
  Venezuela Election Pact*, WALL ST. J. (December 1, 2006), available at
  https://www.wsj.com/articles/SB116493756785237566 (last visited February
  18, 2022) ........................................................................................1

Brad Friedman, *EXCLUSIVE: On Heels of Diebold/Premier Purchase, Canadian
  eVoting Firm Dominion Also Acquires Sequoia, Lies About Chavez Ties in
  Announcement*, HUFFPOST (June 22, 2010), available at
  https://www.huffpost.com/entry/exclusive-on-heels-of-die_b_620084 (last
  visited February 18, 2022) ..............................................................2

## **TABLE OF AUTHORITIES**
(continued)

**Page**

FCC Public Notice, Satellite Communications Services Information, SES-00598,
April 21, 2004, available at https://docs.fcc.gov/public/attachments/DOC-
246291A1.txt (last visited February 12, 2022) ........................................................14

*Fox News,* DOWNTOWN D.C., available at https://www.downtowndc.org/go/fox-
news/ (last visited February 18, 2022) ....................................................................13

Press Release, Rep. Carolyn B. Maloney, *Smartmatic Announces Sale of Sequoia
Voting Systems* (Nov. 8, 2007), available at https://maloney.house.gov/media-
center/press-releases/smartmatic-announces-sale-sequoia-voting-systems (last
visited February 18, 2022) ........................................................................................2

Rodney A. Smolla, *Law of Defamation* § 12:20 (2d ed. 2021) ....................................10

*Sequoia Voting Systems (This Company Was Purchased by Dominion)*, U.S.
ELECTION ASSISTANCE COMMISSION, available at https://www.eac.gov/voting-
equipment/registered-manufacturers/sequoia-voting-systems-company-was-
purchased-dominion (last visited Feb. 18, 2022) ........................................................2

Pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(3) and 28 U.S.C. § 1406(a), defendant Herring Networks, Inc., d/b/a One America News Network ("OAN"), moves to dismiss this action or, alternatively, to transfer the action to the U.S. District Court for the Southern District of California. In support of this Motion, OAN states as follows:

## STATEMENT OF POINTS AND AUTHORITIES

### I.   Introduction

This case should be dismissed because it has little to do with this District.  Smartmatic,[1] whose domestic entity is a Florida-based corporation registered in Delaware (Compl. ¶ 10), has sued OAN, a California corporation headquartered in San Diego (Compl. ¶ 14), in this District for allegedly defamatory statements broadcast nationwide.  The Complaint fails to adequately allege personal jurisdiction over OAN, fails to justify venue in this District, and fails to tie Smartmatic's claims to this District.  Accordingly, the case should be dismissed for failure to adequately plead personal jurisdiction.  Alternatively, the case should be transferred to the U.S. Southern District of California based on improper venue here.

### II.   Factual background

Long before the 2020 presidential election, the voting machines and software created and owned by Smartmatic were under public scrutiny for their alleged ties to the Venezuelan government.  *See, e.g.*, Bob Davis & Glen Simpson, *U.S. Authorities Probe How Smartmatic Won Venezuela Election Pact*, WALL ST. J. (December 1, 2006).[2]  Smartmatic is the former owner of

---

[1] Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are collectively referred to as "Smartmatic."

[2] Available at https://www.wsj.com/articles/SB116493756785237566 (last visited February 18, 2022).  The Court may take judicial notice of media reports that publicized generally known facts. *See Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991).

Sequoia Voting Systems, Inc.   *See* "Press Release, Rep. Carolyn B. Maloney, *Smartmatic Announces Sale of Sequoia Voting Systems* (Nov. 8, 2007).[3]  Sequoia was subsequently purchased by Dominion Voting Systems ("Dominion"), a voting machine and software company that has long been the focus of questions about security and reliability.  *See Sequoia Voting Systems (This Company Was Purchased by Dominion)*, U.S. ELECTION ASSISTANCE COMMISSION;[4] *see also* Brad Friedman, *EXCLUSIVE: On Heels of Diebold/Premier Purchase, Canadian eVoting Firm Dominion Also Acquires Sequoia, Lies About Chavez Ties in Announcement*, HUFFPOST (June 22, 2010).[5]  Throughout the Complaint, Smartmatic takes issue with statements about connections between Smartmatic and Dominion, but there are widely known connections between the two, including the fact that Sequoia was purchased by Dominion after Smartmatic divested its interest in the company, as reflected above.

