IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., | Judge Carl J. Nichols |
| Defendant. | |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited and defendant Herring Networks, Inc. (together, the "Parties") having stipulated to the entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure (the "Protective Order" or "Order") and it appearing that such Order is necessary and appropriate and will facilitate discovery, IT IS HEREBY ORDERED THAT:

The Parties may designate as "CONFIDENTIAL" personal or proprietary information in any document or testimony. "CONFIDENTIAL INFORMATION" is information in the possession of the designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law. Inadvertent production of CONFIDENTIAL INFORMATION shall not constitute a waiver of confidentiality and inadvertently produced CONFIDENTIAL INFORMATION should be returned by the receiving Party upon notice.

CONFIDENTIAL INFORMATION shall be subject to the provisions of this Order. Documents and information designated CONFIDENTIAL INFORMATION shall be used solely for the purpose of this litigation. CONFIDENTIAL INFORMATION, and any information contained therein or reasonably inferred therefrom, shall not be disclosed to any person or entity other than (a) counsel of record and in-house counsel of the Parties, as well as their paralegal,

clerical and secretarial staff; (b) those officers, directors, partners, members, employees, insurers and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this case; (c) court reporters in this case; (d) any witness who previously had access to the CONFIDENTIAL INFORMATION; (e) mediators, outside experts or expert consultants, provided that any such outside experts or expert consultants execute the Acknowledgment of Confidentiality Agreement and Protective Order attached hereto; and (f) the Court and Court personnel.  CONFIDENTIAL INFORMATION shall not be used by any such person for any purpose other than for this litigation.

In the event that counsel for a Party receiving documents or testimony in discovery designated as CONFIDENTIAL objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the designating party, in writing, of such objections, the specific documents or testimony to which each objection pertains, and the specific reasons and support for such objections.  Counsel for the designating party shall have thirty (30) days from receipt of the written objections to either (a) agree in writing to de-designate documents or testimony pursuant to any or all of the objections and/or (b) file a motion with the Court seeking to uphold any or all designations on documents or testimony addressed by the objections.  Pending a resolution of the motion by the Court, any and all existing designations on the documents or testimony at issue in such motion shall remain in place.  The designating party shall have the burden of establishing the applicability of its CONFIDENTIAL designation.  In the event that the objections are neither timely agreed to nor timely addressed in a motion, then such documents or testimony shall be de-designated in accordance with the objection applicable to such material.  Any person in possession of CONFIDENTIAL INFORMATION who receives a request or a subpoena or other process for CONFIDENTIAL INFORMATION from any non-party to this action shall

promptly give notice by telephone and written notice by overnight delivery, e-mail and/or telecopier to counsel for the designating Party, enclosing or attaching a copy of the request, subpoena or other process.  In no event shall production or other disclosure pursuant to the request, subpoena or other process be made except upon order of this Court after notice and hearing.  Within twenty-one (21) days after final termination of this action, including any appeals, counsel for the Parties, if requested in writing by the designating Party, shall (a) return to counsel for the designating Party all originals and copies of confidential documents or documents reflecting CONFIDENTIAL INFORMATION; or (b) certify in writing that all originals and copies of confidential documents or documents reflecting CONFIDENTIAL INFORMATION have been deleted or destroyed.

Any document, exhibit or transcript that is designated as including CONFIDENTIAL INFORMATION in accordance with this Order, and which is otherwise admissible, may be used at trial, provided, however, that the parties agree that they will work with the Court to identify trial procedures, such as filing under seal and/or *in camera* reviews, that will protect and maintain the private nature of highly sensitive information.

Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, admissible into evidence.  Nothing herein constitutes or may be interpreted as a waiver by any Party of the attorney-client privilege, attorney work product protection, or any other privilege.  Nothing in this Order shall prevent any Party from using or disclosing their own documents or information, regardless of whether they are designated confidential.

IT IS SO ORDERED.

Dated: September 26, 2022

U.S. District Judge Carl J. Nichols

STIPULATED AND AGREED
AUGUST 23, 2022 BY:

/s/ Joel Erik Connolly
J. Erik Connolly (D.C. Bar No. IL0099)
econnolly@beneschlaw.com
Nicole E. Wrigley (D.C. Bar No. IL0101)
nwrigley@beneschlaw.com
Lauren C. Tortorella (D.C. Bar No. IL0102)
ltortorella@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606

*Attorneys for Plaintiffs*

/s/ Blaine C. Kimrey
Blaine C. Kimrey, Bar No. IL0091
bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094
jpark@vedderprice.com
Bryan Clark, Bar No. IL0090
bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601

*Attorneys for Defendant*