IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>        Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>        Defendant. | No. 1:21-cv-02900-CJN-MAU<br><br>Magistrate Judge Moxila A. Upadhyaya |

**DEFENDANT'S RESPONSE IN OPPOSITION TO SMARTMATIC'S MOTION FOR EXTENSION OF TIME TO SERVE DOCUMENT REQUESTS**

Pursuant to Local Rule 7, Defendant Herring Networks, Inc., D/B/A One America News Network ("OAN") files this opposition to the Motion for Extension of Time to Serve Document Requests ("Motion for Extension," ECF No. 54) filed by Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively, "Smartmatic"). In opposition to the extension motion, OAN shows the following:

    1.    On October 11, 2022, the Court entered a scheduling order setting May 31, 2023, as the deadline for service of document requests under Fed. R. Civ. P. 34 (the "RFP Service Deadline"). ECF No. 42. Thus, as of October 11, the parties had almost 8 months to serve RFPs. On May 31, Smartmatic moved to extend the RFP Service Deadline by sixty days. Smartmatic has not met its burden to show good cause for the requested lengthy extension; indeed, an extension of two months would inevitably result in an undue delay of discovery in this case and unfairly prejudice OAN. And OAN (despite hiring new counsel last week) satisfied the Court's established deadline by serving its Second Set of RFPs on Smartmatic on May 31. The Court should deny Smartmatic's request for a sixty-day extension. At most, the Court should grant a brief extension

1

of the deadline—OAN proposes Friday, June 9, 2023—that would require any additional RFPs be served promptly in order to maintain the existing fact discovery and trial schedules.

2. As an initial matter, the request for extension was not made timely, as Judge Nichols' standing order applicable to this case requires a motion for extension to be filed at least four days prior to the deadline. ECF No. 5. Despite hiring new counsel just before this deadline, OAN satisfied its obligation to serve its document requests upon Smartmatic on May 31, and there is no reason that Smartmatic could not have also met the deadline imposed last October.

3. Smartmatic claims that its requested extension would not affect any other deadlines. But it inevitably will. If Smartmatic serves document requests at the end of July, any negotiation over those requests or motion practice necessary to resolve any disputes about them will mean that the proper contours of the requests will likely not be established until sometime in the fall. Then OAN will need to search for, collect, conduct privilege and relevance reviews of, and then produce an unknown (and as yet unknowable) number of documents. Bearing in mind that fact discovery is scheduled to close on December 8, these document production delays will inevitably affect the parties' ability to schedule and conduct depositions by compressing the time frame for those depositions. Permitting RFPs to be served as late as July 31, 2023, will thus make it extremely difficult for the parties to complete fact discovery by the current deadline of December 8, 2023.

4. Moreover, if OAN is required to spend its time collecting, reviewing, and producing documents for requests served as late as July 31, 2023, then OAN and its counsel will be spending the fall devoted to document discovery rather than depositions and other matters that it will need to complete before the December 8 fact-discovery deadline. That will significantly prejudice OAN's ability to prepare for and mount its defense. Accordingly, even if it were theoretically possible for the Court to hold the parties to every subsequent deadline following a grant of

Smartmatic's requested sixty-day extension, the Court should not do so because the prejudice to the defense outweighs any possible justification for Smartmatic to seek such a lengthy delay.

5.     Notably, in the parties' May 5, 2023, Joint Notice of Discovery Disputes, Smartmatic argued that OAN should be held to document production deadlines citing concerns that delays would prejudice Smartmatic's ability to complete fact discovery in a timely manner and prevent the case from moving forward. OAN has met its deadlines, and Smartmatic should be required to do the same.

6.     For all of these reasons, there is no good cause for the Court to grant the Motion for Extension. *George v. Allen Martin Ventures, LLC*, No. 21-CV-2876-RJL-ZMF, 2023 WL 2705776, at *10 (D.D.C. Mar. 30, 2023) ("[A] scheduling order entered 'shall not be modified except upon a showing of good cause and by leave of the [presiding] judge.'" (citing Fed. R. Civ. P. 16(b); LCvR 16.4). Good cause "primarily considers the diligence of the party seeking the amendment." *Id.* Courts have found that a party exercised diligence when, considering the circumstances, the volume of an incoming production was unanticipated, which resulted in the party's inability to comply with discovery deadlines previously set. *See In re Domestic Airline Travel Antitrust Litig.*, No. MC 15-1404 (CKK), 2018 WL 4441507, at *5 (D.D.C. Sept. 13, 2018) (holding that a production of *3.5 million* documents was unanticipated and thus the party was entitled to an extension of discovery). A production of only 186,214 documents in response to Smartmatic's 61 broadly drafted document requests—which it received an entire week before its deadline—should have been anticipated by Smartmatic, did not prevent Smartmatic from meeting the Court's long-established discovery deadline, and does not constitute good cause.

WHEREFORE, Defendant OAN respectfully requests that the Court deny Smartmatic's Motion for Extension. If the Court determines that there is good cause to grant a brief extension

of Smartmatic's already-expired deadline to serve document requests under Fed. R. Civ. P. 34, OAN respectfully requests that the deadline be extended only until June 9, 2023, which would amount to a nine-day extension, in order to avoid prejudicing OAN with discovery delays.

Dated: June 5, 2023                                By: */s/ Jonathan D. Neerman*

**JACKSON WALKER LLP**
Jonathan D. Neerman (*D.D.C. admission pending*)
D.C. Bar No. 90003393
jneerman@jw.com
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
T: (214) 953-5664
F: (214) 661-6899

/s/ R. Trent McCotter
R. TRENT MCCOTTER (D.C. BAR NO. 1011329)
Boyden Gray & Associates
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ *R. Trent McCotter*
R. Trent McCotter
