IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, <br><br>          Plaintiffs, <br>    v. <br><br> HERRING NETWORKS, INC., <br><br>          Defendant. | No. 1:21-cv-02900-CJN <br><br> Judge Carl J. Nichols <br> Magistrate Judge Moxila A. Upadhyaya |

### REPLY IN SUPPORT OF SMARTMATIC'S MOTION FOR EXTENSION OF TIME TO SERVE DOCUMENT REQUESTS

OANN's opposition to Smartmatic's motion for an extension of the time to serve document requests is in bad faith.[1] The opposition represents a reneging on OANN's prior assurances that it would not oppose an extension. The opposition conceals that the cause of Smartmatic's motion was OANN's failure to produce documents as ordered by the Court. And the opposition misrepresents the nature of OANN's so-called "compliance" with the May 31 deadline for serving supplemental document requests. OANN may have retained new counsel, but that does not change the promises that OANN previously made or whitewash OANN's past dilatory tactics. Smartmatic's request should be granted.

**First,** OANN omits from its opposition that it previously agreed not to object to an extension of the May 31 deadline for serving supplemental document requests. On April 28, 2023, OANN stated, "Herring remains committed to producing documents by May 24, and if Plaintiffs believe that necessitates an extension of the May 31 deadline to propound additional requests for production, Herring has no objection to that." (Exhibit A.) On May 22, 2023, OANN again

---

[1] Defendant Herring Networks, Inc. does business as One America News Network ("OANN").

1

confirmed that it had no objection to the extension, stating: "As to the May 31 deadline to serve document requests, we have no objection to Plaintiffs' moving to extend that deadline." (Exhibit B.) Attorneys from Vedder Price, OANN's counsel, provided those assurances. Attorneys from Vedder Price remain OANN's counsel. The attorneys have not filed any notice of withdrawal.

The fact that OANN has retained additional counsel (perhaps new counsel) does not erase the assurances provided by OANN over the last several months. Smartmatic relied on these assurances from OANN's counsel when deciding: (1) whether to serve additional requests for production prior to May 31; and (2) when to file the motion to extend the deadline. It will be difficult to litigate this case going forward, and certainly a nightmare for the Court, if Smartmatic cannot rely on representations made by OANN's counsel on routine issues, such as whether OANN objects to a motion. Smartmatic will adapt if necessary. But regardless, for present purposes, OANN's apparent change of heart and reversal of its prior assurances constitutes "good cause" for granting Smartmatic's request for an extension of the deadline. *See Kaplan v. Mayo Clinic*, No. CV 07-3630 (JRT/JJK), 2008 WL 11327400, at *4 (D. Minn. Sept. 17, 2008) (defendant established "good cause" to extend expert deadline, in part, because plaintiff reneged on discovery agreement); *In re Domestic Airline Travel Antitrust Litig.*, 2018 WL 4441507, at *7 (D.D.C. Sept. 13, 2018) (finding "good cause" to extend the fact discovery deadline where defendants produced a large number of documents that plaintiffs could not review before the discovery deadline); 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1, at 231 (2d ed. 1990) ("Good cause" "require[s] the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."); 3 Moore's Federal Practice § 16.14[b] (2003) ("'[G]ood cause' is likely to be found when the moving party has been generally diligent,

the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party.").

**Second,** OANN omits from its opposition that its own dilatory conduct necessitated Smartmatic's motion to extend the May 31 deadline. Prior to May 23, OANN produced a total of **97 documents**, and it missed agreed-upon production deadlines of April 7, April 28, May 5, and May 19. OANN then produced nearly 187,000 documents on May 24. That meant Smartmatic would have needed to: (1) review 31,166 documents per day for six days in a row, including over a federal holiday; (2) simultaneously identify production deficiencies to determine subject matters not covered in the production; and (3) simultaneously draft supplemental requests to meet the May 31 deadline. Smartmatic's counsel is diligent, but OANN's position is facially absurd and unproductive.

Moreover, Smartmatic would not have been able to serve additional document requests by May 31 even if it had done the facially absurd and unproductive—which would have included reviewing 1,300 documents an hour, 24 hours a day, for six straight days. OANN still has not come close to completing its production of the documents requested by Smartmatic nearly eight months ago in response to Smartmatic's initial document requests. OANN refuses to agree on search terms or a list of OANN custodians against whose files and emails those search terms will be run. (Exhibit C.) Smartmatic requested an extension of the May 31 deadline simply to provide it time to determine what OANN would and would not produce based on the original document requests and review what OANN did and did not produce in response to the original document requests. Smartmatic did not want to serve duplicative or unnecessary additional requests if the information OANN produced in response to the original requests was sufficient. Professionalism, not lack of diligence, motivated Smartmatic to file the extension request.

***Third,*** OANN omits from the opposition that the way it "satisfied" the May 31 deadline was through abusive (and potentially sanctionable) discovery conduct. On May 30, Smartmatic sent OANN a draft of the extension motion prior to filing, as the parties had previously discussed. (Exhibit D.) OANN never indicated it objected. (*Id.*) But later that day, after Smartmatic filed the motion, OANN served three new sets of requests for production, each with over 505 requests, for ***a total of 1515 new requests for production***. Many of the requests are duplicative of existing document requests, demonstrating that OANN did not even bother cross-referencing what it had already been requested or review the documents Smartmatic had already produced.[2] Smartmatic will address these requests with the Court at the right time. For present purposes, though, the way OANN claims to have "satisfied" the May 31 deadline demonstrates why it should be extended.

