IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, <br><br> Plaintiffs, <br> v. <br><br> HERRING NETWORKS, INC., <br><br> Defendant. | No. 1:21-cv-02900-CJN <br><br> Magistrate Judge Moxila A. Upadhyaya |

**PLAINTIFFS' POSITIONAL STATEMENT ON DEFENDANT'S REQUEST FOR RECUSAL**

Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively, "Smartmatic") submits the following in response to Herring Network, Inc.'s ("OANN") letter to you on June 5, 2023 regarding recusal. After consideration of OANN's letter, and the materials relevant to your brief representation of the Bolivarian Republic of Venezuela in *Rusoro Mining Limited v. Bolivarian Republic of Venezuela*, USCA Case No. 18-7044 (D.C. Cir. 2018) ("*Rusoro*"), Smartmatic does not believe that recusal is required or warranted. Your 2018 representation of Venezuela was in no way connected to any fact or legal issues involved with Smartmatic's defamation claims against OANN. Smartmatic's defamation claims against OANN focus on the defendant's publication and republication of the false accusation that Smartmatic rigged the 2020 U.S. election. None of OANN's defamatory statements regarding Smartmatic's alleged connections to Venezuela implicate the issues that were present in *Rusoro*.

**Positional Statement**

Pursuant to 28 U.S. Code § 455, any "magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," or "where [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed

evidentiary facts concerning the proceeding." Your prior representation of Venezuela was limited to an issue arising between two parties in that country following the 2018 election. The 2018 election in Venezuela is not relevant to Smartmatic's claims against OANN. For that reason, there is no reason your "impartiality might reasonably be questioned" and your engagement would not have provided you with "personal knowledge of disputed evidentiary facts concerning [this] proceeding."

*First*, your brief representation in *Rusoro* was precipitated by the 2018 Venezuelan presidential election, which in no way overlaps, either factually or temporally, with Smartmatic's prior activity in Venezuela. Smartmatic was not involved in the 2018 election in any capacity. Smartmatic ceased doing business in Venezuela following the 2017 National Constituent Assembly election. Accordingly, whatever your involvement was in the *Rusoro* matter, the *Rusoro* matter did not even involve an election in which Smartmatic was a provider of election services. Without any overlap between the subject of your representation and Smartmatic's involvement in Venezuela, there is no basis on which to question your impartiality in this litigation.

*Second,* your prior representation could not conceivably have led you to gain any "personal knowledge" regarding any "disputed evidentiary facts" concerning Smartmatic's claims against OANN. To start, the main issue in Smartmatic's claim against OANN is OANN's publication and republication of the false accusation that Smartmatic rigged the 2020 U.S. election and that its technology was used to switch votes during the 2020 U.S. election. That is the thrust of OANN's defamatory conduct. The *Rusoro* matter had nothing to do with the 2020 U.S. election. You could not have conceivably gained personal knowledge of any "disputed evidentiary facts" relating to Smartmatic's involvement in the 2020 U.S. election (or lack thereof).

2

Nor did any of OANN's defamatory statements relate to the 2018 Venezuela election. Among other things, OANN falsely stated: (1) "Smartmatic is partially owned by the Maduro regime"; (2) that "the technology is controlled by allies of Venezuela's Maduro regime"; (3) "reports found Maduro allies were meddling in the latest U.S. election through a company called Smartmatic"; (4) "The [Organization of American States] says any election that involves Maduro is a sham and must not be recognized by any civilized country"; and (5) "Smartmatic has faced controversy in the past with allegations of rigging the 2013 election in Venezuela to favor socialist President Nicolas Maduro." (OANN June 5 Letter at 1.) Not one of these statements alleges that Smartmatic was involved in the 2018 Venezuela election or rigged the 2018 Venezuela election for Maduro.

To be sure, Smartmatic will prove that OANN's statements about Smartmatic having a relationship with Maduro were factually inaccurate. Smartmatic is not owned by the Maduro regime. Its technology is not controlled by allies of the Maduro regime. Maduro allies did not meddle in the 2020 U.S. election through Smartmatic. Smartmatic did not rig the 2013 election in Venezuela for Maduro. Those were all demonstrably false lies. But, as far recusal is concerned, nothing in the *Rusoro* matter would have put you in a position to gain personal knowledge of any of these issues or the evidence that Smartmatic will introduce to demonstrate the falsity of OANN's statements.

*Third*, accusations of "election fraud," the center piece of Smartmatic's claims against OANN, does not appear to be relevant to your involvement in *Rusoro*. While your representation of Venezuela in *Rusoro* was precipitated by the 2018 election, your submission took no position on any allegations regarding election fraud in Venezuela. Indeed, the single filing you submitted does not even use the phrase "election fraud." Nor does it discuss voting machines (Smartmatic or

otherwise) rigging elections or switching votes. Your letter, and presumably your work in *Rusoro*, focused on other issues relating to 2018 Venezuela election and the resulting administration. The dispute over the 2018 Venezuela election is not even topically similar to the false accusations made by OANN about Smartmatic.

*Fourth*, Smartmatic respectfully submit that recusal based on your brief involvement in *Rusoro* matter would set a bad precedent. The only apparent connection is that your *Rusoro* submission references Maduro, you may have had some tangential familiarity with Maduro, and OANN falsely accused Smartmatic of having a relationship with Maduro. That passing connection should not be grounds for recusal. Some judges on the D.C. bench were appointed by a Democrat administration, they may have a tangential familiarity with the appointing administration, and OANN claimed that Smartmatic rigged the election for a Democrat. Some judges on the D.C. bench were appointed by a Republican administration, they may have a tangential familiarity with the appointing administration, and OANN claimed that Smartmatic rigged the election against a Republican. Just as those fleeting connections would be inadequate to require recusal (otherwise the parties would have no judge at all), so too was your brief involvement with the Maduro administration following a 2018 election in which Smartmatic was not involved.

***

In sum, Smartmatic's view is that your representation in *Rusoro* has no bearing on the truth or falsity of the defamatory statements made by OANN in this case. Smartmatic perceives no basis on which to require your recusal.

      */s/ J. Erik Connolly*
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Olivia E. Sullivan (admitted pro hac vice)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
osullivan@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 30th day of June, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

                                                             */s/ J. Erik Connolly*
                                                J. Erik Connolly (D.C. Bar No. IL0099)
*One of the Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*