# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., et al.,

                Plaintiffs,

          v.

HERRING NETWORKS, INC., d/b/a
ONE AMERICA NEWS NETWORK

                Defendant.

      )
      )
      )
      )      No. 1:21-cv-02900-CJN
      )
      )      Judge Carl J. Nichols
      )
      )
      )

## PLAINTIFFS' OMNIBUS RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") by and through undersigned counsel, hereby provide the following omnibus responses and objections to Defendants Herring Networks, Inc.'s, d/b/a One America News Network ("OAN") First Set of Requests for Production to Plaintiffs[1] (the "Requests" and, individually, each a "Request"). Smartmatic's responses are hereby provided without waiver of any questions or objections to relevancy or admissibility as evidence. These responses are specifically made subject to objection during any part of these proceedings.

## GENERAL OBJECTIONS

The following General Objections are incorporated into Smartmatic's responses as though fully set forth herein. The Specific Objections identified for the Requests further identify additional objections specific to that Request. The General Objections are not waived, or in any way limited, by the Specific Objections. Smartmatic's agreement to provide any responsive and non-privileged

---

[1] Defendant served a substantially identical First Set of Requests for Production on each Plaintiff; Plaintiffs respond collectively to Defendant's First Set of Requests for Production in these Omnibus Responses and Objections.

information or documents in response to the Requests shall not be construed as a waiver of any right or objections to the Requests or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as the to the relevance or admissibility of any information or document at any hearing or trial.

1.      Smartmatic objects to the Requests to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Requests. All of the following objections, answer, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise. Likewise, Smartmatic shall not be prejudiced if any of its present objections, answers, and responses are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

2.      Smartmatic objects to the Requests, including the Definitions and Instructions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case.

3.      Smartmatic objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing contained in Smartmatic's responses to these Requests is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial,

or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.      Smartmatic objects to the Requests to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Requests, such production will be subject to the final terms of a protective order entered by the Court.

5.      Smartmatic objects to the Requests to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6.      Smartmatic objects to the Requests to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents does not constitute an agreement to produce documents protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7.      Smartmatic objects to the Requests to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8.      Smartmatic objects to the Requests to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity.

9.     Smartmatic objects to the Requests to the extent that they seek "any" or "all" information on the grounds that such Requests are overbroad and unduly burdensome.

10.     Smartmatic objections to the Requests to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11.     Smartmatic objects to the Requests as overbroad and unduly burdensome to the extent that they seek disclosure of information that essentially requires Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12.     Smartmatic objects to the Requests to the extent that they call for a legal conclusion.

13.     Smartmatic objects to the Requests to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14.     Smartmatic objects to the Requests to the extent that they seek disclosure of information that is already in OAN's possession, custody, or control, or is equally available to OAN.

15.     Smartmatic objects to the Requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16.     Smartmatic objects to the definition of "Dominion Entity(ies)" as vague, ambiguous, overbroad, and overly burdensome. Smartmatic will construe "Dominion Entity(ies)" to mean the corporate entities US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation.

17.     Smartmatic objects to the definition of "Plaintiff(s)," "Smartmatic Entity(ies)," "SGO Corporation Limited," "Smartmatic International Holding B.V.," "Smartmatic USA Corp.,"

"You," and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that they include persons and entities that are not parties to this action and who do not possess responsive information.

18.    Smartmatic objects to the Requests to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

19.    Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Requests, or that Smartmatic endorses the use of the term.

20.    An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

21.    An agreement to produce documents identified by a reasonable search means that Smartmatic will conduct a reasonable search based on the identification of reasonable custodians, the use of reasonable search terms, and the use of a reasonable timeframe. As identified in Defendant's Definitions and Instructions, unless otherwise indicated, the relevant time period for Smartmatic's agreement to produce documents is January 1, 2020 to the present.

