# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, <br><br> Plaintiffs, <br> v. <br><br> HERRING NETWORKS, INC., <br><br> Defendant. | No. 1:21-cv-02900-CJN <br><br> Magistrate Judge Moxila A. Upadhyaya |

### DECLARATION OF CAITLIN A. KOVACS IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

I, Caitlin A. Kovacs, make this declaration pursuant to 28 U.S.C. § 1746. I hereby declare under penalty of perjury that the following is true and correct:

1. I am an attorney at Benesch, Friedlander, Coplan & Aronoff LLP and counsel for Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation (collectively, "Smartmatic") in this action. As such, I am fully familiar with the facts and circumstances of the matters stated in this declaration.

2. On May 31, 2023, Defendant Herring Networks, Inc. (d/b/a "OANN") served its Second Set of Requests for Production. Attached hereto as Exhibit B.1 is a true and correct copy of Defendant's Second Set of Requests for Production ("RFPs").

3. On June 16, 2023 during a meet and confer between counsel for Smartmatic and counsel for OANN, my co-counsel Olivia Sullivan informed counsel for OANN that Smartmatic would be moving for a protective order regarding OANN's Second Set of RFPs unless OANN agreed to withdraw them.

4. On June 21, 2023, Ms. Sullivan sent a letter to counsel for OANN which detailed Smartmatic's basis for requiring a protective order. The letter pointed to several specific examples of duplicative requests for production within OANN's Second Set of RFPs.

5. On June 22, 2023, I, along with Ms. Sullivan, met again with counsel for OANN to discuss Smartmatic's letter and OANN's Second Set of RFPs.

6. During the June 22 meet and confer, counsel for OANN stated that its requests for production were not duplicative, and suggested that Smartmatic should fully respond to its Second Set of RFPs, issuing individual objections to each request. In response, I explained why responding to each request individually would result in an undue burden on Smartmatic. Counsel for OANN agreed to review its Second Set of RFPs and come back with a proposal for narrowing its RFPs to reduce any duplication it found.

7. Counsel for OANN sent its proposal to narrow the Second Set of RFPs on June 27th. The letter conditionally proposed eliminating approximately 270 of the over 1500 requests from its Second Set of RFPs, but only if Smartmatic agreed to lift objections on OANN's First Set of RFPSs, re-open search term negotiations, and re-open the discussion of the relevant time frame for certain topics.

8. On June 28, 2023, I informed counsel for OANN that its proposal did not sufficiently address the undue burden imposed by its requests, and that Smartmatic would be moving forward with its motion for a protective order.

9. Despite our attempts, the parties have been unable to reach an amicable resolution of this dispute.

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 7, 2023

_____
Caitlin A. Kovacs  Illinois Bar No. 6313273
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
312.212.4949

*Attorney for Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*