# Exhibit B.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 1:21-cv-02900-CJN |
| v. | ) ) | |
| HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK, | ) ) ) | Judge Carl J. Nichols |
| Defendant. | ) ) ) ) ) | |

## DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF SGO CORPORATION LIMITED

TO:   Plaintiff SGO CORPORATION LIMITED, by and through its counsel of record J. Erik Connolly and Emily Newhouse Dillingham, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71 South Wacker Drive, Suite 1600, Chicago, IL 60606.

Defendant HERRING NETWORKS, INC. d/b/a ONE AMERICA NEWS NETWORK ("OAN" or "Defendant") requests that you respond to each of the following requests for production of documents in writing and serve such responses upon Defendant's attorneys within thirty (30) days after service of these requests for production, as required, and in the form required by Rule 34 of the Federal Rules of Civil Procedure.  In addition, Defendant requests that all documents responsive to these requests be produced for inspection and copying at the offices of its counsel of

record at the time your responses are served.  You shall produce such documents as they are kept in the usual course of business or shall organize and label them to correspond to the requests herein.

For each request for production, as well as your responses thereto, the following instructions and definitions shall apply:

## I.
## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Request.

1.    "2020 PRESIDENTIAL ELECTION" means and refers to the U.S. Presidential Election that occurred on November 3, 2020, and all voting (including mail-in voting) and related events occurring up to the certification of votes on January 6, 2021.

2.    "ACTION" refers to the above-captioned action.

3.    "BACKDOOR" means an unadvertised feature of a software, hardware, or firmware system that could allow a Person to gain unauthorized access to, or to exceed their normally authorized access to, the software, hardware, and/or firmware.

4.    "COMELEC" means the Philippines' Commission on Elections, as well as all commissioners, employees, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of COMELEC.

2

5.    "COMPLAINT" means the Complaint filed on November 3, 2021 in this ACTION and any subsequently filed amended complaint.

6.    "COMPLAINED OF BROADCASTS" means and refers to the broadcasts identified in Paragraphs 88, 146–147, 171, 176, and 178 of the COMPLAINT filed in this ACTION, among others, including without limitation the particular broadcasts of *After Hours with Alex Salvi*, *News Room*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan Ball, In Focus with Stephanie Hamill, Weekly Briefing with Christina Bobb, America This Week,* and the Michael-Lindell-produced programs titled *Absolute Proof, Scientific Proof, Absolute Interference,* and *Absolutely 9-0.*

7.    "COMPLAINED OF STATEMENTS" means and refers to the statements described in Paragraphs 80–153, and more specifically identified in Paragraphs 171, 176, 184, 196, 205, 218, and 227, of the COMPLAINT filed in this ACTION.

8.    "DOMINION" means and refers to US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, whether individually or collectively, and any of their parents, subsidiaries, related or affiliated entities, successors and predecessors (including but not limited to Sequoia Voting Systems), officers, directors, partners, members, principals, employees,

shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of DOMINION.

9.     "ELECTION LAWSUITS" means and refers to the following lawsuits: *US Dominion, Inc., et al. v. Herring Networks, Inc., et al.*, No. 1:21-cv-02130 (D.D.C.); *Coomer v. Donald J. Trump for President, Inc., et al.*, No. 2020-cv-034319 (Colo.); *Donald J. Trump for President v. Hobbs,* No. CV-2020-014248 (Ariz.); *Donald J. Trump for President v. Benson*, No. 1:20-cv-01083 (W.D. Mich.), No. 20-000225-MZ (Mich.); *Wood v. Raffensperger*, No. 1:20-cv-04651 (N.D. Ga.), No. 1:20-cv-05155 (N.D. Ga.); *Curling v. Raffensperger*, No. 1:17-cv-02989 (N.D. Ga.); *King v. Whitmer*, No. 2:20-cv-13134 (E.D. Mich.); *Feehan v. Wisconsin Elections Commission*, No. 2:20-cv-01771 (E.D. Wis.); *Bowyer v. Ducey*, No. 2:20-cv-02321 (D. Ariz.); *Wisconsin Voters Alliance, et al. v. Pence, et al.*, No. 1:20-cv-03791 (D.D.C.); *Tyler Kistner, et al. v. Steve Simon, et al.*, No. 19AV-CV-20-2183 (Minn.); *Pearson v. Kemp*, No. 1:20-cv-04809 (N.D. Ga.); *Boland v. Raffensperger*, No. 2020-CV-343018 (Ga.); *Trump v. Raffensperger*, No. 2020-CV-343255 (Ga.); *Favorito, et al. v. Fulton County, et al.*, No. 2020CV343938 (Ga.); *Trump v. Kemp, et al.*, No. 1:20-cv-05310 (N.D. Ga.); and *Brooks v. Mahoney*, No. 4:20-cv-00281 (S.D. Ga.).

10.     "OAN" means and refers to Defendant HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK.

11. "PLAINTIFFS" means and refers to, collectively, Plaintiffs SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, whether individually or collectively, and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on their behalf.

12. "MY PILLOW, INC." means and refers to the pillow manufacturing company founded in 2009 by Michael Lindell and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person(s) purporting to act on MY PILLOW, INC.'s behalf.

13. "OTHER MEDIA ORGANIZATIONS" means and refers to other news, media, and other similar organizations, including but not limited to CNN, CBS, ABC, PBS, *The Wall Street Journal*, *The New York Times*, MSNBC, *The Washington Post*, Fox News, Newsmax, *Politico*, *Vanity Fair*, Media Matters, Mediaite, *Bloomberg News, The Chicago Tribune, The Los Angeles Times, The Miami Herald*, the *Times of San Diego* and *National Public Radio*.

14. "SEQUOIA" means and refers to SEQUOIA VOTING SYSTEMS, INC. and any of its parents, subsidiaries, related or affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees,

shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SEQUOIA.

15.   "SGO" means and refers to, collectively, Plaintiff SGO CORPORATION LIMITED and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on SGO's behalf.

16.   "SMARTMATIC INTERNATIONAL" means and refers to, collectively, Plaintiff SMARTMATIC INTERNATIONAL HOLDING B.V. and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on SMARTMATIC INTERNATIONAL's behalf.

17.   "SMARTMATIC USA" means and refers to, collectively, Plaintiff SMARTMATIC USA CORP. and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on SMARTMATIC USA's behalf.

18.   "SMARTMATIC RETRACTION DEMAND" means and refers to the December 11, 2020 and October 27, 2021 letters from PLAINTIFFS to OAN included in the COMPLAINT as Exhibit 46 and Exhibit 47 and any further correspondence related thereto.

19.   "SMARTMATIC   SYSTEMS"   means   any   elections   product developed, supplied, used, or supported by You, or on Your behalf, domestic or international, from PLAINTIFFS' inception to the present. This includes but is not limited to any software, hardware, source code, firmware, technology, solutions, digital tools, functionalities, devices, scan tabulators, optional modules, peripherals, Hybrid Activator, Accumulator & Transmitters, audit logs, electronic voting machines, electronic counting machines, ballot marking devices, voter management, poll worker support, online voting, or election management platforms as described in Paragraphs 26–27 of the COMPLAINT filed in this ACTION.

20.   "THIRD PARTY" means a Person other than PLAINTIFFS or OAN.

21.   "You" and "Your" means SGO.

22.   "Communication" or "Communications" means a communication in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, instant messages (such as but not limited to Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, Slack messages or other internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, Instagram, Gab, or Parler (including any direct

messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal communications and communications with third parties. The foregoing definition is subject to any objection sustained in relation to PLAINTIFFS' similar definition directed at OAN.

23. "Concerning" means without limitation, containing, reflecting, referring to, discussing, relating to, describing, evidencing, supporting, or constituting.

24. "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term under Federal Rule of Civil Procedure 34.

25. "Electronically stored information" or "ESI" means and refers to electronic data, stored in or on any electronic storage medium, whether physical or virtualized, that can be obtained or translated into a reasonably usable form. *See* Doc. 50, this Court's ESI Order signed January 4, 2023 ("ESI Order").

26. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

27.   "Relating to" means without limitation, concerning, containing, reflecting, referring to, discussing, describing, evidencing, supporting, or constituting.

28.   The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include each of the other gender.

## II.
## INSTRUCTIONS

1.   Each Request herein requires the production of all responsive Documents in the possession, custody or control of any of the PLAINTIFFS, or of any of PLAINTIFFS' respective attorneys, agents and any other persons acting or purporting to act on behalf of any of them, or of any other Person from whom PLAINTIFFS have the right to obtain Documents, whether in hard-copy or electronic form or in any other form or from any other source, wherever located and however managed, and whether active, in storage, or otherwise.

2.   Each Document is to be produced (together with all drafts thereof) in its entirety, without redaction or expurgation of any kind or nature whatsoever.

3.   If a Request seeks the identification or production of Documents that are not within Your actual or constructive possession, custody or control, You shall

so state and shall answer the Request based on the best information presently available. If You have knowledge or belief as to other Persons who have possession, custody or control of such Documents, You shall so identify, to the extent known and based on the best information presently available, such Persons.

4.      Each response to these requests for production shall be identified by the same number as the corresponding request for production and shall appear in the same order as the corresponding request for production.  Subparts of each request for production, if any, shall be answered separately to avoid overlooking part of the request.  You are requested to avoid references to prior responses since requests differ and prior responses may not be fully responsive.

5.      As required by Rule 26(e) of the Federal Rules of Civil Procedure, You are requested to supplement Your responses to these requests for production in the circumstances described therein.

6.      If You object, or otherwise decline to respond, to any portion of any request for production, You are requested to provide all documents called for in that portion of the request to which You do not object or to which You do not decline to respond.

7.      If any Documents requested herein are withheld under claim of privilege or are not produced for whatever reason, You are requested at the time of responding to these Requests to separately state in writing and with specificity for

each Document withheld from production (i) the claim of privilege or other reason asserted for withholding each such Document, and (ii) all information supporting the claim of privilege or other reason for withholding asserted as to each such Document, including without limitation the type or nature of the Document withheld (e.g., letter, memorandum, email, etc.), its author and all recipients (including any and all addressees and Persons to whom the Document was copied or blind copied, as well as Persons to whom the Document was distributed or given or shown though not reflected on the Document as a recipient), the date of the Document and a description of the substance of the Document, all in a manner sufficient to allow each Document to be described to the Court in order for the Court to rule on the claim of privilege or other reason asserted for withholding it from production. You are further requested to provide all requested information that is not subject to a claim of privilege or other reason for nonproduction by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

8.      If You object to a request on the grounds that to provide a document or documents would constitute an undue burden, You are requested to provide such information as can be supplied without undertaking an undue burden, and explain the grounds for Your contention that an undue burden exists.

9. Where there exists a good faith doubt as to the meaning or intended scope of a Request, and Your sole objection would be to its vagueness or ambiguity, You are asked to contact OAN's counsel in advance of asserting an objection. OAN's counsel will provide whatever additional clarification or explanation may be needed.

10. You are requested to produce all responsive documents, notwithstanding that Defendant may already have some or all of the responsive documents in its possession.

11. ESI shall be produced as provided for in the ESI Order.

12. Excel files, and audio and video files, shall be produced in their native format as provided for in the ESI Order.

13. Non-responsive family members shall be produced as provided for in the ESI Order.

14. If any document requested herein has been lost, destroyed, or is otherwise unavailable for inspection, identify the author(s) and the last custodian thereof, his/her business addresses, the subject matter of the document, and the circumstances of its loss, destruction, or unavailability.

15. To the extent that any document is responsive to more than one of the document requests herein, it need only be produced once, providing that You advise

Defendant in writing as to which other document requests You believe the document to be responsive.

Unless stated otherwise in these Requests, the relevant time period for these requests is January 1, 2014 to the present. To the extent You have previously produced documents and/or communications responsive to these Requests in response to Defendant's First Set of Requests for Production to SGO Corporation Limited, You are requested to supplement Your production with any responsive documents and/or communications not previously produced from January 1, 2014 or the time periods otherwise specified in these Requests.

