IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

               Plaintiffs,

     v.

HERRING NETWORKS, INC.,

               Defendant.

No. 1:21-cv-02900-CJN

Magistrate Judge Moxila A. Upadhyaya

**<u>SMARTMATIC'S MOTION TO STRIKE AND, IN THE ALTERNATIVE,
OPPOSITION TO DEFENDANT'S SECOND REQUEST FOR RECUSAL</u>**

## <u>TABLE OF CONTENTS</u>

### Motion to Strike

**Page**

I. BACKGROUND ................................................................................................. 2

    A. The Motion Directly Repeats Points from the Letter............................... 2

    B. The Motion Adds New Arguments in Support of Recusal ...................... 3

    C. The Motion Replies to Smartmatic's Response ..................................... 4

II. LEGAL STANDARD....................................................................................... 4

III. ARGUMENT ................................................................................................... 5

    A. The Motion Improperly Re-Issues The Same Request as The Letter.................... 5

    B. The Motion Violates This Court's Briefing Schedule ............................ 7

IV. CONCLUSION ................................................................................................ 8

### Opposition to Defendant's Second Request for Recusal

I. BACKGROUND ................................................................................................. 9

II. LEGAL STANDARD....................................................................................... 10

III. ARGUMENT ................................................................................................... 11

    A. Mr. Ed Wilson's Prior Matter Is Irrelevant To Judge Upadhyaya's
Impartiality ........................................................................................ 12

        1. Judge Upadhyaya Did Not Serve As "Lawyer In The
Matter In Controversy" Under § 455(b)(2) Based on Mr.
Wilson's Representation ......................................................... 12

        2. Mr. Wilson's Prior Representation Creates No Appearance
of Impropriety Under § 455(a).................................................. 14

    B. Her Honor's Filing in *Rusoro* Does Not Require Recusal Where
The 2018 Election Has No Bearing on This Case ................................ 15

        1. The 2018 Election Is Not At Issue In This Litigation.............................. 16

        *2.* Her Honor's Filing in *Rusoro* Does Not Require Recusal
under § 455(a), (b)(1), or (b)(2) ................................................. 17

C.      Granting OANN's Motion for Recusal Would Set a Negative
        Precedent ................................................................................................ 20

IV.     CONCLUSION ................................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armenian Assembly of Am., Inc. v. Cafesjian,*
783 F. Supp. 2d 78 (D.D.C. 2011) ............................................................................... 11

*Broadnax v. D.C.,*
2016 WL 3198229 (D.D.C. June 8, 2016) ............................................................. 4, 6, 7

*Chitimacha Tribe of Louisiana v. Harry L. L. Co.,*
690 F.2d 1157 (5th Cir. 1982) ................................................................................... 19

*Huff v. Standard Life Ins. Co.,*
683 F.2d 1363 (11th Cir. 1982) ................................................................................. 15

*In re Basciano,*
542 F.3d 950 (2d Cir. 2008) ...................................................................................... 12

*In re Drexel Burnham Lambert Inc.,*
861 F.2d 1307 (2d Cir. 1988) ............................................................................. 11, 12

*Lazarescu v. Arizona State Univ.,*
230 F.R.D. 596 (D. Ariz. 2005) ................................................................................... 5

*Liteky v. United States,*
510 U.S. 540 (1994) ............................................................................................ 14, 15

*McGehee v. U.S. Dep't of Just.,*
2019 WL 2516652 (D.D.C. June 18, 2019) ................................................................. 8

*Microsoft Corp. v. Marturano,*
2009 WL 650589 (E.D. Cal. Mar. 12, 2009) ............................................................... 5

*Microsoft Corp. v. United States,*
530 U.S. 1301 (2000) ................................................................................................ 14

*Monroe v. Bd. of Ed. of Town of Wolcott, Connecticut,*
65 F.R.D. 641 (D. Conn.1975) ..................................................................................... 4

*Moss v. United States,*
177 F.2d 438 (10th Cir. 1949) ..................................................................................... 6

*Philip Morris USA, Inc. v. United States Food & Drug Admin.,*
156 F. Supp. 3d 36 (D.D.C. 2016) ...................................................................... *passim*

*Royce v. Michael R. Needle P.C.*,
950 F.3d 939 (7th Cir. 2020) ................................................................................. 5

*S.E.C. v. Bilzerian*,
729 F. Supp. 2d 19 (D.D.C. 2010) ............................................................. 11, 14, 20

*Pigford v. Veneman*,
225 F.R.D. 54 (D.D.C. 2005) .................................................................................. 4

*United States v. Cordova*,
806 F.3d 1085 (D.C. Cir. 2015) ....................................................................... 11, 18

*United States v. Crisp*,
190 F.R.D. 546 (E.D. Cal. 1999) ............................................................................ 4

*United States v. DeTemple*,
162 F.3d 279 (4th Cir. 1998) ................................................................................ 18

*United States v. Holland*,
519 F.3d 909 (9th Cir. 2008) ................................................................................ 11

*United States v. Nixon*,
267 F. Supp. 3d 140 (D.D.C. 2017) .................................................................. 11, 15

*United States v. Rankin*,
1 F. Supp. 2d 445 (E.D. Pa. 1998) .......................................................................... 6

