IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>        Plaintiffs,<br>  v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>        Defendant. | No. 1:21-cv-02900-CJN-MAU<br><br>Magistrate Judge Moxila A. Upadhyaya |

**<u>DEFENDANT'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO RECUSE</u>**

1

*Cheney* is not a decision of the U.S. Supreme Court, has never been cited by that Court or the D.C. Circuit, and is merely an opinion by Justice Scalia for himself declining to recuse because of his friendship with then-Vice President Cheney. *Cheney v. U.S. Dist. Ct. for D.C.,* 541 U.S. 913 (2004) (Scalia, J., in chambers). The statement from Justice Scalia's memorandum opinion that "the recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances" (*Id.* at 924) was supported only by Chief Justice Rehnquist's recusal "Statement," which was appended to the denial of *certiorari* in *Microsoft Corp.*, and likewise not a decision of the Court. *Microsoft Corp. v. U.S.*, 530 U.S. 1301, 1301-02 (2000) (Rehnquist, C.J., respecting recusal). Like *Cheney*, neither the Supreme Court nor the D.C. Circuit have ever cited Chief Justice Rehnquist's "Statement."

Although Chief Justice Rehnquist's statement cited the Supreme Court's opinion in *Liteky*, that decision does not contain the "surrounding facts and circumstances" language, but rather states that all § 455 motions are to be "evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal was required whenever 'impartiality might reasonably be questioned.'" *Liteky v. U.S.*, 510 U.S. 540, 548 (1994). Indeed, Justice Scalia wrote that it "might be sound advice" for judges sitting on the Court of Appeals to "resolve any doubts in favor of recusal," juxtaposing his position as one of only nine non-fungible justices with that of the Court of Appeals, which has many judges—as does the District Court and its Magistrate Judges. *Cheney*, 541 U.S. at 915.

The Supreme Court's opinion in *Liljeberg* said "it is critically important in a [recusal] case of this kind to identify the facts that might reasonably cause an objective observer to question … impartiality." *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 865 (1988). This was, the Court explained, the solution to the problem "that people who have not served on the

bench are often all too willing to indulge suspicions and doubts concerning the integrity of judges. The *very purpose* of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Id*. at 864-65 (emphasis added).

Applying *Liljeberg,* the D.C. Circuit held that "in asking what would cause a reasonable person to doubt a judge's neutrality, we recognize the somewhat 'subjective character of this ostensibly objective test.'" *In re Al-Nashiri,* 921 F.3d 224, 234 (D.C. Cir. 2019). The following year the D.C. Circuit wrote that "in other words, a judge must recuse [herself] if there is a showing of an appearance of bias … sufficient to permit *the average citizen* reasonably to question a judge's impartiality." *In re Hawsawi*, 955 F.3d 152, 157 (D.C. Cir. 2020) (quotes omitted); *accord U.S. v. Bostick*, 791 F.3d 127, 155 (D.C. Cir. 2015); *U.S. v. Heldt* , 668 F.2d 1238, 1271 (D.C. Cir. 1981).

This Court must determine, as the Supreme Court held in *Liljeberg*, the facts that might reasonably cause an objective observer to question impartiality. That "objective observer" is—as this Circuit has repeatedly held—the "average citizen." It is not someone who is knowledgeable about the law or dives into the nuances of the record. Congress intended § 455 to promote "public confidence in the judicial system." H.R. Rep. No. 93–1453 (1974); S. Rep. No. 93–419 (1973). Congress did not consider the "public" to be the sophisticated legal observer, but rather the "public at large." H.R. Rep. No. 93–1453.

Because the legitimacy of the Venezuelan 2018 Presidential election is at issue in this lawsuit (at the very least regarding the defenses of substantial truth, causation, and damages), the average citizen would question a judge's impartiality for failing to recuse after advocating in the D.C. Circuit that Maduro remains the rightful leader of the Republic, despite the claims of the competing Guaidó regime (represented by Arnold and Porter), and the international community, including the United States.

| | |
|---|---|
| Dated: July 19, 2023. | By: */s/ Charles L. Babcock* |

                                                    **JACKSON WALKER LLP**
CHARLES L. BABCOCK (admitted *pro hac vice*)
cbabcock@jw.com
1401 McKinney Suite 1900
Houston, TX 77010
(713) 752-4210 (Direct Dial)
(713) 308-4110 (Fax)

**BOYDEN GRAY & ASSOCIATES**
R. TRENT MCCOTTER (D.C. BAR NO. 1011329)
mccotter@boydengrayassociates.com
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of July 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.


/s/ *Charles L. Babcock*
Charles L. Babcock