IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., | Magistrate Judge Moxila A. Upadhyaya |
| Defendant. | |

**<u>SMARTMATIC'S REPLY TO DEFENDANT'S SUPPLEMENTAL AUTHORITY FOR ITS MOTION TO RECUSE</u>**

1

OANN asserts that the "reasonable observer" for purposes of evaluating a motion for recusal is an *uninformed* observer. This assertion is plainly wrong. In OANN's version of the world, the mere possibility that a headline might negatively report on a connection between a judge and her prior contact is reason for recusal, even if a reasonable exploration of the facts makes it clear that there is no real impropriety. OANN's belief that alternative facts should win the day is both an incorrect statement of the law in this context and the reason we find ourselves here to begin with.

Not a single case OANN cites contradicts the rule that the reasonable observer is a fully informed person, nor do the cases propose a different standard or say that standard is incorrect. OANN hinged much of its argument on the Supreme Court case, *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 (1988). But *Lijeberg* actually *reinforces* the rule that the reasonable observer is fully informed. 486 U.S. at 108 (recusal required "if a reasonable person, *knowing all the circumstances*," would doubt the judge's impartiality) (emphasis added). In fact, the Supreme Court overturned a 5th Circuit decision on recusal on the basis of *Lijeberg* because the decision was "made in disregard of [the] facts; and when they are taken into account we think it self-evident that a reasonable person would not believe he had any interest or bias." *Sao Paulo State of Federative Republic of Brazil v. Am. Tobacco Co.*, 535 U.S. 229, 233 (2002).

Looking beyond the Supreme Court[1], the rule that the reasonable observer is fully informed has been recognized by the highest court in each federal circuit, including this Circuit. *In re U.S.*, 158 F.3d 26, 31 (1st Cir. 1998); *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988); *In re Apollo*, 535 F. App'x 169, 172 (3d Cir. 2013); *United States v.*

---

[1] OANN's claim that neither *Cheney v. United States Dist. Ct. for the Dist. of Columbia*, 541 U.S. 913 (2004) nor *Microsoft Corp. v. United States*, 530 U.S. 1301, 1301 (2000) have been cited in the D.C. Circuit is factually incorrect. They have each been cited numerous times. *See, e.g., Dantzler v. Tangipahoa Par. Sch. Bd.*, 2020 WL 6866520, at *1 (D.D.C. Nov. 2, 2020) (citing *Cheney*); *Klayman v. Jud. Watch, Inc.*, 744 F. Supp. 2d 264, 278 (D.D.C. 2010) (citing *Microsoft*).

*Mikalajunas*, 1992 WL 214506 at *3 (4th Cir. 1992); *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995); *United States v. Bonds*, 18 F.3d 1327, 1331 (6th Cir.1994); *Pepsico, Inc. v. McMillen*, 764 F.2d 458, 460 (7th Cir.1985); *White v. Nat'l Football League*, 585 F.3d 1129, 1138 (8th Cir. 2009); *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017); *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir.1986); *United States v. Cordova*, 806 F.3d 1085, 1092 (D.C. Cir. 2015).

OANN also hung its hat on the use of the term "average citizen" when describing the reasonable observer. (OANN Suppl. Brief at 3). It is unclear why that matters; the average citizen shouldn't be presumed to be uninformed or unsophisticated, as OANN argues. Indeed, the court in *In re Hawsawi* made it clear that the "average citizen" is "someone aware of all the facts." 955 F.3d 152, 161 (D.C. Cir. 2020).

Courts have in fact warned against OANN's interpretation of the law. The reasonable observer must be fully informed to avoid evaluating this issue through the lens of "a hypersensitive or unduly suspicious person," or an "unreasonable person, focusing on only one aspect of the story." *See Holland*, 519 F.3d at 913; *Bonds*, 18 F.3d at 1331. Under OANN's interpretation, there would be no feasible method for determining a recusal inquiry because the uninformed and hyper-specific opinions of any average citizen would be paramount. And any unscrupulous party seeking to judge-shop could do so effectively by fabricating conflicts designed to make headlines.

Under the law as expressed by the Supreme Court and every federal circuit in the country, Smartmatic reiterates that the reasonable observer would not find that the request for Judge Upadhyaya's recusal has any basis in law or fact. Accordingly, OANN's motion for recusal should be denied.

      */s/ Caitlin A. Kovacs*
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Caitlin A. Kovacs (admitted pro hac vice)
Olivia Sullivan (admitted pro hac vice)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

    /s/ Caitlin A. Kovacs
Caitlin A. Kovacs (admitted pro hac vice)
*One of the Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*