IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP.,
SMARTMATIC HOLDING B.V., AND
SGO CORPORATION LIMITED,

                  Plaintiffs,

v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

                  Defendant.

No. 1:21-cv-02900-CJN-MAU

Magistrate Judge Moxila A. Upadhyaya

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION
FOR PROTECTIVE ORDER**

# TABLE OF CONTENTS

I.    Introduction ................................................................................................................1

II.   Background ...............................................................................................................3

      A.    Smartmatic's Complaint and OAN's First RFPs. ...................................3

      B.    OAN's Second RFPs. ................................................................................4

      C.    OAN's attempts to compromise. ..............................................................4

III.  Argument ..................................................................................................................6

      A.    The Motion should be denied because Smartmatic failed to make a
            good-faith effort to resolve or narrow the areas of disagreement,
            and it otherwise ignored Judge Nichols' Standing Order. ......................7

      B.    The Second RFPs are not duplicative and do not cause an undue
            burden or expense. ....................................................................................8

      C.    For this complex, multi-billion-dollar case, the Second RFPs are
            proportional. ...........................................................................................14

            1.    The importance of the issues at stake supports the
                  discovery requests. ......................................................................16

            2.    The amount in controversy supports the discovery requests. ..................16

            3.    The parties' relative access to relevant information supports
                  the discovery requests. ................................................................18

            4.    The parties' resources support the discovery requests. ............................18

            5.    The importance of the discovery in resolving the issues
                  supports the discovery requests. ..................................................19

            6.    Whether the burden or expense of the proposed discovery
                  outweighs its likely benefit supports the discovery requests. ..................19

                  a)    OAN's requests are likely to produce new relevant
                        information. ........................................................................20

                  b)    OAN's requests are neither duplicative nor
                        excessive. ..........................................................................22

                  c)    Smartmatic's citations are inapposite. .............................23

      D.    Sanctions against OAN are not warranted. ............................................24

i

Prayer ...........................................................................................................................25

Certificate of Service............................................................................................................27

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ardestani v. BMW of N. Am., LLC*,
No. SACV1700721CJCJDEX, 2018 WL 6016955 (C.D. Cal. May 4, 2018) .........................7

*Arpaio v. Zucker*,
414 F. Supp. 3d 84 (D.D.C. 2019) .....................................................................................19

*Bilek v. Nat'l Cong. of Employers, Inc.*,
No. 18 C 3083, 2018 WL 11229813 (N.D. Ill. Apr. 30, 2018) ............................................23

*Bilek v. Nat'l Cong. of Employers, Inc.*,
No. 18 C 3083, 2021 WL 320610 (N.D. Ill. Feb. 1, 2021) ..................................................23

*Borum v. Brentwood Vill., LLC*,
No. 16-1723 (RC), 2020 WL 5291982 (D.D.C. Sept. 4, 2020)............................................25

*Burke v. Air Serv Int'l, Inc.*,
No. 07-02335(HHK)(AK), 2009 WL 10696212 (D.D.C. Aug. 11, 2009) ............................15

*\*Cherokee Nation v. U.S. Dep't of the Interior*,
531 F. Supp. 3d 87 (D.D.C. 2021) ......................................................................... 17, 18, 19

*In re Cooper Tire & Rubber Co.*,
568 F.3d 1180 (10th Cir. 2009)..........................................................................................22

*Doe v. District of Columbia*,
230 F.R.D. 47 (D.D.C. 2005)................................................................................................6

*Ellipso, Inc. v. Mann*,
460 F. Supp. 2d 99 (D.D.C. 2006) ........................................................................................8

*Fonville v. District of Columbia*,
230 F.R.D. 38 (D.D.C. 2005)................................................................................................6

*FTC v. Sysco Corp.*,
83 F. Supp. 3d 271 (D.D.C. 2015) ........................................................................................6

*Green v. Las Vegas Metro. Police Dep't*,
No. 2:20-CV-00769 KJD-DJA, 2021 WL 4149017 (D. Nev. Aug. 12, 2021).....................23

*Huthnance v. District of Columbia*,
255 F.R.D. 285 (D.D.C. 2008)..............................................................................................6

*Jangjoo v. Sieg*,
No. 1:16-CV-00870 (TNM), 2018 WL 11255535 (D.D.C. Apr. 13, 2018) ......................... 24

*Keel v. Wacker Chem. Corp., LLC*,
No. CV 20-10085, 2020 WL 12688177 (E.D. Mich. Nov. 10, 2020) .................................. 22

*Klayman v. Judicial Watch, Inc.*,
No. CV 06-670 (CKK), 2019 WL 1244079 (D.D.C. Mar. 18, 2019), *aff'd*, 6
F.4th 1301 (D.C. Cir. 2021) ............................................................................................... 19

*Lamaute v. Power*,
339 F.R.D. 29 (D.D.C. 2021) .............................................................................................. 15

*\*Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.*,
322 F.R.D. 1 (D.D.C. 2017) ...................................................... 15, 16, 17, 18, 19, 20, 22, 23

*Pietrangelo v. Refresh Club, Inc.*,
2021 WL 1209300 (D.D.C. Mar. 31, 2021), *aff'd*, 2021 WL 2156504 (D.D.C.
May 26, 2021) .................................................................................................................... 2, 7

*United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*,
235 F.R.D. 521 (D.D.C. 2008) .............................................................................................. 8

*Rapaport v. Soffer*,
No. 2:10-CV-935-MMD-RJJ, 2012 WL 6800377 (D. Nev. Dec. 31, 2012) ........................ 23

*Sank v. City Univ. of N.Y.*,
112 Fed. App'x 761 (2d Cir. 2004). (*Id.* at 20–22.) ........................................................... 15

*Sentis Grp., Inc. v. Shell Oil Co.*,
763 F.3d 919 (8th Cir. 2014) ................................................................................................. 7

*Simms v. Ctr. for Corr. Health & Pol'y Stud.*,
272 F.R.D. 36 (D.D.C. 2011) .............................................................................................. 24

*\*Stati v. Republic of Kaz.*,
No. CV 14-1638 ABJ/DAR, 2020 WL 3259244 (D.D.C. June 5, 2020) ................... 17, 18, 19

*U.S. EEOC v. George Washington Univ.*,
No. 17-CV-1978, 2020 WL 3489478 (D.D.C. June 26, 2020) ........................................ 17, 18

*United States v. All Assets Held at Bank Julius Baer & Co.*,
202 F. Supp. 3d 1 (D.D.C. 2016) .................................................................................. 6, 7, 8

*United States v. Sci. Applications Int'l Corp.*,
555 F. Supp. 2d 40 (D.D.C. 2008) ........................................................................................ 8

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*,
   No. A-15-CV-134-RP, 2016 WL 5922315 (W.D. Tex. Oct. 11, 2016)................................23

