# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SMARTMATIC USA CORP.,<br>SMARTMATIC HOLDING B.V., AND<br>SGO CORPORATION LIMITED,<br><br>        Plaintiffs,<br><br>  v.<br><br>HERRING NETWORKS, INC., D/B/A<br>ONE AMERICA NEWS NETWORK,<br><br>        Defendant. | No. 1:21-cv-02900-CJN-MAU<br><br>Magistrate Judge Moxila A. Upadhyaya |

## DECLARATION OF CARL C. BUTZER
## IN SUPPORT OF RESPONSE TO MOTION FOR PROTECTIVE ORDER

I, Carl C. Butzer, declare as follows:

1.      I am over the age of 21 and competent to make this declaration. I am currently a partner of Jackson Walker LLP and am one of the counsel of record from my firm representing Herring Networks, Inc., d/b/a One America News Network ("OAN"). I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of OAN's Response to Smartmatic's Motion for Protective Order.

2.      On June 21, 2023, Olivia Sullivan, Plaintiffs' counsel, sent a letter to John Edwards, OAN's counsel, in preparation for the parties' June 22 meet and confer regarding OAN's Second Set of Requests for Production ("Second RFPs"). Attached hereto as Exhibit A is a true and correct copy of that letter.

3.      On June 27, 2023, Mr. Edwards sent a letter to Ms. Sullivan responding to her June 21 letter. Attached hereto as Exhibit B is a true and correct copy of that letter.

4.      On June 28, 2023, Caitlin Kovacs, Plaintiffs' counsel, sent an email to Mr. Edwards regarding OAN's Second RFPs. Attached hereto as Exhibit C is a true and correct copy of that email correspondence.

5.      On July 8, 2023, Mr. Edwards emailed Ms. Kovacs regarding Smartmatic's motion for protective order. Several emails were exchanged between July 8 and July 12. Attached hereto as Exhibit D is a true and correct copy of that email correspondence.

6.      Within a month of making an appearance in this case, new counsel for OAN, Jackson Walker LLP, reached agreement with Smartmatic's counsel on the number of OAN custodians (63) and the search queries to be applied to OAN documents (235). Recently, the parties agreed on a deadline for both parties to substantially complete document production.


I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on July 21, 2023.


_____

Carl C. Butzer

# EXHIBIT A



Olivia E. Sullivan
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.212.4946
Fax:  312.767.9192
osullivan@beneschlaw.com

June 21, 2023

**VIA EMAIL**

John Edwards
Jackson Walker LLP
1401 McKinney St., Suite 1900
Houston, TX 77010

      Re:    *Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network*; Case No. 1:21-cv-02900-CJN

Dear Counsel:

In preparation for our June 22 meet and confer with regard to OANN's Second Set of RFPs, we have outlined below a handful of key areas where those RFPs are duplicative. Because of the high number of RFPs, it is impossible for us to address each request individually. Regardless, to facilitate our conversation, we have identified exemplar categories of duplicative RFPs to illustrate the issue. These categories are examples only and do not describe the entire universe of duplicative RFPs.

***Example 1 – Dominion***: In the Second Set of RFPs, there are approximately 20 RFPs that seek documents and communications with or concerning Dominion. The first set of RFPs already requested extensive documents and communications with Dominion. (*See, e.g.*, RFP Nos. 31, 32, 81, and 99.) In response to these requests, the parties have already negotiated the scope of documents Smartmatic would produce. Smartmatic agreed to produce any document with or concerning Dominion with the exception of joint defense agreements and privileged documents. Smartmatic agreed to search for such documents using the following terms:

- *@dominionvoting.com

- "Dominion Voting" or *dominionvoting.com

- Dominion AND (sequoia OR SVS)

- (Dominion OR DVS) AND (bid OR market OR "US" OR "United States" OR "U.S." OR machin* OR lease OR assign* OR IP OR "intellectual property" OR compet* OR Venezuela OR Philippine* OR leas* OR contract OR litig* OR lawsuit OR case OR lawyer* OR Edge* OR renew* OR better OR cost OR proposal)

John Edwards
June 21, 2023
Page 2

- (Sequoia OR SVS) AND (Smartmatic OR Blaine OR Chicago OR "United States" OR "US" OR "U.S." OR divest* OR acqui* OR "intellectual property" OR "IP" OR Venezuela* OR "Cook County" OR market OR Edge* OR software OR litigation OR lawsuit OR case OR bid OR machin* OR dominion OR "Sale and Security" OR sale OR divest* OR sold)

Given the broad scope of OANN's First Set of RFPs with regard to Dominion, the parties' agreements regarding what will be produced relating to Dominion, and the agreed upon search terms, requests regarding Dominion in OANN's Second Set of RFPs are duplicative. (*See, e.g.*, RFP Nos. 162, 197, 235, 325, 326, 327, 331, 414.)

