# Appendix A

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| *103[3] | Produce Documents and Communications concerning Your contention that OAN "[v]iewers were dissatisfied with Fox News's initial coverage of the election results and were looking for alternative cable news sources," as alleged in Paragraph 83 of the COMPLAINT. | RFP 4, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 104 | Produce Documents and Communications concerning any of the COMPLAINED OF BROADCASTS. | RFP 4, 5, 6, 43, 68 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street |

---

[1] RFPs 209, 213–14, 216, 221, 226, 230, 232–34, 239–40, 242, 246, 255–57, 259–62, 270, 295, 305–07, 322–23, 330, 337, 341–43, 369, 385, 388, 403, 416, 418, 424, 426–27, 446–47, 452, 471, 475, 483, 576, and 579–80 are not included in this chart. Smartmatic does not allege that these RFPs duplicate OAN's First Set of RFPs. (*See* Ex. B to Motion.)

[2] For certain requests (shaded in gray or blue), Smartmatic refused to produce documents or refused to produce documents until the request was narrowed. (*See* Response at 3.) Duplicative requests are those in which "any relevant documents would be produced in response to [other] discovery requests." *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 376 (S.D.N.Y. 2006). OAN's more tailored requests for documents cannot be duplicative of what Smartmatic has refused to produce.

[3] RFPs with an asterisk are those that OAN proposed to withdraw on June 27, 2023 (and again on July 12) if Smartmatic would withdraw its objections to the scope of the allegedly duplicative requests in the First Set of RFPs. (*See* Ex. D.) Smartmatic refused. (*Id.*)

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 105 | Produce Documents and Communications concerning any of the COMPLAINED OF STATEMENTS. | RFP 4, 5, 6, 42, 43, 68, 70 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. <br> 5: Documents regarding the Herring Guests from January 1, 2018 to present. <br> 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. <br> 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 43: Documents and Communications that support Your contention that Herring acted with actual malice. <br> 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. <br> 70: All Documents received by You or Your attorney from any third party, whether in response to a subpoena duces tecum, open records act request or otherwise, that relate to the Alleged Defamatory Statements or to the allegations in the Complaint. |
| 106 | Produce Documents and Communications concerning the November 12, 2020 broadcast of After Hours with Alex Salvi, as described in Paragraphs 84 and 85 of the COMPLAINT. | RFP 4, 5, 6, 43, 68 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. <br> 5: Documents regarding the Herring Guests from January 1, 2018 to present. <br> 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. <br> 43: Documents and Communications that support Your contention that Herring acted with actual malice. <br> 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 107 | Produce Documents and Communications that identify the "morning and evening newsroom briefings, evenings news programs, and material posted to its website and social media," described in Paragraph 86 of the COMPLAINT. | RFP 4, 5, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 108 | Produce Documents and Communications that identify the "numerous guests," described in Paragraph 86 of the COMPLAINT. | RFP 4, 5, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 109 | Produce Documents and Communications concerning the November 16, 2020 broadcast of News Room, as described in Paragraph 87 of the COMPLAINT. | RFP 4, 5, 6, 43, 68 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| *110 | Produce Documents and Communications concerning Your contention that, "[OAN] knew that it had not seen any evidence supporting Ms. Powell's claims of 'overwhelming evidence of voter fraud' and that Ms. Powell had not presented any evidence supporting her claims," as alleged in Paragraph 88 of the COMPLAINT. | RFP 4, 5, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 111 | Produce Documents and Communications concerning the November 15, 2020 re-broadcast, and the original broadcast, of America This Week, as described in Paragraph 88 of the COMPLAINT. | RFP 4, 5, 6, 43, 68 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 112 | Produce Documents and Communications concerning the November 14, 2020 tweet by "the | RFP 4, 5, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | President's personal attorney, Rudy Giuliani," as described in Paragraph 90 of the COMPLAINT. | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 43: Documents and Communications that support Your contention that Herring acted with actual malice. <br> 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *113 | Produce Documents and Communications concerning Your contention that, "[OAN] knew that Mr. Giuliani had not presented any evidence that Dominion is 'a front' for Smartmatic or that Smartmatic was counting votes in those states," as alleged in Paragraph 90 of the COMPLAINT. | RFP 4, 5, 31, 32, 42, 43, 67, 81, 96 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. <br> 5: Documents regarding the Herring Guests from January 1, 2018 to present. <br> 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. <br> 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements. <br> 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 43: Documents and Communications that support Your contention that Herring acted with actual malice. <br> 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. <br> 81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request. <br> 96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| *114 | Produce Documents and Communications concerning Your contention that, "[OAN] also knew that it had not seen any evidence to support those claims," as alleged in Paragraph 90 of the COMPLAINT. | RFP 4, 5, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. <br> 5: Documents regarding the Herring Guests from January 1, 2018 to present. <br> 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 43: Documents and Communications that support Your contention that Herring acted with actual malice. <br> 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| *115 | Produce Documents and Communications concerning Your contention that, "Mr. Aksalic, and others at [OAN], knew that Ms. Powell did not have any evidence of fraud," as alleged in Paragraph 91 of the COMPLAINT. | RFP 4, 5, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 116 | Produce Documents and Communications that identify the "others at [OAN]," described in Paragraph 91 of the COMPLAINT. | RFP 4, 5, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 117 | Produce Documents and Communications concerning the November 16, 2020 broadcasts of Tipping Point with Kara McKinney, as described in Paragraphs 92 and 93 of the COMPLAINT. | RFP 4, 5, 6, 43, 68 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| *118 | Produce Documents and Communications concerning Your contention that, "Ms. McKinney | RFP 4, 5, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | had not seen any evidence indicating that the 2020 U.S. election had been stolen, much less stolen by Smartmatic," as alleged in Paragraph 92 of the COMPLAINT. | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 119 | Produce Documents and Communications concerning the National Tea Party Movement, as described in Paragraph 93 of the COMPLAINT. | RFP 5, 43, 67 | 5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *120 | Produce Documents and Communications concerning Your contention that, "Ms. McKinney and [OAN] knew that there was no evidence supporting Mr. Johns' implication that Smartmatic rigged the 2020 U.S. election for Joe Biden," as alleged in Paragraph 93 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 121 | Produce Documents and Communications concerning the November 16, 2020 broadcast of News Room, as described in Paragraph 95 of the COMPLAINT. | RFP 4, 5, 6, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 122 | Produce Documents and Communications concerning the podcast Common Sense, including without limitation, episodes published on or around November 13 and November 18, as described in Paragraphs 95 and 119 of the COMPLAINT. | RFP 4, 5, 6, 43, 67, 68 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 123 | Produce Documents and Communications concerning any podcast, whether visual or audio, published or created by Rudolph Giuliani, including without limitation that visual podcast called Common Sense, as described in Paragraph 95 of the COMPLAINT. | RFP 4, 5, 6, 43, 67, 68 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 124 | Produce Documents and Communications concerning the November 17, 2020 broadcast of Tipping Point with Kara McKinney, as described in Paragraph 99 of the COMPLAINT. | RFP 4, 5, 6, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 43: Documents and Communications that support Your contention that Herring acted with actual malice. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 125 | Produce Documents and Communications concerning Judicial Watch, as described in Paragraph 100 of the COMPLAINT, related to any weaknesses, flaws, mistakes, vulnerabilities, bugs, BACKDOOR in SMARTMATIC SYSTEMS, or any allegations of election irregularity. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 126 | Produce Documents and Communications concerning the November 19, 2020 broadcast of Breaking News Live with Patrick Hussion, as described in Paragraph 101 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *127 | Produce Documents and Communications concerning Your contention that, "[OAN] knew both that it had not seen any evidence supporting what Mr. Giuliani said and that Mr. Giuliani had not presented any evidence supporting what he said," as alleged in Paragraph 102 of the COMPLAINT. | RFP 4, 5, 6, 7, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 128 | Produce Documents and Communications concerning the November 19, 2020 broadcast of | RFP 4, 5, 6, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | Real America with Dan Ball, as described in Paragraph 104 of the COMPLAINT. | | 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *129 | Produce Documents and Communications concerning Your contention that, "[OAN] knew it had seen no evidence that Dominion used Smartmatic because that claim is factually false," as alleged in Paragraph 105 of the COMPLAINT. | RFP 31, 32, 42, 43, 67, 81, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. 81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request. 96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| 130 | Produce Documents and Communications concerning the November 20, 2020 broadcast of News Room, as described in Paragraph 106 of the COMPLAINT. | RFP 4, 5, 6, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *131 | Produce Documents and Communications concerning Your contention that, "[OAN] knew it | RFP 4, 5, 6, 7, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | had not seen any evidence that ... Smartmatic was widely used in the 2020 U.S. election," as alleged in Paragraph 108 of the COMPLAINT. | | 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *132 | Produce Documents and Communications concerning Your contention that, "[OAN] knew it had not seen any evidence that ... Smartmatic rigged the 2020 U.S. election for Joe Biden," as alleged in Paragraph 108 of the COMPLAINT and as similarly alleged in Paragraph 117 of the COMPLAINT. | RFP 4, 5, 6, 7, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *133 | Produce Documents and Communications concerning Your contention that "[OAN] knew it had not seen any evidence that . . . Smartmatic has ties to corrupt Venezuelan dictators," as alleged in Paragraph 108 of the COMPLAINT. | RFP 4, 5, 6, 7, 27, 37, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan. 27: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's alleged corrupt business practices, including but not limited to issues or concerns raised by the United States Department of Justice related to the 2004 Venezuelan election and any alleged violation of the Foreign Corrupt Practices Act in connection with the 2016 Philippines election. 37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *134 | Produce Documents and Communications concerning Your contention that "[OAN] knew it had not seen any evidence that . . . Smartmatic previously rigged elections in Venezuela," as alleged in Paragraph 108 of the COMPLAINT. | RFP 4, 5, 6, 7, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *135 | Produce Documents and Communications concerning Your contention that "[OAN] also knew that Mr. Giuliani and Ms. Powell had not provided any evidence corroborating their claims," as alleged in Paragraph 108 of the COMPLAINT. | RFP 4, 5, 6, 7, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 136 | Produce Documents and Communications concerning the November 20, 2020 broadcast of | RFP 4, 5, 6, 43, 68 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | News Room, as described in Paragraph 109 of the COMPLAINT. | | 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 137 | Produce Documents and Communications concerning the November 20, 2020 broadcast of In Focus with Stephanie Hamill, as described in Paragraph 113 of the COMPLAINT. | RFP 4, 5, 6, 43, 68 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| *138 | Produce Documents and Communications concerning Your contention that "[OAN] had not seen any evidence showing that ... Smartmatic was widely used in the 2020 U.S. election, including in Dominion machines," as alleged in Paragraph 117 of the COMPLAINT. | RFP 31, 32, 67, 81, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity.<br>32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request.<br>96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| *139 | Produce Documents and Communications concerning Your contention that "[OAN] had not seen any evidence showing that ... Smartmatic's software was compromised during the 2020 U.S. election while votes were sent to foreign countries," as alleged in Paragraph 117 of the COMPLAINT. | RFP 4, 5, 6, 7, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *140 | Produce Documents and Communications concerning Your contention that "[OAN] knew that none of its guests, Ms. Powell, or Mr. Giuliani had produced any evidence corroborating their claims | RFP 4, 5, 6, 7, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | about Smartmatic," as alleged in Paragraph 117 of the COMPLAINT. | | 7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 141 | Produce Documents and Communications concerning the November 22, 2020 broadcast of News Room, as described in Paragraph 119 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 68 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| *142 | Produce Documents and Communications concerning Your contention that "[OAN] used this graphic even though it knew the OAS was not referring to Smartmatic because Smartmatic stopped working on elections in Venezuela in | RFP 4, 5, 6, 7, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | 2017," as alleged in Paragraph 120 of the COMPLAINT. | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *143 | Produce Documents and Communications concerning Your contention that "Smartmatic stopped working on elections in Venezuela in 2017," as alleged in Paragraph 120 and Paragraph 234 of the COMPLAINT. | RFP 4, 5, 6, 7, 37, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan.<br>37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *144 | Produce Documents and Communications concerning Your contention that "[OAN] also knew that Mr. Giuliani had not produced any evidence supporting his claim that Smartmatic switched votes," as alleged in Paragraph 121 of the COMPLAINT. | RFP 4, 5, 6, 7, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 145 | Produce Documents and Communications concerning the November 23, 2020 broadcast of Tipping Point with Kara McKinney, as described in Paragraph 122 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. <br> 5: Documents regarding the Herring Guests from January 1, 2018 to present. <br> 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. <br> 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 43: Documents and Communications that support Your contention that Herring acted with actual malice. <br> 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *146 | Produce Documents and Communications concerning Your contentions that "[OAN] had not seen any evidence that Smartmatic was widely used in the 2020 election or that Smartmatic was used by Dominion in the 2020 election," and that, "[OAN] also knew that Mr. Waller had not presented any such evidence," as alleged in Paragraph 124 of the COMPLAINT. | RFP 31, 32, 42, 43, 67, 81, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. <br> 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements. <br> 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 43: Documents and Communications that support Your contention that Herring acted with actual malice. <br> 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 147 | Produce Documents and Communications concerning the November 28, 2020 broadcast of Tipping Point with Kara McKinney, as described in Paragraph 125 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. <br> 5: Documents regarding the Herring Guests from January 1, 2018 to present. <br> 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. <br> 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 43: Documents and Communications that support Your contention that Herring acted with actual malice. <br> 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *148 | Produce Documents and Communications concerning Your contentions that "[OAN] had not seen any evidence that Smartmatic rigged the 2020 | RFP 4, 5, 6, 27, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. <br> 5: Documents regarding the Herring Guests from January 1, 2018 to present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | U.S. Election for Joe Biden or that Smartmatic was founded by corrupt dictators," and that, "[OAN] knew that none of its guests, including Mr. Johns, had produced any evidence supporting those claims," as alleged in Paragraph 126 of the COMPLAINT. | | 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 27: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's alleged corrupt business practices, including but not limited to issues or concerns raised by the United States Department of Justice related to the 2004 Venezuelan election and any alleged violation of the Foreign Corrupt Practices Act in connection with the 2016 Philippines election. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 149 | Produce Documents and Communications concerning the December 1, 2020 broadcast of Breaking News Live with Patrick Hussion, as described in Paragraph 127 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *150 | Produce Documents and Communications concerning Your contentions that "[OAN] knew it had not seen any evidence of security weaknesses in Smartmatic's software, generally, or in the Smartmatic software used in Los Angeles County in the 2020 election, specifically," and that, "[OAN] also knew that no witnesses had come forward to support these claims about Smartmatic's software," as alleged in Paragraph 128 of the COMPLAINT. | RFP 4, 5, 6, 20, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 151 | Produce Documents and Communications concerning the December 1, 2020 broadcast of Tipping Point with Kara McKinney, as described in Paragraph 129 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 152 | Produce Documents and Communications concerning the December 3, 2020 broadcast of In Focus with Stephanie Hamill, as described in Paragraph 130 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 153 | Produce Documents and Communications concerning the December 5, 2020 broadcast of News Room, as described in Paragraph 131 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *154 | Produce Documents and Communications concerning Your contention that "[OAN] had seen no evidence that … Dominion machines used Smartmatic software in the 2020 election," as alleged in Paragraph 132 of the COMPLAINT. | RFP 4, 5, 31, 32, 42, 43, 67, 81, 96 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. <br> 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements. <br> 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 43: Documents and Communications that support Your contention that Herring acted with actual malice. <br> ==67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.== <br> 81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request. <br> ==96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present.== |
| *155 | Produce Documents and Communications concerning Your contention that "[OAN] had seen no evidence that . . . Smartmatic software switched any votes in the 2020 election," as alleged in Paragraph 132 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. <br> ==5: Documents regarding the Herring Guests from January 1, 2018 to present.== <br> ==6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.== <br> 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 43: Documents and Communications that support Your contention that Herring acted with actual malice. <br> ==67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.== |
| *156 | Produce Documents and Communications concerning Your assertion that "[OAN] had seen no evidence that ... Smartmatic had ties to any dictators (Venezuelan or Cuban)," as alleged in Paragraph 132 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. <br> ==5: Documents regarding the Herring Guests from January 1, 2018 to present.== <br> ==6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.== <br> 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 43: Documents and Communications that support Your contention that Herring acted with actual malice. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 157 | Produce Documents and Communications concerning the December 7, 2020 broadcast of Tipping Point with Kara McKinney, as described in Paragraph 133 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *158 | Produce Documents and Communications concerning Your assertion that "[OAN] knew it had not seen any evidence, "suggestive" or "indisputable," indicating that voting machines rigged or stole the 2020 U.S. election," as alleged in Paragraph 134 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 159 | Produce Documents and Communications concerning the December 21, 2020 broadcast of News Room, as described in Paragraph 135 of the COMPLAINT. | RFP 4, 5, 6, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *160 | Produce Documents and Communications concerning Your assertions that "[OAN] had not seen any evidence supporting steps two, three, or four," and that, "[OAN] also knew that no one had presented evidence of step two, three, or four," as alleged in Paragraph 136 and Paragraph 137 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 161 | Produce Documents and Communications concerning the testimony of Martin Golingan in Coomer v. Donald J. Trump for President, Inc., et al., No. 2020-cv-034319, including without limitation discussion of his testimony in Paragraphs 138 and 405 of the COMPLAINT. | RFP 4, 7, 67, 68, 99 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. 99: Documents and Communications, including any written common interest agreements, between or among: (i) any Smartmatic Entity, including its attorneys, including but not limited to Benesch, Friedlander, Coplan & Aronoff LLP and Robins Kaplan LLP; and (ii) any Dominion Entity, Eric Coomer, Ruby Freeman and/or Shaye Moss, or any of their respective attorneys or others, including but not limited to Susman Godfrey LLP, Clare Locke LLP, Brownstein Hyatt Farber Schreck LLP, Rodney Smolla (President, Vermont Law School), Snell & Wilmer L.L.P., Farnan LLP, Cain & Skarnulis PLLC, Recht Kornfeld PC, Dowd Bennett LLP, United To Protect Democracy, Inc., DuBose Miller, Ballard Spahr LLP, Kurt G. Kastorf Law Firm, Michael Linhorst, Willkie Farr & Gallagher, LLP, Ballard Spahr, David A. Schulz (Floyd Abrams Lecturer in Law and Senior Research Scholar in Law, Yale Law School), the Yale Law School Media and Information Access Clinic, Floyd Abrams (Senior Counsel, Cahill Gordon & Reindel LLP), the Yale Law School Abrams Institute for Freedom of Expression at the Information Society Project, Lee Levine, the Media Law Resource Center, and/or George Freeman (Executive Director, Media Law Resource Center). |
| 162 | Produce Documents and Communications exchanged between You and DOMINION concerning the factual or legal claims made in | RFP 31, 32, 81, 99 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | Your COMPLAINT or the case styled US Dominion, Inc, et al. v. Herring Networks, Inc., et al., No. 1:21-cv-02130. | | agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements. 81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request. 99: Documents and Communications, including any written common interest agreements, between or among: (i) any Smartmatic Entity, including its attorneys, including but not limited to Benesch, Friedlander, Coplan & Aronoff LLP and Robins Kaplan LLP; and (ii) any Dominion Entity, Eric Coomer, Ruby Freeman and/or Shaye Moss, or any of their respective attorneys or others, including but not limited to Susman Godfrey LLP, Clare Locke LLP, Brownstein Hyatt Farber Schreck LLP, Rodney Smolla (President, Vermont Law School), Snell & Wilmer L.L.P., Farnan LLP, Cain & Skarnulis PLLC, Recht Kornfeld PC, Dowd Bennett LLP, United To Protect Democracy, Inc., DuBose Miller, Ballard Spahr LLP, Kurt G. Kastorf Law Firm, Michael Linhorst, Willkie Farr & Gallagher, LLP, Ballard Spahr, David A. Schulz (Floyd Abrams Lecturer in Law and Senior Research Scholar in Law, Yale Law School), the Yale Law School Media and Information Access Clinic, Floyd Abrams (Senior Counsel, Cahill Gordon & Reindel LLP), the Yale Law School Abrams Institute for Freedom of Expression at the Information Society Project, Lee Levine, the Media Law Resource Center, and/or George Freeman (Executive Director, Media Law Resource Center). |
| 163 | Produce Documents and Communications sufficient to identify each Person responsible for creating, researching, writing, editing, or approving the content of the SMARTMATIC RETRACTION DEMAND. | RFP 4, 5, 6, 42, 43, 68, 72, 101 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. 72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. 101: Documents and Communications related to work by any public relations professional on behalf of any Smartmatic Entity from that Smartmatic Entity's inception to the present. |
| 164 | Produce Documents and Communications sufficient to identify each Person responsible for creating, researching, writing, editing, or approving the content of PLAINTIFFS' retraction demand letter to Fox News, as discussed in Paragraph 141 of the COMPLAINT. | RFP 67, 71, 72, 77, 101 | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). 72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. 77: All Documents and Communications with Fox News Network, LLC and/or Fox Corp. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or coverage of the election. 101: Documents and Communications related to work by any public relations professional on behalf of any Smartmatic Entity from that Smartmatic Entity's inception to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| *165 | Produce a copy of the retraction demand letter(s) from PLAINTIFFS to Fox News, as discussed in Paragraph 141 of the COMPLAINT. | RFP 67, 68, 71, 72, 77, 101 | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). 72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. 77: All Documents and Communications with Fox News Network, LLC and/or Fox Corp. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or coverage of the election. 101: Documents and Communications related to work by any public relations professional on behalf of any Smartmatic Entity from that Smartmatic Entity's inception to the present. |
| 166 | Produce Documents and Communications sufficient to identify each Person responsible for | RFP 67, 71, 72, 78, 101 | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | creating, researching, writing, editing, or approving the content of the retraction demand letter from PLAINTIFFS to Newsmax, as discussed in Paragraph 142 of the COMPLAINT. | | 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). 72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. 78: All Documents and Communications with Newsmax Media, Inc. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or Newsmax Media, Inc.'s coverage of the elections. 101: Documents and Communications related to work by any public relations professional on behalf of any Smartmatic Entity from that Smartmatic Entity's inception to the present. |
| *167 | Produce a copy of the retraction demand letter(s) from PLAINTIFFS to Newsmax, as discussed in Paragraph 142 of the COMPLAINT. | RFP 67, 71, 72, 78, 101 | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). 72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. 78: All Documents and Communications with Newsmax Media, Inc. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or Newsmax Media, Inc.'s coverage of the elections. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 101: Documents and Communications related to work by any public relations professional on behalf of any Smartmatic Entity from that Smartmatic Entity's inception to the present. |
| 168 | Produce Documents and Communications concerning the December 26, 2020 broadcast of Weekly Briefing with Christina Bobb, as described in Paragraph 146 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 169 | Produce Documents and Communications concerning the broadcasts of Absolute Proof, as described in Paragraph 154 and Paragraph 160 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67, 68, 71 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stanley (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). |
| 170 | Produce Documents and Communications concerning the February 8, 2021 broadcast of Real America with Dan Ball, as described in Paragraph 158 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67, 68 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 171 | Produce Documents and Communications concerning the broadcasts of Scientific Proof, as described in Paragraph 162 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67, 68, 71 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP.<br>71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). |
| 172 | Produce Documents and Communications concerning the broadcasts of Absolute Interference, as described in Paragraph 164 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67, 68, 71 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

