IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

                Plaintiffs,                       No. 1:21-cv-02900-CJN

        v.

HERRING NETWORKS, INC.,                           Judge Carl J. Nichols

                Defendant.

**PLAINTIFFS' MOTION TO ISSUE A PROTECTIVE ORDER, STAY DEPOSITIONS, AND AMEND SCHEDULING ORDER**

## <u>TABLE OF CONTENTS</u>

**Page**

I.    BACKGROUND ............................................................................................... 2

    A.    Joint Notice of Unresolved Discovery Disputes ...................................... 2

    B.    OANN's Motion for Recusal of Judge Upadhyaya ................................. 4

    C.    Motion for Protective Order.................................................................... 4

    D.    OANN's Grossly Insufficient Production................................................ 5

    E.    OANN's Failure to Respond to Smartmatic's Second Set of
        Requests for Production ........................................................................... 7

    F.    OANN's Unilateral Decision to Issue Seven Deposition Notices.......................... 7

II.   LEGAL STANDARD ...................................................................................... 8

III.  ARGUMENT ................................................................................................... 9

    A.    There Is Good Cause To Issue A Protective Order Quashing All
        Seven Deposition Notices Issued By OANN ........................................ 10

    B.    Good Cause Exists to Amend the Scheduling Order ............................ 12

IV.   CONCLUSION ............................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Byrd v. D.C.,*
259 F.R.D. 1 (D.D.C 2009)...................................................................................8, 10

*Equal Rts. Ctr. v. Post Properties, Inc.,*
2008 WL 11391642 (D.D.C. May 27, 2008) ...................................................12, 15

*George v. Allen Martin Ventures, LLC,*
2023 WL 2705776 (D.D.C. 2023) ...............................................................................15

*Ghawanmeh v. Islamic Saudi Acad.,*
274 F.R.D. 329 (D.D.C. 2011) ....................................................................................11

*In re Subpoena to Wang,*
214 F.Supp. 3d 91 (D.D.C. October 13, 2016) ..................................................8, 15

*Kline v. Berry,*
2012 WL 2376982 (D.D.C. 2012) ...............................................................................10

*Laker Airways Ltd. v. Pan Am. World Airways,*
103 F.R.D. 42 (D.D.C. 1984) .......................................................................................14

*Low v. Whitman,*
207 F. R. D. 9 (D.D.C. 2002).................................................................................10, 12

*Rundquist v. Vapiano SE¸*
277 F.R.D. 205 (D.D.C. 2011).....................................................................................13

*Seattle Times Co. v. Rhinehart¸*
467 U.S. 20 (1984) ..........................................................................................................8

*United States v. Kellogg Brown & Root Servs., Inc.,*
285 F.R.D. 133 (D.D.C. 2012)............................................................................9, 12, 13

*United States v. Prevezon Holdings, Ltd.,*
320 F.R.D. 112 (S.D.N.Y. 2017) .................................................................................11

*Williams v. Johanns,*
2006 WL 3826967 (D.D.C. 2006) ...............................................................................13

*Winston & Strawn LLP v. L. Firm of John Arthur Eaves,*
307 F.R.D. 259 (D.D.C. 2014).....................................................................................14

*Zinna v. The Bd. of Cnty. Comm'rs of The Cnty. of Jefferson*,
    250 F.R.D. 527 (D. Colo. 2007) ............................................................14

**Other Authorities**

Fed. R. Civ. P. 6(b)(1)(A) ........................................................................9

Fed. R. Civ. P. 16 (Advisory Committee Notes to the 1983 Amendment) ................................12

Fed R. Civ. P. 16(b)(4)............................................................................9

Fed. R. Civ. P. 26(a)(2) ..........................................................................16

Fed. R. Civ. P. 26(c) ....................................................................... *passim*

Local Rule 16.4(a) ................................................................................9

Pursuant to Rule 6(b)(1)(a), Rule 16(b)(4), and Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively, "Smartmatic"), by counsel, submit this motion to issue a protective order quashing Defendant Herring Network Inc.'s (d/b/a OANN) ("OANN") seven premature deposition notices issued on September 13, 2023.  Smartmatic also respectfully requests this Court amend the Scheduling Order (Dkt. 42) ("Scheduling Order"), extend the fact discovery deadline to April 8, 2024, and stay depositions until January 8, 2024.

