# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

          Plaintiffs,

  v.

HERRING NETWORKS, INC.,

          Defendant.

No. 1:21-cv-02900-CJN

Judge Carl J. Nichols

## DECLARATION OF OLIVIA SULLIVAN IN SUPPORT OF PLAINTIFFS' MOTION TO ISSUE A PROTECTIVE ORDER, STAY DEPOSITIONS, AND AMEND SCHEDULING ORDER

      I, Olivia Sullivan, make this declaration pursuant to 28 U.S.C. § 1746. I hereby declare under penalty of perjury that the following is true and correct:

      1.      I am an attorney at Benesch, Friedlander, Coplan & Aronoff LLP and counsel for Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation (collectively, "Smartmatic") in this action. As such, I am fully familiar with the facts and circumstances of the matters stated in this declaration.

      2.      In October 2022, the parties served their first set of written discovery requests. OANN requested that the deadline for its responses and objections be extended. Smartmatic granted this request.

      3.      Between January 2023 and April 2023, the parties met and conferred seven times and exchanged more than 50 letters and emails. Between January 2023 and the present, the parties have exchanged more than 100 letters and emails discussing various discovery disputes.

1

4.      In January 2023, Smartmatic proposed a document production schedule, including production dates on February 3, March 3, and April 7. OANN agreed to this schedule.

5.      OANN produced 56 documents on February 3, 41 documents on March 3, and missed the April 7 production deadline.

6.      On February 10, 2023, Smartmatic began proposing search terms for the parties to run across their respective designated custodians. OANN did not start to negotiate search terms with Smartmatic until April.

7.      After it became apparent to Smartmatic that OANN was not engaging in the discovery process in good faith, in March, Smartmatic informed OANN via email that it was seeking leave from the court to file motions to compel.

8.      On March 31, OANN agreed to a discovery schedule in exchange for Smartmatic not seeking leave to move to compel from the Court. The schedule required OANN to produce responsive non-privileged documents that hit on the mutually agreed-to search terms on May 5, 2023, make an additional production on May 19, and reach substantial completion of document production in June. OANN missed all of these deadlines. OANN also missed the parties' previously agreed-upon production deadline of April 7.

9.      When asked when OANN would produce documents in April and May, OANN unilaterally set its own production schedule.

10.      OANN did not produce any documents to Smartmatic between March 3 and May 24.

11.      In January and February, OANN refused to identify witnesses that it would designate as custodians despite Smartmatic's repeated requests to do so. Smartmatic had to begin

proposing relevant OANN witnesses based on its own research because OANN had not produced more than 97 documents and would not tell Smartmatic who it believed were relevant witnesses.

12.     OANN did not identify any producers, bookers, showrunners, social media managers, programming managers, or writers, even though Smartmatic, on March 9, had specifically asked that OANN identify witnesses who held these positions at OANN. In a March 20 letter, OANN claimed it investigated potential custodians based on Smartmatic's request and stated, "[a]s to other potential custodians, Herring has identified none to date."

13.     Pursuant to an agreement between the parties, OANN supplemented its responses to Smartmatic's First Set of Interrogatories Nos. 1, 2, 3, and 5 on April 25. Smartmatic asked OANN to do so because OANN had not identified witnesses in its responses that were not already referenced in Smartmatic's Complaint. When OANN supplemented its responses, it only identified *one* witness that was not referenced in Smartmatic's Complaint.

14.     OANN made its first production larger than 60 documents for the first time on May 24, 2023. Upon review of this production of documents, Smartmatic determined that there were tens of thousands of irrelevant documents and spam emails. There were also numerous categories of documents missing from the production.

15.     After the May 24 document production, Smartmatic asked OANN to make another production of documents in June. OANN refused and stated it would not produce additional documents until the end of July.

16.     On May 30, 2023, Smartmatic was informed that OANN had retained new lead trial counsel in this matter.

17.     OANN's new counsel served Smartmatic with its Second Set of Requests for production, which included over 1,5000 requests.

18.     In July 2023, OANN finally agreed to substantially complete its production of documents by August 28. However, OANN would not agree to a rolling document production through July and August or that its productions would be meaningful in substance and volume. Smartmatic specifically requested a rolling document production to prevent OANN from producing a document dump on August 28.

19.     On July 28, OANN produced some responsive documents, but the production was still filled with unresponsive news articles and spam, including Twitter posts. There were numerous categories of responsive documents missing from the production. For example, the production was missing communications about booking guests and text messages.

