**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP., <br> SMARTMATIC HOLDING B.V., AND <br> SGO CORPORATION LIMITED, <br><br>        Plaintiffs, <br>   v. <br><br> HERRING NETWORKS, INC., D/B/A <br> ONE AMERICA NEWS NETWORK, <br><br>        Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     Civil Action No. 1:21-cv-02900-CJN |

**OAN'S RESPONSE IN OPPOSITION TO SMARTMATIC'S MOTION
FOR A PROTECTIVE ORDER, STAY OF DEPOSITIONS,
AND AMENDED SCHEDULING ORDER**

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................. ii

I.    Background ........................................................................................................................ 1

      A.    Only one of the discovery-related complaints Smartmatic raised in the
            May 5th Joint Notice remains unresolved, and it is no reason to abandon
            the discovery schedule (Responding to Mot. at Section I.A). ............................. 2

      B.    It is inappropriate for Smartmatic to blame Judge Upadhyaya for delay
            (Responding to Mot. at Section I.B). ...................................................................... 3

      C.    Smartmatic's first motion for protection (Dkt. 81) concerns *OAN's RFPs*,
            not Smartmatic's, and is no reason to disrupt the discovery schedule
            (Responding to Mot. at Section I.C). ...................................................................... 4

      D.    OAN's production is more than sufficient and no reason to disrupt the
            discovery schedule (Responding to Mot. at Section I.D). ..................................... 4

      E.    Smartmatic can only blame itself for serving RFPs two months after the
            Court's deadline for serving document requests, and its failures are no
            reason to disrupt the discovery schedule (Responding to Mot. at Section
            I.E). ........................................................................................................................... 6

      F.    OAN only noticed depositions after Smartmatic refused to discuss
            deposition parameters, and OAN is willing to negotiate deposition timing
            within a two-week window (Responding to Mot. at I.F)........................................ 7

II.   Argument ........................................................................................................................... 9

      A.    Legal Standard ......................................................................................................... 9

      B.    There is no good cause for a protective order to stay depositions noticed
            almost two years after Smartmatic filed this lawsuit. ........................................... 11

      C.    There is no good cause for extending the discovery period by four months. ....... 13

            1.    Smartmatic has not diligently worked to meet the fact discovery
                  deadline. ....................................................................................................... 13

            2.    Other than the lack of a trial date, the other factors support denying
                  the request to extend the discovery deadline. ............................................. 14

      III.  Conclusion & Prayer ............................................................................................... 15

Certificate of Service ............................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dag Enters., Inc. v. Exxon Mobil Corp.*,
  226 F.R.D. 95 (D.D.C. 2005) .................................................................................13

*Progressive Cas. Ins. Co. v. FDIC for Sun West Bank*,
  No. MC 13-1044 (RBW), 2014 WL 12787793 (D.D.C. Jan. 9, 2014) ............................14, 15

*Rae v. Children's Nat'l Med Ctr.*,
  Civil Action No. 15-736, 2017 WL 1750255 (D.D.C. May 4, 2017) ......................................13

*Rinehart v. Nat'l Oilwell Varco*,
  No. CV 15-6266, 2016 WL 11686641 (E.D. La. May 9, 2016) .............................................12

*Saunders v. District of Columbia*,
  279 F.R.D. 35 (D.D.C. 2012) .................................................................................13

*St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*,
  No. CIV.A.05 2115 CKK, 2007 WL 1589495 (D.D.C. June 1, 2007), *aff'd sub
  nom. Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217
  (D.C. Cir. 2011) ................................................................................................13

*United States v. Kellogg Brown & Root Servs., Inc.*,
  285 F.R.D. 133 (D.D.C. 2012) ...............................................................................13

*Whitney v. United States*,
  251 F.R.D. 1 (D.D.C. 2008) ..................................................................................17

*Winston & Strawn LLP v. L. Firm of John Arthur Eaves*,
  307 F.R.D. 259 (D.D.C. 2014) ...............................................................................17

