# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP., ) <br> SMARTMATIC HOLDING B.V., AND ) <br> SGO CORPORATION LIMITED, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> HERRING NETWORKS, INC., D/B/A ) <br> ONE AMERICA NEWS NETWORK, ) <br> ) <br> Defendant. ) | Civil Action No. 1:21-cv-02900-CJN |

**DECLARATION OF CARL C. BUTZER IN SUPPORT OF OAN'S RESPONSE TO PLAINTIFFS' MOTION TO ISSUE A PROTECTIVE ORDER, STAY DEPOSITIONS, AND AMEND SCHEDULING ORDER**

I, Carl C. Butzer, declare as follows:

1.      I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN"). I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of OAN's Response to Plaintiffs' Motion to Issue a Protective Order, Stay Depositions, and Amend Scheduling Order.

***Discovery Status***

2.      Counsel for OAN have diligently conducted discovery since substituting in as counsel four months ago. On June 5, 2023, OAN sent Magistrate Judge Upadhyaya, to whom certain discovery disputes were referred, a private letter informally raising possible recusal. A true and correct copy of this letter is attached as Exhibit A-2. Before doing so, OAN contacted Plaintiffs' (collectively, "Smartmatic") lead counsel, who indicated that Smartmatic did not object to this issue being raised. *See* Exhibit A-2. On June 30, after Judge Upadhyaya set a hearing for

July 18 (Dkt. 75), Smartmatic filed a positional statement objecting to recusal. (Dkt. 77.) As a result, OAN filed a formal recusal motion (Dkt. 79), which was heard on July 18, 2023.

3.       The parties have resolved three of Smartmatic's four complaints raised in the parties' May 5th Joint Notice to the Court. As of July 19, 2023, the parties agreed to a substantial completion date of August 28, 2023, with interim deadlines of July 28 and August 11, 2023, addressing Issue Four (OAN's alleged "failure to agree to a date certain for completion of document production") and Issue One (OAN's alleged "failure to produce documents"). A true and correct copy of the parties' agreement is attached as Exhibit A-1. The parties did not agree that specific types of documents (e.g., text messages, booking communications, etc.) would be produced on specific dates. *See* Exhibit A-1.

4.       OAN has complied with the parties' agreement. As of August 28, OAN's document production was substantially complete. OAN produced more than 50,000 responsive, relevant documents during the parties' three production deadlines this summer (23,728 documents on July 28; 11,894 documents on August 11; 17,357 documents on August 28).

5.       Unlike Smartmatic's production, which produced a mountain of non-responsive documents that hit on the parties' agreed search terms, OAN performed a responsiveness review of documents from 63 custodians that hit on the 235 search terms agreed to by the parties.

6.       On September 6, 2023, Smartmatic requested that OAN add six individuals as custodians, on top of the 63 custodians to which OAN already agreed. Smartmatic also requested that OAN run 14 additional search terms and produce responsive documents. A true and correct copy of my response to Smartmatic's request is attached as Exhibit A-3. OAN agreed to five of the six custodians and to all 14 new search terms. Responsive documents will be produced in the next two weeks.

7.     On September 11, 2023, Smartmatic sent a letter to OAN accusing it of deficient document production. Four days later, OAN responded, identifying the specific, produced documents by Bates number that Smartmatic's attorneys claimed were missing. A true and correct copy of the original letter with OAN's responses in red is attached as Exhibit A-4. As for the few documents that had not yet been produced, OAN provided them to Smartmatic on Monday, September 25, 2023, and Tuesday, September 26, 2023. If OAN identifies additional documents during discovery, it will supplement our production as required by the rules.

8.     OAN has also addressed Smartmatic's Issue Two (disclosure of fact witnesses). On September 14, OAN supplemented its responses to Interrogatory Nos. 1, 2, 3, and 5, identifying more than 100 individuals (including more than 20 third parties).

9.     On September 14 Smartmatic demanded that OAN supplement its responses to Interrogatory Nos. 1, 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20. OAN is in the process of doing so, and has informed Smartmatic that it intends to supplement by October 2.

### *OAN Employees' Privacy Concerns*

10.     OAN has produced non-privileged text messages involving Charles Herring that are responsive to Smartmatic's production requests, based on Smartmatic's search terms.

11.     On August 13, 2023, OAN informed Smartmatic that several OAN employees had refused collection of their cell phones based on privacy concerns. A true and correct copy of my email to Smartmatic's counsel is attached as Exhibit A-5. I notified Smartmatic that OAN wanted to flag this issue sooner rather than later.

12.     I attended an August 18 meet-and-confer in which this issue was raised again, and Smartmatic's counsel advised that she would provide a written response. Again on August 28, Smartmatic informed OAN that it would respond in writing to my email of August 13 regarding

employees' privacy concerns. A true and correct copy of Smartmatic's correspondence to OAN is attached as Exhibit A-6.

13.     Smartmatic still has not provided its response, in writing or otherwise, to my email of August 13.

### *Deposition Hours and Limits*

14.     OAN is preparing to begin conducting depositions this week.[1]

15.     OAN has attempted in good faith to engage Smartmatic on the topic of deposition hours and limits, but Smartmatic has refused to discuss the topic. On August 14, OAN requested a meet-and-confer on deposition limits. The next day, Smartmatic responded that it was "happy to hear any proposal. On August 23, the parties held a meet-and-confer where Smartmatic refused to discuss deposition limits. A true and correct copy of the email correspondence between Smartmatic's counsel and OAN's counsel on these topics, on which I was copied, is attached as Exhibit A-9.

16.     On September 5, Smartmatic stated its position that depositions should wait until the Court issued a ruling on the May 5th Joint Notice. A true and correct copy of the correspondence from Smartmatic's counsel, of which I received a copy via email, is attached as Exhibit A-10.

17.     The next day, OAN responded that it disagreed with this delay and proposed a limit of 120 hours of deposition time per side excluding expert witnesses. On September 10, OAN requested dates for depositions during the weeks of September 25 or October 2. The next day, Smartmatic responded by proposing that depositions only begin in January, accompanied by an

---

[1] The first depositions have been noticed for September 28 and 29.

amended scheduling order. A true and correct copy of these email communications, on which I was copied, is attached as Exhibit A-11.

18.     On September 13, having received no response regarding available dates the weeks of September 25 or October 2, OAN served seven deposition notices. A true and correct copy of this email communication, on which I was copied, is attached as Exhibit A-12.

19.     That same day, Smartmatic responded by asking if OAN was opposed to a protective order. OAN requested the grounds for a motion for a protective order, and Smartmatic responded by alleging document production deficiencies. A true and correct copy of these email communications, on which I was copied, is attached as Exhibit A-13.

### *No Need to Amend the Scheduling Order*

20.     OAN fully intends to complete fact discovery by the December 8, 2023, deadline that the Court established nearly a year ago. From OAN's perspective, there is no need for any amendment to the scheduling order at this time, nor should such a need arise if the parties work diligently over the next three months to complete fact discovery.

21.     In fact, any delays in the discovery process result from Smartmatic's lack of diligence in pursuing discovery. Smartmatic failed to serve its second set of requests for production until July 31, 2021, two months after the deadline on the Court's docket control order (Dkt. 42). A true and correct copy of my email of September 6, 2023 stating OAN's position on Smartmatic's late requests and perfunctory attempt to meet-and-confer is attached as Exhibit A-7. OAN has reiterated this position in its supplemental objection to Plaintiffs' Second Set of Requests for Production, a true and correct copy of which is attached as Exhibit A-8. OAN also requested that

Smartmatic supplement interrogatories and provide clarity about its document production, but Smartmatic has not responded.

22.     Because the four-month extension sought by Plaintiffs is entirely unnecessary, a Court order more than doubling the remaining time for fact discovery would only further discourage diligence by the parties—which seems to be the whole point behind Plaintiffs' request, considering they seek not merely a Court order extending the discovery deadline but also one precluding the taking of a single deposition for the next three-and-a-half months. *See* Motion at 15–16.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 26, 2023.

_____
Carl C. Butzer

# EXHIBIT A-1

**Butzer, Carl**

---

| | |
|---|---|
| **From:** | Kovacs, Caitlin <CKovacs@beneschlaw.com> |
| **Sent:** | Wednesday, July 19, 2023 4:05 PM |
| **To:** | Butzer, Carl |
| **Cc:** | Pickett Shah, Bethany; Blaesche, Minoo; Walsh, Hannah; Rhine, Emily; Edwards, John; Neerman, Jonathan; Flynn-DuPart, Mary Lou; Bryant, Jennifer; Myers, David; Wilkes, Christopher; Babcock, Chip; Amattey, Amakie; Trent McCotter; Maldonado, Jacklyn; Sullivan, Olivia |
| **Subject:** | RE: Proposal for Substantial Completion Deadline |

<p align="center">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION****</p>

Carl,

We are agreed that each party will substantially complete document production by August 28. We also agree that both parties will make at least two rolling productions between now and then – the first by July 28 and the second by August 11.

We will communicate this updated agreement to the appropriate judge whenever the parties' May 5 submission is picked up, as part of updating the Court on where things stand with our previously teed-up motion to compel documents.

As we have expressed, the point of this agreement is to avoid a document dump on August 28 that prejudices our client, and to move the case forward with due speed.  If OANN misses either of the rolling production dates, or if either of those productions is insubstantial, Smartmatic will consider OANN to have violated the agreement.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Butzer, Carl <cbutzer@jw.com>
**Sent:** Friday, July 14, 2023 2:57 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Cc:** Pickett Shah, Bethany <bpickett@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>; Edwards, John <jedwards@jw.com>; Neerman, Jonathan <jneerman@jw.com>; Flynn-DuPart, Mary Lou <MDUPART@jw.com>; Bryant, Jennifer <jbryant@jw.com>; Myers, David <dmyers@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Babcock, Chip <cbabcock@jw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Maldonado, Jacklyn

# EXHIBIT A-2



Charles L. Babcock
(713) 752-4210 (Direct Dial)
(713) 308-4110 (Fax)
cbabcock@jw.com

<u>*Via email*</u>
Magistrate Judge Moxila Upadhyaya
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

**Private and Confidential**

June 5, 2023

Re:     Possible recusal in *Smartmatic USA Corp., et al. v. Herring Networks, Inc., et al.,*
No. 1:21-cv-02900-CJN (D.D.C.)

Dear Magistrate Judge Upadhyaya:

Last week I made an appearance for defendant Herring Networks, Inc., et al. ("Herring") in the above referenced case and learned of a possible issue involving the Court. I have discussed this important and time sensitive issue with opposing counsel Erik Connolly and sent him a draft of this letter before sending to you. Mr. Connolly indicated that Smartmatic does not object to this issue being raised for your consideration and will provide any information you request.

I am informally raising possible recusal before you are required to make any rulings in this case following your referral as magistrate last week. The issue arises from your 2019 representation, while in private practice at Venable LLP, of the Bolivarian Republic of Venezuela in *Rusoro Mining Limited v. Bolivarian Republic of Venezuela*, USCA Case No. 18-7044 (D.C. Cir. 2018) ("*Rusoro*").

In the matter presently before you, Smartmatic claims it was defamed by Herring's One America News Network ("OANN"). Plaintiff's lengthy complaint identifies "five [disinformation] themes," that it says OANN "designed to … persuade people that Smartmatic (along with Dominion) was responsible for stealing the 2020 U.S. election from President Trump." (Smartmatic Complaint, Dkt. 1 at 75, ⁋ 170). Two of the allegedly false themes were: (i) "Smartmatic is a Venezuelan company that was founded and funded by corrupt dictators from socialist and communist countries" and (ii) "Smartmatic's election technology and software were designed to rig and fix elections and have been used to fix, rig and steal elections before." (*Id.*).

To illustrate these themes, Plaintiff alleges that OANN falsely claimed that: (i) "Smartmatic is partially owned by the Maduro regime" (*Id.* at ⁋ 218(c)); (ii) "the technology is controlled by allies of Venezuela's Maduro regime" (*Id.* at ⁋ 218(f)); (iii) "reports found Maduro allies were meddling in the latest U.S. election through a company called Smartmatic (*Id.* at ⁋ 218(m)); (iv) "The [Organization of American States] says any election that involves Maduro is a sham and must not be recognized by any civilized country" (*Id.* at ⁋ 218(o)); and (v) "Smartmatic

June 5, 2023
Page 2

_____

has faced controversy in the past with allegations of rigging the 2013 election in Venezuela to favor socialist President Nicolas Maduro" (*Id.* at ¶ 218(y)).

The legitimacy of the May 20, 2018 Venezuelan presidential election, where—in Plaintiff's words—the "corrupt dictator" President Nicola Maduro was declared the winner, was one issue in *Rusoro*, where you were involved. The Arnold & Porter firm, on instructions from acting President Guaidó, filed a Motion to Stay in the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). As lead counsel from Venable, you filed a "Response To The Motion To Stay," writing that: "President Maduro vigorously disputes that Mr. Guaidó is the President of the Republic, and asserts that he remains the rightful leader of the Republic." (USCA Case No. 18-7044, Dkt. No. 1774487, at 2). You added that "Mr. Guaidó's place as the legitimate leader of Venezuela [is not] by any means assured" and that opposing counsel, Arnold & Porter, had failed to cite a case "directly on point" when "two competing factions within a foreign government both ask to be heard." (*Id.* at 2, 5, 10).

Arnold & Porter then filed a Motion to Strike your Notice of Appearance and the Response to the Motion to Stay stating that "Venable LLP acknowledges that it has not been engaged by President Guaidó" and, accordingly, the D.C. Circuit "should not recognize that firm as counsel for the Republic." (Dkt. No. 1775433, at 2). It denied the relevancy of Venable's "arguments about Venezuelan constitutional law and counter-arguments concerning election fraud." (*Id.* at 10).

OANN is concerned that the overlap between your representation of Venezuela in *Rusoro,* which implicated, in part, the integrity of the 2018 Venezuelan Presidential election, and the Plaintiff's allegations regarding OANN's purported reporting of Smartmatic's role in Venezuelan (and U.S.) presidential elections, would create an appearance of impropriety. Please let me and Mr. Connolly know how you think we should proceed. We thank you for your consideration.

Respectfully,

/s/ Charles L. Babcock
_____
Charles L. Babcock
Bethany Pickett Shah
JACKSON WALKER LLP
1401 McKinney Street, Suite 1900
Houston, TX  77010
(713) 752-4210 (Phone)
(713) 308-4110 (Fax)

R. Trent McCotter
BOYDEN GRAY & ASSOCIATES
801 17th Street NW, Suite 350
Washington, DC 20006
mccotter@boydengrayassociates.com
*Counsel for Defendant Herring Networks, Inc., et al.*

June 5, 2023
Page 3

_____

cc:     Erik Connolly
        Counsel for Plaintiffs

# EXHIBIT A-3



Carl C. Butzer
(214) 953-5902 (Direct Dial)
(214) 661-6609 (Direct Fax)
cbutzer@jw.com

September 12, 2023

***Via Email***
Caitlin Kovacs, Esq. (ckovacs@beneschlaw.com)
Olivia Sullivan, Esq. (osullivan@beneschlaw.com)
Amakie Amattey, Esq. (aamattey@beneschlaw.com)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606

Re:   ***Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America
      News Network***, Case No. 1:21-cv-02900-CJN (D.D.C.)

Dear Caitlin & Olivia,

I write in response to Amakie's September 6, 2023 letter requesting OAN to designate additional individuals as custodians and to run more search terms.

As an initial matter, the letter misrepresents the record and contains false accusations. First, OAN has agreed to 63 (not 62) custodians. You also falsely claim that "OANN has yet to provide a response as to whether previously requested individuals, Ann Schick, Dante Colella, Bobby Dupree, Trey Miller, and Rayana Unutoa will be accepted as custodians."

•   We agreed to make Ann Schick OAN's 63rd custodian on June 30 – *more than 2 months ago*. (*See* my email to both of you dated June 30, attached as Ex. 1).

•   As for Mr. Colella, I responded to your request to add him on June 22, *more than 2 months ago*. (*See* my letter to both of you dated June 22, attached as Ex. 2). In that June 22 reply, I stated I believed Mr. Colella, a videographer, was either not relevant or would not possess any unique documents or communications.

•   Your request to add Mr. Dupree as a custodian was rejected in a letter sent to Olivia on May 15 – *almost 4 months ago*. (*See* letter dated May 15, attached as Ex. 3, in which it was explained that his employment was terminated months before the publication of the allegedly defamatory statements). Then, in her May 17 email to Brian Ledebuhr, Olivia acknowledged this and Smartmatic claimed to "reserve[s] its rights with regard to" him. (*See* attached Ex. 4). Finally, during the parties' June 16 meet and confer, Olivia confirmed that Smartmatic was no longer seeking to add Mr. Dupree as a custodian.

•   On June 30, I replied to your request for Mr. Miller and Ms. Unutoa. (*See* my email to both of you dated June 30, Ex. 1). I stated: "[W]e do not agree to add Mr. Miller or Ms. Unutoa. As I understand it, Plaintiffs' argument is that they were in roles such as news editor, TV director, and programming. But Mr. Miller worked the night shift during the

September 12, 2023
Page 2

_____

relevant time period and otherwise performed only technical duties. As for Ms. Unutoa, as far as we can determine she did not work on the complained-of broadcasts. Accordingly, we do not believe Mr. Miller or Ms. Unutoa possess any unique materials that cannot be obtained from the 63 agreed-upon OAN custodians."

So your premise for requesting <u>Dante Colella</u>, <u>Bobby Dupree</u>, <u>Trey Miller</u>, and <u>Rayana Unutoa</u> – that we've never responded to your previous requests – is false; and your request now – *months* after we provided explanations for rejecting those requests – is too late. For these reasons, we must again reject your request to add these individuals as custodians.

