IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., | Judge Carl J. Nichols |
| Defendant. | |

**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO ISSUE A PROTECTIVE
ORDER, STAY DEPOSITIONS, AND AMEND SCHEDULING ORDER**

## TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................. 1

II.   ARGUMENT ....................................................................................................... 1

      A.    There is Good Cause to Issue a Protective Order Quashing
            OANN's Deposition Notices and Stay Depositions. .......................................... 1

            1.   The Sequence of Discovery Matters to the Efficient
                 Resolution of This Litigation. ............................................... 2

            2.   OANN Blatantly Ignores the Thirteen Pending Disputes
                 Before This Court. ................................................................ 3

            3.   Smartmatic Made OANN Aware of Its Position on
                 Noticing Depositions in a Timely Manner. ............................. 7

            4.   OANN's Production Remains Deficient. ................................. 9

            5.   Staying Depositions Will Avoid Undue Burden and
                 Expense. ............................................................................ 10

      B.    Smartmatic Established Good Cause To Amend the Scheduling
            Order. ........................................................................................... 11

            1.   The Factors for Determining Good Cause Weigh in
                 Smartmatic's Favor. .......................................................... 11

            2.   Smartmatic's Diligence Throughout Discovery
                 Warrants an Amendment of the Scheduling Order. ............. 12

            3.   OANN Would Not Be Prejudiced By The Amendment of
                 the Scheduling Order. ........................................................ 16

III.  CONCLUSION ................................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Byrd v. District of Columbia*,
    259 F.R.D. 1 (D.D.C. 2009)..................................................................................2

*Crawford-El v. Britton*,
    523 U.S. 574 (1998)....................................................................................2, 3

*Dag Enterprises, Inc. v. Exxon Mobil Corp.*,
    226 F.R.D. 95 (D.D.C. 2005)..............................................................................15

*Danzy v. IATSE Loc. 22*,
    2020 WL 6887651 (D.D.C. 2020) ......................................................................13

*Equal Rts. Ctr. v. Post Properties, Inc.*,
    2008 WL 11391642 (D.D.C. May 27, 2008) ......................................................16

*Hogan v. DC Comics*,
    1997 WL 570871 (N.D.N.Y. Sept. 9, 1997) ........................................................3

*Kline v. Berry*,
    2012 WL 2376982 (D.D.C. 2012) ........................................................................2

*Rae v. Children's Nat'l Med Ctr.*,
    2017 WL 1750255 (D.D.C. 2017) ..........................................................11, 12, 13

*Rundquist v. Vapiano SE*,
    277 F.R.D. 205 (D.D.C. 2011)............................................................................15

*Saunders v. District of Columbia*,
    279 F.R.D. 35 (D.D.C. 2012)........................................................................14, 15

*In re Subpoena to Wang*,
    214 F. Supp. 3d 91 (D. D.C. 2016) ......................................................................4

*United States v. Kellogg Brown & Root Servs., Inc.*,
    285 F.R.D 133 (D.D.C. 2012)............................................................................13

*United States v. Sci. Applications Int'l Corp.*,
    2006 WL 8435222 (D.D.C. Feb. 28, 2006) ........................................................3

*Walker v. D.C.*,
    317 F.R.D. 600 (D.D.C. 2016)..............................................................................9

*Watt v. All Clear Bus. Sols., LLC,*
   840 F. Supp. 2d 324 (D.D.C. 2012) .......................................................................16

*Williams v. Johnanns,*
   2006 WL 3826967 (D.D.C. 2006) ........................................................................15

**Other Authorities**

Fed. R. Civ. P. 26(a)(2) ...........................................................................................18

Fed. R. Civ. P. 26(c)(1) ..........................................................................................1, 2

Fed. R. Civ. P. 26(d) ...............................................................................................2,3

Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively, "Smartmatic") submit this reply in support of its Motion To Issue A Protective Order, Stay Depositions, And Amend Scheduling Order ("Motion") (Dkt. 96), and in response to Herring Network Inc.'s (d/b/a OANN) ("OANN") Response In Opposition To Smartmatic's Motion ("Opposition") (Dkt. 98). Smartmatic submits this motion pursuant to Federal Rule of Civil Procedure 26(c).

## I.      INTRODUCTION

There is good cause for this Court to (a) issue a protective order quashing OANN's deposition notices, (b) stay depositions through January 8, 2024, and (c) amend the scheduling order accordingly. *See* Fed. R. Civ P. 26(c). OANN's Opposition demonstrates, yet again, its attempt to blow through discovery without fulfilling its own obligations. OANN continues to ignore pending disputes before this Court, manufacture facts, and misinterpret the law.

