# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, <br><br> Plaintiffs, <br> v. <br><br> HERRING NETWORKS, INC., <br><br> Defendant. | No. 1:21-cv-02900-CJN <br><br> Judge Carl J. Nichols |

**DECLARATION OF OLIVIA SULLIVAN IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO ISSUE A PROTECTIVE ORDER, STAY DEPOSITIONS, AND AMEND SCHEDULING ORDER**

I, Olivia Sullivan, make this declaration pursuant to 28 U.S.C. § 1746. I hereby declare under penalty of perjury that the following is true and correct:

1. I am an attorney at Benesch, Friedlander, Coplan & Aronoff LLP and counsel for Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation (collectively, "Smartmatic") in this action. As such, I am fully familiar with the facts and circumstances of the matters stated in this declaration.

2. On September 13, 2023, Herring Networks (d/b/a "OANN") issued three notices for Federal Rule of Civil Procedure 30(b)(6) depositions to each of the respective Plaintiff entities. Each of these three notices contained 23 topics for Smartmatic's corporate representative to testify on. Two of the topics included in the FRCP 30(b)(6) deposition notices relate to source code allegedly owned, used, or licensed by Smartmatic.

1

3. On September 18, 2023, OANN issued a Request for Inspection to Smartmatic. Within the Request for Inspection, all seven requests relate to source code allegedly owned, used, or licensed by Smartmatic.

4. On May 5, the parties filed a Joint Notice of Unresolved Discovery Disputes. All four disputes Smartmatic raised in the Joint Notice remain unresolved. Of the seven disputes raised by OANN, the first six of the seven are still active and ongoing disputes that are unresolved by the Court.

5. Smartmatic and OANN have collectively raised five additional discovery disputes to the Court for which the parties seek leave to move to compel. The disputes raised by Smartmatic involve 1) OANN's refusal to produce any documents in response to Smartmatic's Second Set of Requests for Production; 2) OANN's insufficient production in response to Smartmatic's First Set of Requests for Production; and 3) OANN's blanket refusal to produce documents it is already producing in related litigation. The two disputes raised by OANN regard "proposed custodians and search queries for Plaintiffs' document collection and production" and "Plaintiffs' response to Defendant's Interrogatory No. 4."

6. During the parties' meet and confer on August 23, 2023, Smartmatic expressed concern that OANN's production remained deficient. In a letter memorializing the meet and confer, Smartmatic stated that OANN would likely "produce a document dump on the August 28 substantial completion deadline or OANN's production would be severely deficient." Smartmatic further noted, "it had received none of the internal exchanges that it would expect from a broadcast news organization. Smartmatic ha[d] not yet identified any documents reflecting the creation of graphics; no documentation of booking guests or gathering sources; and no documents that reflect any planning for shows."

7. In a letter memorializing the parties' September 5 meet and confer, Smartmatic reiterated that it is "unable to make an informed assessment of its deposition needs until OANN's production is substantially complete." OANN responded to this letter and stated that Smartmatic's "reluctance" to begin depositions is "premised on the need for 'substantial completion' of OAN's production…" OANN's letter regarding the parties' September 5, 2023, meet and confer letter also acknowledges the parties' communications about deposition scheduling. Smartmatic continued to raise these concerns and objected to proceeding with depositions on September 11, 12, and 13.

8. On August 23, the parties discussed scheduling depositions at a meet and confer. During this meet and confer, Smartmatic proposed staying deposition until the Court resolved the May 5 Joint Notice. OANN represented to Smartmatic that it agreed as to the stay but later asserted that it did not agree to the stay during the parties' meet and confer. OANN's own letter memorializing the meet and confer noted that Smartmatic stated that the parties should schedule depositions to begin after the Court had ruled on the issues raised in the parties' May 5, 2023 Joint Notice. OANN requested that "Smartmatic confer with us further on this issue after August 28."

9. On September 5, the parties met and conferred again, and the topic of depositions was discussed yet again.

10. On September 25, 2023, OANN began supplementing its document production. Upon review of OANN's supplemental productions, they in no way alleviate the deficiencies in OANN's production. There are still outstanding deficiencies in OANN's production.

