# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, | ) ) ) No. 3:23-mc-00006 |
| Plaintiffs, | ) ) ) Underlying Litigation: ) Civil Action No. 1:21-cv-02900-CJN |
| v. | ) United States District Court ) District of Columbia |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | ) ) ) |
| Defendant. | ) ) |

## MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Herring Networks, Inc., d/b/a One America News Network ("OAN") respectfully moves to compel compliance by nonparty Hugh Gallagher, who resides in Glen Allen, Virginia, with a subpoena compelling his attendance at an oral deposition, issued from the United States District Court for the District of Columbia, where service was accepted by Plaintiffs' counsel who also represents Mr. Gallagher. OAN respectfully requests the Court order Mr. Gallagher's appearance to testify at a deposition.

The grounds supporting this motion are fully set forth in the accompanying memorandum of law.

WHEREFORE, OAN respectfully requests that the Court enter an Order compelling Hugh Gallagher to comply fully with the subpoena and appear for a deposition within 14 days of this Court's order, and for all such further relief as this Court deems just and proper.

By: */s/ Trent McCotter*

    **JACKSON WALKER L.L.P.**
    Charles L. Babcock
    (*pro hac vice* forthcoming)
    John K. Edwards
    (*pro hac vice* forthcoming)
    1401 McKinney Suite 1900
    Houston, TX 77010
    Tel: (713) 752-4200
    Fax: (713) 308-4110
    cbabcock@jw.com
    jedwards@jw.com

    **BOYDEN GRAY PLLC**
    R. Trent McCotter (VSB # 94018)
    801 17th St NW, #350
    Washington, DC 20006
    (202) 706-5488
    tmccotter@boydengray.com

    *Counsel for Defendant*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

|  |  |  |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, | ) ) ) | No. 3:23-mc-00006 |
|  | ) ) | Underlying Litigation: |
| Plaintiffs, | ) ) | Civil Action No. 1:21-cv-02900-CJN |
| v. | ) ) | United States District Court |
|  | ) | District of Columbia |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | ) ) ) |  |
| Defendant. | ) ) |  |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA

Defendant Herring Networks, Inc., d/b/a One America News Network ("OAN") submits this memorandum of law in support of its Motion to Compel Compliance with a Rule 45 Subpoena (the "Motion") issued in connection with the underlying litigation, which is pending in the United States District Court for the District of Columbia, and respectfully shows the Court the following:

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively "Smartmatic") sued in the United States District Court for the District of Columbia, claiming billions of dollars in damages against OAN, a small, family-run news network. Discovery is ongoing, and the deadline for completing fact discovery is December 8, 2023.

1

On September 13, 2023, OAN properly served a Rule 45 subpoena on a Smartmatic former employee, Hugh Gallagher, for an October 6, 2023 deposition in Charlottesville, Virginia.[1] (Ex. 1-A, Edwards Decl.) Counsel for Smartmatic, we were informed, are also counsel for Mr. Gallagher, and they accepted service of the subpoena on his behalf. (Ex. 1-B at 1, Edwards Decl.)

Smartmatic subsequently filed a motion for protection in the District Court for the District of Columbia on behalf of a number of deponents, arguing primarily that—despite Rule 26(d)(3)'s clear command otherwise—OAN should have to wait to take depositions until all discovery is complete. (Pls.' Mot. to Issue a Protective Order, Stay Deps., and Amend Scheduling Order, *Smartmatic USA Corp. v. Herring Networks, Inc.*, No. 1:21-cv-02900-CJN (D.D.C. Sept. 18, 2023).) Smartmatic sought to include Mr. Gallagher within the scope of its requested relief in that motion, although it did not file on Mr. Gallagher's behalf. (*See id.* at ECF p. 31.) OAN filed a response in opposition, which remains pending in D.D.C. (OAN's Response in Opposition to Smartmatic's Mot. for a Protective Order, Stay of Depositions, and Amended Scheduling Order, *Smartmatic USA Corp. v. Herring Networks, Inc.*, No. 1:21-cv-02900-CJN (D.D.C. Sept. 27, 2023).)

Earlier this week, OAN requested permission in the D.D.C. to move to compel five Smartmatic witnesses who also did not appear for their depositions despite Plaintiffs' failure to obtain relief from that Court staying or modifying the deposition dates. Mr. Gallagher has similarly failed to appear for this deposition without excuse or Court permission. (Ex. 1-C at 1, Edwards Decl.; Ex. 1-D at 1, Edwards Decl.)

---

[1] On the same day, OAN also noticed depositions for the three Plaintiff entities, two current Smartmatic employees, and another former Smartmatic employee, Jack Blaine. Blaine attended his deposition on October 2 in Austin, Texas.

Rule 45 dictates that only the court for the district where the witness's compliance is required may modify or quash a subpoena, yet Mr. Gallagher made no attempt to obtain such relief in this district before failing to appear for the deposition. *See* Fed. R. Civ. P. 45(d)(3)(A). Rule 45 also allows the "court for the district where compliance is required" to hold a person contempt for failure to obey a subpoena. Fed. R. Civ. P. 45(g).

OAN therefore requests that the Court order Mr. Gallagher to comply with the subpoena for his deposition and compel his attendance at a deposition within 14 days of this Court's order, and award OAN its reasonable attorneys' fees and expenses incurred in cancelling the deposition and being forced to bring this Motion.

## II.    ARGUMENT

### A.    Legal Standard

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." *See* Fed. R. Civ. P. 37(a). A nonparty who fails to appear for a deposition after receiving proper notice may be compelled to appear. *See* Fed. R. Civ. P. 45(a), (c). For a Rule 45 subpoena, a motion to quash or modify a subpoena must be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("Subpoenas are essential to obtain discovery from nonparties. To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)."). Mr. Gallagher resides in this District and division where compliance was required.

A person who fails to obey a subpoena without adequate excuse may be held in contempt. Fed. R. Civ. P. 45(g); *Bell Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754, at *8 (W.D. Va. Apr. 23, 2014). "Courts have often found a person in contempt for refusing to comply

with a validly issued subpoena without objecting to it or making a motion to quash." *Bariteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001). Penalties for civil contempt may include reimbursement for expenses and reasonable attorneys' fees. *Hanwha Azdel, Inc. v. C&D Zodiac, Inc.*, No. 6:12-CV-00023, 2013 WL 12314518, at *2 (W.D. Va. Nov. 14, 2013).

      **B.**      **Mr. Gallagher should be compelled to comply with the subpoena.**

OAN properly noticed the deposition of Mr. Gallagher by way of a Rule 45 subpoena but he failed to appear. (Ex. 1-A at 27, Edwards Decl.; Edwards Decl. ¶ 9.) The courts (and the Federal Rules) control discovery. Smartmatic's motion for protection in the D.D.C. did not relieve Mr. Gallagher of his duty to appear at his properly noticed deposition in Charlottesville, Virginia. And Mr. Gallagher did not file any objection or seek any relief from this Court, and the motion in the D.D.C. was not filed on his behalf, although he was mentioned. *See* Fed. R. Civ. P. 45(d)(3). Mr. Gallagher should be compelled to comply with the properly and timely noticed Rule 45 subpoena by appearing for deposition within 14 days of the date of the Court's order.

      **C.**      **Mr. Gallagher should be held in contempt for failing to comply with the subpoena without adequate excuse.**

There is no adequate excuse for Mr. Gallagher's failure to comply with the Rule 45 subpoena. Mr. Gallagher did not file a timely motion to quash, nor did he object to the time or place of the deposition. *Smartmatic's* Motion for Protection *in another court* is no excuse, much less an adequate excuse, for ignoring the command of the court in the Rule 45 subpoena. *See Bariteau*, 206 F.R.D. at 131.

Thus, Mr. Gallagher should be held in civil contempt and ordered to pay OAN's reasonable attorneys' fees and expenses associated with cancelling the properly noticed deposition and failing to appear, as well as in bringing this Motion. *See Hanwha Azdel*, 2013 WL 12314518, at *2. OAN requests permission to submit an application for these fees with supporting documentation.

### III. CONCLUSION

Mr. Gallagher is a material witness in a claimed billion-dollar case where the discovery cutoff is two months away. He should be made to appear within 14 days of an order and attorneys' fees should be awarded to OAN.

By: */s/ Trent McCotter*

**JACKSON WALKER L.L.P.**
Charles L. Babcock
(*pro hac vice* forthcoming)
John K. Edwards
(*pro hac vice* forthcoming)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
jedwards@jw.com

**BOYDEN GRAY PLLC**
R. Trent McCotter (VSB # 94018)
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, | No. 3:23-mc-00006 |
| Plaintiffs, v. | Underlying Litigation: Civil Action No. 1:21-cv-02900-CJN United States District Court District of Columbia |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | |
| Defendant. | |

**DECLARATION OF JOHN K. EDWARDS IN SUPPORT OF
OAN'S MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA**

I, John K. Edwards, declare as follows:

1.     I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN") in the underlying litigation in the United States District Court for the District of Columbia. I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of OAN's Motion to Compel Compliance with Rule 45 Subpoena.

2.     On September 13, 2023, OAN served seven deposition notices-—one each for the three Plaintiff entities under Fed. R. Civ. P. 30(b)(6), two for current Smartmatic employees, and two subpoenas served under Fed. R. Civ. P. 45 for former Smartmatic employees Jack Blaine and Hugh Gallagher. OAN offered to negotiate the location and timing of these depositions within a 14-day window of the noticed dates. A true and correct copy of my email communication and the attached deposition notices is attached as Exhibit 1-A.

3. Mr. Gallagher's Rule 45 subpoena commanded his attendance at a deposition on October 6, 2023, in Charlottesville, Virginia, which I understand to be located within 100 miles of Mr. Gallagher's current home address.

4. Smartmatic's counsel responded to my email stating that it represented Mr. Gallagher and accepted service of the subpoena on his behalf. A true and correct copy of this email correspondence, which I received, is attached as <u>Exhibit 1-B</u>.

5. Five days later, Smartmatic filed a motion for protective order and to stay depositions and amend the scheduling order in the United States District Court for the District of Columbia.

6. On September 26, with no order issued by the District Court for the District of Columbia on Smartmatic's motion for protective order, OAN asked Smartmatic's counsel to confirm that it would present the witnesses noticed for deposition. Smartmatic's counsel responded that they would not present any witnesses for deposition "[w]hile the motion to quash and to stay depositions is pending." A true and correct copy of this email exchange, on which I was copied, is attached as <u>Exhibit 1-C</u>.

7. On October 2, Smartmatic former employee Jack Blaine, not represented by Smartmatic counsel, appeared for his deposition. At Mr. Blaine's deposition, Smartmatic's counsel told me verbally that they would not present Mr. Gallagher for deposition on October 6, 2023 in response to the subpoena.

