# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., | Judge Carl J. Nichols |
| Defendant. | |

# **PLAINTIFFS' EMERGENCY MOTION TO QUASH DEPOSITION NOTICES**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I. BACKGROUND ................................................................................................... 1

    A. Pending Issues Before This Court Require Resolution Before Depositions Should Proceed. ..................................................................... 2

    B. OANN's Production Is Deficient. .............................................................. 3

    C. OANN Entirely Ignored Smartmatic's Motion for Protective Order and Motion to Stay Depositions. ................................................................ 6

II. LEGAL STANDARD ........................................................................................... 9

III. ARGUMENT ......................................................................................................... 9

IV. CONCLUSION .................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Byrd v. District of Columbia*,
    259 F.R.D. 1 (D.D.C. 2009)...................................................................................................9

*Crawford-El v. Britton*,
    523 U.S. 574 (1998)..................................................................................................... 9, 12

*Ghawanmeh v. Islamic Saudi Acad.*,
    274 F.R.D. 329 (D.D.C. 2011)..............................................................................................11

*Laker Airways Ltd. v. Pan Am. World*
    103 F.R.D. 42 (D.D.C. 1984)................................................................................................9

*Low v. Whitman*,
    207 F.R.D. 9 (D.D.C. 2002)........................................................................................... 9, 11

*Sterne v. Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*,
    276 F.R.D. 376 (D.D.C. 2011)..............................................................................................9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................................9

*In re Subpoena to Wang*,
    214 F. Supp. 3d 91 (D.D.C. 2016)........................................................................................9

**Other Authorities**

Fed. R. Civ. P. 26(c) ................................................................................................... 1, 8, 9

Fed. R. Civ. P. 26(d) ........................................................................................................12

Fed. R. Civ. P. 45 ...............................................................................................................6

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Court's inherent authority, Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively, "Smartmatic"), by counsel, submit this Emergency Motion to Quash Defendant Herring Network Inc.'s (d/b/a OANN) ("OANN") fourteen premature deposition notices issued October 6, 2023, and October 11, 2023.

Smartmatic finds itself in the inevitable position of seeking an emergency motion as a result of a confluence of factors beyond its control. OANN has steadfastly refused to comply with its document production obligations. There are a dozen outstanding discovery issues in front of the Court, including Smartmatic's request that OANN comply with its document production obligations and that depositions be stayed until the resolution of these disputes. OANN has decided to take advantage of these two issues instead of working professionally with Smartmatic on an alternative solution. The parties typically resolve these types of disagreements with professionalism and courtesy. Unfortunately, that is not the case here. The fact that Smartmatic must seek an emergency motion to quash OANN's deposition notices demonstrates how far from ethical and professional norms we have come with this litigation.

Smartmatic wants to move this case forward—it is the victim of OANN's disinformation— which requires OANN to fulfill its obligations to produce relevant documents instead of junk and for the parties to receive guidance from the Court rules on their discovery disputes. OANN's taking of depositions while Smartmatic waits for OANN to produce documents is prejudicial, inequitable, and wrong. OANN is taking advantage of its own malfeasance to force depositions based on an incomplete record.

I.   **BACKGROUND**

This is not the first time OANN's improperly noticed depositions have been brought before this Court. On September 18, 2023, Smartmatic filed its Motion to Issue a Protective Order, Stay

Depositions, and Amend Scheduling Order ("September 18 Motion"). (Dkt. 96). That Motion addressed the exact same issue before this Court today: OANN is bull-rushing into depositions without ensuring sufficient document production or awaiting judicial resolution of key discovery disputes.

