# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>Defendant. | Civil Action No. 1:21-cv-02900-CJN |

## OAN'S RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO QUASH DEPOSITION NOTICES

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii
    I.     BACKGROUND ............................................................................................. 3
    II.    ARGUMENT .................................................................................................. 5
    III.   CONCLUSION & PRAYER ......................................................................... 7
CERTIFICATE OF SERVICE ................................................................................................ 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Smartmatic USA Corp. v. Herring Networks, Inc.*,
    No. 3:23-mc-00006 (W.D. Va. Oct. 6, 2023) ............................................................................2

*St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*,
    No. CIV.A.05 2115 CKK, 2007 WL 1589495 (D.D.C. June 1, 2007), *aff'd sub
    nom. Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217
    (D.C. Cir. 2011) .....................................................................................................................6

*Whitney v. United States*,
    251 F.R.D. 1 (D.D.C. 2008).....................................................................................................6

*Winston & Strawn LLP v. L. Firm of John Arthur Eaves*,
    307 F.R.D. 259 (D.D.C. 2014).................................................................................................7

**Rules**

Fed. R. Civ. P. 23(d) ........................................................................................................................5

Fed. R. Civ. P. 26(c)(1)....................................................................................................................6

Fed. R. Civ. P. 37(d) (advisory committee's note to 1993 amendment) .....................................1, 2

Smartmatic's motion (Dkt. 105) ("Motion") again[1] seeks to quash deposition notices of mostly Plaintiff employees who are scheduled between October 24 and November 22 ahead of this Court's December 8, 2023 fact discovery deadline ("Discovery Deadline"). (Dkt. 42) Despite repeated requests, Smartmatic has not provided any deposition dates for its witnesses before the Discovery Deadline set by the Court back in October 2022, *over a year ago*, with Smartmatic's consent. The Motion ignores this deadline completely and makes the counter-factual (not to mention counter-intuitive) accusation that OAN is "bull-rushing into depositions." (Motion at 2.)

Smartmatic justifies its request for extraordinary emergency relief on three grounds: (1) the Court has not ruled upon "a dozen outstanding discovery issues" (Motion at 1) (a gross exaggeration as we shall see); (2) OAN's production is deficient (*Id.*) (it is not, and the only unresolved pending issue before this Court is whether Smartmatic is entitled to OAN's detailed financial information—to be clear, OAN is not, as Smartmatic blindly guesses despite many communications on this subject, withholding multiple unknown categories of emails or documents, all of which have been produced); and (3) OAN has ignored the September 18 Motion (demonstrably untrue, as we filed a detailed response (Dkt. 98) and proceeded with discovery *only* when Smartmatic did not secure a ruling before the noticed deposition dates as the Federal Rules require pursuant to Fed. R. Civ. P. 37(d) (advisory committee's note to 1993 amendment). In short, Smartmatic's "emergency" motion fails to present an emergency of any kind nor does it justify any of the other requested relief.

Smartmatic acts (and has acted for some time) as if the Discovery Deadline does not exist (or has already been extended by the Court). As a result, Smartmatic has already improperly caused

---

[1] *See* Dkt. 96, *Smartmatic's Motion to Issue Protective Order, Stay Depositions and Amend Scheduling Order* ("September 18 Motion") which is pending.

employee witnesses not to appear for noticed depositions and has even caused a third-party witness its lawyers represent not to appear at a properly noticed and subpoenaed deposition. We have moved to compel that deposition in the district where compliance was required.[2] The Motion and Smartmatic's ongoing conduct violates this Court's requirement to obtain leave of court before filing a discovery motion (Standing Order, Dkt. 5 at 4–5); circumvents the Federal Rules by causing witnesses not to appear for deposition absent an order staying the depositions (Fed. R. Civ. P. 37(d) advisory committee's note to 1993 amendment); and flouts this Court's Scheduling Order by refusing to present witnesses for deposition until after the Discovery Deadline. *See* Declaration of Carl Butzer ("Butzer Decl") attached hereto as Exhibit A and incorporated herein.

