# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>Defendant. | Civil Action No. 1:21-cv-02900-CJN |

**DECLARATION OF CARL C. BUTZER IN SUPPORT OF OAN'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION TO QUASH DEPOSITION NOTICES**

I, Carl C. Butzer, declare as follows:

1. I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN"). I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of OAN's Response to Plaintiffs' Emergency Motion To Quash Deposition Notices.

*This Motion is Another in a Series of Attempts by Plaintiffs to Delay this Case from Moving Forward*

2. Plaintiffs claim they "want[] to move this case forward," but from my vantage point the opposite is true.

3. This lawsuit was filed 2 years ago, in November 2021. Dkt. 1.

4. On October 4, 2022, Plaintiffs agreed to and tendered to the Court a proposed scheduling order, which set a proposed deadline of May 31, 2023 for serving document requests and a December 8 deadline for the completion of fact discovery. Dkt. 41-1.

5.      The Court entered its Scheduling Order on October 11, 2022, which adopted the parties' proposed deadlines: May 31, 2023 for serving document requests and December 8 for the completion of fact discovery. Dkt. 42.

6.      From the day the Scheduling Order was entered, Plaintiffs had seven months within which to serve document requests. *Id.* During those seven months, Plaintiffs served one set of RFPs. Rather than meet the Court's long-known May 31 deadline, Plaintiffs moved the Court for an extension of the document request deadline to July 28. Dkt. 54. Then, without an Order extending the deadline and in violation of the Court's Scheduling Order, on July 28 Plaintiffs served their Second Set of RFPs. Since then, Plaintiffs have continued to argue that the Second Set was validly served and that OAN must respond to it notwithstanding the Court's Scheduling Order, and even though Plaintiffs' motion for an extension remains pending.

7.      The Court has *ordered* the parties to complete fact discovery by December 8, 2023, which is less than 60 days from now. *Id.*

8.      In the almost two years since this case has been pending, Plaintiffs have noticed a total of *zero* depositions. Plaintiffs have refused to agree to any depositions being taken until January 2024, which is *after* the Court-ordered fact discovery deadline.

9.      On August 14, OAN requested a meet-and-confer on deposition limits. The next day, Plaintiffs responded that they were "happy to hear any proposal." Dkt. 98-1, ECF p. 67. On August 23, the parties held a meet-and-confer where Plaintiffs refused to discuss deposition limits. Dkt. 98-1, ECF pp. 61-69. Then on September 5, Plaintiffs stated their position, that depositions should wait until the Court ruled on the May 5th Joint Notice. Dkt. 98-1, ECF pp. 71-73. The next day OAN responded that it disagreed with this delay and proposed a limit of 120 hours of deposition time per side excluding expert witnesses. Dkt. 98-1, ECF pp. 77-78. On September 10,

OAN requested dates for depositions during the weeks of September 25 or October 2. Dkt. 98-1, ECF p. 77. Plaintiffs then responded by proposing that depositions only begin in January, accompanied by an amended scheduling order. Dkt. 98-1, ECF p. 75. On September 13, having received no response about available dates the weeks of September 25 or October 2, OAN served seven deposition notices. Dkt. 98-1, ECF p. 89. Plaintiffs responded by filing a motion for a protective order to stay all depositions until 2024 and requesting a new fact discovery deadline in April 2024. (Dkt. 96.).

10. OAN then requested dates for depositions of additional Smartmatic employees, but Plaintiffs would only provide dates in January and February 2024, well past the Court's December 8, 2023 discovery deadline. *See* Exhibit A-1. OAN declined the invitation to violate this Court's Scheduling Order by scheduling depositions outside the discovery period and proceeded to notice the depositions. *Id.*

### *Since At Least July, Plaintiffs Have Slow-played Responding to OAN's Attempts to Move This Case Forward.*

11. On July 25, we sent a letter asking Plaintiffs to confirm certain information about Plaintiffs' custodians, requesting an additional custodian, seeking confirmation about search terms, and requesting Plaintiffs to amend their response to OAN's Interrogatory No. 4. On August 3, after receiving no reply, OAN sent another letter asking about the issues raised in the July 25 letter. On August 7, Plaintiffs finally acknowledged receipt of both letters and promised a reply that week. Plaintiffs finally responded the next week, on August 15, three weeks after OAN sent its initial letter.

12. On August 13, 2023, OAN informed Plaintiffs that several of OAN's California employees had refused collection of their cell phones based on privacy concerns under California constitutional and statutory law. *See* Cal. Lab. Code § 980(a); Dkt. 98-1, ECF p. 45. I notified

3

Plaintiffs that OAN wanted to flag this issue sooner rather than later. Dkt. 98-1, ECF p. 45. I subsequently attended a meet-and-confer in which this issue was raised again, and Plaintiffs' counsel advised that she would provide a written response. Again on August 28, Plaintiffs informed OAN that it would respond in writing to my email of August 13 regarding employees' privacy concerns. Dkt. 98-1, ECF p. 47. It has been two months since I raised this issue with Plaintiffs, and they still have not provided their response, in writing or otherwise, to my email of August 13.

