# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., | Judge Carl J. Nichols |
| Defendant. | |

# PLAINTIFFS' REPLY IN SUPPORT OF ITS EMERGENCY MOTION TO QUASH DEPOSITION NOTICES

## TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................... ii

I. Introduction ........................................................................................................................ 1

II. Argument ........................................................................................................................... 1

      A.    OANN Concedes That It Will Not Be Prejudiced by the Court Granting the Emergency Motion to Quash the Deposition Notices. ...................... 3

      B.    OANN Does Not Dispute That Proceeding With Depositions Now Will Place an Undue Burden on Smartmatic That Is Readily Avoided by Waiting Until January 2024. ............................................................... 4

III. Conclusion ......................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ampong v. Costco Wholesale Corp.*,
    550 F. Supp. 3d 136 (S.D.N.Y. 2021) ........................................................................................ 2

*Low v. Whitman*,
    207 F.R.D. 9 (D.D.C. 2002) ....................................................................................................... 2

*Province v. The Pep Boys--Manny, Moe, Jack*,
    2000 WL 420626 (E.D. Pa. Apr. 12, 2000) ............................................................................... 2

*United States v. Cudd*,
    534 F. Supp. 3d 48 (D.D.C. 2021) ............................................................................................. 2

*United States v. Dixon*,
    355 F. Supp. 3d 1 (D.D.C. 2019) ............................................................................................... 2

**Other Authorities**

Fed. R. Civ. P. 26 ............................................................................................................................ 2

Fed. R. Civ. P. 26(c) ....................................................................................................................... 1

Fed. R. Civ. P. 26(c)(1) .................................................................................................................. 2

Fed. R. Civ. P. 26(c)(1)(B) ............................................................................................................. 2

Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively, "Smartmatic") submit this reply in support of its Emergency Motion to Quash Deposition Notices ("Emergency Motion" or "Motion") (Dkt. 105), and in response to Herring Network Inc.'s (d/b/a OANN) ("OANN") Response In Opposition To Smartmatic's Motion ("Opposition") (Dkt. 106). Smartmatic submits this motion pursuant to Federal Rule of Civil Procedure 26(c).

**I.      INTRODUCTION**

OANN concedes the points that the Court should take into consideration when deciding whether to grant Smartmatic's Emergency Motion to Quash Deposition Notices. First, OANN concedes that it will not be prejudiced by the Court granting the Motion. OANN will be able to proceed with the noticed depositions starting in January 2024. OANN does not identify any harm it will suffer by waiting three months to start the depositions. Second, OANN concedes that dozens of outstanding discovery disputes — many of them fully briefed — will significantly impact the issues addressed during depositions. Depositions that OANN has noticed, as well as depositions that Smartmatic will notice. Proceeding with depositions before addressing these outstanding discovery disputes is inefficient and will likely result in duplicating efforts. The Court should grant the Emergency Motion for these two uncontested reasons.

**II.     ARGUMENT**

OANN's Opposition misses the point. OANN spends the majority of its Opposition brief addressing Smartmatic's Motion to Stay Depositions and Amend the Scheduling Order. That motion has been fully briefed. The pending motion, of course, is Smartmatic's Emergency Motion to Quash Deposition Notices. With respect to this Motion, OANN concedes three key points: (1) the numerous outstanding discovery disputes, including those raised by OANN, will likely impact the subject matters addressed with the witnesses who have been noticed by OANN for depositions;

1

(2) OANN has failed to produce documents that bear on information that would be important for Smartmatic witnesses to take into consideration during their depositions, including information regarding OANN's reach and dissemination of the defamatory publications; and (3) OANN would suffer no prejudice by delaying depositions until the Court has had an opportunity to rule on the pending discovery disputes. OANN does not contest any of these points in its Opposition. They are dispositive of the Motion.

Rule 26 allows a party to seek a protective order for the Court to specify the terms of discovery, including the date and time for depositions. Fed. R. Civ. P. 26(c)(1)(B). Upon the showing of good cause, the Court may issue an order protecting a party from undue burden and expense associated with complying with a discovery request. Fed. R. Civ. P. 26(c)(1). In determining whether good cause exists, the Court weighs the burden on the moving party against the discovery proponent's interest in obtaining the information. *Low v. Whitman*, 207 F.R.D. 9, 10 (D.D.C. 2002). Where the non-movant offers no argument to support an inference of prejudice from granting the motion, and the movant demonstrates undue burden and expense, the motion for a protective order should be granted. *United States v. Dixon*, 355 F. Supp. 3d 1, 6 (D.D.C. 2019) ("While the [moving party] has shown good cause for a protective order, [defendant's] allegations of prejudice fall short"); *United States v. Cudd*, 534 F. Supp. 3d 48, 55 (D.D.C. 2021) (finding good cause where defendant would not be prejudiced by the protective order because it would not limit defendant's ability to access the discovery sought); *Province v. The Pep Boys--Manny, Moe, Jack*, 2000 WL 420626, at *4 (E.D. Pa. Apr. 12, 2000) ("[N]o prejudice has been proven sufficient to upset defendant's showing of good cause sufficient to obtain the requested protective order"); *Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136, 140 (S.D.N.Y. 2021) (granting protective order where "there will be no real prejudice").

