**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., | Judge Carl J. Nichols |
| Defendant. | |

## NONPARTY SCOTT CIRCLE COMMUNICATIONS, INC.'S MOTION TO QUASH DEPOSITION SUBPOENA

## TABLE OF CONTENTS

                                                                                                 **Page**

I. INTRODUCTION .................................................................................................... 1

II. BACKGROUND ...................................................................................................... 1

III. LEGAL STANDARD ............................................................................................... 4

IV. ARGUMENT ............................................................................................................ 5

      A.     OANN's October 11 Subpoena Imposes an Undue Burden and Expense on Scott Circle. ................................................................................ 6

            1.     OANN's October 11 Subpoena is Unnecessarily Duplicative. ................................................................................ 6

            2.     OANN's October 11 Subpoena Is Overbroad. ........................................... 8

            3.     OANN's Pursuit of Depositions Is Unnecessary and Premature. ................................................................................ 9

      B.     OANN CAN STILL OBTAIN THE DISCOVERY IT SEEKS FROM SCOTT CIRCLE. ...................................................................................11

V. CONCLUSION ....................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bierman Fam. Farm, LLC v. United Farm Fam. Ins. Co.*,
    2017 WL 3311206 (D. Md. Aug. 2, 2017) ............................................................................. 9

*Brieterman v. United States Capitol Police*,
    323 F.R.D. 36 (D.D.C. 2017) ............................................................................................... 5

*Buie v. District of Columbia*,
    327 F.R.D. 1 (D.D.C. 2018) ............................................................................................. 5, 8

*Darling v. Girard*,
    2015 WL 13898434 (D.D.C. July 20, 2015) ........................................................................ 4

*Diamond Servs. Mgmt. Co., LLC v. Knobbe, Martens, Olson & Bear*,
    LLP, 339 F.R.D. 334 (D.D.C. 2021) .................................................................................... 6

*Ecomission Sols., LLC v. CTS Holdings, Inc.*,
    2016 WL 4506974 (D.D.C. Aug. 26, 2016) ....................................................................... 10

*Garza v. Universal Healthcare Servs., Inc.*,
    2017 WL 11646817 (S.D. Tex. May 17, 2017) ................................................................... 8

*Great Am. Ins. Co. v. Veteran's Support Org.*,
    166 F. Supp. 3d 1303 (S.D. Fla. 2015) ................................................................................ 8

*In re Subpoena to Wang*,
    214 F. Supp. 3d 91 (D.D.C. 2016) ..................................................................................... 10

*Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*,
    286 F.R.D. 8 (D.D.C. 2012) ............................................................................................ 5, 6

*Nova Biomedical Corp. v. i-STATE Corp.*,
    182 F.R.D. 419 (S.D.N.Y. 1998) ..................................................................................... 6, 7

*Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*,
    276 F.R.D. 376 (D.D.C. 2011) ............................................................................................ 5

*United States v. Binh Tang Vo*,
    78 F. Supp. 3d 171 (D.D.C. 2015) ....................................................................................... 8

*United States v. Cudd*,
    534 F. Supp. 3d 48 (D.D.C. 2021) ..................................................................................... 11

*United States v. Dixon*,
    355 F. Supp. 3d 1 (D.D.C. 2019) ..........................................................................................11

*United States v. Kellogg Brown & Root Servs., Inc.*,
    285 F.R.D. 133 (D.D.C. 2012) ..............................................................................................8

**Other Authorities**

Fed. R. Civ. P. 26............................................................................................................................4

Fed. R. Civ. P.  45 ...................................................................................................................4, 5, 6

Pursuant to Rule 26(c) and Rule 45 of the Federal Rules of Civil Procedure, Third Party Scott Circle Communications, Inc.'s ("Scott Circle"), through its counsel, submits this Motion to Quash Defendant Herring Network Inc.'s (d/b/a OANN) ("OANN") premature deposition notice, issued on October 11, 2023 ("October 11 Subpoena").

