# EXHIBIT C

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| Smartmatic USA Corp., et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:21-cv-02900-CJN |
| Herring Networks, Inc. d/b/a One America News Network ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Scott Circle Communications, Inc.
C/O Benesch Friedlander Coplan & Aronoff LLP, 1307 New York Avenue, NW, Suite 702, Washington, DC 2000

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Schedule A

| Place: Boyden Gray PLLC<br>801 17th St NW #350,<br>Washington, DC 20006 | Date and Time:<br>11/22/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: Video and Stenographically Recorded

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/11/2023

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ John Edwards |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Herring Networks, Inc. d/b/a One America News Network , who issues or requests this subpoena, are:

John Edwards, jedwards@jw.com, 1401 McKinney Ave, Suite 1900, Houston, TX 77010

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:21-cv-02900-CJN

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| Smartmatic USA Corp., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-02900-CJN |
| Herring Networks, Inc. d/b/a One America News Network | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Scott Circle Communications, Inc.
C/O Benesch Friedlander Coplan & Aronoff LLP, 1307 New York Avenue, NW, Suite 702, Washington, DC 2000

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Boyden Gray, 801 17th St NW #350, Washington, DC 20006 | Date and Time: 10/27/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/11/2023

*CLERK OF COURT*

OR

_____          /s/ John Edwards
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Herring Networks, Inc. d/b/a One America News Network, who issues or requests this subpoena, are:
John Edwards, jedwards@jw.com, 1401 McKinney Ave, Suite 1900, Houston, TX 77010

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-02900-CJN

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:21-cv-02900-CJN   Document 108-3   Filed 10/19/23   Page 7 of 17

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A

## INSTRUCTIONS & DEFINITIONS

Pursuant to Fed Rule Civ. Proc. 30(b)(6) and 45, Scott Circle Communications, Inc. is requested to designate one or more officers, directors, managing agents, or other persons to testify on its behalf with regard to the following matters in accordance with the following definitions, and produce documents relied upon to prepare for this testimony.

The following terms shall have the meanings set forth below whenever used in any Request.

1. "2020 ELECTION" means and refers to the U.S. Presidential Election that occurred on November 3, 2020, and all voting (including mail-in voting) and related events occurring up to the certification of votes on January 6, 2021.

2. "ACTION" refers to the above-captioned action.

3. "COMPLAINT" means the Complaint filed on November 3, 2021 in this ACTION and any subsequently filed amended complaint.

4. "COMPLAINED OF BROADCASTS" means and refers to the broadcasts identified in Paragraphs 88, 146–147, 171, 176, and 178 of the COMPLAINT filed in this ACTION, among others, including without limitation the particular broadcasts of *After Hours with Alex Salvi*, *News Room*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan*

1

*Ball, In Focus with Stephanie Hamill, Weekly Briefing with Christina Bobb, America This Week,* and the Michael-Lindell-produced programs titled *Absolute Proof, Scientific Proof, Absolute Interference,* and *Absolutely 9-0.*

5. "COMPLAINED OF STATEMENTS" means and refers to the statements described in Paragraphs 80–153, and more specifically identified in Paragraphs 171, 176, 184, 196, 205, 218, and 227, of the COMPLAINT filed in this ACTION.

6. "DOMINION" means and refers to US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, whether individually or collectively, and any of their parents, subsidiaries, related or affiliated entities, successors and predecessors (including but not limited to Sequoia Voting Systems), officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of DOMINION.

