**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SMARTMATIC USA CORP.,
SMARTMATIC HOLDING B.V., AND
SGO CORPORATION LIMITED,

Plaintiffs,

v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

Defendant.

Civil Action No. 1:21-cv-02900-CJN

**OAN'S RESPONSE IN OPPOSITION TO MOTION TO QUASH DEPOSITION OF SCOTT CIRCLE COMMUNICATIONS & OPPOSED MOTION TO COMPEL DOCUMENT PRODUCTION FROM SCOTT CIRCLE COMMUNICATIONS, INC.**

# TABLE OF CONTENTS


Table of Authorities ..... ii

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

III. ARGUMENT ..... 6

A. Legal Standard ..... 6

B. Scott Circle cannot show that the deposition creates undue burden. ..... 7

1. The subpoena is not duplicative. ..... 8

2. The subpoena is not facially overbroad. ..... 9

3. The 30(b)(6) deposition is not premature. ..... 9

4. Quashing the deposition would harm OAN. ..... 11

C. Scott Circle must produce the requested documents. ..... 12

IV. CONCLUSION ..... 13

CERTIFICATE OF SERVICE ..... 14

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*BuzzFeed, Inc. v. U.S. Dep't of Just.*,
318 F. Supp. 3d 347 (D.D.C. 2018) ....................12

*In re Denture Cream Prod. Liab. Litig.*,
292 F.R.D. 120 (D.D.C. 2013)....................6, 9, 11

*Ecomission Sols., LLC v. CTS Holdings, Inc.*,
2016 WL 4506974 (D.D.C. Aug. 26, 2016) ....................10

*Goldstein v. FDIC*,
494 B.R. 82 (D.D.C. 2013) ....................8

*Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*,
286 F.R.D. 8 (D.D.C. 2012)....................7

*Progressive Cas. Ins. Co. v. Fed. Deposit Ins. Corp. for Sun W. Bank*,
No. 13-mc-1043, 2014 WL 12787793 (D.D.C. Jan. 9, 2014) ....................7

*Stati v. Republic of Kazakhstan*,
No. 14-cv-1638, 2020 WL 3259244 (D.D.C. June 5, 2020)....................6, 7

*In re Subpoena to Wang*,
214 F. Supp. 3d 91 (D.D.C. 2016) ....................10, 11

*United States v. Cudd*,
534 F. Supp. 3d 48 (D.D.C. 2021) ....................11

*United States v. Dixon*,
355 F. Supp. 3d 1 (D.D.C. 2019) ....................11

*United States v. Kellogg Brown & Root Servs., Inc.*,
285 F.R.D. 133 (D.D.C. 2012)....................10

*Watts v. SEC*,
482 F.3d 501 (D.C. Cir. 2007) ....................6

*Westinghouse Elec. Corp. v. City of Burlington*,
351 F.2d 762 (D.C. Cir. 1965) ....................12

### Rules

Fed. R. Civ. P. 26(b)(2)(C)(i) ....................6

Fed. R. Civ. P. 26(d)(3) .......... 2, 7, 9

Fed. R. Civ. P. 45(2)(B)(i) .......... 6

Fed. R. Civ. P. 45(d)(3)(A)(iv) .......... 6

Defendant Herring Networks, Inc., d/b/a One America News Network ("OAN") files this Response in Opposition to Third Party Scott Circle Communications, Inc.'s Motion to Quash OAN's Deposition Notice (the "Motion"). OAN issued a deposition notice for Scott Circle's 30(b)(6) deposition on October 11, 2023 with the deposition set for November 22, 2023. Also on October 11, 2023, OAN issued a separate deposition notice for documents relied on to prepare the 30(b)(6) witness for testimony. Scott Circle—represented by Plaintiffs' counsel—seeks to quash the timely-noticed deposition but has failed to show any undue burden. OAN also moves to compel Scott Circle to produce long-overdue documents subject to an earlier Rule 45 subpoena.

