# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, ) ) ) ) Plaintiffs, ) v. ) ) HERRING NETWORKS, INC., D/B/A ) ONE AMERICA NEWS NETWORK, ) ) Defendant. ) | Civil Action No. 1:21-cv-02900-CJN |

**DECLARATION OF BETHANY SHAH IN SUPPORT OF OAN'S RESPONSE IN OPPOSITION TO MOTION TO QUASH DEPOSITION OF SCOTT CIRCLE COMMUNICATIONS & MOTION TO COMPEL DOCUMENT PRODUCTION FROM SCOTT CIRCLE COMMUNICATIONS, INC.**

I, Bethany Shah, declare as follows:

1.      I am over the age of 21 and competent to make this declaration.  I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN").  I have personal knowledge of the facts stated in this declaration and those facts are true and correct.  I submit this Declaration in support of OAN's Response in Opposition to Motion to Quash Deposition of Scott Circle Communications and Motion to Compel Document Production from Scott Circle Communications, Inc.

2.      Scott Circle Communications, Inc. ("Scott Circle") is a public relations agency. Scott Circle provided Smartmatic with public relations services in 2019 and 2020, a time period that covered the lead-up to the U.S. presidential election.

3.      On April 19, 2023, OAN issued two subpoenas to Scott Circle.  One subpoena asked for a deposition on fifteen topics, and the date on the subpoena was a placeholder.  The second subpoena asked for documents responsive to fifteen requests for production.  On June 7,

2023, Scott Circle requested additional time to respond to the document subpoena, with counsel stating "we need 30 days to produce documents" and that Scott Circle would produce "right away" if they could "get the documents sooner."  A true and correct copy of this communication—on which I was copied—from John Edwards, counsel for OAN, to Emily Dillingham, counsel for Scott Circle, is attached as <u>Exhibit B</u>.  Scott Circle served a response and objections to OAN on June 23, 2023.

4.      On September 5, 2023, with the fact-discovery deadline fast approaching, and having received no documents from Scott Circle, I sought a meet-and-confer with Scott Circle.  A true and correct copy of my complete email correspondence with counsel for Scott Circle is attached as <u>Exhibit C</u>.

5.      On September 7, 2023, I spoke with counsel for Scott Circle.  During that call, Scott Circle proposed using search terms to locate responsive documents.  I requested that Scott Circle produce responsive documents regardless of whether they hit on search terms if they were readily identifiable without search terms.   Scott Circle rejected this request, backed off its prior representation of producing documents within 30 days of receipt of the subpoena, and insisted on only using search terms to identify responsive documents. Following the call, in the spirit of compromise, I sent an email agreeing to review the search terms Scott Circle had negotiated with other parties.  <u>*See*</u> <u>Exhibit C</u>.  Instead, on September 8, Scott Circle sent a list of its own proposed search terms, which were limited and deficient in numerous respects compared to the information requested by OAN's subpoena. <u>Exhibit C.</u>

6.      On October 4, 2023, I reiterated OAN's position that the requested information could best and most easily be located without search terms.  But again, attempting to compromise, I sent Scott Circle a more fulsome set of proposed search terms designed to compensate for Scott

Circle's refusal to search for documents not amenable to search terms.  A true and correct copy of the proposed search terms I sent to Scott Circle is attached as <u>Exhibit D</u>.

7.      On October 10, 2023, Scott Circle said that it found OAN's search terms overbroad. Based on Scott Circle's response, it was apparent to me that Scott Circle's vendor had not run the search terms exactly as OAN proposed them.  I responded that same day with instructions for running OAN's proposed search terms and explanations as to how OAN's proposed search terms (when run as proposed) would narrow the universe of responsive documents.  I also agreed to narrow some of the terms Scott Circle had identified.  I continued to reiterate OAN's position that it would be more efficient to locate documents responsive to some of OAN's requests without the use of search terms.  I requested another meet-and-confer, asking that Scott Circle provide evidence of Scott Circle's purported burden so that OAN could work to address it.  <u>*See* Exhibit C.</u>

8.      On October 11, 2023, OAN issued a subpoena for testimony to Scott Circle with a notice for a 30(b)(6) deposition.  It set the deposition for November 22, 2023 at 9:00 a.m. at a law firm in Washington, D.C.  OAN also included one document request asking for "all Documents and Communications relied upon to prepare Rule 30(b)(6) witness(es) for deposition testimony on the topics identified above."

9.      Despite my efforts to work with Scott Circle to identify acceptable search terms, Scott Circle refused to engage or provide evidence of its purported burden.  On October 16, 2023, I requested another meet-and-confer with Scott Circle.  In my correspondence the next day confirming a date and time for the meet-and-confer, I again requested evidence of Scott Circle's burden so OAN could address it. <u>Exhibit C.</u>

10.     On October 19, 2023, I again spoke with counsel for Scott Circle.  The parties agreed during that meet-and-confer that Scott Circle would produce responsive documents based

on Scott Circle's own proposed search terms that they had sent on September 8, 2023.  We also agreed that OAN and Scott Circle would continue to work on refining OAN's additional, proposed search terms and that Scott Circle would identify the terms it considered problematic and provide evidence of their asserted burden.  Following our conversation, I sent an email to Scott Circle confirming this agreement.  <u>Exhibit C</u>.  In that email, I asked Scott Circle for a date by which it would start producing responsive documents.

11.     Despite these concessions from OAN and the agreements made during the meet-and-confer, Scott Circle then backtracked on the agreements made in the meet-and-confer. Scott Circle refused to produce documents responsive to *its own* proposed search terms from September 8, and refused to provide evidence of the burden it continued to assert as a reason for rejecting OAN's proposed terms.  And to this day, Scott Circle has failed to reply to OAN's emails requesting this information and to confirm that they will produce documents responsive to their own proposed search terms, despite multiple attempts by OAN to follow up with Scott Circle.

12.     Scott Circle has yet to produce documents responsive to the April 19 subpoena or provide a date for when it will do so.  To date, Scott Circle has produced zero responsive documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 2, 2023.


_____
Bethany P. Shah

4