**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SMARTMATIC USA CORP., *et al.*,

                    Plaintiffs,

   v.

HERRING NETWORKS, INC.,

                    Defendant.

No. 1:21-cv-02900-CJN

Magistrate Judge Moxila A. Upadhyaya

**<u>PLAINTIFFS' EMERGENCY MOTION TO STAY DEPOSITIONS</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     **INTRODUCTION**.................................................................................... 1

II.    **BACKGROUND** ..................................................................................... 2

III.   **LEGAL STANDARD**.............................................................................. 4

IV.   **ARGUMENT** ........................................................................................... 5

     **A.**    **Good Cause Exists To Stay OANN's Depositions** ............................... 6

          *1.*    *Smartmatic will suffer undue burden and expense if depositions proceed at this time* ................................................. 6

          *2.*    *OANN will suffer no prejudice from a deposition stay* .......................... 11

     **B.**    **OANN's Conduct Is Sanctionable** ..................................................... 13

V.    **CONCLUSION** ...................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Byrd v. D.C.*,
259 F.R.D. 1 (D.D.C. 2009)..................................................................................4, 6

*George v. Allen Martin Ventures, LLC*,
2023 WL 2705776 (D.D.C. 2023) ..............................................................................6

*Kline v. Berry*,
2012 WL 2376982 (D.D.C. 2012) ..............................................................................6

*Laker Airways Ltd. v. Pan Am. World Airways*,
103 F.R.D. 42 (D.D.C. 1984).....................................................................................9

*Low v. Whitman*,
207 F. R. D. 9 (D.D.C. 2002)...............................................................................5, 11

*Seattle Times Co. v. Rhinehart*,
467 U.S. 20 (1984)......................................................................................................4

*In re Subpoena to Wang*,
214 F. Supp. 3d 91 (D.D.C. October 13, 2016) ......................................................4, 6

*United States v. Kellogg Brown & Root Servs., Inc.*,
285 F.R.D. 133 (D.D.C. 2012)....................................................................................5

*Winston & Strawn LLP v. L. Firm of John Arthur Eaves*,
307 F.R.D. 259 (D.D.C. 2014)....................................................................................6

*Zinna v. The Bd. of Cnty. Comm'rs of The Cnty. of Jefferson*,
250 F.R.D. 527 (D. Colo. 2007) .................................................................................6

**Other Authorities**

Fed. R. Civ. P. 26(c)(1)..............................................................................................4, 5

Fed. R. Civ. P. 26(c)(1)(B) ...........................................................................................4

Fed. R. Civ. P. 37(a)(5)(A) .........................................................................................13

Fed. R. Civ. P. 26 advisory committee's notes...........................................................13

## I.    INTRODUCTION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Court's inherent authority, Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively, "Smartmatic"), by counsel, submit this Emergency Renewed Motion to Stay Depositions. Smartmatic respectfully requests that this Court issue a protective order staying all[1] depositions noticed by Defendant Herring Network Inc.'s (d/b/a OANN) ("OANN") until January 8, 2024.

This is the third time OANN has forced Smartmatic to seek judicial assistance about deposition timing. On September 18, 2023, Smartmatic moved to stay all depositions noticed by OANN until January 8, 2024, because Smartmatic could not reasonably prepare for depositions based on OANN's paltry and deficient document production. (Dkt. 96). OANN nevertheless issued fourteen additional deposition notices on October 6 and 11 while Smartmatic's motion was pending, forcing Smartmatic to file its Emergency Motion to Quash Deposition Notices on October 12. (Dkt. 105). Smartmatic argued that the Court should grant Smartmatic's motion because, otherwise, OANN would continue "to notice depositions over Smartmatic's objection," which would create an endless cycle of motions for protective orders by Smartmatic and motions by OANN to compel its improperly noticed depositions. (*Id.* at 12.)   On October 21, the Court temporarily stayed all fourteen depositions that Smartmatic raised in its Emergency Motion (Oct. 21, 2023 Minute Order).

