IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>    Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>    Defendant. | No. 1:21-cv-02900-CJN |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO STAY DEPOSITIONS SUBJECT TO ITS MOTION TO RECUSE THE MAGISTRATE JUDGE**

**Table of Contents**

I. Introduction ................................................................................................................. 1

    A. Motion to Recuse Remains Pending ..................................................................... 1

    B. On the Merits ........................................................................................................ 2

II. Background ............................................................................................................... 4

III. Argument .................................................................................................................. 7

    A. Legal standard ...................................................................................................... 7

    B. There is no good cause to delay depositions. ....................................................... 8

        1. There is no undue burden or expense to taking depositions within the discovery period. ............................................................. 8

        2. Smartmatic's delays continue to significantly prejudice OAN. ................................................................................................. 11

    C. Smartmatic must pay OAN's expenses. .............................................................. 12

IV. Conclusion .............................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alexander v. F.B.I.*,
    186 F.R.D. 71 (D.D.C. 1998) ..................................................................................... 7, 9

*In re BellSouth Corp.*,
    334 F.3d 941 (11th Cir. 2003) .......................................................................................2

*Byrd v. District of Columbia*,
    259 F.R.D. 1 (D.D.C. 2009) ....................................................................................... 8, 9

*Cochran v. U.S. SEC*,
    20 F.4th 194 (5th Cir. 2021), *aff'd and remanded sub nom. Axon Enter., Inc.
    v. FTC*, 598 U.S. 175 (2023) .........................................................................................2

*Daker v. Toole*,
    736 F. App'x 234 (11th Cir. 2018) ................................................................................1

*George v. Allen Martin Ventures, LLC*,
    No. 21-CV-2876-RJL-ZMF, 2023 WL 2705776 (D.D.C. Mar. 30, 2023) ....................8

*Low v. Whitman*,
    270 F.R.D. 9 (D.D.C. 2002) ....................................................................................... 7, 8

*Miller v. Merit Sys. Prot. Bd.*,
    No. 1:23-cv-00015 (CJN), 2023 WL 5321727 (D.D.C. July 3, 2023) ..........................1

*Progressive Cas. Ins. Co. v. FDIC for Sun West Bank*,
    No. MC 13-1044 (RBW), 2014 WL 12787793 (D.D.C. Jan. 9, 2014) .......................10

*In re Subpoena to Wang*,
    214 F. Supp. 3d 91 (D.D.C. 2016) .................................................................................8

*Winston & Strawn LLP v. L. Firm of John Arthur Eaves*,
    307 F.R.D. 259 (D.D.C. 2014) .......................................................................................8

**Other Authorities**

Fed R. Civ. P. 26 (advisory committe's note to 1993 amendment) ...................................12

Fed. R. Civ. P. 26(c)(1) .......................................................................................................7

Fed. R. Civ. P. 26(d)(3) .......................................................................................................9

Fed. R. Civ. P. 37(a)(5)(B) ................................................................................................12

Subject to its Motion to Recuse the Magistrate Judge, Herring Networks, Inc., d/b/a One America News Network ("OAN") files this Response in Opposition to Emergency Motion to Stay Depositions ("Motion," Dkt. 113) filed by Smartmatic[1] and respectfully shows the following:

## I. INTRODUCTION

### A. *Motion to Recuse Remains Pending*

A few days after the District Judge made his initial referral to Magistrate Judge Moxila A. Upadhyaya ("Magistrate Judge") (May 31, 2023 Minute Order), OAN sent a letter (Dkt. 75 Attachment A) regarding her possible recusal and followed it with a formal motion and supporting memorandum on July 6, 2023 (Dkts. 78 and 79). Oral argument was held on July 18, 2023, before the Magistrate Judge who requested supplemental briefing from OAN, which was provided the next day (Dkt. 87). The Motion to Recuse has not been ruled upon.

