# EXHIBIT 1-C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SMARTMATIC USA CORP.,<br>SMARTMATIC INTERNATIONAL<br>HOLDING B.V., AND<br>SGO CORPORATION LIMITED,<br><br>         Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., D/B/A<br>ONE AMERICA NEWS NETWORK,<br><br>         Defendant. | No. 1:21-cv-02900-CJN |

## **NOTICE OF ORAL DEPOSITION OF MICHELLE SHAFER**

TO:    Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation, Limited, by and through their counsel of record J. Erik Connolly and Emily Newhouse Dillingham, Benesch, Friedlander, Coplan & Aronoff LLP, 71 South Wacker Drive, Suite 1600, Chicago, IL 60606.

Please take notice that pursuant to Federal Rule of Civil Procedure 45, and the subpoena issued and served herewith, Defendant Herring Networks, Inc., by and through undersigned counsel, will take the oral and videotaped deposition of third-party witness Michelle Shafer on **November 14, 2023**, beginning at 9:00 AM CST, at Jackson Walker LLP, 100 Congress Ave. STE 1100, Austin, TX 78701, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court. The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

Dated: October 27, 2023        By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

2

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on this 27th day of October, 2023, I served the foregoing document on the following counsel of record by electronic mail:

   BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
   71 South Wacker Drive, Suite 1600
   Chicago, IL 60606
   Telephone: (312) 212-4949
   J. Erik Connolly (econnolly@beneschlaw.com)
   Caitlin Kovacs (CKovacs@beneschlaw.com)
   Michael E. Bloom (mbloom@beneschlaw.com)
   Lee B. Muench (lmuench@beneschlaw.com)
   Emily Newhouse Dillingham (edillingham@beneschlaw.com)
   Lauren C. Tortorella (ltortorella@beneschlaw.com)
   Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
   James R. Bedell (jbedell@beneschlaw.com)
   Julie M. Loftus (jloftus@beneschlaw.com)
   Olivia Sullivan (osullivan@beneschlaw.com)

            */s/ John K. Edwards*

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| Smartmatic USA Corp., et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Herring Networks, Inc. d/b/a One America News Network | ) |
| *Defendant* | ) |

Civil Action No.   1:21-cv-02900-CJN

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:            Michelle Shafer, 301 Dillo Trl, Liberty Hill, TX 78642

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Jackson Walker LLP<br>100 Congress Ave. STE 1100,<br>Austin, TX 78701 | Date and Time:<br>11/14/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:     Video and Stenographically Recorded

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/27/2023

CLERK OF COURT

OR

_____                    /s/ John Edwards
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
Herring Networks, Inc. d/b/a One America News Network                         , who issues or requests this subpoena, are:
John Edwards, jedwards@jw.com,1401 McKinney Ave, Suite 1900, Houston, TX 77010

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:21-cv-02900-CJN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| Smartmatic USA Corp., et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Herring Networks, Inc. d/b/a One America News Network | ) |
| *Defendant* | ) |

Civil Action No.   1:21-cv-02900-CJN

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         Michelle Shafer, 301 Dillo Trl, Liberty Hill, TX 78642

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Jackson Walker LLP | Date and Time: |
|---|---|
| 100 Congress Ave. STE 1100, Austin, TX 78701 | 11/13/2023 10:00 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/27/2023

*CLERK OF COURT*

OR

_____          /s/ John Edwards
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
Herring Networks, Inc. d/b/a One America News Network          , who issues or requests this subpoena, are:

John Edwards, jedwards@jw.com,1401 McKinney Ave, Suite 1900, Houston, TX 77010

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:21-cv-02900-CJN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      "2020 Election" shall mean any election held in the United States on November 3, 2020, including the U.S. Presidential Election and all voting and related events occurring up to the certification of votes on January 6, 2021, and any down-ballot races or primary elections related thereto.

2.      The word "and" includes the disjunctive "or," and the word "or" includes the conjunctive "and."  Words in the singular shall be interpreted to include the plural, and words in the plural shall be interpreted to include the singular.  A masculine, feminine or neuter form of a word shall be interpreted to include the other genders.  The use of any tense of any verb shall be interpreted to include all other tenses.

3.      "Communication" means any written, electronic, or verbal transmission of words or thoughts between or among two or more Persons, including, without limitation, any letter, email, instant or text message, social media post, blog post, web posting, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks, and reports, whether transmitted orally, in writing, or by any electronic device.

4.      "Complaint" means Complaint filed in the action *Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network*, 1:21-cv-02900 (D.D.C.).

5.       "Document" means any writing, graphic matter, or other tangible or digital thing, whether printed, recorded, produced by any process, or written or produced by hand, including, without limitation, agreements, contracts, correspondence, memoranda, letters, reports, Communications (as defined above) and Electronically Stored Information (as defined below), correspondence, telegrams, internal and external memoranda, summaries, records of oral

conversations, original or preliminary notes, diaries, calendars, analyses, projections, ledgers, work papers, photographs, tape recordings, applications, video tapes, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of Persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in Your possession, custody or control, or the possession, custody or control of any Your counsel, investors, agents, employees and/or Persons acting on Your behalf.

