IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>HERRING NETWORKS, INC.,<br><br>　　　　　　Defendant. | No. 1:21-cv-02900-CJN<br><br>Judge Carl J. Nichols |

**SCOTT CIRCLE'S REPLY IN SUPPORT OF ITS MOTION TO QUASH DEPOSITION SUBPOENA AND RESPONSE TO OANN'S MOTION TO COMPEL DOCUMENT PRODUCTION**

1

**TABLE OF CONTENT**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I.    INTRODUCTION ......................................................................................................... 1

II.   ARGUMENT ................................................................................................................. 2

      A.   SCOTT CIRCLE'S MOTION TO QUASH SHOULD BE GRANTED. ............................................................................................................ 2

           1.   OANN's Subpoena Should be Quashed as Written. ................................ 2

           2.   Other Pending Motions Directly Impact OANN's Ability to Depose Scott Circle. ................................................................................ 3

      B.   This Court Must Deny OANN's Motion to Compel Document Production. .............................................................................................. 5

III.  CONCLUSION ............................................................................................................ 10

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alarm.com Inc. v. Doty*,
   2022 WL 18542490 (D.D.C. Feb. 1, 2022) ...............................................................................5

*Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson & Rosenthal P.C.*,
   2023 WL 5570618 (S.D.N.Y. Aug. 29, 2023) ..........................................................................6

*Church of Scientology v. United States*,
   506 U.S. 9 (1992) .....................................................................................................................3

*Ecomission Sols., LLC v. CTS Holdings, Inc.*,
   2016 WL 4506974 (D.D.C. Aug. 26, 2016) .........................................................................4, 5

*In re Subpoena to Wang*,
   214 F. Supp. 3d 91 (D.D.C. Aug. 26, 2016) ........................................................................4, 5

*Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*,
   286 F.R.D. 8 (D.D.C. 2012) .....................................................................................................5

*ProDox, LLC v. Pro. Document Servs.*, Inc.,
   341 F.R.D. 679 (D. Nev. 2022) ................................................................................................9

*United States v. Garde*,
   848 F.2d 1307 (D.C. Cir. 1988) ...............................................................................................3

**Other Authorities**

Rule 26 ............................................................................................................................................5

Rule 45 ............................................................................................................................................5

Non-party Scott Circle Communications, Inc. ("Scott Circle") submits this Reply in support of its Motion to Quash Deposition Subpoena ("Motion") (Dkt. 108) and in reply to Herring Network Inc.'s d/b/a OANN ("OANN") Response in Opposition to Motion to Quash Deposition of Scott Circle Communications) ("Response") and Opposed Motion to Compel Document Production From Scott Circle Communications, Inc. ("Motion to Compel"). (Dkt. 111, Dkt. 112)[1].

## I. INTRODUCTION

OANN's Response and Motion to Compel mischaracterizes the pending issues before the court and communications between the parties. It conveniently buries one important truth: Scott Circle's deposition is currently stayed by this Court's Order.[2] Because Scott Circle's deposition is stayed until further ruling, Scott Circle's Motion should be granted to affirm this Court's October 21, 2023 Minute Order staying the deposition.

Rather than acknowledge that the deposition is stayed, OANN continues to cause Scott Circle, a non-party, to suffer undue burden and expense. Scott Circle should not be required to present a deposition until a further ruling on Smartmatic's outstanding motions.[3] Scott Circle cannot be compelled to produce documents it never refused to produce. Scott Circle agreed to produce documents when the parties reasonably agreed on non-burdensome search terms and parameters. This Court must quash Scott Circle's deposition subpoena and deny OANN's Motion to Compel to put a halt to OANN's vexatious behavior.

