# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, <br><br> Plaintiffs, <br> v. <br><br> HERRING NETWORKS, INC., <br><br> Defendant. | No. 1:21-cv-02900-CJN <br><br> Judge Carl J. Nichols |

### DECLARATION OF MAURA LEVINE-PATTON IN SUPPORT OF THIRD PARTY SCOTT CIRCLE COMMUNICATIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO QUASH DEPOSITION SUBPOENA AND RESPONSE TO OANN'S MOTION TO COMPEL DOCUMENT PRODUCTION

I, Maura Levine-Patton, make this declaration pursuant to 28 U.S.C. § 1746. I hereby declare under penalty of perjury that the following is true and correct:

1. I am an attorney at Benesch, Friedlander, Coplan & Aronoff LLP and counsel for nonparty Scott Circle Communications, Inc. ("Scott Circle") in this action. As such, I am fully familiar with the facts and circumstances of the matters stated in this declaration.

2. OANN's draft Motion to Modify Deposition Limits asks the Court to expand deposition limits to 120 hours per side. OANN sought approval from Courtney A. Moore, Courtroom Deputy for the Honorable Judge Carl Nichols, to file its Motion to Modify Deposition Limits and four other discovery motions. On Monday, October 30, Ms. Moore explained, "These matters are pending before Magistrate Judge Upadhyaya. These and similar requests and communications should be directed to her chambers."

3. On October 19, 2023, OANN and Scott Circle continued to discuss Scott Circle's production. During this meeting, OANN did not object to using search terms to assist with Scott

Circle's production. OANN acknowledged the burdensome nature of its proposal and asked Scott Circle to use the 9/8 Search Terms. Scott Circle agreed to produce documents captured by the 9/8 Search Terms so long as OANN would not request further iterations after production, as doing so would create an undue burden to Scott Circle. Scott Circle informed OANN that a production rooted in the 9/8 Search Terms could occur relatively quickly, as it was already in the process of being prepared. Scott Circle was sure that this agreement would meet the needs of both parties: Scott Circle could produce responsive documents without incurring undue burden, and OANN would receive such documents in a timely manner. It came as no surprise that OANN agreed to this arrangement during the meet and confer.

4. During the October 19 meet and confer, the parties reached the following agreement: Scott Circle would produce all documents captured by the 9/8 Search Terms, and OANN would not request further iterations.  Following the meet and confer, OANN went back on this agreement. Scott Circle refused to acknowledge the parties' agreement and Scott Circle's willingness to produce responsive documents.

5. On November 2, OANN informed Scott Circle of its intent to move to compel the production of documents. Scott Circle promptly reminded OANN of its willingness to produce documents. In particular, Scott Circle explained, "A motion to compel is wholly unnecessary given that we have agreed to product documents for all of the third-party PR firms that we represent…" OANN did not respond and filed its Motion to Compel Document Production.

6. After Scott Circle sent OANN the 9/8 Search Terms, OANN did not respond for almost a month. During this time, OANN did not object to the 9/8 Search Terms. OANN did not otherwise indicate to Scott Circle that the 9/8 Search Terms were insufficient.

Date:   November 9, 2023

Maura Levine-Patton, Illinois Bar No. 6330026
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
312.212.4949

*Attorney for Scott Circle Communications, Inc.*

3