**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*,<br><br>Plaintiffs,<br>v.<br><br>HERRING NETWORKS, INC.,<br><br>Defendant. | No. 1:21-cv-02900-CJN<br><br>Magistrate Judge Moxila A. Upadhyaya |

# PLAINTIFFS' REPLY IN SUPPORT OF ITS EMERGENCY MOTION TO STAY DEPOSITIONS

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. JUDGE UPADHYAYA HAS AUTHORITY TO RULE ON SMARTMATIC'S MOTION. ..... 2

1. OANN'S Pending Motion for Recusal Does Not Prohibit Judge Upadhyaya From Ruling on Smartmatic's Motion ..... 2

2. Smartmatic's Motion Is Properly In Front of The Court. ..... 5

B. There Is Good Cause to Stay All Depositions Until January 8, 2024 ..... 5

1. Smartmatic Will Suffer an Undue Burden If OANN Is Permitted to Take Depositions Now ..... 6

2. A Stay of Depositions Does Not Prejudice OANN. ..... 11

III. SANCTIONS ..... 12

IV. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ampong v. Costco Wholesale Corp.*,
550 F. Supp. 3d 136 (S.D.N.Y. 2021)....................11

*In re BellSouth Corp.*,
334 F.3d. 941 (11th Cir. 2003) ....................2, 3

*Bishay v. Harris*,
2023 WL 2784840 (D.D.C. Apr. 5, 2023)....................3

*Cochran v. U.S. SEC*,
20 F.4th 194 (5th Cir. 2021) ....................4

*Crawford-El v. Britton*,
523 U.S. 574 (1998)....................9

*Daker v. Toole*,
736 F. App'x 234 (11th Cir. 2018) ....................4

*Dilling v. United States*,
142 F.2d 473 (D.C. Cir. 1944)....................4

*Klayman v. Jud. Watch, Inc.*,
2019 WL 3719008 (D.D.C. Aug. 7, 2019) ....................4

*Low v. Whitman*,
207 F.R.D. 9 (D.D.C. 2002)....................1, 11

*Miller v. Merit Sys. Prot. Bd.*,
2023 WL 5321727 (D.D.C. July 3, 2023)....................4

*Nyambal v. Alliedbarton Sec. Servs. LLC*,
2021 WL 6773023 (D.D.C. June 12, 2021)....................3

*Pashian v. Eccelston Properties, Ltd*,
88 F.3d 77 (2d Cir. 1996)....................3

*Progressive Cas. Ins. Co. v. FDIC for Sun West Bank*,
2014 WL 12787793 (D.D.C. 2014) ....................8

*Province v. The Pep Boys--Manny, Moe, Jack*,
2000 WL 420626 (E.D. Pa. Apr. 12, 2000) ....................11

*Trice v. Fed. Deposit Ins. Corp.*,
2022 WL 17250284 (D.D.C. Nov. 28, 2022) ....................3

*United States v. Cudd*,
534 F. Supp. 3d 48 (D.D.C. 2021) ....................11

*United States v. Dixon*,
355 F. Supp. 3d 1 (D.D.C. 2019) ....................11

**Statutes**

28 U.S.C. § 455 ....................2

**Other Authorities**

Fed. R. Civ.P. 26(c) ....................1

Fed. R. Civ. P. 26(c)(1)(B) ....................8

Fed. R. Civ. P. 26(d)(3) ....................8

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Court's inherent authority, Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively, "Smartmatic"), by counsel, submit this Reply in support of its Emergency Motion to Stay Depositions (Dkt. 113) ("Motion"), and in reply to OANN's Response in Opposition to Plaintiffs' Emergency Motion to Stay Depositions (Dkt. 114) ("Response"). Smartmatic respectfully requests that this Court issue a protective order staying all depositions noticed by Defendant Herring Network Inc.'s (d/b/a OANN) ("OANN") until January 8, 2024.

