# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, ) ) ) ) | . |
| Plaintiffs, ) ) | Civil Action No. 1:21-cv-02900-CJN |
| v. ) ) | |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, ) ) ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF OAN'S OPPOSED MOTION TO COMPEL DOCUMENT**
**PRODUCTION FROM SCOTT CIRCLE COMMUNICATIONS, INC.**

## I.  Introduction

Despite numerous negotiations with OAN and Scott Circle's promises to produce "right away" or within 30 days, Scott Circle has failed to produce *any* documents in response to OAN's document subpoena, the subject of OAN's Motion to Compel Document Production from Scott Circle Communications, Inc. (the "Motion") (Dkt. 111). Nowhere in its response to the Motion does Scott Circle claim that the subpoena seeks irrelevant information; nor does Scott Circle raise any other substantive objection to OAN's document requests. Instead, Scott Circle illogically asserts that it "cannot be compelled to produce documents it never refused to produce." (Dkt. 116 at 1.)

OAN seeks to put a stop to Scott Circle's stonewalling, particularly with a December 8, 2023 fact discovery deadline fast approaching. There is no reason why Scott Circle has not already produced responsive documents, as it promised it would months ago, and certainly no reason it cannot produce these documents today. The Court should order Scott Circle to stop stalling and produce responsive documents now based on *its own* search terms and OAN's proposed search terms.

## II.  Argument

"The person objecting to production has a heavy burden to show that the subpoena should not be enforced." *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, 286 F.R.D. 8, 11 (D.D.C. 2012). Scott Circle's response asserts that OAN has prematurely filed the Motion to force Scott Circle to "hastily produce documents" or "needlessly draft a response and expend resources." (Dkt. 116 at 8-9.) Both assertions are untrue. OAN's Motion seeking an order compelling prompt production and Scott Circle's necessary response are solely the result of Scott Circle's own dilatory actions. (Dkt. 111-1, Ex. A, Shah Decl. ¶¶ 6–7, 10–12; 111-3, Ex. C, Email Correspondence Re: Third Party Subpoenas.) Despite OAN's concessions and the agreements made during the meet-

2

and-confer, Scott Circle has refused to produce documents responsive to its *own* proposed search terms from September 8, 2023. (Dkt. 111-1, Ex. A at ¶ 1.) Scott Circle's response even acknowledges it is willing to produce documents using the September 8 search terms—but Scott Circe still has not actually done so, despite conceding that it "does not dispute the relevance of these documents." (Dkt. 116 at 9.) The Court should deny Scott Circle's attempt to hold hostage these admittedly relevant documents, and should compel their disclosure immediately.

Scott Circle says its "only issue is the excessive burden and expense imposed by OAN's requested search terms." (Dkt. 116 at 9.) But Scott Circle has declined to provide *any* evidence of this asserted burden to produce documents responsive to OAN's proposed terms, even though Scott Circle acknowledges that OAN long ago asked Scott Circle to "explain the burdensome nature of each proposed search term," and specifically requested hit reports for the terms it objected to (Dkt. 116 at 8.) The record also demonstrates that Scott Circle has had more than sufficient time to produce such records. On June 7, 2023, Scott Circle requested additional time to respond to the 4/19 document subpoena, with counsel stating "we need 30 days to produce documents." (Dkt. 111-1, Ex. A. at ¶ 3; 111-2, Ex. B, Email Correspondence re Deadlines.) Four months have passed since Scott Circle's requested 30-day extension—or 132 days—and Scott Circle has produced zero responsive documents. OAN has no other option but to seek this Court's relief and request this Court to compel Scott Circle to produce documents responsive to OAN's subpoena using Scott Circle's own proposed search terms and OAN's search terms.

### III.    Conclusion

In light of the fast-approaching December 8, 2023 fact discovery deadline, the Court should render an order compelling Scott Circle to produce the promised documents responsive to the 4/19 document subpoena immediately.

Dated: November 16, 2023                    Respectfully submitted,

By: */s/ R. Trent McCotter*

**JACKSON WALKER L.L.P.**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY PLLC**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

4

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November 2023, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.

/s/ *R. Trent McCotter*
R. Trent McCotter