IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>  Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>  Defendant. | No. 1:21-cv-02900-CJN |

**DEFENDANT'S SECOND OPPOSED MOTION FOR ISSUANCE OF LETTERS OF REQUEST AND LETTER ROGATORY**

Herring Networks, Inc., D/B/A One America News Network ("OAN") files this Second Opposed Motion for Issuance of Letters of Request and Letter Rogatory as follows:

**Summary**

1. OAN asks the Court to issue letters of requests pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. No. 7444, 23 U.S.T. 2555 ("Hague Evidence Convention"). OAN seeks letters directed to the central authorities of the United Kingdom, the Netherlands, and Switzerland for evidence that is directly relevant to this matter. Plaintiffs (together, "Smartmatic") claim billions of dollars in damages comprised of alleged lost valuation, lost profits, and reputational damage, all of which Smartmatic claims OAN's broadcasts caused.[1] Smartmatic has specifically confirmed that it is "asserting

---

[1] *E.g.*, Complaint, Dkt. 1 at p. 186. All page references are to the ECF page number.

1

reputational harm in foreign countries."[2]  This is consistent with its Complaint, which alleges global harm.[3]

2.  Smartmatic has used auditors in the UK and the Netherlands to value its companies and prepare financial statements during the relevant time period (*i.e.,* pre- and post-broadcasts). Such financial statements and valuation documents are directly relevant to purported damages. OAN seeks documentation by firms in the UK and the Netherlands relating to valuations and financial statements of Smartmatic both before and after OAN's broadcasts.  OAN also seeks emails between the former chairman of the board of Smartmatic's parent company, Plaintiff SGO Corporation Limited ("SGO") – Lord Mark Malloch-Brown ("Malloch-Brown") – and a British politician (Niranjan Deva) and others regarding Smartmatic and its attempts to acquire business. OAN also seeks witness testimony from Malloch-Brown. During Malloch-Brown's tenure at SGO, Smartmatic's revenue fell dramatically, and Malloch-Brown made comments in correspondence – well before OAN's broadcasts – indicating that Smartmatic had a poor reputation.  Additionally, OAN seeks witness testimony from Marco Huberts, Smartmatic's former Sales President for the European, Middle East, and African region ("EMEA"), who is located in the Netherlands.  Mr. Huberts has addressed the degree to which Smartmatic has achieved international success.

---

[2] Ex. 1, Email from C. Kovacs, Counsel for Plaintiff, to J. Edwards and others, Counsel for OAN (Aug. 15, 2023).

[3] Complaint, Dkt. 1 at pp. 184-85 (claiming that "Smartmatic's reputation has been irreparably tarnished," that "[p]rior to the 2020 U.S. election" Smartmatic had a reputation that guaranteed secure, accurate and auditable elections, and that "[i]ndividuals responsible for selecting voting systems in the United States *and across the world* understood they would not be second-guessed if they selected Smartmatic") (emphasis added); *see also id.* at p. 438 (Smartmatic listing many international subsidiaries operating around the globe).

3. Additionally, Smartmatic made statements about this litigation to a party located in Switzerland (HSBC's Private Bank) in the course of seeking litigation funding, and such statements are self-evidently relevant to this litigation.

4. Finally, OAN seeks a letter rogatory asking for documents from the Central Election Commission in Taiwan relating to poor performance by Smartmatic, which is directly relevant to causation and damages. While Taiwan is not a signatory to the Hague Evidence Convention, a letter rogatory may be transmitted for use in Taiwan.

**Argument**

5. The Court should issue the attached proposed letters of request to the United Kingdom, the Netherlands, and Switzerland because this is the type of situation in which the Hague Evidence Convention provides relief, and the discovery sought is relevant to the issues in this case. The Court should also issue the attached letter rogatory to the courts of Taiwan.

6. The Hague Evidence Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention. *Société Nationale Industrielle Aéropostiale v. U.S. Dist. Ct.*, 482 U.S. 522, 541 (1987) ("*Aéropostiale*"). The Hague Evidence Convention is in force between the United States and each of the United Kingdom, the Netherlands, and Switzerland. *See* 23 U.S.T. 2555, art. 42; Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited Nov. 15, 2023).

