**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SMARTMATIC USA CORP., | ) | . |
| SMARTMATIC HOLDING B.V., AND | ) | |
| SGO CORPORATION LIMITED, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:21-cv-02900-CJN |
| v. | ) | |
| | ) | |
| HERRING NETWORKS, INC., D/B/A | ) | |
| ONE AMERICA NEWS NETWORK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**OAN'S MOTION TO COMPEL THIRD PARTY THE ISSUES AND CRISIS GROUP**
**TO COMPLY WITH RULE 45 SUBPOENA**

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................1

II.     BACKGROUND ..................................................................................................2

III.    ARGUMENT .......................................................................................................5

        A.      Legal Standard ........................................................................................5

        B.      OAN's subpoena and Motion comply with Federal Rule 45 and LCvR 7. .............6

        C.      ICG must comply with the document subpoena. .....................................7

IV.     CONCLUSION...................................................................................................10

CERTIFICATE OF SERVICE ...................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. FBI*,
194 F.R.D. 305 (D.D.C. 2000)........................................................................................9

*Ashford v. E. Coast Express Eviction*,
245 F.R.D. 36 (D.D.C. 2007)..........................................................................................6

*Association of Am. Physicians & Surgeons v. Clinton*,
837 F.Supp. 454 (D.D.C. 1993)......................................................................................9

*In re Boeing Co. Aircraft Securities Litig.*,
344 F.R.D. 281 (D.D.C. 2023)........................................................................................7

*BuzzFeed, Inc. v. U.S. Dep't of Just.*,
318 F. Supp. 3d 347 (D.D.C. 2018)................................................................................9

*\*In re Denture Cream Prods. Liab. Litig.*,
292 F.R.D. 120 (D.D.C. 2013).................................................................................5, 6, 9

*Goldstein v. FDIC*,
494 B.R. 82 (D.D.C. 2013) ...........................................................................................10

*Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*,
286 F.R.D. 8 (D.D.C. 2012)........................................................................................5, 8

*Nasreen v. Capitol Petroleum Group, LLC*,
340 F.R.D. 489 (D.D.C. 2022)........................................................................................6

*Pleasants v. Allbaugh*,
208 F.R.D. 7 (D.D.C. 2002)............................................................................................8

*Pro–Football, Inc. v. Harjo*,
191 F. Supp. 2d 77 (D.D.C. 2002) .................................................................................8

*Stati v. Republic of Kazakhstan*,
No. 14-cv-1638, 2020 WL 3259244 (D.D.C. June 5, 2020)..........................................5

*Watts v. SEC*,
482 F.3d 501 (D.C. Cir. 2007).................................................................................5, 6, 9

*Westinghouse Elec. Corp. v. City of Burlington*,
351 F.2d 762 (D.C. Cir. 1965)........................................................................................9

**Rules**

Fed. R. Civ. P. 26(b)(2)(C)(i) ...................................................................................6

Fed. R. Civ. P. 45(a)–(c) ..........................................................................................6

Fed. R. Civ. P. 45(c)(2)(A) .......................................................................................7

Fed. R. Civ. P. 45(d)(2)(B)(i) .................................................................................5, 7

Fed. R. Civ. P. 45(e)(1)(D) .......................................................................................5

Defendant Herring Networks, Inc., d/b/a One America News Network ("OAN") files this Motion to Compel Third Party The Issues and Crisis Group to Comply with Rule 45 Subpoena. OAN served on the Issues and Crisis Group ("ICG") a Rule 45 document subpoena issued by this Court. The subpoena was served on April 20, 2023. ICG—also represented by Plaintiffs' counsel—after meeting and conferring with OAN's counsel, finally served its objections on June 23, 2023, agreeing to produce documents responsive to OAN's requests. To date, however, ICG has failed to produce any documents, and OAN's attempts to come to an agreement have been stonewalled. OAN is forced to move this Court for an order compelling ICG to produce long-overdue documents pursuant to the Rule 45 document subpoena.

