IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP.,  )<br>SMARTMATIC HOLDING B.V., AND  )<br>SGO CORPORATION LIMITED,  )<br>  )<br>Plaintiffs,  )<br>v.  )<br>  )<br>HERRING NETWORKS, INC., D/B/A  )<br>ONE AMERICA NEWS NETWORK,  )<br>  )<br>Defendant.  ) | Civil Action No. 1:21-cv-02900-CJN |

**DECLARATION OF BETHANY SHAH IN SUPPORT OF
OAN'S MOTION TO COMPEL THIRD PARTY THE ISSUES AND CRISIS GROUP
TO COMPLY WITH RULE 45 SUBPOENA**

I, Bethany Shah, declare as follows:

1. I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN"). I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of OAN's Motion to Compel Third Party The Issues and Crisis Group to Comply with Rule 45 Subpoenas.

2. The Issues and Crisis Group ("ICG") is a public relations firm. ICG provided Smartmatic with public relations services in 2019, during the lead-up to the U.S. presidential election.

3. On April 19, 2023, OAN issued a document subpoena to ICG. The subpoena asked for documents responsive to fifteen requests for production. On June 7, 2023, ICG requested additional time to respond to the document subpoena, with counsel stating "we need 30 days to produce documents" and that ICG would produce "right away" if they could "get the documents sooner." In exchange, OAN agreed to extend the deadline for ICG's responses and objections and

document production to June 23, 2023. A true and correct copy of these communications—on which I was copied—between John Edwards, counsel for OAN, and Emily Dillingham, counsel for ICG, is attached as <u>Exhibit D</u>.  ICG served a response and objections to OAN on June 23, 2023. A true and correct copy of ICG's response and objections is attached as <u>Exhibit E</u>.

4. On September 5, 2023, with the fact-discovery deadline fast approaching, and having received no documents from ICG, I sought a meet-and-confer with ICG.  A true and correct copy of my email correspondence with counsel for ICG is attached as <u>Exhibit F</u>.

5. On September 7, 2023, I spoke with counsel for ICG.  During that call, ICG proposed using search terms to locate responsive documents.  I requested that ICG produce responsive documents regardless of whether they hit on search terms if they were readily identifiable without search terms.  ICG rejected this request, backed off its prior representation of producing documents within 30 days, and insisted on only using search terms to identify responsive documents. Following the call, in the spirit of compromise, but without waiving OAN's rights, I sent an email agreeing to review the search terms ICG had negotiated with defendants in related defamation suits.  *See* <u>Exhibit F</u>.  Instead, on September 8, ICG sent a list of its own proposed search terms, which were limited and deficient in numerous respects compared to the information requested by OAN's subpoena. <u>Exhibit F.</u>

6. On October 4, 2023, I reiterated OAN's position that some of the requested information could best and most easily be located without search terms.  But again, attempting to compromise, I sent ICG a more fulsome set of proposed search terms designed to compensate for ICG's refusal to search for documents not amenable to search terms.  A true and correct copy of the proposed search terms I sent to ICG is attached as <u>Exhibit G</u>.

7. On October 10, 2023, ICG said that it found OAN's search terms overbroad. ICG provided only four examples of terms it found overbroad or difficult for its vendor to run. Based on ICG's response, it was apparent to me that ICG's vendor had not run the search terms exactly as OAN proposed them. For instance, ICG's vendor should have run "PA" in quotation marks (reflecting its usage as a state abbreviation), as OAN's search terms showed, *see* Exhibit G, rather than as PA*, which would capture all words beginning with the string "PA." I responded that same day with instructions for running OAN's proposed search terms and explanations as to how OAN's proposed search terms (when run as proposed) would narrow the universe of responsive documents. I also narrowed some of the terms ICG had identified. I continued to reiterate OAN's position that it would be more efficient to locate certain documents responsive to some of OAN's requests without the use of search terms. I requested another meet-and-confer, asking that ICG provide evidence of ICG's purported burden, and specifically hit reports, so that OAN could work to address any burden asserted by ICG and because OAN "cannot play a guessing game" when it comes to identifying where ICG's vendor's search-term hits are high. *See* Exhibit F.

8. Despite my efforts to work with ICG to identify acceptable search terms, ICG refused to engage or provide any further evidence of its purported burden. On October 16, 2023, I requested another meet-and-confer with ICG. In my correspondence the next day confirming a date and time for the meet-and-confer, I again requested evidence of ICG's burden so OAN could address it. Exhibit F.

9. On October 19, 2023, I again spoke with counsel for ICG. The parties agreed during that meet-and-confer that ICG would produce responsive documents based on ICG's own proposed search terms that they had sent on September 8, 2023. We also agreed that OAN and ICG would continue to work on refining OAN's additional, proposed search terms and that ICG

would identify the terms it considered problematic and provide evidence of their asserted burden. Following our conversation, I sent an email to ICG confirming this agreement. Exhibit F. In that email, I asked ICG for a date by which it would start producing responsive documents.

10. Despite these concessions from OAN and the agreements made during the meet-and-confer, ICG then backtracked on the agreements made in the meet-and-confer. ICG refused to produce documents responsive to *its own* proposed search terms from September 8, and refused to provide evidence of the burden it continued to assert as a reason for rejecting OAN's proposed terms. And to this day, ICG has failed to reply to OAN's emails requesting this information and to confirm that they will produce documents responsive to their own proposed search terms, despite multiple attempts by OAN to follow up with ICG.

11. ICG has yet to produce documents responsive to the April 19 subpoena or provide a date for when it will do so. To date, ICG has produced zero responsive documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 21, 2023.

_____
Bethany P. Shah