# Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SMARTMATIC USA CORP., *et al.*,

                Plaintiffs,

    v.

HERRING NETWORKS, INC.,

                Defendant.

No. 1:21-cv-02900-CJN

Judge Carl J. Nichols
Magistrate Judge Moxila Upadhyaya

**THIRD PARTY THE ISSUES AND CRISIS GROUP'S OBJECTIONS AND RESPONSES
TO DEFENDANT'S SUBPOENA FOR DOCUMENTS AND DEPOSITION**

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, the Local Rules

of the United States District Court for the District of Columbia, and any governing standing orders

applicable in this case, Third Party The Issues and Crisis Group ("ICG") hereby submits the

following objections and responses to the April 19, 2023 Subpoena to Produce Documents (the

"Subpoena") served by Defendant Herring Networks, Inc. ("OANN") as follows:

**GENERAL OBJECTIONS TO SUBPOENA FOR DOCUMENTS AND DEPOSITION**

The following General Objections are incorporated into ICG's responses and objections as

though fully set forth herein. The Specific Objections identified for the Subpoena further identify

additional objections specific to that Subpoena Request. The General Objections are not waived,

or in any way limited, by the Specific Objections. ICG's agreement to provide any responsive and

non-privileged information or documents in response to the Requests shall not be construed as a

waiver of any right or objections to the Requests or other discovery procedures. The production of

any information or documents by ICG shall be without prejudice to any objections ICG may have

as the to the relevance or admissibility of any information or document at any hearing or trial.

1.      ICG objects to the Subpoena to the extent that it calls for deposition testimony by

a live witness, on the ground that requiring such testimony is unduly burdensome, expensive, and

disproportionate to the issues in and needs of this action, particularly because ICG is not a party to the action. The reasonable and far less burdensome and expensive alternative of production of documents and information fully satisfies the evidentiary requirements of the Subpoena and the action. ICG will respond to the Subpoena by production of documents and data described herein.

2.      ICG objects to the Subpoena to the extent that it is interpreted as requiring ICG to concede the relevance, materiality, or admissibility of the information sought by the Requests. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of ICG's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise. Likewise, ICG shall not be prejudiced if any of its present objections, answers, and responses are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

3.      ICG objects to the Subpoena, including the Definitions and Instructions, to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case.

4.      ICG objects to the Subpoena to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing contained in ICG's responses to the Subpoena is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting

2

to the production of such material or its subject matter. ICG expressly reserves the right to object to the use or introduction of such information.

5.      ICG objects to the Subpoena to the extent that it seeks information that is confidential or proprietary to ICG or its customers. If ICG provides confidential or proprietary information in response to the Subpoena, such production will be subject to the final terms of a protective order entered by the Court.

6.      ICG objects to the Subpoena to the extent that it seeks information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that ICG has entered into or is subject to with respect to any past or present litigation or other matter.

7.      ICG objects to the Subpoena to the extent that it seeks information of third parties protected from disclosure under confidentiality or other agreements with third parties that ICG has entered into or is subject to. An agreement to produce documents does not constitute an agreement to produce documents protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

8.      ICG objects to the Subpoena to the extent that it seeks information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

9.      ICG objects to the Subpoena to the extent that it is overly broad, unduly burdensome, vague and ambiguous, and/or fails to describe the information sought with reasonable particularity.

10.      ICG objects to the Subpoena to the extent that it seeks "any" or "all" information on the grounds that such Requests are overbroad and unduly burdensome.

11.     ICG objects to the Subpoena to the extent that it seeks disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence. Fed. R. Civ. P. 26.

12.     ICG objects to the Subpoena to the extent that it calls for a legal conclusion.

13.     ICG objects to the Subpoena to the extent that it seeks disclosure of information that is not in ICG's possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

14.     ICG objects to the Subpoena to the extent that it seeks disclosure of information that is already in OANN's possession, custody, or control, or is equally available to OANN. Fed. R. Civ. P. 34(a)(1).

15.     ICG objects to the Subpoena to the extent that the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26.

16.     ICG objects to the definitions of "Dominion Entity(ies)" as vague, ambiguous, overbroad, and overly burdensome. ICG will construe "Dominion Entity(ies)" to mean the corporate entities US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation.

