# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

        Plaintiffs,

    v.

HERRING NETWORKS, INC., d/b/a ONE
AMERICA NEWS NETWORK

        Defendant.

No. 1:21-cv-02900-CJN

Judge Carl J. Nichols

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED AT DEFENDANT HERRING NETWORKS, INC. d/b/a ONE AMERICA NEWS NETWORK

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through their attorneys, Benesch, Friedlander, Coplan & Aronoff LLP, propounds the following Requests pursuant to Fed. R. Civ. P. 34 and 26 to be answered fully within 30 days of service.

## DEFINITIONS

Notwithstanding any definitions set forth below, each word or term used in these Document Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the following Document Requests as follows:

1.      "2020 PRESIDENTIAL ELECTION" shall mean the U.S. Presidential Election that occurred on November 3, 2020, and all voting by any means (including in-person or mail-in voting) for that election.

2.      "ACTION" shall mean the above-captioned lawsuit presently pending in the United States District Court for the District of Columbia, No. 1:21-cv-02900-CJN.

1

3.      "And" and "or" shall mean "and/or" and shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this request any answer which would otherwise not be brought within its scope.

4.      "Any" and "all" shall mean "any and all."

5.      "Communication(s)" shall mean the recording, conveyance, exchange, or transmittal of information (in the form of facts, ideas, inquiries or otherwise) of any kind by or with any person or entity for any purpose by any written, verbal, or electronic means or method, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, cell phone text messages (SMS messages and MMS messages), voicemail messages, internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal communications and communications with third parties.

6.      "COMPLAINT" shall mean the complaint filed by Smartmatic in this ACTION, and any amended complaint filed subsequently in this ACTION.

7.      "Concerning" shall mean without limitation, containing, reflecting, referring to, discussing, relating to, describing, evidencing, supporting, or constituting.

8.      "DEFAMATORY BROADCASTS" shall mean any broadcast and the complete program in which any of the DEFAMATORY STATEMENTS appeared, including without limitation, the broadcasts and rebroadcasts identified in the COMPLAINT.

9.      "DEFAMATORY STATEMENT(S)" shall mean all statements the COMPLAINT alleges are defamatory, including without limitation the statements identified in Paragraphs 84-139, 146-149, 154-168, 171, 184, 196, 205, 218, and 227 of the COMPLAINT.

10.     "DEFENDANT" shall mean Herring Networks, Inc. d/b/a One America News Network.

11.     "Describe" shall mean to describe specifically and in detail.

12.     "Documents" shall mean documents in its broadest sense and shall mean and include all written, printed, typed, recorded, or graphic data or matter of every kind and description, both originals and copies, and all attachments and appendices thereto. The terms "Document" and "Documents" shall include, without limitation, all agreements, contracts, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants' reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from

3

which information can be obtained (including but not limited to matter used in data processing), and any other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated or made.

13.     "DOMINION" shall mean US Dominion, Inc., and its subsidiaries Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

14.     "DOMINION CORRECTIVE CORRESPONDENCE" means the DOMINION RETRACTION DEMANDS, and any other Communications DOMINION sent to any person at OANN about its 2020 PRESIDENTIAL ELECTION coverage.

15.     "DOMINION RETRACTION DEMANDS" means and refers to (1) the December 18, 2020 letter from Dominion to Robert Herring (OANN CEO), Charles Herring (OANN President), and Bruce Littman (OANN Executive Vice President); (2) the December 22, 2020 Letter from Dominion to Robert Herring and Charles Herring; (3) February 4, 2021 letter from Dominion to Eric Early (attorney for OANN); (4) April 16, 2021 letter from Dominion to Eric Early; (5) May 12, 2021 letter from Dominion to Eric Early; (6) June 18, 2021 letter from Dominion to Bernard Rhodes (attorney for OANN); and (7) July 13, 2021 letter from Dominion to Bernard Rhodes; (8) August 4, 2021 letter from Dominion to Bernard Rhodes, attached as Exhibit 48 to the COMPLAINT.

16.     "DONALD TRUMP" means and refers to the 45th President of the United States.

17.     Electronically-Stored Information" or "ESI" shall mean all electronically stored information in its broadest sense and shall mean and include, but is not limited to: (i) information

or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata; (ii) internal or external web sites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; (iv) activity listings of electronic mail receipts and/or transmittals; and (v) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM or other discs, flash or jump drives, online cloud storage, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, hand-held wireless device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

18.     "OANN" means and refers to Defendant Herring Networks, Inc. d/b/a One America News Network, and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf, including any regional affiliates or contributors, whether paid or unpaid, and including the OANN Channel, the OANN App, OANN Live, which includes the OANN websites, OANN.com, OANN's social media accounts, and OANN's digital subscription services and YouTube channels.

