## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., | |
| Defendant. | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S RULE 72 OBJECTIONS TO MAGISTRATE JUDGE RULING

## <u>TABLE OF CONTENTS</u>

Page

I.      INTRODUCTION..................................................................................................... 1

II.     BACKGROUND ....................................................................................................... 2

        A.      OANN Engaged In A Wide-Spread Disinformation Campaign
                Against Smartmatic ....................................................................................... 2

        B.      OANN Refused To Produce Documents And Otherwise Satisfy
                Its Discovery Obligations .............................................................................. 2

        C.      OANN Filed Its Motion To Recuse Magistrate Judge
                Upadhyaya ...................................................................................................... 3

        D.      Smartmatic Was Forced To File Its Motion To Issue A
                Protective Order, Stay Depositions, And Amend Scheduling
                Order ............................................................................................................... 6

        E.      Smartmatic Was Forced To File Its First Emergency Motion .......................... 7

        F.      Smartmatic Was Forced To File Its Second Emergency Motion ..................... 8

III.    LEGAL STANDARD ............................................................................................... 9

IV.     ARGUMENT .......................................................................................................... 10

        A.      Judge Upadhyaya Had Absolute Authority to Issue the
                November Order ............................................................................................ 10

        B.      Judge Upadhyaya Properly Exercised Her Discretion In
                Issuing The November Order ........................................................................ 13

                1.      *There Was Good Cause To Grant Smartmatic's*
                        *Emergency Motion to Stay Depositions* ................................................ 14

                2.      *The November Order Properly Grants Temporary Relief*
                        *Until Further Ruling From The Court* ................................................... 15

V.      CONCLUSION ...................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aetna Cas. & Surety Co.*,
   919 F.2d 1136 (6th Cir. 1990) ..................................................................11

*Am. Ctr. for Civ. Just. v. Ambush*,
   794 F. Supp. 2d 123 (D.D.C. 2011) ..........................................................10

*Arakelian v. Nat'l W. Life Ins. Co.*,
   126 F.R.D. 1 (D.D.C. 1989) .......................................................................10

*Arnoff v. Black*,
   2022 WL 2834663 (N.D. Ohio July 20, 2022) ...........................................12

*Beale v. D.C.*,
   545 F. Supp. 2d 8 (D.D.C. 2008) ...............................................................16

*In re BellSouth Corp.*,
   334 F.3d. 941 (11th Cir. 2003) ...................................................................11

*Bishay v. Harris*,
   2023 WL 2784840 (D.D.C. Apr. 5, 2023), aff'd, 2023 WL 6784306 (D.C. Cir.
   Oct. 6, 2023) ..............................................................................................10

*Byrd v. D.C.*,
   259 F.R.D. 1 (D.D.C. 2009)...................................................................13, 14

*Casa Express Corp. v. Bolivarian Republic of Venezuela*,
   1-21-mc-23103 (S.D. Fla. 2021).................................................................3

*Cochran v. U.S. SEC*,
   20 F.4th 194 (5th Cir. 2021) .......................................................................11

*Collett v. Socialist Peoples' Libyan Arab Jamahiriya*,
   448 F. Supp. 2d 92 (D.D.C. August 24, 2006) ..........................................9

*Daker v. Toole*,
   736 F. App'x 234 (11th Cir. 2018) .............................................................11

*Graham v. Mukasey*,
   247 F.R.D. 205 (D.D.C. 2008).....................................................................13

*Haughton v. D.C.*,
   161 F. Supp. 3d 100 (D.D.C. 2014) ............................................................13

*Low v. Whitman*,
    207 F.R.D. 9 (D.D.C. 2002)............................................................................................14

*Neuder v. Battelle Pac. Nw. Nat. Lab'y*,
    194 F.R.D. 289 (D.D.C. 2000)........................................................................................10

*Nyambal v. Alliedbarton Sec. Servs. LLC*,
    2021 WL 6773023 (D.D.C. June 12, 2021) ....................................................................10

*Pashian v. Eccelston Properties, Ltd*,
    88 F.3d 77 (2d Cir. 1996)................................................................................................11

*In re Patokh Chodiev & Int'l Min. Res. B.V.*,
    2022 WL 1211794 (D.D.C. Feb. 15, 2022) ......................................................................9

*Peretz v. United States*,
    501 U.S. 923 (1991)..........................................................................................................9

*Rundquist v. Vapiano SE*,
    277 F.R.D. 205 (D.D.C. 2011)........................................................................................16

*Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*,
    No. 18-6055 (D.C. Cir. 2018) ......................................................................................3, 4

*Schafmeister v. NYU Langone Hosps.*,
    2021 WL 2168134 (S.D.N.Y. May 27, 2021) ................................................................12

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984)..........................................................................................................13

*Smartmatic, et al. v. Herring Network, Inc.*,
    Case No. 23-mc-00006 (W.D. VA), Dkt. 16 .....................................................................6

*In re Subpoena to Wang*,
    214 F. Supp 3d 91 (D.D.C. October 13, 2016) ...............................................................15

