**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br> v. <br><br> HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     Civil Action No. 1:21-cv-02900-CJN |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OAN'S MOTION TO COMPEL THIRD PARTY OPEN SOCIETY INSTITUTE
<u>TO COMPLY WITH RULE 45 SUBPOENA</u>**

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ................................................................................................ 2

III. LEGAL STANDARD ........................................................................................ 7

IV.  ARGUMENT .................................................................................................... 8

    A.   Open Society is required to produce documents that are relevant and necessary to OAN's defense of Smartmatic's lawsuit. ........................... 8

    B.   Open Society's unsupported burden objections do not outweigh OAN's need for this information. ................................................................... 12

    C.   The Court should award OAN its attorneys' fees incurred in connection with enforcement of the subpoena. ................................................. 15

V.   CONCLUSION ............................................................................................... 16

CERTIFICATE OF SERVICE ................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alexander v. FBI*,
194 F.R.D. 305 (D.D.C. 2000)............................................................................13

*Association of Am. Physicians & Surgeons v. Clinton*,
837 F.Supp. 454 (D.D.C. 1993)..........................................................................13

*Athridge v. Aetna Cas. & Sur. Co.*,
184 F.R.D. 181 (D.D.C. 1998).............................................................................14

*BuzzFeed, Inc. v. U.S. Dep't of Just.*,
318 F. Supp. 3d 347 (D.D.C. 2018).....................................................................13

*Cherokee Nation v. U.S. Dept. of the Int.*,
531 F. Supp. 3d 87 (D.D.C. 2021) .......................................................................10

*In re Denture Cream Prods. Liab. Litig.*,
292 F.R.D. 120 (D.D.C. 2013).............................................................. 7, 8, 10, 13

*DL v. District of Columbia*,
251 F.R.D. 38, 43 (D.D.C. 2008).........................................................................14

*In re Exxon Valdez*,
142 F.R.D. 380 (D.D.C. 1992).............................................................................15

*Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*,
286 F.R.D. 8 (D.D.C. 2012)............................................................................8, 12

*Novelty, Inc. v. Mt. View Mktg.*,
265 F.R.D. 370 (S.D. Ind. 2009 ..........................................................................14

*Pleasants v. Allbaugh*,
208 F.R.D. 7 (D.D.C. 2002)..................................................................................12

*Pro–Football, Inc. v. Harjo*,
191 F. Supp. 2d 77 (D.D.C. 2002) .......................................................................12

*Smartmatic USA Corp. v. Fox Corp.*,
Index No. 151136/2021 (N.Y. Sup. Ct. N.Y. Cty. filed Feb. 4, 2021) .............1111

*Smartmatic USA Corp. v. Herring Networks, Inc.*,
No. 1:21-cv-02900-CJN (D.D.C. filed Nov. 3, 2021)..........................................11

*Stati v. Republic of Kazakhstan*,
  No. 14-cv-1638, 2020 WL 3259244 (D.D.C. June 5, 2020) ................................................7, 8

*Watts v. SEC*,
  482 F.3d 501 (D.C. Cir. 2007) ........................................................................... 7, 8, 10, 13

*Westinghouse Elec. Corp. v. City of Burlington*,
  351 F.2d 762 (D.C. Cir. 1965) ....................................................................................14

**Rules**

Fed. R. Civ. P. 26(b)(2)(C)(i) ..........................................................................................8

Fed. R. Civ. P. 34(b) ....................................................................................................14

Fed. R. Civ. P. 45(d)(2)(B)(i) ..........................................................................................7

Fed. R. Civ. P. 45(e)(1)(D)..............................................................................................7

**Authorities**

*Fact Sheet: The Open Society Foundations and George Soros*, OPEN SOC'Y FOUNDS.
  (Oct. 12, 2023) https://www.opensocietyfoundations.org/newsroom/open-society-
  foundations-and-george-soros [https://perma.cc/JUC7-2RQW] ...........................................14

Joe Schoffstall, *Soros Bankrolls Dark Money Hub for Activists Pushing to
  Dismantle Police, Grants Show*, FOX NEWS (Dec. 9, 2021),
  https://www.foxnews.com/politics/soros-bankrolls-dark-money-hub-activists-
  dismantle-police [https://perma.cc/97MM-98L4]...................................................................2

