IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>Defendant. | Civil Action No. 1:21-cv-02900-CJN |

### DECLARATION OF BETHANY SHAH IN SUPPORT OF OAN'S MOTION TO COMPEL THIRD PARTY OPEN SOCIETY INSTITUTE TO COMPLY WITH RULE 45 SUBPOENA

I, Bethany Shah, declare as follows:

1. I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN"). I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of OAN's Motion to Compel Third Party Open Society Institute to Comply with Rule 45 Subpoena.

2. Open Society Institute, also known as Open Society Foundations ("Open Society") is a fundraising network founded by billionaire George Soros ("Soros") which has contributed financially to a variety of progressive and left-leaning causes. Soros served as the chairman of Open Society's board of directors until December 2022. A search of Smartmatic's complaint against OAN results in 44 hits for "Soros" and 15 hits for "Open Society." Moreover, "Soros" appears in 13 unique statements alleged by the complaint to be defamatory, *see* Complaint ¶¶ 93, 95–97, 99, 102, 104, 105–06, 113, 129, 131, 171(cc); and "Open Society" appears in 5 unique statements, *see id.* ¶¶ 93, 99, 111, 131, 171(cc).

3. On July 31, 2023, the United States District Court for the District of Columbia issued a document subpoena to Open Society. The subpoena asked for documents responsive to thirty-two requests for production. In an email exchange with lawyers at Willkie Farr & Gallagher LLP—counsel for Soros—concerning service and extension requests regarding a similar document subpoena issued to Soros, I asked whether the firm would also accept service of the document subpoena issued to Open Society, whom I understood to also be represented by the same attorneys.

4. On August 8, 2023, Casey Donnelly of Willkie Farr & Gallagher accepted service on behalf of Open Society. In the same email, counsel requested an extension to August 31 for serving responses and objections to the subpoena issued to Open Society. On August 9, 2023, OAN granted the extension request. A true and correct copy of these communications is attached as Exhibit F.

5. Counsel for Open Society served responses and objections to OAN on August 31, 2023. A true and correct copy of Open Society's responses and objections is attached as Exhibit E. In them, Open Society agreed to search for and produce documents responsive to 5 of the 32 requests insofar as they related to what Open Society deemed the "Relevant Issues" in this action. Exhibit E, at 17–18, 27–28, 34–35. The "Relevant Issues," according to Open Society, consist of: (i) "Lord Mark Malloch Brown's current employment" at Open Society or his "previous[] serv[ice] as a Board Member of the Open Society Foundations Global Board," provided OAN can "demonstrate" to Open Society that Malloch-Brown's employment status at Open Society is disputed by Smartmatic; and (ii) "funding" that Open Society "has provided to Smartmatic" and documents related to "ownership of Smartmatic" by Open Society. Exhibit E, at at 2.

6. On September 19, 2023, with the fact-discovery deadline approaching, and having received no documents from Open Society, despite its representation that it would be producing

2

documents, I sought a meet-and-confer with Open Society's counsel. A true and correct copy of my email correspondence with counsel for Open Society is attached as Exhibit G.

7. On September 27, 2023, I spoke with counsel for Open Society. During that call, Open Society's counsel conceded the relevance of certain inquiries concerning Open Society, including documents related to the funding or ownership of Smartmatic and the relationship between Open Society and Mark Malloch-Brown. Related to the funding issue OAN, informed Open Society that it was aware of documents related to Soros and Open Society's advancement and support of Smartmatic's business opportunities and that these documents would be responsive to OAN's subpoena. Counsel for Open Society also agreed to consider search terms OAN proposed.

8. Following the call, on October 16, 2023, I sent an email proposing one page of four narrow search queries for Open Society to use in identifying and producing documents responsive to the requests. See Exhibit G. A true and correct copy of the proposed search queries I sent to Open Society is attached as Exhibit H. I asked for a demonstration of burden "by identifying how many responsive documents these terms hit on" in the event Open Society found the search queries too broad. See Exhibit G. I also asked for another meet-and-confer on the terms. See Exhibit G.

9. On October 23, 2023, having received no response from Open Society, I followed up with counsel and reiterated my request for another meet-and-confer. See Exhibit G. In response, counsel for Open Society asked for an explanation of fourteen of the terms used in OAN's proposed search queries. See Exhibit G. I responded by explaining the meaning of the fourteen terms and their relevance and by citing to the paragraphs in Smartmatic's complaint against OAN

that show why these terms are relevant. *See* Exhibit G. I also asked counsel for a time that worked the following week for an additional meet-and-confer. *See* Exhibit G.

10. On November 8, 2023, Open Society responded, refusing to run OAN's search term proposal and failing to provide any counter proposal. *See* Exhibit G. In an attempt to walk back its earlier concession that certain request were relevant and its former representation that it would produce documents responsive to these requests, Open Society cited a discovery ruling by a different judge in Smartmatic's different lawsuit against Fox Corporation, and now refused to produce *any* documents or even run OAN's search terms. Open Society also said that the proposed search terms "contain more than 2,500 search terms." *See* Exhibit G. I responded, distinguishing the litigation against OAN from the litigation against Fox, and asked for a hit report "so that we can see what might be causing these numbers," and expressed disbelief with "how our proposal of 4 search strings can result in 2,500 terms." *See* Exhibit G. I additionally explained that Open Society had already conceded the relevance of certain inquiries and that, "[i]f there are certain terms that are driving up this number, we'd request more information on that so that we can work to narrow this for you." *See* Exhibit G.

11. On November 17, 2023, Open Society responded, again resting on its laurels in the Fox case and asserting that each of OAN's four proposed search strings "had approximately a dozen of terms, each linked with an 'and' connector to even more terms. When you break those out, it amounts to more than 2,500 individual searches you have asked us to run." *See* Exhibit G. Despite OAN's request for evidence of these search terms and a hit report, Open Society refused to provide any evidence other than this bare assertion, stating that "[no] further discussion about search terms is appropriate or productive at this stage." *See* Exhibit G.

4

12.     Despite my efforts to work with Open Society to identify acceptable search terms and alleviate any alleged burden, Open Society refused to engage or provide any evidence of its purported burden or even offer a counter-proposal.

13.     To this day, Open Society has yet to produce documents responsive to the July 31 subpoena or provide a date for when it will do so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 5, 2023.

_____
Bethany P. Shah