**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SMARTMATIC USA CORP., *et al.*,

                Plaintiffs,

    v.

HERRING NETWORKS, INC.,

           Defendant.

No. 1:21-cv-02900-CJN

**THIRD PARTY THE ISSUES AND CRISIS GROUP'S RESPONSE IN OPPOSITION TO
OANN'S MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA**

## <u>TABLE OF CONTENTS</u>

**Page**

I.     **INTRODUCTION**................................................................................................ 1

II.    **BACKGROUND**................................................................................................. 1

III.   **LEGAL STANDARD**......................................................................................... 5

IV.   **ARGUMENT**....................................................................................................... 6

V.    **CONCLUSION**................................................................................................... 7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alarm.com Inc. v. Dot*y,
  2022 WL 18542490 (D.D.C. Feb. 1, 2022) .............................................................................6

*Buie v. District of Columbia*,
  327 F.R.D. 1 (D.D.C. 2019) ....................................................................................................6

*Church of Scientology v. United States*,
  506 U.S. 9 (1992) .....................................................................................................................6

*United States v. Garde*,
  848 F.2d 1307 (D.C. Cir. 1988) ...............................................................................................6

**Other Authorities**

Fed. R. Civ. P. 45(d)(1).................................................................................................................5

Fed. R. Civ. P. 45 ...............................................................................................................1, 5, 6, 7

Third Party The Issues and Crisis Group ("ICG") submits this Response in Opposition to Herring Network Inc.'s d/b/a OANN ("OANN") Motion to Compel Third Party The Issues And Crisis Group To Comply With Rule 45 Subpoena ("Motion to Compel"). (Dkt. 122).

## I.      **INTRODUCTION**

Without conferring with ICG, OANN filed its Motion to Compel. Had OANN reached out to ICG, OANN would have learned that ICG was in the process of preparing its production. (Exhibit A, Declaration of Maura Levine-Patton, ¶ 15). ICG never refused to produce documents in response to OANN's subpoena and ICG produced responsive documents to OANN on December 4, 2023. (Ex. A, ¶ 15-16). OANN continues to waste the Court's time and resources in the underlying action between Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited ("Smartmatic") and Defendant OANN by manufacturing disputes. This time, OANN has dragged in ICG, an innocent third party. Accordingly, OANN's Motion to Compel should be denied.

## II.      **BACKGROUND**

On November 3, 2021, Plaintiffs filed suit against OANN. In its Complaint, Smartmatic alleges that OANN engaged in a defamation campaign in November and December 2020, accusing Smartmatic of rigging the 2020 Presidential Election. ICG is a public relations agency that worked with Smartmatic in 2019. (Ex. A, ¶ 2). ICG is not a party to this action.

On April 19, 2023, OANN issued identical deposition and document subpoenas to ICG and other third-party public relations firms.[1] (Ex. A, ¶ 3). In June, ICG retained Benesch Friedlander Coplan and Aronoff ("Benesch") as its counsel. (Ex. A, ¶ 4). Benesch also represents Smartmatic in this matter. *Id.* Benesch entered into and executed separate representation agreements with each

---

[1] On April 19, OANN issued subpoenas to The Issues and Crisis Group, Scott Circle Communications, Inc., Courtney Torres Consulting, and SEC Newgate US LLC (collectively "the Third-Party Firms"). (Ex. A, ¶ 3).

Third-Party Firm who received a subpoena from OANN. *Id.* Because the terms of each subpoena were identical, and Benesch represented all of the Third-Party Firms, Benesch found it prudent to discuss the scope of each subpoena at the same time. (Ex. A, ¶ 5). OANN did not object to this approach. *Id.*

In early June 2023, OANN granted the Third-Party Firms' request to extend the deadline to serve their Response and Objections to their respective subpoenas. (Ex. A, ¶ 6). At no point did any Third-Party Firm represent that it would only take 30 days to produce documents from each Third-Party Firm.[2] *Id.*

ICG, along with other Third-Party Firms, served its Response and Objections on June 23, 2023. (Ex. A, ¶ 7). Notably, OANN did not contact ICG for the next ***three months***. *Id.* OANN also did not contact any other Third-Party Firm. *Id.*  OANN did not otherwise communicate with Benesch about any subpoena issued to a Third-Party Firm. *Id.*

