# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>HERRING NETWORKS, INC.,<br><br>　　　　　Defendant. | No. 1:21-cv-02900-CJN |

**DECLARATION OF MAURA LEVINE-PATTON IN SUPPORT OF THIRD PARTY THE ISSUES AND CRISIS GROUP'S RESPONSE IN OPPOSITION TO OANN'S MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA**

I, Maura Levine-Patton, make this declaration pursuant to 28 U.S.C. § 1746. I hereby declare under penalty of perjury that the following is true and correct:

1.　I am an attorney at Benesch, Friedlander, Coplan & Aronoff LLP and counsel for third party The Issues and Crisis Group ("ICG") in this action. As such, I am fully familiar with the facts and circumstances of the matters stated in this declaration.

2.　ICG is a public relations agency that worked with Smartmatic in 2019.

3.　On April 19, 2023, OANN issued identical deposition and document subpoenas to ICG, Scott Circle Communications, Inc., Courtney Torres Consulting, and SEC Newgate US LLC (collectively "the Third-Party Firms").

4.　In June, ICG retained Benesch Friedlander Coplan and Aronoff ("Benesch") as counsel. Benesch also represents Smartmatic in this matter. Benesch entered into and executed separate representation agreements with the Third-Party Firms who received subpoenas from OANN.

1

5. Because the terms of each subpoena were identical, and Benesch represented all of the Third-Party Firms, Benesch found it prudent to discuss the scope of each subpoena at the same time. OANN did not object to this approach.

6. In early June 2023, OANN granted the Third-Party Firms' request to extend the deadline to serve their Response and Objections to their respective subpoenas. At no point did any Third-Party Firm represent that it would only take 30 days to produce documents from each Third-Party Firm.

7. ICG, along with other Third-Party Firms, served its Response and Objections on June 23, 2023. OANN did not contact ICG for the next three months. OANN did not contact any other Third-Party Firm. OANN did not otherwise communicate with Benesch about any subpoena issued to a Third-Party Firm.

8. On September 5, 2023, OANN requested to meet and confer with ICG and all other Third-Party Firms. OANN and I, as counsel for the Third-Party Firms, met and conferred on September 7. At the meet and confer, the Third-Party Firms proposed to send search terms they could use to locate responsive documents for each respective firm.

9. On September 8, the very next day, the Third-Party Firms circulated proposed search terms. OANN did not respond for almost a month. OANN did not contact ICG. OANN did not contact the other Third-Party Firms. OANN did not otherwise discuss the subpoenas issued to all Third-Party Firms with Benesch attorneys.

10. On October 4, after a one-month hiatus, OANN flatly rejected the Third-Party Firms' proposed terms and instead proposed wholly new terms of its own.

11. The Third-Party Firms immediately informed OANN of the overbroad and burdensome nature of its four-page-long, newly proposed search terms.

12. The Third-Party Firms and OANN met and conferred on October 19, 2023. During that meet and confer, OANN demanded—for the first time—that the Third-Party Firms immediately produce the documents responsive to Benesch's September 8 proposed search terms. OANN claimed the parties could then engage in an "iterative process" to add new search terms *after* those documents were produced.

13. Prior to the filing of this Motion, OANN did not request a meet and confer with ICG.

14. Throughout the course of discovery, OANN has issued over 40 subpoenas to third parties. OANN has not received documents in response to most of these subpoenas. Yet, OANN has only filed two motions to compel documents. Those motions were both directed at Third-Party Firms represented by Smartmatic's attorneys.

15. ICG produced responsive documents to OANN on December 4, 2023.

16. ICG never refused to make a production of documents based on the terms it proposed and has represented to OANN that it is willing to produce documents. Had OANN taken the time to reach out to ICG before filing this motion, it would have known that ICG was in the process of preparing its production using the proposed search terms.

Dated: December 5, 2023

_____
Maura Levine-Patton, Illinois Bar No. 6330026
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
312.212.4949

*Attorney for The Issues and Crisis Group*