# EXHIBIT A.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 1:21-cv-02900-CJN |
| | ) | |
| v. | ) | |
| | ) | |
| HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK, | ) ) | Judge Carl J. Nichols |
| | ) | |
| Defendant. | ) ) | |

### DEFENDANT HERRING NETWORKS, INC. D/B/A ONE AMERICA NEWS NETWORK'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 34 and LCvR 30.4, Defendant Herring Networks, Inc., d/b/a One America News Network ("Herring"), by and through its attorneys, hereby responds and objects to the Second Set of Requests for Production served by Plaintiffs Smartmatic USA Corp, Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, the "Smartmatic Parties") as follows:

Herring objects to the entirety of the Smartmatic Parties' Second Set of Requests for Production (the "Second Set of Requests") because it is untimely. In its Scheduling Order (ECF No. 42), the Court set May 31, 2023 as the deadline for the parties to serve document requests. In fact, the Smartmatic Parties served the Second Set of Requests *two months after* the May 31, 2023 deadline set by the Court; and they did so without leave of Court. The Second Set of Requests is, therefore, a nullity, and Herring is under no obligation to produce documents in response. Herring reserves the right to amend its objections and responses to the Second Set of Requests.

1

Herring objects to the Second Set of Requests to the extent it requires Herring to invade OAN employees' privacy as protected under Article I of the California Constitution and California common law, or any other applicable privacy laws. *See, e.g., Riley v. California*, 573 U.S. 373, 373 (2014); Cal. Lab. Code § 980(a).

Herring objects to the Smartmatic Parties' "DEFINITIONS" and "INSTRUCTIONS" set forth in the Second Set of Requests to the extent they seek to impose obligations different from, greater than, or contrary to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or the Standing Order of the Court. Herring will respond consistently with the applicable requirements.

Each of the following objections is asserted with respect to each Request for Production ("a Request" or, collectively, "Requests") as a predicate to any specific response and in addition to any specific objection. Each of these objections is hereby incorporated by reference into each and every one of the specific responses, each of which is made subject to and without waiving such objections to the definitions and instructions. Herring will state specific objections to each Request, where appropriate, including objections that are not generally applicable to every Request. By setting forth such specific objections, Herring does not intend to limit, restrict, or waive any of the objections to the definitions and instructions. Herring reserves the right to supplement its responses to these Requests.

## I.    OBJECTIONS TO DEFINITIONS

1.      Herring objects to the Smartmatic Parties' definition of "DEFAMATORY STATEMENTS," and any Request that incorporates that Definition, to the extent the complained of statements in the Complaint are not verbatim quotations.

2.      Herring objects to the Smartmatic Parties' definition of "DEFAMATORY BROADCASTS," and any Request that incorporates that Definition, on the grounds that it is vague

and overbroad to the extent it is intended to include any program or broadcast by Herring other than a program or broadcast specifically identified and alleged in the Complaint.

3.      Herring objects to the Smartmatic Parties' definitions of "You" or "Your," and "OANN" and any Definition, Instruction or Request that incorporates those Definitions, on the grounds and to the extent that they are vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence or relevant to any party's claim or defense; to the extent that the information sought is protected by attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege; and to the extent that the information sought is not in the custody, possession or control of Herring. Herring will provide only information that is within its possession, custody, and control. Herring will construe the terms "You" or "Your," and "OANN" to refer to only to the defendant, Herring Networks, Inc. d/b/a One America News Network.

4.      Herring objects to the Smartmatic Parties' definition of "OANN EMPLOYEES," and any Request that incorporates that Definition, on the grounds that it is overbroad, vague, and ambiguous to the extent it means and refers to any Person "regardless of whether that person is paid by or has a contract with OANN or any of its affiliated or related entities."

5.      Herring objects to the Smartmatic Parties' definition of "OAN DIGITAL," and any Request that incorporates that Definition, on the grounds that it is vague and overbroad to the extent it is intended to include any digital program not controlled by Herring.

6.      Herring objects to the Smartmatic Parties' definition of "OAN PROGRAM," and any Request that incorporates that Definition, on the grounds that it is vague and overbroad to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.

7.     Herring objects to the Smartmatic Parties' definition of "OAN SOCIAL MEDIA," and any Request that incorporates that Definition, on the grounds that it is vague and overbroad to the extent it is intended to include any program, broadcast, or account not specifically identified and alleged in the Complaint and to the extent it is intended to include any program, broadcast, or account not controlled by Herring.

