# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

    Plaintiffs,

v.

HERRING NETWORKS, INC.,

    Defendant.

No. 1:21-cv-02900-CJN

Magistrate Judge Moxila A. Upadhyaya

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RELATED ACTIONS

**TABLE OF CONTENTS**

Page

I. BACKGROUND ............................................................................................................. 2
II. LEGAL STANDARD .................................................................................................... 5
III. ARGUMENT .................................................................................................................. 6
    A. The Requests Are a Proper Discovery Mechanism.................................................. 6
    B. Smartmatic's Requests Are Relevant to The Issue of Actual Malice....................... 9
    C. The Court Should Reject OANN's Contradictory Position ................................... 11
IV. CONCLUSION............................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Coomer v. Donald J. Trump for President, et. al.*,
   Case No. 2020-cv-04319 ...................................................................................................4

*Coomer v. Donald J. Trump for President, Inc.*,
   No. 2020CV034319, 2022 WL 12611311 (Colo. Dist. Ct. May 13, 2022).........................3, 8

*Dushkin Pub. Grp., Inc. v. Kinko's Serv. Corp.*,
   136 F.R.D. 334 (D.D.C. 1991).............................................................................................7

*Freeman v. Giuliani*,
   No. 21-3354 (BAH), 2022 WL 16551323 (D.D.C. Oct. 31, 2022) ......................................3

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
   491 U.S. 657 (1989).............................................................................................................9

*Jankovic v. Int'l Crisis Grp.*,
   822 F.3d 576 (D.C. Cir. 2016)............................................................................................10

*New York Times v. Sullivan*,
   376 U.S. 254 (1964).............................................................................................................9

*Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co.*,
   322 F.R.D. 1 (D.D.C. 2017)..............................................................................................5, 6

*Ruby Freeman, et al. v. Herring Networks, Inc., et al.*,
   Civil Action No. 21-3354 (D.D.C.) ............................................................................3, 4, 8

*Schneider v. Chipotle Mexican Grill, Inc.*,
   No. 16CV02200HSGKAW, 2017 WL 1101799 (N.D. Cal. Mar. 24, 2017).......................6

*United States ex rel. Shamesh v. CA, Inc.*,
   314 F.R.D. 1 (D.D.C. 2016).................................................................................................5

*Tucker v. Ohtsu Tire & Rubber Co.*,
   191 F.R.D. 495 (D. Md. 2000).............................................................................................6

*United States v. Am. Tel. & Tel. Co.*,
   461 F. Supp. 1314 (D.D.C. 1978)........................................................................................7

*US Dominion, Inc., et al. v. One America News Network*,
   Case No. 1:21-cv-02130 (D.D.C.) ......................................................................................4

*US Dominion, Inc. v. Herring Networks, Inc.*,
    639 F. Supp.3d 143 (D.D.C. 2022) ............................................................................. 3, 5, 8

*US Dominion, Inc. v. Powell*,
    554 F. Supp. 3d 42 (D.D.C. 2021) ....................................................................................... 9

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................... 5

Fed. R. Civ. P. 26(c) .................................................................................................................... 1

Rule 34 ........................................................................................................................................ 7

iii

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent authority, Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively, "Smartmatic"), by counsel, submit this Motion to Compel Production of Documents, and it respectfully requests that the Court enter an order compelling Defendant Herring Network Inc.'s (d/b/a OANN) ("OANN") to produce documents responsive to Smartmatic Request for Production Nos. 58 and 62 (the "Requests").

The Requests seek documents in OANN's possession, custody, or control related to defamation lawsuits brought against OANN by others who, like Smartmatic, were caught up in OANN's disinformation campaign.  Each of the other litigations—brought by Dominion Voting Systems, Inc. ("Dominion"), Ruby Freeman and Wandrea Moss, and Dr. Eric Coomer—has substantial factual and legal overlap with Smartmatic's claims against OANN, and the Requests seek relevant information in a manner promoting efficiency.

