# EXHIBIT C



Michael E. Bloom
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.212.4946
Fax: 312.767.9192
mbloom@beneschlaw.com

January 3, 2023

Brian Ledebuhr
Vedder Price
222 North LaSalle Street, Suite 2300
Chicago, IL 60601
Email: bledebuhr@vedderprice.com

Re: *Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network*; Case No. 1:21-cv-02900-CJN

Dear Mr. Ledebuhr:

We write in response to OANN's Responses to Plaintiffs' First Set of Requests for Production of Documents (the "RFP Responses") and OANN's Responses to Plaintiffs' First Set of Interrogatories (the "Interrogatory Responses" and, together with the RFP Responses, the "Discovery Responses"). Having reviewed and considered the Discovery Responses, we write in the interest of resolving the deficiencies contained therein without the need for motion practice.

## I. OANN's Interrogatory Responses.

As set forth below, OANN's responses and objections to Smartmatic's Interrogatories are deficient for many reasons.

### References to Documents Pursuant to Fed. R. Civ. P. 33(d)

For Interrogatory Nos. 1–20, OANN states that it will produce documents in response to the Interrogatories. For many of those interrogatories, OANN's statement that it will produce responsive documents is its entire response. OANN's overreliance on a production of unidentified documents renders its responses improper and deficient.

Federal Rule of Civil Procedure 33(d) allows for a party answering an interrogatory to refer to business records by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). Reliance on a document production is only proper so long as the reference "clearly indicates how the documents in question are responsive to the interrogatory." *DL v. District of Columbia*, 251 F.R.D. 38, 49 (D.D.C. 2008); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 326 (N.D. Ill. 2005) ("[R]eferring to business records *en masse*, without specifying particular documents is 'an abuse of the option.'") (quoting *Bonds v. District of Columbia*, 93 F.3d 801, 811 (D.C. Cir. 1996)). OANN's promise to produce documents responsive to the above Interrogatories contains no information as to what kind of documents are responsive

to the respective Interrogatories. As a result, Smartmatic is unable to "locate and identify them as readily as the responding party could," since it has no information related to the documents, or even which *kind* of documents, OANN is contemplating in its response.

Furthermore, OANN made the representation that "[a] statement that Herring will produce documents responsive to a particular Interrogatory is not a representation that such documents exist and/or are in the possession, custody, or control of Herring, but rather that Herring will attempt to locate and produce responsive, non-privileged documents . . . ." This creates a potential situation where, if OANN does not supplement its Interrogatory Responses with additional specificity, OANN will have essentially provided no answer at all to some of the Interrogatories—and Smartmatic would have no way to know one way or the other.

Additionally, even if OANN's reference to documents were made with sufficient specificity, there are a number of Interrogatories that cannot be fully answered by documents alone. *See* Interrogatory Nos. 1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18. For example, with respect to Interrogatory No. 12, an individual associated with OANN could have communicated with or interviewed someone without a written record being created. In those cases, answering the Interrogatory through documents is necessarily incomplete.

Smartmatic would like to meet and confer with OANN concerning a minimum level of specificity that OANN must provide when referring to documents in response to a given Interrogatory. A protocol by which the parties can agree to utilize Rule 33(d) will ensure that interrogatory responses are providing the information sought while still being able to take advantage of Rule 33(d).

Lastly, Smartmatic requests that OANN confirm whether, for the Interrogatories for which it will be producing documents, it will be withholding any responsive documents based on its objections. For example, OANN objected to several interrogatories that seek information related to Dominion on the basis that documents related to Dominion are "not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case." *See, e.g.,* OANN's Response to Interrogatory No. 4. Please confirm whether OANN will be producing documents responsive to the entire Interrogatory or whether it will be withholding documents responsive to the portions of each Interrogatory it deems objectionable. If OANN intends to withhold documents based on its objections, then Smartmatic would like to meet and confer with OANN concerning each of its objections.

### Interrogatory No. 4

This Interrogatory seeks the identification of individuals involved in the social media accounts run by OANN and its associated personalities. Additionally, for those individuals, the Interrogatory seeks identification of those individuals' roles, titles, and relationship to OANN. OANN answers some, but not all, of this Interrogatory. OANN must respond to the entire interrogatory for multiple reasons.

