IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>Defendant. | Civil Action No. 1:21-cv-02900-CJN |

**OAN'S MOTION FOR PROTECTIVE ORDER
FORBIDDING PLAINTIFFS' THIRD-PARTY DISCOVERY
THAT VIOLATES THE SCHEDULING ORDER**

**TABLE OF CONTENTS**

Page

I. BACKGROUND ........................................................................................................... 1
II. LEGAL STANDARD .................................................................................................... 3
III. ARGUMENT ................................................................................................................. 4
    A. Smartmatic's third-party subpoenas seek discovery past the fact-discovery cutoff in direct contravention of this Court's scheduling order. .............................. 4
    B. Smartmatic's violations of a court-ordered discovery deadline prejudices OAN and subjects it to undue burden and expense. ................................................ 6
IV. CONCLUSION .............................................................................................................. 8
CERTIFICATE OF CONFERENCE ........................................................................................ 10
CERTIFICATE OF SERVICE ................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Borniski v. Tex. Instruments, Inc.*,
   32 F. Supp. 2d 918 (N.D. Tex. 1998) ...................................................................................6

*\*Dag Enterprises, Inc. v. Exxon Mobil Corp.*,
   226 F.R.D. 95 (D.D.C. 2005)..............................................................................3, 4, 5, 7, 8

*Integra Lifesciences I, Ltd. v. Merck KGaA*,
   190 F.R.D. 556 (S.D. Cal. 1999) .........................................................................................5

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ...............................................................................................4

*\*Marvin Lumber & Cedar Co. v. PPG Industries, Inc.*,
   177 F.R.D. 443 (D. Minn. 1997)..................................................................................5, 6, 7

*McMillan v. J.P. Morgan Chase Bank, N.A.*,
   No. CV 15-500-SDD-RLB, 2017 WL 373447 (M.D. La. Jan. 25, 2017) .............................6

*Minn. Supply Co. v. Raymond Corp.*,
   No. CIV. 99-832 ..................................................................................................................6

*Rice v. United States*,
   164 F.R.D. 556 (N.D. Okl. 1995) .....................................................................................5, 6

*Saunders v. District of Columbia*,
   279 F.R.D. 35 (D.D.C. 2012)...............................................................................................4

*St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*,
   No. CIV.A.05 2115 CKK, 2007 WL 1589495 (D.D.C. June 1, 2007), *aff'd sub nom. Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217
   (D.C. Cir. 2011) ...................................................................................................................4

*Washington v. Thurgood Marshall Acad.*,
   230 F.R.D. 18 (D.D.C. 2005)...........................................................................................3, 8

**Rules**

Fed. R. Civ. P. 16................................................................................................1, 3, 4, 5, 6

Fed. R. Civ. P. 16(b) ............................................................................................................3

Fed. R. Civ. P. 16(b)(4).....................................................................................................1, 4

Fed. R. Civ. P. 26 ............................................................................................................... 1, 3, 5

Fed. R. Civ. P. 26(b) .................................................................................................................. 3

Fed. R. Civ. P. 26(c)(1) .............................................................................................................. 3

Fed. R. Civ. P. 26(c)(1)(A) ........................................................................................................ 7

Fed. R. Civ. P. 45 ....................................................................................................... 1, 3, 5, 6, 7, 8

Fed. R. Civ. P. 45(a)(3) .............................................................................................................. 5

Defendant Herring Networks, Inc. d/b/a One America News Network ("OAN"), pursuant to Federal Rules of Civil Procedure 16 and 26, files this Motion for Protective Order Forbidding Plaintiffs' Third-Party Discovery That Violates the Scheduling Order ("Motion"). OAN files this Motion because although the fact-discovery period has elapsed, Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic" or "Plaintiffs") are seeking to abuse Rule 45 in an attempt to circumvent the discovery deadline.

