IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>Defendant. | Civil Action No. 1:21-cv-02900-CJN |

**DEFENDANT'S REPLY IN SUPPORT OF
RULE 72 OBJECTIONS TO MAGISTRATE JUDGE RULINGS**

Plaintiffs filed two emergency motions seeking to stay all depositions noticed by Defendant, even though the discovery deadline of December 8 was quickly approaching, even though Plaintiffs' claimed basis for the stays was entirely unfounded, and even though any risk of prejudice from taking those depositions would have landed squarely on Defendant, not Plaintiffs. Plaintiffs also filed those emergency motions without even attempting to obtain the leave of court required by Judge Nichols's Standing Order.

Despite this bevy of flaws with those faux "emergency" motions, the Magistrate Judge granted unexplained, indefinite, and across-the-board "temporary" stays of *all* depositions noticed by Defendant, even of third party witnesses. The first of those stays has now lasted nearly two months, giving Plaintiffs their full requested relief. It was clear and reversible error for the Magistrate Judge to indulge Plaintiffs' baseless motions and thereby prevent Defendant from taking depositions before the close of discovery.

1

## I.     ARGUMENT

### A.     The Magistrate Judge Clearly Erred by Granting Plaintiffs' "Emergency" Motion.

The Magistrate Judge clearly erred by granting Plaintiffs' faux "emergency" motion. There are several reasons why this was reversible error.[1]

#### 1.   Plaintiffs' Basis for the "Emergency" Motion Was Entirely Unsupported.

Plaintiffs alleged they deserved the extraordinary relief of staying all depositions noticed by Defendant because Defendant had allegedly not fully complied with its discovery obligations. ECF No. 125 at 7. Of course, if a party could blockade all depositions noticed by opposing counsel simply because of a dispute about compliance with document requests, depositions would never occur. That is precisely why a party must satisfy a "heavy burden of showing 'extraordinary circumstances' based on 'specific facts' that would justify such an order" grinding all of Defendant's depositions to a halt. *Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998) (quoting *Prozina Shipping Co. v. Thirty-Four Autos.*, 179 F.R.D. 41, 48 (D. Mass. 1998) (internal citations omitted)). Plaintiffs came nowhere close to meeting that standard, and it was reversible error for the Magistrate Judge to conclude (apparently) that Plaintiffs had done so.

Plaintiffs continue to assert that they were entitled to a stay of Defendant's depositions due to Defendant's "production deficiencies" that make it impossible for Plaintiffs to prepare witnesses for deposition. ECF No. 125 at 20. By the time Plaintiffs started making the argument in June that all discovery had to await Defendant's document production (six months before the fact-discovery deadline), the only pending dispute regarding Defendant's production was a demand to produce

---

[1] Given Defendant's decision not to appeal the Magistrate Judge's ruling on Defendant's motion for recusal, Defendant's reply will address the Magistrate Judge's error in granting Plaintiffs' motions for stay because Plaintiffs failed to meet the burden to obtain even a temporary stay.

detailed financial information—and the *only issue* regarding Defendant's document production that remains from the May 5, 2023 referral of discovery disputes to the Magistrate Judge.

Defendant aggressively pursued discovery before the fact-discovery deadline mandated by this Court's Scheduling Order—and agreed to by the parties—expired on December 8, 2023. One would expect no less from a small family-owned media company that faces Plaintiffs' alleged ruinous damages of over 2 billion dollars. Defendant substantially completed its document production by the parties' agreed deadline of August 28, 2023 (ECF No. 106 at 7); timely noticed depositions prior to the fact-discovery deadline (*e.g.*, *id.*, ECF No. 98 at 11–12); and responded promptly to Plaintiffs' discovery disputes (*e.g.*, ECF No. 106-1 ¶¶ 14–15). And Defendant has (1) persistently attempted to resolve discovery disputes without the Court's involvement (*see generally* ECF No. 106-1 (describing Defendant's diligent efforts to resolve the parties' disputes)), (2) respected the Court's requirement to obtain leave of court before filing a discovery motion (*see* ECF No. 5 ¶ 11), and (3) diligently worked to move this case toward resolution within the guidelines established by the Court's Scheduling Order (*see* ECF No. 42).

Moreover, Plaintiffs are not permitted by the Federal Rules of Civil Procedure to resist discovery of its witnesses simply because Plaintiffs believe that Defendant has not produced all of its documents. This is especially true for Defendant's third-party depositions under Rule 45 (which the Magistrate Judge also blocked) because Plaintiffs cannot claim they need more documents to prepare a witness they do not even represent.

Finally, but just as importantly, the risk of prejudice of taking depositions too early, before document discovery is complete, lands squarely on the party taking the depositions. Plaintiffs' witnesses should know what they know. They do not need Defendant's documents to prepare for their own depositions. It was illogical for Plaintiffs to claim, and for the Magistrate Judge to

3

(apparently) find, that Plaintiffs would suffer even the slightest prejudice from having to move forward with Defendant's deposition notices.

For all these reasons, regardless of the recusal matter identified above, the Magistrate Judge never should have indulged Plaintiffs' gamesmanship, designed solely to delay this case, prejudice Defendant, and disregard the most fundamental aspects of the Court's still-binding Scheduling Order.

