**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br> v. <br><br> HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, <br><br> Defendant. | Civil Action No. 1:21-cv-02900-CJN |

**REPLY IN SUPPORT OF OAN'S MOTION TO COMPEL
THIRD PARTY THE ISSUES AND CRISIS GROUP
TO COMPLY WITH RULE 45 SUBPOENA**

### I.     Introduction

Defendant Herring Networks, Inc., d/b/a One America News Network's ("OAN") Motion to Compel Third Party The Issues and Crisis Group to Comply with Rule 45 Subpoena is not moot. After the motion was filed, the Issues and Crisis Group's ("ICG") produced documents responsive to its *own* search terms, but not to OAN's. Since ICG's response provides the Court with *zero* evidence of any burden preventing ICG from doing so, OAN's motion must be granted, and the Court should render an order compelling ICG to produce documents responsive to OAN's search terms within 7 days of the Court's order.

### II.     Argument

In an unsuccessful attempt to moot OAN's motion to compel, on the day before ICG's deadline to respond to OAN's motion, ICG made a partial production of documents based solely on ICG's deficient search terms. However, ICG still refuses to produce documents responsive to OAN's search terms, *see* ECF No. 122-8 (**Ex. G**, OAN's Proposed Search Terms),[1] rejecting any "iterative process" regarding search terms discussed during their meet-and-confer on October 19, 2023. ECF No. 122-7 at 3 (**Ex. F**, Email Correspondence Re: Third Party Subpoenas); *see* ECF No. 122-2 at 3, ¶ 9 (**Ex. A**, Shah Decl.). OAN's motion thus presents a live controversy because ICG's production is far from complete and ICG is refusing to make any further productions.

OAN's review thus far of ICG's documents reveals why ICG must be compelled to produce documents responsive to the subpoena using OAN's search terms. For example, to OAN's knowledge, ICG has produced only a handful of communications between Smartmatic and ICG concerning OAN and has produced almost no communications between Smartmatic and ICG that

---

[1] And most recently, in an email to counsel dated December 6, 2023, ICG's counsel informed OAN that it would not produce any documents beyond ICG's deficient December 4, 2023 production. (**Ex. I**, Email Correspondence with ICG Beginning Dec. 4, 2023); *see* (**Ex. H**, Shah Reply Decl. ¶ 3).

occurred before the filing of Smartmatic's complaint concerning OAN. Undoubtedly these communications exist and ICG must be required to produce all of them as they are responsive to OAN's subpoena and OAN's search terms. *See* ECF No. 122-8 (**Ex. G**, OAN's Proposed Search Terms). As another example, ICG's incomplete document production suggests that ICG has failed to produce documents it had produced to defendants in related litigation cases, despite OAN's subpoena specifically requesting this information and ICG's burden of producing this information being negligible. *See* ECF No. 122-3 at 11–12 (**Ex. B**, Document Subpoena at RFP #15). These deficiencies are just a few examples of why ICG must be compelled to produce documents responsive to the subpoena using OAN's search terms.

Moreover, ICG has adduced *no* evidence of its "burden" supposedly preventing it from running OAN's search terms. This Court has recognized that a party alleging undue burden "must make a specific, detailed showing of the burden [the disputed] search would require," as by "estimated required staff hours, estimated cost, or some other specific showing." *Alexander v. FBI*, 194 F.R.D. 305, 313–15 (D.D.C. 2000); *see also Association of Am. Physicians & Surgeons v. Clinton*, 837 F. Supp. 454, 458 n.2 (D.D.C. 1993) (noting that assertions of a burden without "specific estimates of staff hours needed to comply" will be "categorically rejected"). Nowhere in ICG's response (or the declaration of ICG's counsel) does ICG even attempt to make this requisite showing of staff hours, estimated cost, or any other specific showing of the burden it faces in simply running OAN's search terms and reviewing for responsiveness.

