# Ex. B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, ) ) ) ) Plaintiffs, ) v. ) ) HERRING NETWORKS, INC., D/B/A ) ONE AMERICA NEWS NETWORK, ) ) Defendant. ) | Civil Action No. 1:21-cv-02900-CJN |

**<u>DEFENDANT'S OPPOSED MOTION TO COMPEL DEPOSITIONS</u>**

## TABLE OF CONTENTS

Page

Table of Authorities ................................................................................................................. ii

I. INTRODUCTION .............................................................................................................1

II. BACKGROUND ................................................................................................................2

III. ARGUMENT .....................................................................................................................2

    **A.** Legal Standard ..................................................................................................2

    **B.** Smartmatic and its current employees should be compelled to appear for the properly noticed depositions. ....................................................................4

    **C.** OAN is entitled to its reasonable attorneys' fees and expenses related to Smartmatic's failure to appear and this Motion. ..........................................5

IV. CONCLUSION ..................................................................................................................6

CERTIFICATE OF SERVICE ...................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Albert v. Starbucks Coffee Co.*,
    213 F. App'x 1 (D.C. Cir. 2007) ...............................................................................3

*Alexander v. F.B.I.*,
    186 F.R.D. 78 (D.D.C. 1998) ...............................................................................3, 4

*F.A.A. v. Landy*,
    705 F.2d 624 (2d Cir. 1983) ...............................................................................3

*Kelly v. Old Dominion Freight Line, Inc.*,
    376 F. App'x 909 (11th Cir. 2010) .......................................................................3

*King v. Fid. Nat. Bank of Baton Rouge*,
    712 F.2d 188 (5th Cir. 1983) ...............................................................................3

*Pioche Mines Consol., Inc. v. Dolman*,
    333 F.2d 257 (9th Cir. 1964) ...............................................................................3, 4

*Trs. of IAM Nat'l Pension Fund v. M & K Emp. Sols., LLC*,
    No. 1:20-CV-433-RCL, 2022 WL 17415063 (D.D.C. Dec. 5, 2022) ..............................3, 4, 5

*Zimmerman v. Al Jazeera Am., LLC*,
    329 F.R.D. 1 (D.D.C. 2018) ...............................................................................3, 4

**Rules**

Fed. R. Civ. P. 26(d)(3) ...............................................................................5

Fed. R. Civ. P. 37(a) ...............................................................................2

Fed. R. Civ. P. 37(a)(5) ...............................................................................3, 5

Fed. R. Civ. P. 37(d) ...............................................................................3, 4, 5

Fed. R. Civ. P. 37(d)(3) ...............................................................................3

Defendant Herring Networks, Inc., d/b/a One America News Network ("OAN") files this Motion to Compel Depositions (the "Motion") pursuant to Rule 37 of the Federal Rules of Civil Procedure and respectfully shows the Court the following:

## I.     INTRODUCTION

Plaintiffs Smartmatic USA Corp. ("Smartmatic USA") Smartmatic International Holdings B.V. ("Smartmatic International") and SGO Corporation Limited ("Smartmatic SGO") (collectively "Smartmatic") refuse to produce five witnesses for depositions of three 30(b)(6) representatives, one for each Plaintiff entity, and two current Smartmatic employees, despite proper and timely notices ("Notices") and OAN's repeated offer to work with counsel on mutually convenient dates and times.

Plaintiffs waited five days after receiving the Notices and then, in violation of Your Honor's rule (*see* Dkt. 5) requiring permission, filed a motion for protection ("Motion for Protection"), arguing ,primarily, that (despite Rule 26(d)(3)'s clear command otherwise) OAN should have to wait to take depositions until written discovery is complete. (Dkt. 96.) OAN filed a timely response conclusively refuting all of Plaintiffs alleged "good cause" to delay. (Dkt. 98.)

Then, Plaintiffs failed to secure a ruling on their Motion for Protection prior to the noticed dates and chose instead to simply ignore them. In other words, their witnesses did not show up for last week's depositions and said they wouldn't appear this week.  As discussed below, black letter law holds that the Rule justifying protection "is not self-executing" and requires a ruling before the scheduled deposition date. OAN therefore requests that the Court order Plaintiffs to produce the five witnesses noticed for depositions, order Smartmatic to negotiate in good faith to schedule future depositions, and award OAN its reasonable attorneys' fees and expenses associated with the witnesses' non-appearance at the properly noticed depositions and for bringing this Motion.

1

## II.    BACKGROUND

Since August 14, 2023, OAN has engaged in extensive (and ultimately fruitless) attempts to engage Smartmatic about deposition hours, limits, and deposition dates. These efforts—and Smartmatic's corresponding delays and flat refusals to engage in discussions—are fully documented in OAN's Response to Smartmatic's Motion for Protection, which OAN incorporates here by reference. (*See* Dkt. 98 at 7–8.) After Smartmatic refused to engage for nearly a month, OAN properly noticed depositions on September 13, 2023, for the three Plaintiff entities and two current Smartmatic employees:

- Thursday, September 28, 2023: Smartmatic employee Alexander Aparicio
- Friday, September 29, 2023: Smartmatic employee Ernesto Parisca
- Tuesday, October 3, 2023: Plaintiff Smartmatic USA Corporation
- Wednesday, October 4, 2023: Plaintiff Smartmatic International Holding B.V.
- Thursday, October 5, 2023: Plaintiff SGO Corporation Limited

(Ex. 1-A, Butzer Decl.)

Smartmatic refuses to produce any witnesses for deposition "[w]hile the motion to quash and to stay depositions is pending." (Ex. 1-B at 1, Butzer Decl.) As a result, OAN was unable to depose Smartmatic employees on September 28 and 29 (Butzer Decl. ¶ 7), and Smartmatic will not produce Rule 30(b)(6) witnesses on October 3–5 (Ex. 1-B at 1, Butzer Decl.). Smartmatic has not secured a ruling on their Motion for Protection as of this filing, and the discovery deadline of December 8, 2023 is fast approaching. (Dkt. 42.)

## III.    ARGUMENT

### A.    Legal Standard

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." *See* Fed. R. Civ. P. 37(a). A person who fails to appear for a

deposition after receiving proper notice may be compelled to appear.[1] *See Zimmerman v. Al Jazeera Am., LLC*, 329 F.R.D. 1, 5 (D.D.C. 2018). Filing a motion for protective order does not relieve a person of her duty to appear at a deposition. *E.g.*, Fed. R. Civ. P. 37(d) advisory committee's note to 1993 amendment ("[I]t should be noted that the filing of a motion under Rule 26(c) is not self-executing—the relief authorized under that rule depends on obtaining the court's order to that effect."); *Alexander v. F.B.I.*, 186 F.R.D. 78, 87 (D.D.C. 1998) ("The filing of a motion for protective order does not automatically relieve a party from attending a deposition."); *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("Any such rule would be an intolerable clog upon the discovery process. . . . Under the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear.").[2] The burden is on the proposed deponent to obtain an order relieving her of the duty to attend. *Pioche Mines*, 333 F.2d at 269; Fed. R. Civ. P. 37(d) advisory committee's note to 1993 amendment.

When a party brings a successful motion to compel a deposition, a court must award the moving party's reasonable expenses, unless the failure was substantially justified. *See* Fed. R. Civ. P. 37(a)(5). Separately (and similarly), when a party fails to attend its own deposition, a court must award the noticing party its reasonable expenses, unless the failure was substantially justified. *See* Fed. R. Civ. P. 37(d)(3); *Alexander*, 186 F.R.D. at 86. "[T]he failure to appear at a deposition constitutes a violation of Rule 37(d) regardless of whether a motion for protective order has been filed." *Id.*; *see also Trs. of IAM Nat'l Pension Fund v. M & K Emp. Sols., LLC*, No. 1:20-CV-433-

---

[1]  A refusal to attend a deposition is the same as a failure to appear for the purpose of a motion to compel. *See Albert v. Starbucks Coffee Co.*, 213 F. App'x 1, 2 (D.C. Cir. 2007).

