# Ex. C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:21-cv-02900-CJN |
| v. | ) ) | |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | ) ) ) ) | |
| Defendant. | ) | |

## OAN'S OPPOSED MOTION TO MODIFY DEPOSITION LIMITS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION AND BACKGROUND .......... 1

II. ARGUMENT .......... 2

A. Legal Standard .......... 2

B. OAN proposes a reasonable limit on deposition time given the scale and complexity of Smartmatic's Complaint. .......... 3

CONCLUSION & PRAYER .......... 4

CERTIFICATE OF SERVICE .......... 6

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Danzy v. IATSE Local 22*,
  No. CV-17-02083-RCL-RMM, 2020 WL 6887651 (D.D.C. Nov. 23, 2020) ..........................2

*Del Campo v. Am. Corrective Counseling Servs., Inc.*,
  No. C-01-21151JWPVT, 2007 WL 3306496 (N.D. Cal. Nov. 6, 2007) ..............................2, 3

*Donohoe v. Bonneville Int'l Corp.*,
  602 F. Supp. 2d 1 (D.D.C. 2009) .....................................................................................2

*Egana v. Blair's Bail Bonds, Inc.*,
  No. CV 17-5899, 2019 WL 8277616 (E.D. La. Jan. 23, 2019) ............................................2, 3

*United States v. Sci. Applications Int'l Corp.*,
  301 F.R.D. 1 (D.D.C. 2013)..............................................................................................2

**Other Authorities**

Fed. R. Civ. P. 26(b)(1)............................................................................................................2

Fed. R. Civ. P. 26(b)(2)(A)......................................................................................................2

Fed. R. Civ. P. 30(a)(2)(A)(i) ..................................................................................................3

Fed. R. Civ. P. 30(d)(1).............................................................................................................3

Defendant Herring Networks, Inc., d/b/a One America News Network ("OAN") files this Motion to Modify Default Deposition Limits (the "Motion") pursuant to Rule 26 of the Federal Rules of Civil Procedure and respectfully shows the Court the following:

## I.     INTRODUCTION AND BACKGROUND

Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") brought this lawsuit seeking billions of dollars in damages from a small conservative news network with a limited subscriber base. The provisions in the Federal Rules to modify the default discovery limits on depositions—either by agreement or Court order—were designed for exactly this kind of complex, high-stakes litigation: Smartmatic's Complaint seeks more than $2 billion in alleged damages, runs more 400 paragraphs, and exceeds 3,000 pages, including exhibits. (*See* Dkt. 1.)

But Smartmatic refuses even to *discuss* adjusting those deposition discovery limits. OAN's many weeks of efforts to engage Smartmatic on this topic—and Smartmatic's corresponding delays and flat refusals to engage—are fully documented in OAN's Response to Smartmatic's Motion for Protection, which OAN incorporates here by reference. (*See* Dkt. 98 at 7–8; *see also* Ex. 1-A at 4–7, Edwards Decl.; Ex. 1-B at 2, Edwards Decl.; Ex. 1-C at 1–4, Edwards Decl.) Smartmatic's refusals continue to subject OAN to unnecessary delays that seem designed to frustrate any efforts to meet the Court's December 8 fact discovery deadline.

Regretfully, OAN must ask the Court to engage where Smartmatic will not and modify the default limits on depositions to reasonably (and efficiently) address the sheer scale and complexity of this case. OAN asks the Court to enter an order setting a limit of 120 total hours of deposition time per side, excluding expert witnesses, with no restriction on the number of depositions that may be taken.

## II.    <u>ARGUMENT</u>

### A.    Legal Standard

A party may discover any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Proportionality considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Federal district courts have wide discretion when handling pretrial discovery matters, and 'discovery under the Federal Rules of Civil Procedure should be freely permitted.'" *Danzy v. IATSE Local 22*, No. CV-17-02083-RCL-RMM, 2020 WL 6887651, at *3 (D.D.C. Nov. 23, 2020) (quoting *United States v. Sci. Applications Int'l Corp.*, 301 F.R.D. 1, 3 (D.D.C. 2013)). Thus, the Court has the authority, both under the rules and inherent,  to alter the default limits on the number and length of depositions. *See* Fed. R. Civ. P. 26(b)(2)(A) ("By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30.").

"Courts allow parties to exceed the ten-deposition limit when the case involves complex facts or claims." *Egana v. Blair's Bail Bonds, Inc.*, No. CV 17-5899, 2019 WL 8277616, at *2 (E.D. La. Jan. 23, 2019) (collecting cases). In complex cases, modifying the default deposition limit before a party exhausts those depositions is warranted. *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151JWPVT, 2007 WL 3306496, at *6 (N.D. Cal. Nov. 6, 2007) ("[I]t would be prejudicial to require Plaintiffs to choose to take ten depositions before they know whether they will be granted more[] . . . where the complexity clearly warrants more than ten depositions."); *cf. Donohoe v. Bonneville Int'l Corp.*, 602 F. Supp. 2d 1, 1, 3 (D.D.C. 2009) (finding that a former employee asserting a simple age discrimination case must exhaust his required number of depositions before requesting leave to take additional depositions).

2

**B.      OAN proposes a reasonable limit on deposition time given the scale and complexity of Smartmatic's Complaint.**

The Federal Rules effectively allow up to 70 hours of deposition time per side. *See* Fed. R. Civ. P. 30(a)(2)(A)(i), (d)(1) (permitting up to 10 depositions of seven hours each without additional agreement by the parties or intervention by the court). To better address the scale and complexity of the issues implicated by Smartmatic's Complaint, OAN proposes a limit of 120 total hours of deposition time per side, excluding expert witnesses, with no restriction on the number of depositions that may be taken.

