# Ex. D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP.,  ) | |
| SMARTMATIC HOLDING B.V., AND  ) | |
| SGO CORPORATION LIMITED,  ) | |
|  ) | |
| Plaintiffs,  ) | Civil Action No. 1:21-cv-02900-CJN |
| v.  ) | |
|  ) | |
| HERRING NETWORKS, INC., D/B/A  ) | |
| ONE AMERICA NEWS NETWORK,  ) | |
|  ) | |
| Defendant.  ) | |

**DEFENDANT'S OPPOSED MOTION TO COMPEL**
**AMENDED INITIAL DISCLOSURES**

Defendant Herring Networks, Inc., d/b/a One America News Network ("OAN") files this Motion to Compel Amended Initial Disclosures pursuant to Rule 37 of the Federal Rules of Civil Procedure and respectfully shows the Court the following:

## I.      INTRODUCTION

Contrary to the requirements of the Federal Rules of Civil Procedure, Smartmatic[1] refuses to specifically identify how it is computing over *$2 billion* in damages against OAN and what documents support it. Rule 26(a)(1)(iii) requires, "without awaiting a discovery request," the disclosure of the "computation" of each category of damages, the documents upon which "each computation is based," and materials bearing on the nature and extent of injuries suffered. Rule 26 further provides that "[a] party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures." Fed. R. Civ. P. 26(a)(1)(E). Smartmatic filed this suit over *two years ago*, but despite requests to amend

---

[1] Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited are referred to collectively as "Smartmatic."

1

its disclosures, Smartmatic has yet to disclose the information required by Rule 26(a)(1)(iii). Instead, Smartmatic merely refers to broad categories of alleged damages, which is grossly deficient.

OAN requests that the Court order Smartmatic to amend its initial disclosures with the specific information required by Rule 26(a)(1)(iii) within seven days of the Court's order, and if it fails to do so, exclude evidence of purported damages at trial.

## II.     BACKGROUND

Smartmatic served its Rule 26(a)(1) Disclosures nearly a year ago. Exhibit 1-A (served on November 3, 2022). At section III, Computation of Damages, Smartmatic responded by providing only a general list of categories of damages, including:

- general compensatory damages in an amount to be proven at trial;
- actual, consequential, and special damages, including Smartmatic's lost profits,
- diminution in enterprise value, and costs incurred to attempt to mitigate the harm
- caused by Defendants' defamatory statements;
- punitive damages due to Defendants' willful behavior;
- pre-judgment and post-judgment interest;
- Smartmatic's expenses and costs, including attorney's fees; and
- such other and further relief that the Court deems just and appropriate.

Exh. 1-A at 8-9. Smartmatic vaguely proffered that the amount of damages would be "established through discovery and expert testimony" and that Smartmatic would "disclose its computation of economic damages in compliance with the expert disclosure schedule set forth in the Court's case management order." *Id.* at 8. Smartmatic also included form language stating that it would "make available for inspection and copying the documents and/or other evidentiary material, not privileged or protected from disclosure, on which computation of the above categories of damages is based." *Id.* at 9.

OAN has repeatedly requested that Smartmatic identify the alleged lost contracts and damages it is seeking against OAN with specificity, as it was required to do at the outset of the discovery process.  This includes information sought by Interrogatory No. 4, which is the subject of the May 5 Joint Notice of Discovery Dispute, but also by e-mails on August 14, 2023 and September 1, 2023. On October 9, 2023, OAN sent an email to Smartmatic demanding again that Smartmatic comply with its Rule 26 obligation to amend its initial disclosures to provide specific computations by category of damages, as well as documents and materials supporting those computations. *See* Exh. 1-B. OAN provided a deadline of Friday, October 13 and asked for confirmation of Smartmatic's agreement to amend by Wednesday, October 11. *Id.*  By email on October 13, 2023, Smartmatic responded to state its disagreement that its disclosures were deficient, relying on the argument that it is awaiting further production of documents by OAN (which is already substantially complete) and that "damages will be the subject of expert discovery."  *See* Exh. 1-B.  This response is, of course, irrelevant to the requirements of Rule 26(a)(1)(A)(iii), which is not dependent on a defendant's production of documents or expert discovery. Accordingly, OAN must now file this motion to compel.

