# Ex. E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 1:21-cv-02900-CJN |
| v. | ) ) | |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S OPPOSED MOTION TO COMPEL
SOURCE CODE AND MACHINE INSPECTION (FIFTH MOTION TO COMPEL)**

i

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................................1

II.     BACKGROUND ..................................................................................................................2

III.    ARGUMENT .......................................................................................................................5

        A.      Relevancy of Inspection Requests. ..........................................................................6

        B.      Smartmatic's Objections Are Meritless. ..................................................................8

IV.     CONCLUSION ..................................................................................................................11

                CERTIFICATE OF SERVICE ...........................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*,
    143 F. Supp. 2d 7 (D.D.C. 2001) ............................................................................................9

*In re Denture Cream Prod. Liab. Litig.*,
    292 F.R.D. 120 (D.D.C. 2013) ..............................................................................................5

*\*Fonville v. District of Columbia*,
    38 F. Supp. 3d 1 (D.D.C. 2014) ........................................................................................3, 5

*\*Houlahan v. World Wide Ass'n of Specialty Programs & Sch.*,
    No. CV0401161HHKAK, 2006 WL 8433976 (D.D.C. Oct. 27, 2006) ....................................5

*Nyambal v. Alliedbarton Sec. Servs., LLC*,
    344 F. Supp. 3d 183 (D.D.C. 2018) ......................................................................................2

*Tavoulareas v. Piro*,
    93 F.R.D. 11 (D.D.C. 1981) ..................................................................................................5

**Rules**

Fed. R. Civ. P. 26 .................................................................................................................5, 9

Fed. R. Civ. P. 34 ......................................................................................................1, 2, 4, 5, 11

Defendant Herring Networks, Inc., d/b/a One America News Network ("OAN") files this Motion to Compel Source Code and Machine Inspection pursuant to Rule 37 of the Federal Rules of Civil Procedure and respectfully shows the Court the following:

## I.       INTRODUCTION

Despite initiating this case over *two years* ago, Smartmatic[1] has, at every opportunity, refused to allow OAN access to the information it needs to defend this multi-billion dollar defamation case. This motion relates to a Request for Inspection that was served by OAN on Smartmatic to inspect certain technology utilized, in whole or in part, during the 2020 election and in prior elections called into question by Smartmatic's own complaint. This is the *fifth* motion to compel that OAN has sought leave to file in the past few months due to Smartmatic's dilatory conduct during discovery.[2]

Rule 34 of the Federal Rules of Civil Procedure allows a party to request inspection of certain tangible things. Because the functionality of Smartmatic's machines and source code is a key element of this case (and OAN's defense), OAN served a Request for Inspection on Smartmatic pursuant to Rule 34 on September 18, 2023. OAN seeks inspection of relevant components of Smartmatic source code and voting machines developed and used in prior elections, including the 2020 election ("Request for Inspection"). Ex. 1-A. On October 18, 2023, Smartmatic served very broad objections, and flatly stated that OAN would not be permitted to inspect any aspect of the Smartmatic's source code or voting machines "absent an Order from the Court." Ex.

---

[1] Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited are referred to collectively as "Smartmatic."

[2] *Motion to Compel Depositions* (sent to Court on October 3, 2023); *Motion to Compel Compliance With Rule 45 Subpoena* (filed in the U.S. District Court for the Western District of Virginia on October 6, 2023); *Motion to Modify Deposition Limits* (sent to Court on October 6, 2023); *Motion to Compel Amended Initial Disclosures* (sent to Court on October 17, 2023).

1-B at ¶ 29.  Smartmatic's blanket refusal to permit OAN access to discoverable items necessary for OAN to defend this case is yet another subversion of the Rules by Smartmatic.  Hence, the necessity of this motion.

OAN therefore seeks the Court's intervention to order Smartmatic to make available for inspection the source code and voting machines set forth in the Request for Inspection, which represent tangible things pursuant to Rule 34(a)(2) that are highly relevant to this case.

## II.   BACKGROUND

In its 192-page complaint, Smartmatic asserts claims against OAN for defamation and injurious falsehood. (Dkt. 1 at 188–89.)  Smartmatic identifies dozens of statements allegedly published by OAN that Smartmatic contends are false, but they can be generally categorized as follows: (1) OAN falsely stated and implied that Smartmatic's election technology and software were widely used in the 2020 U.S. election; (2) OAN falsely stated and implied that Smartmatic fixed, rigged, and stole the 2020 U.S. election for Joe Biden and Kamala Harris and the Democratic Party; (3) OAN falsely stated and implied that Smartmatic's election technology and software were compromised or hacked during the 2020 U.S. election and sent votes to foreign countries to be compromised or hacked; (4) OAN falsely stated and implied that Smartmatic was founded and funded by corrupt dictators from socialist and communist countries; and (5) OAN falsely stated and implied that Smartmatic's election technology and software were designed to and have fixed, rigged, and stolen elections before.  (Dkt. 1 at 84–110.)  Both of Smartmatic's causes of action require it to establish that the complained of statements are false, and conversely, one element of OAN's defense is truth or substantial truth.[3]  OAN is entitled to discovery on the required element

---

[3] "To state a defamation claim under District of Columbia law, one must allege: (1) the defendant made a false and defamatory statement about the plaintiff; (2) the defendant published the statement without privilege to a third party; (3) the defendant's fault in publishing the statement amounted to at least negligence; and (4) the statement was actionable as a matter of law." *Nyambal*

of falsity and in support of OAN's truth or substantial truth defenses related to Smartmatic technology and systems.

