IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>Defendant. | Civil Action No. 1:21-cv-02900-CJN |

## JOINT STATUS REPORT

The Parties, Smartmatic USA Corp., Smartmatic Holding B.V. and SGO Corporation Limited ("Plaintiffs") and Defendant Herring Networks, Inc. d/b/a One America News Network ("Defendant" or "OAN"), file this Joint Status Report ("Report") pursuant to the Magistrate Judge's Minute Order ("Order") of December 12, 2023 as follows:

## SMARTMATIC'S PENDING DISCOVERY MOTIONS

1.  *Smartmatic's Motion to Compel Financial Documents* **(Dkt. 124, Dec. 1, 2023) (Filed, partially briefed)**

    Plaintiffs' Position: Smartmatic's motion requests that OAN be compelled to produce its financial documents including documents demonstrating its financial condition, profits, margins, revenue, profit and loss statements, and valuations of OAN. These documents are relevant to actual malice. Smartmatic alleged that OAN engaged in defamation against Smartmatic for financial enrichment. The documents are also relevant to Smartmatic's request for punitive damages.

    Defendant's Position: The Supreme Court has held that "[i]f a profit motive could somehow strip communications of the otherwise available constitutional protection, our cases from New York Times to Hustler Magazine would be little more than empty vessels." *Harte-Hanks*

*Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 666–67 (1989). Thus, a defendant's goal of "increas[ing] its circulation [] cannot provide a sufficient basis for finding actual malice." *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 590 (D.C. Cir. 2016) Nor can Plaintiffs circumvent that rule by simply relabeling their requests as relevant to "punitive damages." Because punitive damages require clear and convincing evidence of actual malice, a profit motive is *a fortioari* irrelevant to that inquiry, too. Finally, punitive damages are the subject of OAN's pending motion for partial summary judgment on actual malice which was filed after the close of discovery and within the time permitted by Judge Nichols' scheduling order (Dkt. 42).

Meet and Confer and Resolution: The parties met and conferred prior to filing. The parties remain at an impasse.

**2.     *Smartmatic's Motion to Compel OAN's Response to Smartmatic's Second Set of Requests for Production* (Dkt. 128, Dec. 5, 2023) (Filed, partially briefed)**

Plaintiffs' Position: Smartmatic's motion requests that OAN be compelled to respond to Smartmatic's Second Set of RFPs which were served on July 31, 2023. OAN did not produce documents in response to Smartmatic's Second Set of RFPs because OAN asserts they were not timely. Smartmatic asked the Court for an extension of the deadline to serve its Second Set of RFPs because OAN had not produced a sufficient number of documents before the original deadline, and Smartmatic could not assess which RFPs were necessary.

Defendant's Position: The Court entered an Order (Dkt. 42) requiring all Parties to serve requests for production not later than May 31, 2023. OAN complied with the Court's Order, but the Plaintiffs did not. On the day of the Court's deadline, Plaintiffs moved for an extension of time to serve requests for production, and instead of securing a ruling (the Court has still not granted Plaintiffs relief) two months after the deadline the Plaintiffs served these 36 requests. Out of an abundance of caution, OAN served objections to Plaintiffs' tardy discovery.

Meet and Confer and Resolution: The parties met and conferred prior to filing. The parties remain at an impasse.

3. ***Smartmatic's Motion to Compel the Production of Documents from Related Actions* (Dkt. 130, Dec. 7, 2023) (Filed, partially briefed)**

Plaintiffs' Position: Smartmatic's motion requests that OAN be compelled to produce documents from its defamation lawsuits with Dominion Voting Systems, Ruby Freeman and Wandrea Moss, and Dr. Eric Coomer. The documents produced by OAN in the Related Actions are relevant to this matter because the basis for the complaints in each revolve around OAN's reporting of the 2020 U.S. election. The documents are also relevant to actual malice and go directly to what OAN knew about whether the 2020 U.S. election was rigged or stolen.

Defendant's Position: On December 8, 2023, Defendant produced all documents it produced in Dominion, to date, if responsive to Smartmatic's requests for production. Defendant did not produce documents in the Freeman and Moss case.

Meet and Confer and Resolution: The parties met and conferred prior to filing. Smartmatic believes the parties remain at an impasse. Defendant believes that a further meet and confer is appropriate to reach a resolution to this dispute.

