**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>Defendant. | Civil Action No. 1:21-cv-02900-CJN |

**DECLARATION OF CARL C. BUTZER IN SUPPORT OF
DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF FINANCIAL DOCUMENTS**

I, Carl C. Butzer, declare as follows:

1. I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN" or "Defendant"). I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of Defendant's Response to Plaintiffs' Motion to Compel Production of Financial Documents.

2. On October 21, 2022, Plaintiffs served their First Set of Requests for Production ("RFPs") on OAN. This set of requests included RFP Nos. 49, 50, and 51, which are the subject of the Motion to Compel Production of Financial Documents filed by Plaintiffs Smartmatic USA Corp., Smartmatic Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic" or "Plaintiffs"). ECF No. 124; *see* ECF No. 124-2 at 18–19.

3. On December 16, 2022, OAN served on Plaintiffs OAN's Responses and Objections to the requests. ECF No. 124-3.

4. On January 3, 2023, Plaintiffs' counsel sent a letter to OAN's counsel requesting a meet-and-confer concerning OAN's objections to RFP Nos. 49–51.

5. As reflected in correspondence: Counsel for the parties met and conferred by telephone conference on January 25, 2023, and on January 27, 2023; and during those conferences, with regard to RFP Nos. 49–51, OAN tentatively proposed to produce: (i) communications concerning any relationship between its financials and any Smartmatic entity or the alleged defamatory statements; and (ii) any documents reflecting any revenue generated by the specific broadcasts containing the alleged defamatory statements at issue in Smartmatic's complaint, to the extent OAN is in possession, custody, or control of responsive and non-privileged documents. As OAN explained, however, it would be premature to produce financial statements until the case is ripe for a damages analysis.

6. On February 17, 2023, OAN's counsel sent Plaintiffs' counsel a letter summarizing the parties' January 25 and January 27 meet-and-confers. The letter provided case law supporting OAN's positions on RFP Nos. 49–51.

7. On February 27, 2023, Plaintiffs' counsel sent OAN's counsel a letter. With respect to OAN's proposal as to RFP Nos. 49–51, counsel for Plaintiffs wrote they rejected this proposal. Additionally, Plaintiffs' counsel wrote they believed that the parties are at an impasse with regard to these requests, and will seek court intervention. The letter did not address the case law OAN provided in its February 17 letter.

8. On March 20, 2023, OAN's counsel responded by letter stating in pertinent part, "We note that Plaintiffs have failed to acknowledge the case law we provided in support of

[Defendant] Herring's tentative proposal as to these requests in the February 27 Letter. While you have stated that you reject our proposal, we remain willing to meet and confer on these requests and disagree that the parties are at an impasse. We request that you respond to the case law provided to facilitate a more informed discussion, so that the parties may continue to explore a reasoned agreement on this topic."

9.  On March 23, 2023, Plaintiffs' counsel sent a letter to OAN's counsel stating in pertinent part, "Smartmatic does not intend to waste time continuing to rehash issues that the parties have been discussing for months without making any progress. At this juncture, the Court should decide which party is correct." The letter further stated, "Smartmatic intends to seek an order compelling OANN to produce documents in response to Smartmatic's RFP Nos. 49 and 50." The letter did not address the case law supporting OAN's positions on RFP Nos. 49–51.

10. On March 27, 2023, OAN's counsel sent a letter to Plaintiffs' counsel. With regard to RFP Nos. 49–50, OAN stated in pertinent part, "Plaintiffs flat-out rejected Herring's proposal and case law, and refused to even offer to narrow the scope of the documents sought or applicable time period. As a result, it is disingenuous for Plaintiffs to claim that they have, in good faith, participated in the meet and confer process as to these requests."

11. On March 28, 2023, Plaintiffs' counsel sent a letter to OAN's counsel stating that "unless OANN is now willing to produce the requested records, this issue is ripe for the adjudication."

12. As of the date of this declaration, OAN has produced to Smartmatic all non-privileged documents in OAN's possession, custody, or control reflecting the amount of ad revenue generated by the specific broadcasts containing the statements alleged by Smartmatic's complaint to be defamatory, including republications of those broadcasts. The documents were

3

produced on September 25, 2023 (Bates stamps OAN_SMMT_00973700–OAN_SMMT_00973739) and December 3, 2023 (Bates stamps OAN_SMMT_01046235–OAN_SMMT_01046296; OAN_SMMT_01046187–OAN_SMMT_01046191). On October 6, 2023, OAN provided Smartmatic with the Bates numbers of the ad revenue documents produced on September 25. On December 8, 2023, OAN provided Smartmatic with the Bates numbers of the ad revenue documents produced on December 3.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 15, 2023.

                                                            /s/ Carl C. Butzer
                                                            Carl C. Butzer