# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, <br><br>　　　　　Plaintiffs, <br>　　v. <br><br>HERRING NETWORKS, INC., <br><br>　　　　　Defendant. | No. 1:21-cv-02900-CJN <br><br> Judge Carl J. Nichols |

**AFFIDAVIT OF J. ERIK CONNOLLY IN SUPPORT OF SMARTMATIC'S RULE 56(D) RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ACTUAL MALICE**

I, Joel Erik Connolly, hereby declare under penalty of perjury that the following is true and correct:

1. I am an attorney at Benesch, Friedlander, Coplan & Aronoff LLP and counsel for Smartmatic U.S.A. Corporation, Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively "Smartmatic") in this action. As such, I am fully familiar with the facts and circumstances of the matters stated in this declaration.

2. In 2021, Smartmatic initiated lawsuits against OANN, Fox Corporation, Fox News Network, Newsmax, Rudy Giuliani, Sidney Powell, and Mike Lindell/MyPillow.

**Smartmatic's Requests for Production**

3. Smartmatic served its First Set of Requests for Production (RFPs) on October 21, 2022. **Exhibit A** is a true and accurate copy of Smartmatic's First Set of Requests for Production Directed at Defendant Herring Networks, Inc. d/b/a One America News Network ("OANN").

1

4. OANN served its written responses on December 16, 2022. **Exhibit B** is a true and accurate copy of OANN's Responses and Objections to Plaintiffs' First Set of Requests for Production.

5. Smartmatic and OANN agreed to produce documents on February 3, March 3, and April 7, 2023. On February 3, OANN produced 56 documents, which were comprised of news articles and legal documents about Smartmatic that OANN apparently downloaded from the internet in late 2022. Then, on March 3, OANN produced 41 documents. Smartmatic informed OANN that it would seek Court intervention unless OANN agreed to a document production schedule. **Exhibit C** is a true and accurate copy of the letter sent from Michael Bloom to Brian Ledebuhr on March 23, 2023.

6. On March 31, 2023, OANN agreed to produce documents on April 28 and May 5, 2023, and finalize productions by May 19, 2023.

7. On April 20, 2023, OANN informed Smartmatic that it would not meet the agreed-upon document production dates. **Exhibit D** is a true and accurate copy of the letter sent from Brian W. Ledebuhr to Michael Bloom and Olivia Sullivan on April 20, 2023. **Exhibit E** is a true and accurate copy of Olivia Sullivan's response letter to Brian Ledebuhr on April 20, 2023. The next day, OANN stated that the earliest it could make its next production was May 24. **Exhibit F** is a true and accurate copy of Brian W. Ledebuhr's reply letter to Michael Bloom and Olivia Sullivan on April 21, 2023.

8. On May 24, OANN produced 186,214 documents.

9. OANN's new counsel entered their appearances in the case on June 2, 2023. New counsel indicated that OANN could not make another document production until the end of July,

2023. Smartmatic asked OANN to make a production as soon as possible. **Exhibit G** is a true and accurate copy of the letter from Olivia Sullivan to John Edwards on June 26, 2023.

10. As of August 28, 2023, OANN had produced 238,500 documents. The documents included tweets about the weather, marketing blasts unrelated to the alleged disinformation campaign, and off-topic articles. Examples of these documents are attached hereto as **Exhibits H, I, and J**.

11. By August 28, Smartmatic had produced over 8.8 million pages of documents, comprising more than 2 million documents.

12. OANN made additional productions between August 28 and December 8. Those productions brought OANN's total production to 248,000 documents. To date, Smartmatic has produced 2.4 million documents.

13. On December 8, the day before it filed its motion for partial summary judgment, OANN produced 5,000 of its own documents and approximately 10,000 documents from third parties that OANN had subpoenaed.

14. On May 5, 2023, before this Court referred discovery disputes to Magistrate Judge Upadhyaya, Smartmatic and OANN submitted a joint notice in which Smartmatic requested leave to file a motion to compel production from OANN in response to its first set of RFPs. **Exhibit K** is a true and accurate copy of the May 5 Joint Notice.

15. Based on counsel's review to date, it appears OANN has not produced all responsive documents relating to employment decisions, OANN's oversight, structure, and decision-making authority, meetings that occurred regarding Smartmatic and Dominion, and downloads of OANN applications, subscriptions, and clicks.