Like most national media outlets, OAN covered matters of global public concern regarding both the Smartmatic and Dominion voting systems before the 2020 presidential election and continued to do so after President Trump and his lawyers and campaign surrogates made newsworthy statements about the results of the election and roles played by Smartmatic and Dominion.  Smartmatic and Dominion have responded by launching a series of meritless lawsuits

---

[3] Available at https://maloney.house.gov/media-center/press-releases/smartmatic-announces-sale-sequoia-voting-systems (last visited February 18, 2022).  The Court may take judicial notice of a press release from a government official as a government document from a reliable source.  *See Democracy Forward Foundation v. White House Off. of Am. Innovation*, 356 F. Supp. 3d 61, n. 4 (D.D.C. 2019) (taking judicial notice of White House press release).

[4] Available at https://www.eac.gov/voting-equipment/registered-manufacturers/sequoia-voting-systems-company-was-purchased-dominion (last visited Feb. 18, 2022).

[5] Available at https://www.huffpost.com/entry/exclusive-on-heels-of-die_b_620084 (last visited February 18, 2022).  As noted, *supra* n. 2, the Court may take judicial notice of media reports that publicized generally known facts.  *See Robinson*, 935 F.2d at 291.

against media outlets that exercised their First Amendment rights to report on matters of public concern. This is one such lawsuit.

According to Smartmatic, OAN made defamatory statements about the company in its coverage of President Trump's effort to challenge the results of the 2020 presidential election. (Compl. ¶¶ 6-7). OAN denies these allegations and denies that Smartmatic's claims have any merit. But taking Smartmatic's allegations as true for the purpose of this Motion only (as is required for a Rule 12(b) motion), it is clear that Smartmatic has failed to adequately plead personal jurisdiction over OAN in this District and that venue is improper here. Smartmatic acknowledges, as it must, that OAN is a California corporation, headquartered in San Diego, California. (Compl. ¶ 14). Smartmatic's domestic entity is a Delaware corporation, headquartered in Boca Raton, Florida. (Compl. ¶ 10). Yet Smartmatic has brought this case in the U.S. District Court for the District of Columbia.

Although Smartmatic has alleged that certain actions by OAN employees occurred in this District, Smartmatic has not alleged that Smartmatic suffered any harm (such as lost contracts or reputational damage among prospective business partners) in this District. In fact, the Complaint makes clear that Smartmatic has not done any work in Washington, D.C. since 2007 at the latest,[6] and the only involvement Smartmatic had in the 2020 election was in Los Angeles County, California. (Compl. ¶¶ 10, 30).[7] Rather than alleging damages tied to this District, Smartmatic

---

[6] OAN has not found any registration by any Smartmatic entity to do business in this District, which is further evidence that Smartmatic has no presence here. And if Smartmatic were doing business here, its lack of a registration would mean that it has no standing to sue. Under D.C. Code § 29-105.02(b), "[a] foreign filing entity or foreign limited liability partnership doing business in the District may not maintain an action or proceeding in this District unless it is registered to do business in the District."

[7] Smartmatic's exit from the Washington, D.C. market appears to coincide with its sale of Sequoia Voting Systems after intense scrutiny from the U.S. Congressional Committee on Foreign

has claimed (in vague terms) that it was harmed nationwide, if not internationally, allegedly causing its business valuation to drop by more than $2 billion.  (Compl. ¶ 438).  Smartmatic attributes these alleged losses to its business as a whole, across the United States and in 21 other countries.  (Compl. n. 21).  Nowhere in the Complaint does Smartmatic allege that it suffered damage in Washington, D.C.