Smartmatic and OANN approached the May 31 deadline in two distinct ways. Smartmatic obtained assurances from OANN that it did not object to extending the May 31 deadline. Smartmatic did so as the deadline was approaching to assure that it would have sufficient time to consider the documents being produced by OANN before serving additional, targeted requests. This approach would minimize the burden on OANN and allow the parties to proceed in a professional, diligent, and cost-effective manner. OANN agreed to an extension of the deadline, apparently had an undisclosed change of heart, and then served over 1,500 requests on the last day. Smartmatic believes that its approach is in keeping with how the Court expects parties to engage. *See* District of Columbia Bar Rules of Professional Conduct Rule 3.4, *Fairness to Opposing Party and Counsel*, adopted by this Court via L.R. 57.26(a) and 83.15(a). OANN engaged in duplicitous

---

[2] Smartmatic has been producing documents on a rolling basis since February 3, 2023. To date, Smartmatic has made seven productions. Smartmatic produced 5,607 documents on February 3, 2023; 17,728 documents on March 3; 5,760 documents on April 7; 10,007 documents on May 5; 215,250 documents on May 10; 219,466 documents on May 18; and 99,944 documents on June 5, 2023. Smartmatic has produced 573,762 documents to date.

and abusive conduct to "satisfy" the deadline, which hopefully is not the way the parties must litigate this case.[3]

**Fourth**, Smartmatic's request for an extension of the May 31 deadline is not prejudicial. OANN bemoans the potential impact of the request on the December 8, 2023 deadline for fact discovery. However, the greatest threats to the December 8 deadline are: (1) OANN's failure to produce any material volume of documents until May 24; (2) OANN's failure to agree upon search terms and custodians to complete its production of documents responsive to Smartmatic's original document requests; and (3) OANN's service of more than 1,500 new document requests last week. Smartmatic requested 60 days for the extension with the assumption that the Court would want the parties to serve targeted additional requests, as opposed to a blunderbuss approach. Smartmatic can comply with a shorter schedule (less than 60 days) if that is the Court's preference. But regardless of the length of time, it is OANN's dilatory conduct, not Smartmatic's request for additional time to serve supplemental requests, that may jeopardize the December 8 deadline. *In re Domestic Airline Travel Antitrust Litig.*, 2018 WL 4441507, at *6 (finding that the slight prejudice to defendants in extending the discovery deadline was outweighed by the prejudice plaintiff would suffer if it was not permitted to conduct sufficient discovery).

**Finally,** OANN's assertion that Smartmatic's motion was not timely filed is hypocritical. Judge Nichols's Standing Order indicates that, if a party cannot comply with the four-day notice requirement, the party should provide an explanation. *Standing Order for Civil Cases*, Section 9(a), p. 3 n.2, at https://www.dcd.uscourts.gov/sites/dcd/files/CJNSampleCivilStandingOrder.pdf.

---

[3] OANN's citation to *In re Domestic Airline Travel Litig.* supports Smartmatic's argument. Smartmatic, like the movant in that case, was forced to move to extend a court deadline due to "unforeseen or unanticipated matters." 2018 WL 4441507, at *5 (D.D.C. Sept. 13, 2018). Smartmatic could not have foreseen that OANN would object to the extension of the May 31 deadline after twice agreeing that it would not object and wait until six days before the deadline to produce nearly 187,000 documents.

Here, Smartmatic did not file the motion earlier because, as discussed above, OANN led Smartmatic to believe that there was no objection to the extension of the deadline. Indeed, OANN did not even express objection to the motion when Smartmatic shared a draft of the motion on May 30. The opposition filed on June 5 was the first time Smartmatic learned that this was a contested motion that should have been filed sooner.[4] Smartmatic's good-faith reliance on OANN's prior assurance was the reason Smartmatic did not file the motion earlier, which should not preclude the Court's consideration of the request. *See Flanagan v. Tegna Inc.*, 1:19-CV-03604, May 1, 2020 Minute Order (D.D.C., Nichols, J.) (granting motion for extension of time filed fewer than four days in advance of deadline); *Gonzales v. Denchfield Landscaping, Inc.*, 1:19-CV-03843, May 1, 2020 Minute Order (D.D.C., Nichols, J.) (same); *Silva v. U.S. Citizenship and Immigration Services*, 1:20-CV-02646, Jan. 19, 2021 Minute Order (D.D.C., Nichols, J.) (same).

For these reasons, Smartmatic respectfully requests that the Court extend the deadline for serving requests for production by 60 days. In the alternative, Smartmatic requests that the Court extend the deadline by a shorter amount of time to allow Smartmatic to serve additional requests that it would have filed by May 31 but for OANN's prior assurances that it did not object to extending that deadline.

---

[4] Ironically, OANN's opposition violates Judge Nichols's Standing Order. The Standing Order states that "[i]f a party intends to file a motion for opposition, it must file the opposition by 5:00 PM the business day after the motion is filed." *Standing Order for Civil Cases*, Section 9(c), p. 3, at https://www.dcd.uscourts.gov/sites/dcd/files/CJNSampleCivilStandingOrder.pdf. Smartmatic filed its motion for an extension on May 31. OANN did not file its opposition until June 5. The opposition should have been filed on June 1.

Date: June 6, 2023

/s/ Emily N. Dillingham

Emily N. Dillingham, D.C. Bar No. IL00043
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
312.212.4949

*Attorney for Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ Emily N. Dillingham

Emily N. Dillingham