## <u>SPECIFIC OBJECTIONS AND RESPONSES</u>

### <u>REQUEST NO. 1:</u>

Documents identified in Your Answers to the First Set of Interrogatories propounded upon You contemporaneously with this First Set of Requests for Production, as well as any and all Documents reviewed or relied upon in answering those Interrogatories.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work

product doctrine, and/or any other applicable privilege or immunity. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 2:**

Documents relating to, referenced in, and/or providing a basis for Your responses to the First Set of Requests for Admission propounded upon You contemporaneously with this First Set of Requests for Production.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic objects to this Request's reference to documents "relating to" or "providing a basis for" its answers to the First Set of Requests for Admission as vague, ambiguous, overbroad, and overly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents referenced in Smartmatic's Omnibus Answers and Objections to Defendant's First Set of Requests for Admission, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 3:**

All discovery requests and responses of any type (i.e. interrogatories and responses, document requests and responses, requests to admit and responses, deposition transcripts and video, deposition errata sheets, subpoenas and responses, open records act requests and responses, and any other form of discovery request or response) produced by anyone in any litigation between any Smartmatic Entity and any Dominion Entity.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent that it seeks "all" such documents on the grounds that such Requests are overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic states that there has been no litigation between any Smartmatic Entity and any Dominion Entity during the relevant time period, and thus no documents responsive to this Request exist.

## REQUEST NO. 4:

Documents regarding Herring, OAN, and/or the Herring Talent.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

## REQUEST NO. 5:

Documents regarding the Herring Guests from January 1, 2018 to present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work

product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents from January 1, 2020 to the present, to the extent they exist and can be located by a reasonable search.

## REQUEST NO. 6:

Communications to, from, and/or between [Smartmatic USA Corp./SGO Corporation Limited/Smartmatic International Holding B.V.] and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents from January 1, 2020 to the present, to the extent they exist and can be located by a reasonable search.

## REQUEST NO. 7:

Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 8:**

Documents and Communications regarding the formation of any Smartmatic Entity.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Subject to and without waiving the foregoing objections, Smartmatic will produce organizational charts sufficient to show the corporate structure of Smartmatic, to the extent that such documents exist and can be located by a reasonable search.

**REQUEST NO. 9:**

Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead

to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Subject to and without waiving the foregoing objections, Smartmatic will produce organizational charts sufficient to show the corporate structure of Smartmatic, to the extent that such documents exist and can be located by a reasonable search.

## REQUEST NO. 10:

All versions of any website of any and all Smartmatic Entities from creation to the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent that it seeks "all" such documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe (encompassing over twenty years) for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request on the grounds that the information is equally accessible to OAN through the use of the Wayback Machine. Smartmatic will not produce documents in response to this Request.

## REQUEST NO. 11:

The human resources records of Antonio Mugica, Roger Piñate, Alfredo Anzola, Marlon Garcia, Neil Baniqued, and Mauricio Herrera related to their involvement in procuring services for Comelec and/or related to any Philippines election from May 2016 to the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic objects to the term "human resources records" as vague, ambiguous, and overbroad. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic will not produce documents in response to this Request.

## REQUEST NO. 12:

Documents and Communications relating to the "strict ethics code" with which any Smartmatic Entity's founders and employees allegedly must comply, as referenced in Paragraph 339 of the Complaint.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Subject to and without waiving the foregoing objections, Smartmatic will produce documents sufficient to identify Smartmatic's employee ethical code or guidelines as referenced in Paragraph 339 of the Complaint.

## REQUEST NO. 13:

Documents and Communications relating to any agreement or contract between [Smartmatic USA Corp./SGO Corporation Limited/Smartmatic International Holding B.V.] and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present.

> **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request as unduly burdensome as to the time period. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce its contracts for the provision of voting technology, and any bids, RFI responses and RFP responses submitted by Smartmatic for the provision of voting technology, from January 1, 2018 to present.

## REQUEST NO. 14:

Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint.

> **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce its contracts for the provision of voting technology, and any bids, RFI responses and RFP responses submitted by Smartmatic for the provision of voting technology, from January 1, 2018 to present.

**REQUEST NO. 15:**

Documents and Communications demonstrating or related to the location of all voting machines, hardware, servers, and/or software that are or have been affiliated with, developed, facilitated or funded by the Smartmatic Entities from 2005 to the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to the terms "affiliated with," "facilitated," and "funded by" as vague, ambiguous, overbroad, and overly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 16:**

Manuals and policies for voting machines, equipment, hardware, software, and/or servers used during 2020 elections in the United States, whether owned, rented, or licensed by the Smartmatic Entities.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent that it seeks "all" manuals and policies on the grounds that such Requests are overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents regarding ballot-marking devices used in Los Angeles County in the 2020 Presidential Election.

**REQUEST NO. 17:**

Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing

objections, Smartmatic responds that it will produce the case studies referenced in Paragraph 45 of the Complaint.