### III.
### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 103:**
Produce Documents and Communications concerning Your contention that OAN "[v]iewers were dissatisfied with Fox News's initial coverage of the election results and were looking for alternative cable news sources," as alleged in Paragraph 83 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 104:**
Produce Documents and Communications concerning any of the COMPLAINED OF BROADCASTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 105:**
Produce Documents and Communications concerning any of the COMPLAINED OF STATEMENTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 106:**
Produce Documents and Communications concerning the November 12, 2020 broadcast of *After Hours with Alex Salvi*, as described in Paragraphs 84 and 85 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 107:**
Produce Documents and Communications that identify the "morning and evening newsroom briefings, evenings news programs, and material posted to its website and social media," described in Paragraph 86 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 108:**
Produce Documents and Communications that identify the "numerous guests," described in Paragraph 86 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 109:**
Produce Documents and Communications concerning the November 16, 2020 broadcast of *News Room*, as described in Paragraph 87 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 110:**
Produce Documents and Communications concerning Your contention that, "[OAN] knew that it had not seen any evidence supporting Ms. Powell's claims of 'overwhelming evidence of voter fraud' and that Ms. Powell had not presented any evidence supporting her claims," as alleged in Paragraph 88 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 111:**
Produce Documents and Communications concerning the November 15, 2020 re-broadcast, and the original broadcast, of *America This Week*, as described in Paragraph 88 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 112:**
Produce Documents and Communications concerning the November 14, 2020 tweet by "the President's personal attorney, Rudy Giuliani," as described in Paragraph 90 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 113:**
Produce Documents and Communications concerning Your contention that, "[OAN] knew that Mr. Giuliani had not presented any evidence that Dominion is 'a front' for Smartmatic or that Smartmatic was counting votes in those states," as alleged in Paragraph 90 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 114:**
Produce Documents and Communications concerning Your contention that, "[OAN] also knew that it had not seen any evidence to support those claims," as alleged in Paragraph 90 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 115:**
Produce Documents and Communications concerning Your contention that, "Mr. Aksalic, and others at [OAN], knew that Ms. Powell did not have any evidence of fraud," as alleged in Paragraph 91 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 116:**
Produce Documents and Communications that identify the "others at [OAN]," described in Paragraph 91 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 117:**
Produce Documents and Communications concerning the November 16, 2020 broadcasts of *Tipping Point with Kara McKinney*, as described in Paragraphs 92 and 93 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 118:**
Produce Documents and Communications concerning Your contention that, "Ms. McKinney had not seen any evidence indicating that the 2020 U.S. election had been stolen, much less stolen by Smartmatic," as alleged in Paragraph 92 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 119:**
Produce Documents and Communications concerning the National Tea Party Movement, as described in Paragraph 93 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 120:**
Produce Documents and Communications concerning Your contention that, "Ms. McKinney and [OAN] knew that there was no evidence supporting Mr. Johns' implication that Smartmatic rigged the 2020 U.S. election for Joe Biden," as alleged in Paragraph 93 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 121:**
Produce Documents and Communications concerning the November 16, 2020 broadcast of *News Room*, as described in Paragraph 95 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 122:**
Produce Documents and Communications concerning the podcast *Common Sense*, including without limitation, episodes published on or around November 13 and November 18, as described in Paragraphs 95 and 119 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 123:**
Produce Documents and Communications concerning any podcast, whether visual or audio, published or created by Rudolph Giuliani, including without limitation that

visual podcast called *Common Sense*, as described in Paragraph 95 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 124:**
Produce Documents and Communications concerning the November 17, 2020 broadcast of *Tipping Point with Kara McKinney*, as described in Paragraph 99 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 125:**
Produce Documents and Communications concerning Judicial Watch, as described in Paragraph 100 of the COMPLAINT, related to any weaknesses, flaws, mistakes, vulnerabilities, bugs, BACKDOOR in SMARTMATIC SYSTEMS, or any allegations of election irregularity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 126:**
Produce Documents and Communications concerning the November 19, 2020 broadcast of *Breaking News Live with Patrick Hussion*, as described in Paragraph 101 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 127:**
Produce Documents and Communications concerning Your contention that, "[OAN] knew both that it had not seen any evidence supporting what Mr. Giuliani said and that Mr. Giuliani had not presented any evidence supporting what he said," as alleged in Paragraph 102 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 128:**
Produce Documents and Communications concerning the November 19, 2020 broadcast of *Real America with Dan Ball*, as described in Paragraph 104 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 129:**
Produce Documents and Communications concerning Your contention that, "[OAN] knew it had seen no evidence that Dominion used Smartmatic because that claim is factually false," as alleged in Paragraph 105 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 130:**
Produce Documents and Communications concerning the November 20, 2020 broadcast of *News Room*, as described in Paragraph 106 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 131:**
Produce Documents and Communications concerning Your contention that, "[OAN] knew it had not seen any evidence that . . . Smartmatic was widely used in the 2020 U.S. election," as alleged in Paragraph 108 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 132:**
Produce Documents and Communications concerning Your contention that, "[OAN] knew it had not seen any evidence that . . . Smartmatic rigged the 2020 U.S. election for Joe Biden," as alleged in Paragraph 108 of the COMPLAINT and as similarly alleged in Paragraph 117 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 133:**
Produce Documents and Communications concerning Your contention that "[OAN] knew it had not seen any evidence that . . . Smartmatic has ties to corrupt Venezuelan dictators," as alleged in Paragraph 108 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 134:**
Produce Documents and Communications concerning Your contention that "[OAN] knew it had not seen any evidence that . . . Smartmatic previously rigged elections in Venezuela," as alleged in Paragraph 108 of the COMPLAINT.

18

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 135:**
Produce Documents and Communications concerning Your contention that "[OAN] also knew that Mr. Giuliani and Ms. Powell had not provided any evidence corroborating their claims," as alleged in Paragraph 108 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 136:**
Produce Documents and Communications concerning the November 20, 2020 broadcast of *News Room*, as described in Paragraph 109 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 137:**
Produce Documents and Communications concerning the November 20, 2020 broadcast of *In Focus with Stephanie Hamill*, as described in Paragraph 113 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 138:**
Produce Documents and Communications concerning Your contention that "[OAN] had not seen any evidence showing that . . . Smartmatic was widely used in the 2020 U.S. election, including in Dominion machines," as alleged in Paragraph 117 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 139:**
Produce Documents and Communications concerning Your contention that "[OAN] had not seen any evidence showing that . . . Smartmatic's software was compromised during the 2020 U.S. election while votes were sent to foreign countries," as alleged in Paragraph 117 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 140:**
Produce Documents and Communications concerning Your contention that "[OAN] knew that none of its guests, Ms. Powell, or Mr. Giuliani had produced any evidence

corroborating their claims about Smartmatic," as alleged in Paragraph 117 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 141:**
Produce Documents and Communications concerning the November 22, 2020 broadcast of *News Room*, as described in Paragraph 119 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 142:**
Produce Documents and Communications concerning Your contention that "[OAN] used this graphic even though it knew the OAS was not referring to Smartmatic because Smartmatic stopped working on elections in Venezuela in 2017," as alleged in Paragraph 120 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 143:**
Produce Documents and Communications concerning Your contention that "Smartmatic stopped working on elections in Venezuela in 2017," as alleged in Paragraph 120 and Paragraph 234 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 144:**
Produce Documents and Communications concerning Your contention that "[OAN] also knew that Mr. Giuliani had not produced any evidence supporting his claim that Smartmatic switched votes," as alleged in Paragraph 121 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 145:**
Produce Documents and Communications concerning the November 23, 2020 broadcast of *Tipping Point with Kara McKinney*, as described in Paragraph 122 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 146:**
Produce Documents and Communications concerning Your contentions that "[OAN] had not seen any evidence that Smartmatic was widely used in the 2020 election or that Smartmatic was used by Dominion in the 2020 election," and that, "[OAN] also knew that Mr. Waller had not presented any such evidence," as alleged in Paragraph 124 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 147:**
Produce Documents and Communications concerning the November 28, 2020 broadcast of *Tipping Point with Kara McKinney*, as described in Paragraph 125 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 148:**
Produce Documents and Communications concerning Your contentions that "[OAN] had not seen any evidence that Smartmatic rigged the 2020 U.S. Election for Joe Biden or that Smartmatic was founded by corrupt dictators," and that, "[OAN] knew that none of its guests, including Mr. Johns, had produced any evidence supporting those claims," as alleged in Paragraph 126 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 149:**
Produce Documents and Communications concerning the December 1, 2020 broadcast of *Breaking News Live with Patrick Hussion*, as described in Paragraph 127 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 150:**
Produce Documents and Communications concerning Your contentions that "[OAN] knew it had not seen any evidence of security weaknesses in Smartmatic's software, generally, or in the Smartmatic software used in Los Angeles County in the 2020 election, specifically," and that, "[OAN] also knew that no witnesses had

come forward to support these claims about Smartmatic's software," as alleged in Paragraph 128 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 151:**
Produce Documents and Communications concerning the December 1, 2020 broadcast of *Tipping Point with Kara McKinney*, as described in Paragraph 129 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 152:**
Produce Documents and Communications concerning the December 3, 2020 broadcast of *In Focus with Stephanie Hamill*, as described in Paragraph 130 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 153:**
Produce Documents and Communications concerning the December 5, 2020 broadcast of *News Room*, as described in Paragraph 131 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 154:**
Produce Documents and Communications concerning Your contention that "[OAN] had seen no evidence that . . . Dominion machines used Smartmatic software in the 2020 election," as alleged in Paragraph 132 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 155:**
Produce Documents and Communications concerning Your contention that "[OAN] had seen no evidence that . . . Smartmatic software switched any votes in the 2020 election," as alleged in Paragraph 132 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 156:**
Produce Documents and Communications concerning Your assertion that "[OAN] had seen no evidence that . . . Smartmatic had ties to any dictators (Venezuelan or Cuban)," as alleged in Paragraph 132 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 157:**
Produce Documents and Communications concerning the December 7, 2020 broadcast of *Tipping Point with Kara McKinney*, as described in Paragraph 133 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 158:**
Produce Documents and Communications concerning Your assertion that "[OAN] knew it had not seen any evidence, "suggestive" or "indisputable," indicating that voting machines rigged or stole the 2020 U.S. election," as alleged in Paragraph 134 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 159:**
Produce Documents and Communications concerning the December 21, 2020 broadcast of *News Room*, as described in Paragraph 135 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 160:**
Produce Documents and Communications concerning Your assertions that "[OAN] had not seen any evidence supporting steps two, three, or four," and that, "[OAN] also knew that no one had presented evidence of step two, three, or four," as alleged in Paragraph 136 and Paragraph 137 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 161:**
Produce Documents and Communications concerning the testimony of Martin Golingan in *Coomer v. Donald J. Trump for President, Inc., et al.*, No. 2020-cv-

034319, including without limitation discussion of his testimony in Paragraphs 138 and 405 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 162:**
Produce Documents and Communications exchanged between You and DOMINION concerning the factual or legal claims made in Your COMPLAINT or the case styled *US Dominion, Inc, et al. v. Herring Networks, Inc*., *et al.*, No. 1:21-cv-02130.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 163:**
Produce Documents and Communications sufficient to identify each Person responsible for creating, researching, writing, editing, or approving the content of the SMARTMATIC RETRACTION DEMAND.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 164:**
Produce Documents and Communications sufficient to identify each Person responsible for creating, researching, writing, editing, or approving the content of PLAINTIFFS' retraction demand letter to Fox News, as discussed in Paragraph 141 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 165:**
Produce a copy of the retraction demand letter(s) from PLAINTIFFS to Fox News, as discussed in Paragraph 141 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 166:**
Produce Documents and Communications sufficient to identify each Person responsible for creating, researching, writing, editing, or approving the content of the retraction demand letter from PLAINTIFFS to Newsmax, as discussed in Paragraph 142 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 167:**
Produce a copy of the retraction demand letter(s) from PLAINTIFFS to Newsmax, as discussed in Paragraph 142 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 168:**
Produce Documents and Communications concerning the December 26, 2020 broadcast of *Weekly Briefing with Christina Bobb*, as described in Paragraph 146 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 169:**
Produce Documents and Communications concerning the broadcasts of *Absolute Proof*, as described in Paragraph 154 and Paragraph 160 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 170:**
Produce Documents and Communications concerning the February 8, 2021 broadcast of *Real America with Dan Ball*, as described in Paragraph 158 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 171:**
Produce Documents and Communications concerning the broadcasts of *Scientific Proof*, as described in Paragraph 162 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 172:**
Produce Documents and Communications concerning the broadcasts of *Absolute Interference*, as described in Paragraph 164 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 173:**
Produce Documents and Communications concerning the May 3, 2021 broadcast of an interview of Michael J. Lindell, as described in Paragraph 166 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 174:**
Produce Documents and Communications concerning the broadcasts of *Absolutely 9-0*, as described in Paragraph 167 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 175:**
Produce Documents and Communications concerning Your assertion "Since 2003, Smartmatic's election technology has processed more than 5 billion secure votes worldwide without a single security breach" as alleged in Paragraph 24 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 176:**
Produce Documents and Communications concerning Your "case studies," as referenced in Paragraph 45 of the COMPLAINT including, without limitation, the case studies themselves.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 177:**
Produce Documents and Communications sufficient to identify Your "references," as referred to in Paragraph 46 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 178:**
Produce Documents and Communications concerning Your assertion that "Smartmatic [has] been recognized as one of the best election technology and software companies in the world," as alleged in Paragraph 47 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 179:**

Produce Documents and Communications concerning Your assertion that "The November general election in Los Angeles County from a technology perspective was flawless" as alleged in Paragraph 59 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 180:**

Produce Documents and Communications concerning Your assertion that it "did not play any role in the general election outside of Los Angeles County. Smartmatic's election technology, software, equipment, and services were not used in any other county or state for the 2020 U.S. election" as alleged in Paragraph 62 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 181:**

Produce Documents and Communications concerning Your assertion that "Smartmatic did not license or contract with any third party, including other election technology companies, for the use of Smartmatic's technology, software, machines, or services in any other county or state for the 2020 U.S. election" as alleged in Paragraph 62 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 182:**

Produce Documents and Communications concerning Your assertion that no "Smartmatic election technology and software were even used in any of the states that had close outcomes in the 2020 U.S. election," as alleged in Paragraph 81 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 183:**