*Veneklase v. City of Fargo*,
236 F.3d 899 (8th Cir. 2000) ................................................................................ 15

*Winns v. Exela Enter. Sols., Inc.*,
2021 WL 5973049 (N.D. Cal. Nov. 4, 2021) ........................................................... 5

**Statutes**

28 U.S. Code § 455 ................................................................................... *passim*

## INTRODUCTION

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") submit the following in response to Herring Network, Inc.'s (d/b/a OANN) letter to you on June 5, 2023 regarding recusal (the "Letter"), Smartmatic's response filed June 30 ("Smartmatic Response"), and OANN's memorandum in support of its motion regarding the same filed on July 6 (the "Motion").  OANN's Motion violates the Federal Rules of Civil Procedure and this Court's scheduling orders where it repeats arguments it has already made in its Letter, adds new arguments that have not before been raised, and also replies to Smartmatic's Positional Statement filed June 30 (the "Response").  The Motion is both improper and unfair, and should be stricken from the record.

Should the Court choose not to strike the Motion, Smartmatic respectfully submits its response to the Motion below.  OANN's Motion should be denied where (1) the case taken on by a member of Judge Upadhyaya's prior firm has no relevance to questions of recusal; (2) the 2018 presidential election in Venezuela ("2018 Election") has no relationship to the defamatory statements at issue in this case; and (3) Judge Upadhyaya's 11-day representation of a client does not make it improper for her to then rule on discovery disputes between two parties (neither of whom she has represented) that have topical overlap with that former client.

Smartmatic's defamation claims against OANN focus on its publication and republication of the false accusation that Smartmatic rigged the 2020 U.S. Presidential election.  Contrary to Defendant's attempts to frame this litigation otherwise, none of OANN's defamatory statements regarding Smartmatic's alleged connections to Venezuela implicate the issues that were present in *Rusoro*, and this Court's adjudication would not create any appearance of impropriety.

**MOTION TO STRIKE**

## I.      BACKGROUND

OANN first requested that this Court recuse itself in a letter dated June 5, 2023.  The Letter stated, "OANN is concerned that the overlap between your representation of Venezuela in Rusoro, which implicated, in part, the integrity of the 2018 Venezuelan Presidential election, and the Plaintiff's allegations regarding OANN's purported reporting of Smartmatic's role in Venezuelan (and U.S.) presidential elections, would create an appearance of impropriety."  (June 23, 2023 Order and Letter, Dkt. 75, at 3).  OANN's Letter laid out the defamatory statements it believed were implicated, the facts of *Rusoro* matter, and asked this Court to consider "possible recusal." (*Id*. at 2).

This Court then set a deadline of June 30 for Smartmatic to respond with a positional statement not to exceed six pages, and further set a hearing for July 18. (*Id*. at 1).

On July 6, 2023—six days after Smartmatic filed its response and less than two weeks before the hearing was scheduled to occur—OANN filed a Motion for Recusal that (1) repeated its prior points; (2) added new arguments in attempted support; and (3) replied to points Smartmatic made in its Response.

### A.      The Motion Directly Repeats Points from the Letter

The Motion repeats several of the points OANN made from its Letter, copying some of the Letter's language verbatim.  For example, OANN's Letter stated that "[t]he legitimacy of the May 20, 2018 Venezuelan presidential election . . . was one issue in Rusoro, where you were involved." (Dkt. 75, at 3).  In support, OANN cited two quotes from Judge Upadhyaya's prior filing:

> As lead counsel from Venable, you filed a "Response To The Motion To Stay," writing that: "President Maduro vigorously disputes that Mr. Guaidó is the President of the Republic, and asserts that he remains the rightful leader of the

Republic." (USCA Case No. 18-7044, Dkt. No. 1774487, at 2).  You added that "Mr. Guaidó's place as the legitimate leader of Venezuela [is not] by any means assured" and that opposing counsel, Arnold & Porter, had failed to cite a case "directly on point" when "two competing factions within a foreign government both ask to be heard." (*Id*. at 2, 5, 10).

(Dkt. 75, at 3).

Similarly, OANN's Motion made the point that "[t]he legitimacy of the 2018 Venezuelan presidential election . . . became an issue in [*Rusoro*] after Judge Upadhyaya and her former law firm appeared on behalf of the Maduro regime."  (Dkt. 79, at 11).  OANN's Motion cited to the same places in the brief, repeating verbatim much of the same quotes from the prior Letter:

Judge Upadhyaya took the opposite position for her client, telling the U.S. Court of Appeals for the District of Columbia Circuit that: "President Maduro vigorously disputes that Mr. Guaido is the President of the Republic and asserts that he remains the rightful leader of the Republic." The brief went on to note that "nor is Mr. Guaido's place as the legitimate leader of Venezuela assured.  In fact, as a matter of Venezuelan law, there are serious issues with Mr. Guaido's 'claim [which] derives from a certain creative interpretation of a constitutional provision rather than from popular will or the due process of law.'" (quoting the *New York Times*).

(Dkt. 79, at 2).