*Williams v. BASF Catalysts, LLC*,
   Civ. Action No. 11-1754, 2017 WL 3317295 (D.N.J. Aug. 3, 2017)....................................16

*Xpedior Creditor Tr. v. Credit Suisse First Bos. (USA), Inc.*,
   309 F. Supp. 2d 459 (S.D.N.Y. 2003) ...........................................................................11, 22

*Zubulake v. UBS Warburg, LLC*,
   217 F.R.D. 309 (S.D.N.Y. 2003) ...........................................................................................22

## Rules

Fed. R. Civ. P. 26................................................................................................... 15, 16, 18

Fed. R. Civ. P. 26(b)(1)...............................................................................................15

Fed. R. Civ. P. 26(c)..................................................................................................6, 9

Fed. R. Civ. P. 37(a)(5)(A)........................................................................................24

Fed. R. Civ. P. 37(a)(5)(B)........................................................................................25

Defendant Herring Networks, Inc., d/b/a One America News Network ("OAN") files this Response in Opposition to the Motion for Protective Order ("Motion," Dkt. 81) filed by Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited ("Smartmatic") and respectfully shows the Court the following:[1]

## I.     Introduction

This Motion is before the Court because, despite OAN's continuing efforts (even after Smartmatic's filing), Smartmatic has refused to work with OAN to attempt to resolve its complaints about OAN's Second Set of RFPs ("Second RFPs"). To be sure, more time has been wasted, more delay has resulted, and more ink has been spilled because of the Motion than if Smartmatic had simply agreed to sit with OAN at the negotiating table to discuss. The incomplete and largely misrepresentative 36-page "Comparison Chart" *alone* likely took much longer to create than a few hours of productive discussion among counsel. (*See* Dkt. 81-8.)

But having missed the Court's May 31 deadline to serve additional RFPs—resulting in Smartmatic's motion to extend that deadline by two months (Dkt. 54)—Smartmatic's recourse was to attempt to persuade OAN to withdraw its Second RFPs in their entirety. Smartmatic's singular focus on withdrawal of OAN's timely served RFPs meant that a good-faith effort to negotiate them was out of the question, as was following Judge Nichols' Standing Order for this case. It is no wonder that Smartmatic refused to share its "Comparison Chart" before moving the Court.

The consequence is the Motion, in which Smartmatic strains to prove (unsuccessfully) that it deserve the relief it seeks. The record abjectly fails to support Smartmatic's contention that every

---

[1] By timely filing this pleading in response to Smartmatic's Motion, OAN does not waive its request for recusal of Judge Upadhyaya made informally by letter on June 5, 2023 (Dkt. 75, Attachment A) and by formal motion filed on July 6, 2023 (Dkt. 78, supporting Memorandum at Dkt. 79.)

single request in the Second RFPs is duplicative and harassing (or that any of them are). The record shows that many requests are not even topically related to RFPs in the First Set of RFPs ("First RFPs") and that many other RFPs that Smartmatic cites as "examples" are not duplicative.

Moreover, Smartmatic's overarching complaint that OAN has "gone too far" (Dkt. 81, ECF p. 1)[2] ignores that Smartmatic's own actions led the parties to this unnecessary dispute. As discussed below, Smartmatic repeatedly objected to requests in the First RFPs by claiming they were overly broad and stating it refused to produce documents. OAN responded by making more specific, narrower requests in the Second RFPs. And when Smartmatic said the narrower requests were duplicative, OAN offered to rescind them if Smartmatic could simply stipulate that documents were not being withheld under the overbreadth objections to the First RFPs. Smartmatic refused.

Throughout the Motion, Smartmatic overstates the number of RFPs in question by engaging in a charade that there are "1,515 requests" at issue rather than 505. (*See* Dkt. 81, ECF p. 26.) In light of the breadth and complexity of Smartmatic's 400+-paragraph Complaint— stretching more than 3,000 pages, including exhibits—and the more than $2 billion in alleged damages Smartmatic seeks, OAN's Second RFPs are not excessive—indeed, they are necessary to OAN's defense. *See Pietrangelo v. Refresh Club, Inc.*, 2021 WL 1209300, at *10 (D.D.C. Mar. 31, 2021), *aff'd*, 2021 WL 2156504 (D.D.C. May 26, 2021) ("As long as the defense is in the case . . . the defendant is entitled to seek relevant discovery in support of that defense.").

The Motion should be denied, and the Court should enter an order requiring Smartmatic to respond to the Second RFPs within seven (7) days of the Court's order.

---

[2] All references are to the ECF page numbers.

## II.      Background

### A.      Smartmatic's Complaint and OAN's First RFPs.

Smartmatic seeks over $2 billion in alleged damages against OAN through a 192-page Complaint with more than 180 exhibits (exceeding 3,300 pages). (*See* Dkt. 1-1; Dkts. 1-2 through 1-186). And Smartmatic restates its allegations about specific broadcasts, webpages, articles, and social media posts numerous times. (*See, e.g.*, Dkt. 1, ¶¶ 97–137, 146–47, 150–68, 171a-nn, 176a-j, 184a-hh, 196a-ee, 205a-r, 218a-z, and 227a-v.)

On October 24, 2022, OAN served each Plaintiff with an identical set of 102 RFPs (i.e., the First RFPs). Smartmatic answered by serving "Plaintiffs' Omnibus Responses and Objections to Defendant's First Set of Requests for Production." (Dkt. 81-3, ECF pp. 1–64.) In other words, Smartmatic provided just 102 responses to the First RFPs, including objections.

Smartmatic's objections to the 102 First RFPs were extensive: "overbroad" objections to 57 RFPs; "vague or ambiguous" objections to 27 RFPs; relevance objections to 75 RFPs; and "unduly burdensome" objections to 57 RFPs. Smartmatic also stated its refusal to produce documents in response to 23 RFPs. For another 10 RFPs, Smartmatic refused to produce documents unless the requests were narrowed. (*See* Dkt. 81-3.)

B. **OAN's Second RFPs.**[3]

On May 31, 2023, OAN timely served each Plaintiff with an identical set of RFPs (the Second RFPs)—just as it did with the First RFPs. (Dkt. 81-5, ECF pp. 1–113; *see also* Dkt. 42.)[4]

Smartmatic misleadingly describes the volume of requests in the Second RFPs as "more than 1,500 document requests." (Dkt. 81, ECF p. 5.) This description ignores that OAN served a single set of RFPs on three separate plaintiffs, just as it did with the First RFPs. Smartmatic could have filed another omnibus response, but chose instead to seek the Court's intervention to avoid responding to *any* further requests.