The same issues apply to all of the RFPs concerning Sequoia. There are numerous RFPs in OANN's Second Set that are duplicative of the First Set of RFPs, each other, and the broad scope of documents Smartmatic has agreed to produce.

***Example 2 – Support for Complaint***: More than 50 of the Second Set of RFPs seek documents concerning or supporting Smartmatic's contentions within its the Complaint. These RFPs are duplicative for four reasons. *First*, in response to RFP Nos. 43, 67, and 69, Smartmatic has already agreed to produce a broad scope of documents relating to support for contentions in its Complaint. *Second*, there are RFPs like Nos. 176 and 227, where the parties already negotiated what Smartmatic would produce relating to the topics in those RFPs. RFP No. 17 pertains to the same case studies noted in RFP Nos. 176 and 227, and Smartmatic and OANN have already met and conferred about what would or would not be produced regarding those case studies. (*See* RFP No. 17.) *Third*, many of the RFPs in OANN's Second Set that reference allegations in the Complaint are duplicative of topics requested by other RFPs, which Smartmatic has already agreed to respond to. For example, RFPs that concern Smartmatic's relationship with Dominion as detailed in the Complaint are duplicative for the reasons stated above in the discussion of Dominion. (*See, e.g.*, RFP Nos. 113, 129, 138, 146, 154, 185.) *Fourth*, many of the RFPs seeking support for contentions in the Complaint are duplicative of each other. For example, RFP Nos. 546, 547, 548, 549, and 550 request documents and communications concerning the same Complaint allegations as RFP Nos. 47, 48, 49, 50, and 67.

***Example 3 – Defamatory Broadcasts***: OANN's Second Set of RFPs not only contains a request for documents and communications concerning all defamatory broadcasts and all defamatory statements, it also includes additional RFPs for each individual defamatory broadcast. (*See, e.g.*, RFP Nos. 104, 105, 106, 111, 121.) The RFPs also request documents and communications with or concerning the hosts of those broadcasts and the guests on those broadcasts. (*See, e.g.*, RFP No. 303.)  All of these are duplicative. Smartmatic already agreed to produce extensive documents and communications related to the defamatory broadcasts along with the hosts and guests in response to OANN's RFP Nos. 4, 5, 6, 7, 43, and 68. In addition, as part of its collection process, Smartmatic agreed to run variations of the terms "Herring," "One America News," and "OANN," as well as all of the names of the broadcasts, the hosts, and guests.

OANN's Second Set of RFPs contain hundreds of duplicative requests, which places an undue burden on Smartmatic. Smartmatic has already agreed to produce approximately 3 million documents in this matter in response to the First Set of RFPs, most of which cover the same topics as the Requests in the Second Set of RFPs. While OANN may have new counsel, that shift does

John Edwards
June 21, 2023
Page 3

not obviate the extensive negotiations and agreements that have already occurred between the parties, and in no event should Smartmatic be required to respond to the 1,500 Requests in OANN's Second Set of RFPs. We look forward to discussing these issues at our meet and confer, and hope OANN will consider withdrawing its most recent Requests to avoid bringing another dispute to the Court.

Very truly yours,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

/s/ Olivia E. Sullivan

Olivia E. Sullivan

# EXHIBIT B



John K. Edwards
(713) 752-4319 (Direct Dial)
(713) 308-4117 (Direct Fax)
jedwards@jw.com

June 27, 2023

*Via Email*
Caitlin Kovacs, Esq. (ckovacs@beneschlaw.com)
Olivia Sullivan, Esq. (osullivan@beneschlaw.com)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606

Re:   ***Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America
      News Network*, Case No. 1:21-cv-02900-CJN (D.D.C.)**

Dear Caitlin and Olivia:

I write in response to your letters dated June 21 ("June 21 Letter") and June 24 ("June 24 Letter") regarding OAN's Second Set of Requests for Production served on May 31, 2022 ("2nd RFPs").