29

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP.<br>71: All discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). |
| 173 | Produce Documents and Communications concerning the May 3, 2021 broadcast of an interview of Michael J. Lindell, as described in Paragraph 166 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67, 68, 71 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| | | | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| | | | 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell et al., Case No. 22-cv-00098 (D. Minn.). |
| 174 | Produce Documents and Communications concerning the broadcasts of Absolutely 9-0, as described in Paragraph 167 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67, 68, 71 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. |
| | | | 5: Documents regarding the Herring Guests from January 1, 2018 to present. |
| | | | 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. |
| | | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| | | | 43: Documents and Communications that support Your contention that Herring acted with actual malice. |
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| | | | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

31

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
|  |  |  | any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). |
| *175 | Produce Documents and Communications concerning Your assertion "Since 2003, Smartmatic's election technology has processed more than 5 billion secure votes worldwide without a single security breach" as alleged in Paragraph 24 of the COMPLAINT. | RFP 14, 26, 42, 43, 44, 67 | 14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 176 | Produce Documents and Communications concerning Your "case studies," as referenced in Paragraph 45 of the COMPLAINT including, without limitation, the case studies themselves. | RFP 17, 42, 67 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| | | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 177 | Produce Documents and Communications sufficient to identify Your "references," as referred to in Paragraph 46 of the COMPLAINT. | RFP 67, 74, 90 | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| | | | 74: All Documents and Communications, including marketing materials, pitch packets and promotional materials reflecting any Smartmatic Entity's efforts (or those made on any Smartmatic Entity's behalf) to solicit contracts globally from that Smartmatic Entity's inception to the present. |
| | | | 90: All documents concerning projections of any Smartmatic Entity's future business plans, including but not limited to prospective contracts and clients. |
| *178 | Produce Documents and Communications concerning Your assertion that "Smartmatic [has] been recognized as one of the best election technology and software companies in the world," as alleged in Paragraph 47 of the COMPLAINT. | RFP 46, 67, 74 | 46: Documents and Communications that support Your contention that "[p]rior to the 2020 U.S. election, Smartmatic was a known and trusted name among individuals responsible for selecting election technology and systems in voting jurisdictions in the United States and across the world," as alleged in Paragraph 428 of the Complaint. |
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| | | | 74: All Documents and Communications, including marketing materials, pitch packets and promotional materials reflecting any Smartmatic Entity's efforts (or those made on any Smartmatic Entity's behalf) to solicit contracts globally from that Smartmatic Entity's inception to the present. |
| *179 | Produce Documents and Communications concerning Your assertion that "The November general election in Los Angeles County from a technology perspective was flawless" as alleged in Paragraph 59 of the COMPLAINT. | RFP 20, 24, 42, 43, 67 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. |
| | | | 24: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *180 | Produce Documents and Communications concerning Your assertion that it "did not play any role in the general election outside of Los Angeles County. Smartmatic's election technology, software, equipment, and services were not used in any other county or state for the 2020 U.S. election" as alleged in Paragraph 62 of the COMPLAINT. | RFP 13, 20, 42, 43, 67 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present.<br>20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *181 | Produce Documents and Communications concerning Your assertion that "Smartmatic did not license or contract with any third party, including other election technology companies, for the use of Smartmatic's technology, software, machines, or services in any other county or state for the 2020 U.S. election" as alleged in Paragraph 62 of the COMPLAINT. | RFP 13, 31, 34, 42, 43, 67, 79, 81, 91 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present.<br>31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity.<br>34: Documents and Communications relating to the business relationship between any Smartmatic Entity and Premier Election Solutions, formerly known as Diebold Election Systems, Inc., including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 79: All Documents and Communications concerning any vendors or other contractors or affiliates based outside the United States that manufacture, produce, license, or are otherwise involved with any hardware, software, or other components used in any Smartmatic Entity's voting equipment, systems, machines and/or software from 2004 to the present.<br>81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request.<br>91: Documents and Communications concerning Konnech Corporation from 2004 to the present. |
| *182 | Produce Documents and Communications concerning Your assertion that no "Smartmatic election technology and software were even used in any of the states that had close outcomes in the 2020 U.S. election," as alleged in Paragraph 81 of the COMPLAINT. | RFP 13, 20, 42, 43, 67 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present.<br>20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 183 | Produce Documents and Communications concerning OAN's so-called "disinformation campaign" as alleged in Paragraph 170 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67, 68, 86 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. 86: All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors. |
| *184 | Produce Documents and Communications concerning Your assertion that Your "election technology and software were only used in Los Angeles County, and not used by any other voting machine company, for the 2020 U.S. election," as alleged in Paragraph 180 of the COMPLAINT. | RFP 13, 20, 42, 43, 67 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present. 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *185 | Produce Documents and Communications concerning Your assertion that Your "election technology and software were not used in other voting machines in the 2020 U.S. election, including in Dominion machines," or in "battleground states," as alleged in Paragraphs 180 and 182 of the COMPLAINT. | RFP 13, 20, 31, 32, 42, 43, 67, 81, 96 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present. 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements. |
| | | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| | | | 43: Documents and Communications that support Your contention that Herring acted with actual malice. |
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| | | | 81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request. |
| | | | 96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| *186 | Produce Documents and Communications concerning Your assertion that Your "election technology and software" were not "used to steal the 2020 U.S. election by rigging and fixing the vote" as alleged in Paragraphs 170 and 180 of the COMPLAINT. | RFP 42, 43, 67, 73 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| | | | 43: Documents and Communications that support Your contention that Herring acted with actual malice. |
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| | | | 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| *187 | Produce Documents and Communications concerning Your assertion that Your "election technology and software were not compromised and hacked during the 2020 U.S. election and no votes were sent overseas," as alleged in Paragraphs 170 and 180 of the COMPLAINT. | RFP 20, 24, 42, 43, 44, 67, 73 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. |
| | | | 24: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union. |
| | | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| | | | 43: Documents and Communications that support Your contention that Herring acted with actual malice. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| | | | 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| *188 | Produce Documents and Communications concerning Your assertion that there were no "cyber-security issues in Los Angeles County" during the 2020 PRESIDENTIAL ELECTION and that the votes from that election "were tabulated in Los Angeles County," as alleged in Paragraphs 180 and 208 of the COMPLAINT. | RFP 20, 24, 42, 43, 44, 67, 73 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. |
| | | | 24: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union. |
| | | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| | | | 43: Documents and Communications that support Your contention that Herring acted with actual malice. |
| | | | 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| | | | 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| *189 | Produce Documents and Communications concerning Your assertion that You are "not a Venezuelan company and was not founded and funded by corrupt dictators from socialist and communist countries" and that "No dictators—corrupt or otherwise, from communist/socialist countries or otherwise—were involved in founding or funding the company" as alleged in Paragraph 170 and 180 of the COMPLAINT. | RFP 27, 37, 42, 43, 67 | 27: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's alleged corrupt business practices, including but not limited to issues or concerns raised by the United States Department of Justice related to the 2004 Venezuelan election and any alleged violation of the Foreign Corrupt Practices Act in connection with the 2016 Philippines election. |
| | | | 37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *190 | Produce Documents and Communications concerning Your assertion that "Smartmatic's election technology and software" were "not designed to rig and fix elections" and have not been "used to fix, rig, and steal elections before," as alleged in Paragraph 170 and 180 of the COMPLAINT. | RFP 42, 43, 44, 67, 73 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| *191 | Produce Documents and Communications concerning Your assertion that "Smartmatic's election technology and software were designed for security, reliability, and auditability. No after-the-fact audit has ever found that Smartmatic's technology or software was used to rig, fix, or steal an election," as alleged in Paragraph 180 of the COMPLAINT. | RFP 19, 20, 42, 43, 67, 73 | 19: Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint.<br>20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 192 | Produce Copies of all "public records," as referenced in Paragraph 183 of the COMPLAINT, that demonstrate that "Smartmatic was not used in any state or county outside of Los Angeles County." | RFP 13, 20, 42, 43, 67 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present.<br>20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *193 | Produce Documents and Communications concerning Your assertion that Your "election technology and software were not used in Nevada, Arizona, Georgia, Pennsylvania, Michigan, Wisconsin, or Texas. Smartmatic's election technology and software were not used in any counties in these states" as alleged in Paragraph 189 of the COMPLAINT. | RFP 13, 20, 42, 43, 67 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present.<br>20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *194 | Produce Documents and Communications concerning Your assertion that "Smartmatic's election technology and software were not used by any other voting technology company during the 2020 U.S. election. Smartmatic's election technology and software were not used by another company in Nevada, Arizona, Georgia, Pennsylvania, Michigan, Wisconsin, or Texas (or any counties within these States)," as alleged in Paragraph 190 of the COMPLAINT. | RFP 13, 20, 42, 43, 67 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present.<br>20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *195 | Produce Documents and Communications concerning Your assertion that "Smartmatic did not work with or assist any other voting technology company during the 2020 U.S. election. Smartmatic did not count the votes for any other voting technology company, including Dominion. | RFPs 31, 32, 67, 81, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | Smartmatic's election technology and software were not involved in collecting, tabulating or counting any votes outside of Los Angeles County," as alleged in Paragraph 191 of the COMPLAINT. | | 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request.<br>96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| *196 | Produce Documents and Communications concerning Your assertion that "Dominion did not use Smartmatic's election technology and software during the 2020 U.S. election. Smartmatic did not license its technology or software to Dominion for use in the 2020 U.S. election. Dominion did not purchase Smartmatic's election technology and software for use in the 2020 U.S. election," as alleged in Paragraph 192 of the COMPLAINT. | RFPs 31, 32, 67, 81, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity.<br>32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request.<br>96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| *197 | Produce Documents and Communications concerning Your assertion that DOMINION and PLAINTIFFS do not assist each other with projects and are not sub-contractors of each other, as alleged in Paragraph 193 of the COMPLAINT. | RFPs 31, 32, 67, 81, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request.<br>96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| *198 | Produce Documents and Communications concerning Your assertion that Smartmatic does not count or tabulate votes; this is done by the election authorities,alleged in Paragraph 216 of the COMPLAINT. | RFP 42, 43, 67 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *199 | Produce Documents and Communications concerning Your assertion that "Smartmatic ceased participating in elections in Venezuela in 2017. Smartmatic ceased to provide election technology and software in Venezuela after the government announced total vote counts that differed from the actual vote count," as alleged in Paragraph 225 of the COMPLAINT. | RFP 42, 43, 37, 67 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *200 | Produce Documents and Communications concerning Your assertion relating to "audited elections" as alleged in Paragraph 347 of the COMPLAINT. | RFP 19, 20, 42, 43, 67, 73 | 19: Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint.<br>20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| *201 | Produce Documents and Communications concerning Your assertion that "[n]o audit of an election in which Smartmatic participated has identified any instances of Smartmatic's election technology and software changing votes from one candidate to another," as alleged in Paragraph 232 of the COMPLAINT. | RFP 19, 20, 42, 43, 67, 73 | 19: Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint.<br>20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| *202 | Produce Documents and Communications concerning Your assertion that Your "election technology and software did not fix, rig, or steal any election in the Philippines. Every audit of an election in the Philippines using Smartmatic's election technology and software has confirmed the election was not fixed, rigged, or stolen," as alleged in Paragraph 236 of the COMPLAINT. | RFP 67 | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 203 | Produce Documents and Communications concerning the statement by the Organization of American States ("OAS") as referenced in Paragraphs 119 and 120 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67, 68 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| | | | 43: Documents and Communications that support Your contention that Herring acted with actual malice. |
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| | | | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 204 | Produce Documents and Communications concerning the California report referenced in Exhibit 106 of the COMPLAINT, including any measures the PLAINTIFFS took to address the concerns raised in that report. | RFP 67 | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 205 | Produce Documents and Communications concerning the Politico Article identified in Exhibit 106 of the COMPLAINT. | RFP 67 | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 206 | Produce Documents and Communications between You, and/or any of Your attorneys, and any expert witness retained by You in this ACTION that:  (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that any of Your attorneys provided and that the expert | RFP 69 | 69: Documents and Communications that Smartmatic USA Corp. intends to offer in evidence at trial or any hearing in the above-captioned case or to use to question witnesses at any deposition, trial, or hearing in the above-captioned case. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | considered in forming the opinions to be expressed; or (iii) identify assumptions that any of Your attorneys provided and that the expert relied on in forming the opinions to be expressed. | | |
| 207 | Produce all Documents obtained (now or in the future) by You pursuant to any open records request, public information act request, subpoena or other form of third-party discovery relating to this ACTION. This request has no time limit. | RFP 70, 71 | 70: All Documents received by You or Your attorney from any third party, whether in response to a subpoena duces tecum, open records act request or otherwise, that relate to the Alleged Defamatory Statements or to the allegations in the Complaint. 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to *Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al.*, Index No. 151136-2021 (New York County, New York); *Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc.*, Case No. N21C-11-028 EMD (Del. Super. Ct.); *Smartmatic USA Corp., et al. v. Sidney Powell*, Case No. 21-cv-02995 (D.D.C.); *Smartmatic USA Corp., et al. v. Lindell, et al.*, Case No. 22-cv-00098 (D. Minn.). |
| 208 | Produce all Documents referenced in, identified by, responsive to, or relied upon in preparing Your Responses to Defendant's Requests for Production, Your Responses to Defendant's Interrogatories, Your Responses to Defendant's Requests for Admissions, and/or Your Responses to any other discovery requests, including but not limited to a Rule 30(b)(6) request. This request has no time limit. | RFP 1, 2 | 1: Documents identified in Your Answers to the First Set of Interrogatories propounded upon You contemporaneously with this First Set of Requests for Production, as well as any and all Documents reviewed or relied upon in answering those Interrogatories. 2: Documents relating to, referenced in, and/or providing a basis for Your responses to the First Set of Requests for Admission propounded upon You contemporaneously with this First Set of Requests for Production. |
| 210 | Produce all litigation hold notices sent by any PLAINTIFFS related to or arising out of this ACTION, including but not limited to internal litigation hold notices and third-party litigation hold notices, as well as any related Documents and Communications. | RFP 1, 71, 77, 78 | 1: Documents identified in Your Answers to the First Set of Interrogatories propounded upon You contemporaneously with this First Set of Requests for Production, as well as any and all Documents reviewed or relied upon in answering those Interrogatories. 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). <br> 77: All Documents and Communications with Fox News Network, LLC and/or Fox Corp. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or coverage of the election. <br> 78: All Documents and Communications with Newsmax Media, Inc. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or Newsmax Media, Inc.'s coverage of the elections. |
| 211 | Produce Your document retention, preservation, and destruction policies. | RFP 71 | 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). |
| 212 | Produce Documents and Communications produced in response to any subpoena, public information request (including but not limited to Freedom of Information Act requests), lawsuit, arbitration, or other proceeding concerning You. | RFP 70, 71 | 70: All Documents received by You or Your attorney from any third party, whether in response to a subpoena duces tecum, open records act request or otherwise, that relate to the Alleged Defamatory Statements or to the allegations in the Complaint. <br> 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). |
| 215 | Produce Documents and Communications exchanged between You and any members of | RFP 6, 21, 22 | 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | Congress or any Congressional staff members. This request has no time limit. | | 21: Documents from governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. <br> 22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. |
| 217 | Produce Documents and Communications sufficient to identify and concerning Your ownership in "election technology and software companies in United States (Smartmatic USA Corp.), Barbados, Australia, United Kingdom, Panama, Haiti, Belgium, Singapore, Netherlands, Mexico, Ecuador, Brazil, Estonia, Taiwan, and the Philippines as well as branches in Colombia, Argentina, Honduras, Pakistan, Italy, Jamaica, and El Salvador," as alleged in Paragraph 11, Footnote 2 of the COMPLAINT. | RFP 8, 9, 67 | 8: Documents and Communications regarding the formation of any Smartmatic Entity. <br> 9: Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present. <br> 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 218 | Produce Documents and Communications sufficient to identify all Your employees, contractors, representatives, or agents, including employee lists and organizational charts, between January 1, 2003 and the present. | RFP 8, 9, 79 | 8: Documents and Communications regarding the formation of any Smartmatic Entity. <br> 9: Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present. <br> 79: All Documents and Communications concerning any vendors or other contractors or affiliates based outside the United States that manufacture, produce, license, or are otherwise involved with any hardware, software, or other components used in any Smartmatic Entity's voting equipment, systems, machines and/or software from 2004 to the present. |
| 219 | Produce Documents and Communications sufficient to identity the relationship between You | RFP 8, 9 | 8: Documents and Communications regarding the formation of any Smartmatic Entity. <br> 9: Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | and any of Your affiliates, companies, and subsidiaries, from January 1, 2000 to the present. | | |