OANN's excessive delays in producing discovery and attempts to take advantage of the parties' lopsided compliance have led Smartmatic to seek a remedy from the Court. Throughout the progression of this case, Smartmatic has been diligent in its pursuit and production of discovery. By contrast, OANN has continuously slow-rolled its production, leaving minimal time for Smartmatic to assess the extent of the serious gaps that remain. Additionally, OANN's many deficiencies in its production and responses have caused several outstanding discovery disputes. Many of those disputes remain pending before this Court, and others are the subject of a joint submission that the parties are currently drafting. OANN's production is not complete, and depositions cannot proceed until these discovery disputes are resolved.

Despite its own non-compliance with its discovery obligations, OANN unilaterally issued seven notices for the depositions of current and former Smartmatic employees over Smartmatic's objection. The undue burden and expense Smartmatic will suffer if forced to comply with OANN's notices significantly outweigh any purported interest OANN has in rushing into depositions before completing document discovery.

As such, Smartmatic respectfully requests that this Court issue a protective order quashing OANN's deposition notices and modify the Scheduling Order by extending the

deadline for fact discovery to April 8, 2024, and staying the taking of depositions until January 8, 2024.

## I.      BACKGROUND

Following the 2020 presidential election, OANN engaged in a widespread disinformation campaign in which OANN alleged that Smartmatic, a voting machine company, rigged the 2020 election. As a result of this disinformation campaign, Smartmatic's reputation was irreversibly tarnished, and it became necessary for Smartmatic to bring its defamation claims against OANN.

Smartmatic filed its Complaint on Nov 3, 2021. (Dkt. 1). The Court denied OANN's motion to dismiss on June 21, 2022, and the parties subsequently entered discovery. (Dkt. 24). Since discovery began, Smartmatic has remained persistent in ensuring that discovery progresses. OANN, however, has caused delays at every turn.

There are currently twelve pending discovery-related issues in front of this Court: eleven issues outlined in the parties' May 5 Joint Notice of Unresolved Discovery Disputes and Smartmatic's Motion for Protective Order to Quash 1,500 Request for Production. OANN's Motion for Recusal of Magistrate Judge Upadhyaya is also pending. And several serious disputes are in the process of being raised with the Court once the parties finish drafting their joint submission. (Ex. A, Sullivan Declaration, at ¶ 24). Despite these pending issues, issues which the parties continued to discuss on an almost daily basis, OANN unilaterally proceeded with issuing seven deposition notices over Smartmatic's objection. (Ex. A, at ¶¶ 27, 28). The deficiencies and disputes described below must be resolved before discovery can proceed.

### A.      <u>Joint Notice of Unresolved Discovery Disputes</u>

In October 2022, both parties served interrogatories, requests for admission, and requests for production ("RFPs"). (Ex. A, at ¶ 2). Smartmatic granted OANN's request to extend the deadline for responses and objections to this first set of requests. (*Id.*)

Between January and April, the parties met and conferred seven times. (*Id*. at ¶ 3). The parties exchanged over 50 letters and countless e-mails discussing the terms of discovery, yet these discussions seemingly went in circles. (*Id*.). Though Smartmatic agreed to produce a broad scope of documents, OANN continued to rehash the same, repetitive issues without producing documents or even identifying relevant witnesses. (*Id*. at ¶¶ 11, 12). Smartmatic proposed search terms to OANN in February, but OANN would not engage in the discussion. (*Id*. at ¶ 6). OANN functionally filibustered the discovery process by coming up with excuse after excuse as to why it could not produce documents.

To facilitate discovery in a timely manner, Smartmatic proposed a schedule for document production in January 2023. (*Id*. at ¶ 4). OANN agreed to this schedule yet produced less than 100 documents on the first two production deadlines.[1] (*Id*. at ¶ 5).