20.     On August 11, OANN produced another set of documents that contained thousands of news alerts from other organizations. The production included very few substantive documents and even fewer documents that mentioned key terms like "Smartmatic" and "Dominion." Documents regarding booking guests for the defamatory broadcasts were still missing from the production.

21.     On August 28, OANN produced its sixth and most recent production. This was the first production that contained text messages. After a review of the production, it was evident that key communications had still not been produced. The production revealed that Charles Herring regularly communicated with OANN hosts and guests, but text messages between him and producers, writers, bookers, editors, and guests were not included. The production was also missing several key categories of documents, including scripts, ratings information, and drafts of graphics.

22.     Smartmatic's analysis of OANN's productions is ongoing, and Smartmatic has begun communicating the production deficiencies to OANN. Given OANN's refusal to engage in discovery in good faith for the last nine months and the blatant gaps in OANN's productions, Smartmatic believes it will require the Court's assistance to enforce OANN's compliance with its discovery obligations.

23.     To date, OANN has not produced any information regarding its social media or viewership metrics. OANN has not produced any information regarding whether it attempted to contact Smartmatic at any point. OANN has not provided Smartmatic with material information on its ratings and audience size. OANN has not provided Smartmatic with any of its financial documents. These are just a few of the many areas where OANN remains deficient.

24.     On July 31, 2023, Smartmatic served OANN with its Second Set of Requests for Production. OANN refused to produce a single document in response to any of the requests. OANN stated in its response that it would not produce documents because Smartmatic's Second Set of Requests for Production was not served by May 31, 2023. Smartmatic has informed OANN that it will seek leave from the Court to file a motion to compel a response to its Second Set of Requests for Production and included this dispute in the parties' forthcoming joint submission of outstanding discovery disputes.

25.     Over the last month, Smartmatic and OANN have discussed outstanding discovery disputes on a frequent basis, both via almost daily emails and meet and confers.

26.     On September 12, Smartmatic explained to OANN that its document productions were deficient and that pending issues before the court must be addressed before depositions in this matter could begin. Smartmatic repeated this objection at other meet and confers and in emails to OANN. Smartmatic also proposed moving the fact discovery deadline.

27.     Following several back-and-forths concerning Smartmatic's objections to scheduling depositions and the parameters around depositions, OANN threatened to file a motion to dismiss for failure to prosecute. Smartmatic did not respond to this threat because it was absurd in light of Smartmatic's diligence throughout discovery and OANN's repeated delays.

28.     On September 13, OANN issued seven deposition notices to former and current Smartmatic employees. The notices issued are as follows:

a) 09/28/2023: Deposition of Alexander Aparicio
b) 09/29/2023: Deposition of Ernesto Parisca
c) 10/02/2023: Deposition of Jack Blaine
d) 10/03/2023: Deposition of Smartmatic USA Corp.'s Designee
e) 10/04/2023: Deposition of Smartmatic International Holding B.C.'s Designee
f) 10/05/2023: Deposition of SGO Corporation Limited's Designee
g) 10/06/2023: Deposition of Hugh Gallagher

29.     OANN issued the depositions notices over Smartmatic's objections to doing so. OANN issued these notices knowing that Smartmatic believed that OANN had not made a sufficient production of documents.

30.     OANN's failure to make sufficient productions and identify relevant witnesses further makes it impossible for Smartmatic to ascertain which depositions it will need to take in this matter.

31.     To date, Smartmatic has produced 2,090,531 documents, agreed to run more than 350 search terms, and designated 51 custodians. Smartmatic has designated more custodians in this matter than in any of its other pending defamation cases. Smartmatic has made consistent rolling productions since February 3, 2023.

32.     Smartmatic produced 5,607 documents in February, 17,728 documents in March, 5,670 documents in April, 434,716 documents in May, 186,322 in June, 368,756 in July, and 1,061,681 documents in August.

33.     In contrast with Smartmatic's production of over 2 million documents, OANN has only produced 239,290 documents to date.

34.     Smartmatic and OANN also have an outstanding dispute with regard to many of OANN's custodians' refusal to produce text messages. The parties have exchanged several letters on this issue.

Date:   September 18, 2023

Olivia Sullivan, Illinois Bar No. 6330520
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
312.212.4949

*Attorney for Plaintiffs Smartmatic USA Corp.,
Smartmatic International Holding B.V., and SGO
Corporation Limited*