**Statutes**

Cal. Lab. Code § 980(b) .........................................................................................8

**Federal Rules**

Fed. R. Civ. P. 1 ................................................................................................18

Fed. R. Civ. P. 16(b)(4) .......................................................................................13

Fed. R. Civ. P. 23(d) .............................................................................................4

Fed. R. Civ. P. 26(c)(1) .......................................................................................12

Fed. R. Civ. P. 26(d) ........................................................................................................15

Fed. R. Civ. P. 26(d)(3)................................................................................................12, 14

**Local Rules**

LCvR 16.4(a) ....................................................................................................................13

**Other Authorities**

Haydock, Roger S., FUNDAMENTALS OF LITIGATION PRACTICE, § 14:3 (2023 ed.) ......................14

The Federal Rules of Civil Procedure allow any party to begin depositions before a single piece of paper has been exchanged. Fed. R. Civ. P. 23(d). Smartmatic asks this Court to ignore that rule, cancel seven properly-noticed depositions—three 30(b)(6) depositions of the Plaintiff entities, two depositions of employees, and two depositions of former employees—and preclude any depositions from taking place until next year. OAN tried to negotiate deposition parameters with Smartmatic, but Smartmatic refused to engage. Even after serving the notices, OAN agreed to negotiate the timing of the noticed depositions within a two-week window. Not content to work within the rules or this Court's Standing Order and set discovery schedule, Smartmatic filed a Motion for Protection, to Stay Depositions, and to Amend the Scheduling Order (Dkt. 96) (the "Motion"). Defendant Herring Networks, Inc. d/b/a One America News Network ("OAN") files this Response in Opposition, as there is no good cause to cancel the depositions or to extend the fact discovery deadline.

## I.     BACKGROUND

Rather than engage in the discovery process and diligently work to meet the Court's long-established deadline for finishing fact discovery—and instead of following the Court's procedures for resolving discovery disputes—Smartmatic decided to file an unauthorized discovery motion in an apparent effort to delay the commencement of depositions in this case. Smartmatic's Motion grasps at every excuse it can concoct to hit pause. It points to old discovery disputes that are now mostly resolved, an unrelated motion for recusal, document production issues that OAN has already addressed, and its own failure to meet a Court-imposed deadline for serving written discovery. None of these excuses amounts to good cause for staying the noticed depositions or for extending the fact discovery deadline.

**A.    Only one of the discovery-related complaints Smartmatic raised in the May 5th Joint Notice remains unresolved, and it is no reason to abandon the discovery schedule (Responding to Mot. at Section I.A).**

While it is accurate to say the Joint Notice remains pending (Mot. at 4), it is misleading to suggest that the complaints made therein by Smartmatic are all "unresolved." (Mot. at 2–3.) Of the eleven discovery-related issues raised in the Joint Notice, only four are complaints made by Smartmatic. As of today, only **Issue Three**—OAN's refusal to allow unfettered discovery of OAN's financial condition—is still in dispute. (Ex. A, Butzer Decl. ¶3.) This is not good cause to halt the scheduled depositions or to extend the discovery deadline.

Counsel for Smartmatic knows that the parties resolved three of Smartmatic's four discovery-related issues. (Ex. A, Butzer Decl. ¶4.) Two issues concerned document production— OAN's alleged "failure to agree to a date certain for completion of document production" (**Issue Four**) and OAN's alleged "failure to produce documents" (**Issue One**). As of July 19, 2023, the parties had *agreed* to a substantial completion date of August 28, 2023, with interim deadlines of July 28 and August 11. (*See* Butzer Decl., Ex. A-1, July 19, 2023 email from Caitlin Kovacs.) OAN complied with that agreement and produced its documents after reviewing for responsiveness based on 63 OAN custodians and the 235 search terms Smartmatic proposed.[1] (Ex. A, Butzer Decl. at ¶5.) Thus, Smartmatic's complaints about OAN failing to agree to a "date certain" and OAN's failure to produce documents are moot.