Your attempted justification for your late notice to add custodians – which you claim is "based upon a review of OANN's belated productions" – also is inaccurate, if not misleading:

   • The Bates-numbered documents you identify for <u>Krista McClelland</u> (OAN_SMMT_00055530) and <u>Jasmine Rounaghi</u> (OAN_SMMT_00363869) were produced to you *more than 3 months ago*.

   • The remaining documents referenced in your letter were produced timely, in accordance with the parties' agreement to produce a rolling production of documents with interim dates of July 28 and August 11, and a substantial completion date of August 28 – with which we complied.

   • Documents supporting your requests for <u>Tom Driscoll</u> (OAN_SMMT_00815344) and <u>Adrienne Goebel</u> (OAN_SMMT_00804700 and OAN_SMMT_00801255) were produced on July 28; and the documents supporting your request for <u>Alex Heredia</u> were produced on July 28 and August 28.

Finally, I address your misleading request for <u>Hang Danh</u>, which you again say is "based upon a review of OANN's belated productions" (citing two documents produced to you on July 28 (OAN_SMMT_00810552 and OAN_SMMT_00801811)). *Olivia requested Ms. Danh on May 5* (*See* Sullivan letter dated May 5, attached as Ex. 5). And *2½ months ago*, on June 22, I explained to both of you my belief that <u>Ms. Danh</u> was either not relevant here or would not possess any unique documents or communications, as she is a traffic coordinator – an operations employee who merely executed the programming of shows. (*See* my June 22 letter, attached as Ex. 2). We stand by our objection to adding <u>Ms. Danh</u> as a custodian.

So the stated reasons for your requests to add custodians are inaccurate and/or misleading, as are several statements you make in the letter.

Yet, in the spirit of good faith and compromise, OAN agrees to designate <u>Krista McClelland</u>, <u>Tom Driscoll</u>, <u>Adrienne Goebel</u>, <u>Jasmine Rounaghi</u>, and <u>Alex Heredia</u> as custodians. This brings OAN's total custodian count from 63 to 68, which is more than enough custodians.

***OAN Listservs.*** The listservs identified in your letter (producers@oann.com; anchors@oann.com; writers@oann.com;       DCnewsreport@oann.com;       specialreports@oann.com;       and

September 12, 2023
Page 3

_____

aheditors@oann.com) are not proper custodians.    Each of the foregoing addresses is a distribution list; none have their own inboxes against which search terms can be run. Nor can emails be sent *from* a listserv. Rather, an email sent to the listserv can be obtained only via the email folders of custodians who were members of the distribution list at the time the email was sent. As reflected in OAN's production, at least one designated custodian was or is a member of each listserv. OAN has and will (as needed) continue to produce responsive emails that hit on the parties' agreed-upon search queries from the agreed-upon custodian's inboxes, including emails received through the six distribution lists.

***Additional search queries.*** OAN has already agreed to 235 search queries, and your request for 14 new queries (attached as Exhibit 1 to your September 6 letter) comes late in the game. But, again, in the spirit of compromise, OAN agrees to run the 14 queries.

Sincerely,

Carl C. Butzer

| | |
|---|---|
| **From:** | Butzer, Carl |
| **Sent:** | Friday, June 30, 2023 11:12 AM |
| **To:** | Sullivan, Olivia; Kovacs, Caitlin |
| **Cc:** | Pickett Shah, Bethany; Blaesche, Minoo; Walsh, Hannah; Carlton, Emily; Edwards, John; Neerman, Jonathan; Flynn-DuPart, Mary Lou; Bryant, Jennifer; Myers, David; Wilkes, Christopher; Trent McCotter |
| **Subject:** | RE: OAN Custodians & Search Queries |

Olivia

Thanks for your email.

I'm writing to follow up on Smartmatic's request to add Ann Schick, Trey Miller, and Rayana Unutoa as OAN custodians. We agree to add Ann Schick as a custodian. However, we do not agree to add Mr. Miller or Ms. Unutoa. As I understand it, Plaintiffs' argument is that they were in roles such as news editor, TV director, and programming. But Mr. Miller worked the night shift during the relevant time period and otherwise performed only technical duties. As for Ms. Unutoa, as far as we can determine she did not work on the complained-of broadcasts. Accordingly, we do not believe Mr. Miller or Ms. Unutoa possess any unique materials that cannot be obtained from the 63 agreed-upon OAN custodians.

**Thanks,**
**Carl**

**Carl C. Butzer** | Jackson Walker LLP
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
V: (214) 953-5902 | F: (214) 661-6609 | cbutzer@jw.com



---

**From:** Sullivan, Olivia <OSullivan@beneschlaw.com>
**Sent:** Wednesday, June 28, 2023 7:51 PM
**To:** Butzer, Carl <cbutzer@jw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Cc:** Pickett Shah, Bethany <bpickett@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>; Edwards, John <jedwards@jw.com>; Neerman, Jonathan <jneerman@jw.com>; Flynn-DuPart, Mary Lou <MDUPART@jw.com>; Bryant, Jennifer <jbryant@jw.com>; Myers, David <dmyers@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>
**Subject:** RE: OAN Custodians & Search Queries

<p align="center">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION****</p>

Carl,

The purpose of our June 27 letter was to memorialize our meet and confer on Friday, as you did from your perspective in your June 26 letter. It appears that the two letters are largely consistent with each other, as you point out in detail below.

There is no current disagreement regarding custodians. Both parties confirmed the same information in their letters. We are in agreement with the list in Exhibit A, and continue to reserve our rights.

**Ex. 1**



Carl C. Butzer
(214) 953-5902 (Direct Dial)
(214) 661-6609 (Direct Fax)
cbutzer@jw.com

June 22, 2023

*Via Email*

Caitlin Kovacs, Esq.
Olivia Sullivan, Esq.
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

Re:     ***Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America
       News Network**, **Case No. 1:21-cv-02900-CJN (D.D.C.)***

Dear Caitlin & Olivia:

We write in response to your May 17, 2023 email ("May 17 Email") and May 26, 2023 letter ("May 26 Letter") as they pertain to the Smartmatic Plaintiffs' ("Smartmatic") outstanding requests to designate 36 additional OAN custodians, on top of the 55 custodians OAN has already agreed to.

As an initial matter, the current list of 55 custodians is more than sufficient for Smartmatic to prosecute its case. And as you can appreciate we are concerned about how the addition of more and more custodians affects the financial burden imposed by reviewing more and more emails (with a set of over 200 search queries), not to mention how a large number of additional emails impacts the timing of document production. That said, we've spent the past week performing extensive due diligence on Smartmatic's list of outstanding requested custodians. As a result of those efforts we agree to designate the following seven individuals as additional custodians: Jennesh Agagas, Derek Blashinsky, Amanda Brilhante, Justin Brown, Rafael Galindo, Camryn Kinsey, and Taylor Scott. This brings the total number of agreed-to OAN custodians to 62.

For the reasons already stated, and as set forth below, without more we do not agree to adding the following 26 requested individuals.[1]

***Julie Kelly.*** In its May 5, 2023 correspondence, Smartmatic requested designation of Julie Kelly as a custodian. You've pointed out that she is mentioned in ¶ 178 of the Complaint for

---

[1] We are scheduled to speak with Rayana Unutoa on Friday morning, and we will provide an update about her during our meet and confer tomorrow afternoon. Also, we currently do not have sufficient information regarding Trey Miller or Ann Schick, and will provide updates about them in the next several days.

**Ex. 2**

June 22, 2023
Page 2

_____

statements made while she was a guest on *Tipping Point.* Julie Kelly is not, nor has she ever been, an OAN employee. So she is not a proper OAN custodian.

**Employees Whose Employment Ended Before the 2020 Election.** Per your inquiry, OAN has confirmed that five of Smartmatic's requested custodians were terminated months, if not years before the allegations in the Complaint: Gabe Soltero (employment ended on December 4, 2015),[2] Alan Valdez (employment ended on April 26, 2017), Chris Pocock (employment ended on March 16, 2019), Micole Aronowitz (employment ended on May 26, 2020), and Nora Vargas (employment ended on June 26, 2020). There is no reasonable basis to believe that any of these five individuals possesses relevant, responsive evidence pertaining to the litigation.

**Employees Hired After the Relevant In Focus with Stephanie Hamill Broadcasts.** Three of Smartmatic's requested custodians worked on *In Focus with Stephanie Hamill,* but were not hired until after the last complained-of *In Focus* broadcast aired (*i.e.,* December 3, 2020): Olivia Shippen (hired as a producer for *In Focus* on February 3, 2021), Jezzamine Wolk (hired as a producer for *In Focus* on February 22, 2021), and Monica Rodriguez (who began working on *In Focus* in September 2021).

**Operational/Technical/Administrative employees.** At least nine of the requested individuals worked in only operational, highly technical, or administrative capacities during the relevant time period. Based on our due diligence, the following individuals are either not relevant here or would not possess any unique documents or communications that would not already be captured by application of the 200+ agreed-upon search queries to the ESI of the 64 already agreed-upon custodians: Jared Buchwitz (a technical director), Travis Burgher (a video editor), Ravi Butler (a production assistant who was not hired until December 27, 2020), Dante Colella (a videographer), Aaron Cornils (a systems engineer), Hang Danh (a traffic coordinator – an operations employee who merely executed the programming of shows), Frank Lara-Risco (a news room writer), Brian Maresco (a videographer and editor who had no editorial input and no direct reports; and who took an extended leave of absence for health reasons throughout 2020 and 2021), and Marco Rodriguez (a video editor).

**Individuals Purportedly Named in Documents Produced in Other Litigation.** Smartmatic alleges that the following six requested individuals supposedly appear in documents produced in the *Coomer* and/or *Smartmatic v. Lindell* cases[3]: Ivan Garcia-Hildago Burgueno (who worked on the news side obtaining B-roll), Gary Gaur (a videographer), Angelina Hernandez (a traffic manager whose job involved downloading and uploading commercials), Alfred Molo (who merely worked on graphics appearing at the very beginning and at the end of shows), Richard Pollack (a reporter, who we do not believe was involved in any of the complained-of broadcasts), and Gabriel Yaffe (a news room writer who did not even begin working for OAN until March 2021). We do not believe they possess any unique materials that cannot be obtained from the 62 agreed-upon

_____

[2] In the May 17 Email, Smartmatic states that based on OAN's document production Mr. Soltero appears to have edited broadcasts in 2020 and 2021. We confirm that he did not, and that he has not worked for OAN since he left the company in 2015. The simple explanation is that before he left OAN more than seven years ago, Mr. Soltero created the blank rundown templates within ENPS that still auto-generate each day. As to those templates, Mr. Soltero's name therefore appears in the "Last Modified By" field.

[3] Please email me copies of the *Coomer* and *Smartmatic v. Lindell* documents to which you refer.

June 22, 2023
Page 3

_____

custodians. In any event, just because some of them "sent, participated in, or were referenced in emails about the 2020 election" is not a basis for including them as custodians. If that standard applies (and it should not), then every employee of every Smartmatic entity should be a custodian.

Finally, with respect to <u>Allyssia Britton</u> and <u>Jon Marrone</u>, both writers/producers, we also do not believe they were meaningfully associated with any of the complained-of broadcasts or that they are likely to be custodians of unique, relevant, responsive information – especially since there already are 17 writers and/or producers among the 62 agreed-upon custodians.

We look forward to a productive meet and confer tomorrow afternoon.


Sincerely,

Carl C. Butzer

CCB:



Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
Dallas
Miami
vedderprice.com

May 15, 2023

Brian W. Ledebuhr
Shareholder
+1 312 609 7845
bledebuhr@vedderprice.com

**VIA EMAIL**

Michael Bloom, Esq.
Olivia Sullivan, Esq.
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
mbloom@beneschlaw.com
osullivan@beneschlaw.com

Re:     *Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America News Network*,
        Case No. 1:21-cv-02900-CJN (D.D.C.)

Dear Counsel:

On behalf of Herring Networks, Inc. ("Herring"), we write in response to your letter dated May 5, 2023 (the "May 5 Letter"), where you propose that Herring agree to **64** new ESI custodians, for a total of **84** related to broadcast of news and commentary over a short seven-month period.[1]  In contrast, Herring has proposed approximately half as many custodians for Plaintiffs, and Plaintiffs have refused without explanation to include three of them.

We again request that Plaintiffs reconsider their position and add those three custodians: **Marlon Garcia**, **Neil Baniqued**, and **Jose Gregario Camargo Castellanos**.  We also request that Plaintiffs add the following individuals as custodians: **Edgar Fino Ballesteros**, **Marco Huberts**, **Ernesto Parisca**, **Helen Rosales**, and **Anibal Vera**.  By May 22, 2023, please advise whether Plaintiffs will agree to do so.  By that date, please also identify all individuals whom Plaintiffs agreed to include as custodians, and those whom Plaintiffs refused to include as custodians, in the Related Litigation.[2]

---

[1] In the May 5 Letter, Plaintiffs requested that Herring add Elma Mujic as a custodian, but Ms. Mujic (now Aksalic) already has been identified as a custodian.  Additionally, Plaintiffs requested that Herring add Shane Althaus (misspelled as Althouse) as a custodian, but Mr. Althaus was already identified in Herring's supplemental interrogatory responses dated April 25, 2023.

[2] Defined as *Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al.*, Index No. 151136-2021 (New York County, New York); *Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc.*, Case No. N21C-11-028 EMD (Del. Super. Ct.); *Smartmatic USA Corp., et al. v. Sidney Powell*, Case No. 21-cv-02995 (D.D.C.); *Smartmatic USA Corp., et al. v. Lindell, et al.*, Case No. 22-cv-00098 (D. Minn.).          **Ex. 3**

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, Vedder Price Pte. Ltd., which operates in Singapore, and Vedder Price (FL) LLP, which operates in Florida.

Michael Bloom, Esq.
Olivia Sullivan, Esq.
May 15, 2023
Page 2

In the interest of compromise, Herring agrees to include the following **35** additional individuals identified in the May 5 Letter:

1.    Salina Arredondo
2.    Christopher Boyle
3.    Amber Coakley
4.    Dana Cohen
5.    Jacob Demille
6.    Peyton Drew
7.    Joseph Dupnik
8.    Lilia Fifield
9.    Christian Flores
10.   Jennifer Franco
11.   Brandon Gadow
12.   Chloe Hauxwell
13.   Jasmin Hovey
14.   Hans Hubbard
15.   Kenneth Imperial
16.   Emily Lambert
17.   Talialain Letoi
18.   Vincent Matranga
19.   Caroline Midkiff
20.   Stephanie Myers
21.   Lindsay Oakley
22.   Jenn Pellegrino
23.   Jack Posobiec
24.   Chanel Rion
25.   Kristian Rouz
26.   Chris Schickedanz
27.   Morgan Schmidt
28.   Caitlin Sincalir
29.   Alicia Summers
30.   Avery Swigart
31.   Jay Thompson
32.   Sani Unutoa
33.   Kayleigh Venne

Michael Bloom, Esq.
Olivia Sullivan, Esq.
May 15, 2023
Page 3

34. Ethan Viveiros

35. Greta Wall

We note that the above individuals were either: (i) identified in Plaintiffs' Complaint or one of its exhibits; (ii) identified in the complaint filed by the plaintiffs in *U.S. Dominion, Inc. et al. v. Herring Networks, Inc. et al.* Case No. 1:21-cv-2130 (CJN) (the "Dominion Case"); (iii) referenced in Plaintiffs' production so far in this case; or (iv) referenced in Herring's production so far in this case.

Herring requests additional context from Plaintiffs regarding the following **21** individuals identified in the May 5 Letter, explaining why Plaintiffs believe they may have relevant information:

1. Jared Buchwitz

2. Travis Burgher

3. Ivan Garcia-Hidalgo Burgueno

4. Ravi Butler

5. Dante Colella

6. Hang Danh

7. Julie Kelly Dell

8. Rafael Galindo

9. Gary Gaur

10. Angelina Hernandez

11. Frank Lara-Risco

12. Brian Maresco

13. Jon Marrone

14. Trey Miller

15. Alfred Molo

16. Richard Pollack

17. Monica Rodriguez

18. Taylor Scott

19. Olivia Shippen

20. Rayana Unutoa

21. Gabriel Yaffe

Michael Bloom, Esq.
Olivia Sullivan, Esq.
May 15, 2023
Page 4

Based on our investigation, none of these individuals was: (i) identified in Plaintiffs' Complaint or exhibits; (ii) identified in the complaint in the Dominion Case; (iii) referenced in Plaintiffs' production so far in this case; or (iv) referenced in Herring's production so far in this case.  By May 22, 2023, please explain the basis for Plaintiffs' belief that Herring should include these individuals as additional custodians.

Lastly, Herring rejects Plaintiffs' request to add the following **eight** individuals as custodians:

1.    Micole Aronowitz
2.    Bobby Dupree
3.    Bruce Littman
4.    Nohely Mendoza
5.    Chris Pocock
6.    Gabe Soltero
7.    Alan Valdez
8.    Nora Vargas

Their employment by Herring was terminated at least months (i.e., Messrs. Aronowitz, Dupree, and Vargas) — and in several instances more than a year (Messrs. Littman, Mendoza, Pocock, Soltero, and Valdez) — before publication of the allegedly defamatory statements.  Thus, they are extremely unlikely to have any relevant information.

We look forward to your response by **May 22, 2023**.  Herring continues to reserve all rights, including in connection with the continued negotiations concerning Plaintiffs' discovery requests, Herring's responses and objections, and the parties' negotiation of search terms and custodians.

Regards,

*Brian Ledebuhr*

Brian W. Ledebuhr

| | |
|---|---|
| **From:** | Sullivan, Olivia |
| **To:** | Ledebuhr, Brian W.; Park, Jeanah; Kimrey, Blaine C.; Sawyer, Keeley A.; Burleson, Nicole; Dunn, Joshua |
| **Cc:** | Bloom, Michael; Dillingham, Emily |
| **Subject:** | RE: [EXT] Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network; Case No. 1:21-cv-02900-CJN [VED-VP.FID4869290] |
| **Date:** | Wednesday, May 17, 2023 3:07:13 PM |
| **Attachments:** | image002.png |
| | image276726.png |

Counsel,

Smartmatic writes in response to OANN's letter sent May 15 regarding custodians.