Smartmatic's motion follows a year-long effort to extract meaningful discovery from OANN. Now, just two months from the close of fact discovery, OANN has finally produced certain relevant documents (though certainly not all), identified 64 relevant witnesses for the first time, and claims to be in great haste to begin depositions of Smartmatic employees *before* OANN sufficiently completes its own production. While the parties' significant production-related disputes remain pending, OANN should not be able to take advantage of Smartmatic's diligence and be rewarded for its own delay.

## II.     ARGUMENT

### A.      There is Good Cause to Issue a Protective Order Quashing OANN's Deposition Notices and Stay Depositions.

A court may, for good cause, issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or *undue burden or expense.*" Fed. R. Civ. P. 26(c)(1)

(emphasis added). In ruling on a motion for protective order, the trial court weighs the burden to the moving party against the proponent's interest in obtaining the information. *Low v. Whitman*, 207 F. R. D. 9, 10 (D.D.C. 2002). The court can then modify or quash any subpoena that imposes an undue burden. *Byrd v. District of Columbia,* 259 F.R.D. 1, 9 (D.D.C. 2009). The party seeking a protective order bears the burden of demonstrating that a subpoena should be modified or quashed. *Kline v. Berry*, 2012 WL 2376982, at *1 (D.D.C. 2012).

1.      **The Sequence of Discovery Matters to the Efficient Resolution of This Litigation.**

The Federal Rules of Civil Procedure of course allow the methods of discovery to proceed in any sequence. Fed. R. Civ. P. 26(d)(3). However, this in no way limits the Court's discretion to issue a protective order for good cause. *See* Fed. R. Civ. P. 26(c)(1)(B); *Progressive Cas. Ins. Co. v. FDIC for Sun West* Bank, 2014 WL 12787793, at *3 (D.D.C. 2014) ("The decision to impose a particular sequence of discovery methods is therefore committed to the discretion of the trial judge"). Courts should exercise their discretion to determine a sequence of discovery that results in the prompt and efficient resolution of a lawsuit. *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).

As discussed below, there are thirteen discovery disputes pending before this Court, and more are forthcoming. OANN continues to seek a large scope of additional document production from Smartmatic, which directly impacts the scope of depositions. For example, OANN's notices include three FRCP 30(b)(6) depositions, each of which covers 23 broad topics related to Smartmatic's claims. Many of the ongoing disputes between the parties and pending written discovery requests directly relate to the topics in these deposition notices. Topics 13 and 14 relate to Smartmatic's source code. Yet OANN *just* issued a request for inspection of source code on September 18.  The deadline to respond has not yet passed. And OANN included seven requests

regarding Smartmatic's source code in its Second Set of Requests for Production, which are the subject of Smartmatic's motion for protective order filed in July. (Dkt. 81-005). These are just two examples of corporate representative topics for which OANN prematurely seeks testimony. If documents have not been produced that relate to proposed deposition topics, the depositions should be delayed. *United States v. Sci. Applications Int'l Corp.*, 2006 WL 8435222, at *7 (D.D.C. Feb. 28, 2006) (delaying 30(b)(6) deposition until relevant documents were produced in response to written discovery requests); *Hogan v. DC Comics*, 1997 WL 570871, at *9 (N.D.N.Y. Sept. 9, 1997) (delaying a deposition where the documents relevant to a deposition topic had not yet been produced).

Allowing depositions to move forward with the risk that additional discovery would alter the scope of discovery and require a re-do on numerous depositions "does not support the prompt and efficient resolution of [this] lawsuit." *Crawford-El,* 523 U.S. at 599 (noting that the trial court has discretion under FRCP 26(d) to manage the order of discovery to facilitate the efficient resolution of a lawsuit). As such, the Court should exercise its discretion to quash the depositions noticed and stay depositions until the record is further developed.

### 2. OANN Blatantly Ignores the Thirteen Pending Disputes Before This Court.

In its Opposition, OANN once again grossly mischaracterizes the status of discovery. OANN attempts to write off each pending dispute before this Court as resolved, irrelevant, or otherwise immaterial. Yet, there are *thirteen* pending discovery issues before this Court, each of which will have a substantial impact on the scope of depositions in this matter. A ruling on these issues will directly impact the scope of permissible discovery and each party's respective obligations. These pending disputes constitute good cause to issue a protective order and stay

depositions. *See In re Subpoena to Wang*, 214 F. Supp. 3d 91, 96 (D. D.C. 2016) (quashing deposition subpoena due to pending privilege disputes).