11. On September 11, 2023, Smartmatic sent a letter to OANN describing OANN's deficiencies with respect to fifteen requests for production. OANN's response to Smartmatic's letter did not adequately address Smartmatic's concerns. For example, Smartmatic pointed out that OANN's production was missing employment contracts for all but two OANN hosts who made

3

defamatory statements. In response, OANN provided Smartmatic with the Bates numbers for two additional contracts.

12. OANN sent a letter to Smartmatic on September 18, 2023, asserting that Smartmatic's responses to several interrogatories are deficient. One of the interrogatories for which OANN believes Smartmatic's response is deficient is with respect to the identification of Smartmatic's vendors and manufacturers. On September 19 and 20, OANN sent letters to Smartmatic asserting that Smartmatic's document production is deficient with respect to a number of requests for production. OANN asserted in its September 19 and 20th letters that Smartmatic has still not produced documents relevant to criticisms and reputational issues.

13. On October 2, 2023, OANN sent a letter to Smartmatic requesting that Smartmatic run additional search terms across its custodians.

14. Smartmatic began raising concerns about delays in discovery as early as February 2023. In a letter Smartmatic sent to OANN on February 20, Smartmatic stated, "OANN's positions create a Catch 22: OANN will only produce ESI after Smartmatic proposes custodians, but it will not provide Smartmatic the information that Smartmatic needs to identify custodians. This is not an acceptable path forward and it threatens to substantially delay fact discovery. In its first production, OANN produced 56 documents, all of which were articles or documents about Smartmatic and voting machine companies that OANN apparently downloaded from the internet. Smartmatic is concerned that OANN's ensuing productions will be more of the same due to OANN's positions stated in your letter."

15. Smartmatic raised concerns again on March 29, 2023, in a letter to OANN, which stated, "Smartmatic further proposes that, following April 28, 2023, the parties each make supplemental productions on May 12, 2023 and every two weeks thereafter until document

production is complete. The parties in Smartmatic's lawsuit against Newsmax have followed the same protocol to ensure that fact discovery is completed in a timely manner. Smartmatic believes that this protocol will help keep discovery on track in this case as well."

16. Smartmatic raised concerns yet again in a letter to OANN dated March 30, 2023. The letter stated in relevant part, "Relatedly, Smartmatic believes that, in the interest of complying with the Court's fact discovery deadlines, the parties must be in a position to identify and negotiate additional custodians at a date earlier than May 19, 2023. If the parties do not engage in such discussions until that time, they may not be able to commence depositions in a timely manner." And, "Smartmatic proposes that following May 19, 2023, the parties each make supplemental productions on June 2, 2023, and substantially complete document production by June 30, 2023. Smartmatic also proposes that the parties exchange privilege logs on July 14, 2023. Smartmatic believes that this schedule, including the dates proposed above, are necessary to ensure that the parties will have sufficient time to comply with the fact discovery deadlines set by the Court."

17. On April 20, 2023, OANN sent a letter to Smartmatic that stated, "Because it is now clear that this schedule was too ambitious and none of the parties will be in a position to finalize mutual search terms by tomorrow, the parties need to revisit this schedule and agree upon new mutual dates that are achievable. This should not be a problem — it is the middle of April, and discovery is not set to close until December 8, 2023. There are no depositions scheduled, nor are there any other imminent deadlines. Any time pressure is purely manufactured, and it is much more reasonable and productive for the parties to achieve an informed, mutual understanding, rather than rushing to meet an artificial deadline."

18. Smartmatic stated in a response letter to OANN on April 20, 2023, "Second, Smartmatic rejects OANN's assertion that the time pressure is "manufactured" based on the fact

5

discovery deadline of December 8, 2023. After six months of discovery, OANN has produced to Smartmatic a total 97 documents and has taken two months to consider just one set of search terms. At this rate, the parties will not be in a position to complete depositions by the court-ordered deadline. While we would prefer not to bring your continued delays to the Court, we will do so if we cannot agree on a reasonable schedule that allows us to progress discovery and adhere to the Court's deadline."

19. And in a letter to OANN on June 27, 2023, Smartmatic stated, "As fact discovery closes in December 2023 pursuant to the Court's current scheduling order, Smartmatic urged OANN's counsel to make additional productions sooner."

Date:   October 4, 2023

*/s/*

Olivia Sullivan, Illinois Bar No. 6330520
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
312.212.4949

*Attorney for Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*