8. That same day, I sent an email to Smartmatic's counsel to confirm whether Mr. Gallagher would be presented for deposition in compliance with the subpoena. Smartmatic's counsel confirmed that Mr. Gallagher would not be presented on October 6, 2023. A true and correct copy of my email exchange with Smartmatic's counsel is attached as <u>Exhibit 1-D</u>.

9.     On October 6, in reliance on confirmation from Mr. Gallagher's counsel, which is Smartmatic's counsel, that he would not appear for deposition, it is my understanding that Mr. Gallagher did not, in fact, appear for his scheduled deposition in Charlottesville, Virginia, in response to the Rule 45 subpoena.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 6, 2023.

John K. Edwards

3

# EXHIBIT 1-A

| | |
|---|---|
| **From:** | Edwards, John |
| **Sent:** | Wednesday, September 13, 2023 2:20 PM |
| **To:** | Kovacs, Caitlin; Wilkes, Christopher; Sullivan, Olivia |
| **Cc:** | Amattey, Amakie; Wertheimer, Nancy; Maldonado, Jacklyn; Butzer, Carl; Blaesche, Minoo; Pickett Shah, Bethany; Emery, Tori; Walsh, Hannah; Carlton, Emily; Trent McCotter; Dickson, Carter |
| **Subject:** | RE: Smartmatic v. OANN - Deposition Scheduling |
| **Attachments:** | Deposition Notice - Alexander Aparicio(37485125.1).pdf; Deposition Notice - Ernesto Parisca(37485148.1).pdf; Smartmatic 30b6 - SMT USA(37441844.5).pdf; Smartmatic 30b6 - SMT International(37462800.1).pdf; Smartmatic 30b6 - SGO(37462806.1).pdf; Hugh Gallagher - Subpoena for Deposition(37483404.1).pdf; Jack Blaine - Subpoena for Deposition(37483405.1).pdf; Deposition Notice - Jack Blaine(37498122.1).pdf; Deposition Notice - Hugh Gallagher(37498131.1).pdf |

Caitlin, thanks for your email below.  To be clear, our request was not for a "deposition planning" proposal, if by that you mean when depositions will commence, but only for number/hour limits of depositions.  There is nothing inappropriate, as you claim below, for seeking available dates for depositions we intend to take; rather, it is inappropriate not to provide requested dates.  We will address your email received at 9:54 p.m. last night regarding extending deadlines separately.

Please see attached deposition notices and subpoenas.  We are agreeable to adjust the dates/locations of the Smartmatic employee depositions if you give us dates for these to occur before October 13th – please advise.  If a single 30b6 witness will be designated to testify on behalf of all three plaintiffs, we can discuss consolidation of the noticed depositions.  We will make ourselves available to meet and confer with you to discuss the 30b6 topics under FRCP 30(b)(6).

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, September 11, 2023 10:32 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are in discussions with our client regarding Smartmatic's proposal on deposition planning. We will reach out with that proposal when it is signed off. OANN's unilateral deadlines below are, of course, inappropriate, especially in the face of OANN's failure to comply with its discovery obligations, and its efforts to take advantage of Smartmatic's compliance in the meantime. We will share Smartmatic's proposal as soon as practicable.

Regards,



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Sunday, September 10, 2023 3:09 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Re: Smartmatic v. OANN - Deposition Scheduling

John,

Thanks for your email. We will be in touch tomorrow. Have a great rest of your weekend.



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Sunday, September 10, 2023 2:00:17 PM
**To:** Wilkes, Christopher <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

Caitlin, we ask that you provide available dates for Smartmatic counsel and the witness for the depositions of the Smartmatic employee/representative(s) listed below during the weeks of September 25 and October 2, 2023. We ask that dates be provided by 5pm on Tuesday, September 12. If dates during the requested two-week period are not provided by Tuesday, we'll proceed to notice the depositions during the weeks of September 25th or October 2nd via service upon your firm (unless you advise otherwise).

1.   Alexander Aparicio
2.   Rule 30b6 witness for each Plaintiff (topics attached)

Further, below are names and dates for the depositions of third-party witnesses we intend to depose at this time. Please advise which dates work for Smartmatic counsel by 5pm on Tuesday, September 12 – if we don't receive dates, we'll proceed to serve subpoenas for one of the dates listed below.

1.   Jack Blaine – Sept. 29, Oct. 2, 3
2.   Hugh Gallagher – Oct. 4, 5, 6.
3.   Ernesto Parisca – Oct. 9, 10, 11.

Finally, I await a response to my email from Wednesday (below) proposing 120 hours of deposition time per side, including third parties but excluding expert witnesses. If we don't hear back with a substantive proposal by Tuesday, we'll conclude that your prior refusal to discuss deposition parameters at this time has not changed.

Thanks. - John

---

**From:** Edwards, John
**Sent:** Wednesday, September 6, 2023 10:44 AM
**To:** 'Wilkes, Christopher' <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

Caitlin, we disagree with the characterizations of our intended international discovery made in your September 5 letter (attached), which you sent after our letter memorializing the parties' meet and confer (also attached).

As for deposition planning, I understand that you seek to prevent depositions until the May 5 Joint Notice is resolved. We have never agreed to that and do not agree now. To meet the Court's December 8 fact discovery deadline, depositions must start immediately. There is no stay of discovery and no rule under which either party can unilaterally dictate the timing of depositions. Absent such restrictions, either party is free to conduct depositions.

We are puzzled by your approach, as Plaintiffs are typically eager to *commence* depositions. Your reluctance to do so, falsely premised on the need for "substantial completion" of OAN's production which is, in fact, substantially complete, suggests an unwillingness to prosecute this case. Unless you agree to negotiate now in good faith on deposition hour limits, we are considering a motion to dismiss for failure to prosecute. Our proposal is this: 120 hours per side, to include third-parties but exclude expert witnesses. Please let me know your position; and if you remain unwilling to engage, tell us whether you are opposed to a motion to dismiss for failure to prosecute the case.

Thanks. - John

---

**From:** Wilkes, Christopher <CWilkes@beneschlaw.com>
**Sent:** Tuesday, September 5, 2023 6:44 PM
**To:** Edwards, John <jedwards@jw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

<p align="center" style="color:red"><strong>**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</strong></p>

Counsel,

Please find Smartmatic's letter regarding today's meet and confer attached.

Thanks,
Chris



Christopher J. Wilkes
(he/him/his)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4968 | CWilkes@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, September 5, 2023 2:07 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Smartmatic v. OANN - Meet & Confer Letter

Please see attached letter regarding today's meet and confer.  Thanks. - John

---

**From:** Edwards, John
**Sent:** Friday, September 1, 2023 1:33 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori

<temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin:

Yes, we are many months into the litigation, and Smartmatic has yet to disclose to us what types of damages it is claiming and in which countries and jurisdictions it is claiming damages based on potential engagements that include terminated or non-renewed contracts. We asked for this information long ago as it pertains to international discovery (*e.g.*, RFPs 26, 27, 28, 30, 37, 40-41, 57-58, and ROGs 4, 7, 12), but even during our call last week you were unable to tell us without first reviewing OAN's document production. We would like to meet and confer today or no later than Tuesday. In anticipation of doing so, here are a few points that we ask that you consider:

1.      You take issue with "documents and communications regarding issues, problems, and investigations relating to Smartmatic software," saying that the discovery sought has "no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation." But issues, problems and investigations into Smartmatic would have a direct impact on its reputation. Smartmatic is claiming reputational harm. That Smartmatic obtained – independent of anything OAN did – a negative reputation through issues, problems, and investigations in those jurisdictions is directly relevant to both causation and damages.

        Smartmatic is dogged by its history — the Venezuelan roots, the CFIUS investigation, continuing controversies around the Philippines and Kenyan elections, etc. These have made it hard for Smartmatic to rehabilitate its corporate image, which directly relates to causation and damages. Courts have permitted introduction of evidence (and hence discovery, since relevance is broader than the standard for admissibility) of specific acts of misconduct in a libel case.  *See, e.g.*, *Schafer v. Time, Inc.*, 142 F.3d 1361, 1370 (11th Cir. 1998).

        Smartmatic has put its reputation at issue in this case, and we are entitled to seek discovery about it – and we are not limited in discovery of these matters to what Smartmatic may possess.

2.      Regarding Kenya and Belgium, you claim that "Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium." But what happens when Kenya or Belgium impacts whether another jurisdiction may decide to contract with Smartmatic?

        If Smartmatic has had issues, problems, or been investigated in those jurisdictions, that is relevant regardless of whether Smartmatic is seeking damages from those two jurisdictions. For the same reason, your statement that OAN "is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert" misses the point (and is misleading, as Smartmatic has refused to produce any communications). The test for relevancy is not limited to only those jurisdictions where Smartmatic is seeking damages. Just as a defendant in a lost profits case can show that lost profits were due to some other cause, OAN can show that Smartmatic's significant troubles in various jurisdictions – not any statements on OAN – are to blame for any purported inability to get contracts. We are entitled to third-party discovery on these issues.

3.      Regarding your speculation relating to the time that it will take to execute international discovery, even if it weren't speculation it would not matter, as it is no reason to not permit an attempt to get the discovery. Moreover, it is Smartmatic's near-total refusal to provide any information on international dealings (in a case where it seeks international damages) that is largely to blame. Your reference to a discovery extension jumps the gun. That is not a pending request. Speculation that none of the requested discovery will be in by a certain time is just that: speculation. And, we are commencing the discovery well before the fact discovery deadline.

Again, we ask that you reconsider and would like to meet and confer over the phone today or Tuesday at the latest. Please provide times that you are available.

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 30, 2023 8:32 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel,

**International Discovery**

Thank you providing the details of your planned request for international discovery. After analyzing your requests, we can confirm that we oppose them for several reasons, as described below. We are happy to meet and confer further on these issues if you are willing.

First, the requests seek documents that are irrelevant to OANN's defamation. For example, documents in the sole possession of a foreign government regarding "documents and communications regarding issues, problems, and investigations relating to Smartmatic software" have no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation.

Second, certain of OANN's requests relate to potential contracts with Kenya and Belgium. But these contracts have no relevance to Smartmatic's case against OANN. Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium. And, OANN is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert with respect to its damages claims; there is no need to launch a barrage of international discovery, 10 months into the litigation, to obtain documents related to damages.

Third, as you likely know, requests for discovery from international governments often take years to be processed, whether they are successful or not. Discovery in this case has been ongoing since October 2022, and the fact discovery deadline is coming up on December 8, 2023. OANN's proposed requests are incredibly unlikely to result in any production of documents by that time, and the tangential relationship they have to the case does not justify an extension of the discovery deadline to allow OANN time to pursue discovery from <u>eight</u> foreign governments. If OANN wanted to pursue this discovery, it should have done so much earlier.