### A. Pending Issues Before This Court Require Resolution Before Depositions Should Proceed.

As Smartmatic has pointed out to OANN countless times, there are pending issues before this Court that will directly impact the scope of depositions and must be adjudicated. (*See* Dkt. 96; Dkt. 101). Presently, there are sixteen issues before the Court and an additional five that were recently brought to the attention of the Court. Pending issues before this Court include:

| Motion | Relief Requested | Date Filed | Date Fully Briefed |
|---|---|---|---|
| May 5, 2023 Joint Submission | Eleven issues raised.[1] | Submitted to Clerk on May 5, 2023 | Awaiting leave from the Court to brief the issues. |
| Smartmatic's Motion for Extension of Time to Serve Document Requests | Extend deadline to serve document requests to July 31, 2023. (Requested due to our Second Set of RFPs) | May 31, 2023 | June 6, 2023 |
| OANN's Motion for Recusal of Magistrate Judge Upadhyaya | Recusal of Magistrate Judge Upadhyaya | OANN Sent Letter on June 5, 2023; SMT filed Positional | July 21, 2023 |

---

[1] Smartmatic's Issues: 1) OANN's failure to produce document; 2) OANN's failure to disclose relevant witnesses; 3) OANN's failure to produce financial records; and 4) OANN's failure to agree to completion of document production. OANN's Issues: 1) the relevance of government investigations into Smartmatic; 2) the permissible scope of requests relating to criticisms and reputational issues of Smartmatic; 3) whether OANN can explore a broad theory of damages; 4) the relevance of related litigation 5) the relevance of all Smartmatic Entity's Board of Director's meeting minutes; 6) OANN's broad request for information on all of Smartmatic's vendors and manufacturers from 2004 onwards; and 7) OANN's misguided belief that Smartmatic is withholding documents produced by third party subpoenas. (Dkt. 101 at p. 4).

2

| | | Statement on June 30, 2023; OANN filed Motion on July 6, 2023, | |
|---|---|---|---|
| Smartmatic's Motion for Protective Order | Issue a protective order to quash OANN's Second Set of RFPs | July 7, 2023 | July 28, 2023 |
| Second Draft Joint Submission | Five issues raised in the recent draft[2] | OANN requested a teleconference on August 25, 2023; Smartmatic requested a teleconference on October 2, 2023. | Awaiting leave from the Court to brief the issues. |
| OANN's Motion for Issuance of Letters of Request | Issue Letters of Request | September 13, 2023 | September 27, 2023 |
| Smartmatic's Motion for Protective Order, Stay Depositions and Amend Scheduling Order | Quash deposition notices; Stay depositions until January 2024; Extend fact discovery deadline to April 2024 | September 18, 2023 | October 4, 2023 |

Most of these issues were pending before Smartmatic filed its September 18 Motion. all of these issues were pending when the September 18 Motion was fully briefed, and all of these issues remain pending. Nevertheless, OANN continues to bull-rush into depositions.

**B.    OANN's Production Is Deficient.**

For over a year, OANN refused to produce any meaningful discovery. OANN completed six productions prior to Smartmatic filing its September 18 Motion, the first of which occurred seven months *after* Smartmatic served its original RFPs. (Dkt. 96 at p. 5)[3]. All six productions

---

[2] OANN Issues: 1) Smartmatic custodians and search terms; and 2) Smartmatic's Response to Interrogatory No. 4. Smartmatic's Issues: 3) Smartmatic's Second Set of RFPs 4) OANN Production; and 5) Related Litigation. (Dkt. 101-1 at ¶ 5).
[3] All page numbers are in reference to the PDF page number.

3

primarily consisted of junk e-mails and non-responsive documents. (*Id.* at p. 5-7). And as Smartmatic repeatedly pointed out to OANN, there were clear gaps in OANN's production. (*Id.* at 7-8.).

The parties agreed on a substantial production date of August 28, 2023. (Dkt. 96-1 at ¶ 18). Six months into discovery, it became clear that this schedule was not plausible for OANN. (*Id.* at ¶¶ 6-8). On March 30, Smartmatic informed OANN that if the parties do not begin to identify and negotiate custodians before May, "they may not be able to commence depositions in a timely manner." (Dkt. 101 at p. 14). OANN identified *one* additional custodian in April. (Dkt. 96-1 at ¶ 13). OANN conveniently identified a long list of witnesses on September 14, which was weeks after the substantial completion deadline and eleven months from when OANN was first asked to identify these witnesses. (Dkt. 98 at p. 2).