Smartmatic claims it "wants to move this case forward," but its repeated discovery motion practice in violation of the Court's procedures and other delays (that Smartmatic alone has created) suggest otherwise. It first ignored this Court's deadline of May 31, 2023 to serve document requests and waited until that deadline to file a motion—without leave of court—seeking a two-month extension. (Dkt. 54.) Instead of awaiting an order on its improperly filed motion, Smartmatic proceeded to serve a set of document requests anyway, two months after the deadline on the date it sought an extension acting as if the extension had been granted. Smartmatic continued this improper conduct by filing three additional discovery motions without obtaining leave of Court, including: (1) *Plaintiffs' Motion for Protective Order* (Dkt. 81); (2) *Plaintiffs' Motion to Issue a Protective Order, Stay Depositions, and Amend Scheduling Order* (Dkt. 96); and (3) the present motion (Dkt. 105). Smartmatic's objective is clear: it will dictate deadlines and the rules that apply, not this Court or the Federal Rules.

---

[2] *See* Mot. to Compel Compliance with Rule 45 Subpoena, *Smartmatic USA Corp. v. Herring Networks, Inc.*, No. 3:23-mc-00006 (W.D. Va. Oct. 6, 2023).

This is not just an issue of proper procedure and compliance with Court orders. If the Court stays depositions and quashes these notices, it will effectively extend the fact discovery deadline beyond December 8, 2023 and, we are sure, there will be further delays in advance of whatever new deadline is set. In short, the Court should keep the pressure on (all parties) if it seeks to drive this case to resolution.[3] Pushing depositions until next year with a new fact discovery deadline of April 8, 2024, as requested by Smartmatic (Dkt. 96), will drain OAN of its resources, which is likely part of an overall strategy designed to silence a conservative voice. The Court should not reward Smartmatic's recalcitrant behavior by a wholesale extension of the fact discovery deadline. It should require the parties to work diligently and (only if necessary) demonstrate a specific need for additional discovery that would require a short extension when the deadline has been reached.

## I.   BACKGROUND

With the Discovery Deadline approaching, OAN reached out to Smartmatic's counsel to discuss deposition parameters on August 14, 2023. (Ex. A, Butzer Decl. ¶ 9). Over a period of weeks, Smartmatic's counsel refused to discuss such parameters or deposition schedules, contending that no depositions should occur until 2024, *after the discovery deadline*. (*Id.*) Unable to secure agreed dates for depositions within the discovery period, OAN noticed seven depositions, but offered to negotiate the dates and locations as needed. (*Id.*) Instead of presenting its witnesses, Smartmatic filed a motion for protective order to stay all depositions until 2024 and request a new fact discovery deadline in April 2024. (Dkt. 96.) OAN filed its response on September 27, 2023. (Dkt. 98.) Smartmatic did not obtain a ruling before the deposition dates, and OAN sought leave of court to file a motion to compel.

---

[3] It may be that an extension will be needed if Smartmatic continues it dilatory conduct. But not now. Let's see what the parties can accomplish by December 8, 2023.

OAN requested dates for depositions of additional Smartmatic employees, but Smartmatic would only provide some dates in January and February 2024, well past the Discovery Deadline. (Ex. A, Butzer Decl. ¶ 10). OAN declined the invitation to violate this Court's Scheduling Order by scheduling depositions outside the discovery period and proceeded to notice the depositions. (*Id.*) This Motion followed.

Smartmatic blames purported OAN discovery delays for the need to stay or quash depositions and extend the discovery deadline by four months. Not only is this untrue, it deflects from the real issue—Smartmatic is simply not prosecuting this case. While OAN met the deadline for serving document requests, Smartmatic did not. And OAN met the agreed substantial completion deadline for document production, but Smartmatic did not. After the agreed deadline of August 28, 2023, Smartmatic dumped 60,094 documents on OAN. (Ex. A, Butzer Decl. ¶ 21) In response to several meet and confer letters addressing Smartmatic discovery deficiencies sent over the past month, Smartmatic waited *three weeks* to even respond, and when it did, it refused to cure its deficiencies. (Ex. A, Butzer Decl. ¶ 14-15)

Smartmatic continues to claim that there are too many discovery issues pending before the Court to commence depositions. But as explained in OAN's response to the pending Motion for Protection (Dkt. 98), only *one issue* from the May 5th Joint Notice brought forward by Smartmatic remains pending: **Issue Three**—OAN's refusal to allow unfettered discovery of OAN's financial condition.[4] (May 5th Joint Notice of Unresolved Discovery Disputes) The pendency of this single

---

[4] OAN timely objected to production of these financial documents, thus the lack of production is warranted under the circumstances. In any event, OAN's financial information has no bearing on the deposition of Smartmatic's employees or other third-party witnesses.