13. On September 18, I requested that Plaintiffs amend twelve of their interrogatory responses. Plaintiffs waited three weeks to respond, and on October 10 informed me that they refused to do so.

14. On September 19, I requested that Plaintiffs identify, by Bates number, documents purportedly produced pursuant to specific document requests. Plaintiffs waited three weeks to respond, and on October 10 informed me that they refused to do so.

15. On September 20, we sent a letter regarding certain deficiencies in Plaintiffs' objections and responses to OAN's First Requests for Production. Plaintiffs waited three weeks to respond.

16. On September 27, we requested that Plaintiffs address various discovery issues including missing key documents related to Plaintiffs' alleged damages, and numerous missing attachments from documents Plaintiffs' produced. We've never received a reply from Plaintiffs.

17. On October 2, we requested that Plaintiffs run additional search terms against the agreed-upon Plaintiffs' custodians. We've never received a reply from Plaintiffs.

*OAN Has Been Responsive to Plaintiffs' Requests for Information*

18. On September 6, 2023, Plaintiffs requested that OAN add six individuals as custodians, on top of the 63 custodians to which OAN already agreed. Plaintiffs also requested that OAN run 14 additional search terms and produce responsive documents. Six days later, OAN agreed to five of the six custodians and to all 14 new search terms.

19. Plaintiffs sent an 8-page deficiency letter on September 11 claiming that OAN's productions "demonstrated a serious failure to produce many categories of documents …," and which went on—RFP-by-RFP—to detail the alleged deficiencies. On September 15, four days after receiving Plaintiffs' only deficiency letter, OAN replied and identified, by Bates number, all the documents Plaintiffs wrongly claimed were not in OAN's production. Dkt. 98-1, ECF pp. 33-43. OAN replied to each of Plaintiffs' complaints. *Id.* Among other things, OAN explained in its September 15 letter, it has produced *three* such contracts, and there are *no contracts* for the other opinion hosts identified by Plaintiffs. Dkt. 98-1, ECF p. 35. For a handful of items, OAN promised it would supplement its production, which it did on September 25-26.

20. On September 14, Plaintiffs requested OAN to supplement its responses to interrogatory numbers 1, 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20. That same day, OAN supplemented its responses to Interrogatory Nos. 1, 2, 3, and 5, identifying more than 100 individuals (including more than 20 third parties). On October 5, OAN served supplemental responses to interrogatory numbers 7-20.

*Plaintiffs' Hollow Claims of a Deficient Document Production Have Persisted for Months*

21. OAN complied with the parties' agreement to substantially complete document product by August 28. As of August 28, OAN had produced 238,563 documents. Since then, OAN

has supplemented its production with an additional 5,232 documents. Since the substantial completion deadline, Plaintiffs have served 60,094 additional documents.

22. During an August 23 meet and confer, Plaintiffs' counsel accused OAN of a deficient document production because OAN failed to produce documents related to Michael Lindell, although Plaintiffs' counsel did not provide any specifics. Then on August 28, Plaintiffs' counsel vaguely accused OAN of a deficient production because OAN had not produced unspecified documents "from parties to related litigation." On September 1, I emailed opposing counsel and asked for specifics regarding these two allegations, concluding: "If there's anything responsive you have received in 'related litigation' that you think OAN would have possession of, please let us know, and we will investigate further." Finally, after hearing nothing more, I emailed opposing counsel: "It has been almost 10 days since I made the request below. You have not responded, and we consider this issue closed." The same day, Plaintiffs' counsel responded that they were "in the process of evaluating the many holes that remain in OANN's production … [and that they would] describe those deficiencies and demand OANN remedy them, including" the Lindell/third-party documents "as soon as Smartmatic's evaluation is complete." The next day, I wrote to Plaintiffs' counsel:

> For several weeks, you have complained to us that you believe our production is deficient. I would like to schedule a time to talk with any members of your Team at any time tomorrow or Tuesday to discuss the "deficiencies" your Team believes currently exist. Doing so now, without delay, will allow us to look into your concerns and begin addressing them now. Please let me know.

I also offered to discuss Plaintiffs' Second Set of Requests for Production during such a call. Plaintiffs' counsel refused to discuss their accusations and refused to discuss Plaintiffs' Second Set of Requests for Production.

23. Instead, Plaintiffs sent their September 11 letter, which mentioned nothing about Lindell or third-party documents, so I asked opposing counsel: "For several weeks now, Benesch

6

has claimed that OAN's production of documents related to Lindell was grossly deficient. By your letter, I take it that is not the case?"