Here, based on OANN's Opposition, it is uncontested that the Emergency Motion should be granted to protect Smartmatic from the time and expense associated with the noticed depositions until the Court can resolve the outstanding discovery disputes that will necessarily impact the scope of those depositions.

### A. OANN CONCEDES THAT IT WILL NOT BE PREJUDICED BY THE COURT GRANTING THE EMERGENCY MOTION TO QUASH THE DEPOSITION NOTICES.

OANN does not explain how it would be prejudiced by granting Smartmatic's Emergency Motion. Critically, Smartmatic has not taken the position that OANN should not be allowed to proceed with depositions. (Motion at 12)[1]. Nor has Smartmatic taken the position that OANN cannot depose many of the noticed witnesses. (*Id*.). Smartmatic's only position is that those depositions should not start until after the Court rules on the pending discovery disputes because the Court's rulings will necessarily impact the nature of those depositions. (*Id*.). Smartmatic has proposed to OANN that the parties start depositions in January 2024, which allows the Court additional time to rule on the pending motions and other discovery motions that are likely to be filed in the coming weeks. (Dkt. 96 at 16). OANN has not, and cannot, argue that a three-month delay in starting depositions will cause it any prejudice.

OANN's insistence on pursuing these depositions, notwithstanding the numerous discovery disputes pending before the Court, is predicated on gaining a strategic advantage over Smartmatic. OANN does not need to take the depositions now. OANN wants to take the depositions now because, as explained in Smartmatic's opening brief, OANN has the benefit of over 2.2 million documents from Smartmatic. (Motion at 6). Smartmatic has produced a significant volume of documents already and may be required to produce more depending on the Court's

---

[1] All page numbers are in reference to the PDF page number.

3

rulings on the pending motions. OANN, therefore, wants to move forward with these depositions because it already has a large volume of documents to use with Smartmatic's witnesses. In contrast, Smartmatic is still waiting for meaningful production from OANN. Smartmatic cannot proceed with depositions of OANN's witnesses because OANN has not produced relevant documents. OANN is pushing for these depositions to take advantage of the discovery disparity, not because it would be prejudiced by waiting three months to start the deposition. That is not grounds to deny Smartmatic's Emergency Motion.

      **B.    OANN DOES NOT DISPUTE THAT PROCEEDING WITH DEPOSITIONS NOW WILL PLACE AN UNDUE BURDEN ON SMARTMATIC THAT IS READILY AVOIDED BY WAITING UNTIL JANUARY 2024.**

This is an Emergency Motion that Smartmatic never should have been required to file. Smartmatic has advised OANN for months that depositions should not proceed while the Court was still addressing dozens of discovery issues — production issues from Smartmatic to OANN and OANN to Smartmatic. (*See* Motion at 4-6). Smartmatic explained that the parties could work together to amend the discovery schedule to allow the Court the time needed to rule on these motions, and the parties could proceed with depositions in an orderly process when that was done. (*Id.*). Smartmatic did everything it could to avoid burdening the Court with an Emergency Motion. OANN, unfortunately, had other plans. OANN insisted on noticing depositions, knowing that Smartmatic would need to move to quash. And now, in the Opposition, it is apparent that OANN has known all along that it has no basis for opposing the Motion.

First, OANN does not contest that numerous discovery disputes are pending before the Court or are soon to be pending before the Court. OANN raised seven discovery issues in the Joint Notice sent to the Court on May 5, 2023. (Motion at 2). OANN has not withdrawn any of these issues or claimed, in its Opposition, that those issues are moot. Further, since Smartmatic filed its

Emergency Motion, OANN has informed Smartmatic that there are an additional twenty-two requests for production that it intends to move on. (Declaration of Olivia Sullivan, Ex. B, at ¶ 4). That means, by OANN's own calculation, the Court has or will soon have more than twenty discovery issues in which OANN is seeking additional documents from Smartmatic.