## I.   INTRODUCTION

OANN's decision to issue the October 11 Subpoena is baffling. OANN previously issued a subpoena for documents and deposition on April 19, 2023 ("April 19 Subpoena"). In September, OANN and Scott Circle met about the parameters of Scott Circle's document production in response to this subpoena. OANN did not ask for a date, time, or place for a potential deposition to take place and said nothing about a potential deposition. OANN and Scott Circle did, however, begin negotiating search terms regarding Scott Circle's production. Scott Circle assumed that it would continue these discussions with OANN.

However, instead of continuing to negotiate, OANN elected to issue a second subpoena on October 11, 2023. In issuing this subpoena, OANN is now seeking to circumvent the discovery process and require Scott Circle to simultaneously produce documents in response to the April 19 Subpoena, produce documents in response to the October 11 Subpoena, and prepare for deposition without first completing its document production. Such a request undoubtedly subjects Scott Circle to an undue burden. This motion follows.

## II.   BACKGROUND

Smartmatic filed its lawsuit against OANN on November 3, 2021. Smartmatic asserted defamation claims for the statements made by OANN about Smartmatic's involvement in the 2020 Presidential election. OANN falsely accused Smartmatic of rigging the 2020 Presidential Election.

1

Scott Circle is a public relations agency based in Washington D.C. and worked with Smartmatic starting in 2019 but ceased working with Smartmatic before the 2020 Presidential Election. (Levine-Patton Declaration, Ex. A, ¶ 13). Scott Circle is not a party to this action.

On April 19, 2023, OANN issued its first subpoena to Scott Circle. The April 19 Subpoena seeks to depose Scott Circle on fifteen topics. (Attached hereto as Exhibit B). As provided in the Subpoena, "[t]he date for deposition is a placeholder, and Defendant will circulate the agreed upon date, time, and location of the deposition, *once agreed upon by the deponent*." (emphasis added). (*Id*.). OANN also served fifteen requests for production to Scott Circle in the April 19 Subpoena. (*Id*.). In June, Scott Circle retained counsel at Benesch Friedlander Coplan and Aronoff, who also represent Smartmatic in this matter.

Scott Circle provided its response and objections to OANN on June 23, 2023. (Ex. A, ¶ 2). *Three months* after receiving Scott Circle's responses and objections, on September 5, 2023, OANN requested to meet and confer with Scott Circle. (*Id*. at ¶ 3). Scott Circle and OANN met on September 7. (*Id*. at ¶ 4). In the three months between Scott Circle providing its response and the email requesting the meet and confer, Scott Circle did not hear from OANN. (*Id*. at ¶ 3). OANN did not propose search terms for Scott Circle to use and did not discuss deposition parameters with Scott Circle. (*Id*.).

At the meet and confer, in order to promote efficiency and alleviate some burden, Scott Circle proposed search terms it would use to locate its responsive documents. (*Id*. at ¶ 4). Specifically, Scott Circle proposed that OANN use the search terms agreed to by Scott Circle and other defendants in related litigation,[1] as doing so would preserve considerable resources. (*Id*. at ¶ 5). OANN confirmed its willingness to review search terms negotiated with other parties. (*Id*. at ¶

---

[1] Related litigation is defined as *Smartmatic et al. v. Newsmax Media Inc.*, Case No. N21C-11-028 EMD (Del. Super. Ct.) and *Smartmatic et al. v. Fox News Network, LLC, et al.*, Index No. 151136-2021 (New York County, New York).

2

6). On September 8, Scott Circle circulated proposed search terms, which reflected terms agreed upon by Scott Circle and other defendants. (*Id*. at ¶ 6). On October 4, OANN rejected these search terms and instead proposed terms of its own. (*Id*. at ¶ 7).

OANN's proposed terms were overly broad and burdensome. In fact, during the search term negotiation process, Scott Circle specifically pointed out the burdensome nature of OANN's April 19 Subpoena. (*Id*. at ¶ 8). On October 10, after OANN demanded Scott Circle apply unique search terms to this dispute, Scott Circle explained:

> We reviewed your search terms and found them overbroad. Nevertheless, we asked our vendor to run the terms against the populations of third-party PR Firms that you have subpoenaed. The overbreadth became so apparent that the vendor could not even finish their search.