7. "ELECTION LAWSUITS" means and refers to the following lawsuits: US Dominion, Inc., et al. v. Herring Networks, Inc., et al., No. 1:21-cv-02130 (D.D.C.); Smartmatic USA Corp., et al. v. Newsmax Media, Inc., No. N21C-11-028 EMD (Delaware Superior Court); Smartmatic USA Corp., et al. v. Fox Corporation, et al., No. 151136/2021 (Supreme Court of the State of N.Y); Smartmatic USA Corp., et al. v. Lindell, et al., No. 22-cv-00098-WMW-JFD (D. Minn.); US

Dominion, Inc., et al. v. Giuliani, No. 1:21-cv-00213-CJN (D.D.C.); US Dominion Inc., et al. v. Fox News Network, LLC, No. N21C-03-257 (Delaware Superior Court); US Dominion, Inc. v. Powell, No. 1:21-cv-00040 (CJN) (D.D.C); US Dominion, Inc. v. My Pillow, Inc., et al. v. Smartmatic USA Corp., et al., No. 1:21-cv-00445 (CJN) (D.D.C); US Dominion, Inc. v. Byrne, No. 1:21-cv-02131 (D.D.C.); US Dominion, Inc. et al. v. Herring Networks, Inc., v. AT&T, No. 1:21-cv-02130 (D.D.C.); Coomer v. Donald J. Trump for President, Inc., et al., No. 2020-cv-034319 (Colo.); Donald J. Trump for President v. Hobbs, No. CV-2020-014248 (Ariz.); Donald J. Trump for President v. Benson, No. 1:20-cv-01083 (W.D. Mich.), No. 20-000225-MZ (Mich.); Wood v. Raffensperger, No. 1:20-cv-04651 (N.D. Ga.), No. 1:20-cv-05155 (N.D. Ga.); Curling v. Raffensperger, No. 1:17-cv-02989 (N.D. Ga.); King v. Whitmer, No. 2:20-cv-13134 (E.D. Mich.); Feehan v. Wisconsin Elections Commission, No. 2:20-cv-01771 (E.D. Wis.); Bowyer v. Ducey, No. 2:20-cv-02321 (D. Ariz.); Wisconsin Voters Alliance, et al. v. Pence, et al., No. 1:20-cv-03791 (D.D.C.); Tyler Kistner, et al. v. Steve Simon, et al., No. 19AV-CV-20-2183 (Minn.); Pearson v. Kemp, No. 1:20-cv-04809 (N.D. Ga.); Boland v. Raffensperger, No. 2020-CV-343018 (Ga.); Trump v. Raffensperger, No. 2020-CV-343255 (Ga.); Favorito, et al. v. Fulton County, et al., No. 2020CV343938 (Ga.); Trump v. Kemp, et al., No. 1:20-cv-05310 (N.D. Ga.); and Brooks v. Mahoney, No. 4:20-cv-00281 (S.D. Ga.).

8. "OAN" means and refers to Defendant HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK.

9. "PLAINTIFFS" means and refers to, collectively, Plaintiffs SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, whether individually or collectively, and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on their behalf.

10. "SEQUOIA" means and refers to SEQUOIA VOTING SYSTEMS, INC. and any of its parents, subsidiaries, related or affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SEQUOIA.

11. "SMARTMATIC" means and refers to collectively Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SMARTMATIC.

12. "SGO" means and refers to, collectively, Plaintiff SGO CORPORATION LIMITED and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on SGO's behalf.

13. "SMARTMATIC INTERNATIONAL" means and refers to, collectively, Plaintiff SMARTMATIC INTERNATIONAL HOLDING B.V. and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on SMARTMATIC INTERNATIONAL's behalf.

14. "SMARTMATIC USA" means and refers to, collectively, Plaintiff SMARTMATIC USA CORP. and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on SMARTMATIC USA's behalf.

15. "SMARTMATIC SYSTEMS" means any elections product developed, supplied, used, or supported by You, or on Your behalf, domestic or international, from SMARTMATIC's inception to the present. This includes but is not limited to any software, hardware, source code, firmware, technology, solutions, digital tools, functionalities, devices, scan tabulators, optional modules, peripherals, Hybrid Activator, Accumulator & Transmitters, audit logs, electronic voting

machines, electronic counting machines, ballot marking devices, voter management, poll worker support, online voting, or election management platforms as described in Paragraphs 26–27 of the COMPLAINT filed in this ACTION.