## I. INTRODUCTION

Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited ("Smartmatic SGO") (collectively "Smartmatic") have steadfastly refused to produce witnesses for depositions prior to the Court's fact discovery deadline of December 8, 2023. Already, OAN was forced to seek Court intervention when Smartmatic failed to present five witnesses for their depositions—three 30(b)(6) depositions of the Smartmatic Plaintiffs and two depositions of current Smartmatic employees.[1] None of those depositions has occurred. OAN has also sought to compel the deposition of an ex-Smartmatic employee, Hugh Gallagher, who is represented by the same counsel as Smartmatic. (Dkt. 102.) The Motion to Quash the Scott Circle deposition, also filed by Smartmatic's counsel, is just the latest attempt to unilaterally void this Court's discovery deadline.

Smartmatic has also filed a motion for protection ("Motion for Protection") that seeks to halt all depositions. (Dkt. 96.) There, they argue that despite Rule 26(d)(3)'s clear command that discovery can occur in any sequence, OAN should have to wait to take depositions until all written

[1] Pursuant to Paragraph 11 of the Court's Standing Order, OAN sent an email to the Courtroom Deputy seeking approval to file a motion to compel the five depositions.

discovery is complete (even though such discovery is substantially complete already). OAN filed a timely response conclusively refuting all of Smartmatic's alleged "good cause" to delay. (Dkt. 98.) The Motion again argues that a deposition—this time the deposition of a 30(b)(6) representative of third-party Scott Circle Communications, Inc.—should not occur before the completion of all document production. (Mot. at 2.) Repeating this argument does not change the rules: the Federal Rules of Civil Procedure do not require discovery to proceed in any particular sequence. Fed. R. Civ. P. 26(d)(3). OAN can take Scott Circle's deposition after issuing a proper notice, which it has done.

Nor can Scott Circle skirt its discovery obligations and refuse to produce *any* documents in response to OAN's earlier document subpoena. OAN has both provided Scott Circle with reasonable search terms *and* agreed to allow Scott Circle to produce documents based on its own search terms. Scott Circle refuses to timely comply with a document subpoena or even begin producing documents responsive to the very search terms it proposed. OAN thus has no other recourse but to request this Court to compel Scott Circle to produce responsive documents to this earlier subpoena without further delay.

OAN therefore requests that the Court order Scott Circle to produce a 30(b)(6) witness for the noticed deposition. It also asks for an order compelling Scott Circle to produce long overdue documents that are responsive to OAN's earlier document subpoena and proposed search terms, Scott Circle's proposed search terms, and other documents responsive to OAN's discovery requests that do not require search terms.

## II. BACKGROUND

Scott Circle Communications, Inc. ("Scott Circle") is a public relations agency. Scott Circle provided Smartmatic with public relations services in 2019 and 2020, a time period that covered the lead-up to the U.S. presidential election. (**Ex. A**, Shah Decl. ¶ 2.) On April 19, 2023,

OAN issued two subpoenas to Scott Circle: one asked for testimony on fifteen topics (the "4/19 testimony subpoena"), and the second sought documents responsive to fifteen requests for production (the "4/19 document subpoena"). (*See* Mot. at Ex. B.) The date for the deposition was a "placeholder." (*Id.*) On June 7, 2023, Scott Circle requested additional time to respond to the 4/19 document subpoena, with counsel stating "we need 30 days to produce documents" and that Scott Circle would produce "right away" if they could "get the documents sooner." (**Ex. B**, Email Correspondence re Deadlines.) Scott Circle served a response and objections to OAN on June 23, 2023. (Mot. at 3.).

By September 5, 2023, Scott Circle still had not produced *any* documents in response to the 4/19 document subpoena despite its previous statement that it needed only 30 days to make a production. (**Ex. A**, Shah Decl. ¶ 4.) With a fact-discovery deadline of December 8, 2023 approaching, counsel for OAN sought a meet and confer. (*Id.*). OAN and counsel for Scott Circle (the same counsel representing Smartmatic) conferred on September 7. (*Id.* ¶ 5.) OAN requested that Scott Circle produce responsive documents "irrespective of whether they hit on search terms if they were readily identifiable without search terms (e.g., RFP #2 which asks for agreements with Smartmatic)." (**Ex. C**, Email Correspondence Re: Third Party Subpoenas.) But Scott Circle rejected this request, backed off its prior representation of producing documents within 30 days, and insisted on using only search terms to identify responsive documents. (*Id.*)

In the "spirit of compromise," but while reserving its rights, OAN agreed to consider Scott Circle's search terms. (**Ex. A**, Shah Decl. ¶ 5.) Scott Circle then proposed a limited and deficient set of search terms. (*Id.*; **Ex. C**, Email Correspondence Re: Third Party Subpoenas.) OAN explained that the search terms were not a "substitute to identifying relevant information that we think is best and most easily located without search terms." (**Ex. C**, Email Correspondence Re:

Third Party Subpoenas.) OAN then provided Scott Circle with a more fulsome set of search terms designed to compensate for Scott Circle's refusal to search for documents not amenable to search terms. (*Id.*; **Ex. D**, OAN's Proposed Search Terms.)