In staying the depositions noticed by OANN, the Court's message was clear: the parties are not permitted to take depositions absent further guidance from the Court. Any litigant acting

---

[1] The depositions OANN has noticed to date that have not been stayed include: Alexander Aparicio, Ernesto Parisca, Deposition of Smartmatic USA Corp.'s Designee, Deposition of Smartmatic International Holding B.V.'s Designee, Deposition of SGO Corporation Limited's Designee, Hugh Gallagher, Leonardo Riera, Wisconsin Secretary of State, Louisiana Secretary of State, Los Angeles County Registrar/County Clerk, and Michelle Schaffer.

in good faith would have understood and heeded that message. Yet, in complete disregard of the Court's order, OANN noticed four *additional* depositions, and it has indicated that it intends to move forward with them. Accordingly, Smartmatic requests that the Court enter another order temporarily staying *all* depositions until January 8, 2024.

## II.    BACKGROUND

The Court is likely well-versed with Smartmatic's allegations against OANN based on all of the motions that Smartmatic has needed to file in response to OANN's gamesmanship. Smartmatic is a provider of voting machine technology. In the 2020 U.S. Presidential election, which President Joe Biden won, Smartmatic provided technology to only one county in the United States, Los Angeles County. OANN nevertheless repeatedly reported that Smartmatic and its technology had been part of a grand conspiracy to steal the election from President Trump. OANN's baseless allegations caused Smartmatic to suffer severe reputational injury, and Smartmatic brought this lawsuit to recover for the harm it has suffered.

Very quickly after fact discovery began, OANN demonstrated that it did not intend to comply with its discovery obligations under the Federal Rules of Civil Procedure. (Dkt. 96 at p. 2). OANN did not meet production deadlines. It did not timely identify relevant witnesses. And OANN did not negotiate with Smartmatic about discovery parameters in good faith. (*Id.* at p. 2-4). Smartmatic urged OANN to produce documents in a timely manner. (Dkt. 101 at p. 7-9). It also represented that depositions could not begin until OANN's document production was substantially complete. (*Id.*) Nevertheless, OANN refused to produce documents, and it also refused to negotiate necessary amendments to the scheduling order based on its deficient document production. (*Id.*)

As a result, Smartmatic was forced to seek the leave of the Court to file five motions to compel on various discovery issues, file a motion for an extension of the deadline to serve a second set of requests for production, and file a motion for protective order to quash OANN's Second Set

of Requests for Production. (Dkt. 105 at p. 3). Instead of awaiting the court's ruling on these pending issues, OANN completely disregarded this Court's authority and Smartmatic's concerns by unilaterally issuing seven deposition notices on September 13. (Dkt. 96 at p. 8).

Smartmatic was left with no choice but to file its Motion for Protective Order, Amend Scheduling Order, and Stay Depositions on September 18, 2023 ("Motion for Protective Order"). (Dkt. 96). In its motion, Smartmatic asked this court to stay depositions until January 4, 2024, and amend the scheduling order. (*Id.* at p. 16). Smartmatic hoped that its proposed schedule would provide the parties sufficient time to substantially complete their document productions while they awaited guidance from the Court on pending disputes. (*Id.* at p. 16). On September 27, OANN opposed Smartmatic's motion, arguing that it should be permitted to take depositions even while the Court considers the parties' discovery disputes. (Dkt. 98 at pp. 11-12). Smartmatic's Motion for a Protective Order remains pending at this time.

On October 6, 2023, only two days after Smartmatic's Motion for a Protective Order was fully briefed, OANN issued eleven additional deposition notices. (Dkt. 105 at p. 7-8). On October 11, OANN issued three more deposition notices. (*Id.* at p. 8). OANN also moved to compel the deposition of Hugh Gallagher, a former employee of Smartmatic, in the Western District of Virginia.[2] OANN knew that Smartmatic objected to depositions beginning before January 2024. It knew that the Court was considering Smartmatic's pending motion concerning the timing of depositions. And it knew that it could not properly proceed with depositions under the circumstances. (*Id.* at p. 7). Yet, OANN continued to harass Smartmatic by noticing depositions and filing motions to compel. (*Id.*)

---

[2] *Smartmatic, et al. v. Herring Network, Inc.*, Case No. 23-mc-00006 (W.D. VA). This motion was fully briefed on October 27, 2023, and remains pending.