Now the Plaintiffs ask the Magistrate Judge to rule on their substantive motion to stay depositions. But following unbroken authority, the motion to recuse must be resolved before the judge facing recusal rules on any substantive matters and, in the unlikely event of a denial, the Defendant must be given adequate time to appeal. Judge Nichols faced this very issue when a *pro se* litigant sought to recuse him. After considering the motion Judge Nichols denied it before he "ruled upon or even considered the government's motion to dismiss." *Miller v. Merit Sys. Prot. Bd.*, No. 1:23-cv-00015 (CJN), 2023 WL 5321727, at *1 (D.D.C. July 3, 2023). Then, at the plaintiff's request, Judge Nichols stayed the case "so that Plaintiff can seek whatever relief he deems appropriate from the Court of Appeals." *Id.* at *2. The same procedure should be applied here. *See Daker v. Toole*, 736 F. App'x 234, 236 (11th Cir. 2018) (Trial Court committed error by

---

[1] Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited are collectively referred to as "Smartmatic."

dismissing case and then denying motion to recuse as moot "because if it turns out that recusal is warranted the district court generally is not entitled to take any further action concerning the merits. On remand the district court should rule on the motion for recusal before taking any other action related to the merits.")

As the Fifth Circuit explained, "given that disqualification disputes concern the basic integrity of a tribunal, they must be resolved at the outset of the litigation. . . . [And] 'virtually every circuit' allows parties to promptly challenge a judge's decision not to recuse." *Cochran v. U.S. SEC*, 20 F.4th 194, 212 (5th Cir. 2021), *aff'd and remanded sub nom. Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023). After the recusal statute has been triggered, a judge is prohibited from making further substantive rulings. *In re BellSouth Corp.*, 334 F.3d 941, 949 (11th Cir. 2003) (District Judge stayed all proceedings while the clerk reassigned the case to another judge).

OAN did not file the recusal motion lightly. In fact, this was only the second such motion OAN's lead counsel has filed in a nearly 40-year career. But the seriousness of this issue entitles OAN to a decision (and the right to challenge a denial) before any substantive rulings take place.

B.     **On the Merits**

Smartmatic and OAN have a fundamental disagreement over the duty to follow Judge Nichols' orders and rules. For example, the discovery cutoff pursuant to Judge Nichols' scheduling order is only a month away: December 8, 2023. (Dkt. 42.) But rather than even attempt to comply with the deadline, Smartmatic has moved to quash or for protection of every single properly noticed deposition by OAN except one deposition of an unrepresented third party. In fact, Smartmatic's counsel even advised a third party it represented not to appear for a noticed deposition pursuant to a proper subpoena without obtaining any relief from a court postponing or quashing the deposition. For many of these depositions, Smartmatic did not even attempt to secure relief from the court before the noticed dates. Smartmatic did provide dates for certain witnesses

but not until January 2024 (Dkt. 105-1 ¶ 12), a month after the discovery cutoff, and decreed that the depositions "will not take place" before that date. (Dkt. 113 at 17.) OAN declined to participate in this violation of the scheduling order, which is now characterized by Smartmatic as a refusal "to negotiate necessary amendments to the scheduling order based on its deficient document production." (Dkt. 113 at 5.)[2] But a party cannot unilaterally block all depositions and then blame the other side.

Further, Smartmatic has repeatedly filed discovery motions without first obtaining the leave of Court required by Judge Nichols's standing order, demonstrating an unwillingness to follow proper procedure and instead dictate the terms of discovery regardless of the Court's existing orders.

Furthermore, OAN does not agree that its document production has been deficient. In fact, it has been robust and complete with a single exception regarding Smartmatic's demand that OAN produce detailed financial information. Indeed, by the time Smartmatic started making this argument (i.e., that all discovery has to await OAN's document production) in August (*see* Dkt. 98-1 ¶¶ 15–16 ("On August 23, the parties held a meet-and-confer where Smartmatic refused to discuss deposition limits. . . . [Later,] Smartmatic stated its position that depositions should wait until the Court issued a ruling on the May 5th Joint Notice.")), the parties were in the process of resolving those discovery disputes. And by the time Smartmatic filed a motion for protective order in late September, the financial information dispute was the only remaining issue regarding OAN's document production from the May 5 referral of discovery disputes. (*See* Dkt. 98 at 6 ("As of today, only Issue Three—OAN's refusal to allow unfettered discovery of OAN's financial condition—is still in dispute.").)

---

[2] All page cites are to the ECF page.