6.      "Electronically Stored Information" or "ESI" shall mean originals and all copies of email; activity listings of email receipts and/or transmittals; voicemail; audio or video recordings of any kind; facsimiles; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; social media posts; text messages; instant messages; metadata; output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; and electronic files and/or file fragments of any sort, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment. ESI also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.  All ESI produced in response hereto should be produced in native format.

7.      "Person" shall mean a natural person or any business, company, corporation, association, partnership organization, or other legal entity.

2

8.     The terms "concerning" shall mean having any connection, association or concern with, or any relevance, relation, pertinence or applicability to or any implication bearing on, the subject matter, whether directly or indirectly.

9.     "SEQUOIA" means and refers to Sequoia Voting Systems, Inc., and any of its parents, subsidiaries, related or affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Sequoia.

10.     "SMARTMATIC" shall mean plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic.

11.      "You," "Your," "Yours" and/or "Shafer" shall mean Michelle M. Shafer, and shall include any present or former employee, agent, accountant, attorney, expert and/or any other Persons acting, or purporting to act, on behalf of Michelle M. Shafer.

12.     Where a claim of privilege is asserted in responding or objecting to any discovery requested herein and information is not provided on the basis of such assertion, You shall, in Your response or objection, identify the nature of the privilege (including work product) which is being claimed.  When any privilege is claimed, You shall, as to the Documents and/or information requested, whether:

(a)     any Documents exist or any Communications took place; and

(b)     provide the following information for each such Document or Communication in a "privilege log" or similar format:

3

(i)     the type of Document or Communication;

(ii)    the general subject matter of the Document or Communication;

(iii)   the date of the Document or Communication;

(iv)    the author(s) of the Document or participants in the Communication;

(v)     the addressee(s) and any other recipient(s) of the Document; and

(vi)    the custodian of the Document, where applicable.

13.     Unless otherwise indicated, the relevant time period for these Requests for Production is from January 1, 2006 to the present.

14.     These Requests for Production are continuing in nature and require supplemental response if You obtain further information between the time of compliance and any hearing or trial in the above-captioned case.

15.     These Requests for Production expressly do not seek production of images of voters' ballots, voter rolls, or any other Documents that would compromise voter confidentiality.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All Documents and Communications concerning and/or between You and SEQUOIA.

**REQUEST NO. 2:**

All Documents and Communications concerning and/or between You and SMARTMATIC.

**REQUEST NO. 3:**

All Documents and Communications regarding SMARTMATIC's divestiture of SEQUOIA.

**REQUEST NO. 4:**

All Documents and Communications concerning SMARTMATIC's operations in Venezuela and actual or attempted business in the United States.

**REQUEST NO. 5:**

All Documents and Communications concerning SMARTMATIC and/or SEQUOIA's operations in Cook County, Illinois.

**REQUEST NO. 6:**

All Documents and Communications concerning SMARTMATIC and/or SEQUOIA's Foreign Corrupt Practices Act policy.

**REQUEST NO. 7:**

All Documents and Communications concerning any governmental investigations or inquiries of SMARTMATIC and/or SEQUOIA, including without limitation all investigations or inquiries relating to bribery, violations of the Foreign Corrupt Practices Act, or inquires by the Committee on Foreign Investment in the United States ("CFIUS").

**REQUEST NO. 8:**

All Documents and Communications concerning any allegation of substandard performance by SMARTMATIC and/or SEQUOIA in connection with any contract with a governmental entity.

**REQUEST NO. 9:**

All Documents and Communications concerning any delineation in products and services, or shared products and services, between SMARTMATIC and SEQUOIA after SMARTMATIC's divestiture of SEQUOIA.

**REQUEST NO. 10:**

All Documents and Communications concerning the development or crafting of public relations or external messaging strategies concerning or on behalf of SMARTMATIC and/or SEQUOIA

## <u>ATTORNEYS OF RECORD</u>

J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

Charles L. Babcock
cbabcock@jw.com
Nancy Hamilton
nhamilton@jw.com
John Edwards
Jedwards@jw.com
Joel Glover
jglover@jw.com
Bethany Pickett Shah
bpickett@jw.com
JACKSON WALKER LLP
1401 McKinney
Suite 1900
Houston, TX 77010

Jonathan Neerman
jneerman@jw.com
Carl Butzer
cbutzer@jw.com
Minoo Blaesche
mblaesche@jw.com
JACKSON WALKER LLP
2323 Ross Avenue
Suite 600
Dallas, TX 75201

R. Trent McCotter
BOYDEN GRAY
801 17th Street NW, Suite 350
Washington, DC 20006
mccotter@boydengrayassociates.com

*Attorneys for Plaintiffs*                    *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

        Plaintiffs,

    v.