---

[1] In one document, OANN submits its Opposition to Scott Circle's Motion and separately moves to compel document production. OANN filed this document twice. (See Dkt. 111, Dkt 112).
[2] OANN does briefly acknowledge this Order in its Motion. (Dkt. 112, p. 5). OANN goes on to assert that its proposed Motion for Deposition Parameters will address this Courts concerns. (*Id.*). As an initial matter, this Courtroom's Deputy told OANN that it does not need Court approval to file its motion to modify deposition limits (Ex. D, ¶ 2 ). Additionally, in its motion, OANN proposes expanding deposition limits to 120 hours per side. (Ex. D, ¶ 2). This in no way addresses the outstanding issues before the Court regarding the stay of depositions.
[3] There are three motions filed by Smartmatic that directly impact OANN's ability to depose Scott Circle at this time: Smartmatic's Motion to Issue a Protective Order, Stay Depositions, and Amend Scheduling Order (Dkt. 96), Smartmatic's Emergency Motion to Quash Deposition Notices (Dkt. 105), and Smartmatic's Emergency Motion to Stay Depositions (Dkt. 113).

1

## II. ARGUMENT

### A. SCOTT CIRCLE'S MOTION TO QUASH SHOULD BE GRANTED.

There is no issue here for the Court to decide. The Court has already stayed Scott Circle's deposition in its October 21 Minute Order, which is the relief Scott Circle requested in its Motion. Scott Circle also agreed to produce documents in response to OANN's April 19 subpoena. (Levine-Patton Declaration, Ex. D, ¶ 3). There is no need to compel the production of documents. As such, Scott Circle's Motion to Quash OANN's Subpoena should be granted, and OANN's motion to compel the production of documents should be denied.

#### 1. *OANN's Subpoena Should be Quashed as Written.*

Scott Circle, a third party, continues to suffer undue burden because of OANN's blatant disregard of case law precedent and this Court's Order. OANN seeks to enforce a subpoena that has already been stayed and is subject to two other pending motions with this Court. Given this Court's temporary stay and the parties' other pending motions, the subpoena should be quashed as written for November 22, 2023.

OANN was aware that the Scott Circle Deposition was stayed before it filed its Response yet refused to acknowledge it. The timeline here is simple. On September 18, Smartmatic filed its Motion to Issue a Protective Order, Stay Depositions, and Amend Scheduling Order ("September 18 Motion). (Dkt. 96). On October 12, Smartmatic filed its Emergency Motion to Quash Deposition Notices ("Emergency Motion") (Dkt. 105). In this Emergency Motion, Smartmatic moved to quash fourteen deposition notices issued by OANN, including Scott Circle's October 11 deposition notice. (Dkt. 105, p. 1). On October 19, Scott Circle filed its own Motion, asking the Court to quash the deposition notice issued to Scott Circle on October 11. (Dkt. 108).

On October 21, Judge Upadhyaya entered the following minute order:

The Depositions at issue in Plaintiffs' October 12, 2023 Emergency Motion to Quash Deposition Notices [105], fourteen deposition notices Defendant issued on October 6, 2023, and October 11, 2023, are hereby temporarily stayed pending further order of the Court. SO ORDERED.

This order stayed Scott Circle's deposition until a further order from the Court. In other words, Scott Circle's deposition will not occur until the Court rules on Smartmatic's September 18 Motion. (Dkt. 96).

At this time, there is no further relief that this Court could grant specific to Scott Circle's Motion to Quash. Moreover, a final ruling on Smartmatic's September 18 Motion and/or Smartmatic's November 3 Emergency Motion to Stay All Depositions will likely render this Motion moot. *Church of Scientology v. United* States, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority 'to give opinions upon moot questions…'") (citation omitted); *United States v. Garde*, 848 F.2d 1307, 1309 (D.C. Cir. 1988) (resolution of discovery dispute rendered motion to enforce subpoena motion moot).

OANN should have recognized this and withdrawn its subpoena or at least acknowledged the true impact of this Court's stay. OANN's incessant demand to take Scott Circle's Deposition on November 22 despite the Court's Minute Order is wildly inappropriate.

> **2.    *Other Pending Motions Directly Impact OANN's Ability to Depose Scott Circle.***

This Motion cannot be ruled on in a vacuum; two other pending motions before this Court will directly impact OANN's ability to depose Scott Circle.