## I. INTRODUCTION

Smartmatic was forced to bring this Motion due to the undue burden Smartmatic will suffer if OANN is permitted to take depositions now. The assertions made by OANN in its Response are incorrect. Judge Upadhyaya can rule on Smartmatic's Motion before ruling on OANN's pending Motion for Recusal. Further, Smartmatic's Motion asked this Court to enter a protective order staying **all** depositions, not just the five recently noticed.[1] (Motion, p. 15). Smartmatic is not ignoring this Court's authority or the fact discovery deadline. Almost two months ago, Smartmatic asked this Court to stay depositions and amend the scheduling order. (*See* Dkt. 96). Judge Nichols's Standing Order does not require Smartmatic to receive approval before filing this Motion before Magistrate Judge Upadhyaya. This has all been explained to OANN countless times, yet OANN insists it must be allowed to play by its own rules. OANN habitually ignores the factual and legal framework under which it must operate. Regardless of any of these incorrect assertions, Smartmatic is entitled to the relief it seeks—a stay of all depositions until January 8, 2024.

[1] A subpoena to the Wisconsin Secretary of State was one of the five new, third-party subpoenas mentioned in Smartmatic's Motion. (Motion, p. 4). OANN withdrew this subpoena on November 8th. (Sullivan Declaration, Ex. C, ¶ 7). OANN did not explain the withdrawal of this subpoena. (*Id.*)

## II. ARGUMENT

Smartmatic has sufficiently demonstrated that the burden of moving forward with OANN's depositions, as noticed, significantly outweighs the interest of OANN in conducting these depositions at this time. *Low v. Whitman*, 207 F.R.D. 9, 10 (D.D.C. 2002) (in ruling on a motion for protective order, the trial court weighs the burden to the moving party against the proponent's interest in obtaining the information). Smartmatic's Motion asks that all depositions be stayed until January 8, 2024. It does not ask this Court to prohibit these depositions from occurring. Additionally, the relief sought by Smartmatic in no way prevents OANN from obtaining the testimony it seeks, nor does it cause additional expenses for either party.

Despite OANN's claims, this Court has the authority to rule on this motion while recusal is pending. This Court should find that 1) if depositions move forward before January 8, 2024, there will be an undue burden and expense to Smartmatic and third parties; and 2) a stay will not prejudice OANN. As a result, the Court should grant the Motion.

### A. JUDGE UPADHYAYA HAS AUTHORITY TO RULE ON SMARTMATIC'S MOTION.

#### *1. OANN'S Pending Motion for Recusal Does Not Prohibit Judge Upadhyaya From Ruling on Smartmatic's Motion.*

OANN's Motion for Recusal is pending, but that does not limit Judge Upadhyaya's ability to hear this dispute and rule accordingly. OANN's Response advances two primary arguments regarding the pending motion for recusal, both of which are incorrect interpretations of the law.

*First*, OANN posits that Judge Upadhyaya cannot rule on this motion while her recusal is pending. (Response, p. 1). This assertion is false. OANN brought its recusal motion under 28 U.S.C. § 455. (Dkt. 79). This statute does not prohibit rulings from a judge after a recusal is filed. 28 U.S.C. § 455. The one case cited by OANN on this point does not support a contrary position. (*See* Response, p. 12). In *In re BellSouth Corp.*, 334 F.3d. 941, 949 (11th Cir. 2003), the majority

and dissent disagreed on whether it was appropriate for a district court judge to stay proceedings instead of immediately recusing himself where one of the attorneys was a family member of the judge.[2] In *BellSouth Corp.*, because a family member attorney was involved, there was "no dispute" that the judge could not hear the case; so in that instance, it would have been improper for the judge to make any substantive rulings. *BellSouth Corp*, 334 F.3d at 942. The unique facts of *BellSouth Corp* are not analogous to the case at bar, nor does the case hold that once a party moves for recusal, the judge cannot rule on motions.