7. Under the Hague Evidence Convention, "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." 23 U.S.T. 2555, art. 1. The Hague

Evidence Convention is reproduced at 28 U.S.C. § 1781, which "codifies the Hague Convention and empowers federal courts to 'transmit[ ] a letter rogatory or request ... to [a] foreign or international tribunal [or] officer[.]'" *Jaguar Land Rover Ltd. v. DR. ING. H.C. F. Porsche AG*, No. 21-MC-62-ZMF, 2021 WL 3075698, at *1 (D.D.C. June 22, 2021) (quoting 28 U.S.C. § 1781(b)(2).

8. The Hague Evidence Convention contemplates that letters of request will be sent to the "central authority" designated by the relevant signatory to the Hague Evidence Convention. The recipient state will then execute the letter of request.

9. When weighing requests for international discovery, courts should not overlook factors relevant to international comity, even requests pursuant to the Hague Evidence Convention. *McCarthy v. Johnson*, --- F. Supp. 3d ----, No. 21-MC-4 (GMH), 2022 WL 16834019, at *3 (D.D.C. Nov. 9, 2022) (citing *Jaguar Land Rover Ltd.*, 2021 WL 3075698, at *1). "Traditionally, there are five factors in any comity analysis: (1) 'the importance to the [investigation] ... of the documents or other information requested'; (2) 'the degree of specificity of the request'; (3) 'whether the information originated in the United States'; (4) 'the availability of alternative means of securing the information'; and (5) 'the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interest of the state where the information is located.'" *Jaguar Land Rover Ltd.*, 2021 WL 3075698, at *1 (quoting *Aéropostiale*, 482 U.S. at 544 n.28). "However, 'some of the international comity concerns noted by the Court [in *Aerospatiale*] are lessened when only use of the Hague Convention is at issue because all the relevant nations have consented to the treaty process.'" *Id.* (quoting *Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856

4

Fed.Appx. 392, 399 (3d Cir. 2021)) (alteration in original); *accord McCarthy*, 2022 WL 16834019, at *3.

10. When analyzing requests related to countries that have joined the Hague Evidence Convention, the first three comity factors are the most important. *McCarthy*, 2022 WL 16834019, at *3 (citing *Jaguar Land Rover Ltd.*, 2021 WL 3075698, at *1); Restatement (Third) of Foreign Relations Law § 473 reporters n.5 (Am. L. Inst. 1987).

11. The United Kingdom has adopted a declaration that it will only execute letters of request relating to pre-trial document discovery when it seeks a particular document specified in the Letter of Request as being a document appearing to the requested court to be, or to be likely to be, in the target's possession, custody or power:

> (a)   In accordance with Article 23 Her Majesty's Government declare that the United Kingdom will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents. Her Majesty's Government further declare that Her Majesty's Government understand 'Letters of Request issued for the purpose of obtaining pre-trial discovery of documents' for the purposes of the foregoing Declaration as including any Letter of Request which requires a person:
> a. to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or
> b. *to produce any documents **other than** particular documents specified in the Letter of Request as being documents appearing to the requested court to be, or to be likely to be, in his possession, custody or power.*[4]

12. The Netherlands has made a similar declaration:

> The Netherlands will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries. For the purposes of Article 23 of the Convention, 'Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries', which the Netherlands will not execute, are defined by the Government of the Kingdom of the Netherlands as being any Letters of Request which require a person:

---

[4] Declarations/Reservations of the United Kingdom, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=564&disp=resdn (last visited Nov. 16, 2023) (emphasis added).