## I.        INTRODUCTION

Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively "Smartmatic") have steadfastly refused to produce witnesses for depositions prior to the Court's fact discovery deadline of December 8, 2023. Already, OAN was forced to seek Court intervention when Smartmatic failed to present five witnesses for their depositions—three 30(b)(6) depositions of the Smartmatic Plaintiffs and two depositions of current Smartmatic employees.[1] None of those depositions has occurred. OAN has also sought to compel the deposition of an ex-Smartmatic employee, Hugh Gallagher, who is represented by the same counsel as Smartmatic. (Dkt. 102.) And OAN was forced to file a motion to compel with respect to third-party public relations firm Scott Circle Communications, Inc. (Dkt. 111), also represented by Smartmatic's counsel, who moved to quash OAN's timely noticed deposition (Dkt. 108).

Like Smartmatic, ICG cannot skirt its discovery obligations. Nonetheless, ICG has failed to produce documents in response to OAN's Rule 45 subpoena. OAN has both provided ICG with

---

[1] Pursuant to Paragraph 11 of the Court's Standing Order, OAN sent an email to the Courtroom Deputy seeking approval to file a motion to compel the five depositions.

reasonable search terms *and* agreed to allow ICG to produce documents based on its own search terms. ICG refuses to timely comply with the document subpoena or even begin producing documents responsive to the very search terms it proposed.

OAN therefore requests that the Court order ICG to produce long-overdue documents that are responsive to OAN's document subpoena and proposed search terms, ICG's proposed search terms, and other documents responsive to OAN's discovery requests that do not require search terms, within one week of the Court's order.

## II.    BACKGROUND

ICG is a public relations agency. ICG began working with Smartmatic in 2019 in the lead-up to the U.S. presidential election. (**Ex. A**, Shah Decl. ¶ 2.) On April 19, 2023, OAN issued a subpoena seeking documents responsive to 15 requests for production (the "document subpoena"). (**Ex. B**, Document Subpoena.)[2] On June 7, 2023, ICG requested additional time to respond to the document subpoena, with counsel stating, "[W]e need 30 days to produce documents" and that ICG would produce "right away" if they could "get the documents sooner." (**Ex. D**, Email Correspondence re Deadlines.) ICG served a response and objections to OAN on June 23, 2023, stating that it would produce documents responsive to OAN's requests. (**Ex. E**, ICG's Responses and Objections.)

By September 5, 2023, ICG still had not produced *any* documents in response to the document subpoena despite its previous statement that it needed only 30 days to make a production. (**Ex. A**, Shah Decl. ¶ 4.) With a fact-discovery deadline of December 8, 2023, approaching, counsel for OAN sought a meet and confer. (*Id.*). OAN and counsel for ICG—the

---

[2] The same day, OAN also issued a deposition subpoena, with which ICG has failed to comply. (**Ex. C**, Deposition Subpoena.) The deposition subpoena is not the subject of this Motion and is mentioned only by way of background.

same counsel representing Smartmatic—conferred on September 7. (*Id.* ¶ 5.) OAN requested that ICG produce responsive documents "irrespective of whether they hit on search terms if they were readily identifiable without search terms (e.g., RFP #2 which asks for agreements with Smartmatic)." (**Ex. F**, Email Correspondence Re: Third Party Subpoenas.) But ICG rejected this request, backed off its prior representation of producing documents within 30 days, and insisted on using only search terms to identify responsive documents. (*Id.*)

In the "spirit of compromise," but while reserving its rights, OAN agreed to consider ICG's search terms that they had negotiated with defendants in related defamation cases. (**Ex. A**, Shah Decl. ¶ 5.) ICG then proposed a limited and deficient set of search terms that had clearly not been agreed to by such defendants. (*Id.*; **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) OAN then countered with a more fulsome set of search terms designed to compensate for ICG's refusal to search for documents not amenable to search terms. (*Id.*; **Ex. G**, OAN's Proposed Search Terms.) OAN explained that the search terms proposed by IGC would not cover the information sought in the subpoena, "especially given that you are using search terms as a substitute to identifying relevant information that we think is best and most easily located without search terms." (**Ex. F**, Email Correspondence Re: Third Party Subpoenas.)