17.     ICG objects to the definitions of "Plaintiff(s)," "Smartmatic Entity(ies)," "SGO Corporation Limited," "Smartmatic International Holding B.V.," and "Smartmatic USA Corp." as vague, ambiguous, overbroad, and unduly burdensome to the extent that they include persons and entities that are not parties to this action.

18.     ICG objects to the Subpoena to the extent that it uses phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined. ICG's use of a given term in its Subpoena Response does not mean that

the term is not vague and ambiguous, as used in the Subpoena, or that ICG endorses the use of the term.

20.    An agreement in ICG's response to produce certain documents is not meant to state or imply that such documents exist.

20.    An agreement to produce documents identified by a reasonable search means that ICG will conduct a reasonable search based on the identification of reasonable custodians, the use of reasonable search terms, and the use of a reasonable timeframe. ICG began working with Smartmatic in 2019. All produced documents will be from 2019 through present.

## SPECIFIC OBJECTIONS AND RESPONSES TO SUBPOENA
## FOR DOCUMENTS

**REQUEST NO. 1:**

**All Communications to or from any Smartmatic Entity, including but not limited to all Communications with any Smartmatic Entity's agents, representatives, attorneys, insurers, contractors, subcontractors and/or vendors.**

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to the terms "vendors," "contractors," and "subcontractors" as used in this Request as vague, ambiguous, overbroad, and unduly burdensome. ICG objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties into which ICG has entered or to which ICG is subject. ICG objects to this Request to the extent that it seeks "all" Communications on the grounds that such a request is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, ICG agrees to produce responsive documents identified by a reasonable search that constitute documents and communications to and from any Smartmatic entity that relate to claims of election fraud, election hacking, and/or the improper or inaccurate counting of votes during the 2020 Election in the United States, and limited in scope to any documents not protected by attorney-client privilege, the attorney work product immunity, confidentiality agreements, or any other privileges or immunities.

**REQUEST NO. 2:**

    **All Documents and Communications comprising or evidencing any agreement between You and any Smartmatic Entity.**

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties into which ICG has entered into or to which ICG is subject. ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

    Subject to and without waiving the foregoing objections, ICG will produce responsive documents, to the extent they exist and can be located by a reasonable search and limited in scope to any documents not protected by attorney-client privilege, the attorney work product immunity, confidentiality agreements, or any other privileges or immunities.

**REQUEST NO. 3:**

    **All Documents and Communications concerning the scope of Your retention by any Smartmatic Entity.**

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to the term "retention" as vague and ambiguous. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties into which ICG has entered into or to which ICG is subject.

7

ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, ICG will produce responsive documents, to the extent they exist and can be located by a reasonable search and limited in scope to any documents not protected by attorney-client privilege, the attorney work product immunity, confidentiality agreements, or any other privileges or immunities.

**REQUEST NO. 4:**

**All Documents and Communications concerning any Smartmatic Entity and claims of election fraud, bribery, election hacking, and/or the improper or inaccurate counting of votes during the 2020 Election in the United States.**

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that into which ICG has entered or to which ICG is subject. ICG objects to this Request as implying, explicitly or otherwise, that ICG or any Smartmatic entity participated in "election fraud, bribery, election hacking, and/or the improper or inaccurate counting of votes during the 2020 Election in the United States."

Subject to and without waiving the foregoing objections, ICG will produce responsive documents and communications concerning claims of election fraud, election hacking and/or the

improper or inaccurate counting of votes during the 2020 U.S. Election, to the extent they exist and can be located by a reasonable search and limited in scope to any documents not protected by attorney-client privilege, the attorney work product immunity, confidentiality agreements, or any other privileges or immunities.

**REQUEST NO. 5:**

All Documents and Communications concerning any press releases or other public Communications drafted, prepared, revised or reviewed by You related to any Smartmatic Entity and claims of election fraud, bribery, election hacking, and/or the improper or inaccurate counting of votes during the 2020 Election in the United States.

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that into which ICG has entered or to which ICG is subject. ICG objects to this Request as implying, explicitly or otherwise, that ICG or any Smartmatic entity participated in "election fraud, bribery, election hacking, and/or the improper or inaccurate counting of votes during the 2020 Election in the United States."