19.     "OANN EMPLOYEES" shall mean any person who is currently or was previously employed by, contracted by, a director of, an officer of, or an agent of OANN or who works in any capacity for OANN, regardless of whether that person is paid by or has a contract with OANN or any of its affiliated or related entities.

20.     "OANN DIGITAL" shall mean any website or digital media platform OANN operates, owns, or controls, including without limitation, OANN.com, OANN Live, the OANN Mobile App, Tubi, YouTube, Rumble account, KlowdTV, Facebook account, Twitter account, or any other online platform on which OANN published, broadcast, distributed, or promoted the DEFAMATORY BROADCASTS.

21.     "OANN ACCUSED PROGRAMS" shall mean *After Hours with Alex Salvi*, *News Room*, *America This Week*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America*, *In Focus with Stephanie Hamill*, *Weekly Briefing with Christina Bobb*, *Absolute Proof*, *Real America with Dan Ball*, *Scientific Proof*, *Absolute Interference*, *Absolutely 9-0*, and *The Real Story with Natalie Harp*.

22.     "OANN PROGRAMS" means and refers to any programming on OANN, including but not limited to the OANN ACCUSED PROGRAMS and all OANN programs or broadcasts referenced in the COMPLAINT.

23.     "OANN SOCIAL MEDIA" shall mean any social media accounts operated by or on behalf of OANN, Alex Salvi, Elma Aksalic, Eric Bolling, Kara McKinney, Mike Dinow, Patrick Hussion, Dan Ball, John Hines, Stephanie Hamill, Samantha Lomibao, Christina Bobb, Pearson Sharp, Keith Trippie, Chanel Rion, Robert Herring, Charles Herring and/or the OANN ACCUSED PROGRAMS, including without limitation any social media account on Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler.

24.     "OANN ON-AIR PERSONALITIES" shall mean and refer to Alex Salvi, Elma Aksalic, Eric Bolling, Kara McKinney, Mike Dinow, Patrick Hussion, Dan Ball, John Hines, Stephanie Hamill, Samantha Lomibao, Christina Bobb, Pearson Sharp, Natalie Harp, Keith

Trippie, Emily Finn, Stephanie Myers, Chanel Rion, Shane Althaus, and any other individual that OANN publicly identified as an on-air personality on its website as of November 1, 2020.

25.      "Including" shall mean "including, but not limited to."

26.      "LINDELL PROGRAMS" shall mean the documentaries produced by Michael J. Lindell entitled *Absolute Proof*, *Scientific Proof*, *Absolute Interference*, and *Absolutely 9-0*.

27.      "Meeting" shall mean any type of meeting, including those held in-person, via telephone, online, or via another medium.

28.      "MY PILLOW, INC." means and refers to the pillow manufacturing company founded in 2009 by Michael Lindell and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on MY PILLOW, INC.'s behalf.

29.      "OTHER NEWS ORGANIZATIONS" means and refers to other news organizations, whether print or television, including but not limited to the Wall Street Journal, ABC News, Fox News, and Newsmax, and any and all publications referenced in the COMPLAINT.

30.      "Person(s)" refers to all natural persons and all forms of business organizations, including corporations, partnerships, limited partnerships, unincorporated associations, trusts, governmental bodies, and/or all other identifiable entities.

31.      "Regarding" shall mean referring to, discussing, describing, evidencing, concerning, comprising, constituting, referencing, reflecting, supporting, or relating to in any manner.

32.      "Relate to" or "relating to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed.

33.    "SMARTMATIC" shall mean Smartmatic USA Corp., Smartmatic International Holding B.V., and/or SGO Corporation Limited, and their predecessors in interest, parents, subsidiaries, divisions, and affiliates, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

34.    "SMARTMATIC RETRACTION DEMAND" means and refers to the December 11, 2020 Letter from J. Erik Connolly to Charles Herring, President of One American News Network attached as Exhibit 46 to the COMPLAINT.

35.    "State" shall mean to state specifically and in detail.

36.    "TRUMP ADMINISTRATION" means and refers to DONALD TRUMP, and/or any of his agents, staff members, appointees, employees, members of the Cabinet, or officials within any Executive Department or agency, including but not limited to advisors, attorneys, and family members.