*Trice v. Fed. Deposit Ins. Corp.*,
    2022 WL 17250284 (D.D.C. Nov. 28, 2022) ................................................................10

*United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*,
    233 F. Supp. 3d 143 (D.D.C. 2017)................................................................................14

*United States v. Kellogg Brown & Root Servs., Inc.*,
    285 F.R.D. 133 (D.D.C. 2012)..................................................................................13, 16

*United States v. Moody*,
    977 F.2d 1420 (11th Cir. 1992) ......................................................................................11

*United States v. O'Keefe*,
    128 F. 3d 885 (5th Cir. 1997) .............................................................................11

*Williams v. Johnanns*,
    2006 WL 3826967 (D.D.C. 2006) .......................................................................16

*Zinna v. The Bd. of Cnty. Comm'rs of The Cnty. of Jefferson*,
    250 F.R.D. 527 (D. Colo. 2007) .........................................................................15

**Other Authorities**

Fed. R.Civ. P. 26(c)(1)...........................................................................................13

Fed. R. Civ. P. 26(c)(1)(B) ....................................................................................13

Fed. R. Civ. P. 72(a) .........................................................................................9, 10

Fed. R. Civ. P. 72.....................................................................................................1

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively, "Smartmatic"), by counsel, submit its Response in Opposition to Defendant Herring Network Inc.'s d/b/a OANN ("OANN") Rule 72 Objections to Magistrate Judge Ruling (Dkt. 121) ("Objection"). Smartmatic respectfully requests that this Court deny OANN's Objection in its entirety.

## I.      INTRODUCTION

OANN cannot have it both ways. It cannot demand that discovery be at a standstill until Judge Upadhyaya rules on her recusal while insisting that depositions move forward with haste. Instead of waiting for a ruling on recusal, OANN noticed depositions and filed motions to compel, claiming that discovery must move forward. OANN's inconsistent strategy to both slow down the case and speed it up only makes sense if OANN's true goal was to harass and burden Smartmatic.

Over the past three months, OANN's actions have caused numerous disputes regarding the timing of depositions. Because of this, Smartmatic was forced to file a motion requesting that depositions be stayed and the scheduling order amended, and two emergency motions seeking the stay of depositions. Judge Upadhyaya properly entered rulings granting both of Smartmatic's emergency motions. OANN is now challenging Judge Upadhyaya's authority and discretion in another attempt to push discovery forward while the recusal of Judge Upadhyaya is still pending and numerous discovery disputes in front of the Court remain open. As such, this Court should deny OANN's objection in its entirety.

## II.     BACKGROUND

### A.     OANN Engaged In A Wide-Spread Disinformation Campaign Against Smartmatic.

Smartmatic is a provider of voting machine technology that provided its services to only one county in the 2020 U.S. presidential election: Los Angeles County. The 2020 election was undoubtedly secure. And President Biden undoubtedly won. Yet this narrative did not work for OANN, a conservative news network struggling for viewers. Instead of reporting the truth, OANN chose to spread lies and report that Smartmatic technology was rigged to steal the election from Donald Trump. OANN's widespread disinformation campaign caused Smartmatic to suffer severe reputational injury, and Smartmatic filed suit to recover for the harm it suffered.

### B.     OANN Refused To Produce Documents And Otherwise Satisfy Its Discovery Obligations.

After discovery began in October 2022, OANN was unhurried in its document production and did not participate in the discovery process in good faith. For example, OANN produced less than 100 documents on the first two agreed-upon production deadlines. (Dkt. 96, p. 3). OANN also refused to identify relevant witnesses or meaningfully supplement its responses to written discovery. *Id.* at p. 3-4. In late March, after becoming concerned about OANN's deficient productions and refusal to identify witnesses, Smartmatic and OANN agreed on a document production schedule that required a series of productions throughout April and May. *Id.* OANN missed the first agreed-upon document production date in early April and then informed Smartmatic it would not meet any of the agreed-upon deadlines in April or May. *Id.*

On May 5, 2023, the parties made a joint submission to the Court which outlined eleven discovery disputes in writing. (Ex. A, Sullivan Declaration, ¶ 2). Then on May 31, Judge Nichols

referred all outstanding disputes to Magistrate Judge Upadhyaya. (Minute Entry, 5/31/23).[1] On

that same day, Smartmatic was informed that OANN had retained new lead counsel. (Dkt. 55).

### C.   OANN Filed Its Motion To Recuse Magistrate Judge Upadhyaya.

Soon after all discovery disputes were referred to Magistrate Judge Upadhyaya, OANN

sought her recusal. (Dkt. 79).[2] Relying only on a case taken on by another member of Judge

Upadhyaya's prior firm[3] and Judge Upadhyaya's brief representation of a former client,[4] OANN

alleged that Judge Upadhyaya had impermissible ties to the Venezuelan government that created

the appearance of impropriety. (Dkt. 79). Immediately upon looking into OANN's allegations

related to Judge Upadhyaya, it became apparent that OANN's motion was baseless. As Smartmatic

expressed in its briefing on the issue and at the July 18 hearing, Judge Upadhyaya's alleged ties to

Venezuela would in no way create an appearance of impropriety or otherwise impact her ability to

serve as a magistrate for this matter. (Dkt. 77).