Defendant Herring Networks, Inc. d/b/a One America News Network ("OAN") files this Motion to Compel Third Party Open Society Institute to Comply with Rule 45 Subpoena. OAN served on Open Society Institute, also known as Open Society Foundations ("Open Society") a Rule 45 document subpoena issued by this Court. The subpoena was issued on July 31, 2023. Open Society served its objections on August 31, 2023, conceding that certain requests were relevant and agreeing to produce documents responsive to OAN's requests. To date, however, Open Society has failed to produce any documents, and OAN's attempts to come to an agreement have been stonewalled. The requested documents are material and necessary to OAN's defenses against defamation claims brought by Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic"). OAN is thus forced to move this Court for an order compelling Open Society to produce documents pursuant to the Rule 45 document subpoena.

## I.    INTRODUCTION

Open Society refuses to search for or produce any documents in its possession related to its affiliation with Smartmatic.  Despite having this subpoena since July 31, Open Society has failed to produce documents in response to OAN's subpoena, even on issues it concedes are relevant. OAN provided Open Society with a set of merely 4 search strings after meeting and conferring with Open Society's counsel. Nevertheless, Open Society refuses to timely comply with the document subpoena or even begin producing documents responsive to these four narrow search queries. Nor has Open Society provided any evidence of its burden other than its bare assertions that these 4 search strings are burdensome.

OAN therefore requests that this Court order Open Society to produce, within one week of the Court's order, documents that are responsive to OAN's document subpoena and proposed search terms.

## II.    BACKGROUND

Smartmatic sued OAN for over a billion dollars in damages, based in part on statements it alleges to be defamatory regarding connections between Smartmatic and George Soros ("Soros")[1] and other Soros entities, including Open Society. *See, e.g.*, Complaint, ECF No. 1, ¶¶ 41, 93, 95–97, 99, 102, 104–105, 111, 113, 129, 131, 171, 184, 194, 196, 218, 227. Although OAN maintains that Smartmatic's well-documented connections to Soros and his entities are not defamatory, Smartmatic has put this connection at issue and these statements are therefore material to the claims and defenses in this action. OAN is thus necessarily entitled to explore the veracity of these statements that Smartmatic claims are somehow defamatory.

Open Society is a dark-money fundraising network founded by billionaire George Soros which has "given away billions of dollars to left wing organizations around the world," according to OAN's statements referenced in Smartmatic's complaint.[2] *See* Complaint, ECF No. 1, ¶ 131. Many of the complained-of statements alleged by Smartmatic to be defamatory concern Smartmatic's, and in particular its former Chairman Lord Mark Malloch-Brown's, links to political actors on the left, including Open Society and its founder, Soros.

Malloch-Brown was Chairman of Smartmatic's parent company from 2014 to December 2020 and previously held positions in Soros's Quantum Fund and Soros Fund Management, LLC. Malloch-Brown had a decades-long personal and business relationship with George Soros going back at least to 2005. And throughout Malloch-Brown's entire tenure as Chairman of Smartmatic, Malloch-Brown simultaneously served as a member of the Global Board of Directors of George

---

[1] On July 10, 2023, OAN served a document subpoena, issued on July 6, 2023, on Soros, who is represented by the same counsel as Open Society. (**Ex. B**, Document Subpoena to Soros.)

[2] *See also* Joe Schoffstall, *Soros Bankrolls Dark Money Hub for Activists Pushing to Dismantle Police, Grants Show*, FOX NEWS (Dec. 9, 2021), https://www.foxnews.com/politics/soros-bankrolls-dark-money-hub-activists-dismantle-police [https://perma.cc/97MM-98L4].

Soros's Open Society and was a close personal friend of George and his son, Alex Soros. Their relationship was so close that within weeks of the 2020 presidential election, and amidst the coverage of Smartmatic that is at issue in this case, Malloch-Brown resigned the chairmanship of Smartmatic to become President of Soros's Open Society, where he continues to serve as President to this day.