On September 5, 2023, OANN requested to meet and confer with ICG and all other Third-Party Firms. (Ex. A, ¶ 8). OANN and the Third-Party Firms met and conferred on September 7. *Id.* At the meet and confer, the Third-Party Firms, via counsel, proposed that they would send search terms to locate responsive documents for each identical subpoena. *Id.* On September 8, the very next day, the Third-Party Firms circulated proposed search terms. (Ex. A, ¶ 9). ***OANN did not respond for almost a month***. *Id.* OANN did not contact ICG. *Id.* OANN did not contact any other Third-Party PR Firm. *Id.* OANN did not otherwise discuss the subpoenas issued to all Third-Party Firms with Benesch attorneys. *Id.*

---

[2] The email OANN attached as Exhibit D to the instant Motion to Compel indicates that OANN agreed to a "reasonable extension of time to respond/produce…" and then suggested a date of June 23, 2023. There was never an assertion or agreement by the Third Parties to produce documents within 30 days, or by June 23.

On October 4, after a one-month hiatus, OANN flatly rejected the Third-Party Firms' proposed search terms, stating "[w]e do not believe the search terms you included below will cover the information we are seeking in our subpoena, especially given that you are using search terms as a substitute to identifying relevant information that we think is best and most easily located without search terms. **But in the spirit of compromise, and while reserving our rights, we've attached search terms that are tailored to each grouped RFP**." (Dkt. 122-7, p. 6) (emphasis added). That is, OANN flatly rejected the Third-Party Firms' proposed terms and instead proposed wholly new terms of its own. (Ex. A, ¶ 10).

The Third-Party Firms immediately informed OANN of the overbroad and burdensome nature of its four-page-long, newly proposed search terms. (Ex. A, ¶ 11). On October 10, the Third-Party Firms explained that the overbreadth of the proposed terms "became so apparent that the vendor could not even finish their search." (Dkt. 122-7, p. 5). It was physically impossible to run all of the terms that OANN proposed. *Id.* The Third-Party Firms gave OANN three specific examples of terms that the ESI vendor could not process. *Id.* The email also explained that it is physically impossible to run a laundry list of media organizations (two pages long) against numerous terms. *Id.* Despite the burdensome and overbroad nature of OANN's proposed search term request, the Third-Party Firms noted that they "remained willing to discuss other, limited search terms that [OANN] may believe are reasonably necessary." *Id.*

Unfortunately, OANN refused to negotiate with the Third-Party Firms. *Id.* OANN continued to demand that the Third-Party Firms run OANN's problematic search terms. On October 10, 2023, OANN counsel Bethany Shah wrote to Third-Party Firm counsel Maura Levine-Patton, "I fear that your vendor may not have run the terms properly and that is why your results are large." (Dkt. 122-7, p. 4). She further claimed, "some of [OANN's proposed] terms are not

amenable to search terms and this likely causes some of the hits to be high." *Id*. This was nonsensical and missed the mark. The Third-Party Firms had already thoroughly explained why running the search terms was physically impossible.

Despite OANN's continued bullying and pressure, the Third-Party Firms agreed to meet and confer with OANN yet again. (Ex. A, ¶ 12). On October 19, 2023, during that meet and confer, OANN suddenly demanded—for the first time—that the Third-Party Firms immediately produce the documents responsive to Benesch's September 8 proposed search terms. *Id*. OANN claimed the parties could then engage in an "iterative process" to add new search terms *after* those documents were produced. *Id.* OANN wanted to have its cake and eat it too: they wanted the Third-Party Firms to spend time and resources to review and produce a full set of documents, and then OANN wanted to play "go fish" to find more documents via an unending pestering of search terms. That is not how the discovery process works, and the Third-Party Firms would not agree to such a vexatious request.

Frustrated with the Third-Party Firms' refusal to engage with their continuous bullying, OANN began to specifically target each public relations firm individually as a part of its scheme to incessantly burden Smartmatic and its attorneys. Scott Circle Communications, Inc. ("Scott Circle") was OANN's first victim. On October 11, OANN issued a second round of deposition and document subpoenas to Scott Circle. (Dkt. 108, p. 3). OANN did not confer with Scott Circle about the date, time, or location chosen in the deposition notice. *Id*. The second deposition subpoena is unnecessarily duplicative, overbroad, unnecessary, and premature. *Id.* As such, Scott Circle moved to quash its deposition notice on October 19, 2023. (Dkt. 108). OANN proceeded to respond to Scott Circle's motion to quash and file its own Motion to Compel Document Production from Scott

Circle in the same document, filed twice. (Dkts. 111, 112). Both motions are fully briefed and pending before the court. (See Dkts. 115, 116, 118).