8.     Herring objects to the Smartmatic Parties' definition of "OAN ON-AIR PERSONALITIES," and any Request that incorporates that Definition, on the grounds that it is improper, overbroad, and vague to the extent it is intended to include any program, broadcast, or reporter not specifically identified and alleged in the Complaint.

9.     Herring objects to the term "MY PILLOW, INC.," and any Request that incorporates that Definition, on the grounds that it is overbroad to the extent it is intended to include any person or entity other than My Pillow, Inc.

10.     Herring objects to the term "OTHER NEWS ORGANIZATIONS," and any Request that incorporates that Definition, on the grounds that it is overbroad, vague, and ambiguous to the extent it is intended to include any news organization other than those specifically identified and alleged in the Complaint.

11.     Herring objects to the term "TRUMP ADMINISTRATION," and any Request that incorporates that Definition, on the grounds that it is vague and overbroad to the extent it is intended to refer to "agents, staff members, appointees, employees, advisors, or attorneys at or during the time period reference in any individual requests."

12.     Herring objects to the term "TRUMP CAMPAIGN," and any Request that incorporates that Definition, on the grounds that it is vague and overbroad to the extent it is intended to refer to "any individual who OANN understood to be speaking on behalf of campaign

to re-elect DONALD TRUMP to a second term as President of the United States in 2020, and/or any of its agents, staff members, appointees, employees, advisors, or attorneys."

## II.    OBJECTIONS TO INSTRUCTIONS

1.      Herring objects to Instruction No. 1 and, unless otherwise indicated, any agreement by Herring to produce documents will be subject to the temporal scope of January 1, 2020 to December 31, 2021.

2.      Herring objects to Instruction No. 3 and will produce documents as kept in the usual course of business in accordance with Federal Rule of Civil Procedure 34.

3.      Herring objects to Instruction Nos. 4 and 5 and will produce a privilege log in a timely manner.

4.      Herring objects to Instruction No. 6 to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring further objects to the extent it seeks private and confidential information. Herring further objects to the extent it exceeds the requirements of Federal Rule of Civil Procedure 34 and purports to require Herring to respond beyond the scope of Rule 34.

5.      Herring objects to Instruction Nos. 7 through 9 regarding the format of the production but agrees to produce documents pursuant to the ESI Protocol set forth in ECF No. 50 entered by the Court.

6.      Herring objects to Instruction No. 10 and reserves its right to redact or expurgate information in produced documents protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source.

### III.     RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Communications produced by You in *Coomer v. Donald J. Trump for President et al.*, Case No. 2020-cv-04319, pending in the District Court for Denver County, Colorado.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation and not proportional to the needs of this case, particularly because Coomer's claims are not substantially similar to the claims asserted in this litigation, and therefore, the documents requested are not relevant. Herring further objects that this Request seeks documents that are subject to the protective order entered into in *Coomer v. Donald J. Trump for President et al.*, Case No. 2020-cv-04319, or are otherwise protected from disclosure by confidentiality agreements. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 63:**

Transcripts of all depositions taken in *Coomer v. Donald J. Trump for President et al.*, Case No. 2020-cv-04319, pending in the District Court for Denver County, Colorado.

**RESPONSE:**

Herring objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation and not proportional to the needs of this case, particularly because Coomer's claims are not substantially similar to the claims asserted in this litigation, and therefore,

the documents requested are not relevant. Herring further objects to this Request as overbroad and unduly burdensome. Herring further objects that this Request seeks documents that are subject to the protective order entered into in *Coomer v. Donald J. Trump for President et al.*, Case No. 2020-cv-04319, or are otherwise protected from disclosure by confidentiality agreements. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and Communications produced by You in *Herring Networks, Inc. v. AT&T Inc. et al.*, Case No. 37-2022-00008623-CU-BC-CTL, pending in the Superior Court of California, County of San Diego.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation and not proportional to the needs of this case, particularly to the extent the Request seeks all documents and communications concerning litigation that is not relevant and not substantially similar to this case. Herring further objects to this Request as overbroad and unduly burdensome because it requires continuous production. Herring further objects that this Request seeks documents that are subject to the protective order entered into in *Herring Networks, Inc. v. AT&T Inc. et al.*, Case No. 37-2022-00008623-CU-BC-CTL, or are otherwise protected from disclosure by confidentiality agreements. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this

request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 65:**

Transcripts of all depositions taken in *Herring Networks, Inc. v. AT&T Inc. et al*., Case No. 37-2022-00008623-CU-BC-CTL, pending in the Superior Court of California, County of San Diego.