With a near-total overlap in relevant information between Smartmatic's case against OANN and Dominion, Freeman and Moss, and Coomer's cases against OANN (the "Related Actions"), Smartmatic served the Requests.  The Requests seek the production of documents OANN produced in the Related Actions.  The Requests do not seek information produced by the plaintiffs in those cases.

The Requests are relevant to Smartmatic's claims against OANN, as the Related Actions target the same exact conduct as Smartmatic's complaint.  OANN took the position that the documents it produced in the Related Actions are not relevant.  Yet incredibly, OANN simultaneously claims that documents produced by *Smartmatic* in its related litigation against Fox News, Newsmax, and Michael Lindell *are* relevant.  The Court should reject OANN's

1

contradictory position and compel it to produce documents it produced in its related cases with Dominion, Freeman and Moss, and Coomer.

I. BACKGROUND

OANN knew that Joe Biden and Kamala Harris won the 2020 election and that the 2020 election was not rigged, fixed, or stolen. (Compl. at ¶ 2.) Despite that, OANN told its audience that the 2020 election had been stolen and voting machines switched votes cast for President Trump to Joe Biden. (*Id.* at ¶ 3.)

OANN's disinformation campaign against Smartmatic began on November 12, 2020. (*Id.* at ¶ 84.) After the New York Times reported that claims of software glitches in Smartmatic-competitor Dominion Voting Systems' voting machines were baseless, OANN reported that the NYT article "may help some of you sleep at night, but it also ignores years' worth of alarms being raised about these systems." (Compl. Ex. 1.) In that same November 12, 2020 broadcast, OANN made sure to tell its viewers that "it's not only Dominion. It's also Dominion's subsidiaries, such as Smartmatic which was used for the Philippine elections back in 2010 and 2013." (*Id.*)

Indeed, in addition to making Smartmatic a target of OANN's disinformation campaign, OANN launched the same baseless accusations against Smartmatic's competitor, Dominion. As it did with Smartmatic, OANN reported—without evidence—that Dominion flipped votes cast for Donald Trump during the 2020 election into votes for Joe Biden. (Compl. ¶ 85.) OANN often used Smartmatic and Dominion interchangeably, even stating at times that the two competitors were the same company, or that Smartmatic's software was the "backbone" to Dominion's machines. (Compl. ¶ 123.)

However, Smartmatic and Dominion were but one element of OANN's campaign to challenge the results of the 2020 election. OANN also knowingly reported false information regarding Georgia election workers Ruby Freeman and Wandrea Moss, accusing them of

clandestinely producing fraudulent ballots to swing the election results in Georgia for Joe Biden. (Declaration of Olivia E. Sullivan ("Sullivan Decl.") Ex. G, Complaint in *Freeman v. Herring Networks, Inc.*, at ¶¶ 2–4.) OANN further knowingly reported false information regarding Dr. Eric Coomer, a Dominion employee, accusing him of being a central figure in preventing Donald Trump from winning the 2020 election. (Sullivan Decl. Ex. H, Complaint in *Coomer v. Donald J. Trump for President*, at ¶¶ 6–9.)

Dominion filed a lawsuit against OANN on August 10, 2021, seeking damages as a result of OANN's defamatory statements about the voting-technology company in the wake of the 2020 election. *See generally*, *US Dominion, Inc. v. Herring Networks, Inc.*, 639 F. Supp.3d 143 (D.D.C. 2022) (denying OANN's motion to dismiss Dominion's complaint). Freeman and Moss jointly did the same on December 23, 2021, seeking damages from false claims Ruby Giuliani made on OANN regarding their work at a polling center in Georgia during the 2020 election. *See generally*, *Freeman v. Giuliani*, No. 21-3354 (BAH), 2022 WL 16551323, at *3–4 (D.D.C. Oct. 31, 2022) (noting that Freeman and Moss reached a settlement with OANN). Coomer also brought similar claims against OANN on December 22, 2020. *See generally*, *Coomer v. Donald J. Trump for President, Inc.*, No. 2020CV034319, 2022 WL 12611311, at *1 (Colo. Dist. Ct. May 13, 2022).