*First*, OANN does not answer the first part of the Interrogatory, which seeks the identification of the individuals involved with the social media account @OANN. OANN admits

that several employees are responsible for the statements made on the @OANN account on several platforms, yet it refuses to identify them. To the extent the Interrogatory was unclear, it seeks the identity of all Persons involved in statements posted to the @OANN account on any platform. Smartmatic is entitled to know the identities of all individuals responsible for any statements made about Smartmatic on OANN's social-media platforms.

*Second*, OANN's response for the Persons it does identify is still deficient, as it fails to state each of their roles, titles, and relationship to OANN. Smartmatic requests that OANN supplement its response with this information.

### Interrogatory No. 5

This Interrogatory seeks the identification of all OANN EMPLOYEES or other Persons who have any level of decision-making control over the substance of the OANN ACCUSED PROGRAMS and that OANN describe the nature of that control. In response, OANN has merely identified hosts of shows on its network and disclaimed responsibility for various documentaries that it published.

Unless OANN contends that the individuals identified in its response exercise full control over their respective shows with no assistance or oversight from any individual at Herring or OANN, OANN's response to this Interrogatory is deficient. Smartmatic is entitled to know who was responsible for allowing statements made in the OANN ACCUSED PROGRAMS to be published. OANN's response fails to identify anyone involved in any of the OANN ACCUSED PROGRAMS other than the host, and it makes no attempt to describe the nature of control any OANN EMPLOYEES or Persons have over the substance of those programs.

### Interrogatory No. 12

This Interrogatory seeks in essence the identification of all Persons who communicated with and/or were interviewed by the OANN ON-AIR PERSONALITIES or any Person employed by OANN or acting on its behalf in connection with statements about SMARTMATIC or DOMINION, and it seeks a description of those Communications.

OANN did not identify any individuals in response to this interrogatory and has only offered to produce responsive documents. Respectfully, a production of documents cannot fully answer this interrogatory because of the possibility that OANN communicated with others regarding Smartmatic and/or Dominion in oral conversations. Thus, in addition to providing responsive documents, Smartmatic requests that OANN identify all Persons who communicated with and/or were interviewed by the OANN ON-AIR PERSONALITIES or any Person employed by OANN or acting on its behalf in connection with statements about SMARTMATIC or DOMINION. with whom it communicated.

### II.  OANN's RFP Responses

Smartmatic also would like to meet and confer with OANNs concerning their RFP Responses, which are deficient for the reasons discussed below.

### A. OANN's Broad Objections

***Definition of "Smartmatic."*** Throughout its responses and in its general objections, OANN objected to Smartmatic's definition of "Smartmatic." OANN asserts that the term Smartmatic, as it refers to the three Plaintiff entities, is overly broad. OANN's assertion improperly narrows the definition of Smartmatic in such a way that would inappropriately exclude responsive documents. In OANN's accused broadcasts, it references Smartmatic without specifying a Smartmatic entity. Thus, any document that refers to or mentions "Smartmatic" is potentially relevant to this litigation.

Smartmatic would like to meet and confer with respect to OANN's objections on this point, which includes RFP Nos. 1, 3, 5, 6, 9, 10, 11, 15, 16, 17, 18, 35, 36, 38, 41, and 48. If Smartmatic and OANN cannot come to an agreement with respect to this issue, Smartmatic will seek relief from the court.

***Definition of "Defamatory Statements*.**" Throughout its responses, OANN objected to the term "DEFAMATORY STATEMENTS" "as overbroad to the extent it suggests that any of the statements alleged by Plaintiffs has been found to be or is defamatory and to the extent it is intended to include any allegedly defamatory statements not specifically identified and alleged in the Complaint." In the interest of clarification and avoiding unnecessary motion practice, Smartmatic clarifies that "Defamatory Statements" refers only to statements the COMPLAINT *alleges* are defamatory, including without limitation the statements identified in Paragraphs 84-139, 146-149, 154-168, 171, 184, 196, 205, 218, and 227 of the COMPLAINT.

If that does not resolve OANN's objection, Smartmatic would like to meet and confer with respect to OANN's objections on this point, which includes RFP Nos. 33 and 52. If Smartmatic and OANN cannot come to an agreement with respect to this issue, Smartmatic will seek relief from the court.