This Court's "Deadline for Completion of Fact Discovery" was December 8, 2023. *See* ECF No. 42, Scheduling Order (entered Oct. 11, 2022). Despite having known of this deadline for more than a year, Smartmatic recently served on four third parties—(1) Media Matters for America ("Media Matters"), (2) Kagan Media Group, c/o S&P Global Inc. ("Kagan"), (3) Project Veritas, and (4) the "Registered Agent for ComScore" ("ComScore")—Rule 45 deposition and/or documents subpoenas with compliance dates bypassing the discovery deadline and violating this Court's scheduling order. *See* (**Ex. B**, Notice of Media Matters Subpoenas; **Ex. C**, Notice of Kagan Subpoenas; **Ex. D**, Notice of Project Veritas Subpoenas; **Ex. E**, Notice of ComScore Subpoena). Without this Court's required consent, *see* Fed. R. Civ. P. 16(b)(4), Smartmatic has sought to unilaterally modify this Court's scheduling order through the use of third party subpoenas. OAN is therefore forced to move this Court for a protective order to enforce the fact-discovery cutoff and prohibit current and future violations of the operative scheduling order.

### I. BACKGROUND

Smartmatic acts (and has acted for some time) as if the fact-discovery deadline does not exist (or has been extended by the Court). *See, e.g.*, ECF No. 114 at 5–10 (documenting Smartmatic's noncompliance with then-approaching discovery deadline); ECF No. 106 at 6–8 (noting Smartmatic's insistence that depositions be scheduled beyond the discovery deadline).

Meanwhile, OAN has held steadfast to—and will continue to abide by—the deadlines set forth in this Court's scheduling order. *See* ECF No. 42.

Recent actions by Smartmatic are a continuation of its pattern of ignoring this Court's deadlines. On November 21, 2023, Smartmatic issued deposition and documents subpoenas to Media Matters containing 13 document requests. (**Ex. B**, Notice of Media Matters Subpoenas.) The next day, on November 22, Smartmatic issued deposition and documents subpoenas to Kagan containing 12 document requests. (**Ex. C**, Notice of Kagan Subpoenas.) A few weeks later, on December 8, Smartmatic issued deposition and documents subpoenas to Project Veritas containing 13 document requests. (**Ex. D**, Notice of Project Veritas Subpoenas.) The same day, Smartmatic issued a documents subpoena to ComScore containing 17 document requests. (**Ex. E**, Notice of ComScore Subpoena.)

Despite knowing about this case's fact-discovery deadline of December 8, 2023 *since October 2022*, Smartmatic set the compliance dates for the subpoenas as follows:

- **Media Matters deposition:** January 19, 2024;
- **Media Matters document production:** December 12, 2023;
- **Kagan deposition:** January 12, 2024;
- **Kagan document production:** December 12, 2023;[1]
- **Project Veritas deposition:** February 2, 2024;
- **Project Veritas document production:** January 4, 2024; and

---

[1] Each of the four dates designated on the Media Matters and Kagan subpoenas contains what OAN presumes is a scrivener's error for the year—in order of the first four bulleted items above, they read as follows: "01/19/2023 [sic]," *see* (**Ex. B**, Notice of Media Matters Subpoenas); "12/12/2024 [sic]," *see* (*id.*); 01/12/2023 [sic]," *see* (**Ex. C**, Notice of Kagan Subpoenas); and "12/12/2024 [sic]," *see* (*id.*).

2

- **ComScore document production:** January 4, 2024.[2]

All seven dates are beyond the fact discovery cutoff and violate this Court's operative scheduling order. OAN has no other choice but to bring this Motion and seek the Court's relief.

## II.     LEGAL STANDARD

A third-party subpoena issued pursuant to Federal Rule of Civil Procedure 45 is limited by Rules 16 and 26. Fed. R. Civ. P. 16(b) (court's scheduling powers); Fed. R. Civ. P. 26(b) (discovery scope and limits); *see Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104–05 (D.D.C. 2005) (subjecting Rule 45 to time constraints in Rule 16(b) scheduling order); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005) (evaluating motions for protective order "according to the [relevance] standard enunciated in Rule 26").