**2. Plaintiffs Never Even Attempted to Obtain Leave of Court.**

The Magistrate Judge also clearly erred by granting Plaintiffs' motion to stay all of Defendant's deposition notices because Plaintiffs never even attempted to comply with the Court's Standing Order requirement of obtaining leave of Court before filing any motion that involves discovery between the parties.

Plaintiffs oddly insist that this requirement no longer applies to *any* discovery motions: "This Court referred all discovery matters to Judge Upadhyaya. (Minute Entry, 5/31/23). Both emergency motions at issue are discovery motions. Judge Upadhyaya does not require any sort of approval before filing discovery motions." ECF No. 125 at 18 n. 14 (internal citation omitted).

Plaintiffs' view is wrong multiple times over. Most critically, Judge Nichols's Standing Order, issued over two years ago, unequivocally states that "[t]he Parties may not file a discovery motion without leave of Court" (ECF No. 5, ¶ 11), and that continues to apply in this case until and unless it has been countermanded by another Court order—which it has not.

It is well established that the presiding District Judge's requirement of seeking leave before filing discovery motions continues to apply even when discovery matters are referred to a Magistrate Judge. For example, in *Hudert v. Alion Sci. & Tech. Corp.*, No. 1:05-cv-545, 2011 WL13262554, at *1 (D.D.C. Mar. 15, 2011), Magistrate Judge Facciola noted that "the above

4

actions were referred by Judge Walton to the undersigned for discovery," and "[a]s with all civil cases assigned to Judge Walton, the General Order and Guidelines for Civil Cases … is in full force and effect." *Id.* Judge Walton's General Order, like this Court's Standing Order, stated that "'[l]eave of court is required before the filing of a discovery-related motion.'" *Id.* Yet both parties in that case filed discovery motions without obtaining leave of Court, and Magistrate Judge Facciola *sua sponte* found both motions to be in noncompliance with Judge Walton's General Order and denied them. *Id.* at *2.

In that case, all discovery disputes had undoubtedly been referred to the Magistrate Judge, yet the District Judge's requirement of obtaining leave of Court still applied—just as it does here. Plaintiffs are therefore wrong to claim that the mere referral of discovery disputes to the Magistrate Judge magically absolves Plaintiffs from complying with Judge Nichols's Standing Order.

Plaintiffs' newfound reliance on a May 31, 2023, docket entry as supposedly allowing any and all discovery motions even without leave of Court also runs directly contrary to Plaintiffs' own behavior. On October 2, 2023, Plaintiffs' counsel Olivia Sullivan wrote to this Court's Courtroom Deputy to trigger the discovery-dispute process laid out in the Court's Standing Order. ECF No. 131, Ex. B. When Plaintiffs failed to obtain leave of Court, however, Plaintiffs "presumed" that actually they had been given approval to file any and all discovery motions back on May 31, 2023. This about face after failing to obtain leave of Court, reveals the lack of merit in Plaintiffs' theory that they can file any discovery motions they want, whenever they want.

Moreover, Plaintiffs are simply wrong that "[t]his Court referred all discovery matters to Judge Upadhyaya." ECF No. 125 at 18 n.14. The minute entry to which they point actually refers only the set of disputes identified in the parties' May 5, 2023, joint notice: "MINUTE ORDER. It is ORDERED that this matter be referred to Magistrate Judge Upadhyaya for resolution of all

5

discovery disputes *identified in the Parties' May 5, 2023 Joint Notice*. Signed by Judge Carl J. Nichols on May 31, 2023." Minute Entry, May 31, 2023 (emphasis added). On July 10, 2023, this Court referred another specific dispute to the Magistrate Judge: "MINUTE ORDER. It is ORDERED that the discovery dispute identified in the Parties' June 30, 2023 email correspondence, in which Plaintiffs seek to file a motion for a protective order, is referred to Magistrate Judge Upadhyaya for resolution. Signed by Judge Carl J. Nichols on July 10, 2023." Minute Entry, July 10, 2023 (emphasis added). If the Court had already referred everything on May 31, there of course would have been no reason to refer another discrete issue on July 10.[2]

In any event, as explained above, even if this Court did refer all discovery disputes to the Magistrate Judge, the requirement of seeking leave of court still applies.

## II.   CONCLUSION

Because the Magistrate Judge was clearly erroneous in granting Plaintiffs substantive relief that is contrary to the Court's Standing Order and controlling law, the Court should sustain Defendant's objections.

This case has already been pending for more than two years. It needs to move forward, and the deadlines should be maintained and observed. As a result of Plaintiffs' actions blocking all but one deposition before the now-expired fact-discovery deadline, however, Plaintiffs have secured their desired delay of discovery simply by filing procedurally improper and meritless motions, and the Magistrate Judge clearly erred by indulging Plaintiffs' stratagem.

---

[2] Defendant acknowledges a second docket entry from May 31, 2023, that says, "CASE DIRECTLY REFERRED to Magistrate Judge Moxila A. Upadhyaya for resolution of all discovery disputes." But that entry is not signed by Judge Nichols. It was apparently entered by someone in the Clerk's office. And any belief that it referred all matters to her was dispelled on July 10, when Judge Nichols again referred only a discrete matter for her to resolve.

Dated: December 11, 2023.  By: */s/ Charles L. Babcock*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
cbabcock@jw.com
1401 McKinney Suite 1900
Houston, TX 77010
(713) 752-4210 (Direct Dial)
(713) 308-4110 (Fax)
**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ Charles L. Babcock*
Charles L. Babcock