Instead, ICG continues to rest its incomplete search on the assertion that OAN's terms are "physically impossible to run." ICG's Response, ECF No. 128 at 6. As OAN has already explained, however, ICG's vendor simply failed to properly run the proposed terms properly. *See* ECF No. 122-7 at 5 (**Ex. F**, Email Correspondence Re: Third Party Subpoenas); *see also id.* at 5–

6 (providing instructions to ICG that addressed how the four terms ICG claimed were "not physically possible to run" could be properly run and also narrowing some of the terms). ICG's response ignores that this exchange never took place, *see* ICG's Response, ECF No. 128 at 6, despite OAN's offer to narrow and modify some of the terms ICG identified and asserted as burdensome and difficult to run, *see* ECF No. 122-7 at 2–6 (**Ex. F**, Email Correspondence Re: Third Party Subpoenas); ECF No. 122-2 at 3–4, ¶¶ 7–9 (**Ex. A**, Shah Decl.). And indeed, after OAN modified its search terms in response to ICG's mere assertion of burden, ICG never identified any additional terms it considered to be burdensome or otherwise provided evidence of any other burden, ECF No. 122-2 at 3–4, ¶¶ 8–10 (**Ex. A**, Shah Decl.), but inexplicably still refused to produce responsive documents using OAN's search term proposal.

Contrary to ICG's suggestion otherwise, OAN has already done everything within its power, given ICG's limited engagement in the meet-and-confer process, to fulfill its duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *See* Fed. R. Civ. P. 45(d)(1). This is further evidenced by the fact that just a few days ago, the same counsel, responding to a virtually identical subpoena to another third-party public relations firm, was able to produce a hit report with most of the search terms OAN had proposed, and as modified by OAN at the third party's request. (**Ex. H**, Shah Reply Decl. ¶¶ 4–7); *see* (**Ex. K**, Courtney Torres Consulting's Hit Report of OANN Proposed Terms). ICG has given no reason why it cannot do the same here.

Finally, several erroneous statements made in ICG's response are likewise without merit and are contradicted by the correspondence between ICG and OAN. First, ICG alleges that OAN did not confer with ICG prior to the filing of OAN's motion to compel. *See* ICG's Response, ECF No. 128 at 8. OAN's email correspondence with ICG—cited by ICG's own brief—proves that

claim is inaccurate. ECF No. 122-7 (**Ex. F**, Email Correspondence Re: Third Party Subpoenas); *see* ICG's Response, ECF No. 128 at 5–8 (discussing ICG and OAN's meet-and-confers on September 7, 2023, and October 19, 2023); *see also* ECF No. 122-2 at 2–4, ¶¶ 4–10 (**Ex. A**, Shah Decl.). Second, the response incorrectly asserts that ICG "never refused to produce documents." ICG's Response, ECF No. 128 at 4. But ICG's counsel plainly told OAN that it would not produce unless "you can agree, in writing, that you will not be seeking multiple additional search term iterations after we produce the documents responsive to our 9/8/23 search terms." ECF No. 122-7 at 5 (**Ex. F**, Email Correspondence Re: Third Party Subpoenas). OAN has always taken the position that ICG should run OAN's search terms unless it can produce credible evidence of burden, which ICG has failed to do.

Third, ICG accuses OAN of "manufacturing disputes." ICG's Response, ECF No. 128 at 4. But OAN's motion seeking an order compelling prompt production and ICG's response is solely the result of ICG's own dilatory actions and its steadfast refusal to adduce evidence of its supposed burden, ECF No. 122-2 at ¶¶ 3, 5, 7–11 (**Ex. A**, Shah Decl.), even though OAN long ago asked ICG to identify "how many responsive documents [OAN's] terms hit on"—*i.e.*, to provide hit reports for the terms it objected to. ECF No. 122-7 at 8 (**Ex. F**, Email Correspondence Re: Third Party Subpoenas); *see id.* at 2–5.

Fourth, ICG states that it never represented it would produce documents within 30 days. ICG's Response, ECF No. 128 at 5 & n.2. By email correspondence to OAN's counsel dated June 7, 2023, however, ICG told OAN: "[W]e need 30 days to produce documents in response to the subpoenas. If we can get the documents sooner, we will produce them right away, and won't hold them until the 30-day mark." ECF No. 122-5 at 5 (**Ex. D**, Email Correspondence re Deadlines).

5

It is clear that ICG would not have produced documents – and clearly not before the discovery deadline – if not for OAN's motion to compel production, and it is further evident that ICG will not fully comply with OAN's subpoena and provide a complete production responsive to the subpoena using OAN's search terms without this Court's intervention.

### III.     Conclusion

For these reasons, the Court should grant ICG's motion and order ICG to produce documents responsive to the subpoena using OAN's proposed search terms within 7 days.

Dated: December 12, 2023.                    Respectfully submitted,

By: */s/ R. Trent McCotter*

**JACKSON WALKER L.L.P.**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)

6

                                          2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY PLLC**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December 2023, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.

                                                */s/ R. Trent McCotter*
                                                R. Trent McCotter