[2]  *See also King v. Fid. Nat. Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983); *F.A.A. v. Landy*, 705 F.2d 624, 634–35 (2d Cir. 1983); *Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 913 (11th Cir. 2010); *cf. Albert v. Starbucks Coffee Co.*, 213 F. App'x 1, 2 (D.C. Cir. 2007) (first citing *King*, 712 F.2d at 191; and then citing *Pioche Mines*, 333 F.2d at 269).

RCL, 2022 WL 17415063, at *2–3 (D.D.C. Dec. 5, 2022) (describing both mechanisms for awarding attorneys' fees when a party successfully brings a motion to compel a deposition after a failure to appear).[3]

**B.     Smartmatic and its current employees should be compelled to appear for the properly noticed depositions.**

OAN properly noticed the depositions of the Smartmatic Plaintiff entities, and two of its current employees but they failed to appear and gave notice that they would not present themselves in the future. The Court (and the Federal Rules) control discovery. Merely filing a motion for protective order *did not* relieve Smartmatic of its duty to appear at these properly noticed depositions. *See* Fed. R. Civ. P. 37(d) advisory committee's note to 1993 amendment; *Alexander*, 186 F.R.D. at 87.

Instead, the burden was on *Smartmatic* to obtain an order relieving it of the duty to attend. *Pioche Mines*, 333 F.2d at 269 ("Any such rule [permitting a party to avoid a deposition by merely filing a motion for protective order] would be an intolerable clog upon the discovery process."). Smartmatic chose not to request expedited consideration of its motion nor did they request emergency relief from the impending deposition dates; they chose to simply ignore the notices and not appear.  (*See* Ex. 1-B at 1, Butzer Decl.).  Smartmatic should be compelled to comply with its discovery obligations by appearing for these properly noticed depositions within 14 days.[4] *See Zimmerman*, 329 F.R.D. at 5.

---

[3]   In correspondence with counsel for OAN, Smartmatic has claimed that sanctions are not appropriate because it filed its motion for protection prior to the dates of the scheduled depositions. OAN maintains that Smartmatic is wrong on this point and that the weight of authority supports the Court granting OAN reasonable attorneys' fees and costs due to Smartmatic's actions.

[4]   OAN remains willing to take these depositions at the offices of Smartmatic's counsel in Chicago, Illinois, if the parties cannot identify another mutually agreeable location.

**C.      OAN is entitled to its reasonable attorneys' fees and expenses related to Smartmatic's failure to appear and this Motion.**

As a result of Smartmatic's unilateral actions OAN was forced to bring this Motion to compel. Both Smartmatic's refusal to attend the depositions, and the necessity of Court intervention to compel Smartmatic's compliance, are grounds for an award of OAN's reasonable attorneys' fees and expenses. *See* Fed. R. Civ. P. 37(a)(5), (d)(3); *Trs. of IAM*, 2022 WL 17415063, at *2–3. Smartmatic's refusal to appear for *any* depositions of its employees or representatives until such time as it decides that OAN may notice them is not substantially justified. Indeed, Rule 26(d) and this Court's scheduling order (Dkt. 42) permit OAN to take depositions at *any time* during the discovery period. Fed. R. Civ. P. 26(d)(3)("Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience[5] and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery."). Smartmatic can point to *no* justification (much less substantial justification) in the Rules or in the Court's orders for its insistence that "standard discovery procedures" require "complete document production before proceeding with depositions." (*See* Dkt. 96 at 16.)

Thus, OAN is entitled to compensation for the needless costs it has incurred due to Smartmatic's obstinate refusal to comply with its discovery obligations. Because OAN requests that the Court compel these depositions within 14 days of entry of the Court's order, OAN does not request its attorneys' fees and expenses in previously preparing for the depositions. But OAN is entitled to compensation for its reasonable attorneys' fees and expenses incurred in drafting this

---

5.  Smartmatic did not attempt to argue that the deposition notices were inconvenient for any particular witness or party. (*See* Dkt. 98 at 9 n.4; *see generally* Dkt. 96.)

Motion and in cancelling the properly noticed depositions, and OAN requests permission to submit an application for these fees with supporting documentation.

### IV.    CONCLUSION

This is a case where Plaintiffs seek a multi-billion dollar recovery against a small news network with a limited subscriber base. Smartmatic challenges over twenty broadcasts and claims international damages. The discovery cutoff is December 8, 2023 and OAN wants to meet that deadline because prolonging this litigation further bleeds this small company of its money and resources. Smartmatic has already delayed examination of its witnesses by over a month with only two months remaining in discovery. Plaintiffs depositions should not be delayed further and the Motion should be granted.

By: */s/ John K. Edwards*

**JACKSON WALKER L.L.P.**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Defendant*

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this __ day of October, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

_____
John K. Edwards

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SMARTMATIC USA CORP.,<br>SMARTMATIC HOLDING B.V., AND<br>SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br>v.<br><br>HERRING NETWORKS, INC., D/B/A<br>ONE AMERICA NEWS NETWORK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:21-cv-02900-CJN |

## <u>DECLARATION OF CARL C. BUTZER IN SUPPORT OF<br>OAN'S MOTION TO COMPEL DEPOSITIONS</u>

I, Carl C. Butzer, declare as follows:

1.      I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN"). I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of OAN's Motion to Compel Depositions.

2.      OAN has attempted in good faith to engage Smartmatic on the topic of deposition hours and limits, but Smartmatic has refused to discuss the topic. On August 14, OAN requested a meet-and-confer on deposition limits. The next day, Smartmatic responded that it was "happy to hear any proposal." On August 23, the parties held a meet-and-confer where Smartmatic refused to discuss deposition limits.

3.      On September 5, Smartmatic stated its position that depositions should wait until the Court issued a ruling on the May 5th Joint Notice.

4.      The next day, OAN responded that it disagreed with this delay and proposed a limit of 120 hours of deposition time per side excluding expert witnesses. On September 10, OAN

requested dates for depositions during the weeks of September 25 or October 2. The next day, Smartmatic responded by proposing that depositions only begin in January, accompanied by an amended scheduling order.

5.      On September 13, 2023 having received no response regarding available dates the weeks of September 25 or October 2, OAN served seven deposition notices—one each for the three Plaintiff entities, one for Smartmatic employee Alexander Aparicio, one for Smartmatic employee Ernesto Parisco, and two Rule 45 subpoenas that were served on former Smartmatic employees Jack Blaine and Hugh Gallagher. OAN offered to negotiate the timing of these depositions within a 14-day window of the noticed dates. A true and correct copy of this email communication and the attached depositions notices, on which I was copied, is attached as Exhibit 1-A.

6.      Five days later, Smartmatic filed a motion for protective order and to stay depositions and amend the scheduling order.

7.      On September 26, with no order on Smartmatic's motion for protective order, OAN asked Smartmatic to confirm that it would present the noticed witnesses for deposition on September 28 and 29. Smartmatic responded that it would not present any witnesses for deposition "[w]hile the motion to quash and to stay depositions is pending." A true and correct copy of this email exchange, on which I was copied, is attached as Exhibit 1-B. OAN was unable to take the noticed depositions of Smartmatic's current employees on September 28 and 29.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 3, 2023.