Smartmatic filed a complex, multi-billion-dollar claim against OAN. Smartmatic's initial disclosures identify 38 potential persons with discoverable information, nine of whom are Smartmatic's current employees. (Ex. 1-E at 1–6, Edwards Decl.) *See Egana*, 2019 WL 8277616, at *2 ("[W]hen a [party] has disclosed a large number of potential witnesses in its Rule 26(a) disclosures, courts have granted additional depositions, particularly when those witnesses are employed by the [party] or would not be required to provide information informally."). And OAN has already served notices for seven witnesses, including separate  30(b)(6) notices on limited topics for each of the three Plaintiff entities (*see* Dkt. 98 at 8), although Plaintiffs have refused to produce any witnesses for deposition. *See Del Campo*, 2007 WL 3306496, at *6 (requiring party to exhaust depositions before requesting modification of the default limit was "unwarranted" when the breadth and complexity of the case "clearly warrants more than ten depositions").  There are at *least* 12 additional depositions that OAN currently anticipates scheduling, which it intends to do efficiently to stay within the limits proposed.  The Court may wonder how 240 hours of depositions (120 per side) may be accomplished by the December 8, 2023 deadline.  OAN is committed to accomplish its discovery by that date but if not, at least we can present the Court

with a more accurate picture of what is left to be done. Otherwise, the case will continue to languish while Smartmatic stonewalls any productive use of the time the Court has allocated.

## <u>CONCLUSION & PRAYER</u>

Smartmatic continues to try to bleed this small conservative news media company dry with needless delays and refusals to engage in productive discussions to advance the resolution of the case. OAN respectfully requests that the Court modify the default deposition limits to reflect the scope and scale of the case, granting each side 120 total hours of deposition time, excluding expert witnesses, with no restriction on the number of depositions.

Dated: October __, 2023                    By: */s/ John K. Edwards*

**JACKSON WALKER L.L.P.**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY PLLC**
R. Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Defendant*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of October 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ _____
John K. Edwards

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SMARTMATIC USA CORP.,<br>SMARTMATIC HOLDING B.V., AND<br>SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br>v.<br><br>HERRING NETWORKS, INC., D/B/A<br>ONE AMERICA NEWS NETWORK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:21-cv-02900-CJN |

## DECLARATION OF JOHN K. EDWARDS IN SUPPORT OF OAN'S MOTION TO MODIFY DEPOSITION LIMITS

I, John K. Edwards, declare as follows:

1.  I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN"). I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of OAN's Motion to Modify Deposition Limits.

2.  OAN has attempted in good faith to engage Smartmatic on the topic of deposition hours and limits, but Smartmatic has refused to discuss the topic. On August 14, OAN requested a meet-and-confer on deposition limits. The next day, Smartmatic responded that it was "happy to hear any proposal. On August 23, the parties held a meet-and-confer where Smartmatic refused to discuss deposition limits. A true and correct copy of the email correspondence between Smartmatic's counsel and myself on these topics is attached as Exhibit 1-A.

3.  On September 5, Smartmatic stated its position that depositions should wait until the Court issued a ruling on the May 5th Joint Notice. A true and correct copy of the

correspondence from Smartmatic's counsel, of which I received a copy via email, is attached as Exhibit 1-B.

4.      The next day, OAN responded that it disagreed with this delay and proposed a limit of 120 hours of deposition time per side excluding expert witnesses. On September 10, OAN requested dates for depositions during the weeks of September 25 or October 2. The next day, Smartmatic responded by proposing that depositions only begin in January, accompanied by an amended scheduling order. A true and correct copy of these email communications, on which I was copied, is attached as Exhibit 1-C.

5.      Smartmatic has identified 38 potential persons with discoverable information in its initial disclosures, nine of whom are current Smartmatic employees. A true and correct copy of Smartmatic's initial disclosures, which I was served, is attached as Exhibit 1-D.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 6, 2023.

John K. Edwards

# EXHIBIT 1-A

| | |
|---|---|
| **From:** | Edwards, John |
| **Sent:** | Tuesday, September 5, 2023 2:07 PM |
| **To:** | Kovacs, Caitlin; Sullivan, Olivia |
| **Cc:** | Amattey, Amakie; Wilkes, Christopher; Wertheimer, Nancy; Maldonado, Jacklyn; Butzer, Carl; Blaesche, Minoo; Pickett Shah, Bethany; Emery, Tori; Walsh, Hannah; Carlton, Emily; Trent McCotter; Dickson, Carter |
| **Subject:** | Smartmatic v. OANN - Meet & Confer Letter |
| **Attachments:** | Smartmatic_OAN - M_C Letter re_ discovery (9-5-23) (37387046.1).pdf |

Please see attached letter regarding today's meet and confer.  Thanks. - John

---

**From:** Edwards, John
**Sent:** Friday, September 1, 2023 1:33 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin:

Yes, we are many months into the litigation, and Smartmatic has yet to disclose to us what types of damages it is claiming and in which countries and jurisdictions it is claiming damages based on potential engagements that include terminated or non-renewed contracts. We asked for this information long ago as it pertains to international discovery (*e.g.*, RFPs 26, 27, 28, 30, 37, 40-41, 57-58, and ROGs 4, 7, 12), but even during our call last week you were unable to tell us without first reviewing OAN's document production. We would like to meet and confer today or no later than Tuesday. In anticipation of doing so, here are a few points that we ask that you consider:

1.      You take issue with "documents and communications regarding issues, problems, and investigations relating to Smartmatic software," saying that the discovery sought has "no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation." But issues, problems and investigations into Smartmatic would have a direct impact on its reputation. Smartmatic is claiming reputational harm. That Smartmatic obtained – independent of anything OAN did – a negative reputation through issues, problems, and investigations in those jurisdictions is directly relevant to both causation and damages.

        Smartmatic is dogged by its history — the Venezuelan roots, the CFIUS investigation, continuing controversies around the Philippines and Kenyan elections, etc. These have made it hard for Smartmatic to rehabilitate its corporate image, which directly relates to causation and damages. Courts have permitted introduction of evidence (and hence discovery, since relevance is broader than the standard for admissibility) of specific acts of misconduct in a libel case.  *See, e.g.*, *Schafer v. Time, Inc.*, 142 F.3d 1361, 1370 (11th Cir. 1998).

        Smartmatic has put its reputation at issue in this case, and we are entitled to seek discovery about it – and we are not limited in discovery of these matters to what Smartmatic may possess.

2.        Regarding Kenya and Belgium, you claim that "Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium." But what happens when Kenya or Belgium impacts whether another jurisdiction may decide to contract with Smartmatic?

        If Smartmatic has had issues, problems, or been investigated in those jurisdictions, that is relevant regardless of whether Smartmatic is seeking damages from those two jurisdictions. For the same reason, your statement that OAN "is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert" misses the point (and is misleading, as Smartmatic has refused to produce any communications). The test for relevancy is not limited to only those jurisdictions where Smartmatic is seeking damages. Just as a defendant in a lost profits case can show that lost profits were due to some other cause, OAN can show that Smartmatic's significant troubles in various jurisdictions – not any statements on OAN – are to blame for any purported inability to get contracts. We are entitled to third-party discovery on these issues.