### III.    ARGUMENT

Under Federal Rule of Civil Procedure 26, parties have a duty to provide in their initial disclosures "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii); *Burns v. Levy*, No. CV 13-898 (CKK), 2019 WL 6465142, at *24 (D.D.C. Dec. 2, 2019). This "calls for more than a mere undifferentiated statement of damages but rather demands a computation, supported by documents." *Williams v. Johnson*, 278 F.R.D. 10, 13 (D.D.C. 2011) (internal quotations omitted) (finding that damages identified in "wholly general terms" were insufficient to constitute a "detailed computation"). Rule 26 requires that this computation be provided "at the outset of discovery" and requires a plaintiff to "supplement its

disclosures in a *timely manner*" if it learns they are incomplete. *Armenian Assembly of Am., Inc. v. Cafesjian*, 746 F. Supp. 2d 55, 71 (D.D.C. 2010). Further, plaintiffs "cannot hide their claim for damages in a stack of documents." *Companhia Brasileira Carbureto de Calcio-CBCC v. Applied Industiral Materials Corp.*, No. CV 01-2678, 2013 WL 12310613, at *4 (D.D.C. May 29, 2013).

If a plaintiff fails to meet its Rule 26 obligation to provide a sufficiently specific computation of damages at the outset of discovery, evidence relating to such damages may be excluded at trial. *Burns*, 2019 WL 6465142, at *25; *Armenian Assembly*, 746 F. Supp. 2d at 71. Courts may also compel plaintiffs to supplement their disclosures with specific damages information. *See Klayman v. Barmak*, No. CV 08-1005 (JDB), 2009 WL 10695670, at *2 (D.D.C. Oct. 28, 2009) (granting in part defendants' motion to compel further initial disclosures, requiring supplemental disclosures to include a computation of each category of damages claimed and granting motion for sanctions).

Here, despite filing suit over two years ago, Smartmatic's initial disclosures remain blatantly deficient. The broad list of categories of damages that Smartmatic disclosed does not contain *any* computations, in clear violation of the federal rules. *Williams*, F.R.D. at 13. Moreover, Smartmatic has failed to identify specific documents to support its damages, as required by the rules.  Consistent with its overall discovery approach, Smartmatic essentially tells OAN to "find it in the documents."  However, Smartmatic cannot "hide" its evidence of damages in a "stack of documents," *Companhia*, 2013 WL 12310613, at *4, especially when it has produced over 2 million documents (much of which is junk).

Smartmatic's excuse that it is awaiting further production of documents by OAN is meritless. *First*, Rule 26 states that "[a] party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's

disclosures." Fed. R. Civ. P. 26(a)(1)(E). *Second*, OAN has substantially completed its production anyway. *Third*, there is no reason Smartmatic needs OAN documents to determine how much injury Smartmatic has allegedly suffered. That information should be entirely within Smartmatic's possession. That is precisely why Rule 26 mandates its disclosure at the outset of the case, before discovery even begins in earnest.

Smartmatic's refusal to comply with the Rules continues to interfere with OAN's ability to defend this litigation. Smartmatic claims it has suffered billions of dollars in damages, yet it refuses to provide even the most basic details and documentation to support that outrageous claim. It is becoming increasingly likely that no such evidence actually exists. The appropriate remedy therefore is for Smartmatic to promptly correct its deficiencies or be precluded from presenting evidence of damages at trial, and OAN requests a Court order to that effect.

## IV.    CONCLUSION

Smartmatic's grossly inflated damages number, in excess of 2 billion dollars, has no basis in reality. If Smartmatic could support its damages allegations with computations and documents, as required by Rule 26, it would have satisfied its obligation long ago. Instead, it continues to hide the ball and evade its discovery obligations in order to prolong litigation and drain OAN of its resources in defending this case.