OAN served its Request for Inspection on September 18, 2023. Ex. 1-A.  OAN requested that Smartmatic provide OAN's legal counsel and experts the opportunity to physically inspect certain physical components of the "Smartmatic Systems," which are defined as follows:

> (1) voting machine hardware, and (2) voting machine SOURCE CODE, that was created, maintained, supported, or supplied by or on behalf of SMARTMATIC, in whole or part, that was used in any state, county, or local jurisdiction election process in the United States since 2000, and includes any firmware, technology, solutions, digital tools, functionalities, devices (including election definition/configuration generation systems, batch-fed optical scanners, tabulators, and ballot marking devices), optional modules, and peripherals used in connection therewith.

Ex. 1-A at 2.

> "Source Code" is defined as a:

> set of instructions and statements in original programming language and human readable form for operation of any aspect of the machine hardware, firmware, or device components of SMARTMATIC SYSTEMS before translation into object code, including access to any SOURCE CODE repositories reflecting version control of software changes over time.

*Id.* at 3.

The categories of Source Code requested all pertain specifically to the claims or defenses in this litigation:

- Request No. 1: Smartmatic Systems, including Source Code, used in Los Angeles County during the 2020 presidential election;

- Request No. 2: Smartmatic Systems, including Source Code, that Smartmatic is aware were used in any state, county, or local government voting process in the 2020 presidential election outside of Los Angeles County;

---

*v. Alliedbarton Sec. Servs., LLC*, 344 F. Supp. 3d 183, 190 (D.D.C. 2018); *see also Fonville v. District of Columbia*, 38 F. Supp. 3d 1, 11–12 (D.D.C. 2014) (truth is an absolute defense to a defamation claim).

- Request No. 3: Source Code in Smartmatic's possession that was written in whole or in part by Smartmatic, Sequoia, and/or any third party since 2000;

- Request No. 4: Source Code Smartmatic obtained from open-source products or licensed products that were incorporated into Smartmatic Systems since 2000;

- Request No. 5: Source Code in Smartmatic's possession that was previously owned by another company or third-party, including Sequoia, Dominion, or ES&S; and

- Request No. 6: Source Code in Smartmatic's possession that was used in whole or part during the Venezuela elections and/or the Philippines elections.

*Id.* at 3–5.

In addition to Source Code, OAN is entitled to inspect the physical machines or devices that comprise the Smartmatic Systems, including a functional test environment capable of generating, casting, scanning, and tabulating test ballots, all using the same Source Code and configured with the same settings as used in Los Angeles County in the 2020 presidential election (Request No. 7). *Id.* at 5.

OAN requested that its legal counsel and experts be permitted to perform the requested inspection beginning on October 23, 2023 *or at the earliest time agreeable to OAN and Smartmatic*. Ex. 1-A at 5. OAN also specified that it was agreeable to performing the inspection at whatever location the Smartmatic Systems or Source Code currently reside. *Id.*

On October 18, Smartmatic served its responses and objections to the request. Ex. 1-B. Smartmatic's objections state that it will not agree to any of OAN's seven requests for inspection. Accordingly, OAN must now file this motion to compel Smartmatic to satisfy its obligations under Rule 34.

## III.    ARGUMENT

The Federal Rules permit broad discovery—a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). For purposes of discovery, relevance is liberally construed. *In re Denture Cream Prod. Liab. Litig.,* 292 F.R.D. 120, 123 (D.D.C. 2013). Federal Rule of Civil Procedure 34(a) provides that parties can request inspection, testing, or sampling of any designated tangible thing. When a requesting party believes its discovery requests are relevant and proportional, but a responding party has not produced the requested information, the requesting party may move for an order compelling the responding party's production under Federal Rule of Civil Procedure 26(b)(2). The party seeking to compel discovery bears the burden of demonstrating that the requested information is relevant. *Houlahan v. World Wide Ass'n of Specialty Programs & Sch.,* No. CV0401161HHKAK, 2006 WL 8433976, at *2 (D.D.C. Oct. 27, 2006). Thereafter, the burden shifts to the party opposing discovery to show the discovery is improper. *Id.*

To prevail on a defamation claim, a plaintiff must show, first that a defendant made a false statement. *Fonville v. District of Columbia*, 38 F. Supp. 3d 1, 11 (D.D.C. 2014). Truth is an absolute defense to a defamation claim, and a defendant may attack the falsity prong of a plaintiff's claim by demonstrating the substantial truth of the allegedly defamatory statement. *Id.* at 11–12. This Court has held that information is "sufficiently relevant to be discoverable" when it may "reasonably be expected to bear on the issue of the truth or falsity of the defamatory statements." *Tavoulareas v. Piro*, 93 F.R.D. 11, 22 (D.D.C. 1981); *Houlahan,* 2006 WL 8433976, at *3 ("[A]ny information regarding the truth or likely truth of Defendants' statements will be relevant.").

As shown below, each of OAN's requests to access seven categories of systems and source code comprising the defined Smartmatic Systems are relevant and proportional, and Smartmatic's objections are without merit.

**A.      Relevancy of Inspection Requests.**

The Request for Inspection served on Smartmatic encompasses seven categories of physical, tangible materials, all of which are relevant to the claims and defenses in this case.

<u>Request No. 1</u> seeks inspection of Smartmatic systems and source code used in Los Angeles County in the 2020 presidential election.  This information is directly relevant to disputed issues in this case because Smartmatic claims that OAN made false statements "to create the impression that Smartmatic had fixed, rigged, and stolen the 2020 U.S. election."  (Dkt. 1 ¶ 196.)  Thus, expert inspection of the Smartmatic Systems used in that election in Los Angeles County are highly relevant to the truth or falsity of the allegedly defamatory statements.   To the extent Smartmatic claims it no longer has the final Smartmatic Systems implemented in Los Angeles County in its actual possession, it almost certainly has copies, whether in archive or a software repository, of the actual system components and code used—or, at a minimum, prior versions— that should be made available for inspection.