4. ***Parties' Joint Notice of Unresolved Discovery Disputes* (Dkt. 143-1, Minute Order, May 31, 2023) (Not filed, not briefed)**

Plaintiffs' Position: Plaintiff raised four discovery disputes to the court: (1) OAN's failure to produce documents; (2) OAN's failure to disclose relevant witnesses; (3) OAN's failure to produce financial records; and (4) OAN's failure to agree to a date certain for completion of document production. Smartmatic filed a motion to compel on issue 3. (Dkt. 124). For issues 1, 2, and 4, some of the supporting facts and the deadlines requested are now outdated. However, these same issues still exist and need to be addressed by the Court.

Defendant's Position: OAN has resolved each of Smartmatic's issues except for its request for the production of OAN-related financial records (Issue 3), which is the subject of Smartmatic's motion to compel filed on 12/1/23 (Dkt. 124). Since the May 5 submission, the Parties agreed to a substantial completion deadline, and OAN has met this deadline and completed document production. In addition, on 9/14/23, OAN amended its interrogatory responses disclosing every individual responsive to Smartmatic's requests, and on 12/8/23, OAN served amended disclosures. In contrast, of OAN's issues detailed in the Joint Notice, only Issue 7 (production of third-party subpoena responses) has been resolved. Smartmatic continues to obstruct OAN's relevant discovery requests for materials related to: governmental investigations into Smartmatic's business practices (Issue 1), issues impacting Smartmatic's reputation (Issue 2), evidence of global damages (Issue 3), board meeting minutes for Plaintiffs Smartmatic International Holding B.V. and SGO Corporation Limited (Issue 5), and Smartmatic's communications with its vendors and manufacturers (Issue 6).

**5.    *Parties' Forthcoming Joint Notice of Unresolved Discovery Disputes* (*see* Dkt. 105, p. 6, fn 2) (Not filed, not briefed)**

Plaintiffs' Position: In the parties' email to the Court requesting a teleconference on discovery disputes, Smartmatic indicated it intends to file a motion to compel OANN's response to Smartmatic's First Set of Requests for Production. Smartmatic identified eight categories of documents that OANN has not produced in response to Smartmatic's requests, those include: (1) documents related to employment decisions; (2) documents related to oversight, structure, and decision making authority; (3) documents showing OANN's corporate governance structure; (4) documents sufficient to demonstrate every meeting that occurred regarding Smartmatic and Dominion; (5) documents concerning ratings, viewership, readership, and engagement data; (6) documents concerning the downloads of OANN applications, subscriptions, and clicks; (7)

4

documents and communications from personal email addresses; and (8) documents and communications from text messages.

Defendant's Position: "Forthcoming" discovery disputes are not appropriate for this status report regarding pending disputes filed with the Court or submitted previously to chambers, and OAN was not given adequate time to address them (approximately 1 hour).

Meet and Confer and Resolution: The parties met and conferred on these issues and remain at an impasse. Defendant believes a further meet and confer is appropriate.

6. ***Smartmatic's Motion for Protective Order Quashing Herring Network Inc.'s Second Set of Requests for Production*** **(Dkt. 81, July 7, 2023) (Filed, fully briefed)**

Plaintiffs' Position: Smartmatic's motion asks this Court to quash OAN's second set of requests for production (RFPs) because they are blatantly duplicative of OAN's first set of RFPs and are excessively voluminous in number. OAN served 1,500 RFPs on the plaintiff entities, which is excessive given the number of documents Smartmatic has already produced and the scope of discovery. Accordingly, responding to OAN's Second Set of RFPs would be overly burdensome for Smartmatic.

Defendant's Position: There are not 1,500 separate requests for production but rather three identical sets for each Plaintiff, which is called for in a case where Plaintiffs seeks in excess of $2 billion against a small family-owned media company. Further, the requests are not duplicative but, if they are, we have asked Plaintiffs to identify which ones and they have refused.   We have also agreed that they only need answer one set if there are agreed upon duplications (which we deny). We also note that Plaintiffs have not adequately answered OAN's 1st RFPS. (Dkt. 129, ECF p.1; Dkt. 81, pp. 9 and 13 n.4; see also Dkt. 81-8).