16. Prior to May 31, 2023, OANN agreed that Smartmatic could serve additional RFPs after May 31, 2023. Smartmatic and OANN confirmed the extension in a letter and via e-mail. **Exhibit L** is a true and accurate copy of the letter from Brian Ledebuhr to Michael Bloom and Olivia Sullivan on April 28, 2023. **Exhibit M** is a true and accurate copy of the e-mail from Brian Ledebuhr to Olivia Sullivan on May 22, 2023.

17. Smartmatic served its second set of requests for production on July 31, 2023. **Exhibit N** is a true and accurate copy of Smartmatic's Second Set of Requests For Production Directed At Defendant Herring Networks, Inc. d/b/a One America News Network.

18. Smartmatic's second set of requests for production includes several categories of documents that OANN has not yet produced. Among other things, Smartmatic's second set of requests for production seeks the production of documents relating to the distribution of OANN's programs, ratings, viewers, and subscriber metrics; OANN's political donations; and other lawsuits involving OANN.

**OANN's Identification of Individuals Who May Possess Discoverable Information**

19. On November 3, 2022, OANN served its Rule 26(a)(1) disclosures. **Exhibit O** is a true and accurate copy of OANN's Rule 26(a) Initial Disclosures. OANN's Rule 26(a)(1) disclosures did not disclose producers, bookers, and others involved behind the scenes with the production of defamatory publications.

20. On December 16, 2022, OANN served its answers to Smartmatic's first set of interrogatories. **Exhibit P** is a true and accurate copy of OANN's Answers and Objections to Plaintiffs' First Set of Interrogatories. OANN's answers did not list producers, bookers, and others involved behind the scenes with the production of defamatory publications.

21. Smartmatic investigated the identity of potential producers and bookers at OANN and sent a letter to OANN on February 20, 2023, requesting that OANN identify additional relevant witnesses. **Exhibit Q** is a true and accurate copy of the letter sent from Michael Bloom to Brian W. Ledebuhr on February 20, 2023. Then, in March, at a meet and confer, Smartmatic again informed OANN that it needed to update its disclosure of relevant witnesses and specifically identify producers, guest bookers, producers, social media managers, and other witnesses that work behind the scenes at OANN.

22. On March 20, 2023, OANN told Smartmatic that it could not identify any guest bookers, associate producers, executive producers, show runners, social media personnel, and C-suite-level executives. **Exhibit R** is a true and accurate copy of the letter sent from Brian W. Ledebuhr to Michael Bloom and Olivia Sullivan on March 20, 2023. Smartmatic raised OANN's failure to identify relevant witnesses in the parties' May 5, 2023 Joint Notice of Discovery Disputes, which was referred to Magistrate Judge Upadhyaya for resolution.

23. On September 14, 2023, OANN served amended answers to Smartmatic's interrogatories number 1, 2, 3, and 5. The amended answers included over sixty new individuals, including producers and bookers. **Exhibit S** is a true and accurate copy of OANN's Objections and Supplemental Answers to Plaintiff's Interrogatory Nos. 1-3, 5 to Herring Networks, Inc. d/b/a One America News Network.

24. On October 13, 2023, after receiving OANN's supplemental answers to interrogatories 1, 2, 3, and 5, Smartmatic asked OANN to add the newly identified witnesses as custodians. **Exhibit T** is a true and accurate copy of the letter sent from Olivia Sullivan to John Edwards on October 13, 2023.

25. On November 5, 2023, OANN refused to add the newly disclosed individuals to its list of custodians. **Exhibit U** is a true and accurate copy of the letter sent from Carl Butzer to Olivia Sullivan on November 5, 2023. Smartmatic sent an additional letter to OANN, providing specific reasons why each witness should be designated as a custodian. **Exhibit V** is a true and accurate copy of the letter sent from Olivia Sullivan to Carl Butzer on November 30, 2023. On December 8, OANN responded and continued to refuse to add any custodians. **Exhibit W** is a true and accurate copy of the document Carl Butzer sent to Olivia Sullivan on December 8, 2023. Smartmatic has previewed this issue with Magistrate Judge Upadhyaya in the parties' list of disputes that require resolution.

**OANN Broadcasts Mentioning Smartmatic**

26. Smartmatic's first set of interrogatories asked OANN to identify any broadcasts during the relevant period that mentioned Smartmatic. **Exhibit X** is a true and accurate copy of Smartmatic's First Set of Interrogatories Directed at Defendant Herring Networks, Inc. d/b/a One America News Network.