## III.    Legal standards

### A.    Personal jurisdiction

"Under Rule 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction.  The plaintiff bears the burden of making a *prima facie* showing that the court has personal jurisdiction over the defendants.  To meet his burden, ***'[a] plaintiff must plead specific facts providing a basis for personal jurisdiction*.'"  *Amr v. Virginia*, 58 F. Supp. 3d 27, 34 (D.D.C. 2014) (emphasis added) (citations omitted).   "A federal court has jurisdiction over a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.' . . .  Thus, if a District of Columbia court could exercise jurisdiction over the [ ] Defendants, then so can this Court." *Trump v. Comm. on Ways & Means*, 415 F. Supp. 3d 98, 105 (D.D.C. 2019) (Nichols, J.).

### B.    Venue

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  "A plaintiff may bring a civil action in either 'a judicial district in which any defendant resides, if all defendants are

---

Investment because of concerns about Smartmatic's connections to the Venezuelan government. *Supra* n. 3.

residents of the State in which the district is located' or 'a judicial district in which a substantial part of the events . . . giving rise to the claim occurred.'" *Plackett v. Washington Deluxe Bus, Inc.*, 2020 WL 376511, *2 (D.D.C. Jan. 23, 2020) (Nichols, J.) (citing 28 U.S.C. § 1391(b)(1)-(2)).

To "prevail on a motion to dismiss for improper venue," a "defendant must present facts that will defeat the plaintiff's assertion of venue," but the "burden . . . remains on the plaintiff to prove that venue is proper when an objection is raised, since it is the plaintiff's obligation to institute the action in a permissible forum." *Roland v. Branch Banking & Trust Corp.*, 149 F. Supp. 3d 61, 67 (D.D.C. 2015). "The [C]ourt may resolve the motion on the basis of the complaint alone, or, as necessary, [it may] examine facts outside the complaint that are presented by the parties, while drawing reasonable inferences in favor of the plaintiff." *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014). Ultimately, "[w]hether to dismiss or transfer the case is committed to the sound discretion of the district court." *Hamilton v. JPMorgan Chase Bank*, 118 F. Supp. 3d 328, 333 (D.D.C. 2015).

## IV. Argument

### A. This case should be dismissed because Smartmatic has failed to adequately plead personal jurisdiction over OAN.

The Court should dismiss the case pursuant to Rule 12(b)(2) because Smartmatic has failed to adequately plead personal jurisdiction. There are two types of personal jurisdiction. "The first, general jurisdiction, 'permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit.'" *Livnat v. Palestinian Authority*, 851 F.3d 45, 56 (D.C. Cir. 2017) (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1121 n.6 (2014)). Due process permits general jurisdiction based on "only a limited set of affiliations with a forum," in which the defendant can be "fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For corporations, this is generally limited to the place of incorporation or principal place of

business.  *Id*.  To that end, the District of Columbia long-arm statute states that District of Columbia courts have personal jurisdiction when the defendant is "domiciled in, . . . or maintaining . . . its principal place of business in, the District of Columbia as to any claim for relief."  D.C. Code § 13-422.  The District of Columbia long-arm statute is "coextensive with the due process clause."  *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004).

Smartmatic has not pled sufficient facts to make a *prima facie* case of general jurisdiction as to OAN.  Smartmatic admits that OAN is a California corporation and OAN's principal place of business is San Diego.  (Compl. ¶ 14).  Smartmatic contends that OAN "maintains a substantial operation in Washington, D.C." (Compl. ¶ 14), but even "continuous and systematic" contacts with the forum are not enough to create general jurisdiction — the contacts must be "so 'continuous and systematic' as to render [it] essentially at home in the forum."  *Daimler*, 571 U.S. at 139.  Smartmatic has not pled sufficient facts to establish that this is an "exceptional case" in which "truly unusual circumstances create a new 'home' for the corporation."  *Annapolis Citizens Class Overcharged for Water-Sewer, by Loudon Operations, LLC v. Stantec, Inc*., 2021 WL 75766, *7 (D.D.C. Jan. 8, 2021) (citing *Daimler*).  Accordingly, there is no general personal jurisdiction over OAN in this District.