**REQUEST NO. 18:**

Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the terms "inspections," "maintenance," "updates," "imaging" and "data uploads or downloads" as vague, ambiguous and overbroad. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce its contracts relating to its provision of voting technology, including inspections or maintenance thereof, and any bids, RFI responses and RFP responses submitted by Smartmatic for the provision of voting technology, from January 1, 2018 to present.

15

**REQUEST NO. 19:**

Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce documents regarding post-election audits of the voting machines and software developed by Smartmatic for use in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 20:**

Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the

extent it seeks information or documentation protected by the attorney-client privilege, the attorney

work product doctrine, and/or any other applicable privilege or immunity. Subject to and without

waiving the foregoing objections, Smartmatic will produce: (1) documents and communications

regarding any security-related post-election audits of the VSAP 2.1 system; (2) surveys or polls

regarding Smartmatic's involvement or performance in Los Angeles County's VSAP initiative;

(3) consultant reports issued by SLI Compliance in connection with VSAP 2.1; (4) the Secretary

of State's final certification of VSAP 2.1; and (5) transcripts of public hearings relating to the

certification of VSAP 2.1, to the extent that they exist and can be located by a reasonable search.

## REQUEST NO. 21:

Documents from governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Request as vague, ambiguous, overbroad, and

unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information

that is not relevant to any claim or defense asserted in this action and is not reasonably calculated

to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the

extent it seeks information or documentation protected by the attorney-client privilege, the attorney

work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further

objects to this Request to the extent it seeks information or documentation protected from

disclosure under confidentiality or other agreements with third parties that Smartmatic has entered

into or is subject to. Smartmatic further objects to the timeframe of this Request as overbroad and

unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will

17

produce responsive documents and communications relating to incidents in which an entity, government, or person made allegations of election fraud or tampering by Smartmatic, to the extent that they exist and can be located by a reasonable search.

**REQUEST NO. 22:**

Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents and communications relating to incidents in which an entity, government, or person made allegations of election fraud or tampering by Smartmatic, to the extent that they exist and can be located by a reasonable search.

**REQUEST NO. 23:**

Documents and Communications from 2006 to the present related to U.S. Representative Carolyn Maloney's 2006 letters to the Secretary of the Treasury and any investigations conducted by the United States Department of Treasury's Committee on Foreign Investment in the United States ("CFIUS") of any Smartmatic Entity including, but not limited to, any sale or security agreements entered into by any Smartmatic Entity with any governmental agencies and any documents relating to any Smartmatic Entity's withdrawal from the CFIUS's investigation.

> **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request as overbroad and unduly burdensome as to the subject matter and timeframe. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 24:**

Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union.

> **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated

to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to the terms "authentication" and "validation" as vague, ambiguous, and overbroad. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic will produce: (1) certification consultant reports issued by SLI Compliance in connection with VSAP; (2) the California Secretary of State's final certification of VSAP; and (3) transcripts of public hearings relating to the certification of VSAP, to the extent that they exist and can be located by a reasonable search.

**REQUEST NO. 25:**

Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies by private Persons, including but not limited to PriceWaterhouseCoopers LLP, SLI Global Solutions, SLI Compliance, and the Carter Center.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from

disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic will produce: (1) certification consultant reports issued by SLI Compliance in connection with VSAP; (2) the California Secretary of State's final certification of VSAP; and (3) transcripts of public hearings relating to the certification of VSAP, to the extent that they exist and can be located by a reasonable search.

**REQUEST NO. 26:**

Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to the terms "issues" and "concerns," as used in this Request, as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents sufficient to identify complaints or concerns expressed to Smartmatic regarding the security of the voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent that they exist and can be located by a reasonable search.

21

**REQUEST NO. 27:**

Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's alleged corrupt business practices, including but not limited to issues or concerns raised by the United States Department of Justice related to the 2004 Venezuelan election and any alleged violation of the Foreign Corrupt Practices Act in connection with the 2016 Philippines election.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to the terms "issues," "concerns," and "corrupt business practices," as used in this Request, as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks documents containing confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 28:**

Documents and Communications compiled and/or submitted to the United States Department of Justice in connection with its investigation of alleged violation of the Foreign Corrupt Practices Act by any Smartmatic Entity in connection with the 2004 Venezuelan election and the 2016 Philippines election.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work

product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks documents containing confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Smartmatic will not produce documents in response to this Request.