Produce Documents and Communications concerning OAN's so-called "disinformation campaign" as alleged in Paragraph 170 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 184:**
Produce Documents and Communications concerning Your assertion that Your "election technology and software were only used in Los Angeles County, and *not* used by any other voting machine company, for the 2020 U.S. election," as alleged in Paragraph 180 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 185:**
Produce Documents and Communications concerning Your assertion that Your "election technology and software were *not* used in other voting machines in the 2020 U.S. election, including in Dominion machines," or in "battleground states," as alleged in Paragraphs 180 and 182 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 186:**
Produce Documents and Communications concerning Your assertion that Your "election technology and software" were not "used to steal the 2020 U.S. election by rigging and fixing the vote" as alleged in Paragraphs 170 and 180 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 187:**
Produce Documents and Communications concerning Your assertion that Your "election technology and software were not compromised and hacked during the 2020 U.S. election and no votes were sent overseas," as alleged in Paragraphs 170 and 180 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 188:**
Produce Documents and Communications concerning Your assertion that there were no "cyber-security issues in Los Angeles County" during the 2020 PRESIDENTIAL ELECTION and that the votes from that election "were tabulated in Los Angeles County," as alleged in Paragraphs 180 and 208 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 189:**

Produce Documents and Communications concerning Your assertion that You are "***not*** a Venezuelan company and was ***not*** founded and funded by corrupt dictators from socialist and communist countries" and that "No dictators—corrupt or otherwise, from communist/socialist countries or otherwise—were involved in founding or funding the company" as alleged in Paragraph 170 and 180 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 190:**

Produce Documents and Communications concerning Your assertion that "Smartmatic's election technology and software" were "not designed to rig and fix elections" and have not been "used to fix, rig, and steal elections before," as alleged in Paragraph 170 and 180 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 191:**

Produce Documents and Communications concerning Your assertion that "Smartmatic's election technology and software were designed for security, reliability, and auditability. No after-the-fact audit has ever found that Smartmatic's technology or software was used to rig, fix, or steal an election," as alleged in Paragraph 180 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 192:**

Produce Copies of all "public records," as referenced in Paragraph 183 of the COMPLAINT, that demonstrate that "Smartmatic was not used in any state or county outside of Los Angeles County."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 193:**

Produce Documents and Communications concerning Your assertion that Your "election technology and software were not used in Nevada, Arizona, Georgia, Pennsylvania, Michigan, Wisconsin, or Texas. Smartmatic's election technology

29

and software were not used in any counties in these states" as alleged in Paragraph 189 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 194:**
Produce Documents and Communications concerning Your assertion that "Smartmatic's election technology and software were not used by any other voting technology company during the 2020 U.S. election. Smartmatic's election technology and software were not used by another company in Nevada, Arizona, Georgia, Pennsylvania, Michigan, Wisconsin, or Texas (or any counties within these States)," as alleged in Paragraph 190 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 195:**
Produce Documents and Communications concerning Your assertion that "Smartmatic did not work with or assist any other voting technology company during the 2020 U.S. election. Smartmatic did not count the votes for any other voting technology company, including Dominion. Smartmatic's election technology and software were not involved in collecting, tabulating or counting any votes outside of Los Angeles County," as alleged in Paragraph 191 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 196:**
Produce Documents and Communications concerning Your assertion that "Dominion did not use Smartmatic's election technology and software during the 2020 U.S. election. Smartmatic did not license its technology or software to Dominion for use in the 2020 U.S. election. Dominion did not purchase Smartmatic's election technology and software for use in the 2020 U.S. election," as alleged in Paragraph 192 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 197:**
Produce Documents and Communications concerning Your assertion that DOMINION and PLAINTIFFS do not assist each other with projects and are not sub-contractors of each other, as alleged in Paragraph 193 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 198:**
Produce Documents and Communications concerning Your assertion that "Smartmatic does not count or tabulate votes; this is done by the election authorities," as alleged in Paragraph 216 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 199:**
Produce Documents and Communications concerning Your assertion that "Smartmatic ceased participating in elections in Venezuela in 2017. Smartmatic ceased to provide election technology and software in Venezuela after the government announced total vote counts that differed from the actual vote count," as alleged in Paragraph 225 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 200:**
Produce Documents and Communications concerning Your assertion relating to "audited elections" as alleged in Paragraph 347 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 201:**
Produce Documents and Communications concerning Your assertion that "[n]o audit of an election in which Smartmatic participated has identified any instances of Smartmatic's election technology and software changing votes from one candidate to another," as alleged in Paragraph 232 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 202:**
Produce Documents and Communications concerning Your assertion that Your "election technology and software did not fix, rig, or steal any election in the Philippines. Every audit of an election in the Philippines using Smartmatic's election technology and software has confirmed the election was not fixed, rigged, or stolen," as alleged in Paragraph 236 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 203:**
Produce Documents and Communications concerning the statement by the Organization of American States ("OAS") as referenced in Paragraphs 119 and 120 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 204:**
Produce Documents and Communications concerning the California report referenced in Exhibit 106 of the COMPLAINT, including any measures the PLAINTIFFS took to address the concerns raised in that report.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 205:**
Produce Documents and Communications concerning the Politico Article identified in Exhibit 106 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 206:**
Produce Documents and Communications between You, and/or any of Your attorneys, and any expert witness retained by You in this ACTION that: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that any of Your attorneys provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that any of Your attorneys provided and that the expert relied on in forming the opinions to be expressed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 207:**
Produce all Documents obtained (now or in the future) by You pursuant to any open records request, public information act request, subpoena or other form of third-party discovery relating to this ACTION. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 208:**
Produce all Documents referenced in, identified by, responsive to, or relied upon in preparing Your Responses to Defendant's Requests for Production, Your Responses to Defendant's Interrogatories, Your Responses to Defendant's Requests for Admissions, and/or Your Responses to any other discovery requests, including but not limited to a Rule 30(b)(6) request. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 209:**
Produce all Documents sufficient to show all lawsuits filed by or against You since January 1, 2010.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 210:**
Produce all litigation hold notices sent by any PLAINTIFFS related to or arising out of this ACTION, including but not limited to internal litigation hold notices and third-party litigation hold notices, as well as any related Documents and Communications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 211:**
Produce Your document retention, preservation, and destruction policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 212:**
Produce Documents and Communications produced in response to any subpoena, public information request (including but not limited to Freedom of Information Act requests), lawsuit, arbitration, or other proceeding concerning You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 213:**
Produce Documents and Communications with lobbyists or lobbying firms concerning Your efforts to procure contracts with governmental entities, including

but not limited to states, counties, and municipalities, from January 1, 2016 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 214:**
Produce Documents and Communications concerning Your efforts to lobby, thwart, restrict, modify, or otherwise impact H.R. 6435, the "Election Vendor Security Act," or any subsequent iteration of the aforementioned legislation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 215:**
Produce Documents and Communications exchanged between You and any members of Congress or any Congressional staff members. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 216:**
Produce Documents and Communications reflecting financial contributions, or anything of monetary value, made by You or Your employees or contractors to any state, county, municipality, governmental agency, or public official.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 217:**
Produce Documents and Communications sufficient to identify and concerning Your ownership in "election technology and software companies in United States (Smartmatic USA Corp.), Barbados, Australia, United Kingdom, Panama, Haiti, Belgium, Singapore, Netherlands, Mexico, Ecuador, Brazil, Estonia, Taiwan, and the Philippines as well as branches in Colombia, Argentina, Honduras, Pakistan, Italy, Jamaica, and El Salvador," as alleged in Paragraph 11, Footnote 2 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 218:**
Produce Documents and Communications sufficient to identify all Your employees, contractors, representatives, or agents, including employee lists and organizational charts, between January 1, 2003 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 219:**
Produce Documents and Communications sufficient to identity the relationship between You and any of Your affiliates, companies, and subsidiaries, from January 1, 2000 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 220:**
Produce Documents and Communications concerning Your assertion that "Smartmatic USA Corp. is based in Florida, and its parent company is based in the United Kingdom," as alleged in Paragraph 180 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 221:**
Produce Documents and Communications concerning the political contributions of Your employees since January 1, 2016.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 222:**
Produce Documents and Communications that show the location of Your owned or leased servers since January 1, 2003.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 223:**
Produce Documents and Communications concerning Amazon servers, as referenced in Paragraph 218 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 224:**
Produce Documents and Communications concerning Your use of any server that is physically located outside of the United States in connection with any counting, tabulating, processing, or storage of data relating to the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 225:**
Produce Documents and Communications concerning the marketing or sale, including without limitation any offers or attempts to sell or license, of SMARTMATIC SYSTEMS between January 1, 2003 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 226:**
Produce Documents and Communications concerning any effort to sell all or any stake of You, including any efforts by You to become a publicly traded company. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 227:**
Produce Documents and Communications concerning the case studies and references discussed in Paragraphs 45 and 46 of the COMPLAINT, including drafts of the case studies and Documents and Communications concerning the creation of the case studies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 228:**
Produce Documents concerning the installation, use, or maintenance of SMARTMATIC SYSTEMS, including any guides or documents as they existed on November 3, 2020 as well as all previous versions and drafts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 229:**
Produce Documents and Communications that show the location where election-related data is stored or kept by or on behalf of You since January 1, 2003.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 230:**
Produce all videos and photos concerning the use, maintenance, or support of SMARTMATIC SYSTEMS in the 2020 PRESIDENTIAL ELECTION, including

all videos of technicians or contractors inserting a USB thumb drive into Your equipment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 231:**
Produce all technical documents packages for SMARTMATIC SYSTEMS between January 1, 2003 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 232:**
Produce all source code present in SMARTMATIC SYSTEMS used in the 2020 PRESIDENTIAL ELECTION, including without limitation a copy of the source code provided to the County of Los Angeles, State of California for its use in relation to the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 233:**
Produce all source code versions and patches implemented in relation to the SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 234:**
Produce Documents and Communications concerning the source code version history and storage environment for any source code present in SMARTMATIC SYSTEMS used by any PLAINTIFFS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 235:**
Regardless of time frame, Documents and Communications related to Your controlled, owned, or licensed source code, voting machines, or voting technology that originated, was developed by, or was invented by a THIRD PARTY, including but not limited to DOMINION, SEQUOIA, or any other THIRD PARTY.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 236:**
Produce Documents and Communications concerning the sourcing of components, parts, or equipment for SMARTMATIC SYSTEMS. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 237:**
Produce Documents sufficient to show any unique words used by You to identify SMARTMATIC SYSTEMS, and any components thereof, between January 1, 2003 and present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 238:**
Produce Documents and Communications sufficient to identify and reflect Your software engineering protocols and policies, and the evolution thereof, concerning SMARTMATIC SYSTEMS. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 239:**
Produce Documents and Communications between You and OTHER MEDIA ORGANIZATIONS or other media, social media, or broadcast source relating to SMARTMATIC SYSTEMS in any election since January 1, 2003.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 240:**
Produce Documents and Communications concerning any OTHER MEDIA ORGANIZATIONS or other media, social media, or broadcast source relating to SMARTMATIC SYSTEMS used in the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 241:**
Produce Documents and Communications concerning reporting by any OTHER MEDIA ORGANIZATIONS relating to the performance of Your or DOMINION's software, hardware, and other voting machine technology.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 242:**
Produce Documents and Communications concerning any OTHER MEDIA ORGANIZATIONS or other media, social media, or broadcast source relating to Your connection to Venezuela, including without limitation, the statements made by Lou Dobbs on CNN in 2006.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 243:**
Produce copies of all social media posts published between November 1, 2020 and November 1, 2021 that are in any way critical of any of the PLAINTIFFS or any of the SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 244:**
Produce copies of all news reports published between November 1, 2020 and November 1, 2021 that are in any way critical of any of the PLAINTIFFS or any of the SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 245:**
Produce copies of all articles, whether in newspapers, online, or published in other media, published between November 1, 2020 and November 1, 2021 that are in any way critical of any of the PLAINTIFFS or any of the SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 246:**
Produce Documents and Communications concerning and exchanged between You and the Republican or Democratic National Committees; Republican or Democratic Parties; any political candidate; any political campaign; any Political Action Committee; or any other public interest funder relating to the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 247:**

Produce Documents and Communications compiled and/or submitted to the United States Senate Intelligence Committee in connection with the 2016 U.S. presidential election.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 248:**

Produce Documents and Communications concerning any investigation of any PLAINTIFFS and/or DOMINION conducted by or otherwise involving Carolyn Maloney, Elizabeth Warren, Amy Klobuchar, and/or Edward Burke, as well as documents pertaining to any attempt by these individuals to prevent or otherwise limit the ability of any PLAINTIFFS or DOMINION from operating in the United States.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 249:**

Produce Documents and Communications concerning and between You and any cybersecurity company You have hired or consulted with, as referenced in Paragraph 432 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 250:**

Produce Documents and Communications concerning and exchanged between You and any organizers of, or participants in, a hardware or software hacking conference.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 251:**