## B.        The Motion Adds New Arguments in Support of Recusal

OANN's Motion also added new arguments in support of its request for recusal that it did not include in its Letter.  For example, OANN raised for the first time that Judge Upadhyaya's former partner, Ed Wilson, previously represented the "Gorrin companies."  (Dkt. 79, at 13, 18).  OANN argues that "Venable LLP's representation of Gorrin companies will create the appearance of partiality if she fails to recuse."  (*Id.* at 18).  OANN did not mention Mr. Wilson, the "Gorrin companies," or any aspect of this argument in its Letter.

Indeed, OANN fully acknowledges that its Motion is repetitive of and expounds upon its prior Letter, admitting that "[w]hile the request for recusal was previously made by private letter, to ensure a complete record, OAN submits this formal motion which discusses the significant

historical events, allegations in the Complaint, and ongoing discovery disputes, none of which lend themselves to developing a full record on limited correspondence." (Dkt. 79, at 4).

### C.     The Motion Replies to Smartmatic's Response

In addition to repeating its prior points and adding brand-new arguments, OANN also used its Motion to *directly reply* to points Smartmatic made in its Response to OANN's Letter.

Smartmatic's Response stated that "the 2018 Venezuelan presidential election … in no way overlaps, either factually or temporally, with Smartmatic's prior activity in Venezuela." (Dkt. 77, at 2). OANN quoted this statement on the second page of its Motion, and spent six of the Motion's twenty pages replying to it. (*See* Dkt. 79, at 2, 3, 7-11, 20). In total, the Motion cited Smartmatic's Response seven times.

## II.    LEGAL STANDARD

Fed. R. Civ. P. 12(f) provides the Court discretion to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Courts often use their discretion to strike motions under Fed. R. Civ. P. 12(f) (which are not defined as "pleadings"). *See Pigford v. Veneman*, 225 F.R.D. 54, 58 (D.D.C. 2005) (granting motion to strike notice of unprofessional conduct); *United States v. Crisp*, 190 F.R.D. 546, 551 (E.D. Cal. 1999) (holding that "motion to strike" materials that are not part of the pleadings may be regarded as an "invitation" by the movant "to consider whether [proffered material] may properly be relied upon") (*quoting Monroe v. Board of Ed. Of Town of Wolcott, Connecticut*, 65 F.R.D. 641, 645 (D. Conn. 1975)). Parties are prohibited from effectuating "an end run around the Federal Rules" by re-issuing requests to the Court with new filings that are repetitive of the first. *Broadnax v. D.C.*, 2016 WL 3198229, at *1 (D.D.C. June 8, 2016) (granting motion to strike re-issued motion to dismiss that included "arguments similar to those in the original motion").

4

Moreover, pursuant to the Local Rules for the U.S. District Court for the District of Columbia, orders entered on the docket, including scheduling orders, are "official and binding." D.D.C. Local Rules, Comment to LCvR 5.4(c)(3).  Courts may strike motions that violate orders of the court.  *Winns v. Exela Enter. Sols., Inc.*, 2021 WL 5973049, at *1 (N.D. Cal. Nov. 4, 2021) ("This Court may strike motions that violate the local rules, standing orders, and general orders of the Court."); *Microsoft Corp. v. Marturano*, 2009 WL 650589, at *6 (E.D. Cal. Mar. 12, 2009) (granting motion to strike defendant's answer where defendant failed to follow the court's order); *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 953 (7th Cir. 2020) (affirming lower court's grant of motion to strike where defendant disregarded the court's order).  Courts may also strike reply briefs that a party does not have express leave to file.  *Lazarescu v. Arizona State Univ.*, 230 F.R.D. 596, 600 (D. Ariz. 2005) (granting motion to strike reply brief where "Plaintiff did not request leave to file an additional response, and no such leave was granted by the Court.").

## III.   ARGUMENT

Where the Motion improperly (1) re-issues its prior request in a brand-new and expanded filing and (2) violates this Court's briefing schedule, it should be stricken from the record.  OANN attempts to make "an end run around the Federal Rules" by first issuing a request, waiting to see Smartmatic's Response, and then re-issuing that same request in a more expanded form less than two weeks before the associated hearing is scheduled to take place.  OANN's behavior is unfair, inconsiderate of this Court's time, and improper under the Federal Rules of Civil Procedure and this Court's scheduling order.  The Motion should be stricken.

### A.   The Motion Improperly Re-Issues The Same Request as The Letter

OANN's Motion is a bold-faced attempt to get a do-over after seeing Smartmatic's Response to its initial Letter.  If it wanted the chance to say more in advance of the hearing, OANN could have asked the Court to allow it to reply to Smartmatic's Response.  It did not.  Instead,

without leave, OANN filed a Motion that repeated its old request, added new arguments, and *also* served as a reply to Smartmatic's Response.