C. **OAN's attempts to compromise.**

On June 21, 2023, Smartmatic "outlined . . . a handful of key areas" where it believed the Second RFPs duplicated requests in the First RFPs, conceding that not all of the topics covered in the First RFPs are covered by the Second RFPs. (Ex. A, June 21, 2023 letter at 1–2) (". . . the First Set of RFPs, most of which cover the same topics as the Requests in the Second RFPs").) Smartmatic identified just 26 specific requests from the Second RFPs.[5] (*Id.* at 2.) But it threatened

---

[3] New counsel for OAN first made an appearance in this case on June 2, 2023. (Dkt. 55.) On June 12, 2023, OAN's former counsel withdrew from the case. (Dkt. 66.) Within a month of making an appearance, new counsel reached agreement with Plaintiffs' counsel on the number of OAN custodians (63) and the search queries to be applied to OAN documents (235). (Ex. 1, Butzer Decl. at ¶ 6.) Recently, the parties agreed to a deadline to substantially complete document production. (*Id.*)

[4] In contrast, Smartmatic moved the Court for a two-month extension on its deadline to serve discovery requests. (Dkt. 54.)

[5] It specifically cited RFPs 104–06, 111, 113, 129, 131, 138, 146, 154, 162, 176, 185, 197, 227, 235, 325–27, 331, 414, and 546–50. Smartmatic also generally, complained of "20 RFPs that seek documents and communications with or concerning Dominion" (*id.* at 1); "[m]ore than 50 . . . that seek documents concerning or supporting Smartmatic's contentions within its the [sic] Complaint" (*id.* at 2); and "hundreds of duplicative requests." (*Id.*) Yet Smartmatic never identified the referenced "20", "50," or "100" RFPs. (*See id.*)

that in order "to avoid bringing another dispute to the Court," OAN must consider withdrawing the *entire* set of Second RFPs. (*Id.* at 3.)

One day later, the parties held a meet-and-confer—the only one Smartmatic would agree to—during which they discussed Smartmatic's general complaints about the Second RFPs. (Ex. B, June 27, 2023 letter at 1.) The parties agreed that OAN would identify RFPs that it would narrow or withdraw. Soon after, OAN proposed a detailed compromise: it would withdraw 92 RFPs (276 RFPs in Smartmatic's parlance) if Smartmatic withdrew its "overbroad" objections to certain requests in the First RFPs. (*Id.* at 4–5.) And OAN asked Smartmatic to agree to expand the requested timeframes for certain of the First RFPs and add certain search terms to capture the documents requested by the Second RFPs. (*Id.*) Believing that the parties were working towards a compromise, OAN agreed to Smartmatic's request to postpone its response date by one week. (*Id.* at 5.)

The next day, Smartmatic flatly rejected OAN's proposal, and stated it would seek a protective order. (Ex. C, June 28, 2023 email at 1.) It refused to engage in any more meet-and-confers and declined to provide OAN with a draft of its motion, which would have let OAN determine whether the parties' dispute could at least be narrowed. (Ex. D, July 8–12, 2023 emails.)

Even after Smartmatic filed the Motion, OAN sought to resolve the parties' disagreements. OAN suggested a meet-and-confer about Appendix B to the Motion (Dkt. 81-8), a 36-page "Comparison Chart" that Smartmatic never shared with OAN. (Ex. D, July 8–12, 2023 emails.) And OAN revised its June 27 offer. (*Id.*) If Smartmatic would merely stipulate that it was "not withholding documents under its objections" to the previously-identified RFPs from the First RFPs, OAN would withdraw the 92 RFPs from the Second RFPs. (*Id.*) But Smartmatic rejected

the proposal. (*Id.*) Again, Smartmatic refused to respond to *any* new, timely discovery request as burdensome.

### III.   Argument

"The Federal Rules of Civil Procedure provide for liberal discovery." *FTC v. Sysco Corp.*, 83 F. Supp. 3d 271, 274 (D.D.C. 2015). In line with this standard, a protective order may be issued under Rule 26(c) only for good cause shown. *Id.*; Fed. R. Civ. P. 26(c). Good cause exists when justice requires protecting "a party or a person from annoyance, embarrassment, oppression, or undue burden or expense." *Huthnance v. District of Columbia*, 255 F.R.D. 285, 296 (D.D.C. 2008). Thus, the requesting party "must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Id.* (quoting *Fonville v. District of Columbia*, 230 F.R.D. 38, 40 (D.D.C. 2005)). In deciding the matter, the court must balance "the movant's proffer of harm against the adversary's 'significant interest' in preparing for trial." *Id.* (quoting *Doe v. District of Columbia*, 230 F.R.D. 47, 50 (D.D.C. 2005)). As Smartmatic concedes, the Motion should be denied unless Smartmatic can bear its burden of proving that good cause exists. (Dkt. 81, ECF p. 11.)

Smartmatic's arguments are two-fold: (1) *all* of the RFPs in the Second RFPs are duplicative of the RFPs in the First RFPs (Dkt. 81, ECF pp. 5, 12–24; *see* Dkt. 81-8, ECF pp. 1–38), and (2) the Second RFPs are excessive because they include "1,515 requests" which, on top of the "306 requests" in the First RFPs, brings the total number of requests propounded on Smartmatic to "1,821 requests." (Dkt. 81, ECF p. 26.)

The Motion should fail for at least three reasons. First, Smartmatic never sought to resolve the dispute in good faith. Second, Smartmatic's claims of duplication between the First and Second RFPs (even its "examples") are ill-founded, and its "Comparison Chart" (Dkt. 81-8) inaccurately

presents the facts. Third, the Second RFPs (which everyone except Smartmatic's counsel knows are not "1,515 requests") are proportional and necessary to OAN's defense. After all, Smartmatic should not be allowed to dictate OAN's defense, especially given the extensive allegations in the Complaint and the billions of dollars Smartmatic seeks from OAN in this action. *See Pietrangelo*, 2021 WL 1209300, at *10; *see also Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014) (parties do not "possess the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case"); *Ardestani v. BMW of N. Am., LLC*, No. SACV1700721CJCJDEX, 2018 WL 6016955, at *4 (C.D. Cal. May 4, 2018) ("[N]either the Federal Rules of Civil Procedure nor the Federal Rules of Evidence permits one party to limit discovery obligations once that party unilaterally determines it has provided all of the discovery 'necessary' for the other side to try its case.").

### A.   The Motion should be denied because Smartmatic failed to make a good-faith effort to resolve or narrow the areas of disagreement, and it otherwise ignored Judge Nichols' Standing Order.

Before filing a discovery motion, the Court requires the parties to make "good-faith efforts" to "narrow the areas of disagreement." *See* D.C. LCvR 7(m). This obligation "may not be satisfied by perfunctory action, but requires a good faith effort to resolve [all disputes]." *United States v. All Assets Held at Bank Julius Baer & Co.*, 202 F. Supp. 3d 1, 7 (D.D.C. 2016) (internal quotation omitted).