As pointed out in our meet and confer regarding the 2nd RFPs on June 22, 2023, the number of document requests made by OAN to each named plaintiff is consistent with the breadth and scope of the Complaint, which totals 469 paragraphs and more than 3,500 pages (including the 181 attached exhibits). The sheer breadth of the Complaint, the scope of the allegations and challenged statements, and the exorbitant damages claimed require OAN to obtain substantial discovery in its defense of this lawsuit. OAN's written discovery requests are, accordingly, proportionate to the needs of this case and do not impose an unreasonable burden on any of the three Smartmatic plaintiffs.

That said, at your request, we have undertaken a good faith effort to review the pending document requests to determine whether agreements can be reached that would reduce the total number. Below are the results of this review, including a proposal that should obviate the purported need to seek a protective order due simply to perceived duplication of certain requests.

1.      OAN's 2nd RFPs Are Not Wholly Duplicative. OAN disagrees with Smartmatic's assertion that the 2nd RFPs are entirely duplicative of the first set of requests ("1st RFPs"), and accordingly OAN declines Smartmatic's invitation to withdraw the 2nd RFPs in their entirety. Smartmatic must comply with federal rules and practice and object to each RFP to which an objection is deemed appropriate. *See* Fed. R. Civ. P. 34(b)(2)(C) (requiring objections to "specify the part" of the request it is withholding materials pursuant to the objection).

2.      Smartmatic's Exemplars Are Not Wholly Duplicative. Smartmatic's June 21 Letter purported to identify several examples from the 2nd RFPs that Plaintiffs claim to be wholly

June 27, 2023
Page 2

_____

duplicative of requests made in the 1ˢᵗ RFPs. However, many of Plaintiffs' examples are not duplicative of any previously served request—indeed, many show the opposite:

a.  As for the Dominion-related Requests, Smartmatic alleges RFP Nos. 162, 197, 235, 325, 326, 327, 331, and 414 are duplicative of previously served Requests. But as explained during our meet and confer, there are key differences between the 1ˢᵗ RFPs and 2ⁿᵈ RFPs. As an example, RFP No. 235 asks for "Documents and Communications related to Your controlled, owned, or licensed source code, voting machines, or voting technology that originated, was developed by, or was invented by a THIRD PARTY, including but not limited to DOMINION, SEQUOIA, or any other THIRD PARTY." RFP No. 235 is distinct from the 1st RFPs because it specifically identifies and requests source code invented or developed by third parties, including Dominion and Sequoia. Smartmatic cannot show how this is duplicative of any of the 1ˢᵗ RFPs. This RFP further seeks unique information because the default timeframe listed in these requests is different. If Smartmatic agrees to produce responsive documents, then it should simply say so in response – doing so imposes no undue burden.

b.  RFP No. 162 seeks "Documents and Communications exchanged between You and DOMINION concerning the factual or legal claims made in Your COMPLAINT or the case styled *US Dominion, Inc, et al. v. Herring Networks, Inc.*, et al., No. 1:21-cv-02130." This Request is demonstrably distinguishable from the previously served RFPs, at a minimum because of its express identification of Documents and Communications between Smartmatic and Dominion concerning the Dominion lawsuit. Again, if Smartmatic agrees to produce responsive documents, then it should simply say so in response – doing so imposes no undue burden.

c.  RFP 414 seeks "Documents and Communications concerning and between You and (a) DOMINION; (b) Election Systems & Software, Inc.; (c) Hart Intercivic, Inc.; (d) Unisyn Voting Solutions; (e) Clear Ballot; (f) Hart Verity Voting; (g) Bitza Corporation; (h) SEQUOIA; (i) Konnech Corporation; (j) Premier Election Solutions, Inc. (F/K/A Diebold Election Systems, Inc.); or (k) any other voting technology company." This Request is different in scope than any previously served Requests, at a minimum because (1) the 2ⁿᵈ RFPs have a relevant timeframe (unless otherwise modified) of January 1, 2014 to present; and (2) this Request is inclusive of entities not identified in the previously served Requests, including, without limitation, Unisyn Voting Solutions, Clear Ballot, Hart Verity Voting, and Bitza Corporation. For similar reasons, RFP 331 is distinguishable from the previously served Requests.  Again, if Smartmatic agrees to produce responsive documents, then it should simply say so in response – doing so imposes no undue burden.