| *220 | Produce Documents and Communications concerning Your assertion that "Smartmatic USA Corp. is based in Florida, and its parent company is based in the United Kingdom," as alleged in Paragraph 180 of the COMPLAINT. | RFP 8, 9, 67 | 8: Documents and Communications regarding the formation of any Smartmatic Entity. 9: Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 222 | Produce Documents and Communications that show the location of Your owned or leased servers since January 1, 2003. | RFP 15, 16, 18, 21, 22, 24, 25, 26, 62, 67 | 15: Documents and Communications demonstrating or related to the location of all voting machines, hardware, servers, and/or software that are or have been affiliated with, developed, facilitated or funded by the Smartmatic Entities from 2005 to the present. 16: Manuals and policies for voting machines, equipment, hardware, software, and/or servers used during 2020 elections in the United States, whether owned, rented, or licensed by the Smartmatic Entities. 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. 21: Documents from governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. 22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. 24: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union. 25: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies by private Persons, including but not limited to PriceWaterhouseCoopers LLP, SLI Global Solutions, SLI Compliance, and the Carter Center. 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. 62: Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 223 | Produce Documents and Communications concerning Amazon servers, as referenced in Paragraph 218 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents and Communications regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 224 | Produce Documents and Communications concerning Your use of any server that is physically located outside of the United States in connection with any counting, tabulating, processing, or storage of data relating to the 2020 PRESIDENTIAL ELECTION. | RFP 15, 16, 18, 24, 26, 42, 43, 67, 73 | 15: Documents and Communications demonstrating or related to the location of all voting machines, hardware, servers, and/or software that are or have been affiliated with, developed, facilitated or funded by the Smartmatic Entities from 2005 to the present. 16: Manuals and policies for voting machines, equipment, hardware, software, and/or servers used during 2020 elections in the United States, whether owned, rented, or licensed by the Smartmatic Entities. 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. 24: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union. 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 225 | Produce Documents and Communications concerning the marketing or sale, including without limitation any offers or attempts to sell or license, of SMARTMATIC SYSTEMS between January 1, 2003 and the present. | RFP 74 | 74: All Documents and Communications, including marketing materials, pitch packets and promotional materials reflecting any Smartmatic Entity's efforts (or those made on any Smartmatic Entity's behalf) to solicit contracts globally from that Smartmatic Entity's inception to the present. |
| 227 | Produce Documents and Communications concerning the case studies and references discussed in Paragraphs 45 and 46 of the COMPLAINT, including drafts of the case studies and Documents and Communications concerning the creation of the case studies. | RFP 17, 67 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
\* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 228 | Produce Documents concerning the installation, use, or maintenance of SMARTMATIC SYSTEMS, including any guides or documents as they existed on November 3, 2020 as well as all previous versions and drafts. | RFP 18, 76 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present.<br>76: Portions of personnel files of all employees and personnel of Smartmatic Entities who have worked on any Smartmatic Entity's voting equipment or software utilized or employed in the U.S. 2020 local, state, and federal elections that refer to or address any disciplinary actions, errors, problems or concerns relating to: (1) software coding; (2) design or maintenance of any Smartmatic Entity's machines; (3) political affiliations or actions; or (4) public commentary on the 2020 Presidential Election. |
| 229 | Produce Documents and Communications that show the location where election-related data is stored or kept by or on behalf of You since January 1, 2003. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 231 | Produce all technical documents packages for SMARTMATIC SYSTEMS between January 1, 2003 and the present. | RFP 76 | 76: Portions of personnel files of all employees and personnel of Smartmatic Entities who have worked on any Smartmatic Entity's voting equipment or software utilized or employed in the U.S. 2020 local, state, and federal elections that refer to or address any disciplinary actions, errors, problems or concerns relating to: (1) software coding; (2) design or maintenance of any Smartmatic Entity's machines; (3) political affiliations or actions; or (4) public commentary on the 2020 Presidential Election. |
| 235 | Regardless of time frame, Documents and Communications related to Your controlled, owned, or licensed source code, voting machines, or voting technology that originated, was developed by, or was invented by a THIRD PARTY, including but not limited to DOMINION, SEQUOIA, or any other THIRD PARTY. | RFP 31, 32, 33, 81, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity.<br>32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements.<br>33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. 81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request. 96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| 236 | Produce Documents and Communications concerning the sourcing of components, parts, or equipment for SMARTMATIC SYSTEMS. This request has no time limit. | RFP 79 | 79: All Documents and Communications concerning any vendors or other contractors or affiliates based outside the United States that manufacture, produce, license, or are otherwise involved with any hardware, software, or other components used in any Smartmatic Entity's voting equipment, systems, machines and/or software from 2004 to the present. |
| 237 | Produce Documents sufficient to show any unique words used by You to identify SMARTMATIC SYSTEMS, and any components thereof, between January 1, 2003 and present. | RFP 79 | 79: All Documents and Communications concerning any vendors or other contractors or affiliates based outside the United States that manufacture, produce, license, or are otherwise involved with any hardware, software, or other components used in any Smartmatic Entity's voting equipment, systems, machines and/or software from 2004 to the present. |
| 238 | Produce Documents and Communications sufficient to identify and reflect Your software engineering protocols and policies, and the evolution thereof, concerning SMARTMATIC SYSTEMS. This request has no time limit. | RFP 16 | 16: Manuals and policies for voting machines, equipment, hardware, software, and/or servers used during 2020 elections in the United States, whether owned, rented, or licensed by the Smartmatic Entities. |
| 241 | Produce Documents and Communications concerning reporting by any OTHER MEDIA ORGANIZATIONS relating to the performance of Your or DOMINION's software, hardware, and other voting machine technology. | RFPs 31, 32, 67, 81, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request.<br>96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| *243 | Produce copies of all social media posts published between November 1, 2020 and November 1, 2021 that are in any way critical of any of the PLAINTIFFS or any of the SMARTMATIC SYSTEMS. | RFP 62, 80 | 62: Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present.<br>80: Communications with and Documents related to social media platforms, including but not limited to Facebook, Twitter, Instagram, and YouTube concerning the removal of any posts, videos, or other content referencing any Smartmatic Entity in connection with U.S. elections from 2004 to the present, as well as elections in the Philippines, Venezuela, and Kenya from 2004 to the present. |
| *244 | Produce copies of all news reports published between November 1, 2020 and November 1, 2021 that are in any way critical of any of the PLAINTIFFS or any of the SMARTMATIC SYSTEMS. | RFP 62 | 62: Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present. |
| *245 | Produce copies of all articles, whether in newspapers, online, or published in other media, published between November 1, 2020 and November 1, 2021 that are in any way critical of any of the PLAINTIFFS or any of the SMARTMATIC SYSTEMS. | RFP 62 | 62: Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present. |
| 247 | Produce Documents and Communications compiled and/or submitted to the United States Senate Intelligence Committee in connection with the 2016 U.S. presidential election. | RFP 13, 21, 22 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present.<br>21: Documents from governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
\* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. <br> 22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. |
| 248 | Produce Documents and Communications concerning any investigation of any PLAINTIFFS and/or DOMINION conducted by or otherwise involving Carolyn Maloney, Elizabeth Warren, Amy Klobuchar, and/or Edward Burke, as well as documents pertaining to any attempt by these individuals to prevent or otherwise limit the ability of any PLAINTIFFS or DOMINION from operating in the United States. | RFP 23 | 23: Documents and Communications from 2006 to the present related to U.S. Representative Carolyn Maloney's 2006 letters to the Secretary of the Treasury and any investigations conducted by the United States Department of Treasury's Committee on Foreign Investment in the United States ("CFIUS") of any Smartmatic Entity including, but not limited to, any sale or security agreements entered into by any Smartmatic Entity with any governmental agencies and any documents relating to any Smartmatic Entity's withdrawal from the CFIUS's investigation. |
| 249 | Produce Documents and Communications concerning and between You and any cybersecurity company You have hired or consulted with, as referenced in Paragraph 432 of the COMPLAINT. | RFP 48 | 48: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $100,000 out-of-pocket expenses spent on cybersecurity, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. |
| 250 | Produce Documents and Communications concerning and exchanged between You and any organizers of, or participants in, a hardware or software hacking conference. | RFP 44 | 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |
| 251 | Produce Documents and Communications concerning and exchanged between You and DEF CON Communications, Inc. | RFP 44 | 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 252 | Produce Documents and Communications concerning and exchanged between You and any elections or cybersecurity nonprofit or advocacy group relating to SMARTMATIC SYSTEMS. | RFP 48 | 48: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $100,000 out-of-pocket expenses spent on cybersecurity, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. |
| 253 | Produce Documents and Communications concerning and between You and California Secretary of State. | RFP 20, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. <br> 82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| 254 | Produce Documents and Communications concerning and between You and Los Angeles County Clerk and/or Recorder. | RFP 20, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. <br> 82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| 258 | Produce Documents and Communications concerning and between You and Jack Blaine. | RFP 33, 41 | 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. <br> 41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. |
| 263 | Produce Documents and Communications, including any engagement contracts or other agreements, concerning and exchanged between You and any public relations ("PR"), branding firm ("BF"), or crisis management firm ("CMF"), or company performing similar or related functions as a PR, BF, or CMF, since January 1, 2016, including without limitation any PR, BF, CMF, or | RFP 47 | 47: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $400,000 out-of-pocket expenses spent on public relations and crisis management, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | other company engaged by You to mitigate purported damage caused by the COMPLAINED OF STATEMENTS. | | |
| 264 | Produce Documents and Communications concerning and exchanged between You and Bitza Corporation and any of its subsidiaries or affiliates, including without limitation Documents concerning formation, such as the Registro Mercantil Primero No. 22, 1997, Caracas Venezuela, and the Registro Mercantil Primero No. 19, 1997, Caracas, Venezuela. | RFP 31, 37 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. 37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV. |
| *265 | Produce Documents and Communications concerning the Politico Article titled "Los Angeles County's risky voting experiment," published March 3, 2020 at https://www.politico.com/news/2020/03/03/los-angeles-county-voting-experiment-119157. | RFP 20, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| 266 | Produce Documents and Communications concerning any declarations or affidavits filed in connection with any of the ELECTION LAWSUITS. | RFP 71 | 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). |
| 267 | Produce Documents and Communications concerning any persons who submitted declarations | RFP 71 | 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | or affidavits in connection with any of the ELECTION LAWSUITS. | | Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). |
| 268 | Produce Documents and Communications concerning any allegations or questions that any election in which any SMARTMATIC SYSTEM was used was rigged, stolen, or fraudulent. This request has no time or geographic limitation. | RFP 68 | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 269 | Produce Documents and Communications concerning whether or not any SMARTMATIC SYSTEM can be used to change, manipulate, or alter votes. | RFP 26 | 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. |
| 271 | Produce Documents sufficient to show who controlled the interests in each of the PLAINTIFFS between 2003 and the present. | RFP 8, 9 | 8: Documents and Communications regarding the formation of any Smartmatic Entity. 9: Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present. |
| 272 | Produce all Twitter posts by any of the PLAINTIFFS or any of their agents or representatives since November 1, 2020. | RFP 80 | 80: Communications with and Documents related to social media platforms, including but not limited to Facebook, Twitter, Instagram, and YouTube concerning the removal of any posts, videos, or other content referencing any Smartmatic Entity in connection with U.S. elections from 2004 to the present, as well as elections in the Philippines, Venezuela, and Kenya from 2004 to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 273 | Produce a copy of all Facebook posts by any of the PLAINTIFFS or any of their agents or representatives since November 1, 2020. | RFP 80 | 80: Communications with and Documents related to social media platforms, including but not limited to Facebook, Twitter, Instagram, and YouTube concerning the removal of any posts, videos, or other content referencing any Smartmatic Entity in connection with U.S. elections from 2004 to the present, as well as elections in the Philippines, Venezuela, and Kenya from 2004 to the present. |
| 274 | Produce Documents and Communications concerning Your competitors from January 1, 2016 through present. | RFP 31, 32, 33, 81, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. <br> 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements. <br> 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. <br> 81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request. <br> 96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| 275 | Produce Documents and Communications concerning any of the PLAINTIFFS' reputations, goodwill, fame, influence, brand name, or notoriety. | RFP 46 | 46: Documents and Communications that support Your contention that "[p]rior to the 2020 U.S. election, Smartmatic was a known and trusted name among individuals responsible for selecting election technology and systems in voting jurisdictions in the United States and across the world," as alleged in Paragraph 428 of the Complaint. |
| 276 | Produce Documents and Communications concerning any of the PLAINTIFFS' brands. | RFP 46 | 46: Documents and Communications that support Your contention that "[p]rior to the 2020 U.S. election, Smartmatic was a known and trusted name among individuals responsible for selecting election technology and systems in voting jurisdictions in the United States and across the world," as alleged in Paragraph 428 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 277 | Produce Documents and Communications concerning surveys, market research, or other documentation of public perception of You, Your brand, and/or Your goods and services. | RFP 46 | 46: Documents and Communications that support Your contention that "[p]rior to the 2020 U.S. election, Smartmatic was a known and trusted name among individuals responsible for selecting election technology and systems in voting jurisdictions in the United States and across the world," as alleged in Paragraph 428 of the Complaint. |
| 278 | Produce Documents and Communications concerning Your assertion that anyone cast You or PLAINTIFFS as a corrupt company. | RFP 27 | 27: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's alleged corrupt business practices, including but not limited to issues or concerns raised by the United States Department of Justice related to the 2004 Venezuelan election and any alleged violation of the Foreign Corrupt Practices Act in connection with the 2016 Philippines election. |
| 279 | Produce Documents sufficient to identify the various members of the SMARTMATIC USA Board of Directors between January 1, 2014 and the present. | RFP 9, 86 | 9: Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present. 86: All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors. |
| 280 | Produce Documents sufficient to identify the various members of the SMARTMATIC INTERNATIONAL Board of Directors between January 1, 2014 and the present. | RFP 9, 86 | 9: Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present. 86: All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors. |
| 281 | Produce Documents sufficient to identify the various members of the SGO Board of Directors between January 1, 2014 and the present. | RFP 9, 86 | 9: Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present. 86: All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors. |
| 282 | Produce Documents and Communications sent by, received by, or concerning Lord Mark Malloch-Brown relating to any election conducted in a country or jurisdiction outside of the United States, including but not limited to Venezuela, Philippines, China, Serbia, Brazil, Germany, Spain, Belgium, Zambia, Argentina, Oman, Armenia, Italy, Estonia, or Norway. | RFP 39 | 39: Documents and Communications relating to Lord Mark Malloch-Brown and any Smartmatic Entity, including but not limited to Documents and Communications relating to his June 21, 2015 interview regarding Smartmatic, as referenced in Paragraph 343 of the Complaint. |
| 283 | Produce Documents and Communications sent by or received by any members of Your Board of Directors concerning any of the following: (a) the | RFP 77, 78, 86, 89, 90 | 77: All Documents and Communications with Fox News Network, LLC and/or Fox Corp. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or coverage of the election. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
\* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Fox News, Newsmax, Donald Trump, Sidney Powell, or Rudy Giuliani since November 1, 2020; (b) negotiations between You and any U.S. governmental, state, county, or municipal entity relating to the use of any SMARTMATIC SYSTEMS; and (c) any of Your business forecasts, business plans, financial forecasts, or financial performance. | | 78: All Documents and Communications with Newsmax Media, Inc. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or Newsmax Media, Inc.'s coverage of the elections. 86: All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors. 89: Documents and Communications concerning any Smartmatic Entity's current business plan, as well as any from the past five (5) years. 90: All documents concerning projections of any Smartmatic Entity's future business plans, including but not limited to prospective contracts and clients. |
| 284 | Produce Documents and Communications sufficient to show any Person holding, owning, managing, supervising, or otherwise involved with any ownership interest in You at any time from January 1, 2003 through the present. | RFP 8, 9, 64 | 8: Documents and Communications regarding the formation of any Smartmatic Entity. 9: Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present. 64: All Smartmatic Entity financial statements, including balance sheets, income statements, cash flow statements, statements of shareholders' equity, Special Purpose Acquisition Company statements, other private equity valuations, and any form of other valuation from that Smartmatic Entity's inception to the present. |
| 285 | Produce Documents and Communications concerning complaints, investigations, and results of efforts undertaken to identify whether You deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION or any other election. | RFP 28, 30, 40, 73 | 28: Documents and Communications compiled and/or submitted to the United States Department of Justice in connection with its investigation of alleged violation of the Foreign Corrupt Practices Act by any Smartmatic Entity in connection with the 2004 Venezuelan election and the 2016 Philippines election 30: Documents and Communications regarding any Smartmatic Entity involved in the investigation related to the August 9, 2022 elections in Kenya, including but not limited to requests from the Kenyan Supreme Court for access to the Independent Electoral and Boundaries Commission's servers, and any Smartmatic Entity's response to the request. 40: Documents and Communications relating to any investigation of any Smartmatic Entity by the United States Department of Justice, including but not limited to a Smartmatic Entity 2004 election contract in Venezuela that led to Mr. Chávez's victory. 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 286 | Produce Documents and Communications evidencing any ownership interest or other | RFP 8, 9, 64 | 8: Documents and Communications regarding the formation of any Smartmatic Entity. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | affiliation, including employment, in You, at any time from January 1, 2003 through the present, by any current or former United States federal or state elected government official. | | 9: Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present. 64: All Smartmatic Entity financial statements, including balance sheets, income statements, cash flow statements, statements of shareholders' equity, Special Purpose Acquisition Company statements, other private equity valuations, and any form of other valuation from that Smartmatic Entity's inception to the present. |
| 287 | Produce Documents sufficient to show every Person having any financial interest in SMARTMATIC SYSTEMS, or the outcome of this ACTION, financial, contingent, or otherwise, including all agreements with any Person having any financial interest in You, or SMARTMATIC SYSTEMS, or the outcome of this ACTION. | RFP 9, 64 | 9: Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present. 64: All Smartmatic Entity financial statements, including balance sheets, income statements, cash flow statements, statements of shareholders' equity, Special Purpose Acquisition Company statements, other private equity valuations, and any form of other valuation from that Smartmatic Entity's inception to the present. |
| 288 | Produce Documents and Communications sufficient to show and concerning Your ownership interest in THIRD PARTY election technology and software companies. | RFP 9 | 9: Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present. |