Faced with OANN's failure to follow the schedule in good faith, Smartmatic informed OANN it planned to seek leave to compel documents. (*Id*. at ¶ 7). OANN once again agreed with Smartmatic on a new discovery schedule for the production of documents and identification of relevant OANN employees. (*Id*. at ¶ 8). OANN missed the following four production deadlines throughout May and June and unilaterally established new dates on which it would produce documents. (*Id*. at ¶¶ 8, 9). Smartmatic did not get a single document from OANN between March 3 and May 24. (*Id*. at ¶¶ 9, 10).

The process of requesting documents and moving discovery forward was further complicated by OANN's blanket refusal to identify relevant witnesses not noted in Smartmatic's Complaint. (*Id*. at ¶¶ 11, 12). Even after Smartmatic provided a specific list of roles for which it is seeking the identification of witnesses (producers, bookers, editors, writers, social media

---

[1] On March 3, 2023, OANN produced 56 documents. On April 7, 2023, OANN produced 41 documents. (Ex. A, at ¶ 5).

managers, etc.), OANN continued to claim it could not identify relevant witnesses. (*Id.* at ¶ 12). When OANN supplemented its responses to Smartmatic's Interrogatories 1, 2, 3, and 5 on April 25, OANN again failed to identify relevant witnesses that were not in the Complaint. (*Id.* at ¶ 13).

On May 5, 2023, Smartmatic asked this Court for leave to file several motions to compel as part of the parties' Joint Notice of Unresolved Discovery Disputes. The discovery disputes included therein were referred to Magistrate Judge Moxila A. Upadhyaya. (Minute Order, May 31, 2023). They are currently pending.

## B.   **OANN's Motion for Recusal of Judge Upadhyaya**

Immediately following the referral of the parties' disputes to Judge Upadhyaya, OANN sought her recusal. (Dkt. 75). Relying only on a case taken on by another member of Judge Upadhyaya's prior firm and Judge Upadhyaya's 11-day representation of a former client, OANN alleged that Judge Upadhyaya had impermissible ties to the Venezuelan government that created the appearance of impropriety. (Dkt. 79). The unfounded, cursory allegations in this motion constitute another delay tactic by OANN. Judge Upadhyaya's prior representation is entirely irrelevant to this matter and in no way limits her ability to rule on a discovery dispute between these two parties, neither of whom she represented while in private practice. (Dkt. 77).

Smartmatic filed its opposition to OANN's recusal letter on June 30, 2023. (Dkt. 77). OANN then filed a second motion for recusal on July 6 (Dkt. 78), which forced Smartmatic to file *another* opposition on July 17, 2023. (Dkt. 83). The Court heard oral arguments on July 18. (Minute Entry, July 18, 2023). The parties are awaiting a ruling on this matter.

## C.   **Motion for Protective Order**

Smartmatic's Motion for a Protective Order is another outstanding motion that could result in additional discovery being disclosed between the parties in the future.

OANN obtained new counsel on May 30, 2023. (Ex. A, at ¶ 16). New counsel immediately disregarded the parties' prior discussions and served 1,5000 requests in its second set of RFPs. (*See* Dkt. 81). These requests asked for information Smartmatic already agreed to produce, documents the parties already discussed, and items specifically addressed in the Joint Notice of Unresolved Discovery Disputes. (*Id.* at p. 4). Smartmatic had already designated 51 custodians, collected 7.5 million documents, and produced almost 1 million documents. (*Id.*). There was no reason for OANN to issue more than 1,500 RFPs.

Smartmatic raised this issue with OANN on June 16, and the parties met and conferred on June 22. (*Id.* at p. 5). Following this meeting, OANN agreed to "narrow" its RFP request by eliminating 270 requests. (*Id.* at p. 5-6). This proposal would leave 1,200 outstanding RFPs, most of which were cumulative and unduly burdensome. (*Id.*). Additionally, OANN would only narrow its request if Smartmatic agreed to reopen search term and time frame negotiations. (*Id.* at 6). Where rehashing previously negotiated terms would unnecessarily delay discovery, Smartmatic filed a Motion for Protective Order on July 7, 2023. (Dkt. 81). This Motion for Protective Order is still pending with the Court.