Shortly before Smartmatic filed the Motion, OAN also addressed Smartmatic's complaint relating to the disclosure of fact witnesses (**Issue Two**). On September 14, OAN supplemented its responses to Interrogatory Nos. 1, 2, 3, and 5, in which OAN identified more than 100 individuals

---

[1] In contrast, Smartmatic did not do a responsiveness review, resulting in the production of a mountain of non-responsive documents that OAN's attorneys have had to sift through.

(including more than 70 third parties). (Ex. A, Butzer Decl. ¶8.)[2] Rather than disclose these recent events in Section I.A. of the Motion, Smartmatic describes only the events that led to the May 5th Notice. (Mot. at 2-4.) But discovery has moved forward since May 5, 2023. And nothing about these old disputes—and Smartmatic's one unresolved issue in the Notice—creates good cause for canceling the noticed depositions or extending the fact discovery deadline.

**B.      It is inappropriate for Smartmatic to blame Judge Upadhyaya for delay (Responding to Mot. at Section I.B).**

The Court referred the May 5th Joint Notice to Judge Upadhyaya for resolution on May 31. Five days later, OAN sent Judge Upadhyaya a private letter informally raising possible recusal. (Ex. A-2, Butzer Decl.). On June 30, after Judge Upadhyaya had set a hearing for July 18 (Dkt. 75), Smartmatic filed a positional statement objecting to recusal even though it had initially chosen not to object to OAN raising the issue. (Dkt. 77). On July 6, OAN filed a formal recusal motion (Dkt. 79) which was heard on July 18.

The pending recusal motion is a red herring. OAN, who is seeking the recusal, is not using the issue in any way whatsoever to cause delay. And Smartmatic cannot in good faith use the alleged conflict as a reason to halt properly-noticed depositions or as justification for undoing the Court's scheduling order. As explained above, all but one of the Smartmatic complaints in the May 5th Joint Notice have already been resolved. The parties, including OAN, cannot predict when or how Judge Upadhyaya will decide the recusal motion. However the motion is decided, any resolution would have no bearing on the upcoming depositions or the speed at which the parties can diligently complete fact discovery. There is simply no logical basis for using the issue to delay

---

[2] On September 14 Smartmatic demanded that OAN supplement its responses to Interrogatory Nos. 1, 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20. OAN is in the process of doing so, and has informed Smartmatic that it intends to supplement by October 2. (Ex. A, Butzer Decl. ¶9.)

discovery. Therefore, the pending recusal motion is not good cause for the staying the noticed depositions or extending the discovery deadline.

**C.    Smartmatic's first motion for protection (Dkt. 81) concerns *OAN's RFPs*, not Smartmatic's, and is no reason to disrupt the discovery schedule (Responding to Mot. at Section I.C).**

On May 31, 2023, OAN timely served RFPs on all three Plaintiffs. They chose not to respond and instead filed a Motion for Protective Order (Dkt. 81), which is pending. To be clear, that motion does not relate to documents Smartmatic seeks—but is instead an effort by Smartmatic to avoid producing documents to OAN. Moreover, OAN—relying on statements from Smartmatic—expects Plaintiffs to have already produced the vast majority of documents requested by OAN in the challenged RFPs. In the June Motion for Protective Order, Plaintiffs' primary complaint is that the RFPs served on May 31 are "largely coextensive with OANN's First Set of RFPs." (Dkt. 81, p. 13.) On this record, Smartmatic cannot show that the discovery dispute involving the May 31 RFPs amounts to good cause for staying the noticed depositions or extending the discovery deadline.