First, Smartmatic will not agree to designate Marlon Garcia, Neil Baniqued, and Jose Gregario Camargo Castellanos as custodians. OANN stated in its May 15 letter that Smartmatic has "refused without explanation to include" these individuals, but that is false. In its March 28 letter, Smartmatic dedicated an entire paragraph to explaining to OANN why it will not designate those three individuals as custodians.

Second, with regard to OANN's five proposed custodians, Smartmatic agrees to designate Edgar Fino Ballesteros, Ernesto Parisca, Helen Rosales, and Anibal Vera as custodians. With regard to Marco Huberts, Smartmatic believes that documents from other custodians previously agreed to by Smartmatic (Gunnink, Akil, Rakov, and Schippers), appropriately capture the information that OANN believes it would receive from Huberts. It is thus unnecessary to designate Huberts as a custodian.

Third, OANN requested that Smartmatic provide OANN with a list of custodians that Smartmatic has agreed to in the related litigation and those whom Smartmatic has not agreed to designate as custodians. Smartmatic represents that the with the inclusion of Ballesteros, Parisca, Rosales, and Vera, the list of custodians agreed to in this matter is representative of every custodian that Smartmatic has agreed to in the related litigation. Accordingly, OANN already has the first list it seeks. Smartmatic does not agree to provide a list of custodians that were proposed in the related litigation to which it did not agree. Smartmatic is under no obligation to provide this list.

Fourth, with regard to the 21 individuals whom Smartmatic identified and whom OANN refused to designate as custodians, OANN requested that Smartmatic explain why it believes these individuals have relevant information. OANN has again put Smartmatic in an impossible position with regard to custodians. As Smartmatic has stated previously, because of OANN's insufficient Rule 26(a) disclosures, deficient interrogatory responses, and failure to make substantive document productions, Smartmatic has no visibility as to which individuals have relevant information. Through its own research, Smartmatic has determined that all of the 21 individuals are likely to possess relevant information:

- Jared Buchwitz, Travis Burgher, Ravi Butler, Dante Colella, Rafael Galindo, Frank Lara-Risco, Brian Maresco, Jon Marrone, Trey Miller, Monica Rodriquez, Olivia Shippen, and Rayana Unutoa were all employed by OANN in 2020 and/or 2021, and were in roles such as news editor, TV director, and programming, which would put them in a position to possess relevant information. OANN bears the burden of providing Smartmatic with an explanation as to why these individuals are not relevant to this matter.
- Ivan Garcia Hidalgo Burgueno, Richard Pollock, and Gabriel Yaffe all either sent, participated in, or were referenced in emails about the 2020 election, as evidenced by documents produced in the Coomer litigation. This clearly demonstrates that these individuals possess information relevant in this matter.
- Gary Gaur, Angelina Hernandez, Alfred Molo, Taylor Scott, and Gabriel Yaffe were all involved in OANN's communications, partnership, and interviews of Michael Lindell, as evidenced by the documents produced to Smartmatic by Lindell in the related litigation. There is no doubt that these individuals possess information relevant to Smartmatic.
- And finally, Julie Kelly Dell was cited in Smartmatic's complaint in Paragraph 178, because she made a statement about Sidney Powell's allegations that the 2020 US election was rigged. OANN stated in its May 15 email that it designated individuals proposed by Smartmatic if they were cited in Smartmatic's complaint;

**Ex. 4**

accordingly, Julie Kelly Dell should be designated as a custodian as well.

Fifth, with regard to the individuals whom OANN asserts were not employed at OANN during the relevant time period, OANN stated that Gabe Soltero left OANN more than a year before the defamatory broadcasts. As evidenced by OAN_SMMT_00001264, OAN_SMMT_00001351, OAN_SMMT_00001429, OAN_SMMT_00001739, OAN_SMMT_00001843, and OAN_SMMT_00001929, Gabe Soltero edited defamatory broadcasts on November 20, 2020, December 5, 2020, December 21, 2020 and May 3, 2021. Please provide an explanation for this discrepancy and an exact date for his alleged termination. OANN also stated that Micole Aronowitz, Chris Pocock, Alan Valdez, and Nora Vargas were terminated before the publication of the defamatory broadcasts, but their LinkedIn accounts indicate that they are presently employed by OANN. Please explain this discrepancy and provide an exact date for each of their alleged terminations. Smartmatic reserves its rights with regard to Bobby Dupree, Bruce Littman, and Nohely Mendoza.

We look forward to your prompt response.

Best,

Olivia



Olivia  Sullivan
(she/her/hers)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6415 | m: 913.742.9568
OSullivan@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Ledebuhr, Brian W. <bledebuhr@vedderprice.com>
**Sent:** Monday, May 15, 2023 5:36 PM
**To:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Park, Jeanah <jpark@vedderprice.com>; Kimrey, Blaine C. <bkimrey@vedderprice.com>; Sawyer, Keeley A. <ksawyer@vedderprice.com>; Burleson, Nicole <nburleson@vedderprice.com>; Dunn, Joshua <jdunn@vedderprice.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Dillingham, Emily <EDillingham@beneschlaw.com>
**Subject:** RE: [EXT] Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network; Case No. 1:21-cv-02900-CJN [VED-VP.FID4869290]

Counsel,

Please see attached.

Regards,
Brian

VedderPrice

**Brian W. Ledebuhr**, Shareholder
T +1 312 609 7845
M +1 630 697 9831
222 North LaSalle Street, Suite 2300
Chicago, Illinois 60601

Assistant: Barb Chizewski +1 312 609 7767

---

**From:** Sullivan, Olivia <OSullivan@beneschlaw.com>
**Sent:** Monday, May 15, 2023 1:35 PM
**To:** Ledebuhr, Brian W. <bledebuhr@vedderprice.com>; Park, Jeanah <jpark@vedderprice.com>; Kimrey, Blaine C. <bkimrey@vedderprice.com>; Sawyer, Keeley A. <ksawyer@vedderprice.com>; Burleson, Nicole <nburleson@vedderprice.com>; Dunn, Joshua <jdunn@vedderprice.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Dillingham, Emily <EDillingham@beneschlaw.com>
**Subject:** RE: [EXT] Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network; Case No. 1:21-cv-02900-CJN [VED-VP.FID4869290]

Brian,

When can we expect a response on this from OANN this week?

Thanks,

Olivia



Olivia Sullivan
(she/her/hers)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6415 | m: 913.742.9568
OSullivan@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Ledebuhr, Brian W. <bledebuhr@vedderprice.com>
**Sent:** Friday, May 12, 2023 7:09 PM
**To:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Park, Jeanah <jpark@vedderprice.com>; Kimrey, Blaine C. <bkimrey@vedderprice.com>; Sawyer, Keeley A. <ksawyer@vedderprice.com>; Burleson, Nicole <nburleson@vedderprice.com>; Dunn, Joshua <jdunn@vedderprice.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Dillingham, Emily <EDillingham@beneschlaw.com>
**Subject:** RE: [EXT] Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network; Case No. 1:21-cv-02900-CJN [VED-VP.FID4869290]

Olivia,

We are in receipt of your email below, and we'll respond next week.

Regards,
Brian

**Vedder**Price
**Brian W. Ledebuhr**, Shareholder
T +1 312 609 7845
M +1 630 697 9831

222 North LaSalle Street, Suite 2300
Chicago, Illinois 60601
Assistant: Barb Chizewski +1 312 609 7767

---

**From:** Sullivan, Olivia <OSullivan@beneschlaw.com>
**Sent:** Friday, May 5, 2023 5:07 PM
**To:** Ledebuhr, Brian W. <bledebuhr@vedderprice.com>; Park, Jeanah <jpark@vedderprice.com>; Kimrey, Blaine C. <bkimrey@vedderprice.com>; Sawyer, Keeley A. <ksawyer@vedderprice.com>; Burleson, Nicole <nburleson@vedderprice.com>; Dunn, Joshua <jdunn@vedderprice.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Dillingham, Emily <EDillingham@beneschlaw.com>
**Subject:** [EXT] Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network; Case No. 1:21-cv-02900-CJN

Counsel,

Please see the attached.

Best,

Olivia





Olivia Sullivan
(she/her/hers)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6415 | m: 913.742.9568
OSullivan@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, Vedder Price Pte. Ltd., which operates in Singapore, and Vedder Price (FL) LLP, which operates in Florida.

CONFIDENTIALITY NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 609-5038 and also indicate the sender's name. Thank you.



Olivia E. Sullivan
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.624.6415
Fax: 312.767.9192
osullivan@beneschlaw.com

May 5, 2023

**VIA EMAIL**

Brian Ledebuhr
Vedder Price
222 North LaSalle, Suite 2300
Chicago, IL 60601

Re:  *Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network*, Case No. 1:21-cv-02900-CJN (D.D.C.)

Dear Counsel:

Smartmatic writes to propose additional Herring Networks, Inc. d/b/a One America News Network ("OANN") ESI custodians. To date, OANN has failed to sufficiently identify relevant witnesses and custodians, or produce documents from which relevant witnesses could be identified. (*See* Smartmatic's letters dated January 3, February 3, February 20, February 27, March 23, March 28, March 31, April 24, and April 27). OANN's failure to identify relevant witnesses that could be designated as custodians is unacceptable given that OANN could have easily identified them months ago and has inexplicably refused to do so, in violation of its discovery obligations. OANN also provided deficient supplemental answers to Smartmatic's Interrogatory Nos. 1, 2, 3, and 5, forcing Smartmatic to attempt to identify relevant witnesses and custodians.

Smartmatic stated in its April 27 letter that it would propose additional ESI custodians to OANN during the first week of May. Despite OANN's obstructionist behavior which made this process unnecessarily burdensome, Smartmatic proposes the individuals listed below as additional ESI custodians for OANN. Smartmatic reserves its right to propose additional custodians at a future date.

### Proposed OANN ESI Custodians

- Shane Althouse
- Micole Aronowitz
- Salina Arredondo
- Christopher Boyle
- Jared Buchwitz

- Travis Burgher
- Ravi Butler
- Amber Coakley
- Dana Cohen
- Dante Colella

**Ex. 5**

Brian Ledebuhr
May 5, 2023
Page 2

- Hang Danh
- Jacob Demille
- Peyton Drew
- Joseph Dupnik
- Bobby Dupree
- Lilia Fifiled
- Christian Flores
- Jennifer Franco
- Brandon Gadow
- Rafael Galindo
- Ivan Garcia-Hidalgo
- Gary Gaur
- Chloe Hauxwell
- Angelina Hernandez
- Jasmin Hovey
- Hans Hubbard
- Kenneth Imperial
- Julie Kelly
- Emily Lambert
- Frank Lara-Risco
- Talialain (Tali) Letoi
- Bruce Littman
- Brian Maresco
- Jon Marrone

- Vincent Matranga
- Nohely Mendoza
- Caroline Midkiff
- Trey Miller
- Alfred Molo
- Elma Mujic
- Stephanie Myers
- Lindsay Oakley
- Jenn Pellegrino
- Chris Pocock
- Richard Pollack
- Jack Posobiec
- Monica Rodriguez
- Chanel Rion
- Kristian Rouz
- Christian (Chris) Schickedanz
- Morgan Schmidt
- Taylor Scott
- Olivia Shippen
- Caitlin Sincalir
- Gabe Soltero
- Alicia Summers
- Avery Swigart
- Jay Thompson

Brian Ledebuhr
May 5, 2023
Page 3

- Rayana Unutoa
- Sani Unutoa
- Alan Valdez
- Nora Vargas
- Kayleigh Venne

- Ethan Viveiros
- Greta Wall
- Gabriel Yaffe

    Smartmatic requests OANN respond as to whether it agrees to the proposed list of custodians by May 12, 2023.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

/s/ Olivia E. Sullivan

Olivia E. Sullivan

# EXHIBIT A-4



Amakie Amattey
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.506.3444
Fax: 312.767.9192
aamattey@beneschlaw.com

September 11, 2023

**VIA EMAIL**
John K. Edwards
Jackson Walker
1401 McKinney, Suite 1900
Houston, Texas 77010

Re:   *Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America News Network*, Case No. 1:21-cv-02900-CJN (D.D.C.)

Dear John:

Over the past month, Smartmatic has consistently expressed concern without any real or demonstrated basis regarding OANN's rolling productions, which demonstrated a serious failure to produce many categories of documents, including documents regarding its ratings, reach, and finances; internal communications reflecting the development of graphics, booking guests, and planning shows; and several other categories. In response, OANN has repeatedly stated that its collection is fulsome, that it does not have any additional responsive documents to produce, and that its production on August 28 would solve any issues that Smartmatic has which we affirm here. Also, it should be kept in mind that our searches for documents were based on the OAN custodians and search queries you agreed to.

After receiving OANN's August 28 production and reviewing its content, Smartmatic disagrees. Given our many previous requests for OANN to supplement its production, we believe we have fully met and conferred on the deficiencies in OANN's production and will need to move to compel in order to resolve the issues which OAN has either resolved or your claims of deficiency are not sustainable. We write below to identify again and with particularity for the first time many of the areas in which OANN's production is deficient. Smartmatic's review is ongoing and we expect to identify additional categories of deficiency, which we will identify for you as we find them. This suggests that you are looking for problems which violates both the letter and the spirit of the Local and Federal Rules.

If OANN has any proposals to resolve the issues below, please let us know by Wednesday, September 13. Otherwise, we will proceed to the Court.

## I.   DEFICIENCIES IN OANN PRODUCTION

Below are particular examples of categorical deficiencies in OANN's productions that we have identified to date. As Smartmatic continues to conduct a review of OANN's production, we will

identify further deficiencies in future correspondence.

***RFP No. 7: Employment Contracts***. In its April 3, letter, OANN confirmed that it would produce documents sufficient to show any and all employment agreements and/or contracts in effect for, and compensation paid to, twelve OANN ON-AIR PERSONALITIES that were in effect from January 1, 2020 to November 3, 2021. To date, OANN has produced three employment contracts: two for Dan Ball and one for Christina Bobb. No, we have produced five, including for John Hines and Patrick Hussion. Smartmatic did not locate contracts for the following: Elma Aksalic (there are none), Mike Dinow (there are none), Emily Finn (there are none), Stephanie Hamill (there are none), John Hines (*see* OAN_SMMT_00971759), Patrick Hussion (*see* OAN_SMMT_00971761), Samantha Lomibao (there are none), Kara Mckinney (there are none), Alex Salvi (there are none), and Pearson Sharp (there are none).

***RFP No. 8: Job Performance Evaluations***. OANN's production did not provide documents containing employee performance evaluations. However, OANN produced employee handbooks that indicate performance reviews are an expectation for OANN employees. Based on this information Smartmatic believes that employee evaluations for ***at least*** Elma Aksalic (there are none), Mike Dinow (there are none), Emily Finn (there are none), Stephanie Hamill (there are none), John Hines (there are none), Patrick Hussion (there are none), Samantha Lomibao (there are none), Kara McKinney (there are none), Alex Salvi (there are none), and Pearson Sharp (there are none) are in OANN's possession. OAN did not regularly conduct formal performance evaluations. OAN will produce any additional responsive, nonprivileged documents by September 25.

***RFP No. 26: Documents Concerning Hiring Or Firing OANN Employees***. OANN's production did not provide documents concerning the hiring, firing, retention, resignation, or promotion of OANN employees (*see, e.g.*, OAN_SMMT_000971770). Our research indicates that the employment of several OANN employees was terminated around April 2021. OAN will produce any additional responsive, nonprivileged documents (which we do not expect to find after an additional search) by September 25.

***RFP NOS. 5, 27, 29, 33, 47: OANN Accused Programs: Oversight, Structure, And Decision-Making Authority***. RFP number 5 requests videos of each full OANN PROGRAM which made any mention of Smartmatic. We have produced full videos of the complained of broadcasts with the exception of the News Room, for which there are no full videos. To the extent an additional search uncovers additional broadcasts that mentioned Smartmatic in 2020 and 2021, we will provide existing full videos of them by September 25. RFP numbers 27, 29, 33, and 47 request documents from OANN sufficient to demonstrate, with respect to OANN ACCUSED PROGRAMS: (a) decisions to include or exclude guests; (b) oversight and structure; (c) individuals responsible for creating, researching, editing, or approving content; and (d) the programming descriptions. Based on these requests, OANN should have produced documents including but not limited to documents sufficient to ascertain the hosts, guests, producers, editors, bookers, outlines, scripts, and graphics for each of the OANN ACCUSED PROGRAMS. OANN also should have produced documents containing conversations or notes regarding how content and guests were decided and approved. OANN's production was deficient in many of these areas for many of the OANN ACCUSED PROGRAMS, including those identified below: OAN has produced guidelines for writers and producers, including documents related to how ideas and

graphics are developed. *See, e.g.* OAN_SMMT_00971843; OAN_SMMT_00972147; OAN_SMMT_00971939; OAN_SMMT_00972126; OAN_SMMT_00971950; OAN_SMMT_00972102; OAN_SMMT_00972106; OAN_SMMT_00972146; OAN_SMMT_00972171. To be clear, OAN is not withholding any responsive, non-privileged documents relating to any of the below broadcasts.