The parties' May 5, 2023, Joint Notice of Unresolved Discovery Disputes contains eleven pending discovery disputes before this Court. (Motion at 14). OANN illogically contends that the May 5 Joint Notice cannot be considered pending because only one of four issues Smartmatic raised therein remains unresolved. (Oppo. at 2). OANN cannot unilaterally decide when discovery disputes submitted to the Court are resolved. And its claim here is incorrect.

Smartmatic raised four issues in the Joint Notice: 1) OANN's failure to produce documents; 2) OANN's failure to disclose relevant witnesses; 3) OANN's failure to produce financial records; and 4) OANN's failure to agree to completion of document production. With respect to issues one, two, and four, OANN claims that its recent actions have made these issues moot. But Smartmatic disagrees. Smartmatic still asserts that OANN has failed to produce the necessary documents, has not been forthcoming with the witnesses it has identified to date, and has not complied with a deadline for substantial completion. It is undisputed that issue 3 is still unresolved. (Oppo. at 2).

Further, all seven issues that OANN raised in the same submission remain unresolved. In the May 5 submission, OANN raised the following issues: 1) the relevance of government investigations into Smartmatic; 2) the permissible scope of requests relating to criticisms and reputational issues of Smartmatic; 3) whether OANN can explore a broad theory of damages; 4) the relevance of related litigation 5) the relevance of all Smartmatic Entity's Board of Director's meeting minutes; 6) OANN's broad request for information on all of Smartmatic's vendors and manufacturers from 2004 onwards; and 7) OANN's misguided belief that Smartmatic is withholding documents produced by third party subpoenas. All of these disputes are still

4

outstanding. At no point has OANN indicated to Smartmatic or the Court that it no longer seeks leave from the Court to move to compel on these issues.

Nor can OANN claim these issues are moot when it just raised them again in letters to Smartmatic sent on September 18, 19, and 20. (Ex. B, Sullivan Decl. ¶ 12). For example, on September 18, OANN asserted in a letter that Smartmatic still has not complied with its request to identify vendors and manufacturers. Smartmatic disagrees with this assertion. This demonstrates that the dispute on issue 6 is still active. (*Id*.). The same can be said for issue 2; OANN asserted in its September 19 and 20 letters that Smartmatic has still not produced documents relevant to criticisms and reputational issues. (*Id*.).

A ruling on each issue will directly impact the scope of permissible discovery and the documents Smartmatic will be required to produce. In turn, this will necessarily influence the questions OANN can ask during depositions. These disputes should be adjudicated before depositions begin to prevent the witnesses from being exposed to multiple depositions.

OANN's motion for recusal is also pending before this Court. Smartmatic is in no way "blaming" Judge Upadhyaya for OANN's motion. (Oppo. at 3). OANN's suggestion otherwise is transparent and baseless. Indeed, it was OANN that filed a meritless motion for recusal of Judge Upadhyaya after all discovery disputes were referred to her, and it is OANN's motion that has delayed the resolution of discovery disputes and the completion of fact discovery. Judge Upadhyaya has rightfully refrained from ruling on the parties' discovery disputes while her recusal is pending. Contrary to OANN's assertion, the resolution of that recusal motion bears directly on the upcoming depositions *and* the speed at which the parties can diligently complete fact discovery. (*Id*. at 3). Pending issues in the Joint Notice, such as the relevance of government investigation into Smartmatic, the relevance of related litigation, and the permissible scope of requests relating

to criticisms and reputational issues of Smartmatic, directly impact the scope of depositions and must be adjudicated by a magistrate judge. Moreover, if Judge Upadhyaya decides to recuse herself, additional time will be needed to appoint a new magistrate and adjudicate the parties' pending discovery disputes.

Smartmatic's Motion for Protective Order to Quash OANN's Second Set of Requests for Production is also pending. (Dkt. 81). OANN has taken the position that many of the RFPs Smartmatic seeks to quash are "necessary to OAN's defense." (Dkt. 89 at 2). If documents responsive to these requests are truly necessary, it would make sense for the parties to await a ruling from the Court before OANN pursues its defensive theories in depositions. In all, thirteen discovery disputes are currently pending before the Court.