**Spanish Search Terms**

Attached is a list of Spanish search terms we have used to identify relevant documents. These terms have been run in addition to (and not in place of) the English terms the parties have discussed. Please let us know if you have any questions.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 28, 2023 8:13 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

John,

This is received. We will respond as soon as we can.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 28, 2023 2:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, we had asked that the following information be provided by last Friday, but no response: (1) Spanish language queries used in related litigation; and (2) deposition limits agreed to (or proposed) in related litigation. Please let us know today.

Also, attached is a letter providing additional information about our motion related to international discovery. Please advise whether opposed or unopposed by Wednesday, August 30, 2023.

Thanks. - John

---

**From:** Dickson, Carter <cdickson@jw.com>
**Sent:** Thursday, August 24, 2023 11:07 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin and Olivia,

Please see the attached letter and revised Exhibit A.

Thanks,
**Carter Dickson**
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4331 | F: (713) 752-4221 | cdickson@jw.com



---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 23, 2023 9:47 AM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<span style="color:red">**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***</span>

Counsel,

In advance of our conversation, please see the attached letters previously exchanged between the parties. Specifically, see p. 11 of both exchanges.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 5:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

That should work on our end – I'll send an invite.

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 16, 2023 3:30 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are currently open next Wednesday morning. Could we pencil in 10am?

There's a small chance I will have a conflict pop up that requires some adjustment. If so, I'll let you know ASAP, and will try to avoid that.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 12:43 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, thank you for the letter & email below. I am in depositions until Tuesday – would you be available to meet & confer on Tuesday between noon-5pm or on Wednesday morning before noon?

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, August 15, 2023 3:19 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<p align="center">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</p>

John,

Our response to your August 3 letter is attached. We request a meet and confer on a handful of specified topics within the letter. We are available this Thursday between 9:30-2 CT or on Friday between 10-4 CT.

As for your questions below:

1. As we have previously indicated, there are currently no expert reports in the Fox litigation. Once expert reports are exchanged, we will consider producing them here if they are relevant.
2. Smartmatic is asserting reputational harm in foreign countries. Is there an interrogatory OANN has issued that you would like to point us to as the basis for further discussion?
3. We are happy to hear any proposal OANN has regarding depositions.

Thanks,
Caitlin

---

 Caitlin A. Kovacs

(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 14, 2023 11:51 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>;
Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn
<JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>;
Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori
<temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, you indicated below we would hear back in response to my July 25 and August 3 letters last week but
we did not.  It's been 3 weeks since the July 25 letter.  We request a meet & confer by this Wednesday on the
subjects outlined in the July 25 and August 3 letters as well as the following:

1. Whether Smartmatic will produce its expert reports issued in its case against Fox, and if so, when.
2. Whether Smartmatic is claiming damages from reputational harm in any foreign countries, and if so,
which ones.
3. Discussion of deposition limits – number/hours.

Please let me know your availability today through Wednesday.  Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 7, 2023 6:15 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer,
Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl
<cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter
<cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily
<erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are in receipt of OANN's July 25 and August 3 letters. We will respond to both of them this week.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Thursday, August 3, 2023 4:36 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter.

Thanks. – John

---

**From:** Edwards, John
**Sent:** Tuesday, July 25, 2023 5:19 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter and search terms chart.  Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Friday, July 21, 2023 4:03 PM
**To:** Edwards, John <jedwards@jw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>
**Subject:** Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

Please see the attached correspondence, which includes an updated search terms chart. We've included a word version of the chart for ease of reference.

Have a great weekend.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., AND
SGO CORPORATION LIMITED,

            Plaintiffs,

v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

            Defendant.

No. 1:21-cv-02900-CJN

## NOTICE OF ORAL DEPOSITION OF ALEXANDER APARICIO

TO:    Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation, Limited, by and through their counsel of record J. Erik Connolly and Emily Newhouse Dillingham, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71 South Wacker Drive, Suite 1600, Chicago, IL 60606.

Please take notice that pursuant to Federal Rule of Civil Procedure 30, Defendant Herring Networks, Inc., by and through undersigned counsel, will take the oral and videotaped deposition of Alexander Aparicio on **September 28, 2023**, beginning at 10 AM CST, at Benesch, Friedlander, Coplan & Aronoff LLP, 71 S Wacker Dr Suite 1600, Chicago, IL 60606, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court. The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

Dated: September 13, 2023        By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)

*/s/ John K. Edwards*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., AND SGO CORPORATION LIMITED, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | |
| Defendant. | |

## **NOTICE OF ORAL DEPOSITION OF ERNESTO PARISCA**

TO:     Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation, Limited, by and through their counsel of record J. Erik Connolly and Emily Newhouse Dillingham, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71 South Wacker Drive, Suite 1600, Chicago, IL 60606.

Please take notice that pursuant to Federal Rule of Civil Procedure 30, Defendant Herring

Networks, Inc., by and through undersigned counsel, will take the oral and videotaped deposition

of Ernesto Parisca on **September 29, 2023**, beginning at 10 AM CST, at Benesch, Friedlander,

Coplan & Aronoff LLP, 71 S Wacker Dr. Suite 1600, Chicago, IL 60606, or at such other location

on such other date and time as are agreed upon by the parties or ordered by the Court. The

deposition will be stenographically and/or video recorded and conducted by an officer authorized

by law to administer oaths.

Dated: September 13, 2023          By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)


*/s/ John K. Edwards*
John K. Edwards

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., AND SGO CORPORATION LIMITED, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | |
| Defendant. | |

## **NOTICE OF ORAL DEPOSITION OF HUGH GALLAGHER**

TO:  Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation, Limited, by and through their counsel of record J. Erik Connolly and Emily Newhouse Dillingham, Benesch, Friedlander, Coplan & Aronoff LLP, 71 South Wacker Drive, Suite 1600, Chicago, IL 60606.

Please take notice that pursuant to Federal Rule of Civil Procedure 45, and the subpoena issued and served herewith, Defendant Herring Networks, Inc., by and through undersigned counsel, will take the oral and videotaped deposition of third-party witness Hugh Gallagher on **October 6, 2023**, beginning at 10 AM CST, at Cavalier Reporting & Videography, 415 4th St. N.E, Suite 4, Charlottesville, Virginia 22902, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court.  The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

Dated: September 13, 2023          By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)

*/s/ John K. Edwards*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SMARTMATIC USA CORP.,<br>SMARTMATIC INTERNATIONAL<br>HOLDING B.V., AND<br>SGO CORPORATION LIMITED,<br><br>        Plaintiffs,<br><br> v.<br><br>HERRING NETWORKS, INC., D/B/A<br>ONE AMERICA NEWS NETWORK,<br><br>        Defendant. | No. 1:21-cv-02900-CJN |

## NOTICE OF ORAL DEPOSITION OF JACK BLAINE

TO:    Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation, Limited, by and through their counsel of record J. Erik Connolly and Emily Newhouse Dillingham, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71 South Wacker Drive, Suite 1600, Chicago, IL 60606.

Please take notice that pursuant to Federal Rule of Civil Procedure 45, and the subpoena issued and served herewith, Defendant Herring Networks, Inc., by and through undersigned counsel, will take the oral and videotaped deposition of third-party witness Jack Blaine on **October 2, 2023**, beginning at 11 AM CST, at Jackson Walker LLP, 100 Congress Avenue, Suite 1100, Austin, Texas 78701, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court. The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

1

Dated: September 13, 2023        By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)


*/s/ John K. Edwards*

3

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| SMARTMATIC USA CORP., et al., | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.   1:21-cv-02900-CJN |
| HERRING NETWORKS, INC., d/b/a ONE AMERICA | ) |
| NEWS NETWORK | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Hugh Gallagher, ███████████████████████████

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a
deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the
party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one
or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about
these matters:

| Place:  CAVALIER REPORTING & VIDEOGRAPHY, 415 4th St. N.E. Suite 4, Charlottesville, VA 22902 | Date and Time: 10/06/2023 10:00 am |
|---|---|

     The deposition will be recorded by this method:   stenographically and/or video recorded

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents,
electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the
material:

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:      09/13/2023

|  | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | /s/ John Edwards |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
Herring Networks, Inc. d/b/a One America News Network                                          , who issues or requests this subpoena, are:

John Edwards, jedwards@jw.com,1401 McKinney Ave, Suite 1900, Houston, TX 77010

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before
trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to
whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   1:21-cv-02900-CJN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                      *Server's signature*

                                                                 _____
                                                                      *Printed name and title*

                                                                 _____
                                                                      *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
   **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTORNEYS OF RECORD

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com

Charles L. Babcock
cbabcock@jw.com
Nancy Hamilton
nhamilton@jw.com
John Edwards
Jedwards@jw.com
Joel Glover
jglover@jw.com
Bethany Pickett Shah
bpickett@jw.com
JACKSON WALKER LLP
1401 McKinney
Suite 1900
Houston, TX 77010

Jonathan Neerman
jneerman@jw.com
Carl Butzer
cbutzer@jw.com
Minoo Blaesche
mblaesche@jw.com
JACKSON WALKER LLP
2323 Ross Avenue
Suite 600
Dallas, TX 75201

R. Trent McCotter
BOYDEN GRAY & ASSOCIATES
801 17th Street NW, Suite 350
Washington, DC 20006
mccotter@boydengrayassociates.com

*Attorneys for Plaintiff*

*Attorneys for Defendants*

3

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | |
|---|---|
| SMARTMATIC USA CORP., et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK | ) |
| *Defendant* | ) |

Civil Action No.   1:21-cv-02900-CJN

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Hugh Gallagher, ███████████████████████████████

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: CAVALIER REPORTING & VIDEOGRAPHY, 415 4th St. N.E. Suite 4, Charlottesville, VA 22902 | Date and Time: 10/06/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:   stenographically and/or video recorded

❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/13/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ John Edwards |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
Herring Networks, Inc. d/b/a One America News Network          , who issues or requests this subpoena, are:
John Edwards, jedwards@jw.com,1401 McKinney Ave, Suite 1900, Houston, TX 77010

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    1:21-cv-02900-CJN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**

  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTORNEYS OF RECORD

BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com

Charles L. Babcock
cbabcock@jw.com
Nancy Hamilton
nhamilton@jw.com
John Edwards
Jedwards@jw.com
Joel Glover
jglover@jw.com
Bethany Pickett Shah
bpickett@jw.com
JACKSON WALKER LLP
1401 McKinney
Suite 1900
Houston, TX 77010

Jonathan Neerman
jneerman@jw.com
Carl Butzer
cbutzer@jw.com
Minoo Blaesche
mblaesche@jw.com
JACKSON WALKER LLP
2323 Ross Avenue
Suite 600
Dallas, TX 75201

R. Trent McCotter
BOYDEN GRAY & ASSOCIATES
801 17th Street NW, Suite 350
Washington, DC 20006
mccotter@boydengrayassociates.com

*Attorneys for Plaintiff*

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>        Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>        Defendant. | No. 1:21-cv-02900-CJN |

## NOTICE OF RULE 30(b)(6) DEPOSITION TO SGO CORPORATION LIMITED

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Herring Networks Inc., D/B/A One America News Network ("OAN"), by and through undersigned counsel, will take the oral and videotaped deposition of Plaintiff SGO Corporation Limited's designee with regard to the matters described in Schedule A on **October 5**, beginning at 9:00 a.m. CST at Benesch, Friedlander, Coplan & Aronoff LLP, 71 S Wacker Dr., Suite 1600, Chicago, IL 60606, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court.