On April 20, Smartmatic reiterated its concerns to OANN. (Dkt. 101 at p. 17). Smartmatic wrote, "[a]fter six months of discovery, OANN has produced to Smartmatic a total of 97 documents and has taken two months to consider just one set of search terms. At this rate, the parties will not be in a position to complete depositions by the court-ordered deadline…" (Dkt. 101 at p. 8-9). OANN did not agree to a new schedule. (*Id.* at p. 9). This is the exact kind of behavior that has led the parties to be unprepared to take depositions at this point.

In June, Smartmatic again expressed its concerns. Smartmatic wrote, "[a]s fact discovery closes in December 2023 pursuant to the Court's current scheduling order, Smartmatic urge[s] OANN's counsel to make additional productions sooner." (Dkt. 101 at p. 14). OANN's fourth production did not occur until July 28, 2023. (Dkt. 96 at p. 6).

After OANN's fifth junk production on August 11, it became clear that substantial production by OANN would not occur. (Dkt. 96 at p. 6). Smartmatic raised its concerns in the

4

parties' August 23 meet and confer. (Dkt. 101 at p. 7). Smartmatic specifically noted that "it had received *none* of the internal exchanges that it would expect from a broadcast news organization. Smartmatic ha[d] not yet identified *any* documents reflecting the creation of graphics; no documentations of booking guests or gathering sources; and no documents that reflect *any* planning for shows." (*Id.*). OANN's sixth production was a hasty document dump on August 28. (Dkt. 96 at p. 6). This production did not cure the gaps. And there was no substantial production by OANN on the agreed-upon deadline. (*Id.* at 6-7).

On September 11, 2023, Smartmatic sent OANN a letter that describes, with specificity, OANN's deficiencies with respect to fifteen requests for production. (Dkt. 101 at p. 8). Smartmatic also raised these concerns on September 12 and September 13. (*Id.* at p. 7). During all these communications, Smartmatic objected to depositions proceeding. (*Id.*). Nevertheless, OANN unilaterally issued seven deposition notices on September 13 to current and former Smartmatic employees.[4] (Dkt. 96 at p. 8). Smartmatic immediately reiterated its objection to depositions proceeding. (*Id.*). OANN refused to cooperate and demanded all depositions proceed as noticed. Smartmatic was left with no choice but to file its September 18 Motion and seek judicial assistance.

On September 25, 2023, one week *after* the September 18 Motion was filed, OANN supplemented its production. (Dkt. 101 at p. 9). This production did not cure all deficiencies. Upon review of OANN's production, Smartmatic noted additional categories of missing documents. Smartmatic is in the process of drafting a letter to OANN regarding these deficiencies and anticipates needing judicial assistance to enforce OANN's compliance with its production obligations. (Declaration of Olivia Sullivan, Ex. A, at ¶ 4). OANN also supplemented its

---

[4] OANN issued notices to Alexander Aparicio, Ernesto Parisca, Jack Blaine, Smartmatic USA Corp.'s Designee, Smartmatic International Holding B.C.'s Designee, SGO Corporation Limited's Designee, and Hugh Gallagher. (*See* Dkt. 96).

production on October 6, 2023, several hours after issuing the eleven deposition notices presently in dispute. (*Id*. at ¶ 5). Smartmatic is reviewing this production, and substantial gaps still exist. (*Id*.).

Smartmatic has repeatedly told OANN that the parties should wait until the Court has had the opportunity to rule on the pending motions before embarking on depositions because, as it stands, OANN is the only party that has had the benefit of document productions since February of this year. OANN, however, wants to take advantage of the quagmire it has created for Smartmatic by getting a head start on depositions that will leave Smartmatic chasing (perhaps impossibly) from behind.

### C. OANN Entirely Ignored Smartmatic's Motion for Protective Order and Motion to Stay Depositions.

Prior to the filing of its September 18 Motion, Smartmatic repeatedly told OANN that it objected to OANN proceeding with depositions. Smartmatic expressed its concerns on August 23 and September 5, 11, 12, and 13. (Dkt. 101-1 at ¶¶ 7-9). As Smartmatic explained to OANN in an email, "OANN must produce a full record before the parties can proceed to depositions. Given OANN's serious delay in complying with its discovery obligations, Smartmatic believes the parties require an extension of the fact discovery schedule such that discovery will end on April 8, 2024. Depositions should be scheduled to begin on January 8, 2024." (Ex. A at ¶ 6). OANN refused to produce documents, refused to acknowledge Smartmatic's position, and refused to resolve this issue in good faith. (Dkt. 96 at p. 7-8). When OANN unilaterally issued its first round of deposition notices, Smartmatic was forced to file its September 18 Motion.