4

discovery issue brought by Smartmatic has no bearing on whether it should be required to present its own witnesses for deposition.

OAN has already addressed the other purported discovery issues in its response to the pending Motion for Protection (Dkt. 96 (motion); Dkt. 98 (response)) and further refers the Court to the attached Declaration of Carl Butzer (**Exhibit A**) for a detailed account of Smartmatic's misstatements regarding the status of discovery.

Neither the requested recusal of Judge Upadhyaya nor any pending discovery issue warrants quashing OAN's deposition notices.  OAN has been ready to commence depositions for over a month, but Smartmatic flatly refuses to discuss deposition parameters or scheduling, claiming a need for more documents from OAN. But what documents, specifically? In the Motion, Smartmatic identifies only documents related to Dominion and Professor Alex Halderman. (Motion at 12.) But OAN has already produced responsive documents to the extent requested by Smartmatic.  Even if there were more, and there are not, there is no reason to prevent OAN from taking the depositions it now seeks given the December 8, 2023 deadline. Smartmatic, just like any party, can prepare its witnesses to testify based on personal knowledge of relevant facts—there has never been a requirement that all documents be exchanged before any deposition can be taken. Indeed, the Federal Rules of Civil Procedure allow any party to begin depositions before a single piece of paper has been exchanged. Fed. R. Civ. P. 23(d). There is no basis to stay all depositions, and there is no prejudice imposed upon Smartmatic by complying with timely served deposition notices.

## II.    ARGUMENT

The motion violates the Court's Standing Order, which requires the parties to arrange for a telephone conference with the Court prior to filing any motion over a "discovery dispute." (Standing Order, Dkt. 5 at 4-5) ("The Parties may not file a discovery motion without leave of

Court."). This reflects an ongoing pattern of conduct where Smartmatic simply files a discovery motion without following Court procedures or obtaining leave of court. This has now happened four times and must stop. (Dkts. 54, 81, 96, and 105)

On the merits, the motion does not establish good cause to stay or quash deposition notices timely served to comply with the Court's fact discovery deadline of December 8, 2023. *See* Fed. R. Civ. P. 26(c)(1) (court may protect a party against annoyance, embarrassment, oppression, or undue burden or expense). This is particularly true when Smartmatic has donned a robe and simply declared that depositions are not going forward while its two motions are pending, without having first obtained an order granting the relief it seeks. No undue burden has been demonstrated by requiring Smartmatic to simply present its witnesses for deposition *before the discovery deadline*, pursuant to the Federal Rules. A Scheduling Order is "intended to serve as the unalterable road map (absent good cause) for the remainder of the case." *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, No. CIV.A.05 2115 CKK, 2007 WL 1589495, at *5 (D.D.C. June 1, 2007), *aff'd sub nom. Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217 (D.C. Cir. 2011).

Smartmatic has known that the fact discovery period is set to end on December 8, 2023, since the Court entered the Scheduling Order last October. (Scheduling Order, Dkt. 42 (October 11, 2022).) It should have come as no surprise when OAN issued notices for depositions to occur from late September through November in order to meet the Court's deadline. Thus, there is no prejudice or undue burden placed on Smartmatic by presenting its own witnesses for deposition at this time. If any party, in spite of its diligence, needs specific relief from the fact discovery deadline to conduct further, tailored discovery, that request should occur near the discovery deadline. *See Whitney v. United States*, 251 F.R.D. 1, 3 (D.D.C. 2008) (extending the discovery period for 30

6

days for the sole purpose to permit defendant to obtain relevant medical records and depose plaintiff's physician and noting that the defendant would "bear the risk that this new deadline will elapse before its goals can be accomplished"); *Winston & Strawn LLP v. L. Firm of John Arthur Eaves*, 307 F.R.D. 259, 263 (D.D.C. 2014) (granting 30-day extension for both sides to conduct depositions).

### III.  CONCLUSION & PRAYER

OAN respectfully requests that the Court deny Smartmatic's request to quash proper deposition notices, deny the request for a stay of depositions until January 2024, and deny the request to extend the fact discovery deadline by four months. Smartmatic has failed to show good cause for their request, which would significantly disrupt the discovery process in this case[5].

---

[5] Plaintiffs' request for a briefing schedule is, in light of this filing well before Smartmatic's requested date, moot.

Dated: October 13, 2023                 By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY PLLC**
R. Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Defendant*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ *John K. Edwards*
John K. Edwards