24. I also asked about several statements made in the September 11 letter; specifically, that Plaintiffs had made "many previous requests for OANN to supplement its production" and that the parties had "met and conferred on the [alleged] deficiencies." Opposing counsel recommended that I conduct the review of the parties' correspondence or speak with my team. Opposing counsel also asserted that OAN had "withheld most of the responsive documents it has produced until the last day of the parties' agreed production period [i.e., August 28]" – although now Plaintiffs characterize the August 28 production as a "hasty document dump." Dkt. 105, ECF p. 8. In conclusion, opposing counsel stated that their "review is ongoing and we expect to identify additional categories of deficiency, which we will identify for you as we find them."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 13, 2023.

_____
Carl C. Butzer

# EXHIBIT A-1

**From:** Edwards, John
**Sent:** Friday, October 6, 2023 5:53 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Vitale, Christina <cvitale@jw.com>; Myers, David <dmyers@jw.com>; Stowe, William <wstowe@jw.com>
**Subject:** RE: SM/OAN - Deposition Dates

Caitlin, we must decline the invitation to violate a court order by scheduling depositions beyond the discovery deadline of December 8, 2023 set by Judge Nichols, which has not been extended. Attached are deposition notices for the weeks we requested to ensure the depositions occur before the court-ordered deadline, reflecting the locations you have requested.

I'll write separately to address Mr. Shelly's deposition.

Thanks. - John

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Friday, October 6, 2023 3:51 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Vitale, Christina <cvitale@jw.com>; Myers, David <dmyers@jw.com>; Stowe, William <wstowe@jw.com>
**Subject:** RE: SM/OAN - Deposition Dates

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We write to provide dates for the witnesses OANN has requested. Those dates are below, along with the locations in which those witnesses can be made available. The dates are in January and February, in accordance with Smartmatic's pending motion requesting that depositions be scheduled to begin in January. For those witnesses who can appear in Chicago, we are happy to host the depositions at our offices.

| Witness | Available Dates | Location |
| --- | --- | --- |
| Robert (Bob) Cook | January 9, 10, or 11 | Boca, Raton FL |
| Edwin Smith | January 9, 10, 11, or 12 | Chicago, IL |
| James Long | January 9, 10, 11, or 12 | Chicago, IL |
| Brian Courtney | January 16, 17, or 18 | Boca Raton, FL |
| Eduardo Correia | January 23, 24, 25, or 26 | Chicago, IL |
| Fernando Hernandez | January 23, 24, 25, or 26 | Chicago, IL |
| Samira Saba | January 30, 31, February 1, 2 | Chicago, IL |
| Pedro Mugica | January 30, 31, February 1, 2 | Chicago, IL |
| Roger Piñate | February 6, 7, 8, or 9 | Chicago, IL |
| Antonio Mugica | February 13, 14, 15, or 16 | Chicago, IL |

You also requested the depositions of Roger Vincent Piñate and Kevin Shelly. We are working on dates for Mr. Piñate and will provide them as soon as we can. Mr. Shelly has unfortunately been diagnosed with a serious medical condition and is undergoing treatment. He is not available in the foreseeable future. Should he become available, we will let you know.

Please let me know which dates you would like our witnesses to hold on their calendars.

Best,
Caitlin



vCard

Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, October 4, 2023 1:08 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Vitale,

Christina <cvitale@jw.com>; Myers, David <dmyers@jw.com>; Stowe, William <wstowe@jw.com>
**Subject:** SM/OAN - Deposition Dates

Caitlin, while we understand your position that depositions should not proceed at this time, you understand that we disagree with that position for several reasons, including the December 8, 2023 fact discovery deadline.  We request deposition dates for the following Smartmatic employees in the order stated below during the weeks specified.  If available dates are not provided by this <u>Friday, October 6</u>, we will notice the depositions during the periods noted below at our office in Houston, Texas.  We are happy to discuss alternative locations, and please indicate in your response whether any individual listed is no longer employed by Smartmatic.  Thanks. - John

1. Robert (Bob) Cook         Week of Oct. 23
2. Roger Pinate              Week of Oct. 23
3. Samira Saba               Week of Oct. 30
4. Edwin Smith               Week of Oct. 30
5. Brian Courtney            Week of Oct. 30
6. Kevin Shelly              Week of Nov. 6
7. Pedro Mugica              Week of Nov. 6
8. Eduardo Correia           Week of Nov. 6
9. Fernando Hernandez        Week of Nov. 13
10. Antonio Mugica           Week of Nov. 13
11. Roger Vincent Pinate     Week of Nov. 13
12. James Long               Week of Nov. 20

John K. Edwards | Partner
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4319 | C:  (713) 553-7951 | F: (713) 308-4117
John Edwards - Houston Litigation Attorney - Jackson Walker (jw.com) | jedwards@jw.com



3