OANN does not dispute that the resolution of these discovery issues could materially impact the subject matters covered during the noticed depositions, not just the documents that OANN may want to use with witnesses during the depositions. That means proceeding with the depositions now before the Court resolves these issues is a recipe for inefficiency. Smartmatic will need to spend the time and money preparing the witnesses for the noticed depositions and repeat that exercise again when OANN notices them for a second deposition based on any additional documents the Court orders Smartmatic to produce. Tellingly, in its Opposition, OANN does not deny that it would seek to depose Smartmatic witnesses more than once depending on how the Court rules on the pending motions. The more efficient solution: depose the witnesses once after the Court rules on the pending motion.

Second, OANN does not dispute that proceeding with the noticed depositions before OANN has satisfied its discovery obligations to Smartmatic is prejudicial to Smartmatic and its witnesses. One of the critical issues in the case — one that will be covered extensively during the depositions — is the impact of OANN's disinformation campaign on Smartmatic's reputation and business. Smartmatic has some of the relevant information on that topic in its possession, and its witnesses will be able to testify about their experiences. (Motion at 11). But, equally important and equally informative for Smartmatic witnesses is information about OANN's reach and dissemination of the defamatory publications. (*Id.*). That is information in OANN's possession,

and OANN has resisted a fulsome production of that information. (*Id*.). Smartmatic witnesses should not be forced to sit for depositions without the benefit of this information.

OANN's only response to its discovery shortcomings is a self-serving proclamation that only one issue remains outstanding. (Oppo. at 4). Not so. OANN does not get to unilaterally decide that Smartmatic no longer seeks discovery. All four of the discovery issues that Smartmatic raised in the Joint Notice (May 2023) remain outstanding. (Motion at 2). None have been ruled on by the Court. None have been resolved based on OANN's limited production. Moreover, OANN ignores the other outstanding discovery issues that Smartmatic raised in its Motion. (Motion at 2-3). None of them have been resolved. OANN may now wish it had no further discovery obligations to Smartmatic, but that is simply not true. Smartmatic has significant problems with OANN's production, including documents that would bear on the deposition testimony of Smartmatic witnesses about the impact of OANN's disinformation campaign. (Motion at 3-6).

Third, Smartmatic's prejudice is compounded by OANN's plan to depose third parties. Smartmatic would enter those depositions with one hand tied behind its back. Smartmatic would be able to depose the witnesses based on the information Smartmatic possesses. Smartmatic would not be able to depose the witnesses based on information known to OANN but not yet produced in the litigation. Given the limited scope of OANN's production, Smartmatic does not believe it has received from OANN all of its communications with relevant third parties and internal discussions about third parties. Smartmatic should not be expected to proceed with depositing a third party — like Dominion or Alex Halderman, for example — without complete production from OANN. (Motion at 12). That would result in Smartmatic having to spend additional time and money re-deposing those witnesses.

6

## III. CONCLUSION

OANN provides no reason to deny Smartmatic's Emergency Motion. Smartmatic wants to move this case forward but on a reasonable and fair schedule. Smartmatic has done its part by accelerating its document production and flagging, early and often, the discovery issues it has with OANN's production. Smartmatic has done so by raising with the Court, well in advance, the need to amend the fact discovery schedule so the parties have adequate time to conduct depositions. This Emergency Motion was the next logical step in assuring the case moves forward on a fair and reasonable schedule. The Court should quash the noticed depositions until it has had an opportunity to rule on the pending discovery issues. That will eliminate the risk of multiple depositions and avoid Smartmatic being prejudiced by proceeding with depositions before OANN has produced relevant material. A short delay of the depositions harms no one.

*   *   *

Date: October 17, 2023

                                    */s/ J. Erik Connolly*
                                    J. Erik Connolly (D.C. Bar No. IL0099)
                                    Nicole E. Wrigley (D.C. Bar No. IL0101)
                                    Caitlin A. Kovacs (admitted pro hac vice)
                                    Olivia Sullivan (admitted pro hac vice)
                                    BENESCH, FRIEDLANDER, COPLAN
                                       & ARONOFF LLP
                                    71 South Wacker Drive, Suite 1600
                                    Chicago, IL 60606
                                    Telephone: 312.212.4949
                                    econnolly@beneschlaw.com
                                    nwrigley@beneschlaw.com
                                    ckovacs@beneschlaw.com
                                    osullivan@beneschlaw.com

                                    *Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ J. Erik Connolly
J. Erik Connolly (D.C. Bar No. IL0099)

*One of the Attorneys for the Plaintiffs
Smartmatic USA Corp., Smartmatic International
Holding B.V., and SGO Corporation Limited*