(*Id*. at ¶ 9).

Scott Circle proceeded to provide OANN with three specific examples of requested search terms that Scott Circle's ESI vendor could not process. (*Id*. at ¶ 9). Despite the burdensome and difficult nature of OANN's requests, Scott Circle stated that it "remained willing to discuss other, limited search terms that [OANN] may believe are reasonably necessary." (*Id*. at ¶ 10). One would think OANN would continue to work with Scott Circle, a nonparty corporation, to come to a mutually agreeable resolution that would not burden Scott Circle, but that was not the case. OANN did not provide a more limited list of search terms for Scott Circle to explore. (*Id*.). OANN did propose a call with Scott Circle, but this call has yet to occur. (*Id*.).

Instead, OANN proceeded to issue a second subpoena with a deposition notice to Scott Circle on October 11, 2023 ("October 11 Subpoena"). (Attached hereto as Exhibit C). OANN did not confer with Scott Circle about the date, time, or location chosen in the deposition notice.[2] (Ex.

---

[2] The proposed date is 11/22/23 at 9:00 a.m. The proposed location is Bodden Gray PLLC, 801 17th St NW #350, Washington, DC 20006.

3

A at ¶ 11). The October 11 Subpoena needlessly overlaps with topics of examination and document requests set forth in OANN's April 19 Subpoena, which the parties continue to negotiate.

Given the status of negotiations over search terms, Scott Circle has not yet produced documents to OANN. (*Id*. at ¶ 12). Scott Circle intends to produce documents in response to OANN's first subpoena once Scott Circle and OANN reach an agreement on search terms. (*Id*. at ¶ 12). And as OANN is fully aware, no such agreement has occurred. (*Id*. at ¶ 12). Scott Circle may be willing to sit for deposition in response to the first subpoena, but only once its document production is complete. Scott Circle was originally hopeful that the parties could resolve this dispute through good faith negotiations, yet OANN's decision to issue a second, unnecessarily burdensome, and duplicative subpoena proves otherwise.

## III.    LEGAL STANDARD

Both Federal Rules of Civil Procedure 26 and 45 "provide protection for a person subject to a subpoena." *Darling v. Girard*, 2015 WL 13898434, at *2 (D.D.C. July 20, 2015). Under Rule 45, courts "must quash or modify a subpoena that…subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Rule 26(c) provides that a court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Also, courts may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Under either Rule 26 or Rule 45, "the person seeking to limit discovery and quash a subpoena bears the burden to show 'good cause' why discovery should be stopped or limited." *Darling*, 2015 WL 13898434, at *7 (citation omitted). To determine whether an undue burden exists, courts generally weigh the burden to the moving party against the deponent's need for the

4

information being sought. *Brieterman v. United States Capitol Police*, 323 F.R.D. 36, 53 (D.D.C. 2017). The movant seeking relief from a subpoena bears the burden of demonstrating that the subpoena should be modified or quashed. *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 379 (D.D.C. 2011). The D.C. Circuit Court "has admonished district courts to be generally sensitive to the costs imposed on third parties" when considering a motion to compel (or quash) pursuant to Rule 45, reminding us to consider "whether the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive." *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, 286 F.R.D. 8, 11 (D.D.C. 2012).

Despite "[t]he general rule in legal actions [] to favor broad disclosure through discovery . . . courts need not tolerate fishing expeditions, discovery abuse, and an inordinate expense involved in overbroad and far-ranging discovery requests." *Buie v. District of Columbia*, 327 F.R.D. 1, 10 (D.D.C. 2018) (citations omitted). Thus, "[w]hen presented with discovery that imposes a burden that 'outweighs its likely benefit,' courts should exercise their broad discretion to narrowly tailor discovery." *Id*. (quoting *Gilmore v. Palestinian Interim Self-Government Auth.*, 843 F.3d 958, 968 (D.C. Cir. 2017)).