16. "THIRD PARTY" means a Person other than PLAINTIFFS or OAN.

17. "You," "Your," "Yours" and/or "Scott Circle Communications" shall mean Scott Circle Communications, Inc., and shall include any present or former employee, agent, accountant, attorney, expert and/or any other Persons acting, or purporting to act, on behalf of Scott Circle Communications.

18. "Communication" or "Communications" means a communication in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, instant messages (such as but not limited to Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, Slack messages or other internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, Instagram, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type,

transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal communications and communications with third parties. The foregoing definition is subject to any objection sustained in relation to PLAINTIFFS' similar definition directed at OAN.

19. "Concerning" means without limitation, containing, reflecting, referring to, discussing, relating to, describing, evidencing, supporting, or constituting.

20. "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term under Federal Rule of Civil Procedure 34.

21. "Electronically stored information" or "ESI" means and refers to electronic data, stored in or on any electronic storage medium, whether physical or virtualized, that can be obtained or translated into a reasonably usable form. *See* Doc. 50, this Court's ESI Order signed January 4, 2023 ("ESI Order").

22. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

23. "Relating to" means without limitation, concerning, containing, reflecting, referring to, discussing, describing, evidencing, supporting, or constituting.

24. Where a claim of privilege is asserted in responding or objecting to any discovery requested herein and information is not provided on the basis of such assertion, You shall, in Your response or objection, identify the nature of the privilege (including work product) which is being claimed. When any privilege is claimed, You shall, as to the Documents and/or information requested, whether:

    1. any Documents exist or any Communications took place; and

    2. provide the following information for each such Document or Communication in a "privilege log" or similar format:

        a. the type of Document or Communication;

        b. the general subject matter of the Document or Communication;

        c. the date of the Document or Communication;

        d. the author(s) of the Document or participants in the Communication;

        e. the addressee(s) and any other recipient(s) of the Document; and

        f. the custodian of the Document, where applicable.

25. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to." "And"

and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include each of the other gender.

26. These Requests for Production are continuing in nature and require supplemental response if You obtain further information between the time of compliance and any hearing or trial in the above-captioned case.

27. Unless otherwise indicated, the relevant time period for these Requests for Production is from January 1, 2018 to the present.

## TOPICS OF TESTIMONY

1. All agreements with SMARTMATIC.

2. Identify the dates You were retained on behalf of SMARTMATIC, and whether and to what extent You performed work for SMARTMATIC outside the scope of a written contract or agreement.

3. Identify the scope of work for which You were retained, and/or have performed work, on behalf of SMARTMATIC.

4. Identify the individuals performing any work for or on behalf of SMARTMATIC, including without limitation the identity of any account executives.

5. Payment of services for your work on behalf of SMARTMATIC, including billing, invoices, accounts receivables, or delinquencies.

6. SMARTMATIC's reputation before and after the 2020 ELECTION, including but not limited to work performed by You associated with addressing public perception, and/or customer or potential customer perception, of SMARTMATIC's domestic and/or foreign reputation.

7. Identify all work performed by You on behalf of SMARTMATIC, including press releases, press communications, and third-party publications.

8. Your work associated with addressing media reports or claims concerning SMARTMATIC related to the following: (a) foreign ownership or

9

control of SMARTMATIC; (b) the acquisition and divestiture of SEQUOIA; (c) election hacking; (d) election rigging; (e) bribery; (f) money laundering; (g) indictments; (h) criminal complaints; (i) government investigations or inquiries; (j) lawsuits brought by or against SMARTMATIC, including but not limited to the ELECTION LAWSUITS; (k) domestic and foreign elections between 2004 and the present; and/or (l) improper or inaccurate counting of votes in any jurisdiction.

## **REQUEST FOR PRODUCTION**

1. Produce all Documents and Communications relied upon to prepare the Rule 30(b)(6) witness(es) for deposition testimony on the topics identified above.