Scott Circle responded to OAN's search term proposal by asserting it was overly broad and burdensome. (Mot. at 3). But Scott Circle provided only four examples of what terms they considered problematic, and it was apparent that Scott Circle's vendor simply failed to properly run the proposed terms. (**Ex. C**, Email Correspondence Re: Third Party Subpoenas). OAN provided instructions to Scott Circle that addressed how these terms could be properly run and also narrowed some of the terms. (*Id.*). OAN also continued to ask Scott Circle to find responsive documents without resorting to the use of search terms, noting that "if search terms were not used for all of these requests, we have no doubt that the number of documents would be lower." (*Id.*)

Despite OAN's efforts to work with Scott Circle to identify acceptable search terms, Scott Circle refused to engage or provide evidence of its purported burden. (*Id.* (showing Scott Circle did not respond to OAN's October 10 email and the offer to "work with [Scott Circle] to narrow down" the terms).) OAN continued to request that Scott Circle provide evidence of the alleged burden so that OAN could work to address it. (*Id.*)

On October 11, 2023, OAN issued a third subpoena with a notice for the 30(b)(6) deposition (the "10/11 testimony subpoena"). (*See* Mot. at Ex. C.) It set the deposition for November 22, 2023 and replaced the 4/19 testimony subpoena. (*Id.*) OAN also issued a fourth subpoena (the "10/11 document subpoena") that requested "all Documents and Communications relied upon to prepare Rule 30(b)(6) witness(es) for deposition testimony on the topics identified above." (*Id.* at 10). These subpoenas—from October 11, 2023—are the subject of the Motion to Quash.

Counsel spoke again on October 19, 2023—the same day Scott Circle filed the Motion. During that meet and confer, OAN and Scott Circle "agreed that [Scott Circle] will be producing responsive documents [to the 4/19 documents subpoena] based on the search terms [Scott Circle's counsel] proposed to us on Sept. 8th." (**Ex. A**, Shah Decl. ¶ 10; **Ex. C**, Email Correspondence Re: Third Party Subpoenas.) The parties also agreed that they would continue working to refine OAN's additional, proposed search terms in the interim and that Scott Circle would identify the terms it considered problematic and provide evidence of the asserted burden. (**Ex. C**, Email Correspondence Re: Third Party Subpoenas; **Ex. A**, Shah Decl. ¶ 10.) Despite this concession from OAN and the agreement of the parties, Scott Circle then backtracked on the progress made in the meet and confer, refused to produce documents responsive to its *own* proposed search terms, and refused to provide evidence of the burden it continued to assert as a reason for rejecting OAN's proposed terms. (**Ex. A**, Shah Decl. ¶ 11; **Ex. C**, Email Correspondence Re: Third Party Subpoenas.). Scott Circle has ignored OAN's attempt to confirm what the parties agreed to during the meet and confer, has stopped responding to email correspondence, and has produced zero documents as of the filing of this Response. (**Ex. A**, Shah Dec. ¶¶ 11–12.).

On October 21, 2023, Judge Upadhyaya entered a minute order temporarily staying fourteen depositions, including the Scott Circle deposition that was noticed on October 11. The stay stemmed from Smartmatic's Emergency Motion to Quash those depositions. (Dkt. 105.) OAN opposes the emergency motion (Dkt. 106) and has also asked the Court to set deposition parameters[2] so that discovery in the case may proceed in a manner that allows the Parties to meet

[2] Pursuant to Paragraph 11 of the Court's Standing Order, OAN sent an email to the Courtroom Deputy seeking approval to file a motion to modify deposition limits.

the Court's December 8, 2023 deadline for completing fact discovery. Judge Upadhyaya's order only stayed the depositions "pending further order of the Court" (Minute Entry, 10/21/2023.).