With no options left, Smartmatic brought its Emergency Motion to Quash Deposition Notices on October 12, 2023. (Dkt. 105). In its Emergency Motion, Smartmatic asked the Court to quash all fourteen of OANN's pending deposition notices. (Dkt. 105 at p. 13). On October 21, 2023, Judge Upadhyaya issued the following Minute Order:

> The Depositions at issue in Plaintiffs' October 12, 2023 Emergency Motion to Quash Deposition Notices [105], fourteen deposition notices Defendant issued on October 6, 2023, and October 11, 2023, are hereby temporarily stayed pending further order of the Court. SO ORDERED.

(Oct. 21, 2023 Minute Order). Nothing in the Court's order suggested that OANN may proceed with depositions other than the fourteen depositions that the Court stayed. (*See id.*) Yet, on October 27, 2023, just days after the Court temporarily stayed OANN's pending deposition notices, OANN noticed the following depositions:

1. 11/13/23: Louisiana Secretary of State, 30(b)(6)
2. 11/14/23: Deposition of Michelle Schaffer
3. 11/15/23: Wisconsin Secretary of State, 30(b)(6)
4. 11/16/23: Los Angeles County Registrar, 30(b)(6)

(Ex. A, Sullivan Declaration at ¶ 3).

In addition, the day before the Court's Minute Order, OANN issued a subpoena and deposition notice to Leonardo Riera, which set the deposition for November 7, 2023. (*Id*. at ¶ 2). Smartmatic includes the deposition subpoena and notice to Mr. Riera as part of its request in this motion to stay all depositions.

OANN issued all of these notices without consulting Smartmatic about a reasonable time, date, or place. (*Id*. at ¶ 3). This emergency motion follows.

## III.   LEGAL STANDARD

A trial court has substantial discretion to issue a protective order for "good cause." Fed. R. Civ. P. 26(c)(1); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Byrd v. D.C.*, 259 F.R.D. 1, 4 (D.D.C. 2009). This good cause standard is also applied when deciding whether to stay the

taking of depositions until discovery disputes are resolved. *See, e.g.*, *In re Subpoena to Wang*, 214 F. Supp. 3d 91, 96 (D.D.C. October 13, 2016). If the court finds good cause, it can issue an order "specifying terms, including time and place… for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B). Ultimately, the Court may "exercise considerable discretion in handling discovery matters, including whether to…extend discovery." *United States v. Kellogg Brown & Root Servs., Inc.,* 285 F.R.D. 133, 137 (D.D.C. 2012) (citing *Food Lion, Inc. v. United Food and Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997)).

## IV.    ARGUMENT

Smartmatic respectfully requests that the Court enter an order temporarily staying all depositions until January 8, 2024.  Smartmatic established good cause for a protective order in its Motion for Protective Order filed on September 18, and it established good cause in its Emergency Motion for a Protective Order. The same factors support its request for emergency relief in this motion. Smartmatic has been more than diligent in attempting to move this case forward despite OANN's obstruction,[3] and it will suffer undue burden if OANN is permitted to take depositions without having produced relevant documents and before the Court adjudicates the parties' discovery disputes. Smartmatic also believes that the Court can reasonably sanction OANN for its disregard of the Court's previous order temporarily staying OANN's depositions, and it requests the Court's guidance on whether sanctions are appropriate.

---

[3] To date, Smartmatic has produced 2,239,465 documents, agreed to run more than 350 search terms, and designated 51 custodians. (Ex. A at ¶ 4). Smartmatic continues to negotiate the scope of its production with OANN and intends to produce more documents at OANN's request. (*Id.*) OANN cannot say the same. OANN has only produced 244,368 documents (many of which are spam and junk e-mail), has not remedied wholes in its productions, and did not identify relevant witnesses until September 14. (*Id.*)

**A.      Good Cause Exists to Stay OANN's Depositions.**

A court may, for good cause, issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (emphasis added). In ruling on a motion for protective order, the trial court weighs the burden to the moving party against the proponent's interest in obtaining the information. *Low v. Whitman*, 207 F. R. D. 9, 10 (D.D.C. 2002). The party seeking a protective order bears the burden of demonstrating that a subpoena should be modified or quashed. *Kline v. Berry*, 2012 WL 2376982, at *1 (D.D.C. 2012).