3

Next, as OAN has explained in prior responses, Smartmatic is still not permitted by the rules to resist discovery of its witnesses simply because it believes that OAN has not produced all of its documents. The argument is even weaker in this Motion, which relates to *non-party* witnesses. In any event, OAN could not be compelled by Smartmatic to ignore the existing scheduling order when it was possible to comply with that order with good faith cooperation from Smartmatic.

The Rules of Civil Procedure allow the components of discovery to occur in any order. It certainly makes no sense to claim, as Smartmatic does, that depositions must wait until after the close of discovery. Nor can Smartmatic plausibly claim prejudice from having to defend depositions of its own witnesses or participate in depositions of third parties. Smartmatic never explains (nor could it) how a Smartmatic witness would need to see OAN's documents before being able to testify. And the notion that Smartmatic can raise such objections on behalf of third-party witnesses is, if anything, even more meritless.

It is certainly true, as Smartmatic suggests, that OAN has aggressively pursued discovery in the time frame Judge Nichols provided. One would expect no less from a small family-owned media company that faces ruinous alleged damages ($2,500,000,000). The Motion should be denied, and the third-party depositions (and the depositions previously scheduled) should proceed, to the extent possible, given the short time and holiday, before the December 8, 2023 discovery deadline.

## II.   BACKGROUND

Smartmatic's record of recalcitrance over the last four months is remarkable. It has:

- Refused to provide a computation of each category of its damages, as required by Rule 26 (*Motion to Compel Amended Initial Disclosures*, sent to the Court on October 17, 2023);

4

- Refused to fully answer 11 interrogatories and 29 requests for production from OAN's First and Second Sets of Interrogatories and First Set of Requests for Production (*Motion to Compel Discovery Responses*, sent to the Court on October 27, 2023);

- Refused to respond to *any* of OAN's Second Set of Requests for Production (Dkt. 89 at 11–13);

- Served its own second set of requests for production *two months after* the Court's deadline without leave (Dkt. 106-1 ¶ 6);

- Refused to discuss deposition parameters or schedules (Dkt. 106 at 6);

- Refused to produce any of its witnesses for deposition until 2024, well after the fact-discovery deadline (*id.*);

- Declined to notice any depositions (Dkt. 106-1 ¶ 8);

- Caused a third-party witness to fail to appear in response to a subpoena in the Western District of Virginia, without seeking relief in that court (Dkt. 102 at 4);

- Dumped 60,094 documents containing 565,479 images on OAN on October 5, 2023, *after* the parties' agreed substantial completion deadline of August 28, 2023; Ex. 1, Decl. of John K. Edwards ¶ 7;

- Dumped another 88,814 documents containing 325,635 images on OAN on October 16, 2023, again *after* the parties' agreed substantial completion deadline of August 28, 2023; *id.*; and

- Refused to permit inspection of any of its machines or source code (*Motion to Compel Source Code and Machine Inspection*, sent to the Court on October 27, 2023).

In contrast, OAN timely served its second set of requests for production (Dkt. 89 at 19); substantially completed its document production by the parties' agreed deadline of August 28, 2023 (Dkt. 106 at 4); timely noticed depositions prior to the fact-discovery deadline (*e.g.*, *id.*, Dkt. 98 at 7–8); and responded promptly to Smartmatic's discovery disputes (*e.g.*, Dkt. 106-1 ¶¶ 14–15). And it has (1) persistently attempted to resolve discovery disputes without the Court's involvement (*see generally* Dkt. 106-1 (describing OAN's diligent efforts to resolve the parties' disputes)), (2) respected the Court's requirement to obtain leave of court before filing a discovery

5

motion (*see* Dkt. 5 at 4–5), and (3) diligently worked to move this case toward resolution within the guidelines established by the Court's scheduling order (*see* Dkt. 42).