HERRING NETWORKS, INC., d/b/a ONE
AMERICA NEWS NETWORK

        Defendant.

No. 1:21-cv-02900-CJN

Judge Carl J. Nichols

## <u>AMENDED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>

This matter having come before the Court by stipulation of Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, and Defendant Herring Networks Inc. (individually "Party" and collectively "Parties") for the entry of a protective order pursuant to Federal Rules of Civil Procedure 5.2 and 26(c) limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by any party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the term set forth herein, and good cause having been shown;

It is hereby ORDERED that:

1.    This Order is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2.    Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "confidential" or "highly confidential -

attorney's eyes only" either by notation on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

3.     As used herein:

(a)     "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

(b)     "Highly Confidential - Attorney's Eyes-Only Information" shall mean any "Confidential Information" that is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than those identified in paragraph 5.1 below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party. A designation of Confidential Information as Attorney's Eyes-Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney for the Producing Party and that it is the attorney's position that there is a valid basis for such a designation. To the extent source code is determined to be relevant and discoverable, the Parties will meet and confer regarding terms and entry of a separate protective order for the source code before any is permitted to be inspected.

(c)    "Producing Party" shall mean the Party to this action and any non-party producing "Confidential Information" or "Highly Confidential - Attorney's Eyes-Only Information" in connection with depositions, document production, or otherwise.

(d)    "Receiving Party" shall mean the Party to this action and/or any non-party receiving "Confidential Information" or "Highly Confidential - Attorney's Eyes-Only Information" in connection with depositions, document production, subpoenas, or otherwise.

4.    The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as "Confidential Information" or "Highly Confidential - Attorney's Eyes-Only Information." If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information or Highly Confidential - Attorney's Eyes- Only Information. If such motion is filed, the documents or other materials shall be deemed as designated by the Producing Party unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information or Highly Confidential - Attorney's Eyes-Only Information.

5.    Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)     personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b)     counsel for the Parties to this action and their associated attorneys (including in-house and outside counsel), paralegals and other professional and nonprofessional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)     expert witnesses, investigators, or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d)     the Court and court personnel;

(e)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f)     trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 9 and 10, respectively, hereof;

(g)     jury consultants and mock jurors, if any;

(h)     persons who appear as an author or recipient on the face of the document to be disclosed; and

(i)     any other person agreed to by the Producing Party.

5.1     Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential - Attorney's Eyes-Only Information shall not be furnished, shown or disclosed to any person or entity except to those identified in paragraph 5(b)–5(g).

6.      Confidential Information or Highly Confidential - Attorney's Eyes-Only Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7.      Before any disclosure of Confidential Information or Highly Confidential - Attorney's Eyes-Only Information is made to an expert witness or consultant pursuant to paragraph 5 (c) thereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Order and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8.      Unless otherwise designated during the deposition, all depositions shall presumptively be treated as Confidential Information and subject to this Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such thirty-day period, the deposition shall be classified appropriately.

9.      Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information or Highly Confidential - Attorney's Eyes-Only Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such

Party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information or Highly Confidential - Attorney's Eyes-Only Information.

10.     This Order shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" or Highly Confidential - Attorney's Eyes-Only Information under the terms hereof. Any deposition witness who is given access to Confidential Information or Highly Confidential - Attorney's Eyes-Only Information shall, prior thereto, be provided with a copy of this Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Order, a witness refuses to execute the agreement to be bound by this Order, the Court shall, upon application, enter an order directing the witness's compliance with the Order.

11.     A Party may designate as Confidential Information or Highly Confidential - Attorney's Eyes-Only Information subject to this Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fourteen (14) days after the transcript is received by counsel for the Party

(or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such applicable period of time (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information.

12.

      (a)      A Party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information or Highly Confidential - Attorney's Eyes-Only Information, or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information or Highly Confidential - Attorney's Eyes-Only Information shall initially file the document, pleading, brief, or memorandum on the Court's ECF system in redacted form, or with a "Request to Seal" designation on Court's ECF system, until the Court renders a decision on any motion to seal (the "Redacted Filing"). It is the responsibility of the Party seeking to seal the Redacted Filing to make a timely motion to seal in accordance with the procedures that govern the filing of sealed documents on the Court's ECF system.

      (b)      In the event that the Party's (or, as appropriate, non-party's) filing includes Confidential Information or Highly Confidential - Attorney's Eyes-Only Information produced by a Producing Party that is a non-party, the filing Party shall so notify that Producing Party within twenty-four (24) hours after the Redacted Filing by providing the Producing Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Producing Party's Confidential Information or Highly Confidential - Attorney's Eyes-Only Information unredacted.

(c)     If the motion to seal is granted, the moving Party (or, as appropriate, non-party) shall ensure that all documents (or, if directed by the court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the Court's ECF system. If the motion to seal is denied, then the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version, or have the "Request to Seal" designation removed.

(d)     Any Party filing a Redacted Filing in accordance with the procedure set forth in this paragraph 12 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing.