***First,*** on September 18, Scott Circle filed its Motion to Issue a Protective Order, Stay Depositions, and Amend Scheduling Order. (Dkt. 96). In its September 18 Motion, Smartmatic asked this Court to stay all depositions until January 8, 2024. (*Id*. at p. 15). OANN's Opposition

3

improperly submits that Smartmatic requested an indefinite stay until complete production occurs. (Dkt. 115, p. 1-2). This is a blatant misrepresentation of fact. In its September 18 Motion, Smartmatic only asked that depositions be temporarily stayed to "allow the parties to resolve their outstanding discovery disputes and ensure that both parties are granted sufficient time to engage in depositions fairly and equitably." (Dkt. 96, p. 15). Smartmatic has also made it clear to OANN that while the September 18 Motion is pending, depositions do not have to proceed. (Dkt. 105, p. 7). Nevertheless, OANN has attempted to push forward despite this pending motion.

***Second***, the Court's October 21 Minute Order did not stop OANN from issuing additional deposition notices and demanding depositions proceed as scheduled. Smartmatic was, therefore, forced to file its Emergency Motion to Stay Depositions on November 3, 2023.[4] (Dkt. 113). In this Motion, Smartmatic once again asks the Court to stay all depositions, including the deposition of Scott Circle, until January 8, 2024. (*See id.*) The court granted expedited briefing on this Motion, and the matter will be fully briefed by Thursday, November 9. (November 3, 2023 Minute Entry). Should the Court grant Smartmatic's Emergency Motion to Stay Depositions, Scott Circle's deposition will be further stayed until at least January 8, 2024. (Dkt. 113, p. 15).

As explained in its Motion, Scott Circle will suffer undue burden and expense if OANN proceeds with its deposition. (Motion, p. 6-10). OANN's subpoena is duplicative, overbroad, unnecessary, and premature. (Dkt. 108, p. 5). OANN's only explanation for needing testimony from Scott Circle now is because it is allegedly relevant to the amount in controversy. (Dkt. 112, p. 12). Yet OANN does not explain *why* it needs that testimony by November 22, despite three pending motions on the timing of Scott Circle's deposition and this Court's Minute Order staying Scott Circle's deposition. Deposing Scott Circle in the near future creates a risk that it will need to

---

[4] Smartmatic filed its Motion one day after OANN's Opposition to Scott Circle's Motion.

4

be deposed twice, which should be avoided at all costs. *Ecomission Sols., LLC v. CTS Holdings, Inc.*, 2016 WL 4506974, at *2 (D.D.C. Aug. 26, 2016) (granting the motion for protective order to delay a deposition until disputes were resolved "eliminate[s] the risk that [the nonparty] will be deposed twice."); *In re Subpoena to Wang*, 214 F. Supp. 3d 91, 96 (D.D.C. 2016) (granting protective order to delay deposition until a privilege issue was resolved, "effectively guards against the dual risks of subjecting Dr. Wang to the undue burden of a second deposition.").

> B. **THIS COURT MUST DENY OANN'S MOTION TO COMPEL DOCUMENT PRODUCTION.**

There is no reason to compel Scott Circle to produce documents.[5] Scott Circle has never refused to produce documents. In fact, Scott Circle explicitly agreed to produce documents. OANN again misrepresents the discussions that have occurred between OANN and Scott Circle. OANN is asking this Court to require Scott Circle, a third party, to hastily produce documents by November 13, even though OANN failed to engage in production negotiations for months, refused to agree to search terms, and openly recognized the burdensome nature of its ridiculous demands. OANN has an affirmative duty under the Federal Rules of Civil Procedure to reduce the burden on third parties. Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"); *Alarm.com Inc. v. Doty*, 2022 WL 18542490, at *3 (D.D.C. Feb. 1, 2022) ("The Rule 45 undue burden standard requires district courts…to be generally sensitive to the costs imposed on third parties.") (citations omitted). This premature motion forces Scott Circle

---

[5] Scott Circle's Motion to Compel does not compel Scott Circle to use OANN's proposed search terms. It only compels the general production of documents which Scott Circle has already agreed to.

to needlessly draft a response and expend resources. OANN's actions directly violate OANN's obligation to reduce the burden to Scott Circle.[6]

Until early September, OANN was seemingly uninterested in moving forward with Scott Circle's deposition or document production. After receiving Scott Circle's responses and objections in June, OANN did nothing for over two months. (Dkt. 108, p. 2). OANN did not request a meet and confer about Scott Circle's responses and objections. (*Id*.). OANN did not ask for responsive documents to be produced. (*Id*.) OANN did not propose search terms. (*Id*.). OANN did nothing.[7]

Then, on September 5, OANN asked for a meet and confer. (*Id*.). Scott Circle consented to this meeting, and it was promptly scheduled. (*Id.*) OANN and Scott Circle met on September 7, 2023. (*Id*.)