To be clear, a pending motion for recusal does not impact this Court's ability to rule on Smartmatic's Motion. *See, e.g.*, *Nyambal v. Alliedbarton Sec. Servs. LLC*, 2021 WL 6773023, at *1 (D.D.C. June 12, 2021) (court continued to rule despite three pending motions for recusal); *Bishay v. Harris,* 2023 WL 2784840, at *1 (D.D.C. Apr. 5, 2023), aff'd, 2023 WL 6784306 (D.C. Cir. Oct. 6, 2023) (simultaneously ruling on motion for injunction and motion for recusal); *Trice v. Fed. Deposit Ins. Corp.*, 2022 WL 17250284, at *2 (D.D.C. Nov. 28, 2022) (simultaneously denying a motion for reconsideration and motion to recuse); *Pashian v. Eccelston Properties, Ltd*, 88 F.3d 77, 84 (2d Cir. 1996) ("Judge Martin did not err in deciding the motion for a preliminary injunction before effecting his recusal."). In fact, OANN's own cited case emphasizes that it is only once a judge has been recused that they can no longer rule on motions or take any actions that are not ministerial. *BellSouth Corp.*, 334 F.3d at 950, f.n. 4. Judge Upadhyaya has not been recused. As such, Judge Upadhyaya can and should rule on Smartmatic's Motion.[3] Judge Upadhyaya also

---

[2] The Judge stayed proceedings pending assignment instead of immediately granting the Motion for Recusal. *Id.* at 950. The majority found that the stay was a permissible course of action because it served as a "functional equivalent" of a recusal. *Id.* The dissent posits that a stay was not a proper substitute for an immediate recusal. *Id.* at 972.

[3] OANN noticed a deposition for this coming Monday, November 13. (Motion, p. 14). As such, Smartmatic requested expedited briefing to grant the Court sufficient time to enter a ruling by November 12. (*Id.*) This Court granted Smartmatic's request and ordered expedited briefing the same day Smartmatic filed its Motion. (Minute Entry, 11/3/23).

has the discretion to rule on OANN's Motion for Recusal at the time she chooses. OANN cannot unilaterally dictate which ruling she must give first.

*Second*, OANN asserts that if this Court denies OANN's Motion for Recusal the case must be stayed to give OANN adequate time to appeal. (Response, p. 1-2). Once again, this is an interesting position for OANN to take since it is actively opposing Smartmatic's request for a stay of depositions and claiming any delay in this case will cause it additional expenses. (*See* Response, p. 13). Nevertheless, OANN also misstates the law on this point.[4] The Court may, but is not required to, stay proceedings pending an appeal. *See e.g.*, *Dilling v. United States*, 142 F.2d 473, 473 (D.C. Cir. 1944) (case moved to trial while litigant appealed judge's ruling on disqualification); *Klayman v. Jud. Watch, Inc.*, 2019 WL 3719008, at *3 (D.D.C. Aug. 7, 2019) ("The Court of Appeals recognizes the trial court's discretion in handling Section 455(a) motions"). Once this Court denies OANN's Motion for Recusal, OANN can exercise whatever appellate rights it thinks it may have and move for a stay. Until then, that issue is not before this Court.[5]

Because a pending motion for recusal does not impact Judge Upadhyaya's ability to rule on Smartmatic's Motion, Smartmatic respectfully requests that this Court grants Smartmatic's Motion on or before November 12 to ensure a ruling before the next noticed deposition.

---

[4] OANN's cases, once again, do not support its position. In *Daker v. Toole*, 736 F. App'x 234, 236 (11th Cir. 2018), the Court explained that once a judge is recused, they cannot take further action. In *Cochran v. U.S. SEC*, 20 F.4th 194, 212 (5th Cir. 2021), the Court affirmed a party's right to move for recusal. And in *Miller v. Merit Sys. Prot. Bd.*, 2023 WL 5321727, at *1 (D.D.C. July 3, 2023), Judge Nichols granted a stay upon request. None of these cases stand for the proposition that the stay is required.

[5] Whether to stay the case pending an appeal of OANN's Motion for Recusal would be a decision made by Judge Nichols since he is the presiding judge, and it is not a discovery dispute. As such, this Motion, directed at Magistrate Judge Upadhyaya is not the correct place to raise the hypothetical issue of staying the case.