> (a) to state which of the documents which are of relevance to the proceedings to which the Letter of Request relates have been in his possession, custody or power; or
> (b) *to produce any document **other than** particular documents specified in the Letter of Request as being documents which the court which is conducting the proceedings believes to be in his possession, custody or power.*[5]

13. Switzerland has also made a similar declaration:

> In accordance with Article 23, Switzerland declares that Letters of Request issued for the purpose of obtaining pre-trial discovery of documents will not be executed if:
> a) the request has no direct and necessary link with the proceedings in question; or
> b) a person is required to indicate what documents relating to the case are or were in his/her possession or keeping or at his/her disposal; or
> c) a person is required to produce documents other than those mentioned in the request for legal assistance, which are probably in his/her possession or keeping or at his/her disposal; or
> d) interests worthy of protection of the concerned persons are endangered.[6]

14. Additionally, while Taiwan is not a signatory to the Hague Evidence Convention, a letter rogatory may be transmitted for use in Taiwan. *See Hayes Bicycle Grp., Inc. v. Muchachos Int'l Co.*, No. 06-CV-1305, 2008 WL 4830570, at *4 (E.D. Wis. Oct. 31, 2008) ("As to other evidence located in Taiwan, if the parties and non-parties cannot agree on disclosure, the court may issue letters rogatory notwithstanding the fact that Taiwan is not a signatory of the Hague Convention on the Taking of Evidence Abroad in Civil, or Commercial Matters.").

15. OAN has prepared proposed letters of request addressed to the designated central authorities of each of the United Kingdom, the Netherlands, and Switzerland. OAN has also prepared a letter rogatory for discovery sought in Taiwan. In the case of Switzerland and Taiwan,

---

[5] Declarations/Reservations of the Netherlands, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=510&disp=resdn (last visited Nov. 16, 2023) (emphasis added).

[6] Declarations/Reservations of Switzerland, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=561&disp=resdn (last visited Nov. 16, 2023).

the letters are accompanied with certified translations.[7] OAN requests the following documents from the following witnesses:

- **United Kingdom**: (1) valuations of Smartmatic by Kroll (formerly known as Duff and Phelps) for the years 2018 through 2022; (2) audited financial statements of Smartmatic from KPMG UK from 2014 to the present; (3) investment deal and Special Purpose Acquisition Company (SPAC) strategy and business valuations performed for Smartmatic and supporting data from Portman Global Partners, also known as Portman Partners (UK); (4) documentation of credit facilities supplied by Santander UK plc; and (5) emails between the former chairman of the board of Plaintiff SGO (Malloch-Brown) and a British politician (Niranjan Deva) and others regarding Smartmatic and its attempts to acquire business.

- **The Netherlands**: audited financial statements from 2014 to the present from KPMG (Netherlands) of Smartmatic International Holdings BV;

- **Switzerland**: documentation provided to HSBC Private Bank (Suisse) SA located in Geneva, Switzerland ("HSBC") discussing Smartmatic's litigation strategy and seeking litigation funding, as well as documentation by HSBC of oral statements made by Smartmatic officials to HSBC regarding this litigation.

- **Taiwan**: documentation from the Central Election Commission ("CEC") in Taiwan regarding issues, problems, and investigations relating to Smartmatic's software, machines, voting or election technology, or support services used in elections in Taiwan.

Additionally, OAN seeks witness testimony from Malloch-Brown (who is located in the UK) regarding Smartmatic's attempts to secure business, Smartmatic's financial status, projections, layoffs, and reputation prior to the broadcasts, Smartmatic's relationships with George Soros and the Open Society Foundations, OAN's coverage of Smartmatic, and the lawsuit filed against OAN. OAN also seeks witness testimony from Marco Huberts (who is located in

---

[7] Under the Hague Evidence Convention, "[a] Letter of Request shall be in the language of the authority requested to execute it or be accompanied by a translation into that language." 23 U.S.T. 2555, art. 4. Switzerland requires the letter to be in German, French, or Italian, depending on the part of Switzerland in which the documents are to be executed. In this case, the letter is to be executed in Geneva, Switzerland, so the letter is accompanied by a French translation. The letter rogatory to Taiwan is translated into Chinese. The Netherlands accepts letters in English.

the Netherlands) regarding the business obstacles faced by Smartmatic internationally that may explain why any damages it has suffered (if any) have nothing to do with OAN's broadcasts. Mr. Huberts was involved in Smartmatic's international dealings.