ICG responded to OAN's search term proposal by asserting it was overly broad, but ICG provided only four examples of what terms they considered problematic, and it was apparent that ICG's vendor simply failed to properly run the proposed terms properly. (**Ex. F**, Email Correspondence Re: Third Party Subpoenas.) OAN provided instructions to ICG that addressed how these four terms could be properly run and also narrowed some of the terms. (*Id.*). OAN also continued to ask ICG to find responsive documents without resorting to the use of search terms,

noting that "if search terms were not used for all of these requests, we have no doubt that the number of documents would be lower." (*Id*.)

Despite OAN's efforts to work with ICG to identify acceptable search terms, ICG refused to engage or provide further evidence of its purported burden. (*Id.* (showing ICG did not substantively respond to OAN's October 10 email and the offer to "work with [ICG] to narrow down" the terms).) OAN continued to request that ICG provide evidence of the alleged burden, including "how many docs" OAN's proposed searches "hit on," so that OAN could work to address it. (*Id*.) OAN explained that "[w]e are happy to keep working with you to iron . . . out these terms, but we will need more information from you on where the hits are high and cannot play a guessing game here." (*Id*.)

Counsel spoke again on October 19, 2023. During that meet and confer, OAN and ICG "agreed that [ICG] will be producing responsive documents based on the search terms [ICG's counsel] proposed to us on Sept. 8th." (**Ex. A**, Shah Decl. ¶ 9; **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) The parties also agreed that they would continue working to refine OAN's additional, proposed search terms in the interim and that ICG would identify the terms it considered problematic and provide evidence of the asserted burden. (**Ex. F**, Email Correspondence Re: Third Party Subpoenas; **Ex. A**, Shah Decl. ¶ 9.) Despite this concession from OAN and the agreement of the parties, ICG then backtracked on the progress made in the meet and confer, failed to produce documents responsive to its *own* proposed search terms, and refused to provide evidence of the burden it continued to assert as a reason for rejecting OAN's proposed terms. (**Ex. A**, Shah Decl. ¶ 10; **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) ICG has ignored OAN's attempt to confirm what the parties agreed to during the meet and confer and has produced zero documents as of the filing of this Motion, with no indication when it will ever produce documents, despite

saying long ago that it would. (**Ex. A**, Shah Dec. ¶¶ 10–11.) And to this date, ICG has refused to provide any further evidence of its purported burden even though it is relying on this alleged burden as its stated reason that it will not produce documents. (*Id*.). OAN therefore has no other choice but to bring this motion and seek this Court's relief.

### III.    ARGUMENT

#### A.    Legal Standard

Rule 45 allows the party serving a subpoena to move "for an order compelling production" of requested documents if the commanded person has failed to comply. Fed. R. Civ. P. 45(d)(2)(B)(i).  A trial court is within its discretion to compel compliance with a Rule 45 subpoena when the discovery sought is relevant. *See In re Denture Cream Prods. Liab. Litig.*, 292 F.R.D. 120, 123–24 (D.D.C. 2013). A discovery request is relevant if there is "*any* possibility that the information sought may be relevant to the claim or defense of any party." *Id.* at 124 (emphasis added); *see also Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007). A subpoena respondent "resisting discovery" bears the burden of objecting to a subpoena and proving that the "documents requested are either unduly burdensome or privileged." *In re Denture Cream*, 292 F.R.D. at 123–24 (internal quotation marks and citations omitted); Fed. R. Civ. P. 45(e)(1)(D); *see Stati v. Republic of Kazakhstan*, No. 14-cv-1638, 2020 WL 3259244, at *4 (D.D.C. June 5, 2020) ("The undue burden standard for Rule 45 . . . mirrors the standard included within Rule 26.").

In ruling on a motion to compel, a court first determines whether the subpoena seeks relevant information and then assesses any objections, including those which involve claims of undue burden. *Stati*, 2020 WL 3259244, at *4 (granting motion to compel compliance with Rule 45 subpoena). "The person objecting to production has a heavy burden to show that the subpoena should not be enforced." *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, 286 F.R.D. 8, 11 (D.D.C. 2012). In determining whether an undue burden exists, courts consider a number of

factors including "whether the discovery is unreasonably cumulative or duplicative; whether the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive; and whether the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *In re Denture Cream*, 292 F.R.D. at 123 (quoting *Watts*, 482 F.3d at 509); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i).