Subject to and without waiving the foregoing objections, ICG will produce responsive documents related to claims of election fraud, election hacking and/or the improper or inaccurate counting of votes during the 2020 U.S. Election, to the extent they exist and can be located by a reasonable search and limited in scope to any documents not protected by attorney-client privilege,

the attorney work product immunity, confidentiality agreements, or any other privileges or immunities.

**REQUEST NO. 6:**

**All Documents and Communications concerning any Smartmatic Entity and its alleged connections to Venezuela, Hugo Chavez, or George Soros.**

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that into which ICG has entered or to which ICG is subject. ICG objects to this Request as implying, explicitly or otherwise, that any Smartmatic entity was in any way owned, controlled, or influenced by Hugo Chavez or George Soros, or that it has improper ties to Venezuela.

Subject to and without waiving the foregoing objections, ICG will produce responsive documents regarding contracts between Smartmatic and the Venezuelan government, all documents and communications concerning Smartmatic's decision to cease to provide election technology and software in Venezuela in 2017, payments from the Venezuelan government to Smartmatic, and any documents regarding George Soros, to the extent they exist and can be located by a reasonable search and limited in scope to any documents not protected by attorney-client privilege, the attorney work product immunity, confidentiality agreements, or any other privileges or immunities.

10

**REQUEST NO. 7:**

All Documents and Communications concerning any Smartmatic Entity and claims of election fraud, bribery, election hacking, election rigging, and/or the improper or inaccurate counting of votes during any election in Venezuela.

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that into which ICG has entered or to which ICG is subject. ICG objects to this Request as implying, explicitly or otherwise, that ICG or any Smartmatic entity participated in "election fraud, bribery, election hacking, and/or the improper or inaccurate counting of votes during any Venezuelan election." ICG objects to this Request as implying, explicitly or otherwise, that "Smartmatic Entities" as defined ever performed work in Venezuela.

Subject to and without waiving the foregoing objections, ICG will produce responsive documents relating to Venezuela and allegations of voter fraud, vote rigging, vote recall, and vote tampering, to the extent they exist and can be located by a reasonable search and limited in scope to any documents not protected by attorney-client privilege, the attorney work product immunity, confidentiality agreements, or any other privileges or immunities.

**REQUEST NO. 8:**

All Documents and Communications concerning any press releases or other public Communications drafted, prepared, revised or reviewed by You related to any Smartmatic

**Entity and claims of election fraud, bribery, election hacking, election rigging, and/or the improper or inaccurate counting of votes during any election in Venezuela.**

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that into which ICG has entered or to which ICG is subject. ICG objects to this Request as implying, explicitly or otherwise, that ICG or any Smartmatic entity participated in "election fraud, bribery, election hacking, and/or the improper or inaccurate counting of votes during any Venezuelan election." ICG objects to this Request as implying, explicitly or otherwise, that "Smartmatic Entities" as defined ever performed work in Venezuela.

Subject to and without waiving the foregoing objections, ICG will produce responsive documents relating to Venezuela and allegations of voter fraud, vote rigging, vote recall, and vote tampering, to the extent they exist and can be located by a reasonable search and limited in scope to any documents not protected by attorney-client privilege, the attorney work product immunity, confidentiality agreements, or any other privileges or immunities.

**REQUEST NO. 9:**

**All Documents and Communications related to Smartmatic voting machines, voting software, or election tabulating equipment.**

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. ICG objects to

12

this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that into which ICG has entered or to which ICG is subject. ICG objects to this Request as implying, explicitly or otherwise, that any Smartmatic voting machines, equipment, or software were in any way defective or involved in the improper counting of votes.

Subject to and without waiving the foregoing objections, ICG agrees to produce responsive documents identified by a reasonable search that constitute documents and communications to and from any Smartmatic entity that relate to claims of election fraud, election hacking, and/or the improper or inaccurate counting of votes during the 2020 Election in the United States, and limited in scope to any documents not protected by attorney-client privilege, the attorney work product immunity, confidentiality agreements, or any other privileges or immunities.

**REQUEST NO. 10:**

**All Documents and Communications concerning any press releases or other public Communications drafted, prepared, revised or reviewed by You related to Smartmatic voting machines, voting software, or election tabulating equipment.**

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege

13

or immunity. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that into which ICG has entered or to which ICG is subject. ICG objects to this Request as implying, explicitly or otherwise, that any Smartmatic voting machines, equipment, or software were in any way defective or involved in the improper counting of votes.