37.    "TRUMP CAMPAIGN" means and refers to the entity Donald Trump for President 2020 and any individual who OANN understood to be speaking on behalf of campaign to re-elect DONALD TRUMP to a second term as President of the United States in 2020, and/or any of its agents, staff members, appointees, employees, advisors, or attorneys at or during the time period referenced in any individual requests, including but not limited to Jared Kushner, Ivanka Trump, Bill Stepien, Jason Miller, Stephen Miller, Justin Clark, Matt Morgan, Donald Trump, Jr., Eric Trump, Lara Trump, Kimberly Guilfoyle, Katrina Pierson, Boris Ephsteyn, Michael Roman, Kayleigh McEnany, Gary Michael Brown, and Katherine Friess.

38.    "RNC" means and refers to the Republican National Committee, and/or any of its agents, staff, members, appointees, employees, advisors, or attorneys at or during the time period

referenced in any individual requests, including but not limited to Ronna McDaniel, Thomas Hicks, Jr., Liz Harrington, and Paris Dennard.

39.    "You" or "Your" shall refer to OANN.

## **INSTRUCTIONS**

1.    Unless otherwise specified, the relevant time period for each Request is January 1, 2020 through the present.

2.    These Document Requests are continuing in nature, and any document identified subsequent to the service of these Requests that would have been included in the responses had it been known of shall promptly be supplied by supplemental responses whenever you find, locate, acquire, or become aware of such documents, up until the time of trial. Supplemental responses are to be served as soon as reasonably possible after identification of such documents.

3.    Documents and ESI shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond to the paragraphs of the Request to which they are responsive.

4.    If any document responsive to these Requests is withheld under a claim of privilege, you shall identify with respect to each document: (a) the author or originator; (b) the addressee(s) or recipient(s); (c) the type of document (letter, report, etc.); (d) the general subject matter of the document; (e) the date of the document; (f) the specific privilege claimed; and (g) the factual basis for your assertion of privilege or the reason for withholding.

5.    If a portion of any document responsive to these Requests is withheld under a claim of privilege or any other objection, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

6.      All responsive Documents, wherever located, that are in your possession, custody, or control, or that of any of your agents, attorneys, or representatives, shall be produced in response to these Requests. If you are unable to respond in full to a Request after exercising due diligence to obtain all documents requested, so state; furnish the documents that are available; and indicate in writing your inability to provide the rest of the documents that are responsive to the Request, setting forth whatever information, knowledge, or belief you have concerning the unavailable documents.

7.      All ESI shall be produced either on portable storage media (CD/DVD, USB flash drive, or USB portable hard drive), or by electronic file transfer (FTP or equivalent). Documents stored in electronic form or format of any kind are to be rendered in 300 dpi single-page image format and produced as either black and white TIFF or color JPG images, accompanied by their corresponding document-level extracted text, a Concordance-formatted (.dat) load file containing related document-level metadata, and an Opticon-formatted (.opt) image load file. Each TIFF image must convey all the information the document contains, disclosing all track changes, hidden content, notes, and any hidden slides, rows or columns, subject to any redactions. Images should be uniquely and sequentially Bates numbered in both the filename and as an endorsement on each image. Documents should be properly unitized and shall not be combined. Documents such as spreadsheets, proprietary databases, access databases, and enterprise management systems shall be produced in their native format.

8.      Excel files, audio files, and video files shall be produced in the native format that is referenced in their Native Link field, along with a TIFF placeholder image that is named by the beginning Bates number of the file, associated document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate document and family breaks, as well as metadata load files

in delimited text format containing the fields required by Instruction No. 7. You shall maintain family groups together in one production and shall not break family groups apart in separate production volumes.

9.      Non-responsive family members must be produced together with responsive family members. In instances where You do not assert a privilege with respect to the entire family of documents, the producing party should replace any subset of privileged documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall contain the "Document Withheld as Privileged" language in the center of the page, with confidential branding bottom left, and Bates branding bottom right of the page.

10.     A Request shall be deemed to include a Request for each document in its entirety with all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents in addition to the document itself, without redaction, abbreviation, or expurgation.

## DOCUMENT REQUESTS

1.      Documents and communications concerning SMARTMATIC. There is no time limit for this Request.

2.      Documents and communications concerning DOMINION. There is no time limit for this Request.

3.      Documents and Communications concerning every mention of SMARTMATIC on OANN (whether on OANN DIGITAL, on any OANN PROGRAMS, OANN SOCIAL MEDIA, or otherwise) between November 1, 2018 and the present.