OANN's recusal motion was fully briefed on July 17, 2023, and Judge Upadhyaya heard

oral arguments the next day.[5] Before the parties began oral argument at the hearing, Judge

Upadhyaya set forth in the record the reality of her "relationship" with Venezuela.

Regarding her representation of the government of Venezuela, Judge Upadhyaya

explained:

---

[1] Judge Nichols's May 31, 2023 Minute Order states, "CASE DIRECTLY REFERRED to Magistrate Judge Moxila A. Upadhyaya for resolution of all discovery disputes."

[2] OANN first sought recusal by sending Smartmatic a letter. Smartmatic filed its opposition to OANN's recusal letter on June 30, 2023. (Dkt. 77). OANN then filed a second motion for recusal on July 6 (Dkt. 78), which forced Smartmatic to file *another* opposition. (Dkt. 83). The Court heard oral arguments on July 18. (Minute Entry, 7/18/23).

[3] When Judge Upadhyaya previously worked at Venable LLP, a partner at the firm represented a party in litigation regarding the transfer of foreign assets. *Casa Express Corp. v. Bolivarian Republic of Venezuela*, 1-21-mc-23103 (S.D. Fla. 2021). Judge Upadhyaya was not aware of this case until OANN filed its recusal motion. (Dkt. 91, p. 7, 16:21).

[4] In 2019, Venable represented the Bolivarian Republic of Venezuela for seventeen days in a D.C. Circuit Case. *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, No. 18-6055 (D.C. Cir. 2018) ("Rusoro Mining Case")

[5] During oral arguments, OANN raised novel arguments. Judge Upadhyaya directed OANN to submit a supplemental memorandum on these points. (Minute Order, 7/18/23). OANN filed its Supplemental Memorandum the next day. (Dkt. 87). Smartmatic submitted its Reply on July 21. (Dkt. 88).

> I entered my appearance on behalf of a firm client, the government of Venezuela, on February 22nd, 2019. My designation as lead counsel on that docket was due to my having been an attorney in the D.C. office credentialed to electronically file documents in that court. I was not lead counsel in the matter or what is often referred to as a relationship partner. My role was akin to a local counsel role. As is reflected on the docket, Venable withdrew its appearance in the case 17 days later, on March 11th, 2019. Prior to Venable's withdrawal, I was one of two attorneys on three filings.

(Dkt. 91, 6:9-20).

Judge Upadhyaya elaborated that her involvement in the Rusoro Mining Case on behalf of

the Venezuelan government was minimal at best:

> My role in the Rusoro Mining case was brief and limited to that period of time mentioned above. There was no development of facts or evidentiary issues which occurred during that time on appeal. I was not involved in the case in the U.S. District Court for D.C., the underlying commercial arbitration at issue, or any factual development or discovery….I have no personal knowledge of any facts presented in this case.

(Dkt. 91, 7:2-11).

If the above statements were not clear enough, Judge Upadhyaya further affirmed:

> Other than my role in the Rusoro matter, which I've described above, I have no connection, past or present, personal or professional, to any leader or government official from the country of Venezuela and have no connection, past or present, to any party or lawyer in this case.

(Dkt. 91, 7:10-15).

Finally, Judge Upadhyay emphasized that she had nothing to do with the case taken on by

another member of her firm:

> There has been one other matter…I just want to briefly address, and that's a matter handled by another attorney at Venable. I just want to clarify, I had no involvement in that matter and, in fact, the first time I ever heard about it was in defendant's motion in this case.

(Dkt. 91, 7:16-21).

Immediately after hearing this information, OANN responded: "Thank you for that helpful background. Obviously, we did not know some of those things or could we or should we." (Dkt. 91, 8:6-7).

OANN proceeded to argue that this brief representation, which OANN was unaware of the realities of before filing its recusal motion, remains sufficient to warrant recusal. In response, Smartmatic explained that neither of the two prior matters of representation that OANN relies on involve Smartmatic or the 2020 U.S. Presidential election. Moreover, Judge Upadhyaya's ability to rule in this dispute is in no way jeopardized by these brief, tangential representations.

Given the extensive nature of the defamatory statements, Smartmatic's connections to Venezuela and the Maduro regime are in no way "a central issue" to this case. (Objection, p. 2). In fact, the Complaint references Venezuela and Maduro only to emphasize and explain the evident lack of connection to Smartmatic. To be clear, there is no veracity to OANN's assertion that allies of Chavez or Maduro own Smartmatic, and Smartmatic is not otherwise "funded by corrupt dictators from socialist and communist countries." (Objection, p. 2). Venezuela and Maduro are only relevant in reference to the ultimate issue in this case, whether OANN knew or should have known that Smartmatic did not rig the 2020 U.S. election.