Despite these connections stretching back nearly a decade, Smartmatic alleges to be defamatory a segment broadcast by OAN during which the following exchange transpired:

> Ms. McKinney: Foreign governments seem to be tied in with these [Smartmatic voting] systems, whether it be Canada, Venezuela, Spain, or even Germany. What can you tell us about that?
>
> Mr. Johns: [T]here's been some reporting in some of these systems in Germany were actually seized. [] *Smartmatic has had incredible ties with some of the greater far left concerns that we have, including this Lord Mark Malloch-Brown, who's very tight with Soros, is on the Open Society's Global Board and a bunch of other Soros boards, meaning this is not some casual associate of George Soros. This is kind of an individual is part of that inner circle.* And we have case after case[.] Philippines is another great example where these systems have been utilized and there's been nothing but broad concerns. Now, since we last talked, which was not broadly known and still not broadly known, ***just so happens that one of the two campaigns has a very strong relationship with Smartmatic*** and I probably don't have to ask you to guess which one.

Complaint ¶ 93, ECF No. 1 (first alteration and unbolded italics added).

And this is just one example of a statement Smartmatic alleges to be defamatory regarding the relationship between Open Society, Soros, and Smartmatic. Indeed, Smartmatic's 193-page complaint is replete with references to Open Society and Soros. For instance, another complained-of broadcast alleged in Smartmatic's complaint contained the following excerpt, connecting Soros to Smartmatic, Venezuela, and Hugo Chavez:

> Mr. Dinow: ***Report suggests voting machines systems funded by George Soros were used to install a socialist regime in Venezuela back in the early 2000s.*** According to WikiLeaks, UK based companies Smartmatic had a campaign staffer for Hugo Chávez on its board back in 2000. ***Now the company reportedly meddled with a 2004 Venezuela election to secure a win for the Chávez regime.*** The

Gateway Pundit reports, Smartmatic sold its technology to Dominion Voting, that ran elections in Arizona, Michigan, Nevada, and Pennsylvania this year.

*Id.* ¶ 95 (emphasis in original). Another provides:

Ms. Kokalari-Angelakis: [T]hey have been around since 2004, at least in Serbia. Dominion and the Clinton Foundation, they have a project together called the Delian Project, which apparently raises money to help voter fairness in countries like, I don't know, maybe Albania or countries that are not–don't have a strong economy or they're not too strong. Meanwhile, they are doing the opposite, so, you know, when you see weak states like those, this is the perfect playground for George Soros because, believe it or not, George Soros' son is constantly in Albania. Albanians are friends of Hillary Clinton and the Clinton Foundation, but, remember this: in 2016, right before the election in 2016, Hillary Clinton was so sure she was going to win. The only reason she was sure she was gonna win, is because they knew Dominion and the software, Smartech–Smartmatic was in existence, and that's how they were going to get the election. They just didn't expect–they didn't realize how many Americans were going to vote for Donald Trump, and that's how they probably lost that election.

*Id.* ¶ 104 (emphasis omitted). And yet another of Smartmatic's allegations of defamation concerns the following statement regarding Malloch-Brown's relationship with Soros and his organizations:

OANN Reporter: Chairman Mark Malloch Brown sits on the board of George Soros' Open Society Foundation, which has a revenue of more than $300 million and has reportedly given away billions of dollars to left wing organizations around the world. Malloch-Brown has also served as Vice Chairman of Soros' investment funds. Meantime, Smartmatic has faced controversy in the past with allegations of rigging the 2013 election in Venezuela, on behalf of embattled socialist President Nicolás Maduro.

*Id.* ¶ 131.

Similar references to Open Society and Soros abound throughout the complaint. *See, e.g.*, *id.* ¶¶ 41, 93, 95–97, 99, 102, 104–105, 111, 113, 129, 131, 171, 184, 194, 196, 218, 227. Taken as a whole, the complained-of statements alleged in the complaint broadly connect Open Society and Soros to Smartmatic and claims of voter fraud.

OAN's subpoena to Open Society, issued on July 31, 2023, seeks documents responsive to 32 requests for production. (**Ex. C**, Document Subpoena to Open Society.) Open Society's counsel

accepted service on August 8, 2023. (**Ex. F**, Email Exchange dated July 10, 2023 re Service & Extensions); *see* (**Ex. A**, Shah Decl. ¶¶ 3–4). OAN extended Open Society's deadline to object to the subpoena to August 31, 2023, (**Ex. A**, Shah Decl. ¶ 4), and Open Society served its Responses and Objections on August 31. (**Ex. E**, Open Society's Objections and Responses).