ICG was OANN's next victim. Prior to the filing of this Motion, OANN did not request a meet and confer with ICG. (Ex. A, ¶ 13). The last time the parties spoke was when OANN unilaterally demanded via email that all Third-Party Firms produce responsive documents based on the Third Parties' proposed search terms on September 8, *and* that the Third-Party Firms send more information "regarding the search queries that we proposed that are generating large hit numbers, identifying the hit counts." (Dkt. 122-7, p. 2). But the Third-Party Firms had already sent ample information regarding why it could not physically run and produce a hit report for OANN's four-pages of overbroad and unduly burdensome search terms on October 10.

Rather than have open communication between the parties, OANN filed its Motion to Compel against ICG on November 21, 2023. (Dkt. 122). The motion is now moot because ICG produced responsive documents to OANN on December 4, 2023. (Ex. A, ¶ 15).

It must be noted that throughout the course of discovery, OANN has issued over 40 subpoenas to third parties. (Ex. A, ¶ 14). OANN has not received documents in response to most of those subpoenas. *Id*. Yet, OANN has only filed two motions to compel documents. *Id*. Those motions were both directed at Third-Party Firms all represented by Benesch, Smartmatic's attorneys. *Id*. OANN's scheme to burden Smartmatic and the Third-Party Firms its attorneys represent could not be more transparent. OANN's vexatious behavior must stop. Accordingly, ICG respectfully requests that this Court deny OANN's Motion to Compel.

## III.  LEGAL STANDARD

Under Rule 45, a party can move to compel compliance with a subpoena. Fed. R. Civ. P. 45. But Rule 45 imposes an affirmative duty to reduce the burden placed on third parties. Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take

reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena");

*Alarm.com Inc. v. Dot*y, 2022 WL 18542490, at *3 (D.D.C. Feb. 1, 2022) ("The Rule 45 undue

burden standard requires district courts…to be generally sensitive to the costs imposed on third

parties.") (citations omitted). Despite "[t]he general rule in legal actions [] to favor of broad

disclosure through discovery…courts need not tolerate fishing expeditions, discovery abuse, and

an inordinate expense involved in overbroad and far-ranging discovery requests." *Buie v. District

of Columbia*, 327 F.R.D. 1, 10 (D.D.C. 2019).

## IV.   **ARGUMENT**

OANN's Motion to Compel asks this Court to "order ICG to produce documents responsive

to the document subpoena no later than 7 days after granting this Motion." (Dkt. 122-1, p. 10). In

its Motion to Compel, OANN emphasizes that it "has agreed to the production of documents using

ICG's own proposed terms." (Dkt. 112-1, p. 8). ICG never refused to make a production of

documents based on the terms it proposed and has represented to OANN that it is willing to

produce documents. (Ex. A, ¶ 16). ICG produced documents using its own search terms on

December 4, 2023.  (Ex. A, ¶ 15). In light of ICG's production, there is no relief OANN would

receive by having its motion granted, thereby making its motion moot. *Church of Scientology v.

United States*, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority

'to give opinions upon moot questions…'") (citation omitted); *United States v. Garde*, 848 F.2d

1307, 1309 (D.C. Cir. 1988) (resolution of discovery dispute rendered motion to enforce subpoena

motion moot).

Had OANN taken the time to reach out to ICG before filing this motion, it would have

known that ICG was in the process of preparing its production using the proposed search terms.

(Ex. A, ¶ 16). But OANN did not. *Id.* OANN filed its Motion to Compel for the sole purpose of

harassing ICG and burdening Smartmatic. OANN's motion is vexatious. OANN's motion is now

moot. OANN's motion is in direct violation of its obligation under Rule 45 to not needlessly burden a third party. The motion must be denied.

## V.     <u>**CONCLUSION**</u>

Because The Issues and Crisis Group has already produced documents responsive to the document subpoena, The Issues and Crisis Group respectfully requests that this Court deny OANN's Motion to Compel.

*        *        *


Date: December 5, 2023

/s/ Erik Connolly
J. Erik Connolly (D.C. Bar No. IL0099)
Maura Levine-Patton
BENESCH, FRIEDLANDER, COPLAN
  & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
mlevine-patton@beneschlaw.com

*Attorneys for third party The Issues and Crisis Group*

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 5th day of December, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ J. Erik Connolly*
J. Erik Conolly (D.C. Bar No. IL0099)

*One of the Attorneys for third party The Issues and Crisis Group*