**RESPONSE:**

Herring objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation and not proportional to the needs of this case, particularly to the extent the Request seeks all transcripts of depositions taken in connection with litigation that is not relevant and not substantially similar to this case. Herring further objects to this Request as overbroad and unduly burdensome because it requires continuous production. Herring further objects that this Request seeks documents that are subject to the protective order entered into in *Herring Networks, Inc. v. AT&T Inc. et al.*, Case No. 37-2022-00008623-CU-BC-CTL, or are otherwise protected from disclosure by confidentiality agreements. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 66:**

Any and all Documents and Communications You received in response to any request issued to any federal, state, or municipal entity, including but not limited to requests issued under the Freedom of Information Act, 5 U.S.C. § 552, and any state and municipal equivalents and/or corollaries, relating to the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects that this Request expressly seeks information that is equally available to the Smartmatic Parties. Herring further objects to this Request as overbroad and unduly burdensome because it has no time limitation and requires continuous production. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the reporters' privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case, particularly to the extent it seeks all documents and communications "relating to the 2020 PRESIDENTIAL ELECTION." Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege or the work-product doctrine. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents prepared in connection with any and all meetings of YOUR board of directors, including but not limited to meeting minutes, slide decks, board packets, board reports, strategic plans, audited financial statements, draft financial statements, budgets, financial projections, marketing plans, and valuations.

**RESPONSE:**

Herring objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation and not proportional to the needs of this case, particularly to the extent the Request seeks "documents prepared in connection with any and all meetings." Herring further objects to this Request because the term "prepared in connection with" is vague and ambiguous. Herring further objects to this Request as overbroad and unduly burdensome because it is not limited in subject matter or time and requires continuous production. Herring further objects to this Request to the extent it seeks confidential proprietary business information. Herring further objects to this Request as overbroad because it seeks documents that are not relevant to a party's claims or defenses. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege or the work-product doctrine. Herring further objects to this Request to the extent it requests broad financial data. *See Houlahan v. World Wide Assoc. of Specialty Programs and Sch.*, 2006 WL 8433976, *9 (D.D.C. Oct. 27, 2006) (denying plaintiff's motion to compel documents relating to defendants' financial records because the requests were "overly broad" and "not relevant to Defendant's knowledge regarding the truth or falsity of [the] alleged defamatory statements"); *Gilmore v. Jones*, No. 3:18-CV-00017, 2021 WL 68684, at *7 (W.D. Va. Jan. 8, 2021) ("Plaintiff is not entitled to discovery into Defendants' general profit motives or into Defendants' general profits from advocating controversial positions."). Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document

requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

## REQUEST FOR PRODUCTION NO. 68:

All Documents and Communications regarding any relationship that existed at any time between OANN and *The Washington Times*, as referenced in Your amended answer to Paragraph 78 of the COMPLAINT.

## RESPONSE:

Herring objects to this Request as overbroad and unduly burdensome because it has no time limitation. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege or the work-product doctrine. Herring further objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request on the basis that it is vague, ambiguous, and not reasonably tailored to the claims or defenses of this litigation, particularly to the extent the Request seeks all documents and communications concerning a "relationship" between OANN and *The Washington Times* that did not exist during the relevant time-frame. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

## REQUEST FOR PRODUCTION NO. 69:

All Documents and Communications that You allege constitute evidence of voter fraud or other flaws affecting the 2020 PRESIDENTIAL ELECTION and that are not otherwise called for in response to RFP Nos. 36, 37, 38, 39, 40, and 52.

## RESPONSE:

Herring objects to this Request as duplicative of Request No. 52. Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this

litigation. Herring further objects that the term "voter fraud or other flaws" is vague and ambiguous. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege or the work-product doctrine. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

## REQUEST FOR PRODUCTION NO. 70:

All Documents and Communications regarding Your position that OANN was "duty bound to report on" statements made by GIULIANI and POWELL, as referenced in Your amended answer to Paragraph 178 of the COMPLAINT.