The crux of each of lawsuit brought by Smartmatic, Dominion, Freeman, Moss, and Coomer is OANN's reporting on the 2020 election. That OANN made false statements about each of those individuals and entities. That OANN did so knowing full well that its statements were false or had a high probability of falsity. And that OANN nevertheless published these false statements to gain market share and curry favor with Donald Trump.

On October 21, 2022, Smartmatic served its First Set of Requests for Production. (Sullivan Decl. Ex. A, First Set of Requests for Production.) That set of discovery requests contained one

3

of the Requests, which sought "[a]ll Documents produced by You in connection with the lawsuits captioned *US Dominion, Inc., et al. v. One America News Network*, Case No. 1:21-cv-02130 (D.D.C.) and/or *Ruby Freeman, et al. v. Herring Networks, Inc., et al.*, Civil Action No. 21-3354 (D.D.C.)." (*Id.* at 19.)

OANN responded to the First Set of Requests for Production on December 16, 2022. (Sullivan Decl. Ex. B, Responses and Objections to First Set of Requests for Production.) OANN objected to Request No. 58 on relevance grounds and because, at least as of the date of its response, OANN had not produced anything in those cases. (*Id.* at 56–57.) Smartmatic responded in a letter on January 3, 2023, arguing that the Related Actions are substantially similar to Smartmatic's case against OANN, and further noting that even if OANN had not yet produced any documents in the Related Actions, its continuing discovery obligations meant that OANN would need to produce responsive documents once it did indeed make a production in the Related Actions. (Sullivan Decl. Ex. C, January 3, 2023 Ltr. from M. Bloom to B. Ledebuhr, at 14–15.)

The parties met and conferred on January 25 and January 27, 2023. (Sullivan Decl. ¶ 5.) OANN took the position that documents produced by OANN in other litigation related to the 2020 election were not relevant, but that documents produced by Smartmatic in other litigation related to the 2020 election were relevant. (*Id.*)

Smartmatic served its Second Set of Requests for Production on July 31, 2023. (Sullivan Decl. Ex. D, Second Set of Requests for Production.) The Second Set of Requests included the second of the Requests, which sought "[a]ll Documents and Communications produced by You in *Coomer v. Donald J. Trump for President, et. al.*, Case No. 2020-cv-04319, pending in the District Court for Denver County, Colorado." (*Id.* at 11.)

4

The parties met and conferred on August 23, 2023. (Sullivan Decl. ¶ 7.) Smartmatic inquired whether OANN had made any productions in the *Dominion* matter, and OANN reiterated that it would not produce those documents to Smartmatic. (*Id.*) On August 30, 2023, OANN served its Responses and Objections to Smartmatic's Second Set of Requests for Production. (Sullivan Decl. Ex. E, Responses and Objections to Second Set of Requests for Production.) In addition to lodging the same objections to the first of the Requests, OANN objected to the second round of discovery as untimely served.[1] (*Id.*) The parties met and conferred again on September 6, 2023, with OANN still standing by its contradictory position. (Sullivan Decl. ¶ 9.) The next day, Smartmatic indicated to OANN that the parties were at an impasse on the issue. (Sullivan Decl. ¶ 10.) All the while, Smartmatic has willingly made rolling productions to OANN of documents produced in Smartmatic's litigation against Fox News Network, with a production made as recent as December 3, 2023. (Sullivan Decl. ¶ 11.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure permit liberal discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016) ("[R]elevance is still construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense."). "The party that brings the motion to compel bears the initial burden of 'proving that the opposing party's answers were incomplete,' and 'explaining how the requested information is relevant.'" *Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 5–6 (D.D.C. 2017). Once

---

[1] OANN's timeliness objection is the subject of Smartmatic's Motion to Compel Responses to Second Set of Requests for Production, filed on December 6, 2023.

that burden is satisfied, "the burden then shifts to the non-movant 'to explain why discovery should not be permitted.'" *Id.* at 6.