***Definition of "Accused Programs."*** Throughout its responses, OANN objected to the term "ACCUSED PROGRAMS" "as vague, overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint." In the interest of clarification and avoiding unnecessary motion practice, Smartmatic clarifies that its definition does not suggest that OANN has been found liable for defamation, and ACCUSED PROGRAMS means, *After Hours with Alex Salvi, News Room, America This Week, Tipping Point with Kara McKinney, Breaking News Live with Patrick Hussion, Real America, In Focus with Stephanie Hamill, Weekly Briefing with Christina Bobb, Absolute Proof, Real America with Dan Ball, Scientific Proof, Absolute Interference, Absolutely 9-0, and The Real Story with Natalie Harp*, all of which are referenced in the COMPLAINT.

If that does not resolve OANN's objection, Smartmatic would like to meet and confer with respect to OANN's objections on this point, which includes RFP Nos. 29, 33, 35, 44, 45, and 47. If Smartmatic and OANN cannot come to an agreement with respect to this issue, Smartmatic will seek relief from the court.

Brian Ledebuhr
January 3, 2023
Page 5

   ***Relevance of Dominion.*** Smartmatic has issued RFPs to OANN that request documents about or discussing Dominion, the other target of OANN's disinformation campaign, because they are highly relevant to the claims in this case. In response to those RFPs, OANN objected that each "Request vaguely seeks documents concerning DOMINION and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case." This response is improper, as documents discussing Dominion, even if they do not also reference Smartmatic, are relevant to this litigation. Indeed, Smartmatic has alleged that OANN made many false and defamatory statements concerning Smartmatic that also related to Dominion. *See, e.g.,* Complaint ¶ 184. For example, Kara McKinney reported that Smartmatic's software was the "backbone" for Dominion machines that OANN alleged were used to rig the election. *Id.* ¶ 184(t). In that regard, Smartmatic is entitled to discovery concerning Dominion, including, but not limited to, discovery related to OANN's investigation of Dominion, its reporting concerning Dominion, and its knowledge of facts related to Dominion.

   Smartmatic would like to meet and confer with respect to OANN's objection to these RFPs, which includes RFP Nos. 2, 4, 6, 9, 10, 11, 15, 16, 17, 18, 35, 37, 39, 41, and 43. If Smartmatic and OANN cannot come to an agreement with respect to this issue, Smartmatic will seek relief from the Court.

   ***Specification of defamatory statements and alleged harm***. OANN objected to numerous RFPs on the grounds that the RFP is "overly broad, vague, ambiguous, and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed." For the purposes of discovery, Smartmatic is not obligated to allege which defamatory statement was made about which Smartmatic entity, and specify which Smartmatic entity was allegedly harmed. OANN has no legal basis for this objection. And as noted with regard to the definition of Smartmatic, OANN's defamatory statements used the term "Smartmatic" broadly, and the scope of discovery must be equally as broad.

   Smartmatic would like to meet and confer with respect to OANN's objections on this point, which includes <u>RFP Nos. 1, 3, 4, 6, 9, 10, 11, 15, 16, 17, 18, 35, 36, 38, 41, and 48</u>. If Smartmatic and OANN cannot come to an agreement with respect to this issue, Smartmatic will seek relief from the court.

   ***Improper Time Limitations***. OANN objected to numerous RFPs on the basis that the timeframe for the request was improper. OANN failed to propose what it believes to be a reasonable time frame for the request. Without a proposal from OANN, it is impossible for Smartmatic to know the timeframes in which OANN is conducting searches for relevant information and producing documents from. Moreover, any narrowing of the timeframe requested by Smartmatic would be improper because, for example, OANN's historical knowledge of Smartmatic and Dominion, historical reporting on Smartmatic and Dominion, and its historical relationship with its sources are all relevant for Smartmatic to assess OANN's knowledge of falsity and motives for defaming Smartmatic.

   Smartmatic would like to meet and confer with respect to the relevant time frames for these RFPs, which includes <u>RFP Nos. 1, 2, 3, 5, 6, 9, 10, 11, 12, 13, 14, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 36, 37, 38, 39, 40, 41, 42, 43, 46, 48, 49, 50, 51, 52, 53, 54, 55, 56, and 57</u>. If Smartmatic

Brian Ledebuhr
January 3, 2023
Page 6

and OANN cannot come to an agreement with respect to this issue, Smartmatic will seek relief from the court.

**Definition of Present**. OANN objected to numerous RFPs on the basis that the time period for the request sought documents from a specific date until the present, and that "present" is not a fixed time. In the interest of clarification and avoiding unnecessary motion practice, Smartmatic can clarify that "present" means up to and including the date that Smartmatic served its discovery requests.