Accordingly, a party may seek a protective order to limit discovery directed to a third party when the discovery violates "discovery deadlines in scheduling orders," *Dag Enterprises*, 226 F.R.D. at 104, or the "information sought is [ir]relevant to any claims or defenses raised in th[e] case," *Washington*, 230 F.R.D. at 22. *See* Fed. R. Civ. P. 26(c)(1); *Washington*, 230 F.R.D. at 22 (noting that defendant lacked standing to move to quash a rule 45 subpoena but could move for a protective order under Rule 26). "In such circumstances, it is appropriate for this Court to exercise its discretion and . . . issue a protective order prohibiting the discovery sought by [the] subpoena." *Dag Enterprises*, 226 F.R.D. at 108.

---

[2] Of the four third parties, ComScore is the only entity to whom Smartmatic issued a documents subpoena only (*i.e.*, without an accompanying deposition subpoena).

3

### III.   ARGUMENT

**A.   Smartmatic's third-party subpoenas seek discovery past the fact-discovery cutoff in direct contravention of this Court's scheduling order.**

"A scheduling order is not a frivolous piece of paper, idly entered." *Saunders v. District of Columbia*, 279 F.R.D. 35, 37 (D.D.C. 2012). Instead, it is "intended to serve as the unalterable road map (absent good cause) for the remainder of the case." *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, No. CIV.A. 05 2115 CKK, 2007 WL 1589495, at *5 (D.D.C. June 1, 2007) (cleaned up), *aff'd sub nom. Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217 (D.C. Cir. 2011). "Indeed, "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." *Dag Enterprises*, 226 F.R.D. at 104 (alteration in original) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).

Accordingly, Rule 16 of the Federal Rules of Civil Procedure makes plain that a scheduling order entered by a district judge "may be modified only for good cause *and with the judge's consent*." Fed. R. Civ. P. 16(b)(4) (emphasis added); *see also* LCvR 16.4(a). Although Smartmatic has moved the Court to modify the scheduling order, *see* ECF No. 96 at 6 (requesting fact-discovery extension to April 8, 2024); ECF No. 132 ("supplemental motion"),[3] those motions remain pending. This Court has neither consented to nor granted an extension of the fact discovery deadline. Nor should the Court, as OAN has urged. *See* ECF No. 98. Yet Smartmatic, by its most recent subpoenas to Media Matters, Kagan, Project Veritas, and ComScore, acts as though

---

[3] On December 8, 2023, after Smartmatic noticed the four instant subpoenas, Smartmatic filed a "supplemental motion" requesting that Smartmatic's proposed extension of the fact-discovery deadline "be revised to allow the parties further additional time to complete fact discovery." ECF No. 132 at 2–3.

4

Smartmatic's motions have already been granted, or that this Court's deadlines do not apply to Smartmatic.[4]

In any event, Smartmatic cannot unilaterally override this Court's scheduling order, even if the discovery is sought via Rule 45. It is well-established that "a subpoena pursuant to Federal Rule of Civil Procedure 45 to a third-party is not exempt from discovery deadlines in scheduling orders." *Dag Enterprises*, 226 F.R.D. 95, 104. Rather, "Rule 45 subpoenas are 'discovery' under Rules 16 and 26 of the Federal Rules of Civil Procedure, and are subject to the same deadlines as other forms of discovery." *Id.*; *see, e.g.*, *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) ("Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case."); *Rice v. United States*, 164 F.R.D. 556, 558 (N.D. Okl. 1995) ("After careful consideration, the Court finds that the Rule 45 subpoenas duces tecum in this case constitute discovery.").