_____
Carl C. Butzer

# EXHIBIT 1-A

| | |
|---|---|
| **From:** | Edwards, John |
| **Sent:** | Wednesday, September 13, 2023 2:20 PM |
| **To:** | Kovacs, Caitlin; Wilkes, Christopher; Sullivan, Olivia |
| **Cc:** | Amattey, Amakie; Wertheimer, Nancy; Maldonado, Jacklyn; Butzer, Carl; Blaesche, Minoo; Pickett Shah, Bethany; Emery, Tori; Walsh, Hannah; Carlton, Emily; Trent McCotter; Dickson, Carter |
| **Subject:** | RE: Smartmatic v. OANN - Deposition Scheduling |
| **Attachments:** | Deposition Notice - Alexander Aparicio(37485125.1).pdf; Deposition Notice - Ernesto Parisca(37485148.1).pdf; Smartmatic 30b6 - SMT USA(37441844.5).pdf; Smartmatic 30b6 - SMT International(37462800.1).pdf; Smartmatic 30b6 - SGO(37462806.1).pdf; Hugh Gallagher - Subpoena for Deposition(37483404.1).pdf; Jack Blaine - Subpoena for Deposition(37483405.1).pdf; Deposition Notice - Jack Blaine(37498122.1).pdf; Deposition Notice - Hugh Gallagher(37498131.1).pdf |

Caitlin, thanks for your email below.  To be clear, our request was not for a "deposition planning" proposal, if by that you mean when depositions will commence, but only for number/hour limits of depositions.  There is nothing inappropriate, as you claim below, for seeking available dates for depositions we intend to take; rather, it is inappropriate not to provide requested dates.  We will address your email received at 9:54 p.m. last night regarding extending deadlines separately.

Please see attached deposition notices and subpoenas.  We are agreeable to adjust the dates/locations of the Smartmatic employee depositions if you give us dates for these to occur before October 13th – please advise.  If a single 30b6 witness will be designated to testify on behalf of all three plaintiffs, we can discuss consolidation of the noticed depositions.  We will make ourselves available to meet and confer with you to discuss the 30b6 topics under FRCP 30(b)(6).

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, September 11, 2023 10:32 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are in discussions with our client regarding Smartmatic's proposal on deposition planning. We will reach out with that proposal when it is signed off. OANN's unilateral deadlines below are, of course, inappropriate, especially in the face of OANN's failure to comply with its discovery obligations, and its efforts to take advantage of Smartmatic's compliance in the meantime. We will share Smartmatic's proposal as soon as practicable.

Regards,



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Sunday, September 10, 2023 3:09 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Re: Smartmatic v. OANN - Deposition Scheduling

John,

Thanks for your email. We will be in touch tomorrow. Have a great rest of your weekend.



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Sunday, September 10, 2023 2:00:17 PM
**To:** Wilkes, Christopher <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

Caitlin, we ask that you provide available dates for Smartmatic counsel and the witness for the depositions of the Smartmatic employee/representative(s) listed below during the weeks of September 25 and October 2, 2023. We ask that dates be provided by 5pm on Tuesday, September 12. If dates during the requested two-week period are not provided by Tuesday, we'll proceed to notice the depositions during the weeks of September 25th or October 2nd via service upon your firm (unless you advise otherwise).

1.    Alexander Aparicio
2.    Rule 30b6 witness for each Plaintiff (topics attached)

Further, below are names and dates for the depositions of third-party witnesses we intend to depose at this time. Please advise which dates work for Smartmatic counsel by 5pm on Tuesday, September 12 – if we don't receive dates, we'll proceed to serve subpoenas for one of the dates listed below.

1.    Jack Blaine – Sept. 29, Oct. 2, 3
2.    Hugh Gallagher – Oct. 4, 5, 6.
3.    Ernesto Parisca – Oct. 9, 10, 11.

Finally, I await a response to my email from Wednesday (below) proposing 120 hours of deposition time per side, including third parties but excluding expert witnesses. If we don't hear back with a substantive proposal by Tuesday, we'll conclude that your prior refusal to discuss deposition parameters at this time has not changed.

Thanks. - John

---

**From:** Edwards, John
**Sent:** Wednesday, September 6, 2023 10:44 AM
**To:** 'Wilkes, Christopher' <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

Caitlin, we disagree with the characterizations of our intended international discovery made in your September 5 letter (attached), which you sent after our letter memorializing the parties' meet and confer (also attached).

As for deposition planning, I understand that you seek to prevent depositions until the May 5 Joint Notice is resolved. We have never agreed to that and do not agree now. To meet the Court's December 8 fact discovery deadline, depositions must start immediately. There is no stay of discovery and no rule under which either party can unilaterally dictate the timing of depositions. Absent such restrictions, either party is free to conduct depositions.

We are puzzled by your approach, as Plaintiffs are typically eager to *commence* depositions. Your reluctance to do so, falsely premised on the need for "substantial completion" of OAN's production which is, in fact, substantially complete, suggests an unwillingness to prosecute this case. Unless you agree to negotiate now in good faith on deposition hour limits, we are considering a motion to dismiss for failure to prosecute. Our proposal is this: 120 hours per side, to include third-parties but exclude expert witnesses. Please let me know your position; and if you remain unwilling to engage, tell us whether you are opposed to a motion to dismiss for failure to prosecute the case.

Thanks. - John

---

**From:** Wilkes, Christopher <CWilkes@beneschlaw.com>
**Sent:** Tuesday, September 5, 2023 6:44 PM
**To:** Edwards, John <jedwards@jw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel,

Please find Smartmatic's letter regarding today's meet and confer attached.

Thanks,
Chris



Christopher J. Wilkes
(he/him/his)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4968 | CWilkes@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, September 5, 2023 2:07 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Smartmatic v. OANN - Meet & Confer Letter

Please see attached letter regarding today's meet and confer.  Thanks. - John

---

**From:** Edwards, John
**Sent:** Friday, September 1, 2023 1:33 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori

<temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin:

Yes, we are many months into the litigation, and Smartmatic has yet to disclose to us what types of damages it is claiming and in which countries and jurisdictions it is claiming damages based on potential engagements that include terminated or non-renewed contracts. We asked for this information long ago as it pertains to international discovery (*e.g.*, RFPs 26, 27, 28, 30, 37, 40-41, 57-58, and ROGs 4, 7, 12), but even during our call last week you were unable to tell us without first reviewing OAN's document production. We would like to meet and confer today or no later than Tuesday. In anticipation of doing so, here are a few points that we ask that you consider:

1.      You take issue with "documents and communications regarding issues, problems, and investigations relating to Smartmatic software," saying that the discovery sought has "no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation." But issues, problems and investigations into Smartmatic would have a direct impact on its reputation. Smartmatic is claiming reputational harm. That Smartmatic obtained – independent of anything OAN did – a negative reputation through issues, problems, and investigations in those jurisdictions is directly relevant to both causation and damages.

        Smartmatic is dogged by its history — the Venezuelan roots, the CFIUS investigation, continuing controversies around the Philippines and Kenyan elections, etc. These have made it hard for Smartmatic to rehabilitate its corporate image, which directly relates to causation and damages. Courts have permitted introduction of evidence (and hence discovery, since relevance is broader than the standard for admissibility) of specific acts of misconduct in a libel case.  *See, e.g.*, *Schafer v. Time, Inc.*, 142 F.3d 1361, 1370 (11th Cir. 1998).

        Smartmatic has put its reputation at issue in this case, and we are entitled to seek discovery about it – and we are not limited in discovery of these matters to what Smartmatic may possess.

2.      Regarding Kenya and Belgium, you claim that "Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium." But what happens when Kenya or Belgium impacts whether another jurisdiction may decide to contract with Smartmatic?

        If Smartmatic has had issues, problems, or been investigated in those jurisdictions, that is relevant regardless of whether Smartmatic is seeking damages from those two jurisdictions. For the same reason, your statement that OAN "is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert" misses the point (and is misleading, as Smartmatic has refused to produce any communications). The test for relevancy is not limited to only those jurisdictions where Smartmatic is seeking damages. Just as a defendant in a lost profits case can show that lost profits were due to some other cause, OAN can show that Smartmatic's significant troubles in various jurisdictions – not any statements on OAN – are to blame for any purported inability to get contracts. We are entitled to third-party discovery on these issues.