3.        Regarding your speculation relating to the time that it will take to execute international discovery, even if it weren't speculation it would not matter, as it is no reason to not permit an attempt to get the discovery. Moreover, it is Smartmatic's near-total refusal to provide any information on international dealings (in a case where it seeks international damages) that is largely to blame. Your reference to a discovery extension jumps the gun. That is not a pending request. Speculation that none of the requested discovery will be in by a certain time is just that: speculation. And, we are commencing the discovery well before the fact discovery deadline.

Again, we ask that you reconsider and would like to meet and confer over the phone today or Tuesday at the latest. Please provide times that you are available.

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 30, 2023 8:32 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel,

**International Discovery**

Thank you providing the details of your planned request for international discovery. After analyzing your requests, we can confirm that we oppose them for several reasons, as described below. We are happy to meet and confer further on these issues if you are willing.

First, the requests seek documents that are irrelevant to OANN's defamation. For example, documents in the sole possession of a foreign government regarding "documents and communications regarding issues, problems, and investigations relating to Smartmatic software" have no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation.

Second, certain of OANN's requests relate to potential contracts with Kenya and Belgium. But these contracts have no relevance to Smartmatic's case against OANN. Smartmatic is not seeking damages based on the referenced potential

engagements in Kenya or Belgium. And, OANN is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert with respect to its damages claims; there is no need to launch a barrage of international discovery, 10 months into the litigation, to obtain documents related to damages.

Third, as you likely know, requests for discovery from international governments often take years to be processed, whether they are successful or not. Discovery in this case has been ongoing since October 2022, and the fact discovery deadline is coming up on December 8, 2023. OANN's proposed requests are incredibly unlikely to result in any production of documents by that time, and the tangential relationship they have to the case does not justify an extension of the discovery deadline to allow OANN time to pursue discovery from <u>eight</u> foreign governments. If OANN wanted to pursue this discovery, it should have done so much earlier.

**Spanish Search Terms**

Attached is a list of Spanish search terms we have used to identify relevant documents. These terms have been run in addition to (and not in place of) the English terms the parties have discussed. Please let us know if you have any questions.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 28, 2023 8:13 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

John,

This is received. We will respond as soon as we can.

Caitlin



Caitlin A. Kovacs
(she/her/hers)

Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 28, 2023 2:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, we had asked that the following information be provided by last Friday, but no response:  (1) Spanish language queries used in related litigation; and (2) deposition limits agreed to (or proposed) in related litigation.  Please let us know today.

Also, attached is a letter providing additional information about our motion related to international discovery.  Please advise whether opposed or unopposed by Wednesday, August 30, 2023.

Thanks. - John

---

**From:** Dickson, Carter <cdickson@jw.com>
**Sent:** Thursday, August 24, 2023 11:07 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin and Olivia,

Please see the attached letter and revised Exhibit A.

Thanks,

**Carter Dickson**
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4331 | F: (713) 752-4221 | cdickson@jw.com



4

**From:** Kovacs, Caitlin <[CKovacs@beneschlaw.com](mailto:CKovacs@beneschlaw.com)>
**Sent:** Wednesday, August 23, 2023 9:47 AM
**To:** Edwards, John <[jedwards@jw.com](mailto:jedwards@jw.com)>; Sullivan, Olivia <[OSullivan@beneschlaw.com](mailto:OSullivan@beneschlaw.com)>
**Cc:** Amattey, Amakie <[AAmattey@beneschlaw.com](mailto:AAmattey@beneschlaw.com)>; Wilkes, Christopher <[CWilkes@beneschlaw.com](mailto:CWilkes@beneschlaw.com)>; Wertheimer, Nancy <[NWertheimer@beneschlaw.com](mailto:NWertheimer@beneschlaw.com)>; Maldonado, Jacklyn <[JMaldonado@beneschlaw.com](mailto:JMaldonado@beneschlaw.com)>; Butzer, Carl <[cbutzer@jw.com](mailto:cbutzer@jw.com)>; Blaesche, Minoo <[mblaesche@jw.com](mailto:mblaesche@jw.com)>; Pickett Shah, Bethany <[bpickett@jw.com](mailto:bpickett@jw.com)>; Dickson, Carter <[cdickson@jw.com](mailto:cdickson@jw.com)>; Emery, Tori <[temery@jw.com](mailto:temery@jw.com)>; Walsh, Hannah <[hwalsh@jw.com](mailto:hwalsh@jw.com)>; Carlton, Emily <[erhine@jw.com](mailto:erhine@jw.com)>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel,

In advance of our conversation, please see the attached letters previously exchanged between the parties. Specifically, see p. 11 of both exchanges.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
[CKovacs@beneschlaw.com](mailto:CKovacs@beneschlaw.com) | [www.beneschlaw.com](http://www.beneschlaw.com)
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: [www.beneschlaw.com/confidentialitynotice](http://www.beneschlaw.com/confidentialitynotice)

**From:** Edwards, John <[jedwards@jw.com](mailto:jedwards@jw.com)>
**Sent:** Wednesday, August 16, 2023 5:01 PM
**To:** Kovacs, Caitlin <[CKovacs@beneschlaw.com](mailto:CKovacs@beneschlaw.com)>; Sullivan, Olivia <[OSullivan@beneschlaw.com](mailto:OSullivan@beneschlaw.com)>
**Cc:** Amattey, Amakie <[AAmattey@beneschlaw.com](mailto:AAmattey@beneschlaw.com)>; Wilkes, Christopher <[CWilkes@beneschlaw.com](mailto:CWilkes@beneschlaw.com)>; Wertheimer, Nancy <[NWertheimer@beneschlaw.com](mailto:NWertheimer@beneschlaw.com)>; Maldonado, Jacklyn <[JMaldonado@beneschlaw.com](mailto:JMaldonado@beneschlaw.com)>; Butzer, Carl <[cbutzer@jw.com](mailto:cbutzer@jw.com)>; Blaesche, Minoo <[mblaesche@jw.com](mailto:mblaesche@jw.com)>; Pickett Shah, Bethany <[bpickett@jw.com](mailto:bpickett@jw.com)>; Dickson, Carter <[cdickson@jw.com](mailto:cdickson@jw.com)>; Emery, Tori <[temery@jw.com](mailto:temery@jw.com)>; Walsh, Hannah <[hwalsh@jw.com](mailto:hwalsh@jw.com)>; Rhine, Emily <[erhine@jw.com](mailto:erhine@jw.com)>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

That should work on our end – I'll send an invite.