Because Smartmatic's initial disclosures are woefully deficient, the Court should grant this Motion and require Smartmatic to adequately amend or supplement its disclosures to comply with Rule 26 within seven days; otherwise, Smartmatic should be precluded from presenting evidence of its purported damages at trial.

By: */s/ John K. Edwards*

**<u>JACKSON WALKER L.L.P.</u>**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**<u>BOYDEN GRAY PLLC</u>**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of October, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ John K. Edwards*
John K. Edwards

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:21-cv-02900-CJN |
| v. | ) ) ) | |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | ) ) ) ) | |
| Defendant. | ) | |

**DECLARATION OF JOHN K. EDWARDS IN SUPPORT OF**
**OAN'S OPPOSED MOTION TO COMPEL AMENDED INITIAL DISCLOSURES**

I, John K. Edwards, declare as follows:

1.      I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN"). I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of OAN's Opposed Motion to Compel Amended Initial Disclosures.

2.      On November 3, 2022, Smartmatic served its Rule 26(a)(1) Disclosures. A true and correct copy is attached as Exhibit 1-A.

3.      On October 9, 2023, I sent an email to Smartmatic's counsel demanding that Smartmatic comply with its Rule 26 obligation to amend its initial disclosures to provide specific computations by category of damages as well as documents and materials supporting those computations. By email on October 13, 2023, Smartmatic's counsel responded to state its disagreement that its disclosures were deficient, relying on the argument that it is awaiting further production of documents by OAN (which is already substantially complete) and that "damages

1

will be the subject of expert discovery." A true and correct copy of this email correspondence, which I received, is attached as Exhibit 1-B

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 17, 2023.

John K. Edwards

# EXHIBIT 1-A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

                Plaintiffs,

   v.

HERRING NETWORKS, INC., d/b/a ONE
AMERICA NEWS NETWORK

                Defendant.

No. 1:21-cv-02900-CJN

Judge Carl J. Nichols

## SMARTMATIC'S INITIAL DISCLOSURES

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation ("Smartmatic") submit the following disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) based upon current information reasonably available to Smartmatic. By making these disclosures, Smartmatic expressly reserves all objections relative to the use, for any purpose, of these initial disclosures or of any information or document referenced herein. These disclosures are based upon information reasonably available to Smartmatic at this time and without prejudice to its right to supplement or amend these initial disclosures as necessary or appropriate in accordance with Rules 26(a)(l) and 26(e) of the Federal Rules of Civil Procedure, and the local rules of this Court.

## I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Smartmatic identifies the following individuals as being likely to have discoverable information that Smartmatic currently believes it may use to support its claims, other than those solely for impeachment.

- **Elma Aksalic** (address unknown)

Ms. Aksalic is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Shane Althaus** (address unknown)

Mr. Althaus is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Dan Ball** (address unknown)

Mr. Ball is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Kyle Becker** (address unknown)

Mr. Becker is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Christina Bobb** (address unknown)

Ms. Bobb is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Eric Bolling** (address unknown)

Mr. Bolling is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Clay Clark** (address unknown)

Mr. Clark is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Eduardo Correia**, Chief Technical Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Correia may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Joseph diGenova** (address unknown)

Mr. diGenova is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael Dinow** (address unknown)

Mr. Dinow is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Emily Finn** (address unknown)

Ms. Finn is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Tom Fitton** (address unknown)

Mr. Fitton is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Stephanie Hamill** (address unknown)

Ms. Hamill is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Natalie Harp** (address unknown)

Ms. Harp is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Fernando Hernandez,** Vice President, Voting Systems, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Hernandez is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Charles Herring** (address unknown)

Mr. Herring is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Robert Herring Sr.** (address unknown)

Mr. Herring is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **John Hines** (address unknown)

Mr. Hines is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Patrick Hussion** (address unknown)

Mr. Hussion is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael Johns** (address unknown)

Mr. Johns is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Evi Kokalari-Angelakis** (address unknown)

Ms. Kokalari-Angelakis is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael J. Lindell** (address unknown)

Mr. Lindell is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Dean Logan**, Registrar Recorder/County Clerk, Los Angeles County, CA (12400 Imperial Hwy., Norwalk, CA 90650)

Mr. Logan is likely to have knowledge and/or discoverable information concerning the matters alleged in Smartmatic's Complaint, including Smartmatic's relationship with Los Angeles County and services provided by Smartmatic in connection with the 2020 Presidential election.