<u>Request No. 2</u> seeks inspection of Smartmatic systems and source code that Smartmatic is aware were used in the 2020 presidential election in counties outside of Los Angeles County, including by other vendors not limited to Dominion Voting Systems or Election Systems & Software. This information is directly relevant to disputed issues because Smartmatic claims that OAN made false statements "to create the impression that Smartmatic's election technology and software were widely used, including in Dominion's voting machine system, during the 2020 U.S. election." (Dkt. 1 ¶ 184.)  While Smartmatic may claim it was not involved in any elections outside

of Los Angeles County in 2020, we know from publicly available documents that its systems and software, even if operated by other companies, were used in at least five states during the 2020 election.  Thus, expert inspection of the systems developed by Smartmatic (or its prior subsidiary, Sequoia Voting Systems) and used in the 2020 election (even if supported by other companies, such as Dominion Voting Systems) are highly relevant to the truth or falsity of the allegedly defamatory statements.

Request No. 3 seeks inspection of source code in Smartmatic's possession that was written in whole or part by Smartmatic, Sequoia, or any other third party since 2000, to the extent not included in Request No. 1 or No. 2.  The origins of Smartmatic Systems, including Source Code, are directly at issue in this case based on several complained of statements. (*See, e.g.*, Dkt. 1 ¶ 227(b) ("Powell says the software dubbed Smartmatic was designed for the sole purpose of shifting voting results."); *id.* ¶ 227(p) ("[Fraud] was possible due to a core design in Smartmatic's software that allows it to hide any manipulations to votes during an audit.").) Accordingly, inspection of the source code developed in whole or in part by Smartmatic since its inception is relevant to key issues in this case.

Request No. 4 seeks inspection of source code in Smartmatic's possession that was obtained from (a) open-source products, and/or (b) licensed products that were incorporated into Smartmatic Systems since 2000.  Similar to Request No. 3, but directed at technology obtained and used by Smartmatic, the development of the technology utilized by Smartmatic over time is relevant to the extent to which Smartmatic developed or acquired technology that was used outside of Los Angeles County in the 2020 election. Inspection of this source code, therefore, is relevant to issues in this case.

Request No. 5 seeks inspection of source code previously owned by another company or third party, including but not limited to Sequoia, Dominion, or ES&S, and sold or licensed to Smartmatic. Again, similar to Request No. 3 and No. 4, the use of acquired technology by Smartmatic in development of its systems that were used in the 2020 election is relevant to the complained of statements regarding use of Smartmatic technology outside of Los Angeles County.

Request No. 6 seeks inspection of source code that was used in the elections in Venezuela or The Philippines. Smartmatic claims that OAN had falsely reported that Smartmatic had fixed, rigged, and stolen elections before.  "OANN went as far as to accuse Smartmatic of having rigged elections in other countries prior to the 2020 U.S. election."  (Dkt. 1 ¶ 226.)  Yet Smartmatic has been dogged by claims of fraudulently rigging elections in other countries for many years prior to the 2020 election, including in Venezuela and The Philippines.  Whether Smartmatic, itself or in cooperation with others, developed its technology for these purposes or uses is highly relevant to this case.

Request No. 7 seeks to inspect Smartmatic Systems in a functional test environment capable of generating test ballots, casting test ballots, scanning test ballots, and tabulating test ballots, all using the same source code and configuration as was used in Los Angeles County in the 2020 presidential election.  A functional test environment capable of operating a simulated voting sequence of activity is relevant to establishing the security, or lack thereof, of Smartmatic Systems.  This is directly relevant to complained of statements that allegedly "create the impression that Smartmatic had fixed, rigged, and stolen the 2020 U.S. election." (Dkt. 1 ¶ 196.)

## B.   Smartmatic's Objections Are Meritless.

*1. Confidentiality Objection*.  Smartmatic's objection that the Requests seek inspection of confidential or proprietary specimens is of no consequence because the parties have entered into a

protective order in this case. (*See* Dkt. 48, *Amended Confidentiality Agreement and Protective Order*.)  Federal Rule of Civil Procedure 26(c)(7) permits a court to issue a protective order to require that sensitive commercial information "not be revealed or be revealed only in a designated way." *Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 14 (D.D.C. 2001). The parties and the court have done that in this case.  The protective order provides that a party may designate documents produced or testimony given as "confidential" or "highly confidential – attorney's eyes only." (Dkt. 48 ¶ 2.)  "Confidential Information" is defined as information that "contain[s] trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would . . . be detrimental to the conduct of that Party's or non-party's business[.]" (*Id.* ¶ 3(a).) The parties obviously contemplated that some of the information produced in this case would be commercially sensitive and confidential. Smartmatic is able to utilize the confidentiality designations provided for therein in order to protect the relevant information OAN seeks, rather than refuse disclosure altogether.