Meet and Confer and Resolution: The parties met and conferred prior to filing. The parties remain at an impasse.

7.   ***Smartmatic's Emergency Motions to Stay Depositions[1]* (Dkt. 105, Oct. 12, 2023; Dkt. 113, Nov. 3, 2023) (Filed, fully briefed)**

Plaintiffs' Position: These motions were granted in orders entered by the Court on October 17 and November 11, however, both Orders temporarily stayed depositions "pending further order of the Court." Smartmatic respectfully requests that a date on which depositions can begin be set by the Court.

Defendant's Position:  On October 21, 2023, the Court granted this motion, but the stay should be lifted, and Defendant should be permitted to take these depositions by a date certain.

Meet and Confer and Resolution: The parties met and conferred prior to filing. The parties remain at an impasse.

8.   ***Forthcoming Discovery Disputes* (not filed, not briefed)**

Plaintiffs' Position: Beyond the disputes listed above, Smartmatic intends to file additional motions to compel in the near future. These motions include: motion to compel designation of additional custodians, motion to compel the production of cell phone data, motion to compel documents related OANN's possession of Smartmatic's private data, motion to compel response to Smartmatic's First Set of Interrogatories, and motion to compel documents regarding Michael Lindell and My Pillow.

Defendant's Position: "Forthcoming" discovery disputes are not appropriate for this status report regarding pending disputes filed with the Court or submitted previously to chambers, and OAN was not given adequate time to address them (approximately 1 hour).

Meet and Confer and Resolution: The parties have met and conferred on these issues and remain at an impasse.  Defendant believes a further meet and confer is appropriate.

---

[1] Smartmatic also filed a motion with Judge Nichols on September 18, 2023, requesting that the Court quash the depositions that were noticed, stay depositions, and amend the scheduling order to extend fact discovery. (Dkt. 96). This motion is still pending.

6

**DEFENDANT'S PENDING DISCOVERY MOTIONS**

1. ***OAN's Opposed (Now Unopposed) Motion for Issuance of Letters of Requests and for Production of Documents* (Dkt. 94, September 13, 2023) (Filed, fully briefed)**

    <u>Defendant's Position</u>: Defendant seeks letters of request to authorities in Venezuela and Brazil under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), and letters of requests to the judicial authorities of specific countries who are not parties to the Convention (the Philippines, Kenya, Belgium, and Oman) regarding relevant documents. Plaintiffs filed their non-opposition to the motion on 9/27/23 (Dkt. No. 99), thus the motion is unopposed.

    <u>Plaintiffs' Position</u>: Smartmatic filed a non-opposition to this motion.

    <u>Meet and Confer and Resolution</u>: The parties met and conferred prior to filing.

2. ***Defendant's Opposed Motion to Compel Depositions* (Dkt. 143-2, originally submitted to Chambers on 10/3/23 per Standing Order, Dkt. No. 5, at ¶ 11) (Not fully briefed)**

    <u>Defendant's Position</u>:  Plaintiffs refused to present five employee witnesses for deposition (including a Rule 30(b)(6) representative for each Plaintiff), despite proper and timely notices. Although Plaintiffs filed a motion for protection, they did not secure a ruling before the noticed date. The depositions should be compelled.

    <u>Plaintiffs' Position</u>: This motion has not been filed or briefed. OANN noticed this motion less than 24 hours before this submission deadline. As such, Smartmatic has not developed its position on this motion. Its preliminary position is that depositions should not move forward until discovery disputes are resolved and sufficient document production has been made. Smartmatic asks that the Court not rule on this motion until Smartmatic has had a chance to submit a response brief.

    <u>Meet and Confer and Resolution</u>: The parties met and conferred prior to filing. The parties remain at an impasse.

7

3.  ***Defendant's Motion to Compel Compliance with Rule 45 Subpoena* (Originally filed in W.D. Va. and transferred to D.D.C.; Dkt. 1 in 1:23-mc-00116-TJK-MAU (D.D.C.)) (not fully briefed in D.D.C.)**

<u>Defendant's Position</u>:  Non-Party witness Hugh Gallagher, a former Smartmatic employee, did not appear for his properly noticed deposition.  The witness (represented by Plaintiffs' counsel) filed a motion for protection in the wrong court and failed to secure a ruling before the noticed date. The deposition should be compelled.