27. OANN's December 2022 answers to Smartmatic's first set of interrogatories did not identify any broadcasts in which Smartmatic was mentioned, except those already identified in Smartmatic's Complaint. *See* **Exhibit P.**

28. On October 6, 2023, OANN supplemented its answers to Interrogatory Nos. 7-20. **Exhibit Y** is a true and accurate copy of OANN's Objections and Supplemental Answers to Plaintiffs' Interrogatory Nos. 7-20 to Herring Networks, Inc. d/b/a One America News Network. OANN's October amended interrogatory answers identified thirteen broadcasts and republication of broadcasts that were not identified in Smartmatic's Complaint.

29. On December 8, 2023, OANN supplemented its answers to Smartmatic's first set of interrogatories. **Exhibit Z** is a true and accurate copy of Defendant's Second Supplemental Objections and Answers to Plaintiffs' First Set of Interrogatories Directed at Herring Networks, Inc. d/b/a One America News Network. OANN's supplemental answer identified additional broadcasts and republications of broadcasts.

**OANN Sources of Information**

30. OANN did not identify any sources for its allegedly defamatory statements in its initial Rule 26(a)(1) disclosures. *See* **Exhibit O.**

31. On December 5, 2023, OANN served amended Rule 26(a)(1) disclosures that added over 80 new individuals, companies, and organizations. The new list includes U.S. and foreign nationals, several secretaries of state, federal agencies, and several other companies and organizations. **Exhibit AA** is a true and accurate copy of OANN's Amended Rule 26(a) Initial Disclosures.

32. Smartmatic served three interrogatories to obtain the identity of OANN's sources. Smartmatic asked for all sources of information for visuals used during the defamatory programs (interrogatory (ROG) 7), all information provided to OANN regarding alleged election fraud (ROG 10), and all evidence OANN possessed indicating its defamatory statements were true (ROG 18). *See* **Exhibit X.** OANN initially refused to answer each of these interrogatories. *See* **Exhibit P.**

33. On October 6, 2023, OANN supplemented its answer to ROG 7 with a 150-row chart identifying sources, supplemented its answer to ROG 18 by identifying one person's investigation of Smartmatic, and added a variety of named and unnamed people and entities to its answer to ROG 10. *See* **Exhibit Y.**

34. Smartmatic started its document production on February 3, 2023. Between February and December 2023, Smartmatic produced over 2.4 million documents. Smartmatic has already produced to OANN documents covering over 20 years of its corporate history from 51 different custodians located in the United States and across the world.

**Smartmatic's Discovery Needs**

35. Smartmatic needs discovery from OANN to establish that OANN acted with actual malice. Evidence from OANN relates to OANN's actions, inactions, and state of mind.

36. Smartmatic needs documentation from Alex Salvi, Elma Aksalic, Mike Dinow, John Hines, Samantha Lombibao, Emily Finn, Kara McKinney, Patrick Hussion, Dan Ball, Stephanie Hamill, Christina Bobb, Pearson Sharp, and Natalie Harp ("OANN hosts") to determine (1) when the host decided to cover the election fraud claims, including claims about Smartmatic, (2) the host's interaction with guests on the shows prior to airing of the show to evaluate the credibility of the guest and the claims the guest would make, (3) the investigation conducted by the host or ordered by the host into the election fraud claims generally and Smartmatic fraud claims specifically, (4) the host's awareness, through media reports or direct communications, that the election fraud claims were meritless as were the claims being made about Smartmatic, and (5) the host's familiarity with how viewers and generally public were reacting to the defamatory statements made on his or her show to show ill-intent. Each of these categories of documents go directly to establishing that the hosts acted with actual malice.

37. With respect to depositions, Smartmatic needs to depose each OANN host to determine whether he or she knew the statements were false or acted with reckless disregard for the truth. Among other things, deposition testimony from the hosts will generate evidence regarding: (1) the investigation they conducted about election fraud generally and Smartmatic

specifically prior to their programs, (2) the basis for their "beliefs" about the election fraud claims generally and Smartmatic specifically before, during, and after their programs, (3) their understanding of the inherent improbability of the election fraud claims generally and Smartmatic specifically given the security around the election and post-election audits, (4) their attempts, or lack thereof, to balance their reporting, interview people who would debunk the election fraud claims, and correct the record after receiving retraction demands, (5) their personal motivations for embracing the election fraud claims and defaming Smartmatic, and (6) oral conversations that they had with their production teams, executives, and others about the merits of election fraud claims generally and Smartmatic claims specifically before, during, and after publishing the defamatory programs.