"The second type of personal jurisdiction, specific jurisdiction, requires an 'affiliation between the forum and the underlying controversy.'"  *Livnat*, 851 F.3d at 56 (citing *Walden*).  The affiliation "must arise out of contacts that the 'defendant himself' creates with the forum State. . . . [O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  *Walden*, 134 S. Ct. at 1122. "In order for a state court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'"  *Bristol-Myers Squibb Co. v. Superior Court of*

*California, San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017).  The plaintiff must "make a *prima facie* showing of the pertinent jurisdictional facts" and it is not enough to make "conclusory statements."  *Livnat*, 851 F.3d at 56-57.  Moreover, the Court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts."  *Id.* (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  "The Court must engage in a two-part inquiry: . . . first examine whether jurisdiction is applicable under the [D.C.] long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process."  *US Dominion, Inc. v. Powell*, 2021 WL 3550974, *14 (D.D.C. Aug. 11, 2021) (Nichols, J.); *see also Trump*, 415 F. Supp. 3d at 112  (granting dismissal on personal jurisdiction grounds).

Smartmatic's argument for the exercise of specific personal jurisdiction over OAN (Compl. ¶ 18) relies on the District of Columbia long-arm statute.  The long-arm statute provides that a District of Columbia court has personal jurisdiction over a non-resident defendant if the claim arises from the defendant's conduct in:

> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia

D.C. Code § 13-423.

The facts alleged in the Complaint, even if taken as true, fail to establish any of those four categories.  Although Smartmatic has alleged that OAN transacted business and contracted to supply services in this District, the Complaint does not establish that any of Smartmatic's claims arise from those activities.  Smartmatic has not alleged that its claims arise from any contract by

OAN to supply services in this District.  *See* D.C. Code § 13-423(2).  As for the "transacting business" prong, this term has historically related to "commercial deal-making activities," "negotiating or performing contracts," "advertising in the District," or "representing an out-of-state client before an in-District government entity."  *Powell*, 2021 WL 3550974 at *15.  But courts in this District have long recognized a newsgathering exception to the exercise of personal jurisdiction.  *See, e.g., Neely v. Phila. Inquirer Co*., 62 F.2d 873, 875 (D.C. Cir. 1932).[8]  Courts have repeatedly held that media outlets are not "transacting business" in this District simply because they have a bureau here.  For example, in *Shirlington Limousine and Transp., Inc. v. San Diego Union-Tribune*, 566 F. Supp. 2d 1, 4 (D.D.C. 2008), the court granted dismissal of a case against a San Diego-based newspaper with a Washington, D.C., bureau for lack of personal jurisdiction, holding that "this Circuit has consistently held that the business conduct of news gathering organizations within the District cannot be used to establish personal jurisdiction over an out-of-state news agency."  The D.C. Circuit long ago recognized the importance of the news gathering exception in this District:

> As the seat of national government, Washington is the source of much news of national importance, which makes it desirable in the public interest that many newspapers should maintain vigilant correspondents here.  If the employment of a Washington correspondent, the announcement of his address, and the payment of his office rent, subjects a nonresident newspaper corporation to legal process in Washington for matter appearing in its paper at home, it would bring in nearly every important newspaper in the nation, and many foreign publishing corporations.

*Neely*, 62 F.2d 873, 875 (D.C. Cir. 1932).  And the D.C. Circuit has explicitly applied this exception to the D.C. long-arm statute, saying the exception is intended to protect a newsgathering organization "whose only persistent course of conduct in the District is the maintenance of an

---

[8] This argument also applies to OAN in its challenge to personal jurisdiction in its motion to dismiss in *US Dominion, Inc., et al. v. Herring Networks, Inc., et al.*, Case No. 21-cv-02130 (D.D.C.).  *See* ECF Nos. 41, 47.

office there for gathering news from being subject to the jurisdiction of the District's courts."
*Moncrief v. Lexington Herald–Leader Co*., 807 F.2d 217, 222 (D.C. Cir. 1986).

Here, Smartmatic has alleged no facts to show that OAN has "transacted any business" in
this District related to the claims in this case beyond classic newsgathering.  Smartmatic alleges
only that OAN has a Washington, D.C. bureau (Compl. ¶¶ 18, 78), and that OAN employs
reporters in that bureau who engage in newsgathering and reporting activities (Compl. ¶¶ 18, 87,
110, 113, 114, 127, 135).  These are precisely the sorts of activities covered by the newsgathering
exception to the exercise of personal jurisdiction as recognized by the D.C. Circuit.