## REQUEST NO. 29:

Documents and Communications regarding the Comelec's consideration of whether it will purchase or lease new equipment or software from any Smartmatic Entity for the upcoming 2025 midterm elections because of concerns that the equipment or software will malfunction and/or are insecure.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks documents containing confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Smartmatic will not produce documents in response to this Request.

## REQUEST NO. 30:

Documents and Communications regarding any Smartmatic Entity involved in the investigation related to the August 9, 2022 elections in Kenya, including but not limited to requests from the Kenyan Supreme Court for access to the Independent Electoral and Boundaries Commission's servers, and any Smartmatic Entity's response to the request.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead

to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks documents containing confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 31:**

Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents and communications regarding: (1) sales or licensing agreements between Smartmatic and Dominion; (2) any use by Dominion of voting-technology software owned by Smartmatic; and (3) any use by Smartmatic of voting technology software owned by Dominion, to the extent they exist and can be located by a reasonable search.

24

**REQUEST NO. 32:**

Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements.

   **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 33:**

Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement.

   **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under

confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce contracts evidencing Smartmatic's acquisition and divestment of Sequoia.

**REQUEST NO. 34:**

Documents and Communications relating to the business relationship between any Smartmatic Entity and Premier Election Solutions, formerly known as Diebold Election Systems, Inc., including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 35:**

Documents and Communications relating to any Smartmatic Entity's participation in the Chicago, Illinois March 2006 primary election, including but not limited to a Smartmatic Entity's letter in response to Chicago Alderman Ed Burke's hearing regarding the election.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks documents containing confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 36:**

Documents and Communications relating to any Smartmatic Entity's potential contract with Allegheny County, Pennsylvania from 2004 to the present including, but not limited to, any reasons why Allegheny County, Pennsylvania did not award any contract for election services to the Smartmatic Entity.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks documents containing confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 37:**

Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements,

common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

### REQUEST NO. 38:

Documents and Communications regarding the currently pending international arbitration between SGO Corporation Limited and the Bolivarian Republic of Venezuela (ICSID Case No. ARB(AF)/22/2), with John Henry Rooney (U.S.) appointed as the arbitrator.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject

to. Smartmatic further objects to this Request to the extent it seeks documents containing confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 39:**

Documents and Communications relating to Lord Mark Malloch-Brown and any Smartmatic Entity, including but not limited to Documents and Communications relating to his June 21, 2015 interview regarding Smartmatic, as referenced in Paragraph 343 of the Complaint.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 40:**

Documents and Communications relating to any investigation of any Smartmatic Entity by the United States Department of Justice, including but not limited to a Smartmatic Entity 2004 election contract in Venezuela that led to Mr. Chávez's victory.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work

product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks documents containing confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce documents and communications regarding any investigation or inquiry of Smartmatic by the United States Department of Justice regarding allegations of election fraud or tampering by Smartmatic, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 41:**

Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks documents containing confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 42:**

Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

## REQUEST NO. 43:

Documents and Communications that support Your contention that Herring acted with actual malice.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects that, to the extent it seeks documents that "support" the allegation, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

## REQUEST NO. 44:

Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to the term "any breach," as used in this Request, as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic

further objects to the timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents regarding any security breach of Smartmatic's voting machines or software as utilized in any election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 45:**

Documents and Communications that support Your contention that OAN's alleged "defamatory statements were a proximate and substantial cause of Smartmatic's name and brand becoming synonymous with election fraud with members of the general public and government officials, particularly those in the United States," as alleged in Paragraph 427 of the Complaint.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 46:**

Documents and Communications that support Your contention that "[p]rior to the 2020 U.S. election, Smartmatic was a known and trusted name among individuals responsible for selecting election technology and systems in voting jurisdictions in the United States and across the world," as alleged in Paragraph 428 of the Complaint.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject

to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 47:**

Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $400,000 out-of-pocket expenses spent on public relations and crisis management, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 48:**

Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $100,000 out-of-pocket expenses spent on cybersecurity, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 49:**

Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $700,000 out-of-pocket expenses spent on retention and recruitment for personnel, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 50:**

Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, Plaintiffs "will spend millions more in the coming years" in out-of-pocket expenses, as alleged in Paragraphs 432-433 of the Complaint.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 51:**

Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and

prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint

    **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

## REQUEST NO. 52:

Documents and Communications that support Your contention that the Smartmatic Entities were valued at $3 billion going into the 2020 Presidential Election, as alleged in Paragraph 438 of the Complaint.