Produce Documents and Communications concerning and exchanged between You and DEF CON Communications, Inc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 252:**
Produce Documents and Communications concerning and exchanged between You and any elections or cybersecurity nonprofit or advocacy group relating to SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 253:**
Produce Documents and Communications concerning and between You and California Secretary of State.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 254:**
Produce Documents and Communications concerning and between You and Los Angeles County Clerk and/or Recorder.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 255:**
Produce Documents and Communications concerning and between You and Cook County Clerk.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 256:**
Produce Documents and Communications concerning and between You and Chicago Board of Elections.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 257:**
Produce Documents and Communications concerning and between You and Department of Treasury.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 258:**
Produce Documents and Communications concerning and between You and Jack Blaine.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 259:**
Produce Documents and Communications concerning and between You and Scott Circle Communications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 260:**
Produce Documents and Communications concerning and between You and SEC Newgate.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 261:**
Produce Documents and Communications concerning and between You and Courtney Torres Consulting.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 262:**
Produce Documents and Communications concerning and between You and Issues and Crisis Group LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 263:**
Produce Documents and Communications, including any engagement contracts or other agreements, concerning and exchanged between You and any public relations ("PR"), branding firm ("BF"), or crisis management firm ("CMF"), or company performing similar or related functions as a PR, BF, or CMF, since January 1, 2016, including without limitation any PR, BF, CMF, or other company engaged by You to mitigate purported damage caused by the COMPLAINED OF STATEMENTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 264:**
Produce Documents and Communications concerning and exchanged between You and Bitza Corporation and any of its subsidiaries or affiliates, including without limitation Documents concerning formation, such as the Registro Mercantil Primero

No. 22, 1997, Caracas Venezuela, and the Registro Mercantil Primero No. 19, 1997, Caracas, Venezuela.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 265:**
Produce Documents and Communications concerning the Politico Article titled "Los Angeles County's risky voting experiment," published March 3, 2020 at https://www.politico.com/news/2020/03/03/los-angeles-county-voting-experiment-119157.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 266:**
Produce Documents and Communications concerning any declarations or affidavits filed in connection with any of the ELECTION LAWSUITS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 267:**
Produce Documents and Communications concerning any persons who submitted declarations or affidavits in connection with any of the ELECTION LAWSUITS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 268:**
Produce Documents and Communications concerning any allegations or questions that any election in which any SMARTMATIC SYSTEM was used was rigged, stolen, or fraudulent. This request has no time or geographic limitation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 269:**
Produce Documents and Communications concerning whether or not any SMARTMATIC SYSTEM can be used to change, manipulate, or alter votes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 270:**
Produce Documents and Communications concerning whether or not any elections anywhere in the world using SMARTMATIC SYSTEMS have been manipulated.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 271:**
Produce Documents sufficient to show who controlled the interests in each of the PLAINTIFFS between 2003 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 272:**
Produce all Twitter posts by any of the PLAINTIFFS or any of their agents or representatives since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 273:**
Produce a copy of all Facebook posts by any of the PLAINTIFFS or any of their agents or representatives since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 274:**
Produce Documents and Communications concerning Your competitors from January 1, 2016 through present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 275:**
Produce Documents and Communications concerning any of the PLAINTIFFS' reputations, goodwill, fame, influence, brand name, or notoriety.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 276:**
Produce Documents and Communications concerning any of the PLAINTIFFS' brands.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 277:**
Produce Documents and Communications concerning surveys, market research, or other documentation of public perception of You, Your brand, and/or Your goods and services.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 278:**
Produce Documents and Communications concerning Your assertion that anyone cast You or PLAINTIFFS as a corrupt company.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 279:**
Produce Documents sufficient to identify the various members of the SMARTMATIC USA Board of Directors between January 1, 2014 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 280:**
Produce Documents sufficient to identify the various members of the SMARTMATIC INTERNATIONAL Board of Directors between January 1, 2014 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 281:**
Produce Documents sufficient to identify the various members of the SGO Board of Directors between January 1, 2014 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 282:**
Produce Documents and Communications sent by, received by, or concerning Lord Mark Malloch-Brown relating to any election conducted in a country or jurisdiction outside of the United States, including but not limited to Venezuela, Philippines, China, Serbia, Brazil, Germany, Spain, Belgium, Zambia, Argentina, Oman, Armenia, Italy, Estonia, or Norway.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 283:**
Produce Documents and Communications sent by or received by any members of Your Board of Directors concerning any of the following: (a) the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Fox News, Newsmax, Donald Trump, Sidney Powell, or Rudy Giuliani since November 1, 2020; (b) negotiations between You and any U.S. governmental, state, county, or municipal entity relating to the use of any SMARTMATIC SYSTEMS; and (c) any of Your business forecasts, business plans, financial forecasts, or financial performance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 284:**
Produce Documents and Communications sufficient to show any Person holding, owning, managing, supervising, or otherwise involved with any ownership interest in You at any time from January 1, 2003 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 285:**
Produce Documents and Communications concerning complaints, investigations, and results of efforts undertaken to identify whether You deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION or any other election.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 286:**
Produce Documents and Communications evidencing any ownership interest or other affiliation, including employment, in You, at any time from January 1, 2003 through the present, by any current or former United States federal or state elected government official.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 287:**
Produce Documents sufficient to show every Person having any financial interest in SMARTMATIC SYSTEMS, or the outcome of this ACTION, financial, contingent,

or otherwise, including all agreements with any Person having any financial interest in You, or SMARTMATIC SYSTEMS, or the outcome of this ACTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 288:**
Produce Documents and Communications sufficient to show and concerning Your ownership interest in THIRD PARTY election technology and software companies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 289:**
Produce Documents and Communications concerning the design, research, development, testing, or evaluation of the SMARTMATIC SYSTEMS and all versions of the SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 290:**
Produce Documents sufficient to identify all present employees, past employees, consultants, and contract employees, whether full- or part-time, whose responsibilities or assignments include(d) work concerning the design, research, development, manufacturing, marketing, or testing of SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 291:**
Produce Documents sufficient to identify the name and location of any THIRD PARTY involved in the design, research, development, manufacturing, marketing, or testing of the SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 292:**
Produce Documents and Communications concerning any vendors or other contractors or affiliates based within the United States that manufacture, produce, license, or are otherwise involved with any SMARTMATIC SYSTEMS, including without limitation hardware, software, or other components used in SMARTMATIC SYSTEMS from January 1, 2003 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 293:**
Produce Documents and Communications concerning past and current agreements, contracts, or licenses involving the SMARTMATIC SYSTEMS, including but not limited to copies and drafts of such agreements. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 294:**
Produce Documents and Communications concerning any request by a government entity, or any of its subdivisions, to view or analyze the source code of any SMARTMATIC SYSTEMS, including without limitation any request made by COMELEC or the Philippines government.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 295:**
Produce Documents and Communications concerning the use or incorporation of licensed software or source code in any SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 296:**
Produce Documents and Communications sufficient to show Your social media policies or guidelines, including any and all versions thereof.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 297:**
Produce Documents and Communications reflecting Your or any related entities' contracts or prospective contracts with any foreign countries. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 298:**
Produce Documents and Communications sufficient to show Your customer list(s) from January 1, 2003 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 299:**
Produce Documents and Communications sent to, or received from, any current or former OAN employees, including Documents and Communications sent to or from Your counsel, agents, and representatives.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 300:**
Produce copies of all Documents produced by You in response to any subpoenas or other requests for documents concerning any investigations or complaints relating to the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 301:**
Produce Documents and Communications exchanged between You and actual and/or prospective clients, vendors, customers, or business partners concerning future contract opportunities for the use of SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 302:**
Produce Documents and Communications concerning or between You and (a) Rudolph Giuliani; (b) Sidney Powell; and (c) Michael Lindell or MY PILLOW, INC. from January 1, 2016 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 303:**
Produce Documents and Communications to, from, or concerning any of the following individuals:

  a)  Alex Salvi;
  b)  Elma Aksalic;
  c)  Mike Dinow;
  d)  John Hines;
  e)  Samantha Lomibao;
  f)  Emily Finn
  g)  Eric Bolling;

h)      Kara McKinney;
i)      Patrick Hussion;
j)      Dan Ball;
k)      Stephanie Hamill;
l)      Christina Bobb;
m)      Michael Johns;
n)      Tom Fitton;
o)      Keith Trippie;
p)      Allan Santos ("Allan do Santos");
q)      Joseph diGenova;
r)      J. Michael Waller;
s)      Clay Clark;
t)      Martin Golingan;
u)      Phil Waldron;
v)      Pearson Sharp;
w)      Jenna Ellis;
x)      J. Alex Halderman;
y)      Kyle Becker;
z)      Mary Fanning;
aa)     Evi Kokalari-Angelakis;
bb)     Eddie Perez;
cc)     Chanel Rion;
dd)     Chris Farrell;
ee)     Julie Kelly;
ff)     Lindsay Oakley;
gg)     Kristian Rouz;
hh)     Corey Mills;
ii)     Leamsy Salazar;
jj)     Harry Hursti;
kk)      Ana Cardozo;
ll)     Ronald Watkins;
mm)  Mark Paul Low;
nn)      Joshua Merritt;
oo)      Gregory Wodynski;
pp)      Seth Keshel;
qq)      Judith Burns; and
rr)     Joe Oltmann.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 304:**
Produce Documents and Communications exchanged between You and any of the following:

      (a) George Soros;
      (b) the Open Society Foundations;
      (c) Peter Neffenger; and
      (d) the Clinton Foundation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 305:**
Produce Documents and Communications sufficient to show any relationship between Lord Mark Malloch-Brown and George Soros.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 306:**
Produce Documents and Communications between Lord Mark Malloch-Brown and George Soros.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 307:**
Produce Documents and Communications sufficient to show any relationship between Lord Mark Malloch-Brown and any entity associated with George Soros or his name.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 308:**
Produce Documents and Communications concerning Lord Malloch-Brown's statement that he "kicked the tyres" before becoming chairman of SGO, as referenced in the Financial Times's Article, "Lord Mark Malloch-Brown to chair election technology group SGO," https://www.ft.com/content/ddf42272-7308-11e4-907b-00144feabdc0 .

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 309:**
Produce Documents and Communications exchanged between You and any of the following: (a) Donald Trump or his campaign or family; (b) Michael Pence or his campaign; (c) Joe Biden or his campaign or family; (d) Kamala Harris or her campaign; (e) the Democratic Party, its PACs, campaigns, and its affiliates; and (f) the Republican Party, its PACs, campaigns, and its affiliates.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 310:**
Produce Documents and Communications concerning former President Donald J. Trump.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 311:**
Produce Documents and Communications concerning OTHER MEDIA ORGANIZATIONS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 312:**
Produce Documents and Communications concerning the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 313:**
Produce Documents and Communications concerning both of the following: (i) the 2020 PRESIDENTIAL ELECTION and (ii) one or more OTHER MEDIA ORGANIZATIONS or former President Donald J. Trump.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 314:**
Produce Documents and Communications exchanged between You and (a) any DOMINION executive; (b) any SEQUOIA executive; and/or (c) Eric Coomer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 315:**
Produce Documents and Communications concerning the security of SMARTMATIC SYSTEMS exchanged between You and government officials from (a) the Cybersecurity and Infrastructure Security Agency; (b) the Election Assistance Commission; (c) the Michigan Secretary of State; (d) the Georgia Secretary of State; (e) the Maricopa County Board of Supervisors; (f) the Arizona Secretary of State; (g) the Pennsylvania Secretary of State; (h) the Wisconsin Secretary of State; (i) the Nevada Secretary of State; or (j) the Texas Secretary of State. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 316:**
Produce Documents and Communications concerning the security of SMARTMATIC SYSTEMS exchanged between You and government officials from (a) then-United States Attorney General William Barr and any official within the Department of Justice; (b) FBI Director Christopher Wray and any official within the Federal Bureau of Investigation; (c) the National Security Agency; (d) Director Christopher Krebs and any official within the Cybersecurity and Infrastructure Security Agency; (d) the Department of Defense; (e) The Department of Homeland Security; (f) the Office of the Director of National Intelligence; (g) any Office of Inspector General. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 317:**
Produce Documents and Communications concerning Your role as a member of the "Sector Coordinating Counsel" of the Cybersecurity and Infrastructure Agency, including without limitation any contracts between You and the Cybersecurity and Infrastructure Agency.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 318:**
Produce Documents and Communications sufficient to identify any of Your employees of whose homes or offices were searched by the Department of Justice between 2019 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 319:**
Produce Documents and Communications concerning or with Antonio Mugica concerning any flaws, vulnerabilities, or bugs in SMARTMATIC SYSTEMS or election irregularities where SMARTMATIC SYSTEMS were involved. This request has no time or geographic limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 320:**
Produce Communications between You and any Person challenging, criticizing, disagreeing with, or otherwise asking about the statements relating to calculation of security risk made in the article authored by Antonio Mugica entitled "The Case for Election Technology" published in SAGE Journals on or about June 1, 2015.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 321:**
Produce Documents and Communications concerning or with Roger Piñate related to any flaws, vulnerabilities, or bugs in SMARTMATIC SYSTEMS or election irregularities where SMARTMATIC SYSTEMS were involved. This request has no time or geographic limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 322:**
Produce Documents and Communications concerning or with Heiden Garcia related to any flaws, vulnerabilities, or bugs in SMARTMATIC SYSTEMS or election irregularities where SMARTMATIC SYSTEMS were involved. This request has no time or geographic limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 323:**
Produce Documents and Communications concerning or with Ricardo Argana related to any flaws, vulnerabilities, or bugs in SMARTMATIC SYSTEMS or election irregularities where SMARTMATIC SYSTEMS were involved. This request has no time or geographic limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 324:**
Produce Documents and Communications between You and any election security expert concerning SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 325:**
Produce Documents and Communications concerning use of any aspect of SMARTMATIC SYSTEMS by DOMINION, including together or singularly US Dominion, Inc., Dominion Voting Systems, Inc., Dominion Voting Systems Corporation, DOMINION subsidiaries, and SEQUOIA. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 326:**
Produce Documents and Communications concerning Your use of any aspect of technology, hardware, or software owned or licensed by DOMINION, including together or singularly US Dominion, Inc., Dominion Voting Systems, Inc., Dominion Voting Systems Corporation, DOMINION subsidiaries, and SEQUOIA. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 327:**
Produce Documents and Communications concerning any sale, resale, license, agreement, or other business relationship between You and DOMINION, including between You and US Dominion, Inc., Dominion Voting Systems, Inc., Dominion Voting Systems Corporation, DOMINION subsidiaries, and SEQUOIA. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 328:**
Produce Documents and Communications concerning all discovery requests and responses of any type (i.e., interrogatories and responses, document requests and responses, requests to admit and responses, deposition transcripts and video, deposition errata sheets, subpoenas and responses, open records act requests and responses, and any other form of discovery request or response) produced by any