This Circuit has stricken new-and-improved motions that do nothing but repeat and expand a party's prior motion.  In *Broadnax v. District of Columbia*, the D.C. District Court granted plaintiffs' motion to strike a defendant's second, more comprehensive motion to dismiss, holding that accepting the new motion would "permit an end run around the Federal Rules." *Broadnax*, 2016 WL 3198229 at *1.  In *Broadnax*, the defendant initially filed a cursory four-page motion to dismiss.  *Id.* After the plaintiffs filed their opposition, the defendant refiled a "much more comprehensive, 20-page motion to dismiss, which included a new argument not raised in the initial motion to dismiss … and a substantially fleshed-out discussion on arguments similar to those raised in the initial motion." *Id.* Where the defendant "had the opportunity to advance in [its first] motion any argument they wished … and Plaintiffs responded to that filing," the Court held that "as much as the Court would like the benefit of [defendant]'s enhanced argument and analysis, it would not be appropriate to receive it via the refiled motion."  *Id.*; *see Moss v. United States*, 177 F.2d 438, 439 (10th Cir. 1949) (where a motion presented similar or the same matters as a formerly decided motion, the court was not required to entertain successive motions seeking the same or similar relief); and *United States v. Rankin*, 1 F. Supp. 2d 445, 451 (E.D. Pa. 1998), *aff'd*, 185 F.3d 863 (3d Cir. 1999) (denying a second motion containing similar allegations because "the allegations fare no better on their second trip through the courts than they did on their first.").

Similarly here, OANN "had the opportunity to advance" any argument or support it liked in its initial Letter.  *See Broadnax*, 2016 WL 3198229 at *1.  However, it waited until Smartmatic responded to its Letter to re-file its request with a "much more comprehensive" motion that "included a new argument not raised in the initial motion" along with "a substantially fleshed-out

discussion on arguments similar to those raised in the initial motion." *Id*.  OANN's Motion is replete with redundant arguments, some of which were copied word-for-word from the Letter. (*See Supra*, I.A. at 2-3).  OANN openly acknowledges the redundancy of its Motion, admitting that its "request for recusal was previously made by private letter," and that it is re-issuing that request in the form of a "formal motion" in order "to ensure a complete record."  (Dkt. 79, at 4); *see* Fed. R. Civ. P. 12(f) (allowing the Court to strike any "redundant" matter).

Like the *Broadnax* court, this Court should not allow OANN to sidestep the Federal Rules of Civil Procedure and re-start the clock on its previous request.  OANN's Motion should be stricken in its entirety.

### B.  The Motion Violates This Court's Briefing Schedule

Upon receipt of OANN's Letter, this Court set a briefing schedule that allowed Smartmatic to respond with a positional statement not to exceed six pages by June 30, and further set a hearing for July 18. (Dkt. 75, at 1).  This Court did *not* call for OANN to submit further briefing in advance of the hearing.  OANN is bound by the terms of this Court's orders.  *See* Comment to LCvR 5.4(c)(3).

OANN ignored the Court's order, filing a Motion that served as a direct reply to Smartmatic's Response.  Indeed, OANN spent six of the Motion's twenty pages replying to Smartmatic's Response, and the Motion cited the Response seven times.  (*See* Dkt. 79 at 2, 3, 7-11, 20).  OANN's Motion was, in large part, a reply filed without leave of court.

OANN's failure to adhere to this Court's Order also prejudiced Smartmatic.  In line with the rest of its gamesmanship, OANN knew that its Motion would prejudice Smartmatic, but chose to file it without leave anyway.  Under the Order, this Court would have had adequate time to consider both the Letter and Smartmatic's Response before the July 18 hearing.  Pursuant to the

new schedule, this Court will only have one business day to consider Smartmatic's response to the Motion.  And by filing its Motion less than two weeks before the hearing, Smartmatic was forced to prepare this opposition and simultaneously prepare for the hearing within a week's time.

The Court set a schedule to ensure fairness and efficiency, and it should not be disregarded on the whim of a party.  *McGehee v. U.S. Dep't of Just.*, 2019 WL 2516652, at *3 (D.D.C. June 18, 2019) (where a party unilaterally decided when it would file a reply brief, the court stated, "This is inappropriate: the Court, not the parties, set the briefing schedule.").  Accordingly, OANN's Motion should be stricken for violating this Court's June 23 order.

## IV.    CONCLUSION

Smartmatic respectfully requests that OANN's Motion for Recusal be stricken in its entirety, for the reasons stated herein.

**RESPONSE TO DEFENDANT'S SECOND REQUEST FOR RECUSAL**

Smartmatic brought claims against OANN because it published and republished the false accusation that Smartmatic rigged the 2020 U.S. Presidential election.  Not the 2018 Election in Venezuela.  None of the alleged defamatory statements even mention the 2018 Election.  Neither Judge Upadhyaya's brief representation of Venezuela and Maduro's regime following the 2018 Election, nor her prior firm's engagement with a client OANN alleges is connected to Maduro, form any basis on which this Court's "impartiality might ***reasonably*** be questioned," nor did they provide her with "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S. Code § 455 (emphasis added).

## I.     BACKGROUND

Smartmatic filed its Complaint against OANN on November 3, 2021.  The thrust of Smartmatic's Complaint is described succinctly in its two causes of action.  The first cause of action is based on OANN's defamatory allegations that "Smartmatic participated in a criminal conspiracy to fix, rig, and steal the 2020 U.S. election." (Dkt. 1, at ¶ 441).  The second cause of action is based on OANN's defamatory allegations "that Smartmatic's election technology and software: were widely used, including in Dominion's voting machine system, in the 2020 U.S. election, including in contested states where claims of election fraud were made; were used to fix, rig, and steal the 2020 U.S. election; were hacked or compromised during the 2020 U.S. election or while votes were sent abroad to be counted; and were designed to fix, rig, and steal elections and have been used to do so before." (*Id.* at ¶ 456).