Smartmatic merely "went through the motions" of a meet-and-confer with no intent to work in good faith to narrow the disputes. It agreed to only one, high-level meet and confer, and refused OAN's offers to engage in meaningful negotiations. OAN offered multiple compromises, endeavored to narrow the dispute before (and after) it was presented to the Court; Smartmatic did not. Then, when it filed the Motion, Smartmatic bypassed Judge Nichols' Standing Order

requirements (Dkt. 5, ECF pp. 4–5): it did not arrange a call with the Court or attempt to submit a joint email summary to the Court, and failed to seek leave to file the Motion.

Smartmatic's failure to comply with both the Local Rule and the Court's Standing Order alone is sufficient grounds to deny the Motion. This Court has held many times that the "[f]ailure to fulfill the requirements of Local Rule 7(m) is grounds for denial of a discovery motion." *All Assets*, 202 F. Supp. 3d at 6 (first citing *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 235 F.R.D. 521, 528 (D.D.C. 2008); then citing *United States v. Sci. Applications Int'l Corp.*, 555 F. Supp. 2d 40, 47 (D.D.C. 2008); and then citing *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006)). Denial of such a motion is appropriate because the Rule "serves the crucial function of preventing the unnecessary expenditure of the Court's time and resources adjudicating a dispute that the parties could have resolved themselves." *Id.* at 6–7. When, as here, the movant skips over the good-faith-negotiation step, the Court's time is necessarily wasted. The appropriate remedy is the denial of the Motion.

### B.  The Second RFPs are not duplicative and do not cause an undue burden or expense.

Smartmatic falsely accuses OAN of doing things to "drive up the time [and] expense" of discovery and cause "delay." (Dkt. 81, ECF p. 5.) But as detailed above, OAN has made several attempts to reach a compromise on the Second RFPs that would still provide OAN the discovery it needs to prepare for trial.

Indeed, Smartmatic helped create the situation of which it now complains. In part as a response to Smartmatic's over-breadth objections, OAN drafted more specific RFPs in the second set, which necessarily led to a higher number of requests. And while OAN served the same RFPs to all three Plaintiffs, Smartmatic fails to explain why it could not file a second omnibus response

(as it did for the First RFPs), covering each request one time.[6] Smartmatic seemingly wants burden-free discovery, but that is not what the Rules provide. The Second RFPs do not cause an *undue* burden, given the complexity of this lawsuit and sheer scope of the Complaint, voluminous attached exhibits, number of complained of statements, and billions of dollars in damages sought. *See* Fed. R. Civ. P. 26(c).

Smartmatic implies that it has already produced—or will soon produce—all relevant documents. (Dkt. 81, ECF pp. 5, 20 (describing its purported diligence with search terms, custodians, and timeframes)). But when OAN asked Smartmatic to confirm that it is not withholding responsive documents based on its previous overbreadth objections, Smartmatic refused to do so. (Ex. D, July 8–12 emails.) If Smartmatic were truly confident that it had already identified *all* relevant documents, responding to new RFPs would be simple. Instead, Smartmatic spent at least as much time seeking a protective order to avoid responding to any further document requests. This suggests Smartmatic is in fact still withholding documents responsive to the new RFPs.

Smartmatic's Appendix B (Dkt. 81-8) purports to identify examples of duplicative RFPs. (Dkt. 81, ECF p. 13 n.4.) But there are notable differences between RFPs in the two sets, so they are not truly duplicative. For example, in several instances, the First RFPs only sought documents "supporting" Smartmatic's contentions. (*See, e.g.*, Dkt. 81-3, RFPs 17, 42–59.) The Second RFPs, in contrast, seek documents "concerning" Smartmatic's contentions, which naturally includes documents that might undermine (rather than "support") Smartmatic's contentions. (*See, e.g.*, Dkt.

---

[6] Given that the three sets of Second RFPs are *identical* and that Smartmatic has already devoted many hours compiling its Appendix B (Dkt. 81-8) (rather than negotiating with OAN), it is a mystery why "Smartmatic must analyze 1,500 requests individually, in comparison with each other, …") (Dkt. 81, ECF p. 26).

81-5, RFPs 103, 110, 113, 114, etc.) Such documents are critical to OAN's defenses. Indeed, Smartmatic's Motion tellingly declines to dispute the relevance of *any* of the Second RFPs.

Even a cursory review of Appendix B (Dkt 81-8) reveals that many of the RFPs Smartmatic claims are duplicative are not only different, they are entirely unrelated:

| | |
|---|---|
| **RFP 71:** All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to [Smartmatic v. Fox, Smartmatic v. Newsmax, Smartmatic v. Powell, Smartmatic v. Lindell]. | **RFP 211**: Produce Your document retention, preservation, and destruction policies. |
| **RFP 86**: All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors. | **RFP 304:** Documents and Communications exchanged between You and any of the following: (a) George Soros; (b) the Open Society Foundations; (c) Peter Neffenger; and (d) the Clinton Foundation.<br><br>**RFP 309:** Documents and Communications exchanged between You and any of the following: (a) Donald Trump or his campaign or family; (b) Michael Pence or his campaign; (c) Joe Biden or his campaign or family; (d) Kamala Harris or her campaign; (e) the Democratic Party, its PACs, campaigns, and its affiliates; and (f) the Republican Party, its PACs, campaigns, and its affiliates. |
| **RFP 17**: Documents and Communications that support Your contention that all Smartmatic Entity 'case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results,' as alleged in Paragraph 45 of the Complaint. | **RFP 356:** Documents and Communications concerning any criticisms of, or concerns about, incorrect election definitions and/or ballot designs used in SMARTMATIC SYSTEMS or DOMINION's software, hardware, and other voting machine technology. |

| **RFP 51:** Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint. | **RFP 562:** Documents and Communications referencing the fair market value, book value, estimated value or other value of any assets, property, equipment, software, intellectual property, buildings, land, machinery, inventories, pension assets and/or right-of-use assets owned by any PLAINTIFFS. |
|---|---|

These are not duplicative or cumulative requests. And they are only examples highlighting where Smartmatic's allegation of unreasonably cumulative and duplicative discovery is, at best, erroneous, and, at worst, an improper attempt to avoid its duty to respond to relevant discovery requests. To demonstrate the extent of the differences in the discovery requests—and to show how (in certain instances) OAN narrowed its requests in response to Smartmatic's objections and refusals to produce documents—OAN has provided a more comprehensive and more accurate version of Smartmatic's Appendix B. (App'x A to this Response). Instead of merely listing the numbers of RFPs that are allegedly duplicative, the revised chart places those requests side-by-side.[7] (*Id.*) Where Smartmatic paints with a broad brush and fails to engage with specific requests, OAN shows that the individual RFPs are not duplicative or were narrowed directly in response to Smartmatic's previous objections. (*Id.*)

The examples of "duplication" Smartmatic provides in the body of the Motion (Dkt. 81, ECF pp. 14–23) are just as unhelpful to its arguments. For example, Smartmatic declares that it has "agreed to produce *any* document concerning Dominion, with the exception of joint-defense