d.  As for the "support for Complaint" Requests, Smartmatic alleges a number of the 2ⁿᵈ RFPs are duplicative of previously served Requests. Again, as an example, Smartmatic alleges RFP Nos. 176 and 227 are duplicative of RFP No. 17. But RFP Nos. 176 and 227 are distinguishable for at least two reasons: (1) RFPs 176 and 227 seek "Documents and Communications concerning" the case studies and references, whereas RFP 17 is

June 27, 2023
Page 3

---

narrower in scope, seeking "Documents and Communications that support" Smartmatic's specific contentions that the "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results"; (2) Smartmatic has not agreed to produce the "drafts of the case studies and Documents and Communications concerning the creation of the case studies" as requested in RFP No. 227; and (3) RFP 17 does not address the "references" discussed in Paragraph 46 of the Complaint, whereas RFP 227 seeks "Documents and Communications concerning the case studies and references discussed in Paragraphs 45 and 46 . . .". Again, if Smartmatic agrees to produce responsive documents, then it should simply say so in response – doing so imposes no undue burden.

e.  Smartmatic's assertion that "many of the RFPs seeking support for contentions in the Complaint are duplicative of each other" is inaccurate. Indeed, RFP Nos. 546, 547, 548, 549, and 550 are not so limited to "support for contentions" but include any "Documents and Communications **_concerning_**" the respective topics and contentions. This would include Documents and Communications that would cast doubt on or refute Smartmatic's contentions in its Complaint. Again, if Smartmatic agrees to produce responsive documents, then it should simply say so in response – doing so imposes no undue burden.

f.  With respect to the alleged "defamatory broadcasts," Smartmatic again broadly claims that the 2nd RFPs are duplicative of previously served Requests. For example, while RFP Nos. 302 and 303 are similar to RFP No. 5, the Requests are not duplicative for at least the following reasons: (1) RFP Nos. 302 and 303 are broader to include Documents *and Communications*; (2) the list of individuals identified in RFP No. 303 is far more expansive than the definition of "Herring Guests"; and (3) the relevant time periods for RFP Nos. 302 and 303 are January 1, 2016 and January 1, 2014, respectively—which is broader in scope than the January 1, 2018 time period of RFP 5. Similarly, with respect to RFP 6, RFP 303 is inclusive of the substance of RFP 6— but not the other way around. Again, if Smartmatic agrees to produce responsive documents, then it should simply say so in response – doing so imposes no undue burden.

3.  <u>Smartmatic must withdraw its overbroad objections</u>. Smartmatic has lodged overbroad objections to nearly every request Smartmatic has identified in the 1st RFPs. If Smartmatic requests withdrawal of certain requests in its 2nd RFPs, Smartmatic must likewise reciprocate and withdraw its overbroad objections to the 1st RFPs.

4.  <u>Correction to Smartmatic's June 24 Letter.</u> We disagree with many of your characterizations regarding the 2nd RFPs and your representations of statements made during our June 22 conference call and as reflected in your June 24 Letter. For example, you state that "OANN maintained that the Second Set of RPFs includes requests that encompass broader or different categories of than what [sic] is encompassed by Smartmatic's responses to the First Set of RFPs, the parties' prior agreements, and/or search terms." It is unclear from this statement what exactly

June 27, 2023
Page 4

you are trying to commemorate from our conference call with respect to Smartmartic's prior "responses."

5.    Proposal.  In the spirit of compromise, below is a proposal to withdraw certain requests from the 2nd RFPs, *which is made expressly contingent upon Smartmatic withdrawing its overbroad objection to the respective requests in the 1st RFPs and agreeing to produce all responsive documents called for by the more narrow, subsumed RFPs identified below.*