| 289 | Produce Documents and Communications concerning the design, research, development, testing, or evaluation of the SMARTMATIC SYSTEMS and all versions of the SMARTMATIC SYSTEMS. | RFP 15, 76 | 15: Documents and Communications demonstrating or related to the location of all voting machines, hardware, servers, and/or software that are or have been affiliated with, developed, facilitated or funded by the Smartmatic Entities from 2005 to the present. 76: Portions of personnel files of all employees and personnel of Smartmatic Entities who have worked on any Smartmatic Entity's voting equipment or software utilized or employed in the U.S. 2020 local, state, and federal elections that refer to or address any disciplinary actions, errors, problems or concerns relating to: (1) software coding; (2) design or maintenance of any Smartmatic Entity's machines; (3) political affiliations or actions; or (4) public commentary on the 2020 Presidential Election. |
| 290 | Produce Documents sufficient to identify all present employees, past employees, consultants, and contract employees, whether full- or part-time, whose responsibilities or assignments include(d) work concerning the design, research, | RFP 76, 79 | 76: Portions of personnel files of all employees and personnel of Smartmatic Entities who have worked on any Smartmatic Entity's voting equipment or software utilized or employed in the U.S. 2020 local, state, and federal elections that refer to or address any disciplinary actions, errors, problems or concerns relating to: (1) software coding; (2) design or maintenance of any Smartmatic Entity's machines; (3) political affiliations or actions; or (4) public commentary on the 2020 Presidential Election. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | development, manufacturing, marketing, or testing of SMARTMATIC SYSTEMS. | | 79: All Documents and Communications concerning any vendors or other contractors or affiliates based outside the United States that manufacture, produce, license, or are otherwise involved with any hardware, software, or other components used in any Smartmatic Entity's voting equipment, systems, machines and/or software from 2004 to the present. |
| 291 | Produce Documents sufficient to identify the name and location of any THIRD PARTY involved in the design, research, development, manufacturing, marketing, or testing of the SMARTMATIC SYSTEMS. | RFP 15, 24, 74, 79 | 15: Documents and Communications demonstrating or related to the location of all voting machines, hardware, servers, and/or software that are or have been affiliated with, developed, facilitated or funded by the Smartmatic Entities from 2005 to the present. 24: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union. 74: All Documents and Communications, including marketing materials, pitch packets and promotional materials reflecting any Smartmatic Entity's efforts (or those made on any Smartmatic Entity's behalf) to solicit contracts globally from that Smartmatic Entity's inception to the present. 79: All Documents and Communications concerning any vendors or other contractors or affiliates based outside the United States that manufacture, produce, license, or are otherwise involved with any hardware, software, or other components used in any Smartmatic Entity's voting equipment, systems, machines and/or software from 2004 to the present. |
| 292 | Produce Documents and Communications concerning any vendors or other contractors or affiliates based within the United States that manufacture, produce, license, or are otherwise involved with any SMARTMATIC SYSTEMS, including without limitation hardware, software, or other components used in SMARTMATIC SYSTEMS from January 1, 2003 to present. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 293 | Produce Documents and Communications concerning past and current agreements, contracts, or licenses involving the SMARTMATIC SYSTEMS, including but not limited to copies and drafts of such agreements. This request has no time limit. | RFP 13, 14, 31, 79, 81 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present. 14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint.<br>31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity.<br>79: All Documents and Communications concerning any vendors or other contractors or affiliates based outside the United States that manufacture, produce, license, or are otherwise involved with any hardware, software, or other components used in any Smartmatic Entity's voting equipment, systems, machines and/or software from 2004 to the present.<br>81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request. |
| 294 | Produce Documents and Communications concerning any request by a government entity, or any of its subdivisions, to view or analyze the source code of any SMARTMATIC SYSTEMS, including without limitation any request made by COMELEC or the Philippines government. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 296 | Produce Documents and Communications sufficient to show Your social media policies or guidelines, including any and all versions thereof. | RFP 80 | 80: Communications with and Documents related to social media platforms, including but not limited to Facebook, Twitter, Instagram, and YouTube concerning the removal of any posts, videos, or other content referencing any Smartmatic Entity in connection with U.S. elections from 2004 to the present, as well as elections in the Philippines, Venezuela, and Kenya from 2004 to the present. |
| 297 | Produce Documents and Communications reflecting Your or any related entities' contracts or prospective contracts with any foreign countries. This request has no time limit. | RFP 51, 75, 90 | 51: Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint<br>75: All Documents and Communications concerning any contracts that you allege any Smartmatic Entity lost or did not obtain as a result of the Alleged Defamatory Statements. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 90: All documents concerning projections of any Smartmatic Entity's future business plans, including but not limited to prospective contracts and clients. |
| 298 | Produce Documents and Communications sufficient to show Your customer list(s) from January 1, 2003 to the present. | RFP 13, 14, 90 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present. |
| | | | 14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. |
| | | | 90: All documents concerning projections of any Smartmatic Entity's future business plans, including but not limited to prospective contracts and clients. |
| 299 | Produce Documents and Communications sent to, or received from, any current or former OAN employees, including Documents and Communications sent to or from Your counsel, agents, and representatives. | RFP 4, 7, 68 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. |
| | | | 7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan. |
| | | | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 300 | Produce copies of all Documents produced by You in response to any subpoenas or other requests for documents concerning any investigations or complaints relating to the 2020 PRESIDENTIAL ELECTION. | RFP 70, 71 | 70: All Documents received by You or Your attorney from any third party, whether in response to a subpoena duces tecum, open records act request or otherwise, that relate to the Alleged Defamatory Statements or to the allegations in the Complaint. |
| | | | 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to *Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al.*, Index No. 151136-2021 (New York County, New York); *Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc.*, Case No. N21C-11-028 EMD (Del. Super. Ct.); *Smartmatic USA Corp., et al. v. Sidney Powell*, Case No. 21-cv-02995 (D.D.C.); *Smartmatic USA Corp., et al. v. Lindell, et al.*, Case No. 22-cv-00098 (D. Minn.). |
| 301 | Produce Documents and Communications exchanged between You and actual and/or prospective clients, vendors, customers, or business partners concerning future contract opportunities for the use of SMARTMATIC SYSTEMS. | RFP 74, 75, 90 | 74: All Documents and Communications, including marketing materials, pitch packets and promotional materials reflecting any Smartmatic Entity's efforts (or those made on any Smartmatic Entity's behalf) to solicit contracts globally from that Smartmatic Entity's inception to the present.<br>75: All Documents and Communications concerning any contracts that you allege any Smartmatic Entity lost or did not obtain as a result of the Alleged Defamatory Statements.<br>90: All documents concerning projections of any Smartmatic Entity's future business plans, including but not limited to prospective contracts and clients. |
| 302 | Produce Documents and Communications concerning or between You and (a) Rudolph Giuliani; (b) Sidney Powell; and (c) Michael Lindell or MY PILLOW, INC. from January 1, 2016 to the present. | RFP 5, 68, 71 | 5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP.<br>71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
\* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). |
| 303 | Produce Documents and Communications to, from, or concerning any of the following individuals:<br><br>a) Alex Salvi; b) Elma Aksalic; c) Mike Dinow; d) John Hines; e) Samantha Lomibao; f) Emily Finn; g) Eric Bolling; h) Kara McKinney; i) Patrick Hussion; j) Dan Ball; k) Stephanie Hamill; l) Christina Bobb; m) Michael Johns; n) Tom Fitton; o) Keith Trippie; p) Allan Santos ("Allan do Santos"); q) Joseph diGenova; r) J. Michael Waller; s) Clay Clark; t) Martin Golingan; u) Phil Waldron; v) Pearson Sharp; w) Jenna Ellis; x) J. Alex Halderman; y) Kyle Becker; z) Mary Fanning; aa) Evi Kokalari-Angelakis; bb) Eddie Perez; cc) Chanel Rion dd) Chris Farrell; ee) Julie Kelly; (ff) Lindsay Oakley; gg) Kristian Rouz; hh) Corey Mills; ii) Leamsy Salazar; jj) Harry Hursti; kk) Ana Cardozo; ll) Ronald Watkins; mm) Mark Paul Low; nn) Joshua Merritt; oo) Gregory Wodynski; pp) Seth Keshel; qq) Judith Burns; and rr) Joe Oltmann. | RFP 4, 5, 6, 7, 68, 96, 97, 100 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>7: Communications to, from, and/or between any Smartmatic Entity and any past or present Herring employees, including but not limited to Martin Golingan.<br>68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP.<br>96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present.<br>97: Documents and communications related to the October 19, 2022 Elon University Webinar titled Engendering Trust in Election Outcomes, including, but not limited to, all communications with Dr. J Alex Halderman and/or anyone affiliated with coordinating or organizing the webinar itself.<br>100: Documents and Communications concerning any analysis performed in connection with security and/or vulnerability assessments for voting machines and software, including but not limited to any such analysis performed by MITRE, the National Election Security Laboratory, Professor J. Alex Halderman, Harri Hursti or any state or federal agency, including but not limited to the Cybersecurity and Infrastructure Security Agency. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 304 | Produce Documents and Communications exchanged between You and any of the following:<br><br>(a) George Soros; (b) the Open Society Foundations; (c) Peter Neffenger; and (d) the Clinton Foundation. | RFP 86 | 86: All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors. |
| 308 | Produce Documents and Communications concerning Lord Malloch-Brown's statement that he "kicked the tyres" before becoming chairman of SGO, as referenced in the Financial Times's Article, "Lord Mark Malloch-Brown to chair election technology group SGO," https://www.ft.com/content/ddf42272-7308-11e4-907b-00144feabdc0. | RFP 39 | 39: Documents and Communications relating to Lord Mark Malloch-Brown and any Smartmatic Entity, including but not limited to Documents and Communications relating to his June 21, 2015 interview regarding Smartmatic, as referenced in Paragraph 343 of the Complaint. |
| 309 | Produce Documents and Communications exchanged between You and any of the following: (a) Donald Trump or his campaign or family; (b) Michael Pence or his campaign; (c) Joe Biden or his campaign or family; (d) Kamala Harris or her campaign; (e) the Democratic Party, its PACs, campaigns, and its affiliates; and (f) the Republican Party, its PACs, campaigns, and its affiliates. | RFP 86 | 86: All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors. |
| 310 | Produce Documents and Communications concerning former President Donald J. Trump. | RFP 73 | 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 311 | Produce Documents and Communications concerning OTHER MEDIA ORGANIZATIONS. | RFP 6, 61, 77, 78 | 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>61: Communications that any Smartmatic Entity has had with Other Media Organizations regarding any statement or publication alleged to be defamatory of any Smartmatic Entity from the formation of any Smartmatic Entity to the present, as well as (1) the identity of the Persons involved in the Communication(s); (2) the date of Communication(s); and (3) the substance of the Communication(s). |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 77: All Documents and Communications with Fox News Network, LLC and/or Fox Corp. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or coverage of the election. |
| | | | 78: All Documents and Communications with Newsmax Media, Inc. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or Newsmax Media, Inc.'s coverage of the elections. |
| 312 | Produce Documents and Communications concerning the 2020 PRESIDENTIAL ELECTION. | RFP 16, 18, 19, 46, 52, 66, 68, 71, 72, 73, 76, 77, 78, 82, 92 | 16: Manuals and policies for voting machines, equipment, hardware, software, and/or servers used during 2020 elections in the United States, whether owned, rented, or licensed by the Smartmatic Entities. |
| | | | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| | | | 19: Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint. |
| | | | 46: Documents and Communications that support Your contention that "[p]rior to the 2020 U.S. election, Smartmatic was a known and trusted name among individuals responsible for selecting election technology and systems in voting jurisdictions in the United States and across the world," as alleged in Paragraph 428 of the Complaint. |
| | | | 52: Documents and Communications that support Your contention that the Smartmatic Entities were valued at $3 billion going into the 2020 Presidential Election, as alleged in Paragraph 438 of the Complaint. |
| | | | 66: Documents and Communication demonstrating any Smartmatic Entity's projected finances, gross revenue, and net revenue from the beginning of 2020 through 2025. |
| | | | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| | | | 71: All discovery and hearing information (i.e. written discovery requests, written discovery responses, subpoenas, subpoena responses, open records act requests, open records act responses, deposition notices, deposition transcripts, deposition videos, hearing transcripts, and similar material) related to, arising out of, or produced in the lawsuits filed any Smartmatic Entity relating to the U.S. 2020 local, state, and federal elections, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.). |
| | | | 72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. |
| | | | 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| | | | 76: Portions of personnel files of all employees and personnel of Smartmatic Entities who have worked on any Smartmatic Entity's voting equipment or software utilized or employed in the U.S. 2020 local, state, and federal elections that refer to or address any disciplinary actions, errors, problems or concerns relating to: (1) software coding; (2) design or maintenance of any Smartmatic Entity's machines; (3) political affiliations or actions; or (4) public commentary on the 2020 Presidential Election. |
| | | | 77: All Documents and Communications with Fox News Network, LLC and/or Fox Corp. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or coverage of the election. |
| | | | 78: All Documents and Communications with Newsmax Media, Inc. concerning or in any way relating to the U.S. 2020 local, state, and federal elections or Newsmax Media, Inc.'s coverage of the elections. |
| | | | 82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| | | | 92: Documents and Communications reflecting any Smartmatic Entity's relationship with Konnech Corporation, including but not limited to agreements or contracts between any Smartmatic Entity and Konnech Corporation in relation to the U.S. 2020 local, state, and federal elections. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 313 | Produce Documents and Communications concerning both of the following: (i) the 2020 PRESIDENTIAL ELECTION and (ii) one or more OTHER MEDIA ORGANIZATIONS or former President Donald J. Trump. | RFP 6, 61, 80 | 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 61: Communications that any Smartmatic Entity has had with Other Media Organizations regarding any statement or publication alleged to be defamatory of any Smartmatic Entity from the formation of any Smartmatic Entity to the present, as well as (1) the identity of the Persons involved in the Communication(s); (2) the date of Communication(s); and (3) the substance of the Communication(s). 80: Communications with and Documents related to social media platforms, including but not limited to Facebook, Twitter, Instagram, and YouTube concerning the removal of any posts, videos, or other content referencing any Smartmatic Entity in connection with U.S. elections from 2004 to the present, as well as elections in the Philippines, Venezuela, and Kenya from 2004 to the present. |
| 314 | Produce Documents and Communications exchanged between You and (a) any DOMINION executive; (b) any SEQUOIA executive; and/or (c) Eric Coomer. | RFP 31, 32, 33, 81, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements. 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. 81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request. 96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| 315 | Produce Documents and Communications concerning the security of SMARTMATIC | RFP 22, 86 | 22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | SYSTEMS exchanged between You and government officials from (a) the Cybersecurity and Infrastructure Security Agency; (b) the Election Assistance Commission; (c) the Michigan Secretary of State; (d) the Georgia Secretary of State; (e) the Maricopa County Board of Supervisors; (f) the Arizona Secretary of State; (g) the Pennsylvania Secretary of State; (h) the Wisconsin Secretary of State; (i) the Nevada Secretary of State; or (j) the Texas Secretary of State. This request has no time limit. | | the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. 86: All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors. |
| 316 | Produce Documents and Communications concerning the security of SMARTMATIC SYSTEMS exchanged between You and government officials from (a) then-United States Attorney General William Barr and any official within the Department of Justice; (b) FBI Director Christopher Wray and any official within the Federal Bureau of Investigation; (c) the National Security Agency; (d) Director Christopher Krebs and any official within the Cybersecurity and Infrastructure Security Agency; (d) the Department of Defense; (e) The Department of Homeland Security; (f) the Office of the Director of National Intelligence; (g) any Office of Inspector General. This request has no time limit. | RFP 18, 22, 86 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. 22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. 86: All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors. |
| 317 | Produce Documents and Communications concerning Your role as a member of the "Sector Coordinating Counsel" of the Cybersecurity and Infrastructure Security Agency, including without limitation | RFP 68 | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | any contracts between You and the Cybersecurity and Infrastructure Agency. | | case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 318 | Produce Documents and Communications sufficient to identify any of Your employees of whose homes or offices were searched by the Department of Justice between 2019 and the present. | RFP 18, 22 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. 22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. |
| 319 | Produce Documents and Communications concerning or with Antonio Mugica concerning any flaws, vulnerabilities, or bugs in SMARTMATIC SYSTEMS or election irregularities where SMARTMATIC SYSTEMS were involved. This request has no time or geographic limit. | RFP 11 | 11: The human resources records of Antonio Mugica, Roger Piñate, Alfredo Anzola, Marlon Garcia, Neil Baniqued, and Mauricio Herrera related to their involvement in procuring services for Comelec and/or related to any Philippines election from May 2016 to the present. |
| 320 | Produce Communications between You and any Person challenging, criticizing, disagreeing with, or otherwise asking about the statements relating to calculation of security risk made in the article authored by Antonio Mugica entitled "The Case for | RFP 11 | 11: The human resources records of Antonio Mugica, Roger Piñate, Alfredo Anzola, Marlon Garcia, Neil Baniqued, and Mauricio Herrera related to their involvement in procuring services for Comelec and/or related to any Philippines election from May 2016 to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | Election Technology" published in SAGE Journals on or about June 1, 2015. | | |
| 321 | Produce Documents and Communications concerning or with Roger Piñate related to any flaws, vulnerabilities, or bugs in SMARTMATIC SYSTEMS or election irregularities where SMARTMATIC SYSTEMS were involved. This request has no time or geographic limit. | RFP 11 | 11: The human resources records of Antonio Mugica, Roger Piñate, Alfredo Anzola, Marlon Garcia, Neil Baniqued, and Mauricio Herrera related to their involvement in procuring services for Comelec and/or related to any Philippines election from May 2016 to the present. |
| 324 | Produce Documents and Communications between You and any election security expert concerning SMARTMATIC SYSTEMS. | RFP 22, 100 | 22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. 100: Documents and Communications concerning any analysis performed in connection with security and/or vulnerability assessments for voting machines and software, including but not limited to any such analysis performed by MITRE, the National Election Security Laboratory, Professor J. Alex Halderman, Harri Hursti or any state or federal agency, including but not limited to the Cybersecurity and Infrastructure Security Agency. |
| 325 | Produce Documents and Communications concerning use of any aspect of SMARTMATIC SYSTEMS by DOMINION, including together or singularly US Dominion, Inc., Dominion Voting Systems, Inc., Dominion Voting Systems Corporation, DOMINION subsidiaries, and SEQUOIA. This request has no time limit. | RFP 31, 32, 33, 41, 81, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements. 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. 41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. 81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request. 96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| 326 | Produce Documents and Communications concerning Your use of any aspect of technology, hardware, or software owned or licensed by DOMINION, including together or singularly US Dominion, Inc., Dominion Voting Systems, Inc., Dominion Voting Systems Corporation, DOMINION subsidiaries, and SEQUOIA. This request has no time limit. | RFP 31, 32, 33, 41, 81, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements. 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. 41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. 81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