### D.    OANN's Grossly Insufficient Production

On May 24, 2023, *seven* months after Smartmatic served its original RFPs, OANN made its first production of any meaningful volume (186,000 documents). (Ex. A, at ¶ 14). Still, this production included countless irrelevant documents, including tens of thousands of spam e-mails. (*Id.*). And many critical categories of responsive documents remained missing. (*Id.*).

Smartmatic pressed OANN to commit to a document production schedule and to continue its rolling productions without delay. (*Id.* at ¶ 15, 18). OANN refused to continue its productions in a timely manner and instead stopped making them at all for another two months. (*Id.*). Smartmatic eventually received a promise that OANN would complete some rolling productions

in late July and August before a substantial completion deadline of August 28, 2023. (*Id.* at ¶ 18). Still, OANN would not promise that its rolling productions would be meaningful in volume or substance and did not promise to avoid a document dump on August 28. (*Id.*).

Following this agreement, OANN's fourth production occurred on July 28, 2023. (*Id.* at ¶ 19). OANN produced some responsive documents yet continued to inundate Smartmatic with unresponsive news articles and spam. (*Id.*). Most of the produced documents consisted of forwarded news articles or Twitter posts. (*Id.*). And even though there were responsive documents, it was clear that significant gaps in production still existed. (*Id.*). For example, no booking communications and text messages were included in the production. (*Id.*).

On August 11, 2023, OANN provided a fifth production of mostly clutter. (*Id.* at ¶ 20). Of the 11,894 documents produced, thousands were news alerts from other organizations. (*Id.*). There were very few substantive conversations between OANN staff and even fewer mentioned key search terms like "Smartmatic" or "Dominion." Significant details regarding booking were still missing. (*Id.*).

On August 28, 2023, OANN produced its sixth and most recent production. (*Id.* at ¶ 21). Including this production, OANN has produced 239,290 documents to date (compared with Smartmatic's 2,090,531). (*Id.* at ¶¶ 31, 33). This was the first production that included text messages. (*Id.* at ¶ 21). These text messages finally began to paint a picture of the booking process at OANN, but it is still clear that key communications have not been produced. (*Id.*). This production revealed that critical players at OANN, like Charles Herring, regularly communicated with OANN hosts and guests over text. (*Id.*). Yet texts between producers, bookers, guests, and Charles Herring remain missing, along with many other critical categories

of documents, including scripts, ratings information, drafts of graphics, and others.[2] (*Id.*).
Smartmatic's analysis of OANN's production is ongoing, and the parties are in the process of
meeting and conferring regarding its many deficiencies. (*Id.* at ¶ 22). Smartmatic expects to
require the Court's assistance to enforce OANN's compliance with its production obligations.
(*Id.*).

### E.   OANN's Failure to Respond to Smartmatic's Second Set of Requests for Production

Smartmatic's entire Second Set of Requests for Production to OANN remains
outstanding, where OANN refuses to produce any documents in response. Smartmatic moved for
an extension of the deadline to serve requests for production on May 31, 2023.   (Dkt. 54).
OANN had initially informed Smartmatic that it was unopposed to the motion; OANN had just
made its first meaningful production seven days before, which left Smartmatic insufficient time
to analyze what documents it may be missing. (See *id.* at ¶¶ 7, 8). However, OANN changed its
mind and opposed the motion after it obtained new counsel. (Dkt. 62). That motion remains
outstanding.

After analyzing OANN's May 24 production and in accordance with OANN's original
agreement to extend the deadline, Smartmatic served its Second Set of RFPs on July 31, 2023.
(Ex. A, at ¶ 24). OANN refuses to produce a single document in response, claiming the requests
are untimely. (*Id.*). This dispute is the subject of the parties' upcoming joint submission and will
require Court adjudication. (*Id.*).