**D.    OAN's production is more than sufficient and no reason to disrupt the discovery schedule (Responding to Mot. at Section I.D).**

On September 11, 2023, Smartmatic sent a letter accusing OAN of a deficient document production. (Ex. A, Butzer Decl. ¶7.) Four days later, OAN responded by annotating the letter in red font. (Ex. A-4, Butzer Decl.) The annotated letter identified the specific, produced documents—by Bates number—that Smartmatic's lawyers claimed were missing from OAN's production. (Ex. A-4, Butzer Decl.) As for the few documents that had not been produced, OAN provided them to Smartmatic on September 25, 2023, as it had promised to do in the annotated letter. (Ex. A-4 at 2, 6, Butzer Decl.) Smartmatic had OAN's annotated letter, disproving alleged

deficiencies and agreeing to correct others, when it filed the Motion seeking to stay properly-served notices of depositions and an extension of the discovery deadline.

Counsel for OAN are thus puzzled to see that Smartmatic contends that OAN's production is "grossly deficient" and that "it is still clear that key communications have not been produced." (Mot. at 5, 6.) The first OAN learned of Smartmatic's assertions in this regard is when it received the Motion. One complaint appears to be that, based on Smartmatic's guess about how OAN employees communicated, texts involving Charles Herring and others "remain missing." (Mot. at 6.) To be clear, OAN has produced Mr. Herring's non-privileged text messages responsive to Smartmatic's search terms and RFPs. (Ex. A, Butzer Decl. at ¶10.) Smartmatic also complains that "many other critical categories of documents, including scripts, ratings information, drafts of graphics, and others" also "remain missing." (Mot. at 6-7.) But OAN already addressed this contention in the annotated letter. (Ex. A-4 at 2-8, Butzer Decl.) Again, these complaints were answered before Smartmatic filed the Motion.

As for Smartmatic's complaints about text messages (Mot. at 6-7), on August 13, 2023, OAN informed Smartmatic that several OAN employees had invoked their rights under California privacy law to decline to turn over their cell phones.[3] (Ex. A-5, Butzer Decl.) All but one of the employees based their decisions on California's privacy statute. (Ex. A-5, Butzer Decl.) OAN told Smartmatic that it "wanted to flag this issue sooner rather than later." (Ex. A-5, Butzer Decl.) In an August 18 meet and confer, this issue was raised again, and Smartmatic's counsel advised she

---

[3] California law permits employees to withhold personal devices from their employers. Under section 980 of the California Labor Code, an employer "shall not require or request an employee . . . (1) Disclose a username or password for the purpose of accessing personal social media; (2) Access personal social media in the presence of the employer; or (3) Divulge any personal social media." Cal. Lab. Code § 980(b). Section 980 expressly defines "social media" to include text messages. *Id.* § 980(a).

would provide a written response on the topic. (Ex. A, Butzer Decl. at ¶12.) Again on August 28, Smartmatic wrote: "Smartmatic informed OANN that it will respond in writing to OANN's [August 13] email request for research on the topic." (Ex. A-6 at 1, Butzer Decl.) Five weeks after OAN first raised the matter, OAN has not received any further correspondence from Smartmatic on the privacy issue. (Ex. A, Butzer Decl. at ¶13.)

In discussing OAN's discovery responses, Smartmatic omits key facts that show OAN's diligence. On September 6, 2023, Smartmatic requested that OAN add six individuals as custodians, on top of the 68 custodians to which OAN had already agreed. (Ex. A, Butzer Decl. at ¶6.) Smartmatic also requested OAN to run an additional 14 search terms and to produce resulting responsive documents. (Ex. A, Butzer Decl. at ¶6.) OAN agreed to five of the six custodians and agreed to all 14 additional search terms. (Ex. A-3, Butzer Decl.) Smartmatic also demanded that OAN supplement its responses to Interrogatory Nos. 1, 2, 3, and 5, which OAN did; and that OAN supplement its responses to Interrogatory Nos. 1, 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20, which it intends to do by October 2. (Ex. A, Butzer Decl. at ¶9.) OAN is diligently working to meet its discovery obligations, and its performance cannot be seen as good cause for staying the properly-noticed depositions or for extending the fact discovery deadline.