*News Room, 5AM*, Reporter Elma Aksalic, November 16, 2020

OANN's production did not include producer information (there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00855409), graphics (*see* OAN_SMMT_00855292), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians) regarding this program. The production did not provide information that demonstrated how ideas or graphics for this program were developed (none, based on search terms and custodians).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

*Tipping Point with Kara McKinney*, November 16, 2020, Guest Michael Johns

OANN's production did not provide information that demonstrated how ideas or graphics for this program were developed, or how guests were chosen and approved (*see* OAN_SMMT_00973071). The information in the production identifies Jennesh Agagas (there are no responsive documents in Ms. Agagas's mailbox) and Alec Parent (he is not a designated custodian; however, *see* OAN_SMMT_00877153, OAN_SMMT_00877139) as individuals involved with the booking and production of this program, and whose collections should have included this information. Again, Alec Parent is not a custodian.

*News Room*, 11PM, Reporter Mike Dinow, November 16, 2020

OANN's production did not provide producer information (there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00855244), graphics (*see* OAN_SMMT_00855597), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes regarding this program (none, based on search terms and custodians), nor did it include documents to demonstrate how ideas or graphics for this program were developed (*see* OAN_SMMT_00750480).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

*Tipping Point with Kara McKinney*, November 17, 2020, Guest Tom Fitton

OANN's production did not provide information that demonstrated how ideas, or graphics for this program were developed (*see* OAN_SMMT_00881117), or how guests were chosen and approved (*see* OAN_SMMT_00881111). The information in the production identifies Jennesh Agagas (*see* OAN_SMMT_00881111) and Alec Parent (he is not a designated custodian; however, *see* OAN_SMMT_00877348) as individuals involved with the booking and production of this program, and whose collections should have included

this information. Again, Alec Parent is not a custodian.

_Breaking News Live_, Reporter Patrick Hussion, November 19, 2020

OANN's production did not provide producer information (no record of producer information for this news show), scripts (OAN_SMMT_00855414; OAN_SMMT_00855504), graphics (OAN_SMMT_00855414; OAN_SMMT_00855504), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (OAN_SMMT_00970717).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

_Real America with Dan Ball_, November 19, 2020, Guest Evi Kokalari-Angelakis

OANN's production did not contain producer information (Justin Brown and Peyton Drew were both producers of Real America during this time. S*ee, e.g.*, OAN_SMMT_00778521, OAN_SMMT_00907412), scripts (*see* OAN_SMMT_00855186), graphics (*see* OAN_SMMT_00855265), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed, or how guests were booked or approved to be interviewed (*see* OAN_SMMT_00806353).

_News Room_, 12AM, Reporter Unknown, November 20, 2020

OANN's production did not provide host or producer information (there is no record of host or producer information for this news show), scripts (*see* OAN_SMMT_00855414; OAN_SMMT_00855504), graphics (*see* OAN_SMMT_00855268; OAN_SMMT_00855504; OAN_SMMT_00855414), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (*see* OAN_SMMT_00878431; OAN_SMMT_00805856).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

_News Room_, 6AM, Reporter Unconfirmed, November 20, 2020, Guest Keith Trippie

OANN's production did not provide host producer information (Stephanie Myers was host, *see, e.g.*, OAN_SMMT_00806148; there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00855480; OAN_SMMT_00855436), graphics (*see* OAN_SMMT_00855480; OAN_SMMT_00855436), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed, or how guests were

approved (*see* OAN_SMMT_00806148; OAN_SMMT_00805327; OAN_SMMT_00970723). The production demonstrates that Stephanie Myers was involved with booking, and her collection should have included much of this information.

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

*News Room, 3PM*, Reporter John Hines, November 20, 2020, Guest Allan Santos

OANN's production did not provide producer information (there is no record of producer information for this news show), scripts (none, based on search terms and custodians), graphics (none exist), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (*see* OAN_SMMT_00970723).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

*In Focus with Stephanie Hamill*, November 20, 2020, Guest Joe diGenova

OANN's production did not provide information that demonstrated how ideas or graphics for this program were developed, or how guests were chosen or approved (*see* OAN_SMMT_008805490, OAN_SMMT_00879825, OAN_SMMT_00932634, OAN_SMMT_00879603, OAN_SMMT_00879749, OAN_SMMT_00932630, OAN_SMMT_00879941). The information in the production identifies Avery Swigart (OAN_SMMT_00805490), Caroline Midkiff (OAN_SMMT_00805490), and Jon Marrone (he is not a designated custodian, *but see* OAN_SMMT_00805490) as involved with the booking and production, and their collections should have included much of this information.

*Tipping Point with Kara McKinney*, November 20, 2020, Guest Michael Johns

OANN's production did not provide information that demonstrated how ideas or graphics for this program were developed (none, based on search terms and custodians), or how guests were chosen, approved, or booked (*see* OAN_SMMT_00805753). The information in the production identifies Jennesh Agagas as involved with the production, and his (her) collection should have included much of this information (there are no responsive documents in Ms. Agagas's mailbox).

*News Room, 6PM*, Reporter Samantha Lomibao, November 22, 2020

OANN's production did not provide producer information (there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00855192), graphics (*see* OAN_SMMT_00855192), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (none, based on search terms and custodians).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

***Tipping Point with Kara McKinney***, November 22, 2020 (this date is incorrect; perhaps you mean November 18), Guest Michael Johns (this is incorrect; the guest on November 18 was Kyle Becker)

OANN's production did not provide information that demonstrated how ideas or graphics for this program were developed (*see* OAN_SMMT_00804500). The information in the production identifies Jennesh Agagas as involved with the production and booking, and his (her) collection should have included much of this information (*see* OAN_SMMT_00804615; OAN_SMMT_00804500; OAN_SMMT_00809842, OAN_SMMT_00809753, OAN_SMMT_00809745; OAN_SMMT_00880416, OAN_SMMT_00810411, OAN_SMMT_00810360, OAN_SMMT_00810288).

***Tipping Point with Kara McKinney***, November 23, 2020, Guest Michael Johns (Mr. Johns was not on a show on November 23, Michael Waller was)

OANN's production did not provide host (Kara McKinney is the host of *Tipping Point with Kara McKinney*, *see* OAN_SMMT_00807418) or producer information (*see, e.g.*, OAN_SMMT_00876095, OAN_SMMT_00950638), scripts (*see* OAN_SMMT_00855429), graphics (none, based on search terms and custodians), pre-broadcast conversations (*see* OAN_SMMT_00807418), or meeting notes (none, based on search terms and custodians). OANN's production also did not provide information that demonstrated how ideas, or graphics for this program were developed, or how guests were chosen, approved, or booked (*see* OAN_SMMT_00807418, OAN_SMMT_00808163).

***News Room, 11PM***, Reporter Pearson Sharp, November 24, 2020

OANN's production did not provide producer information, graphics, or meeting notes for this production. Although this is not a complained of broadcast, ENPS documents related to this broadcast are being produced by September 25.

***Tipping Point with Kara McKinney***, November 28, 2020, Guest Michael Johns

OANN's production did not provide scripts (*see* OAN_SMMT_00855378), graphics (none, based on search terms and custodians), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The productions also did not provide information that demonstrated how ideas, or graphics for this program were developed, or how guests were chosen, approved, or booked.

***Tipping Point with Kara McKinney, December 1, 2020***

OANN's production did not provide scripts (*see* OAN_SMMT_00855484; OAN_SMMT_00855354; OAN_SMMT_00855356; OAN_SMMT_00855203), graphics (*see* OAN_SMMT_00855484; OAN_SMMT_00855354; OAN_SMMT_00855356; OAN_SMMT_00855203), pre-broadcast conversations (*see* OAN_SMMT_00880416), or

meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed.

*Breaking News Live*, Reporter Patrick Hussion Clark (this is incorrect; John Hines hosted the December 1 *Breaking News Live*), December 1, 2020

OANN's production did not provide producer information (there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00809936), graphics (there are none), pre-broadcast conversations (*see* OAN_SMMT_00809635; OAN_SMMT_00809526), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (none, based on search terms and custodians).

*In Focus with Stephanie Hamill*, Reporter Stephanie Hamill, December 3, 2020

OANN's production did not provide producer information (*see, e.g.*, OAN_SMMT_00934481, OAN_SMMT_00935146), scripts (*see* OAN_SMMT_00855680; OAN_SMMT_00855389), graphics (OAN_SMMT_00855680), pre-broadcast conversations (*see* OAN_SMMT_00934481, OAN_SMMT_00880416), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (*see* OAN_SMMT_00880416).

*News Room, 9PM (this was a 9 AM broadcast)*, Reporter Emily Finn, December 5, 2020

OANN's production did not provide producer information (there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00855214; OAN_SMMT_00855551), graphics (*see* OAN_SMMT_00855214; OAN_SMMT_00855213), pre-broadcast conversations (there are none), or meeting notes (there are none). The production did not provide information that demonstrated how ideas or graphics for this program were developed (*see* OAN_SMMT_00970757).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

*Tipping Point with Kara McKinney*, December 7, 2020, Guest Michael Johns

OANN's production did not provide graphics or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how graphics for this program were developed (*see* OAN_SMMT_00940936). The information in the production identifies Kara McKinney (OAN_SMMT_00815508; OAN_SMMT_00973085) and Chris Boyle (OAN_SMMT_00814835) as involved with booking and production of this program, and their collections should have included much of this information.

*News Room, 3PM*, Reporter Clay Clark (this is incorrect; Clay Clark was a guest and is not an OAN reporter), December 21, 2020

OANN's production did not provide producer information (there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00855593), graphics (there are none), pre-broadcast conversations (*see* OAN_SMMT_00819314; OAN_SMMT_00001843), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (none, based on search terms and custodians).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

<u>*Weekly Briefing with Christina Bobb*, December 21, 2020 (incorrect, the date was December 26, 2020)</u>

OANN's production did not provide producer information (Jasmine Rounaghi was a production assistant, *see* OAN_SMMT_00940936), scripts (none, based on search terms and custodians), graphics (*see* OAN_SMMT_00940936), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (none, based on search terms and custodians).

**RFP No. 30: OANN Corporate Governance Structure**. OANN's production did not contain documents that demonstrated OANN's corporate governance structure (*see e.g.,* OAN_SMMT_00972172; OAN_SMMT_00971843). Smartmatic believes documents that demonstrate OANN's corporate governance structure are in OANN's possession.

**RFP No. 33: Documents to Show Individuals Involved with OANN ACCUSED PROGRAMS**. OANN's production contained some documents that demonstrated individuals involved with OANN ACCUSED PROGRAMS, but there are significant gaps. Smartmatic believes OANN is in possession of documents that identify: (1) all producers and bookers for *News Room* with reporters Elma Aksalic, Mike Dinow, Stephanie Myers, John Hines, Samantha Lomibao, Pearson Sharp, Emily Finn, and Clay Clark (this assumption is incorrect; no documentation exists demonstrating which producers worked on the complained-of News Room broadcasts; moreover, Clay Clark is not an OAN employee); (2) all producers for *Weekly Briefing* with Christina Bobb (Jasmine Rounaghi was a production assistant, *see* OAN_SMMT_00940936); and (3) all producers for *Breaking News Live* with Patrick Hussion (Patrick Hussion did not have an assigned producer, and no documentation exists to demonstrate who produced the complained-of broadcasts of *Breaking News Live*). Smartmatic also believes OANN is in possession of information that identifies video and graphics editors for each of the OANN ACCUSED PROGRAMS. As identified above, OAN has produced numerous documents demonstrating video editors who contributed to the Accused Programs. Also, OAN identified additional individuals involved in the Accused Programs in its supplemental answers to Smartmatic's interrogatory nos. 1, 2, 3, and 5 on September 14, 2023.

**RFP NO. 35: Documents to Show Every Meeting Mentioning Smartmatic or Dominion**. OANN's production does not include all notes for meetings in which Smartmatic or Dominion was mentioned. Meeting notes for *News Room* were produced once, (OAN_SMMT_00877861), and general meeting notes were produced once (OAN_SMMT_00952264). Smartmatic believes

that there were more frequent meetings at which Smartmatic and Dominion were mentioned at which notes were taken and distributed. Smartmatic's assumption is incorrect. The OAN News Room did not hold "frequent meetings" discussing Smartmatic or Dominion, and OAN is not withholding any responsive meeting notes. Yet, we have identified only two sets of notes.

***RFP No. 45: Documents to Show Viewership and Ratings Data***. OANN's production contains Comscore TV Essentials data. However, the production does not contain Neilsen data (OAN does not and has never subscribed to Nielsen and therefore does not have that data) or data that provides social media (OAN does not possess data on social media engagement from that time beyond the views, likes, retweets and other engagement mechanisms that are publicly available) or other platform ratings or viewership data. We will go back and look for platform or viewership data, although Comscore in our possession has been produced. Smartmatic believes OANN is in possession of documents that contain viewership and ratings data for on-air, social media, and other platforms.

***RFP No. 46: Documents Showing The Number of Persons Who Downloaded an OAN Application, Bought Subscriptions, or Clicked on OAN Publications***. OANN's production does not include documents that demonstrate the number of people that downloaded OANN apps, bought OANN subscriptions, or clicked on OANN applications**.** OAN will produce any additional responsive, nonprivileged documents by September 25.

***Text Messages And Personal Emails***. OANN produced text messages from 9 custodians. Smartmatic believes that text messages from additional OANN custodians should be produced to fully capture all documents requested in its first set of RFPs. Search terms were run against 4 additional custodians' text messages, but did not result in any responsive documents. As we explained to you in an August 13 email, several OAN employees have not permitted collection of their personal cell phones on the basis of their privacy rights. Several times, you have promised a response but none has been forthcoming Additionally, Smartmatic has identified personal emails that have been used in OANN's production: pearson.sharp@pm.me (there were no email communications to or from this address in OAN's production), rionchanel@gmail.com (243 responsive, non-privileged emails from this account have been produced), stephaniehamill@gmail.com (Ms. Hamill is a former employee whose personal email is not in OAN's possession, custody, or control), and christinabobb@hotmail.com (Ms. Bobb is a former employee whose personal email is not in OAN's possession, custody, or control). Search terms should be run across these emails to further identify documents responsive to RFPs.

By **Wednesday, September 13**, please confirm whether OANN is willing to remedy these deficiencies. If it is, we ask OANN to remedy those deficiencies by **Monday, September 18.** If OANN believes any documents mentioned have been produced, please identify the documents by Bates number in OANN's September 13 correspondence.

## II.      RFPS NOS. 58 AND 59: DOCUMENTS PRODUCED IN RELATED LITIGATION

In its response to Smartmatic's RFPs 58 and 59, OANN indicated that it was not willing to produce any documents produced in the Dominion lawsuit, stating that the request was not tailored to any claim or defense in this litigation. Correction: OAN's position is that it will not produce documents in this litigation *merely because* they are produced in *Dominion*. On the contrary,

9

several statements that OANN ON-AIR PERSONALITIES on OANN ACCUSED PROGRAMS made indicate that Smartmatic and Dominion were used interchangeably, Smartmatic was referred to as a subsidiary of Dominion, and Smartmatic was alleged to be a software company that Dominion used in its voting machines. Therefore, issues flagged by Dominion and documents produced to Dominion are relevant to Smartmatic's case even if Smartmatic is not explicitly mentioned. As we explained in our September 3, 2023 letter, Smartmatic and Dominion complain of different statements. The fact of a document's production in *Dominion*, alone, does not make it responsive to Smartmatic's requests for production also keeping in mind that Smartmatic has agreed to lists of custodians and search queries. Additionally, documents produced in the *Freeman* case, the *AT&T* case, and any other related litigation are relevant to Smartmatic's case as they center around the same or similar OANN statements and conduct that form the basis for Smartmatic's case (Smartmatic has not credibly explained how *AT&T* or *Freeman* "center around" the claims and statements at issue in this suit. Smartmatic has failed to offer an explanation for why all *Coomer* documents are relevant), and the reproduction of those documents is not burdensome to OANN. OANN has not provided any cognizable explanation as to why the documents produced in related litigation are beyond the scope of relevance in Smartmatic's litigation. OAN stands on its objections.

The parties have met and conferred on this issue at length and are at an impasse. We plan to move the Court to compel responsive documents be produced.

OAN Note: If we identify additional documents during discovery, we will supplement our production as required by the rules. Again, we've employed the search terms you gave us and we searched the custodians you agreed to.

Very truly yours,

BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP

*/s/ Amakie Amattey*

Amakie Amattey

AA:

# EXHIBIT A-5

**Butzer, Carl**

| | |
|---|---|
| **From:** | Butzer, Carl |
| **Sent:** | Sunday, August 13, 2023 5:33 PM |
| **To:** | Kovacs, Caitlin |
| **Cc:** | Sullivan, Olivia; Myers, David; Babcock, Chip; Edwards, John; Neerman, Jonathan; Blaesche, Minoo; Pickett Shah, Bethany; Flynn-DuPart, Mary Lou; Bryant, Jennifer; Brown, Lindsey Marsh; Trent McCotter; Glover, Joel |
| **Subject:** | Cell Phones |

Caitlin

I wanted to flag this issue sooner rather than later. While we do intend to produce relevant text messages from the current employee custodians if they used their personal cell phones for business-related purposes, our research shows that individuals' personal devices are afforded a heightened expectation of privacy. *See Riley v. California*, 573 U.S. 373, 373 (2014). This is further complicated by the fact that many of the OAN custodians are California residents. Cal. Lab. Code § 980(a) prohibits an employer from accessing its employees' personal social media, including text messages. Some OAN employees have not permitted collection of their personal cell phones on the basis of their privacy rights. Obviously, if you have research that informs this issue, we are happy to consider it. That being said, we have collected personal devices from some custodians, as permitted by them, and have been searching them for responsive data.

**Thanks,**
**Carl**

**Carl C. Butzer** | Jackson Walker LLP
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
V: (214) 953-5902 | F: (214) 661-6609 | cbutzer@jw.com



# EXHIBIT A-6



Caitlin Alejandrina Kovacs
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.624.6392
Fax: 312.767.9192
ckovacs@beneschlaw.com

August 28, 2023

John Edwards
Jackson Walker LLP
1401 McKinney Suite 1900
Houston, TX 77010

      Re:    Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News
                Network; Case No. 1:21-cv-02900-CJN

Dear Counsel:

We write to summarize Smartmatic USA Corp.'s ("Smartmatic") and Herring Networks, Inc.'s ("OANN") positions taken on August 23, 2023, when the parties met and conferred about designating custodians, collecting responsive records from custodians' cell phones, search terms, document production, and other unresolved discovery disputes. The letter below summarizes our discussions and the outcome and also responds to the portions of OANN's August 24 letter that inaccurately recount the parties' discussions.