Further, OANN seemingly ignores that in addition to the thirteen discovery disputes already pending, the parties are in the process of drafting a joint submission to the Court that will raise an underline additional five disputes. (Ex. B, at ¶ 5). The disputes raised by Smartmatic include 1) OANN's refusal to produce any documents in response to Smartmatic's Second Set of Requests for Production; 2) OANN's insufficient production in response to Smartmatic's First Set of Requests for Production; and 3) OANN's blanket refusal to produce documents it is already producing in related litigation. (*Id.*). And OANN has raised issues related to the "proposed custodians and search queries for Plaintiffs' document collection and production"[1] and "Plaintiffs' response to Defendant's Interrogatory No. 4."[2] (*Id.*). These issues directly impact the scope of

---

[1] Just this week, OANN sent Smartmatic another letter asking it to run additional search terms, on top of the 350 it has already run. (Ex. B, at ¶ 13). It is clear from letters such as this that OANN is in no way done seeking documents from Smartmatic.

[2] OANN's Interrogatory No. 4 requests that Smartmatic identify all contracts Smartmatic has sought from private and governmental entities.

depositions. Both parties would suffer prejudice if depositions proceeded without a resolution of these eighteen open disputes.

### 3. Smartmatic Made OANN Aware of Its Position on Noticing Depositions in a Timely Manner.

OANN's representation that it first learned its production was grossly deficient when reading Smartmatic's motion is demonstrably false. (Oppo. at 5). Smartmatic did not baselessly refuse to discuss depositions for over a month. (*Id*. at 8). And, as shown above, the pending discovery disputes before this Court have not "for the most part,…already been resolved." (*Id*. at 13). These are all mistruths. OANN's blatant disregard for the facts is unacceptable.

By way of example, in the parties August 23 meet and confer, Smartmatic expressed concern that OANN's production remained deficient and that OANN would likely "produce a document dump on the August 28 substantial completion deadline or OANN's production would be severely deficient." (Ex. B, at ¶ 6). Smartmatic specifically noted that "it had received *none* of the internal exchanges that it would expect from a broadcast news organization. Smartmatic ha[d] not yet identified *any* documents reflecting the creation of graphics; no documentation of booking guests or gathering sources; and no documents that reflect *any* planning for shows." (*Id*.). OANN did in fact produce a document dump on August 28, yet the document dump was insubstantial and deficient. (Motion at 6-7).

In the parties' September 5 meet and confer, Smartmatic reiterated that it is "unable to make an informed assessment of its deposition needs until OANN's production is substantially complete." (Ex. B, at ¶ 7). OANN responded to this letter and acknowledged that Smartmatic's "reluctance" to begin depositions is "premised on the need for 'substantial completion' of OAN's production…" (*Id.*). Smartmatic continued to raise these concerns and objected to proceeding with depositions on September 11, 12, and 13. (*Id*.). OANN knew its production was deficient far before

the filing of this motion and that Smartmatic would not commit to limitations or dates for depositions until the deficiencies were remedied.

Nevertheless, OANN's Opposition contends that Smartmatic refused to discuss depositions "for nearly a month" from August 14 to September 11. (Oppo. at 8). This is factually incorrect. On August 23, the parties discussed scheduling depositions.[3] (Ex. B, at ¶ 8). Per OANN's own letter memorializing the meet and confer, Smartmatic stated that the parties should schedule depositions to begin after the Court had ruled on the issues raised in the parties' May 5, 2023 Joint Notice. (*Id.*). OANN then requested that "Smartmatic confer with us further on this issue after August 28." (*Id.*). The parties reconvened on September 5. (*Id.* at ¶ 9). Throughout these discussions, Smartmatic explained that it did not believe it was prudent to commit to deposition limits or specific dates until more discovery disputes were resolved and document production was substantially complete. (*Id.*).

As OANN expressly acknowledged earlier in its Opposition, "[o]n September 11, 2023, Smartmatic sent a letter accusing OANN of a deficient document production." (Oppo. at 4). Yet in OANN's Opposition, in which it claimed this was the first time it was made aware of its deficiencies, was filed on September 27. (*Id.* at 5).

Beyond the discussions that have occurred over the last two months, Smartmatic warned OANN five months ago that if document production was not completed, it would be impossible for the parties to begin and complete depositions by the close of discovery. In an April 20 letter to OANN, Smartmatic stated:

> Smartmatic rejects OANN's assertion that the time pressure is "manufactured" based on the fact discovery deadline of December 8, 2023. After six months of discovery, OANN has produced to Smartmatic a total 97

---

[3] The parties differ in opinion on what was agreed to in this meet and confer. Smartmatic recalls OANN agreeing to the stay of depositions until the Court's ruling on the May 5 submission. OANN refutes this point. Regardless of whether the parties came to an agreement, the fact remains that deposition scheduling was discussed.

documents and has taken two months to consider just one set of search terms. At this rate, the parties will not be in a position to complete depositions by the court-ordered deadline. While we would prefer not to bring your continued delays to the Court, we will do so if we cannot agree on a reasonable schedule that allows us to progress discovery and adhere to the Court's deadline.