The deponent will be requested to testify on the subject matters specified in Schedule A. The deposition will be taken upon oral examination by an official court

reporter in and for the state in which the deposition will be held, or some other officer duly authorized by law to take depositions, and it shall continue until completed at a date and time to be scheduled as necessary. The designee is commanded to attend in person. The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

Dated: September 13, 2023                    By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)

*/s/ John K. Edwards*
John K. Edwards

## Schedule A

### <u>INSTRUCTIONS</u>

Pursuant to Fed Rule Civ. Proc. 30(b)(6), Plaintiff SGO Corporation Limited is requested to designate one or more officers, directors, managing agents, or other persons to testify on its behalf with regard to the following matters in accordance with the following definitions.

### <u>DEFINITIONS</u>

The following terms shall have the meanings set forth below whenever used in any Request.

1.      "2020 PRESIDENTIAL ELECTION" means and refers to the U.S. Presidential Election that occurred on November 3, 2020, and all voting (including mail-in voting) and related events occurring up to the certification of votes on January 6, 2021.

2.      "COMPLAINT" means the Complaint filed on November 3, 2021 in this action and any subsequently filed amended complaint.

3.      "COMPLAINED OF BROADCASTS" means and refers to the broadcasts identified in Paragraphs 84-137, 146–147, 154-168, 171, 176, and 178 of the COMPLAINT filed in this action, among others, including without limitation the particular broadcasts of *After Hours with Alex Salvi*, *News Room*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan*

*Ball, In Focus with Stephanie Hamill, Weekly Briefing with Christina Bobb, America This Week,* and the Michael-Lindell-produced programs titled *Absolute Proof, Scientific Proof, Absolute Interference,* and *Absolutely 9-0.*

4.      "COMPLAINED OF STATEMENTS" means and refers to the statements described in Paragraphs 80–153, and more specifically identified in Paragraphs 171, 176, 184, 196, 205, 218, and 227 of the COMPLAINT filed in this action.

5.      "DOMINION" means and refers to US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, whether individually or collectively, and any of their parents, subsidiaries, related or affiliated entities, successors and predecessors (including but not limited to Sequoia Voting Systems), officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of DOMINION.

6.      "SEQUOIA" means and refers to SEQUOIA VOTING SYSTEMS, INC. and any of its parents, subsidiaries, related or affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SEQUOIA.

7.     "SMARTMATIC" means and refers to collectively Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SMARTMATIC.

8.     "SGO" means and refers to, collectively, Plaintiff SGO CORPORATION LIMITED and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on SGO's behalf.

9.     "SMARTMATIC SYSTEMS" means any elections product developed, supplied, used, or supported by You, or on Your behalf, domestic or international, from SMARTMATIC's inception to the present. This includes but is not limited to any software, hardware, source code, firmware, technology, solutions, digital tools, functionalities, devices, scan tabulators, optional modules, peripherals, Hybrid Activator, Accumulator & Transmitters, audit logs, electronic voting machines, electronic counting machines, ballot marking devices, voter management, poll worker support, online voting, or election management platforms as described in Paragraphs 26–27 of the COMPLAINT.

10.      "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.      "You" and "Your" means SGO.

12.      The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include each of the other gender.

## TOPICS OF TESTIMONY

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, SGO shall designate one or more officers, directors, partners, managing agents, employees or other persons most knowledgeable to testify on their behalf as to the following subject matters:

1.      The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use in the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

2.      The identity of, and contact information for, all persons, entities, jurisdictions, and governmental bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use in the United States;

the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

3.    The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use in the United States; Your products or services, including product or model numbers, that have been the subject of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

4.    The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

5.    The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

6.    The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use outside the United States; Your products or services, including product or model numbers, that have been the subject

of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

7.     Identification of all procurement bid responses and proposals submitted by or on behalf of You at any time since January 1, 2016 for the provision of products or services to any domestic or international governmental agency, body, or entity; Your products or services, including product or model numbers, that were the subject of those responses and proposals; the results of the bid process, including reasons for any contracts or agreements not awarded to You; whether You were awarded a contract and, if so, the duration of the contract.

8.     Identification of all domestic and international procurement bid opportunities which You considered, at any time since January 1, 2016, but for which You chose not to submit a bid response or proposal, including the reason(s) for Your decision.

9.     The specific contracts, agreements, public bid opportunities, and/or "diminished business . . . prospects" (as referenced at Paragraphs 434 and 438 of the COMPLAINT) – domestic and international – that You contend were negatively affected by the COMPLAINED OF STATEMENTS and COMPLAINED OF BROADCASTS as set forth in the COMPLAINT, including the manner in which the negative effect impacted Your financial condition and the person(s) with the most knowledge about such effect.

10.     Identification of every jurisdiction—domestic and international—where You have ever registered to do business, including dates of registration and corporate registration documents submitted in each jurisdiction.

11.     Identify the specific factual basis for Your responses to OAN's First and Second Set of Interrogatories, Nos. 7, 9, 12, 14, 19, and 22.

12.     Identify all Persons, including Your employees, who have raised concerns regarding SMARTMATIC SYSTEMS, including without limitation (a) any concerns about potential or alleged security issues, vulnerabilities, or vote tabulation errors; (b) the nature of the concerns; (c) the date the concerns were raised; and (d) actions taken to address the concerns.

13.     Identify all hardware, software, and source code, or any part(s) thereof, owned or licensed by You or any of Your predecessors at any time that has been used by, used in, or incorporated in any voting machines manufactured by or on behalf of DOMINION, SEQUOIA, or other voting machine supplier; identify the

voting machines; identify the jurisdictions in which such voting machines have been used or been the subject of bids; and state the approximate dates when such voting machines were used or were the subject of bids.

14. Identify Your legacy hardware, software, and source code used in any SMARTMATIC SYSTEMS; and identify the jurisdictions in which such legacy hardware, software and source code have been used.

15. Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale in the United States between January 1, 2020 and the present.

16. Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale outside the United States between January 1, 2020 and the present.

17. The purpose, use, and contents of SMARTMATIC'S customer relationship management ("CRM") database, including the Persons responsible for (a) maintaining the CRM database, and (2) adding information or data to the CRM database.

18. The specific factual basis for the claim that Defendant acted with "actual malice" and/or "ill will" in publishing the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, as alleged in the COMPLAINT at Paragraphs 238-240, 250-254, 448, 462, and 468.

19. The identity of all negative affects You claim were caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including but not limited to any adverse effects on pricing of Your products and services, increased costs of Your products and services, the number of customers willing to do business with You, and any impact of the size of the market for Your products and services.

20. The identity of all Persons involved with the creation of forecasts of alleged lost revenues and profits from 2021-2025, including income statement projections; the factual basis for the forecasts; manner in which the forecasts were calculated or prepared; and documents supporting the forecasts and projections.

21. The identity of all Persons involved with itemizing Your alleged increased expenses allegedly caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including expenses for: (a) physical security; (b) cybersecurity; (c) workforce (including hiring and retention); (d) public

relations and the nature of the expenses claimed; (e) the manner in which such expenses were determined and calculated; and (f) documents supporting the claimed expenses.

22.     The identity of all valuations of SMARTMATIC prepared from 2016 to the present, including (a) the persons involved in preparing the valuations; (b) the manner in which the valuations were calculated; and (c) documents supporting the valuations.

23.     The identity of each category of damages You seek to recover in this lawsuit, including (a) the amount claimed for each category; (b) the manner in which the damages for each category was calculated; (c) documents supporting the calculations; and (d) the Persons with the most knowledge of the calculations of each category of damages.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., AND SGO CORPORATION LIMITED, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | |
| Defendant. | |

## NOTICE OF RULE 30(b)(6) DEPOSITION TO SMARTMATIC INTERNATIONAL HOLDING B.V.

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Herring Networks Inc., D/B/A One America News Network ("OAN"), by and through undersigned counsel, will take the oral and videotaped deposition of Plaintiff Smartmatic International Holding B.C.'s designee with regard to the matters described in Schedule A on **October 4, 2023**, beginning at 9:00 a.m. CST at Benesch, Friedlander, Coplan & Aronoff LLP, 71 S Wacker Dr Suite 1600, Chicago, IL 60606, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court.

The deponent will be requested to testify on the subject matters specified in Schedule A. The deposition will be taken upon oral examination by an official court

reporter in and for the state in which the deposition will be held, or some other officer duly authorized by law to take depositions, and it shall continue until completed at a date and time to be scheduled as necessary. The designee is commanded to attend in person. The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

Dated: September 13, 2023           By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)

*/s/ John K. Edwards*
John K. Edwards

## Schedule A

### INSTRUCTIONS

Pursuant to Fed Rule Civ. Proc. 30(b)(6), Plaintiff Smartmatic International Holding, B.V. is requested to designate one or more officers, directors, managing agents, or other persons to testify on its behalf with regard to the following matters in accordance with the following definitions.

### DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Request.

1.      "2020 PRESIDENTIAL ELECTION" means and refers to the U.S. Presidential Election that occurred on November 3, 2020, and all voting (including mail-in voting) and related events occurring up to the certification of votes on January 6, 2021.

2.      "COMPLAINT" means the Complaint filed on November 3, 2021 in this action and any subsequently filed amended complaint.

3.      "COMPLAINED OF BROADCASTS" means and refers to the broadcasts identified in Paragraphs 84-137, 146–147, 154-168, 171, 176, and 178 of the COMPLAINT filed in this action, among others, including without limitation the particular broadcasts of *After Hours with Alex Salvi*, *News Room*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan*

*Ball, In Focus with Stephanie Hamill, Weekly Briefing with Christina Bobb, America This Week,* and the Michael-Lindell-produced programs titled *Absolute Proof, Scientific Proof, Absolute Interference,* and *Absolutely 9-0.*

4.    "COMPLAINED OF STATEMENTS" means and refers to the statements described in Paragraphs 80–153, and more specifically identified in Paragraphs 171, 176, 184, 196, 205, 218, and 227 of the COMPLAINT filed in this action.

5.    "DOMINION" means and refers to US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, whether individually or collectively, and any of their parents, subsidiaries, related or affiliated entities, successors and predecessors (including but not limited to Sequoia Voting Systems), officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of DOMINION.

6.    "SEQUOIA" means and refers to SEQUOIA VOTING SYSTEMS, INC. and any of its parents, subsidiaries, related or affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SEQUOIA.

7.     "SMARTMATIC" means and refers to collectively Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SMARTMATIC.