On September 26, OANN continued to ignore Smartmatic's known objections and pending September 18 Motion. Instead, OANN requested confirmation that depositions would proceed starting the next day. (Ex. A at ¶ 7). Smartmatic (once again) reiterated its objections. (*Id*. at ¶ 7).

Smartmatic (once again) explained that while the September 18 Motion is pending, Smartmatic will not be presenting witnesses for depositions. (*Id*.). Smartmatic even provided OANN with case law indicating that while a motion for protective order is pending, depositions do not have to move forward so long as the motion was filed in good faith. (*Id*. at ¶ 7). Smartmatic's September 18 Motion was filed in good faith, and OANN knows this. Yet, for whatever reason, OANN elected to ignore this precedent and continued to pester Smartmatic numerous times about whether depositions would be taking place. Despite the September 18 Motion, OANN moved forward with the deposition of a former Smartmatic employee on October 2, 2023, over Smartmatic's objection. (*Id*. at ¶ 9).

On October 4, OANN demanded Smartmatic provide deposition dates for twelve more Smartmatic employees in October and November. (*Id*. at ¶ 12). Of course, OANN knew that Smartmatic objected to depositions beginning before January. (*See, e.g.,* Dkt. 96). OANN knew there was a pending motion on the timing of depositions before the Court. (*See Id*.). OANN knew that depositions could not proceed before substantial document production and judicial resolution of disputes. Yet OANN continued to harass Smartmatic with demands that depositions take place and by noticing depositions and filing motions to compel depositions.

In the spirit of good faith negotiations, Smartmatic responded and proposed deposition dates for ten employees in January and February. (Ex. A at ¶ 12). Smartmatic also informed OANN that one employee is unavailable due to a serious health issue and that the availability of another employee would be confirmed next week. (*Id*.)

Two hours later, OANN (once again) ignored Smartmatic's proposal, refused to negotiate, and issued eleven deposition notices for current and former Smartmatic employees. (*Id*. at ¶ 14). The notices issued are as follows:

7

1.  10/24/23: Deposition of Robert (Bob) Cook
2.  10/25/23: Deposition of Roger Pinate
3.  11/1/23: Deposition of Samira Saba
4.  11/2/23: Deposition of Edwin Smith
5.  11/3/23: Deposition of Brian Courtney
6.  11/8/23: Deposition of Pedro Mugica
7.  11/9/23: Deposition of Eduardo Correia
8.  11/14/23: Deposition of Fernando Hernandez
9.  11/15/23: Deposition of Antonio Mugica
10. 11/16/23: Deposition of Roger Vicente Pinate
11. 11/21/23: Deposition of James Long

Then, on October 11, 2023, OANN issued three more deposition notices. (*Id*. at ¶ 17). These deposition notices were issued without informing Smartmatic before dates were selected.[5]

1.  11/10/23: Dominion Voting Systems 30(b)(6)
2.  11/17/23: Alex Halderman
3.  11/22/23: Scott Circle Communications 30(b)(6)

OANN has also initiated three additional judicial disputes over depositions since Smartmatic's September 18 Motion. (Dkt. 101-1 at ¶ 5). On October 4, 2023, OANN requested this Court's approval to file a Motion to Compel Depositions. (Ex. A at ¶ 13). On October 6, 2023, OANN requested this Court's approval to file a Motion to Modify Deposition Limits. (*Id*. at ¶ 16). OANN also filed a Motion to Compel Compliance with Rule 45 Subpoena in the Western District of Virginia regarding the deposition of Hugh Gallagher. (*Id*. at ¶ 15). OANN clearly understands the countless pending issues that require Court adjudication. Regardless, OANN still wants to proceed.

This emergency motion follows.