**IV.   ARGUMENT**

It is clear that OANN is using the October 11 Subpoena as an abusive discovery tool, and it is equally clear that Scott Circle will suffer undue burden and expense if it is required to appear for a deposition on November 22, 2023. First, OANN's October 11 Subpoena is unnecessarily duplicative. Second, OANN's October 11 Subpoena is overbroad. And third, allowing OANN to proceed with Scott Circle's deposition before Scott Circle and OANN agree on the terms of production will subject Scott Circle to multiple depositions, causing Scott Circle to further incur undue burden and expense. When weighing these three factors against the non-existent prejudice to OANN, there is good cause to grant Scott Circle's motion.

### A.      OANN's October 11 Subpoena Imposes an Undue Burden and Expense on Scott Circle.

Federal Rule of Civil Procedure 45 creates an affirmative duty to "take reasonable steps to avoid imposing undue burden or expense on [the] person[s] subject to the subpoena...." *Millennium TGA,* 286 F.R.D. at 12. OANN's issuance of a second subpoena that is duplicative, overly broad, and premature is far from reasonable. As a result of OANN's second subpoena, there is a strong likelihood that Scott Circle, a nonparty that had a brief relationship with Smartmatic, will face undue burden and expense.

#### 1.      OANN's October 11 Subpoena is Unnecessarily Duplicative.

When evaluating the burden imposed on an entity by a subpoena, "courts must consider: 'whether the discovery is unreasonably cumulative or duplicative…'" *Diamond Servs. Mgmt. Co., LLC v. Knobbe, Martens, Olson & Bear*, LLP, 339 F.R.D. 334, 339 (D.D.C. 2021) (citing *Watts v. S.E.C.*, 482 F.3d 501, 509 (D.C. Cir. 2007). OANN's October 11 Subpoena is the second subpoena OANN issued to Scott Circle and is unquestionably duplicative of OANN's April 19 Subpoena. *See Nova Biomedical Corp. v. i-STATE Corp.*, 182 F.R.D. 419, 423 (S.D.N.Y. 1998) (granting third party's motion to quash the second subpoena for being overbroad and repetitive).

OANN's October 11 Subpoena seeks to depose Scott Circle on eight topics, *all* of which are duplicative of the already extensive fifteen topics in the April 19 Subpoena. Just three examples of the nearly verbatim duplicative topics in the April 19 Subpoena and the October 11 Subpoena are listed below:

| April 19 Subpoena | October 11 Subpoena |
|---|---|
| Topic 2: Any agreement between You and any Smartmatic entity | Topic 1: All agreements with Smartmatic |
| Topic 3: The scope of Your retention by Any Smartmatic entity | Topic 3: Identify the scope of work for which You were retained and/or have performed work, on behalf of Smartmatic |
| Topic No. 13: Any press releases or other public communications drafted, prepared, revised, or reviewed by You concerning any Smartmatic Entity. | Topic No. 7: Identify all work performed by You on behalf of Smartmatic, including press releases, press communications, and third-party publications. |

This Court should not allow OANN to issue such duplicative, cumulative requests, particularly when Scott Circle and OANN are actively discussing the scope of the April 19 Subpoena and Scott Circle's production obligations. Scott Circle made its objections to the burdensome nature of OANN's April 19 Subpoena clear. OANN indicated its intent to follow up with Scott Circle on this issue, but it has yet to do so. (Ex. A. at ¶ 10). OANN never asked Scott Circle about a reasonable date, time, or place for the deposition. (*Id*. at ¶ 11). OANN never otherwise indicated its intent to proceed with a deposition prior to any document production. (*Id*.). OANN said it was going to call Scott Circle about search term parameters, but before it did, OANN issued a brand-new subpoena requesting the same information. (*Id*. at ¶¶ 10-11). This effectively restarts the parties' negotiations.