## III. ARGUMENT

### A. Legal Standard

Rule 45 of the Federal Rules of Civil Procedure requires a court to quash or modify a subpoena if it subjects a person to an "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv); *see Stati v. Republic of Kazakhstan*, No. 14-cv-1638, 2020 WL 3259244, at *4 (D.D.C. June 5, 2020) ("The undue burden standard for Rule 45 . . . mirrors the standard included within Rule 26."). On a motion, a court must limit discovery if it determines "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

In determining whether an undue burden exists, courts consider a number of factors including "whether the discovery is unreasonably cumulative or duplicative; whether the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive; and whether the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *In re Denture Cream Prod. Liab. Litig.*, 292 F.R.D. 120, 123–24 (D.D.C. 2013) (citing *Watts v. SEC*, 482 F.3d 501, 508 (D.C. Cir. 2007)). Scott Circle only argues that an undue burden exists because the October 11 subpoenas are duplicative, overbroad, and could lead to multiple depositions. (Mot. at 5.)

Rule 45 allows the party serving a subpoena to move "for an order compelling production" of requested documents if the commanded person has failed to comply. Fed. R. Civ. P. 45(2)(B)(i). In ruling on a motion to compel, a court first determines whether the subpoena seeks relevant

information and then assesses any objections, including those which involve claims of undue burden. *Stati*, 2020 WL 3259244, at *4 (granting motion to compel compliance with Rule 45 subpoena). "The person objecting to production has a heavy burden to show that the subpoena should not be enforced." *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, 286 F.R.D. 8, 11 (D.D.C. 2012).

Important to the Motion, the Federal Rules of Civil Procedure do not dictate that depositions must occur after the exchange of written discovery; rather, the "methods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(3); *see Progressive Cas. Ins. Co. v. Fed. Deposit Ins. Corp. for Sun W. Bank*, No. 13-mc-1043, 2014 WL 12787793, at *3 (D.D.C. Jan. 9, 2014) (explaining that there is no general requirement that "any particular type of discovery be sought before another"). The only limits on the sequence of discovery are if "the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3).

**B. Scott Circle cannot show that the deposition creates undue burden.**

With shocking bravado and complete disregard for the Federal Rules of Civil Procedure, Scott Circle says it "*may be willing* to sit for a deposition in response to the first subpoena, but only once its document production is complete." (Mot. at 4 (emphasis added).) Scott Circle offers no other reason to delay the deposition than that *its own* documents have not yet been produced—a circumstance it created. It is Scott Circle who has refused to produce responsive documents and refused to indicate when it will produce documents. Scott Circle surmises that requiring the deposition to take place before document production is complete "will subject Scott Circle to multiple depositions." (Mot. at 9.) But such speculative, hypothetical, and self-inflicted harm is not sufficient to show an undue burden.

**1. The subpoena is not duplicative.**

OAN only seeks one 30(b)(6) deposition from Scott Circle. The first subpoena provided a deposition date as a "placeholder" and listed fifteen topics. (Mot. at Ex. B.) The second subpoena superseded the first one and set the deposition for November 22, 2023, listing eight topics. (Mot. at Ex. C.) The revised list of topics does not make the second subpoena duplicative. Scott Circle is only required to prepare its 30(b)(6) witness(es) on the most recent set of topics. Comparing the two lists—for what will be just one deposition—and then complaining of duplication makes no sense. (*See* Mot. at 6-8.) There will be just one 30(b)(6) deposition, assuming (as in every case) that Scott Circle's representative is properly prepared to address the most recent list of noticed topics.[3]

Scott Circle also contends that the 10/11 document subpoena is some type of end-run around the meet-and-confer process. (Mot. at 7.) The most recent subpoena merely asks for the documents used to prepare the 30(b)(6) witness(es). (Mot. at Ex. C at 10.) This is a straight-forward, simple request. It does not require search terms, and it does not overlap with OAN's other document requests of Scott Circle. It is limited to just the documents used to prepare the witness—a request that is (by its nature) limited both temporally and in scope. Scott Circle compares the request to a "fishing expedition," but it is exactly the opposite. The 30(b)(6) deposition will only cover the noticed topics.