Smartmatic has established good cause for a protective order staying all depositions until January 8, 2023, because: (i) Smartmatic will suffer undue burden and expense if OANN is permitted to proceed with depositions; (ii) a temporary stay will not prejudice OAN in any sense.

**1.      *Smartmatic will suffer undue burden and expense if depositions proceed at this time.***

Courts stay depositions where a party will suffer prejudice if the depositions are allowed to proceed. *See George v. Allen Martin Ventures, LLC*, 2023 WL 2705776, at 11* (D.D.C. 2023) (finding that Plaintiff's repeated delays in production of discovery warranted an extension of the discovery deadline because Defendant did not receive complete production until two months before the close of discovery); *Winston & Strawn LLP v. L. Firm of John Arthur Eaves*, 307 F.R.D. 259, 263 (D.D.C. 2014) (extending discovery deadline to ensure depositions can be reasonably completed); *In re Subpoena to Wang*, 214 F. Supp 3d 91, 96 (D.D.C. October 13, 2016) (staying deposition pending resolution of dispute involving attorney-client privilege); v. District of Columbia, 259 F.R.D. 1, 9 (D.D.C. 2009) (quashing eleven deposition notices because they presented an undue burden to Defendant). Smartmatic will suffer significant burden and expense for multiple reasons.

*First*, Smartmatic will be prejudiced if OANN is permitted to take depositions before January 8, 2024, because OANN has all but failed to produce any responsive documents. *See Zinna v. The Bd. of Cnty. Comm'rs of The Cnty. of Jefferson,* 250 F.R.D. 527, 530 (D. Colo. 2007) (granting Defendants Motion to Stay Depositions until Plaintiff complies with written discovery requests); Smartmatic cannot prepare for depositions without knowing the scope of said depositions and a full understanding of OANN's evidence and defenses. For example, OANN has not produced data on viewership metrics. (Dkt. 105 at 11). OANN should not be able to depose witnesses on the extent of damages until OANN produces sufficient documents on this point. (*Id.*) In fact, OANN should not be permitted to explore any of its defensive theories at depositions before substantial production occurs. (*Id.*)

*Second*, Smartmatic will be prejudiced if OANN is permitted to take depositions before the parties' pending motions are adjudicated. The motions the parties have filed and have sought leave to file are below:

| Motion | Relief Requested | Date Field | Date Fully |
|---|---|---|---|
| May 5, 2023 Joint Submission | Eleven issues raised.[4] | Submitted to Clerk on May 5, 2023 | Awaiting leave from the Court to brief issues. |
| Smartmatic's Motion for Extension of Time to Serve Document Requests | Extend deadline to serve document requests to July 31, 2023. | May 31, 2023 | June 6, 2023 |

---

[4] Smartmatic's Issues: 1) OANN's failure to produce document; 2) OANN's failure to disclose relevant witnesses; 3) OANN's failure to produce financial records; and 4) OANN's failure to agree to completion of document production. OANN's Issues: 1) the relevance of government investigations into Smartmatic; 2) the permissible scope of requests relating to criticisms and reputational issues of Smartmatic; 3) whether OANN can explore a broad theory of damages; 4) the relevance of related litigation 5) the relevance of all Smartmatic Entity's Board of Director's meeting minutes; 6) OANN's broad request for information on all of Smartmatic's vendors and manufacturers from 2004 onwards; and 7) OANN's misguided belief that Smartmatic is withholding documents produced by third party subpoenas. (Dkt. 101 at p. 4).