As part of these efforts, on October 20, 2023, OAN noticed and issued a subpoena for the deposition of third-party witness Leonardo Riera to take place on November 7, 2023, in Boca Raton, Florida. Ex. 1, Decl. of John K. Edwards ¶ 2; *see also* Ex. 1-A. The location was selected for the convenience of Mr. Riera as a nonparty, and the date was chosen to ensure the deposition occurred before the fact discovery deadline of December 8, 2023. Ex. 1, Decl. of John K. Edwards ¶ 2.[3]

One week later, on October 27, 2023, OAN noticed and issued subpoenas for depositions for four additional third parties:

1. Louisiana Secretary of State: November 13, 2023, Baton Rouge, Louisiana, or at another location/date agreed to by the parties (Ex. 1-B);

2. Michelle Shafer: November 14, 2023, Austin, Texas, or at another location/date agreed to by the parties (Ex. 1-C);

3. Wisconsin Secretary of State: November 15, 2023, Madison, Wisconsin, or at another location/date agreed to by the parties (Ex. 1-D);

4. Los Angeles County, California Registrar: November 16, 2023, Justin, California, or at another location/date agreed to by the parties (Ex. 1-E);

---

[3] Smartmatic focuses on a minute entry issued by the Court on October 21, 2023, temporarily staying fourteen depositions discussed in Smartmatic's motion to quash deposition notices (Dkt. 105). (Oct. 21, 2023 Minute Order.). (*See* Dkt. 113 at 4–5.) The Court's minute order specifically references only those fourteen depositions and does not, as Smartmatic claims, bar the parties from taking other depositions. (*See* Oct. 21, 2023 Minute Order.).

Ex. 1, Decl. of John K. Edwards ¶¶ 3–6. Smartmatic now seeks to stay all of these depositions (the "Five Third-Party Depositions") until after the Court's established fact-discovery deadline of December 8, 2023. (Dkt. 113 at 5.)[4]

### III.   ARGUMENT

Smartmatic continues to act as if the Rules and this Court's orders do not apply to this case. But the fact-discovery deadline is December 8, 2023, and Smartmatic has known of this deadline since the Court's scheduling order was entered over a year ago. (*See* Dkt. 42.) OAN is entitled to take depositions of third parties with knowledge of relevant information prior to that deadline, even if Smartmatic does not want to. There is no good cause to delay these depositions, and significant prejudice will result of OAN if Smartmatic's recalcitrance is rewarded.

### A.   *Legal standard*

Although styled as a "motion to stay," Smartmatic's motion appears to be a motion for protective order. (*See* Dkt. 113 at 9 (citing legal standard for a protective order).) Under the Federal Rules of Civil procedure, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking the protective order "bears the burden of making the showing of good cause," which requires "a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Alexander v. F.B.I.*, 186 F.R.D. 71, 75 (D.D.C. 1998). This Court has characterized the burden as a "heavy" one for the party seeking to avoid discovery. *Id.* The harm to the moving party must outweigh the other party's interest in obtaining the facts. *Low v. Whitman*,

---

[4] OAN remains willing to discuss alternative deposition dates if they are set before the discovery deadline of December 8, 2023, but Smartmatic refuses to agree to any such dates.

270 F.R.D. 9, 10 (D.D.C. 2002). Smartmatic cannot meet this burden, as it has not been harmed, and OAN would be significantly prejudiced by further delay.

    **B.**    ***There is no good cause to delay depositions.***

        *1.*    *There is no undue burden or expense to taking depositions within the discovery period.*

Smartmatic claims that it will suffer significant burden and expense if the third-party depositions are permitted during the fact-discovery period. On its face, this argument is implausible. Smartmatic's authority demonstrates its true intention: to force a continuance by manufacturing a discovery dispute that will extend past the scheduling order's deadline. *See George v. Allen Martin Ventures, LLC*, No. 21-CV-2876-RJL-ZMF, 2023 WL 2705776, at *11 (D.D.C. Mar. 30, 2023) (granting a short extension of the discovery deadline because the court's order on the discovery dispute came after the original scheduling order's deadline).[5]

Smartmatic's citation to *Byrd* is telling. *Byrd v. District of Columbia*, 259 F.R.D. 1, 8–9 (D.D.C. 2009). The opposing party there refused to provide witnesses for deposition for over six months and then claimed undue burden and expense when the noticing party sought to take 17 depositions over nine days in order to comply with the court's scheduling order. *Id.* While the court granted the motion to quash because of the sheer number of depositions on consecutive days, it noted that "given [the noticing party's] frequent attempts to schedule the depositions and the impending discovery date, [the opposing party] should have known that such a notice of depositions was inevitable." *Id.* at 9. The court therefore ordered the opposing party to present all