(e)     All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any materials which have previously been designated by a party as comprising or containing Confidential Information or Highly Confidential - Attorney's Eyes-Only Information shall identify such documents by the production number ascribed to them at the time of production.

13.     Any person receiving Confidential Information or Highly Confidential - Attorney's Eyes-Only Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information or Highly Confidential - Attorney's Eyes-Only Information so as to prevent unauthorized disclosure.

14.     Any document or information that may contain Confidential Information or Highly Confidential - Attorney's Eyes-Only Information that has been inadvertently produced without

identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Order, may be so designated by the Party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

15. Extracts and summaries of Confidential Information or Highly Confidential - Attorney's Eyes-Only Information shall also be treated with the same level of confidentiality as the designated information from which it was derived.

16. Except as provided in this paragraph, following a Party's production or disclosure of Confidential Information or Highly Confidential - Attorney's Eyes Only Information, the inadvertent failure to designate particular Documents as "Confidential" or "Highly Confidential - Attorney's Eyes Only Information" at the time of production or disclosure shall not operate to waive a Party's right to later designate such Documents as "Confidential" or "Highly Confidential - Attorney's Eyes Only Information," provided that, at the time of making the later designation, the Party provides the Receiving Party with a replacement copy of the Documents that are properly marked as "Confidential Information" or "Highly Confidential - Attorney's Eyes-Only Information" in accordance with paragraph 2 of this Protective Order. No Party or third party shall be deemed to have violated this Protective Order if, prior to notification of any later designation, such Documents had been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, the relevant Documents shall be treated as Confidential Information or Highly Confidential - Attorney's Eyes-Only Information in accordance with the Protective Order; provided, however, that if the Documents that were inadvertently not designated are, at the time of the later designation, filed with a court on the public record, the Party or third

party that failed to make the designation shall move for appropriate relief. If an inadvertently omitted Confidential Information or Highly Confidential - Attorney's Eyes-Only Information designation is first claimed on the record during the course of a deposition, hearing, or other court proceeding, the subject Documents may be used throughout the deposition, hearing, or proceeding and should be treated as though a Confidential Information or Highly Confidential - Attorney's Eyes-Only Information had been made at the time of disclosure.

17.     This Order is entered into without prejudice to the right of any Party or nonparty to seek relief from, or modification of, this Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

18.     This Order shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Order. The provisions of this Order shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

19.     In connection with their review of electronically stored information and hard copy documents for production (the "Documents Reviewed") the Parties agree as follows:

(a)     to implement and adhere to reasonable procedures to ensure Documents Reviewed that are protected from disclosure pursuant to Federal Rules of Civil Procedure 5.2 and 26(c) are identified and withheld from production.

(b)     if information protected from disclosure pursuant to Federal Rules of Civil Procedure 5.2 or 26(c) ("Protected Information") is inadvertently produced, the Producing

Party shall take reasonable steps to correct the error, including a request to the Receiving Party for its return.

(c)    upon request by the Producing Party for the return of Protected Information inadvertently produced, the Receiving Party shall promptly return the Protected Information and destroy all copies thereof. Furthermore, the Receiving Party shall not challenge either the adequacy of the Producing Party's document review procedure or its efforts to rectify the error, and the Receiving Party shall not assert that its return of the inadvertently produced Protected Information has caused it to suffer prejudice.

20.    Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information or Highly Confidential - Attorney's Eyes-Only Information produced or designated and all reproductions and derivatives thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed.  In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Order shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

21.     If a Receiving Party is called upon to produce Confidential Information or Highly Confidential - Attorney's Eyes-Only Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information or Highly Confidential - Attorney's Eyes-Only Information is sought shall (a) give written notice by email to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party ten (10) business days to object to the production of such Confidential Information or Highly Confidential - Attorney's Eyes-Only Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

22.     In the event additional Parties join or are joined in this litigation, they will not have access to Confidential Information or Highly Confidential - Attorney's Eyes-Only Information until the newly joined Party by its counsel has executed this Order and filed with the Court its agreement to be fully bound by it.

23.     Subject to the requirements of Federal Rules of Civil Procedure 5.2(e) and 26, the provisions of this Order will, absent written permission of the designating party or further order of the Court, continue to be binding throughout and after the conclusion of this litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 20.

24.     This Order may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

25. This Order may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

26. This Order amends, replaces and otherwise supersedes the Confidentiality Agreement and Protective Order entered by the Court on September 26, 2022.

SO ORDERED this 16 day of December 2022.

_____
Carl J. Nichols
United States District Judge

## EXHIBIT A

I, _____, state that:

1.  My address is _____.

2.  My present occupation or job description is _____.

3.  I have received a copy of the Protective Order Governing the Production and Exchange of Confidential Information (the "Order") entered in the above-entitled action on _____.

4.  I have carefully read and understand the provisions of the Order.

5.  I will comply with all of the provisions of the Order.

6.  I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any Confidential Information or Highly Confidential - Attorney's Eyes-Only Information that is disclosed to me.