Following the parties' meet and confer on September 7, OANN asked Scott Circle to provide it with search terms to use in Scott Circle's collection. (Dkt. 112-3, p. 8). On September 8, the very next day, Scott Circle proposed search terms ("9/8 Search Terms") (Dkt. 112-3, p. 7). <u>OANN did not respond for almost a month</u>. (Ex. D, ¶ 6). During this time, OANN did not express

---

[6] The fact that Scott Circle is represented by Smartmatic's counsel does not change OANN's obligation to reduce the burden on third parties. *See Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, 286 F.R.D. 8, 11 (D.D.C. 2012) (courts must be "generally sensitive to the costs imposed on third parties…thus, courts have the discretion to limit discovery to prevent undue expense to third parties, even if the discovery sought is within the permissible scope of Rule 45 and 26.").

[7] OANN seemingly justifies this delay by citing its change of counsel at the end of May. *See* Dkt 112, p. 11 f.n, 4. However, it is OANN's current counsel who agreed to extend Scott Circle's response deadline. Dkt. 112-2. It is OANN's current counsel who received Scott Circle's Response and Objections. (Dkt. 111-1, ¶ 3). It is OANN's current counsel who should have negotiated with Scott Circle about its response and production. And regardless, OANN cannot use a change in counsel as an excuse. *Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson & Rosenthal P.C.*, 2023 WL 5570618, at *6 (S.D.N.Y. Aug. 29, 2023) (denying plaintiff's request to reopen discovery because "[p]laintiff did switch attorneys" and "[p]laintiff itself must bear the responsibility for that").

any objection to the 9/8 Search Terms. (*Id*.) OANN did not otherwise indicate to Scott Circle that the 9/8 Search Terms were insufficient.[8] (*Id*.).

On October 4, nearly a month later, OANN responded, proposing its own search terms. (Dkt. 112-3, p. 6). Scott Circle considered those terms, ran a hit report, and then Scott Circle explained that OANN's proposed search terms were so overbroad and burdensome that they could not be processed by Scott Circle's vendor. (Dkt. 112-3, p. 5). Scott Circle provided OANN with four specific examples on this point. (*Id*.) First, (Dan* w/ Bal*) could not be ran due to the number of hits returned by "Bal*". (*Id*.) Second, PA* could not be ran due to the number of hits returned. (*Id*.). Third, Jan. 6* would not run due to the wildcard after 6. (*Id*.). And fourth, Smartmatic could not run requests "against" OANN's list of media organizations, as it is entirely unclear what this means. (*Id*.). These are just four of many examples where OANN's unreasonably overbroad search terms did not work. (*Id*.). On October 10, OANN indicated it would work with Scott Circle to narrow down these terms. (*Id*. at p. 4).

On October 11, 2023, issued its second subpoena to Scott Circle instead of continuing to negotiate with Scott Circle. In OANN's Motion to Compel, OANN stated that Scott Circle was unwilling to negotiate the terms of the April 19 subpoena with OANN because it did not respond to its October 10 email. (Dkt. 112, p. 4). Because of this, OANN claims it had to issue a second subpoena on October 11. (*Id*.) It is facially absurd to expect Scott Circle, a non-party, to provide a substantive response within 24 hours, particularly when Scott Circle had already provided OANN with specific examples of how its requests burden Scott Circle. OANN responded to Scott Circle's e-mail within one week and promptly scheduled a meet and confer. (Dkt. 112-3, p. 2-4).

---

[8] In fact, OANN now demands that Scott Circle produce documents responsive to the 9/8 Search Terms. (Dkt. 112-3, p. 1).