### *2. Smartmatic's Motion Is Properly In Front of The Court.*

OANN's assertion that Smartmatic should have followed Judge Nichols's standing order when filing its Motion is nonsensical. As Smartmatic previously stated, Judge Nichols referred all discovery disputes in this matter to Judge Upadhyaya. (May 31, 2023 Minute Entry).[6] It does not follow then that Judge Nichols's Standing Order applies when Smartmatic raises a discovery dispute with the Court. Judge Upadhyaya controls her own courtroom and is not subject to another judge's standing order. In addition, Judge Upadhyaya does not have a standing order, and therefore, without further instruction from the Court, there is no procedure that must be followed before filing a motion such as this one.

OANN also fails to mention the email that was sent to the parties from Judge Nichols's Chambers on October 30, 2023. (Motion, Ex. B). After OANN asked Judge Nichols's chambers repeatedly for leave to file discovery motions, Judge Nichols's Chambers informed the parties that discovery dispute motions should be filed directly with Judge Upadhyaya. (*Id.*) It is remarkable that following that email from Judge Nichols's Chambers, OANN still proceeded to argue that this Motion is not properly in front of this Court. (See Response, p. 3). OANN continues to waste both the Court's time and Smartmatic's time by needlessly arguing that Judge Nichols's standing order applies to discovery disputes in this matter.

## B. THERE IS GOOD CAUSE TO STAY ALL DEPOSITIONS UNTIL JANUARY 8, 2024.

OANN does not sufficiently refute Smartmatic's assertion that there is good cause to stay all depositions. Instead, OANN seeks to obfuscate this key issue by spending pages of its Response focusing on Smartmatic's alleged wrongdoings in discovery and provides a laundry list of things

---

[6] Judge Nichols's May 31, 2023 Minute Order states, "CASE DIRECTLY REFERRED to Magistrate Judge Moxila A. Upadhyaya for resolution of all discovery disputes."

Smartmatic has allegedly "refused" to do.[7] However, by including this list, OANN acknowledges that there are a number of discovery disputes pending and that these disputes are important to OANN's defenses. It is unclear, then, why OANN insists on moving forward with depositions when it has allegedly not received the discovery it needs to dispute Smartmatic's claims. Both parties would be better situated to take depositions after discovery disputes are resolved and could avoid taking depositions twice.

### *1. Smartmatic Will Suffer an Undue Burden If OANN Is Permitted to Take Depositions Now.*

As Smartmatic has repeatedly explained, Smartmatic will suffer an undue burden if depositions proceed at this time. There are two issues that must be addressed before depositions continue, or the parties will run a serious risk of having to conduct depositions a second time. *First*, OANN's document production is deficient. Smartmatic cannot be expected to prepare for depositions without any indication of OANN's defensive theories or potential topics to be explored. (Motion, p. 7). *And second*, several outstanding disputes will directly impact all depositions. (*Id*. at 7-10).

***Deficient Production*:** OANN's document production is deficient. In its Motion, the third motion Smartmatic has filed in response to OANN's improper deposition notices, Smartmatic referred to OANN's failure to produce viewership metrics as one of many examples where OANN remained deficient. (Motion, p. 10). Frankly, Smartmatic did not think it was necessary to re-hash several other categories of missing documents, particularly when they have already been raised in

[7] OANN's list mischaracterizes Smartmatic's actions. For example, Smartmatic is in no way disregarding this Court's discovery deadline or standing order. Smartmatic's pending Motion for Protective Order asked this Court to stay depositions until January 8, 2024, and amend the scheduling order accordingly. (Dkt. 96). Smartmatic currently proposes a fact discovery deadline of April 8, 2024. (*Id.*) Smartmatic is not "ignore[ing] the existing scheduling order." (Response, p. 4). And by way of further example, Smartmatic's "refusal" to respond to OANN's Second Set of Requests for Production is not an example of Smartmatic being dilatory. (*See* Response, p. 5). Smartmatic moved for a protective order to quash OANN's Second Set of Requests for Production on a good faith basis, as it is entitled to under the Federal Rules of Civil Procedure. (Dkt. 81).