16. OAN has reason to believe that the aforementioned documents exist because it has seen related evidence and emails referring to such communications or suggesting that such emails exist. Further, as to Malloch-Brown, OAN has seen that Malloch-Brown conducted business relating to Smartmatic using his personal email address.

17. All comity factors weigh in favor of issuing a letter of request, including each of the first three, which are considered the most important.

- **Importance:** As to the documents, the documents sought are important because they relate to (1) causation and Smartmatic's alleged damages, including valuation and financial status of Smartmatic prior to and after the OAN broadcasts at issue, as well as other causes (poor performance) for Smartmatic's purported damages; and (2) Smartmatic's statements regarding the litigation, which are self-evidently relevant. As to the witness testimony, the witness testimony from Malloch-Brown is very important because Malloch-Brown – a key figure (the former chairman of the board of Smartmatic's parent company) – made statements prior to the OAN broadcasts regarding the poor reputation of Smartmatic and has knowledge regarding Smartmatic's performance issues that impact its ability to do business, unrelated to OAN's broadcasts. The testimony from Mr. Huberts is also important because Mr. Huberts was involved in Smartmatic's international dealings. As noted, Smartmatic seeks international damages.

- **Specificity**: The document requests are specific, as reflected above and in the attached letters of request.

- **Origination outside of the U.S.:** The documentation and information originated outside the U.S. While some Smartmatic statements or data might originate in the U.S., documentation and analysis of them by third parties outside the U.S. necessarily originates outside the U.S.

- **No alternative means**: There are no alternative means of securing the information, as the information is in the hands of the entities/individuals in the United Kingdom, the Netherlands, Switzerland, and Taiwan discussed above.

- **No undermining of important interests through compliance**: While compliance with the request will not undermine important interests of the states where the information is located (the United Kingdom, the Netherlands, Switzerland, and

8

Taiwan), noncompliance *will* undermine the U.S.'s interests in distributing equal justice and due process in this matter. Importantly, and as noted above, this factor is not nearly as important when the Hague Evidence Convention controls since, among other reasons, "[w]hen a court orders resort to the Convention or to other means of international judicial assistance, it commits the issue whether compliance with the request would undermine important interests of the state where the information is located *to the courts or other authorities of that state*." Restatement (Third) of Foreign Relations Law § 473 reporters n.5 (1987) (emphasis added).

18. The proposed Letters of Request attached hereto conform to the requirements of Article 3 of the Hague Evidence Convention. Specifically, the Letters of Request describe the requesting judicial authority, the nature of the proceedings for which the evidence is required, the identity of the entities from whom evidence is sought, and the particular documents and testimony to be obtained.

19. The additional conditions imposed by the United Kingdom, the Netherlands, and Switzerland are also satisfied and are set forth in the Letter of Request: the documents are set forth with specificity and do not require the party in the foreign country to state whether they have certain documents in their possession, custody, or control.

20. Accordingly, OAN requests that the Court issue the attached proposed Letters of Request under the Hague Evidence Convention to the United Kingdom, the Netherlands, and Switzerland, as well as the attached letter rogatory to the courts of Taiwan. Such documents and testimony are crucial and directly relevant to damages and causation for all the reasons discussed above.

**Conclusion**

21. For the foregoing reasons, OAN respectfully requests that this Court issue the attached Letters of Requests and Letter Rogatory, which counsel for OAN will then transmit to the designated central authorities listed as the recipients and for such other relief to which it is justly entitled.

| | |
|---|---|
| Dated: November 16, 2023 | By: */s/ John K. Edwards* |

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY PLLC**
R. Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

10

*Counsel for Herring Networks, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 14, 2023 by electronic mail, I conferred with counsel for Smartmatic, Caitlin Kovacs, and I did not hear back by the time I requested, and therefore I assume Plaintiffs are opposed to the foregoing request for issuance of international discovery.

*/s/ John K. Edwards*
John K. Edwards

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November 2023, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.

/s/ R. Trent McCotter
R. Trent McCotter