**B.    OAN's subpoena and Motion comply with Federal Rule 45 and LCvR 7.**

OAN's subpoena was properly served on ICG and satisfied Rule 45's form, content, notice, and geographic requirements. Fed. R. Civ. P. 45(a)–(c).

OAN has in good faith conferred or attempted to confer with ICG in an effort to obtain the production of documents in response to the subpoena and avoid the need for the Court's intervention. After ICG failed to produce documents in the 30 days it promised, OAN sought meet-and-confers with ICG, preceded and followed by several rounds of additional correspondence. (**Ex. A**, Shah Decl. ¶¶ 5, 9; **Ex. D**, Email Correspondence re Deadlines; **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) In the course of these conferral efforts, OAN agreed to review the search terms ICG had negotiated with defendants in related defamation suits. (**Ex. A**, Shah Decl. ¶ 5; **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) Despite these efforts, ICG has stonewalled and failed to produce the documents requested. OAN has met its obligations to try to resolve this dispute before bringing this Motion in compliance with LCvR 7(m). *See Nasreen v. Capitol Petroleum Group, LLC*, 340 F.R.D. 489, 495 (D.D.C. 2022); *Ashford v. E. Coast Express Eviction*, 245 F.R.D. 36, 38 (D.D.C. 2007).

As "the district where compliance is required," the U.S. District Court for the District of Columbia is the proper forum for this Motion. Although the document subpoena was addressed to

ICG's principal address in Bethesda, Maryland, the subpoena directs production at the offices of a Washington, D.C. law firm. *See* Fed. R. Civ. P. 45(c)(2)(A) ("A subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person [possessing such documents] resides, is employed, or regularly transacts business in person."). As Rule 45 provides, "the serving party may move the court for *the district where compliance is required* for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added). This Court's precedent holds that a Rule 45 subpoena "'requires compliance' in the location where it directs production." *In re Boeing Co. Aircraft Securities Litig.*, 344 F.R.D. 281, 282 (D.D.C. 2023). Therefore, OAN properly files the Motion in this Court to compel compliance with the document subpoena.

      **C.**      **ICG must comply with the document subpoena.**

The document subpoena seeks 15 relevant categories of information, all of which relate to the claims at issue in Smartmatic's lawsuit against OAN. (**Ex. B**, Document Subpoena, at 9–11.) The requests focus primarily on ICG's work as a PR consultant for Smartmatic in the run-up to the 2020 presidential election; Smartmatic's efforts to enhance its public image amid allegations of election fraud, election hacking, and election rigging, and/or the improper or inaccurate counting of votes; and Smartmatic's alleged connections to Venezuela, Hugo Chavez, or George Soros. For instance, Request No. 8 seeks "Documents and Communications concerning any press releases or other public Communications drafted, prepared, revised or reviewed by [ICG] related to any Smartmatic Entity and claims of election fraud, bribery, election hacking, election rigging, and/or the improper or inaccurate counting of votes during any election in Venezuela." *Id.* at 10. The information sought by the subpoena is thus relevant to Smartmatic's defamation claims against OAN.

Nevertheless, ICG has not produced any documents, despite promising in April 2023 to do so within 30 days and despite OAN's grant of an extension to respond to its subpoena in exchange. (**Ex. D**, Email Correspondence re Deadlines.) Nowhere in repeated rounds of correspondence and meet-and-confers, however, has ICG claimed that the subpoena seeks irrelevant information. Instead, ICG complains about the methods for identifying responsive documents.  Yet OAN has provided ICG with search terms, has narrowed certain terms at ICG's request, and *has agreed to production of documents using ICG's own proposed terms.* (*See* **Ex. A**, Shah Decl. ¶¶ 6–7, 9–11; **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) There is no reason why ICG cannot produce these documents today, as it promised it would do months ago. (**Ex. A**, Shah Decl. ¶¶ 3, 9.)

Moreover, ICG identifies no evidence of the purported burden it asserts, despite OAN requesting evidence of this purported burden—specifically hit reports—throughout its meet and confers and correspondence with ICG. ICG's perfunctory objections cannot surmount the "heavy burden" a subpoena respondent faces in order to successfully resist a subpoena, *see Millennium TGA*, 286 F.R.D. at 11, and the Court should disregard ICG's unsupported assertions of burden. *See Pleasants v. Allbaugh*, 208 F.R.D. 7, 12 (D.D.C. 2002) ("[T]he party opposing discovery must make a specific showing, supported by declaration, as to why the production sought would be unreasonably burdensome." (citing *Pro–Football, Inc. v. Harjo*, 191 F. Supp. 2d 77, 80 (D.D.C. 2002))).