Subject to and without waiving the foregoing objections, ICG agrees to produce responsive documents identified by a reasonable search that constitute documents and communications to and from any Smartmatic entity that relate to claims of election fraud, election hacking, and/or the improper or inaccurate counting of votes during the 2020 Election in the United States, and limited in scope to any documents not protected by attorney-client privilege, the attorney work product immunity, confidentiality agreements, or any other privileges or immunities.

**REQUEST NO. 11:**

**All Documents and Communications related to any allegations of bribery by any Smartmatic Entity, or any of its employees or agents.**

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that into which ICG has entered or to which ICG is subject. ICG objects to this Request as implying,

explicitly or otherwise, that any Smartmatic entity participated in bribery or any other dishonest actions.

Due to the foregoing objections, ICG will not produce documents responsive to this Request.

**<u>REQUEST NO. 12:</u>**

**All Documents and Communications concerning any press releases or other public Communications drafted, prepared, revised or reviewed by You related to any allegations of bribery by any Smartmatic Entity, or any of its employees or agents.**

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that into which ICG has entered or to which ICG is subject. ICG objects to this Request as implying, explicitly or otherwise, that any Smartmatic entity participated in bribery or any other dishonest actions.

Due to the foregoing objections, ICG will not produce documents responsive to this Request.

**REQUEST NO. 13:**

  **All Documents and Communications concerning any press releases or other public communications drafted, prepared, revised or reviewed by You concerning any Smartmatic Entity.**

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that into which ICG has entered or to which ICG is subject. ICG objects to the timeframe of this Request as overbroad and unduly burdensome.

  Subject to and without waiving the foregoing objections, ICG agrees to produce responsive documents identified by a reasonable search that constitute documents and communications to and from any Smartmatic entity that relate to claims of election fraud, election hacking, and/or the improper or inaccurate counting of votes during the 2020 Election in the United States, and limited in scope to any documents not protected by attorney-client privilege, the attorney work product immunity, confidentiality agreements, or any other privileges or immunities.

**REQUEST NO. 14:**

All Communications with Other Media Organizations, and Documents related thereto, including, but not limited to, draft or proposed articles for publication, regarding the Smartmatic Entities, the 2020 Election in the United States, or claims of election fraud, election hacking, election rigging, and/or the improper or inaccurate counting of votes.

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that into which ICG has entered or to which ICG is subject. ICG objects to the timeframe of this Request as overbroad and unduly burdensome. ICG objects to this Request as implying, explicitly or otherwise, that ICG or any Smartmatic entity participated in "election fraud, bribery, election hacking, and/or the improper or inaccurate counting of votes during the 2020 Election in the United States."

Subject to and without waiving the foregoing objections, ICG agrees to produce responsive documents identified by a reasonable search that constitute documents and communications to and from any Smartmatic entity that relate to claims of election fraud, election hacking, and/or the improper or inaccurate counting of votes during the 2020 Election in the United States, and limited

in scope to any documents not protected by attorney-client privilege, the attorney work product immunity, confidentiality agreements, or any other privileges or immunities.

**REQUEST NO. 15:**

**All Documents and Communications produced, whether by cooperation or in response to any applicable subpoena or other discovery device related to any Smartmatic Entity.**

**RESPONSE:** ICG incorporates by reference its General Objections as if fully stated herein. ICG objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. ICG objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ICG objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ICG objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that into which ICG has entered or to which ICG is subject.

Subject to and without waiving the foregoing objections, ICG is in the process of responding to other subpoenas related to Smartmatic. ICG is not currently in a position to agree to this Request, but is available to meet and confer when other subpoena responses are complete.

Dated:  June 23, 2023                    Respectfully submitted,

                                         ICG US LLC

                                         *s/ Caitlin Kovacs*
                                         Caitlin Kovacs
                                         Benesch, Friedlander, Coplan & Aronoff LLP
                                         71 South Wacker Drive, Suite 1600
                                         Chicago, Illinois 60606-4637
                                         312.212.4949
                                         ckovacs@beneschlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of June 2023, a true and correct copy of the foregoing

has been provided electronically via electronic mail to the attorneys of record.

*/s/ Caitlin Kovacs*