4.      Documents and Communications concerning comments or opinions about OANN's coverage of SMARTMATIC, DOMINION or the election technologies and systems used during the 2020 PRESIDENTIAL ELECTION.

5.      Videos of each full OANN PROGRAM(S) which made any mention of SMARTMATIC.

6.      Documents sufficient to show any republication, rebroadcasting, re-airing, repackaging, or promotion of any OANN PROGRAM(S) which made any mention of SMARTMATIC or DOMINION.

7.      Documents sufficient to show any and all employment agreements and/or contracts in effect for, and compensation paid to, the OANN ON-AIR PERSONALITIES from 2016 to the present.

8.      Documents and Communications concerning job performance of the OANN ON-AIR PERSONALITIES from January 1, 2019 to the present, including but not limited to performance reviews, discussions of promotions, raises, demotions, terminations, pay increases or decreases or any other changes in employment status.

9.      Documents and Communications with or concerning Rudolph Giuliani relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, or the TRUMP ADMINISTRATION, and any agreements with Rudolph Giuliani within the last five (5) years.

10.     Documents and Communications with or concerning Sidney relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, or the TRUMP ADMINISTRATION, and any agreements with Sidney Powell within the last five (5) years.

11.     Documents and Communications with or concerning Michael Lindell relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, or the TRUMP ADMINISTRATION, and any agreements with Michael Lindell within the last five (5) years.

12.     Documents sufficient to show all appearances by Rudolph Giuliani on OANN. There is no time limit for this Request.

13.     Documents sufficient to show all appearances by Sidney Powell on OANN. There is no time limit for this Request.

14.     Documents sufficient to show all appearances by Michael Lindell on OANN. There is no time limit for this Request.

15.     Documents and Communications with or concerning DONALD TRUMP relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN.

16.     Documents and Communications with or concerning the TRUMP ADMINISTRATION relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN.

17.     Documents and Communications with or concerning the TRUMP CAMPAIGN relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN.

18.     Documents and Communications with or concerning the RNC relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN.

19.     Documents and Communications with DONALD TRUMP, the TRUMP CAMPAIGN, the TRUMP ADMINISTRATION, the RNC, any elected official, or any staff of any elected official regarding any suggestions, comments, or influence on OANN, any content on OANN, or any OANN PROGRAMS.

20.     Documents and Communications concerning MY PILLOW, INC. advertising on any OANN platform and Documents sufficient to show all advertising revenue paid to OANN for airing or otherwise placing MY PILLOW, INC. advertisements on any OANN platform, including a breakdown of such revenue on a monthly basis, detail regarding total volume of such ads (under each of the metrics OANN uses to measure ad volume), on which platforms and (where applicable) which specific programs the ads were placed or aired, and what percentage of OANN's overall advertising revenue MY PILLOW, INC. accounted for over time. There is no time limit on this Request.

21.     Documents and Communications concerning the TRUMP ADMINISTRATION's response to OANN's coverage of the 2020 PRESIDENTIAL ELECTION, including Tweets from DONALD TRUMP about OANN's coverage of the 2020 PRESIDENTIAL ELECTION. This Request includes Documents and Communications concerning the actual or potential effect of any such response on OANN's viewership, advertising, and ratings, or on OANN's financial health, valuation or stock price. There is no time limit on this Request.

22.     Documents and Communications concerning any Tweets about OANN from @DonaldTrump, @realDonaldTrump, or any other Twitter handle used by DONALD TRUMP between November 1, 2020 to present, including Documents and Communications concerning the actual or potential effect of any such Tweets on OANN's viewership, advertising, and ratings, or on OANN's financial health or stock price.

14

23.     Documents and Communications concerning negative responses of third parties other than the TRUMP ADMINISTRATION to OANN's coverage of the 2020 PRESIDENTIAL ELECTION, including Documents and Communications concerning the actual or potential effect of any such responses on OANN's viewership, advertising, and ratings, or on OANN's financial health or stock price. There is no time limit on this Request.

24.     Documents and Communications with or concerning any current, former, or future OANN EMPLOYEES entering or leaving employment with the TRUMP ADMINISTRATION or TRUMP CAMPAIGN. The timeframe for this request is January 1, 2016 to the present.

25.     Documents and Communications with or concerning Newsmax Media, Inc. or Fox News between January 1, 2018 and the present.