The recusal motion is still pending. Notably, while OANN's recusal motion has been pending, Smartmatic fully briefed four motions before Judge Upadhyaya without OANN raising any objection to her authority to rule.[6] OANN also filed two discovery motions without raising objection to Judge Upadhyaya's authority. (Dkts. 94, 120). OANN has since filed another

---

[6] On July 28, Smartmatic's Motion to Quash OANN's Second Set of Requests for Production was fully briefed (Dkt. 90). Non-party Scott Circle Communications filed a Motion to Quash Deposition Notice, which was fully briefed on November 9. (Dkts. 108, 112, 115). OANN filed a Motion to Compel Production from Scott Circle, which was fully briefed on November 16. (Dkts. 111, 116, 118). OANN also responded to Smartmatic's first Emergency Motion to Quash Deposition Notices without challenging Judge Upadhyaya's authority to rule. (Dkt. 106).

discovery motion after filing its Objection. (Dkt. 122).  All in all, OANN did not object to Judge Upadhyaya's authority to rule while its recusal motion is pending until an October 30 e-mail to Judge Nichols courtroom deputy. (Dkt. 113-2). OANN did not formally raise the issue with the Court until its response to Smartmatic's second Emergency Motion to Stay Depositions. (Dkt. 114). It is unclear why OANN waited until Smartmatic's most recent motion to challenge Judge Upadhyaya's authority in this matter.

### D.   Smartmatic Was Forced To File Its Motion To Issue A Protective Order, Stay Depositions, And Amend Scheduling Order.

By August of 2023, it became clear that the parties could not proceed with depositions due to OANN's deficient production and the outstanding disputes before the Court. (Dkt. 96, p. 7-8). In early September, there were twelve pending discovery-related issues in front of the Court, a pending motion for recusal, and substantial gaps in OANN's production. (Dkt 96, p. 10). Today, there are even more unresolved disputes.[7]

Smartmatic attempted to resolve all outstanding issues with OANN in early September, yet OANN refused to discuss depositions with Smartmatic. *Id.* Instead of working with Smartmatic to create a mutually agreeable schedule, OANN threatened to file a "motion to dismiss for failure to prosecute." (Dkt. 96, p. 8). Smartmatic continued to explain that OANN's deficient production and pending issues before the Court needed to be resolved before depositions could commence. *Id.*

---

[7] Currently, there are 27 pending disputes. This includes Smartmatic's Motion for Extension of Time (Dkt. 54), eleven outstanding issues raised in the parties May 5 Joint Submission, OANN's Motion for Recusal (Dkt. 78), Smartmatic's Motion for a Protective Order to Quash RFPs (Dkt. 81), OANN's First Motion for Letters Rogatory (Dkt. 94), Smartmatic's Motion to Issue a Protective Order, Stay Depositions, and Amend Scheduling Order (Dkt. 96), Non-Party Scott Circle Communication's Motion to Quash Deposition Subpoena (Dkt. 108), OANN Motion to Compel Document Production from Scott Circle (Dkt. 111), OANN's Motion for Issuance of Letters Request (Dkt. 120), and OANN's Motion to Compel Production of Documents from The Issue and Crisis Group (Dkt. 122). OANN also sought court permission to file an additional five motion to compel. (Ex. A, ¶ 3). In addition, OANN filed a Motion to Compel the Deposition of Hugh Gallagher in the Western District of Virginia, which was transferred to this court November 7, 2023. (*Smartmatic, et al. v. Herring Network, Inc.*, Case No. 23-mc-00006 (W.D. VA), Dkt. 16). On December 1, Smartmatic filed its Motion to Compel Financial Documents. (Dkt. 124).

Smartmatic suggested that the parties agree to an extension of the fact discovery schedule. *Id.* OANN did not respond and instead issued seven deposition notices on September 13. (Dkt. 96, p. 8).

On September 18, Smartmatic filed its Motion to Issue a Protective Order, Stay Depositions, and Amend Scheduling Order ("Motion for Protective Order"). (Dkt. 96). In this motion, Smartmatic asks the Court to stay depositions until January 8, 2024, and amend the scheduling order accordingly. (Dkt. 96, p. 16). Smartmatic cites OANN's deficient production and the outstanding issues before the Court as good cause to stay depositions. (Dkt. 96, p. 9). This motion is fully briefed and remains pending before the Court.

### E.   Smartmatic Was Forced To File Its First Emergency Motion.

Despite Smartmatic's pending Motion for Protective Order, OANN demanded depositions proceed. (Dkt. 105, p. 6-7). Smartmatic promptly explained to OANN that while a good-faith motion for protective order is pending, depositions do not have to proceed. (Dkt. 105, p. 7). OANN did not listen. *Id.* Instead, OANN issued fourteen additional deposition notices, knowing that these depositions would not go forward. *Id.* This forced Smartmatic to file its Emergency Motion to Quash Deposition Notices.[8] (Dkt. 105). In this Motion, OANN asked the Court to stay all fourteen deposition notices issued by OANN. (Dkt. 105, p. 13). Smartmatic's Emergency Motion to Quash Deposition Notices was fully briefed on October 17, 2023. In its Opposition, OANN did not take issue with Judge Upadhyaya's authority to rule on the matter. (Dkt. 106). On October 21, Judge Upadhyaya entered the following minute order:

> MINUTE ORDER: The Depositions at issue in Plaintiffs' October 12, 2023 Emergency Motion to Quash Deposition Notices 105 , fourteen deposition notices

---

[8] Smartmatic filed its Emergency Motion to Quash Deposition Notices on October 10, 2023. (Dkt. 105). At the time of filing, the first deposition was noticed for October 24, 2023. Smartmatic requested expedited briefing to ensure a ruling before this date. (Dkt. 105, p. 13). On October 17, the Court granted Smartmatic's request and ordered expedited briefing. (Minute Entry, 10/17/23).