In its Reponses and Objections, Open Society objected to every request, and further stated its intention not to search for any documents responsive to 27 of the 32 requests but only to search for and produce documents responsive to the remaining 5 requests insofar as they related to what Open Society deemed the "Relevant Issues" in this action. (*Id.* at 17–18, 27–28, 34–35.) The "Relevant Issues," according to Open Society, consist of: (i) "Lord Mark Malloch Brown's current employment" at Open Society or his "previous[] serv[ice] as a Board Member of the Open Society Foundations Global Board," provided OAN can "demonstrate" to Open Society that Malloch-Brown's employment status at Open Society is disputed by Smartmatic;[3] and (ii) "funding" that Open Society "has provided to Smartmatic" and documents related to "ownership of Smartmatic" by Open Society. (*Id.* at 2.) Open Society also lodged a number of boilerplate objections.

By September 19, 2023, Open Society had not produced any documents, despite promising to search for and produce those it deemed related to the "Relevant Issues." *See* (*id.* at 2); (**Ex. A**, Shah Decl. ¶¶ 5–6). With a fact-discovery deadline approaching, counsel for OAN sought a meet and confer. (**Ex. A**, Shah Decl. ¶ 6.) OAN and counsel for Open Society conferred by telephone on September 27. *See* (*id.* ¶ 7); (**Ex. G**, Email Exchange dated Sept. 19, 2023 re Meet & Confer.) During the conference, counsel agreed that OAN would send search terms so as to help avoid undue burden for Open Society in complying with the requests. *See* (Ex. A, Shah Decl. ¶ 7.)

---

[3] In other words, Open Society insists it should not have to produce any other documents to OAN related to Smartmatic because Open Society's connection to Smartmatic through Malloch-Brown is publicly known.

Moreover, OAN informed Open Society that it was aware of documents related to Soros's advancement and support of Smartmatic's business opportunities. (*Id.*)

On October 16, 2023, following up on the agreement reached in the telephone conference, OAN sent a list of four, narrow search queries to assist Open Society's identification and production of responsive documents. (**Ex. G**, Email Exchange dated Sept. 19, 2023 re Meet & Confer.); *see* (**Ex. H**, OAN's Proposed Search Terms). OAN asked that, in the event Open Society found the search queries too broad, it demonstrate the burden "by identifying how many responsive documents these [proposed] terms hit on." (**Ex. G**, Email Exchange dated Sept. 19, 2023 re Meet & Confer.) Having received no response, OAN a week later requested a second meet-and-confer telephone conference. (*Id.*) Counsel for Open Society finally responded via email on October 24, asking for an explanation of the nature of 14 of the terms and their relevance. (*Id.*) OAN explained in detail each of the 14 terms and their relevance, supporting this with citations of the complained-of statements in the Smartmatic complaint, and further re-iterated OAN's request for a second telephonic conference. (*Id.*)

Another week passed. (*Id.*) On November 8, Open Society's counsel responded, declining to run OAN's proposed search terms, stating that the four search queries "contain more than 2,500 search terms." (*Id.*) OAN in turn explained it was "happy to work with you to narrow our search term proposal" but found it difficult to understand "how our proposal of 4 search strings can result in 2,500 terms." (*Id.*) OAN requested more information, specifically in the form of a hit report, so that OAN could "work to narrow" the terms and identify the cause of the numbers. (*Id.*) OAN also pointed out that Open Society had already conceded the relevance of certain inquiries. (*Id.*)

On November 17, Open Society's counsel responded, retreating from Open Society's statement in the Responses and Objections that it would search for and produce "materials related

to the Relevant Issues" (**Ex. E**, Open Society's Responses and Objections at 17–18, 27–28, 34–35), and taking the new position that the *none* of the discovery sought is relevant. (**Ex. G**, Email Exchange dated Sept. 19, 2023 re Meet & Confer.) Additionally, Open Society's counsel asserted that OAN's four search queries actually amounted to "more than 2,500 individual searches" when the Boolean connector "and" is taken into account. (*Id.*) Open Society's counsel did not provide any evidence of this other than this bare assertion, nor did counsel provide any hit reports as requested by OAN and instead insisted that no "further discussion about search terms is appropriate or productive at this stage." (*Id.*)

To date, Open Society has not produced any documents, including those it initially conceded as relevant. (**Ex. A**, Shah Decl. ¶¶ 5, 13.) OAN therefore has no other choice but to bring this Motion and seek this Court's relief.