## RESPONSE:

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege or the work-product doctrine. Herring further objects to this Request because the term "regarding Your position" is vague and ambiguous. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

12

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to show the total number of OANN application installations, across all platforms and application stores, and users, on a monthly basis from January 1, 2020, to December 31, 2021, including analytics data compiled by Sensor Tower.

**RESPONSE:**

Herring objects to this Request because the terms "sufficient to show" and "OANN application installations, across all platforms and application stores, and users" are vague and ambiguous. Herring further objects to this Request to the extent it seeks confidential proprietary business information. Herring further objects to this Request to the extent it seeks information that is not in Herring's possession, custody, or control, or that is equally available to the Smartmatic Parties. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 72:**

Documents sufficient to show all of OANN's carriers, as well as all platforms where live streams of OANN, were available from January 1, 2019 to present, including but not limited to OAN Live, Roku, Facebook, KlowdTV, AT&T, DirecTV, Verizon Fios, Century Link, General Communications Inc., GCI Communication Corp, Vidgo, Frontier Communications, Major Market Broadcasters, Net Range, Pluto, Vizio, TCL, VIDAA, FreeCast, Distro TV, and Videohouse Inc.

**RESPONSE:**

Herring objects to this Request because the terms "sufficient to show" and "live streams" are vague and ambiguous. Herring objects to the request because it is an inappropriate request under Fed. R. Civ. P 34, and is appropriately requested through other forms of discovery. Herring further objects to this Request as overbroad and unduly burdensome because it is not sufficiently limited in time, is not tailored to the alleged Defamatory Broadcasts, and requires continuous

production. Herring further objects to this Request to the extent it seeks confidential proprietary business information. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

## REQUEST FOR PRODUCTION NO. 73:

Documents sufficient to show the total number of viewers, subscribers, and/or followers for each carrier and platform identified in Request 72 on a monthly basis, including the total number of viewers, subscribers (not paid), and/or followers specific to OANN on those platforms.

## RESPONSE:

Herring objects to this Request because the terms "sufficient to show" and "subscribers (not paid)" are vague and ambiguous. Herring further objects to this Request to the extent it seeks documents not pertaining to OAN. Herring further objects to this Request as overbroad and unduly burdensome because it has no time limitation, is not tailored to the alleged Defamatory Broadcasts, and requires continuous production. Herring further objects to this Request to the extent it seeks confidential proprietary business information. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 74:**

Documents and Communications with or concerning Comscore and Nielsen regarding OANN's ratings and viewership numbers.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request as overbroad and unduly burdensome because it has no time limitation, is not tailored to the alleged Defamatory Broadcasts, and requires continuous production. Herring further objects to this Request to the extent it seeks confidential proprietary business information. Herring further objects to this Request to the extent it seeks information that is not in Herring's possession, custody, or control, or that is equally available to the Smartmatic Parties. Herring further objects to this Request on the basis that it is vague, ambiguous, not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case, particularly to the extent it seeks documents and communications "with or concerning Comscore and Nielsen." Herring further objects to this Request because the term "regarding OANN's ratings and viewership numbers" is vague and ambiguous. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege or the work-product doctrine. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents and Communications with or concerning Sensor Tower regarding OANN DIGITAL and OANN SOCIAL MEDIA traffic and engagement.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request as overbroad and unduly burdensome because it has no time limitation, is not tailored to the alleged Defamatory Broadcasts and requires continuous production. Herring further objects to this Request to the extent it seeks confidential proprietary business information. Herring further objects to this Request to the extent it seeks information that is not in Herring's possession, custody, or control, or that is equally available to the Smartmatic Parties. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege or the work-product doctrine. Herring further objects to this Request on the basis that it is vague, ambiguous, not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case, particularly to the extent it seeks documents and communications "regarding OANN DIGITAL and OANN SOCIAL MEDIA traffic and engagement." Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 76:**

Documents sufficient to show ratings and viewership of OANN PROGRAMS.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request as duplicative of Requests No. 44-45. Herring further objects that a Request for documents "sufficient to show" is vague and ambiguous. Herring further objects to this Request as overbroad, not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case, particularly to the extent it seeks documents regarding at least twenty different programs for an unlimited period of time without regard to the content and requires continuous production. Herring further objects to this Request to the extent it seeks confidential proprietary business information. Herring further objects to this Request because the term "ratings and viewership of OANN PROGRAMS" is vague and ambiguous. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 77:**