### III.   ARGUMENT

Smartmatic's allegations against OANN center around OANN's multi-target defamation campaign. Not only did OANN defame Smartmatic, but it also defamed Dominion, Freeman, Moss, and Coomer, reporting the same false allegations against all of them: that they were responsible for rigging the 2020 election in favor of Joe Biden. OANN has produced documents in the Related Actions. Those documents relate to OANN's reporting in the 2020 election, which are inherently relevant to Smartmatic's claims. The Requests are relevant to the issue of actual malice, as the information sought bears on OANN's knowledge of the facts of the 2020 election, the relevant parties who oversaw elements of the election, and OANN's motivation for publishing false statements.

#### A.   The Requests Are a Proper Discovery Mechanism

The Requests seek documents produced by OANN in the Related Actions. Given the substantial factual overlap between Smartmatic's claims against OANN and those of the Related Actions, the Requests are reasonably calculated to lead to the discovery of admissible evidence.

When another case has significant factual overlap with the instant case, courts generally permit discovery requests that seek documents produced in those related cases. *See, e.g.*, *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 497 (D. Md. 2000) (ordering the production of documents from a related case that alleged the same product defect as the instant case); *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16CV02200HSGKAW, 2017 WL 1101799, at *4 (N.D. Cal. Mar. 24, 2017) (concluding that the plaintiffs were entitled to documents produced by the defendants in separate litigation where the litigation involved the same legal claims based on the same facts).

In the District of Columbia, the practice of allowing discovery into related litigation is longstanding. *See United States v. Am. Tel. & Tel. Co.*, 461 F. Supp. 1314, 1337–42 (D.D.C. 1978); *Dushkin Pub. Grp., Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 334 (D.D.C. 1991). So long as the related litigation is relevant, courts generally allow discovery into the non-public information in those matters. *See id.*

*AT&T* is instructive, as the court noted that such requests promoted efficiency as well as being properly within the confines of Rule 34. *See AT&T*, 461 F. Supp. at 1338–39 (noting that "[i]t would not advance but defeat the purpose of the Rules to require plaintiff in this case to proceed laboriously, and possibly at the cost of several years' delay, to duplicate the document selection process conducted by the plaintiffs in [the related actions] when the fruits of that process are readily available and in the possession of a party to this very litigation . . . ."). That case involved a private action by the government against AT&T for the same cause of action over the same factual underpinning as several previous cases. *Id.* The court further noted that the similarities between the cases assured the relevancy of the discovery request and—as to the specificity of the request—that "even a generalized description should be sufficient when . . . the party from whom discovery is sought will have no difficulty in understanding what is wanted." *Id.* at 1340. Finally, the court recognized that there may not be 100% overlap in relevance, but "[i]t is difficult to envision what prejudice could ensue from the production of documents, a small number of which might turn out not to be relevant to this lawsuit. To the extent that any irrelevant documents are produced, defendants will be amply protected by this Court's protective order, which will maintain the confidentiality of all documents produced, and order the return of any irrelevant documents to the defendants." *Id.* at 1341.

Here, even a cursory review of the complaints filed in the Related Actions shows that the documents produced by OANN are relevant. All of the plaintiffs in the Related Actions work with voting technology in some capacity—Dominion sells it, Freeman and Moss utilize it as poll workers, and Coomer was employed by Dominion. And all of them have similar complaints about OANN's conduct:

- "Throughout this time, OAN recklessly disregarded the truth; indeed, OAN *knew* the statements it repeatedly broadcast about Dominion were lies . . . OAN also knew the lies it was promoting and endorsing about Dominion had been debunked by an increasingly long list of bipartisan election officials, election security experts, judges, then-Attorney General William Barr, [etc.] . . . ." (Sullivan Decl. Ex. F, Complaint in *US Dominion, Inc. v. Herring Networks, Inc.*, at ¶ 10.)