If that does not resolve OANN's objection, then Smartmatic would like to meet and confer with respect to the definition of present for these RFPs, which includes RFP Nos. 3, 7, 8, 25, 46, 51, 53, and 54. If Smartmatic and OANN cannot come to an agreement with respect to this issue, Smartmatic will seek relief from the court.

**Insufficiently defined terms**. OANN objected to numerous RFPs on the basis that they contained "insufficiently defined" terms. Smartmatic would like to meet and confer with respect to this issue and provide any necessary clarification. This issue pertains to RFP Nos. 4, 6, 7, 8, 9, 10, 11, 19, 23, 48, 49, 53, and 54. If Smartmatic and OANN cannot come to an agreement with respect to this issue, Smartmatic will seek relief from the court.

**"Tethered to Smartmatic"**. OANN objected to numerous RFPs on the basis that they were "untethered to any Smartmatic entity or to any coverage of the 2020 U.S. election." This objection is vague and nonsensical.

Smartmatic would like to meet and confer with respect to this issue so that OANN can provide clarification as to this objection. This issue pertains to RFP Nos. 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 39, 40, 43, 44, 45, 46, 47, 48, 49, 50, 51, 53, 54, and 56. If Smartmatic and OANN cannot come to an agreement with respect to this issue, Smartmatic will seek relief from the court.

### B.     OANN's Specific Objections

With respect to OANN's specific responses to Smartmatic's RFPs, as a threshold matter, Smartmatic would like to know whether OANN intends to withhold documents pursuant to its objections where it responded: "Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control , , , ," *See* OANN's Response to RFP Nos. 1-6, 9-14, 19, 21-23, 31-32, 35-36, 38-43, 48, 52-54, 56-57. If OANN intends to stand on its objections for any portion of those RFPs, then Smartmatic requests that it supplement its RFP responses to identify the categories of documents that it is willing to produce and the documents it intends to withhold. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."); *Ronaldson v. Nat'l Ass'n of Home Builders*, 2020 U.S. Dist. LEXIS 107436, at *26 (D.D.C. June 3, 2020) (ordering party to supplement RFP responses to comply with Rule 34(b)(2)(C)). Smartmatic reserves its right to meet-and-confer with OANN concerning these RFPs after OANN explains it position.

Below, Smartmatic discusses the deficiencies in OANN's responses to RFP's for which OANN has agreed to produce less than all requested documents or no documents at all.

**RFP No. 7**

This request seeks "Documents sufficient to show any and all employment agreements and/or contracts in effect for, and compensation paid to, the OANN ON-AIR PERSONALITIES from 2016 to the present." OANN objected on several grounds that are addressed *supra*, and also objected to this RFP as "overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring." The employment contracts of the OANN ON-AIR PERSONALITIES that defamed Smartmatic are highly relevant to the issues in this litigation. The employment agreements and contracts are relevant for two reasons. *First*, the financial incentives offered to OANN ON-AIR PERSONALITIES goes directly to their motive for defaming Smartmatic. Evidence related to motive is probative of actual malice. Second, the guidelines and requirements outlined in the agreements and contracts are relevant to actual malice. For example, if OANN ON-AIR PERSONALITIES agreed to any guidelines or ethics on journalistic standards, that would be relevant to the issue of actual malice. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 8**

This RFP seeks "Documents and Communications concerning job performance of the OANN ON-AIR PERSONALITIES from January 1, 2019 to the present, including but not limited to performance reviews, discussions of promotions, raises, demotions, terminations, pay increases or decreases or any other changes in employment status." OANN objected on several grounds that are addressed *supra*, and also objected to this RFP as "overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring." Smartmatic disagrees with these objections. The employment records are relevant to the claims in this litigation because evidence of any wrongdoing (including poor reviews and demotions), financial incentives, and changes in employment status all go to the issue of actual malice. For example, if an OANN ON-AIR PERSONALITY has previous negative performance reviews related to sources for their materials, that would be directly relevant to actual malice. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 15**

This RFP seeks "Documents and Communications with or concerning DONALD TRUMP relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN." OANN objected on several grounds that are addressed *supra*, and also objected on the grounds that "Documents and/or Communications with or concerning DONALD TRUMP relating to DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN without reference to the election or any Smartmatic entity, have no relevance to this case." OANN's communications with or

concerning DONALD TRUMP are highly relevant for Smartmatic to assess OANN's knowledge of falsity, the credibility of its sources, and motives for defaming Smartmatic. Limiting the request to communications with or concerning DONALD TRUMP and relating only to SMARTMATIC, would be improper because broader issues of election fraud and Dominion's involvement in the 2020 U.S. election, are tied to the issues in this litigation. Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 16**