Smartmatic's subpoenas, although *issued* before the close of discovery, call for the production of documents on December 12, 2023 (Media Matters and Kagan) and January 4, 2024 (Project Veritas and ComScore), and for deposition testimony on January 12, 2024 (Kagan),

---

[4] In addition to violating the scheduling order, the instant subpoenas are deficient in numerous other respects, offering additional support for denying Smartmatic's motions to modify the scheduling order (ECF Nos. 96, 132). *See Dag Enterprises*, 226 F.R.D. at 105 (observing "carelessness is not compatible with a finding of diligence and offers no reason for" modifying a scheduling order (quotation omitted)).

First, none of the deposition subpoenas specifies any topics for examination, despite the subpoena forms' instructions to Smartmatic. *See* Fed. R. Civ. P. 45(a)(3) (party requesting subpoena "must complete" the subpoena "before service"). Second, no deposition subpoena identifies where the deposition will be held. *See id.* 45(a)(1)(A)(iii) (requiring subpoena to "specif[y] time and place"). Third, the Media Matters and Project Veritas documents subpoenas do not identify a place for compliance. *See id.* Fourth, the place for compliance designated in the Kagan documents subpoena violates Rule 45's 100-mile geographic limit. *See id.* 45(c)(2)(A); (**Ex. C**, Notice of Kagan Subpoenas) (addressed to respondent in Wilmington, DE, but requiring compliance in New York City).

5

January 19, 2024 (Media Matters), and February 2, 2024 (Project Veritas). *See* (**Ex. B**, Notice of Media Matters Subpoenas; **Ex. C**, Notice of Kagan Subpoenas; **Ex. D**, Notice of Project Veritas Subpoenas; **Ex. E**, Notice of ComScore Subpoena). The subpoenas' compliance dates thus indicate that the sought discovery violates the discovery deadline of December 8, 2023. *See Marvin Lumber & Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 444-45 (D. Minn. 1997) (subpoenas improper and should not be enforced if they have a return date after the deadline for completing discovery); *McMillan v. J.P. Morgan Chase Bank, N.A.*, No. CV 15-500-SDD-RLB, 2017 WL 373447, at *1 (M.D. La. Jan. 25, 2017) ("[A] subpoena served before the discovery deadline is nevertheless untimely if the date of compliance is beyond the discovery deadline."); *see also Borniski v. Tex. Instruments, Inc.*, 32 F. Supp. 2d 918, 919 (N.D. Tex. 1998) (discovery served on eve of discovery deadline untimely because "deadline set out in the scheduling order was for the completion, not the initiation, of discovery").

      **B.**    **Smartmatic's violations of a court-ordered discovery deadline prejudices OAN and subjects it to undue burden and expense.**

"Adherence to the schedule set by the court under Rule 16 serves several general purposes, including sharpening the preparation and presentation of cases, eliminating trial surprise and facilitating the early settlement of disputes." *Rice*, 164 F.R.D. at 558. "Circumventing the deadlines would thwart these goals." *Id.* Smartmatic's violation of the scheduling order, standing alone, thus constitutes good cause for a protective order. *See Marvin Lumber*, 177 F.R.D. at 445 (granting motion for protective order where Rule 45 subpoenas violated scheduling order and discovery cut-off date); *accord Minn. Supply Co. v. Raymond Corp.*, No. CIV. 99-832 JRTFLN, 2002 WL 31898162, at *2 (D. Minn. Dec. 27, 2002); *Rice*, 164 F.R.D. at 558–59.

Additional considerations further merit a finding of good cause for protection. For starters, OAN has already expended an inordinate amount of time and money in this case engaging in the

6

discovery process in good faith. Smartmatic's derogation of the discovery deadline will inevitably cause OAN to incur more expenses, given OAN's obligation to monitor Smartmatic's discovery directed at nonparties. (**Ex. A**, Declaration of John K. Edwards ¶ 10 (estimating "that the instant subpoenas will cause the incurrence of at least $20,000.00 in attorneys' fees and costs")); *see Marvin Lumber*, 177 F.R.D. at 445 (describing a party's duty to monitor his opponent's third-party discovery as "no less burdensome or expensive than that demanded by the other methods of formal discovery").[5] Forcing OAN "to incur significant additional expense and spend a large amount of additional time in discovery when the opposing side has not acted with diligence" and has provided no compelling reason to modify the scheduling order "is simply unwarranted." *See Dag Enterprises*, 226 F.R.D. at 110.