3.      Regarding your speculation relating to the time that it will take to execute international discovery, even if it weren't speculation it would not matter, as it is no reason to not permit an attempt to get the discovery. Moreover, it is Smartmatic's near-total refusal to provide any information on international dealings (in a case where it seeks international damages) that is largely to blame. Your reference to a discovery extension jumps the gun. That is not a pending request. Speculation that none of the requested discovery will be in by a certain time is just that: speculation. And, we are commencing the discovery well before the fact discovery deadline.

Again, we ask that you reconsider and would like to meet and confer over the phone today or Tuesday at the latest. Please provide times that you are available.

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 30, 2023 8:32 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel,

**International Discovery**

Thank you providing the details of your planned request for international discovery. After analyzing your requests, we can confirm that we oppose them for several reasons, as described below. We are happy to meet and confer further on these issues if you are willing.

First, the requests seek documents that are irrelevant to OANN's defamation. For example, documents in the sole possession of a foreign government regarding "documents and communications regarding issues, problems, and investigations relating to Smartmatic software" have no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation.

Second, certain of OANN's requests relate to potential contracts with Kenya and Belgium. But these contracts have no relevance to Smartmatic's case against OANN. Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium. And, OANN is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert with respect to its damages claims; there is no need to launch a barrage of international discovery, 10 months into the litigation, to obtain documents related to damages.

Third, as you likely know, requests for discovery from international governments often take years to be processed, whether they are successful or not. Discovery in this case has been ongoing since October 2022, and the fact discovery deadline is coming up on December 8, 2023. OANN's proposed requests are incredibly unlikely to result in any production of documents by that time, and the tangential relationship they have to the case does not justify an extension of the discovery deadline to allow OANN time to pursue discovery from <u>eight</u> foreign governments. If OANN wanted to pursue this discovery, it should have done so much earlier.

**Spanish Search Terms**

Attached is a list of Spanish search terms we have used to identify relevant documents. These terms have been run in addition to (and not in place of) the English terms the parties have discussed. Please let us know if you have any questions.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 28, 2023 8:13 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

John,

This is received. We will respond as soon as we can.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 28, 2023 2:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, we had asked that the following information be provided by last Friday, but no response:  (1) Spanish language queries used in related litigation; and (2) deposition limits agreed to (or proposed) in related litigation.  Please let us know today.

Also, attached is a letter providing additional information about our motion related to international discovery.  Please advise whether opposed or unopposed by Wednesday, August 30, 2023.

Thanks. - John

---

**From:** Dickson, Carter <cdickson@jw.com>
**Sent:** Thursday, August 24, 2023 11:07 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin and Olivia,

Please see the attached letter and revised Exhibit A.

Thanks,
**Carter Dickson**
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4331 | F: (713) 752-4221 | cdickson@jw.com



---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 23, 2023 9:47 AM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<span style="color:red">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</span>

Counsel,

In advance of our conversation, please see the attached letters previously exchanged between the parties. Specifically, see p. 11 of both exchanges.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 5:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

That should work on our end – I'll send an invite.

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 16, 2023 3:30 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are currently open next Wednesday morning. Could we pencil in 10am?

There's a small chance I will have a conflict pop up that requires some adjustment. If so, I'll let you know ASAP, and will try to avoid that.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 12:43 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, thank you for the letter & email below.  I am in depositions until Tuesday – would you be available to meet & confer on Tuesday between noon-5pm or on Wednesday morning before noon?

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, August 15, 2023 3:19 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

Our response to your August 3 letter is attached. We request a meet and confer on a handful of specified topics within the letter. We are available this Thursday between 9:30-2 CT or on Friday between 10-4 CT.

As for your questions below:

1. As we have previously indicated, there are currently no expert reports in the Fox litigation. Once expert reports are exchanged, we will consider producing them here if they are relevant.
2. Smartmatic is asserting reputational harm in foreign countries. Is there an interrogatory OANN has issued that you would like to point us to as the basis for further discussion?
3. We are happy to hear any proposal OANN has regarding depositions.

Thanks,
Caitlin

---

 Caitlin A. Kovacs

> (she/her/hers)
> Partner | Litigation
> Benesch Friedlander Coplan & Aronoff LLP
>
> t: 312.624.6392 | m: 614.804.0562
> CKovacs@beneschlaw.com | www.beneschlaw.com
> 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637
>
> Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 14, 2023 11:51 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>;
Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn
<JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>;
Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori
<temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, you indicated below we would hear back in response to my July 25 and August 3 letters last week but
we did not.  It's been 3 weeks since the July 25 letter.  We request a meet & confer by this Wednesday on the
subjects outlined in the July 25 and August 3 letters as well as the following:

1.      Whether Smartmatic will produce its expert reports issued in its case against Fox, and if so, when.
2.      Whether Smartmatic is claiming damages from reputational harm in any foreign countries, and if so,
which ones.
3.      Discussion of deposition limits – number/hours.

Please let me know your availability today through Wednesday.  Thanks. - John

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 7, 2023 6:15 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer,
Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl
<cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter
<cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily
<erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are in receipt of OANN's July 25 and August 3 letters. We will respond to both of them this week.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Thursday, August 3, 2023 4:36 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter.

Thanks. – John

---

**From:** Edwards, John
**Sent:** Tuesday, July 25, 2023 5:19 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter and search terms chart.  Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Friday, July 21, 2023 4:03 PM
**To:** Edwards, John <jedwards@jw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>
**Subject:** Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

Please see the attached correspondence, which includes an updated search terms chart. We've included a word version of the chart for ease of reference.

Have a great weekend.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., AND
SGO CORPORATION LIMITED,

           Plaintiffs,

v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

           Defendant.

No. 1:21-cv-02900-CJN

## NOTICE OF ORAL DEPOSITION OF ALEXANDER APARICIO

TO:    Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation, Limited, by and through their counsel of record J. Erik Connolly and Emily Newhouse Dillingham, Benesch, Friedlander, Coplan & Aronoff LLP, 71 South Wacker Drive, Suite 1600, Chicago, IL 60606.

Please take notice that pursuant to Federal Rule of Civil Procedure 30, Defendant Herring Networks, Inc., by and through undersigned counsel, will take the oral and videotaped deposition of Alexander Aparicio on **September 28, 2023**, beginning at 10 AM CST, at Benesch, Friedlander, Coplan & Aronoff LLP, 71 S Wacker Dr Suite 1600, Chicago, IL 60606, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court.  The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

1

Dated: September 13, 2023                    By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)

*/s/ John K. Edwards*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., AND
SGO CORPORATION LIMITED,

              Plaintiffs,

v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

              Defendant.

No. 1:21-cv-02900-CJN

## NOTICE OF ORAL DEPOSITION OF ERNESTO PARISCA

TO:    Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation, Limited, by and through their counsel of record J. Erik Connolly and Emily Newhouse Dillingham, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71 South Wacker Drive, Suite 1600, Chicago, IL 60606.

Please take notice that pursuant to Federal Rule of Civil Procedure 30, Defendant Herring Networks, Inc., by and through undersigned counsel, will take the oral and videotaped deposition of Ernesto Parisca on **September 29, 2023**, beginning at 10 AM CST, at Benesch, Friedlander, Coplan & Aronoff LLP, 71 S Wacker Dr. Suite 1600, Chicago, IL 60606, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court. The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

Dated: September 13, 2023

By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)


*/s/ John K. Edwards*
John K. Edwards

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., AND
SGO CORPORATION LIMITED,

        Plaintiffs,

v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

        Defendant.