**From:** Kovacs, Caitlin <[CKovacs@beneschlaw.com](mailto:CKovacs@beneschlaw.com)>
**Sent:** Wednesday, August 16, 2023 3:30 PM
**To:** Edwards, John <[jedwards@jw.com](mailto:jedwards@jw.com)>; Sullivan, Olivia <[OSullivan@beneschlaw.com](mailto:OSullivan@beneschlaw.com)>
**Cc:** Amattey, Amakie <[AAmattey@beneschlaw.com](mailto:AAmattey@beneschlaw.com)>; Wilkes, Christopher <[CWilkes@beneschlaw.com](mailto:CWilkes@beneschlaw.com)>; Wertheimer, Nancy <[NWertheimer@beneschlaw.com](mailto:NWertheimer@beneschlaw.com)>; Maldonado, Jacklyn <[JMaldonado@beneschlaw.com](mailto:JMaldonado@beneschlaw.com)>; Butzer, Carl <[cbutzer@jw.com](mailto:cbutzer@jw.com)>; Blaesche, Minoo <[mblaesche@jw.com](mailto:mblaesche@jw.com)>; Pickett Shah, Bethany <[bpickett@jw.com](mailto:bpickett@jw.com)>; Dickson, Carter <[cdickson@jw.com](mailto:cdickson@jw.com)>; Emery, Tori <[temery@jw.com](mailto:temery@jw.com)>; Walsh, Hannah <[hwalsh@jw.com](mailto:hwalsh@jw.com)>; Rhine, Emily

<erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<p style="text-align:center"><strong style="color:red">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</strong></p>

John,

We are currently open next Wednesday morning. Could we pencil in 10am?

There's a small chance I will have a conflict pop up that requires some adjustment. If so, I'll let you know ASAP, and will try to avoid that.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 12:43 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, thank you for the letter & email below.  I am in depositions until Tuesday – would you be available to meet & confer on Tuesday between noon-5pm or on Wednesday morning before noon?

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, August 15, 2023 3:19 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<p style="text-align:center"><strong style="color:red">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</strong></p>

John,

Our response to your August 3 letter is attached. We request a meet and confer on a handful of specified topics within the letter. We are available this Thursday between 9:30-2 CT or on Friday between 10-4 CT.

As for your questions below:

1. As we have previously indicated, there are currently no expert reports in the Fox litigation. Once expert reports are exchanged, we will consider producing them here if they are relevant.
2. Smartmatic is asserting reputational harm in foreign countries. Is there an interrogatory OANN has issued that you would like to point us to as the basis for further discussion?
3. We are happy to hear any proposal OANN has regarding depositions.

Thanks,
Caitlin

---



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 14, 2023 11:51 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, you indicated below we would hear back in response to my July 25 and August 3 letters last week but we did not. It's been 3 weeks since the July 25 letter. We request a meet & confer by this Wednesday on the subjects outlined in the July 25 and August 3 letters as well as the following:

1. Whether Smartmatic will produce its expert reports issued in its case against Fox, and if so, when.
2. Whether Smartmatic is claiming damages from reputational harm in any foreign countries, and if so, which ones.
3. Discussion of deposition limits – number/hours.

Please let me know your availability today through Wednesday. Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 7, 2023 6:15 PM

**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are in receipt of OANN's July 25 and August 3 letters. We will respond to both of them this week.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Thursday, August 3, 2023 4:36 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter.

Thanks. – John

**From:** Edwards, John
**Sent:** Tuesday, July 25, 2023 5:19 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter and search terms chart.  Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Friday, July 21, 2023 4:03 PM
**To:** Edwards, John <jedwards@jw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>
**Subject:** Smartmatic v. OANN - Custodians and Search Terms

<div align="center">

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

</div>

John,

Please see the attached correspondence, which includes an updated search terms chart. We've included a word version of the chart for ease of reference.

Have a great weekend.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

# EXHIBIT 1-B



Caitlin Alejandrina Kovacs
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.624.6392
Fax:  312.767.9112
ckovacs@beneschlaw.com

September 5, 2023

John Edwards
Jackson Walker LLP
1401 McKinney Suite 1900
Houston, TX 77010

      Re:    Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News
              Network; Case No. 1:21-cv-02900-CJN

Dear Counsel:

      We write to summarize Smartmatic USA Corp.'s ("Smartmatic") and Herring Networks, Inc.'s ("OANN") videoconference on September 5, 2023, during which the parties met and conferred about OANN's plan to conduct international discovery and the deposition schedule.

### International Discovery

      As explained in OANN's August 28 letter, OANN seeks to issue letters rogatory and other international discovery requests to various entities located in the Philippines, Venezuela, Brazil, Denmark, Bulgaria, Kenya, Belgium, and Oman. The information that OANN seeks to discover broadly pertains to (1) governmental investigations into Smartmatic, (2) foreign governments' experience with their use of Smartmatic's software and/or services, and (3) Smartmatic's lost business opportunities in those countries.

      Smartmatic's position is that the parties' May 5 joint submission to the Court, which the Court has yet to address, encompasses the parties' dispute as to the relevance of the first two categories of information. Smartmatic's Complaint, which is predicated on OANN's false reporting that Smartmatic rigged the 2020 U.S. Presidential Election, has no logical connection to investigations of Smartmatic's involvement in other countries' elections, which did not involve any allegations of election rigging. Moreover, the details of other countries' engagements with Smartmatic's voting technology are just as irrelevant to Smartmatic's reputational harm. At issue in this case is whether Smartmatic in fact rigged the 2020 election, as OANN reported, and not the full universe of Smartmatic's prior conduct. As Smartmatic explained in the May 5 joint submission, if OANN wishes to introduce evidence of discrete conduct to establish Smartmatic's reputation, then it is limited to prior instances in which Smartmatic rigged elections.