- **Samantha Lomibao** (address unknown)

Ms. Lomibao is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **James Long,** U.S. Voting Systems Director, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Long may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's provision of election technology and services within the United States, including to Los Angeles County, and Smartmatic's damages.

- **Kara McKinney** (address unknown)

Ms. McKinney is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Elie Moreno,** Global Services Vice President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Moreno may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Antonio Mugica,** Chief Executive Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Mugica may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's founding and corporate history, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Pedro Mugica,** Global Sales President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Mugica may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Stephanie Myers** (address unknown)

Ms. Myers is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Roger Piñate Jr.,** President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Piñate may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint,

including Smartmatic's founding, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Roger Vicente Piñate,** Chief Financial Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Piñate may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's financial data and history and Smartmatic's damages.

- **Chanel Rion** (address unknown)

Ms. Rion is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Samira Saba,** Communications Director, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Ms. Saba may be contacted through counsel for Smartmatic. She is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's media communications, Smartmatic's election technology and services, and Smartmatic's damages.

- **Alex Salvi** (address unknown)

Mr. Salvi is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Allan Santos** (address unknown)

Mr. Santos is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Keith Trippie** (address unknown)

Mr. Trippie is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **J. Michael Waller** (address unknown)

Mr. Waller is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

Smartmatic anticipates that other individuals will be identifiable from the document productions that will be made in this litigation who have knowledge or discoverable information, and that it may use information from those individuals to support its claims. Smartmatic also anticipates other, unknown, individuals may also have discoverable information that Smartmatic may use to support its claims. As such, Smartmatic reserves the right to supplement this disclosure pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Smartmatic incorporates by reference the parties and individuals named in Defendants' Rule 26(a)(1) initial disclosures.

## II.    DOCUMENTS SUPPORTING SMARTMATIC'S CLAIMS

Based upon information currently available, Smartmatic identifies the following categories of documents, electronically stored information, and tangible things of the type currently known to be in the possession, custody, or control of Smartmatic, that it may use to support its claims, unless solely for impeachment. Subject to the foregoing, Smartmatic identifies the following categories of documents:

- documents and communications in the possession, custody, and control of Smartmatic relating to negotiations and contracts with customers who purchased or licensed products and/or software from Smartmatic;

- documents and communications in the possession, custody, and control of Smartmatic relating to bids and proposals for potential projects;

- documents and communications in the possession, custody, and control of Smartmatic relating to Smartmatic's services rendered in Los Angeles County in connection with the 2020 U.S. Presidential election;

- documents and communications in the possession, custody, and control of Smartmatic relating to its founding and incorporation;

- documents and communications in the possession, custody, and control of Smartmatic relating to its financial records, including audited and unaudited financial statements and other accounting records;

- documents and communications in the possession, custody, and control of Smartmatic relating to its business plans, budgets, and projections;

- documents and communications in the possession, custody, and control of Smartmatic relating to sales and marketing, including advertisements, marketing emails, and similar communications; and

- documents and communications in the possession, custody, and control of Smartmatic relating to Smartmatic's costs expended to mitigate the impact of Defendants' defamatory statements.

To the extent such documents exist, they are primarily located at Smartmatic's or its counsel's offices. Smartmatic reserves the right to amend these disclosures as ongoing investigation and/or discovery reveal documents, electronically stored information, or tangible things Smartmatic may use to support its claims. In making these disclosures Smartmatic reserves the right to object to the admissibility and relevance of such documents.