Smartmatic also objects that "the Los Angeles County/Smartmatic contract expressly forbids Smartmatic from sharing Los Angeles County's confidential information." Ex. 1-B at 6, 9–10. But this mischaracterizes the contract, which is publicly available. The contract states that "[d]isclosures which are required by law, such as a court order, or which are made with the explicit written authorization of the County are allowable."[4]  Thus, the contract specifically provides that disclosure pursuant to an order from this Court would be authorized, and regardless, confidential information can be protected under the Protective Order.  This objection is meritless.  Moreover, Smartmatic has already obtained consent from Los Angeles County to produce documents

---

[4] *Contract By and Between County of Los Angeles and Smartmatic USA Corporation*, LAvote.gov (Jun. 12, 2018), https://www.lavote.gov/docs/rrcc/board-correspondence/06122018.pdf, at Section 7.8.3.

produced in related litigation, Ex. 1-C, but OAN has not yet received those documents.  While this agreement may not specifically relate to source code and voting machines made the subject of the Request for Inspection, there is no reason these tangible items should not be ordered to be made available for inspection – either those still in Smartmatic's possession or those in Los Angeles County's possession.

To the extent Smartmatic seeks greater protection than provided by the existing Protective Order, a limited scope protective order governing inspection of the Smartmatic Systems can be entered into by the parties and approved by the Court.

*2. **Not in Possession, Custody, or Control of Smartmatic.*** Smartmatic's objection that certain specimens are outside of its possession, custody, or control strains credulity. Smartmatic objects to Request No. 1 that "it is not in possession, custody or control of any Smartmatic System, including Source Code, used in the 2020 presidential election. Los Angeles County exclusively owns and controls the Smartmatic System, including the Source Code, used in the 2020 presidential election." Ex. 1-B at 6.  It makes no difference if Los Angeles County "owns and controls" the final version of the Smartmatic technology used in the 2020 election.  OAN seeks inspection of the Smartmatic Systems that are within ***its own*** possession, custody, and control. Technology companies like Smartmatic routinely maintain versions of its hardware and software, and it is highly unlikely that Smartmatic failed to retain any version of the Los Angeles County technology that would be subject to an inspection.

*3. **Remaining Objections.*** None of Smartmatic's other objections justify its refusal to produce the requested specimen for inspection. Many of Smartmatic's form objections do not meet

the specificity requirements of the federal rules.[5] Fed. R. Civ. P. 34(b)(2)(B). Smartmatic also objected to the requests alleging they were "propounded solely for harassment rather than for a legitimate discovery purpose." Ex. 1-B ¶ 20. However, Smartmatic does not explain why these requests are illegitimate, nor could it credibly do so because it is well aware how relevant inspection of Smartmatic's systems is to this litigation.

Further, Smartmatic objects that the requests are "overly intrusive." Ex. 1-B at 6–10. But whether a request is "intrusive" is not a consideration under the federal rules, and Smartmatic points to no case law to support that this is a legitimate objection. Smartmatic's blanket statements that it "will not agree to [these] request[s]" leave no room for further negotiation and has required OAN to seek this Court's relief. Ex. 1-B at 6–10.

## IV.   CONCLUSION

Smartmatic has improperly withheld from inspection discoverable evidence, and the Court should grant this Motion and require Smartmatic to provide OAN an opportunity to inspect the seven categories of systems and source code, pursuant to Rule 34(a)(2), as requested by OAN in its Request for Inspection. OAN respectfully requests that the Court order Smartmatic to do so on mutually agreeable dates to be accomplished within 30 days of an Order being entered.

By: */s/ John K. Edwards*

**JACKSON WALKER L.L.P.**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah

---

[5] For example, Smartmatic objected to several of OAN's definitions as "vague, ambiguous, overbroad, and unduly burdensome" without providing any reasoning. Ex. 1-B ¶¶ 23–26.

(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY PLLC**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of _____, 2023, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to

have served counsel for the parties.

_____
John K. Edwards

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:21-cv-02900-CJN |
| v. | ) ) | |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | ) ) ) | |
| Defendant. | ) ) | |

**DECLARATION OF JOHN K. EDWARDS IN SUPPORT OF**
**OAN'S MOTION TO COMPEL SOURCE CODE AND MACHINE INSPECTION**

I, John K. Edwards, declare as follows:

1. I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN"). I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of OAN's Motion to Compel Source Code and Machine Inspection.

2. On September 18, 2023, OAN served its Request for Inspection pursuant to Fed. R. Civ. P. 34(a)(2). A true and correct copy is attached as Exhibit 1-A.

3. On October 18, 2023, Smartmatic served its Omnimbus Responses and Objections to Defendant's Requests for Inspection. A true and correct copy is attached as Exhibit 1-B.

4. On October 19, 2023, I received a letter from Olivia Sullivan, counsel to Smartmatic, informing me that Smartmatic had obtained permission from LA County to produce certain documents. A true and correct copy is attached as Exhibit 1-C.

5. The contract between Los Angeles County and Smartmatic is publicly available at https://www.lavote.gov/docs/rrcc/board-correspondence/06122018.pdf.

1

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 27, 2023.

_____

John K. Edwards

# EXHIBIT 1-A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP.,
SMARTMATIC HOLDING B.V., AND
SGO CORPORATION LIMITED,

       Plaintiffs,

  v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

      Defendant.

No. 1:21-cv-02900-CJN-MAU

## DEFENDANT'S REQUEST FOR INSPECTION

TO:  Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation, Limited, by and through their counsel of record J. Erik Connolly and Emily Newhouse Dillingham, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71 South Wacker Drive, Suite 1600, Chicago, IL 60606.

Pursuant to Fed. R. Civ. P. 34(a)(2), Defendant Herring Networks, Inc. d/b/a One America News Network ("OAN"), by and through its undersigned counsel, hereby submits a request to Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") for the inspection of certain tangible things in accordance with the definitions contained herein.

## DEFINITIONS

The following terms shall have the meanings set forth below.

1.    "SMARTMATIC" means and refers, collectively, to Plaintiffs Smartmatic USA Corp., Smartmatic Holdings, B.V., and SGO Corporation Limited.