<u>Plaintiffs' Position</u>: Smartmatic moved to quash Mr. Gallagher's subpoena. That motion was granted, and Mr. Gallagher's deposition was stayed. (11/11/23 Minute Order). Mr. Gallagher is not required to sit for a deposition while a motion to quash the deposition subpoena is pending and the motion was made in good faith, as it was here.

<u>Meet and Confer and Resolution</u>: The parties met and conferred prior to filing. The parties remain at an impasse.

4.  ***Defendant's Motion to Modify Deposition Limits* (Dkt. 143-3, originally submitted to Chambers on 10/6/23 per Standing Order, Dkt. 5, at ¶ 11) (Not fully briefed)**

<u>Defendant's Position</u>: As Judge Nichols ordered in the pending Dominion v. Herring Networks, LLC case, it would be productive to have a deposition protocol in the event any deposition discovery is permitted after the fact discovery December 8, 2023 deadline. Plaintiffs refused to discuss such a protocol prior to the time this motion was brought to Judge Nichols' attention on October 6, 2023.

<u>Plaintiffs' Position</u>: This motion has not been filed or briefed. OANN noticed this motion less than 24 hours before this submission deadline. As such, Smartmatic has not developed its position on this motion. Its preliminary position is that Smartmatic informed OANN that it would meet and confer on deposition parameters when it was appropriate to move forward. This motion

8

is frivolous, the parties should attempt to reach a resolution of this issue once depositions are set to move forward.

Meet and Confer and Resolution: The parties met and conferred prior to filing. The parties remain at an impasse.

5. ***Defendant's Opposed Motion to Compel Amended Initial Disclosures* (143-4, originally submitted to Chambers on 10/17/23 per Standing Order, Dkt. 5, at ¶ 11) (Not fully briefed)**

Defendant's Position: Plaintiffs continue to refuse to make their required Rule 26(a)(1)(iii) disclosures of the computation of each category of damages, the documents upon which it is based, and materials bearing on the nature and extent of injuries.

Plaintiffs' Position: This motion has not been filed or briefed. OANN noticed this motion less than 24 hours before this submission deadline. As such, Smartmatic has not developed its position on this motion. Its preliminary position is that it is premature to amend its initial disclosure to include a computation of damages, as this is an issue for expert discovery. Smartmatic has already produced documents related to its damages and the extent of its injuries. Smartmatic asks that the Court not rule on this motion until Smartmatic has had a chance to submit a response brief.

Meet and Confer and Resolution: The parties met and conferred prior to filing. The parties remain at an impasse.

6. ***Defendant's Opposed Motion to Compel Source Code and Machine Inspection* (Fifth Motion to Compel) (Dkt. 143-5, originally submitted to Chambers on 10/27/23 per Standing Order, ECF No., 5, at ¶ 11) (not fully briefed)**

Defendant's Position: Plaintiffs refused to permit inspection of its source code and voting machines pursuant to a proper and timely request under Rule 34, despite such code and machines being central to the claims in this case. Plaintiffs should be compelled to make these materials available for timely inspection.

9

Plaintiffs' Position: This motion has not been filed or briefed. OANN noticed this motion less than 24 hours before this submission deadline. As such, Smartmatic has not developed its position on this motion. Its preliminary position is that Smartmatic does not own the source code Defendants seek to inspect, it is owned by Los Angeles County, and is therefore not in the possession, custody, or control of Smartmatic. Smartmatic asks that the Court not rule on this motion until Smartmatic has had a chance to submit a response brief.

Meet and Confer and Resolution: The parties met and conferred prior to filing. The parties remain at an impasse.

7. ***Defendant's Motion to Compel Responses to Interrogatories and Requests for Production*** **(Sixth Motion to Compel) (Dkt. 144-6, originally submitted to Chambers on 10/27/23 per Standing Order, ECF No., 5, at ¶ 11) (not fully briefed)**

Defendant's Position: Plaintiffs refused to respond to OAN's relevant and timely discovery requests, including 11 interrogatories and 29 requests for production. In compliance with Paragraph 11 of the Court's Standing Order, OAN requested leave to file its sixth motion to compel, which has not been ruled upon.