38.     Based on OANN's September 14 supplemental interrogatory answers, Smartmatic needs discovery from over fifty producers, bookers, editors, writers, and assistants to establish actual malice.  This list includes, but is not limited to, Chris Boyle, Travis Burgher, Rafael Galindo, Miguel Guzman, Lauren Lucas, Victoria Buddie, Caitlin Walters, Gienel Agcaoili, Justin Brown, Cecilia Castro-Duenas, Jacob DeMille, Kyarra Harris, Jasmin Hovey, Hans Hubbard, Caroline Midkiff, and Khen Provido (the "Production Team").

39.     The documentation that Smartmatic needs from the Production Team is akin to what Smartmatic needs from the OANN hosts. Among other things, Smartmatic needs (1) communications with the hosts discussing the upcoming content of the show and subject likely to be covered by the guests appearing on the shows, (2) communications between hosts and others at OANN regarding the election fraud claims generally and Smartmatic specifically to test whether they believed what was being aired on the programs and said by the hosts, (3) due diligence they performed about the guests appearing on the shows with respect to credibility and bias, and (4)

due diligence they performed about the election fraud claims generally and Smartmatic specifically to determine if they knew the claims were false based on the investigation or acted with reckless disregard because third-party sources were describing the claims as baseless.

40. Smartmatic also needs to depose members of the Production Team once it obtains a complete set of document production from them. Smartmatic needs to depose members of the Production Team to obtain evidence regarding what they knew, what they did not, and what they should have known before, during, and after the publication of the defamatory programs. Among other things, at the depositions, Smartmatic will obtain evidence regarding (1) what each of them believed regarding the election fraud claims generally and Smartmatic claims specifically at the time of the defamatory programs, (2) oral conversations that they had with each other, the hosts, and others at OANN about the election fraud claims generally and Smartmatic specifically, (3) oral conversations they had with or about the guests who appeared on the defamatory programs about their claims and basis, or lack of basis, for their claims, (4) the investigation they conducted into the election fraud claims generally and Smartmatic specifically before the defamatory programs were broadcast, and (5) their attempts, or lack thereof, to prevent the publication of the defamatory statements about Smartmatic before and after the broadcast of the defamatory programs.

41. Smartmatic also needs discovery from OANN's executives to further its evidence of actual malice. OANN has identified three executives overseeing operations, including Robert Herring, Sr., Charles Herring, and Robert Herring, Jr. (the "executive team"). With respect to documentation, Smartmatic needs the executive team to produce (1) communications about the defamatory programs, (2) communications with the hosts and production team regarding coverage of the election fraud claims generally and Smartmatic claims specifically, (3) instructions to the

hosts, production teams, and others to endorse the election fraud claims generally and Smartmatic claims specifically, (4) ratings and viewership information considered by the executives during the disinformation campaign that created an incentive to promote and endorse the election fraud claims, (5) advertising and financial records showing an incentive to promote and endorse election fraud claims, and (6) communications demonstrating that the executive knew or was aware that the election fraud claims generally and Smartmatic claims specifically were baseless.

42.     Smartmatic also needs to take depositions of the executive team to obtain evidence of actual malice. During the depositions, Smartmatic will obtain evidence regarding (1) oral communications that the executive team had amongst themselves regarding the profitability of endorsing the election fraud claims generally and Smartmatic fraud claims specifically, (2) oral communications that the executive team had with hosts and the production teams about endorsing the election fraud claims generally and Smartmatic fraud claims specifically, (3) the executive teams knowledge of sources debunking the election fraud claims generally and Smartmatic fraud claims specifically, (4) the executive teams implementation and monitoring of whether the defamatory programs complied with generally accepted journalism practices, and (5) the executive teams knowledge that the defamatory programs were disseminating and endorsing the election fraud claims generally and Smartmatic fraud claims specifically.