Similarly, the fact that OAN broadcast statements made by unrelated third parties (such as
Rudy Giuliani and Sidney Powell, *see* Compl. ¶¶ 101, 106, 113) while **they** were in this District is
inadequate to establish personal jurisdiction over OAN.  "[The] unilateral activity of another party
or a third person is not an appropriate consideration when determining whether a defendant has
sufficient contacts with a forum State to justify an assertion of jurisdiction."  *Helicopteros
Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).  It is "insufficient to rely on a
defendant's 'random, fortuitous, or attenuated contacts'" with this District.  *Walden*, 571 U.S. at
286.  The place where President Trump's legal teams held nationally broadcast press conferences
was completely beyond OAN's control, and the occurrence of those press conferences in
Washington, D.C., no more creates jurisdiction in this District than press conferences in New York,
Pennsylvania, or elsewhere would create personal jurisdiction in those districts if covered by OAN.

As for the third and fourth prongs of the long-arm statute, the "tortious injuries," if any,
did not occur in this District.  Smartmatic has not alleged (beyond a threadbare recitation of the
elements) that it suffered a "tortious injury" in this District.  (Compl. ¶ 18).  The Complaint
contains no facts whatsoever to make a "*prima facie* showing that the court has personal

jurisdiction over the defendant[ ].”  *Amr*, 58 F. Supp. 3d at 34.  Moreover, Smartmatic has failed

to rebut the presumption in defamation cases that injury occurs in the place of the plaintiff's

domicile.  *See Nunes v. WP Company LLC*, 2021 WL 3550896, *7 (D.D.C. Aug. 11, 2021)

(Nichols, J.) (“Absent ‘strong countervailing circumstances,’ a defamation plaintiff will typically

suffer the greatest harm where he or she is domiciled.”); *Calder v. Jones,* 465 U.S. 783, 789-90

(1984) (holding that “brunt of the injury would be felt by respondent in the State in which she lives

and works”); *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 780 (1984) (holding that bulk of

harm in case of libel occurs in plaintiff's domicile); Rodney A. Smolla, *Law of Defamation* § 12:20

(2d ed. 2021) (“For purposes of widespread publications, it is reasonable to expect the bulk of the

harm from defamation of an individual to be felt at his domicile.”).  Indeed, Smartmatic admits

that it has not done ***any*** work in Washington, D.C. since 2007.  (Compl. ¶ 30).  And Smartmatic is

not registered to do business in Washington, D.C.  *Supra* n. 6.  There is simply no basis to conclude

that OAN “tortiously injured” Smartmatic in this District.

Finally, even if it could support a basis for specific personal jurisdiction under the long-

arm statute (which it can't), Smartmatic also must establish that the exercise of personal

jurisdiction would be consistent with traditional notions of fair play and substantial justice.  *See*

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316

(1945).  The Supreme Court outlined a non-exhaustive list of factors that can be considered as part

of the fairness analysis in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985): “the burden

on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in

obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the

most efficient resolution of controversies, and the shared interest of the several States in furthering

fundamental substantive social policies.”

Of these factors, the Supreme Court has established that the "burden on the defendant" is the "primary concern." *Bristol-Myers*, 137 S. Ct. at 1780. "Assessing this burden obviously requires a court to consider the practical problems resulting from litigating in the forum, but it also encompasses the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question. As we have put it, restrictions on personal jurisdiction 'are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States.'"[9] *Id.* Here, the burden on OAN of defending litigation in this District would be significant, not just because all of its executives and much of its staff reside in California, but also because forcing a media company to litigate in a distant jurisdiction based on its newsgathering efforts would be inconsistent with the territorial limitations of the states and raise significant First Amendment questions, as well as due process concerns in light of the U.S. Supreme Court's rejection of the notion of universal jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011) (rejecting universal personal jurisdiction).