    **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

## REQUEST NO. 53:

Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, the Smartmatic Entities now valued at less than $1 billion, as alleged in Paragraph 438 of the Complaint.

    **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or

documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 54:**

Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial factor in causing Smartmatic to suffer irreparable harm to its reputation," as well as proof of such harm and loss, as alleged in Paragraph 452 of the Complaint.

     **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 55:**

Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements "exposed Smartmatic to public hate, contempt, ridicule, and disgrace, and created the appearance that Smartmatic is odious and infamous," as alleged in Paragraph 446 of the Complaint.

     **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks

documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 56:**

All Documents and Communications relating to Your contention that You were injured by the Alleged Defamatory Statements.

     **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 57:**

Documents and Communications that support Your request for no less than $2.7 billion in actual, consequential, and special damages in the above-captioned case, as well as Documents and Communications that demonstrate the actions any Smartmatic Entity has undertaken to mitigate its alleged damages.

     **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 58:**

Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed).

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents sufficient to show monetary damages Smartmatic has sought for a claim of reputational harm in connection with Smartmatic's role in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 59:**

Documents and Communications that support Your request for punitive damages.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that, to the extent it seeks documents that "support" Smartmatic's claims, this Request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search

**REQUEST NO. 60:**

Documents relating to the amount of attorneys' fees and costs Plaintiffs have accrued to date, regardless of whether they have actually been billed or paid.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 61:**

Communications that any Smartmatic Entity has had with Other Media Organizations regarding any statement or publication alleged to be defamatory of any Smartmatic Entity from the formation of any Smartmatic Entity to the present, as well as (1) the identity of the Persons involved in the Communication(s); (2) the date of Communication(s); and (3) the substance of the Communication(s).

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Subject to and without waiving the foregoing objections, Smartmatic will produce documents sufficient to identify communications between Smartmatic and media entities regarding defamatory publications relating to Smartmatic's role in the 2020 Presidential Election, to the extent that they exist and can be located by a reasonable search.

**REQUEST NO. 62:**

Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to the terms "thoughts," "feedback," and "concern," as used in this Request, as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents sufficient to identify negative feedback or concerns expressed to Smartmatic regarding the accuracy, security, auditability, or reliability of the voting technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent that they exist and can be located by a reasonable search.

## REQUEST NO. 63:

Documents sufficient to identify all sources of funding You are using to pay costs, expenses, or fees for this case, including each entity or individual providing funds, contingency services, pro bono services, or litigation financing and the related oral or written agreements.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic will not produce documents in response to this Request.

## REQUEST NO. 64:

All Smartmatic Entity financial statements, including balance sheets, income statements, cash flow statements, statements of shareholders' equity, Special Purpose Acquisition Company statements,

other private equity valuations, and any form of other valuation from that Smartmatic Entity's inception to the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce its balance sheets, audited financial statements, cash flow statements, income statements, and enterprise valuations, from January 1, 2011 to the present.

## REQUEST NO. 65:

All U.S. and other tax returns for any Smartmatic Entity, including but not limited to U.S. federal tax returns and state tax returns, from any Smartmatic Entity's inception to the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects that this Request is overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 66:**

Documents and Communication demonstrating any Smartmatic Entity's projected finances, gross revenue, and net revenue from the beginning of 2020 through 2025.

     **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents sufficient to identify its projected finances, gross revenue and net revenue from 2020 to 2025, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 67:**

Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.

     **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to the reference to all documents "related to" the Complaint as vague, ambiguous, overbroad and overly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Smartmatic will produce documents cited in the Complaint.

## REQUEST NO. 68:

All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to the term "subject matter of the above-captioned case," as used in this Request, as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent that it seeks "all" such documents on the grounds that such Requests are overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents and communications between Smartmatic and any Person or entity not a party to the above-captioned case relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, and the above-captioned case, to the extent they exist and can be located by a reasonable search.

## REQUEST NO. 69:

Documents and Communications that [Smartmatic USA Corp./SGO Corporation Limited/Smartmatic International Holding B.V.] intends to offer in evidence at trial or any hearing in the above-captioned case or to use to question witnesses at any deposition, trial, or hearing in the above-captioned case.