party or non-party in any litigation between any PLAINTIFFS and/or DOMINION. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 329:**
Produce Documents and Communications concerning all discovery requests and responses of any type (i.e., interrogatories and responses, document requests and responses, requests to admit and responses, deposition transcripts and video, deposition errata sheets, subpoenas and responses, open records act requests and responses, and any other form of discovery request or response) produced by any party or non-party in any litigation between any PLAINTIFFS and Election Systems & Software, including but not limited to *Election Systems & Software, LLC v. Smartmatic USA Corp.*, C.A. No. 18-1259-RGA (D. Del.). This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 330:**
Produce Documents and Communications concerning all discovery requests and responses of any type (i.e. interrogatories and responses, document requests and responses, requests to admit and responses, deposition transcripts and video, deposition errata sheets, subpoenas and responses, open records act requests and responses, and any other form of discovery request or response) produced by any party or non-party in the matter of *Smartmatic USA Corp. v. Figueroa, et al.*, C.A. No. 1:19-cv-00175 (W.D. Mich.).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 331:**
Produce Documents and Communications concerning the past and current relationship between You and the election companies (a) Election Systems & Software; (b) Hart InterCivic; (c) DOMINION; (d) Unisyn Voting Solutions; (e) Clear Ballot; (f) Hart Verity Voting; (g) Bitza Corporation; (h) SEQUOIA; (i) Konnech Corporation; (j) Premier Election Solutions, Inc. (F/K/A Diebold Election Systems, Inc.); and (k) any other voting technology company. This includes, but is not limited to, agreements or contracts. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 332:**
Produce Documents and Communications concerning the Committee on Foreign Investment in the United States, including any Documents and Communications relating to investigations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 333:**
Produce Documents and Communications concerning the relationship between You and SEQUOIA, including but not limited to licenses, agreements, or contracts. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 334:**
Produce Documents and Communications concerning Your decision to sell or divest ownership of SEQUOIA, including any discussion of strategic considerations or the Committee on Foreign Investment in the United States investigation of any PLAINTIFFS. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 335:**
Produce Documents and Communications from 2006 to 2008 concerning any PLAINTIFFS' strategy or reasoning behind the decision to cease offering its election technology, including without limitation SMARTMATIC SYSTEMS, to customers in the United States upon any PLAINTIFFS' divestment of its ownership in SEQUOIA on or about September 18, 2007.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 336:**
Produce Documents and Communications concerning any regulatory, technical, and/or political challenges or obstacles caused by any PLAINTIFFS' acquisition of SEQUOIA that affected any PLAINTIFFS' attempts to offer, sell, or license its election technology, including without limitation SMARTMATIC SYSTEMS, to customers in the United States from 2005 to 2008.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 337:**
Produce Documents and Communications concerning any PLAINTIFFS' strategy or reasoning behind the decision to begin offering its election technology to customers in the United States in 2016 after it ceased offering its election technology, including without limitation SMARTMATIC SYSTEMS, to customers in the United States on or about September 18, 2007.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 338:**
Produce Documents and Communications concerning any inquiry or challenge raised by any governmental or administrative body to Your acquisition of SEQUOIA, including but not limited to investigation by the United States Department of Treasury or the United States Department of Justice. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 339:**
Produce Documents and Communications concerning news or media coverage of Your acquisition of SEQUOIA, including, but not limited to, coverage and commentary by Lou Dobbs on CNN in 2006.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 340:**
Produce Documents and Communications concerning statements made by OTHER MEDIA ORGANIZATIONS related to Your acquisition of SEQUOIA, including, but not limited to, the statements made by Lou Dobbs on CNN in 2006.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 341:**
Produce Documents and Communications concerning Kaspersky Lab and/or Huawei and any SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 342:**
Produce Documents and Communications between You and poll watchers, government officials, technicians, or any Person involved with tabulating ballots or certifying voting results during the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 343:**
Produce Documents and Communications between You and election officials concerning SMARTMATIC SYSTEMS from January 1, 2016 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 344:**
Produce Documents and Communications between Heider Garcia and the Philippines Representative Teodoro Locsin Jr. concerning Your role in any election in the Philippines, including without limitation any election irregularity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 345:**
Produce Documents and Communications between Heider Garcia and Philippines Representative Rep. Roilo Golez concerning Your role in any election in the Philippines, including without limitation any election irregularity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 346:**
Documents and Communications concerning Heider Garcia's testimony before the Philippines' legislature or any legislative committee, including without limitation his testimony recorded at https://www.facebook.com/SteveTothTX/videos/422710005780841/.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 347:**
Produce Documents and Communications of and concerning Heider Garcia's employment history, including without limitation his employment agreement, transfer to other locations, promotions, and departure.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 348:**
Produce Documents and Communications of and concerning Ricardo Argana employment history, including without limitation his employment agreement, transfer to other locations, promotions, and departure.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 349:**
Produce Documents and Communications of Ricardo Argana concerning his work on SMARTMATIC SYSTEMS, Your data breach, and his subsequent termination, including without limitation any government inquiry, investigation, or lawsuit surrounding his actions, as referenced in http://metronewscentral.net/in-and-around-the-metro/comelec-keeps-smartmatic-as-tech-provider                   and https://www.dailymotion.com/video/x8a5ls7.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 350:**
Produce Documents and Communications concerning any government inquiry or investigation concerning Ricardo Argana, as referenced in http://metronewscentral.net/in-and-around-the-metro/comelec-keeps-smartmatic-as-tech-provider  and https://www.dailymotion.com/video/x8a5ls7.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 351:**
Produce Documents and Communications concerning and with (a) Marlon Garcia; (b) Neil Baniqued; (c) Mauricio Herrera;  or (d) Elie Moreno.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 352:**
Produce Documents and Communications concerning the 2016 vice presidential elections in the Philippines and any charges brought by the Department of Justice, including without limitation Documents and Communications concerning any civil or criminal investigations and/or prosecution by the government of the Philippines, or any of its agencies, against any PLAINTIFFS or any PLAINTIFFS' employees, contractors, or agents related to the Philippines' 2016 national election.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 353:**

Produce Documents produced to the government of the Philippines and/or its agencies in connection with any civil or criminal investigation and/or prosecution against any PLAINTIFFS or any PLAINTIFFS' employees, contractors, or agents related to the Philippines' 2016 national election.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 354:**

Produce Documents and Communications produced to any U.S. governmental entity, including without limitation the Department of Justice and/or the Federal Bureau of Investigation, in connection with any criminal or civil investigation and/or prosecution related to any PLAINTIFFS' business operations in the Philippines, how any PLAINTIFFS won a contract to administer the Philippines' election in 2016, and/or whether any conduct by any PLAINTIFFS in the Philippines or elsewhere has violated the Foreign Corrupt Practices Act.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 355:**

Produce Documents and Communications concerning any incidents in which a government or other entity has alleged that You engaged in corrupt business practices, including bribery or making monetary payments to government officials in connection with a bid or contract to provide election services, including but not limited to Documents and Communications relating to:

a)   The payment alleged to have been received by Andres Bautista (also known as Andrew Bautista) prior to the 2016 Philippines election, as reported by Ben Smith and Shelby Talcott of Semafor Media on September 25, 2022 (https://medium.com/semafor-media/the-us-is-investigating-smartmatic-over-allegations-of-bribery-in-thephilippines-47980be62b7f); and

b)   Any inquiry or investigation by a government entity into the payment alleged to have been received by Andres Bautista, including but not limited to the U.S. Department of Justice, the U.S. Federal Bureau of Investigation, the Philippines Department of Justice, and the Philippines House of Representatives.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 356:**
Produce Documents and Communications concerning any criticisms of, or concerns about, incorrect election definitions and/or ballot designs used in SMARTMATIC SYSTEMS or DOMINION's software, hardware, and other voting machine technology.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 357:**
Produce Documents and Communications concerning the roles and conduct of, and the arrests, detention, and any charges brought against, Jose Gregorio Camargo Castellanos, Joel Gustavo Rodriguez Garcia and/or Salvador Javier Sosa Suarez concerning any election in which any SMARTMATIC SYSTEMS were used, including without limitation the 2022 Kenyan election, any U.S. election, any Venezuelan election, and any election in the Philippines.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 358:**
Produce Documents and Communications sufficient to show, for Joel Gustavo Rodriguez Garcia, Jose Gregorio Camargo Catellanos, and Salvador Javier Sosa Suarez, each of their:  (i) employment history with any PLAINTIFFS; (ii) job titles held and the dates each title was held; (iii) job responsibilities for each job title; (iv) current employment status; (v) nature of any services provided as an independent contractor or in another non-employment role; and (vi) current address.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 359:**
Produce all contracts between You and foreign, state, county, and local governments concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS. This includes any contracts executed by You and any foreign, state, county, and local government prior to the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 360:**
Produce Documents and Communications concerning the purchase, acquisition or integration of electronic voting machine, equipment, or software provided, maintained or supported by You. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 361:**
Produce Documents and Communications concerning the purchase, acquisition, licensing, or use of SMARTMATIC SYSTEMS by any federal, state, county, or foreign government between January 1, 2003 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 362:**
Produce Documents and Communications concerning any federal, state, county, or foreign government procurement for the purchase, acquisition, licensing, or use of SMARTMATIC SYSTEMS between January 1, 2003 and the present, including any bid proposals.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 363:**
Produce all contracts between You, or any related entity, and any federal, state, county, or foreign government or quasi-governmental entity. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 364:**
Produce copies of all extensions or renewals of agreements between You and any governmental entities, including without limitation any federal, state, county, or foreign government or quasi-governmental entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 365:**
Produce Documents and Communications concerning negotiations of agreements between You and any federal, state, county, or foreign government or quasi-