Among the many defamatory statements OANN made were some regarding Smartmatic's alleged connections to Venezuela.  OANN falsely stated: (1) "Smartmatic is partially owned by the Maduro regime and George Soros"; (2) that "the technology is controlled by allies of Venezuela's Maduro regime"; (3) "reports found Maduro allies were meddling in the latest U.S.

election through a company called Smartmatic"; (4) "The [Organization of American States] says any election that involves Maduro is a sham and must not be recognized by any civilized country"; and (5) "Smartmatic has faced controversy in the past with allegations of rigging the 2013 election in Venezuela to favor socialist President Nicolas Maduro." (Dkt. 1, at ¶¶ 97, 101, 119, 131). Not one of these statements alleges that Smartmatic was involved in the 2018 Election or rigged the 2018 Election for Maduro.

Several months into discovery, on May 5, 2023, Smartmatic and OANN filed a Joint Notice of Unresolved Discovery Disputes. (*See* May 5, 2023 Joint Notice of Unresolved Discovery Disputes attached hereto as Ex. A). OANN submitted descriptions of two purported disputes related to Venezuela: (1) discovery into an investigation following the 2004 Venezuela election (*Id*. at 10); and (2) in the context of Smartmatic's damages, Smartmatic's lost contracts in Venezuela (*Id*. at 14). None of the disputes relate to the 2018 Election. Nowhere in the submission is Maduro's name mentioned. (*See id*.).

On June 5, 2023, OANN submitted its Letter seeking recusal. (Dkt. 75, at 2-4). This court issued an order on June 23, allowing Smartmatic to file a response to the Letter by June 30, and setting a hearing on the issue of recusal for July 18. (*Id*. at 1). The June 23 order also included the Letter, which formally placed OANN's Letter on the docket. (*Id*. at 2-4). Smartmatic filed its Response to the Letter on June 30, pursuant to this Court's instruction. (Dkt. 77). Without leave of this Court, OANN filed a Motion for Recusal and the accompanying Memorandum in Support on July 6. (Dkts. 78, 79). This Court entered a minute order allowing Smartmatic to file its opposition to the Motion by 12:00 p.m. on July 17.

## II.   LEGAL STANDARD

Pursuant to 28 U.S. Code § 455, any "magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," "where

[she] has . . . personal knowledge of disputed evidentiary facts concerning the proceeding," or where "in private practice [s]he served as lawyer in the matter in controversy." § 455(a), (b)(1)-(2).  "This standard requires that we take the perspective of a fully informed third-party observer who 'understand[s] all the relevant facts' and has 'examined the record and the law.'" *United States v. Cordova*, 806 F.3d 1085, 1092 (D.C. Cir. 2015) (quoting *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (internal quotation marks omitted).  Importantly, "[a] reasonable observer must assume that judges are ordinarily capable of setting aside their own interests and adhering to their sworn duties to 'faithfully and impartially discharge and perform all the duties' incumbent upon them." *Armenian Assembly of Am., Inc. v. Cafesjian*, 783 F. Supp. 2d 78, 91 (D.D.C. 2011) (quoting 28 U.S.C. § 453)).

"[B]ecause judges are presumed to be impartial, the Court must begin its analysis of the allegations supporting . . . a request [for recusal] with a presumption against disqualification." *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010) (citation and internal quotation marks omitted).  Recusal is disfavored in the District of D.C. where "a decision to recuse would encourage inappropriate judge-shopping by future litigants." *Philip Morris USA, Inc. v. United States Food & Drug Admin.*, 156 F. Supp. 3d 36, 40 (D.D.C. 2016).

## III.  ARGUMENT

This District has recognized that a "motion to recuse should not be 'lightly granted.'" *United States v. Nixon*, 267 F. Supp. 3d 140, 146 (D.D.C. 2017).  Furthermore, "[a] judge is as much obliged not to recuse [herself] when it is not called for as [she] is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).  OANN's motion presents arguments that do not justify the seriousness of what it asks the Court to do.  Judge Upadhyaya's prior representation has no bearing on the case, nor does Her Honor's former law firm partner's representation of his clients evidence that Judge Upadhyaya served as a "lawyer in the matter in

controversy" in this case. Judge Upadhyaya's recusal here is not required. OANN's motion should not be granted.

A.   **Mr. Ed Wilson's Prior Matter Is Irrelevant To Judge Upadhyaya's Impartiality**

1.   **Judge Upadhyaya Did Not Serve As "Lawyer In The Matter In Controversy" Under § 455(b)(2) Based on Mr. Wilson's Representation**

"Generally, where Section 455(b)(2) has caused a judge to recuse, the conflict has arisen from the judge's prior firm's representation of a client in litigation that is the same or closely related to the case before the court," or the substance of the representation was likely to become an issue. *Philip Morris*, 156 F. Supp. 3d at 46. "[S]ubstantial overlap between the subjects of the two matters" is insufficient to require recusal. *Id*. at 47. "[A] judge is not required to recuse merely because a litigant has discovered an attenuated connection between the judge's former law firm and the issues before the court." *Id*. at 49 (quoting 1974 U.S. Code Cong. & Admin. News 6351, 6355); *see also In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008) ("The recusal decision requires that the district court 'carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning [her] impartiality might be seeking to avoid' the adverse consequences of [her] expected adverse decisions.") (quoting *In re Drexel*, 861 F.2d at 1312).