---

[7] Smartmatic's Appendix B has a column entitled "Duplicative *First* Set of RFPs." (Dkt 81-8, (emphasis added).) That column, however, also includes RFPs from the *Second RFPs*. (*Id.*) The RFPs from the Second Set include any RFP above 102, the last RFP number in the First Set. (*Id.*) OAN's revised version of the chart lists the RFPs from the two sets side-by-side—the allegedly duplicative RFP from the Second RFPs and the original RFPs from the First RFPs. OAN's revised version also highlights each request from the First RFPs to which Smartmatic either refused to produce documents or objected that the request was overbroad, showing OAN's good-faith efforts to respond to Smartmatic's objections with narrowed requests.

agreements and privileged documents." (*Id.* at 14 (emphasis in original)). But it quickly undermines this representation by limiting production of documents relating to Dominion to a mere six categories. (*Id.*) Smartmatic also narrows the meaning of "*any*" to "any communication with any Dominion email address and any document that says, 'Dominion Voting.'" (*Id.* at 15.) So Smartmatic's purported agreement to produce "*any* document" doesn't really mean any. Documents that refer to "Dominion" but not "Dominion Voting" are excluded. If Smartmatic truly commits to produce "*any* document concerning Dominion," then OAN will agree to withdraw those portions of the Second RFPs seeking documents concerning Dominion. Smartmatic's other Dominion-related examples also miss the mark. (*Id.* at 15–16.)[8] Finally, Smartmatic's claim that RFPs 331 and 414 are duplicative of RFP 81 (*id.* at 16) is simply wrong:

---

[8] For example, RFP 326 (which calls for "Sequoia" documents) is necessary because Smartmatic limited its response to RFP 31 (which relates to "Dominion Entities") to three categories of documents (confirmed at Dkt 81, ECF p. 14), and only as they relate to "Dominion." And RFP 32 is limited to information with any "Dominion Entity" relevant to the "Alleged Defamatory Statements" while RFP 162 more broadly calls for documents pertaining to the factual or legal claims made in the Complaint.

| **RFP 81:** Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request. | **RFP 331:** Produce Documents and Communications concerning the past and current relationship between You and the election companies (a) Election Systems & Software; (b) Hart InterCivic; (c) DOMINION; (d) Unisyn Voting Solutions; (e) Clear Ballot; (f) Hart Verity Voting; (g) Bitza Corporation; (h) SEQUOIA; (i) Konnech Corporation; (j) Premier Election Solutions, Inc. (F/K/A Diebold Election Systems, Inc.); and (k) any other voting technology company. This includes, but is not limited to, agreements or contracts. This request has no time limit.

**RFP 414:** Produce Documents and Communications concerning and between You and (a) DOMINION; (b) Election Systems & Software, Inc.; (c) Hart Intercivic, Inc.; (d) Unisyn Voting Solutions; (e) Clear Ballot; (f) Hart Verity Voting; (g) Bitza Corporation; (h) SEQUOIA; (i) Konnech Corporation; (j) Premier Election Solutions, Inc. (F/K/A Diebold Election Systems, Inc.); or (k) any other voting technology company. |
|---|---|

Smartmatic's other "examples" suffer from similar problems. The RFPs Smartmatic lists as related to the Complaint Allegations (Dkt. 81, ECF pp. 17–18) are either not duplicative,[9] not tied to the Complaint,[10] in answer to Smartmatic's overbreadth objections,[11] or part of OAN's offer to withdraw[12]—an offer Smartmatic has rejected in lieu of filing its Motion. RFPs concerning each

---

[9] (Dkt. 81-3, RFPs 129, 138, 312.) Smartmatic complains that RFP 312 "make[s] it clear that OANN is seeking the broadest scope of discovery possible." But Smartmatic fails to explain how the RFP is duplicative. Smartmatic could have objected and engaged in discussions with OAN's counsel. Instead, Smartmatic ran to the Court.

[10] (Dkt. 81-3, RFPs 235, 312, 314, 325–26, 331, 356, 414.)

[11] (*See* Dkt. 81-3, RFPs 67–68.) As for RFP 67, Smartmatic objected to the reference to all documents "related to" the Complaint and only agreed to produce documents cited in the Complaint. Smartmatic also objected to RFP 68, both generally ("Smartmatic objects to the Requests to the extent that they seek 'any' or 'all' information on the grounds that such Requests are overbroad and unduly burdensome."), and specifically ("to the extent that it seeks 'all' such documents on the grounds that such Requests are overbroad and unduly burdensome."). In response, OAN narrowed its requests in the Second RFPs, and even offered to withdraw certain RFPs if Smartmatic withdrew its objections to RFPs 67 and 68. Smartmatic refused.

[12] (RFPs 113–14, 127, 146, 154, 185, 195–97, 327.)

defamatory statement (Dkt. 81, ECF pp. 18–19) are not duplicative. In any event, Smartmatic could have represented that it would produce all documents and communications relating to OAN, any OAN employee, or any broadcast and statement—and the parties could have resolved this dispute without burdening the Court. Neither are the Second RFPs "internally duplicative." (Dkt. 81, ECF pp. 20–22).[13] And simply because Smartmatic has limited what it is willing to produce in response to the First RFPs does not inherently make the Second RFPs duplicative. (*See id.* at 22).[14]

### C.   For this complex, multi-billion-dollar case, the Second RFPs are proportional.

The scope of discovery is intentionally broad, requiring only that the requested information be both relevant to the parties' claims or defenses[15] and proportional to the case's needs. Parties

---

[13] Of the five RFPs Smartmatic claims are "internally duplicative," OAN offered to withdraw one (RFP 265), and the other four are not duplicative. (RFPs 433 & 479, with RFP 433 seeking documents about Smartmatic's systems versus the broader "electronic voting machines, equipment, or software" in RFP 479; RFPs 375 & 376, seeking documents and communications between Smartmatic and officials from several different countries; RFPs 331 & 414, with RFP 414 ensuring that *all* documents exchanged between the subject parties will be produced, and not just documents concerning the parties' relationships as requested in RFP 331; RFP 498 & 500, with RFP 498 seeking documents "sufficient to show," in case an objection is raised against RFP 500). Even so, a meet-and-confer could have adequately addressed these RFPs.

[14] Smartmatic attempts to compare RFPs 17 and 176 as an example of how OAN's RFPs are duplicative "because of positions the parties have taken in prior negotiations." (Dkt 81, ECF p. 18.) RFP 17 seeks documents "that support" Smartmatic's contentions relating to case studies described in Paragraph 45 of the Complaint. Smartmatic only agreed to produce the case studies themselves. By contrast, RFP 176 seeks all documents and communications "concerning" those same case studies. Not only has Smartmatic refused to produce the documents responsive to either of these requests – whether in negotiations or otherwise – but these requests seek different documents relating to the case studies referenced in Paragraph 45 of the Complaint.