| 2nd RFP Compromise Proposals | | |
|---|---|---|
| 1st RFP No(s) | 2nd RFP No(s) | Proposed Compromise |
| 20 | 521, 522 | OAN proposes withdrawing the identified 2nd RFPs, subject to agreement by Smartmatic that: (1) the narrower 2nd RFPs are subsumed within the broader RFP No. 20; (2) the timeframe for RFP No. 20 is from January 1, 2016 to present; and (3) additional search terms may be added, as necessary, to cover the narrower Requests. |
| 26 | 496 | OAN proposes withdrawing the identified 2nd RFP, subject to agreement by Smartmatic that: (1) the narrower 2nd RFP is subsumed within the broader RFP No. 26; and (2) additional search terms may be added, as necessary, to cover the narrower Requests. |
| 31, 33, 81 | 327 | OAN proposes withdrawing the identified 2nd RFP, subject to agreement by Smartmatic that RFP Nos. 31, 33, and 81 have no time limit. |
| 37 | 382, 439, 449 | OAN proposes withdrawing the identified 2nd RFPs, subject to agreement by Smartmatic that: (1) the narrower 2nd RFPs are subsumed within the broader RFP No. 37; and (2) additional search terms may be added, as necessary, to cover the narrower Requests. |
| 41 | 332 | OAN proposes withdrawing the identified 2nd RFP, subject to agreement by Smartmatic that additional search terms may be added, as necessary. |
| 62 | 243, 244, 245, 437, 505, 518, 524 | OAN proposes withdrawing the identified 2nd RFPs, subject to agreement by Smartmatic that: (1) the narrower 2nd RFPs are subsumed within the broader RFP |

June 27, 2023
Page 5

| | | No. 20; and (2) additional search terms may be added, as necessary, to cover the narrower Requests. |
|---|---|---|
| 67 | 103, 110, 113, 114, 115, 118, 120, 127, 129, 131, 132, 133, 134, 135, 138, 139, 140, 142, 143, 144, 146, 148, 150, 154, 155, 156, 158, 160, 175, 178, 179, 180, 181, 182, 184, 185, 186, 187, 188, 189, 190, 191, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 220, 525, 526, 527, 528, 529, 530, 531, 533, 535, 544, 545, 546, 547, 550, 551, 552, 553, 554, 556, 560 | OAN proposes withdrawing the identified 2nd RFPs, subject to agreement by Smartmatic that: (1) the narrower 2nd RFPs are subsumed within the broader RFP No. 67; (2) Smartmatic will withdraw its unilateral proposal to narrowly respond to RFP No. 67 with "documents cited in the Complaint," and will instead agree to produce all documents responsive to RFP No. 67 and the narrower requests it subsumes; and (3) additional search terms may be added, as necessary, to cover the narrower Requests. |
| 68 | 417 | OAN proposes withdrawing the identified 2nd RFP, subject to agreement by Smartmatic that additional search terms may be added, as necessary. |
| 72 | 165, 167 | OAN proposes withdrawing the identified 2nd RFPs, subject to agreement by Smartmatic that: (1) the narrower 2nd RFPs are subsumed within the broader RFP No. 37; and (2) additional search terms may be added, as necessary, to cover the narrower Requests. |
| | 265 | OAN proposes withdrawing RFP No. 265. |

If you have additional proposals to make, we are happy to review them. If you intend, nevertheless, to move for a protective order, we ask that you provide us with a draft at least three (3) days before filing so we can review and address any specific issues to hopefully resolve the dispute. Finally, we are agreeable to extending the deadline for Smartmatic to respond to the 2nd RFPs until Friday, July 7, 2023.

June 27, 2023
Page 6

Sincerely,

John K. Edwards

# EXHIBIT C

| **From:** | Kovacs, Caitlin <CKovacs@beneschlaw.com> |
|---|---|
| **Sent:** | Wednesday, June 28, 2023 10:25 AM |
| **To:** | Edwards, John; Sullivan, Olivia |
| **Cc:** | Butzer, Carl; Blaesche, Minoo; Pickett Shah, Bethany; Dickson, Carter; Emery, Tori; Walsh, Hannah; Rhine, Emily |
| **Subject:** | RE: Smartmatic - Custodians, Search Terms, Pending RFPs |

John,

Thank you for the letter and for OANN's efforts. For the reasons we've explained, this proposal does not alleviate the issue – over 400 RFPs per party remain. We will move for a protective order.

We would appreciate the professional courtesy of an agreed deadline of July 12 for that motion, as we requested in our letter – two weeks from today. I see that you have proposed we file next week instead, which as you know is a holiday week. I appreciate your expressed desire to have a cooperative and respectful relationship with us, and your agreement to a July 12 deadline would support that aim.