74

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| *327 | Produce Documents and Communications concerning any sale, resale, license, agreement, or other business relationship between You and DOMINION, including between You and US Dominion, Inc., Dominion Voting Systems, Inc., Dominion Voting Systems Corporation, DOMINION subsidiaries, and SEQUOIA. This request has no time limit. | RFP 31, 32, 33, 41, 81, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. <br> 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements. <br> 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. <br> 41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. <br> 81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request. <br> 96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| 328 | Produce Documents and Communications concerning all discovery requests and responses of any type (i.e., interrogatories and responses, document requests and responses, requests to admit and responses, deposition transcripts and video, | RFP 3 | 3: All discovery requests and responses of any type (i.e. interrogatories and responses, document requests and responses, requests to admit and responses, deposition transcripts and video, deposition errata sheets, subpoenas and responses, open records act requests and responses, and any other form of discovery request or response) produced by anyone in any litigation between any Smartmatic Entity and any Dominion Entity. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | deposition errata sheets, subpoenas and responses, open records act requests and responses, and any other form of discovery request or response) produced by any party or non-party in any litigation between any PLAINTIFFS and/or DOMINION. This request has no time limit. | | |
| 329 | Produce Documents and Communications concerning all discovery requests and responses of any type (i.e., interrogatories and responses, document requests and responses, requests to admit and responses, deposition transcripts and video, deposition errata sheets, subpoenas and responses, open records act requests and responses, and any other form of discovery request or response) produced by any party or non-party in any litigation between any PLAINTIFFS and Election Systems & Software, including but not limited to Election Systems & Software, LLC v. Smartmatic USA Corp., C.A. No. 18-1259-RGA (D. Del.). This request has no time limit. | RFP 34 | 34: Documents and Communications relating to the business relationship between any Smartmatic Entity and Premier Election Solutions, formerly known as Diebold Election Systems, Inc., including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. |
| 331 | Produce Documents and Communications concerning the past and current relationship between You and the election companies (a) Election Systems & Software; (b) Hart InterCivic; (c) DOMINION; (d) Unisyn Voting Solutions; (e) Clear Ballot; (f) Hart Verity Voting; (g) Bitza Corporation; (h) SEQUOIA; (i) Konnech Corporation; (j) Premier Election Solutions, Inc. (F/K/A Diebold Election Systems, Inc.); and (k) any other voting technology company. This | RFP 31, 32, 33, 37, 81, 91, 92, 93, 96 | 31: Documents and Communications relating to the business relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement entered into by, between, or among any Smartmatic Entity and any Dominion Entity. 32: Documents and Communications between any Smartmatic Entity and any Dominion Entity relating to, arising out of, or in any way relevant to the Alleged Defamatory Statements. 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
\* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | includes, but is not limited to, agreements or contracts. This request has no time limit. | | agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement.<br><br>37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV.<br><br>81: Documents and Communications concerning the relationship between any Smartmatic Entity and any Dominion Entity, including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. There is no time limit on this Request.<br><br>91: Documents and Communications concerning Konnech Corporation from 2004 to the present.<br><br>92: Documents and Communications reflecting any Smartmatic Entity's relationship with Konnech Corporation, including but not limited to agreements or contracts between any Smartmatic Entity and Konnech Corporation in relation to the U.S. 2020 local, state, and federal elections.<br><br>93: Documents and Communications concerning complaints, concerns, or investigations about the use of Konnech Corporation's software and/or PollChief election management system.<br><br>96: Communications between any Smartmatic Entity and Dr. J. Alex Halderman concerning or in any way related to any Smartmatic Entities' or Dominion Entities' voting machines, equipment, hardware, software, and/or servers from 2004 to the present. |
| *332 | Produce Documents and Communications concerning the Committee on Foreign Investment in the United States, including any Documents and Communications relating to investigations. | RFP 21, 22, 23, 41 | 21: Documents from governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers.<br><br>22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 23: Documents and Communications from 2006 to the present related to U.S. Representative Carolyn Maloney's 2006 letters to the Secretary of the Treasury and any investigations conducted by the United States Department of Treasury's Committee on Foreign Investment in the United States ("CFIUS") of any Smartmatic Entity including, but not limited to, any sale or security agreements entered into by any Smartmatic Entity with any governmental agencies and any documents relating to any Smartmatic Entity's withdrawal from the CFIUS's investigation. <br> 41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. |
| 333 | Produce Documents and Communications concerning the relationship between You and SEQUOIA, including but not limited to licenses, agreements, or contracts. This request has no time limit. | RFP 33, 41 | 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. <br> 41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. |
| 334 | Produce Documents and Communications concerning Your decision to sell or divest ownership of SEQUOIA, including any discussion of strategic considerations or the Committee on Foreign Investment in the United States investigation of any PLAINTIFFS. This request has no time limit. | RFP 33, 41 | 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. <br> 41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. |
| 335 | Produce Documents and Communications from 2006 to 2008 concerning any PLAINTIFFS' strategy or reasoning behind the decision to cease offering its election technology, including without limitation SMARTMATIC SYSTEMS, to | RFP 33, 41 | 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | customers in the United States upon any PLAINTIFFS' divestment of its ownership in SEQUOIA on or about September 18, 2007. | | 41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. |
| 336 | Produce Documents and Communications concerning any regulatory, technical, and/or political challenges or obstacles caused by any PLAINTIFFS' acquisition of SEQUOIA that affected any PLAINTIFFS' attempts to offer, sell, or license its election technology, including without limitation SMARTMATIC SYSTEMS, to customers in the United States from 2005 to 2008. | RFP 33, 41 | 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement.  41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. |
| 338 | Produce Documents and Communications concerning any inquiry or challenge raised by any governmental or administrative body to Your acquisition of SEQUOIA, including but not limited to investigation by the United States Department of Treasury or the United States Department of Justice. This request has no time limit. | RFP 21, 22, 23, 33, 40, 41 | 21: Documents from governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers.  22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers.  23: Documents and Communications from 2006 to the present related to U.S. Representative Carolyn Maloney's 2006 letters to the Secretary of the Treasury and any investigations conducted by the United States Department of Treasury's Committee on Foreign Investment in the United States ("CFIUS") of any Smartmatic Entity including, but not limited to, any sale or security agreements entered into by any Smartmatic Entity with any governmental agencies and any documents relating to any Smartmatic Entity's withdrawal from the CFIUS's investigation.  33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement.<br>40: Documents and Communications relating to any investigation of any Smartmatic Entity by the United States Department of Justice, including but not limited to a Smartmatic Entity 2004 election contract in Venezuela that led to Mr. Chávez's victory.<br>41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. |
| 339 | Produce Documents and Communications concerning news or media coverage of Your acquisition of SEQUOIA, including, but not limited to, coverage and commentary by Lou Dobbs on CNN in 2006. | RFP 33, 41 | 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral statements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement.<br>41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. |
| 340 | Produce Documents and Communications concerning statements made by OTHER MEDIA ORGANIZATIONS related to Your acquisition of SEQUOIA, including, but not limited to, the statements made by Lou Dobbs on CNN in 2006. | RFP 33, 41 | 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral statements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement.<br>41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. |
| 344 | Produce Documents and Communications between Heider Garcia and the Philippines Representative Teodoro Locsin Jr. concerning Your role in any election in the Philippines, including without limitation any election irregularity. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 345 | Produce Documents and Communications between Heider Garcia and Philippines Representative Rep. Roilo Golez concerning Your role in any election in the Philippines, including without limitation any election irregularity. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 346 | Documents and Communications concerning Heider Garcia's testimony before the Philippines' legislature or any legislative committee, including without limitation his testimony recorded at https://www.facebook.com/SteveTothTX/videos/422710005780841/. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 347 | Produce Documents and Communications of and concerning Heider Garcia's employment history, including without limitation his employment agreement, transfer to other locations, promotions, and departure. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 348 | Produce Documents and Communications of and concerning Ricardo Argana employment history, including without limitation his employment agreement, transfer to other locations, promotions, and departure. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 349 | Produce Documents and Communications of Ricardo Argana concerning his work on SMARTMATIC SYSTEMS, Your data breach, and his subsequent termination, including without limitation any government inquiry, investigation, or lawsuit surrounding his actions, as referenced in http://metronewscentral.net/in-and-around-the-metro/comelec-keeps-smartmatic-as-tech-provider and https://www.dailymotion.com/video/x8a5ls7. | RFP 18, 44 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present.<br>44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 350 | Produce Documents and Communications concerning any government inquiry or investigation concerning Ricardo Argana, as referenced in http://metronewscentral.net/in-and-around-the-metro/comelec-keeps-smartmatic-as-tech-provider  and https://www.dailymotion.com/video/x8a5ls7. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 351 | Produce Documents and Communications concerning and with (a) Marlon Garcia; (b) Neil Baniqued; (c) Mauricio Herrera;  or (d) Elie Moreno. | RFP 11, 18 | 11: The human resources records of Antonio Mugica, Roger Piñate, Alfredo Anzola, Marlon Garcia, Neil Baniqued, and Mauricio Herrera related to their involvement in procuring services for Comelec and/or related to any Philippines election from May 2016 to the present.<br>18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 352 | Produce Documents and Communications concerning the 2016 vice presidential elections in the Philippines and any charges brought by the Department of Justice, including without limitation Documents and Communications concerning any civil or criminal investigations and/or prosecution by the government of the Philippines, or any of its agencies, against any PLAINTIFFS or any PLAINTIFFS' employees, contractors, or agents related to the Philippines' 2016 national election. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 353 | Produce Documents produced to the government of the Philippines and/or its agencies in connection with any civil or criminal investigation and/or prosecution against any PLAINTIFFS or any | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | PLAINTIFFS' employees, contractors, or agents related to the Philippines' 2016 national election. | | |
| 354 | Produce Documents and Communications produced to any U.S. governmental entity, including without limitation the Department of Justice and/or the Federal Bureau of Investigation, in connection with any criminal or civil investigation and/or prosecution related to any PLAINTIFFS' business operations in the Philippines, how any PLAINTIFFS won a contract to administer the Philippines' election in 2016, and/or whether any conduct by any PLAINTIFFS in the Philippines or elsewhere has violated the Foreign Corrupt Practices Act. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 355 | Produce Documents and Communications concerning any incidents in which a government or other entity has alleged that You engaged in corrupt business practices, including bribery or making monetary payments to government officials in connection with a bid or contract to provide election services, including but not limited to Documents and Communications relating to:<br><br>a)  The payment alleged to have been received by Andres Bautista (also known as Andrew Bautista) prior to the 2016 Philippines election, as reported by Ben Smith and Shelby Talcott of Semafor Media on September 25, 2022 (https://medium.com/semafor-media/the-us-is-investigating-smartmatic-over-allegations-of- | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | bribery-in-thephilippines-47980be62b7f); and<br><br>b)  Any inquiry or investigation by a government entity into the payment alleged to have been received by Andres Bautista, including but not limited to the U.S. Department of Justice, the U.S. Federal Bureau of Investigation, the Philippines Department of Justice, and the Philippines House of Representatives. | | |
| 356 | Produce Documents and Communications concerning any criticisms of, or concerns about, incorrect election definitions and/or ballot designs used in SMARTMATIC SYSTEMS or DOMINION's software, hardware, and other voting machine technology. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 357 | Produce Documents and Communications concerning the roles and conduct of, and the arrests, detention, and any charges brought against, Jose Gregorio Camargo Castellanos, Joel Gustavo Rodriguez Garcia and/or Salvador Javier Sosa Suarez concerning any election in which any SMARTMATIC SYSTEMS were used, including without limitation the 2022 Kenyan election, any U.S. election, any Venezuelan election, and any election in the Philippines. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 358 | Produce Documents and Communications sufficient to show, for Joel Gustavo Rodriguez Garcia, Jose Gregorio Camargo Catellanos, and Salvador Javier Sosa Suarez, each of their:  (i) employment history with any PLAINTIFFS; (ii) | RFP 11, 18 | 11: The human resources records of Antonio Mugica, Roger Piñate, Alfredo Anzola, Marlon Garcia, Neil Baniqued, and Mauricio Herrera related to their involvement in procuring services for Comelec and/or related to any Philippines election from May 2016 to the present.<br>18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | job titles held and the dates each title was held; (iii) job responsibilities for each job title; (iv) current employment status; (v) nature of any services provided as an independent contractor or in another non-employment role; and (vi) current address. | | downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 359 | Produce all contracts between You and foreign, state, county, and local governments concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS. This includes any contracts executed by You and any foreign, state, county, and local government prior to the 2020 PRESIDENTIAL ELECTION. | RFP 13, 14 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present. 14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. |
| 360 | Produce Documents and Communications concerning the purchase, acquisition or integration of electronic voting machine, equipment, or software provided, maintained or supported by You. This request has no time limit. | RFP 13, 14 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present. 14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. |
| 361 | Produce Documents and Communications concerning the purchase, acquisition, licensing, or use of SMARTMATIC SYSTEMS by any federal, state, county, or foreign government between January 1, 2003 and the present. | RFP 13, 14 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present. 14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. |
| 362 | Produce Documents and Communications concerning any federal, state, county, or foreign government procurement for the purchase, | RFP 13, 14 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | acquisition, licensing, or use of SMARTMATIC SYSTEMS between January 1, 2003 and the present, including any bid proposals. | | 14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. |
| 363 | Produce all contracts between You, or any related entity, and any federal, state, county, or foreign government or quasi-governmental entity. This request has no time limit. | RFP 13, 14 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present.<br>14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. |
| 364 | Produce copies of all extensions or renewals of agreements between You and any governmental entities, including without limitation any federal, state, county, or foreign government or quasi-governmental entity. | RFP 13, 14 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present.<br>14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. |
| 365 | Produce Documents and Communications concerning negotiations of agreements between You and any federal, state, county, or foreign government or quasi-governmental entity, including copies of agreements, bid submissions made by You, test certification and compliance reports and results, and Your efforts to procure such agreements, including any lobbying efforts. | RFP 13, 14 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present.<br>14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. |
| 366 | Produce, without limiting your response to any other requests, any bid submissions made by You to any governmental entities, including without limitation any federal, state, county, or foreign | RFP 13, 14 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | government or quasi-governmental entity, regardless of the outcome of such bid submissions. | | 14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. |
| 367 | Produce, without limiting your response to any other requests, any Documents reflecting negotiations concerning bid submissions made by You to any governmental entities, including without limitation any federal, state, county, or foreign government or quasi-governmental entity, regardless of the outcome of such bid submissions. | RFP 13, 14 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present.<br>14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. |
| 368 | Produce Documents and Communications concerning and between You and "third-party validators" as referenced in Paragraph 349 of the COMPLAINT. | RFP 24, 67 | 24: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, or servers by national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 370 | Produce Documents and Communications concerning any negotiations with any U.S. governmental, state, county, or municipal entity for the provision of election technology and services. | RFP 13 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present. |
| 371 | Produce Documents and Communications reflecting the provision by You of technology or services anywhere in the United States. | RFP 13 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present. |
| 372 | Produce Documents and Communications with or concerning the Los Angeles Department of Elections or any employee, official, affiliate, or member thereof. | RFP 20, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| 373 | Produce Documents and Communications sufficient to identify and show the reason why a | RFP 75 | 75: All Documents and Communications concerning any contracts that you allege any Smartmatic Entity lost or did not obtain as a result of the Alleged Defamatory Statements. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | State or County in the U.S. did not contract with You, including without limitation, why You were not used, or not contracted with in Nevada, Arizona, Georgia, Pennsylvania, Michigan, Wisconsin, and Texas. This request has no time limitation. | | |
| 374 | Produce Documents and Communications sufficient to identify and show the reason why both Utah and Utah's Republican caucus did not continue to use SMARTMATIC SYSTEMS in its elections, as referenced in Paragraph 40 of the COMPLAINT. | RFP 67 | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 375 | Produce Documents and Communications concerning and between You and officials from China, Russia, Serbia, Cuba, Venezuela, Brazil, the Philippines, Spain, Argentina, Bolivia, Germany, Uganda, or any other country with a history of communism or socialism or history of election irregularity, concerning SMARTMATIC SYSTEMS. | RFP 14 | 14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. |
| 376 | Produce Documents and Communication concerning and between You and officials from any country referenced in the COMPLAINT, including but not limited to Barbados, Australia, United Kingdom, Panama, Haiti, Belgium, Singapore, Netherlands, Mexico, Ecuador, Brazil, Estonia, Taiwan, the Philippines, Colombia, Argentina, Honduras, Pakistan, Italy, Jamaica, and El Salvador, as referenced in Paragraph 11 of the COMPLAINT. | RFP 14, 67, 86 | 14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. 86: All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 377 | Produce Documents and Communications reflecting any decision by a governmental entity not to certify SMARTMATIC SYSTEMS. This request has no time limit. | RFP 24, 25 | 24: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union. 25: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies by private Persons, including but not limited to PriceWaterhouseCoopers LLP, SLI Global Solutions, SLI Compliance, and the Carter Center. |
| 378 | Produce Documents and Communications concerning Your relationships or partnerships with companies located in China, Russia, Serbia, Cuba, Venezuela, Brazil, the Philippines, Spain, Argentina, Bolivia, Germany, Uganda, or any other country with a history of communism or socialism or history of election irregularity, including but not limited to any work these foreign companies have performed on SMARTMATIC SYSTEMS. | RFP 14, 37 | 14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. 37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV. |
| 379 | Produce Documents and Communications sufficient to identify and show any payment, funding, or grants to You from China, Russia, Serbia Cuba, Venezuela, Brazil, the Philippines, Spain, Argentina, Bolivia, Germany, Uganda, or any other country with a history of communism or socialism or history of election irregularity. | RFP 14 | 14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. |
| 380 | Produce Documents and Communications concerning or with any officer, employee, contractor, affiliate, representative, or agent of You and (a) Hugo Chavez or anyone working for him; (b) Nicolás Maduro or anyone working for him. | RFP 37, 38, 40, 41 | 37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 38: Documents and Communications regarding the currently pending international arbitration between SGO Corporation Limited and the Bolivarian Republic of Venezuela (ICSID Case No. ARB(AF)/22/2), with John Henry Rooney (U.S.) appointed as the arbitrator. |
| | | | 40: Documents and Communications relating to any investigation of any Smartmatic Entity by the United States Department of Justice, including but not limited to a Smartmatic Entity 2004 election contract in Venezuela that led to Mr. Chávez's victory. |
| | | | 41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. |
| 381 | Produce Documents and Communications concerning Venezuelan Elections, including but not limited to any election irregularity in Venezuela, and the use, procurement, or sale of SMARTMATIC SYSTEMS in Venezuela. | RFP 37, 38, 40, 41 | 37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV. |
| | | | 38: Documents and Communications regarding the currently pending international arbitration between SGO Corporation Limited and the Bolivarian Republic of Venezuela (ICSID Case No. ARB(AF)/22/2), with John Henry Rooney (U.S.) appointed as the arbitrator. |
| | | | 40: Documents and Communications relating to any investigation of any Smartmatic Entity by the United States Department of Justice, including but not limited to a Smartmatic Entity 2004 election contract in Venezuela that led to Mr. Chávez's victory. |
| | | | 41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. |
| *382 | Produce Documents and Communications concerning the work You performed in 2018 to modernize elections in Venezuela, as is alleged in the COMPLAINT. | RFP 37 | 37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 383 | Produce Documents and Communications concerning the reasons why You stopped working on Venezuelan elections in 2017, as is alleged in Paragraph 120 and Paragraph 234 of the COMPLAINT. | RFP 37, 67 | 37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV. <br> 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 384 | Produce Documents and Communications sufficient to identify and show any payment, funding, or grants received from the Venezuelan government, any Venezuelan official, or any Venezuelan citizen. | RFP 14, 37 | 14: Documents and Communications relating to any agreements or contracts between any Smartmatic Entity and any foreign governmental entities and/or officials from 2004 to the present to provide voting machines, elections technology and/or services, including but not limited to the "more than 25 countries on five continents" in which Smartmatic Entities have conducted business, as alleged in Paragraph 24 of the Complaint. <br> 37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV. |
| 386 | Produce Documents and Communications concerning any sale, purchase, negotiation, or agreement between You and China, Russia, Serbia, Cuba, Venezuela, Brazil, the Philippines, Spain, Argentina, Bolivia, Germany, Uganda, or any other country with a history of communism or socialism or history of election irregularity, concerning SMARTMATIC SYSTEMS. | RFP 37 | 37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV. |
| 387 | Produce Documents and Communications sufficient to identify and show any election irregularity in any foreign country where SMARTMATIC SYSTEMS were used. This request has no date limitation. | RFP 13, 26, 44 | 13: Documents and Communications relating to any agreement or contract between Smartmatic USA Corp. and any state, county, or local governmental entity of the United States, to provide voting machines, elections technology and/or services from 2005 to the present. <br> 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |
| 389 | Produce Documents and Communications, including videos and transcripts, concerning any interviews of any of the PLAINTIFFS' chairmen or employees in the Philippines. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 390 | Produce Documents and Communications concerning and between You and COMELEC relating to any data breach or election irregularity. | RFP 18, 44 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |
| 391 | Produce Documents and Communications concerning claims by Ferdinand Marcos Jr. that he was robbed of the vice presidency because of "Smartmatic" and COMELEC. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 392 | Produce Documents and Communications concerning and between You and the COMELEC Chairman, Saidamen Pangarungan, or any of his officials, employees, or agents, relating to any data breach or election irregularity. | RFP 18, 44 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |
| 393 | Produce Documents and Communications concerning and between You and the Republic of | RFP 18, 44 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
\* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | the Philippines' Senate Electoral Reforms Committee relating to any data breach or election irregularity. | | downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present.<br>44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |
| 394 | Produce Documents and Communications concerning any of Your employees' testimony before the Philippines' legislature or any legislative committee relating to SMARTMATIC SYSTEMS. This request has no time limit. | RFP 18, 44 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present.<br>44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |
| 395 | Produce Documents and Communications concerning any Philippines government inquiry, subpoena, or request for information concerning SMARTMATIC SYSTEMS. This request has no time limit. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 396 | Produce Documents and Communications concerning and between You and COMELEC Chairman George Garcia, or his officials, employees, or agents, relating to Your role in the Philippines elections. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 397 | Produce Documents and Communications concerning Your data breach, as referenced in https://www.dailymotion.com/video/x8a5ls7, including but not limited to irregular file downloads. | RFP 18, 44 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present.<br>44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 398 | Produce Documents and Communications concerning and between You and COMELEC relating to the use of SMARTMATIC SYSTEMS in the Philippines 2022 election, or primary leading up to the 2022 election, including without limitation the data breach of SMARTMATIC SYSTEMS and any flaws, vulnerabilities, weaknesses, or bugs in SMARTMATIC SYSTEMS that contributed, or was claimed to contribute, to this data breach. | RFP 18, 44 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |
| 399 | Documents and Communications that concern Your bids or proposals to the Philippines government and any concerns expressed over such bids, proposals, or use of SMARTMATIC SYSTEMS in the Philippines. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 400 | Produce Documents and Communications concerning any hacking of SMARTMATIC SYSTEMS in the Philippines, as referenced in http://metronewscentral.net/in-and-around-the-metro/comelec-keeps-smartmatic-as-tech-provider, including without limitation the hacker group XSOS. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |
| 401 | Produce Documents and Communications concerning the hacking of COMELEC in 2016, as referenced in https://www.dailymotion.com/video/x8a5ls7. | RFP 18, 44 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 402 | Produce Documents and Communications concerning the article published by the New York Times on September 9, 2009 titled "The Business of Voting Machines," https://www.nytimes.com/2009/09/10/opinion/10thu2.html. | RFP 42, 43 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice. |
| 404 | Produce Documents and Communications in the possession, custody, or control of any of the PLAINTIFFS or any of their current or former attorneys that were sent by or received from Andres Bautista. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 405 | Produce Documents and Communications sufficient to identify any consultants to whom any of the PLAINTIFFS paid at least $750,000 in connection with the 2004 Venezuelan elections. | RFP 37 | 37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV. |
| 406 | Produce Documents and Communications between You and any THIRD PARTY concerning any of the SMARTMATIC SYSTEMS and the 2020 PRESIDENTIAL ELECTION. | RFP 68 | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 407 | Produce Documents and Communications sufficient to identify and show any attempt by You to request a correction or retraction by OAN | RFP 4, 5, 6, 42, 43, 68, 72, 101 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | relating to any statement described in the COMPLAINT. | | 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. |
| | | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| | | | 43: Documents and Communications that support Your contention that Herring acted with actual malice. |
| | | | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| | | | 72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. |
| | | | 101: Documents and Communications related to work by any public relations professional on behalf of any Smartmatic Entity from that Smartmatic Entity's inception to the present. |
| 408 | Produce Documents and Communications concerning or with any federal, state, county, city, or foreign country law enforcement agency concerning voting machine equipment vulnerability or voting machine software vulnerability, regardless of the manufacturer, between January 1, 2010 and the present. | RFP 26, 68 | 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. |
| | | | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 409 | Produce Documents and Communications concerning or with any legislative committee, sub-committee, task force, or other federal or state legislative body concerning voting machine equipment vulnerability or voting machine software vulnerability, regardless of the manufacturer, between January 1, 2010 and the present. | RFP 26, 68 | 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 410 | Produce Documents and Communications concerning or with any federal, state or local elections official concerning voting machine equipment vulnerability or voting machine software vulnerability, regardless of the voting machine manufacturer, between January 1, 2010 and the present. | RFP 26, 68 | 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
\* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 411 | Produce Documents and Communications concerning or between You and the U.S. Election Assistance Commission ("EAC") relating to electronic voting machines, equipment, or services. This request has no time limit. | RFP 22, 68, 100 | 22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. <br> 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. <br> 100: Documents and Communications concerning any analysis performed in connection with security and/or vulnerability assessments for voting machines and software, including but not limited to any such analysis performed by MITRE, the National Election Security Laboratory, Professor J. Alex Halderman, Harri Hursti or any state or federal agency, including but not limited to the Cybersecurity and Infrastructure Security Agency. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
\* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 412 | Produce all Documents concerning the U.S. Election Assistance Commission ("EAC") and National Institute of Standards and Technology's ("NIST") hardware and software testing, the EAC's Voluntary Voting System Guidelines ("VVSG"), logic and accuracy testing, and updates to hardware or software after EAC certification. This request has no time limit. | RFP 20, 22, 24, 100 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. 24: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union. 100: Documents and Communications concerning any analysis performed in connection with security and/or vulnerability assessments for voting machines and software, including but not limited to any such analysis performed by MITRE, the National Election Security Laboratory, Professor J. Alex Halderman, Harri Hursti or any state or federal agency, including but not limited to the Cybersecurity and Infrastructure Security Agency. |
| 413 | Produce Documents and Communications concerning any evaluations or testing conducted by independent testing laboratories accredited by the EAC on any SMARTMATIC SYSTEMS. This request has no time limit. | RFP 20, 22, 24, 100 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. 24: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union. 100: Documents and Communications concerning any analysis performed in connection with security and/or vulnerability assessments for voting machines and software, including but not limited to any such analysis performed by MITRE, the |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | National Election Security Laboratory, Professor J. Alex Halderman, Harri Hursti or any state or federal agency, including but not limited to the Cybersecurity and Infrastructure Security Agency. |
| 414 | Produce Documents and Communications concerning and between You and (a) DOMINION; (b) Election Systems & Software, Inc.; (c) Hart Intercivic, Inc.; (d) Unisyn Voting Solutions; (e) Clear Ballot; (f) Hart Verity Voting; (g) Bitza Corporation; (h) SEQUOIA; (i) Konnech Corporation; (j) Premier Election Solutions, Inc. (F/K/A Diebold Election Systems, Inc.); or (k) any other voting technology company. | RFP 33, 41, 37, 91, 92, 93 | 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement. 41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. 37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV. 91: Documents and Communications concerning Konnech Corporation from 2004 to the present. 92: Documents and Communications reflecting any Smartmatic Entity's relationship with Konnech Corporation, including but not limited to agreements or contracts between any Smartmatic Entity and Konnech Corporation in relation to the U.S. 2020 local, state, and federal elections. 93: Documents and Communications concerning complaints, concerns, or investigations about the use of Konnech Corporation's software and/or PollChief election management system. |
| 415 | Produce Documents and Communications exchanged between You and any state, county, or local governmental entity relating to the 2020 PRESIDENTIAL ELECTION. | RFP 68 | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| *417 | Produce Documents and Communications exchanged between You and employees of the State of California or its political subdivisions since January 1, 2020 that reference OAN. | RFP 68 | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 419 | Produce Documents and Communications sent to, or received from, any OTHER MEDIA ORGANIZATIONS or other media, social media or broadcast source relating to voting machines, hacking of voting machines, voting machine security or vulnerabilities, or any other issue concerning voting machines and election integrity. This request has no time limit. | RFP 68 | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 420 | Produce Documents and Communications sent to, or received from, the Republican or Democratic National Committees, Republican or Democratic Parties, any political candidate, any political campaign, any Political Action Committee or any other public interest funder relating to voting | RFP 68 | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