### F.   OANN's Unilateral Decision to Issue Seven Deposition Notices

Over the last month, the parties have discussed their outstanding disputes on a virtually
daily basis. (*Id.* at ¶ 25). Smartmatic has repeatedly insisted that OANN remedy its production

---

[2] There is also an outstanding dispute between the parties about the production of text messages from witnesses who are asserting a right to privacy under California law. (Ex. A, at ¶ 33).

and disclosure deficiencies before the parties engage in depositions. (*Id.* at ¶ 26). Rather than working in good faith to complete its production, OANN instead threatened that if Smartmatic did not agree to negotiate deposition parameters immediately, OANN would file a "motion to dismiss for failure to prosecute." (*Id.* at ¶ 27). Given the facial absurdity of that threat in light of Smartmatic's year-long efforts to force OANN across the finish line of document production, Smartmatic did not respond. (*Id.*).

On September 12, Smartmatic explained again that OANN's deficient production and the pending issues before the Court needed to be resolved before depositions could commence and suggested the parties agree to an extension of the fact discovery schedule. (*Id.* at ¶ 26). In response, on September 13, OANN unilaterally issued seven notices of deposition for current and former Smartmatic employees. The notices issued are as follows:

1. 09/28/2023: Deposition of Alexander Aparicio
2. 09/29/2023: Deposition of Ernesto Parisca
3. 10/2/2023: Deposition of Jack Blaine
4. 10/3/2023: Deposition of Smartmatic USA Corp.'s Designee
5. 10/4/2023: Deposition of Smartmatic International Holding B.C.'s Designee
6. 10/5/2023: Deposition of SGO Corporation Limited's Designee
7. 10/6/2023: Deposition of Hugh Gallagher

(*Id.* at ¶¶ 27, 28).

OANN knew that Smartmatic objected to these depositions taking place at this stage, given the parties' lopsided document production, but it issued the notices anyway. (*Id.* at ¶¶ 26-29). This motion follows.

## II.   LEGAL STANDARD

A trial court has substantial discretion to issue a protective order for "good cause." Fed. R. Civ. P. 26(c)(1); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Byrd v. D.C.*, 259 F.R.D. 1, 4 (D.D.C 2009). This good cause standard is also applied when deciding whether to stay the taking of depositions until discovery disputes are resolved. *See, e.g., In re Subpoena to*

*Wang*, 214 F.Supp. 3d 91, 96 (D.D.C. October 13, 2016). If the court finds good cause, it can issue an order "specifying terms, including time and place…for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B).

A court may modify a scheduling order upon a showing of "good cause." Fed R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1)(A); Local Rule 16.4(a). Ultimately, the Court may "exercise considerable discretion in handling discovery matters, including whether to…extend discovery." *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 137 (D.D.C. 2012) (citing *Food Lion, Inc. v. United Food and Commercial Workers It'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997)).

## III.   ARGUMENT

Through the entire discovery process, Smartmatic has been more than diligent. Smartmatic has produced over 2 million documents, agreed to run 350 search terms, and designated 51 custodians. (Ex. A, at ¶ 31). Smartmatic has continually attempted to resolve its discovery disputes with OANN, yet OANN continues to act in a dilatory matter. Through blatant gamesmanship, OANN managed to unnecessarily prolong discovery to the point that an extension is now necessary. And OANN seeks to take advantage of Smartmatic's diligence by forcing depositions of Smartmatic's employees while steamrolling past its own document production.

Smartmatic should not be prejudiced by its own compliance in the face of OANN's negligence. Permitting OANN to proceed with depositions now would reward it for its delay by leading to asymmetric and undue burden and expense for Smartmatic. It would create the potential for Smartmatic to be subjected to *two* rounds of depositions pending the Court's rulings on the parties' open discovery disputes. Accordingly, Smartmatic requests that this

Court issue a protective order quashing all seven deposition notices and amend the discovery schedule as outlined below.