**E.      Smartmatic can only blame itself for serving RFPs two months after the Court's deadline for serving document requests, and its failures are no reason to disrupt the discovery schedule (Responding to Mot. at Section I.E).**

Smartmatic supports its efforts to disrupt the discovery schedule by emphasizing that OAN has not responded to Smartmatic's Second set of RFPs. (Mot. at 7.) But Smartmatic served those RFPS two months *after* the Court-ordered deadline for serving them. Thus, that dispute results from Smartmatic's lack of diligence in pursuing discovery. Smartmatic, not OAN, made the choice to blow past the deadline. OAN's consistent position on this issue is reflected in Exhibits A-7 and A-8 to the Butzer Declaration. Smartmatic's failure to meet the document request deadline cannot

be good cause for staying OAN's properly-noticed depositions or for extending the fact discovery deadline.

**F.    OAN only noticed depositions after Smartmatic refused to discuss deposition parameters, and OAN is willing to negotiate deposition timing within a two-week window (Responding to Mot. at I.F).**

Smartmatic complains that OAN is "rushing into depositions" (Mot. at 1) by asking Smartmatic to negotiate deposition parameters and commence depositions nearly *two years* after this case was filed. (Mot. at 7). Yet with a fact discovery deadline of December 8, 2023 set by this Court nearly a year ago, Smartmatic should have expected that depositions would be noticed at this time and should have willingly participated in discussing the parameters for them. Unlike Smartmatic, OAN intends to comply with the Court's December deadline—no delays or extensions are warranted.

As the meet and confer record shows, OAN spent many weeks attempting in good faith to engage Smartmatic on the topic of deposition hours and limits. Despite OAN's efforts to engage in these talks prior to commencing depositions, Smartmatic refused to discuss the topic:

- August 14: OAN requests a meet and confer on deposition limits (Ex. A-9 at 7, Butzer Decl.);

- August 15: Smartmatic's response is "happy to hear any proposal" (Ex. A-9 at 7, Butzer Decl.);

- August 23: The parties hold a meet and confer where Smartmatic refuses to discuss deposition limits (Ex. A-6 at 4, Butzer Decl.);

- September 5: Smartmatic states its position that depositions should wait until there is a ruling on the May 5th Joint Notice (Ex. A-10 at 1–2, Butzer Decl.);

- September 6: OAN disagrees with further delay and proposes 120 hours of deposition time per side excluding expert witnesses (no response received from Smartmatic) (Ex. A-11 at 4, Butzer Decl.);

- <u>September 10</u>: OAN requests dates for depositions during weeks of September 25 or October 2 (Ex. A-11 at 3, Butzer Decl.);

- <u>September 11</u>: Smartmatic proposes depositions only begin in January along with an amended scheduling order (Ex. A-11 at 1, Butzer Decl.);

- <u>September 13</u>: OAN serves seven deposition notices, as requested dates were never provided (Ex. A-12 at 1, Butzer Decl.);

- <u>September 13:</u> Smartmatic asks whether OAN opposes a protective order that would stay commencement of depositions and move the fact discovery deadline (Ex. A-13 at 2, Butzer Decl.); and

- <u>September 13</u>: OAN requests grounds for motion, and Smartmatic responds by pointing to OAN's alleged document production deficiencies (Ex. A-13 at 1-2, Butzer Decl.).

As the above timeline makes clear, OAN raised the topic of deposition parameters on August 14, over a month ago, but Smartmatic for nearly a month refused to discuss depositions. Then, on September 11, Smartmatic proposed putting off depositions until January and moving the fact discovery deadline to May 2024.

The proffered rationale for not allowing OAN to take depositions—disputes over OAN's document production—was ginned up by Smartmatic to hijack and delay the discovery process. Smartmatic's complaints about OAN's document production, which as described above are erroneous and misleading, have nothing to do with OAN commencing the depositions that it seeks to take. When Smartmatic refused to discuss the topic and then refused to provide requested deposition dates, OAN had no choice but to notice the depositions of two current Smartmatic employees, two former employees, and Rule 30(b)(6) witnesses of each Plaintiff entity on select topics. OAN offered to move the locations and dates within a reasonable two-week time period, but Smartmatic refused to engage. Instead, they sought Court intervention and filed the Motion.