### Collection of Relevant Data from OANN Custodians' Cell Phones

In OANN's August 13, 2023 email, OANN notified Smartmatic that unspecified custodian-employees who reside in California are refusing to allow OANN to collect responsive data from their personal cell phones based on purportedly heightened privacy protections under California law. Those custodian-employees also use their cell phones for work-related purposes. During the parties' August 23 meet and confer, OANN asserted that it was not accepting the custodians' refusals without repeatedly attempting to gain their cooperation. OANN confirmed that all but one of the at-issue custodians reside in California; the other is a New York resident. Smartmatic informed OANN that it will respond in writing to OANN's email request for research on the topic. The parties agreed to share lists of the custodians from whom they have collected cell phones and extracted any responsive records after the August 28 substantial completion deadline.

### OANN's Production of Documents to Date

In light of OANN's production to date, Smartmatic shared its concern that either OANN would produce a document dump on the August 28 substantial completion deadline or OANN's production would be severely deficient. Smartmatic explained that it had received *none* of the internal exchanges that it would expect from a broadcast news organization. Smartmatic has not yet identified any documents reflecting the creation of graphics; no documentation of booking guests or gathering sources; and no documents that reflect any planning for shows. Smartmatic expressed disbelief that such communications do not exist given that Smartmatic has seen

J. Edwards
August 28, 2023
Page 2

documents that OANN should have produced here in the productions from parties to related litigation. As a result of OANN's deficient production, Smartmatic advised OANN that a motion to compel was likely forthcoming unless its August 28 production entirely cured the deficiencies.

### OANN's Production of Documents from Related Litigation

Smartmatic requested an update on discovery in the related litigation between OANN and Dominion. OANN stated that it had not made any productions yet and that negotiations over search terms were ongoing. OANN would not commit to sharing its document productions in the related litigation even though Smartmatic, in the spirit of encouraging cooperation and mutual discovery obligations between the parties, had granted OANN's request to produce the same regarding Smartmatic's litigation against Fox News. Smartmatic asked OANN what basis supported withholding the productions. OANN replied that it was unsure of whether Smartmatic's request was "a proper use of discovery" and questioned the documents' relevance. Smartmatic noted that, as compared to Smartmatic's productions in related litigation, which concern defamatory statements by *other networks*, OANN's productions to Dominion have clear relevance to this lawsuit considering that OANN falsely portrayed Smartmatic and Dominion as the same entity in its defamatory broadcasts. It is challenging to imagine a document that is relevant to Dominion's case and not relevant to Smartmatic's. Smartmatic advised OANN that it will not reproduce the documents that Smartmatic produces in related litigation if OANN would not commit to a mutual obligation. OANN requested two weeks after the August 28 substantial completion deadline to clarify its position in writing. Smartmatic said that it would likely need a response sooner and would circle back.

By way of this letter, Smartmatic requests that OANN provide final responses to Smartmatic's RFP Nos. 58, 59, 62, 63, 64, and 65 by this **Wednesday, August 30** (the current deadline for OANN's responses to Smartmatic's Second Set of RFPs).

### The Paries' Impasse Over Custodians and Search Terms

***OANN's Request to Designate Additional Custodians.*** OANN confirmed that its addition of "Arnold Atienza" to the agreed custodians list was inadvertent. OANN has requested to add Salvador Javier Suarez and Joel Gustavo Rodriguez Garcia as custodians based on their alleged involvement in the 2022 Kenyan election. Smartmatic reiterated its longstanding position that the Kenyan election is not relevant to this litigation. OANN also explained its belief that Freddy Gomez and Brian Courtney might have unique documents that OANN would not receive from Smartmatic's other custodians. Smartmatic again expressed its disagreement. As it had previously explained, Mr. Courtney's potential data is covered by collections from Samira Saba and Ernesto Parisca, and Mr. Gomez's potential data is covered by Eduardo Correia, Denver Morales, and James Long. The parties did not discuss OANN's requests to designate Neil Baniqued, Jose Gregario Camargo Castellanos, Marlon Garcia, Marco Huberts, and Heider Garcia Rivas as custodians.

Smartmatic confirmed the impasse with respect to these individuals and further noted that Smartmatic has already given OANN more custodians than any other defendant in Smartmatic's ongoing defamation lawsuits.

J. Edwards
August 28, 2023
Page 3

***OANN's Search Terms.*** OANN has repeatedly asked whether Smartmatic wishes to make additional counterproposals to several of OANN's proposed search terms. At the August 23 meet and confer, Smartmatic confirmed that it will not be making additional counterproposals. Smartmatic has previously offered numerous counterproposals, which Smartmatic believes are sufficiently broad to capture all relevant documents, and OANN rejected those counterproposals. Smartmatic invited OANN to submit additional proposed search terms for Smartmatic's consideration. Thus, the parties have been at an impasse since April 2023.

***Applicability of Judge Nichols's Standing Order.*** OANN shared its intention to submit another joint submission to Judge Nichols's courtroom, consistent with his standing order, outlining the parties' disputes over OANN's requests to designate additional custodians and impasse over certain search terms. Because Judge Nichols assigned this case remains assigned to Magistrate Judge Upadhyaya for discovery, Smartmatic disagreed that any discovery disputes should be submitted to Judge Nichols as opposed to Judge Upadhyaya. OANN responded with its view that Judge Nichols must refer each discrete issue to the magistrate judge after first being presented with the disputes.

Smartmatic requested that OANN send its proposed submission to Smartmatic in advance so that Smartmatic may raise any objections and include other issues. OANN agreed. OANN further documented this agreement in its letter summarizing the meet and confer from OANN's perspective. That letter stated: "As for other discovery issues where the parties have reached an impasse as outlined above, we will coordinate the filing of a ***joint*** notice of dispute." (August 24, 2023 Letter from J. Edwards, p. 3) (emphasis added).

Despite that agreement, OANN reached out Judge Nichols's chambers the next day (Friday, August 25) requesting a teleconference regarding "(1) proposed custodians and search queries for Plaintiffs' document collection and production; and (2) Plaintiffs' response to Defendant's Interrogatory No. 4." OANN did *not* alert Smartmatic to the email nor provide Smartmatic any opportunity to review or add to it in advance. Smartmatic is disappointed with OANN's conduct in this regard and hopes that it will abide by its promises in the future.

### OANN's Interrogatory No. 4

OANN has requested that Smartmatic amend its response to OANN's fourth interrogatory so that it includes bates numbers of the responsive documents. Smartmatic pointed OANN to the parties' previous correspondence confirming that interrogatory responses that refer to documents will consist of a description of categories of documents, once those documents have been produced.

Consistent with the parties' prior agreement, Smartmatic will update its response to OANN's Interrogatory No. 4 after both parties complete their productions. Smartmatic cannot refer to documents it has yet to produce. Smartmatic further explained that updating its response is not possible sooner because Interrogatory No. 4 directly pertains to Smartmatic's theory of damages. Until Smartmatic has had the opportunity to assess the reach and full impact of OANN's defamatory statements using OANN's complete production (which it does not have), Smartmatic remains unable to provide a more complete response to Interrogatory No. 4.

## Deposition Parameters

OANN sought to discuss limitations on the number of depositions. Because of OANN's deficient production to date, Smartmatic stated that such discussions are premature. Smartmatic also noted that the parties should wait at least until such time that the Court rules on the parties' May 5, 2023 Joint Submission before negotiating deposition parameters. OANN expressed agreement that the parties should be commence depositions before the issues in the May 5, 2023 Joint Submission are decided.

Smartmatic was surprised to learn of OANN's disagreement on this topic in OANN's August 24 letter. Nonetheless, Smartmatic will of course reengage OANN regarding deposition limits and scheduling once OANN's production is complete.

## Third-Party Subpoenas

OANN took issue with Smartmatic's subpoenas to Robert Herring, Sr. and Charles Herring. Smartmatic replied that the Herrings are proper subpoena targets because, given their respective roles, we believe that they may personally possess relevant information that is not necessarily in OANN's custody or control. The subpoenas were therefore necessary to protect Smartmatic's ability to pursue relevant discovery.

OANN shared an additional response to the Herring subpoenas on Friday, August 25. Smartmatic will respond to that letter separately.

## OANN's Plan to Pursue International Discovery

OANN stated its intention to file a motion to serve international discovery on the regulatory bodies for elections in the Philippines, Venezuela, Oman, Denmark, Belgium, Bulgaria, Kenya, and Brazil. OANN stated that it generally seeks documents from those countries' election regulatory bodies relating to Smartmatic's contracts. Smartmatic replied that it would need to review the specific requests before taking a position as to their appropriateness.

OANN attempted to reengage Smartmatic in a debate regarding the relevance of government investigations to Smartmatic's complaint. Smartmatic directed OANN to the numerous letters already exchanged assiduously setting forth Smartmatic's position on this topic. Smartmatic directed the conversation to other outstanding discovery disputes, as it was clear that the parties' respective positions had remained unchanged and that further discussion of the issue would not prove productive.

## Exchange of Privilege Logs

Smartmatic informed OANN that it has been maintaining its privilege log on a rolling basis and that Smartmatic was prepared to exchange it with OANN as soon as OANN is prepared to do the same. OANN said that it would "circle back" with Smartmatic regarding the status of its privilege log, indicating that it would require additional time beyond the August 28 substantial completion deadline to prepare it.

J. Edwards
August 28, 2023
Page 5

Best regards,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

*/s/ Caitlin A. Kovacs*

Caitlin Alejandrina Kovacs

CAK:cjw

# EXHIBIT A-7

| | |
|---|---|
| **From:** | Butzer, Carl |
| **Sent:** | Wednesday, September 6, 2023 3:54 PM |
| **To:** | Sullivan, Olivia |
| **Cc:** | Wilkes, Christopher; Blaesche, Minoo; Walsh, Hannah; Trent McCotter; Edwards, John; Neerman, Jonathan; Babcock, Chip; Hamilton, Nancy; Freel, Jennifer; Kovacs, Caitlin |
| **Subject:** | RE: Smartmatic v. OAN |

Olivia

Caitlin requested a meet and confer on two topics: (1) your assertion that OAN should be compelled to respond to Smartmatic's Second Set of Requests for Production, and (2) OAN's position that Smartmatic should not be entitled to all discovery from the *Dominion v. OAN*, *Coomer*, and *AT&T* cases.

Presumably, your M&C request was made pursuant to Paragraph 11 of the Standing Order (Dkt. 5, entered on November 5, 2021), in which Judge Nichols ordered that if:

> a discovery dispute arises, the Parties shall make a good faith effort to resolve or narrow the areas of disagreement. If the Parties are unable to resolve the discovery dispute, then the Parties shall arrange for a telephonic conference with the Court by contacting the Courtroom Deputy Clerk, Courtney Lesley, at Courtney_Lesley@dcd.uscourts.gov or (202) 354-3101. Before that conference, the Parties shall jointly submit a short email summary of the dispute to the Court at Nichols_Chambers@dcd.uscourts.gov. The Parties may not file a discovery motion without leave of Court.

Based on my experience, what occurred at 10 a.m. this morning was not a good faith meet and confer. After your opening statement, that it should be "short", it became clear that your goal was to engage in a perfunctory call so that you can *say* you had a meet and confer with us before contacting the Court. When asked about your positions, you said you refused to "rehash" earlier communications, or that neither party will convince the other of its position.

As for topic #1 (the Second Set of Requests), you merely asserted the Requests were "timely," that the parties disagree, and that the Court should decide. First, you have never explained how the Requests were timely served. Smartmatic moved to extend the document request deadline to July 31 because it knew that any requests served after May 31 would be untimely. The Court's original Scheduling Order (Dkt. 42) is still operative, and the Court has not granted Smartmatic's requested deadline extension. I asked you today, and I asked Christopher Wilkes last week, if Smartmatic has any support for its position. I have yet to receive a cogent response. During the call, I also asked for any support for your contention that – given the circumstances (i.e., that Smartmatic's extension request is still pending with the Court) – a request for the Court to *compel* responses is appropriate. Again, you simply said the requests were "timely," and that it would be a waste of time to discuss it any further. We again ask for any authority you have supporting your position. Without more, it appears Smartmatic contends it is entitled to the discovery regardless of the Court's decision on the matter.

As for topic #2 (Smartmatic's request for all documents in other cases), I emphasized that I sent you a 3-page letter (with legal authority) on Sunday explaining our position. I asked for a written response. You replied that Smartmatic would consider doing so, but likely would proceed to involve the Court. Although Caitlin explained Smartmatic's position on *Dominion* documents in her August 28 letter, you've provided no explanation or authority on documents requested relating to the *Coomer* and *AT&T* cases. Please do so.

**Thanks,**
**Carl**

**Carl C. Butzer** | Jackson Walker LLP
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
V: (214) 953-5902 | F: (214) 661-6609 | cbutzer@jw.com



---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, September 5, 2023 11:56 AM
**To:** Butzer, Carl <cbutzer@jw.com>
**Cc:** Wilkes, Christopher <CWilkes@beneschlaw.com>; Blaesche, Minoo <mblaesche@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>; Edwards, John <jedwards@jw.com>; Neerman, Jonathan <jneerman@jw.com>; Babcock, Chip <cbabcock@jw.com>; Hamilton, Nancy <nhamilton@jw.com>; Freel, Jennifer <jfreel@jw.com>
**Subject:** RE: Smartmatic v. OAN

<p align="center">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</p>

Carl,

Thanks. We would like to discuss during our pre-scheduled meet and confer tomorrow morning.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Butzer, Carl <cbutzer@jw.com>
**Sent:** Sunday, September 3, 2023 4:09 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Cc:** Wilkes, Christopher <CWilkes@beneschlaw.com>; Blaesche, Minoo <mblaesche@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>; Edwards, John <jedwards@jw.com>; Neerman, Jonathan <jneerman@jw.com>; Babcock, Chip <cbabcock@jw.com>; Hamilton, Nancy <nhamilton@jw.com>; Freel, Jennifer <jfreel@jw.com>
**Subject:** Smartmatic v. OAN

Caitlin

Please see the attached.

**Thanks,**
**Carl**

**Carl C. Butzer** | Jackson Walker LLP
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
V: (214) 953-5902 | F: (214) 661-6609 | cbutzer@jw.com



# EXHIBIT A-8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 1:21-cv-02900-CJN |
| | ) | |
| v. | ) | |
| | ) | |
| HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK, | ) ) | Judge Carl J. Nichols |
| | ) | |
| Defendant. | ) ) | |

**DEFENDANT HERRING NETWORKS, INC. D/B/A ONE AMERICA NEWS NETWORK'S SUPPLEMENTAL OBJECTION TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION**

The Court entered an Order (Dkt. 42) requiring all Parties to serve additional requests for production not later than May 31, 2023. OAN complied with the Court's Order but the Plaintiffs did not. Rather the Plaintiffs moved for an extension of time to serve requests for production; but instead of waiting for a ruling and in contempt of the Court's Order, two months later the Plaintiffs served these 36 requests. Out of an abundance of caution, OAN served objections to Plaintiffs' tardy and contemptuous discovery.

Should the Court ever modify its prior Order to allow some or all of these requests, OAN will meet and confer with Plaintiffs' counsel and craft appropriate responses. Until that time, however, OAN stands on its objections previously served on the Plaintiffs and incorporates them herein as if repeated verbatim.

1

Dated: September 14, 2023

By: */s/ Charles L. Babcock*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John. K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com
*Counsel for Herring Networks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)

*/s/ Carl C. Butzer*
Carl C. Butzer

# EXHIBIT A-9

| | |
|---|---|
| **From:** | Edwards, John |
| **Sent:** | Tuesday, September 5, 2023 2:07 PM |
| **To:** | Kovacs, Caitlin; Sullivan, Olivia |
| **Cc:** | Amattey, Amakie; Wilkes, Christopher; Wertheimer, Nancy; Maldonado, Jacklyn; Butzer, Carl; Blaesche, Minoo; Pickett Shah, Bethany; Emery, Tori; Walsh, Hannah; Carlton, Emily; Trent McCotter; Dickson, Carter |
| **Subject:** | Smartmatic v. OANN - Meet & Confer Letter |
| **Attachments:** | Smartmatic_OAN - M_C Letter re_ discovery (9-5-23) (37387046.1).pdf |

Please see attached letter regarding today's meet and confer.  Thanks. - John

---

**From:** Edwards, John
**Sent:** Friday, September 1, 2023 1:33 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin:

Yes, we are many months into the litigation, and Smartmatic has yet to disclose to us what types of damages it is claiming and in which countries and jurisdictions it is claiming damages based on potential engagements that include terminated or non-renewed contracts. We asked for this information long ago as it pertains to international discovery (*e.g.*, RFPs 26, 27, 28, 30, 37, 40-41, 57-58, and ROGs 4, 7, 12), but even during our call last week you were unable to tell us without first reviewing OAN's document production. We would like to meet and confer today or no later than Tuesday. In anticipation of doing so, here are a few points that we ask that you consider:

1.       You take issue with "documents and communications regarding issues, problems, and investigations relating to Smartmatic software," saying that the discovery sought has "no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation." But issues, problems and investigations into Smartmatic would have a direct impact on its reputation. Smartmatic is claiming reputational harm. That Smartmatic obtained – independent of anything OAN did – a negative reputation through issues, problems, and investigations in those jurisdictions is directly relevant to both causation and damages.