(Ex. B, at ¶ 18).

OANN ultimately did not agree to a reasonable schedule that would allow the parties to complete depositions before December 8, in fact, OANN did not agree to a schedule at all. This resulted in Smartmatic approaching the Court a week later for leave to compel OANN to agree to a production schedule, as evidenced by the May 5 Joint Notice.

### 4.    OANN's Production Remains Deficient.

Importantly, even after the filing of the Motion, OANN has failed to substantially produce documents. On September 12, 2023, Smartmatic (for a second time that day) contacted OANN about its production deficiencies. Smartmatic proposed both an extension of the fact discovery deadline and staying depositions. (Motion at 8). OANN conveniently left this communication out of its timeline as provided to the Court. (Oppo. at 8). OANN ignored Smartmatic's proposal and instead issued seven deposition notices. Only later, on September 25, 2023, did OANN begin to supplement its production, and that supplement in no way alleviates OANN's deficiencies or establishes OANN's purported diligence. (Ex. B, at ¶ 10); *see Walker v. D.C.*, 317 F.R.D. 600, 605 (D.D.C. 2016) (awarding Plaintiff fees and costs because Defendant did not comply with discovery obligations until after Plaintiff's Motion was filed).

Further, OANN incorrectly contends that Smartmatic has not outlined categories of deficiencies. (Oppo. at 5). Again, this claim is demonstrably false. Smartmatic's September 11 letter describes, with specificity, OANN's deficiencies with respect to fifteen requests for

production. (Ex. B, at ¶ 11). OANN's response, which amounted to a redline of Smartmatic's own letter, did not adequately address Smartmatic's concerns. (*Id*.). For example, Smartmatic pointed out that OANN's production was missing employment contracts for all but two of the OANN hosts who made defamatory statements. In response, OANN provided Smartmatic with the Bates numbers for two more contracts. (*Id*.). Identifying only four contracts for hosts when there are twelve hosts at issue means the production is still deficient. OANN's production remains deficient.

In defiance of Smartmatic's repeated requests for substantial production of discovery and direct communication of problematic areas, OANN's production remains deficient. OANN's last-ditch efforts following Smartmatic's Motion did not save its deficiencies, and Smartmatic should not be punished for OANN's failure to diligently comply with its discovery obligations.

### 5.    Staying Depositions Will Avoid Undue Burden and Expense.

Smartmatic respectfully requests this Court amend the scheduling order to ensure that substantial production and resolution of disputes occur before depositions proceed. Staying depositions until January 8, 2024, would enable the parties to receive guidance from the Court on outstanding issues and ensure that substantial document production is complete.

When the parties began discussing depositions, Smartmatic remained hopeful that OANN would engage in good faith. In fact, following the parties' August 23 meet and confer, Smartmatic was under the impression that OANN agreed to stay depositions until judicial resolution of the May 5 submission. (Ex. B, at ¶ 8). OANN swiftly backed down from that position and unilaterally pushed for depositions to proceed despite its deficient production. (*Id*.).

Smartmatic has adequately established that there is good cause to issue a protective order quashing all seven deposition notices and to stay depositions until January 8, 2024. If Smartmatic's motion is not granted, Smartmatic will be prejudiced by entirely avoidable undue burden and expense. Accordingly, the Court should exercise its discretion and grant Smartmatic's Motion.

**B.      Smartmatic Established Good Cause To Amend the Scheduling Order.**

OANN relies on six factors for determining if good cause exists to amend the discovery schedule. (Oppo. at 13) (citing *Rae v. Children's Nat'l Med Ctr.*, 2017 WL 1750255, at *2-3 (D.D.C. 2017)). Notably, both the factors and holding in *Rae* support Smartmatic's Motion. *Rae*, 2017 WL 1750255, at *2-3. In *Rae*, the court amended the discovery schedule because trial was not imminent, the defendant was on notice of plaintiff's intent to seek relevant discovery, and plaintiff exhibited diligence in seeking a change to the discovery schedule. *Id*. The court could not identify any prejudice to the defendants and found that the factors ultimately weighed in plaintiff's favor. *Id*. The factors also support the extension of discovery here. As such, Smartmatic's Motion to amend the scheduling order should be granted.