8.     "SMARTMATIC INTERNATIONAL" means and refers to, collectively, Plaintiff SMARTMATIC INTERNATIONAL HOLDING B.V. and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on SMARTMATIC INTERNATIONAL's behalf.

9.     "SMARTMATIC SYSTEMS" means any elections product developed, supplied, used, or supported by You, or on Your behalf, domestic or international, from SMARTMATIC's inception to the present. This includes but is not limited to any software, hardware, source code, firmware, technology, solutions, digital tools, functionalities, devices, scan tabulators, optional modules, peripherals, Hybrid Activator, Accumulator & Transmitters, audit logs, electronic voting machines, electronic counting machines, ballot marking devices, voter management, poll worker support, online voting, or election management platforms as described in Paragraphs 26–27 of the COMPLAINT.

10.     "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.     "You" and "Your" means SMARTMATIC INTERNATIONAL.

12.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include each of the other gender.

## TOPICS OF TESTIMONY

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, SMARTMATIC INTERNATIONAL shall designate one or more officers, directors, partners, managing agents, employees or other persons most knowledgeable to testify on their behalf as to the following subject matters:

1.     The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use in the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

2.     The identity of, and contact information for, all persons, entities, jurisdictions, and governmental bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use in the United States;

the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

3.    The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use in the United States; Your products or services, including product or model numbers, that have been the subject of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

4.    The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

5.    The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

6.    The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use outside the United States; Your products or services, including product or model numbers, that have been the subject

9

of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

7.  Identification of all procurement bid responses and proposals submitted by or on behalf of You at any time since January 1, 2016 for the provision of products or services to any domestic or international governmental agency, body, or entity; Your products or services, including product or model numbers, that were the subject of those responses and proposals; the results of the bid process, including reasons for any contracts or agreements not awarded to You; whether You were awarded a contract and, if so, the duration of the contract.

8.  Identification of all domestic and international procurement bid opportunities which You considered, at any time since January 1, 2016, but for which You chose not to submit a bid response or proposal, including the reason(s) for Your decision.

9.  The specific contracts, agreements, public bid opportunities, and/or "diminished business . . . prospects" (as referenced at Paragraphs 434 and 438 of the COMPLAINT) – domestic and international – that You contend were negatively affected by the COMPLAINED OF STATEMENTS and COMPLAINED OF BROADCASTS as set forth in the COMPLAINT, including the manner in which the negative effect impacted Your financial condition and the person(s) with the most knowledge about such effect.

10. Identification of every jurisdiction—domestic and international— where You have ever registered to do business, including dates of registration and corporate registration documents submitted in each jurisdiction.

11. Identify the specific factual basis for Your responses to OAN's First and Second Set of Interrogatories, Nos. 7, 9, 12, 14, 19, and 22.

12. Identify all Persons, including Your employees, who have raised concerns regarding SMARTMATIC SYSTEMS, including without limitation (a) any concerns about potential or alleged security issues, vulnerabilities, or vote tabulation errors; (b) the nature of the concerns; (c) the date the concerns were raised; and (d) actions taken to address the concerns.

13. Identify all hardware, software, and source code, or any part(s) thereof, owned or licensed by You or any of Your predecessors at any time that has been used by, used in, or incorporated in any voting machines manufactured by or on behalf of DOMINION, SEQUOIA, or other voting machine supplier; identify the

voting machines; identify the jurisdictions in which such voting machines have been used or been the subject of bids; and state the approximate dates when such voting machines were used or were the subject of bids.

14.     Identify Your legacy hardware, software, and source code used in any SMARTMATIC SYSTEMS; and identify the jurisdictions in which such legacy hardware, software and source code have been used.

15.     Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale in the United States between January 1, 2020 and the present.

16.     Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale outside the United States between January 1, 2020 and the present.

17.     The purpose, use, and contents of SMARTMATIC'S customer relationship management ("CRM") database, including the Persons responsible for (a) maintaining the CRM database, and (2) adding information or data to the CRM database.

18.     The specific factual basis for the claim that Defendant acted with "actual malice" and/or "ill will" in publishing the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, as alleged in the COMPLAINT at Paragraphs 238-240, 250-254, 448, 462, and 468.

19.     The identity of all negative affects You claim were caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including but not limited to any adverse effects on pricing of Your products and services, increased costs of Your products and services, the number of customers willing to do business with You, and any impact of the size of the market for Your products and services.

20.     The identity of all Persons involved with the creation of forecasts of alleged lost revenues and profits from 2021-2025, including income statement projections; the factual basis for the forecasts; manner in which the forecasts were calculated or prepared; and documents supporting the forecasts and projections.

21.     The identity of all Persons involved with itemizing Your alleged increased expenses allegedly caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including expenses for: (a) physical security; (b) cybersecurity; (c) workforce (including hiring and retention); (d) public

relations and the nature of the expenses claimed; (e) the manner in which such expenses were determined and calculated; and (f) documents supporting the claimed expenses.

22.     The identity of all valuations of SMARTMATIC prepared from 2016 to the present, including (a) the persons involved in preparing the valuations; (b) the manner in which the valuations were calculated; and (c) documents supporting the valuations.

23.     The identity of each category of damages You seek to recover in this lawsuit, including (a) the amount claimed for each category; (b) the manner in which the damages for each category was calculated; (c) documents supporting the calculations; and (d) the Persons with the most knowledge of the calculations of each category of damages.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., AND SGO CORPORATION LIMITED, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | |
| Defendant. | |

## NOTICE OF RULE 30(b)(6) DEPOSITION TO SMARTMATIC USA CORP.

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Herring Networks Inc., D/B/A One America News Network ("OAN"), by and through undersigned counsel, will take the oral and videotaped deposition of Plaintiff Smartmatic USA Corp.'s designee with regard to the matters described in Schedule A on **October 3, 2023**, beginning at 9:00 a.m. CST at Benesch, Friedlander, Coplan & Aronoff LLP, 71 S Wacker Dr Suite 1600, Chicago, IL 60606, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court.

The deponent will be requested to testify on the subject matters specified in Schedule A. The deposition will be taken upon oral examination by an official court reporter in and for the state in which the deposition will be held, or some other officer

duly authorized by law to take depositions, and it shall continue until completed at a date and time to be scheduled as necessary. The designee is commanded to attend in person. The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

Dated: September 13, 2023        By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)


*/s/ John K. Edwards*
John K. Edwards

## Schedule A

### INSTRUCTIONS

Pursuant to Fed Rule Civ. Proc. 30(b)(6), Plaintiff Smartmatic USA Corp. is requested to designate one or more officers, directors, managing agents, or other persons to testify on its behalf with regard to the following matters in accordance with the following definitions.

### DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Request.

1. "2020 PRESIDENTIAL ELECTION" means and refers to the U.S. Presidential Election that occurred on November 3, 2020, and all voting (including mail-in voting) and related events occurring up to the certification of votes on January 6, 2021.

2. "COMPLAINT" means the Complaint filed on November 3, 2021 in this action and any subsequently filed amended complaint.

3. "COMPLAINED OF BROADCASTS" means and refers to the broadcasts identified in Paragraphs 84-137, 146–147, 154-168, 171, 176, and 178 of the COMPLAINT filed in this action, among others, including without limitation the particular broadcasts of *After Hours with Alex Salvi*, *News Room*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan*

*Ball, In Focus with Stephanie Hamill, Weekly Briefing with Christina Bobb, America This Week,* and the Michael-Lindell-produced programs titled *Absolute Proof, Scientific Proof, Absolute Interference,* and *Absolutely 9-0.*

4.     "COMPLAINED OF STATEMENTS" means and refers to the statements described in Paragraphs 80–153, and more specifically identified in Paragraphs 171, 176, 184, 196, 205, 218, and 227 of the COMPLAINT filed in this action.

1.     "DOMINION" means and refers to US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, whether individually or collectively, and any of their parents, subsidiaries, related or affiliated entities, successors and predecessors (including but not limited to Sequoia Voting Systems), officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of DOMINION.

2.     "SEQUOIA" means and refers to SEQUOIA VOTING SYSTEMS, INC. and any of its parents, subsidiaries, related or affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SEQUOIA.

3.     "SMARTMATIC" means and refers to collectively Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SMARTMATIC.

4.     "SMARTMATIC USA" means and refers to, collectively, Plaintiff SMARTMATIC USA CORP. and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on SMARTMATIC USA's behalf.

5.     "SMARTMATIC SYSTEMS" means any elections product developed, supplied, used, or supported by You, or on Your behalf, domestic or international, from SMARTMATIC's inception to the present. This includes but is not limited to any software, hardware, source code, firmware, technology, solutions, digital tools, functionalities, devices, scan tabulators, optional modules, peripherals, Hybrid Activator, Accumulator & Transmitters, audit logs, electronic voting machines, electronic counting machines, ballot marking devices, voter management, poll worker support, online voting, or election management platforms as described in Paragraphs 26–27 of the COMPLAINT.

6.    "Person" means any natural person or any legal entity, including, without limitation, any corporation, business or governmental entity or association.

7.    "You" and "Your" means SMARTMATIC USA.

8.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include each of the other gender.

## TOPICS OF TESTIMONY

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, SMARTMATIC USA shall designate one or more officers, directors, partners, managing agents, employees or other persons most knowledgeable to testify on their behalf as to the following subject matters:

1.    The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use in the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

2.    The identity of, and contact information for, all persons, entities, jurisdictions, and governmental bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use in the United States;

the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

3.    The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use in the United States; Your products or services, including product or model numbers, that have been the subject of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

4.    The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

5.    The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

6.    The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use outside the United States; Your products or services, including product or model numbers, that have been the subject

of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

7.      Identification of all procurement bid responses and proposals submitted by or on behalf of You at any time since January 1, 2016 for the provision of products or services to any domestic or international governmental agency, body, or entity; Your products or services, including product or model numbers, that were the subject of those responses and proposals; the results of the bid process, including reasons for any contracts or agreements not awarded to You; whether You were awarded a contract and, if so, the duration of the contract.

8.      Identification of all domestic and international procurement bid opportunities which You considered, at any time since January 1, 2016, but for which You chose not to submit a bid response or proposal, including the reason(s) for Your decision.

9.      The specific contracts, agreements, public bid opportunities, and/or "diminished business . . . prospects" (as referenced at Paragraphs 434 and 438 of the COMPLAINT) – domestic and international – that You contend were negatively affected by the COMPLAINED OF STATEMENTS and COMPLAINED OF BROADCASTS as set forth in the COMPLAINT, including the manner in which the negative effect impacted Your financial condition and the person(s) with the most knowledge about such effect.

10.     Identification of every jurisdiction—domestic and international— where You have ever registered to do business, including dates of registration and corporate registration documents submitted in each jurisdiction.

11.     Identify the specific factual basis for Your responses to OAN's First and Second Set of Interrogatories, Nos. 7, 9, 12, 14, 19, and 22.