---

[5] This is contrary to a position that OANN took previously in which it demanded that the parties discuss and coordinate the scheduling of any deposition dates. (Ex. A at ¶ 2).

## II.  LEGAL STANDARD

Fed. R. Civ. P. 26(c)(1)(B) permits a party to seek a protective order for the Court to specify the terms of discovery, including the date and time for a deposition. A court may, for good cause, issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or *undue burden or expense*." Fed. R. Civ. P. 26(c)(1) (emphasis added); *In re Subpoena to Wang*, 214 F. Supp. 3d 91, 96 (D.D.C. 2016). In ruling on a motion for protective order, the trial court weighs the burden to the moving party against the proponent's interest in obtaining the information. *Low v. Whitman*, 207 F.R.D. 9, 10 (D.D.C. 2002). The court can then modify or quash any subpoena that imposes an undue burden. *Byrd v. District of Columbia*, 259 F.R.D. 1, 9 (D.D.C. 2009) (granting an emergency motion to quash deposition notice). The individual seeking relief from subpoena compliance bears the burden of demonstrating a subpoena should be quashed. *Sterne v. Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 379 (D.D.C. 2011).

"Rule 26 confers broad discretion to control the combination of interrogatories, requests for admissions, production requests, and depositions permitted in a given case; the sequence in which such discovery devices may be deployed; and the limitations imposed upon them." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 593 n. 13 (2007). Courts should exercise their discretion to determine a sequence of discovery that results in the prompt and efficient resolution of a lawsuit. *See, e.g., Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).

## III.  ARGUMENT

After weighing the burden on Smartmatic and OANN's need to obtain the information sought, it is clear that there is good cause to issue a protective order quashing OANN's deposition notices. Smartmatic will suffer significant burden and expense if OANN is permitted to proceed with depositions. *See Byrd*, 259 F.R.D. at 9 (quashing eleven deposition notices because they

9

presented an undue burden to the Defendant). And Smartmatic does not disagree that OANN has an interest in obtaining the information sought. Smartmatic is not asking for the Court to prohibit these depositions from being taken, Smartmatic asks only that these depositions occur after document production is substantially complete and discovery disputes are resolved. Smartmatic will make its witnesses available at a later date, which has already been provided to OANN. (Ex. A at ¶ 12).

There are sixteen pending issues before the Court. *Laker Airways Ltd. v. Pan Am. World Airways*, 103 F.R.D. 42, 51 (D.D.C. 1984) (granting delay of depositions until agreements on discovery disputes were reached). Issues such as the relevance of government investigations into Smartmatic and the validity of OANN's Second Set of Requests for Production will directly impact the documents available to OANN and the scope of permissible questions during depositions. If, for example, the Court requires that Smartmatic respond to OANN's 1,500 RFPs, this could result in additional documents being produced across hundreds of topics. A ruling on OANN's recusal motion will also impact upcoming depositions and may require additional time to resolve discovery disputes and ultimately complete fact discovery. Proceeding to depositions before the scope of discovery is resolved will cause Smartmatic undue burden and expense.

If OANN is allowed to proceed with depositions of Smartmatic employees such as Antonio Mugica, the company's President, or Pedro Mugica, the Global Sales President, before discovery disputes are resolved, OANN will certainly seek to depose them again. In fact, that is likely true for all eleven of the Smartmatic employees whose depositions OANN has noticed. The large volume of discovery that OANN is still actively seeking and that is pending before this Court is relevant to each of the eleven Smartmatic employees. For example, if OANN is still seeking additional documents relevant to government investigations, a subject that will certainly be

covered at length at Antonio Mugica's deposition, OANN must wait until the dispute over this topic is resolved. Allowing OANN to proceed would impose no small burden on Smartmatic. The result would force Smartmatic to put up all of its witnesses twice for no justifiable reason. And it is not as if the disputes in front of the Court pertain to a few niche issues that could be covered in a limited and short deposition. Here, the disputes at issue pertain to *hundreds* of topics and potentially thousands of documents.