Scott Circle and OANN have not come close to concluding negotiations over the April 19 Subpoena, so there is no apparent need at this juncture to issue a subpoena seeking both overlapping topics of examination and documents. OANN's duplicative request is a blatant attempt to bypass the ongoing search term negotiation process. By issuing a second subpoena with one broad document request seeking all documents used to prepare for the deposition, OANN will get the documents it desires based on what Scott Circle reviewed in preparation for a broad deposition rather than the documents that resulted from meet and confers and reasonable search terms. Such

a tactic undoubtedly imposes an undue burden on Scott Circle, a nonparty. *United States v. Binh Tang Vo*, 78 F. Supp. 3d 171, 180 (D.D.C. 2015) ("[T]he test is whether the subpoena constitutes a good faith effort to obtain identified evidence rather than a general fishing expedition that attempts to use the rule as a discovery device") (citations omitted); *Buie,* 327 F.R.D. at 10 (stating that "courts need not tolerate…discovery abuse.").

Beyond skirting search term negotiations, OANN likely issued a duplicative subpoena to increase the pressure on Smartmatic to engage in depositions prematurely. OANN served the October 11 Subpoena after Smartmatic filed a motion to stay all depositions in the matter until January and February. (*See* Dkt. 96). It is clear that the duplicative subpoena was an attempt to rush another deposition in spite of Smartmatic's objections.

OANN's duplicative request has forced Scott Circle to file this instant motion, causing Scott Circle to further suffer undue burden and expense. This Court should not allow OANN to proceed with such gamesmanship at the expense of a nonparty.

   **2. OANN's October 11 Subpoena Is Overbroad.**

"A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Garza v. Universal Healthcare Servs., Inc.*, 2017 WL 11646817, at *5 (S.D. Tex. May 17, 2017) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)); *Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015) (finding that facially overbroad requests created undue burden and expense). OANN's October 11 Subpoena includes one request for production: produce *all* documents relied on in preparing 30(b)(6) witnesses. This is a facially overbroad request. And again, it is a blatant attempt by OANN to circumvent the search term negotiation process for the April 19 Subpoena.

Scott Circle has not produced documents to OANN because the parties are still negotiating the terms of production with regard to the April 19 Subpoena, and the process has been drawn out

because of OANN's delay. Scott Circle was willing to produce the same documents it produced in related litigation against other defendants, but this was not enough for OANN. OANN demanded more, prolonging the negotiation process and causing Scott Circle to incur further burden and expense. Now, with an even broader request in the October 11 Subpoena, Scott Circle and OANN will need to have even further discussions on its production.

OANN's request for all documents used to prepare Scott Circle's 30(b)(6) witness is not proportional to the needs of the case. *Bierman Fam. Farm, LLC v. United Farm Fam. Ins. Co.*, 2017 WL 3311206, at *3 (D. Md. Aug. 2, 2017) (quashing subpoena where the requests for documents were overly broad and sought documents not relevant to the ultimate issue in the case). Scott Circle previously expressed that even the fifteen requests in the April 19 Subpoena were too broad. (Ex. A, at ¶ 8). Nevertheless, OANN attempts to manipulate the discovery process by including an overbroad request for all documents relied on by Scott Circle in preparation for the deposition rather than continuing with negotiations over production search terms.

In addition, requiring Scott Circle to prepare its witness for a deposition when there is no defined scope of documents beyond "all Documents and Communications relied upon to prepare the Rule 30(b)(6) witness(es)," makes the universe of potential documents far too broad. If the scope of the documents to review were the ones produced in response to the April 19 Subpoena, the preparation for the deposition could be more manageable.

This Court cannot allow OANN to use such a facially overbroad request to circumvent the negotiations around the April 19 Subpoena.

### 3. OANN's Pursuit of Depositions Is Unnecessary and Premature.

The premature timing of the deposition sought in the October 11 Subpoena warrants a finding of good cause. Courts have been more welcoming of protective orders against untimely discovery notices. *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 135 (D.D.C.