Scott Circle also accuses OAN of seeking to "engage in depositions prematurely." (Mot. at 10.) But the fact discovery deadline remains set for December 8, 2023. With that looming deadline, setting a third-party deposition on November 22, 2023 should be expected. *See Goldstein*

[3] OAN understands that Scott Circle may designate multiple witnesses for the 30(b)(6) topics; if that were to happen, this circumstance would not equate to multiple depositions of the company. *See* Fed. R. Civ. P. 30(b)(6) (permitting an organization to designate one or more persons to testify on the organization's behalf in response to a single notice or subpoena).

*v. FDIC*, 494 B.R. 82, 87 (D.D.C. 2013) (recognizing that Rule 45 subpoenas are subject to the same discovery deadlines and orders as any other type of discovery). And given that Scott Circle has known since last April that OAN wanted to take this deposition, it is hard to comprehend how they can describe the current effort as "premature."

**2. The subpoena is not facially overbroad.**

Scott Circle claims the request to produce all documents used to prepare the 30(b)(6) witness(es) is facially overbroad. (Mot. at 10.) But any attorney who has prepared a witness for such a deposition will understand that the responsive documents will be a defined set. Again, the request is both limited temporally (to what is used during preparations) and limited to the noticed topics.

Scott Circle's argument that this request somehow circumvents the negotiation process for the April 19 subpoena defies common sense. The 4/19 document subpoena requests different documents than OAN's 10/11 document subpoena, which contains only one document request for documents the witness relied upon in preparing for the deposition. If a witness is able to identify and use documents to prepare for a deposition (which it can and likely will do), a request for those documents cannot be facially overbroad. OAN is entitled as a matter of fairness to the documents that Scott Circle relies upon, to the extent not properly subject to any privileges.

**3. The 30(b)(6) deposition is not premature.**

Given the impending fact-discovery deadline and that Scott Circle has known about the request for a 30(b)(6) deposition since last April, it is difficult to comprehend how Scott Circle can describe the request as "premature." Scott Circle's main assertion is that the deposition should not occur until after it produces documents. (Mot. at 12.) As stated above, the Federal Rules of Civil Procedure allow parties to conduct discovery in any sequence. Fed. R. Civ. P. 26(d)(3); *see In re Denture Cream*, 292 F.R.D. at 126 (rejecting argument that third-party subpoena was

premature, because discovery can be sought in any order and "Rule 45 does not require parties to choose between depositions and document requests"). There is nothing improper about seeking to hold the deposition on November 22.

Scott Circle asserts that the undue burden comes from the hypothetical chance that OAN will seek to depose Scott Circle "again once production occurs." (Mot. at 12.). But Scott Circle's own delay in producing documents cannot be used to escape a deposition of its witness. Scott Circle has had since April to collect and produce documents and had represented that it would be producing documents within thirty days. (**Ex. B**, Email Correspondence re Deadlines.) If Scott Circle's reasoning is accepted, Scott Circle will never produce documents so that it will never have to submit to a deposition. Scott Circe's refusal to sit for depositions on the basis of its failure to produce documents is thus not only illogical but also runs afoul of the Federal Rules of Civil Procedure.

And the cases cited by Scott Circle (Mot. at 9-10) do not support its position that the subpoena creates an undue burden. First, *United States v. Kellogg Brown & Root Services, Inc.*, 285 F.R.D. 133, 135 (D.D.C. 2012), does not address a "prematurely" served subpoena; rather, the plaintiff sought a 30(b)(6) deposition after the discovery deadline had passed. OAN issued the subpoena at issue well-before the December 8 discovery deadline. In *Ecomission Solutions, LLC v. CTS Holdings, Inc.*, 2016 WL 4506974, at *2 (D.D.C. Aug. 26, 2016), the court granted a protective order when an interpleader motion pending in a related case created a risk that the witness would be subject to a deposition as a non-party and again as a party. No such facts exist here. Finally, in *In re Subpoena to Wang*, 214 F. Supp. 3d 91 (D.D.C. 2016), there was a related matter in California involving a privilege-waiver issue related to the witness's deposition. The plaintiff sought to depose the witness to "test" the scope of the privilege asserted, but the court

rejected the approach on grounds that it would guarantee that the witness would be subject to a second deposition. *Id*. at 96. Again, these facts simply are not present in this case.