| Motion | Relief Requested | Date Field | Date Fully |
|---|---|---|---|
| | (Requested due to our Second Set of RFPs) | | |
| OANN's Motion for Recusal of Magistrate Judge Upadhyaya | Recusal of Magistrate Judge Upadhyaya | OANN Sent Letter on June 5, 2023; SMT filed Positional Statement on June 30, 2023; OANN filed motion on July 6, 2023. | July 21, 2023 |
| Smartmatic's Motion for Protective Order | Issue a protective order to quash OANN's Second Set of RFPs | July 7, 2023 | July 28, 2023 |
| Second Draft Joint Submission | Five issues raised in recent draft[5] | OANN requested in early September. | Smartmatic sent its draft to OANN on September 12. |
| OANN's Motion for Issuance of Letters of Request | Issue Letters of Request | September 13, 2023 | September 27, 2023 |
| Smartmatic's Motion for Protective Order, Stay Depositions, and Amend Scheduling Order | Quash deposition notices; Stay depositions until January 2024; Extend fact discovery deadline to April 2024 | September 18, 2023 | October 4, 2023 |
| OANN's Motion to Compel the Inspection of Smartmatic's Source Code | Compel Smartmatic to produce its source code and voting machines for inspection | OANN requested leave to file motion on October 27, 2023 | |
| OANN's Motion to Compel Responses to | Compel Smartmatic to respond to certain | OANN requested leave to file motion on | |

---

[5] OANN Issues: 1) Smartmatic custodians and search terms; and 2) Smartmatic's Response to Interrogatory No. 4. Smartmatic's Issues: 3) Smartmatic's Second Set of RFPs 4) OANN Production; and 5) Related Litigation. (Dkt. 101-1 at ¶ 5).

| Motion | Relief Requested | Date Field | Date Fully |
|---|---|---|---|
| Interrogatories and Requests for Production | of OANN's written discovery requests | October 27, 2023 | |

(Dkt. 105 at p. 2; Ex. B).

The Court's ruling on the issues in the May 5th Joint Submission and Second Draft Submission, Smartmatic's Motion for Protective Order to Quash OANN's Second Set of Requests for Production, OANN's Motion for Issuance of Letters of Request, OANN's Motion to Compel the Production of Source Code, and OANN's Motion to Compel Responses to Interrogatories and Requests for Production will have an enormous impact on the scope of document production in this case. Moreover, even after the Court rules, Smartmatic will need time to review any documents that OANN is compelled to produce so that it can properly prepare for depositions. Accordingly, OANN should not be permitted to take depositions at this point. *Laker Airways Ltd. v. Pan Am. World Airways*, 103 F.R.D. 42, 51 (D.D.C. 1984) (granting delay of depositions until agreements on discovery disputes were reached).

Additionally, issues such as the relevance of government investigations into Smartmatic and the validity of OANN's Second Set of Requests for Production will directly impact the documents available to OANN and the scope of permissible questions during depositions. (See Dkt. 105 at p. 10). If, for example, the Court requires that Smartmatic respond to OANN's 1,500 RFPs, this could result in additional documents being produced across hundreds of topics. (*Id.*) A ruling on OANN's recusal motion will also impact upcoming depositions and may require additional time to resolve discovery disputes and ultimately complete fact discovery. The same can be said if Smartmatic is required to produce additional documents and information in response to OANN's Motion to Compel Responses to Interrogatories and Requests for Production. And there

is no doubt that Smartmatic's source code and voting machines will be a relevant topic at a number of depositions, making it hasty to proceed with depositions before the Court rules on OANN's Motion to Compel the Inspection of Source Code. Proceeding to depositions before the scope of discovery is resolved regarding any of these motions will cause Smartmatic undue burden and expense.

Depositions should also be stayed so that the Court can rule on OANN's baseless motion for recusal. If depositions begin before that motion is resolved, the parties will be unable to efficiently resolve any disputes that emerge in connection with their depositions. In fact, in a recent email to Judge Nichols's chambers, OANN stated that Judge Upadhyaya should not rule on any discovery disputes until the motion for recusal is decided. (*See* Ex. B). OANN cannot reasonably contend that the parties should move forward with depositions when it does not believe that Judge Upadhyaya, *i.e.,* the magistrate judge assigned to this case, even has authority to rule on any discovery disputes.