---

[5] Smartmatic's other cited authority is inapposite to this dispute. *Winston & Strawn LLP v. L. Firm of John Arthur Eaves*, 307 F.R.D. 259, 263 (D.D.C. 2014) (granting a brief extension of discovery for both parties to take depositions when the complained-of notice of deposition was filed just two days prior to the end of the discovery period); *In re Subpoena to Wang*, 214 F. Supp. 3d 91, 95–96 (D.D.C. 2016) (granting a brief delay of deposition until another court resolved whether the witness had waived certain privileges).

of the witnesses whose depositions were quashed for new deposition dates over the next four weeks. *Id.*

Regardless of Smartmatic's true motivations, it cannot show undue burden or expense. OAN has a strong interest in uncovering relevant factual information from each of these third-party witnesses, and Smartmatic does not attempt to challenge the relevance of each witness's testimony. (*See generally* Dkt. 113.) Instead, Smartmatic claims that it will suffer an undue burden because (1) OAN "has all but failed to produce any responsive documents," which is blatantly false; (2) the parties have pending discovery disputes (which are irrelevant); and (3) Smartmatic has to keep defending its own refusals to participate in depositions (which are indefensible). (*Id.* at 7–11.) None of these grounds comes anywhere close to the heavy burden of showing an undue burden or expense to outweigh OAN's interest in obtaining relevant, factual information. *See Alexander*, 186 F.R.D. at 75.

First, Smartmatic's assertions about OAN's production are wrong. OAN, a small, family-run media company, has produced nearly a quarter of a million documents in this lawsuit. (Dkt. 106-1 ¶ 21.) Despite its broad claims of an alleged failure to produce responsive documents, Smartmatic points to just *one example* of information it claims OAN has not yet produced: viewership metrics. (Dkt. 113 at 10.) OAN has already produced responsive viewership metrics. Even if it were true that OAN *had* viewership metrics that it had not yet produced (it does not), Smartmatic does not *attempt* to explain how this information would in any way impact the Five Third-Party Depositions. The Rules do not dictate that depositions must occur after the exchange of all written discovery; rather, the "methods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(3).

9

Second, Smartmatic's purported need for resolution of pending discovery "disputes" is not only factually wrong but also illogical. Smartmatic does not point to specific facts connecting these disputes to an undue burden imposed by the Five Third-Party Depositions at issue. There are none. Smartmatic's insufficient responses to discovery and refusals to provide critical information about its voting machines, software, and operations might put *OAN* at a disadvantage in taking these depositions now, but that is a risk that OAN may choose to take. *See Progressive Cas. Ins. Co. v. FDIC for Sun West Bank*, No. MC 13-1044 (RBW), 2014 WL 12787793, at *3 (D.D.C. Jan. 9, 2014). Smartmatic further strains to argue that OAN's motion for recusal of Judge Upadhyaya prevents *any* depositions from proceeding because "the parties will be unable to efficiently resolve any disputes that emerge in connection with their depositions." (Dkt. 113 at 13.) While OAN does not doubt that Smartmatic will gin up just such a dispute, Smartmatic fails to explain why its expectation of a less efficient resolution *after* the deposition constitutes an undue burden or expense now.

Third, Smartmatic's complaint about incurring fees to oppose depositions is a problem of its own making. OAN has timely and properly noticed depositions within the period prescribed by the Court's scheduling order. But Smartmatic does not want to take any depositions before the end of the fact-discovery period. (Dkt. 113 at 14.) That Smartmatic now is expending time and money to *prevent* OAN from taking depositions within the confines of Rule 26 and the Court's scheduling order is a strategic choice *made by Smartmatic*. The Court's minute order on October 21, 2023 temporarily stayed only those fourteen depositions that were the subject of Smartmatic's "emergency" motion to quash (Dkt. 105 at 7). (*See* Oct. 21, 2023 Minute Order.) The Court's minute order *did not* address the prior subpoena to Hugh Gallagher, which Smartmatic consistently refused to allow to proceed, and certainly *did not* stay all depositions going forward. While

10

Smartmatic's obstructionist tactics may ultimately force the continuance of the discovery period as Smartmatic previously requested, the only party suffering from these tactics is OAN.