7.  I will return all Confidential Information or Highly Confidential - Attorney's Eyes Only Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Highly Confidential - Attorney's Eyes Only Information.

8.  I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Order in this action.

Dated: _____

Signature: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

        Plaintiffs,

    v.

HERRING NETWORKS, INC., d/b/a ONE
AMERICA NEWS NETWORK

        Defendant.

No. 1:21-cv-02900-CJN

Judge Carl J. Nichols

## ESI PROTOCOL

This Stipulation Regarding Production of Electronically Stored information and Paper Documents ("ESI Protocol") shall govern the parties in the above-captioned case (the "Litigation").

I.    **Scope.**

    A.    The procedures and protocols set forth in this Agreement shall govern the production of ESI in this matter, unless the Parties agree in writing to change them or they are changed by the Court at the request of a Party.

    B.    Nothing in this Order establishes any agreement as to the scope of discovery in this Litigation or the relevance of any particular ESI or information contained within. No provision of this Order waives any objections as to the production, discoverability, admissibility, or confidentiality of Documents and ESI. Any propounded discovery requests, objections thereto, agreements between or among the Parties, and any pertinent Court orders in this Litigation shall govern the scope of discovery in this Litigation.

C.  Nothing in this Order is intended to be an exhaustive list of discovery obligations or rights of a Party.  To the extent additional obligations or rights not addressed in this Order arise under the governing case law, the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of Columbia, or any other applicable rules or regulations pertaining to the United State District Court for the District of Columbia, those obligations or rights remain. The Parties agree to adhere to Federal Rule of Civil Procedure 26, such that they may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

D.  This Order shall not apply to documents that are to be reproduced from productions that have been made in other litigation matters.  To the extent documents produced in other litigation matters are to be produced in this case, they will be produced as they were produced in the other litigation.

E.  To the extent that third parties may produce documents in this case, the Parties agree to request that such third parties adopt this Agreement.

II.  **Definitions.** The following protocol and definitions shall control the production of discoverable documents and electronically stored information when production commences.  The following terms shall be defined:

A.  "Bates Number" means an identifier consists of a short two to eight letter prefix, associated with the Producing Party's name, followed by a zero-padded sequence of eight numbers (e.g. ABCD00000001).  The prefix should include only letters, dashes, or underscores.  The prefix and number should not be separated by a space. Each page in the production is assigned a unique, incremental Bates number.  The prefix must be the same for all pages produced from the same Producing Party.

B.  "Custodian" shall mean any individual of a Producing Party for whom the Producing Party will produce Documents, either as disclosed during good faith meet and confers between the Parties or by an order of the Court.

C.  "Custodial Data Source" means any data source used for business purposes that is in the possession, custody, or control of a producing Party, in or on which the producing Party knows or reasonably believes that a Custodian for said producing Party stored potentially relevant Documents, ESI or Hard Copy Documents, whether or not created or generated by a Custodian, including but not limited to personal computers, laptops, tablets, email (whether stored locally or centrally), mobile devices, shared network servers, shared or individual network folders, cloud storage systems, structured data systems, or social media.

D.  "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term under Federal Rule of Civil Procedure 34 .

E.  "Document Family" means a collection of pages or files maintained together constituting a logical single communication of information, but consisting of

more than a single standalone record. Examples include an email and associated attachments, or a presentation.

**F.**     "Electronically Stored Information" or "ESI" means and refers to electronic data, stored in or on any electronic storage medium, whether physical or virtualized, that can be obtained or translated into a reasonably usable form.

**G.**     "Extracted Text" is the textual content of a Native File including all header, footer, and document body information, copied into a separate data file, typically by an eDiscovery processing tool, for electronic production to facilitate ingestion to an eDiscovery review tool.

**H.**     "Load File" means an electronic data file, typically created by an eDiscovery processing tool, which provides information about the interrelationships of the component parts of an electronic document production to facilitate ingestion to eDiscovery review tools.

**I.**     "Metadata" means: (i) information associated with or embedded in a Native File that does not constitute the primary content of the file but which describes the characteristics, origins, usage, and/or validity of the electronic file; and (ii) information generated automatically by the operating system(s) of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

**J.**     "Native File(s)" or "Native Format" means ESI that have an associated file structure defined by the creating or viewing application in the file type for (or of) the application in which such ESI is normally created, viewed, and/or modified.

**K.**     "OCR" means the use of an optical character recognition (OCR) software

application to produce searchable electronic data files of recognized text from paper documents and/or electronic image files.

**L.** "Party" or "Parties" means or refers to the named Plaintiffs and Defendants in the above-captioned case.

**M.** "Producing Party" shall mean the party producing Documents in response to any notice for inspection and discovery of documents, or a non-party either acting on a party's behalf or responding to discovery pursuant to a subpoena.

**N.** "Receiving Party" shall mean the party receiving production of Documents in response to any request for production of document(s).