7

On October 19, 2023, the parties continued to discuss Scott Circle's production in response to the April subpoena. (Ex. D, ¶ 3); (Dkt. 112-3, p. 2). During this meeting, OANN did not object to the use of search terms to assist with Scott Circle's production. (*Id.*) In fact, OANN acknowledged the burdensome nature of its proposal and asked Scott Circle to use the 9/8 Search Terms. (*Id.*). Scott Circle agreed to produce documents captured by the 9/8 Search Terms so long as OANN would not request further iterations after production, as doing so would create an undue burden to Scott Circle. (Dkt. 113-3, p. 1). Allowing OANN to continue to request new search terms would create endless back and forth at the expense of Scott Circle.

Scott Circle informed OANN that a production rooted in the 9/8 Search Terms could occur relatively quickly, as it was already in the process of being prepared. (Ex. D, ¶ 3). Scott Circle was sure that this agreement would meet the needs of both parties: Scott Circle could produce responsive documents without incurring undue burden, and OANN would receive such documents in a timely manner. It came as no surprise that OANN agreed to this arrangement during the meet and confer. (Ex. D, ¶ 3).

Yet following the meet and confer, OANN went back on its agreement. (Ex. D, ¶ 4). OANN pushed Scott Circle to produce documents based on the 9/8 Search Terms yet refused to hold up its end of the bargain. (Dkt. 112-3, p. 2). OANN demanded Scott Circle explain the burdensome nature of each proposed search term, including hit reports on each term and reserved its right to continue to propose search terms after production. (Dkt. 112-3, p. 2). This effectively erased any agreement between the parties.

Scott Circle immediately reminded OANN that it is "not open to extensive back and forth regarding additional search terms after [Scott Circle] produce[s] documents that are responsive to

8

the search terms [] initially proposed on 9/8/23." (Dkt. 112-3, p. 1).[9] Scott Circle further stated that so long as OANN agrees not to seek additional search terms after a production using the 9/8 Search Terms, Scott Circle will move forward with producing documents. (*Id.*). OANN refused to acknowledge the parties' agreement and Scott Circle's willingness to produce responsive documents. (Dkt. 112-3, p. 1).

Instead, on November 2, OANN informed Scott Circle of its intent to move to compel the production of documents. (Ex. D, ¶ 5). Scott Circle promptly reminded OANN of its willingness to produce documents. (*Id.*). In particular, Scott Circle explained, "A motion to compel is wholly unnecessary given that we have agreed to product documents for all of the third-party PR firms that we represent…" (*Id.*) (emphasis added). OANN did not respond and filed its Motion to Compel Document Production. (*Id.*).

OANN is asking this Court to compel Scott Circle to produce documents responsive to the 4/19 document subpoena. As OANN is fully aware, Scott Circle is willing to produce documents utilizing the 9/8 Search Terms. Scott Circle told OANN this several times, including hours before OANN filed its motion to compel document production. OANN cannot be permitted to go back on its prior agreement. *ProDox, LLC v. Pro. Document Servs.*, Inc., 341 F.R.D. 679, 685-86 (D. Nev. 2022) ("The Court will not countenance an attorney's attempt to renege on his prior agreement as a means to gain a litigation advantage."). Scott Circle does not dispute the relevance of these documents. Scott Circle's only issue is the excessive burden and expense imposed by OANN's requested search terms.

---

[9] Scott Circle agreed to this condition during the meet and confer yet went back on this agreement in its follow-up e-mail.

### III.  CONCLUSION

Scott Circle respectfully requests that this Court enter an Order quashing the October 11 deposition notice issued to Scott Circle and denying OANN's Motion to Compel Document Production.

*     *     *

Date: November 9, 2023

/s/ Erik Connolly
J. Erik Connolly (D.C. Bar No. IL0099)
Maura Levine-Patton
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
mlevine-patton@beneschlaw.com

*Attorneys for the nonparty movant Scott Circle Communications Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 9th day of November, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

                                      */s/ J. Erik Connolly*
                                      J. Erik Conolly (D.C. Bar No. IL0099)

                                      *One of the Attorneys for nonparty movant Scott Circle Communications Inc.*