prior pleadings on the issue of deposition timing. (*See* Dkt. 96, p. 11; Dkt. 101, p. 10; Dkt. 105, p. 4-6, 11-12; Dkt. 106, p. 5). Now that OANN improperly contends that viewership metrics are the only example of Smartmatic's claim that OANN's production is deficient, *see* Response, p. 19, Smartmatic is forced to repeat examples of OANN's deficiencies that have already been presented to this court.[8]

In Smartmatic's Motion for Protective Order, Smartmatic first explained the substantially undeveloped record to the Court:

> OANN has not responded to Smartmatic's Second Set of RFPs. OANN has not produced any information regarding its social media or viewing metrics. OANN has not produced any information regarding whether it attempted to contact Smartmatic at any point. OANN has not provided Smartmatic with sufficient information on its ratings and audience. OANN has not provided Smartmatic with any of its financial documents. These are just a few of the many areas where OANN remains deficient.

(Dkt. 96, p. 11).

In its Reply in support of its Motion for Protective Order, Smartmatic provided this Court with another example of OANN's deficient production: OANN has only produced employment contracts for "four hosts when there are twelve hosts at issue." (Dkt. 101, p. 10). Despite these glaring deficiencies, OANN continued to simultaneously deny that its production was deficient while also identifying additional relevant witnesses and documents on a rolling basis.[9] (Ex. C, Sullivan Declaration, ¶ 2).

---

[8] In its Opposition, OANN states that it "has already produced responsive viewership metrics" and "does not" have "viewership metrics that it ha[s] not yet produced." OANN did not support this claim by way of affidavit or other evidence. Smartmatic continues to believe that OANN is withholding information on viewership metrics.

[9] On October 6, 2023, after Smartmatic's Motion for Protective Order was fully briefed, OANN supplemented its answer to Interrogatories No. 7 through 20. (Ex. C at ¶ 3). OANN's Response identified five additional defamatory broadcasts, eight additional dates where it re-aired defamatory shows, new sources for these defamatory broadcasts, and new individuals involved in researching, preparing, or fact-checking the defamatory statements about Smartmatic. (*Id.*) This is just one of many examples where OANN has produced crucial, substantive information after contending that its production is in no way deficient.

Smartmatic continued to shed light on OANN's deficient production in its Emergency Motion to Quash Deposition Notices. (Dkt. 105, p. 5). Smartmatic explained that OANN's failure to produce documents has been a problem since the inception of discovery. (Dkt. 105, p. 3). Smartmatic informed OANN as early as March 30, 2023, that depositions may need to be stayed due to OANN's failure to produce documents. (*Id*. at 4). OANN, of course, did not cure these deficiencies. (*Id*. at 4-6).

Smartmatic went on to provide the Court with additional examples of production deficiencies.

> OANN has not produced data on viewership metrics… OANN's document production is deficient with regard to Dominion and Alex Halderman. Smartmatic has specifically requested that OANN produce all documents it produced in its litigation with Dominion, but OANN has refused.

(Dkt. 105, p. 11-12).

OANN continued to deny these deficiencies. (Dkt. 106, p. 5). And Smartmatic continued to push back with more examples.

On October 13, one day after it filed its Emergency Motion to Quash Deposition Notices, Smartmatic wrote OANN about its deficient productions and identified several categories of deficient productions. (Ex. C, ¶ 4). On October 24, Smartmatic contacted OANN about a troublesome spreadsheet OANN produced that contained the passwords for Smartmatic employees' email addresses that would only be available by hacking Smartmatic's system. (*Id.*). OANN has since responded to both letters and promised to produce additional responsive documents. (*Id.*) OANN has continued to produce documents as recently as November 7. (*Id.* at ¶ 5). Smartmatic will suffer an undue burden if OANN is permitted to proceed with any depositions before these deficiencies are cured. (Motion, p. 7).