In correspondence between counsel, ICG identified only four search terms as burdensome, and OAN responded within 24 hours to address those terms, narrowing some terms and providing explanation for how the vendor could properly run the search terms. (*See* **Ex. A**, Shah Decl. ¶ 7; **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) ICG did not explain why OAN's other

proposed terms could not be run immediately. (*See* **Ex. F**, Email Correspondence Re: Third Party Subpoenas.) Since then, ICG has provided no further evidence of burden—despite OAN's requests—or even responded to OAN's email alleviating that burden. (**Ex. A**, Shah Decl. ¶¶ 7– 11.) OAN has gone above and beyond to address ICG's concerns but has explained that it cannot "play a guessing game" on what ICG continues to assert as burdensome if ICG won't provide evidence of this burden or even identify other burdensome terms. (**Ex. F**, Email Correspondence Re: Third Party Subpoenas.)

In determining whether an undue burden exists, courts can consider whether "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *In re Denture Cream*, 292 F.R.D. at 123 (quoting *Watts*, 482 F.3d at 509). These considerations weigh against sustaining ICG's objection to the document subpoena. Smartmatic seeks billions of dollars in this case, a factor that alone justifies OAN's relevant, targeted subpoena. *See BuzzFeed, Inc. v. U.S. Dep't of Just.*, 318 F. Supp. 3d 347, 361 (D.D.C. 2018) (finding no undue burden for non-party to comply with defamation defendant's subpoena given the amount in controversy); *Westinghouse Elec. Corp. v. City of Burlington*, 351 F.2d 762, 767 (D.C. Cir. 1965) ("The fact that these are very important cases with large sums of money at stake is relevant in determining the reasonableness of the [third-party] subpoena.").

Despite OAN's multiple follow-up attempts, ICG to this date has refused to provide any evidence of the purported burden on which it is relying as its stated reason that it will not produce documents. (**Ex. A**, Shah Dec. ¶¶ 10–11); *see also Alexander v. FBI*, 194 F.R.D. 305, 313–15 (D.D.C. 2000) (noting that party alleging undue burden "must make a specific, detailed showing

of the burden [the disputed] search would require" and identifying "estimated required staff hours, estimated cost, or some other specific showing" as types of evidence that might support an undue burden argument); *Association of Am. Physicians & Surgeons v. Clinton*, 837 F.Supp. 454, 458 n.2 (D.D.C. 1993) (noting that assertions of a burden without "specific estimates of staff hours needed to comply" will be "categorically rejected").

The strategy of Smartmatic's counsel, who also represents ICG and several other third-party PR firms, appears to be one of using failure to produce documents as a way to delay depositions of third parties. (*See* Dkt. 108 at 8 ("Scott Circle may be willing to sit for deposition . . . . but only once its document production is complete.").) This tactic is improper and forces OAN to bring this motion to compel document production now.

The stonewalling must end, and the fact discovery deadline remains set for December 8, 2023. *See Goldstein v. FDIC*, 494 B.R. 82, 87 (D.D.C. 2013) (recognizing that Rule 45 subpoenas are subject to the same discovery deadlines and orders as any other type of discovery). OAN therefore asks the Court to enter an order compelling ICG to produce documents responsive to the document subpoena no later than 7 days after the granting of this Motion.

## IV.   CONCLUSION

The fact discovery deadline is December 8, 2023, and OAN is doing everything it can to meet that deadline. ICG's failure to comply with OAN's Rule 45 document subpoena is just the latest step Smartmatic and its lawyers have taken to delay discovery. The Court should order ICG to produce documents responsive to the document subpoena no later than 7 days after granting this Motion.

By: */s/ John K. Edwards*

**JACKSON WALKER L.L.P.**
Charles L. Babcock

(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**<u>BOYDEN GRAY PLLC</u>**
R. Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties and counsel for ICG.

*/s/ R. Trent McCotter*
R. Trent McCotter