26.     Documents and Communications with or concerning the hiring, firing, retention, resignation, promotion, or demotion or contract negotiation with any OANN EMPLOYEES.

27.     Documents and Communications concerning decisions, suggestions, or instructions for OANN to include or exclude content, guests, or OANN EMPLOYEES on any OANN PROGRAMS, or to change or alter OANN's schedule or lineup.

28.     Documents sufficient to show the Persons responsible for creating, researching, writing, editing, or approving the content of the OANN SOCIAL MEDIA accounts.

29.     Documents sufficient to show the reporting and oversight structure for each of the OANN ON-AIR PERSONALITIES and the OANN ACCUSED PROGRAMS.

30.     Documents sufficient to show OANN's corporate governance structure.

31.     Documents and Communications concerning OANN's oversight of Michael J. Lindell and the LINDELL PROGRAMS, including any control over, governance of, or participation in Michael J. Lindell's production of the LINDELL PROGRAMS.

15

32.     Documents and Communications concerning the airing of the LINDELL PROGRAMS during any OANN broadcast, including but not limited to, Documents and Communications showing the contract or consideration for airing the LINDELL PROGRAMS.

33.     Documents sufficient to show each Person responsible for creating, researching, writing, editing, or approving the content of the OANN ACCUSED PROGRAMS including the OANN DEFAMATORY STATEMENTS and LINDELL PROGRAMS.

34.     Documents and Communications concerning appearances by Rudolph Giuliani, Sidney Powell, Michael Lindell, Russell Ramsland, Colonel Phil Waldron, and/or Michael Flynn on OANN PROGRAMS between November 1, 2020 and the present, including any drafts, scripts or other programming-related Documents, and any Documents or Communications concerning ratings associated with the broadcasts of these appearances.

35.     Documents sufficient to show every meeting that occurred in which the mention of SMARTMATIC or DOMINION on the OANN ACCUSED PROGRAMS was discussed or a topic of discussion.

36.     Documents and Communications concerning SMARTMATIC provided to OANN by any OANN ON-AIR PERSONALITIES, Sidney Powell, Rudy Giuliani, Michael Lindell, any source, or any of their counsel. There is no time limit on this Request.

37.     Documents and Communications concerning DOMINION provided to OANN by any OANN ON-AIR PERSONALITIES, Sidney Powell, Rudy Giuliani, Michael Lindell, any source, or any of their counsel. There is no time limit on this Request.

38.     Documents and Communications concerning evidence or lack thereof that SMARTMATIC deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION or any other election, including all sources for such evidence, and

including statements from the Trump Administration Cybersecurity & Infrastructure Security Agency, the Trump Administration Election Assistance Commission, the Michigan Secretary of State, the Georgia Secretary of State, the Maricopa County Board of Supervisors, then-United States Attorney General William Barr, Chris Christie, any election security expert, and SMARTMATIC. There is no time limit on this Request.

39.     Documents and Communications concerning evidence or lack thereof that DOMINION deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION or any other election, including all sources for such evidence, and including statements from the Trump Administration Cybersecurity & Infrastructure Security Agency, the Trump Administration Election Assistance Commission, the Michigan Secretary of State, the Georgia Secretary of State, the Maricopa County Board of Supervisors, then-United States Attorney General William Barr, Chris Christie, any election security expert, and DOMINION. There is no time limit on this Request.

40.     Documents and Communications concerning the disappearance of DONALD TRUMP'S early voting leads in the 2020 PRESIDENTIAL ELECTION. There is no time limit on this Request.

41.     Documents and Communications concerning the connection or lack thereof between SMARTMATIC and DOMINION. There is no time limit on this Request.

42.     Documents and Communications concerning the SMARTMATIC RETRACTION DEMAND. There is no time limit on this Request.

43.     Documents and Communications concerning the DOMINION CORRECTIVE CORRESPONDENCE and DOMINION RETRACTION DEMANDS. There is no time limit on this Request.

17

44.     Documents and Communications concerning ratings, viewership, readership and engagement data of the OANN ACCUSED PROGRAMS, OANN SOCIAL MEDIA, and OANN DIGITAL.

45.     Documents sufficient to show ratings and viewership of the OANN ACCUSED PROGRAMS, OANN SOCIAL MEDIA, and OANN DIGITAL.

46.     Documents sufficient to show the number of persons who (1) installed the OANN application through AT&T; (2) bought a subscription to any OANN media service; and (3) clicked or read any media published by OANN, between January 1, 2018 and present.