Defendant issued on October 6, 2023 and October 11, 2023, are hereby temporarily
stayed pending further order of the Court. SO ORDERED. Signed by Magistrate
Judge Moxila A. Upadhyaya on 10/21/2023. (lchk) (Entered: 10/21/2023).

(Minute Entry, 10/21/23) ("October Order")

Despite the pending recusal motion, OANN did not object to Judge Upadhyaya's authority

to enter the October Order.

### F.  Smartmatic Was Forced To File Its Second Emergency Motion.

Six days after Judge Upadhyaya entered the October Order temporarily staying fourteen

depositions, OANN issued four additional deposition notices. (Dkt. 113, p. 4).[9] OANN noticed all

four depositions for the same dates as the depositions stayed by the October Order. (Dkt. 113, p.

12). OANN knew that Smartmatic objected to depositions occurring on these dates, OANN knew

that these particular depositions would not go forward, and the October Order made the Court's

position on depositions clear. Yet OANN decided to issue these notices anyway. OANN's disregard

for the Court's position forced Smartmatic to file a second emergency motion to stay depositions

on November 3.[10] *Id.* In the November 3 Emergency Motion, OANN asked the Court to issue a

protective order staying all depositions until January 8, 2024. (*Id.* at p. 15).

In OANN's response to Smartmatic's November 3 Emergency Motion, it raised, for the

first time, the argument that Judge Upadhyaya did not have authority to rule on motions while her

recusal is pending. (Dkt. 114). The parties fully briefed that issue. (*See* Dkts. 114, 117).

After reviewing the parties' briefing, Judge Upadhaya entered the following Order and

granted Smartmatic's request for emergency relief. (Minute Order, 11/11/23) ("November Order").

MINUTE ORDER: The depositions at issue in Plaintiffs' November 3, 2023
Emergency Motion to Quash Deposition Notices [113 are hereby temporarily

---

[9] OANN also issued an additional deposition notice the day prior to the court's October Order. (Dkt.  113, p. 4).
[10] At the time of filing, the first deposition was noticed for November 13, 2023. (Dkt. 113, p. 14). Smartmatic requested expedited briefing to ensure a ruling before this date. (Dkt. 113, p. 14). The Court ordered expedited briefing the same day Smartmatic filed its Motion. (Minute Entry, 11/3/23).

stayed pending further order of the Court. SO ORDERED. Signed by Magistrate
Judge Moxila A. Upadhyaya on 11/11/2023. (lchk) (Entered: 11/11/2023).

Because Smartmatic asked this Court to stay all depositions in its November 3 Emergency

Motion, this Order stayed all depositions until further ruling from the Court.[11] In addition, Judge

Upadhyaya entered this Order despite OANN's assertions that her honor does not have the

authority to do so, clearly demonstrating that Judge Upadhyaya can in fact rule on issues while her

recusal is pending.

Despite two Court orders staying depositions, OANN has continued to demand that

Smartmatic schedule depositions before December 8, 2023. (Ex. A, ¶ 4). Smartmatic has refused

to engage with such senseless requests given the current stay of all depositions in this matter.

## III.   LEGAL STANDARD

A magistrate judge "play[s] an integral and important role in the federal judicial system."

*Peretz v. United States*, 501 U.S. 923, 928 (1991); *In re Patokh Chodiev & Int'l Min. Res. B.V.*,

2022 WL 1211794, at *1 (D.D.C. Feb. 15, 2022) ("Given the volume of civil cases, the role of

Magistrate Judges is indispensable, and Magistrate Judges assist district judges in timely and

effectively addressing pretrial matter"). Once a non-dispositive matter is referred to a Magistrate

Judge, the Magistrate must "promptly conduct the required proceedings and…issue a written

order." Fed. R. Civ. P. 72(a). If a party objects to the ruling of a Magistrate Judge, they must file a

written objection within 14 days. *Id.*

The decision of a Magistrate Judge is "entitled to great deference and will not be disturbed

unless found to be clearly erroneous or contrary to law." *Collett v. Socialist Peoples' Libyan Arab

Jamahiriya*, 448 F. Supp. 2d 92, 95 (D.D.C. August 24, 2006) (internal citation omitted); LCvR

---

[11]OANN expressly acknowledges that the November Order stays all depositions in its Objection. (Objection, p. 3).
Yet OANN continues to demand that Smartmatic present its witnesses for depositions prior to December 8. (Ex. A, ¶ 4).