### III.    LEGAL STANDARD

Rule 45 allows the party serving a subpoena to move "for an order compelling production" of requested documents if the commanded person has failed to comply. Fed. R. Civ. P. 45(d)(2)(B)(i). A trial court is within its discretion to compel compliance with a Rule 45 subpoena when the discovery sought is relevant. *See In re Denture Cream Prods. Liab. Litig.*, 292 F.R.D. 120, 123–24 (D.D.C. 2013). A discovery request is relevant if there is "*any* possibility that the information sought may be relevant to the claim or defense of any party." *Id.* at 124 (emphasis added); *see also Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007). A subpoena respondent "resisting discovery" bears the burden of objecting to a subpoena and proving that the "documents requested are either unduly burdensome or privileged." *In re Denture Cream*, 292 F.R.D. at 123–24 (internal quotation marks and citations omitted); Fed. R. Civ. P. 45(e)(1)(D); *see Stati v. Republic of Kazakhstan*, No. 14-cv-1638, 2020 WL 3259244, at *4 (D.D.C. June 5, 2020) ("The undue burden standard for Rule 45 . . . mirrors the standard included within Rule 26.").

In ruling on a motion to compel, a court first determines whether the subpoena seeks relevant information and then assesses any objections, including those which involve claims of undue burden. *Stati*, 2020 WL 3259244, at *4 (granting motion to compel compliance with Rule 45 subpoena). "The person objecting to production has a *heavy burden* to show that the subpoena should not be enforced." *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, 286 F.R.D. 8, 11 (D.D.C. 2012) (emphasis added). In determining whether an undue burden exists, courts consider a number of factors including "whether the discovery is unreasonably cumulative or duplicative; whether the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive; and whether the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *In re Denture Cream*, 292 F.R.D. at 123 (quoting *Watts*, 482 F.3d at 509); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i).

## IV.    ARGUMENT

### A.    Open Society is required to produce documents that are relevant and necessary to OAN's defense of Smartmatic's lawsuit.

In its responses and objections to the subpoena, Open Society agreed to search for and produce certain documents. Yet Open Society has produced zero documents—not even documents responsive to the very requests it conceded are relevant (Request Nos. 2–3, 12–13, and 20). There is no reason why Open Society cannot immediately produce such documents now and produce the methodology it used for locating these documents it concedes are responsive. Additionally, the Court should overrule Open Society's objections and order production of documents responsive to all of the requests.

OAN's requests are relevant because they concern documents that bear on the substantial truth of the statements complained of in Smartmatic's complaint, Smartmatic's damages claims, and OAN's defenses. The document subpoena seeks 32 relevant categories of information, all of which relate to the claims at issue in Smartmatic's lawsuit against OAN. (**Ex. C**, Document Subpoena to Open Society, at 6–10.).

The complaint broadly discusses, among other things, Open Society's and Soros's ties with Smartmatic and their connections with Venezuela, Albania, Chavez, Maduro, Castro, socialist regimes, and Dominion, *see* Complaint ¶¶ 41, 93, 95–97, 99, 102, 104–105, 111, 113, 129, 131, 171, 184, 194, 196, 218, 227, ECF No. 1; the sale of Smartmatic election technology to Dominion, *see id.* ¶¶ 131, 196; Soros or Open Society's advancement and support of Smartmatic's business, *see id.* ¶¶ 95–96, 105, 184, 196, 218, 227; the ownership of Smartmatic and Soros's involvement, *see id.* ¶¶ 97, 99, 218; the development of Smartmatic's software and Soros, *see id.* ¶¶ 95, 99, 113, 184, 196, 218, 227; Open Society's and Soros's relationships with Malloch-Brown and Smartmatic, *see id.* ¶¶ 41, 93, 111, 131, 171; Malloch-Brown's relationship to Soros's investment funds, *see id.* ¶¶ 131; voter or other election-related fraud due to Open Society's and Soros's influence on Smartmatic, *see id.* ¶¶ 93, 95–96, 99, 102, 104, 111, 113, 171, 184, 194, 218, 227; and Open Society's and Soros's relationships with left-wing organizations, causes, and politicians and their influence on elections, *see id.* ¶¶ 93, 95–96, 97, 99, 104–105, 111, 113, 129, 131, 184, 194, 196, 218, 227. Overall, Smartmatic's complaint mentions "Open Society" or "Soros" nearly 60 times. *See* (**Ex. A**, Shah Decl. ¶ 2).