Documents and Communications concerning the markets in which OANN was available and its plan for expansion into additional markets between January 1, 2019 and December 31, 2022.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request on the basis that it is vague, ambiguous, not reasonably tailored to the claims or defenses of this litigation, and not

proportional to the needs of this case, particularly to the extent it seeks documents and communications concerning OANN's "plan for expansion into additional markets." Herring further objects to this Request because "markets" is not defined. Herring further objects to this Request as overbroad and unduly burdensome because it is not sufficiently limited in time. Herring further objects to this Request to the extent it seeks confidential proprietary business information. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege or the work-product doctrine. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

### REQUEST FOR PRODUCTION NO. 78:

Documents and Communications concerning AT&T and DirecTV's decision in 2022 to not renew carriage agreements with OANN and no longer carry OANN on their platforms.

### RESPONSE:

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation and not proportional to the needs of this case, particularly to the extent the Request seeks all documents and communications concerning "AT&T and DirecTV's decision," made outside of the relevant time period. Herring further objects to this Request to the extent it seeks information

that is not in Herring's possession, custody, or control, or that is equally available to the Smartmatic Parties. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents and Communications, including drafts, relating to each visual, illustration, graphic, picture, or photograph shown, displayed, or published during any of the DEFAMATORY BROADCASTS relating to SMARTMATIC, DOMINION, and/or their alleged personnel, executives, or owners.

**RESPONSE:**

Herring objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents and Communications concerning the credibility or reliability of any ON-AIR PERSONALITY as sources of factual information, including but not limited to communications questioning their sanity, propensity to fabricate stories for publications, and/or willingness to publish inherently improbable information without adequate fact-checking.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring objects to this Request to the extent it seeks

documents and confidential information protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring further objects to this Request as overbroad and unduly burdensome because it has no time limitation and requires continuous production. Herring further objects to this Request as overbroad because it seeks documents that are not relevant to a party's claims or defenses. Herring further objects to this Request because the term "concerning the credibility or reliability .. as sources …" is vague, ambiguous, and confusing. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents and Communications relating to the statement made by former Attorney General Barr on or about December 1, 2020, that the U.S. Department of Justice had "not seen fraud on a scale that could have effected a different outcome in the Election."

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring further objects to this Request as overbroad and unduly burdensome because it has no time limitation and requires continuous production. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is,

20

therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents and Communications relating to the U.S. Cybersecurity & Infrastructure Security Agency ("CISA"), former U.S. Director of CISA Chris Krebs, and the Secretaries of State of Georgia, Pennsylvania, Wisconsin, Arizona, and/or Michigan that relate to the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring further objects to this Request as overbroad and unduly burdensome because it has no time limitation and requires continuous production. Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation and not proportional to the needs of this case, particularly to the extent this Request seeks documents and communications "that relate to the 2020 PRESIDENTIAL ELECTION." Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents and Communications relating to George Soros or Peter Neffenger that relate to SMARTMATIC, DOMINION, and/or the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation and not proportional to the needs of this case, particularly to the extent this Request seeks documents and communications "that relate to the 2020 PRESIDENTIAL ELECTION." Herring further objects to this Request as overbroad and unduly burdensome because it has no time limitation and requires continuous production. Herring further objects to this Request as duplicative of Requests No. 1-4. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 84:**

Documents and Communications concerning offers to invest in or to purchase OANN from January 1, 2020 to the present.

**RESPONSE:**

Herring objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation and not proportional to the needs of this case. Herring further objects

to this Request as overbroad because it seeks documents that are not relevant to a party's claims or defenses. Herring further objects to this Request to the extent it seeks confidential proprietary business information. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege or the work-product doctrine. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

## REQUEST FOR PRODUCTION NO. 85:

All Webex recordings or similar recordings of conversations involving any custodian in this case related to OANN's coverage of the 2020 PRESIDENTIAL ELECTION on or after November 3, 2020. The time frame for this request is November 3, 2020 to June 30, 2021.