- "Defendants knew about and recklessly disregarded Georgia election officials' clear refutation of Giuliani's claims. Even after the claims about Ms. Freeman and Ms. Moss had been publicly discredited, Defendants continue to repeat and republish the false and defamatory statements, including to this day . . . ." (Sullivan Decl. Ex. G, Complaint in *Freeman v. Herring Networks, Inc.*, at ¶ 10.)

- "OANN and Rion took no efforts to verify or corroborate these false allegations before publishing them and disregarded reliable sources establishing the contrary. . . . Instead, like other Defendants, OANN and Rion knowingly and recklessly published false statements about Dr. Coomer to support a preconceived conspiracy that the election was fraudulent." (Sullivan Decl. Ex. H, Complaint in *Coomer v. Donald J. Trump for President*, at ¶ 59.)

The Related Actions and the instant case all allege the same wrongful conduct: that OANN chased viewers and profits by reporting ridiculous and unsubstantiated claims and ignoring—if not outright mocking—the evidence contrary to its position. The complained-of conduct by OANN in all of these cases is one in the same. So not only are the Requests relevant, but producing documents responsive to them would constitute an efficient use of resources.

**B.      Smartmatic's Requests Are Relevant to The Issue of Actual Malice**

Smartmatic has alleged that OANN engaged in a defamation campaign against Smartmatic despite knowing that its statements about Smartmatic were false. (Compl. ¶ 238.) Smartmatic further alleged that OANN acted with reckless disregard for whether its statements about Smartmatic were true. (*Id.*) Additionally, OANN acted with ill will towards Smartmatic by pushing forward with a false story without any regard to the damage it would cause to Smartmatic's reputation. (Compl. ¶ 240.) The Requests seek documents that will substantiate Smartmatic's allegations.

The "actual malice" standard requires that a plaintiff prove a defamatory statement was made "with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times v. Sullivan*, 376 U.S. 254, 279–80 (1964). To defame with reckless disregard, "the defendant must have made the false publication with a high degree of awareness of . . . probable falsity, or must have entertained serious doubts as to the truth of [the defendant's] publication." *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 667 (1989) (internal quotation marks and citations omitted); *see also US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 59–60 (D.D.C. 2021).

Actual malice can be shown when a defendant makes "claims that are inherently improbable," relies on "sources [that] are unreliable," and "fail[s] to acknowledge the validity of countervailing evidence." *US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 64 (D.D.C. 2021).

9

Further, while evidence of an improper motive is not sufficient *by itself* to support a finding of actual malice, "when the evidence of ill will or bad motive is also probative of a 'willingness to publish *unsupported allegations*' it is suggestive of actual malice." *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 590–91 (D.C. Cir. 2016).

Even the suggestion that a voting-technology company like Smartmatic—operating in only one county in the United States—could have rigged the nationwide election in favor of Donald Trump is an obvious lie. But when choosing to amplify that lie, OANN relied on sources who were unreliable, and it failed to acknowledge the validity of the wealth of countervailing evidence when it published false statements about Smartmatic. Among the evidence OANN chose to ignore:

- The U.S. Attorney General stated on December 1, 2020, that the Department of Justice found no evidence of widespread election fraud. (Compl. ¶ 301; Compl. Ex. 129.)

- Smartmatic sent OANN a retraction demand on December 11, 2020, outlining the truth about Smartmatic and the lack of widespread election fraud in the 2020 election. (Compl. ¶ 334; Compl. Ex. 46.)

- Dominion sent OANN a retraction demand on December 18, 2020, outlining the truth about Dominion and the lack of widespread election fraud in the 2020 election. (Compl. ¶ 332; Compl. Ex. 48.)

- Other news networks that published false statements about Smartmatic issued retractions for those false statements. (Compl. ¶ 142–43.)