This RFP seeks "Documents and Communications with or concerning the TRUMP ADMINISTRATION relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN." OANN objected on several grounds that are addressed *supra*, and also objected on the grounds that "Documents and/or Communications with or concerning the TRUMP ADMINISTRATION relating to DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN without reference to the election or any Smartmatic entity, have no relevance to this case." OANN's communications with or concerning the TRUMP ADMINISTRATION are highly relevant for Smartmatic to assess OANN's knowledge of falsity, the credibility of its sources, and motives for defaming Smartmatic. Limiting the request to communications with or concerning the TRUMP ADMINISTRATION and relating only to SMARTMATIC, would be improper because broader issues of election fraud and Dominion's involvement in the 2020 U.S. election, are tied to the issues in this litigation. Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 17**

This RFP seeks "Documents and Communications with or concerning the TRUMP CAMPAIGN relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN." OANN objected on several grounds that are addressed *supra*, and also objected on the grounds that "Documents and/or Communications with or concerning the TRUMP CAMPAIGN relating to DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN without reference to the election or any Smartmatic entity, have no relevance to this case." OANN's communications with or concerning the TRUMP CAMPAIGN are highly relevant for Smartmatic to assess OANN's knowledge of falsity, the credibility of its sources, and motives for defaming Smartmatic. Limiting the request to communications with or concerning the TRUMP CAMPAIGN and relating only to SMARTMATIC, would be improper because broader issues of election fraud and Dominion's involvement in the 2020 U.S. election, are tied to the issues in this litigation. Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 18**

This RFP seeks "Documents and Communications with or concerning the RNC relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN." OANN objected on several grounds that are addressed *supra*, and also objected on the grounds that "Documents and/or

Communications with or concerning the RNC relating to DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN without reference to the election or any Smartmatic entity, have no relevance to this case." OANN's communications with or concerning the RNC are highly relevant for Smartmatic to assess OANN's knowledge of falsity, the credibility of its sources, and motives for defaming Smartmatic. Limiting the request to communications with or concerning the RNC and relating only to SMARTMATIC, would be improper because broader issues of election fraud and Dominion's involvement in the 2020 U.S. election, are tied to the issues in this litigation. Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 20**

This RFP seeks "Documents and Communications concerning MY PILLOW, INC. advertising on any OANN platform and Documents sufficient to show all advertising revenue paid to OANN for airing or otherwise placing MY PILLOW, INC. advertisements on any OANN platform, including a breakdown of such revenue on a monthly basis, detail regarding total volume of such ads (under each of the metrics OANN uses to measure ad volume), on which platforms and (where applicable) which specific programs the ads were placed or aired, and what percentage of OANN's overall advertising revenue MY PILLOW, INC. accounted for over time. There is no time limit on this Request." OANN objected on several grounds that are addressed *supra*, and also objected to this RFP "to the extent this Request seeks confidential proprietary business information." While it is unlikely that the information requested is actually highly confidential or commercially sensitive, counsel is no doubt aware that there are mechanisms for shielding such information from broad disclosure. Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 24**

This RFP seeks "Documents and Communications with or concerning any current, former, or future OANN EMPLOYEES entering or leaving employment with the TRUMP ADMINISTRATION or TRUMP CAMPAIGN." OANN objected on several grounds that are addressed *supra*, and also objected to this RFP on the grounds that it "has no relationship to any Smartmatic entity," and is "overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring." Smartmatic disagrees with these objections. Whether or not individuals affiliated with OANN—a broadcaster who defamed Smartmatic in the interest of supporting the Donald Trump—went on to work with him, his administration, or his campaign is highly relevant to the issue of actual malice. The ties between OANN EMPLOYEES and the TRUMP ADMINISTRATION AND TRUMP CAMPAIGN are relevant because it is evidence of an incentive to defame Smartmatic to curry favor with TRUMP'S ADMINISTRATION AND CAMPAIGN. Evidence related to motive is probative of actual malice. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 25**