Moreover, this case has been pending for over *two years*—OAN is eager to engage in dispositive motions and proceed, as necessary, to trial on the merits. Permitting Smartmatic to obtain Rule 45 discovery after the discovery deadline has closed "unnecessarily lengthens the discovery process and diverts the parties' attention from the post-discovery aspects of preparing a case for trial to continued involvement in the discovery and nondispositive motion process." *Marvin Lumber*, 177 F.R.D. at 445 (cleaned up).

Finally, the subpoenas largely seek information irrelevant to Smartmatic's defamation lawsuit against OAN—for instance, documents concerning OAN's coverage of the January 6, 2021 U.S. Capitol riots. *See* (**Ex. B**, Notice of Media Matters Subpoenas, at RFP #8; **Ex. C**, Notice of Kagan Subpoenas, at RFP #5; **Ex. D**, Notice of Project Veritas Subpoenas, at RFP #8; **Ex. E**,

---

[5] Indeed, an opponent's nonparty discovery "can be considerably more burdensome and expensive" where, as here, certain subpoenas must be enforced at a great distance from the party and from the forum in which the action is pending. *See id.*; *see, e.g.*, (**Ex. C**, Notice of Kagan Subpoenas (requiring compliance in New York City); (**Ex. E**, Notice of ComScore Subpoena (requiring compliance in Philadelphia)).

Notice of ComScore Subpoena, at RFP #8). Not one paragraph of Smartmatic's 193-page complaint against OAN mentions the Capitol riot. As another example, the documents subpoena to Project Veritas asks for "Documents and Communications concerning Media Matter's [sic] requests to OANN's carriers including but not limited to DirecTV, AT&T, Verizon Fios, and Roku, to cease doing business with OANN." (**Ex. D**, Notice of Project Veritas Subpoenas, at RFP #11.) Even if Smartmatic's subpoenas complied with the scheduling order, the discovery, if any, must necessarily be limited to records that pertain to OAN's allegedly defamatory statements identified in Smartmatic's complaint—these subpoenas' requests are not. *See, e.g.*, *Washington*, 230 F.R.D. at 22–24 (limiting, on defendant's motion, plaintiff's overbroad and irrelevant Rule 45 discovery requests to third parties).

A protective order forbidding Smartmatic's untimely discovery is accordingly warranted. *See* Fed. R. Civ. P. 26(c)(1)(A).

\* \* \*

The fact discovery deadline has passed, and—as OAN has shown—that deadline applies to discovery sought from nonparties. Permitting Smartmatic to disregard this Court's operative scheduling order threatens to, among other things, "undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." *Dag Enterprises*, 226 F.R.D. 95, 104. OAN therefore asks the Court to enter a protective order preventing all efforts on the part of Smartmatic to obtain discovery from nonparties, given the recent closing of the fact-discovery period.

## IV. CONCLUSION

In light of the fact-discovery period's closure, the Court should render an order forbidding Smartmatic from issuing, serving, or enforcing any subpoena requesting discovery from a nonparty to include the subpoenas served on Kagan, Media Matters, Project Veritas, and ComScore.

8

By: _____

**JACKSON WALKER L.L.P.**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY PLLC**
R. Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Defendant*

9

## CERTIFICATE OF CONFERENCE

Pursuant to Federal Rule of Civil Procedure 26(c)(1), on December 8, 2023, I attempted to confer with Smartmatic in an effort to resolve the timing issue by sending an email to Smartmatic's counsel asking for Smartmatic to withdraw the four subpoenas. Smartmatic's counsel responded indicating that the subpoenas were proper, and Smartmatic is opposed to a motion for protective order.

John K. Edwards

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ R. Trent McCotter
R. Trent McCotter