No. 1:21-cv-02900-CJN

## **NOTICE OF ORAL DEPOSITION OF HUGH GALLAGHER**

TO:    Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation, Limited, by and through their counsel of record J. Erik Connolly and Emily Newhouse Dillingham, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71 South Wacker Drive, Suite 1600, Chicago, IL 60606.

Please take notice that pursuant to Federal Rule of Civil Procedure 45, and the subpoena issued and served herewith, Defendant Herring Networks, Inc., by and through undersigned counsel, will take the oral and videotaped deposition of third-party witness Hugh Gallagher on **October 6, 2023**, beginning at 10 AM CST, at Cavalier Reporting & Videography, 415 4th St. N.E, Suite 4, Charlottesville, Virginia 22902, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court.  The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

Dated: September 13, 2023                    By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)

*/s/ John K. Edwards*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., AND
SGO CORPORATION LIMITED,

            Plaintiffs,

v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

            Defendant.

No. 1:21-cv-02900-CJN

## **NOTICE OF ORAL DEPOSITION OF JACK BLAINE**

TO:    Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation, Limited, by and through their counsel of record J. Erik Connolly and Emily Newhouse Dillingham, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71 South Wacker Drive, Suite 1600, Chicago, IL 60606.

      Please take notice that pursuant to Federal Rule of Civil Procedure 45, and the subpoena issued and served herewith, Defendant Herring Networks, Inc., by and through undersigned counsel, will take the oral and videotaped deposition of third-party witness Jack Blaine on **October 2, 2023**, beginning at 11 AM CST, at Jackson Walker LLP, 100 Congress Avenue, Suite 1100, Austin, Texas 78701, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court.  The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

1

Dated: September 13, 2023

By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)


*/s/ John K. Edwards*

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❏  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ _____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTORNEYS OF RECORD

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com

Charles L. Babcock
cbabcock@jw.com
Nancy Hamilton
nhamilton@jw.com
John Edwards
Jedwards@jw.com
Joel Glover
jglover@jw.com
Bethany Pickett Shah
bpickett@jw.com
JACKSON WALKER LLP
1401 McKinney
Suite 1900
Houston, TX 77010

Jonathan Neerman
jneerman@jw.com
Carl Butzer
cbutzer@jw.com
Minoo Blaesche
mblaesche@jw.com
JACKSON WALKER LLP
2323 Ross Avenue
Suite 600
Dallas, TX 75201

R. Trent McCotter
BOYDEN GRAY & ASSOCIATES
801 17th Street NW, Suite 350
Washington, DC 20006
mccotter@boydengrayassociates.com

*Attorneys for Plaintiff*

*Attorneys for Defendants*

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏  Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❏  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTORNEYS OF RECORD

BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com

Charles L. Babcock
cbabcock@jw.com
Nancy Hamilton
nhamilton@jw.com
John Edwards
Jedwards@jw.com
Joel Glover
jglover@jw.com
Bethany Pickett Shah
bpickett@jw.com
JACKSON WALKER LLP
1401 McKinney
Suite 1900
Houston, TX 77010

Jonathan Neerman
jneerman@jw.com
Carl Butzer
cbutzer@jw.com
Minoo Blaesche
mblaesche@jw.com
JACKSON WALKER LLP
2323 Ross Avenue
Suite 600
Dallas, TX 75201

R. Trent McCotter
BOYDEN GRAY & ASSOCIATES
801 17th Street NW, Suite 350
Washington, DC 20006
mccotter@boydengrayassociates.com

*Attorneys for Plaintiff*

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., AND SGO CORPORATION LIMITED, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | |
| Defendant. | |

## NOTICE OF RULE 30(b)(6) DEPOSITION TO SGO CORPORATION LIMITED

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Herring Networks Inc., D/B/A One America News Network ("OAN"), by and through undersigned counsel, will take the oral and videotaped deposition of Plaintiff SGO Corporation Limited's designee with regard to the matters described in Schedule A on **October 5**, beginning at 9:00 a.m. CST at Benesch, Friedlander, Coplan & Aronoff LLP, 71 S Wacker Dr., Suite 1600, Chicago, IL 60606, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court.

The deponent will be requested to testify on the subject matters specified in Schedule A. The deposition will be taken upon oral examination by an official court

1

reporter in and for the state in which the deposition will be held, or some other officer duly authorized by law to take depositions, and it shall continue until completed at a date and time to be scheduled as necessary. The designee is commanded to attend in person. The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

Dated: September 13, 2023

By: */s/ John K. Edwards*

**<u>JACKSON WALKER LLP</u>**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)


*/s/ John K. Edwards*
John K. Edwards

4

## Schedule A

## **INSTRUCTIONS**

Pursuant to Fed Rule Civ. Proc. 30(b)(6), Plaintiff SGO Corporation Limited is requested to designate one or more officers, directors, managing agents, or other persons to testify on its behalf with regard to the following matters in accordance with the following definitions.

## **DEFINITIONS**

The following terms shall have the meanings set forth below whenever used in any Request.

1.      "2020 PRESIDENTIAL ELECTION" means and refers to the U.S. Presidential Election that occurred on November 3, 2020, and all voting (including mail-in voting) and related events occurring up to the certification of votes on January 6, 2021.

2.      "COMPLAINT" means the Complaint filed on November 3, 2021 in this action and any subsequently filed amended complaint.

3.      "COMPLAINED OF BROADCASTS" means and refers to the broadcasts identified in Paragraphs 84-137, 146–147, 154-168, 171, 176, and 178 of the COMPLAINT filed in this action, among others, including without limitation the particular broadcasts of *After Hours with Alex Salvi*, *News Room*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan*

*Ball, In Focus with Stephanie Hamill, Weekly Briefing with Christina Bobb, America This Week,* and the Michael-Lindell-produced programs titled *Absolute Proof, Scientific Proof, Absolute Interference,* and *Absolutely 9-0.*

4.    "COMPLAINED OF STATEMENTS" means and refers to the statements described in Paragraphs 80–153, and more specifically identified in Paragraphs 171, 176, 184, 196, 205, 218, and 227 of the COMPLAINT filed in this action.

5.    "DOMINION" means and refers to US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, whether individually or collectively, and any of their parents, subsidiaries, related or affiliated entities, successors and predecessors (including but not limited to Sequoia Voting Systems), officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of DOMINION.

6.    "SEQUOIA" means and refers to SEQUOIA VOTING SYSTEMS, INC. and any of its parents, subsidiaries, related or affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SEQUOIA.

7.     "SMARTMATIC" means and refers to collectively Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SMARTMATIC.

8.     "SGO" means and refers to, collectively, Plaintiff SGO CORPORATION LIMITED and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on SGO's behalf.

9.     "SMARTMATIC SYSTEMS" means any elections product developed, supplied, used, or supported by You, or on Your behalf, domestic or international, from SMARTMATIC's inception to the present. This includes but is not limited to any software, hardware, source code, firmware, technology, solutions, digital tools, functionalities, devices, scan tabulators, optional modules, peripherals, Hybrid Activator, Accumulator & Transmitters, audit logs, electronic voting machines, electronic counting machines, ballot marking devices, voter management, poll worker support, online voting, or election management platforms as described in Paragraphs 26–27 of the COMPLAINT.

10.    "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.    "You" and "Your" means SGO.

12.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include each of the other gender.