      Nonetheless, OANN insists that it is entitled to conduct the proposed international discovery because, according to OANN, the information is relevant to Smartmatic's reputation. OANN also believes that its planned international discovery requests comprise a broader swath of information than what is extensively addressed in the parties' May 5 joint submission. OANN

September 5, 2023
Page 2

pointed to Interrogatory No. 4 as an example, which seeks information about terminated contracts regardless of whether Smartmatic intends to seek damages for their loss. Smartmatic confirmed that it is producing documents in response to Interrogatory No. 4 and that it will update its interrogatory response in accordance with the parties' preexisting agreement. Smartmatic also expressed that not *all* lost contracts are relevant to the Complaint. Smartmatic has repeatedly committed to identifying the lost deals that will form the basis of its specific damages claim, and has already begun to identify which deals are *not* part of that claim. For instance, Smartmatic confirmed that it is not seeking damages based on its operations in Kenya and Belgium. Further, Smartmatic has already agreed to run 10 broad search terms that will result in the production of thousands of documents relating to Smartmatic's reputation, brand, and position in the market. Smartmatic has also agreed to produce the same documents given to its customers who inquired about any foreign government's investigation and any documents relating to security breaches of Smartmatic's election technology, to incidents involving allegations of election fraud or tampering by Smartmatic, to media outlets' criticisms of Smartmatic, to negative feedback about Smartmatic's election technology, and to the certification, authentication, or validation of Smartmatic's election technology. Thus, Smartmatic continues to object to OANN's proposed letters rogatory and international discovery as irrelevant, overly broad, and unduly burdensome.

Smartmatic assured OANN that it would provide further updates on which lost business opportunities, Smartmatic alleges, are traceable to the OANN's defamatory statements. Although OANN believes that Smartmatic should have disclosed this information at this juncture of the litigation, OANN disregards how its own role in slow rolling its production has contributed to any delay.

At the discussion's conclusion, the parties agreed that they were at an impasse. OANN informed Smartmatic that it was preparing another joint submission outlining the parties' discovery disputes to Judge Nichols's chambers and confirmed that it would confer with Smartmatic before submitting it.

**<u>Deposition Planning</u>**

The parties had differing recollections of their discussion of the deposition schedule on August 23. Smartmatic recalls that OANN expressly agreed to delay scheduling depositions until after the Court had addressed the parties' disputes outlined in the May 5 joint submission. Smartmatic is unable to make an informed assessment of its deposition needs until OANN's production is substantially complete. OANN, however, now denies having agreed to that schedule. OANN does not believe that depositions need await the Court's resolution of the parties' May 5 joint submission, nor does OANN see how its failure to timely produce documents might impede setting deposition parameters. OANN thus intends to proceed with noticing depositions, and the parties are at an impasse.

September 5, 2023
Page 3

Best regards,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP


Caitlin Alejandrina Kovacs

CAK:cjw

# EXHIBIT 1-C

| | |
|---|---|
| **From:** | Kovacs, Caitlin <CKovacs@beneschlaw.com> |
| **Sent:** | Tuesday, September 12, 2023 9:54 PM |
| **To:** | Edwards, John; Wilkes, Christopher; Sullivan, Olivia |
| **Cc:** | Amattey, Amakie; Wertheimer, Nancy; Maldonado, Jacklyn; Butzer, Carl; Blaesche, Minoo; Pickett Shah, Bethany; Emery, Tori; Walsh, Hannah; Carlton, Emily; Trent McCotter; Dickson, Carter |
| **Subject:** | RE: Smartmatic v. OANN - Deposition Scheduling |

<p style="text-align:center"><strong style="color:red">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</strong></p>

Counsel,

I write with Smartmatic's proposal as promised. As we have repeatedly discussed with you, OANN's production remains severely deficient. OANN's recent production has not remedied that deficiency. To date, OANN has produced approximately 200,000 documents, the majority of which were produced just last month, and the lion's share of these productions contain non-responsive documents. By contrast, Smartmatic has consistently made material rolling productions and has to date produced over 2 million documents. Smartmatic's multiple motions to compel, teed up for the Court in early May, still await full briefing. Further, OANN has refused to produce any documents in response to Smartmatic's Second Set of Requests for Production, which will require the Court's intervention.

OANN must produce a full record before the parties can proceed to depositions. Given OANN's serious delay in complying with its discovery obligations, Smartmatic believes the parties require an extension of the fact discovery schedule such that discovery will end on **April 8, 2024.** Depositions should be scheduled to begin on **January 8, 2024**. Please let us know by **Thursday, September 14** whether OANN opposes this request.

Further, we believe deposition negotiations should begin once OANN is closer to making a full production, such that Smartmatic can assess how many witnesses are necessary based on how many individuals were involved in the defamatory publications. We propose that the parties negotiate deposition limits and begin scheduling discussions in November.  Please let us know OANN's position in response by this **Thursday, September 14**.


Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, September 11, 2023 10:32 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>

**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

John,

We are in discussions with our client regarding Smartmatic's proposal on deposition planning. We will reach out with that proposal when it is signed off. OANN's unilateral deadlines below are, of course, inappropriate, especially in the face of OANN's failure to comply with its discovery obligations, and its efforts to take advantage of Smartmatic's compliance in the meantime. We will share Smartmatic's proposal as soon as practicable.

Regards,



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Sunday, September 10, 2023 3:09 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Re: Smartmatic v. OANN - Deposition Scheduling

John,

Thanks for your email. We will be in touch tomorrow. Have a great rest of your weekend.



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Sunday, September 10, 2023 2:00:17 PM
**To:** Wilkes, Christopher <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Deposition Scheduling

Caitlin, we ask that you provide available dates for Smartmatic counsel and the witness for the depositions of the Smartmatic employee/representative(s) listed below during the weeks of September 25 and October 2, 2023.  We ask that dates be provided by 5pm on Tuesday, September 12.  If dates during the requested two-week period are not provided by Tuesday, we'll proceed to notice the depositions during the weeks of September 25th or October 2nd via service upon your firm (unless you advise otherwise).

1.     Alexander Aparicio
2.     Rule 30b6 witness for each Plaintiff (topics attached)

Further, below are names and dates for the depositions of third-party witnesses we intend to depose at this time.  Please advise which dates work for Smartmatic counsel by 5pm on Tuesday, September 12 – if we don't receive dates, we'll proceed to serve subpoenas for one of the dates listed below.

1.     Jack Blaine – Sept. 29, Oct. 2, 3
2.     Hugh Gallagher – Oct. 4, 5, 6.
3.     Ernesto Parisca – Oct. 9, 10, 11.

Finally, I await a response to my email from Wednesday (below) proposing 120 hours of deposition time per side, including third parties but excluding expert witnesses.  If we don't hear back with a substantive proposal by Tuesday, we'll conclude that your prior refusal to discuss deposition parameters at this time has not changed.