## III.     COMPUTATION OF DAMAGES

Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Smartmatic discloses the categories of damages below. Smartmatic does not currently have sufficient information to provide a complete computation of its damages. The amount of damages adequate to compensate Smartmatic for Defendants' defamatory statements will be established through discovery and expert testimony. Smartmatic will disclose its computation of economic damages in compliance with the expert disclosure schedule set forth in the Court's case management order.

- general compensatory damages in an amount to be proven at trial;

- actual, consequential, and special damages, including Smartmatic's lost profits, diminution in enterprise value, and costs incurred to attempt to mitigate the harm caused by Defendants' defamatory statements;

- punitive damages due to Defendants' willful behavior;

- pre-judgment and post-judgment interest;

- Smartmatic's expenses and costs, including attorney's fees; and

- such other and further relief that the Court deems just and appropriate.

Smartmatic will make available for inspection and copying the documents and/or other evidentiary material, not privileged or protected from disclosure, on which computation of the above categories of damages is based. Smartmatic reserves its right to further supplement this description of categories and computation as discovery progresses.

## IV.   INSURANCE AGREEMENTS

Smartmatic does not have any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: November 3, 2022

_____/s/ J. Erik Connolly_____
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Lee B. Muench (admitted *pro hac vice*)
James R. Bedell (admitted *pro hac vice*)
Julie M. Loftus (admitted *pro hac vice*)
BENESCH,  FRIEDLANDER,  COPLAN  &
ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
lmuench@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 3, 2022, I caused the foregoing to be

served via electronic mail on all counsel of record in this matter:

**VEDDER PRICE P.C.**

Blaine Kimrey, Bar No. IL0091; bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094; jpark@vedderprice.com
Bryan Clark, Bar No. IL0090; bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093; bledebuhr@vedderprice.com
222 North LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 609 5005

Brian K. McCalmon, Bar No. 461196; bmccalmon@vedderprice.com
1401 New York Avenue, Suite 500
Washington, DC 20005
T: +1 202 312 3320
F: +1 202 312 3322

*Attorneys for Defendants*

/s/ Lee B. Muench
_____

Lee B. Muench

# EXHIBIT 1-B

| | |
|---|---|
| **From:** | Kovacs, Caitlin <CKovacs@beneschlaw.com> |
| **Sent:** | Friday, October 13, 2023 3:30 PM |
| **To:** | Edwards, John; Sullivan, Olivia |
| **Cc:** | Amattey, Amakie; Wilkes, Christopher; Golden, Meghan; Maldonado, Jacklyn; Myers, David; Flynn-DuPart, Mary Lou; Babcock, Chip; Trent McCotter; Butzer, Carl; Hamilton, Nancy; Neerman, Jonathan; Ceckowski, Lauren; Carlton, Emily; Brown, Lindsey Marsh; Walsh, Hannah; Blaesche, Minoo; Aston, Adam |
| **Subject:** | RE: Smarmatic/OAN - Disclosure of Damages |

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

John –

Smartmatic disagrees with OANN's assertion that its damages disclosures, between the Rule 26(a)(1) disclosures and interrogatory responses, are deficient. Smartmatic further disagrees that it must provide more information regarding damages when (1) it has produced thousands of documents discussing the damage caused by the disinformation, (2) damages will be the subject of expert discovery, and (3) the full scope of damages caused by OANN will be informed by documents that OANN continues to fail to produce reflecting its role in spreading disinformation about Smartmatic. It is not lost on Smartmatic that OANN refuses to provide basic, relevant discovery but continually demands more from Smartmatic notwithstanding receiving millions of documents from Smartmatic. OANN's insistence on one-way discovery, including document production and depositions, is not the way it works.

As a small reminder of OANN's disregard for its document production obligations, recall that OANN has still failed to provide:

- Communications concerning and that preceded the airing of Mike Lindell's *Absolute Proof*, *Scientific Proof*, *Absolute Interference*, and *Absolutely 9-0*;
- Advertisement offers and other advertisement-related documents to Lindell;
- Communications regarding forensic audits of voting machines;
- *All* communications between the Herrings and Mike Lindell;
- Documents related to OANN's financials;
- All responsive cell phone data as well as several attachments to the cell phone records that OANN has produced;
- OANN's complete Comscore data;
- *All* communications and documents in OANN's possession relating to the production of the defamatory broadcasts, including documents demonstrating individual employees' involvement, oversight, and contributions to each defamatory broadcast;
- Internal meeting notes during which employees discussed Smartmatic or Dominion;
- All documents concerning the hiring, firing, or promotion of OANN employees;
- Documents produced in related litigation; and
- All documents responsive to Smartmatic's Second Set of RFPs.