2.      "ES&S" means and refers to Election Systems & Software, Inc. and its affiliated entities.

3.      "SEQUOIA" means and refers to Sequoia Voting Systems, Inc. and its affiliated entities.

4.      "DOMINION" means and refers, collectively, to U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation and their affiliated entities.

5.      "2020 PRESIDENTIAL ELECTION" means and refers to the U.S. Presidential Election that occurred on November 3, 2020, and all voting (including mail-in voting) and related events occurring up to the certification of votes on January 6, 2021.

6.      "VENEZUELA ELECTIONS" means and refers to any Venezuelan election conducted between 2000 and the present.

7.      "THE PHILIPPINES ELECTIONS" means and refers to any election in The Philippines conducted between 2000 and the present.

8.       "SMARTMATIC SYSTEMS" means (1) voting machine hardware, and (2) voting machine SOURCE CODE, that was created, maintained, supported, or supplied by or on behalf of SMARTMATIC, in whole or part, that was used in any state, county, or local jurisdiction election process in the United States since 2000, and includes any firmware, technology, solutions, digital tools, functionalities,

devices (including election definition/configuration generation systems, batch-fed optical scanners, tabulators, and ballot marking devices), optional modules, and peripherals used in connection therewith.

9.    "SOURCE CODE" means the set of instructions and statements in original programming language and human readable form for operation of any aspect of the machine hardware, firmware, or device components of SMARTMATIC SYSTEMS before translation into object code, including access to any SOURCE CODE repositories reflecting version control of software changes over time.

## REQUEST FOR INSPECTION

OAN requests that SMARTMATIC provide OAN's legal counsel and experts the opportunity to physically inspect at least one specimen of each of the following tangible items in a state and condition unmodified and unaltered so that, at the time and place of inspection, it is in the same state and condition as it existed at the time of its use during the referenced election(s) where applicable:

1.    SMARTMATIC SYSTEMS, including SOURCE CODE, system configuration information and build parameters, and application configuration data (including ballot definition files), used in Los Angeles County, California during the 2020 PRESIDENTIAL ELECTION, including but not limited to: (a) Voting Solutions for All People ("VSAP") ballot marking devices (or VSAP BMDs); (b)

3

batch-fed optical scanner (or VSAP Tally); (c) interactive sample ballot (or ISB); (d) electronic poll books (or e-poll books); (e) VSAP BMD Manager; and (f) VSAP versions 1.0, 2.0, 21, 2.2, and 3.0, and that are each unaltered from the last date of use in Los Angeles County, California in the 2020 PRESIDENTIAL ELECTION.

2.     SMARTMATIC SYSTEMS, including SOURCE CODE, that SMARTMATIC is aware was used (in whole or part) in any state, county, or local government voting process in the 2020 PRESIDENTIAL ELECTION outside of Los Angeles County, California (including but not limited to use by SEQUOIA, DOMINION, or ES&S) and that is unaltered from the last date of use in the 2020 PRESIDENTIAL ELECTION.

3.     SOURCE CODE in the possession, custody, or control of SMARTMATIC that was written in whole or part by SMARTMATIC, SEQUOIA, and/or any third party since 2000 that is not included in Request No. 1 or No. 2 above.

4.     SOURCE CODE in the possession, custody, or control of SMARTMATIC obtained from (a) open-source products, and/or (b) licensed products that were incorporated into SMARTMATIC SYSTEMS since 2000.

5.     SOURCE CODE in the possession, custody, or control of SMARTMATIC (including SOURCE CODE held in escrow, back-up, or archived files) that was previously owned by another company or third party, including but

4

not limited to SEQUOIA, DOMINION, or ES&S, and sold or licensed to, or otherwise obtained by, SMARTMATIC.

6.     SOURCE CODE in the possession, custody, or control of SMARTMATIC (including SOURCE CODE held in escrow, back-up, or archived files) that was used in whole or part during the VENEZUELA ELECTIONS and/or THE PHILIPPINES ELECTIONS.

7.     SMARTMATIC SYSTEMS in a functional test environment capable of generating test ballots, casting test ballots, scanning test ballots, and tabulating test ballots, all using the same SOURCE CODE and configured with the same parameters and settings as used in Los Angeles County, California in the 2020 PRESIDENTIAL ELECTION.

*     *     *

OAN requests that its legal counsel and experts be permitted to perform the requested inspection beginning on October 23, 2023 and continuing thereafter until completed, or at the earliest time agreeable to OAN and SMARTMATIC (collectively, the "Parties").

OAN is agreeable to performing the inspection at whatever location where the SMARTMATIC SYSTEMS or SOURCE CODE currently reside, and to an appropriate protective order approved by the Parties to govern the inspection.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)

*/s/ John K. Edwards*
John K. Edwards

# EXHIBIT 1-B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., et al.,

                    Plaintiffs,

        v.

HERRING NETWORKS, INC., d/b/a
ONE AMERICA NEWS NETWORK

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)

No. 1:21-cv-02900-CJN

Judge Carl J. Nichols

**PLAINTIFFS' OMNIBUS RESPONSES AND OBJECTIONS TO
DEFENDANT'S REQUESTS FOR INSPECTION**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Smartmatic USA Corp.,

Smartmatic International Holding B.V., and SGO Corporation Limited (collectively,

"Smartmatic") by and through undersigned counsel, hereby provide the following omnibus

responses and objections to Defendants Herring Networks, Inc.'s, d/b/a One America News

Network ("OANN") Requests for Inspection (the "Requests" and, individually, each a "Request").

Smartmatic's responses are hereby provided without waiver of any questions or objections to

relevancy or admissibility as evidence. These responses are specifically made subject to objection

during any part of these proceedings.