Plaintiffs' Position: This motion has not been filed or briefed. OANN noticed this motion less than 24 hours before this submission deadline. As such, Smartmatic has not developed its position on this motion. Smartmatic's preliminary position is that it has already produced documents in response to many of these requests and Defendant's requests are overly broad, burdensome, and/or not relevant. Smartmatic asks that the Court not rule on this motion until Smartmatic has had a chance to submit a response brief.

Meet and Confer and Resolution: The parties met and conferred prior to filing. The parties remain at an impasse.

8. ***Defendant's Motion to Compel Document Production from Scott Circle Communications, Inc.*** **(Dkt. 111, November 2, 2023) (fully briefed)**

10

Defendants' Position:  Scott Circle ("SC") is a Washington based Public Relations firm. We know that it possesses documents relevant to Plaintiffs' reputation (which SC was hired to manage in the run up to the 2020 election) and have information probative of Plaintiffs' public figure status, which is the subject of the pending motion for partial summary judgment on actual malice (Dkt. 136).

Plaintiffs' Position: This motion pertains to a third party who has been subpoenaed by Defendant. Smartmatic will not take a position on Scott Circle Communications, Inc.'s behalf.[2]

Meet and Confer and Resolution: Defendant and counsel for third-party met and conferred prior to filing. This dispute has not been resolved.

9. ***Second Opposed (Now Unopposed) Motion for Issuance of Letters of Request and Letter Rogatory*  (Dkt. 120, November 16, 2023) (Filed, fully briefed)**

Defendant's Position:  Defendant seeks letters of request to authorities in the U.K., the Netherlands, and Switzerland, as well as a letter rogatory to authorities in Taiwan for relevant documents and testimony. Plaintiffs filed its non-opposition to the motion on 11/30/23 (Dkt. 123), thus the motion is unopposed.

Plaintiffs' Position: Smartmatic submitted a non-opposition in response to this motion.

Meet and Confer and Resolution: The parties met and conferred prior to filing.

10. ***Defendant's Opposed Motion to Compel SEC Newgate US LLC to Produce Documents Pursuant to Rule 45 Subpoena*  (Originally filed in U.S.D.C., S.D.N.Y. and transferred to D.D.C; docketed as 1:23-mc-00134-RBW (D.D.C.)) (Filed, partially briefed)**

Defendant's Position: Defendant filed a motion to compel third-party SEC Newgate's compliance with a document subpoena. SEC Newgate is one of Plaintiffs' Public Relations firms

---

[2] Scott Circle moved to quash the deposition subpoena issued by OANN. (Dkt. 108).

11

and has not produced any documents nor produced any credible evidence of burden in responding to the subpoena.

Plaintiffs' Position: This motion pertains to a third party who has been subpoenaed by Defendant. Smartmatic will not take a position on SEC Newgates's behalf.

Meet and Confer and Resolution: Defendant and counsel for third-party met and conferred prior to filing. This dispute has not been resolved.

11. ***Defendant's Opposed Motion to Compel Third Party George Soros ("Soros") to Comply with Rule 45 Subpoena* (Originally filed in U.S.D.C., S.D.N.Y. and transferred to D.D.C. – no docket number assigned) (Not fully briefed in D.D.C)**

Defendant's Position: Defendant filed a motion to compel Soros's compliance with a document subpoena. Soros has refused to produce any documents, objecting on relevance and on burdensome grounds based on a one-page set of proposed search terms. In their Complaint, Plaintiffs allege that OAN made defamatory statements by linking Smartmatic with Soros. *See* Dkt. 1, ¶¶ 41, 93, 95-97, 99, 102, 104-106, 111, 113, 129, 131, 171, 184, 218, and 227. Documents produced by Smartmatic substantiate a strong connection between Smartmatic and Soros related to business opportunities. *See, e.g.*, Dkt. 136 (Exhibit O-38: SMMT-OAN02476880; Exhibit O-40: SMMT-OAN03929777–78; Exhibit O-41: SMMT-OAN03931491–92; Exhibit O-43: SMMT-OAN04410366–77; Exhibit O-44: SMMT-OAN01604829–30; Exhibit O-45: SMMT-OAN02067740–41; Exhibit O-90: SMMT-OAN04082002–03. Soros has not demonstrated any undue burden.