43.     Discovery to date has uncovered that certain members of the executive team were in communication with an individual who has already pled guilty to crimes relating to the 2020 election. **Exhibit BB** is a true and accurate copy of an e-mail from an OANN executive to this individual on January 8, 2021, as produced by OANN in this litigation. **Exhibit CC** is a true and accurate copy of a document attached to that email containing what is identified as passwords of Smartmatic employees. This document was originally produced in native excel format and

11

included multiple tabs of information. For purposes of this filing, Smartmatic converted the document to PDF and only included information relevant to the computer fraud and abuse allegations. The contents of this document have not otherwise been altered. **Exhibits BB and CC** will be provided to the Court for *in camera* review.

44. The individuals, companies, and organizations that OANN disclosed in its Amended Rule 26(a) Initial Disclosures as being sources for its defamatory programs and statements (the "third party sources") are important sources for discovery to establish actual malice.

45. With respect to documentation, Smartmatic needs to obtain documents from third parties regarding (1) its communications with OANN, (2) information it provided to OANN to support the defamatory statements made by them and others during the defamatory programs, and (3) due diligence, if any, conducted by the third-party sources to support the election fraud claims generally and Smartmatic fraud claims specifically. Smartmatic likewise needs full and complete document production from OANN regarding (1) its communication with the third-party sources, (2) its evaluation of the credibility of the third party sources, and (3) its familiarity with criticism of the third-party sources from other news organizations and politicians across the political spectrum. This documentation will help to establish that OANN acted with actual malice because it knowingly or recklessly relied on unreliable sources.

46. With respect to depositions, Smartmatic intends to examine the third-party sources on a range of topics to establish that (1) they were not reliable source for election fraud claims generally and Smartmatic fraud claims specifically and (2) OANN knew or recklessly disregard that the third-party sources were not reliable sources on these topics. The depositions of the third-party sources will establish these points by probing their lack of firsthand knowledge to support

their claims, their lack of documentation or evidence to support their claims, and the inconsistency of their claims with credible sources and common sense.

47. Smartmatic will further its evidence that OANN acted with actual malice with evidence that OANN violated generally accepted journalism practice (assuming that is the conclusion reached by Smartmatic experts). Among other things, Smartmatic's expert will likely evaluate whether OANN verified claims before publishing those claims, whether OANN properly vetted the credibility of sources before republishing and endorsing their claims, whether OANN minimized harm in the way that it presented and distributed its claims about the 2020 election being rigged, whether OANN sought out sources contrary to those put on air and published, and whether OANN provided Smartmatic and other subjects of its coverage an opportunity to respond to those allegations. Smartmatic needs discovery into each of these facts (document production and depositions) so that its expert can evaluate whether OANN complied with generally accepted journalism practices.

**Smartmatic's Diligence in Pursuing Discovery**

48. OANN's total document production prior to December 8, 2023 was less than 240,000 documents, failed to include dozens of relevant custodians, and failed to include documents responsive to multiple categories of relevant material. The production includes articles and materials that OANN's attorneys located after-the-fact.

49. In Smartmatic's litigation against Newsmax over the publication of similar defamatory statements, the defendant has produced over 3 times more documents than OANN.

50. Starting in March 2023, and continuing through December 2023, Smartmatic explained to OANN that depositions could not begin until document production was completed

and OANN identified relevant witnesses. Below are examples of statements Smartmatic made to OANN in letters on this issue.

a) "Smartmatic rejects OANN's assertion that the time pressure is "manufactured" based on the fact discovery deadline of December 8, 2023. After six months of discovery, OANN has produced to Smartmatic a total [of] 97 documents and has taken two months to consider just one set of search terms. At this rate, the parties will not be in a position to complete depositions by the court-ordered deadline. While we would prefer not to bring your continued delays to the Court, we will do so if we cannot agree on a reasonable schedule that allows us to progress discovery and adhere to the Court's deadline." A true and accurate copy of the letter from Olivia Sullivan to Brian Ledebuhr on April 20, 2023 is attached as **Exhibit DD**.

b) Smartmatic proposed a production schedule after OANN refused to engage in discussions about document production. Smartmatic stated, "Smartmatic believes that this schedule, including the dates proposed above, are necessary to ensure that the parties will have sufficient time to comply with the fact discovery deadlines set by the Court." A true and accurate copy of the letter from Michael Bloom to Jeanah Park on March 31, 2023 is attached as **Exhibit EE**.