Beyond that, this District has no meaningful interest in adjudicating this dispute because (as discussed above) there are no material connections between this case and this District, and there is no reason to believe that Smartmatic will not be able to obtain convenient and effective relief in California or that those states won't adequately protect fundamental substantive social policies.

Accordingly, this Court should dismiss the case for failure to adequately plead personal jurisdiction in this District over OAN.

---

[9] The District of Columbia courts that would exercise that power are treated like state courts. *See Handy v. Shaw,* 325 F.3d 346, 351 & n. 5 (D.C. Cir. 2003) (noting that "both our case law and other federal statutes treat the D.C. courts like state courts").

**B.     Alternatively, the case should be transferred to the U.S. Southern District of California because venue is improper in this District.**

Alternatively, the Court should transfer the case to the U.S. Southern District of California based on improper venue.  It's clear on the face of the Complaint that none of the bases for venue set out in Section 1391(b) applies here.  First, OAN does not reside here.  *See* Section 1391(b)(1). Pursuant to Section 1391(c)(2), a corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  As Smartmatic acknowledges in the Complaint, OAN is a California corporation headquartered in San Diego, California (Compl. ¶ 14), and as described in greater detail, *supra* Section IV.A, Smartmatic has failed to plead (let alone establish) personal jurisdiction over OAN in this District.  Accordingly, OAN does not reside in this District but rather resides in California. And given that this action could be brought in California, Section 1391(b)(3) — providing for venue "if there is no district in which an action may otherwise be brought as provided in this section" — does not apply.[10]

Second, this District is not the place where a substantial part of the events giving rise to this claim occurred.  "[I]n a defamation case where the statements at issue are published nationwide 'the tort essentially lacks a locus, but rather injures plaintiff everywhere at once.'"  *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 31 (S.D.N.Y. 2016) (granting motion to transfer and rejecting plaintiff's argument that "the operative events giving rise to her defamation claims occurred in the Southern District of New York because Novartis made defamatory statements from its Manhattan offices to the Wall Street Journal"); *see also Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc.*,

---

[10] Even if Section 1391(b)(3) were relevant, venue would not be appropriate under that provision because it provides for venue in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  OAN is the only defendant in this case and it is not subject to personal jurisdiction in this District in this action.

2007 WL 4820968, *4 (S.D.N.Y. 2007) ("Where the plaintiff suffered injury usually determines the locus of the tort in an action for defamation.").   Here, the Complaint specifically claims that the alleged harm done to Smartmatic by OAN was not the result of actions in this District, but rather "[t]he *general and widespread publication and distribution* of OANN's defamatory statements about Smartmatic were a substantial cause of a portion of this business valuation decline."   (Compl. ¶ 438) (emphasis added).   Accordingly, the most substantial parts of Smartmatic's claims did not happen in this District (and as admitted by Smartmatic, the only place where Smartmatic technology was used during the 2020 presidential election was California). (Compl. ¶ 10).

Smartmatic apparently recognized that this was not the proper venue to hear a case of this nature when it sued Fox News for similar election coverage in February 2021, filing suit in New York (where Fox News is headquartered), rather than Washington, D.C. *See Smartmatic USA Corp., et al. v. Fox News Network LLC, et al.*, Case No. 151136-2021 (Supreme Court of New York).   Fox News has a Washington, D.C. bureau[11] (like OAN), but operates out of New York.   If Smartmatic were consistent, it would have filed this lawsuit in California.   Instead, Smartmatic engaged in forum-shopping, likely choosing this District to avoid California's strong anti-SLAPP protections and in hopes of benefiting from the Court's earlier rulings in cases filed by Dominion.[12]

---

[11] Fox News has offices at 400 N Capitol Street NW, #550, Washington, DC 20001.  *See Fox News,* DOWNTOWN D.C., https://www.downtowndc.org/go/fox-news/ (last visited February 18, 2022).  The Court may "take judicial notice of 'a fact that is not subject to reasonable dispute' if either 'is generally known within the trial court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Hurd v. District of Columbia*, 864 F.3d 671, 686 (D.C. Cir. 2017).