RESPONSE: Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 70:**

All Documents received by You or Your attorney from any third party, whether in response to a subpoena duces tecum, open records act request or otherwise, that relate to the Alleged Defamatory Statements or to the allegations in the Complaint.

RESPONSE: Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Subject to and without waiving the foregoing objections, Smartmatic will produce documents produced to or received by Smartmatic in connection with this litigation, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 71:**

All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to *Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al.*, Index No. 151136-2021 (New York County, New York); *Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc.*, Case No. N21C-11-028 EMD (Del. Super. Ct.); *Smartmatic USA Corp., et al. v. Sidney Powell*, Case

No. 21-cv-02995 (D.D.C.); *Smartmatic USA Corp., et al. v. Lindell, et al.*, Case No. 22-cv-00098 (D. Minn.).

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks documents or information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

## REQUEST NO. 72:

All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the phrase "concerning complaints or concerns about statements made . . ." as vague, ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Smartmatic will produce documents and communications regarding retraction requests or responses to retraction requests

made by Smartmatic in connection with statements made about Smartmatic relating to the 2020

Presidential Election, to the extent that they exist and can be located by a reasonable search.

## REQUEST NO. 73:

Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully

stated herein. Subject to and without waiving the foregoing objections, Smartmatic will produce

responsive documents, to the extent they exist and can be located by a reasonable search.

## REQUEST NO. 74:

All Documents and Communications, including marketing materials, pitch packets and promotional materials reflecting any Smartmatic Entity's efforts (or those made on any Smartmatic Entity's behalf) to solicit contracts globally from that Smartmatic Entity's inception to the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead

to the discovery of admissible evidence. Smartmatic objects to the term "efforts," as used in this

Request, as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to

this Request to the extent it seeks information or documentation protected by attorney-client

privilege, the attorney work product immunity, and/or any other applicable privilege or immunity.

Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds

that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the

unlimited timeframe for the documents sought with respect to this Request as overbroad and

unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic

responds that it will produce marketing and promotional materials reflecting Smartmatic's efforts

to solicit contracts for its automated election technology from January 1, 2018 to the present.

## REQUEST NO. 75:

All Documents and Communications concerning any contracts that you allege any Smartmatic
Entity lost or did not obtain as a result of the Alleged Defamatory Statements.

> **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead

to the discovery of admissible evidence. Subject to and without waiving the foregoing objections,

Smartmatic will produce responsive documents, to the extent they exist and can be located by a

reasonable search.

## REQUEST NO. 76:

Portions of personnel files of all employees and personnel of Smartmatic Entities who have worked
on any Smartmatic Entity's voting equipment or software utilized or employed in the U.S. 2020
local, state, and federal elections that refer to or address any disciplinary actions, errors, problems
or concerns relating to: (1) software coding; (2) design or maintenance of any Smartmatic Entity's
machines; (3) political affiliations or actions; or (4) public commentary on the 2020 Presidential
Election.

> **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead

to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

seeks information or documentation protected by the attorney-client privilege, the attorney work

product doctrine, and/or any other applicable privilege or immunity. Smartmatic objects to the

terms "errors," "problems," and "concerns," as used in this Request, as vague, ambiguous,

overbroad, and unduly burdensome. Smartmatic further objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

**REQUEST NO. 77:**

All Documents and Communications with Fox News Network, LLC and/or Fox Corp. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or coverage of the election.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 78:**

All Documents and Communications with Newsmax Media, Inc. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or Newsmax Media, Inc.'s coverage of the elections.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 79:**

All Documents and Communications concerning any vendors or other contractors or affiliates based outside the United States that manufacture, produce, license, or are otherwise involved with any hardware, software, or other components used in any Smartmatic Entity's voting equipment, systems, machines and/or software from 2004 to the present.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic objects to the terms "vendors," "contractors," "produce," and "components," as used in this Request, as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic will not produce documents in response to this Request

**REQUEST NO. 80:**

Communications with and Documents related to social media platforms, including but not limited to Facebook, Twitter, Instagram, and YouTube concerning the removal of any posts, videos, or other content referencing any Smartmatic Entity in connection with U.S. elections from 2004 to the present, as well as elections in the Philippines, Venezuela, and Kenya from 2004 to the present.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead

to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

seeks information or documentation protected by the attorney-client privilege, the attorney work

product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to

the timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to

this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Smartmatic will produce documents and

communications relating to social media platforms' removal of content referencing Smartmatic in

connection with the 2020 Presidential Election, to the extent they exist and can be located by a

reasonable search.