governmental entity, including copies of agreements, bid submissions made by You, test certification and compliance reports and results, and Your efforts to procure such agreements, including any lobbying efforts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 366:**
Produce, without limiting your response to any other requests, any bid submissions made by You to any governmental entities, including without limitation any federal, state, county, or foreign government or quasi-governmental entity, regardless of the outcome of such bid submissions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 367:**
Produce, without limiting your response to any other requests, any Documents reflecting negotiations concerning bid submissions made by You to any governmental entities, including without limitation any federal, state, county, or foreign government or quasi-governmental entity, regardless of the outcome of such bid submissions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 368:**
Produce Documents and Communications concerning and between You and "third-party validators" as referenced in Paragraph 349 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 369:**
Produce all contracts between You and third parties where the contract entitles the THIRD PARTY to receive a percentage of the proceeds from a contract between You and a governmental entity (or otherwise ties the THIRD PARTY's compensation to whether or not You secure a contract with a governmental entity).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 370:**
Produce Documents and Communications concerning any negotiations with any U.S. governmental, state, county, or municipal entity for the provision of election technology and services.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 371:**
Produce Documents and Communications reflecting the provision by You of technology or services anywhere in the United States.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 372:**
Produce Documents and Communications with or concerning the Los Angeles Department of Elections or any employee, official, affiliate, or member thereof.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 373:**
Produce Documents and Communications sufficient to identify and show the reason why a State or County in the U.S. did not contract with You, including without limitation, why You were not used, or not contracted with in Nevada, Arizona, Georgia, Pennsylvania, Michigan, Wisconsin, and Texas. This request has no time limitation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 374:**
Produce Documents and Communications sufficient to identify and show the reason why both Utah and Utah's Republican caucus did not continue to use SMARTMATIC SYSTEMS in its elections, as referenced in Paragraph 40 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 375:**
Produce Documents and Communications concerning and between You and officials from China, Russia, Serbia, Cuba, Venezuela, Brazil, the Philippines, Spain, Argentina, Bolivia, Germany, Uganda, or any other country with a history of communism or socialism or history of election irregularity, concerning SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 376:**
Produce Documents and Communication concerning and between You and officials from any country referenced in the COMPLAINT, including but not limited to Barbados, Australia, United Kingdom, Panama, Haiti, Belgium, Singapore, Netherlands, Mexico, Ecuador, Brazil, Estonia, Taiwan, the Philippines, Colombia, Argentina, Honduras, Pakistan, Italy, Jamaica, and El Salvador, as referenced in Paragraph 11 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 377:**
Produce Documents and Communications reflecting any decision by a governmental entity not to certify SMARTMATIC SYSTEMS. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 378:**
Produce Documents and Communications concerning Your relationships or partnerships with companies located in China, Russia, Serbia, Cuba, Venezuela, Brazil, the Philippines, Spain, Argentina, Bolivia, Germany, Uganda, or any other country with a history of communism or socialism or history of election irregularity, including but not limited to any work these foreign companies have performed on SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 379:**
Produce Documents and Communications sufficient to identify and show any payment, funding, or grants to You from China, Russia, Serbia Cuba, Venezuela, Brazil, the Philippines, Spain, Argentina, Bolivia, Germany, Uganda, or any other country with a history of communism or socialism or history of election irregularity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 380:**
Produce Documents and Communications concerning or with any officer, employee, contractor, affiliate, representative, or agent of You and (a) Hugo Chavez or anyone working for him; (b) Nicolás Maduro or anyone working for him.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 381:**
Produce Documents and Communications concerning Venezuelan Elections, including but not limited to any election irregularity in Venezuela, and the use, procurement, or sale of SMARTMATIC SYSTEMS in Venezuela.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 382:**
Produce Documents and Communications concerning the work You performed in 2018 to modernize elections in Venezuela, as is alleged in the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 383:**
Produce Documents and Communications concerning the reasons why You stopped working on Venezuelan elections in 2017, as is alleged in Paragraph 120 and Paragraph 234 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 384:**
Produce Documents and Communications sufficient to identify and show any payment, funding, or grants received from the Venezuelan government, any Venezuelan official, or any Venezuelan citizen.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 385:**
Produce Documents and Communications concerning or with (a) Fidel Castro or Raul Castro, their family, or anyone working for them; and (b) Cuban elections.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 386:**
Produce Documents and Communications concerning any sale, purchase, negotiation, or agreement between You and China, Russia, Serbia, Cuba, Venezuela, Brazil, the Philippines, Spain, Argentina, Bolivia, Germany, Uganda, or any other country with a history of communism or socialism or history of election irregularity, concerning SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 387:**
Produce Documents and Communications sufficient to identify and show any election irregularity in any foreign country where SMARTMATIC SYSTEMS were used. This request has no date limitation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 388:**
Produce Documents and Communications between You and any citizen of China, Serbia, Russia, Cuba, Venezuela, Brazil, the Philippines, Spain, Argentina, Bolivia, Germany, Uganda, or any other country with a history of communism or socialism or history of election irregularity, concerning  SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 389:**
Produce Documents and Communications, including videos and transcripts, concerning any interviews of any of the PLAINTIFFS' chairmen or employees in the Philippines.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 390:**
Produce Documents and Communications concerning and between You and COMELEC relating to any data breach or election irregularity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 391:**
Produce Documents and Communications concerning claims by Ferdinand Marcos Jr. that he was robbed of the vice presidency because of "Smartmatic" and COMELEC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 392:**
Produce Documents and Communications concerning and between You and the COMELEC Chairman, Saidamen Pangarungan, or any of his officials, employees, or agents, relating to any data breach or election irregularity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 393:**
Produce Documents and Communications concerning and between You and the Republic of the Philippines' Senate Electoral Reforms Committee relating to any data breach or election irregularity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 394:**
Produce Documents and Communications concerning any of Your employees' testimony before the Philippines' legislature or any legislative committee relating to SMARTMATIC SYSTEMS. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 395:**
Produce Documents and Communications concerning any Philippines government inquiry, subpoena, or request for information concerning SMARTMATIC SYSTEMS. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 396:**
Produce Documents and Communications concerning and between You and COMELEC Chairman George Garcia, or his officials, employees, or agents, relating to Your role in the Philippines elections.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 397:**
Produce Documents and Communications concerning Your data breach, as referenced in https://www.dailymotion.com/video/x8a5ls7, including but not limited to irregular file downloads.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 398:**
Produce Documents and Communications concerning and between You and COMELEC relating to the use of SMARTMATIC SYSTEMS in the Philippines 2022 election, or primary leading up to the 2022 election, including without

69

limitation the data breach of SMARTMATIC SYSTEMS and any flaws, vulnerabilities, weaknesses, or bugs in SMARTMATIC SYSTEMS that contributed, or was claimed to contribute, to this data breach.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 399:**
Documents and Communications that concern Your bids or proposals to the Philippines government and any concerns expressed over such bids, proposals, or use of SMARTMATIC SYSTEMS in the Philippines.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 400:**
Produce Documents and Communications concerning any hacking of SMARTMATIC SYSTEMS in the Philippines, as referenced in http://metronewscentral.net/in-and-around-the-metro/comelec-keeps-smartmatic-as-tech-provider, including without limitation the hacker group XSOS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 401:**
Produce Documents and Communications concerning the hacking of COMELEC in 2016, as referenced in https://www.dailymotion.com/video/x8a5ls7.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 402:**
Produce Documents and Communications concerning the article published by the New York Times on September 9, 2009 titled "The Business of Voting Machines," https://www.nytimes.com/2009/09/10/opinion/10thu2.html.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 403:**
Produce Documents and Communications sufficient to identify and show the relationship between You and (a) Jarltech International; (b) Ed520 Enterprise; and (c) H Y N D International. This includes without limitation any agreements, licenses, or contracts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 404:**
Produce Documents and Communications in the possession, custody, or control of any of the PLAINTIFFS or any of their current or former attorneys that were sent by or received from Andres Bautista.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 405:**
Produce Documents and Communications sufficient to identify any consultants to whom any of the PLAINTIFFS paid at least $750,000 in connection with the 2004 Venezuelan elections.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 406:**
Produce Documents and Communications between You and any THIRD PARTY concerning any of the SMARTMATIC SYSTEMS and the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 407:**
Produce Documents and Communications sufficient to identify and show any attempt by You to request a correction or retraction by OAN relating to any statement described in the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 408:**
Produce Documents and Communications concerning or with any federal, state, county, city, or foreign country law enforcement agency concerning voting machine equipment vulnerability or voting machine software vulnerability, regardless of the manufacturer, between January 1, 2010 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 409:**
Produce Documents and Communications concerning or with any legislative committee, sub-committee, task force, or other federal or state legislative body

concerning voting machine equipment vulnerability or voting machine software vulnerability, regardless of the manufacturer, between January 1, 2010 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 410:**
Produce Documents and Communications concerning or with any federal, state or local elections official concerning voting machine equipment vulnerability or voting machine software vulnerability, regardless of the voting machine manufacturer, between January 1, 2010 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 411:**
Produce Documents and Communications concerning or between You and the U.S. Election Assistance Commission ("EAC") relating to electronic voting machines, equipment, or services. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 412:**
Produce all Documents concerning the U.S. Election Assistance Commission ("EAC") and National Institute of Standards and Technology's ("NIST") hardware and software testing, the EAC's Voluntary Voting System Guidelines ("VVSG"), logic and accuracy testing, and updates to hardware or software after EAC certification. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 413:**
Produce Documents and Communications concerning any evaluations or testing conducted by independent testing laboratories accredited by the EAC on any SMARTMATIC SYSTEMS. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 414:**
Produce Documents and Communications concerning and between You and (a) DOMINION; (b) Election Systems & Software, Inc.; (c) Hart Intercivic, Inc.; (d) Unisyn Voting Solutions; (e) Clear Ballot; (f) Hart Verity Voting; (g) Bitza

Corporation; (h) SEQUOIA; (i) Konnech Corporation; (j) Premier Election Solutions, Inc. (F/K/A Diebold Election Systems, Inc.); or (k) any other voting technology company.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 415:**
Produce Documents and Communications exchanged between You and any state, county, or local governmental entity relating to the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 416:**
Produce Documents and Communications exchanged between You and employees of the State of California or its political subdivisions since January 1, 2018 relating to the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 417:**
Produce Documents and Communications exchanged between You and employees of the State of California or its political subdivisions since January 1, 2020 that reference OAN.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 418:**
Produce Documents and Communications sent to, or received from, ABC, CBS, NBC, CNN, MSNBC, the New York Times, Washington Post, or any OTHER MEDIA ORGANIZATIONS or other media, social media or broadcast source relating to the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 419:**
Produce Documents and Communications sent to, or received from, any OTHER MEDIA ORGANIZATIONS or other media, social media or broadcast source relating to voting machines, hacking of voting machines, voting machine security or vulnerabilities, or any other issue concerning voting machines and election integrity. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 420:**
Produce Documents and Communications sent to, or received from, the Republican or Democratic National Committees, Republican or Democratic Parties, any political candidate, any political campaign, any Political Action Committee or any other public interest funder relating to voting machines, hacking of voting machines, voting machine security or vulnerabilities, or any other issue concerning voting machines and election integrity. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 421:**
Produce Documents and Communications between You and individuals responsible for tabulating votes, certifying election results, or involved with the use, maintenance, or support of SMARTMATIC SYSTEMS during the 2020 PRESIDENTIAL ELECTION, including poll watchers, county officials, non-partisan groups, and those in any county in which a lawsuit was filed against You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 422:**
Produce Documents and Communications sent to, or received from, individuals responsible for tabulating votes, certifying election results, or involved with the use, maintenance, or support of SMARTMATIC SYSTEMS, including poll watchers, county officials, and non-partisan, including those in any county in which a lawsuit was filed against You.  This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 423:**
Produce Documents and Communications sent to, or received from, the Department of Justice, Federal Bureau of Investigation, and any local, state and federal regulatory, investigative, legislative or judicial authority after January 1, 2003.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 424:**
Produce Documents and Communications since June 1, 2020, between You or anyone acting on Your behalf (e.g., agents, representatives, employees, independent contractors, spokespersons, related companies, and shareholders) and any present or