OANN argues that Judge Upadhyaya "served as lawyer in the matter in controversy" under § 455(b)(2) because her prior partner, Mr. Ed Wilson, represented companies owned by Raul Gorrin Belisario in litigation over disputed assets. (Dkt. 79, at 17). In an impressive stretch of the imagination, OANN contends that in the course of representing Mr. Gorrin in a property dispute, Mr. Wilson "assuredly learned confidential client information from Gorrin . . . likely including

information about the corruption and legitimacy of the Maduro regime," which could have some impact on the issues in the instant case.  (Dkt 79, at 17).

Even if this were true (and there is no assurance it is), that is in no way a basis for requiring this Court to recuse itself, because the Gorrin dispute was not "the matter in controversy" in the case at hand.  *See* 28 U.S. Code § 455(b)(2).  This case is not about "the corruption and legitimacy of the Maduro regime," as OANN suggests.  (Dkt 79, at 17).  That the Maduro regime is "corrupt" is not a disputed fact in this case, much less the crux of it.  Rather, this case is about OANN's knowing and malicious publication of statements regarding *Smartmatic*.

A recent decision out of this District is particularly instructive.  In *Philip Morris USA. v. United States Food & Drug Admin.*, Judge Mehta was faced with a recusal motion based on his former law partner's representation.  *Philip Morris.*, 156 F. Supp. 3d at 39.  The partner had advised an anti-tobacco organization regarding comments that the organization submitted to the Food and Drug Administration ("FDA"), the defendant in the case, supporting the regulatory action that plaintiffs were challenging in the litigation before Judge Mehta.  *Id*. Acknowledging the "substantial overlap between the subjects of the two matters," Judge Mehta nonetheless denied the motion where:

> The organization is unlikely to become a party or witness in this matter; my former partner's legal advice … is unlikely to become an issue in this litigation; and [the organization] will not directly receive a financial benefit or incur a liability resulting from the outcome of this case.  Furthermore, a decision to recuse would encourage inappropriate judge-shopping by future litigants.  Therefore, I conclude that Section 455(b)(2) does not compel my recusal.

*Id*. at 39-40.

So too here.  There is no suggestion that the Gorrin companies could "become a party or witness in this matter," that Mr. Wilson's legal advice to them could become an issue, or that the Gorrin companies would "directly receive a financial benefit or incur a liability resulting from the

outcome of this case." *See Id*.  Where the subject matters of the two cases are so attenuated, and there is no reasonable likelihood of the Gorrin companies having any involvement in this case, Mr. Wilson's prior representation is a grossly insufficient basis for recusal.

       **2.**      **Mr. Wilson's Prior Representation Creates No Appearance of Impropriety Under § 455(a)**

"[B]ecause judges are presumed to be impartial, the Court must begin its analysis of the allegations supporting . . . a request [for recusal] with a presumption against disqualification." *Bilzerian*, 729 F. Supp. 2d at 22 (citation and internal quotation marks omitted).  Justice Kennedy observed, "all would agree that a high threshold is required to satisfy this standard.  Thus, under § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky v. United States*, 510 U.S. 540, 558 (1994) (Kennedy, J., concurring); *accord, id*. at 548 (revisions have been made to factors under § 455(a) "requiring them *all* to be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance.  Quite simply and quite universally, recusal was required whenever 'impartiality might reasonably be questioned.'")(emphasis in original).

Here, Judge Upadhyaya's former partner represented a party who is not nor is reasonably likely to appear before this Court, in a matter that had no relationship to the current case.  No reasonable person would doubt Judge Upadhyaya's impartiality based on that attenuated connection.  *See Philip Morris*, 156 F. Supp. 3d at 51 (declining to recuse under § 455(a) based on former law partner's representation); *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (statement of Rehnquist, C.J.) (holding that recusal was not required where Chief Justice's son was partner at a law firm that represented one of the parties in matters pending before another court).

While it is extremely unlikely, OANN also suggests the possibility that OANN *may* seek discovery from Venezuela or Maduro in the future; that the responding third party *may* choose to challenge that discovery request; and then, that the responding third party *may* choose Her Honor's former firm as its counsel.  Even if that tremendously improbable series of events were to occur, reasonable, well-informed observers understand that lawyers very often work at law firms before they become judges, and that they are capable of adjudicating disputes brought by their former law partners.  *Huff v. Standard Life Ins. Co*., 683 F.2d 1363, 1369 (11th Cir. 1982) (recusal was not necessary where a judge had been a partner at the defendant's law firm, as this prior affiliation did not create a significant risk of impartiality); *Veneklase v. City of Fargo*, 236 F.3d 899 (8th Cir. 2000) (recusal unnecessary where a third-party damages witness had previously been represented by the judge's former law firm, and had been adverse to plaintiffs in a separate proceeding)*.*

The motion for recusal on the basis of Mr. Wilson's prior representation should be denied.