Smartmatic even complains that some of the Second RFPs may overlap with requests already before the Court. (Dkt. 81, ECF pp. 22-24). But the Court's Scheduling Order (with which OAN complied) required that RFPs be served by May 31—before the Court had opportunity to rule on the parties' Joint Notice of Unresolved Discovery. OAN could not both "wait for a ruling," as Smartmatic suggests, and meet its discovery deadline. OAN met the deadline.

[15] In a footnote, Smartmatic claims that "many of the requests . . . are overly broad and not relevant to the claims or defenses in this case" but asserts that it prefers to "focus[] only on the duplicative nature of the requests and the excessive volume" in its request for a protective order. (Dkt. 81,

may obtain discovery on any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering

> (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

*See* Fed. R. Civ. P. 26(b)(1). District of Columbia courts characterize the proportionality inquiry as a balancing test of these six factors, with no single factor outweighing any of the others. *Lamaute v. Power*, 339 F.R.D. 29, 35 (D.D.C. 2021); *see also Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 6 (D.D.C. 2017).

After a pro forma listing of these factors, Smartmatic avoids engaging in the proportionality-balancing test. (*See* Dkt. 81, ECF p. 12.) Although Smartmatic repeatedly complains that OAN's relevant discovery requests are not proportional to the needs of the case, it discusses only one of the six factors: whether the burden or expense of the proposed discovery outweighs its likely benefit. (*See id.* at 8.) In support of its position, Smartmatic cites *Burke v. Air Serv Int'l, Inc.*, No. 07-02335(HHK)(AK), 2009 WL 10696212, at *3 (D.D.C. Aug. 11, 2009) and *Sank v. City Univ. of N.Y.*, 112 Fed. App'x 761, 764 (2d Cir. 2004). (*Id.* at 20–22.) But these unpublished cases rely on the pre-2015 Amendment version of Rule 26. The 2015 Amendment "restore[d] the proportionality factors to their original place in defining the scope of discovery" and added a new proportionality factor—the parties' relative access to the information—while reiterating that each of the factors should "be balanced against the other factors." Fed. R. Civ. P. 26 (cmt. to 2015 Amendment).

---

ECF p. 11 n.3.) Any claim disputing the relevancy of the RFPs is therefore waived and thus need not be addressed in this Response.

Smartmatic's focus on one factor is reason enough to deny the Motion. "'[N]o single factor is designed to outweigh the other factors in determining whether the discovery sought is proportional,' and all proportionality determinations must be made on a case-by-case basis." *Oxbow*, 322 F.R.D. at 6 (alteration in original) (quoting *Williams v. BASF Catalysts, LLC*, Civ. Action No. 11-1754, 2017 WL 3317295, at *4 (D.N.J. Aug. 3, 2017)). And this case is unlike the cases Smartmatic cites in its Motion. Smartmatic seeks over $2 billion in alleged damages in a nearly 200-page complaint with more than 180 exhibits (over 3,300 pages), addressing statements over numerous dates, times, and platforms. (*See, e.g.*, Dkt. 1 ¶¶ 170–71, 438, 452–53.)

In this case, balancing all six of the proportionality factors—as Rule 26 and precedent require—demonstrates that OAN's requests are proportional to the needs of the case. The Court should deny Smartmatic's motion for a protective order.

### 1.    The importance of the issues at stake supports the discovery requests.

There can be no real dispute that the issues at stake in the action are of utmost importance. Smartmatic claims that it now faces a "no win" situation with potential customers that has reduced its business valuation from over $3 billion to less than $1 billion. (Dkt. 1 ¶ 438.) From OAN's perspective, this litigation could affect not only its ability to continue to operate as "an independent, family-run media company, but the principles of free speech and a free press upon which this country was founded." (Dkt. 36, ECF p. 281.) Discovery requests in areas that implicate public policy spheres (including free speech) are given greater weight toward proportionality than those that do not have an impact beyond the parties in the case. *Oxbow*, 322 F.R.D. at 7. That is clearly the case here. Thus, this factor weighs toward a finding of proportionality.

### 2.    The amount in controversy supports the discovery requests.

The amount in controversy in this litigation is significant, as Smartmatic's claimed damages include a reduction in business valuation of more than $2 billion. (Dkt. 1 ¶¶ 438, 452–

53.) *See, e.g.*, *Stati v. Republic of Kaz.*, No. CV 14-1638 ABJ/DAR, 2020 WL 3259244, at *8 (D.D.C. June 5, 2020) (noting than an amount in controversy of $500 million was "high" and weighed toward the proportionality of third-party discovery requests); *see also Cherokee Nation v. U.S. Dep't of the Interior*, 531 F. Supp. 3d 87, 100 (D.D.C. 2021) (factor weighed toward proportionality in request for documents up to 250 years old when plaintiff did not seek monetary damages but issues at stake involved billions of dollars); *U.S. EEOC v. George Washington Univ.*, No. 17-CV-1978, 2020 WL 3489478, at *6 (D.D.C. June 26, 2020) (proportionality review takes into account "the upper range of the defendant's potential exposure").

Smartmatic fails to quantify its estimated cost to respond to the Second RFPs, only claiming that it would "require hundreds of hours of work." (Dkt. 81, ECF p. 27.) The Court need not take this vague assertion at face value. *See Oxbow*, 322 F.R.D. at 5. And the assertion itself is highly dubious. Assuming the truth of Smartmatic's chief complaint—that the new RFPs are entirely duplicative—one can imagine that the responses to the new RFPs would be simple. It is difficult to imagine how responding would require "hundreds of hours." (Dkt. 81, ECF p. 27.) It is more likely, however, that Smartmatic recognizes (but will not admit) that the Second RFPs are not truly all duplicative: thus, they will require production of documents.

Even if Smartmatic's nebulous time estimates *were* accurate, Smartmatic's claimed damages are orders of magnitude greater than the amounts that courts have found weigh toward allowing discovery. *See Oxbow*, 322 F.R.D. at 8 (describing $140,000 in costs to comply with additional discovery request in a case worth $150 million as not excessive and weighing toward proportionality). Thus, even if it would take hundreds of hours, Smartmatic has still not shown that its costs to respond to OAN's discovery requests would be disproportionate to the billions of dollars it seeks in this litigation. This factor weighs toward a finding of proportionality.

**3.      The parties' relative access to relevant information supports the discovery requests.**

Between Smartmatic and OAN, only Smartmatic has access to the relevant information requested. This factor often considers any information asymmetry between the parties because "the burden of responding to discovery lies heavier on the party who has more information, and properly so." *Id.* (quoting Fed. R. Civ. P. 26 advisory committee's notes).