Also, we remain available to speak regarding the production schedule this Friday, June 30, any time between 9-2 CT. Please let us know when you're available.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, June 27, 2023 6:32 PM
**To:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Cc:** Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** Smartmatic - Custodians, Search Terms, Pending RFPs

Caitlin/Olivia, please see attached letters addressing last week's meet and confers regarding Smartmatic custodians, search terms, and OAN's pending Second Set of Requests for Production to Smartmatic.

Thanks. – John

**John K. Edwards | Partner**
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4319 | C:  (713) 553-7951 | F: (713) 308-4117
John Edwards - Houston Litigation Attorney - Jackson Walker (jw.com) | jedwards@jw.com



# EXHIBIT D

| | |
|---|---|
| **From:** | Kovacs, Caitlin <CKovacs@beneschlaw.com> |
| **Sent:** | Wednesday, July 12, 2023 4:07 PM |
| **To:** | Edwards, John |
| **Cc:** | Sullivan, Olivia; Butzer, Carl; Blaesche, Minoo; Pickett Shah, Bethany; Dickson, Carter; Emery, Tori; Walsh, Hannah; Rhine, Emily; Wilkes, Christopher; Amattey, Amakie; Maldonado, Jacklyn |
| **Subject:** | RE: Smartmatic/OAN - Meet & Confer Request |
| **Attachments:** | RE: Smartmatic - Custodians, Search Terms, Pending RFPs |

**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**

Hi John,

As I'm sure you recall, we already responded to this proposal in the negative (see attached), which would result in a set of RFPs that is neither non-duplicative nor reasonable. It does not alleviate the undue burden imposed by the Second Set of RFPs where it still includes over 400 RFPs per plaintiff and only removes the rest on the condition we drop all of our objections to the duplicative RFPs from the First Set.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, July 12, 2023 2:29 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** Re: Smartmatic/OAN - Meet & Confer Request

Caitlin, as proposed in my June 27, 2023 letter (attached), we are willing to withdraw the following 92 requests from the Second Set of RFPs if Smartmatic will stipulate that it is not withholding documents under its objections to those requests in the First Set, identified in my letter, that subsume these narrower requests:

RFP Nos. 103, 110, 113, 114, 115, 118, 120, 127, 129, 131, 132, 133, 134, 135, 138, 139, 140, 142, 143, 144, 146, 148, 150, 154, 155, 156, 158, 160, 165, 167, 175, 178, 179, 180, 181, 182, 184, 185, 186, 187, 188, 189, 190, 191, 193, 194,

1

195, 196, 197, 198, 199, 200, 201, 202, 220, 243, 244, 245, 265, 327, 332, 382, 417, 437, 439, 449, 496, 505, 518, 521, 522, 524, 525, 526, 527, 528, 529, 530, 531, 533, 535, 544, 545, 546, 547, 550, 551, 552, 553, 554, 556, 560.

Please confirm whether you agree by the Friday.   Thanks. - John

On Jul 10, 2023, at 7:18 PM, Kovacs, Caitlin <CKovacs@beneschlaw.com> wrote:

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We have asked the Court to quash OANN's second set of RFPs in part because of how burdensome it would be to meet and confer on each of them individually. If you are willing to withdraw them in their entirety, let us know. If you would like to take another shot at a proposal that narrows the set down to a truly non-duplicative and reasonable set of requests, we will happily review it. But we will not be engaging in request-by-request negotiations at this stage.

We will send a word version of Appendix B.

Thanks,
Caitlin

Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Saturday, July 8, 2023 3:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** Smartmatic/OAN - Meet & Confer Request

Caitlin, we've reviewed Plaintiffs' motion for protective order filed last night.  We had previously asked to see the motion in advance of filing, particularly what is set forth in Appendix B, so we could see if any agreements could be reached but you declined (see attached email).  Now that we have it, would you agree to meet and confer over the RFPs referenced in your motion and Appendix B?  If so, let us know when you would be available.

Also, could you please send us a word version of Appendix B?

Thanks. - John


John K. Edwards | Partner
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4319 | C:  (713) 553-7951 | F: (713) 308-4117
 John Edwards - Houston Litigation Attorney - Jackson Walker (jw.com) | jedwards@jw.com