101

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | machines, hacking of voting machines, voting machine security or vulnerabilities, or any other issue concerning voting machines and election integrity. This request has no time limit. | | LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 421 | Produce Documents and Communications between You and individuals responsible for tabulating votes, certifying election results, or involved with the use, maintenance, or support of SMARTMATIC SYSTEMS during the 2020 PRESIDENTIAL ELECTION, including poll watchers, county officials, non-partisan groups, and those in any county in which a lawsuit was filed against You. | RFP 68, 73 | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 422 | Produce Documents and Communications sent to, or received from, individuals responsible for tabulating votes, certifying election results, or involved with the use, maintenance, or support of SMARTMATIC SYSTEMS, including poll watchers, county officials, and non-partisan, including those in any county in which a lawsuit was filed against You.  This request has no time limit. | RFP 68 | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 423 | Produce Documents and Communications sent to, or received from, the Department of Justice, Federal Bureau of Investigation, and any local, state and federal regulatory, investigative, legislative or judicial authority after January 1, 2003. | RFP 22, 68 | 22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| 425 | Produce Documents and Communications concerning the changes in vote counts in the 2014 and 2018 Brazilian elections. | RFP 67 | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 428 | Produce Documents that You contend support, establish, or demonstrate that the COMPLAINED OF BROADCASTS and/or the COMPLAINED OF STATEMENTS are not literally or substantially true, or imply false statements of fact. There is no time limit on this Request. | RFP 42, 43 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. |
| 429 | Produce Documents and Communications concerning Your claim for Defamation for False Statements and Implications. | RFP 42, 43 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. |
| 430 | Produce Documents and Communications concerning Your claim for Injurious Falsehood for | RFP 42, 43 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | False Statements and Implications about Your Election Technology and Software. | | 43: Documents and Communications that support Your contention that Herring acted with actual malice. |
| 431 | Produce Documents and Communications concerning Your assertion that the COMPLAINED OF STATEMENTS are false. | RFP 42, 43 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. |
| 432 | Produce Documents and Communications concerning the testing, analysis, reporting, certification, decertification, or the refusal to certify equipment or software provided, maintained or supported by You, including without limitation SMARTMATIC SYSTEMS. This request has no time limit. | RFP 20, 24, 25 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 24: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union. 25: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies by private Persons, including but not limited to PriceWaterhouseCoopers LLP, SLI Global Solutions, SLI Compliance, and the Carter Center. |
| 433 | Produce Documents and Communications concerning pre-2020 PRESIDENTIAL ELECTION or post-2020 PRESIDENTIAL ELECTION studies, reporting, or analysis of SYSTEMS provided, maintained, or supported by You. | RFP 17, 73 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 434 | Produce Documents and Communications concerning any federal, state, county, or foreign government testing, auditing, or certification results associated with SMARTMATIC SYSTEMS. This request has no time limit. | RFP 19, 20, 24, 25 | 19: Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint. 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 24: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 25: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies by private Persons, including but not limited to PriceWaterhouseCoopers LLP, SLI Global Solutions, SLI Compliance, and the Carter Center. |
| 435 | Produce Documents and Communications concerning complaints or criticisms of You during the 2020 PRESIDENTIAL ELECTION, including any legal actions filed by or against You. | RFP 17, 62 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint.<br>62: Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present. |
| 436 | Produce Documents and Communications concerning the performance of SYSTEMS provided, maintained, or supported by You in the 2020 PRESIDENTIAL ELECTION. | RFP 17, 62 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint.<br>62: Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present. |
| *437 | Produce Documents and Communications concerning any criticisms of, or concerns about, the use of equipment or software provided, maintained or supported by You between January 1, 2003 and the present, including without limitation SMARTMATIC SYSTEMS. | RFP 17, 62 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint.<br>62: Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present. |
| 438 | Produce Documents and Communications concerning any investigations, whether formal or informal, relating to the use of equipment or software provided, maintained or supported by You between January 1, 2003 and the present, including without limitation SMARTMATIC SYSTEMS. | RFP 28, 30, 40, 41, 93 | 28: Documents and Communications compiled and/or submitted to the United States Department of Justice in connection with its investigation of alleged violation of the Foreign Corrupt Practices Act by any Smartmatic Entity in connection with the 2004 Venezuelan election and the 2016 Philippines election<br>30: Documents and Communications regarding any Smartmatic Entity involved in the investigation related to the August 9, 2022 elections in Kenya, including but not limited to requests from the Kenyan Supreme Court for access to the Independent Electoral and Boundaries Commission's servers, and any Smartmatic Entity's response to the request. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 40: Documents and Communications relating to any investigation of any Smartmatic Entity by the United States Department of Justice, including but not limited to a Smartmatic Entity 2004 election contract in Venezuela that led to Mr. Chávez's victory.<br>41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity.<br>93: Documents and Communications concerning complaints, concerns, or investigations about the use of Konnech Corporation's software and/or PollChief election management system. |
| *439 | Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2004 Venezuela election, as alleged in Paragraph 29 of the COMPLAINT. | RFP 17, 37 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint.<br>37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV. |
| 440 | Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning "Smartmatic's election technology and software [] used in multiple U.S. states as well as Washington, D.C." from 2005 to 2007, as alleged in Paragraph 30 of the COMPLAINT. | RFP 67 | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 441 | Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2007 Curacao | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | election, as alleged in Paragraph 31 of the COMPLAINT. | | |
| 442 | Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2008 Philippines election, as alleged in Paragraph 32 of the COMPLAINT. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 443 | Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2010 Philippines election, as alleged in Paragraph 34 of the COMPLAINT. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 444 | Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning the United Nations Development Program's selection of You "to supply biometric technology and associated services in order to upgrade Zambia's voter registration," as alleged in Paragraph 34 of the COMPLAINT. | RFP 67 | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 445 | Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2012 "election | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | services" for Brazil, as alleged in Paragraph 36 of the COMPLAINT. | | |
| 448 | Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2013 Philippines election, as alleged in Paragraph 37 of the COMPLAINT. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| *449 | Produce Documents and Communications, including agreements, investigation reports, audits, or complaints, concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the 2013 Venezuela election, as alleged in Paragraph 37 of the COMPLAINT. | RFP 37 | 37: Documents and Communications regarding any Smartmatic Entity's operations, from that Smartmatic entity's inception to the present, in Venezuela, including but not limited to participation in Venezuelan elections, as well as oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement with Bizta Corp. and CANTV. |
| 450 | Produce Documents and Communications concerning Your assertion that "[a]ll parties audited the voting platform 15 times," as alleged in Paragraph 37 of the COMPLAINT. | RFP 19, 20, 42, 43, 67, 73 | 19: Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint. 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 451 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any | RFP 17, 62 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | SMARTMATIC SYSTEMS, relating to the 2014 Ecuador election referenced in Paragraph 38 of the COMPLAINT. | | 62: Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present. |
| 453 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2014 Bulgaria election referenced in Paragraph 38 of the COMPLAINT. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 454 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2014 Brazil election referenced in Paragraph 38 of the COMPLAINT. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 455 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2015 Argentina election referenced in Paragraph 39 of the COMPLAINT. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 456 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2016 Utah Republican caucus referenced in Paragraph 40 of the COMPLAINT. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 457 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
\* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | SMARTMATIC SYSTEMS, relating to the 2016 Philippines election referenced in Paragraph 40 of the COMPLAINT. | | |
| 458 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2016 Brazil election referenced in Paragraph 40 of the COMPLAINT. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 459 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2016 Oman election referenced in Paragraph 40 of the COMPLAINT. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 460 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2017 Italy election referenced in Paragraph 41 of the COMPLAINT. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 461 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2017 Armenia election referenced in Paragraph 41 of the COMPLAINT. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 462 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | SMARTMATIC SYSTEMS, relating to the 2017 Estonia election referenced in Paragraph 41 of the COMPLAINT. | | |
| 463 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2018 Philippines election referenced in Paragraph 42 of the COMPLAINT. | RFP 17, 18 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 464 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2018 Norway referendum referenced in Paragraph 42 of the COMPLAINT. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 465 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2018 Belgium election referenced in Paragraph 42 of the COMPLAINT. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 466 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2019 Estonia election referenced in Paragraph 43 of the COMPLAINT. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 467 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2019 European Parliament elections referenced in Paragraph 43 of the COMPLAINT. | RFP 20, 67 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 468 | Produce Documents and Communications, including agreements, investigation reports, audits, criticisms, or complaints, concerning You or any SMARTMATIC SYSTEMS, relating to the 2019 Philippines election referenced in Paragraph 43 of the COMPLAINT. | RFP 17, 18 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint.<br>18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 469 | Produce Documents and Communications relating to claims made as to the effectiveness, security, or accuracy of SMARTMATIC SYSTEMS used in Kenya's 2016 general election, including without limitation claims made in any petitions filed with Kenya's Supreme Court contesting the outcome of that election. | RFP 17 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. |
| 470 | Produce Documents and Communications sent to, or received from, You concerning tabulation errors when Your software or hardware was used during any election, including without limitation SMARTMATIC SYSTEMS. This request has no time limit. | RFP 26 | 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. |
| 472 | Produce Documents and Communications reflecting support and maintenance efforts concerning Your voting systems, including its | RFP 76 | 76: Portions of personnel files of all employees and personnel of Smartmatic Entities who have worked on any Smartmatic Entity's voting equipment or software utilized or employed in the U.S. 2020 local, state, and federal elections that refer to or address any disciplinary actions, errors, problems or concerns relating to: (1) software coding; (2) design or maintenance of |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | hardware and software, since January 1, 2003, including without limitation SMARTMATIC SYSTEMS. | | any Smartmatic Entity's machines; (3) political affiliations or actions; or (4) public commentary on the 2020 Presidential Election. |
| 473 | Produce Documents and Communications that show that Your equipment or software have the ability, or had the ability at any time, to connect to the internet by any method, including without limitation SMARTMATIC SYSTEMS.  This request has no time limit. | RFP 42 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| 474 | Produce Documents and Communications that show how Your equipment or software is, or can be, connected to computer networks or other computers, hardware, or the internet, including Documents and Communications showing that Your voting machines, including without limitation SMARTMATIC SYSTEMS, are connected to one or more other computer(s). | RFP 42 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| 476 | Produce Documents and Communications sufficient to identify Your technicians, contractors, employees, or agents during the 2020 PRESIDENTIAL ELECTION. | RFP 8, 9, 76, 79 | 8: Documents and Communications regarding the formation of any Smartmatic Entity.<br>9: Documents and Communications demonstrating any Smartmatic Entity's corporate governance and ownership structure, inclusive of all parent and subsidiary companies, from the formation of any Smartmatic Entity to the present.<br>76: Portions of personnel files of all employees and personnel of Smartmatic Entities who have worked on any Smartmatic Entity's voting equipment or software utilized or employed in the U.S. 2020 local, state, and federal elections that refer to or address any disciplinary actions, errors, problems or concerns relating to: (1) software coding; (2) design or maintenance of any Smartmatic Entity's machines; (3) political affiliations or actions; or (4) public commentary on the 2020 Presidential Election.<br>79: All Documents and Communications concerning any vendors or other contractors or affiliates based outside the United States that manufacture, produce, license, or are otherwise involved with any hardware, software, or other components used in any Smartmatic Entity's voting equipment, systems, machines and/or software from 2004 to the present. |
| 477 | Produce Documents and Communications concerning the any error, potential error, mistake, | RFP 19, 42, 73 | 19: Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | flaw, criticism, or concern relating to the tabulation of votes in the 2020 PRESIDENTIAL ELECTION. | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 478 | Produce Documents and Communications concerning any inaccurate votes or vote tabulations in the use of SMARTMATIC SYSTEMS in the 2020 PRESIDENTIAL ELECTION. | RFP 19, 26, 42, 73 | 19: Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint. <br> 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. <br> 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 479 | Produce Documents and Communications concerning pre-2020 PRESIDENTIAL ELECTION or post-2020 PRESIDENTIAL ELECTION analysis, studies, or reports concerning electronic voting machines, equipment, or software between January 1, 2003 and the present. | RFP 17, 26, 42, 73 | 17: Documents and Communications that support Your contention that all Smartmatic Entity "case studies demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results," as alleged in Paragraph 45 of the Complaint. <br> 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. <br> 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 480 | Produce Documents and Communications concerning the sourcing of components, parts or equipment for the provision of voting equipment or | RFP 18, 79 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

114

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | services and the sourcing of programming services for the provision of voting software services. This request includes but is not limited to documents and communications relating to the sourcing of parts and software programming by You. This request has no time limit. | | elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. 79: All Documents and Communications concerning any vendors or other contractors or affiliates based outside the United States that manufacture, produce, license, or are otherwise involved with any hardware, software, or other components used in any Smartmatic Entity's voting equipment, systems, machines and/or software from 2004 to the present. |
| 481 | Produce Documents sufficient to show the database, storage device or cloud, or website where information concerning bugs or vulnerabilities associated with any of Your voting machine hardware or software, including without limitation SMARTMATIC SYSTEMS, was or is stored, between January 1, 2003 and the present. | RFP 18 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. |
| 482 | Produce any test certification and compliance reports and results of any of the SMARTMATIC SYSTEMS provided by or to any governmental entities, including without limitation states and counties. | RFP 20, 24, 42 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 24: Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| 484 | Produce Documents sufficient to show the words used by You to identify and track security issues concerning Your voting machines or software, including without limitation, SMARTMATIC SYSTEMS, between January 1, 2003 and the present. | RFP 26, 42 | 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 485 | Produce Documents and Communications sufficient to show any actual or potential error, bug, flaw, mistake, defect, or fault in any of Your voting machine hardware or software, or components thereof, that causes or has ever caused SMARTMATIC SYSTEMS to produce an incorrect or unexpected result, or to behave in unintended ways. | RFP 26, 42, 73 | 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 486 | Produce Documents and Communications concerning any potential or existing security vulnerabilities or security flaws that have been reported, identified, discovered, or are known concerning any voting systems, scanners, products, software, or equipment manufactured, sold, leased, maintained, serviced, or supported by You that were used for the 2020 PRESIDENTIAL ELECTION. | RFP 26, 44, 73 | 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya.<br>44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present.<br>73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 487 | Produce Documents and Communications concerning any attempts to hack any voting systems, scanners, products, software, or equipment manufactured, sold, leased, maintained, serviced, or supported by You that were used for the 2020 PRESIDENTIAL ELECTION. | RFP 26, 42, 44, 73 | 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present.<br>73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 488 | Produce Documents and Communications concerning any votes that may have been compromised in the 2020 PRESIDENTIAL ELECTION relating to any voting systems, scanners, products, software, or equipment manufactured, sold, leased, maintained, serviced, or supported by You. | RFP 26, 42, 44, 73 | 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 489 | Produce Documents and Communications concerning the ability or inability of any voting systems manufactured, sold, leased, maintained, serviced, or supported by You and used for the 2020 PRESIDENTIAL ELECTION, including without limitation SMARTMATIC SYSTEMS, to connect to Wifi, a computer network, or the Internet. | RFP 42 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| 490 | Produce Documents and Communications concerning the ability or inability of any ballot marking devices, tabulators, scanners, or other devices manufactured, sold, leased, maintained, serviced, or supported by You to connect to Wifi, a computer network, or the Internet. This request has no time limit. | RFP 42, 73 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 491 | Produce Documents and Communications concerning any vulnerability disclosures made to the Cybersecurity and Infrastructure Security Agency about Your software or hardware, | RFP 21, 22, 42, 100 | 21: Documents from governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

117

APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | including without limitation SMARTMATIC SYSTEMS. This request has no time limit. | | United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. 22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 100: Documents and Communications concerning any analysis performed in connection with security and/or vulnerability assessments for voting machines and software, including but not limited to any such analysis performed by MITRE, the National Election Security Laboratory, Professor J. Alex Halderman, Harri Hursti or any state or federal agency, including but not limited to the Cybersecurity and Infrastructure Security Agency. |
| 492 | Produce Documents and Communications concerning any of Your voting machines or systems that were reset on or about November 3, 2020 because of an unauthorized access event. | RFP 26, 42, 44, 73 | 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 493 | Produce Documents and Communications concerning any anomalies reported to You or the U.S. Election Assistance Commission concerning SMARTMATIC SYSTEMS that were made, serviced, owned, or maintained by You between 2003 and the present. | RFP 22, 68, 100 | 22: Communications to, from, or with governmental entities and officials, whether in the United States or elsewhere, and including but not limited to the U.S. Election Assistance Commission, the Cybersecurity and Infrastructure Security Agency, the Department of Defense, the Department of Justice, the United States Department of Treasury's Committee on Foreign Investment in the United States, and the Department of Homeland Security from 2006 to the present, regarding any Smartmatic Entity and/or its voting machines, equipment, hardware, software, and/or servers. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, and Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP. |
| | | | 100: Documents and Communications concerning any analysis performed in connection with security and/or vulnerability assessments for voting machines and software, including but not limited to any such analysis performed by MITRE, the National Election Security Laboratory, Professor J. Alex Halderman, Harri Hursti or any state or federal agency, including but not limited to the Cybersecurity and Infrastructure Security Agency. |
| 494 | Produce Documents and Communications reflecting any effort to audit or verify the voting results in the 2020 PRESIDENTIAL ELECTION. | RFP 19, 20, 42, 43, 67, 73 | 19: Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint. |
| | | | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. |
| | | | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| | | | 43: Documents and Communications that support Your contention that Herring acted with actual malice. |
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| | | | 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 495 | Produce Documents and Communications concerning all post-election audits or any other actions conducted by third-parties to verify that the votes counted by SMARTMATIC SYSTEMS | RFP 19, 20, 42, 43, 67, 73 | 19: Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
\* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | accurately recorded the intended preference of participating voters. | | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| *496 | Produce Documents and Communications concerning any actual or potential bugs, errors, problems, glitches, flaws, vulnerabilities, BACKDOORs, weaknesses, or complaints concerning SMARTMATIC SYSTEMS since January 1, 2003. | RFP 20, 42, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| 497 | Produce Documents and Communications concerning all cybersecurity breaches of SMARTMATIC SYSTEMS, including without limitation software, hardware, or other components, during any foreign or domestic election since January 1, 2003, including but not limited to Documents sufficient to show the date of the breach, the nature of the breach, the specific software or component breached, the quantity and location of the voting equipment affected by the breach, and any remedial actions taken by any PLAINTIFFS to correct the breach. | RFP 44 | 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 498 | Produce Documents and Communications sufficient to show any actual or potential error, bug, flaw, mistake, defect, or fault in any SMARTMATIC SYSTEMS. | RFP 20, 42, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| 499 | Produce Documents and Communications concerning any potential or existing security vulnerabilities or flaws that have been reported, identified, discovered, or are known by You concerning any SMARTMATIC SYSTEMS that were used in the 2020 PRESIDENTIAL ELECTION. | RFP 18, 19, 26, 42 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present.<br>19: Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint.<br>26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| 500 | Produce Documents and Communications concerning any actual or potential security error, bug, flaw, mistake, defect, or fault detected in any SMARTMATIC SYSTEMS. | RFP 20, 42, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