A.   **There Is Good Cause To Issue A Protective Order Quashing All Seven Deposition Notices Issued By OANN.**

A court may, for good cause, issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or *undue burden or expense.*" Fed. R. Civ. P. 26(c)(1) (emphasis added). In ruling on a motion for protective order, the trial court weighs the burden to the moving party against the proponent's interest in obtaining the information. *Low v. Whitman*, 207 F. R. D. 9, 10 (D.D.C. 2002). The court can then modify or quash any subpoena that imposes an undue burden. *Byrd v. District of Columbia,* 259 F.R.D. 1, 9 (D.D.C. 2009). The party seeking a protective order bears the burden of demonstrating that a subpoena should be modified or quashed. *Kline v. Berry*, 2012 WL 2376982, at *1 (D.D.C. 2012).

Smartmatic will suffer significant burden and expense if OANN is permitted to proceed with depositions. *See Byrd*, 259 F.R.D. at 9 (quashing eleven deposition notices because they presented an undue burden to the Defendant). There are currently twelve pending discovery issues before the Court, a pending motion for recusal, and substantial gaps in OANN's production that will require this Court's adjudication. Among other things, the Court has not ruled on the relevance of different government investigations into Smartmatic, the relevance of related, ongoing litigations, and the relevance of OANN's financial documents. A ruling on these issues will directly impact the scope of permissible questions in the depositions of Smartmatic employees and will affect the documents the parties have available to use as exhibits on critical topics. This Court's eventual rulings may cause Smartmatic's witnesses to be re-noticed later based on potential future document productions, which would foist a significant burden and cost

on Smartmatic. Quashing OANN's notices and staying depositions until January 8, 2024, is the best way to avoid this undue burden and expense.

Additionally, permitting OANN to proceed prematurely with depositions would cause Smartmatic to suffer extreme prejudice due to the substantially undeveloped factual record. OANN has not responded to Smartmatic's Second Set of RFPs. (Ex. A, at ¶ 24). OANN has not produced any information regarding its social media or viewing metrics. (*Id.* at ¶ 23). OANN has not produced any information regarding whether it attempted to contact Smartmatic at any point. (*Id.*). OANN has not provided Smartmatic with sufficient information on its ratings and audience size. (*Id.*). OANN has not provided Smartmatic with any of its financial documents. (*Id.*). These are just a few of the many areas where OANN remains deficient. Permitting OANN to proceed with depositions without curing its significant deficiencies would significantly prejudice Smartmatic and cause both undue burden and expense. There are clear, obvious, and significant gaps in the record that must be addressed before depositions can effectively commence. *United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 115 (S.D.N.Y. 2017) ("Had [defendant] adjourned the First Deposition and waited for additional, salient documents, it could have made better use of time, explored a wider breadth of documents, and entirely obviated the need for a second deposition.").

OANN's failure to make sufficient productions and identify relevant witnesses further makes it impossible for Smartmatic to ascertain which depositions it will need to take in this matter. (*Id.* at ¶ 30). OANN's attempt to start depositions and engage in discussions of the parameters surrounding the number of depositions taken and the length of depositions is undoubtedly premature. *Ghawanmeh v. Islamic Saudi Acad.*, 274 F.R.D. 329, 331 (D.D.C. 2011)

(noting the harm to a party where the opposing party failed to identify witnesses in a timely fashion without substantial justification for her failure to do so).

Notably, OANN would not be harmed by a protective order quashing its seven deposition notices. In fact, OANN would almost certainly benefit. Smartmatic is not asking that this Court prohibit its employees from ever being deposed. Smartmatic is only asking that OANN follow standard discovery procedures: complete document discovery before proceeding with depositions. There is no imminent need for OANN to begin depositions without first resolving the numerous outstanding disputes between the parties and before this Court. *See Low*, 207 F.R.D. at 13 (granting motion for protective order because no true need for the information was shown). OANN is the reason fact discovery remains incomplete, and its attempt to prematurely take depositions is simply another transparent attempt at gamesmanship. There is no true need behind OANN's request.