## II.   ARGUMENT

Smartmatic's Motion is procedurally defective and substantively meritless. Procedurally, it violates the Court's Standing Order, which requires the parties to arrange for a telephone conference with the Court prior to filing any motion over a "discovery dispute." (Standing Order, Dkt. 5 at 4-5) ("The Parties may not file a discovery motion without leave of Court."). Smartmatic's Motion is expressly filed under Rule 26 and invokes several purported discovery disputes, yet Smartmatic made no attempt to comply with the Court's requirement and offers no excuse for its failure to do so. Even if Smartmatic had followed the appropriate procedures for discovery motions, it fails to establish "good cause" for the discovery delays it requests. As set forth below, Smartmatic's Motion should be denied.

### A.   Legal Standard

Under the Federal Rules of Civil procedure, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Rules do not dictate that depositions must occur after the exchange of all written discovery; rather, the "methods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(3). The only limits on the sequence of discovery are if "the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice."[4] *Id.*

---

[4] The Parties have not stipulated as to any sequence of discovery. Nor has Smartmatic attempted to show that the noticed depositions are inconvenient for any particular witness or that they should be halted "in the interests of justice." *See Rinehart v. Nat'l Oilwell Varco*, No. CV 15-6266, 2016 WL 11686641, at *2 (E.D. La. May 9, 2016) (granting request under Rule 26(d)(3) that plaintiff be deposed before other witnesses because it made "sense . . . that the party whose allegations commenced the lawsuit should be deposed first" and because the deposition would have been first had it not been for a medical emergency that led to its cancellation). Smartmatic cannot argue that its request would serve the interests of justice because unilaterally grinding discovery to a halt (as requested by Smartmatic) would be a *violation* of the interests of justice.

Similarly, this Court has previously observed that "[a] scheduling order is not a frivolous piece of paper, idly entered." *Saunders v. District of Columbia*, 279 F.R.D. 35, 37 (D.D.C. 2012). A Scheduling Order is "intended to serve as the unalterable road map (absent good cause) for the remainder of the case." *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc*., No. CIV.A.05 2115 CKK, 2007 WL 1589495, at *5 (D.D.C. June 1, 2007) (cleaned up), *aff'd sub nom. Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217 (D.C. Cir. 2011). "The Federal Rules of Civil Procedure make plain that a scheduling order 'may be modified only for good cause and with the judge's consent.'" *Saunders*, 279 F.R.D. at 37 (citing Fed. R. Civ. P. 16(b)(4)); *see also* LCvR 16.4(a) (requiring "good cause" to modify a scheduling order). Under the "good cause" standard, moving parties "bear the burden of showing that deadlines could not reasonably be met despite their reasonable diligence." *Id*. at 38.

To determine whether good cause exists, the Court considers the following factors: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence." *Rae v. Children's Nat'l Med Ctr*., Civil Action No. 15-736, 2017 WL 1750255, at *2-3 (D.D.C. May 4, 2017). "The primary factor in determining whether good cause exists is the diligence of the party seeking discovery before the deadline." *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 136 (D.D.C. 2012). "[T]he focus in a court's diligence inquiry is not merely on 'What did the movant accomplish?', but also on 'What did the movant fail to accomplish?'" *Dag Enters., Inc. v. Exxon Mobil Corp*., 226 F.R.D. 95, 106 (D.D.C. 2005) (denying request to extend discovery deadline).