Smartmatic is dogged by its history — the Venezuelan roots, the CFIUS investigation, continuing controversies around the Philippines and Kenyan elections, etc. These have made it hard for Smartmatic to rehabilitate its corporate image, which directly relates to causation and damages. Courts have permitted introduction of evidence (and hence discovery, since relevance is broader than the standard for admissibility) of specific acts of misconduct in a libel case.  *See, e.g.*, *Schafer v. Time, Inc.*, 142 F.3d 1361, 1370 (11th Cir. 1998).

Smartmatic has put its reputation at issue in this case, and we are entitled to seek discovery about it – and we are not limited in discovery of these matters to what Smartmatic may possess.

2.        Regarding Kenya and Belgium, you claim that "Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium." But what happens when Kenya or Belgium impacts whether another jurisdiction may decide to contract with Smartmatic?

If Smartmatic has had issues, problems, or been investigated in those jurisdictions, that is relevant regardless of whether Smartmatic is seeking damages from those two jurisdictions. For the same reason, your statement that OAN "is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert" misses the point (and is misleading, as Smartmatic has refused to produce any communications). The test for relevancy is not limited to only those jurisdictions where Smartmatic is seeking damages. Just as a defendant in a lost profits case can show that lost profits were due to some other cause, OAN can show that Smartmatic's significant troubles in various jurisdictions – not any statements on OAN – are to blame for any purported inability to get contracts. We are entitled to third-party discovery on these issues.

3.        Regarding your speculation relating to the time that it will take to execute international discovery, even if it weren't speculation it would not matter, as it is no reason to not permit an attempt to get the discovery. Moreover, it is Smartmatic's near-total refusal to provide any information on international dealings (in a case where it seeks international damages) that is largely to blame. Your reference to a discovery extension jumps the gun. That is not a pending request. Speculation that none of the requested discovery will be in by a certain time is just that: speculation. And, we are commencing the discovery well before the fact discovery deadline.

Again, we ask that you reconsider and would like to meet and confer over the phone today or Tuesday at the latest. Please provide times that you are available.

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 30, 2023 8:32 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel,

**International Discovery**

Thank you providing the details of your planned request for international discovery. After analyzing your requests, we can confirm that we oppose them for several reasons, as described below. We are happy to meet and confer further on these issues if you are willing.

First, the requests seek documents that are irrelevant to OANN's defamation. For example, documents in the sole possession of a foreign government regarding "documents and communications regarding issues, problems, and investigations relating to Smartmatic software" have no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation.

Second, certain of OANN's requests relate to potential contracts with Kenya and Belgium. But these contracts have no relevance to Smartmatic's case against OANN. Smartmatic is not seeking damages based on the referenced potential

engagements in Kenya or Belgium. And, OANN is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert with respect to its damages claims; there is no need to launch a barrage of international discovery, 10 months into the litigation, to obtain documents related to damages.

Third, as you likely know, requests for discovery from international governments often take years to be processed, whether they are successful or not. Discovery in this case has been ongoing since October 2022, and the fact discovery deadline is coming up on December 8, 2023. OANN's proposed requests are incredibly unlikely to result in any production of documents by that time, and the tangential relationship they have to the case does not justify an extension of the discovery deadline to allow OANN time to pursue discovery from <u>eight</u> foreign governments. If OANN wanted to pursue this discovery, it should have done so much earlier.

<u>Spanish Search Terms</u>

Attached is a list of Spanish search terms we have used to identify relevant documents. These terms have been run in addition to (and not in place of) the English terms the parties have discussed. Please let us know if you have any questions.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 28, 2023 8:13 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

John,

This is received. We will respond as soon as we can.

Caitlin



Caitlin A. Kovacs
(she/her/hers)

Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 28, 2023 2:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, we had asked that the following information be provided by last Friday, but no response:  (1) Spanish language queries used in related litigation; and (2) deposition limits agreed to (or proposed) in related litigation.  Please let us know today.

Also, attached is a letter providing additional information about our motion related to international discovery.  Please advise whether opposed or unopposed by Wednesday, August 30, 2023.

Thanks. - John

---

**From:** Dickson, Carter <cdickson@jw.com>
**Sent:** Thursday, August 24, 2023 11:07 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin and Olivia,

Please see the attached letter and revised Exhibit A.

Thanks,

**Carter Dickson**
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4331 | F: (713) 752-4221 | cdickson@jw.com



4

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 23, 2023 9:47 AM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<p align="center">**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***</p>

Counsel,

In advance of our conversation, please see the attached letters previously exchanged between the parties. Specifically, see p. 11 of both exchanges.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 5:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

That should work on our end – I'll send an invite.

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 16, 2023 3:30 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily

<erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<span style="color:red">**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***</span>

John,

We are currently open next Wednesday morning. Could we pencil in 10am?

There's a small chance I will have a conflict pop up that requires some adjustment. If so, I'll let you know ASAP, and will try to avoid that.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 12:43 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, thank you for the letter & email below.  I am in depositions until Tuesday – would you be available to meet & confer on Tuesday between noon-5pm or on Wednesday morning before noon?

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, August 15, 2023 3:19 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<span style="color:red">**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***</span>

John,

Our response to your August 3 letter is attached. We request a meet and confer on a handful of specified topics within the letter. We are available this Thursday between 9:30-2 CT or on Friday between 10-4 CT.

As for your questions below:

1. As we have previously indicated, there are currently no expert reports in the Fox litigation. Once expert reports are exchanged, we will consider producing them here if they are relevant.
2. Smartmatic is asserting reputational harm in foreign countries. Is there an interrogatory OANN has issued that you would like to point us to as the basis for further discussion?
3. We are happy to hear any proposal OANN has regarding depositions.

Thanks,
Caitlin

---



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 14, 2023 11:51 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, you indicated below we would hear back in response to my July 25 and August 3 letters last week but we did not. It's been 3 weeks since the July 25 letter. We request a meet & confer by this Wednesday on the subjects outlined in the July 25 and August 3 letters as well as the following:

1. Whether Smartmatic will produce its expert reports issued in its case against Fox, and if so, when.
2. Whether Smartmatic is claiming damages from reputational harm in any foreign countries, and if so, which ones.
3. Discussion of deposition limits – number/hours.

Please let me know your availability today through Wednesday. Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 7, 2023 6:15 PM

**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are in receipt of OANN's July 25 and August 3 letters. We will respond to both of them this week.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Thursday, August 3, 2023 4:36 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter.

Thanks. – John

**From:** Edwards, John
**Sent:** Tuesday, July 25, 2023 5:19 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter and search terms chart.  Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Friday, July 21, 2023 4:03 PM
**To:** Edwards, John <jedwards@jw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>
**Subject:** Smartmatic v. OANN - Custodians and Search Terms

<div align="center">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</div>

John,

Please see the attached correspondence, which includes an updated search terms chart. We've included a word version of the chart for ease of reference.

Have a great weekend.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

# EXHIBIT A-10



Caitlin Alejandrina Kovacs
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.624.6392
Fax:  312.767.9102
ckovacs@beneschlaw.com

September 5, 2023

John Edwards
Jackson Walker LLP
1401 McKinney Suite 1900
Houston, TX 77010

<div style="padding-left:2em;">

Re:    Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News
          Network; Case No. 1:21-cv-02900-CJN

</div>

Dear Counsel:

We write to summarize Smartmatic USA Corp.'s ("Smartmatic") and Herring Networks, Inc.'s ("OANN") videoconference on September 5, 2023, during which the parties met and conferred about OANN's plan to conduct international discovery and the deposition schedule.

### International Discovery

As explained in OANN's August 28 letter, OANN seeks to issue letters rogatory and other international discovery requests to various entities located in the Philippines, Venezuela, Brazil, Denmark, Bulgaria, Kenya, Belgium, and Oman. The information that OANN seeks to discover broadly pertains to (1) governmental investigations into Smartmatic, (2) foreign governments' experience with their use of Smartmatic's software and/or services, and (3) Smartmatic's lost business opportunities in those countries.

Smartmatic's position is that the parties' May 5 joint submission to the Court, which the Court has yet to address, encompasses the parties' dispute as to the relevance of the first two categories of information. Smartmatic's Complaint, which is predicated on OANN's false reporting that Smartmatic rigged the 2020 U.S. Presidential Election, has no logical connection to investigations of Smartmatic's involvement in other countries' elections, which did not involve any allegations of election rigging. Moreover, the details of other countries' engagements with Smartmatic's voting technology are just as irrelevant to Smartmatic's reputational harm. At issue in this case is whether Smartmatic in fact rigged the 2020 election, as OANN reported, and not the full universe of Smartmatic's prior conduct. As Smartmatic explained in the May 5 joint submission, if OANN wishes to introduce evidence of discrete conduct to establish Smartmatic's reputation, then it is limited to prior instances in which Smartmatic rigged elections.

Nonetheless, OANN insists that it is entitled to conduct the proposed international discovery because, according to OANN, the information is relevant to Smartmatic's reputation. OANN also believes that its planned international discovery requests comprise a broader swath of information than what is extensively addressed in the parties' May 5 joint submission. OANN

pointed to Interrogatory No. 4 as an example, which seeks information about terminated contracts regardless of whether Smartmatic intends to seek damages for their loss. Smartmatic confirmed that it is producing documents in response to Interrogatory No. 4 and that it will update its interrogatory response in accordance with the parties' preexisting agreement. Smartmatic also expressed that not *all* lost contracts are relevant to the Complaint. Smartmatic has repeatedly committed to identifying the lost deals that will form the basis of its specific damages claim, and has already begun to identify which deals are *not* part of that claim. For instance, Smartmatic confirmed that it is not seeking damages based on its operations in Kenya and Belgium. Further, Smartmatic has already agreed to run 10 broad search terms that will result in the production of thousands of documents relating to Smartmatic's reputation, brand, and position in the market. Smartmatic has also agreed to produce the same documents given to its customers who inquired about any foreign government's investigation and any documents relating to security breaches of Smartmatic's election technology, to incidents involving allegations of election fraud or tampering by Smartmatic, to media outlets' criticisms of Smartmatic, to negative feedback about Smartmatic's election technology, and to the certification, authentication, or validation of Smartmatic's election technology. Thus, Smartmatic continues to object to OANN's proposed letters rogatory and international discovery as irrelevant, overly broad, and unduly burdensome.

Smartmatic assured OANN that it would provide further updates on which lost business opportunities, Smartmatic alleges, are traceable to the OANN's defamatory statements. Although OANN believes that Smartmatic should have disclosed this information at this juncture of the litigation, OANN disregards how its own role in slow rolling its production has contributed to any delay.

At the discussion's conclusion, the parties agreed that they were at an impasse. OANN informed Smartmatic that it was preparing another joint submission outlining the parties' discovery disputes to Judge Nichols's chambers and confirmed that it would confer with Smartmatic before submitting it.

## **Deposition Planning**

The parties had differing recollections of their discussion of the deposition schedule on August 23. Smartmatic recalls that OANN expressly agreed to delay scheduling depositions until after the Court had addressed the parties' disputes outlined in the May 5 joint submission. Smartmatic is unable to make an informed assessment of its deposition needs until OANN's production is substantially complete. OANN, however, now denies having agreed to that schedule. OANN does not believe that depositions need await the Court's resolution of the parties' May 5 joint submission, nor does OANN see how its failure to timely produce documents might impede setting deposition parameters. OANN thus intends to proceed with noticing depositions, and the parties are at an impasse.

September 5, 2023
Page 3


                              Best regards,

                              BENESCH, FRIEDLANDER,
                                COPLAN & ARONOFF LLP



                              Caitlin Alejandrina Kovacs

CAK:cjw

# EXHIBIT A-11

| | |
|---|---|
| **From:** | Kovacs, Caitlin <CKovacs@beneschlaw.com> |
| **Sent:** | Tuesday, September 12, 2023 9:54 PM |
| **To:** | Edwards, John; Wilkes, Christopher; Sullivan, Olivia |
| **Cc:** | Amattey, Amakie; Wertheimer, Nancy; Maldonado, Jacklyn; Butzer, Carl; Blaesche, Minoo; Pickett Shah, Bethany; Emery, Tori; Walsh, Hannah; Carlton, Emily; Trent McCotter; Dickson, Carter |
| **Subject:** | RE: Smartmatic v. OANN - Deposition Scheduling |

<p style="text-align:center;color:red;">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</p>

Counsel,

I write with Smartmatic's proposal as promised. As we have repeatedly discussed with you, OANN's production remains severely deficient. OANN's recent production has not remedied that deficiency. To date, OANN has produced approximately 200,000 documents, the majority of which were produced just last month, and the lion's share of these productions contain non-responsive documents. By contrast, Smartmatic has consistently made material rolling productions and has to date produced over 2 million documents. Smartmatic's multiple motions to compel, teed up for the Court in early May, still await full briefing. Further, OANN has refused to produce any documents in response to Smartmatic's Second Set of Requests for Production, which will require the Court's intervention.

OANN must produce a full record before the parties can proceed to depositions. Given OANN's serious delay in complying with its discovery obligations, Smartmatic believes the parties require an extension of the fact discovery schedule such that discovery will end on **April 8, 2024.** Depositions should be scheduled to begin on **January 8, 2024**. Please let us know by **Thursday, September 14** whether OANN opposes this request.

Further, we believe deposition negotiations should begin once OANN is closer to making a full production, such that Smartmatic can assess how many witnesses are necessary based on how many individuals were involved in the defamatory publications. We propose that the parties negotiate deposition limits and begin scheduling discussions in November.  Please let us know OANN's position in response by this **Thursday, September 14**.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, September 11, 2023 10:32 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>

**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

John,

We are in discussions with our client regarding Smartmatic's proposal on deposition planning. We will reach out with that proposal when it is signed off. OANN's unilateral deadlines below are, of course, inappropriate, especially in the face of OANN's failure to comply with its discovery obligations, and its efforts to take advantage of Smartmatic's compliance in the meantime. We will share Smartmatic's proposal as soon as practicable.

Regards,



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Sunday, September 10, 2023 3:09 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Re: Smartmatic v. OANN - Deposition Scheduling

John,

Thanks for your email. We will be in touch tomorrow. Have a great rest of your weekend.



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Sunday, September 10, 2023 2:00:17 PM
**To:** Wilkes, Christopher <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

Caitlin, we ask that you provide available dates for Smartmatic counsel and the witness for the depositions of the Smartmatic employee/representative(s) listed below during the weeks of September 25 and October 2, 2023.  We ask that dates be provided by 5pm on Tuesday, September 12.  If dates during the requested two-week period are not provided by Tuesday, we'll proceed to notice the depositions during the weeks of September 25th or October 2nd via service upon your firm (unless you advise otherwise).

1.    Alexander Aparicio
2.    Rule 30b6 witness for each Plaintiff (topics attached)

Further, below are names and dates for the depositions of third-party witnesses we intend to depose at this time.  Please advise which dates work for Smartmatic counsel by 5pm on Tuesday, September 12 – if we don't receive dates, we'll proceed to serve subpoenas for one of the dates listed below.

1.    Jack Blaine – Sept. 29, Oct. 2, 3
2.    Hugh Gallagher – Oct. 4, 5, 6.
3.    Ernesto Parisca – Oct. 9, 10, 11.

Finally, I await a response to my email from Wednesday (below) proposing 120 hours of deposition time per side, including third parties but excluding expert witnesses.  If we don't hear back with a substantive proposal by Tuesday, we'll conclude that your prior refusal to discuss deposition parameters at this time has not changed.

Thanks. - John

**From:** Edwards, John
**Sent:** Wednesday, September 6, 2023 10:44 AM
**To:** 'Wilkes, Christopher' <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

3

Caitlin, we disagree with the characterizations of our intended international discovery made in your September 5 letter (attached), which you sent after our letter memorializing the parties' meet and confer (also attached).

As for deposition planning, I understand that you seek to prevent depositions until the May 5 Joint Notice is resolved. We have never agreed to that and do not agree now. To meet the Court's December 8 fact discovery deadline, depositions must start immediately. There is no stay of discovery and no rule under which either party can unilaterally dictate the timing of depositions. Absent such restrictions, either party is free to conduct depositions.

We are puzzled by your approach, as Plaintiffs are typically eager to *commence* depositions.  Your reluctance to do so, falsely premised on the need for "substantial completion" of OAN's production which is, in fact, substantially complete, suggests an unwillingness to prosecute this case.  Unless you agree to negotiate now in good faith on deposition hour limits, we are considering a motion to dismiss for failure to prosecute. Our proposal is this: 120 hours per side, to include third-parties but exclude expert witnesses. Please let me know your position; and if you remain unwilling to engage, tell us whether you are opposed to a motion to dismiss for failure to prosecute the case.

Thanks. - John

**From:** Wilkes, Christopher <CWilkes@beneschlaw.com>
**Sent:** Tuesday, September 5, 2023 6:44 PM
**To:** Edwards, John <jedwards@jw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

<p align="center" style="color:red"><b>**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</b></p>

Counsel,

Please find Smartmatic's letter regarding today's meet and confer attached.

Thanks,
Chris



Christopher J. Wilkes
(he/him/his)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4968 | CWilkes@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, September 5, 2023 2:07 PM

**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Smartmatic v. OANN - Meet & Confer Letter

Please see attached letter regarding today's meet and confer.  Thanks. - John

---

**From:** Edwards, John
**Sent:** Friday, September 1, 2023 1:33 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin:

Yes, we are many months into the litigation, and Smartmatic has yet to disclose to us what types of damages it is claiming and in which countries and jurisdictions it is claiming damages based on potential engagements that include terminated or non-renewed contracts. We asked for this information long ago as it pertains to international discovery (*e.g.*, RFPs 26, 27, 28, 30, 37, 40-41, 57-58, and ROGs 4, 7, 12), but even during our call last week you were unable to tell us without first reviewing OAN's document production. We would like to meet and confer today or no later than Tuesday. In anticipation of doing so, here are a few points that we ask that you consider:

1.        You take issue with "documents and communications regarding issues, problems, and investigations relating to Smartmatic software," saying that the discovery sought has "no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation." But issues, problems and investigations into Smartmatic would have a direct impact on its reputation. Smartmatic is claiming reputational harm. That Smartmatic obtained – independent of anything OAN did – a negative reputation through issues, problems, and investigations in those jurisdictions is directly relevant to both causation and damages.