**1.      The Factors for Determining Good Cause Weigh in Smartmatic's Favor.**

To determine whether good cause exists, the Court considers the following factors: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence." *Rae*, 2017 WL 1750255 at *2. In its Opposition, OANN glosses over the fact that these factors are not favorable to its analysis.

First, it is undisputed that a trial date is not imminent because there is not a set trial date. *Rae*, 2017 WL 1750255 at *2 (finding that where no trial date was set, this factor weighed in favor of amending the discovery schedule). The court in *Rae* also noted that this was plaintiff's first request to amend the discovery schedule, which weighed in favor of granting the request. *Id*. The same is true for Smartmatic. Second, while this request is opposed, this does not outweigh the

ultimate finding that good cause exists for amending the schedule. *Id.* at *3. Third, with respect to foreseeability, Smartmatic has experienced an inability to get discovery from OANN for months. Smartmatic was originally hopeful the parties would make significant progress in negotiations. As discussed below, when it became clear that the December 8 deadline could not be met without severe prejudice to Smartmatic, it filed the Motion. Fourth, looking at whether the discovery Smartmatic seeks is relevant, that is undisputed. As has been discussed at length in this motion, Smartmatic seeks further discovery and the resolution of discovery disputes to obtain documents and information from OANN that are critical to its ability to assert its claims. *Rae*, 2017 WL 1750255 at *3 (the discovery sought by plaintiff was "relevant, if not integral, to Plaintiff's claims."). The factors regarding diligence and prejudice are discussed below.

### 2.      Smartmatic's Diligence Throughout Discovery Warrants an Amendment of the Scheduling Order.

OANN urges the Court to consider what Smartmatic "fail[s] to accomplish," yet points to no areas where Smartmatic's efforts are actually insufficient. (Oppo. at 10) (citing *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 106 (D.D.C. 2005)). OANN posits that Smartmatic is not diligent because it 1) will not negotiate deposition procedures; 2) served its Second Set of RFPs two months after the original deadline for written discovery; and 3) did not respond to OANN's Second Set of RFPs. (*Id*. at 13). OANN is once again blatantly mischaracterizing facts. Smartmatic discussed depositions with OANN for almost two months. Smartmatic moved for a protective order with respect to OANN's Second Set of RFPs on July 7, 2023, and that is pending before this Court. (Dkt. 81). And the timeliness of Smartmatic's Second Set of RFPs is the subject of Smartmatic's motion for an extension of the deadline filed on May 31, 2023 (Dkt. 54), which OANN originally did not oppose and is also included in parties'

forthcoming joint submission.[4] (Motion at 7). Smartmatic has been, and continues to be, diligent in moving discovery forward. Smartmatic filed this Motion to ensure *both* parties have sufficient guidance on the scope and course of discovery moving forward.

OANN asserts that Smartmatic's motion is "premature" and that Smartmatic should focus over the next two months on obtaining the discovery it needs to support its claims. (Oppo. at 13). Smartmatic has focused on getting the discovery for the last *year*. OANN has continuously put up roadblocks. As noted in its Motion, Smartmatic has made timely rolling productions since February, met and conferred with OANN dozens of times, pushed OANN to agree to document production schedules and escalated disputes to the Court when necessary. (Motion at 9, 13). Despite these efforts, OANN delayed the production of documents, ignored deadlines, and withheld critical information from Smartmatic. (*Id.* at 3, 4, 11, 12). Based on Smartmatic's actions over the last year, it is impossible that its "conduct could be described as anything less than diligent." *Rae*, 2017 WL 1750255 at *3; *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D 133, 138 (D.D.C. 2012) (extending scheduling order to allow for additional discovery); *Danzy v. IATSE Loc. 22*, 2020 WL 6887651, at *10 (D.D.C. 2020) (party exhibited requisite diligence under the good cause standard by completing own production, providing opposing counsel with notice of objections, and ultimately delaying the issuance of subpoenas to preserve judicial resources).

In addition, Smartmatic's year-long push to move discovery forward with the explicit purpose of meeting the December 8 discovery deadline is well documented. As early as February 2023, Smartmatic was concerned that OANN's gamesmanship would lead to delays in discovery. In a letter to OANN, Smartmatic stated, "OANN's positions create a Catch 22: OANN will only

---

[4] Smartmatic previously moved for an extension of the deadline to serve requests for production. (Dkt. 54). OANN was originally unopposed to this motion, yet changed its mind once it obtained new counsel. (Motion at 7).

produce ESI after Smartmatic proposes custodians, but it will not provide Smartmatic the information that Smartmatic needs to identify custodians. This is not an acceptable path forward and it threatens to substantially delay fact discovery." (Ex. B, at ¶ 14).