12.     Identify all Persons, including Your employees, who have raised concerns regarding SMARTMATIC SYSTEMS, including without limitation (a) any concerns about potential or alleged security issues, vulnerabilities, or vote tabulation errors; (b) the nature of the concerns; (c) the date the concerns were raised; and (d) actions taken to address the concerns.

13.     Identify all hardware, software, and source code, or any part(s) thereof, owned or licensed by You or any of Your predecessors at any time that has been used by, used in, or incorporated in any voting machines manufactured by or on behalf of DOMINION, SEQUOIA, or other voting machine supplier; identify the

voting machines; identify the jurisdictions in which such voting machines have been used or been the subject of bids; and state the approximate dates when such voting machines were used or were the subject of bids.

14.     Identify Your legacy hardware, software, and source code used in any SMARTMATIC SYSTEMS; and identify the jurisdictions in which such legacy hardware, software and source code have been used.

15.     Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale in the United States between January 1, 2020 and the present.

16.     Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale outside the United States between January 1, 2020 and the present.

17.     The purpose, use, and contents of SMARTMATIC'S customer relationship management ("CRM") database, including the Persons responsible for (a) maintaining the CRM database, and (2) adding information or data to the CRM database.

18.     The specific factual basis for the claim that Defendant acted with "actual malice" and/or "ill will" in publishing the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, as alleged in the COMPLAINT at Paragraphs 238-240, 250-254, 448, 462, and 468.

19.     The identity of all negative affects You claim were caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including but not limited to any adverse effects on pricing of Your products and services, increased costs of Your products and services, the number of customers willing to do business with You, and any impact of the size of the market for Your products and services.

20.     The identity of all Persons involved with the creation of forecasts of alleged lost revenues and profits from 2021-2025, including income statement projections; the factual basis for the forecasts; manner in which the forecasts were calculated or prepared; and documents supporting the forecasts and projections.

21.     The identity of all Persons involved with itemizing Your alleged increased expenses allegedly caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including expenses for: (a) physical security; (b) cybersecurity; (c) workforce (including hiring and retention); (d) public

relations and the nature of the expenses claimed; (e) the manner in which such expenses were determined and calculated; and (f) documents supporting the claimed expenses.

22.     The identity of all valuations of SMARTMATIC prepared from 2016 to the present, including (a) the persons involved in preparing the valuations; (b) the manner in which the valuations were calculated; and (c) documents supporting the valuations.

23.     The identity of each category of damages You seek to recover in this lawsuit, including (a) the amount claimed for each category; (b) the manner in which the damages for each category was calculated; (c) documents supporting the calculations; and (d) the Persons with the most knowledge of the calculations of each category of damages.

# EXHIBIT 1-B

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, September 13, 2023 2:39 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

<div align="center">**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***</div>

John,

Please let me know today whether OANN is opposed to a motion for a protective order regarding OANN's deposition notices, and whether OANN is opposed to the motion we proposed regarding the scheduling order.

Please also note that Benesch represents Mr. Gallagher. Also note that Mr. Parisca is currently an employee of Smartmatic and is also represented by Benesch. We accept service of the subpoena on Mr. Gallagher. We do not believe that the subpoena targeting Mr. Parisca is appropriate and ask that you withdraw it given his status as a current employee. Please confirm.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, September 13, 2023 2:20 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>

**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

Caitlin, thanks for your email below. To be clear, our request was not for a "deposition planning" proposal, if by that you mean when depositions will commence, but only for number/hour limits of depositions. There is nothing inappropriate, as you claim below, for seeking available dates for depositions we intend to take; rather, it is inappropriate not to provide requested dates. We will address your email received at 9:54 p.m. last night regarding extending deadlines separately.

Please see attached deposition notices and subpoenas. We are agreeable to adjust the dates/locations of the Smartmatic employee depositions if you give us dates for these to occur before October 13th – please advise. If a single 30b6 witness will be designated to testify on behalf of all three plaintiffs, we can discuss consolidation of the noticed depositions. We will make ourselves available to meet and confer with you to discuss the 30b6 topics under FRCP 30(b)(6).

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, September 11, 2023 10:32 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

<span style="color:red">**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***</span>

John,

We are in discussions with our client regarding Smartmatic's proposal on deposition planning. We will reach out with that proposal when it is signed off. OANN's unilateral deadlines below are, of course, inappropriate, especially in the face of OANN's failure to comply with its discovery obligations, and its efforts to take advantage of Smartmatic's compliance in the meantime. We will share Smartmatic's proposal as soon as practicable.

Regards,



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com

71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Sunday, September 10, 2023 3:09 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Re: Smartmatic v. OANN - Deposition Scheduling

John,

Thanks for your email. We will be in touch tomorrow. Have a great rest of your weekend.



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Sunday, September 10, 2023 2:00:17 PM
**To:** Wilkes, Christopher <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

Caitlin, we ask that you provide available dates for Smartmatic counsel and the witness for the depositions of the Smartmatic employee/representative(s) listed below during the weeks of September 25 and October 2, 2023. We ask that dates be provided by 5pm on Tuesday, September 12. If dates during the requested two-week period are not provided by Tuesday, we'll proceed to notice the depositions during the weeks of September 25th or October 2nd via service upon your firm (unless you advise otherwise).

1.      Alexander Aparicio
2.      Rule 30b6 witness for each Plaintiff (topics attached)

Further, below are names and dates for the depositions of third-party witnesses we intend to depose at this time.  Please advise which dates work for Smartmatic counsel by 5pm on Tuesday, September 12 – if we don't receive dates, we'll proceed to serve subpoenas for one of the dates listed below.

1.     Jack Blaine – Sept. 29, Oct. 2, 3
2.     Hugh Gallagher – Oct. 4, 5, 6.
3.     Ernesto Parisca – Oct. 9, 10, 11.

Finally, I await a response to my email from Wednesday (below) proposing 120 hours of deposition time per side, including third parties but excluding expert witnesses.  If we don't hear back with a substantive proposal by Tuesday, we'll conclude that your prior refusal to discuss deposition parameters at this time has not changed.

Thanks. - John

---

**From:** Edwards, John
**Sent:** Wednesday, September 6, 2023 10:44 AM
**To:** 'Wilkes, Christopher' <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

Caitlin, we disagree with the characterizations of our intended international discovery made in your September 5 letter (attached), which you sent after our letter memorializing the parties' meet and confer (also attached).

As for deposition planning, I understand that you seek to prevent depositions until the May 5 Joint Notice is resolved. We have never agreed to that and do not agree now. To meet the Court's December 8 fact discovery deadline, depositions must start immediately. There is no stay of discovery and no rule under which either party can unilaterally dictate the timing of depositions. Absent such restrictions, either party is free to conduct depositions.

We are puzzled by your approach, as Plaintiffs are typically eager to *commence* depositions.  Your reluctance to do so, falsely premised on the need for "substantial completion" of OAN's production which is, in fact, substantially complete, suggests an unwillingness to prosecute this case.  Unless you agree to negotiate now in good faith on deposition hour limits, we are considering a motion to dismiss for failure to prosecute.  Our proposal is this: 120 hours per side, to include third-parties but exclude expert witnesses. Please let me know your position; and if you remain unwilling to engage, tell us whether you are opposed to a motion to dismiss for failure to prosecute the case.

Thanks. - John

---

**From:** Wilkes, Christopher <CWilkes@beneschlaw.com>
**Sent:** Tuesday, September 5, 2023 6:44 PM
**To:** Edwards, John <jedwards@jw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo

<mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

<span style="color:red">**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***</span>

Counsel,

Please find Smartmatic's letter regarding today's meet and confer attached.

Thanks,
Chris



Christopher J. Wilkes
(he/him/his)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4968 | CWilkes@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, September 5, 2023 2:07 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Smartmatic v. OANN - Meet & Confer Letter

Please see attached letter regarding today's meet and confer. Thanks. - John

---

**From:** Edwards, John
**Sent:** Friday, September 1, 2023 1:33 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin:

Yes, we are many months into the litigation, and Smartmatic has yet to disclose to us what types of damages it is claiming and in which countries and jurisdictions it is claiming damages based on potential engagements that include

terminated or non-renewed contracts. We asked for this information long ago as it pertains to international discovery (*e.g.*, RFPs 26, 27, 28, 30, 37, 40-41, 57-58, and ROGs 4, 7, 12), but even during our call last week you were unable to tell us without first reviewing OAN's document production. We would like to meet and confer today or no later than Tuesday. In anticipation of doing so, here are a few points that we ask that you consider:

1.      You take issue with "documents and communications regarding issues, problems, and investigations relating to Smartmatic software," saying that the discovery sought has "no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation." But issues, problems and investigations into Smartmatic would have a direct impact on its reputation. Smartmatic is claiming reputational harm. That Smartmatic obtained – independent of anything OAN did – a negative reputation through issues, problems, and investigations in those jurisdictions is directly relevant to both causation and damages.

        Smartmatic is dogged by its history — the Venezuelan roots, the CFIUS investigation, continuing controversies around the Philippines and Kenyan elections, etc. These have made it hard for Smartmatic to rehabilitate its corporate image, which directly relates to causation and damages. Courts have permitted introduction of evidence (and hence discovery, since relevance is broader than the standard for admissibility) of specific acts of misconduct in a libel case. *See, e.g.*, *Schafer v. Time, Inc.*, 142 F.3d 1361, 1370 (11th Cir. 1998).

        Smartmatic has put its reputation at issue in this case, and we are entitled to seek discovery about it – and we are not limited in discovery of these matters to what Smartmatic may possess.

2.      Regarding Kenya and Belgium, you claim that "Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium." But what happens when Kenya or Belgium impacts whether another jurisdiction may decide to contract with Smartmatic?

        If Smartmatic has had issues, problems, or been investigated in those jurisdictions, that is relevant regardless of whether Smartmatic is seeking damages from those two jurisdictions. For the same reason, your statement that OAN "is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert" misses the point (and is misleading, as Smartmatic has refused to produce any communications). The test for relevancy is not limited to only those jurisdictions where Smartmatic is seeking damages. Just as a defendant in a lost profits case can show that lost profits were due to some other cause, OAN can show that Smartmatic's significant troubles in various jurisdictions – not any statements on OAN – are to blame for any purported inability to get contracts. We are entitled to third-party discovery on these issues.

3.      Regarding your speculation relating to the time that it will take to execute international discovery, even if it weren't speculation it would not matter, as it is no reason to not permit an attempt to get the discovery. Moreover, it is Smartmatic's near-total refusal to provide any information on international dealings (in a case where it seeks international damages) that is largely to blame. Your reference to a discovery extension jumps the gun. That is not a pending request. Speculation that none of the requested discovery will be in by a certain time is just that: speculation. And, we are commencing the discovery well before the fact discovery deadline.