It is also prejudicial to Smartmatic to allow its witnesses to be deposed without having a full understanding of OANN's evidence and defenses. For example, OANN has not produced data on viewership metrics. Yet OANN continues to push Smartmatic for information regarding damages and will seek testimony on the issue during the depositions it noticed. OANN should not be able to depose Smartmatic witnesses on the extent of damages until OANN produces sufficient documents on this point so that Smartmatic can understand the extent of OANN's reach and thus, the damages that resulted. In fact, OANN should not be permitted to explore any of its defensive theories at depositions *before* substantial production occurs. Smartmatic witnesses are entitled to prepare for depositions, and OANN should not benefit from its own lop-sided production. Allowing OANN to proceed with depositions before its own substantial production occurs may subject Smartmatic employees to multiple depositions, once again causing undue burden and expense.

The depositions OANN noticed on October 11 are also premature. OANN has issued document subpoenas that have been issued to Scott Circle but seeks to proceed with their deposition before receiving its full production. OANN subpoenaed Scott Circle in April 2023 and sought fifteen categories of documents. (Ex. A at ¶ 3). Scott Circle is still negotiating its production with OANN because after Scott Circle responded to the subpoena in June 2023, OANN did not

reply until September 2023. (*Id*.). It does not make sense to even consider scheduling a deposition until after those documents are produced. And Smartmatic believes that OANN's document production is deficient with regard to Dominion and Alex Halderman. Smartmatic has specifically requested that OANN produce all documents it produced in its litigation with Dominion, but OANN has refused. (Dkt. 101 at p. 4). It would be prejudicial to prepare for these depositions without adequate documents from OANN. (*Id*. at ¶ 18).

Simply put, OANN does not need to take depositions now. *Low*, 207 F.R.D. at 13 (granting motion for protective order because no true need for the information was shown). OANN's attempt to do so is undoubtedly premature. *Ghawanmeh v. Islamic Saudi Acad.*, 274 F.R.D. 329, 331 (D.D.C. 2011). And OANN will face no prejudice in having to wait a few months to conduct these depositions. OANN continues to waste judicial resources and cause Smartmatic to incur significant burden and expense by incessantly noticing depositions without any real regard to the status of discovery. *Crawford-El*, 523 U.S. at 599 (noting that the trial court has discretion under FRCP 26(d) to manage the order of discovery to facilitate the efficient resolution of a lawsuit).

Smartmatic previously sought a protective order, but that did not stop OANN from continuing to notice depositions and filing a motion to compel. Absent Court intervention, this pattern is going to continue. OANN is going to notice depositions over Smartmatic's objection, and Smartmatic will need to file motions for protective orders to quash the notices. OANN will then file motions to compel and motions for sanctions (it has asked the Court for leave to file these motions already), and Smartmatic will need to oppose those motions. (See Ex. A at ¶¶ 8, 13, 15). OANN will continue to impossibly jam up this Court's dockets due to fundamental disagreements between the parties. Smartmatic's request continues to be simple: stay depositions until the Court can rule on the pending motions and OANN has made a substantial production. OANN continues

to abuse judicial resources, leaving Smartmatic with no choice but to file an emergency motion to quash pending deposition notices. A Court ruling on this issue will hopefully bring a close to OANN's ill-advised behavior.

As such, the Court should exercise its discretion to quash all pending deposition notices.

## IV.     CONCLUSION

Smartmatic has filed this as an emergency motion because the first of the depositions listed above is noticed for October 24, 2023. To prevent OANN from moving to compel the depositions already noticed and for sanctions when the deposition does not occur, Smartmatic believes a ruling from the Court is necessary no later than October 23. As such, Smartmatic seeks an expedited briefing schedule. Smartmatic requests that OANN be required to file its response to this motion by October 17, and Smartmatic will be required to file any reply by October 19.

Smartmatic respectfully requests that the Court issue a protective order quashing OANN's pending deposition notices.

*     *     *

Date: October 12, 2023

/s/ Olivia E. Sullivan
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Caitlin A. Kovacs (admitted pro hac vice)
Olivia E. Sullivan (admitted pro hac vice)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ Olivia E. Sullivan
Olivia E. Sullivan (admitted pro hac vice)

*One of the Attorneys for the Plaintiffs
Smartmatic USA Corp., Smartmatic International
Holding B.V., and SGO Corporation Limited*