9

2012) (stating that courts have been "welcoming of protective orders against untimely discovery notices."). If Scott Circle sits for a deposition before documents responsive to the April 19 Subpoena are produced, OANN will likely seek to depose Scott Circle again once production occurs. The risk that a nonparty may needlessly have to sit for more than one deposition is sufficient to show good cause. *Ecomission Sols., LLC v. CTS Holdings, Inc.*, 2016 WL 4506974, at *2 (D.D.C. Aug. 26, 2016) (granting the motion for protective order to delay a deposition until disputes were resolved "eliminate[s] the risk that [the nonparty] will be deposed twice."); *In re Subpoena to Wang*, 214 F. Supp. 3d 91, 96 (D.D.C. 2016) (granting protective order to delay deposition until a privilege issue was resolved, "effectively guards against the dual risks of subjecting Dr. Wang to the undue burden of a second deposition.").

OANN has already requested more search terms from Scott Circle than other defendants in related litigation. OANN, of course, wants to explore its defensive theories in Scott Circle's deposition. Until OANN receives documents from Scott Circle, there is no way for either to know which documents are at issue and what theories they may relate to. Scott Circle, a nonparty, should not be required to sit for a deposition until these issues are resolved.

If Scott Circle is forced to proceed with the November deposition, as noticed in the October 11 Subpoena, Scott Circle will have to unilaterally determine which documents to rely upon in preparing for its deposition, and those are the documents it will produce. If, later, Scott Circle produces a broader swath of documents because there are more documents that are responsive to the requests in the April 19 Subpoena, OANN will certainly seek to conduct the second deposition requested in the April 19 Subpoena. There is no reason to make a nonparty answer two duplicative subpoenas, especially if it will result in a needless second deposition.

**B.     OANN CAN STILL OBTAIN THE DISCOVERY IT SEEKS FROM SCOTT CIRCLE.**

Importantly, OANN will not suffer prejudice if the October 11 Subpoena is quashed. *United States v. Dixon*, 355 F. Supp. 3d 1, 6 (D.D.C. 2019) ("While the [moving party] has shown good cause for a protective order, [defendant's] allegations of prejudice fall short"); *United States v. Cudd*, 534 F. Supp. 3d 48, 55 (D.D.C. 2021) (finding good cause where defendant would not be prejudiced by the protective order because it would not limit defendant's ability to access the discovery sought). Scott Circle is already in the process of responding to OANN's first subpoena and would be willing to consider sitting for a deposition after its document production is complete pursuant to the April 19 Subpoena. There is no true need for Scott Circle to respond separately to the second subpoena and no true need for OANN to depose Scott Circle in November.

OANN delayed negotiating with Scott Circle for months. After a few brief exchanges with Scott Circle, OANN, seemingly out of the blue, issued a brand-new subpoena that serves no new purpose. Scott Circle is not challenging OANN's ability to *ever* depose them.[3] OANN just cannot depose Scott Circle in November pursuant to a duplicative subpoena, as doing so would subject Scott Circle to an undue burden, which outweighs any purported need claimed by OANN to obtain this information even sooner.

---

[3] Scott Circle reserves its right to challenge the deposition subpoena issued on April 19 after the production of documents is complete and it becomes evident that a deposition would be unnecessary.

## V. CONCLUSION

Scott Circle respectfully requests that the Court issue a protective order quashing OANN's pending subpoena, issued on October 11, 2023.

\*   \*   \*

Date: October 19, 2023

                                               */s/ Erik Connolly*
                                               J. Erik Connolly (D.C. Bar No. IL0099)
                                               Maura Levine-Patton
                                               BENESCH, FRIEDLANDER, COPLAN
                                                 &amp; ARONOFF LLP
                                               71 South Wacker Drive, Suite 1600
                                               Chicago, IL 60606
                                               Telephone: 312.212.4949
                                               econnolly@beneschlaw.com
                                               mlevine-patton@beneschlaw.com

                                               *Attorneys for the nonparty movant Scott Circle Communications Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ J. Erik Connolly
J. Erik Connolly (D.C. Bar No. IL0099)

*One of the Attorneys for the Plaintiffs*
*Smartmatic USA Corp., Smartmatic International*
*Holding B.V., and SGO Corporation Limited*