**4. Quashing the deposition would harm OAN.**

Scott Circle has not shown good cause for quashing the deposition. The Court can end its analysis there and allow the deposition to proceed. But if it were to consider prejudice to OAN, the Court should find that Scott Circle and Smartmatic's repeated attempts to stall discovery in this case are harming OAN. The fact discovery deadline is December 8, 2023. OAN has repeatedly tried to get responsive information from Scott Circle since April 2023.[4] And, in a footnote, Scott Circle admits its end-goal in this matter. (Mot. at 11, n.3.) Its aim is to challenge sitting for any deposition, asserting that a document production could somehow eliminate the need for a live witness.[5] (*Id.*) The Court should not allow Scott Circle—using Smartmatic's counsel—to so blatantly flaunt the discovery process.

Finally, in determining whether an undue burden exists, courts can consider whether "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *In re Denture Cream Prod. Liab. Litig.*, 292 F.R.D. at 124. This factor weighs against quashing the

[4] Scott Circle criticizes OAN for "delaying" the negotiation process. (Mot. at 11.) However, OAN hired new counsel at the end of May. Any delay in resolving Scott Circle's objections to the first subpoena was not due to a lack of diligence or interest in having Scott Circle respond to a properly-issued subpoena.

[5] The cases cited by Scott Circle to "prove" that quashing the subpoena will not prejudice OAN (Mot. at 11) are criminal cases involving the government's restriction of the dissemination, reproduction, and storage of sensitive documents due to privacy and security concerns. *See United States v. Dixon*, 355 F. Supp. 3d 1 (D.D.C. 2019); *see also United States v. Cudd*, 534 F. Supp. 3d 48 (D.D.C. 2021). Scott Circle does not raise privacy or security concerns, making its reliance on these cases illogical. Notably, Scott Circle cites no civil cases to support its argument.

October 11 subpoenas. Smartmatic seeks billions of dollars in this case, a factor that alone justifies OAN's relevant, targeted subpoenas. *See BuzzFeed, Inc. v. U.S. Dep't of Just*., 318 F. Supp. 3d 347, 361 (D.D.C. 2018) (finding no undue burden for non-party to comply with defamation defendant's subpoena given the amount in controversy); *Westinghouse Elec. Corp. v. City of Burlington*, 351 F.2d 762, 767 (D.C. Cir. 1965) ("The fact that these are very important cases with large sums of money at stake is relevant in determining the reasonableness of the [third-party] subpoena."). And Smartmatic claims that OAN defamed it, and the 10/11 testimony subpoena seeks information about "Smartmatic's reputation before and after the 2020 Election." (Mot. at Ex. C, p. 9.) Thus, the testimony sought is highly relevant to resolving the claims in this lawsuit. The Court should deny the request to quash the October 11 subpoenas.

**C. Scott Circle must produce the requested documents.**

Scott Circle admits that it has not produced any documents, despite promising to do so, and uses its own failure as a reason to delay the 30(b)(6) deposition. Nowhere in the Motion, however, does Scott Circle claim that any subpoena seeks irrelevant information. Instead, Scott Circle complains about the methods for identifying responsive documents. In that regard, Scott Circle claims that the parties "have not come close to concluding negotiations over the April 19 subpoena." (Mot. at 7.). But this is a problem of Scott Circle's own making. (*See* **Ex. A**, Shah Decl. ¶¶ 6–7, 10–12; Ex. C, Email Correspondence Re: Third Party Subpoenas.). OAN has provided Scott Circle with search terms and *has agreed to Scott Circle's own proposed terms.* There is no reason why Scott Circle cannot produce these documents today, as it promised it would do months ago. (Ex. A, Shah Decl. ¶¶ 3, 10.) The stonewalling must end. OAN asks the Court to enter an order compelling Scott Circle to produce documents responsive to the 4/19 document subpoena by November 15, 2023.

## IV. CONCLUSION

The fact discovery deadline is December 8, 2023, and OAN is doing everything it can to meet that deadline. Scott Circle's efforts to quash the subpoena noticing the 30(b)(6) deposition is just the latest step Smartmatic and its lawyers have taken to delay discovery. The Court should deny the motion to quash and enter an order compelling Scott Circle to produce documents responsive to the 4/19 document subpoena by November 15, 2023.

By: */s/ John K. Edwards*

**JACKSON WALKER L.L.P.**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com

cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of November, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ John K. Edwards*
John K. Edwards