***Third***, Smartmatic continues to be forced to oppose all of OANN's improper attempts to take depositions in this Court and elsewhere and incur corresponding fees. For example, on October 6, 2023, OANN moved to compel the deposition of former Smartmatic employee, Hugh Gallagher, in the Western District of Virginia. [6] After this Court entered its order on October 21 temporarily staying OANN's depositions, Smartmatic submitted a supplemental brief to the Western District of Virginia in which it apprised that court of this Court's order. (W.D. Virginia, Dkt. 13). In reply, on October 27, OANN dismissed this Court's Order as a "limited stay" that "neither concerns Mr. Gallagher's noticed deposition nor affects [the Western District of Virginia's] ability to order Mr. Gallagher to comply with his subpoena…" (Dkt. 15 at p. 2). It also

---

[6] *Smartmatic, et al. v. Herring Network, Inc.*, Case No. 23-mc-00006 (W.D. VA).

insists it can proceed with Mr. Gallagher's deposition if the Court grants its motion. (*Id*.). The Court should enter an order staying all depositions until January 8, 2024, so that Smartmatic does not need to keep opposing all of OANN's improper attempts to take depositions in this Court and in other courts.

### 2. *OANN will suffer no prejudice from a deposition stay.*

OANN, by contrast, would not be harmed by a protective order staying all depositions. *First*, the Court has already implicitly ruled that OANN will not suffer prejudice if depositions are stayed based on the fact that it temporarily stayed all fourteen depositions noticed by OANN after Smartmatic filed its Motion for a Protective Order. OANN cannot point to a reason why the Court's stay should not also apply to deposition notices that it served after the Court entered its Minute Order.

*Second*, OANN has already had two opportunities to identify any relevant prejudice, and it has failed both times. In response to Smartmatic's pending Motion for Protective Order and Smartmatic's Emergency Motion for Deposition Notice, OANN did not, and indeed could not, dispute that the resolution of these discovery issues could materially impact the subject matters covered during noticed depositions. (Dkt. 107 at p. 8). OANN did not deny that it would seek to depose witnesses more than once, depending on how the court rules on pending motions. (*Id.*) OANN did not dispute that proceeding with noticed depositions before OANN has satisfied its discovery obligations to Smartmatic is prejudicial to Smartmatic and its witnesses. (*Id.*) And OANN did not provide the Court with any reason, let alone a valid one, as to why it needs to take depositions now. (*Id.*)  Simply put, there is no true need for OANN to take these depositions now. *See Low*, 107 F.R.D. at 13 (granting motion for protective order because no true need for the information is shown).

**Third**, Smartmatic is not asking that this Court prohibit any of the depositions OANN has noticed. Rather, Smartmatic is merely asking the Court to stay depositions until OANN has complied with its discovery obligations and the Court has had the opportunity to rule on the parties' discovery motions. *See Low*, 207 F.R.D. at 13 (granting motion for protective order because no true need for the information was shown).

**Fourth**, OANN has not identified a single reason why it must take any of the four depositions it noticed on October 27, 2023, before January 8, 2024.  In fact, OANN appears to be expediting these depositions for no reason other than to harass Smartmatic[7]:

**_Wisconsin Secretary of State_**: Smartmatic issued a subpoena for documents on the Wisconsin Secretary of State on August 7, 2023, and OANN issued its own document subpoena on September 25.  (Ex. A at ¶ 5). OANN has not received a responsive production to this point. (*Id*.) Yet, on October 27, OANN inexplicably served a subpoena on the Wisconsin Secretary of State for a deposition to take place on November 15, 2023. (*Id*. at ¶ 3). The parties will almost certainly need to take a second deposition if OANN proceeds with its deposition before the parties receive the Wisconsin Secretary of State's document production.

**_Los Angeles County_**:  On April 19, 2023, OANN issued both a document and deposition subpoena to Los Angeles County. (*Id*. at ¶ 6). Los Angeles County served its objections to OANN on May 3, 2023, and to date, no documents have been produced in response to that subpoena. (*Id*.) OANN nevertheless noticed a deposition of Los Angeles County for November 16, 2023. (*Id*. at ¶ 3). However, OANN has not identified a single reason why this deposition must go forward before Smartmatic (or OANN) has had a chance to review documents responsive to OANN's April 19

---

[7] The Court's October 21 Minute Order stayed depositions that were noticed to take place on November 14, 15, 16, and 17 (among others). The depositions OANN noticed on October 27, after the Court's Minute Order, are noticed for November 14, 15, 16, and 17. (Ex. A at ¶ 3). OANN is clearly trying to replace depositions that were stayed as a way to continue to harass Smartmatic.

subpoena. Moreover, Smartmatic recently obtained permission from Los Angeles County to produce certain confidential documents to OANN, and it is still in the process of preparing and producing those documents. (*Id*. at ¶ 7).