### 2. Smartmatic's delays continue to significantly prejudice OAN.

OAN has repeatedly advised Smartmatic (and the Court) that extending the fact discovery deadline imposes significant additional expenses on OAN, a small, family-run company. (*E.g.*, Dkt. 98 at 19.) As does responding to each Smartmatic motion seeking Court approval of its defiant position in unilaterally demanding that no depositions can occur prior to the fact discovery deadline. The fact that the Court has temporarily stayed fourteen noticed depositions does nothing to avoid this prejudice.

And Smartmatic ignores fundamental differences between the Five Third-Party Depositions that are the subject of *this* Motion and the fourteen depositions that have been temporarily stayed. The Five Third-Party Depositions are not Smartmatic's witnesses, while the depositions that have been temporarily stayed are almost all Smartmatic employees. (*See* Dkt. 106 at 1.) While there is no justification for precluding depositions of Smartmatic employees, there is certainly no justification for precluding third-party depositions. Smartmatic attempts to create such a justification by complaining it has not received documents responsive to OAN's subpoenas of these third parties—but neither has OAN. If Smartmatic wanted documents from these third-party witnesses before OAN's depositions near the end of the fact-discovery period, it could have requested them earlier.[6]

OAN continues its attempts to move this case toward resolution during the remaining month of the fact-discovery period. Each additional month that this more-than-two-year-old case

---

[6] In fact, Smartmatic acknowledges that it subpoenaed the Wisconsin Secretary of State on August 7, 2023. (Dkt. 113 at 15.)

drags on drains OAN of valuable resources. In short, OAN cannot afford to ignore a Court-ordered discovery deadline and not collect valuable, relevant information from the Five Third-Party Depositions.

### C.  *Smartmatic must pay OAN's expenses.*

Incredibly, Smartmatic requests consideration of sanctions against OAN for properly and timely issuing deposition notices of third parties within the fact-discovery period. Smartmatic would do well to read its own authority, which cautions against parties who "attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues." Fed. R. Civ. P. 26 (advisory committee's note to 1993 amendment). Again, OAN has acted in good faith to continue to move this case forward, in compliance with the Rules and the Court's scheduling order. In contrast, Smartmatic has manufactured needless discovery disputes by (among other actions) repeatedly refusing to participate in timely depositions, filing five discovery motions without first complying with the Court's standing order, and refusing to respond to any of OAN's timely served second set of requests for production while serving its own requests two months late.

Rule 37 requires that if a motion for protection is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the motion was substantially justified or awarding fees would be unjust. Fed. R. Civ. P. 37(a)(5)(B). There is no justification for Smartmatic's Motion, or for its continued refusal to participate in any depositions during the fact-discovery period and declare an "emergency" any time OAN notices a deposition. OAN has been forced to expend needless time and resources responding to this and Smartmatic's previous motions attempting to thwart valid

discovery requests, and OAN requests permission to submit an application for its reasonable and necessary fees incurred in opposing this Motion.

## IV.     CONCLUSION

Smartmatic seeks leverage in their multi-billion-dollar claims against OAN, a small, family-run news network. So they continue to refuse to engage in the most basic discovery tasks, including the five third-party depositions noticed during the fact-discovery period. The Court should not endorse Smartmatic's unilateral tactic of stalling all depositions until after the fact-discovery deadline to secure what it could not otherwise—a new scheduling order. Smartmatic's defiance of the Rules and the Court's orders should not be rewarded; the Motion should be denied but only after the Court rules on the motion to recuse and provides an adequate opportunity to challenge in the unlikely event of a denial.

Dated: November 7, 2023

By: */s/ Charles L. Babcock*

**JACKSON WALKER L.L.P.**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393

>Carl C. Butzer
>(admitted *pro hac vice*)
>Minoo Sobhani Blaesche
>(admitted *pro hac vice*)
>2323 Ross Avenue, Suite 600
>Dallas, TX 75201
>Tel: (214) 953-5664
>Fax: (214) 661-6899
>jneerman@jw.com
>cbutzer@jw.com
>mblaesche@jw.com
>
>*/s/ R. Trent McCotter*
>
>**BOYDEN GRAY PLLC**
>Trent McCotter
>D.C. BAR NO. 1011329
>801 17th St NW, #350
>Washington, DC 20006
>(202) 706-5488
>tmccotter@boydengray.com
>
>*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

>/s/ *Charles L. Babcock*
>Charles L. Babcock