**III.** **De-duplication of Production.** The Parties shall use reasonable, good faith efforts to remove exactly duplicative files in their collections by the application of industry standard eDiscovery tools and accepted best practices. De-duplication should be performed across all sources (i.e., global or horizontal de-duplication). Near duplicates or similar documents will be produced. If a duplicate document exists as part of a document family, the duplicate will only be removed if the entire family is a duplicate, i.e., a single document will not be removed from a family even if it is a duplicate.

**IV.** **Privilege**. The handling of privilege, including advertent disclosures, clawback procedure, and claims of privilege are addressed in a separate protective order to be entered by the Court in this Litigation.

**V.** **Production Format**. Documents shall be produced according to the following formats:

**A.** **Electronic Production of Paper Documents.** Documents that are maintained in paper format shall be scanned single-page, black and white, 300dpi, Group IV

TIFF images, unitized logically with load files that represent the full and complete information contained in the original Document. Documents that are available in color in their original form may be produced on a document-by-document basis upon reasonable request. Paper Documents that contain fixed notes shall be scanned with the notes affixed, if it can be done in a manner so as not to obstruct other content on the document. If the content of the Document is obscured by the affixed notes, the Document and note shall be scanned as part of the document as a separate page. Documents shall also be produced with the associated OCR text, and with a load file. No Producing Party shall be required to ensure that the OCR is an exact duplicate of the contents of the image.

B.    **Electronically Stored Information.** Document images shall be generated from electronic Documents in a set of color 300 DPI, single-page images that reflect the full and complete information contained on the original document, together with a document-level load file containing required metadata and a page-level load file for images. In the event a Document is redacted, the Producing Party shall withhold the redacted text for that Document in addition to the Document's metadata.

C.    **File Structure.** The Producing Party shall produce the following sets of files for all produced documents:

Load Files:

- Each production includes a document-level (.dat) metadata load file, which is a delimited text file format. The first row of the file contains a list of metadata columns. Each subsequent row contains the metadata for a single document.

Each column of each row contains one metadata value, with values encapsulated by a special "quote" character and columns separated by a special "separator" character throughout.

- The metadata load file should use a thorn (þ, ASCII character 231) as a text qualifier or "quote" character and the special, non-printing character DC4 (ASCII character 20) as a field delimiter.

- The fields Begin Bates, End Bates, and NativePath must be present for all documents originating as ESI.

- First line must contain the column/field names.

- Each subsequent row must contain the metadata for one document

- Every row must have the same number of columns/fields (empty values are acceptable). Text must be encoded in either ASCII, UTF-8, or UTF-16

- Each production includes an Opticon-formatted (.opt) image load file

- Each line of the image load file represents one image

- Each line of the image load file should be separate into seven, comma-delimited fields. From left to right, the fields are (1) the page identifier, (2) the volume identifier, (3) image path (including the image filename and extension), (4) a document marker ("Y" denotes the first page of a new document, otherwise leave blank), (5) can be used to indicate box, (6) can be used to indicate folder, and (7) page count, which is only included for the first page of a new document.

- Load Files should be placed in the Data folder in the root directory of the production.

<u>Extracted Text and OCR Files (.txt files)</u>:

- A single text file for each document containing all the document's pages, in text.

- Filenames should be of the form: <Bates num>.txt, where <Bates num> is the Bates number of the first page of the document

- Text and filenames must be encoded in UTF-8

- Text files should be placed in the Text folder in the root directory of the production.

<u>Image Files</u>:

- Images should be single-page, black and white, 300dpi, text searchable PDF files

- per document or Group IV TIFF images. The producing party may produce color pages as 300 dpi JPG images upon request.

- Filenames should be of the form: <Bates num>.tif where <Bates num> is the BATES number of the first page of the document.

- Image files should be placed in the Image folder in the root directory of the production.

- No other information should be provided in image filenames, including confidentiality status.

- Filenames must be encoded in

UTF-8 <u>Native Files</u>:

- File names must be unique in the production unless the content is identical. Filenames should begin with the Bates number of the first page of the

associated Document, with confidentiality included in the name.

- For each document produced in native format, a corresponding placeholder image shall be included in the production indicating the following: that the document was produced in native format, the Bates number, and the confidentiality designation.

- The filename must retain the file extension corresponding to the original native format; for example, an Excel 2003 spreadsheet's extension must be .xls

- Each filename, including extension, must correspond to the NativePathmetadata field in its corresponding document's row in the load file

- Filenames must be encoded in UTF-8

- Native files should be placed in the Native folder in the root directory of the production.

**D.** **Resolution of Production Issues.** Documents that cannot be read because of imaging or formatting problems shall be promptly identified by the Receiving Party. The Producing Party and the Receiving Party shall meet and confer to attempt to resolve problem(s), to the extent the problem(s) are within the Parties' control.

**E.** **Native Format Documents.** Parties shall produce all spreadsheets and audio/video files in native format. Upon review of the produced documents, the Receiving Party may request the production of additional file types of electronic Documents in Native Format.