OANN asserts that discovery can proceed in any order, and depositions can occur before document production has occurred. (Response, p. 4). As Smartmatic has acknowledged in prior briefing, the Federal Rules of Civil Procedure allow the methods of discovery to proceed in any sequence. Fed. R. Civ. P. 26(d)(3). However, this in no way limits the Court's discretion to issue a protective order for good cause. See Fed. R. Civ. P. 26(c)(1)(B); *Progressive Cas. Ins. Co. v. FDIC for Sun West Bank*, 2014 WL 12787793, at *3 (D.D.C. 2014) ("The decision to impose a particular sequence of discovery methods is therefore committed to the discretion of the trial judge"). Courts should exercise their discretion to determine a sequence of discovery that results in the prompt and efficient resolution of a lawsuit. *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). Smartmatic asserts that the only efficient way to proceed with discovery at this time is to stay depositions.

***Outstanding Disputes*****:** The outstanding disputes before this Court continue to grow. (Motion, p. 7-9). OANN knows that the resolution of these disputes will directly impact depositions, including the depositions of third parties. Smartmatic has repeatedly provided examples in pleadings as to how the resolution of the disputes will impact depositions. (*See* Dkt. 96, p. 10; Dkt. 101, p. 4-7; Dkt. 105, p. 10-11; Dkt. 107, p. 4-5; Motion, p. 7-9).

As Smartmatic demonstrated in its Motion, the outstanding disputes directly impact the depositions of third parties as well. (Motion, p. 12-13). For example, the deposition of the Los Angeles County Registrar should not occur until after OANN's Motion to Compel Source Code is resolved. (Motion, p. 10). Los Angeles County owns Smartmatic's source code, which will undoubtedly make the source code a topic in the deposition. (*Id.*); (Ex. C, ¶ 6). OANN does not dispute this in its Response. By way of further example, OANN seeks to depose Michelle Schafer regarding Cook County and Sequoia Voting Systems. (Response, Ex. 1-C). OANN served over fifty document requests regarding Cook County or Sequoia Voting Systems. (*See* Dkt. 81, Ex. B.1).

Smartmatic moved to quash all of those requests in its July 7, 2023 Motion, which is still pending. (Dkt. 81, at p. 2).

OANN makes the strained argument that there are "fundamental differences" between the five third party depositions that are the subject of this Motion and the fourteen depositions that have been temporarily stayed. (Response, p.11). OANN plainly ignores that this Court's October 21, 2023 Minute Order stayed the depositions of three third parties. The support for this Motion is no different than the support offered in the motion to stay this Court granted. There is no unique difference between the third-party depositions that were stayed and the ones at issue in this Motion. And OANN also ignores the other issues with these subpoenas that Smartmatic raised in its Motion. OANN did not contest that its subpoenas were duplicative and were issued as an attempt to circumvent negotiating with third parties for the production of documents. (*See* Motion, p. 12-13).

In addition, OANN has now taken the position that nothing can be ruled on until Judge Upadhyaya rules on the motion for recusal. (Response, p. 1-2). Although this position is incorrect, it is further evidence that the parties must await judicial resolution of disputes before proceeding with depositions. For example, if this Court were to deny Smartmatic's Motion, the Louisiana Secretary of State deposition may occur on Monday, November 13. (Response, Ex. 1-B). Should a discovery dispute arise in this deposition, the parties would turn to the Court for assistance. However, OANN has made clear that they do not believe Judge Upadhyaya has authority to rule at this time. (Response, p. 1-2). Thus, the parties would be stuck in limbo without ruling, and the Louisiana Secretary of State would almost certainly be subject to a second deposition. This is a clear example of the undue burden and expense that both Smartmatic and third parties would suffer

if any or all depositions were permitted to proceed before outstanding disputes like the pending motion for recusal are resolved.

### *2. A Stay of Depositions Does Not Prejudice OANN.*

Throughout OANN's Response, it laments that it is just a "small, family-run company" being forced to expend resources defending this case. (Response, p. 11). It should not be forgotten that Smartmatic is a family-run company that was defamed continuously for eight months by OANN, and its business suffered grave consequences as a result. OANN has chosen to use its resources by continuously issuing deposition subpoenas and defending its actions in response to Smartmatic's motions to quash the depositions. Smartmatic warned OANN that this cycle would continue if OANN did not stop issuing deposition subpoenas before January 8, 2024. (Dkt. 105, p. 12).