47.     Documents sufficient to show the programming description of the OANN ACCUSED PROGRAMS.

48.     Documents and Communications concerning OTHER NEWS ORGANIZATIONS' coverage of allegations that election technologies or systems (including any from SMARTMATIC) deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION, including any retractions issued regarding coverage about purported election fraud. There is no time limit on this Request.

49.     Documents sufficient to show OANN's financial condition, including profits, margins, revenue and advertising revenue.

50.     All balance sheets, profit and loss statements or other financial statements prepared by or for OANN reflecting the financial position of OANN during the years 2020, 2021, and 2022 including, without limitation, periodic financial statements whether weekly, monthly, quarterly, semi-annual or annual statements and occasional statements.

51.     Documents and Communications concerning OANN's generation or loss of revenue or profits for OANN's effect on OANN's valuation (whether internally valued or externally valued) or stock price between January 1, 2020 and the present.

52.     Documents that You contend support, establish, demonstrate, or show that the DEFAMATORY STATEMENTS are substantially true, accurate, not misleading, and/or not defamatory. There is no time limit on this Request.

53.     Documents and Communications concerning OANN's policies regarding journalistic integrity, ethics, standards, fact-checking, guest appearances, style guides, internal review processes, investigation of stories, and responses to retraction or correction requests between 2018 and the present.

54.     Documents and Communications concerning any OANN social media policies or guidelines between 2016 and the present.

55.     Documents on which You intend to rely at any hearing or trial of this ACTION. There is no time limit on this Request.

56.     Documents obtained (now or in the future) by You pursuant to any subpoena or discovery relating to this ACTION. There is no time limit on this Request.

57.     All Documents referenced in, identified by, responsive to, or relied upon in preparing Your Answer, Your Amended Answer, Your Affirmative Defenses, Your Responses to Plaintiff's Interrogatories to You, and/or Your Responses to any other discovery Requests in this ACTION. There is no time limit on this Request.

58.     All Documents produced by You in connection with the lawsuits captioned *US Dominion, Inc., et al. v. One America News Network*, Case No. 1:21-cv-02130 (D.D.C) and/or *Ruby Freeman, et al. v. Herring Networks, Inc., et al.*, Civil Action No. 21-3354 (D.D.C).

59.     Transcripts of any testimony (deposition, trial or otherwise) provided by any witnesses, other than DOMINION employees, in *US Dominion, Inc., et al. v. One America News Network*, Case No. 1:21-cv-02130 (D.D.C) and/or *Ruby Freeman, et al. v. Herring Networks, Inc., et al.*, Civil Action No. 21-3354 (D.D.C).

60.     Any agreement under which an insurance business or other Person or entity may be liable to satisfy all or part of a judgment in the ACTION or to indemnify or reimburse for payments made to satisfy a judgment in the ACTION.

61.     Any joint defense or similar agreement between You and any other party or non-party to the ACTION concerning the ACTION.

Date: October 21, 2022                    Respectfully submitted,

                                          */s/ J. Erik Connolly*
                                          J. Erik Connolly (D.C. Bar No. IL0099)
                                          Nicole E. Wrigley (D.C. Bar No. IL0101)
                                          Lee B. Muench (admitted *pro hac vice*)
                                          Julie M. Loftus (admitted *pro hac vice*)
                                          BENESCH, FRIEDLANDER, COPLAN &
                                          ARONOFF LLP
                                          71 South Wacker Drive, Suite 1600
                                          Chicago, IL 60606
                                          Telephone: 312.212.4949
                                          econnolly@beneschlaw.com
                                          nwrigley@beneschlaw.com
                                          lmuench@beneschlaw.com
                                          jloftus@beneschlaw.com

                                          *Attorneys for the Plaintiffs Smartmatic USA
                                          Corp., Smartmatic International Holding B.V.,
                                          and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 21, 2022 copies of the foregoing

**Plaintiffs' First Set of Requests for Production Directed at Herring Networks, Inc. d/b/a One**

**America News Network** were sent via email to all attorneys of record:

*/s/ J. Erik Connolly*
J. Erik Connolly


**VEDDER PRICE P.C.**

Blaine Kimrey, Bar No. IL0091; bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094; jpark@vedderprice.com
Bryan Clark, Bar No. IL0090; bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093; bledebuhr@vedderprice.com
222 North LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 609 5005

Brian K. McCalmon, Bar No. 461196; bmccalmon@vedderprice.com
1401 New York Avenue, Suite 500
Washington, DC 20005
T: +1 202 312 3320
F: +1 202 312 3322