72.2(c). This is an extremely deferential standard, under which a magistrate judge's discretionary decisions must be affirmed absent a strong showing of mistake. *Am. Ctr. for Civ. Just. v. Ambush*, 794 F. Supp. 2d 123, 129 (D.D.C. 2011). To that end, district courts "will affirm the magistrate judge's determination unless…the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Nw. Nat. Lab'y*, 194 F.R.D. 289, 292 (D.D.C. 2000) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *Arakelian v. Nat'l W. Life Ins. Co.*, 126 F.R.D. 1, 2 (D.D.C. 1989).

## IV.   ARGUMENT

Judge Upadhyaya's ruling is not clearly erroneous or contrary to law. OANN's Objection should be denied for two key reasons. First, Judge Upadhyaya had the requisite authority to enter a temporary ruling on Smartmatic's Emergency Motion to Stay Depositions (Dkt. 113).  Second, the Court's rulings on Smartmatic's motion was not clearly erroneous. There is good cause to stay depositions in this matter. Accordingly, this Court should overrule OANN's Objection and affirm the ruling of Judge Upadhyaya.[12]

### A.   Judge Upadhyaya Had Absolute Authority to Issue the November Order.

OANN's pending recusal motion does not limit Judge Upadhyaya's ability to rule on Smartmatic's discovery motions. (Dkt. 117, p. 2-4). Well-established case law indicates that while a recusal motion is pending, judges may still issue rulings. *See e.g.*, *Nyambal v. Alliedbarton Sec. Servs. LLC*, 2021 WL 6773023, at *1 (D.D.C. June 12, 2021) (court continued to rule despite three pending motions for recusal); *Bishay v. Harris*, 2023 WL 2784840, at *1 (D.D.C. Apr. 5, 2023), aff'd, 2023 WL 6784306 (D.C. Cir. Oct. 6, 2023) (simultaneously ruling on motion for injunction

---

[12] To be clear, OANN waived any objection it may have to the October Order. While OANN requests that the Court overturn the November Order, OANN still refers to the alleged impropriety of the October Order throughout its Objection. OANN waived its ability to challenge the October Order by failing to file an objection within fourteen days. Fed. R. Civ. P. 72(a); LCvR 72.2(b).

and motion for recusal); *Trice v. Fed. Deposit Ins. Corp.*, 2022 WL 17250284, at *2 (D.D.C. Nov. 28, 2022) (simultaneously denying a motion for reconsideration and motion to recuse); *Pashian v. Eccelston Properties, Ltd*, 88 F.3d 77, 84 (2d Cir. 1996) ("Judge Martin did not err in deciding the motion for a preliminary injunction before effecting his recusal."). Filing a recusal motion does not give OANN the unilateral power to limit Judge Upadhyaya's authority. OANN's attempt to circumvent the court's authority in this regard is improper.

OANN's case law, once again, does not support its position. OANN first relies on cases where the Court looked at whether a recused judge could continue to rule. *See United States v. Moody*, 977 F.2d 1420, 1423 (11th Cir. 1992) (The "crux of this issue is whether the act of designating a trial judge is a ministerial act or an exercise of substantive authority."); *United States v. O'Keefe*, 128 F. 3d 885, 893 (5th Cir. 1997) (finding that a recused judge's ruling on a motion was harmless error); *Daker v. Toole*, 736 F. App'x 234, 236 (11th Cir. 2018) ("[I]f it turns out that recusal is warranted, the district court is not allowed to take any further action concerning the merits"). OANN then relies on two cases where the Court found that a judge should have immediately recused himself because the grounds for recusal were obvious. *In re BellSouth Corp.*, 334 F.3d. 941, 949 (11th Cir. 2003) (judge's nephew represented a party);[13] *In re Aetna Cas. & Surety Co.*, 919 F.2d 1136, 1145–46 (6th Cir. 1990) (judge's daughter represented a party). OANN's final case, *Cochran v. U.S. SEC*, 20 F.4th 194, 212 (5th Cir. 2021), does nothing more than to affirm a party's right to move for recusal. None of these cases stand for the proposition that

---

[13] OANN previously cited *In re BellSouth Corp.*, 334 F.3d. 941, 949 (11th Cir. 2003) in its Opposition to Smartmatic's Emergency Motion to Stay Depositions for this reply. (Dkt. 114, p. 2). In its reply, Smartmatic demonstrated that "the unique facts of *BellSouth Corp* are not analogous to the case at bar, nor does the case hold that once a party moves for recusal, the judge cannot rule on motions." (Dkt. 117, p. 3). Nevertheless, OANN continues to improperly rely on this case.

a judge cannot rule while a recusal motion is pending. And none of these cases are predicated on facts similar to those raised in OANN's recusal motion. (*See supra*, pages 3-6).

Smartmatic does not dispute OANN's right to move for recusal. Smartmatic does not dispute that if OANN's recusal motion is granted, Judge Upadhyaya at that point in time should refrain from entering further substantive rulings. Smartmatic's position is simple: Judge Upadhyaya can continue to rule despite the pending recusal motion. OANN cannot point to "a per se rule" to the contrary because there is none—Judge Upadhyaya is not deprived of her judicial authority merely because OANN filed a baseless recusal motion. (Dkt. 121, p. 6).