OAN must be permitted to test and defend against Smartmatic's defamation claims, and in order to do so, is entitled to all the evidence that is relevant to Smartmatic's claims and OAN's defenses. Open Society cannot show that there is no "possibility" that the information OAN seeks

is relevant, as information relating to the above topics is plainly discoverable. *See In re Denture Cream*, 292 F.R.D. at 124 ("[A] request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party." (emphasis added) (quotation omitted)); *see Watts*, 482 F.3d at 507 (D.C. Cir. 2007). Nor can Open Society show that this evidence would have "no possible bearing" on Smartmatic's claims or OAN's defenses. *Cherokee Nation v. U.S. Dept. of the Int.*, 531 F. Supp. 3d 87, 98 (D.D.C. 2021) ("[D]iscovery generally should be allowed 'unless it is clear that the information sought can have no possible bearing on the claim or defense of a party.'" (quotation omitted)).

Open Society cannot re-define the "relevant issues" in this action as a third party. Open Society's narrow definition of the relevant issues in this matter is contradicted by Smartmatic's very complaint, which alleges that 18 statements by OAN concerning Soros, Open Society, and Smartmatic are defamatory. (**Ex. A**, Shah Decl. ¶ 2.) Nor can Open Society refuse to produce documents bearing on Open Society's connection to Smartmatic through Malloch-Brown simply because aspects of that relationship were publicly known. To the contrary, OAN is entitled to all evidence that is relevant to Smartmatic's claims and OAN's defenses, including evidence bearing on the full extent of Smartmatic's entanglement with Open Society and Soros, and Malloch-Brown's use of that relationship for Smartmatic's benefit. *See In re Denture Cream*, 292 F.R.D. at 124.

Despite the relevance of OAN's requests, Open Society attempts to rest on its laurels based on a ruling in a completely different case, against different parties, concerning different challenged statements, and in a different forum. During OAN's conferral efforts, Open Society's counsel indicated that Open Society's successful defense to a motion to compel a subpoena in a New York state court lawsuit against defendants Fox Corporation and Fox News Network LLC means that

Open Society is not obligated to comply with the subpoena in *this* case. *See* (**Ex. G**, Email Exchange dated Sept. 19, 2023 re Meet & Confer); *Smartmatic USA Corp. v. Fox Corp.*, Index No. 151136/2021 (N.Y. Sup. Ct. N.Y. Cty. filed Feb. 4, 2021). The difference in this action, however, is that challenged statements connecting Smartmatic and Open Society and Soros permeate Smartmatic's complaint, whereas the complaint in *Fox Corporation* references only six unique statements made by the defendants concerning Open Society or Soros. *Compare* Complaint ¶¶ 126, 157(b), 166(o), 166(v), 234(d), 244, *Fox Corp.*, Index No. 151136/2021 (N.Y. Sup. Ct. N.Y. Cty. filed Feb. 4, 2021) *with* Complaint, ECF No. 1, *Smartmatic USA Corp. v. Herring Networks, Inc.*, No. 1:21-cv-02900-CJN (D.D.C. filed Nov. 3, 2021) (59 hits for "Soros" or "Open Society"). In Smartmatic's complaint against OAN, "Soros" appears in 13 unique statements alleged to be defamatory, *see* Complaint ¶¶ 93, 95–97, 99, 102, 104, 105–06, 113, 129, 131, 171(cc); and "Open Society" appears in 5 unique statements, *see id.* ¶¶ 93, 99, 111, 131, 171(cc). (**Ex. A**, Shah Decl. ¶ 2). The number of unique statements concerning Open Society or Soros in this lawsuit is *triple* that of Fox's lawsuit.