## RESPONSE:

Herring objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case particularly because the term "2020 Presidential Election" is overbroad. Herring further objects to this Request on the basis that "similar recordings" is vague and ambiguous. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 86:**

Documents and Communications concerning all articles, tweets, content, posts, videos, and/or references thereto that have been removed from OANN DIGITAL, and/or OANN SOCIAL MEDIA referencing SMARTMATIC, DOMINION, voting technology, and/or election integrity from November 1, 2020 to the present.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case particularly to the extent this Request seeks "documents and communications concerning all" content that has been removed. Herring further objects to this Request because the term "election integrity" is vague and ambiguous. Herring further objects to this Request because it requires continuous production. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring further objects to this Request as overbroad because it seeks documents that are not relevant to a party's claims or defenses. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 87:**

Documents and Communications relating to any lawsuit that was filed concerning the outcome of the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request as overbroad and unduly burdensome because it has no time limitation and requires continuous production. Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case. Herring further objects to this Request because the terms "relating to any lawsuit" and "concerning the outcome" are vague and ambiguous. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 88:**

Documents and Communications relating to any agreements, arrangements, understandings, and/or contracts in effect between YOU, OTHER NEWS ORGANIZATIONS, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN from January 1, 2016 to the present.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request as overbroad and

25

unduly burdensome because it is not sufficiently limited in time and requires continuous production. Herring further objects to this Request to the extent it seeks confidential proprietary business information. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case. Herring further objects to this Request because the term "any agreements, arrangements, understandings, and/or contracts" is vague and ambiguous. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 89:**

Documents sufficient to show the corporate structure of OANN.

**RESPONSE:**

Herring objects to this Request as duplicative of Request No. 30. Herring further objects to this Request as overbroad and unduly burdensome because it has no time limitation and requires continuous production. Herring further objects that a Request for documents "sufficient to show" and the term "corporate structure" are vague and ambiguous. Herring further objects to the extent this Request seeks confidential proprietary business information. Herring further objects to this Request as overbroad because it seeks documents that are not relevant to a party's claims or defenses. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests;

and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 90:**

OANN's strategic and business planning documents from the past five (5) years, including financial projections, analyses, budgets, and forecasts.

**RESPONSE:**

Herring objects to this Request on the basis that it is ambiguous, not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case, particularly because the phrases "strategic and business planning documents" and "past five (5) years" are vague. Herring further objects to this Request as overbroad because it seeks documents that are not relevant to a party's claims or defenses. Herring further objects to this Request to the extent it seeks confidential proprietary business information. Herring further objects to this Request to the extent it requests broad financial data. *See Houlahan*, 2006 WL 8433976, at *9. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 91:**

Documents and Communications concerning OANN's involvement in, support or sponsorship of, and/or donations to Political Action Committees, political organizations, and political candidates, including but not limited to the Conservative Political Action Conference and Voices and Votes. The time frame for this request is January 1, 2015 to December 31, 2021.

**RESPONSE:**

Herring objects to this Request on the basis that it is vague, ambiguous, not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case, particularly because the terms "involvement in" and "support or sponsorship of" are not defined.

Herring further objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request as overbroad and unduly burdensome because it is not sufficiently limited in time and seeks documents that are not relevant to a party's claims or defenses. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 92:**

Documents sufficient to show the "OAN Story List" and "Master Story List" for each day between November 3, 2020 and December 31, 2020.

**RESPONSE:**

Herring objects to this Request on the basis that it is vague, ambiguous, not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case, particularly because the phrases "OAN Story List" and "Master Story List" are vague and ambiguous, and are not defined. Herring further objects to this Request to the extent it is not tailored to the alleged Defamatory Broadcasts; accordingly, the Request is overbroad because it seeks documents that are not relevant to a party's claims or defenses. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the reporters' privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring further objects that a Request for documents "sufficient to show" is vague and ambiguous. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document

requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 93:**

Documents and Communications concerning OANN's pitches to advertisers, carriers, and/or investors including any presentations used for those pitches.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case, particularly because the phrase "pitches to advertisers, carriers, and/or investors" is vague and ambiguous. Herring further objects to this Request as overbroad and unduly burdensome because it has no time limitation. Herring further objects to this Request to the extent it seeks confidential proprietary business information and financial information. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege or the work-product doctrine. Herring further objects to this Request as overbroad because it seeks documents that are not relevant to a party's claims or defenses. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents and Communications concerning viewer feedback submitted to OANN via email or OANN's Website relating to OANN's coverage of the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request on the basis that it is ambiguous and not reasonably tailored to the claims or defenses of this litigation, particularly because the phrase "concerning viewer feedback" is vague. Herring further objects to this Request on the basis that comments made on OAN's website are publicly available. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege. Herring further objects to this Request as overbroad because it seeks documents that are not relevant to a party's claims or defenses. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents and Communications relating to Christina Bobb's involvement or relationship with DONALD TRUMP, the TRUMP ADMINISTRATION, and the TRUMP CAMPAIGN. The time frame for this request is January 1, 2020 through December 31, 2022.