Despite this, OANN continued publishing false statements about Smartmatic. (Compl. ¶¶ 145–49.) And when OANN received retraction demands for its false reporting, the Herring family—the owners and sole decision-makers of OANN—was "thrilled" because they believed

"all publicity, even so-called bad publicity, was good for [OANN]." (Compl. Ex. 151 (Declaration of Martin Golingan) at ¶ 17.) So even though the truth about the 2020 election was vetted and widely available to the public—and some directly sent to OANN—OANN instead opted to continue defaming Smartmatic.

Furthermore, by ignoring the overwhelming evidence that Smartmatic did not rig the 2020 election, OANN opted instead to rely on unreliable sources. During its defamation campaign, OANN hosted a number of guests who would amplify false claims about Smartmatic despite not providing any evidence to support those claims. (Compl. ¶¶ 356–57.) OANN further could not find any legitimate source to corroborate the statements made by its unreliable guests. (Compl. ¶ 358.)

Finally, OANN defamed Smartmatic because it saw a direct connection between its defamatory publications and an increase in viewership. (Compl. ¶¶ 83, 138–39, 423, 425.) OANN made false statements about Smartmatic, saw that those statements were profitable, and then continued to make those statements. OANN's improper motive—to gain viewership and, in turn, profits—is probative of OANN's willingness to publish unsupported allegations, and thus OANN's improper motive is relevant to actual malice, and the Requests seek relevant discovery.

### C. The Court Should Reject OANN's Contradictory Position

Smartmatic served its first requests seeking information produced in the Related Actions on October 21, 2022. (Sullivan Decl. Exs. A & D.) Three days later, OANN served a request for production seeking information produced in Smartmatic's lawsuits against Fox News, Newsmax, Sidney Powell, and Michael Lindell. (Sullivan Decl. Ex. I, OANN's First Set of Requests for Production, at 25.) Both parties made the same requests because there is substantial factual and

11

legal overlap between this litigation and the other cases involving the disinformation surrounding the 2020 election and producing them in this manner promotes efficiency.[2]

OANN has taken the position that the documents it produced in the Related Actions are not relevant. (Sullivan Decl. Exs. B & E.) OANN has also taken the position that documents in Smartmatic's related actions are relevant. (Sullivan Decl. ¶ 5.) OANN cannot have it both ways. Both are relevant, which is why Smartmatic has been producing such documents. (Sullivan Decl. ¶ 11.) OANN's contradictory position is absurd. The documents produced by OANN in the Related Actions are just as relevant as the documents sought by OANN and produced to OANN by Smartmatic. OANN can assert no credible reason to the contrary.

## IV. CONCLUSION

Smartmatic's Requests are proper mechanism to obtain relevant discovery on the issue of actual malice. Smartmatic has alleged in detail that OANN amplified an inherently improbable story, supported only by unreliable sources lacking evidence, and failed to acknowledge the validity of countervailing evidence. The Related Actions, Smartmatic's related cases, and this case all have substantially overlapping factual and legal issues, thus documents produced (and yet to be produced) in the Related Actions are relevant. Accordingly, Smartmatic respectfully requests that the Court issue an order compelling OANN to search for and produce documents responsive to the Requests.

\* \* \*

---

[2] OANN acknowledged as much when it requested that the parties exchange deposition transcripts from Smartmatic's litigation against Fox News, Newsmax, Lindell, and Powell in addition to OANN's litigation against Dominion and Coomer. (Sullivan Decl. ¶ 16.)

Date: December 6, 2023

/s/ *James R. Bedell*
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Ronald S. Betman (admitted *pro hac vice*)
Caitlin A. Kovacs (admitted *pro hac vice*)
Olivia E. Sullivan (admitted *pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
rbetman@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

James R. Bedell (admitted *pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: 216.363.4500
jbedell@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ James R. Bedell*
James R. Bedell (admitted pro hac vice)

*One of the Attorneys for the Plaintiffs*
*Smartmatic USA Corp., Smartmatic International*
*Holding B.V., and SGO Corporation Limited*