This RFP seeks "Documents and Communications with or concerning Newsmax Media, Inc. or Fox News between January 1, 2018 and the present." OANN objected on several grounds that are addressed *supra*, and also objected to this RFP on the ground that "no Newsmax or Fox entity is a party to this litigation, thus discovery such as this Request about Newsmax or Fox entities is disproportional to the needs of the case." Smartmatic disagrees with this objection. The information requested is highly relevant to the issue of actual malice and OANN's motivations for defaming Smartmatic. The information requested is relevant to two reasons. *First*, OANN was watching Newsmax and Fox's reporting on Smartmatic and the 2020 U.S. election, and OANN referenced several of those segments in their own broadcasts. It is clear that OANN was using Newsmax and Fox as sources for their defamation campaign, which speaks directly to the issue of actual malice. *Second*, as Smartmatic alleged in its complaint, OANN was competing with Newsmax and Fox for viewers and ratings following the 2020 U.S. election. This is directly relevant to the issue of motive which is probative of actual malice. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 26**

This RFP seeks "Documents and Communications with or concerning the hiring, firing, retention, resignation, promotion, or demotion or contract negotiation with any OANN EMPLOYEES." OANN objected on several grounds that are addressed *supra*, and also objected to this RFP on the grounds that (1) "it seeks information that is entirely irrelevant to this case," (2) " it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring," (3) it "is untethered to any Smartmatic entity or coverage of the 2020 U.S. election," and (4) it "seeks confidential proprietary business information and confidential personal information." Smartmatic disagrees with these objections. The information requested is highly relevant to the issue of actual malice and OANN's motivations for defaming Smartmatic. The documents requested are relevant to the claims in this litigation because evidence of any wrongdoing (including poor reviews and demotions), financial incentives, and changes in employment status all go to the issue of actual malice. Further, while it is unlikely that the information requested is actually highly confidential or commercially sensitive, counsel is no doubt aware that there are mechanisms for shielding such information from broad disclosure. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 27**

This RFP seeks "Documents and Communications concerning decisions, suggestions, or instructions for OANN to include or exclude content, guests, or OANN EMPLOYEES on any OANN PROGRAMS, or to change or alter OANN's schedule or lineup." OANN's objections are largely the same as those lodged in response to RFP Nos. 26, and they fail for the same reasons. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. In the interest in avoiding unnecessary motion practice, Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 28**

This RFP seeks, "Documents sufficient to show the Persons responsible for creating, researching, writing, editing, or approving the content of the OANN SOCIAL MEDIA accounts." OANN's objections are largely the same as those lodged in response to RFP Nos. 26 and 27, and they fail for the same reasons. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. In the interest in avoiding unnecessary motion practice, Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 29**

This request seeks, "Documents sufficient to show the reporting and oversight structure for each of the OANN ON-AIR PERSONALITIES and the OANN ACCUSED PROGRAMS." OANN's objections are largely the same as those lodged in response to RFP Nos. 26, 27, and 28, and they fail for the same reasons. Specifically, documents sufficient to show the reporting and oversight structure of OANN ON-AIR PERSONALITIES and the OANN ACCUSED PROGRAMS, is highly likely to lead to the discovery of relevant information. For the purpose of identifying custodians for document production and relevant witnesses for depositions, this request is critical to Smartmatic's ability to discover all relevant information. In addition, the reporting and oversight structure is relevant to Smartmatic's ability to determine who played what role in OANN's defamation campaign and develop its theory of liability. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. In the interest in avoiding unnecessary motion practice, Smartmatic would like to meet and confer regarding OANN's objections.

**RFP No. 30**

This request seeks "Documents sufficient to show OANN's corporate governance structure." OANN's objections are largely the same as those lodged in response to RFP Nos. 26, 27, 28, and 29, and they fail for the same reasons. Specifically, documents sufficient to show OANN's corporate governance structure, is highly likely to lead to the discovery of relevant information. For the purpose of identifying custodians for document production and relevant witnesses for depositions, this request is critical to Smartmatic's ability to discover all relevant information. In addition, the reporting and oversight structure is relevant to Smartmatic's ability to determine who played what role in OANN's defamation campaign and develop its theory of liability. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. In the interest in avoiding unnecessary motion practice, Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 33**

This request seeks "Documents sufficient to show each Person responsible for creating, researching, writing, editing, or approving the content of the OANN ACCUSED PROGRAMS including the OANN DEFAMATORY STATEMENTS and LINDELL PROGRAMS." OANN agreed to produce documents related to the DEFAMATORY STATEMENTS and LINDELL PROGRAMS, but not the OANN ACCUSED PROGRAMS. Smartmatic would like to meet and confer with OANN regarding the scope of its agreement and the categories of documents it understands to be responsive.