## **TOPICS OF TESTIMONY**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, SGO shall designate one or more officers, directors, partners, managing agents, employees or other persons most knowledgeable to testify on their behalf as to the following subject matters:

1.    The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use in the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

2.    The identity of, and contact information for, all persons, entities, jurisdictions, and governmental bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use in the United States;

8

the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

3.       The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use in the United States; Your products or services, including product or model numbers, that have been the subject of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

4.       The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

5.       The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

6.       The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use outside the United States; Your products or services, including product or model numbers, that have been the subject

of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

7.    Identification of all procurement bid responses and proposals submitted by or on behalf of You at any time since January 1, 2016 for the provision of products or services to any domestic or international governmental agency, body, or entity; Your products or services, including product or model numbers, that were the subject of those responses and proposals; the results of the bid process, including reasons for any contracts or agreements not awarded to You; whether You were awarded a contract and, if so, the duration of the contract.

8.    Identification of all domestic and international procurement bid opportunities which You considered, at any time since January 1, 2016, but for which You chose not to submit a bid response or proposal, including the reason(s) for Your decision.

9.    The specific contracts, agreements, public bid opportunities, and/or "diminished business . . . prospects" (as referenced at Paragraphs 434 and 438 of the COMPLAINT) – domestic and international – that You contend were negatively affected by the COMPLAINED OF STATEMENTS and COMPLAINED OF BROADCASTS as set forth in the COMPLAINT, including the manner in which the negative effect impacted Your financial condition and the person(s) with the most knowledge about such effect.

10.    Identification of every jurisdiction—domestic and international— where You have ever registered to do business, including dates of registration and corporate registration documents submitted in each jurisdiction.

11.    Identify the specific factual basis for Your responses to OAN's First and Second Set of Interrogatories, Nos. 7, 9, 12, 14, 19, and 22.

12.    Identify all Persons, including Your employees, who have raised concerns regarding SMARTMATIC SYSTEMS, including without limitation (a) any concerns about potential or alleged security issues, vulnerabilities, or vote tabulation errors; (b) the nature of the concerns; (c) the date the concerns were raised; and (d) actions taken to address the concerns.

13.    Identify all hardware, software, and source code, or any part(s) thereof, owned or licensed by You or any of Your predecessors at any time that has been used by, used in, or incorporated in any voting machines manufactured by or on behalf of DOMINION, SEQUOIA, or other voting machine supplier; identify the

voting machines; identify the jurisdictions in which such voting machines have been used or been the subject of bids; and state the approximate dates when such voting machines were used or were the subject of bids.

14.    Identify Your legacy hardware, software, and source code used in any SMARTMATIC SYSTEMS; and identify the jurisdictions in which such legacy hardware, software and source code have been used.

15.    Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale in the United States between January 1, 2020 and the present.

16.    Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale outside the United States between January 1, 2020 and the present.

17.    The purpose, use, and contents of SMARTMATIC'S customer relationship management ("CRM") database, including the Persons responsible for (a) maintaining the CRM database, and (2) adding information or data to the CRM database.

18.    The specific factual basis for the claim that Defendant acted with "actual malice" and/or "ill will" in publishing the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, as alleged in the COMPLAINT at Paragraphs 238-240, 250-254, 448, 462, and 468.

19.    The identity of all negative affects You claim were caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including but not limited to any adverse effects on pricing of Your products and services, increased costs of Your products and services, the number of customers willing to do business with You, and any impact of the size of the market for Your products and services.

20.    The identity of all Persons involved with the creation of forecasts of alleged lost revenues and profits from 2021-2025, including income statement projections; the factual basis for the forecasts; manner in which the forecasts were calculated or prepared; and documents supporting the forecasts and projections.

21.    The identity of all Persons involved with itemizing Your alleged increased expenses allegedly caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including expenses for: (a) physical security; (b) cybersecurity; (c) workforce (including hiring and retention); (d) public

relations and the nature of the expenses claimed; (e) the manner in which such expenses were determined and calculated; and (f) documents supporting the claimed expenses.

22.     The identity of all valuations of SMARTMATIC prepared from 2016 to the present, including (a) the persons involved in preparing the valuations; (b) the manner in which the valuations were calculated; and (c) documents supporting the valuations.

23.     The identity of each category of damages You seek to recover in this lawsuit, including (a) the amount claimed for each category; (b) the manner in which the damages for each category was calculated; (c) documents supporting the calculations; and (d) the Persons with the most knowledge of the calculations of each category of damages.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., AND
SGO CORPORATION LIMITED,

              Plaintiffs,

    v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

              Defendant.

No. 1:21-cv-02900-CJN

## NOTICE OF RULE 30(b)(6) DEPOSITION TO SMARTMATIC INTERNATIONAL HOLDING B.V.

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Herring Networks Inc., D/B/A One America News Network ("OAN"), by and through undersigned counsel, will take the oral and videotaped deposition of Plaintiff Smartmatic International Holding B.C.'s designee with regard to the matters described in Schedule A on **October 4, 2023**, beginning at 9:00 a.m. CST at Benesch, Friedlander, Coplan & Aronoff LLP, 71 S Wacker Dr Suite 1600, Chicago, IL 60606, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court.

The deponent will be requested to testify on the subject matters specified in Schedule A. The deposition will be taken upon oral examination by an official court

reporter in and for the state in which the deposition will be held, or some other officer duly authorized by law to take depositions, and it shall continue until completed at a date and time to be scheduled as necessary. The designee is commanded to attend in person. The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

Dated: September 13, 2023                    By: */s/ John K. Edwards*

**<u>JACKSON WALKER LLP</u>**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)


*/s/ John K. Edwards*
John K. Edwards

4

# Schedule A

## INSTRUCTIONS

Pursuant to Fed Rule Civ. Proc. 30(b)(6), Plaintiff Smartmatic International Holding, B.V. is requested to designate one or more officers, directors, managing agents, or other persons to testify on its behalf with regard to the following matters in accordance with the following definitions.

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Request.

1.   "2020 PRESIDENTIAL ELECTION" means and refers to the U.S. Presidential Election that occurred on November 3, 2020, and all voting (including mail-in voting) and related events occurring up to the certification of votes on January 6, 2021.

2.   "COMPLAINT" means the Complaint filed on November 3, 2021 in this action and any subsequently filed amended complaint.

3.   "COMPLAINED OF BROADCASTS" means and refers to the broadcasts identified in Paragraphs 84-137, 146–147, 154-168, 171, 176, and 178 of the COMPLAINT filed in this action, among others, including without limitation the particular broadcasts of *After Hours with Alex Salvi*, *News Room*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan*

*Ball, In Focus with Stephanie Hamill, Weekly Briefing with Christina Bobb, America This Week,* and the Michael-Lindell-produced programs titled *Absolute Proof, Scientific Proof, Absolute Interference,* and *Absolutely 9-0.*

4.    "COMPLAINED OF STATEMENTS" means and refers to the statements described in Paragraphs 80–153, and more specifically identified in Paragraphs 171, 176, 184, 196, 205, 218, and 227 of the COMPLAINT filed in this action.

5.    "DOMINION" means and refers to US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, whether individually or collectively, and any of their parents, subsidiaries, related or affiliated entities, successors and predecessors (including but not limited to Sequoia Voting Systems), officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of DOMINION.

6.    "SEQUOIA" means and refers to SEQUOIA VOTING SYSTEMS, INC. and any of its parents, subsidiaries, related or affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SEQUOIA.

7.     "SMARTMATIC" means and refers to collectively Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SMARTMATIC.

8.     "SMARTMATIC INTERNATIONAL" means and refers to, collectively, Plaintiff SMARTMATIC INTERNATIONAL HOLDING B.V. and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on SMARTMATIC INTERNATIONAL's behalf.

9.     "SMARTMATIC SYSTEMS" means any elections product developed, supplied, used, or supported by You, or on Your behalf, domestic or international, from SMARTMATIC's inception to the present. This includes but is not limited to any software, hardware, source code, firmware, technology, solutions, digital tools, functionalities, devices, scan tabulators, optional modules, peripherals, Hybrid Activator, Accumulator & Transmitters, audit logs, electronic voting machines, electronic counting machines, ballot marking devices, voter management, poll worker support, online voting, or election management platforms as described in Paragraphs 26–27 of the COMPLAINT.