Thanks. - John

**From:** Edwards, John
**Sent:** Wednesday, September 6, 2023 10:44 AM
**To:** 'Wilkes, Christopher' <CWilkes@beneschlaw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

Caitlin, we disagree with the characterizations of our intended international discovery made in your September 5 letter (attached), which you sent after our letter memorializing the parties' meet and confer (also attached).

As for deposition planning, I understand that you seek to prevent depositions until the May 5 Joint Notice is resolved. We have never agreed to that and do not agree now. To meet the Court's December 8 fact discovery deadline, depositions must start immediately. There is no stay of discovery and no rule under which either party can unilaterally dictate the timing of depositions. Absent such restrictions, either party is free to conduct depositions.

We are puzzled by your approach, as Plaintiffs are typically eager to *commence* depositions. Your reluctance to do so, falsely premised on the need for "substantial completion" of OAN's production which is, in fact, substantially complete, suggests an unwillingness to prosecute this case. Unless you agree to negotiate now in good faith on deposition hour limits, we are considering a motion to dismiss for failure to prosecute. Our proposal is this: 120 hours per side, to include third-parties but exclude expert witnesses. Please let me know your position; and if you remain unwilling to engage, tell us whether you are opposed to a motion to dismiss for failure to prosecute the case.

Thanks. - John

---

**From:** Wilkes, Christopher <CWilkes@beneschlaw.com>
**Sent:** Tuesday, September 5, 2023 6:44 PM
**To:** Edwards, John <jedwards@jw.com>; Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Meet & Confer Letter

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Counsel,

Please find Smartmatic's letter regarding today's meet and confer attached.

Thanks,
Chris



Christopher J. Wilkes
(he/him/his)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4968 | CWilkes@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, September 5, 2023 2:07 PM

**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** Smartmatic v. OANN - Meet & Confer Letter

Please see attached letter regarding today's meet and confer.  Thanks. - John

---

**From:** Edwards, John
**Sent:** Friday, September 1, 2023 1:33 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin:

Yes, we are many months into the litigation, and Smartmatic has yet to disclose to us what types of damages it is claiming and in which countries and jurisdictions it is claiming damages based on potential engagements that include terminated or non-renewed contracts. We asked for this information long ago as it pertains to international discovery (*e.g.*, RFPs 26, 27, 28, 30, 37, 40-41, 57-58, and ROGs 4, 7, 12), but even during our call last week you were unable to tell us without first reviewing OAN's document production. We would like to meet and confer today or no later than Tuesday. In anticipation of doing so, here are a few points that we ask that you consider:

1.      You take issue with "documents and communications regarding issues, problems, and investigations relating to Smartmatic software," saying that the discovery sought has "no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation." But issues, problems and investigations into Smartmatic would have a direct impact on its reputation. Smartmatic is claiming reputational harm. That Smartmatic obtained – independent of anything OAN did – a negative reputation through issues, problems, and investigations in those jurisdictions is directly relevant to both causation and damages.

        Smartmatic is dogged by its history — the Venezuelan roots, the CFIUS investigation, continuing controversies around the Philippines and Kenyan elections, etc. These have made it hard for Smartmatic to rehabilitate its corporate image, which directly relates to causation and damages. Courts have permitted introduction of evidence (and hence discovery, since relevance is broader than the standard for admissibility) of specific acts of misconduct in a libel case.  *See, e.g.*, *Schafer v. Time, Inc.*, 142 F.3d 1361, 1370 (11th Cir. 1998).

        Smartmatic has put its reputation at issue in this case, and we are entitled to seek discovery about it – and we are not limited in discovery of these matters to what Smartmatic may possess.

2.      Regarding Kenya and Belgium, you claim that "Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium." But what happens when Kenya or Belgium impacts whether another jurisdiction may decide to contract with Smartmatic?

        If Smartmatic has had issues, problems, or been investigated in those jurisdictions, that is relevant regardless of whether Smartmatic is seeking damages from those two jurisdictions. For the same reason, your statement that OAN "is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert" misses the

point (and is misleading, as Smartmatic has refused to produce any communications. The test for relevancy is not limited to only those jurisdictions where Smartmatic is seeking damages. Just as a defendant in a lost profits case can show that lost profits were due to some other cause, OAN can show that Smartmatic's significant troubles in various jurisdictions – not any statements on OAN – are to blame for any purported inability to get contracts. We are entitled to third-party discovery on these issues.

3.      Regarding your speculation relating to the time that it will take to execute international discovery, even if it weren't speculation it would not matter, as it is no reason to not permit an attempt to get the discovery. Moreover, it is Smartmatic's near-total refusal to provide any information on international dealings (in a case where it seeks international damages) that is largely to blame. Your reference to a discovery extension jumps the gun. That is not a pending request. Speculation that none of the requested discovery will be in by a certain time is just that: speculation. And, we are commencing the discovery well before the fact discovery deadline.

Again, we ask that you reconsider and would like to meet and confer over the phone today or Tuesday at the latest. Please provide times that you are available.

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 30, 2023 8:32 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<p align="center">**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***</p>

Counsel,

**International Discovery**

Thank you providing the details of your planned request for international discovery. After analyzing your requests, we can confirm that we oppose them for several reasons, as described below. We are happy to meet and confer further on these issues if you are willing.

First, the requests seek documents that are irrelevant to OANN's defamation. For example, documents in the sole possession of a foreign government regarding "documents and communications regarding issues, problems, and investigations relating to Smartmatic software" have no bearing on the truth or falsity of OANN's defamatory statements, nor do they have any bearing on the harm done to Smartmatic's reputation.

Second, certain of OANN's requests relate to potential contracts with Kenya and Belgium. But these contracts have no relevance to Smartmatic's case against OANN. Smartmatic is not seeking damages based on the referenced potential engagements in Kenya or Belgium. And, OANN is already receiving documents directly from Smartmatic regarding any lost deals that Smartmatic will assert with respect to its damages claims; there is no need to launch a barrage of international discovery, 10 months into the litigation, to obtain documents related to damages.