These production gaps were identified in Smartmatic's September 11 letter, Smartmatic's October 13 letter, and elsewhere, and OANN has yet to correct the deficiencies. Smartmatic has been forced to file and tee up multiple motions because OANN will not agree to meaningfully complete its document production but instead insists on taking depositions of Smartmatic witnesses and demanding more from a plaintiff that has already given plenty.

Smartmatic will update its damage disclosures and will do so in plenty of time for OANN to take that information into consideration before the parties start depositions consistent with Smartmatic's pending motion to amend the case schedule. Smartmatic encourages OANN to focus on producing the relevant documents it continues to unjustly withhold

1

so the parties can move the case forward. OANN talks a great deal about wanting to start depositions, but will not fix the fundamental problem that will allow the parties to do so at the same time.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, October 9, 2023 2:32 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Golden, Meghan <MGolden@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Myers, David <dmyers@jw.com>; Flynn-DuPart, Mary Lou <MDUPART@jw.com>; Babcock, Chip <cbabcock@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Butzer, Carl <cbutzer@jw.com>; Hamilton, Nancy <nhamilton@jw.com>; Neerman, Jonathan <jneerman@jw.com>; Ceckowski, Lauren <lceckowski@jw.com>; Carlton, Emily <erhine@jw.com>; Brown, Lindsey Marsh <lbrown@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Aston, Adam <aaston@jw.com>
**Subject:** Smarmatic/OAN - Disclosure of Damages

Caitlin, we have requested on several occasions that Smartmatic identify the damages it is seeking against OAN with specificity. Rule 26(a)(1)(iii) requires disclosure of the "computation" of each category of damages, including disclosure of the documents upon which the computation is based and materials bearing on the nature and extent of injuries suffered. The attached disclosure regarding Section III, Computation of Damages, is grossly deficient -- Smartmatic has not provided information that satisfies the obligation to identify both its computation of damages and the documents upon which the computation relies.

Please let me know by <u>Wednesday, October 11</u> whether Smartmatic agrees to amend its response to Section V, Computation of Damages, to provide computations by category of damages and documents/materials required by Rule 26(a)(1)(iii) by this <u>Friday, October 13</u>. If we cannot reach agreement on timing and scope of an appropriate response this week, we'll address this issue with Judge Nichols.

Thanks. - John

John K. Edwards | Partner
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4319 | C:  (713) 553-7951 | F: (713) 308-4117

John Edwards - Houston Litigation Attorney - Jackson Walker (jw.com) | jedwards@jw.com



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP.,
SMARTMATIC HOLDING B.V., AND
SGO CORPORATION LIMITED,

              Plaintiffs,

v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

              Defendant.

No. 1:21-cv-02900-CJN

**ORDER GRANTING DEFENDANT'S OPPOSED
MOTION TO COMPEL AMENDED INITIAL DISCLOSURES**

       Upon consideration of OAN's Opposed Motion to Compel Amended Initial Disclosures and Smartmatic's Response in Opposition to that Motion, if any, it is hereby ORDERED that OAN's Motion is GRANTED.

       Smartmatic is hereby ORDERED, within seven days, to adequately amend or supplement its Rule 26(a)(1) Disclosures to provide specific computations by category of damages and identify documents and materials supporting those computations.

       It is further ORDERED that if Smartmatic does not sufficiently amend or supplement its disclosures, it will be precluded from presenting evidence of its purported damages at trial.

Signed this _____ day of _____, 2023.

_____
HONORABLE CARL J. NICHOLS
United States District Judge

1