**GENERAL OBJECTIONS**

The following General Objections are incorporated into Smartmatic's responses as though

fully set forth herein. The Specific Objections identified for the Requests further identify additional

objections specific to that Request. The General Objections are not waived, or in any way limited,

by the Specific Objections. Smartmatic's agreement to provide any responsive and non-privileged

information in response to the Requests shall not be construed as waiving any right or objections

to the Requests or other discovery procedures. Smartmatic objects to the Requests to the extent

that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Requests. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise. Likewise, Smartmatic shall not be prejudiced if any of its present objections, answers, and responses are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

1.      Smartmatic incorporates its General Objections as stated in response to Defendant's First Set of Requests for Production, Second Set of Requests for Production, First Set of Interrogatories, Second Set of Interrogatories, and First Set of Requests for Admission.

2.      Smartmatic objects to the Requests, including the Definitions and Instructions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case.

3.      Smartmatic objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing contained in Smartmatic's responses to these Requests is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.      Smartmatic objects to the Requests to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Requests, such production will be subject to the final terms of a protective order entered by the Court.

5.      Smartmatic objects to the Requests to the extent they create a significant risk of disclosure of trade secrets associated with the inspection, including trade secrets that are not at issue in this litigation.

6.      Smartmatic objects to the Requests to the extent that they seek information protected from disclosure under any confidentiality or protective order or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

7.      Smartmatic objects to the Requests to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Any agreement to an inspection does not constitute an agreement to an inspection protected under confidentiality, non-disclosure, or other agreements with third parties.

8.      Smartmatic objects to the Requests to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

9.      Smartmatic objects to the Requests to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity.

10.     Smartmatic objects to the Requests to the extent that they seek "any" or "all" information on the grounds that such Requests are overbroad and unduly burdensome.

11.     Smartmatic objections to the Requests to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

12.     Smartmatic objects to the Requests as overbroad and unduly burdensome to the extent that they seek disclosure of information that essentially requires Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

13.     Smartmatic objects to the Requests to the extent that they call for a legal conclusion.

14.     Smartmatic objects to the Requests to the extent they seek to inspect materials not designed, manufactured, produced, maintained, or owned by Smartmatic.

15.     Smartmatic objects to the Requests to the extent that they seek disclosure of information not in Smartmatic's possession, custody, or control.

16.     Smartmatic objects to the Requests to the extent that they seek disclosure of information already in OANN's possession, custody, or control, or is equally available to OANNN.

17.     Smartmatic objects to the Requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

18.     Smartmatic objects to the Requests to the extent that they seek to define terms and/or characterize evidence in this case.

19.     Smartmatic objects to the Requests to the extent that they are duplicative and seek to have Smartmatic provide the same information numerous times or in multiple formats.

20.     Smartmatic objects to the Requests as inappropriate to the extent they were propounded solely for harassment rather than for a legitimate discovery purpose.

21.     Smartmatic objects to the definition of "Venezuela Elections" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes time periods not relevant to this action.

22.     Smartmatic objects to the definition of "the Philippines Elections" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes time periods outside of the relevant scope of this action.

23.     Smartmatic objects to the definition of "Smartmatic Systems" as vague, ambiguous, overbroad, and unduly burdensome.

24.     Smartmatic objects to the definition of "Source Code" as vague, ambiguous, overbroad, and unduly burdensome.

25.     Smartmatic objects to the term "specimen" as vague, ambiguous, overbroad, and unduly burdensome.

26.     Smartmatic objects to Defendant's phrase "a state and condition unmodified and unaltered so that, at the time and place of inspection, it is in the same state and condition as it existed at the time of its use during the referenced election(s) where applicable," as vague, ambiguous, overbroad, and unduly burdensome.

27.     Smartmatic objects to the Requests to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

28.     Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Requests, or that Smartmatic endorses the use of the term.

29.     Smartmatic will not permit Defendants to enter its facilities and/or to enter its facilities for inspection absent an Order from the Court.

### SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:** SMARTMATIC SYSTEMS, including SOURCE CODE, system configuration information and build parameters, and application configuration data (including ballot definition files), used in Los Angeles County, California during the 2020 PRESIDENTIAL ELECTION, including but not limited to: (a) Voting Solutions for All People ("VSAP") ballot marking devices (or VSAP BMDs); (b) batch-fed optical scanner (or VSAP Tally); (c) interactive sample ballot (or ISB); (d) electronic poll books (or e-poll books); (e) VSAP BMD Manager; and (f) VSAP versions 1.0, 2.0, 21, 2.2, and 3.0, and that are each unaltered from the last date of use in Los Angeles County, California in the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks inspection(s) that are not relevant to any claim or defense asserted in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic objects to this Request as overly intrusive. Smartmatic objects to the terms "system configuration information," "build parameters," and "application configuration data (including ballot definition files)" as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request as it seeks the inspection of specimens that are outside of the possession, custody, or control of Smartmatic. Smartmatic further objects to this Request to the extent that it seeks the inspection of confidential or proprietary specimens. Subject to and without waiving the foregoing objections, Smartmatic states that it is not in possession, custody, or control of any SMARTMATIC SYSTEM, including SOURCE CODE, used in the 2020 PRESIDENTIAL ELECTION. Los Angeles County exclusively owns and controls the SMARTMATIC SYSTEM, including the SOURCE CODE, used in the 2020 PRESIDENTIAL ELECTION. Smartmatic does not have possession, custody, or control of the VSAP BMDs, VSAP Tally, ISB, e-poll books, VSAP BMD Manager, or VSAP versions 1.0, 2.0, 2.1, 2.2, and 3.0, or any related SOURCE CODE. Further, Smartmatic did not