Plaintiffs' Position: This motion pertains to a third party who has been subpoenaed by Defendant. Smartmatic will not take a position on George Soros' behalf.

Meet and Confer and Resolution: Defendant and counsel for third-party met and conferred prior to filing. This dispute has not been resolved.

12. ***Defendant's Opposed Motion to Compel Third-Party Open Society Institute to Comply with Rule 45 Subpoena*** **(Dkt. 126, December 5, 2023) (Filed, partially briefed)**

Defendant's Position: OAN filed a motion to compel Open Society Institute's ("OSI") compliance with a document subpoena. The entity has refused to produce any documents, objecting on relevance and burden grounds. OSI is affiliated with Soros (*see* II.K. above) and the Complaint references the "Open Society" in 5 unique statements alleged to be defamatory. *See* Dkt. 1 ¶¶ 93, 99, 111, 131, 171(cc). OSI has not demonstrated any undue burden.

Plaintiffs' Position: This motion pertains to a third party who has been subpoenaed by Defendant. Smartmatic will not take a position on Open Society Institute's behalf.

Meet and Confer and Resolution: Defendant and counsel for third-party met and conferred prior to filing. This dispute has not been resolved.

13. ***Defendant's Emergency Motion to Strike Smartmatic Motions to Compel*** **(Dkt. 131, December 7, 2023) (filed, not fully briefed)**

Defendant's Position: Judge Nichols's Standing Order (Dkt. 5, ¶ 11) requires leave of Court before filing motions seeking discovery from another party to the case, and that requirement remains binding for matters referred to the Magistrate Judge.[3] Plaintiffs filed three motions to compel in early December without obtaining such leave.

Plaintiffs' Position: The deadline for Smartmatic's response brief is not until December 21, as such, Smartmatic offers its preliminary opinion. All discovery disputes were referred to Magistrate Judge Upadhyaya on May 31, 2023. Thus, Judge Nichols' standing order does not apply to Smartmatic's motions to compel, which are pending before Magistrate Judge Upadhyaya. Furthermore, courts strongly disfavor motions to strike as they promote a drastic remedy. OANN has not demonstrated that Smartmatic's motions are prejudicial, scandalous, indefensible, or

---

[3] *See Hudert v. Alion Sci. & Tech. Corp.*, 2011 WL 13262554, at *1 (D.D.C. Mar. 15, 2011).

13

wholly inappropriate, and it therefore fails to meet the standard to grant a motion to strike. This motion is frivolous and should be withdrawn.

Meet and Confer and Resolution:  Defendant's counsel inquired whether Plaintiffs' counsel had obtained leave of court to file their motions, and Plaintiffs' counsel maintained their position that leave is not required. This dispute has not been resolved.

14. ***Defendant's Motion for Protective Order Forbidding Plaintiffs' Third-Party Discovery that Violates Standing Order*** **(Dkt. 135, December 8, 2023) (Filed, partially briefed)**

Defendant's Position: Pursuant to Judge Nichols' Scheduling Order (Dkt. 42), the deadline for completion of fact discovery is December 8, 2023. This deadline applies to third party subpoenas. Despite knowing about this deadline for over a year, Plaintiffs recently served Rule 45 deposition and/or document subpoenas on four third-parties, with compliance dates after the discovery deadline.

Plaintiffs' Position: The deadline for Smartmatic's response brief is not until December 21, as such, Smartmatic offers its preliminary opinion. All discovery disputes were referred to Magistrate Judge Upadhyaya on May 31, 2023.  Thus, Judge Nichols' standing order does not apply to Smartmatic's motions to compel, which are pending before Magistrate Judge Upadhyaya. Furthermore, courts strongly disfavor motions to strike as they promote a drastic remedy.  OANN has not demonstrated that Smartmatic's motions are prejudicial, scandalous, indefensible, or wholly inappropriate, and it therefore fails to meet the standard to grant a motion to strike. This motion is frivolous and should be withdrawn.

Meet and Confer and Resolution: The parties met and conferred prior to filing. The motion is unopposed. The motion is ripe for ruling.

Dated: December 14, 2023

By: */s/ Charles L. Babcock*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

15

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of December 2023, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.

/s/ *Trent McCotter*
Trent McCotter