c) "[I]n the interest of complying with the Court's fact discovery deadlines, the parties must be in a position to identify and negotiate additional custodians at a date earlier than May 19, 2023. If the parties do not engage in such discussions until that time, they may not be able to commence depositions in a timely

  manner." See **Exhibit EE** (March 31, 2023 letter from Michael Bloom to Jeanah Park).

d) "Smartmatic further proposes that, following April 28, 2023, the parties each make supplemental productions on May 12, 2023, and every two weeks thereafter until document production is complete. The parties in Smartmatic's lawsuit against Newsmax have followed the same protocol to ensure that fact discovery is completed in a timely manner. Smartmatic believes that this protocol will help keep discovery on track in this case as well." Attached as **Exhibit FF** is a true and correct copy of the March 29, 2023 Letter from Michael Bloom to Brian Ledebuhr.

e) "As fact discovery closes in December 2023 pursuant to the Court's current scheduling order, Smartmatic urged OANN's counsel to make additional productions sooner." See **Exhibit G** (June 26, 2023 Letter from Olivia Sullivan to John Edwards).

51. Smartmatic filed its Motion to Issue a Protective Order, Stay Depositions, and Amend Scheduling Order on September 18, 2023. (Dkt. 96). At this time, OANN had only produced 238,000 documents. OANN recently amended its interrogatory answers to include over sixty new individuals, and OANN was not willing to add custodians based on its amended answers.

52. OANN was still identifying new sources and witnesses as late as December 5, three days before the original close of fact discovery. See **Exhibit AA.**

53. In preparing the Joint Status Report (Dkt. 147), OANN proposed that because of the number of pending motions, the parties should ask for additional pages beyond the ten pages allotted by the Court.

**OANN Productions and Other Conduct**

54. OANN did not identify Glenn Chong until December 5, 2023. *See* **Exhibit AA.** There appear to be only two documents that reference Mr. Chong in OANN's production, and Smartmatic has not had the opportunity to subpoena him for additional documents.

55. Smartmatic was made aware of OANN's new counsel on May 31, 2023. That same day, OANN served over 1,500 requests for production on Smartmatic. **Exhibit GG** is a true and accurate copy of OANN's Second Set of Requests for Production to Plaintiff SGO Corporation Limited. OANN served separate, identical requests on the other two plaintiff entities.

56. OANN and its counsel concealed documents produced by third parties in response to subpoenas. From April through September, OANN issued subpoenas to ten different entities, including Michigan Secretary of State, Cook County, Illinois, North Carolina Secretary of State, Georgia Tech, Nevada Secretary of State, Edelman, Arizona Secretary of State, California Secretary of State, Chicago Board of Elections, and Wisconsin Election Commission. OANN did not produce any of the documents it received from these ten entities until December 8, the day it filed its motion for partial summary judgment. OANN represented to Smartmatic that it received the productions in September, October, and November, and received one on December 1. Attached hereto as **Exhibit HH** is a true and accurate copy of an email from John Edwards to Olivia Sullivan on December 15, 2023.

57. OANN had previously taken the position that Smartmatic should not take five days to produce documents from third parties and insisted that Smartmatic produce documents from third parties within 48 hours. *See* **Exhibit K.**

58. OANN added 67 new individuals to its interrogatory answers in September 2023. *See* **Exhibit S.**

59. Smartmatic's interrogatory No. 17, issued on October 21, 2022, asked OANN to "Identify every instance where a OANN ON-AIR PERSONALITY referenced SMARTMATIC, whether in writing or in a broadcast." *See* **Exhibit X.** In response, OANN only identified the publications Smartmatic included in its Complaint. *See* **Exhibit P.**. On October 6, OANN identified additional broadcasts. *See* **Exhibit Y.** It was not until December 8, 2023, that OANN provided a full list of broadcasts in its supplemented its interrogatory answer. This identified additional publications of the defamatory broadcasts. *See* **Exhibit Z.** The disclosure of broadcasts and republication can reflect on the intentionality of the disinformation campaign and informs damages.

\*   \*   \*

Dated: December 22, 2023

/s/ J. Erik Connolly
J. Erik Connolly
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
312.212.4949

*Attorney for Smartmatic*

Sworn to and subscribed before me
this 22nd day of December, 2023

Carmen M. Coronado
Notary Public

CARMEN M CORONADO
Official Seal
Notary Public - State of Illinois
My Commission Expires Sep 12, 2026