[12] At roughly the same time this lawsuit was filed, Smartmatic sued Sidney Powell in this District. *See Smartmatic USA Corp., et al. v. Powell*, Case No. 21-cv-02995 (D.D.C.).  The Complaint in that case indicates that it "is materially identical to a prior action pending in the Supreme Court of the State of New York, *Smartmatic USA Corp., et al. v. Fox Corporation, et al*., No. 151136/2021

This case is distinguishable from the Court's rulings in *Powell* because OAN is a media company, not an individual like Ms. Powell and Mr. Lindell. In finding that venue in this District was proper as to Ms. Powell and Mr. Lindell, the Court held that Dominion alleged that "this is where Powell made numerous in-person and televised appearances in which she voiced her claims to D.C. audiences, where she rented hotel rooms and represented Michael Flynn, and where Lindell touted his relationship with President Trump and spoke at several in-person rallies." *Powell,* 2021 WL 3550974 at *17. But OAN is a media company that broadcast the alleged statements from San Diego on a nationwide basis, and any harm done to Smartmatic was done outside this District. All content aired by OAN, including D.C. press conferences, is first gathered back in San Diego and solely transmitted out of San Diego. *See* FCC Public Notice, Satellite Communications Services Information, SES-00598, April 21, 2004 (reflecting OAN's satellite broadcasting location in San Diego, California).[13] Thus, venue in this District is improper.

Because venue is improper, the Court should, if it doesn't dismiss, transfer the case under Section 1406(a) to the U.S. District Court for the Southern District of California. Because that is where OAN resides, venue there would be proper under Section 1391(b)(1), and that court would obviously have personal jurisdiction over OAN. Thus, the question is (1) whether this case was filed in a proper venue, and (2) whether the interests of justice call for transfer. *Id.* As to (1), the

---

(filed February 4, 2021), except this lawsuit is solely against Ms. Powell. It is commenced in this Court as a precautionary measure to protect Smartmatic, whose reputation and business has been damaged by Ms. Powell, by preserving Smartmatic's claims under the relevant statute of limitations, and as a prophylactic measure in the event that personal jurisdiction is found lacking in the Supreme Court of the State of New York." This is a tacit admission that Smartmatic believes the proper venue for its claims involving Fox is in Fox's home jurisdiction, yet Smartmatic has taken a completely different position with respect to OAN.

[13] Available at https://docs.fcc.gov/public/attachments/DOC-246291A1.txt (last visited February 12, 2022). "The court may take judicial notice of matters of public record." *Majid v. Federal Bureau of Investigation*, 245 F. Supp. 3d 63, 68 (D.D.C. 2017).

answer is no. *Supra* pp. 12-13.  As to (2), the answer is yes. *Supra* p. 13.

Here, it is clear on the face of the Complaint that the exercise of personal jurisdiction and venue are inappropriate here and appropriate in the U.S. Southern District of California.  The Complaint correctly states that OAN is a California corporation headquartered in San Diego, California.  (Compl. ¶ 14).  This is a basis for proper venue under Section 1391(b)(1), and OAN is of course subject to general personal jurisdiction in that district.  Additionally, given that the only Smartmatic voting machines used in the 2020 election were in Los Angeles County, California (Compl. ¶ 30), California appears to be one of the only jurisdictions where Smartmatic could have theoretically been harmed by the statements at issue (although the Complaint fails to identify any specific harms that Smartmatic suffered in any jurisdictions, such as lost contracts or business opportunities).  Thus, there is no doubt that this case could have — and should have — been brought in the U.S. Southern District of California.  If the Court does not dismiss for failure to plead personal jurisdiction, it should transfer the case to the U.S. Southern District of California in the interests of justice.

## V.     Conclusion

For the foregoing reasons, the Court should dismiss the case for failure to plead personal jurisdiction.  Alternatively, the Court should transfer the case to the U.S. District Court for the Southern District of California under Section 1406(a).

Dated: February 18, 2022

Respectfully submitted,

/s/ Blaine Kimrey
Blaine Kimrey, Bar No. IL0091
bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094
jpark@vedderprice.com
Bryan Clark, Bar No. IL0090
bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Avenue, Suite 500
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322

*Counsel for Herring Networks, Inc.*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 18th day of February 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ Blaine Kimrey
Blaine Kimrey