## REQUEST NO. 81:

Documents and Communications concerning the relationship between any Smartmatic Entity and
any Dominion Entity, including but not limited to oral agreements, written contracts, licensing
agreements, noncompete agreements, non-solicitation agreements, cooperation agreements,
common-interest agreements, joint defense agreements, settlement agreements, and any other form
of agreement. There is no time limit on this Request.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead

to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

seeks information or documentation protected by the attorney-client privilege, the attorney work

product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to

this Request to the extent it seeks information or documentation protected from disclosure under

confidentiality or other agreements with third parties that Smartmatic has entered into or is subject

to. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive

documents and communications regarding: (1) sales or licensing agreements between Smartmatic and Dominion; (2) any use by Dominion of voting-technology software owned by Smartmatic; and (3) any use by Smartmatic of voting technology software owned by Dominion, from January 1, 2018 to present, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 82:**

Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic will produce contracts, bids, and RFP responses responsive to this Request.

**REQUEST NO. 83:**

Documents and Communications relating to the method, manner, procedure, or formulation by which You calculate Your economic damages.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or attorney work-product doctrine. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Subject to and without waiving the foregoing objections, Smartmatic states that it will timely disclose expert opinions pursuant to the Federal Rules of Civil Procedure and any Scheduling Order entered by the Court. Responding further, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 84:**

Documents and Communications with any insurance carrier regarding the alleged harm and/or damages for which You seek recovery in this litigation.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 85:**

All financial audits and documents and correspondence from accounting professionals concerning any Smartmatic Entity from 2004 to the present.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent that it seeks "all" such documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce its audited financial statements from 2011 to present.

**REQUEST NO. 86:**

All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request as overbroad, overly burdensome, and not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

**REQUEST NO. 87:**

All insurance policies or other related documents that in any way relate to the damages You seek or counterclaims you may face in this Action, including but not limited to claims and documents relating to such claims.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic objects to the term "claims" as used in this Request, as vague and ambiguous. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 88:**

All of any Smartmatic Entity's general ledgers for the past five (5) years.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request as overbroad, overly burdensome, and not proportional to the needs of the case. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 89:**

Documents and Communications concerning any Smartmatic Entity's current business plan, as well as any from the past five (5) years.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to the term "business plans," as used in this Request, as vague and ambiguous. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 90:**

All documents concerning projections of any Smartmatic Entity's future business plans, including but not limited to prospective contracts and clients.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to the terms "projections" and "business plans," as used in this Request, as vague and ambiguous. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

**REQUEST NO. 91:**

Documents and Communications concerning Konnech Corporation from 2004 to the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to the timeframe of this Request as overbroad and unduly burdensome. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 92:**

Documents and Communications reflecting any Smartmatic Entity's relationship with Konnech Corporation, including but not limited to agreements or contracts between any Smartmatic Entity and Konnech Corporation in relation to the U.S. 2020 local, state, and federal elections.

> **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to the timeframe of this Request as overbroad and unduly burdensome. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 93:**

Documents and Communications concerning complaints, concerns, or investigations about the use of Konnech Corporation's software and/or PollChief election management system.

> **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to the timeframe of this Request as overbroad and unduly burdensome. Smartmatic will not produce documents in response to this Request.

56

**REQUEST NO. 94:**

Documents and Communications concerning any goods provided or services performed by any Smartmatic Entity in connection with the United States Department of Defense from 2004 to the present.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic objects to the term "in connection," as used in this Request as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Smartmatic further objects to the timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

**REQUEST NO. 95:**

Documents and Communications concerning any goods provided or services performed by any Smartmatic Entity in connection with the Federal Voting Assistance Program from 2004 to the present.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic objects to the term "in connection," as used in this Request as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Smartmatic further objects to the timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

**REQUEST NO. 96:**

Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present.

   **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to the timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents from January 1, 2018 to present, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 97:**

Documents and communications related to the October 19, 2022 Elon University Webinar titled Engendering Trust in Election Outcomes, including, but not limited to, all communications with Dr. J Alex Halderman and/or anyone affiliated with coordinating or organizing the webinar itself.

   **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 98:**

Documents sufficient to show Your financial condition, including but not limited to profits, margins and revenue from January 2016 to the present.