former employee, contractor, or contributor of Fox News Corporation or Fox News Network.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 425:**
Produce Documents and Communications concerning the changes in vote counts in the 2014 and 2018 Brazilian elections.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 426:**
Produce Documents and Communications concerning any of the PLAINTIFFS and Frankfurt, Germany.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 427:**
Documents and Communications concerning any of the PLAINTIFFS and Barcelona, Spain.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 428:**
Produce Documents that You contend support, establish, or demonstrate that the COMPLAINED OF BROADCASTS and/or the COMPLAINED OF STATEMENTS are not literally or substantially true, or imply false statements of fact. There is no time limit on this Request.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 429:**
Produce Documents and Communications concerning Your claim for Defamation for False Statements and Implications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 430:**
Produce Documents and Communications concerning Your claim for Injurious Falsehood for False Statements and Implications about Your Election Technology and Software.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 431:**
Produce Documents and Communications concerning Your assertion that the COMPLAINED OF STATEMENTS are false.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 432:**
Produce Documents and Communications concerning the testing, analysis, reporting, certification, decertification, or the refusal to certify equipment or software provided, maintained or supported by You, including without limitation SMARTMATIC SYSTEMS.  This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 433:**
Produce Documents and Communications concerning pre-2020 PRESIDENTIAL ELECTION or post-2020 PRESIDENTIAL ELECTION studies, reporting, or analysis of SYSTEMS provided, maintained, or supported by You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 434:**
Produce Documents and Communications concerning any federal, state, county, or foreign government testing, auditing, or certification results associated with SMARTMATIC SYSTEMS. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 435:**
Produce Documents and Communications concerning complaints or criticisms of You during the 2020 PRESIDENTIAL ELECTION, including any legal actions filed by or against You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 436:**
Produce Documents and Communications concerning the performance of SYSTEMS provided, maintained, or supported by You in the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 437:**
Produce Documents and Communications concerning any criticisms of, or concerns about, the use of equipment or software provided, maintained or supported by You between January 1, 2003 and the present, including without limitation SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 438:**
Produce Documents and Communications concerning any investigations, whether formal or informal, relating to the use of equipment or software provided, maintained or supported by You between January 1, 2003 and the present, including without limitation SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 439:**
Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2004 Venezuela election, as alleged in Paragraph 29 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 440:**
Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning "Smartmatic's election technology and software [] used in multiple U.S. states as well as Washington, D.C." from 2005 to 2007, as alleged in Paragraph 30 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 441:**
Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2007 Curacao election, as alleged in Paragraph 31 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 442:**
Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2008 Philippines election, as alleged in Paragraph 32 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 443:**
Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2010 Philippines election, as alleged in Paragraph 34 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 444:**
Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning the United Nations Development Program's selection of You "to supply biometric technology and associated services in order to upgrade Zambia's voter registration," as alleged in Paragraph 34 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 445:**
Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2012 "election services" for Brazil, as alleged in Paragraph 36 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 446:**
Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2012 Belgium automated election, as alleged in Paragraph 36 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 447:**
Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning the 2012 "contract to design and manufacture [Belgium's] election hardware and software for the next 15 years," as alleged in Paragraph 36 of the COMPLAINT, including Documents and Communications concerning SMARTMATIC SYSTEMS, for the term of the contract.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 448:**
Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2013 Philippines election, as alleged in Paragraph 37 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 449:**
Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2013 Venezuela election, as alleged in Paragraph 37 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 450:**
Produce Documents and Communications concerning Your assertion that "[a]ll parties audited the voting platform 15 times," as alleged in Paragraph 37 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 451:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2014 Ecuador election referenced in Paragraph 38 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 452:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2014 Belgium European Union Parliamentary election referenced in Paragraph 38 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 453:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2014 Bulgaria election referenced in Paragraph 38 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 454:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2014 Brazil election referenced in Paragraph 38 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 455:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2015 Argentina election referenced in Paragraph 39 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 456:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2016 Utah Republican caucus referenced in Paragraph 40 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 457:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2016 Philippines election referenced in Paragraph 40 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 458:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2016 Brazil election referenced in Paragraph 40 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 459:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2016 Oman election referenced in Paragraph 40 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 460:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2017 Italy election referenced in Paragraph 41 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 461:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2017 Armenia election referenced in Paragraph 41 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 462:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2017 Estonia election referenced in Paragraph 41 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 463:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2018 Philippines election referenced in Paragraph 42 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 464:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2018 Norway referendum referenced in Paragraph 42 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 465:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2018 Belgium election referenced in Paragraph 42 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 466:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2019 Estonia election referenced in Paragraph 43 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 467:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2019 European Parliament elections referenced in Paragraph 43 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 468:**
Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2019 Philippines election referenced in Paragraph 43 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 469:**
Produce Documents and Communications relating to claims made as to the effectiveness, security, or accuracy of SMARTMATIC SYSTEMS used in Kenya's 2016 general election, including without limitation claims made in any petitions filed with Kenya's Supreme Court contesting the outcome of that election.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 470:**
Produce Documents and Communications sent to, or received from, You concerning tabulation errors when Your software or hardware was used during any election, including without limitation  SMARTMATIC SYSTEMS. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 471:**
Produce Documents and Communications concerning "Ranked Choice Voting," "RCV Method," or any algorithms that can be used to alter, manipulate, change, correct or tabulate votes or election data.  This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 472:**
Produce Documents and Communications reflecting support and maintenance efforts concerning Your voting systems, including its hardware and software, since January 1, 2003, including without limitation SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 473:**
Produce Documents and Communications that show that Your equipment or software have the ability, or had the ability at any time, to connect to the internet by any method, including without limitation SMARTMATIC SYSTEMS.  This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 474:**
Produce Documents and Communications that show how Your equipment or software is, or can be, connected to computer networks or other computers, hardware, or the internet, including Documents and Communications showing that Your voting machines, including without limitation SMARTMATIC SYSTEMS, are connected to one or more other computer(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 475:**
Produce Documents and Communications and any other material saved to a USB thumb drive used by any of Your technicians or contractors during the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 476:**
Produce Documents and Communications sufficient to identify Your technicians, contractors, employees, or agents during the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 477:**
Produce Documents and Communications concerning the any error, potential error, mistake, flaw, criticism, or concern relating to the tabulation of votes in the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 478:**
Produce Documents and Communications concerning any inaccurate votes or vote tabulations in the use of SMARTMATIC SYSTEMS in the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 479:**
Produce Documents and Communications concerning pre-2020 PRESIDENTIAL ELECTION or post-2020 PRESIDENTIAL ELECTION analysis, studies, or reports concerning electronic voting machines, equipment, or software between January 1, 2003 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 480:**
Produce Documents and Communications concerning the sourcing of components, parts or equipment for the provision of voting equipment or services and the sourcing of programming services for the provision of voting software services. This request includes but is not limited to documents and communications relating to the sourcing of parts and software programming by You. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 481:**
Produce Documents sufficient to show the database, storage device or cloud, or website where information concerning bugs or vulnerabilities associated with any of Your voting machine hardware or software, including without limitation SMARTMATIC SYSTEMS, was or is stored, between January 1, 2003 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 482:**
Produce any test certification and compliance reports and results of any of the SMARTMATIC SYSTEMS provided by or to any governmental entities, including without limitation states and counties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 483:**
Produce Documents sufficient to show the words used by You to identify and track bugs or potential bugs concerning Your voting machine hardware or software between January 1, 2003 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 484:**
Produce Documents sufficient to show the words used by You to identify and track security issues concerning Your voting machines or software, including without limitation, SMARTMATIC SYSTEMS, between January 1, 2003 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 485:**
Produce Documents and Communications sufficient to show any actual or potential error, bug, flaw, mistake, defect, or fault in any of Your voting machine hardware or software, or components thereof, that causes or has ever caused SMARTMATIC SYSTEMS to produce an incorrect or unexpected result, or to behave in unintended ways.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 486:**
Produce Documents and Communications concerning any potential or existing security vulnerabilities or security flaws that have been reported, identified, discovered, or are known concerning any voting systems, scanners, products, software, or equipment manufactured, sold, leased, maintained, serviced, or supported by You that were used for the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 487:**
Produce Documents and Communications concerning any attempts to hack any voting systems, scanners, products, software, or equipment manufactured, sold, leased, maintained, serviced, or supported by You that were used for the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 488:**
Produce Documents and Communications concerning any votes that may have been compromised in the 2020 PRESIDENTIAL ELECTION relating to any voting systems, scanners, products, software, or equipment manufactured, sold, leased, maintained, serviced, or supported by You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 489:**
Produce Documents and Communications concerning the ability or inability of any voting systems manufactured, sold, leased, maintained, serviced, or supported by You and used for the 2020 PRESIDENTIAL ELECTION, including without limitation SMARTMATIC SYSTEMS, to connect to Wifi, a computer network, or the Internet.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 490:**
Produce Documents and Communications concerning the ability or inability of any ballot marking devices, tabulators, scanners, or other devices manufactured, sold, leased, maintained, serviced, or supported by You to connect to Wifi, a computer network, or the Internet. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 491:**
Produce Documents and Communications concerning any vulnerability disclosures made to the Cybersecurity and Infrastructure Security Agency about Your software or hardware, including without limitation SMARTMATIC SYSTEMS. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 492:**
Produce Documents and Communications concerning any of Your voting machines or systems that were reset on or about November 3, 2020 because of an unauthorized access event.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 493:**
Produce Documents and Communications concerning any anomalies reported to You or the U.S. Election Assistance Commission concerning SMARTMATIC SYSTEMS that were made, serviced, owned, or maintained by You between 2003 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 494:**
Produce Documents and Communications reflecting any effort to audit or verify the voting results in the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 495:**
Produce Documents and Communications concerning all post-election audits or any other actions conducted by third-parties to verify that the votes counted by SMARTMATIC SYSTEMS accurately recorded the intended preference of participating voters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 496:**
Produce Documents and Communications concerning any actual or potential bugs, errors, problems, glitches, flaws, vulnerabilities, BACKDOORs, weaknesses, or complaints concerning SMARTMATIC SYSTEMS since January 1, 2003.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 497:**
Produce Documents and Communications concerning all cybersecurity breaches of SMARTMATIC SYSTEMS, including without limitation software, hardware, or

other components, during any foreign or domestic election since January 1, 2003, including but not limited to Documents sufficient to show the date of the breach, the nature of the breach, the specific software or component breached, the quantity and location of the voting equipment affected by the breach, and any remedial actions taken by any PLAINTIFFS to correct the breach.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 498:**
Produce Documents and Communications sufficient to show any actual or potential error, bug, flaw, mistake, defect, or fault in any SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 499:**
Produce Documents and Communications concerning any potential or existing security vulnerabilities or flaws that have been reported, identified, discovered, or are known by You concerning any SMARTMATIC SYSTEMS that were used in the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 500:**
Produce Documents and Communications concerning any actual or potential security error, bug, flaw, mistake, defect, or fault detected in any SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 501:**
Produce Documents and Communications concerning performance reports of SMARTMATIC SYSTEMS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 502:**
Produce Documents and Communications concerning weaknesses in Your "auditability (sic) of election results," as alleged in Paragraph 211 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 503:**
Produce Documents and Communications concerning election irregularities where SMARTMATIC SYSTEMS were used. This request has no time or geographic limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 504:**
Produce Documents and Communications concerning complaints or criticisms of You concerning Your operations or conduct during any U.S. Presidential Election, including any legal actions filed by or against You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 505:**
Produce Documents and Communications relating to any criticisms or concerns about the use of equipment or software provided, maintained, or supported by You between January 2003 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 506:**
Produce Documents and Communications concerning any allegation of fraud, malfeasance, or manipulation of SMARTMATIC SYSTEMS. This request has no time or geographic limitation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 507:**
Produce Documents and Communications in Your possession, custody or control concerning fraud, cheating, manipulation, lying, stealing, deceit, rigging, tampering, meddling or illegal conduct in any election.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 508:**
Produce Documents and Communications in Your possession, custody or control referencing one or more votes in an election having been switched, changed, tainted, rigged, manipulated, lost, fabricated, created, destroyed, hidden, altered or stolen.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 509:**
Produce Documents and Communications in Your possession, custody or control concerning:  (i) either or both of former President Donald J. Trump or Hillary Clinton; (ii) the 2016 U.S. presidential election; and (iii) fraud, cheating, manipulation, lying, stealing, deceit, rigging, tampering, meddling or illegal conduct in the 2016 U.S. presidential election.  This request seeks documents dated from September 1, 2016 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 510:**
Produce Documents and Communications in Your possession, custody or control stating or indicating that former President Donald J. Trump had not won the 2016 U.S. presidential election and/or was not the legitimate winner of, or the legitimate president following, the 2016 U.S. presidential election. This request seeks documents dated from November 1, 2016 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 511:**
Produce Documents and Communications concerning any votes that may have been compromised in any U.S. election where SMARTMATIC SYSTEMS was involved.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 512:**
 Produce Documents and Communications sufficient to show any deficiencies or weaknesses in Your ability to audit Your technology.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 513:**
Produce Documents and Communications concerning evidence, and Your confirmation of or investigation into the absence of evidence, that You deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION or any other election, including all sources for such evidence. This includes statements from the Trump Administration Cybersecurity and Infrastructure Security Agency, the Trump Administration Election Assistance Commission, the Michigan Secretary of State, the Georgia Secretary of State, the

Maricopa County Board of Supervisors, then-United States Attorney General William Barr, Chris Christie, any election security expert, and You. This request has no time limit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 514:**
Produce Documents and Communications, including negotiations and agreements, concerning Los Angeles County's selection of SMARTMATIC USA in June 2018 to "manufacture and implement a new election system for the county," as alleged in Paragraph 48 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 515:**
Produce Documents and Communications concerning the design, research, development, engineering, manufacturing, testing, or evaluation of the "custom-designed BMDs . . . as part of [Los Angeles County's] VSAP initiative," as alleged in Paragraph 53 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 516:**
Produce Documents and Communications concerning the "systems integration of the BMDs," as alleged in Paragraph 54 of the COMPLAINT, including without limitation Documents and Communications sufficient to evidence guidelines, policies, procedures, requirements, standards, or testing concerning the "systems integration of the BMDs."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 517:**
Produce Documents and Communications concerning the technology and services SMARTMATIC USA provided to Los Angeles County under the VSAP initiative, as enumerated in Paragraph 55 of the COMPLAINT, including without limitation Documents and Communications sufficient to evidence guidelines, policies, procedures, requirements, standards, or testing concerning the technology and services alleged in Paragraph 55 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 518:**
Produce Documents and Communications concerning complaints or criticisms of You relating to the technology and services SMARTMATIC USA provided to Los Angeles County under the VSAP initiative, as enumerated in Paragraph 55 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 519:**
Produce Documents and Communications concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the March 3, 2020 California presidential primary election in Los Angeles County, as alleged in Paragraph 56 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 520:**
Produce Documents and Communications concerning the "19,445 BMDs deployed for the [November general] election" compared to the total "31,000 BMDs manufactured by Smartmatic," as alleged in Paragraph 58 of the COMPLAINT, including without limitation Documents and Communications sufficient to evidence bugs, problems, glitches, or other issues precluding deployment of any BMDs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 521:**
Produce Documents and Communications concerning the software used for the SMARTMATIC USA system referred to as "VSAP 2:1" used in Los Angeles County, California during the 2020 election, including  user or support manuals, source code, user instructions, and any other material concerning the operation of VSAP 2:1.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 522:**
Produce Documents and Communications exchanged between You, on the one hand, and Los Angeles County, the California Secretary of State, or any State, County, or Local government official, on the other hand, concerning the VSAP 2:1 system between January 1, 2016 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 523:**
Produce Documents and Communications concerning any potential bugs, glitches, software flaws, hardware flaws, or irregularities relating to any of the SMARTMATIC SYSTEMS used in Los Angeles County in 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 524:**
Produce Documents and Communications concerning any criticisms of any of the SMARTMATIC SYSTEMS used in Los Angeles County in 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 525:**
Produce Documents and Communications concerning Your assertion that OAN "acted with fault, at least negligence, and with actual malice," in publishing the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS, as alleged at Paragraph 462 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 526:**
Produce Documents and Communications concerning Your assertion that OAN published the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS with "hatred, ill-will or spite, and/or for improper motives," as alleged at Paragraph 463 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 527:**
Produce Documents and Communications concerning Your assertion that OAN did not have any source or evidence for the statements set forth at Paragraphs 242–249 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 528:**
Produce Documents and Communications concerning Your assertion that OAN "purposefully avoided learning the truth about Smartmatic and its election technology and software," as alleged at Paragraphs 250–254 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 529:**
Produce Documents and Communications concerning the allegation that "[OAN] did not interview anyone with personal knowledge of Your involvement in the 2020 U.S. election or the allegations being made about Smartmatic," and that "[OAN] purposefully avoided inviting guests with personal knowledge" as alleged in Paragraph 253 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 530:**
Produce Documents and Communications concerning the allegation that "[OAN] possessed and/or had access to information that showed its statements were false," as alleged in Paragraph 255 of the COMPLAINT