## B.    Her Honor's Filing in *Rusoro* Does Not Require Recusal Where The 2018 Election Has No Bearing on This Case

It is worth repeating that a "motion to recuse should not be 'lightly granted.'" *Nixon*, 267 F. Supp. 3d at 146.  Justice Kennedy has observed that "litigants . . . often seek disqualification based upon a judge's prior participation, in a judicial capacity, in some related litigation.  Those allegations are meritless in most instances, and their prompt rejection is important so the case can proceed.  Judges, if faithful to their oath, approach every aspect of each case with a neutral and objective disposition.  They understand their duty to render decisions upon a proper record and to disregard earlier judicial contacts with a case or party," and should decline a request for their recusal unless "she harbors an aversion, hostility or disposition of a kind that a fair-minded person

could not set aside when judging the dispute." *Liteky.*, 510 U.S. at 562, 558 (Kennedy, J., concurring).

### 1.      The 2018 Election Is Not At Issue In This Litigation

Smartmatic's Complaint identified with specificity dozens of defamatory statements that form the basis for its claims against OANN.  Where not one of them alleges that Smartmatic was involved in the 2018 Election in Venezuela, that election has no relevance to Smartmatic's claims.

OANN incorrectly asserts, without any support, that "Smartmatic's own Complaint … challenges OAN's broadcasts that expressly discuss Smartmatic's work in Venezuela in the 2018 election." (Dkt. 79, at 20).  This allegation has no basis in fact.  OANN provides none.  There is no reference to the 2018 Election in any of the defamatory statements included in Smartmatic's Complaint.  (*See* Dkt.1).

OANN's five-page argument attempting to show that Smartmatic participated in the 2018 Election is both riddled with factual inaccuracies and a complete red herring.  (Dkt. 79, at 7-11).  OANN asserts that Smartmatic's involvement in the 2018 election can be evidenced by (1) ███████████████████████████████████████████ (2) ████████████████████████ ████████████████████ (3) Smartmatic machines being used in the 2018 election.  In truth, Smartmatic fled Venezuela after it blew the whistle on the reported turnout numbers from the July 2017 National Assembly election (not a presidential election).  (Dkt. 1, at ¶ 225).  ██████████ ████████████████████████████████████████████ ████████████████████████████████████ In retaliation for Smartmatic's whistle-blowing, ████████████████████████████████████████ ███████████████████████ Dkt. 79-11.  (*See* Ex. B, at ¶¶ 9-16, Annexes A, B, C) ████████

---

[1] Exhibit B, █████████████████████████████████, is slated to be produced in a forthcoming Smartmatic production.



. (*Id.* at ¶ 56.4) (noting that ████████████████████ ████████████████████████████████). To facilitate its future elections, the Venezuelan government retained a new company, Ex-Clé, and ████ ████████████████████████████████████ ████████████████████████████████. (*Id.* at ¶¶ 45-48).

Regardless, the 2018 Election is simply not at issue in this case where none of OANN's defamatory statements allege that Smartmatic was involved in the 2018 Election, and where the 2018 Election was not referenced in Smartmatic's Complaint.

### 2. Her Honor's Filing in *Rusoro* Does Not Require Recusal under § 455(a), (b)(1), or (b)(2)

As OANN puts it, the *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela* litigation is related to "the confirmation of an arbitration award to Rusoro Mining Ltd. for the expropriation of its assets." (Dkt. 79, at 11, n. 46).  In February 2019, Judge Upadhyaya entered an appearance in *Rusoro* and submitted a single filing in response to a motion to stay asserting that "President Maduro vigorously disputes that Mr. Guaidó is the President of the Republic, and asserts that he remains the rightful leader of the Republic." (*Id.* at 2).  The filing made no mention of Smartmatic. (*See id.*).  Her Honor withdrew her appearance 11 days later.  (*Id.* at 13).

Judge Upadhyaya's representation in *Rusoro* had not a thing to do with the truth or falsity of OANN's defamatory statements regarding *Smartmatic*.  OANN certainly said many untrue

things about Smartmatic.  Some of them related to Venezuela.  None of them related to the 2018 Election.

There is no basis on which "a fully informed third-party observer who 'understand[s] all the relevant facts' and has 'examined the record and the law'" would believe that, during her 11-day representation in *Rusoro*, Judge Upadhyaya gained "personal knowledge of disputed evidentiary facts concerning" OANN's defamatory allegations "that Smartmatic's election technology and software: were widely used, including in Dominion's voting machine system, in the 2020 U.S. election, including in contested states where claims of election fraud were made; were used to fix, rig, and steal the 2020 U.S. election; were hacked or compromised during the 2020 U.S. election or while votes were sent abroad to be counted; and were designed to fix, rig, and steal elections and have been used to do so before." *Cordova*, 806 F.3d at 1092 (internal quotation marks omitted) (holding that reasonable observer would not perceive threatening letter sent to judge by the defendant "to give rise to significant risk that judge would resolve matter on basis other than merits."); 28 U.S. Code § 455 (b)(1); (Dkt. 79, at 19);  (Dkt. 1 at ¶ 456).