As between Smartmatic and OAN, Smartmatic *alone* has access to information about its purported damages, causation, and its formation, funding, and relevant operations (which would show the truth, substantial truth, or material falsity of OAN's alleged statements). *See Oxbow*, 322 F.R.D. at 8. (finding this factor weighed toward proportionality when the responding party was "in possession of relevant, unique information, and there appears to be no other way for Defendants to obtain this information"); *Cherokee Nation*, 531 F. Supp. 3d at 100 (finding this factor weighed toward proportionality when the responding party had "inherently greater access" to the requested documents); *Stati*, 2020 WL 3259244, at *8 (finding that this factor weighed toward proportionality when the responding entity was "uniquely situated to provide the necessary context" for the information requested). This factor weighs toward a finding of proportionality.

**4.      The parties' resources support the discovery requests.**

Smartmatic claims that its business is valued at hundreds of millions of dollars. (Dkt. 1 ¶ 438.) It has not claimed an inability to pay to respond to OAN's requests, only that doing so "would strain Smartmatic's ability to complete discovery within the constraints of the Court's current schedule." (Dkt. 81, ECF p. 27.) When a party does not object to a request based on an inability to pay, this factor weighs toward proportionality. *See Oxbow*, 322 F.R.D. at 9; *George Washington Univ.*, 2020 WL 3489478, at *5.

18

**5.      The importance of the discovery in resolving the issues supports the discovery requests.**

OAN's requests are critical to resolving the issues between the parties. The Second RFPs address Smartmatic's purported damages, causation, and the material falsity, truth, or substantial truth of OAN's alleged statements.[16] And Smartmatic has sought compensatory damages for economic loss allegedly caused by OAN's statements. (Dkt. 1 ¶¶ 452–53, 466–67.) Thus, OAN's requests address issues central to Smartmatic's claims and OAN's defenses. *See Cherokee Nation*, 531 F. Supp. 3d at 101 (finding this factor weighed toward proportionality when 250 years' worth of documents requested were "critical to any resolution of this litigation"); *Stati*, 2020 WL 3259244, at *8 (finding that this factor weighed toward proportionality when the information requested was "central" to the remaining issue in the case).

Moreover, as discussed above, OAN timely served these requests for production before the Court's deadline of May 31, 2023. (Dkt. 42.) The deadline to serve additional requests has now passed. Under the Scheduling Order, OAN's Second RFPs are its *final* opportunity to obtain documents relevant to Smartmatic's claims and OAN's defenses—not the opening salvo in a protracted discovery period. *See Oxbow*, 322 F.R.D. at 8 (finding that this factor weighed toward proportionality when the request had merit and was "not intended to be the first strike in a war of attrition"). This factor also weighs toward a finding of proportionality.

**6.      Whether the burden or expense of the proposed discovery outweighs its likely benefit supports the discovery requests.**

The burden or expense of OAN's discovery requests does not outweigh the likely benefit. Smartmatic rests its entire argument on this factor: it does not even discuss the other five factors

---

[16] Truth or substantial truth is a complete defense to defamation. *Arpaio v. Zucker*, 414 F. Supp. 3d 84, 90 (D.D.C. 2019); *see also Klayman v. Judicial Watch, Inc.*, No. CV 06-670 (CKK), 2019 WL 1244079 (D.D.C. Mar. 18, 2019) (truth as a defense to an injurious falsehood claim), *aff'd*, 6 F.4th 1301 (D.C. Cir. 2021).

above. The plaintiff in *Oxbow* took the same, unsuccessful approach. *See Oxbow*, 322 F.R.D. at 9. But just as in *Oxbow*, the burden or expense of responding to OAN's discovery requests does not outweigh the likely benefit.

> **a)  OAN's requests are likely to produce new relevant information.**

OAN's discovery requests are likely to produce new, relevant information, which presumably is why Smartmatic chose to spend time preparing the Motion rather than simply responding to the Second RFPs. For example, in the first set of RFPs, OAN requested documents and communications related to investments by the Venezuelan government into Smartmatic entities, as detailed below:

---

**REQUEST NO. 41:**
Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks documents containing confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Smartmatic will not produce documents in response to this Request.

---

(Dkt. 81-3, RFP 41.)[17]

---

[17] Although Smartmatic has not challenged relevance in its Motion, OAN points the Court to Smartmatic's Complaint, in which it complained of a statement linking Smartmatic to Sequoia and the Venezuelan government. (*See* Dkt 1 ¶ 136.)

In response to these objections, OAN crafted multiple distinct requests to capture information relevant to the truth or substantial truth of its statements about Smartmatic's links to Sequoia and the Venezuelan government and adjusted the timeframes for some of those requests:

> **REQUEST FOR PRODUCTION NO. 334:**
> Produce Documents and Communications concerning Your decision to sell or divest ownership of SEQUOIA, including any discussion of strategic considerations or the Committee on Foreign Investment in the United States investigation of any PLAINTIFFS. This request has no time limit.

> **REQUEST FOR PRODUCTION NO. 335:**
> Produce Documents and Communications from 2006 to 2008 concerning any PLAINTIFFS' strategy or reasoning behind the decision to cease offering its election technology, including without limitation SMARTMATIC SYSTEMS, to customers in the United States upon any PLAINTIFFS' divestment of its ownership in SEQUOIA on or about September 18, 2007.

> **REQUEST FOR PRODUCTION NO. 336:**
> Produce Documents and Communications concerning any regulatory, technical, and/or political challenges or obstacles caused by any PLAINTIFFS' acquisition of SEQUOIA that affected any PLAINTIFFS' attempts to offer, sell, or license its election technology, including without limitation SMARTMATIC SYSTEMS, to customers in the United States from 2005 to 2008.

> **REQUEST FOR PRODUCTION NO. 587:**
> Produce Documents and Communications concerning the Sale and Security Agreement between You and SEQUOIA concerning Your divestiture of SEQUOIA. This request includes but is not limited to the Sale and Security Agreement, communications between You and any government agency, official, or employee relating to Your acquisition and/or divestiture of SEQUOIA, and all documents and communications relating to the negotiation, execution of and compliance with the Sale and Security Agreement.

OAN sought to discover new, relevant information through each of these requests—information Smartmatic earlier refused to produce in response to what it claimed was an overly broad request. OAN responded by more specifically tailoring that request. Now Smartmatic claims that each of these four unique requests—and eleven others—are somehow duplicative of Request

No. 41. Smartmatic cannot show that these requests will not produce new, relevant information, and the Court should not tolerate Smartmatic's attempt to unilaterally and unreasonably decide that requested discovery is not relevant or discoverable under proportionality based solely on its own. *Keel v. Wacker Chem. Corp., LLC*, No. CV 20-10085, 2020 WL 12688177, at *2 (E.D. Mich. Nov. 10, 2020); *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1192 (10th Cir. 2009) ("[A] party should not be limited by its opponent's theory of the case in determining what is discoverable.").