121

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 501 | Produce Documents and Communications concerning performance reports of SMARTMATIC SYSTEMS. | RFP 42 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| 502 | Produce Documents and Communications concerning weaknesses in Your "auditability (sic) of election results,"   as alleged in Paragraph 211 of the COMPLAINT. | RFP 19, 20, 42, 43, 67, 73 | 19: Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint. 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 503 | Produce Documents and Communications concerning election irregularities where SMARTMATIC SYSTEMS were used. This request has no time or geographic limit. | RFP 42 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| 504 | Produce Documents and Communications concerning complaints or criticisms of You concerning Your operations or conduct during any U.S. Presidential Election, including any legal actions filed by or against You. | RFP 42, 62 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 62: Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present. |
| *505 | Produce Documents and Communications relating to any criticisms or concerns about the use of equipment or software provided, maintained, or supported by You between January 2003 and the present. | RFP 42, 62 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 62: Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present. |
| 506 | Produce Documents and Communications concerning any allegation of fraud, malfeasance, or | RFP 42 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
|  | manipulation of SMARTMATIC SYSTEMS. This request has no time or geographic limitation. |  |  |
| 507 | Produce Documents and Communications in Your possession, custody or control concerning fraud, cheating, manipulation, lying, stealing, deceit, rigging, tampering, meddling or illegal conduct in any election. | RFP 42 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| 508 | Produce Documents and Communications in Your possession, custody or control referencing one or more votes in an election having been switched, changed, tainted, rigged, manipulated, lost, fabricated, created, destroyed, hidden, altered or stolen. | RFP 42 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| 509 | Produce Documents and Communications in Your possession, custody or control concerning: (i) either or both of former President Donald J. Trump or Hillary Clinton; (ii) the 2016 U.S. presidential election; and (iii) fraud, cheating, manipulation, lying, stealing, deceit, rigging, tampering, meddling or illegal conduct in the 2016 U.S. presidential election.  This request seeks documents dated from September 1, 2016 to the present. | RFP 42, 43 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| 510 | Produce Documents and Communications in Your possession, custody or control stating or indicating that former President Donald J. Trump had not won the 2016 U.S. presidential election and/or was not the legitimate winner of, or the legitimate president following, the 2016 U.S. presidential election. This request seeks documents dated from November 1, 2016 to the present. | RFP 42, 43 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

123

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 511 | Produce Documents and Communications concerning any votes that may have been compromised in any U.S. election where SMARTMATIC SYSTEMS was involved. | RFP 26, 44, 42 | 26: Documents and Communications regarding issues or concerns raised about any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns about a potential election security breach, vulnerabilities, or vote tabulation errors, from the formation of all Smartmatic Entities to the present, including but not limited to those Documents and Communications concerning elections in Venezuela, the Philippines, and Kenya. <br> 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. <br> 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. |
| 512 | Produce Documents and Communications sufficient to show any deficiencies or weaknesses in Your ability to audit Your technology. | RFP 19, 20, 42, 43, 67, 73 | 19: Documents and Communications relating to any Smartmatic Entity's involvement in the U.S. 2020 local, state, and federal elections, including but not limited to the audit trails referenced in Paragraph 233 of the Complaint. <br> 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. <br> 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. <br> 43: Documents and Communications that support Your contention that Herring acted with actual malice. <br> 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. <br> 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| 513 | Produce Documents and Communications concerning evidence, and Your confirmation of or investigation into the absence of evidence, that You deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION or any other election, including all sources for such evidence. This includes statements from the Trump Administration Cybersecurity and Infrastructure Security Agency, the Trump Administration Election Assistance Commission, | RFP 18, 73 | 18: Documents and Communications relating to any agreements between any Smartmatic Entity and any third party regarding inspections, maintenance, updates to software and/or hardware, imaging of drives, servers and/or data uploads or downloads related to any Smartmatic Entity's voting machines or software and related storage servers or devices used in elections in the United States or elsewhere, including but not limited to the 2020 election in the United States, as well as elections in Venezuela, the Philippines, and Kenya from 2005 to the present. <br> 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | the Michigan Secretary of State, the Georgia Secretary of State, the Maricopa County Board of Supervisors, then-United States Attorney General William Barr, Chris Christie, any election security expert, and You. This request has no time limit. | | |
| 514 | Produce Documents and Communications, including negotiations and agreements, concerning Los Angeles County's selection of SMARTMATIC USA in June 2018 to "manufacture and implement a new election system for the county," as alleged in Paragraph 48 of the COMPLAINT. | RFP 20, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| 515 | Produce Documents and Communications concerning the design, research, development, engineering, manufacturing, testing, or evaluation of the "custom-designed BMDs . . . as part of [Los Angeles County's] VSAP initiative," as alleged in Paragraph 53 of the COMPLAINT. | RFP 20, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| 516 | Produce Documents and Communications concerning the "systems integration of the BMDs," as alleged in Paragraph 54 of the COMPLAINT, including without limitation Documents and Communications sufficient to evidence guidelines, policies, procedures, requirements, standards, or testing concerning the "systems integration of the BMDs." | RFP 20, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| 517 | Produce Documents and Communications concerning the technology and services SMARTMATIC USA provided to Los Angeles County under the VSAP initiative, as enumerated | RFP 20, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

125

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | in Paragraph 55 of the COMPLAINT, including without limitation Documents and Communications sufficient to evidence guidelines, policies, procedures, requirements, standards, or testing concerning the technology and services alleged in Paragraph 55 of the COMPLAINT. | | 82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| *518 | Produce Documents and Communications concerning complaints or criticisms of You relating to the technology and services SMARTMATIC USA provided to Los Angeles County under the VSAP initiative, as enumerated in Paragraph 55 of the COMPLAINT. | RFP 20, 82, 62 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections.<br>62: Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present. |
| 519 | Produce Documents and Communications concerning Your use or provision of hardware or software, including without limitation SMARTMATIC SYSTEMS, for the March 3, 2020 California presidential primary election in Los Angeles County, as alleged in Paragraph 56 of the COMPLAINT. | RFP 20, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| 520 | Produce Documents and Communications concerning the "19,445 BMDs deployed for the [November general] election" compared to the total "31,000 BMDs manufactured by Smartmatic," as alleged in Paragraph 58 of the COMPLAINT, including without limitation Documents and Communications sufficient to evidence bugs, problems, glitches, or other issues precluding deployment of any BMDs. | RFP 20, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint.<br>82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

126

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| *521 | Produce Documents and Communications concerning the software used for the SMARTMATIC USA system referred to as "VSAP 2:1" used in Los Angeles County, California during the 2020 election, including  user or support manuals, source code, user instructions, and any other material concerning the operation of VSAP 2:1. | RFP 20, 82, 62 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. 62: Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present. |
| *522 | Produce Documents and Communications exchanged between You, on the one hand, and Los Angeles County, the California Secretary of State, or any State, County, or Local government official, on the other hand, concerning the VSAP 2:1 system between January 1, 2016 and the present. | RFP 20, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| 523 | Produce Documents and Communications concerning any potential bugs, glitches, software flaws, hardware flaws, or irregularities relating to any of the SMARTMATIC SYSTEMS used in Los Angeles County in 2020. | RFP 20, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| *524 | Produce Documents and Communications concerning any criticisms of any of the SMARTMATIC SYSTEMS used in Los Angeles County in 2020. | RFP 20, 62, 82 | 20: Documents and Communications relating to the VSAP 2.1 system, including but not limited to the certification of the same by California and the U.S. Election Assistance Commission, as referenced in Paragraphs 324 and 364 of the Complaint. 62: Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any Smartmatic Entity to the present. 82: Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections. |
| *525 | Produce Documents and Communications concerning Your assertion that OAN "acted with fault, at least negligence, and with actual malice," | RFP 42, 43, 67 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | in publishing the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS, as alleged at Paragraph 462 of the COMPLAINT. | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *526 | Produce Documents and Communications concerning Your assertion that OAN published the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS with "hatred, ill-will or spite, and/or for improper motives," as alleged at Paragraph 463 of the COMPLAINT. | RFP 42, 43, 67 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *527 | Produce Documents and Communications concerning Your assertion that OAN did not have any source or evidence for the statements set forth at Paragraphs 242–249 of the COMPLAINT. | RFP 42, 43, 67 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *528 | Produce Documents and Communications concerning Your assertion that OAN "purposefully avoided learning the truth about Smartmatic and its election technology and software," as alleged at Paragraphs 250–254 of the COMPLAINT. | RFP 42, 43, 67 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *529 | Produce Documents and Communications concerning the allegation that "[OAN] did not interview anyone with personal knowledge of Your involvement in the 2020 U.S. election or the allegations being made about Smartmatic," and that "[OAN] purposefully avoided inviting guests with personal knowledge" as alleged in Paragraph 253 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *530 | Produce Documents and Communications concerning the allegation that "[OAN] possessed and/or had access to information that showed its | RFP 42, 43, 67 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | statements were false," as alleged in Paragraph 255 of the COMPLAINT. | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *531 | Produce Documents and Communications concerning the allegation that a "myriad of information was available to [OAN] that showed its statements about Smartmatic and the use of its technology and software to fix, rig, and steal the 2020 U.S. election were false," as alleged in Paragraphs 287 and 346 of the COMPLAINT. | RFP 42, 43, 67 | 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 532 | Produce Documents and Communications concerning the statements contained in the SMARTMATIC RETRACTION DEMAND to OAN, including any drafts thereof, as set forth in Paragraphs 285, 318, 334, 353 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 68, 72 | 4: Documents regarding Herring, OAN, and/or the Herring Talent.<br>5: Documents regarding the Herring Guests from January 1, 2018 to present.<br>6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present.<br>42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory.<br>43: Documents and Communications that support Your contention that Herring acted with actual malice.<br>68: All Documents and Communications, including all intra-office Communications (whether by email, text message, instant message, Slack, or other similar instant messaging software, memoranda, etc.), between or among any Smartmatic Entity and any Person or entity not a party to the above-captioned case, relating to Herring, OAN, the Herring Talent, the Herring Guests, the Retraction Demands, the Complaint, the above-captioned case, and/or the subject matter of the above-captioned case, including but not limited to, William Kennard (Chairman, Board of Directors of AT&T Inc., and Board member of Staple Street Capital), John Stankey (Chief Executive Officer, AT&T Inc.), Bill Morrow (Chief Executive Officer, DirecTV, LLC), Rob Thun (Senior Vice President, Content, DirecTV), AT&T Inc. (including any member of its Board of Directors from 2020 to the present), AT&T Services, Inc., DirecTV, LLC (including any member of its Board of Directors from 2020 to the present), Verizon Fios, Staple Street Capital, Hootan Yaghoobzadeh (Managing Director/Co-Founder, Staple Street Capital), Kay Stimson (Chair, U.S. Department of Homeland Security's Election Infrastructure Sector Coordinating Council), Hamilton Place Strategies, Tony Fratto (Founder, Hamilton Place Strategies) and/or the NAACP.<br>72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 101: Documents and Communications related to work by any public relations professional on behalf of any Smartmatic Entity from that Smartmatic Entity's inception to the present. |
| *533 | Produce Documents and Communications concerning the allegation that OAN doubted or had reason to doubt the veracity of the guests on their shows, as alleged in Paragraphs 355 and 378 of the COMPLAINT. | RFP 4, 5, 6, 42, 43, 67 | 4: Documents regarding Herring, OAN, and/or the Herring Talent. 5: Documents regarding the Herring Guests from January 1, 2018 to present. 6: Communications to, from, and/or between Smartmatic USA Corp. and any Person, including but not limited to Other Media Organizations and governmental entities and officials, regarding the Herring Talent from January 1, 2018 to present. 42: Documents and Communications that support Your contention that the Alleged Defamatory Statements are not substantially true, are not accurate, are misleading, and/or are defamatory. 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 534 | Produce Documents and Communications concerning or evidencing a "code of conduct or ethics" applicable to OAN, as alleged at Paragraph 402 of the COMPLAINT, or any other broadcasting company. | RFP 43, 67 | 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *535 | Produce Documents and Communications concerning the allegation that "[OAN] violated at least eleven generally accepted journalism standards," as alleged at Paragraphs 404–420 of the COMPLAINT. | RFP 43, 67 | 43: Documents and Communications that support Your contention that Herring acted with actual malice. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 536 | Produce Documents and Communications concerning, evidencing, or reflecting whether any of Your customers or potential customers, international or domestic, viewed any of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS. | RFP 56, 72, 75 | 56: All Documents and Communications relating to Your contention that You were injured by the Alleged Defamatory Statements. 72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. 75: All Documents and Communications concerning any contracts that you allege any Smartmatic Entity lost or did not obtain as a result of the Alleged Defamatory Statements. |
| 537 | Produce Documents and Communications concerning, evidencing, or reflecting any complaints by Your customers or potential | RFP 56, 72, 75 | 56: All Documents and Communications relating to Your contention that You were injured by the Alleged Defamatory Statements. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | customers, international or domestic, concerning any of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS. | | 72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. 75: All Documents and Communications concerning any contracts that you allege any Smartmatic Entity lost or did not obtain as a result of the Alleged Defamatory Statements. |
| 538 | Produce Documents and Communications concerning and between You and any customer or potential customer relating to the security risks posed by the use of SMARTMATIC SYSTEMS, including but not limited to the possibility of SMARTMATIC SYSTEMS being hacked or otherwise accessed by unauthorized third parties. | RFP 44, 75 | 44: Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present. 75: All Documents and Communications concerning any contracts that you allege any Smartmatic Entity lost or did not obtain as a result of the Alleged Defamatory Statements. |
| 539 | Produce Documents and Communications concerning, evidencing, or reflecting whether any of Your customers or potential customers, international or domestic, declined to contract with, or continue to contract with, You as a proximate result of viewing any of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS. | RFP 56, 72, 75 | 56: All Documents and Communications relating to Your contention that You were injured by the Alleged Defamatory Statements. 72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. 75: All Documents and Communications concerning any contracts that you allege any Smartmatic Entity lost or did not obtain as a result of the Alleged Defamatory Statements. |
| 540 | Produce Documents and Communications concerning any failure to obtain a contract relating to SMARTMATIC SYSTEMS due to alleged political and/or reputational obstacles in the United States market between January 1, 2016 and January 1, 2020. | RFP 56, 72, 75 | 56: All Documents and Communications relating to Your contention that You were injured by the Alleged Defamatory Statements. 72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. 75: All Documents and Communications concerning any contracts that you allege any Smartmatic Entity lost or did not obtain as a result of the Alleged Defamatory Statements. |
| 541 | Produce Documents and Communications subsequent to November 3, 2020 concerning any (i) termination of any contract with any | RFP 56, 72 | 56: All Documents and Communications relating to Your contention that You were injured by the Alleged Defamatory Statements. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | PLAINTIFFS; (ii) withdrawal of any request for proposal from any PLAINTIFFS; or (iii) refusal to accept a bid from any PLAINTIFFS. | | 72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. |
| 542 | Produce Documents and Communications concerning, evidencing, or reflecting any action taken by Your customers or potential customers, international or domestic, that harmed You as a proximate result of viewing any of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS. | RFP 56, 72 | 56: All Documents and Communications relating to Your contention that You were injured by the Alleged Defamatory Statements.<br>72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. |
| 543 | Produce Documents and Communications concerning, evidencing, or reflecting whether any of Your customers or potential customers, international or domestic, read any of the "reactions" to "[OAN]'s publications" as set forth at Paragraph 429 (a)-(i) of the COMPLAINT. | RFP 56, 72, 86 | 56: All Documents and Communications relating to Your contention that You were injured by the Alleged Defamatory Statements.<br>72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party.<br>86: All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors. |
| *544 | Produce Documents and Communications concerning Your assertion at Paragraph 430 of the COMPLAINT that "Smartmatic's name and brand similarly suffered with government officials, particularly those in the United States" as a result of any of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS. | RFP 45, 56, 67, 72 | 45: Documents and Communications that support Your contention that OAN's alleged "defamatory statements were a proximate and substantial cause of Smartmatic's name and brand becoming synonymous with election fraud with members of the general public and government officials, particularly those in the United States," as alleged in Paragraph 427 of the Complaint.<br>56: All Documents and Communications relating to Your contention that You were injured by the Alleged Defamatory Statements.<br>67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.<br>72: All Documents and Communications concerning complaints or concerns about statements made regarding any Smartmatic Entities related to the U.S. 2020 local, state, and federal elections, including but not limited to retraction requests, responses to retraction requests, and any related correspondence sent by any Smartmatic Entity to any third party. |
| *545 | Produce Documents and Communications concerning Your assertion at Paragraph 431 of the COMPLAINT that "certain government officials" became critical of You as result of the | RFP 45, 56, 67, 73 | 45: Documents and Communications that support Your contention that OAN's alleged "defamatory statements were a proximate and substantial cause of Smartmatic's name and brand becoming synonymous with election fraud with members of the general public and government officials, particularly those in the United States," as alleged in Paragraph 427 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS. | | 56: All Documents and Communications relating to Your contention that You were injured by the Alleged Defamatory Statements. <br> 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. <br> 73: Documents sufficient to show the method and reliability of auditing for any Smartmatic Entity's voting machines and technology deployed to count ballots in the U.S. 2020 local, state, and federal elections. |
| *546 | Produce Documents and Communications concerning Your assertion at Paragraph 432 of the COMPLAINT that You faced a "crisis situation" as a result of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS. | RFP 47, 48, 49, 50, 67 | 47: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $400,000 out-of-pocket expenses spent on public relations and crisis management, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. <br> 48: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $100,000 out-of-pocket expenses spent on cybersecurity, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. <br> 49: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $700,000 out-of-pocket expenses spent on retention and recruitment for personnel, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. <br> 50: Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, Plaintiffs "will spend millions more in the coming years" in out-of-pocket expenses, as alleged in Paragraphs 432-433 of the Complaint. <br> 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *547 | Produce Documents and Communications concerning Your assertion at Paragraph 432 of the COMPLAINT that "Smartmatic's officers and employees have been threatened," and its operations "have come under attack – physical and electronically," as a result of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS. | RFP 47, 48, 49, 50, 67 | 47: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $400,000 out-of-pocket expenses spent on public relations and crisis management, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. <br> 48: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $100,000 out-of-pocket expenses spent on cybersecurity, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. <br> 49: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $700,000 out-of-pocket expenses spent on retention and recruitment for personnel, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. <br> 50: Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, Plaintiffs "will spend millions more in the coming years" in out-of-pocket expenses, as alleged in Paragraphs 432-433 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | | | 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 548 | Produce Documents and Communications reflecting any expenditures made by any PLAINTIFFS to protect any PLAINTIFFS' officers or employees from any threats of (or actual) physical violence purportedly caused by the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS. | RFP 47, 48, 49, 50, 67 | 47: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $400,000 out-of-pocket expenses spent on public relations and crisis management, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. 48: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $100,000 out-of-pocket expenses spent on cybersecurity, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. 49: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $700,000 out-of-pocket expenses spent on retention and recruitment for personnel, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. 50: Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, Plaintiffs "will spend millions more in the coming years" in out-of-pocket expenses, as alleged in Paragraphs 432-433 of the Complaint. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 549 | Produce Documents and Communications concerning the claimed "out-of-pocket" expenses incurred by You as set forth in Paragraph 432–433 of the COMPLAINT. | RFP 47, 48, 49, 50, 67 | 47: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $400,000 out-of-pocket expenses spent on public relations and crisis management, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. 48: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $100,000 out-of-pocket expenses spent on cybersecurity, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. 49: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $700,000 out-of-pocket expenses spent on retention and recruitment for personnel, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. 50: Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, Plaintiffs "will spend millions more in the coming years" in out-of-pocket expenses, as alleged in Paragraphs 432-433 of the Complaint. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *550 | Produce Documents and Communications concerning Your assertion that the "out-of-pocket" expenses incurred by You, as set forth in Paragraph | RFP 47, 48, 49, 50, 67 | 47: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $400,000 out-of-pocket expenses spent on public relations and crisis management, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