Because proceeding with depositions as noticed would cause Smartmatic to suffer undue burden and expense, and there is no significant need for OANN to depose witnesses at this time, Smartmatic respectfully requests that this Court issue a protective order quashing all seven deposition notices issued by OANN on September 13, 2023.

### B.  Good Cause Exists to Amend the Scheduling Order.

When adjudicating requests to amend a scheduling order, the good cause inquiry focuses on the diligence of the party seeking discovery. *United States v. Kellogg*, 285 F.R.D. at 136. Under Rule 16(b)'s good cause standard, a court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 (Advisory Committee Notes to the 1983 Amendment). "An additional, yet secondary, consideration is the existence or degree of prejudice to the party opposing the modification." *Equal Rts. Ctr. v. Post Properties, Inc.*, 2008 WL 11391642, at *1 (D.D.C. May 27, 2008).

Smartmatic has consistently pushed forward its own productions regardless of OANN's non-compliance. Smartmatic collected from 51 custodians, more custodians than in any of Smartmatic's other pending defamation cases. (Ex. A, at ¶ 31). The parties have met and conferred countless times, and Smartmatic agreed to the use of 354 search terms that cover expansive topics at OANN's request. (*Id.*). In total, Smartmatic has produced 2,090,531 documents to OANN. (*Id.*). Smartmatic has diligently produced these documents on an ongoing, rolling basis since February 2023.[3] (*Id.*). Smartmatic's diligence in its continual production of discovery is apparent. *United States v. Kellogg*, 285 F.R.D. at 138 (internal citations omitted) (extending the discovery deadline to allow for an otherwise untimely deposition because the moving party "worked with reasonable diligence and in good faith.").

OANN, on the other hand, has been far from diligent throughout this entire process. Rather than abiding by its agreements and complying with its obligations, OANN has consistently flouted its promises and failed to advance discovery. To date, its production is 1/8 the size of Smartmatic's, and Smartmatic will require the Court's help to remedy the unfairness that currently pervades OANN's conduct.

The many serious discovery disputes described above must be adjudicated before the parties can complete document discovery, which requires an adjustment to the current case schedule. *See Rundquist v. Vapiano SE¸* 277 F.R.D. 205, 213 (D.D.C. 2011) (holding that "the delay resulting from litigation over the parties' deposition disputes warrants additional time for jurisdictional discovery"); *Williams v. Johanns*, 2006 WL 3826967, at *9 (D.D.C. 2006) (extending discovery deadlines because more time was necessary for the parties to complete discovery). First, Smartmatic will require the Court's assistance concerning the issues described

---

[3] In particular, Smartmatic produced 5,607 documents in February, 17,728 documents in March, 5,670 documents in April, 434,716 documents in May, 186, 322 in June, 368,756 in July, and 1,061,681 documents in August. (Ex. A, at ¶ 32).

in the May 5, 2023, Joint Notice, which addresses issues fundamental to the scope of required discovery. For example, the parties disagree on whether certain foreign international investigations are relevant to the dispute at hand. The parties also disagree on producing documents related to OANN's financial condition. Second, Smartmatic will require the Court's assistance concerning the remaining gaps in OANN's production responsive to Smartmatic's First Set of Requests for Production. OANN's production is missing enormous categories of crucial information such as scripts, ratings, internal communications related to booking and sources, documents reflecting graphics creation that included defamatory statements, and more. Third, Smartmatic will require the Court's assistance with OANN's complete lack of any production in response to Smartmatic's Second Set of Requests for Production. Once ruled on, the parties will then need to negotiate the terms of OANN's collection and await its production. Fourth, the parties may also need to perform additional discovery pending the result of Smartmatic's Motion for a Protective Order regarding OANN's Second Set of Requests for Production. If the Court denies Smartmatic's request, the parties will need to negotiate the terms of Smartmatic's responses to over 1,500 requests.