**B.  There is no good cause for a protective order to stay depositions noticed almost two years after Smartmatic filed this lawsuit.**

Smartmatic's request for a protective order is based on the faulty premise that OAN is prematurely taking depositions because "document discovery" should be completed before "proceeding with depositions." (Mot. at 11-12.) This argument directly contradicts the Federal Rules of Civil Procedure, which explicitly state that "methods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(3). Indeed, attorneys are known to take depositions at "the earliest practical time during litigation" to "preserve[] more accurate testimony" and to "commit[] the deponent to testimony early on in the litigation." FUNDAMENTALS OF LITIGATION PRACTICE, § 14:3. Deposition Process—Timing of Depositions (2023 ed.). Here, OAN seeks to take depositions almost 23 months after Smartmatic filed this lawsuit; there is nothing premature about its efforts.

This Court has held that one party's preference to complete document production before the taking depositions is "insufficient to persuade the Court that the [non-moving party] should be required to conduct its discovery in the manner that its adversary sees fit." *Progressive Cas. Ins. Co. v. FDIC for Sun West Bank*, No. MC 13-1044 (RBW), 2014 WL 12787793, at *3 (D.D.C. Jan. 9, 2014) (collecting cases). While the party noticing a deposition faces some risk that a court may deny leave to re-depose the witness or require the noticing party to bear all costs, "whether to take this risk and proceed with [the witness's] deposition at this time is the [noticing party's] tactical decision to make." *Id.* (denying request to enter an order requiring that document production be completed before a witness's deposition).

Smartmatic has known that the fact discovery period is set to end on December 8, 2023, since the Court entered the Scheduling Order last October. (Scheduling Order, Dkt. 42 (October 11, 2022).) Under this long-established schedule, receiving notices for depositions in late

September/early October, almost a year later, is standard lawyering and cannot be construed as "gamesmanship." (Mot. at 12.) Smartmatic's feigned surprise that OAN is prepared to begin depositions at this time should be afforded no weight by the Court.

In seeking protection from the depositions, Smartmatic makes no argument about witness availability or convenience. This is not a situation where someone is ill or the attorneys have a previously-scheduled court appearance. As detailed above, counsel for OAN tried to communicate with Smartmatic about the parameters for deposing witnesses. When Smartmatic's counsel refused to engage on the most basic deposition topics, OAN counsel noticed the depositions at issue and offered to negotiate within a two-week window of the noticed dates. Nothing in the Federal Rules of Civil Procedure prohibits the noticing of these depositions. To the contrary, Rule 26(d) specifically allows OAN to conduct discovery in any sequence it desires.

The only prejudice asserted by Smartmatic is that allowing the noticed depositions to go forward could "create the potential for Smartmatic to be subjected to *two* rounds of depositions." (Mot. at 9 (emphasis in original).) Such hypothetical harm is not good cause for a protective order. *Progressive Cas. Ins. Co.*, 2014 WL 12787793, at *3. In reliance on Smartmatic's representations that its document production is substantially complete and that it has complied with its obligations relating to that production, OAN willingly bears the risk that the Court could prevent it from taking a second deposition of any of the noticed witnesses. Thus, OAN's commencement of depositions at this time should not expose these witnesses to multiple depositions, so Smartmatic's proffered concerns (the pending decisions of this Court on the very limited number open discovery disputes, the pending motion for recusal, and (alleged) gaps in OAN's production, Mot. at 10) are unfounded.

In short, Smartmatic is not entitled to dictate how OAN must conduct discovery. This is especially true given the complexity of issues and the substantial dollar amount of claimed damages that OAN must defend against. (*See* Plaintiffs' Complaint, which is 3527 pages, including exhibits.) Smartmatic cannot show good cause for a protective order that would interfere with OAN's decision to commence depositions at this time.

**C.      There is no good cause for extending the discovery period by four months.**

Smartmatic seeks to extend the discovery period by four months because of routine discovery disputes that, for the most part, have already been resolved. It asks for the extension more than two months before the deadline in a premature request that shows Smartmatic is not diligently attempting to comply with the Court's order.