         Smartmatic is dogged by its history — the Venezuelan roots, the CFIUS investigation, continuing controversies around the Philippines and Kenyan elections, etc. These have made it hard for Smartmatic to rehabilitate its corporate image, which directly relates to causation and damages. Courts have permitted introduction of evidence (and hence discovery, since relevance is broader than the standard for admissibility) of specific acts of misconduct in a libel case.  *See, e.g.*, *Schafer v. Time, Inc.*, 142 F.3d 1361, 1370 (11th Cir. 1998).

         Smartmatic has put its reputation at issue in this case, and we are entitled to seek discovery about it – and we are not limited in discovery of these matters to what Smartmatic may possess.

2.        Regarding Kenya and Belgium, you claim that "Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium." But what happens when Kenya or Belgium impacts whether another jurisdiction may decide to contract with Smartmatic?

         If Smartmatic has had issues, problems, or been investigated in those jurisdictions, that is relevant regardless of whether Smartmatic is seeking damages from those two jurisdictions. For the same reason, your statement that OAN "is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert" misses the

5

point (and is misleading, as Smartmatic has refused to produce any communications). The test for relevancy is not limited to only those jurisdictions where Smartmatic is seeking damages. Just as a defendant in a lost profits case can show that lost profits were due to some other cause, OAN can show that Smartmatic's significant troubles in various jurisdictions – not any statements on OAN – are to blame for any purported inability to get contracts. We are entitled to third-party discovery on these issues.

3.        Regarding your speculation relating to the time that it will take to execute international discovery, even if it weren't speculation it would not matter, as it is no reason to not permit an attempt to get the discovery. Moreover, it is Smartmatic's near-total refusal to provide any information on international dealings (in a case where it seeks international damages) that is largely to blame. Your reference to a discovery extension jumps the gun. That is not a pending request. Speculation that none of the requested discovery will be in by a certain time is just that: speculation. And, we are commencing the discovery well before the fact discovery deadline.

Again, we ask that you reconsider and would like to meet and confer over the phone today or Tuesday at the latest. Please provide times that you are available.

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 30, 2023 8:32 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel,

**International Discovery**

Thank you providing the details of your planned request for international discovery. After analyzing your requests, we can confirm that we oppose them for several reasons, as described below. We are happy to meet and confer further on these issues if you are willing.

First, the requests seek documents that are irrelevant to OANN's defamation. For example, documents in the sole possession of a foreign government regarding "documents and communications regarding issues, problems, and investigations relating to Smartmatic software" have no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation.

Second, certain of OANN's requests relate to potential contracts with Kenya and Belgium. But these contracts have no relevance to Smartmatic's case against OANN. Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium. And, OANN is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert with respect to its damages claims; there is no need to launch a barrage of international discovery, 10 months into the litigation, to obtain documents related to damages.

Third, as you likely know, requests for discovery from international governments often take years to be processed, whether they are successful or not. Discovery in this case has been ongoing since October 2022, and the fact discovery deadline is coming up on December 8, 2023. OANN's proposed requests are incredibly unlikely to result in any

production of documents by that time, and the tangential relationship they have to the case does not justify an extension of the discovery deadline to allow OANN time to pursue discovery from <u>eight</u> foreign governments. If OANN wanted to pursue this discovery, it should have done so much earlier.

<u>**Spanish Search Terms**</u>

Attached is a list of Spanish search terms we have used to identify relevant documents. These terms have been run in addition to (and not in place of) the English terms the parties have discussed. Please let us know if you have any questions.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 28, 2023 8:13 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

John,

This is received. We will respond as soon as we can.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 28, 2023 2:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, we had asked that the following information be provided by last Friday, but no response:  (1) Spanish language queries used in related litigation; and (2) deposition limits agreed to (or proposed) in related litigation.  Please let us know today.

Also, attached is a letter providing additional information about our motion related to international discovery.  Please advise whether opposed or unopposed by Wednesday, August 30, 2023.

Thanks. - John

**From:** Dickson, Carter <cdickson@jw.com>
**Sent:** Thursday, August 24, 2023 11:07 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin and Olivia,

Please see the attached letter and revised Exhibit A.

Thanks,
**Carter Dickson**
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4331 | F: (713) 752-4221 | cdickson@jw.com



**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 23, 2023 9:47 AM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl

<cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<center>**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***</center>

Counsel,

In advance of our conversation, please see the attached letters previously exchanged between the parties. Specifically, see p. 11 of both exchanges.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 5:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

That should work on our end – I'll send an invite.

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 16, 2023 3:30 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<center>**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***</center>

John,

We are currently open next Wednesday morning. Could we pencil in 10am?

There's a small chance I will have a conflict pop up that requires some adjustment. If so, I'll let you know ASAP, and will try to avoid that.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 12:43 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, thank you for the letter & email below.  I am in depositions until Tuesday – would you be available to meet & confer on Tuesday between noon-5pm or on Wednesday morning before noon?

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, August 15, 2023 3:19 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

Our response to your August 3 letter is attached. We request a meet and confer on a handful of specified topics within the letter. We are available this Thursday between 9:30-2 CT or on Friday between 10-4 CT.

As for your questions below:

1. As we have previously indicated, there are currently no expert reports in the Fox litigation. Once expert reports are exchanged, we will consider producing them here if they are relevant.

2. Smartmatic is asserting reputational harm in foreign countries. Is there an interrogatory OANN has issued that you would like to point us to as the basis for further discussion?

3. We are happy to hear any proposal OANN has regarding depositions.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 14, 2023 11:51 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, you indicated below we would hear back in response to my July 25 and August 3 letters last week but we did not.  It's been 3 weeks since the July 25 letter.  We request a meet & confer by this Wednesday on the subjects outlined in the July 25 and August 3 letters as well as the following:

1. Whether Smartmatic will produce its expert reports issued in its case against Fox, and if so, when.
2. Whether Smartmatic is claiming damages from reputational harm in any foreign countries, and if so, which ones.
3. Discussion of deposition limits – number/hours.

Please let me know your availability today through Wednesday.  Thanks. - John

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 7, 2023 6:15 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are in receipt of OANN's July 25 and August 3 letters. We will respond to both of them this week.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Thursday, August 3, 2023 4:36 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter.

Thanks. – John

**From:** Edwards, John
**Sent:** Tuesday, July 25, 2023 5:19 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter and search terms chart.  Thanks. - John

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Friday, July 21, 2023 4:03 PM
**To:** Edwards, John <jedwards@jw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher

<CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn
<JMaldonado@beneschlaw.com>
**Subject:** Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

Please see the attached correspondence, which includes an updated search terms chart. We've included a word version
of the chart for ease of reference.

Have a great weekend.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

# EXHIBIT A-12

| From: | Edwards, John |
|---|---|
| Sent: | Wednesday, September 13, 2023 2:20 PM |
| To: | Kovacs, Caitlin; Wilkes, Christopher; Sullivan, Olivia |
| Cc: | Amattey, Amakie; Wertheimer, Nancy; Maldonado, Jacklyn; Butzer, Carl; Blaesche, Minoo; Pickett Shah, Bethany; Emery, Tori; Walsh, Hannah; Carlton, Emily; Trent McCotter; Dickson, Carter |
| Subject: | RE: Smartmatic v. OANN - Deposition Scheduling |
| Attachments: | Deposition Notice - Alexander Aparicio(37485125.1).pdf; Deposition Notice - Ernesto Parisca(37485148.1).pdf; Smartmatic 30b6 - SMT USA(37441844.5).pdf; Smartmatic 30b6 - SMT International(37462800.1).pdf; Smartmatic 30b6 - SGO(37462806.1).pdf; Hugh Gallagher - Subpoena for Deposition(37483404.1).pdf; Jack Blaine - Subpoena for Deposition(37483405.1).pdf; Deposition Notice - Jack Blaine(37498122.1).pdf; Deposition Notice - Hugh Gallagher(37498131.1).pdf |

Caitlin, thanks for your email below.  To be clear, our request was not for a "deposition planning" proposal, if by that you mean when depositions will commence, but only for number/hour limits of depositions.  There is nothing inappropriate, as you claim below, for seeking available dates for depositions we intend to take; rather, it is inappropriate not to provide requested dates.  We will address your email received at 9:54 p.m. last night regarding extending deadlines separately.

Please see attached deposition notices and subpoenas.  We are agreeable to adjust the dates/locations of the Smartmatic employee depositions if you give us dates for these to occur before October 13th – please advise.  If a single 30b6 witness will be designated to testify on behalf of all three plaintiffs, we can discuss consolidation of the noticed depositions.  We will make ourselves available to meet and confer with you to discuss the 30b6 topics under FRCP 30(b)(6).

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, September 11, 2023 10:32 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are in discussions with our client regarding Smartmatic's proposal on deposition planning. We will reach out with that proposal when it is signed off. OANN's unilateral deadlines below are, of course, inappropriate, especially in the face of OANN's failure to comply with its discovery obligations, and its efforts to take advantage of Smartmatic's compliance in the meantime. We will share Smartmatic's proposal as soon as practicable.

Regards,



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Sunday, September 10, 2023 3:09 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Re: Smartmatic v. OANN - Deposition Scheduling

John,

Thanks for your email. We will be in touch tomorrow. Have a great rest of your weekend.



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Sunday, September 10, 2023 2:00:17 PM
**To:** Wilkes, Christopher <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

Caitlin, we ask that you provide available dates for Smartmatic counsel and the witness for the depositions of the Smartmatic employee/representative(s) listed below during the weeks of September 25 and October 2, 2023. We ask that dates be provided by 5pm on Tuesday, September 12. If dates during the requested two-week period are not provided by Tuesday, we'll proceed to notice the depositions during the weeks of September 25th or October 2nd via service upon your firm (unless you advise otherwise).

1.    Alexander Aparicio
2.    Rule 30b6 witness for each Plaintiff (topics attached)

Further, below are names and dates for the depositions of third-party witnesses we intend to depose at this time. Please advise which dates work for Smartmatic counsel by 5pm on Tuesday, September 12 – if we don't receive dates, we'll proceed to serve subpoenas for one of the dates listed below.

1.    Jack Blaine – Sept. 29, Oct. 2, 3
2.    Hugh Gallagher – Oct. 4, 5, 6.
3.    Ernesto Parisca – Oct. 9, 10, 11.

Finally, I await a response to my email from Wednesday (below) proposing 120 hours of deposition time per side, including third parties but excluding expert witnesses. If we don't hear back with a substantive proposal by Tuesday, we'll conclude that your prior refusal to discuss deposition parameters at this time has not changed.

Thanks. - John

---

**From:** Edwards, John
**Sent:** Wednesday, September 6, 2023 10:44 AM
**To:** 'Wilkes, Christopher' <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

Caitlin, we disagree with the characterizations of our intended international discovery made in your September 5 letter (attached), which you sent after our letter memorializing the parties' meet and confer (also attached).

As for deposition planning, I understand that you seek to prevent depositions until the May 5 Joint Notice is resolved. We have never agreed to that and do not agree now. To meet the Court's December 8 fact discovery deadline, depositions must start immediately. There is no stay of discovery and no rule under which either party can unilaterally dictate the timing of depositions. Absent such restrictions, either party is free to conduct depositions.

We are puzzled by your approach, as Plaintiffs are typically eager to *commence* depositions. Your reluctance to do so, falsely premised on the need for "substantial completion" of OAN's production which is, in fact, substantially complete, suggests an unwillingness to prosecute this case. Unless you agree to negotiate now in good faith on deposition hour limits, we are considering a motion to dismiss for failure to prosecute. Our proposal is this: 120 hours per side, to include third-parties but exclude expert witnesses. Please let me know your position; and if you remain unwilling to engage, tell us whether you are opposed to a motion to dismiss for failure to prosecute the case.

Thanks. - John

---

**From:** Wilkes, Christopher <CWilkes@beneschlaw.com>
**Sent:** Tuesday, September 5, 2023 6:44 PM
**To:** Edwards, John <jedwards@jw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

<p align="center"><strong><span style="color:red">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</span></strong></p>

Counsel,

Please find Smartmatic's letter regarding today's meet and confer attached.

Thanks,
Chris



Christopher J. Wilkes
(he/him/his)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4968 | CWilkes@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, September 5, 2023 2:07 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Smartmatic v. OANN - Meet & Confer Letter

Please see attached letter regarding today's meet and confer.  Thanks. - John

---

**From:** Edwards, John
**Sent:** Friday, September 1, 2023 1:33 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori

<temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin:

Yes, we are many months into the litigation, and Smartmatic has yet to disclose to us what types of damages it is claiming and in which countries and jurisdictions it is claiming damages based on potential engagements that include terminated or non-renewed contracts. We asked for this information long ago as it pertains to international discovery (*e.g.*, RFPs 26, 27, 28, 30, 37, 40-41, 57-58, and ROGs 4, 7, 12), but even during our call last week you were unable to tell us without first reviewing OAN's document production. We would like to meet and confer today or no later than Tuesday. In anticipation of doing so, here are a few points that we ask that you consider:

1.      You take issue with "documents and communications regarding issues, problems, and investigations relating to Smartmatic software," saying that the discovery sought has "no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation." But issues, problems and investigations into Smartmatic would have a direct impact on its reputation. Smartmatic is claiming reputational harm. That Smartmatic obtained – independent of anything OAN did – a negative reputation through issues, problems, and investigations in those jurisdictions is directly relevant to both causation and damages.

        Smartmatic is dogged by its history — the Venezuelan roots, the CFIUS investigation, continuing controversies around the Philippines and Kenyan elections, etc. These have made it hard for Smartmatic to rehabilitate its corporate image, which directly relates to causation and damages. Courts have permitted introduction of evidence (and hence discovery, since relevance is broader than the standard for admissibility) of specific acts of misconduct in a libel case.  *See, e.g.*, *Schafer v. Time, Inc.*, 142 F.3d 1361, 1370 (11th Cir. 1998).

        Smartmatic has put its reputation at issue in this case, and we are entitled to seek discovery about it – and we are not limited in discovery of these matters to what Smartmatic may possess.

2.      Regarding Kenya and Belgium, you claim that "Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium." But what happens when Kenya or Belgium impacts whether another jurisdiction may decide to contract with Smartmatic?

        If Smartmatic has had issues, problems, or been investigated in those jurisdictions, that is relevant regardless of whether Smartmatic is seeking damages from those two jurisdictions. For the same reason, your statement that OAN "is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert" misses the point (and is misleading, as Smartmatic has refused to produce any communications). The test for relevancy is not limited to only those jurisdictions where Smartmatic is seeking damages. Just as a defendant in a lost profits case can show that lost profits were due to some other cause, OAN can show that Smartmatic's significant troubles in various jurisdictions – not any statements on OAN – are to blame for any purported inability to get contracts. We are entitled to third-party discovery on these issues.

3.      Regarding your speculation relating to the time that it will take to execute international discovery, even if it weren't speculation it would not matter, as it is no reason to not permit an attempt to get the discovery. Moreover, it is Smartmatic's near-total refusal to provide any information on international dealings (in a case where it seeks international damages) that is largely to blame. Your reference to a discovery extension jumps the gun. That is not a pending request. Speculation that none of the requested discovery will be in by a certain time is just that: speculation. And, we are commencing the discovery well before the fact discovery deadline.

Again, we ask that you reconsider and would like to meet and confer over the phone today or Tuesday at the latest. Please provide times that you are available.

5

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 30, 2023 8:32 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel,

**International Discovery**

Thank you providing the details of your planned request for international discovery. After analyzing your requests, we can confirm that we oppose them for several reasons, as described below. We are happy to meet and confer further on these issues if you are willing.

First, the requests seek documents that are irrelevant to OANN's defamation. For example, documents in the sole possession of a foreign government regarding "documents and communications regarding issues, problems, and investigations relating to Smartmatic software" have no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation.

Second, certain of OANN's requests relate to potential contracts with Kenya and Belgium. But these contracts have no relevance to Smartmatic's case against OANN. Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium. And, OANN is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert with respect to its damages claims; there is no need to launch a barrage of international discovery, 10 months into the litigation, to obtain documents related to damages.

Third, as you likely know, requests for discovery from international governments often take years to be processed, whether they are successful or not. Discovery in this case has been ongoing since October 2022, and the fact discovery deadline is coming up on December 8, 2023. OANN's proposed requests are incredibly unlikely to result in any production of documents by that time, and the tangential relationship they have to the case does not justify an extension of the discovery deadline to allow OANN time to pursue discovery from <u>eight</u> foreign governments. If OANN wanted to pursue this discovery, it should have done so much earlier.

**Spanish Search Terms**

Attached is a list of Spanish search terms we have used to identify relevant documents. These terms have been run in addition to (and not in place of) the English terms the parties have discussed. Please let us know if you have any questions.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 28, 2023 8:13 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

John,

This is received. We will respond as soon as we can.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 28, 2023 2:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, we had asked that the following information be provided by last Friday, but no response: (1) Spanish language queries used in related litigation; and (2) deposition limits agreed to (or proposed) in related litigation. Please let us know today.

Also, attached is a letter providing additional information about our motion related to international discovery. Please advise whether opposed or unopposed by Wednesday, August 30, 2023.

Thanks. - John

---

**From:** Dickson, Carter <cdickson@jw.com>
**Sent:** Thursday, August 24, 2023 11:07 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin and Olivia,

Please see the attached letter and revised Exhibit A.