Then, on March 30, 2023, in a letter to OANN, Smartmatic proposed a production schedule after OANN refused to engage in discussions about document production. Smartmatic stated, "Smartmatic believes that this schedule, including the dates proposed above, are necessary to ensure that the parties will have sufficient time to comply with the fact discovery deadlines set by the Court." (Ex. B, at ¶ 16).[5] In the same letter, Smartmatic also pushed OANN to identify relevant witnesses that could be designated as custodians. On this point Smartmatic stated, "in the interest of complying with the Court's fact discovery deadlines, the parties must be in a position to identify and negotiate additional custodians at a date earlier than May 19, 2023. If the parties do not engage in such discussions until that time, they may not be able to commence depositions in a timely manner." (*Id.*).

And in June 2023, Smartmatic expressed its concerns again that if OANN did not produce documents sooner, the parties would not meet the December 8 deadline. Smartmatic's letter to OANN stated, "As fact discovery closes in December 2023 pursuant to the Court's current scheduling order, Smartmatic urged OANN's counsel to make additional productions sooner." (*Id.* at ¶ 19).

Further, OANN's Opposition relies on cases entirely inapposite to the present dispute. In *Saunders*, the Court found the moving party did not exhibit the requisite diligence under the good

---

[5] As part of the same push to set a document production schedule, in a March 29 letter, Smartmatic stated to OANN, "Smartmatic further proposes that, following April 28, 2023, the parties each make supplemental productions on May 12, 2023 and every two weeks thereafter until document production is complete. The parties in Smartmatic's lawsuit against Newsmax have followed the same protocol to ensure that fact discovery is completed in a timely manner. Smartmatic believes that this protocol will help keep discovery on track in this case as well." (Ex. B, at ¶ 15).

cause standard because "the Court did not hear a peep from the parties for…five months," and the parties presented no reason for the extension other than the "time consuming" and "complicated" process of discovery. *Saunders v. District of Columbia*, 279 F.R.D. 35, 37 (D.D.C. 2012). That set of facts is totally divorced from the reality of instant Motion. The thirteen pending discovery disputes before the Court make clear that Smartmatic consistently and diligently engaged in the discovery process to date. Smartmatic informed OANN about its concerns regarding insufficient production and deposition timing in August. Smartmatic continued to raise its concerns with OANN and the Court for over a month until OANN stopped engaging in good faith and bull-rushed into serving deposition notices.

In *Dag*, another case cited by OANN, the Court did not re-open discovery upon plaintiff's request because plaintiff did not request the proper information during the discovery period, even though they should have foreseen the need. 226 F.R.D at 106. Again, Smartmatic has sought the information it needs to support its claims, but that information has not been provided. One of the best examples of this is OANN's wholesale refusal to respond to Smartmatic's Second Set of Requests for Production, issued five months before the current close of discovery.

OANN's position that Smartmatic would only be diligent in seeking an extension "closer to the actual discovery deadline" is entirely backwards. (Oppo. at 14). Smartmatic filed this Motion because, despite Smartmatic's diligence, it is now very apparent that closing fact discovery on December 8 would be impossible. With just two months before the close of discovery, there are thirteen pending discovery disputes and at least five more to come. *See Rundquist v. Vapiano SE*, 277 F.R.D. 205, 213 (D.D.C. 2011) (permitting additional time for discovery due to litigation over deposition disputes). And OANN is still seeking additional discovery from Smartmatic. *See Williams v. Johnanns*, 2006 WL 3826967, at *9 (D.D.C. 2006) (extending discovery deadlines to

allow more time to complete discovery). Smartmatic filed its Motion on September 18 to promptly address what is an inevitable issue.

To the extent OANN's Opposition attempts to paint itself as the diligent party in this matter, such characterization is counterfactual. OANN provides examples of its "diligence," but it is noteworthy that the only examples it points to occurred in the last month. [6]  OANN points to no examples of its alleged diligence at any point before August 2023. Discovery began exactly a year ago. OANN spent the majority of that year coming up with excuses for why it could not identify relevant witnesses, negotiate search terms, or produce documents. (Motion, p. 3). OANN's recent efforts are insufficient to alleviate the prejudice it has already created.

### 3.   OANN Would Not Be Prejudiced By The Amendment of the Scheduling Order.

OANN has failed to show that it would be prejudiced by amending the scheduling order when the parties are still awaiting judicial resolution of the parties' disputes and completion of substantial document production.[7] *Watt v. All Clear Bus. Sols., LLC*, 840 F. Supp. 2d 324, 327 (D.D.C. 2012) (reopening discovery despite a diligence showing because "the opposition does not describe any significant prejudice [it] would suffer…"). OANN can only vaguely point to "more expense" and "unjustifiably" slowing down this proceeding. (Oppo. at 15); *Equal Rts. Ctr. v. Post Properties, Inc.*, 2008 WL 11391642, at *1 (D.D.C. May 27, 2008) (finding no prejudice in extending discovery deadlines where the dispositive motions and trial dates were still months

---

[6] OANN points out that they provided Smartmatic documents on September 25. (Oppo. at 4). Smartmatic filed its' Motion on September 18. OANN also stated its intent to supplement its response to eighteen interrogatories by October 2, but it has not. (*Id.* at 6). And OANN points out that it agreed to run additional search terms and agreed to six more custodians, but these both occurred recently. (*Id.*).

[7] In fact, "OAN willingly bears the risk that the Court could prevent it from taking a second deposition of any of the noticed witnesses." (*Id.* at 12).

away). OANN does not cite to a case to support its contention that hypothetical expenses or a minimal delay are sufficient to establish prejudice.

OANN created the delay in this case, and now it should not be allowed to claim prejudice. Every time Smartmatic pushed for a discovery schedule and tried to move discovery forward, OANN claimed there was no need to rush. In fact, in a letter from OANN, dated April 20, 2023, OANN reneged on a discovery schedule because it was "too ambitious." OANN went on to state, "it is the middle of April, and discovery is not set to close until December 8, 2023. There are no depositions scheduled, nor are there any other imminent deadlines. Any time pressure is purely manufactured, and it is much more reasonable and productive for the parties to achieve an informed, mutual understanding, rather than rushing to meet an artificial deadline." This statement makes it apparent that OANN regarded any agreed-upon deadline (not set by the Court) as meaningless, and it did not believe it was necessary to work diligently toward the close of discovery.

If OANN had a true interest in speeding up this proceeding, it would not have delayed discovery for almost a year by refusing to identify witnesses, withholding documents, and baselessly moving for recusal. And if OANN were seeking to avoid additional expenses, it would only make sense to take depositions once and conduct discovery correctly the first time. Issuing a protective order, staying depositions, and amending the scheduling order would not prejudice OANN but rather would ensure that both parties have the benefit of a fulsome production and the opportunity to conduct *one* round of depositions on the basis of a complete record.

## III.    CONCLUSION

Smartmatic respectfully requests that the Court revise the case schedule as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|

| Depositions May Commence | | January 8, 2024 |
|---|---|---|
| Completion of Fact Discovery | December 8, 2023 | April 8, 2024 |
| Proponents Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2) | January 19, 2024 | May 13, 2024 |
| Opponents Designate Expert Witnesses and Produce Expert Reports Under Fed. R. Civ. P. 26(a)(2) | February 23, 2024 | June 17, 2024 |
| Proponents Produce Responsive Expert Reports | March 22, 2024 | July 15, 2024 |
| Expert Depositions | May 3, 2024 | August 26, 2024 |
| Status Conference: In-Person[8] | May 15, 2024 | September 11, 2024 |
| File Dispositive Motions | June 7, 2024 | October 4, 2024 |
| File Opposition to Dispositive Motions | July 22, 2024 | November 22, 2024 |
| File Replies in Support of Dispositive Motions | August 21, 2024 | December 20, 2024 |

Smartmatic also respectfully requests that this Court issue a protective order quashing OANN's pending deposition notices and staying depositions until January 8, 2024.

\*      \*      \*

Dated: October 4, 2023

_/s/ J. Erik Connolly_
J. Erik Connolly (D.C. Bar No. IL0099)

---

[8] As laid out in the original Scheduling Order, the Court intends to discuss a potential date for the final pretrial conference and potential trial dates at this in-person status conference.

Nicole E. Wrigley (D.C. Bar No. IL0101)
Caitlin A. Kovacs (admitted pro hac vice)
Olivia E. Sullivan (admitted pro hac vice)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
ckovacs@beneschlaw.com
oesullivan@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA
Corp., Smartmatic International Holding B.V.,
and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

  */s/ J. Erik Connolly*
J. Erik Connolly (D.C. Bar No. IL0099)

*One of the Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*