Again, we ask that you reconsider and would like to meet and confer over the phone today or Tuesday at the latest. Please provide times that you are available.

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 30, 2023 8:32 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl

<cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<center>**RECEIVED FROM EXTERNAL SENDER – USE CAUTION****</center>

Counsel,

**<u>International Discovery</u>**

Thank you providing the details of your planned request for international discovery. After analyzing your requests, we can confirm that we oppose them for several reasons, as described below. We are happy to meet and confer further on these issues if you are willing.

First, the requests seek documents that are irrelevant to OANN's defamation. For example, documents in the sole possession of a foreign government regarding "documents and communications regarding issues, problems, and investigations relating to Smartmatic software" have no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation.

Second, certain of OANN's requests relate to potential contracts with Kenya and Belgium. But these contracts have no relevance to Smartmatic's case against OANN. Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium. And, OANN is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert with respect to its damages claims; there is no need to launch a barrage of international discovery, 10 months into the litigation, to obtain documents related to damages.

Third, as you likely know, requests for discovery from international governments often take years to be processed, whether they are successful or not. Discovery in this case has been ongoing since October 2022, and the fact discovery deadline is coming up on December 8, 2023. OANN's proposed requests are incredibly unlikely to result in any production of documents by that time, and the tangential relationship they have to the case does not justify an extension of the discovery deadline to allow OANN time to pursue discovery from <u>eight</u> foreign governments. If OANN wanted to pursue this discovery, it should have done so much earlier.

**<u>Spanish Search Terms</u>**

Attached is a list of Spanish search terms we have used to identify relevant documents. These terms have been run in addition to (and not in place of) the English terms the parties have discussed. Please let us know if you have any questions.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 28, 2023 8:13 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

John,

This is received. We will respond as soon as we can.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 28, 2023 2:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, we had asked that the following information be provided by last Friday, but no response: (1) Spanish language queries used in related litigation; and (2) deposition limits agreed to (or proposed) in related litigation. Please let us know today.

Also, attached is a letter providing additional information about our motion related to international discovery. Please advise whether opposed or unopposed by Wednesday, August 30, 2023.

Thanks. - John

**From:** Dickson, Carter <cdickson@jw.com>
**Sent:** Thursday, August 24, 2023 11:07 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>

**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin and Olivia,

Please see the attached letter and revised Exhibit A.

Thanks,
**Carter Dickson**
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4331 | F: (713) 752-4221 | cdickson@jw.com



**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 23, 2023 9:47 AM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<p style="text-align:center;color:red;">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</p>

Counsel,

In advance of our conversation, please see the attached letters previously exchanged between the parties. Specifically, see p. 11 of both exchanges.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 5:01 PM

**To:** Kovacs, Caitlin <[CKovacs@beneschlaw.com](mailto:CKovacs@beneschlaw.com)>; Sullivan, Olivia <[OSullivan@beneschlaw.com](mailto:OSullivan@beneschlaw.com)>
**Cc:** Amattey, Amakie <[AAmattey@beneschlaw.com](mailto:AAmattey@beneschlaw.com)>; Wilkes, Christopher <[CWilkes@beneschlaw.com](mailto:CWilkes@beneschlaw.com)>; Wertheimer, Nancy <[NWertheimer@beneschlaw.com](mailto:NWertheimer@beneschlaw.com)>; Maldonado, Jacklyn <[JMaldonado@beneschlaw.com](mailto:JMaldonado@beneschlaw.com)>; Butzer, Carl <[cbutzer@jw.com](mailto:cbutzer@jw.com)>; Blaesche, Minoo <[mblaesche@jw.com](mailto:mblaesche@jw.com)>; Pickett Shah, Bethany <[bpickett@jw.com](mailto:bpickett@jw.com)>; Dickson, Carter <[cdickson@jw.com](mailto:cdickson@jw.com)>; Emery, Tori <[temery@jw.com](mailto:temery@jw.com)>; Walsh, Hannah <[hwalsh@jw.com](mailto:hwalsh@jw.com)>; Rhine, Emily <[erhine@jw.com](mailto:erhine@jw.com)>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

That should work on our end – I'll send an invite.

---

**From:** Kovacs, Caitlin <[CKovacs@beneschlaw.com](mailto:CKovacs@beneschlaw.com)>
**Sent:** Wednesday, August 16, 2023 3:30 PM
**To:** Edwards, John <[jedwards@jw.com](mailto:jedwards@jw.com)>; Sullivan, Olivia <[OSullivan@beneschlaw.com](mailto:OSullivan@beneschlaw.com)>
**Cc:** Amattey, Amakie <[AAmattey@beneschlaw.com](mailto:AAmattey@beneschlaw.com)>; Wilkes, Christopher <[CWilkes@beneschlaw.com](mailto:CWilkes@beneschlaw.com)>; Wertheimer, Nancy <[NWertheimer@beneschlaw.com](mailto:NWertheimer@beneschlaw.com)>; Maldonado, Jacklyn <[JMaldonado@beneschlaw.com](mailto:JMaldonado@beneschlaw.com)>; Butzer, Carl <[cbutzer@jw.com](mailto:cbutzer@jw.com)>; Blaesche, Minoo <[mblaesche@jw.com](mailto:mblaesche@jw.com)>; Pickett Shah, Bethany <[bpickett@jw.com](mailto:bpickett@jw.com)>; Dickson, Carter <[cdickson@jw.com](mailto:cdickson@jw.com)>; Emery, Tori <[temery@jw.com](mailto:temery@jw.com)>; Walsh, Hannah <[hwalsh@jw.com](mailto:hwalsh@jw.com)>; Rhine, Emily <[erhine@jw.com](mailto:erhine@jw.com)>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are currently open next Wednesday morning. Could we pencil in 10am?

There's a small chance I will have a conflict pop up that requires some adjustment. If so, I'll let you know ASAP, and will try to avoid that.

Thanks,
Caitlin



| | Caitlin A. Kovacs |
|---|---|
| | (she/her/hers) |
| | Partner \| Litigation |
| | Benesch Friedlander Coplan & Aronoff LLP |
| | |
| | t: 312.624.6392 \| m: 614.804.0562 |
| | [CKovacs@beneschlaw.com](mailto:CKovacs@beneschlaw.com) \| [www.beneschlaw.com](http://www.beneschlaw.com) |
| | 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637 |
| | |
| | Confidentiality Notice to Incorrect Addressee: [www.beneschlaw.com/confidentialitynotice](http://www.beneschlaw.com/confidentialitynotice) |

---

**From:** Edwards, John <[jedwards@jw.com](mailto:jedwards@jw.com)>
**Sent:** Wednesday, August 16, 2023 12:43 PM
**To:** Kovacs, Caitlin <[CKovacs@beneschlaw.com](mailto:CKovacs@beneschlaw.com)>; Sullivan, Olivia <[OSullivan@beneschlaw.com](mailto:OSullivan@beneschlaw.com)>
**Cc:** Amattey, Amakie <[AAmattey@beneschlaw.com](mailto:AAmattey@beneschlaw.com)>; Wilkes, Christopher <[CWilkes@beneschlaw.com](mailto:CWilkes@beneschlaw.com)>; Wertheimer, Nancy <[NWertheimer@beneschlaw.com](mailto:NWertheimer@beneschlaw.com)>; Maldonado, Jacklyn <[JMaldonado@beneschlaw.com](mailto:JMaldonado@beneschlaw.com)>; Butzer, Carl <[cbutzer@jw.com](mailto:cbutzer@jw.com)>; Blaesche, Minoo <[mblaesche@jw.com](mailto:mblaesche@jw.com)>; Pickett Shah, Bethany <[bpickett@jw.com](mailto:bpickett@jw.com)>; Dickson, Carter <[cdickson@jw.com](mailto:cdickson@jw.com)>; Emery, Tori <[temery@jw.com](mailto:temery@jw.com)>; Walsh, Hannah <[hwalsh@jw.com](mailto:hwalsh@jw.com)>; Rhine, Emily <[erhine@jw.com](mailto:erhine@jw.com)>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, thank you for the letter & email below.  I am in depositions until Tuesday – would you be available to meet & confer on Tuesday between noon-5pm or on Wednesday morning before noon?

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, August 15, 2023 3:19 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<p align="center">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION****</p>

John,

Our response to your August 3 letter is attached. We request a meet and confer on a handful of specified topics within the letter. We are available this Thursday between 9:30-2 CT or on Friday between 10-4 CT.

As for your questions below:

1. As we have previously indicated, there are currently no expert reports in the Fox litigation. Once expert reports are exchanged, we will consider producing them here if they are relevant.
2. Smartmatic is asserting reputational harm in foreign countries. Is there an interrogatory OANN has issued that you would like to point us to as the basis for further discussion?
3. We are happy to hear any proposal OANN has regarding depositions.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 14, 2023 11:51 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori

<temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, you indicated below we would hear back in response to my July 25 and August 3 letters last week but we did not. It's been 3 weeks since the July 25 letter. We request a meet & confer by this Wednesday on the subjects outlined in the July 25 and August 3 letters as well as the following:

1.   Whether Smartmatic will produce its expert reports issued in its case against Fox, and if so, when.
2.   Whether Smartmatic is claiming damages from reputational harm in any foreign countries, and if so, which ones.
3.   Discussion of deposition limits – number/hours.

Please let me know your availability today through Wednesday. Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 7, 2023 6:15 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are in receipt of OANN's July 25 and August 3 letters. We will respond to both of them this week.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Thursday, August 3, 2023 4:36 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily

<erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter.

Thanks. – John

---

**From:** Edwards, John
**Sent:** Tuesday, July 25, 2023 5:19 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter and search terms chart.  Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Friday, July 21, 2023 4:03 PM
**To:** Edwards, John <jedwards@jw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>
**Subject:** Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

Please see the attached correspondence, which includes an updated search terms chart. We've included a word version of the chart for ease of reference.

Have a great weekend.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

# EXHIBIT 1-C

| From: | Kovacs, Caitlin <CKovacs@beneschlaw.com> |
|---|---|
| Sent: | Tuesday, September 26, 2023 3:43 PM |
| To: | Edwards, John; Wilkes, Christopher; Sullivan, Olivia |
| Cc: | Amattey, Amakie; Wertheimer, Nancy; Maldonado, Jacklyn; Butzer, Carl; Blaesche, Minoo; Shah, Bethany; Emery, Tori; Walsh, Hannah; Carlton, Emily; Trent McCotter; Dickson, Carter; Myers, David; Stowe, William |
| Subject: | RE: Smartmatic/OAN - Depositions |

Hi John,

Smartmatic moved to quash these notices, to stay depositions, and for a protective order on September 18. OANN knows this. As we told you on September 5, 11, 12, and 13, Smartmatic objects to OANN's notices. And as Smartmatic explained, "OANN must produce a full record before the parties can proceed to depositions. Given OANN's serious delay in complying with its discovery obligations, Smartmatic believes the parties require an extension of the fact discovery schedule such that discovery will end on April 8, 2024. Depositions should be scheduled to begin on January 8, 2024."

While the motion to quash and to stay depositions is pending, Smartmatic will not be presenting any witnesses for deposition. Again, OANN knows this. We look forward to OANN's response to Smartmatic's motion.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

vCard

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, September 26, 2023 1:31 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>; Myers, David <dmyers@jw.com>; Stowe, William <wstowe@jw.com>
**Subject:** Smartmatic/OAN - Depositions

Caitlin/Olivia,

Pursuant to the attached deposition notices timely served on September 13, 2023 , counsel for OAN will travel to Chicago tomorrow for the depositions of Mr. Aparicio and Mr. Parisca scheduled for September 28 and 29th, respectively, in your Chicago office.  Please confirm before 5pm ct today that these witnesses will be presented as noticed.

We also will proceed with the depositions noticed for next week, including Smartmatic 30b6 witness(es) and Mr. Gallagher in Chicago.  We again invite a conference on the 30b6 topics, and if one 30b6 witness will be presented for all three plaintiff entities, we can discuss potentially completing the deposition in one full day.

Thanks. - John

**John K. Edwards | Partner**
1401 McKinney Suite 1900 | Houston, T   | 77010
V: (713) 752-4319 | C:  (713) 553-7951 | F: (713) 308-4117
 John Edwards - Houston Litigation Attorney - Jackson Walker (jw.com) | jedwards@jw.com



# EXHIBIT 1-D

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, October 3, 2023 7:31 AM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Golden, Meghan <MGolden@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Shah, Bethany <bpickett@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Stowe, William <wstowe@jw.com>; Myers, David <dmyers@jw.com>; Breig, John <JBreig@beneschlaw.com>
**Subject:** RE: Smartmatic/OANN; Jack Blaine Deposition

<p style="text-align:center"><strong><span style="color:red">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</span></strong></p>

Hi John,

OANN has asked this question before, and received the answer even before then. Please see attached.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, October 2, 2023 4:48 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Golden, Meghan <MGolden@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Stowe, William <wstowe@jw.com>; Myers, David <dmyers@jw.com>; Breig, John <JBreig@beneschlaw.com>
**Subject:** RE: Smartmatic/OANN; Jack Blaine Deposition

Caitlin, just confirming what Mr. Breig conveyed to me verbally this afternoon that Hugh Gallagher will not be presented for deposition on Friday, October 6th as noticed, correct?

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Friday, September 29, 2023 2:12 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Golden, Meghan <MGolden@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Stowe, William <wstowe@jw.com>; Myers, David <dmyers@jw.com>; Breig, John <JBreig@beneschlaw.com>
**Subject:** RE: Smartmatic/OANN; Jack Blaine Deposition

<p style="text-align:center;color:red;">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</p>

John,

Here you are:

      John Breig

      Amakie Amattey

Thanks.



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

vCard

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Friday, September 29, 2023 1:48 PM
**To:** Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Golden, Meghan <MGolden@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Stowe, William <wstowe@jw.com>; Myers, David <dmyers@jw.com>
**Subject:** RE: Smartmatic/OANN; Jack Blaine Deposition

Please send me the names of attendees for Monday's deposition so we can inform building security for access. Thanks.

**From:** Edwards, John
**Sent:** Thursday, September 28, 2023 1:11 PM
**To:** 'Sullivan, Olivia' <OSullivan@beneschlaw.com>
**Cc:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Golden, Meghan <MGolden@beneschlaw.com>; Amattey, Amakie

<AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>; Myers, David <dmyers@jw.com>
**Subject:** RE: Smartmatic/OANN; Jack Blaine Deposition

Mr. Blaine previously accepted service of the subpoena for an Oct. 2nd deposition.  It is my understanding that the deposition is proceeding on Monday and we'll be there.

---

**From:** Sullivan, Olivia <OSullivan@beneschlaw.com>
**Sent:** Thursday, September 28, 2023 11:22 AM
**To:** Edwards, John <jedwards@jw.com>
**Cc:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Golden, Meghan <MGolden@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>; Myers, David <dmyers@jw.com>
**Subject:** RE: Smartmatic/OANN; Jack Blaine Deposition

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We spoke with Jack directly, and he said he is not sitting for a deposition until November. It seems this deposition will not be happening on Monday. Let me know if you have a different understanding.

Olivia





Olivia Sullivan
(she/her/hers)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6415 | m: 913.742.9568
OSullivan@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Sullivan, Olivia <OSullivan@beneschlaw.com>
**Sent:** Wednesday, September 27, 2023 4:52 PM
**To:** Edwards, John <jedwards@jw.com>
**Cc:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Golden, Meghan <MGolden@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>; Myers, David <dmyers@jw.com>
**Subject:** RE: Smartmatic/OANN; Jack Blaine Deposition

If you have been in touch with Mr. Blaine directly, please provide us with his contact information. Thanks.

3



Olivia Sullivan
(she/her/hers)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6415 | m: 913.742.9568
OSullivan@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, September 27, 2023 4:48 PM
**To:** Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Golden, Meghan <MGolden@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>; Myers, David <dmyers@jw.com>
**Subject:** RE: Smartmatic/OANN; Jack Blaine Deposition

Yes, we are moving forward with the deposition of Mr. Blaine. We don't have any information about his counsel.

---

**From:** Sullivan, Olivia <OSullivan@beneschlaw.com>
**Sent:** Wednesday, September 27, 2023 3:40 PM
**To:** Edwards, John <jedwards@jw.com>
**Cc:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Golden, Meghan <MGolden@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>; Myers, David <dmyers@jw.com>
**Subject:** Smartmatic/OANN; Jack Blaine Deposition

<p align="center">**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***</p>

Counsel,

Please confirm by close of business today whether OANN intends to move forward next week with the deposition of Jack Blaine. If you intend to move forward with the deposition, please provide us today with the contact information for Mr. Blaine's counsel.

Thank you.

Olivia



Olivia Sullivan
(she/her/hers)



Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6415 | m: 913.742.9568
OSullivan@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

| | |
|---|---|
| **From:** | Kovacs, Caitlin <CKovacs@beneschlaw.com> |
| **Sent:** | Tuesday, September 26, 2023 3:43 PM |
| **To:** | Edwards, John; Wilkes, Christopher; Sullivan, Olivia |
| **Cc:** | Amattey, Amakie; Wertheimer, Nancy; Maldonado, Jacklyn; Butzer, Carl; Blaesche, Minoo; Shah, Bethany; Emery, Tori; Walsh, Hannah; Carlton, Emily; Trent McCotter; Dickson, Carter; Myers, David; Stowe, William |
| **Subject:** | RE: Smartmatic/OAN - Depositions |

Hi John,

Smartmatic moved to quash these notices, to stay depositions, and for a protective order on September 18. OANN knows this. As we told you on September 5, 11, 12, and 13, Smartmatic objects to OANN's notices. And as Smartmatic explained, "OANN must produce a full record before the parties can proceed to depositions. Given OANN's serious delay in complying with its discovery obligations, Smartmatic believes the parties require an extension of the fact discovery schedule such that discovery will end on April 8, 2024. Depositions should be scheduled to begin on January 8, 2024."

While the motion to quash and to stay depositions is pending, Smartmatic will not be presenting any witnesses for deposition. Again, OANN knows this. We look forward to OANN's response to Smartmatic's motion.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

vCard

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, September 26, 2023 1:31 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>; Myers, David <dmyers@jw.com>; Stowe, William <wstowe@jw.com>
**Subject:** Smartmatic/OAN - Depositions

Caitlin/Olivia,

       Pursuant to the attached deposition notices timely served on September 13, 2023 , counsel for OAN will travel to Chicago tomorrow for the depositions of Mr. Aparicio and Mr. Parisca scheduled for September 28 and 29th, respectively, in your Chicago office.  Please confirm before 5pm ct today that these witnesses will be presented as noticed.

       We also will proceed with the depositions noticed for next week, including Smartmatic 30b6 witness(es) and Mr. Gallagher in Chicago.  We again invite a conference on the 30b6 topics, and if one 30b6 witness will be presented for all three plaintiff entities, we can discuss potentially completing the deposition in one full day.

Thanks. - John

**John K. Edwards | Partner**
1401 McKinney Suite 1900 | Houston, T   | 77010
V: (713) 752-4319 | C:  (713) 553-7951 | F: (713) 308-4117
 John Edwards - Houston Litigation Attorney - Jackson Walker (jw.com) | jedwards@jw.com



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

SMARTMATIC USA CORP.,
SMARTMATIC HOLDING B.V., AND
SGO CORPORATION LIMITED,

                Plaintiffs,

    v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

                Defendant.

No. 3:23-mc-00006

Underlying Litigation:
Civil Action No. 1:21-cv-02900-CJN
United States District Court
District of Columbia

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DEPOSITIONS

Upon consideration of OAN's Motion to Compel Compliance with Rule 45 Subpoena, and the response, if any, it is hereby ORDERED that OAN's Motion is GRANTED.

Hugh Gallagher is hereby ORDERED to appear to testify at a deposition within 14 days of the date of this Order at Cavalier Reporting & Videography, 415 4th Street N.E., Suite 4, Charlottesville, Virginia 22902 or at another mutually agreeable location.

It is further ORDERED that Hugh Gallagher is held in civil contempt of court for his failure to appear to testify on October 6, 2023 as commanded by the subpoena issued by the United States District Court for the District of Columbia.

It is further ORDERED that OAN is awarded its reasonable attorneys' fees and expenses in cancelling Hugh Gallagher's deposition and in bringing the Motion to Compel Compliance with Rule 45 Subpoena. OAN may submit an application for those fees with supporting documentation within fourteen (14) days of this order.

Signed this _____ day of _____, 2023.

_____
PRESIDING JUDGE
United States District Judge

2

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Smartmatic USA Corp., et al.

## DEFENDANTS

Herring Networks, Inc. dba One America News Network

**(b)** County of Residence of First Listed Plaintiff    Palm Beach, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Benesch Friedlander et al, 71 South Wacker Drive, Suite 1600, Chicago, IL 60606 - T: (312) 624-6392

Attorneys *(If Known)*

R. Trent McCotter, Boyden Gray PLLC, 801 17th St NW, #350, Washington, DC 20006, T: (202) 706-5488

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | |
| ☐ 2 | U.S. Government Defendant | |
| ☒ 3 | Federal Question *(U.S. Government Not a Party)* | |
| ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court |
| ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fed. R. Civ. P. 45

Brief description of cause:
Compel attendance at deposition.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE   Carl J. Nichols     DOCKET NUMBER   D.D.C. No. 1:21-cv-02900-CJN

DATE
10/06/2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Trent McCotter

**FOR OFFICE USE ONLY**

RECEIPT # AVAWDC-4278082    AMOUNT $49.00    APPLYING IFP    JUDGE RSB    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.