*Michaelle Schafer*:  On October 27, 2023, OANN issued a subpoena for the production of documents and issued a notice for Ms. Schafer's deposition set for November 14, 2023. (*Id*. at ¶ 3). The subpoena contained ten requests for an extensive set of documents. (*Id*. at ¶ 8). Of course, Ms. Schafer cannot reasonably comply with OANN's subpoena for documents by November 14, 2023.  Nor is she required to incur such a drastic burden. And Smartmatic should not be required to prepare for Ms. Schafer's deposition without having received documents responsive to OANN's subpoena.

*Louisiana Secretary of State*:  OANN also issued a deposition subpoena to the Louisiana Secretary of State on October 27, 2023, and it noticed the deposition for November 13, 2023. (*Id*. at ¶ 3). Like with the other deposition notices, Smartmatic was not consulted about the dates, and there is no justification as to why this deposition must occur in less than two weeks. (*Id*.) Additionally, there is no reason why this deposition must go forward before the parties have completed their document productions and the Court has ruled on the pending discovery motions.

### B. OANN's Conduct Is Sanctionable.

Although Rule 26 permits broad discovery, there is an increased "potential for discovery to be used as an instrument for delay or oppression." *See* Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendment. "Thus the spirit of rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery…." Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment. Federal Rule of Civil Procedure 37 instructs that if a motion for a protective order is granted, "the court must, […] require the party […] whose conduct necessitated the motion, […] pay the movant's

reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

The Court could reasonably award sanctions against OANN because it continues to violate the discovery rules to harass Smartmatic. Indeed, although this Court had already stayed all depositions that had been noticed prior to October 21, OANN disregarded the Court's order, continued to notice additional depositions, and forced Smartmatic to expend its resources on unnecessary disputes. Smartmatic would not have needed to bring its Motion for Protective Order and its Emergency Motion to Quash Deposition Notices but for OANN's bad faith approach to this lawsuit. Third parties Hugh Gallagher and Scott Circle were also forced to expend resources to respond to OANN's motion to compel and file a motion for a protective order, respectively. And now, after this Court temporarily stayed a round of OANN's improper depositions, Smartmatic has been forced to expend additional resources on this renewed emergency motion to stay a second round of deposition notices.

In light of OANN's tactics and its disregard for this Court's authority, Smartmatic seeks guidance from the Court as to whether a request for sanctions would be appropriate here.

## V.   CONCLUSION

Smartmatic has filed this as an emergency motion because OANN has noticed another round of depositions to begin as early as November 13, 2023. To prevent OANN from moving to compel the depositions already noticed, moving for sanctions when the depositions do not occur, and continuing to issue deposition notices for depositions it knows will not take place, Smartmatic believes a ruling by the Court is necessary no later than November 12. As such, Smartmatic seeks an expedited briefing schedule. Smartmatic requests that OANN be required to file its response, if any, to this motion by November 7 and Smartmatic will be required to file any reply by November

9.   Finally, Smartmatic respectfully requests that the Court issue a protective order staying all depositions until January 8, 2024.

*       *       *

Date: November 3, 2023

*/s/ Olivia E. Sullivan*
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Caitlin A. Kovacs (admitted pro hac vice)
Olivia E. Sullivan (admitted pro hac vice)
BENESCH, FRIEDLANDER, COPLAN
  & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 3rd day of November, 2023, I electronically filed the

foregoing document with the Clerk of Court using the CM/ECF system, which I understand to

have served counsel for the parties.

<div style="margin-left: 40%;">

*/s/ Olivia E. Sullivan*

Olivia E. Sullivan (admitted pro hac vice)

*One of the Attorneys for the Plaintiffs*
*Smartmatic USA Corp., Smartmatic International*
*Holding B.V., and SGO Corporation Limited*

</div>