**F.** **Foreign Language Documents**. If no English version of a Document is available, the producing party has no obligation to produce an English translation

of that Document and does not have an obligation to render that Document text searchable via OCR or other means if the foreign language does not use the Latin alphabet. The producing party shall make reasonable efforts to ensure that all technologies and processes used to collect, process and produce the text of any Document — including all TIFF conversion and OCR processes, and the extraction of text from native files — preserves all foreign language text, punctuation and other characteristics as they exist in the source native file. To the extent reasonably and technically possible, foreign language text files shall be delivered in UTF-8 and be Unicode compliant, with the correct encoding to enable the preservation of the Documents' original language.

VI. **Production Method**. Production media shall always be encrypted and will be sent via FTP or SFTP link provided via email at the time a production letter is emailed, or via encrypted physical media such as a Hard Drive or USB (sent via FedEx overnight service), unless the parties agree otherwise. Production letters will always accompany productions including the name of the matter in which it was produced, the production date, the Bates number range of the material contained in the production, and a short description of its contents. Passwords for encrypted data and encrypted media will be sent separately from the data and media itself.

VII. **Document Unitization.** When scanning paper documents into Document Images, they shall be unitized in a manner so as to maintain the document(s) and any attachments, as they existed in their original state.

VIII. **Email Threading.** Where multiple email messages are part of a single chain or "thread," a party is only required to produce the most inclusive message ("Last In Time Email")

and need not produce earlier, less inclusive email messages or "thread members" that are fully contained, including attachments and including identical senders and recipients, within the Last In Time Email. Only email messages for which the parent document and all attachments are contained in the Last In Time Email will be considered less inclusive email messages that need not be produced.

## IX. **Attachment Families**.

A. **Parent-Child Relationship.** For electronic documents, the relationship of documents in a document collection (e.g., cover letter and enclosures, e-mail and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained using the Begin Family and End Family fields of the load file, provided however that the Parties shall only be required to present one level of parent-child relationship. Document Images generated from attachments to emails stored in Native Format shall be produced contemporaneously and sequentially immediately after the parent email in their Bates numbering.

B. **Production of Non-Responsive Family Members of Responsive Documents.** Non-Responsive family members must be produced together with the Responsive Family Members. In instances where the Producing Party does not assert a privilege with respect to the entire family of documents, the Producing Party should replace any subset of privileged documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall contain the "Document Withheld as Privileged" language in the Center of the page, with Confidential Branding Bottom Left, and

Bates Branding Bottom Right of the page. Each slipsheet should be re-OCR'd at time of production to remove Extracted Text.

X.  **Search.**  The parties recognize that there exist a variety of search tools and methodologies, including but not limited to the use of search terms and technology assisted review ("TAR") tools.  The parties agree to meet and confer over the use of search tools and methodologies, including the use of search terms and TAR, before any particular tool or methodology is applied.

XI.  **Bates Numbering**.  Each Producing Party shall Bates number its production(s) as follows:

A.  **Document Images.**  Each page of a produced Document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document.  The Bates Numbers shall be enumerated as defined above in Definitions.  The Producing Party will use a consistent prefix throughout the matter.  Thus, once a party chooses a two-to-five letter prefix, e.g. ABCD, it shall not later produce a Document using a different prefix, e.g. EFGH. No other legend or stamp will be placed on the Document Image other than a confidentiality legend (where applicable), redactions, the Bates Number identified above.  The confidentiality legend shall be "burned" onto each document's image at a location that does not unreasonably obliterate or obscure any information from the source document.

B.  **Native Format Documents.**  In the event Native Format Documents are produced, in order to preserve the integrity of those Native Format Documents, no Bates Number, confidentiality legend or internal tracking number should be

added to the content of the Native Document.

    C.    **Sort Order.** For Bates numbering within a given production volume, documents will be sorted by their original file path in ascending order, preserving family ordering.

**XII.**    **Non-Discoverable ESI.** Absent a Party's specific written notice for good cause, the following categories of ESI are presumed to be inaccessible and not discoverable:

    A.    ESI permanently deleted in the normal course of business before the time a preservation obligation in this matter came into effect;

    B.    Backup data files that are maintained in the normal course of business for purposes of disaster recovery, including (but not limited to) backup tapes, disks, SAN, and other forms of media, and that are substantially duplicative of data more accessible elsewhere;

    C.    Deleted, "slack," fragmented, or unallocated data only accessible by means of forensic analysis;

    D.    Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

    E.    On-line access data such as (without limitation) temporary internet files, history files, cache files, DHCP and IP logs, and cookies;

    F.    Data in metadata fields frequently updated automatically, such as last-opened or last-printed dates;

    G.    Electronic data (*e.g.*, call logs, email, calendars, contact data, notes, *etc.*) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android, and Blackberry devices), if a copy of such electronic data is routinely saved elsewhere (such as on a server,

laptop, desktop computer, or "cloud" storage);

**H.**     Voicemail, including Telephone or VOIP voice messages;

**I.**     Text messages and instant messages not retained in the ordinary course of business before the time a preservation obligation in this matter came into effect;

**J.**     Server, system, network, or software application logs;

**K.**     Data remaining from systems no longer in use that is unintelligible on the systems in use; and

**L.**     Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

**XIII.**  **Third-Party ESI Discovery.**

**A.**     A party that issues a non-party subpoena (the "Issuing Party") will include a copy of this Stipulated Order with the subpoena and will request that non-parties produce documents in accordance with the specifications set forth herein.

**B.**     The Issuing Party will produce any documents obtained under a subpoena to all other parties.  Any documents the Issuing Party does not intend to process for its own use may be disseminated to all other Parties in the format in which such documents are received by the Issuing Party.

**C.**     If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other parties.

**XIV.**  **Discovery and Admissibility**.  Nothing herein shall be construed to affect the discoverability or admissibility of any document or data.  All objections to the

discoverability or admissibility of any document or data are preserved and may be asserted at any time.

**XV.** **Disaster-Recovery Backup Data.**  Absent a Party's specific written notice for good cause, no Party shall be required to modify or suspend procedures, including rotation of backup media, used in the normal course of business to back up data and systems for disaster recovery purposes.  Absent a showing of good cause, such backup media shall be considered to be not reasonably accessible.

**XVI.** **Metadata**. The Producing Party shall produce the metadata information described below with each production and in the format described above.  The metadata is to be extracted from the original native file for each Document. For each Document, the Producing Party shall produce a line in the index file with the following fields, where available.  The field naming conventions shall be the following. Datetime metadata will be provided in UTC in a consistent, reasonable, and clearly delimited format.  For example, M/d/y H:m. To the extent timezone information is provided for context, it will be provided in a separate loadfile field.

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| Begin Bates | Beginning Bates number of first page of a document | Text | ABCD000001 |
| End Bates | Ending Bates number of last page of a document | Text | ABCD000003 |
| Begin Family | Begin Bates of parent document of family of attachments | Text | ABCD000001 |
| End Family | End Bates of last attachment of family | Text | ABCD000004 |
| Pages | Number of Bates stamped pages for the PDF image each document. | Number | 3 |

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| NativePath | Relative file path of native record within production, including filename and extension of native file within the production. Only for documents produced in native format. | Text | .\VOL001\natives\001\ABCD000001.xlsx |
| TextPath | Relative file path of text record within production, including filename and extension of the text file within the production. | Text | .\VOL001\text\001\ABCD000001.txt |
| Placeholder | If Bates stamped document is produced with a placeholder image (values: Y or N) | Text | Y |
| Redacted | If this document has redactions (values: Y or N) | Text | Y |

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| All Custodians | For deduplicated documents, list of all custodians the duplicate copy was collected from. | Text | |
| All Paths | For deduplicated documents, list of all file paths for duplicate copies. | Text | |
| Author | Creator of document | Text | Tom Jones |
| Bcc | Additional blind recipients of an email (Blind Carbon Copy) | Text | bob@acme.com |
| Cc | Additional recipients of email (Carbon Copy) | Text | sue@acme.com |

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| Confidentiality | Confidentiality designation such as "Not Confidential," "Confidential" or "Attorneys' Eyes Only" | Text | Confidential |
| Custodian | Name of person from whom documents were collected, or multiple custodians for de-duplicated documents. | Text | Tom Jones |
| Date Created | Datetime document was created | Datetime | 07/21/1969 02:56:00 |
| Date Modified | Datetime document was last modified | Datetime | 07/21/1969 02:56:00 |
| Date Received | Datetime document was received | Datetime | 07/21/1969 02:56:00 |
| Date Sent | Datetime an email was sent | Datetime | 07/21/1969 02:56:00 |

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| File Extension | The suffix at the end of the native filename indicating file type | Text | .docx<br><br>.pdf<br><br>.xlsx |
| Filename | Original filename of native document, including extension | Text | interesting_spreadsheet.xlsx |
| File Path | Original source file path, including location,folder name, filename, and extension | Text | media.zip//jones.pst//sent mail/444.eml//interesting_spreadsheet.xlsx |
| From | Sender | Text | jones@acme.com |
| In Reply To | Message id of email this email is in reply to | Text | |
| Message Id | Unique message id from internet headers | Text | |

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| MD5 Hash | MD5 Hash value of Document | MD5 Hash | |
| Subject | Subject line | Text | Check this out! |
| To | Recipient | Text | mary@acme.com |

**XVII.** **Cooperation.** The Parties shall, as necessary, meet and confer to exchange information regarding issues associated with any electronic production of discoverable ESI, including but not limited to procedures, privilege issues, issues involving redaction, and structure or document delivery mechanisms.

SO ORDERED this 4th day of January, 2023.

Carl. J. Nichols
United States District Judge