OANN's only argument in support of prejudice is that "extending the fact discovery deadline imposes significant additional expenses on OAN." (Response, p. 11). Yet, OANN does not explain what these expenses would be or why a stay would result in additional costs. This failure to show prejudice is fatal to OANN's position. *See United States v. Dixon*, 355 F. Supp. 3d 1, 6 (D.D.C. 2019) ("While the [moving party] has shown good cause for a protective order, [defendant's] allegations of prejudice fall short"); *United States v. Cudd*, 534 F. Supp. 3d 48, 55 (D.D.C. 2021) (finding good cause where defendant would not be prejudiced by the protective order because it would not limit defendant's ability to access the discovery sought); *Province v. The Pep Boys--Manny, Moe, Jack*, 2000 WL 420626, at *4 (E.D. Pa. Apr. 12, 2000) ("[N]o prejudice has been proven sufficient to upset defendant's showing of good cause sufficient to obtain the requested protective order"); *Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136, 140 (S.D.N.Y. 2021) (granting protective order where "there will be no real prejudice"). Smartmatic's requested stay would avoid undue burden and expense for both parties, as it will prevent witnesses from being subject to multiple

depositions. OANN will still be allowed to take depositions and negotiate the parameters of those depositions, just as they would if they were occurring this month. If OANN were genuinely concerned with its resources, it would have waited for this Court's ruling on Smartmatic's Motion for Protective Order before noticing additional depositions.

As Smartmatic outlined in its Motion, to determine whether the nonmovant would suffer prejudice, the court looks at the need for the discovery sought. *Low v. Whitman*, 207 F. R. D. at 13 (granting motion for protective order because no true need for the information is shown). Smartmatic does not contest the need for the depositions sought.[10] Accordingly, OANN is unable to demonstrate how Smartmatic's requested relief is prejudicial if it still has an opportunity to take the depositions.

## III. SANCTIONS

This motion practice persists because OANN continues to harass Smartmatic and third parties with deposition notices that it knows are improper. OANN has not provided this Court with any explanation, let alone a valid one, as to why it continues to notice depositions despite the pending September 18 Motion for Protective Order to Stay Depositions and the Court's October 21, 2023 Minute Order staying fourteen depositions. Instead of defending its actions, in its Response, OANN deflects by asserting that Smartmatic should pay its fees. (Response, p. 12-13).

OANN's reasons why Smartmatic must pay its expenses are hollow. First, OANN asserts that Smartmatic has needlessly refused to participate in timely depositions. (*Id.*) The Court's October 21, 2023 Minute Order indicates that Smartmatic's refusal to do so was warranted. Second, OANN states that Smartmatic has refused to comply with the Court's standing order. (*Id.*) As discussed above, Judge Upadhyaya has authority over discovery disputes, and Judge Nichols's

[10] Smartmatic reserves its right to challenge the deposition subpoenas issued by OANN.

standing order does not apply. (*See* supra, Section A). Third, Smartmatic refused to answer OANN's Second Set of Requests for Production and served its requests late. (Response, p. 12). Smartmatic filed a motion to quash OANN's Second Set of Requests for Production because they contained 1,500 duplicative requests. (Dkt. 81). And Smartmatic's second set of requests were served in a timely manner in line with its motion for an extension of the deadline. (*See* Dkt. 54). None of these assertions warrant a finding that Smartmatic should pay OANN's fees.

Smartmatic reiterates its request that the Court provide guidance as to whether it believes seeking sanctions against OANN at this time would be appropriate.

## IV. CONCLUSION

Absent a court ruling, OANN's cyclical behavior will continue, and it will continue to waste judicial resources and notice depositions over Smartmatic's objection. Therefore, Smartmatic respectfully requests that this Court enter a Protective Order staying all depositions until January 8, 2024.

* * *

Date: November 9, 2023

*/s/ Erik Connolly*

J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Caitlin A. Kovacs (admitted pro hac vice)
Olivia Sullivan (admitted pro hac vice)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ Erik Connolly*

*One of the Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*