Contrary to OANN's assertion, Judge Upadhyaya's Minute Order does not grant "indefinite" relief. (Objection, p. 5, 7). Rather, it is a temporary order granting emergency relief and will be vacated upon further ruling of the Court. There is no true reason for OANN to file its Objection to a minute order that grants temporary relief following an emergency motion, particularly when it will be vacated upon further ruling. *See Arnoff v. Black*, 2022 WL 2834663, at *2 (N.D. Ohio July 20, 2022) (warning a party that "the continued filing of premature motions or objections could result in the Court designating Petitioner a vexatious filer."). As the assigned magistrate, Judge Upadhyaya had authority to rule on Smartmatic's non-dispositive motion and enter a temporary stay of depositions. *See e.g., Schafmeister v. NYU Langone Hosps.*, 2021 WL 2168134, at *1 (S.D.N.Y. May 27, 2021) (further ruling on a magistrate judge's decision to enter a temporary stay of depositions).

OANN asserts that a temporary stay of depositions is a substantive issue because it impacts its right to take depositions before the close of fact discovery. OANN fails to provide any explanation for this assertion. As Smartmatic has made clear throughout its various motions to stay depositions, it is not asking the Court to prohibit OANN from taking any of these depositions; it

is only asking that they be temporarily stayed. Smartmatic's request for a stay of depositions is a discovery issue and does not have any impact on the ultimate issues in this case. Judge Upadhyaya's decision to rule on these non-dispositive, discovery motions is not clearly erroneous or contrary to law. *Haughton v. D.C.*, 161 F. Supp. 3d 100, 102 (D.D.C. 2014) ("When the district court reviews a Magistrate Judge's ruling on a non-dispositive matter like a discovery ruling, the Magistrate Judge's decision is 'entitled to great deference') (citations omitted).

Therefore, Smartmatic respectfully requests that this Court overrule OANN's objection to Magistrate Judge Upadhyaya's authority to enter the November Order.

**B.    Judge Upadhyaya Properly Exercised Her Discretion In Issuing The November Order.**

OANN next takes issue with the substance of the November Order, which entered a temporary ruling on Smartmatic's emergency motion. Judge Upadhyaya's rulings are "entitled to great deference" and must be upheld unless "found to be clearly erroneous or contrary law. *Graham v. Mukasey*, 247 F.R.D. 205, 207 (D.D.C. 2008) (citing *Neuder*, 194 F.D.R. at 292).

In its Emergency Motion to Stay Depositions, Smartmatic asked for a protective order. (Dkt. 113).[14] A trial court has substantial discretion to issue a protective order for "good cause." Fed. R.Civ. P. 26(c)(1); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Byrd v. D.C.*, 259 F.R.D. 1, 4 (D.D.C. 2009). If the court finds good cause, it can issue an order "specifying terms, including time and place… for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B). Ultimately, the Court may "exercise considerable discretion in handling discovery matters, including whether

---

[14] OANN contends that Smartmatic's Emergency Motion to Stay Depositions was not properly filed because Smartmatic did not receive leave from the Court to file the motion. (Objection, p. 3). This is not the first time OANN has made this baseless argument in response to Smartmatic's motions. This Court referred all discovery matters to Judge Upadhyaya. (Minute Entry, 5/31/23). Both emergency motions at issue are discovery motions. Judge Upadhyaya does not require any sort of approval before filing discovery motions. (Dkt. 117, p.5). "OANN continues to waste both the Court's time and Smartmatic's time by needlessly arguing that Judge Nichols's standing order applies to discovery disputes in this matter." (*Id.*). In addition, Judge Nichols' chambers confirmed that the parties should file all discovery dispute motions directly with Judge Upadhyaya. (Ex. A, ¶ 3).

to…extend discovery." *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 137 (D.D.C. 2012) (citing *Food Lion, Inc. v. United Food and Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997)).

Judge Upadhyaya properly exercised her discretion in ruling on Smartmatic's emergency motions. *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 233 F. Supp. 3d 143, 147 (D.D.C. 2017) (affirming magistrate judge's ruling on motion for protective order).  There is good cause to stay depositions in this dispute, particularly where OANN's production remains deficient and there are several pending discovery and scheduling-related issues before the Court. (*See supra*, footnote 7). Smartmatic's pending Motion for Protective Order directly impacts the timing of depositions, and Judge Upadhyaya properly entered a temporary ruling until this Court further rules on the matter. Judge Upadhyaya's decision to do so is not clearly erroneous or contrary to law.

### 1.  There Was Good Cause To Grant Smartmatic's Emergency Motion to Stay Depositions.

In ruling on a motion for protective order, the trial court weighs the burden to the moving party against the proponent's interest in obtaining the information. *Low v. Whitman*, 207 F.R.D. 9, 10 (D.D.C. 2002). The court can then modify or quash any subpoena that imposes an undue burden. *Byrd v. District of Columbia*, 259 F.R.D. 1, 9 (D.D.C.2009) (granting an emergency motion to quash deposition notice). Smartmatic demonstrated good cause for the Court to grant Smartmatic's Emergency Motion to Stay Depositions.[15]

---

[15] Smartmatic also pointed out the repetitive nature of OANN's complaints. Smartmatic re-iterated that "Smartmatic established good cause for a protective order in its Motion for Protective Order filed on September 18, and it established good cause in its Emergency Motion for Protective Order. The same factors support its request for emergency relief in this motion." (Dkt. 113, p. 5).

In its Emergency Motion to Stay Depositions, Smartmatic provided the court with specific arguments and examples as to why good cause exists to stay all depositions. *First*, Smartmatic illustrated that "OANN has all but failed to produce any responsive documents." (Dkt. 113, p.7); *Zinna v. The Bd. of Cnty. Comm'rs of The Cnty. of Jefferson*, 250 F.R.D. 527, 530 (D. Colo. 2007). Smartmatic established that it will be prejudiced by OANN's deficient production because it cannot prepare for depositions without knowing their scope. *Id. Second*, Smartmatic highlighted the pending issues before the court and articulated exactly how these disputes will impact depositions. For example, outstanding issues "such as the relevance of government investigations into Smartmatic and the validity of OANN's Second Set of Requests for Production will directly impact the documents available to OANN and the scope of permissible questions during depositions." (Dkt. 113, p. 9); *In re Subpoena to Wang*, 214 F. Supp 3d 91, 96 (D.D.C. October 13, 2016) (staying deposition pending resolution of discovery dispute). *Third*, Smartmatic emphasized that "Smartmatic continues to be forced to oppose all of OANN's improper attempts to take depositions in this Court and elsewhere and incur corresponding fees." (Dkt. 113, p. 10). Because Smartmatic continued to incur undue burden and expense due to OANN's harassing behavior in violation of the discovery rules, Smartmatic went so far as to request guidance from the court on whether sanctions would be appropriate. (Dkt. 113, p. 14).

In light of OANN's production deficiencies, the outstanding issues before this Court, and OANN's decision to issue deposition notices in spite of court guidance, there was good cause to stay depositions. Therefore, Judge Upadhyaya's decision to temporarily stay depositions through the November Order was not clearly erroneous or contrary to law.

> **2.** **The November Order Properly Grants Temporary Relief Until Further Ruling From The Court.**

Alarmingly, OANN's Objection completely ignored the filing at the root of this dispute: Smartmatic's September 18 Motion to Issue a Protective Order, Stay Depositions, and Amend the Scheduling Order ("Motion for a Protective Order"). (Dkt. 96). OANN refuses to even acknowledge that this Motion for Protective Order was filed, let alone recognize the significant impact it has on this dispute. OANN continues to cite the current scheduling order deadlines, completely ignorant of Smartmatic's pending Motion for Protective Order and the court's ultimate discretion to amend the order as it sees fit. *Beale v. D.C.*, 545 F. Supp. 2d 8, 16 (D.D.C. 2008) ("The plaintiffs forget a fundamental rule of litigation: the court's discretionary pronouncements are for it—not the parties—to enforce."); *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D 133, 138 (D.D.C. 2012) (extending scheduling order to allow for additional discovery); *Williams v. Johnanns*, 2006 WL 3826967, at *9 (D.D.C. 2006) (extending discovery deadlines to allow more time to complete discovery); *Rundquist v. Vapiano SE*, 277 F.R.D. 205, 213 (D.D.C. 2011) (permitting additional time for discovery due to litigation over deposition disputes).

Smartmatic was forced to file its emergency motion because OANN completely disregarded Smartmatic's pending Motion for Protective Order, continued to harass Smartmatic and third parties with improper deposition notices, and incessantly caused undue burden and expense. Moreover, OANN has not cured deficiencies in its production, and the outstanding disputes between the parties continue to grow. There is good cause to support Judge Upadhyaya's November Order, which temporarily stays depositions until further ruling. Her findings are in no way clearly erroneous or contrary to law.

All of the above reasons, along with other supporting claims in Smartmatic's emergency motion, support a finding of good cause to grant Smartmatic' Emergency Motion to Stay

Depositions. Therefore, Judge Upadhyaya acted well within her discretion when entering the November Order.

## V.     CONCLUSION

Judge Upadhyaya properly entered a minute order following Smartmatic's emergency motion. She had the authority to enter such a ruling and was well within her discretion to do so. Her finding was in no way clearly erroneous or contrary to law. Therefore, Smartmatic respectfully requests that this Court overrule OANN's Objection in its entirety.

*      *      *

Date: December 4, 2023

/s/ Olivia E. Sullivan
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Caitlin A. Kovacs (admitted pro hac vice)
Olivia Sullivan (admitted pro hac vice)
BENESCH, FRIEDLANDER, COPLAN
  & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA
Corp., Smartmatic International Holding B.V.,
and SGO Corporation Limited*

_____

*Limited*