Not only are the challenged statements in this action quantitatively more numerous than the statements in *Fox Corporation,* but also they are substantively different. They include different statements from different hosts, different guests, and different broadcasts. And of course, OAN's subpoena is different than Fox's subpoena to Open Society. Moreover, the case in *Fox Corporation* is not governed by federal law and the federal rules of evidence on relevance and burden. This case necessarily stands on its own, and Open Society's reliance on a state court ruling in different matter is inapposite. Open Society must comply with OAN's subpoena.

11

**B.      Open Society's unsupported burden objections do not outweigh OAN's need for this information.**

Open Society identifies no evidence of the purported burden it asserts, despite OAN requesting evidence of this purported burden—specifically hit reports—during the meet-and-confer process and in correspondence with Open Society's counsel. *See* (**Ex. G**, Email Exchange dated Sept. 19, 2023 re Meet & Confer.) Open Society's perfunctory objections cannot surmount the "heavy burden" a subpoena respondent faces in order to successfully resist a subpoena, *see Millennium TGA*, 286 F.R.D. at 11, and the Court should disregard Open Society's unsupported assertions of burden. *See Pleasants v. Allbaugh*, 208 F.R.D. 7, 12 (D.D.C. 2002) ("[T]he party opposing discovery must make a specific showing, supported by declaration, as to why the production sought would be unreasonably burdensome." (citing *Pro–Football, Inc. v. Harjo*, 191 F. Supp. 2d 77, 80 (D.D.C. 2002))).

OAN's proposed search queries are narrowly tailored to capture documents responsive to the requests and only concern Smartmatic or its agents. OAN's proposal consists of four search queries that all fit on one page. (**Ex. H**, OAN's Proposed Search Terms). The suggestion of Open Society's counsel that "break[ing] . . . out" the search queries "amounts to more than 2,500 individual searches [OAN] ha[s] asked us to run" due to the operations of the "'and' connector" misapprehends the nature of a Boolean search and, more importantly, vastly inflates the burden imposed on Open Society. (*See* **Ex. G**, Email Exchange dated Sept. 19, 2023 re Meet & Confer.) The Boolean search operator "and" permits a subpoena respondent to narrowly tailor a search for responsive documents by eliciting hits only where the document meets multiple criteria and hits on multiple terms, thus *decreasing* the number of hits, and increasing the likelihood that the search yields relevant and narrowly tailored documents. Open Society's counsel has furthermore not even identified the particular terms it considers problematic or contributing to the alleged 2,500 search

terms "when broken out" but has rejected all of OAN's search terms outright without even a counterproposal. Nor has Open Society's counsel provided evidence to OAN of these purported 2,500 terms, despite OAN's request for this evidence. Contrary to the representation of Open Society's counsel, OAN's proposed search terms require just four simple queries to be run—not 2,500 individual searches.

Absent evidence of the burden of running four individual searches—such as hit reports—Open Society's claims of undue burden are meritless. Despite OAN's efforts, Open Society to this date has refused to provide any evidence of the purported burden on which it is relying in part to not produce documents. (**Ex. A**, Shah Decl. ¶¶ 11–12); *see Alexander v. FBI*, 194 F.R.D. 305, 313–15 (D.D.C. 2000) (noting that party alleging undue burden "must make a specific, detailed showing of the burden [the disputed] search would require" and identifying "estimated required staff hours, estimated cost, or some other specific showing" as types of evidence that might support an undue burden argument); *Association of Am. Physicians & Surgeons v. Clinton*, 837 F.Supp. 454, 458 n.2 (D.D.C. 1993) (noting that assertions of a burden without "specific estimates of staff hours needed to comply" will be "categorically rejected").

In determining whether an undue burden exists, courts can consider whether "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *In re Denture Cream*, 292 F.R.D. at 123 (quoting *Watts*, 482 F.3d at 509). These considerations weigh against sustaining Open Society's objection to the document subpoena.

Smartmatic seeks billions of dollars in this case, a factor that alone justifies OAN's relevant, targeted subpoena to a third party that is mentioned all over the Complaint. *See BuzzFeed,*

*Inc. v. U.S. Dep't of Just.*, 318 F. Supp. 3d 347, 361 (D.D.C. 2018) (finding no undue burden for non-party to comply with defamation defendant's subpoena given the amount in controversy); *Westinghouse Elec. Corp. v. City of Burlington*, 351 F.2d 762, 767 (D.C. Cir. 1965) ("The fact that these are very important cases with large sums of money at stake is relevant in determining the reasonableness of the [third-party] subpoena.").

Moreover, the complaint's numerous (nearly 60) references to Open Society and Soros's connections with Smartmatic and claims of election-related fraud demonstrate the importance of the discovery in resolving Smartmatic's claims and OAN's defenses. *See* (**Ex. A**, Shah Decl. ¶ 2). So does the number of unique complained-of statements involving Open Society and Soros—18 in total. *See* (*id.*); Complaint ¶¶ 93, 95–97, 99, 102, 104, 105–06, 111, 113, 129, 131, 171(cc).

Finally, Open Society's resources *vastly* outstrip those of OAN. *See Fact Sheet: The Open Society Foundations and George Soros*, OPEN SOC'Y FOUNDS. (Oct. 12, 2023) ("The Open Society Foundations have more than $22 billion in assets, and is one of the world's largest private philanthropic funds."), https://www.opensocietyfoundations.org/newsroom/open-society-foundations-and-george-soros [https://perma.cc/JUC7-2RQW]. The so-called "burden" of this multi-billion-dollar entity in complying with a one page search term proposal is negligible.

The remainder of Open Society's boilerplate objections should likewise be disregarded. *See Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("'[G]eneral objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered." (citing *DL v. District of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008))); *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998) ("[G]eneral objections do not comply with Fed. R. Civ. P. 34(b) and courts disfavors them.").

**C.     The Court should award OAN its attorneys' fees incurred in connection with enforcement of the subpoena.**

This Court has the inherent authority to sanction non-parties for bad-faith litigation conduct and to award attorneys' fees "upon a showing of bad faith." *See In re Exxon Valdez*, 142 F.R.D. 380, 385 (D.D.C. 1992). Open Society's noncompliance with the subpoena warrants an award of attorneys' fees in OAN's favor. Open Society is a multi-billion dollar organization that has forced OAN, a small family-run media outlet, to incur expenses engaging in a fruitless meet-and-confer process that Open Society has used to simply delay and refuse compliance. Open Society misrepresented that it would search for and produce certain documents. *See* (**Ex. A**, Shah Decl. ¶ 5). It never did so. (*Id.* ¶ 13.) OAN has now been forced to engage in motion practice in this Court to secure Open Society's compliance and obtain relevant, responsive documents. The fact that Open Society rejected all of OAN's search terms outright without even a counterproposal, or a demonstration of the purported burden, is probative of Open Society's bad faith. *See* (*id.* ¶¶ 11–12.) Open Society should thus be required to pay OAN's attorneys' fees incurred in bringing this motion.

*                *                *

The stonewalling must end. Open Society's failure to comply with OAN's subpoena has forced OAN to seek judicial relief. OAN is entitled to information pertaining to the veracity of statements Smartmatic alleges are defamatory involving Open Society. This information bears on the substantial truth of the statements complained of in Smartmatic's complaint, are necessary to OAN's defense, and are material to challenging Smartmatic's and damages claims.  OAN therefore asks the Court to enter an order compelling Open Society to produce documents responsive to the document subpoena no later than 7 days after the granting of this Motion and to award attorneys' fees.

## V.     CONCLUSION

The Court should render an order compelling Open Society to produce documents responsive to the document subpoena no later than 7 days after the granting of this Motion and award OAN reasonable attorney's fees.

By:  _/s/ R. Trent McCotter_____

**JACKSON WALKER L.L.P.**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

16

**BOYDEN GRAY PLLC**
R. Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties. I will also serve counsel for Open Society Foundation by emailing and mailing a copy to:

Casey Donnelly
Benjamin McCallen
Vincent Iannece
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
cdonnelly@willkie.com
bmccallen@willkie.com
viannece@willkie.com

    */s/ R. Trent McCotter*
R. Trent McCotter