**RESPONSE:**

Herring objects to this Request to the extent it seeks information that is not in Herring's possession, custody, or control, or that is equally available to the Smartmatic Parties. Herring further objects to this Request to the extent it seeks documents and confidential information

30

protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring further objects to this Request on the basis that it is vague, ambiguous and not reasonably tailored to the claims or defenses of this litigation, particularly to the extent it seeks documents relating to Christina Bobb's "involvement or relationship." Herring further objects to this Request as overbroad because it seeks documents that are not relevant to a party's claims or defenses. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 96:**

Documents and Communications concerning appearances by Kyle Becker, Clay Clark, Joseph diGenova, Chris Farrell, Tom Fitton, Michael Johns, Evi Kokalari-Angelakis, Cory Mills, Allan Santos, Keith Tripper, Joe Oltmann, Ron Watkins, and/or Michael J. Waller on OANN PROGRAMS between November 1, 2020 and the present, including any drafts, scripts or other programming-related documents, any documents and communications concerning the credibility of these individuals, and any documents or communications concerning ratings associated with the broadcasts of these appearances.

**RESPONSE:**

Herring objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case particularly to the extent the Request is not tailored to the alleged Defamatory Broadcasts. Herring further objects to this Request because the phrases "other programming-related documents," "concerning the credibility," and "ratings associated with the broadcasts of these appearances" are vague and ambiguous. Herring further objects to this Request as overbroad because it seeks documents that are not relevant to a party's claims or defenses. Herring further objects to this Request as overbroad and unduly burdensome because it is not sufficiently limited in time and requires continuous

31

production. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege, the work-product doctrine, the reporters' privilege, or any other applicable privilege, including, but not limited to, any documents that would tend to identify a confidential source. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

**REQUEST FOR PRODUCTION NO. 97:**

Documents sufficient to identify all sources of funding OANN is using to pay costs, expenses, and/or fees for this case, including each entity or individual providing funds, contingency services, pro bono services, and/or litigation financing and the related oral or written agreements.

**RESPONSE:**

Herring objects that a Request for documents "sufficient to identify" is vague and ambiguous. Herring further objects because the requested documents are not relevant to any party's claim or defense. Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation. Herring further objects to this Request to the extent it seeks documents and confidential information protected by the attorney-client privilege or the work-product doctrine. Herring further objects to this Request as overbroad because it seeks documents that are not relevant to a party's claims or defenses. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of

Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

## REQUEST FOR PRODUCTION NO. 98:

Documents and Communications with or concerning media watchdog organizations including Media Matters for America, Citizens for Responsibility and Ethics, and Common Cause.

## RESPONSE:

Herring objects to this Request because it lacks reasonable particularity as required by Federal Rule of Civil Procedure 34(b). Herring further objects to this Request on the basis that it is vague, ambiguous, not reasonably tailored to the claims or defenses of this litigation, and not proportional to the needs of this case, particularly to the extent it seeks documents and communications "concerning media watchdog organizations." Herring further objects to this Request as overbroad and unduly burdensome because it is not limited in subject matter or in time and requires continuous production. Herring further objects to this Request as overbroad because it seeks documents that are not relevant to any party's claim or defense. Herring also objects to this request because it is untimely as the Court's Scheduling Order (ECF No. 42) set May 31, 2023 as the deadline for the parties to serve document requests; and this request was served without leave of Court *two months after* that deadline and is, therefore, a nullity, and Herring is under no obligation to produce documents in response.

Dated: August 30, 2023                     By: */s/ Charles L. Babcock*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John. K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com
*Counsel for Herring Networks, Inc.*

34

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of August, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Caitlin Kovacs
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
Olivia Sullivan
econnolly@beneschlaw.com
CKovacs@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com
osullivan@beneschlaw.com

*/s/ Carl C. Butzer*
Carl C. Butzer

37209799

35