**RFP No. 34**

This RFP seeks "Documents and Communications concerning appearances by Rudolph Giuliani, Sidney Powell, Michael Lindell, Russell Ramsland, Colonel Phil Waldron, and/or Michael Flynn on OANN PROGRAMS between November 1, 2020 and the present, including any drafts, scripts or other programming-related Documents, and any Documents or Communications concerning ratings associated with the broadcasts of these appearances." OANN objected on several grounds that are addressed *supra*, and also objected to this RFP as "overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring." This RFP is relevant to this litigation for two reasons. *First*, all of the individuals listed in this RFP were sources for OANN's ACCUSED PROGRAMS and many made the DEFAMATORY STATEMENTS. Smartmatic is entitled to discover information relating to their appearances to show that OANN knew that their statements were false and had obvious reasons to doubt its sources. Second, Smartmatic alleges in its complaint, that OANN's motive for defaming Smartmatic was higher ratings. OANN's motive is probative of actual malice. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. Even so, in the interest in avoiding unnecessary motion practice, Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 44**

This request seeks "Documents and Communications concerning ratings, viewership, readership and engagement data of the OANN ACCUSED PROGRAMS, OANN SOCIAL MEDIA, and OANN DIGITAL." OANN objected on several grounds that are addressed *supra*, and also objected on the grounds that "OANN's ratings, viewership, readership and engagement data are irrelevant to this case," and it "seeks confidential proprietary business information." Smartmatic disagrees with these objections. As stated *supra*, OANN's ratings, viewership, readership, and engagement are highly relevant to the issue of actual malice and OANN's motivations for defaming Smartmatic. Further, while it is unlikely that the information requested is actually highly confidential or commercially sensitive, counsel is no doubt aware that there are mechanisms for shielding such information from broad disclosure. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 45**

This RFP seeks "Documents sufficient to show ratings and viewership of the OANN ACCUSED PROGRAMS, OANN SOCIAL MEDIA, and OANN DIGITAL." OANN's objections are largely the same as those lodged in response to RFP No. 44, and they fail for the same reasons. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. In the interest in avoiding unnecessary motion practice, Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 46**

Brian Ledebuhr
January 3, 2023
Page 13

      This RFP seeks "Documents sufficient to show the number of persons who (1) installed the OANN application through AT&T; (2) bought a subscription to any OANN media service; and (3) clicked or read any media published by OANN, between January 1, 2018 and present." OANN objected on several grounds that are addressed *supra*, and also objected on the grounds that the RFP (1) seeks documents "irrelevant to this case," (2) "seeks confidential proprietary business information," and (3) uses the phrase "installed the OANN application through AT&T" which "is nonsensical." Smartmatic disagrees with these objections. This request is relevant for two reasons. *First*, as Smartmatic alleges in its complaint, OANN's motive for defaming Smartmatic was widening its reach and increasing its profits. *Second*, for the purposes of determining the scope of harm done to Smartmatic, Smartmatic is entitled to know how many people installed the OANN application, bought an OANN subscription, and clicked on OANN media. Further, while it is unlikely that the information requested is actually highly confidential or commercially sensitive, counsel is no doubt aware that there are mechanisms for shielding such information from broad disclosure. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. Smartmatic would like to meet and confer regarding OANN's objections to this RFP and to provide clarification of the terms in this RFP.

**RFP No. 47**

      This RFP seeks "Documents sufficient to show the programming description of the OANN ACCUSED PROGRAMS." OANN objected on several grounds that are addressed *supra*, and also objected on the grounds that the ""the programming description" is vague and ambiguous (by whom, when, in what context, etc.?)." Smartmatic would like to meet and confer concerning OANN's objections and blanket refusal to produce documents in response to this RFP.

**RFP No. 49**

      This RFP seeks "Documents sufficient to show OANN's financial condition, including profits, margins, revenue and advertising revenue." OANN objected on several grounds that are addressed *supra*, and also objected on the grounds that (1) this RFP seeks "documents…irrelevant to this case," (2) this RFP "seeks confidential proprietary business information," and (3) OANN's "current financial condition is not relevant to Plaintiffs' claims in this matter." Smartmatic disagrees with these objections. OANN's financial condition is highly relevant to the issue of actual malice and OANN's motivations for defaming Smartmatic. OANN's finances are probative of its actual malice because they will show the extent to which OANN benefitted from its disinformation campaign and was therefore incentivized to defame Smartmatic for improper purposes. Case law makes clear that this type of evidence is relevant and discoverable. See *Harte-Hanks Commc'ns v. Connaughton*, 491 U.S. 657, 668 (1989) (plaintiffs are entitled to prove the defendant's state of mind through circumstantial evidence, such as "evidence of motive"); *US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 64 (D.D.C. 2021) (Nichols, J.) (Dominion plausibly alleged that Lindell defamed it with actual malice because, among other reasons, it alleged that he defamed it for the improper purpose of boosting MyPillow's sales); *see also Borum v. Brentwood Vill., LLC*, 2019 U.S. Dist. LEXIS 236924, at *9 (D.D.C. Jan. 11, 2019) (permitting discovery of defendant's finances where they were relevant and defendant failed to establish that it would be harmed by production). Further, while it is unlikely that the information requested is actually highly confidential or commercially sensitive, OANN is no doubt aware that mechanisms exist for

shielding such information from broad disclosure. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 50**

This RFP seeks "All balance sheets, profit and loss statements or other financial statements prepared by or for OANN reflecting the financial position of OANN during the years 2020, 2021, and 2022 including, without limitation, periodic financial statements whether weekly, monthly, quarterly, semi-annual or annual statements and occasional statements." OANN's objections are largely the same as those lodged in response to RFP No. 49, and they fail for the same reasons. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. In the interest in avoiding unnecessary motion practice, Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

**RFP No. 51**

This RFP seeks "Documents and Communications concerning OANN's generation or loss of revenue or profits for [sic] OANN's effect on OANN's valuation (whether internally valued or externally valued) or stock price between January 1, 2020 and the present." OANN's objections are largely the same as those lodged in response to RFP Nos. 49 and 50, and they fail for the same reasons. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. In the interest in avoiding unnecessary motion practice, Smartmatic would like to meet and confer regarding OANN's objections, and to provide clarification on the terms of the RFP.

**RFP No. 58**

This RFP seeks, "All Documents produced by You in connection with the lawsuits captioned *US Dominion, Inc., et al. v. One America News Network*, Case No. 1:21-cv-02130 (D.D.C) and/or *Ruby Freeman, et al. v. Herring Networks, Inc.*, et al., Civil Action No. 21-3354 (D.D.C)." OANN objected to this RFP on the grounds that (1) it "seeks documents concerning non-parties and unrelated litigation and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case," (2) it "doesn't specify whether 'All Documents produced by You' means all documents produced by Herring in response to discovery requests by the plaintiffs," (3) "Herring has produced no documents in response to discovery requests by the plaintiffs in either of the referenced cases," and (4) the documents requested are subject to a protective order. Smartmatic disagrees. The discussions between entities that aired similarly defamatory statements about Smartmatic is highly relevant to this lawsuit and the issues therein. Though OANN asserts it has not produced documents in the other cases, it is still responsible for supplementing its response to this RFP and producing the relevant documents, as OANN makes productions in the other cases. Furthermore, while it is unlikely that the information requested is entirely subject to a protective order, counsel is no doubt aware that there are mechanisms for shielding such information from broad disclosure. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. Smartmatic would like to meet and confer regarding OANN's objections to this RFP, and provide clarifications of the terms used in this RFP.

Brian Ledebuhr
January 3, 2023
Page 15

**RFP No. 59**

This RFP seeks, "Transcripts of any testimony (deposition, trial or otherwise) provided by any witnesses, other than DOMINION employees, in *US Dominion, Inc., et al. v. One America News Network*, Case No. 1:21-cv-02130 (D.D.C) and/or *Ruby Freeman, et al. v. Herring Networks, Inc., et al.*, Civil Action No. 21-3354 (D.D.C)." OANN's objections are largely the same as those lodged in response to RFP No. 58, and they fail for the same reasons. Accordingly, OANN's blanket refusal to produce documents in response to this RFP is improper. In the interest in avoiding unnecessary motion practice, Smartmatic would like to meet and confer regarding OANN's objections to this RFP.

*\*\*\**

As mentioned at the outset of this letter, Smartmatic is hopeful that OANN will remedy the deficiencies contained in its Discovery Responses to avoid unnecessary motion practice. We look forward to discussing these issues with you at our upcoming meet-and-confer.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

/s/ Michael E. Bloom

Michael E. Bloom