10.    "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.    "You" and "Your" means SMARTMATIC INTERNATIONAL.

12.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include each of the other gender.

## TOPICS OF TESTIMONY

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, SMARTMATIC INTERNATIONAL shall designate one or more officers, directors, partners, managing agents, employees or other persons most knowledgeable to testify on their behalf as to the following subject matters:

1.    The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use in the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

2.    The identity of, and contact information for, all persons, entities, jurisdictions, and governmental bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use in the United States;

the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

3.     The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use in the United States; Your products or services, including product or model numbers, that have been the subject of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

4.     The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

5.     The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

6.     The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use outside the United States; Your products or services, including product or model numbers, that have been the subject

of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

7.     Identification of all procurement bid responses and proposals submitted by or on behalf of You at any time since January 1, 2016 for the provision of products or services to any domestic or international governmental agency, body, or entity; Your products or services, including product or model numbers, that were the subject of those responses and proposals; the results of the bid process, including reasons for any contracts or agreements not awarded to You; whether You were awarded a contract and, if so, the duration of the contract.

8.     Identification of all domestic and international procurement bid opportunities which You considered, at any time since January 1, 2016, but for which You chose not to submit a bid response or proposal, including the reason(s) for Your decision.

9.     The specific contracts, agreements, public bid opportunities, and/or "diminished business . . . prospects" (as referenced at Paragraphs 434 and 438 of the COMPLAINT) – domestic and international – that You contend were negatively affected by the COMPLAINED OF STATEMENTS and COMPLAINED OF BROADCASTS as set forth in the COMPLAINT, including the manner in which the negative effect impacted Your financial condition and the person(s) with the most knowledge about such effect.

10.     Identification of every jurisdiction—domestic and international—where You have ever registered to do business, including dates of registration and corporate registration documents submitted in each jurisdiction.

11.     Identify the specific factual basis for Your responses to OAN's First and Second Set of Interrogatories, Nos. 7, 9, 12, 14, 19, and 22.

12.     Identify all Persons, including Your employees, who have raised concerns regarding SMARTMATIC SYSTEMS, including without limitation (a) any concerns about potential or alleged security issues, vulnerabilities, or vote tabulation errors; (b) the nature of the concerns; (c) the date the concerns were raised; and (d) actions taken to address the concerns.

13.     Identify all hardware, software, and source code, or any part(s) thereof, owned or licensed by You or any of Your predecessors at any time that has been used by, used in, or incorporated in any voting machines manufactured by or on behalf of DOMINION, SEQUOIA, or other voting machine supplier; identify the

voting machines; identify the jurisdictions in which such voting machines have been used or been the subject of bids; and state the approximate dates when such voting machines were used or were the subject of bids.

14.     Identify Your legacy hardware, software, and source code used in any SMARTMATIC SYSTEMS; and identify the jurisdictions in which such legacy hardware, software and source code have been used.

15.     Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale in the United States between January 1, 2020 and the present.

16.     Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale outside the United States between January 1, 2020 and the present.

17.     The purpose, use, and contents of SMARTMATIC'S customer relationship management ("CRM") database, including the Persons responsible for (a) maintaining the CRM database, and (2) adding information or data to the CRM database.

18.     The specific factual basis for the claim that Defendant acted with "actual malice" and/or "ill will" in publishing the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, as alleged in the COMPLAINT at Paragraphs 238-240, 250-254, 448, 462, and 468.

19.     The identity of all negative affects You claim were caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including but not limited to any adverse effects on pricing of Your products and services, increased costs of Your products and services, the number of customers willing to do business with You, and any impact of the size of the market for Your products and services.

20.     The identity of all Persons involved with the creation of forecasts of alleged lost revenues and profits from 2021-2025, including income statement projections; the factual basis for the forecasts; manner in which the forecasts were calculated or prepared; and documents supporting the forecasts and projections.

21.     The identity of all Persons involved with itemizing Your alleged increased expenses allegedly caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including expenses for: (a) physical security; (b) cybersecurity; (c) workforce (including hiring and retention); (d) public

relations and the nature of the expenses claimed; (e) the manner in which such expenses were determined and calculated; and (f) documents supporting the claimed expenses.

22.     The identity of all valuations of SMARTMATIC prepared from 2016 to the present, including (a) the persons involved in preparing the valuations; (b) the manner in which the valuations were calculated; and (c) documents supporting the valuations.

23.     The identity of each category of damages You seek to recover in this lawsuit, including (a) the amount claimed for each category; (b) the manner in which the damages for each category was calculated; (c) documents supporting the calculations; and (d) the Persons with the most knowledge of the calculations of each category of damages.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., AND SGO CORPORATION LIMITED, Plaintiffs, v. HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, Defendant. | No. 1:21-cv-02900-CJN |

## NOTICE OF RULE 30(b)(6) DEPOSITION TO SMARTMATIC USA CORP.

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Herring Networks Inc., D/B/A One America News Network ("OAN"), by and through undersigned counsel, will take the oral and videotaped deposition of Plaintiff Smartmatic USA Corp.'s designee with regard to the matters described in Schedule A on **October 3, 2023**, beginning at 9:00 a.m. CST at Benesch, Friedlander, Coplan & Aronoff LLP, 71 S Wacker Dr Suite 1600, Chicago, IL 60606, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court.

The deponent will be requested to testify on the subject matters specified in Schedule A. The deposition will be taken upon oral examination by an official court reporter in and for the state in which the deposition will be held, or some other officer

1

duly authorized by law to take depositions, and it shall continue until completed at a date and time to be scheduled as necessary. The designee is commanded to attend in person. The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

Dated: September 13, 2023                         By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)


*/s/ John K. Edwards*
John K. Edwards

## Schedule A

## INSTRUCTIONS

Pursuant to Fed Rule Civ. Proc. 30(b)(6), Plaintiff Smartmatic USA Corp. is requested to designate one or more officers, directors, managing agents, or other persons to testify on its behalf with regard to the following matters in accordance with the following definitions.

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Request.

1.      "2020 PRESIDENTIAL ELECTION" means and refers to the U.S. Presidential Election that occurred on November 3, 2020, and all voting (including mail-in voting) and related events occurring up to the certification of votes on January 6, 2021.

2.      "COMPLAINT" means the Complaint filed on November 3, 2021 in this action and any subsequently filed amended complaint.

3.      "COMPLAINED OF BROADCASTS" means and refers to the broadcasts identified in Paragraphs 84-137, 146–147, 154-168, 171, 176, and 178 of the COMPLAINT filed in this action, among others, including without limitation the particular broadcasts of *After Hours with Alex Salvi*, *News Room*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan*

*Ball, In Focus with Stephanie Hamill, Weekly Briefing with Christina Bobb, America This Week,* and the Michael-Lindell-produced programs titled *Absolute Proof, Scientific Proof, Absolute Interference,* and *Absolutely 9-0.*

4.     "COMPLAINED OF STATEMENTS" means and refers to the statements described in Paragraphs 80–153, and more specifically identified in Paragraphs 171, 176, 184, 196, 205, 218, and 227 of the COMPLAINT filed in this action.

1.     "DOMINION" means and refers to US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, whether individually or collectively, and any of their parents, subsidiaries, related or affiliated entities, successors and predecessors (including but not limited to Sequoia Voting Systems), officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of DOMINION.

2.     "SEQUOIA" means and refers to SEQUOIA VOTING SYSTEMS, INC. and any of its parents, subsidiaries, related or affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SEQUOIA.

3.      "SMARTMATIC" means and refers to collectively Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SMARTMATIC.

4.      "SMARTMATIC USA" means and refers to, collectively, Plaintiff SMARTMATIC USA CORP. and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on SMARTMATIC USA's behalf.

5.      "SMARTMATIC SYSTEMS" means any elections product developed, supplied, used, or supported by You, or on Your behalf, domestic or international, from SMARTMATIC's inception to the present. This includes but is not limited to any software, hardware, source code, firmware, technology, solutions, digital tools, functionalities, devices, scan tabulators, optional modules, peripherals, Hybrid Activator, Accumulator & Transmitters, audit logs, electronic voting machines, electronic counting machines, ballot marking devices, voter management, poll worker support, online voting, or election management platforms as described in Paragraphs 26–27 of the COMPLAINT.

6.      "Person" means any natural person or any legal entity, including, without limitation, any corporation, business or governmental entity or association.

7.      "You" and "Your" means SMARTMATIC USA.

8.      The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include each of the other gender.

## TOPICS OF TESTIMONY

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, SMARTMATIC USA shall designate one or more officers, directors, partners, managing agents, employees or other persons most knowledgeable to testify on their behalf as to the following subject matters:

1.      The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use in the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

2.      The identity of, and contact information for, all persons, entities, jurisdictions, and governmental bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use in the United States;

8

the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

3.    The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use in the United States; Your products or services, including product or model numbers, that have been the subject of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

4.    The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

5.    The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

6.    The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use outside the United States; Your products or services, including product or model numbers, that have been the subject

of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

7.    Identification of all procurement bid responses and proposals submitted by or on behalf of You at any time since January 1, 2016 for the provision of products or services to any domestic or international governmental agency, body, or entity; Your products or services, including product or model numbers, that were the subject of those responses and proposals; the results of the bid process, including reasons for any contracts or agreements not awarded to You; whether You were awarded a contract and, if so, the duration of the contract.

8.    Identification of all domestic and international procurement bid opportunities which You considered, at any time since January 1, 2016, but for which You chose not to submit a bid response or proposal, including the reason(s) for Your decision.

9.    The specific contracts, agreements, public bid opportunities, and/or "diminished business . . . prospects" (as referenced at Paragraphs 434 and 438 of the COMPLAINT) – domestic and international – that You contend were negatively affected by the COMPLAINED OF STATEMENTS and COMPLAINED OF BROADCASTS as set forth in the COMPLAINT, including the manner in which the negative effect impacted Your financial condition and the person(s) with the most knowledge about such effect.

10.    Identification of every jurisdiction—domestic and international— where You have ever registered to do business, including dates of registration and corporate registration documents submitted in each jurisdiction.

11.    Identify the specific factual basis for Your responses to OAN's First and Second Set of Interrogatories, Nos. 7, 9, 12, 14, 19, and 22.

12.    Identify all Persons, including Your employees, who have raised concerns regarding SMARTMATIC SYSTEMS, including without limitation (a) any concerns about potential or alleged security issues, vulnerabilities, or vote tabulation errors; (b) the nature of the concerns; (c) the date the concerns were raised; and (d) actions taken to address the concerns.

13.    Identify all hardware, software, and source code, or any part(s) thereof, owned or licensed by You or any of Your predecessors at any time that has been used by, used in, or incorporated in any voting machines manufactured by or on behalf of DOMINION, SEQUOIA, or other voting machine supplier; identify the

10

voting machines; identify the jurisdictions in which such voting machines have been used or been the subject of bids; and state the approximate dates when such voting machines were used or were the subject of bids.

14. Identify Your legacy hardware, software, and source code used in any SMARTMATIC SYSTEMS; and identify the jurisdictions in which such legacy hardware, software and source code have been used.

15. Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale in the United States between January 1, 2020 and the present.

16. Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale outside the United States between January 1, 2020 and the present.

17. The purpose, use, and contents of SMARTMATIC'S customer relationship management ("CRM") database, including the Persons responsible for (a) maintaining the CRM database, and (2) adding information or data to the CRM database.

18. The specific factual basis for the claim that Defendant acted with "actual malice" and/or "ill will" in publishing the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, as alleged in the COMPLAINT at Paragraphs 238-240, 250-254, 448, 462, and 468.

19. The identity of all negative affects You claim were caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including but not limited to any adverse effects on pricing of Your products and services, increased costs of Your products and services, the number of customers willing to do business with You, and any impact of the size of the market for Your products and services.

20. The identity of all Persons involved with the creation of forecasts of alleged lost revenues and profits from 2021-2025, including income statement projections; the factual basis for the forecasts; manner in which the forecasts were calculated or prepared; and documents supporting the forecasts and projections.

21. The identity of all Persons involved with itemizing Your alleged increased expenses allegedly caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including expenses for: (a) physical security; (b) cybersecurity; (c) workforce (including hiring and retention); (d) public

relations and the nature of the expenses claimed; (e) the manner in which such expenses were determined and calculated; and (f) documents supporting the claimed expenses.

22.     The identity of all valuations of SMARTMATIC prepared from 2016 to the present, including (a) the persons involved in preparing the valuations; (b) the manner in which the valuations were calculated; and (c) documents supporting the valuations.

23.     The identity of each category of damages You seek to recover in this lawsuit, including (a) the amount claimed for each category; (b) the manner in which the damages for each category was calculated; (c) documents supporting the calculations; and (d) the Persons with the most knowledge of the calculations of each category of damages.

# EXHIBIT 1-B

| | |
|---|---|
| **From:** | Kovacs, Caitlin <CKovacs@beneschlaw.com> |
| **Sent:** | Tuesday, September 26, 2023 3:43 PM |
| **To:** | Edwards, John; Wilkes, Christopher; Sullivan, Olivia |
| **Cc:** | Amattey, Amakie; Wertheimer, Nancy; Maldonado, Jacklyn; Butzer, Carl; Blaesche, Minoo; Shah, Bethany; Emery, Tori; Walsh, Hannah; Carlton, Emily; Trent McCotter; Dickson, Carter; Myers, David; Stowe, William |
| **Subject:** | RE: Smartmatic/OAN - Depositions |

Hi John,

Smartmatic moved to quash these notices, to stay depositions, and for a protective order on September 18. OANN knows this. As we told you on September 5, 11, 12, and 13, Smartmatic objects to OANN's notices. And as Smartmatic explained, "OANN must produce a full record before the parties can proceed to depositions. Given OANN's serious delay in complying with its discovery obligations, Smartmatic believes the parties require an extension of the fact discovery schedule such that discovery will end on April 8, 2024. Depositions should be scheduled to begin on January 8, 2024."

While the motion to quash and to stay depositions is pending, Smartmatic will not be presenting any witnesses for deposition. Again, OANN knows this. We look forward to OANN's response to Smartmatic's motion.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

vCard

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, September 26, 2023 1:31 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>; Myers, David <dmyers@jw.com>; Stowe, William <wstowe@jw.com>
**Subject:** Smartmatic/OAN - Depositions

Caitlin/Olivia,

1

Pursuant to the attached deposition notices timely served on September 13, 2023 , counsel for OAN will travel to Chicago tomorrow for the depositions of Mr. Aparicio and Mr. Parisca scheduled for September 28 and 29th, respectively, in your Chicago office.  Please confirm before 5pm ct today that these witnesses will be presented as noticed.

We also will proceed with the depositions noticed for next week, including Smartmatic 30b6 witness(es) and Mr. Gallagher in Chicago.  We again invite a conference on the 30b6 topics, and if one 30b6 witness will be presented for all three plaintiff entities, we can discuss potentially completing the deposition in one full day.

Thanks. - John

**John K. Edwards | Partner**
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4319 | C:  (713) 553-7951 | F: (713) 308-4117
John Edwards - Houston Litigation Attorney - Jackson Walker (jw.com) | jedwards@jw.com