Third, as you likely know, requests for discovery from international governments often take years to be processed, whether they are successful or not. Discovery in this case has been ongoing since October 2022, and the fact discovery deadline is coming up on December 8, 2023. OANN's proposed requests are incredibly unlikely to result in any

production of documents by that time, and the tangential relationship they have to the case does not justify an extension of the discovery deadline to allow OANN time to pursue discovery from <u>eight</u> foreign governments. If OANN wanted to pursue this discovery, it should have done so much earlier.

**Spanish Search Terms**

Attached is a list of Spanish search terms we have used to identify relevant documents. These terms have been run in addition to (and not in place of) the English terms the parties have discussed. Please let us know if you have any questions.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 28, 2023 8:13 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

John,

This is received. We will respond as soon as we can.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 28, 2023 2:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, we had asked that the following information be provided by last Friday, but no response:  (1) Spanish language queries used in related litigation; and (2) deposition limits agreed to (or proposed) in related litigation.  Please let us know today.

Also, attached is a letter providing additional information about our motion related to international discovery.  Please advise whether opposed or unopposed by Wednesday, August 30, 2023.

Thanks. - John

**From:** Dickson, Carter <cdickson@jw.com>
**Sent:** Thursday, August 24, 2023 11:07 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin and Olivia,

Please see the attached letter and revised Exhibit A.

Thanks,
**Carter Dickson**
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4331 | F: (713) 752-4221 | cdickson@jw.com

**JW | Jackson Walker LLP**

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 23, 2023 9:47 AM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl

<cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<p align="center">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</p>

Counsel,

In advance of our conversation, please see the attached letters previously exchanged between the parties. Specifically, see p. 11 of both exchanges.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 5:01 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

That should work on our end – I'll send an invite.

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, August 16, 2023 3:30 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

<p align="center">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</p>

John,

We are currently open next Wednesday morning. Could we pencil in 10am?

There's a small chance I will have a conflict pop up that requires some adjustment. If so, I'll let you know ASAP, and will try to avoid that.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Wednesday, August 16, 2023 12:43 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, thank you for the letter & email below.  I am in depositions until Tuesday – would you be available to meet & confer on Tuesday between noon-5pm or on Wednesday morning before noon?

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, August 15, 2023 3:19 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

Our response to your August 3 letter is attached. We request a meet and confer on a handful of specified topics within the letter. We are available this Thursday between 9:30-2 CT or on Friday between 10-4 CT.

As for your questions below:

1. As we have previously indicated, there are currently no expert reports in the Fox litigation. Once expert reports are exchanged, we will consider producing them here if they are relevant.

2. Smartmatic is asserting reputational harm in foreign countries. Is there an interrogatory OANN has issued that you would like to point us to as the basis for further discussion?
3. We are happy to hear any proposal OANN has regarding depositions.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, August 14, 2023 11:51 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin, you indicated below we would hear back in response to my July 25 and August 3 letters last week but we did not.  It's been 3 weeks since the July 25 letter.  We request a meet & confer by this Wednesday on the subjects outlined in the July 25 and August 3 letters as well as the following:

1. Whether Smartmatic will produce its expert reports issued in its case against Fox, and if so, when.
2. Whether Smartmatic is claiming damages from reputational harm in any foreign countries, and if so, which ones.
3. Discussion of deposition limits – number/hours.

Please let me know your availability today through Wednesday.  Thanks. - John

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, August 7, 2023 6:15 PM
**To:** Edwards, John <jedwards@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

We are in receipt of OANN's July 25 and August 3 letters. We will respond to both of them this week.

Thanks,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Thursday, August 3, 2023 4:36 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter.

Thanks. – John

---

**From:** Edwards, John
**Sent:** Tuesday, July 25, 2023 5:19 PM
**To:** 'Kovacs, Caitlin' <CKovacs@beneschlaw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Subject:** RE: Smartmatic v. OANN - Custodians and Search Terms

Caitlin/Olivia, please see attached letter and search terms chart.  Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Friday, July 21, 2023 4:03 PM
**To:** Edwards, John <jedwards@jw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Dickson, Carter <cdickson@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Rhine, Emily <erhine@jw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher

<CWilkes@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn
<JMaldonado@beneschlaw.com>
**Subject:** Smartmatic v. OANN - Custodians and Search Terms

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John,

Please see the attached correspondence, which includes an updated search terms chart. We've included a word version
of the chart for ease of reference.

Have a great weekend.

Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

# EXHIBIT 1-D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK | Judge Carl J. Nichols |
| Defendant. | |

## SMARTMATIC'S INITIAL DISCLOSURES

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation ("Smartmatic") submit the following disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) based upon current information reasonably available to Smartmatic. By making these disclosures, Smartmatic expressly reserves all objections relative to the use, for any purpose, of these initial disclosures or of any information or document referenced herein. These disclosures are based upon information reasonably available to Smartmatic at this time and without prejudice to its right to supplement or amend these initial disclosures as necessary or appropriate in accordance with Rules 26(a)(l) and 26(e) of the Federal Rules of Civil Procedure, and the local rules of this Court.

## I.      INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Smartmatic identifies the following individuals as being likely to have discoverable information that Smartmatic currently believes it may use to support its claims, other than those solely for impeachment.

- **Elma Aksalic** (address unknown)

Ms. Aksalic is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Shane Althaus** (address unknown)

Mr. Althaus is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Dan Ball** (address unknown)

Mr. Ball is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Kyle Becker** (address unknown)

Mr. Becker is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Christina Bobb** (address unknown)

Ms. Bobb is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Eric Bolling** (address unknown)

Mr. Bolling is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Clay Clark** (address unknown)

Mr. Clark is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Eduardo Correia**, Chief Technical Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Correia may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Joseph diGenova** (address unknown)

Mr. diGenova is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael Dinow** (address unknown)

Mr. Dinow is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Emily Finn** (address unknown)

Ms. Finn is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Tom Fitton** (address unknown)

Mr. Fitton is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Stephanie Hamill** (address unknown)

Ms. Hamill is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Natalie Harp** (address unknown)

Ms. Harp is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Fernando Hernandez,** Vice President, Voting Systems, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Hernandez is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Charles Herring** (address unknown)

Mr. Herring is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Robert Herring Sr.** (address unknown)

Mr. Herring is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **John Hines** (address unknown)

Mr. Hines is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Patrick Hussion** (address unknown)

Mr. Hussion is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael Johns** (address unknown)

Mr. Johns is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Evi Kokalari-Angelakis** (address unknown)

Ms. Kokalari-Angelakis is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael J. Lindell** (address unknown)

Mr. Lindell is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Dean Logan**, Registrar Recorder/County Clerk, Los Angeles County, CA (12400 Imperial Hwy., Norwalk, CA 90650)

Mr. Logan is likely to have knowledge and/or discoverable information concerning the matters alleged in Smartmatic's Complaint, including Smartmatic's relationship with Los Angeles County and services provided by Smartmatic in connection with the 2020 Presidential election.

- **Samantha Lomibao** (address unknown)

Ms. Lomibao is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **James Long,** U.S. Voting Systems Director, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Long may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's provision of election technology and services within the United States, including to Los Angeles County, and Smartmatic's damages.

- **Kara McKinney** (address unknown)

Ms. McKinney is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Elie Moreno,** Global Services Vice President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Moreno may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Antonio Mugica,** Chief Executive Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Mugica may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's founding and corporate history, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Pedro Mugica,** Global Sales President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Mugica may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Stephanie Myers** (address unknown)

Ms. Myers is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Roger Piñate Jr.,** President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Piñate may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint,

including Smartmatic's founding, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Roger Vicente Piñate,** Chief Financial Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Piñate may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's financial data and history and Smartmatic's damages.

- **Chanel Rion** (address unknown)

Ms. Rion is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Samira Saba,** Communications Director, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Ms. Saba may be contacted through counsel for Smartmatic. She is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's media communications, Smartmatic's election technology and services, and Smartmatic's damages.

- **Alex Salvi** (address unknown)

Mr. Salvi is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Allan Santos** (address unknown)

Mr. Santos is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Keith Trippie** (address unknown)

Mr. Trippie is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **J. Michael Waller** (address unknown)

Mr. Waller is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

Smartmatic anticipates that other individuals will be identifiable from the document productions that will be made in this litigation who have knowledge or discoverable information, and that it may use information from those individuals to support its claims. Smartmatic also anticipates other, unknown, individuals may also have discoverable information that Smartmatic may use to support its claims. As such, Smartmatic reserves the right to supplement this disclosure pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Smartmatic incorporates by reference the parties and individuals named in Defendants' Rule 26(a)(1) initial disclosures.

## II.    DOCUMENTS SUPPORTING SMARTMATIC'S CLAIMS

Based upon information currently available, Smartmatic identifies the following categories of documents, electronically stored information, and tangible things of the type currently known to be in the possession, custody, or control of Smartmatic, that it may use to support its claims, unless solely for impeachment. Subject to the foregoing, Smartmatic identifies the following categories of documents:

- documents and communications in the possession, custody, and control of Smartmatic relating to negotiations and contracts with customers who purchased or licensed products and/or software from Smartmatic;

- documents and communications in the possession, custody, and control of Smartmatic relating to bids and proposals for potential projects;

- documents and communications in the possession, custody, and control of Smartmatic relating to Smartmatic's services rendered in Los Angeles County in connection with the 2020 U.S. Presidential election;

- documents and communications in the possession, custody, and control of Smartmatic relating to its founding and incorporation;

- documents and communications in the possession, custody, and control of Smartmatic relating to its financial records, including audited and unaudited financial statements and other accounting records;

- documents and communications in the possession, custody, and control of Smartmatic relating to its business plans, budgets, and projections;

- documents and communications in the possession, custody, and control of Smartmatic relating to sales and marketing, including advertisements, marketing emails, and similar communications; and

- documents and communications in the possession, custody, and control of Smartmatic relating to Smartmatic's costs expended to mitigate the impact of Defendants' defamatory statements.

To the extent such documents exist, they are primarily located at Smartmatic's or its counsel's offices. Smartmatic reserves the right to amend these disclosures as ongoing investigation and/or discovery reveal documents, electronically stored information, or tangible things Smartmatic may use to support its claims. In making these disclosures Smartmatic reserves the right to object to the admissibility and relevance of such documents.

## III.    COMPUTATION OF DAMAGES

Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Smartmatic discloses the categories of damages below. Smartmatic does not currently have sufficient information to provide a complete computation of its damages. The amount of damages adequate to compensate Smartmatic for Defendants' defamatory statements will be established through discovery and expert testimony. Smartmatic will disclose its computation of economic damages in compliance with the expert disclosure schedule set forth in the Court's case management order.

- general compensatory damages in an amount to be proven at trial;

- actual, consequential, and special damages, including Smartmatic's lost profits, diminution in enterprise value, and costs incurred to attempt to mitigate the harm caused by Defendants' defamatory statements;

- punitive damages due to Defendants' willful behavior;

- pre-judgment and post-judgment interest;

- Smartmatic's expenses and costs, including attorney's fees; and

- such other and further relief that the Court deems just and appropriate.

Smartmatic will make available for inspection and copying the documents and/or other evidentiary material, not privileged or protected from disclosure, on which computation of the above categories of damages is based. Smartmatic reserves its right to further supplement this description of categories and computation as discovery progresses.

## IV.    INSURANCE AGREEMENTS

Smartmatic does not have any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: November 3, 2022

> _____/s/ J. Erik Connolly_____
> J. Erik Connolly (D.C. Bar No. IL0099)
> Nicole E. Wrigley (D.C. Bar No. IL0101)
> Lee B. Muench (admitted *pro hac vice*)
> James R. Bedell (admitted *pro hac vice*)
> Julie M. Loftus (admitted *pro hac vice*)
> BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
> 71 South Wacker Drive, Suite 1600
> Chicago, IL 60606
> Telephone: 312.212.4949
> econnolly@beneschlaw.com
> nwrigley@beneschlaw.com
> lmuench@beneschlaw.com
> jbedell@beneschlaw.com
> jloftus@beneschlaw.com
>
> *Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on November 3, 2022, I caused the foregoing to be

served via electronic mail on all counsel of record in this matter:

**VEDDER PRICE P.C.**

Blaine Kimrey, Bar No. IL0091; bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094; jpark@vedderprice.com
Bryan Clark, Bar No. IL0090; bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093; bledebuhr@vedderprice.com
222 North LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 609 5005

Brian K. McCalmon, Bar No. 461196; bmccalmon@vedderprice.com
1401 New York Avenue, Suite 500
Washington, DC 20005
T: +1 202 312 3320
F: +1 202 312 3322

*Attorneys for Defendants*

/s/ Lee B. Muench
_____

Lee B. Muench