develop or manufacture the VSAP Tally or e-poll books for Los Angeles County. Further, VSAP 2.0 was used by Los Angeles County in the March 3, 2020, Presidential primary election. VSAP 2.1 and 2.2 were certified for use in the 2020 PRESIDENTIAL ELECTION, but only version 2.2 was used. VSAP version 3.0 was certified after the 2020 PRESIDENTIAL ELECTION. As such, VSAP Versions 2.0, 2.1, and 3.0 are not relevant to this action. Moreover, Smartmatic objects on the basis that the Los Angeles County/Smartmatic contract expressly forbids Smartmatic from sharing Los Angeles County's confidential information. Finally, Smartmatic incorporates its supplemental answer to Defendant's Interrogatory No. 11. Smartmatic will not agree to this request.

**REQUEST NO. 2:** SMARTMATIC SYSTEMS, including SOURCE CODE, that SMARTMATIC is aware was used (in whole or part) in any state, county, or local government voting process in the 2020 PRESIDENTIAL ELECTION outside of Los Angeles County, California (including but not limited to use by SEQUOIA, DOMINION, or ES&S) and that is unaltered from the last date of use in the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks inspection(s) that are not relevant to any claim or defense asserted in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic objects to this Request as overly intrusive. Smartmatic objects to the term "voting process" as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request as it seeks the inspection of specimens that are outside of the possession, custody, or control of Smartmatic. Smartmatic further objects to this Request to the extent that it seeks the inspection of confidential or proprietary specimens. Subject to and without waiving the foregoing objections, Smartmatic states that no SMARTMATIC SYSTEM, including SOURCE CODE, was used outside of Los Angeles County in the 2020 PRESIDENTIAL ELECTION. Further, Smartmatic incorporates its response to Defendant's Interrogatory No. 19. Smartmatic will not agree to this request.

7

**REQUEST NO. 3:** SOURCE CODE in the possession, custody, or control of SMARTMATIC that was written in whole or part by SMARTMATIC, SEQUOIA, and/or any third party since 2000 that is not included in Request No. 1 or No. 2 above.

      **RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks inspection(s) that are not relevant to any claim or defense asserted in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic objects to this Request as overly intrusive. Smartmatic objects to the terms "written" and "third party" as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request as it seeks the inspection of specimens that are outside of the possession, custody, or control of Smartmatic. Smartmatic further objects to this Request to the extent that it seeks the inspection of confidential or proprietary specimens. Smartmatic further objects to this Request as overbroad in both scope and time frame in seeking all SOURCE CODE that was in the possession, custody, or control of Smartmatic since 2000. Smartmatic will not agree to this request.

**REQUEST NO. 4:** SOURCE CODE in the possession, custody, or control of SMARTMATIC obtained from (a) open-source products, and/or (b) licensed products that were incorporated into SMARTMATIC SYSTEMS since 2000.

      **RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks inspection(s) that are not relevant to any claim or defense asserted in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic objects to this Request as overly intrusive. Smartmatic objects to the terms "open-source products," "licensed products," and "incorporated" as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request as it seeks the inspection of specimens that are outside of the possession, custody, or control of Smartmatic. Smartmatic further objects to this Request to the extent that it seeks the inspection of confidential or proprietary specimens. Smartmatic further objects to this

8

Request as overbroad in both scope and time frame in seeking all SOURCE CODE in the possession, custody, and control of Smartmatic since 2000.  Moreover, Smartmatic objects on the basis that the Los Angeles County/Smartmatic contract expressly forbids Smartmatic from sharing Los Angeles County's confidential information. Smartmatic will not agree to this request.

**REQUEST NO. 5:** SOURCE CODE in the possession, custody, or control of SMARTMATIC (including SOURCE CODE held in escrow, back-up, or archived files) that was previously owned by another company or third party, including but not limited to SEQUOIA, DOMINION, or ES&S, and sold or licensed to, or otherwise obtained by, SMARTMATIC.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks inspection(s) that are not relevant to any claim or defense asserted in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic objects to this Request as overly intrusive. Smartmatic objects to the terms "held in escrow," "back-up," "archived files," "owned," "third party," "sold," "licensed," and "otherwise obtained" as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request as it seeks the inspection of specimens that are outside of the possession, custody, or control of Smartmatic. Smartmatic further objects to this Request to the extent that it seeks the inspection of confidential or proprietary specimens. Smartmatic further objects to this Request as overbroad in both scope and time frame in seeking all SOURCE CODE in the possession, custody, and control of Smartmatic that was previously owned by another company or third party. Smartmatic will not agree to this request.

**REQUEST NO. 6:** SOURCE CODE in the possession, custody, or control of SMARTMATIC (including SOURCE CODE held in escrow, back-up, or archived files) that was used in whole or part during the VENEZUELA ELECTIONS and/or THE PHILIPPINES ELECTIONS.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks inspection(s) that are not relevant to any claim or defense asserted in this action and are not reasonably calculated to

lead to the discovery of admissible evidence. Smartmatic objects to this Request as overly

intrusive. Smartmatic objects to the terms "held in escrow," "back-up," and "archived files" as

vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Request

as it seeks the inspection of specimens that are outside of the possession, custody, or control of

Smartmatic. Smartmatic further objects to this Request to the extent that it seeks the inspection of

confidential or proprietary specimens. Smartmatic further objects to this Request as overbroad in

both scope and time frame in seeking all SOURCE CODE in the possession, custody, and control

of Smartmatic used in decades of elections in Venezuela and the Philippines. Smartmatic will not

agree to this request.

**REQUEST NO. 7** SMARTMATIC SYSTEMS in a functional test environment capable of
generating test ballots, casting test ballots, scanning test ballots, and tabulating test ballots, all
using the same SOURCE CODE and configured with the same parameters and settings as used in
Los Angeles County, California in the 2020 PRESIDENTIAL ELECTION.

      **RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Request to the extent it seeks inspection(s) that are

not relevant to any claim or defense asserted in this action and are not reasonably calculated to

lead to the discovery of admissible evidence. Smartmatic objects to this Request as overly

intrusive. Smartmatic objects to the terms "functional test environment capable of generating test

ballots, casting test ballots, scanning test ballots, and tabulating test ballots" and "configured with

the same parameters and settings as used in Los Angeles County, California, in the 2020

PRESIDENTIAL ELECTION" as vague, ambiguous, overbroad, and unduly burdensome.

Smartmatic further objects to this Request as it seeks the inspection of specimens that are outside

of the possession, custody, or control of Smartmatic. Smartmatic further objects to this Request to

the extent that it seeks the inspection of confidential or proprietary specimens. Moreover,

Smartmatic objects on the basis that the Los Angeles County/Smartmatic contract expressly

forbids Smartmatic from sharing Los Angeles County's confidential information. Smartmatic objects to this Request to the extent that it is duplicative with Request for Inspection No. 1. Subject to and without waiving the foregoing objections, Smartmatic incorporates its response to Request for Inspection No. 1 in its entirety. Smartmatic will not agree to this request.

Date: October 18, 2023                                  Respectfully submitted,


                                                        */s/ J. Erik Connolly*
                                                        J. Erik Connolly (D.C. Bar No. IL0099)
                                                        Nicole E. Wrigley (D.C. Bar No. IL0101)
                                                        Lee B. Muench (admitted *pro hac vice*)
                                                        Julie M. Loftus (admitted *pro hac vice*)
                                                        BENESCH, FRIEDLANDER, COPLAN
                                                          & ARONOFF LLP
                                                        71 South Wacker Drive, Suite 1600
                                                        Chicago, IL 60606
                                                        Telephone: 312.212.4949
                                                        econnolly@beneschlaw.com
                                                        nwrigley@beneschlaw.com
                                                        lmuench@beneschlaw.com
                                                        jloftus@beneschlaw.com

                                                        *Attorneys for the Plaintiffs SMARTMATIC
                                                        USA CORP., et al.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 18, 2023, copies of the foregoing

**Plaintiffs' Omnibus Responses and Objections to Defendant's Requests for Inspection** were

served via email on all attorneys of record:

**JACKSON WALKER LLP**

1401 McKinney Suite 1900
Houston, TX 77010
Charles L. Babcock (cbabcock@jw.com)
Nancy W. Hamilton (nhamilton@jw.com)
John. K. Edwards (jedwards@jw.com)
Joel R. Glover (jglover@jw.com)
Bethany Pickett Shah (bpickett@jw.com)

2323 Ross Avenue, Suite 600
Dallas, TX 75201
Jonathan D. Neerman (jneerman@jw.com)
Carl C. Butzer (cbutzer@jw.com)
Minoo Sobhani Blaesche (mblaesche@jw.com)

**BOYDEN GRAY & ASSOCIATES**
801 17th St NW, #350
Washington, DC 20006
Trent McCotter (mccotter@boydengrayassociates.com)

*/s/ J. Erik Connolly*
J. Erik Connolly

# EXHIBIT 1-C



Olivia Sullivan
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.212.4968
Fax:  312.767.9192
osullivan@beneschlaw.com

October 19, 2023

**VIA EMAIL**

John K. Edwards
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201

Re:     ***Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America
        News Network*, Case No. 1:21-cv-02900-CJN (D.D.C.)**

John:

I write regarding Smartmatic's production of documents relating to LA County.

On October 14, OANN requested that Smartmatic produce to it the LA County documents, which LA County agreed to produce in Smartmatic's litigation with Fox. On October 18, Smartmatic obtained permission from LA County to produce those documents under the condition that they be marked Attorney-Eyes Only. Please confirm whether you agree to all of these documents being marked Attorney-Eyes Only.

The production of these documents in no way constitutes a waiver of Smartmatic's confidentiality objection to documents related to LA County. Smartmatic raised this objection in response to OANN's First Set of Requests for Production and further outlined it in Smartmatic's March 14, 2023 letter. Smartmatic also emphasizes that these documents, produced in other related litigation, are being produced to OANN because documents from related litigation are generally relevant to this matter.

Please let me know if you have any questions.

Very truly yours,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

/s/ Olivia Sullivan

Olivia Sullivan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP.,
SMARTMATIC HOLDING B.V., AND
SGO CORPORATION LIMITED,

        Plaintiffs,

   v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

        Defendant.

No. 1:21-cv-02900-CJN

**ORDER GRANTING DEFENDANT'S OPPOSED
MOTION TO COMPEL SOURCE CODE AND MACHINE INSPECTION**

Upon consideration of OAN's Opposed Motion to Compel Source Code and Machine Inspection and Smartmatic's Response in Opposition to that Motion, if any, it is hereby ORDERED that OAN's Motion is GRANTED.

Pursuant to Fed. R. Civ. P. 34(a)(2), Smartmatic is hereby ORDERED to make available for inspection the seven categories of systems and source code sought by OAN in its Request for Inspection on mutually agreeable dates within 30 days of this Order.

Signed this _____ day of _____, 2023.

_____
HONORABLE CARL J. NICHOLS
United States District Judge

1