   **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead

to the discovery of admissible evidence. Smartmatic further objects to the timeframe of this

Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing

objections, Smartmatic will produce its balance sheets, audited financial statements, cash flow

statements, and income statements for the timeframe identified by this Request.

**REQUEST NO. 99:**

Documents and Communications, including any written common interest agreements, between or among: (i) any Smartmatic Entity, including its attorneys, including but not limited to Benesch, Friedlander, Coplan & Aronoff LLP and Robins Kaplan LLP; and (ii) any Dominion Entity, Eric Coomer, Ruby Freeman and/or Shaye Moss, or any of their respective attorneys or others, including but not limited to Susman Godfrey LLP, Clare Locke LLP, Brownstein Hyatt Farber Schreck LLP, Rodney Smolla (President, Vermont Law School), Snell & Wilmer L.L.P., Farnan LLP, Cain & Skarnulis PLLC, Recht Kornfeld PC, Dowd Bennett LLP, United To Protect Democracy, Inc., DuBose Miller, Ballard Spahr LLP, Kurt G. Kastorf Law Firm, Michael Linhorst, Willkie Farr & Gallagher, LLP, Ballard Spahr, David A. Schulz (Floyd Abrams Lecturer in Law and Senior Research Scholar in Law, Yale Law School), the Yale Law School Media and Information Access Clinic, Floyd Abrams (Senior Counsel, Cahill Gordon & Reindel LLP), the Yale Law School Abrams Institute for Freedom of Expression at the Information Society Project, Lee Levine, the Media Law Resource Center, and/or George Freeman (Executive Director, Media Law Resource Center).

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Request to the extent it seeks information or

documentation protected by the attorney-client privilege, the attorney work product doctrine,

and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to

the extent it seeks information that is not relevant to any claim or defense asserted in this action

and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further

objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the

case. Smartmatic further objects to this Request to the extent it seeks information or documentation

protected from disclosure under confidentiality or other agreements with third parties that

Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

## REQUEST NO. 100:

Documents and Communications concerning any analysis performed in connection with security and/or vulnerability assessments for voting machines and software, including but not limited to any such analysis performed by MITRE, the National Election Security Laboratory, Professor J. Alex Halderman, Harri Hursti or any state or federal agency, including but not limited to the Cybersecurity and Infrastructure Security Agency.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

## REQUEST NO. 101:

Documents and Communications related to work by any public relations professional on behalf of any Smartmatic Entity from that Smartmatic Entity's inception to the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic objects to the term "work," as used in this Request as vague, ambiguous,

overbroad, and unduly burdensome. Smartmatic further objects to this Request to the extent it

seeks information or documentation protected by the attorney-client privilege, the attorney work

product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to

the timeframe of this Request as overbroad and unduly burdensome. Subject to and without

waiving the foregoing objections, Smartmatic will produce documents and communications

related to work by any public relations professional on behalf of Smartmatic subsequent to the

2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 102:**

Documents and Communications related to any Smartmatic Entity's efforts to distinguish its
voting hardware and software technology from any Smartmatic Entity competitor's voting
hardware and software technology, including but not limited to any Dominion Entity's voting
hardware and software technology, from that Smartmatic Entity's inception to the present.

      **RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead

to the discovery of admissible evidence. Smartmatic further objects to the phrase "efforts to

distinguish" Smartmatic further objects to the timeframe for the documents sought with respect to

this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing

objections, Smartmatic responds that it will produce responsive documents only upon such time

as this Request is narrowed in scope.

Date: December 16, 2022

Respectfully submitted,

/s/ J. Erik Connolly
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Lee B. Muench (admitted *pro hac vice*)
Julie M. Loftus (admitted *pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
lmuench@beneschlaw.com
jloftus@beneschlaw.com

*Attorneys for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 16, 2022, copies of the foregoing

**Plaintiffs' Omnibus Responses and Objections to Defendant's First Set of Requests for**

**Production** were served via email on all attorneys of record:

**VEDDER PRICE P.C.**

Blaine Kimrey
Jeanah Park
Bryan Clark
Brian Ledebuhr
222 North LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 609 5005
bkimrey@vedderprice.com
jpark@vedderprice.com
bclark@vedderprice.com
bledebuhr@vedderprice.com

Brian K. McCalmon
1401 New York Avenue, Suite 500
Washington, DC 20005
T: +1 202 312 3320
F: +1 202 312 3322
bmccalmon@vedderprice.com

*/s/ J. Erik Connolly*
J. Erik Connolly