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 531:**
Produce Documents and Communications concerning the allegation that a "myriad of information was available to [OAN] that showed its statements about Smartmatic and the use of its technology and software to fix, rig, and steal the 2020 U.S. election were false," as alleged in Paragraphs 287 and 346 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 532:**
Produce Documents and Communications concerning the statements contained in the SMARTMATIC RETRACTION DEMAND to OAN, including any drafts thereof, as set forth in Paragraphs 285, 318, 334, 353 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 533:**
Produce Documents and Communications concerning the allegation that OAN doubted or had reason to doubt the veracity of the guests on their shows, as alleged in Paragraphs 355 and 378 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 534:**
Produce Documents and Communications concerning or evidencing a "code of conduct or ethics" applicable to OAN, as alleged at Paragraph 402 of the COMPLAINT, or any other broadcasting company.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 535:**
Produce Documents and Communications concerning the allegation that "[OAN] violated at least eleven generally accepted journalism standards," as alleged at Paragraphs 404–420 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 536:**
Produce Documents and Communications concerning, evidencing, or reflecting whether any of Your customers or potential customers, international or domestic, viewed any of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 537:**
Produce Documents and Communications concerning, evidencing, or reflecting any complaints by Your customers or potential customers, international or domestic, concerning any of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 538:**
Produce Documents and Communications concerning and between You and any customer or potential customer relating to the security risks posed by the use of SMARTMATIC SYSTEMS, including but not limited to the possibility of SMARTMATIC SYSTEMS being hacked or otherwise accessed by unauthorized third parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 539:**
Produce Documents and Communications concerning, evidencing, or reflecting whether any of Your customers or potential customers, international or domestic, declined to contract with, or continue to contract with, You as a proximate result of viewing any of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 540:**
Produce Documents and Communications concerning any failure to obtain a contract relating to SMARTMATIC SYSTEMS due to alleged political and/or reputational obstacles in the United States market between January 1, 2016 and January 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 541:**
Produce Documents and Communications subsequent to November 3, 2020 concerning any (i) termination of any contract with any PLAINTIFFS; (ii) withdrawal of any request for proposal from any PLAINTIFFS; or (iii) refusal to accept a bid from any PLAINTIFFS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 542:**
Produce Documents and Communications concerning, evidencing, or reflecting any action taken by Your customers or potential customers, international or domestic, that harmed You as a proximate result of viewing any of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 543:**
Produce Documents and Communications concerning, evidencing, or reflecting whether any of Your customers or potential customers, international or domestic, read  any of the "reactions" to "[OAN]'s publications" as set forth at Paragraph 429 (a)-(i) of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 544:**
Produce Documents and Communications concerning Your assertion at Paragraph 430 of the COMPLAINT that "Smartmatic's name and brand similarly suffered with government officials, particularly those in the United States" as a result of any of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 545:**
Produce Documents and Communications concerning Your assertion at Paragraph 431 of the COMPLAINT that "certain government officials" became critical of You as result of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 546:**
Produce Documents and Communications concerning Your assertion at Paragraph 432 of the COMPLAINT that You faced a "crisis situation" as a result of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 547:**
Produce Documents and Communications concerning Your assertion at Paragraph 432 of the COMPLAINT that "Smartmatic's officers and employees have been threatened," and its operations "have come under attack – physical and electronically," as a result of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 548:**
Produce Documents and Communications reflecting any expenditures made by any PLAINTIFFS to protect any PLAINTIFFS' officers or employees from any threats of (or actual) physical violence purportedly caused by the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 549:**
Produce Documents and Communications concerning the claimed "out-of-pocket" expenses incurred by You as set forth in Paragraph 432–433 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 550:**
Produce Documents and Communications concerning Your assertion that the "out-of-pocket" expenses incurred by You, as set forth in Paragraph 432–433 of the COMPLAINT, were substantially caused by the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 551:**
Produce Documents and Communications concerning Your assertion that the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS were "a substantial cause of Smartmatic's diminished business value and prospects, particularly in the United States," as alleged at Paragraphs 434, 435, and 438 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 552:**
Produce Documents and Communications concerning Your assertion that the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS caused individuals to be "less likely to select Smartmatic" as an electronic voting systems supplier, as alleged at Paragraphs 436–437 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 553:**
Produce Documents and Communications concerning Your assertion that Your "business value and prospects" have been "significantly diminished" as a result of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS, as alleged at Paragraph 438 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 554:**
Produce Documents and Communications concerning Your assertion that prior to the 2020 election, "Smartmatic's business was valued in excess of $3.0 billion based on a modes multiplier," as alleged at Paragraph 438 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 555:**
Produce Documents and Communications concerning any diminished "sales and opportunities through subsidiaries," identified in Footnote 21, Paragraph 438 of the COMPLAINT, as a result of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 556:**
Produce Documents and Communications concerning Your assertion that "following [OAN]'s publication of its defamatory statements, Smartmatic's business is valued at less than $1 billion," as alleged at Paragraph 438 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 557:**
Produce Documents and Communications concerning, evidencing, or reflecting any formal or informal business valuations of You conducted between January, 2016 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 558:**
Produce Documents and Communications reflecting all revenue generated by You from 2010 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 559:**
Produce Documents and Communications concerning Your "diminished business value and prospects," as alleged in Paragraph 434 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 560:**
Produce Documents and Communications concerning Your claim that "Smartmatic's business was valued in excess of $3.0 billion," as alleged in Paragraph 437 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 561:**
Produce Documents and Communications concerning Your value, enterprise value, book value, fair market value, estimated value, retained earnings and/or stockholders equity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 562:**
Produce Documents and Communications referencing the fair market value, book value, estimated value or other value of any assets, property, equipment, software, intellectual property, buildings, land, machinery, inventories, pension assets and/or right-of-use assets owned by any PLAINTIFFS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 563:**
Produce all loan agreements or other contracts containing one or more financial covenants by any PLAINTIFFS that were entered into, or in effect, from January 1, 2016 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 564:**
Produce Documents and Communications concerning Your claim for compensatory and *per se* damages against OAN.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 565:**
Produce Documents and Communications concerning Your claim for actual damages against OAN.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 566:**
Produce Documents and Communications concerning Your claim for consequential damages against OAN.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 567:**
Produce Documents and Communications concerning Your claim for special damages against OAN.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 568:**
Produce Documents and Communications concerning Your claim for punitive damages against OAN.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 569:**
Produce Documents and Communications concerning the allegation that Your reputation has been irreparably tarnished, as alleged in Paragraph 432 of the COMPLAINT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 570:**
Produce Documents and Communications concerning any business opportunity allegedly lost by You as a result of any action taken by OAN.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 571:**
Produce Your accounting records from January 1, 2016 to the present reflecting all business development, public relations, crisis management, and/or lobbying expenditures.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 572:**
Produce Your accounts receivable/vendor advances aging schedules concerning each period, and all related Documents and Communications, from January 2014 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 573:**
Produce Your accounts receivable impairment reports, including expected credit losses analyses, for each period from January 2014 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 574:**
Produce Documents evidencing all qualitative and quantitative analyses evaluating impairments of financial and non-financial assets of You for all financial reporting periods from 2014 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 575:**
Produce Documents and Communications sufficient to show Your financial performance forecasts and projections from January 1, 2003 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 576:**
Produce Documents and Communications concerning donations made by You to any not-for-profit entity from January 1, 2015 to March 26, 2021.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 577:**
Produce Documents and Communications concerning financial audits of You, including without limitation all annual and quarterly audited financial statements of You from 2010 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 578:**
Produce Documents and Communications concerning Your efforts to receive investments from prospective investors, including without limitation all offering memoranda or other pitch materials, from January 1, 2003 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 579:**
Produce Documents and Communications concerning Your negotiations with prospective or actual customers, regardless of the result of such negotiations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 580:**
Product Documents and Communications concerning or between any former, potential, or current customers referencing Your sale of SEQUOIA, Your connection to Venezuela, or any reference to allegations related to the effectiveness, security, or accuracy of SMARTMATIC SYSTEMS used in Venezuela, Kenya, and/or the Philippines, or any other political challenge or obstacle in connection with Your sales efforts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 581:**
Produce Documents and Communications reflecting any expenditures made by You to attempt to mitigate purported harm to Your business purportedly caused by the COMPLAINED OF STATEMENTS, including but not limited to any purported harm to Your reputation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 582:**
Produce Documents and Communications, including without limitation any draft and final agreements, concerning any funding received by You concerning this ACTION.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 583:**
Produce Documents and Communications relating to all sources of funding You are using to pay costs, expenses, or fees for this case or any other lawsuit filed by any PLAINTIFFS related to the 2020 PRESIDENTIAL ELECTION, including but not limited to *Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al.*, Index No. 151136-2021 (New York County, New York); *Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc.*, Case No. N21C-11-028 EMD (Del. Super. Ct.); *Smartmatic USA Corp., et al. v. Sidney Powell*, Case No. 21-cv-02995 (D.D.C.); *Smartmatic USA Corp., et al. v. Lindell, et al.*, Case No. 22-cv-00098 (D. Minn.), including each entity or individual providing funds, contingency services, pro bono services and the related or oral written agreements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 584:**
Produce Documents and Communications relating to any offer or proposal by any third-party individual or entity to pay costs, expenses, or fees for this ACTION or any other lawsuit filed by any PLAINTIFFS related to the 2020 PRESIDENTIAL ELECTION, including but not limited to *Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al.*, Index No. 151136-2021 (New York County, New York); *Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc.*, Case No. N21C-11-028 EMD (Del. Super. Ct.); *Smartmatic USA Corp., et al. v. Sidney Powell*, Case No. 21-cv-02995 (D.D.C.); *Smartmatic USA Corp., et al. v. Lindell, et al.*, Case No. 22-cv-00098 (D. Minn.), including each third-party individual or entity that offered or proposed to provide funds, contingency services, pro bono services, regardless of whether the offer or proposal was accepted.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 585:**
Produce Documents and Communications concerning requests for financing made by You from January 1, 2003 to present, including without limitation loan applications and related Documents and Communications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 586:**
Produce Documents and Communications concerning Your itemization of lost profits as detailed in Appendix 1 of Your First Amended Complaint in *Smartmatic USA Corp. v. Fox Corp.*, Index No. 151136/2021, IAS Part 58 (Supreme Court of the State of New York, County of New York).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 587:**
Produce Documents and Communications concerning the Sale and Security Agreement between You and SEQUOIA concerning Your divestiture of SEQUOIA. This request includes but is not limited to the Sale and Security Agreement, communications between You and any government agency, official, or employee relating to Your acquisition and/or divestiture of SEQUOIA, and all documents and communications relating to the negotiation, execution of and compliance with the Sale and Security Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 588:**
Produce Documents and Communications concerning Your historical profit margins from January 1, 2010 to the present, including without limitation all internal financial statements prepared on a monthly, quarterly, and annual basis including income statements showing gross profit, contribution margin, or operating profit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 589:**
Produce Documents and Communications, including without limitation internal accounting documents, concerning revenue, gross profit, contribution margin, and operating profit by customer on a monthly, quarterly, and annual basis from 2010 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 590:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Fox News since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 591:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Newsmax since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 592:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Donald Trump since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 593:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Sidney Powell since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 594:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Rudy Giuliani since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 595:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of MY PILLOW, INC. since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 596:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Michael J. Lindell since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 597:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Patrick Byrne since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 598:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Powell, P.C. since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 599:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Lou Dobbs since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 600:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Maria Bartiromo since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 601:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Jeanine Pirro since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 602:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Defending the Republic, Inc. since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 603:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Joe Oltmann since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 604:**
Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of The Gateway Pundit since November 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 605:**
Produce Documents and Communication concerning any analyses relating to the amount of damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of any Person.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 606:**
Produce Documents and Communications concerning periodic internal management reports, including without limitation any Documents and Communications concerning the increase or decrease in business with current and/or prospective customers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 607:**
Produce Documents and Communication concerning analyses relating to the amount of recovery of the business value of You as a result of the passage of time as new information has come out related to the COMPLAINED OF STATEMENTS and allegations in Your COMPLAINT.

**RESPONSE:**

Dated: May 31, 2023                    By: */s/ Jonathan Neerman*

**VEDDER PRICE P.C.**

Blaine C. Kimrey, Bar No. IL0091
bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094
jpark@vedderprice.com
Bryan Clark, Bar No. IL0090
bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Avenue, Suite 500
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322

**JACKSON WALKER LLP**

Jonathan D. Neerman (*D.D.C. admission pending*)
D.C. Bar No. 90003393
jneerman@jw.com
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
T: (214) 953-5664
F: (214) 661-6899

*Counsel for Herring Networks, Inc.*

111

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of May 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
Olivia Sullivan
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com
osullivan@beneschlaw.com

*/s/ Jonathan Neerman*
Jonathan Neerman