Similarly, no "fully informed third-party observer" would describe *Rusoro* as involving "the matter in controversy" here.  *Cordova*, 806 F.3, at 1092; 28 U.S. Code § 455 (b)(1). *Rusoro* related to "the confirmation of an arbitration award to Rusoro Mining Ltd. for the expropriation of its assets," and Judge Upadhyaya's brief representation involved the identity of Venezuela's president following the 2018 Election.  (Dkt. 79, at 11, n. 46).  *This* case relates to OANN's defamatory statements regarding Smartmatic—none of which relate to the 2018 Election.  The matters are simply too attenuated to form the basis for recusal.  *See United States v. DeTemple*, 162 F.3d 279 (4th Cir. 1998) (affirming judge's denial of motion to recuse where judge previously

represented a creditor in their effort to collect debt from an individual, and that individual then became a criminal defendant in his courtroom, as the relationship between the cases was tenuous).

Finally, the mere fact that the Maduro administration is a prior client of Judge Upadhyaya's does not form any basis on which the Court's "impartiality might *reasonably* be questioned" in this case. *See* § 455 (a) (emphasis added). OANN emphasizes the fact that Maduro is a subject of discovery between the parties, and that OANN may at some point seek discovery directly from him. (Dkt. 79, at 6, 17). OANN is certainly correct that Maduro is a subject of discovery, where Smartmatic will prove that OANN's statements about Smartmatic having a relationship with Maduro were factually inaccurate. Smartmatic is not owned by the Maduro regime. Its technology is not controlled by allies of the Maduro regime. Maduro's allies did not meddle in the 2020 U.S. election through Smartmatic. Smartmatic did not rig the 2013 election in Venezuela for Maduro. Those were all demonstrably false lies.

But, as far as recusal is concerned, nothing in the *Rusoro* matter would lead a reasonable observer to doubt this Court's impartiality when adjudicating any disputes related to Maduro, where Judge Upadhyaya's prior representation lasted for less than two weeks, related to an election that is not at issue here, and had nothing to do with Smartmatic. (Dkt. 79, at 13). Recusal is not required simply because a judge's former client is somehow implicated in a matter before the court, either as a potential third-party discovery target or even as a party to the case (which is not contemplated here). *See Chitimacha Tribe of Louisiana v. Harry L. L. Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982) (affirming the district court's denial of plaintiff's motion for recusal where the judge previously represented one of the defendants in an unrelated matter, reasoning that "[t]he relationship between Judge Davis and Texaco, terminated at least six years ago, is too remote and too innocuous to warrant disqualification under s 455(a)").

OANN's motion for recusal on the basis of Judge Upadhyaya's appearance in *Rusoro* should be denied.

### C.  Granting OANN's Motion for Recusal Would Set a Negative Precedent

Smartmatic respectfully submits that recusal based on Judge Upadhyaya's brief involvement in the *Rusoro* matter and Mr. Wilson's representation of the "Gorrin companies" would set a bad precedent.  District of D.C. courts are concerned with avoiding any "decision to recuse [that] would encourage inappropriate judge-shopping by future litigants." *Philip Morris USA, Inc.*, 156 F. Supp. 3d at 40.  And it is crucial that "because judges are presumed to be impartial, the Court must begin its analysis of the allegations supporting . . . a request [for recusal] with a presumption against disqualification." *Bilzerian*, 729 F. Supp. 2d at 22 (citation and internal quotation marks omitted).

The only apparent connection here is that the *Rusoro* submission references Maduro, Her Honor may have had some tangential familiarity with Maduro, Mr. Wilson's former clients are allegedly close with Maduro, and OANN falsely accused Smartmatic of having a relationship with Maduro.  That passing connection should not be grounds for recusal.

Some judges on the D.C. bench were appointed by a Democrat administration, they may have a tangential familiarity with the appointing administration, and OANN claimed that Smartmatic rigged the election for a Democrat.  Some judges on the D.C. bench were appointed by a Republican administration, they may have a tangential familiarity with the appointing administration, and OANN claimed that Smartmatic rigged the election against a Republican.  Just as those fleeting connections would be inadequate to require recusal (otherwise the parties would have no judge at all), so too was Judge Upadhyaya's brief involvement with the Maduro administration following a 2018 Election that has no relationship to the defamation at issue here.

**IV.      CONCLUSION**

Where neither Judge Upadhyaya's prior representation in *Rusoro* nor Mr. Wilson's prior representation of the "Gorrin companies" has any bearing on the truth or falsity of the defamatory statements made by OANN in this case, Smartmatic respectfully requests that this Court deny OANN's motion for recusal.

Date: July 17, 2023

*/s/ J. Erik Connolly*
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Caitlin A. Kovacs (admitted pro hac vice)
Olivia Sullivan (admitted pro hac vice)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA*
*Corp., Smartmatic International Holding B.V.,*
*and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

  */s/ J. Erik Connolly*
J. Erik Connolly (D.C. Bar No. IL0099)
*One of the Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*