**b)    OAN's requests are neither duplicative nor excessive.**

Smartmatic bases this challenge on the alleged "excessive number" and "duplicative nature" of OAN's requests. (Dkt. 81, ECF pp. 25–26.) As discussed above, OAN's discovery requests are not duplicative and, instead, respond directly to objections previously made by Smartmatic. OAN tailored its Second RFPs to address Smartmatic's overbreadth objections to OAN's First RFPs. OAN has offered to rescind these narrowed, discrete requests if Smartmatic is willing to rescind its objections and produce documents responsive to OAN's earlier requests. Smartmatic has refused, demonstrating that its primary interest is in stonewalling OAN's ability to obtain relevant discovery, rather than raising legitimate concerns.

Given the relevance of the information sought, the discovery conducted to date, and the damages Smartmatic seeks, OAN's requests are not unduly burdensome or disproportionate.[18] This factor also weighs toward a finding of proportionality.

---

[18] *See Oxbow*, 322 F.R.D. at 9 (request that would add $142,000 to plaintiff's $1.4 million in discovery expenditures on a case seeking $150 million was not unduly burdensome or disproportionate); *Zubulake v. UBS Warburg, LLC*, 217 F.R.D. 309, 321 (S.D.N.Y. 2003) ($100,000 to respond to a discovery request in a multi-million dollar case was not unduly burdensome); *Xpedior Creditor Tr. v. Credit Suisse First Bos. (USA), Inc.*, 309 F. Supp. 2d 459, 466 (S.D.N.Y. 2003) ($400,000 to respond to discovery in litigation involving at least $68 million in damages was "relatively insignificant").

**c)** **Smartmatic's citations are inapposite.**

The cases Smartmatic cites for its argument that the Second RFPs impose an unreasonable burden (Dkt. 81, ECF pp. 26-27) actually support allowing the discovery requests to stand. *Bilek* permitted 149 requests for production to the plaintiff in a purported class action suit with statutorily limited damages ($500 per phone call). *Bilek v. Nat'l Cong. of Employers, Inc.*, No. 18 C 3083, 2021 WL 320610, at *1–2 (N.D. Ill. Feb. 1, 2021); *see also* Complaint, *Bilek v. Nat'l Cong. of Employers, Inc.*, No. 18 C 3083, 2018 WL 11229813 (N.D. Ill. Apr. 30, 2018). *Green* limited a plaintiff from serving more discovery requests beyond the 1,172 already served on three defendants—notably, the defendants ***did not request*** that the court limit any of the 1,172 requests already served. *Green v. Las Vegas Metro. Police Dep't*, No. 2:20-CV-00769 KJD-DJA, 2021 WL 4149017, at *1 (D. Nev. Aug. 12, 2021). And *Rapaport* prevented a defendant from serving 843 discovery requests when the case itself clearly was not complex. *Rapaport v. Soffer*, No. 2:10-CV-935-MMD-RJJ, 2012 WL 6800377, at *3 (D. Nev. Dec. 31, 2012).[19]

That is not the case here. *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, No. A-15-CV-134-RP, 2016 WL 5922315, at *2 (W.D. Tex. Oct. 11, 2016) ("As the Court noted at the outset of the hearing, the sheer number of attorneys who have made appearances in the case (24 by the Court's count) is a persuasive demonstration of the importance of the issues at stake here, the value of the case, and that the parties have significant resources available to them. Proportionality is thus not at issue in this discovery dispute.").

\* \* \* \*

Each of the six proportionality-balancing factors weighs toward finding that OAN's Second RFPs are proportional to the needs of the case. *See Oxbow*, 322 F.R.D. at 9–10. Therefore,

---

[19] In this pre-2015 case, the court did not address the proportionality factors in its analysis.

Smartmatic's motion for a protective order, aimed at avoiding any response to OAN's requests, should be denied.

### D.   Sanctions against OAN are not warranted.

In seeking to shield itself from the entire Second RFPs, Smartmatic also asks for sanctions against OAN, quoting Fed. R. Civ. P. 37(a)(5)(A). Nothing in the record, however, supports the suggestion that OAN used discovery as a "tactical weapon[]." (*See* Dkt. 81, ECF 28.) Likewise, there is no support for the allegation that OAN's "new counsel used the Second RFPs to buy itself time and hinder Smartmatic's ability to move discovery forward." (*Id.*) OAN rightfully served the requests by the Court's deadline; Smartmatic, on the other hand, asked for a two-month extension of the RFP deadline, and now refuses to provide discovery responses due weeks ago. Smartmatic's arguments belie the facts.

Smartmatic also overlooks Rule 37(a)(5), which states that even if a court grants a motion for protection, "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain [relief] without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The record shows that Smartmatic declined to confer in good faith and disregarded Judge Nichols' Standing Order. Those actions alone show sanctions are not warranted against OAN. *See Jangjoo v. Sieg*, No. 1:16-CV-00870 (TNM), 2018 WL 11255535, at *1 (D.D.C. Apr. 13, 2018) (motion for sanctions was procedurally deficient when party failed to confer and failed to seek leave of court to file); *Simms v. Ctr. for Corr. Health & Pol'y Stud.*, 272 F.R.D. 36, 39 (D.D.C. 2011) (denying a motion for sanctions when defendant did not make a good faith attempt to confer). And the fact that the scope of the RFPs—which Smartmatic repeatedly inflates by counting the same set of RFPs three times—largely stemmed directly from Smartmatic's own over-breadth objections, along with its refusal to

withdraw them, also cautions against awarding sanctions. *See Borum v. Brentwood Vill., LLC*, No. 16-1723 (RC), 2020 WL 5291982, at *8 (D.D.C. Sept. 4, 2020) (declining to award sanctions where discovery actions were substantially justified if "reasonable people could differ in their views" on the issue). Again, we are where we are in discovery because of Smartmatic's actions.

Finally, OAN notes that Rule 37(a)(5) states that if a motion for protection is *denied*, a court "*must*, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B) (emphasis added). But a court must not order the payment if the motion "was substantially justified or other circumstances make an award of expenses unjust." *Id.* In light of the entire record, and Smartmatic's failure to confer on a potential compromise, OAN should not be required to pay any expenses—if anything, it is Smartmatic that should be ordered to pay OAN's fees.

## Prayer

OAN respectfully asks the Court to deny Plaintiffs' Motion for Protective Order, order Smartmatic to respond to the Second RFPs within 7 days, and award OAN all such further relief to which it may be justly entitled.

Dated: July 21, 2023                    By: */s/  Charles L. Babcock*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
cbabcock@jw.com
Jonathan D. Neerman (*D.D.C. admission pending*)
D.C. Bar No. 90003393
jneerman@jw.com
John K. Edwards
(admitted *pro hac vice*)
jedwards@jw.com
1401 McKinney Suite 1900
Houston, TX 77010
(713) 752-4210 (Direct Dial)
(713) 308-4110 (Fax)

*/s/ R. Trent McCotter*
R. Trent McCotter (D.C. Bar No. 1011329)
Boyden Gray & Associates
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Defendant*

26

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July 2023, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system, which I understand to have

served counsel for the parties.

/s/ *R. Trent McCotter*
R. Trent McCotter