134

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | 432–433 of the COMPLAINT, were substantially caused by the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS. | | 48: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $100,000 out-of-pocket expenses spent on cybersecurity, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. 49: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $700,000 out-of-pocket expenses spent on retention and recruitment for personnel, as alleged in Paragraphs 432-433 of the Complaint. 50: Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, Plaintiffs "will spend millions more in the coming years" in out-of-pocket expenses, as alleged in Paragraphs 432-433 of the Complaint. ==67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.== |
| *551 | Produce Documents and Communications concerning Your assertion that the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS were "a substantial cause of Smartmatic's diminished business value and prospects, particularly in the United States," as alleged at Paragraphs 434, 435, and 438 of the COMPLAINT. | RFP 51, 52, 53, ==67== | 51: Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint. 52: Documents and Communications that support Your contention that the Smartmatic Entities were valued at $3 billion going into the 2020 Presidential Election, as alleged in Paragraph 438 of the Complaint. 53: Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, the Smartmatic Entities now valued at less than $1 billion, as alleged in Paragraph 438 of the Complaint. ==67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.== |
| *552 | Produce Documents and Communications concerning Your assertion that the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS caused individuals to be "less likely to select Smartmatic" as an electronic voting systems supplier, as alleged at Paragraphs 436–437 of the COMPLAINT. | ==RFP 67== | ==67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.== |
| *553 | Produce Documents and Communications concerning Your assertion that Your "business value and prospects" have been "significantly diminished" as a result of the COMPLAINED OF BROADCASTS or COMPLAINED OF | RFP 51, 52, 53, ==67== | 51: Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint. 52: Documents and Communications that support Your contention that the Smartmatic Entities were valued at $3 billion going into the 2020 Presidential Election, as alleged in Paragraph 438 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

135

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | STATEMENTS, as alleged at Paragraph 438 of the COMPLAINT. | | 53: Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, the Smartmatic Entities now valued at less than $1 billion, as alleged in Paragraph 438 of the Complaint. <br> ==67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.== |
| *554 | Produce Documents and Communications concerning Your assertion that prior to the 2020 election, "Smartmatic's business was valued in excess of $3.0 billion based on a modes multiplier," as alleged at Paragraph 438 of the COMPLAINT. | RFP 51, 52, 53, ==67==, 83 | 51: Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint. <br> 52: Documents and Communications that support Your contention that the Smartmatic Entities were valued at $3 billion going into the 2020 Presidential Election, as alleged in Paragraph 438 of the Complaint. <br> 53: Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, the Smartmatic Entities now valued at less than $1 billion, as alleged in Paragraph 438 of the Complaint. <br> ==67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.== <br> 83: Documents and Communications relating to the method, manner, procedure, or formulation by which You calculate Your economic damages. |
| 555 | Produce Documents and Communications concerning any diminished "sales and opportunities through subsidiaries," identified in Footnote 21, Paragraph 438 of the COMPLAINT, as a result of the COMPLAINED OF BROADCASTS or COMPLAINED OF STATEMENTS. | ==RFP 67== | ==67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.== |
| *556 | Produce Documents and Communications concerning Your assertion that "following [OAN]s publication of its defamatory statements, Smartmatic's business is valued at less than $1 billion," as alleged at Paragraph 438 of the COMPLAINT. | RFP 51, 52, 53, ==67== | 51: Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint. <br> 52: Documents and Communications that support Your contention that the Smartmatic Entities were valued at $3 billion going into the 2020 Presidential Election, as alleged in Paragraph 438 of the Complaint. <br> 53: Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, the Smartmatic Entities now valued at less than $1 billion, as alleged in Paragraph 438 of the Complaint. <br> ==67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint.== |
| 557 | Produce Documents and Communications concerning, evidencing, or reflecting any formal or | RFP 51, 52, 53, ==64== | 51: Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint. |

Gray: Refused to produce responsive documents
==Blue==: Refused to produce responsive documents until the request was narrowed
==Yellow==: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

136

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | informal business valuations of You conducted between January, 2016 and the present. | | 52: Documents and Communications that support Your contention that the Smartmatic Entities were valued at $3 billion going into the 2020 Presidential Election, as alleged in Paragraph 438 of the Complaint. 53: Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, the Smartmatic Entities now valued at less than $1 billion, as alleged in Paragraph 438 of the Complaint. 64: All Smartmatic Entity financial statements, including balance sheets, income statements, cash flow statements, statements of shareholders' equity, Special Purpose Acquisition Company statements, other private equity valuations, and any form of other valuation from that Smartmatic Entity's inception to the present. |
| 558 | Produce Documents and Communications reflecting all revenue generated by You from 2010 to the present. | RFP 66, 98 | 66: Documents and Communication demonstrating any Smartmatic Entity's projected finances, gross revenue, and net revenue from the beginning of 2020 through 2025. 98: Documents sufficient to show Your financial condition, including but not limited to profits, margins and revenue from January 2016 to the present. |
| 559 | Produce Documents and Communications concerning Your "diminished business value and prospects," as alleged in Paragraph 434 of the COMPLAINT. | RFP 51, 52, 53, 67 | 51: Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint. 52: Documents and Communications that support Your contention that the Smartmatic Entities were valued at $3 billion going into the 2020 Presidential Election, as alleged in Paragraph 438 of the Complaint. 53: Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, the Smartmatic Entities now valued at less than $1 billion, as alleged in Paragraph 438 of the Complaint. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| *560 | Produce Documents and Communications concerning Your claim that "Smartmatic's business was valued in excess of $3.0 billion," as alleged in Paragraph 437 of the COMPLAINT. | RFP 51, 52, 53, 67 | 51: Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint. 52: Documents and Communications that support Your contention that the Smartmatic Entities were valued at $3 billion going into the 2020 Presidential Election, as alleged in Paragraph 438 of the Complaint. 53: Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, the Smartmatic Entities now valued at less than $1 billion, as alleged in Paragraph 438 of the Complaint. 67: Documents and Communications related to the Complaint or which form, in whole or in part, a basis for the Complaint. |
| 561 | Produce Documents and Communications concerning Your value, enterprise value, book | RFP 51, 64 | 51: Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | value, fair market value, estimated value, retained earnings and/or stockholders equity. | | 64: All Smartmatic Entity financial statements, including balance sheets, income statements, cash flow statements, statements of shareholders' equity, Special Purpose Acquisition Company statements, other private equity valuations, and any form of other valuation from that Smartmatic Entity's inception to the present. |
| 562 | Produce Documents and Communications referencing the fair market value, book value, estimated value or other value of any assets, property, equipment, software, intellectual property, buildings, land, machinery, inventories, pension assets and/or right-of-use assets owned by any PLAINTIFFS. | RFP 51 | 51: Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint. |
| 563 | Produce all loan agreements or other contracts containing one or more financial covenants by any PLAINTIFFS that were entered into, or in effect, from January 1, 2016 to the present. | RFP 64, 98 | 64: All Smartmatic Entity financial statements, including balance sheets, income statements, cash flow statements, statements of shareholders' equity, Special Purpose Acquisition Company statements, other private equity valuations, and any form of other valuation from that Smartmatic Entity's inception to the present. 98: Documents sufficient to show Your financial condition, including but not limited to profits, margins and revenue from January 2016 to the present. |
| 564 | Produce Documents and Communications concerning Your claim for compensatory and per se damages against OAN. | RFP 57, 58 | 57: Documents and Communications that support Your request for no less than $2.7 billion in actual, consequential, and special damages in the above-captioned case, as well as Documents and Communications that demonstrate the actions any Smartmatic Entity has undertaken to mitigate its alleged damages. 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 565 | Produce Documents and Communications concerning Your claim for actual damages against OAN. | RFP 57 | 57: Documents and Communications that support Your request for no less than $2.7 billion in actual, consequential, and special damages in the above-captioned case, as well as Documents and Communications that demonstrate the actions any Smartmatic Entity has undertaken to mitigate its alleged damages. |
| 566 | Produce Documents and Communications concerning Your claim for consequential damages against OAN. | RFP 57 | 57: Documents and Communications that support Your request for no less than $2.7 billion in actual, consequential, and special damages in the above-captioned case, as well as Documents and Communications that demonstrate the actions any Smartmatic Entity has undertaken to mitigate its alleged damages. |
| 567 | Produce Documents and Communications concerning Your claim for special damages against OAN. | RFP 57 | 57: Documents and Communications that support Your request for no less than $2.7 billion in actual, consequential, and special damages in the above-captioned case, as well as Documents and Communications that demonstrate the actions any Smartmatic Entity has undertaken to mitigate its alleged damages. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 568 | Produce Documents and Communications concerning Your claim for punitive damages against OAN. | RFP 57, 59 | 57: Documents and Communications that support Your request for no less than $2.7 billion in actual, consequential, and special damages in the above-captioned case, as well as Documents and Communications that demonstrate the actions any Smartmatic Entity has undertaken to mitigate its alleged damages.<br>59: Documents and Communications that support Your request for punitive damages. |
| 569 | Produce Documents and Communications concerning the allegation that Your reputation has been irreparably tarnished, as alleged in Paragraph 432 of the COMPLAINT. | RFP 54 | 54: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial factor in causing Smartmatic to suffer irreparable harm to its reputation," as well as proof of such harm and loss, as alleged in Paragraph 452 of the Complaint. |
| 570 | Produce Documents and Communications concerning any business opportunity allegedly lost by You as a result of any action taken by OAN. | RFP 75, 86 | 75: All Documents and Communications concerning any contracts that you allege any Smartmatic Entity lost or did not obtain as a result of the Alleged Defamatory Statements.<br>86: All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors. |
| 571 | Produce Your accounting records from January 1, 2016 to the present reflecting all business development, public relations, crisis management, and/or lobbying expenditures. | RFP 47 | 47: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $400,000 out-of-pocket expenses spent on public relations and crisis management, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. |
| 572 | Produce Your accounts receivable/vendor advances aging schedules concerning each period, and all related Documents and Communications, from January 2014 to present. | RFP 79 | 79: All Documents and Communications concerning any vendors or other contractors or affiliates based outside the United States that manufacture, produce, license, or are otherwise involved with any hardware, software, or other components used in any Smartmatic Entity's voting equipment, systems, machines and/or software from 2004 to the present. |
| 573 | Produce Your accounts receivable impairment reports, including expected credit losses analyses, for each period from January 2014 to present. | RFP 64, 98 | 64: All Smartmatic Entity financial statements, including balance sheets, income statements, cash flow statements, statements of shareholders' equity, Special Purpose Acquisition Company statements, other private equity valuations, and any form of other valuation from that Smartmatic Entity's inception to the present.<br>98: Documents sufficient to show Your financial condition, including but not limited to profits, margins and revenue from January 2016 to the present. |
| 574 | Produce Documents evidencing all qualitative and quantitative analyses evaluating impairments of financial and non-financial assets of You for all financial reporting periods from 2014 to the present. | RFP 64 | 64: All Smartmatic Entity financial statements, including balance sheets, income statements, cash flow statements, statements of shareholders' equity, Special Purpose Acquisition Company statements, other private equity valuations, and any form of other valuation from that Smartmatic Entity's inception to the present. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 575 | Produce Documents and Communications sufficient to show Your financial performance forecasts and projections from January 1, 2003 to present. | RFP 66, 90 | 66: Documents and Communication demonstrating any Smartmatic Entity's projected finances, gross revenue, and net revenue from the beginning of 2020 through 2025. 90: All documents concerning projections of any Smartmatic Entity's future business plans, including but not limited to prospective contracts and clients. |
| 577 | Produce Documents and Communications concerning financial audits of You, including without limitation all annual and quarterly audited financial statements of You from 2010 to present. | RFP 64, 85, 98 | 64: All Smartmatic Entity financial statements, including balance sheets, income statements, cash flow statements, statements of shareholders' equity, Special Purpose Acquisition Company statements, other private equity valuations, and any form of other valuation from that Smartmatic Entity's inception to the present. 85: All financial audits and documents and correspondence from accounting professionals concerning any Smartmatic Entity from 2004 to the present. 98: Documents sufficient to show Your financial condition, including but not limited to profits, margins and revenue from January 2016 to the present. |
| 578 | Produce Documents and Communications concerning Your efforts to receive investments from prospective investors, including without limitation all offering memoranda or other pitch materials, from January 1, 2003 to present. | RFP 64, 74, 85 | 64: All Smartmatic Entity financial statements, including balance sheets, income statements, cash flow statements, statements of shareholders' equity, Special Purpose Acquisition Company statements, other private equity valuations, and any form of other valuation from that Smartmatic Entity's inception to the present. 74: All Documents and Communications, including marketing materials, pitch packets and promotional materials reflecting any Smartmatic Entity's efforts (or those made on any Smartmatic Entity's behalf) to solicit contracts globally from that Smartmatic Entity's inception to the present. 85: All financial audits and documents and correspondence from accounting professionals concerning any Smartmatic Entity from 2004 to the present. |
| 581 | Produce Documents and Communications reflecting any expenditures made by You to attempt to mitigate purported harm to Your business purportedly caused by the COMPLAINED OF STATEMENTS, including but not limited to any purported harm to Your reputation. | RFP 47, 101 | 47: Documents and Communications that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' alleged $400,000 out-of-pocket expenses spent on public relations and crisis management, as well as proof of said expenses, as alleged in Paragraphs 432-433 of the Complaint. 101: Documents and Communications related to work by any public relations professional on behalf of any Smartmatic Entity from that Smartmatic Entity's inception to the present. |
| 582 | Produce Documents and Communications, including without limitation any draft and final agreements, concerning any funding received by You concerning this ACTION. | RFP 63 | 63: Documents sufficient to identify all sources of funding You are using to pay costs, expenses, or fees for this case, including each entity or individual providing funds, contingency services, pro bono services, or litigation financing and the related oral or written agreements. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

140

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 583 | Produce Documents and Communications relating to all sources of funding You are using to pay costs, expenses, or fees for this case or any other lawsuit filed by any PLAINTIFFS related to the 2020 PRESIDENTIAL ELECTION, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.), including each entity or individual providing funds, contingency services, pro bono services and the related or oral written agreements. | RFP 63 | 63: Documents sufficient to identify all sources of funding You are using to pay costs, expenses, or fees for this case, including each entity or individual providing funds, contingency services, pro bono services, or litigation financing and the related oral or written agreements. |
| 584 | Produce Documents and Communications relating to any offer or proposal by any third-party individual or entity to pay costs, expenses, or fees for this ACTION or any other lawsuit filed by any PLAINTIFFS related to the 2020 PRESIDENTIAL ELECTION, including but not limited to Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al., Index No. 151136-2021 (New York County, New York); Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc., Case No. N21C-11-028 EMD (Del. Super. Ct.); Smartmatic USA Corp., et al. v. Sidney Powell, Case No. 21-cv-02995 | RFP 63 | 63: Documents sufficient to identify all sources of funding You are using to pay costs, expenses, or fees for this case, including each entity or individual providing funds, contingency services, pro bono services, or litigation financing and the related oral or written agreements. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| | (D.D.C.); Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098 (D. Minn.), including each third-party individual or entity that offered or proposed to provide funds, contingency services, pro bono services, regardless of whether the offer or proposal was accepted. | | |
| 585 | Produce Documents and Communications concerning requests for financing made by You from January 1, 2003 to present, including without limitation loan applications and related Documents and Communications. | RFP 63 | 63: Documents sufficient to identify all sources of funding You are using to pay costs, expenses, or fees for this case, including each entity or individual providing funds, contingency services, pro bono services, or litigation financing and the related oral or written agreements. |
| 586 | Produce Documents and Communications concerning Your itemization of lost profits as detailed in Appendix 1 of Your First Amended Complaint in Smartmatic USA Corp. v. Fox Corp., Index No. 151136/2021, IAS Part 58 (Supreme Court of the State of New York, County of New York). | RFP 75, 98 | 75. All Documents and Communications concerning any contracts that you allege any Smartmatic Entity lost or did not obtain as a result of the Alleged Defamatory Statements.<br>98: Documents sufficient to show Your financial condition, including but not limited to profits, margins and revenue from January 2016 to the present. |
| 587 | Produce Documents and Communications concerning the Sale and Security Agreement between You and SEQUOIA concerning Your divestiture of SEQUOIA. This request includes but is not limited to the Sale and Security Agreement, communications between You and any government agency, official, or employee relating to Your acquisition and/or divestiture of SEQUOIA, and all documents and communications relating to the negotiation, execution of and compliance with the Sale and Security Agreement. | RFP 33, 41 | 33: Documents and Communications relating to the business relationship between any Smartmatic Entity and Sequoia Voting Systems, Inc., (or any other Sequoia entity), including but not limited to oral agreements, written contracts, licensing agreements, noncompete agreements, non-solicitation agreements, cooperation agreements, common-interest agreements, joint defense agreements, settlement agreements, and any other form of agreement.<br>41: Documents and Communications relating to any investigation of any Smartmatic Entity by the Committee on Foreign Investment in the United States from 2005 to the present, including but not limited to any investigation related to investments by the Venezuelan government in one or more Smartmatic Entity and the acquisition of Sequoia Voting Systems, Inc. by any Smartmatic Entity. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 588 | Produce Documents and Communications concerning Your historical profit margins from January 1, 2010 to the present, including without limitation all internal financial statements prepared on a monthly, quarterly, and annual basis including income statements showing gross profit, contribution margin, or operating profit. | RFP 64, 98 | 64: All Smartmatic Entity financial statements, including balance sheets, income statements, cash flow statements, statements of shareholders' equity, Special Purpose Acquisition Company statements, other private equity valuations, and any form of other valuation from that Smartmatic Entity's inception to the present.<br>98: Documents sufficient to show Your financial condition, including but not limited to profits, margins and revenue from January 2016 to the present. |
| 589 | Produce Documents and Communications, including without limitation internal accounting documents, concerning revenue, gross profit, contribution margin, and operating profit by customer on a monthly, quarterly, and annual basis from 2010 to present. | RFP 98 | 98: Documents sufficient to show Your financial condition, including but not limited to profits, margins and revenue from January 2016 to the present. |
| 590 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Fox News since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 591 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Newsmax since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 592 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Donald Trump since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 593 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Sidney Powell since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 594 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Rudy Giuliani since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 595 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of MY PILLOW, INC. since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 596 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Michael J. Lindell since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 597 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Patrick Byrne since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

144

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 598 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Powell, P.C. since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 599 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Lou Dobbs since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 600 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Maria Bartiromo since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 601 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Jeanine Pirro since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 602 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Defending the Republic, Inc. since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

145

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

| OAN 2nd Set of RFPs[1] | Text of OAN 2nd Set of RFPs | Allegedly Duplicative OAN 1st Set of RFPs[2] | Text of Allegedly Duplicative OAN 1st Set of RFPs |
|---|---|---|---|
| 603 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of Joe Oltmann since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 604 | Produce Documents and Communications concerning the impact on You, including any damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of The Gateway Pundit since November 1, 2020. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 605 | Produce Documents and Communications concerning any analyses relating to the amount of damages allegedly suffered by You, caused by or resulting from any alleged actions, statements, or broadcasts of any Person. | RFP 58 | 58: Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed). |
| 606 | Produce Documents and Communications concerning periodic internal management reports, including without limitation any Documents and Communications concerning the increase or decrease in business with current and/or prospective customers. | RFP 51 | 51: Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint. |
| 607 | Produce Documents and Communication concerning analyses relating to the amount of recovery of the business value of You as a result of the passage of time as new information has come out related to the COMPLAINED OF STATEMENTS and allegations in Your COMPLAINT. | RFP 51, 52, 53 | 51: Documents and Communication that support Your contention that Herring and the Alleged Defamatory Statements are a "substantial cause" of Plaintiffs' diminished business value and prospects, as well as proof of said loss in business value and prospects, as alleged in Paragraphs 435 and 438 of the Complaint.<br>52: Documents and Communications that support Your contention that the Smartmatic Entities were valued at $3 billion going into the 2020 Presidential Election, as alleged in Paragraph 438 of the Complaint.<br>53: Documents and Communications that support Your contention that, as a result of Herring and the Alleged Defamatory Statements, the Smartmatic Entities now valued at less than $1 billion, as alleged in Paragraph 438 of the Complaint. |

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

**APPENDIX A – Chart - Response to Motion for Protective Order (Response to Plaintiffs' Appendix B)**

Gray: Refused to produce responsive documents
Blue: Refused to produce responsive documents until the request was narrowed
Yellow: Objected to as overbroad (excluding RFPs where Smartmatic refused to produce responsive documents)
* Refused conditional withdrawal offer

147