The answers to these open questions will have an enormous impact on the scope of documents produced by either side, and the parties must wait for rulings from the Court before beginning depositions. *See, e.g., Zinna v. The Bd. of Cnty. Comm'rs of The Cnty. of Jefferson*, 250 F.R.D. 527, 530 (D. Colo. 2007) (granting Defendants Motion to Stay Depositions until Plaintiff complies with written discovery requests); *Laker Airways Ltd. v. Pan Am. World Airways*, 103 F.R.D. 42, 51 (D.D.C. 1984) (granting delay of depositions until agreements on discovery disputes were reached); *Winston & Strawn LLP* v. *L. Firm of John Arthur Eaves*, 307 F.R.D. 259, 263 (D.D.C. 2014) (extending discovery deadline to ensure depositions can be

reasonably completed). Once disputes about written discovery are resolved, it may take months for the parties to produce additional documents, identify holes in those productions, and finally get the necessary documents. The need to wait for judicial resolution of these disputes and ensure complete production is good cause to amend the scheduling order. *See George v. Allen Martin Ventures, LLC*, 2023 WL 2705776, at 11* (D.D.C. 2023) (finding that Plaintiff's repeated delays in production of discovery warranted an extension of the discovery deadline because Defendant did not receive complete production until two months before the close of discovery); *In re Subpoena to Wang*, 214 F. Supp 3d 91, 96 (D.D.C. October 13, 2016) (staying deposition pending resolution of dispute involving attorney-client privilege).

There would be no prejudice to OANN if the discovery schedule was amended. OANN has caused much of the delay over the last year, and it cannot now assert that moving the deadline by just a few months would be prejudicial. The deadlines for dispositive motions are still months away, and there is no trial date set, meaning a change to the schedule would not impact a swift resolution of this matter. *Equal Rts. Ctr.*, 2008 WL 11391642, at *2 (finding no prejudice in extending discovery deadlines where the dispositive motions and trial dates were still months away). And, as noted above, OANN will likely benefit from additional time to conduct discovery because the factual record will be more complete.

Extending the fact discovery deadline to April 8, 2024, and staying depositions until January 8, 2024, would allow the parties to resolve their outstanding discovery disputes and ensure that both parties are granted sufficient time to engage in depositions fairly and equitably. Smartmatic, therefore respectfully asks this Court to amend the discovery schedule by adding a date on which depositions may begin, adjusting the fact discovery deadline by four months, and adjusting all other deadlines accordingly, as suggested in the table below.

## IV.    CONCLUSION

Smartmatic respectfully requests that the Court revise the case schedule as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Depositions May Commence | | January 8, 2024 |
| Completion of Fact Discovery | December 8, 2023 | April 8, 2024 |
| Proponents Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2) | January 19, 2024 | May 13, 2024 |
| Opponents Designate Expert Witnesses and Produce Expert Reports Under Fed. R. Civ. P. 26(a)(2) | February 23, 2024 | June 17, 2024 |
| Proponents Produce Responsive Expert Reports | March 22, 2024 | July 15, 2024 |
| Expert Depositions | May 3, 2024 | August 26, 2024 |
| Status Conference: In-Person[4] | May 15, 2024 | September 11, 2024 |
| File Dispositive Motions | June 7, 2024 | October 4, 2024 |
| File Opposition to Dispositive Motions | July 22, 2024 | November 22, 2024 |
| File Replies in Support of Dispositive Motions | August 21, 2024 | December 20, 2024 |

Smartmatic also requests that this Court issue a protective order quashing OANN's pending deposition notices and staying depositions until January 8, 2024.

*        *        *

---

[4] As laid out in the original Scheduling Order, the Court intends to discuss a potential date for the final pretrial conference and potential trial dates at this in-person status conference.

Date: September 18, 2023

/s/ J. Erik Connolly
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Caitlin A. Kovacs (admitted pro hac vice)
Olivia Sullivan (admitted pro hac vice)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA
Corp., Smartmatic International Holding B.V.,
and SGO Corporation Limited*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of September, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ J. Erik Connolly*
J. Erik Connolly (D.C. Bar No. IL0099)

*One of the Attorneys for the Plaintiffs*
*Smartmatic USA Corp., Smartmatic International*
*Holding B.V., and SGO Corporation Limited*