**1.      Smartmatic has not diligently worked to meet the fact discovery deadline.**

Smartmatic has not shown the diligence necessary for moving the fact discovery deadline. Smartmatic is refusing to even negotiate with OAN on deposition procedures. Instead, Smartmatic requested that no depositions take place for the next three-and-a-half months; that is the opposite of diligence. Smartmatic served its Second Set of RFPs two months after the deadline for serving written discovery. Smartmatic refused to respond to OAN's timely-served second set of RFPs and, rather than negotiate with OAN on the scope of those RFPs, filed a motion for protection with the Court. And rather than conduct a responsiveness review, Smartmatic spammed OAN with a huge document dump. (Ex. A, Butzer Decl. ¶5.)

The timing of Smartmatic's motion is itself evidence of a lack of diligence. Rather than attempting to take and defend depositions and finalize written discovery, Smartmatic is seeking court intervention more than two months before the current deadline for completing fact discovery. Certainly *diligent* counsel would use those months to make real progress in the discovery process. At a minimum, the Court should deny the request to extend the discovery deadline as premature

and instruct the parties to work diligently towards completion of discovery within the existing deadline.

And if Smartmatic were to re-engage in the discovery process, participate in depositions, and *closer* to the actual discovery deadline realize it needed more time for a specific task, it could then ask the Court for time to accomplish that specific task. The purpose of a deadline extension is not to allow further procrastination for unnamed tasks but to provide a limited amount of time for specific, targeted activity that is necessary to the just and efficient resolution of the case. *See Whitney v. United States*, 251 F.R.D. 1, 3 (D.D.C. 2008) (extending the discovery period for 30 days for the sole purpose to permit defendant to obtain relevant medical records and depose plaintiff's physician and noting that the defendant would "bear the risk that this new deadline will elapse before its goals can be accomplished"); *Winston & Strawn LLP v. L. Firm of John Arthur Eaves*, 307 F.R.D. 259, 263 (D.D.C. 2014) (granting 30-day extension for both sides to conduct depositions). At this time on this record, Smartmatic cannot show the requisite diligence.

> **2.    Other than the lack of a trial date, the other factors support denying the request to extend the discovery deadline.**

The only factor that supports moving the discovery deadline is the timing of the trial, which is not imminent. As for the other factors, the request to extend the deadline is vehemently opposed by OAN. As for the "foreseeability of the need for additional discovery," this factor shows why Smartmatic is disingenuous in its request. They are not identifying any category of discovery or avenue of inquiry that requires moving the deadline for "additional discovery"; they just want four more months to do what they should be doing now. That does not create good cause.

The same is true for the factor related to whether the extension will lead to the discovery of "relevant evidence." Because Smartmatic has not provided a sufficiently detailed reason for why it needs more time to do a specific discovery task, OAN cannot evaluate whether the request

will lead to "relevant evidence." Smartmatic, instead, is pointing to routine discovery disputes—many of which have already been resolved—as a basis for enlarging the discovery period. Their reasoning is untethered to a specific need for the requested delay, making it impossible for them to show that the extension would lead to "relevant evidence."

Finally, the prejudice factor weighs against lengthening the discovery period. The Federal Rules of Civil Procedure are to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Extending the fact discovery deadline would create more expense for OAN, a small company with limited resources, and unjustifiably slow down this proceeding. Given that an extension would increase cost and diminish the pace of progress, the prejudice factor shows Smartmatic has failed to show good cause for extending the discovery deadline.

### III.       CONCLUSION & PRAYER

OAN respectfully requests that the Court deny Smartmatic's request for a protective order that would stay the seven properly-noticed depositions, deny the request to stay all depositions until January, and deny the request to extend the fact discovery deadline by four months. Smartmatic has failed to show good cause for their request to significantly disrupt the discovery process in this case.

Dated: September 27, 2023                 By: */s/ R. Trent McCotter*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY PLLC**
R. Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Defendant*

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of September 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ *R. Trent McCotter*
R. Trent McCotter