Thanks,
**Carter Dickson**
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4331 | F: (713) 752-4221 | cdickson@jw.com



---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 23, 2023 9:47 AM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel,

In advance of our conversation, please see the attached letters previously exchanged between the parties. Specifically, see p. 11 of both exchanges.

Best,
Caitlin

8



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 5:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

That should work on our end – I'll send an invite.

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 16, 2023 3:30 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are currently open next Wednesday morning. Could we pencil in 10am?

There's a small chance I will have a conflict pop up that requires some adjustment. If so, I'll let you know ASAP, and will try to avoid that.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 12:43 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, thank you for the letter & email below.  I am in depositions until Tuesday – would you be available to meet & confer on Tuesday between noon-5pm or on Wednesday morning before noon?

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, August 15, 2023 3:19 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

Our response to your August 3 letter is attached. We request a meet and confer on a handful of specified topics within the letter. We are available this Thursday between 9:30-2 CT or on Friday between 10-4 CT.

As for your questions below:

1. As we have previously indicated, there are currently no expert reports in the Fox litigation. Once expert reports are exchanged, we will consider producing them here if they are relevant.
2. Smartmatic is asserting reputational harm in foreign countries. Is there an interrogatory OANN has issued that you would like to point us to as the basis for further discussion?
3. We are happy to hear any proposal OANN has regarding depositions.

Thanks,
Caitlin

---

 Caitlin A. Kovacs

(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 14, 2023 11:51 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>;
Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn
<JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>;
Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori
<temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, you indicated below we would hear back in response to my July 25 and August 3 letters last week but
we did not.  It's been 3 weeks since the July 25 letter.  We request a meet & confer by this Wednesday on the
subjects outlined in the July 25 and August 3 letters as well as the following:

1.     Whether Smartmatic will produce its expert reports issued in its case against Fox, and if so, when.
2.     Whether Smartmatic is claiming damages from reputational harm in any foreign countries, and if so,
which ones.
3.     Discussion of deposition limits – number/hours.

Please let me know your availability today through Wednesday.  Thanks. - John

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 7, 2023 6:15 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer,
Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl
<cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter
<cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily
<erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are in receipt of OANN's July 25 and August 3 letters. We will respond to both of them this week.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Thursday, August 3, 2023 4:36 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter.

Thanks. – John

---

**From:** Edwards, John
**Sent:** Tuesday, July 25, 2023 5:19 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter and search terms chart.  Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Friday, July 21, 2023 4:03 PM
**To:** Edwards, John <jedwards@jw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>
**Subject:** Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

Please see the attached correspondence, which includes an updated search terms chart. We've included a word version of the chart for ease of reference.

Have a great weekend.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

# EXHIBIT A-13

| | |
|---|---|
| **From:** | Kovacs, Caitlin <CKovacs@beneschlaw.com> |
| **Sent:** | Wednesday, September 13, 2023 2:53 PM |
| **To:** | Edwards, John; Wilkes, Christopher; Sullivan, Olivia |
| **Cc:** | Amattey, Amakie; Wertheimer, Nancy; Maldonado, Jacklyn; Butzer, Carl; Blaesche, Minoo; Pickett Shah, Bethany; Emery, Tori; Walsh, Hannah; Carlton, Emily; Trent McCotter; Dickson, Carter |
| **Subject:** | RE: Smartmatic v. OANN - Deposition Scheduling |

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

OANN's Sunday, September 10 email described an intent to serve Mr. Parisca with a deposition subpoena. We appreciate your change in course.

As for Smartmatic's basis for a protective order, please see my email from yesterday (pasted below, since you omitted it from the thread in your response today). The parties have repeatedly discussed the reasons why depositions should not yet proceed. OANN must comply with its own production obligations rather than demanding a prejudicial and inefficient asymmetric deposition schedule.

Given the service of these notices and subpoenas, we will assume OANN is opposed to our motion for a protective order unless it tells us otherwise today.

Caitlin

\*\*

Counsel,

I write with Smartmatic's proposal as promised. As we have repeatedly discussed with you, OANN's production remains severely deficient. OANN's recent production has not remedied that deficiency. To date, OANN has produced approximately 200,000 documents, the majority of which were produced just last month, and the lion's share of these productions contain non-responsive documents. By contrast, Smartmatic has consistently made material rolling productions and has to date produced over 2 million documents. Smartmatic's multiple motions to compel, teed up for the Court in early May, still await full briefing. Further, OANN has refused to produce any documents in response to Smartmatic's Second Set of Requests for Production, which will require the Court's intervention.

OANN must produce a full record before the parties can proceed to depositions. Given OANN's serious delay in complying with its discovery obligations, Smartmatic believes the parties require an extension of the fact discovery schedule such that discovery will end on **April 8, 2024.** Depositions should be scheduled to begin on **January 8, 2024**. Please let us know by **Thursday, September 14** whether OANN opposes this request.

Further, we believe deposition negotiations should begin once OANN is closer to making a full production, such that Smartmatic can assess how many witnesses are necessary based on how many individuals were involved in the defamatory publications. We propose that the parties negotiate deposition limits and begin scheduling discussions in November.  Please let us know OANN's position in response by this **Thursday, September 14**.

Best,
Caitlin

1



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, September 13, 2023 2:43 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

There is not a subpoena to Mr. Parisca, just a deposition notice since he is an employee.  On what basis are you moving for a protective order?

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, September 13, 2023 2:39 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

Please let me know today whether OANN is opposed to a motion for a protective order regarding OANN's deposition notices, and whether OANN is opposed to the motion we proposed regarding the scheduling order.

Please also note that Benesch represents Mr. Gallagher. Also note that Mr. Parisca is currently an employee of Smartmatic and is also represented by Benesch. We accept service of the subpoena on Mr. Gallagher. We do not believe that the subpoena targeting Mr. Parisca is appropriate and ask that you withdraw it given his status as a current employee. Please confirm.

Best,

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, September 13, 2023 2:20 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

Caitlin, thanks for your email below.  To be clear, our request was not for a "deposition planning" proposal, if by that you mean when depositions will commence, but only for number/hour limits of depositions.  There is nothing inappropriate, as you claim below, for seeking available dates for depositions we intend to take; rather, it is inappropriate not to provide requested dates.  We will address your email received at 9:54 p.m. last night regarding extending deadlines separately.

Please see attached deposition notices and subpoenas.  We are agreeable to adjust the dates/locations of the Smartmatic employee depositions if you give us dates for these to occur before October 13th – please advise.  If a single 30b6 witness will be designated to testify on behalf of all three plaintiffs, we can discuss consolidation of the noticed depositions.  We will make ourselves available to meet and confer with you to discuss the 30b6 topics under FRCP 30(b)(6).

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, September 11, 2023 10:32 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are in discussions with our client regarding Smartmatic's proposal on deposition planning. We will reach out with that proposal when it is signed off. OANN's unilateral deadlines below are, of course, inappropriate, especially in the face of OANN's failure to comply with its discovery obligations, and its efforts to take advantage of Smartmatic's compliance in the meantime. We will share Smartmatic's proposal as soon as practicable.

Regards,



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Sunday, September 10, 2023 3:09 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Re: Smartmatic v. OANN - Deposition Scheduling

John,

Thanks for your email. We will be in touch tomorrow. Have a great rest of your weekend.



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Sunday, September 10, 2023 2:00:17 PM
**To:** Wilkes, Christopher <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>

**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling


Caitlin, we ask that you provide available dates for Smartmatic counsel and the witness for the depositions of the Smartmatic employee/representative(s) listed below during the weeks of September 25 and October 2, 2023.  We ask that dates be provided by 5pm on Tuesday, September 12.  If dates during the requested two-week period are not provided by Tuesday, we'll proceed to notice the depositions during the weeks of September 25th or October 2nd via service upon your firm (unless you advise otherwise).

1.    Alexander Aparicio
2.    Rule 30b6 witness for each Plaintiff (topics attached)

Further, below are names and dates for the depositions of third-party witnesses we intend to depose at this time.  Please advise which dates work for Smartmatic counsel by 5pm on Tuesday, September 12 – if we don't receive dates, we'll proceed to serve subpoenas for one of the dates listed below.

1.    Jack Blaine – Sept. 29, Oct. 2, 3
2.    Hugh Gallagher – Oct. 4, 5, 6.
3.    Ernesto Parisca – Oct. 9, 10, 11.


Finally, I await a response to my email from Wednesday (below) proposing 120 hours of deposition time per side, including third parties but excluding expert witnesses.  If we don't hear back with a substantive proposal by Tuesday, we'll conclude that your prior refusal to discuss deposition parameters at this time has not changed.


Thanks. - John

---

**From:** Edwards, John
**Sent:** Wednesday, September 6, 2023 10:44 AM
**To:** 'Wilkes, Christopher' <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

Caitlin, we disagree with the characterizations of our intended international discovery made in your September 5 letter (attached), which you sent after our letter memorializing the parties' meet and confer (also attached).

As for deposition planning, I understand that you seek to prevent depositions until the May 5 Joint Notice is resolved. We have never agreed to that and do not agree now. To meet the Court's December 8 fact discovery deadline, depositions must start immediately. There is no stay of discovery and no rule under which either party can unilaterally dictate the timing of depositions. Absent such restrictions, either party is free to conduct depositions.

We are puzzled by your approach, as Plaintiffs are typically eager to *commence* depositions. Your reluctance to do so, falsely premised on the need for "substantial completion" of OAN's production which is, in fact, substantially complete, suggests an unwillingness to prosecute this case. Unless you agree to negotiate now in good faith on deposition hour limits, we are considering a motion to dismiss for failure to prosecute. Our proposal is this: 120 hours per side, to include third-parties but exclude expert witnesses. Please let me know your position; and if you remain unwilling to engage, tell us whether you are opposed to a motion to dismiss for failure to prosecute the case.

Thanks. - John

---

**From:** Wilkes, Christopher <CWilkes@beneschlaw.com>
**Sent:** Tuesday, September 5, 2023 6:44 PM
**To:** Edwards, John <jedwards@jw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel,

Please find Smartmatic's letter regarding today's meet and confer attached.

Thanks,
Chris



Christopher J. Wilkes
(he/him/his)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4968 | CWilkes@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, September 5, 2023 2:07 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Smartmatic v. OANN - Meet & Confer Letter

Please see attached letter regarding today's meet and confer. Thanks. - John

**From:** Edwards, John
**Sent:** Friday, September 1, 2023 1:33 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin:

Yes, we are many months into the litigation, and Smartmatic has yet to disclose to us what types of damages it is claiming and in which countries and jurisdictions it is claiming damages based on potential engagements that include terminated or non-renewed contracts. We asked for this information long ago as it pertains to international discovery (*e.g.*, RFPs 26, 27, 28, 30, 37, 40-41, 57-58, and ROGs 4, 7, 12), but even during our call last week you were unable to tell us without first reviewing OAN's document production. We would like to meet and confer today or no later than Tuesday. In anticipation of doing so, here are a few points that we ask that you consider:

1.      You take issue with "documents and communications regarding issues, problems, and investigations relating to Smartmatic software," saying that the discovery sought has "no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation." But issues, problems and investigations into Smartmatic would have a direct impact on its reputation. Smartmatic is claiming reputational harm. That Smartmatic obtained – independent of anything OAN did – a negative reputation through issues, problems, and investigations in those jurisdictions is directly relevant to both causation and damages.

        Smartmatic is dogged by its history — the Venezuelan roots, the CFIUS investigation, continuing controversies around the Philippines and Kenyan elections, etc. These have made it hard for Smartmatic to rehabilitate its corporate image, which directly relates to causation and damages. Courts have permitted introduction of evidence (and hence discovery, since relevance is broader than the standard for admissibility) of specific acts of misconduct in a libel case.  *See, e.g.*, *Schafer v. Time, Inc.*, 142 F.3d 1361, 1370 (11th Cir. 1998).

        Smartmatic has put its reputation at issue in this case, and we are entitled to seek discovery about it – and we are not limited in discovery of these matters to what Smartmatic may possess.

2.      Regarding Kenya and Belgium, you claim that "Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium." But what happens when Kenya or Belgium impacts whether another jurisdiction may decide to contract with Smartmatic?

        If Smartmatic has had issues, problems, or been investigated in those jurisdictions, that is relevant regardless of whether Smartmatic is seeking damages from those two jurisdictions. For the same reason, your statement that OAN "is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert" misses the point (and is misleading, as Smartmatic has refused to produce any communications). The test for relevancy is not limited to only those jurisdictions where Smartmatic is seeking damages. Just as a defendant in a lost profits case can show that lost profits were due to some other cause, OAN can show that Smartmatic's significant troubles in various jurisdictions – not any statements on OAN – are to blame for any purported inability to get contracts. We are entitled to third-party discovery on these issues.

3.      Regarding your speculation relating to the time that it will take to execute international discovery, even if it weren't speculation it would not matter, as it is no reason to not permit an attempt to get the discovery. Moreover, it is Smartmatic's near-total refusal to provide any information on international dealings (in a case where it seeks

international damages) that is largely to blame. Your reference to a discovery extension jumps the gun. That is not a pending request. Speculation that none of the requested discovery will be in by a certain time is just that: speculation. And, we are commencing the discovery well before the fact discovery deadline.

Again, we ask that you reconsider and would like to meet and confer over the phone today or Tuesday at the latest. Please provide times that you are available.

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 30, 2023 8:32 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel,

### International Discovery

Thank you providing the details of your planned request for international discovery. After analyzing your requests, we can confirm that we oppose them for several reasons, as described below. We are happy to meet and confer further on these issues if you are willing.

First, the requests seek documents that are irrelevant to OANN's defamation. For example, documents in the sole possession of a foreign government regarding "documents and communications regarding issues, problems, and investigations relating to Smartmatic software" have no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation.

Second, certain of OANN's requests relate to potential contracts with Kenya and Belgium. But these contracts have no relevance to Smartmatic's case against OANN. Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium. And, OANN is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert with respect to its damages claims; there is no need to launch a barrage of international discovery, 10 months into the litigation, to obtain documents related to damages.

Third, as you likely know, requests for discovery from international governments often take years to be processed, whether they are successful or not. Discovery in this case has been ongoing since October 2022, and the fact discovery deadline is coming up on December 8, 2023. OANN's proposed requests are incredibly unlikely to result in any production of documents by that time, and the tangential relationship they have to the case does not justify an extension of the discovery deadline to allow OANN time to pursue discovery from <u>eight</u> foreign governments. If OANN wanted to pursue this discovery, it should have done so much earlier.

### Spanish Search Terms

Attached is a list of Spanish search terms we have used to identify relevant documents. These terms have been run in addition to (and not in place of) the English terms the parties have discussed. Please let us know if you have any questions.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 28, 2023 8:13 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

John,

This is received. We will respond as soon as we can.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 28, 2023 2:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter

<mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, we had asked that the following information be provided by last Friday, but no response:  (1) Spanish language queries used in related litigation; and (2) deposition limits agreed to (or proposed) in related litigation.  Please let us know today.

Also, attached is a letter providing additional information about our motion related to international discovery.  Please advise whether opposed or unopposed by Wednesday, August 30, 2023.

Thanks. - John

---

**From:** Dickson, Carter <cdickson@jw.com>
**Sent:** Thursday, August 24, 2023 11:07 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin and Olivia,

Please see the attached letter and revised Exhibit A.

Thanks,
**Carter Dickson**
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4331 | F: (713) 752-4221 | cdickson@jw.com



---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 23, 2023 9:47 AM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel,

In advance of our conversation, please see the attached letters previously exchanged between the parties. Specifically, see p. 11 of both exchanges.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 5:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

That should work on our end – I'll send an invite.

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 16, 2023 3:30 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are currently open next Wednesday morning. Could we pencil in 10am?

There's a small chance I will have a conflict pop up that requires some adjustment. If so, I'll let you know ASAP, and will try to avoid that.

Thanks,
Caitlin



Caitlin A. Kovacs

<div style="border-left">

(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

</div>

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 12:43 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, thank you for the letter & email below.  I am in depositions until Tuesday – would you be available to meet & confer on Tuesday between noon-5pm or on Wednesday morning before noon?

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, August 15, 2023 3:19 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

Our response to your August 3 letter is attached. We request a meet and confer on a handful of specified topics within the letter. We are available this Thursday between 9:30-2 CT or on Friday between 10-4 CT.

As for your questions below:

1. As we have previously indicated, there are currently no expert reports in the Fox litigation. Once expert reports are exchanged, we will consider producing them here if they are relevant.
2. Smartmatic is asserting reputational harm in foreign countries. Is there an interrogatory OANN has issued that you would like to point us to as the basis for further discussion?
3. We are happy to hear any proposal OANN has regarding depositions.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 14, 2023 11:51 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>;
Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn
<JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>;
Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori
<temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, you indicated below we would hear back in response to my July 25 and August 3 letters last week but
we did not.  It's been 3 weeks since the July 25 letter.  We request a meet & confer by this Wednesday on the
subjects outlined in the July 25 and August 3 letters as well as the following:

1.      Whether Smartmatic will produce its expert reports issued in its case against Fox, and if so, when.
2.      Whether Smartmatic is claiming damages from reputational harm in any foreign countries, and if so,
which ones.
3.      Discussion of deposition limits – number/hours.

Please let me know your availability today through Wednesday.  Thanks. - John

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 7, 2023 6:15 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer,
Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl
<cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter
<cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily
<erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are in receipt of OANN's July 25 and August 3 letters. We will respond to both of them this week.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Thursday, August 3, 2023 4:36 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter.

Thanks. – John

---

**From:** Edwards, John
**Sent:** Tuesday, July 25, 2023 5:19 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter and search terms chart.  Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Friday, July 21, 2023 4:03 PM
**To:** Edwards, John <jedwards@jw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>
**Subject:** Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

Please see the attached correspondence, which includes an updated search terms chart. We've included a word version of the chart for ease of reference.

Have a great weekend.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice