# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

               Plaintiffs,

      v.

HERRING NETWORKS, INC., d/b/a ONE
AMERICA NEWS NETWORK,

               Defendant.

No. 1:21-cv-02900-CJN

Judge:    Carl J. Nichols

**DEFENDANT'S RESPONSES AND OBJECTIONS
TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Fed. R. Civ. P. 34 and LCvR 30.4, defendant Herring Networks, Inc., d/b/a

One America News Network ("Herring"), by and through its attorneys, hereby responds and

objects to the First Set of Requests for Production (the "Requests") served by plaintiffs Smartmatic

USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively,

"Plaintiffs") as follows:

**PRELIMINARY STATEMENT**

The following responses and objections are made solely for the purpose of this pending

action and are made solely by and on behalf of Herring and no other corporation, entity, individual,

or person.  The following responses and objections are made on the basis of a diligent search and

reasonable inquiry for information and documentation reasonably available to Herring at the

present time.  Ongoing discovery, investigation, research, and analysis may disclose the existence

of additional facts and/or documents that add meaning to known facts, establish entirely new

factual conclusions or legal contentions, or possibly lead to additions, variations, and changes to

these responses.  Herring reserves the right to amend or supplement these responses as additional

facts and/or documents are discovered, revealed, recalled, or otherwise ascertained during the

pendency of this action.  Herring reserves the right to make use of, at trial or otherwise, any information or documents not specified herein, whether omitted because unknown or not yet discovered or because the significance or relevance of the information or documents was not recognized or understood at the time of these responses.

To the extent that Herring responds to a Request to which it objects, such objections are not waived by the response.  Any information or documents produced are produced expressly subject to any objections contained herein and are provided without in any way waiving or intending to waive any objections that Herring may have with respect to the subsequent use of such documents or information or with respect to the production of documents or information.  A statement that Herring will produce documents responsive to a particular Request is not a representation that such documents exist and/or are in the possession, custody, or control of Herring, but rather that Herring will attempt to locate and produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.  Moreover, neither the statement that Herring will produce documents nor the production of such documents constitutes an admission or acceptance of Plaintiffs' naming conventions in their Definitions.  Nor is it a representation that Herring has knowledge of the subject matter set forth in the Requests.

Herring specifically reserves: (i) all questions as to admissibility of any and all such information or documents, in whole or in part, or of the subject matter thereof; (ii) the right to object to the use of any such information or documents, in whole or in part, or the subject matter covered thereby, in any subsequent step or proceeding in this action, on any or all of the proper grounds, whether or not enumerated herein; and (iii) the right to object on any and all grounds at

any time to these Requests or other discovery procedures involving or related to the subject matter of information or documents sought by the Requests.  In the event of the inadvertent production of privileged information or documents, Herring does not waive any applicable privilege and requests that Plaintiffs return any inadvertently produced information or documents and all copies thereof immediately.

## **<u>GENERAL OBJECTIONS</u>**

Each of the following general objections (the "General Objections") is asserted with respect to each Request as a predicate to any specific response and in addition to any specific objection.  Each General Objection is hereby incorporated by reference into each and every one of the specific responses, each of which is made subject to and without waiving such General Objections.  Any response will exclude documents and information that are subject to these General Objections.  Herring will state specific objections to each Request, where appropriate, including objections that are not generally applicable to every Request.  By setting forth such specific objections, Herring does not intend to limit, restrict, or waive any of the General Objections.  Herring reserves the right to supplement its responses to these Requests.

1.      Herring objects to these Requests to the extent they seek disclosure of information or documents prepared in anticipation of litigation, protected by the attorney-client privilege or the attorney work-product doctrine, or subject to any other applicable privilege, doctrine, or immunity from disclosure.  Any inadvertent disclosure of such information or documents, or information or documents protected by any other applicable privilege, doctrine, or immunity from disclosure is not intended to, and should not be construed to, constitute waiver of any privilege, doctrine, or immunity from disclosure, either generally or specifically, with respect to such material or the subject matter thereof.

2.      Herring objects to these Requests to the extent they demand that Herring identify or produce "all" or "every" fact or document.  Herring objects to each such Request on the grounds that it requires Herring to perform a search that is impermissibly vague, overly broad, oppressive, unduly burdensome, not reasonably tailored to the claims or defenses of this litigation, and/or meant to harass Herring.  Herring cannot guarantee that it has located every single document responsive to a particular Request.

3.      Herring objects to these Requests to the extent they are unreasonably cumulative and duplicative.

4.      Herring objects to these Requests to the extent they seek information or documents that are not reasonably tailored to a claim or defense in this litigation; not reasonably calculated to lead to the discovery of admissible evidence; and/or not proportional to the needs of this case.

5.      Herring objects to these Requests to the extent they are vague, ambiguous, confusing, misleading, incapable of interpretation, or insufficiently defined.

6.      Herring objects to these Requests to the extent they seek information or documents already available to Plaintiffs or available from public, court, or agency records or otherwise in the public domain and accessible to all parties.

7.      Herring objects to these Requests to the extent they seek information or documents more readily available to Plaintiffs.

8.      Herring objects to these Requests to the extent they seek documents or information that is in the possession, custody, or control of third parties not subject to Herring's control.

9.      Herring objects to Plaintiffs' Definitions and the Requests to the extent they expand or alter the common understanding or meaning of the terms and words set forth therein.

10.     Herring objects to Plaintiffs' "DEFINITIONS" and "INSTRUCTIONS" set forth in the Requests to the extent they seek to impose obligations different from, greater than, or contrary to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or the Standing Order of the Court.  Herring will respond consistently with the applicable requirements.

11.     Herring objects to Plaintiffs' definition of "DEFAMATORY BROADCASTS" as vague and overbroad to the extent it is intended to include any program or broadcast of Herring's other than a program or broadcast specifically identified and alleged in the Complaint.  Herring further objects to the extent it suggests that any of the broadcasts has been found to be or is defamatory.

12.     Herring objects to Plaintiffs' definition of "DEFAMATORY STATEMENTS" as overbroad to the extent it suggests that any of the statements alleged by Plaintiffs has been found to be or is defamatory and to the extent is intended to include any allegedly defamatory statements not specifically identified and alleged in the Complaint.  As such, any reference to "Alleged Defamatory Statement" herein shall mean the statements specifically alleged in the Complaint.

13.     Herring objects to Plaintiffs' definition of "DOMINION CORRECTIVE CORRESPONDENCE" as overbroad to the extent it is intended to include any communications other than retraction demands sent by US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation specifically alleged in the Complaint.

14.     Herring objects to Plaintiffs' definition of "DOMINION RETRACTION DEMANDS" as overbroad to the extent it is intended to include any communications other than the retraction demands sent by US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation specifically alleged in the Complaint.

15.     Herring objects to Plaintiffs' definition of "OANN" as overbroad to the extent it is intended to include any person or entity other than Herring Networks, Inc.

16.     Herring objects to Plaintiffs' definition of "OANN EMPLOYEES" as overbroad to the extent it is intended to include any person other than a current or former employee of Herring.

17.     Herring objects to Plaintiffs' definition of "OANN DIGITAL" as vague and overbroad to the extent it is intended to include any digital program not controlled by Herring.

18.     Herring objects to Plaintiffs' definition of "OANN ACCUSED PROGRAMS" as vague, overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.

19.     Herring objects to Plaintiffs' definition of "OANN PROGRAM" as vague and overbroad to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.

20.     Herring objects to Plaintiffs' definition of "OANN SOCIAL MEDIA" as vague and overbroad to the extent it is intended to include any program, broadcast, or account not specifically identified and alleged in the Complaint and to the extent it is intended to include any program, broadcast, or account not controlled by Herring.

21.     Herring objects to Plaintiffs' definition of "OANN ON-AIR PERSONALITIES" as improper, overbroad, and vague to the extent it suggests that the individuals identified are not reporters or to the extent it is intended to include any program, broadcast, or reporter not specifically identified and alleged in the Complaint.

22.     Herring objects to the term "MY PILLOW, INC." as overbroad to the extent it is intended to include any person or entity other than My Pillow, Inc.

23.     Herring objects to the term "OTHER NEWS ORGANIZATION" as overbroad to the extent it is intended to include any news organization other than those  specifically identified and alleged in the Complaint.

24.     Herring objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that Plaintiffs' collective references to "SMARTMATIC" in the Requests and in the operative Complaint are not consistent and to the extent that a generalized reference to "SMARTMATIC" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same for purposes of the "of and concerning" defamation doctrine.  By responding to these Requests based on Plaintiffs' improper definition of "SMARTMATIC," Herring does not admit that each of the Smartmatic entities is one and the same or that any references by Herring to "Smartmatic" were "of any concerning" all three entities.

25.     Herring objects to the term "TRUMP ADMINISTRATION" as vague and overbroad to the extent it is intended to refer to any person or entity other than the 45th president of the United States or any person who was employed by the executive branch of the 45th president of the United States.

26.     Herring objects to the term "TRUMP CAMPAIGN" as vague and overbroad to the extent it is intended to refer to any person or entity other than Donald J. Trump for America, Inc. or any other person or entity affiliated with Donald J. Trump for America, Inc. specifically identified or alleged in the Complaint.

27.     Herring objects to the term "RNC" as vague and overbroad to the extent it is intended to refer to any person or entity other than the Republican National Committee.

28.    Herring objects to the Requests to the extent they are not limited to a time period relevant to the issues in this action, including Plaintiffs' instruction regarding the "relevant time period."

29.    Herring objects to these Requests, Definitions, and Instructions to the extent they contain inaccurate, incomplete, or misleading descriptions of the facts, events, or pleadings in this action.  The production of any information or documents shall not constitute Herring's agreement with, or acquiescence to, any such description.

30.    Herring objects to Plaintiffs' definition of the term "documents" to the extent it purports to include "deleted" files or other electronic data that is not reasonably accessible.

31.    Herring objects to the production of documents pending finalization of the parties' agreed Protective Order and ESI Protocol.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1:

Documents and communications concerning SMARTMATIC.  There is no time limit for this Request.

### RESPONSE:

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request as overbroad in scope to the extent it states "[t]here is no time limit to this Request."  Herring further objects to this request as overly broad, vague, ambiguous, and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed. Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp.,

Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same. Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 2:**

Documents and communications concerning DOMINION.  There is no time limit for this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request as overbroad in scope to the extent it states "[t]here is no time limit to this Request."  Herring further objects on the basis that this Request vaguely seeks documents concerning DOMINION and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the

extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 3:**

Documents and Communications concerning every mention of SMARTMATIC on OANN (whether on OANN DIGITAL, on any OANN PROGRAMS, OANN SOCIAL MEDIA, or otherwise) between November 1, 2018 and the present.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects to this request as overly broad, vague, ambiguous, and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed. Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same. Herring further objects that the Request is overbroad to the extent it seeks documents from more than two years before and more than two years after the statements at issue in the Complaint. Herring further objects that the Request is vague, ambiguous, and incomprehensible to the extent it relies on the phrase "or otherwise." Herring further objects that the Request is vague and ambiguous to the extent it purports to seek documents through the "present," which is not a fixed point in time. Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing. Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure. Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive

to this Request and within Herring's possession, custody or control, to the extent such documents

exist and can be found through a reasonable search conducted in good faith, and subject to the

parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 4:**

Documents and Communications concerning comments or opinions about OANN's coverage of SMARTMATIC, DOMINION or the election technologies and systems used during the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General

Objections.  Herring further objects to this Request on the basis that it is vague, ambiguous,

confusing, misleading, incapable of interpretation, insufficiently defined (particularly as to

"comments or opinions" and "election technologies or systems"), overly broad, and not

proportional to the needs of this case.  Herring also objects on the basis that this Request seeks

documents concerning DOMINION (as defined in the Requests) and therefore improperly seeks

documents not reasonably tailored to a claim or defense in this litigation and not proportional to

the needs of this case.  Herring further objects to this request as overly broad, vague, ambiguous,

and confusing to the extent it seeks documents and communications concerning any Smartmatic

entity without specifying which allegedly defamatory statement was made about which

Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed.  Herring

further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a

generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic

International Holding B.V., and SGO Corporation Limited are one and the same.  Herring further

objects that without any narrowing via the meet and confer process, this Request is overbroad,

unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks

documents protected by the attorney-client privilege, the work-product doctrine, or any other

privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 5:**

Videos of each full OANN PROGRAM(S) which made any mention of SMARTMATIC.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to Plaintiffs' definition of "OANN PROGRAM" as vague and overbroad to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.  Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.  Herring further objects that this Request is overbroad, unduly burdensome, and harassing to the extent it purports to seek every OAN program that has ever mentioned Smartmatic, in any context, with no time limitation whatsoever.  Herring further objects that this Request seeks information from Herring that Plaintiffs already have. Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents that are responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 6:**

Documents sufficient to show any republication, rebroadcasting, re-airing, repackaging, or promotion of any OANN PROGRAM(S) which made any mention of SMARTMATIC or DOMINION.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects to Plaintiffs' definition of "OANN PROGRAM" as vague and overbroad to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint. Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same. Herring further objects that this Request is overbroad, unduly burdensome, and harassing to the extent it purports to seek every OAN program that has ever mentioned Smartmatic or Dominion, in any context, with no time limitation whatsoever. Herring further objects to this Request on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined (particularly as to "republication, rebroadcasting, re-airing, repackaging, or promotion"), overly broad, and not proportional to the needs of this case. Herring further objects to this Request to the extent it seeks documents concerning republication, rebroadcasting, re-airing, repackaging, or promotion by non-parties and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case. Herring also further objects on the basis that this Request seeks documents concerning DOMINION (as defined in the Requests) and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case. Herring further objects to this request as overly broad, vague, ambiguous, and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without

specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents that are responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 7:**

Documents sufficient to show any and all employment agreements and/or contracts in effect for, and compensation paid to, the OANN ON-AIR PERSONALITIES from 2016 to the present.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined (particularly as to "contracts in effect for"), overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that the date range from 2016 to the present is arbitrary, overbroad, and not proportional to the needs of the case and that "the present" is inherently ambiguous because it is constantly changing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 8:**

Documents and Communications concerning job performance of the OANN ON-AIR PERSONALITIES from January 1, 2019 to the present, including but not limited to performance reviews, discussions of promotions, raises, demotions, terminations, pay increases or decreases or any other changes in employment status.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined (particularly as to "job performance" and "discussions of promotions, raises, demotions, terminations, pay increases or decreases or any other changes in employment status"), overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that the date range from January 1, 2019 to the present is arbitrary, overbroad, and not proportional to the needs of the case and that "the present" is inherently ambiguous because it is constantly changing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 9:**

Documents and Communications with or concerning Rudolph Giuliani relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, or the TRUMP ADMINISTRATION, and any agreements with Rudolph Giuliani within the last five (5) years.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined (particularly as to "agreements"), overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring also objects on the basis that this Request vaguely seeks documents concerning DOMINION (as defined in the Requests) and therefore improperly seeks documents not reasonably tailored to a claim or defense

in this litigation and not proportional to the needs of this case.  Herring further objects that Documents and/or Communications with or concerning Rudolph Giuliani relating to DONALD TRUMP or the TRUMP ADMINISTRATION, without reference to the election or any Smartmatic entity, have no relevance to this case.  Herring further objects to this request as overly broad, vague, ambiguous, and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed. Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same. Herring further objects to the five-year period specified in the Request as arbitrary, not tailored to any claims or defenses in the case, not proportional to the needs of the case, and harassing.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 10:**

Documents and Communications with or concerning Sidney [sic] relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, or the TRUMP ADMINISTRATION, and any agreements with Sidney Powell within the last five (5) years.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined (particularly as to "Sidney" and "agreements"), overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects on the basis that this Request vaguely seeks documents concerning DOMINION (as defined in the Requests) and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case.  Herring further objects that Documents and/or Communications with or concerning Sidney Powell relating to DONALD TRUMP or the TRUMP ADMINISTRATION, without reference to the election or any Smartmatic entity, have no relevance to this case.  Herring further objects to this request as overly broad, vague, ambiguous and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed.  Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.  Herring further objects to the five-year period specified in the Request as arbitrary, not tailored to any claims or defenses in the case, not proportional to the needs of the case, and harassing.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-

product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 11:**

Documents and Communications with or concerning Michael Lindell relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, or the TRUMP ADMINISTRATION, and any agreements with Michael Lindell within the last five (5) years.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined (particularly as to "agreements"), overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects on the basis that this Request vaguely seeks documents concerning DOMINION (as defined in the Requests) and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case.  Herring further objects that Documents and/or Communications with or concerning Michael Lindell relating to DONALD TRUMP or the TRUMP ADMINISTRATION, without reference to the election or any Smartmatic entity, have no relevance to this case.  Herring further objects to this request as overly broad, vague, ambiguous, and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed.

Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same. Herring further objects to the five-year period specified in the Request as arbitrary, not tailored to any claims in the case, not proportional to the needs of the case, and harassing. Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing. Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure. Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 12:**

Documents sufficient to show all appearances by Rudolph Giuliani on OANN.  There is no time limit for this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request as overbroad in scope to the extent it states "[t]here is no time limit to this Request."  Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that this Request is overbroad, unduly burdensome, and harassing to the extent it purports to seek every appearance by Rudolph Giuliani, without regard to the topic being discussed or the reason for the

appearance.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 13:**

Documents sufficient to show all appearances by Sidney Powell on OANN.  There is no time limit for this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request as overbroad in scope to the extent it states "[t]here is no time limit to this Request."  Herring objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that this Request is overbroad, unduly burdensome, and harassing to the extent it purports to seek every appearance Sidney Powell, without regard to the topic being discussed or the reason for the appearance. Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive

to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 14:**

Documents sufficient to show all appearances by Michael Lindell on OANN.  There is no time limit for this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request as overbroad in scope to the extent it states "[t]here is no time limit to this Request."  Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that this Request is overbroad, unduly burdensome, and harassing to the extent it purports to seek every appearance Michael Lindell, without regard to the topic being discussed or the reason for the appearance.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 15:**

Documents and Communications with or concerning DONALD TRUMP relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring. Herring further objects on the basis that this Request vaguely seeks documents concerning DOMINION (as defined in the Requests) and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case. Herring further objects that Documents and/or Communications with or concerning DONALD TRUMP relating to DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN without reference to the election or any Smartmatic entity, have no relevance to this case. Herring further objects to this request as overly broad, vague, ambiguous, and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed. Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same. Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing. Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure. Subject to and

without waiving these objections and its General Objections, Herring will produce non-privileged responsive documents and communications with or concerning DONALD TRUMP relating to SMARTMATIC (as defined in the Requests), to the extent such documents exist, are within Herring's possession, custody or control, and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 16:**

Documents and Communications with or concerning the TRUMP ADMINISTRATION relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring also objects on the basis that this Request seeks documents concerning DOMINION (as defined in the Requests) and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case.  Herring further objects that Documents and/or Communications with or concerning the TRUMP ADMINISTRATION, relating to DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN without reference to the election or any Smartmatic entity, have no relevance to this case.   Herring further objects to this request as overly broad, vague, ambiguous, and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed.  Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of

Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged responsive documents and communications with or concerning the TRUMP ADMINISTRATION relating to SMARTMATIC (as defined in the Requests), to the extent such documents exist, are within Herring's possession, custody or control, and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 17:**

Documents and Communications with or concerning the TRUMP CAMPAIGN relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring also objects on the basis that this Request vaguely seeks documents concerning DOMINION (as defined in the Requests) and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case.  Herring further objects that Documents and/or Communications with or concerning the TRUMP CAMPAIGN relating to DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN without reference to the election or any

Smartmatic entity, have no relevance to this case.   Herring further objects to this request as overly broad, vague, ambiguous, and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed.   Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.   Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.   Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.   Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged responsive documents and communications with or concerning the TRUMP CAMPAIGN relating to SMARTMATIC (as defined in the Requests), to the extent such documents exist, are within Herring's possession, custody or control and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 18:**

Documents and Communications with or concerning the RNC relating to SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.   Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.   Herring also objects on the basis that this Request vaguely

seeks documents concerning DOMINION (as defined in the Requests) and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case.  Herring further objects that Documents and/or Communications with or concerning the RNC, relating to DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN without reference to the election or any Smartmatic entity, have no relevance to this case.    Herring further objects to this request as overly broad, vague and ambiguous and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed. Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that Plaintiffs' collective reference to "Smartmatic" to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged responsive documents and communications with or concerning the RNC relating to SMARTMATIC (as defined in the Requests), to the extent such documents exist, are within Herring's possession, custody or control, and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 19:**

Documents and Communications with DONALD TRUMP, the TRUMP CAMPAIGN, the TRUMP ADMINISTRATION, the RNC, any elected official, or any staff of any elected official regarding any suggestions, comments, or influence on OANN, any content on OANN, or any OANN PROGRAMS.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined (particularly as to "suggestions, comments, or influence"), overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that any "suggests, comments, or influence" (whatever that means) not related to Smartmatic or the election have no relevance to this case.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 20:**

Documents and Communications concerning MY PILLOW, INC. advertising on any OANN platform and Documents sufficient to show all advertising revenue paid to OANN for airing or otherwise placing MY PILLOW, INC. advertisements on any OANN platform, including a breakdown of such revenue on a monthly basis, detail regarding total volume of such ads (under each of the metrics OANN uses to measure ad volume), on which platforms and (where applicable) which specific programs the ads were placed or aired, and what percentage of OANN's overall

advertising revenue MY PILLOW, INC. accounted for over time. There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request as overbroad in scope to the extent it states "[t]here is no time limit to this Request."  Herring further objects to this Request on the basis that it is irrelevant, vague, ambiguous, confusing, overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects to the extent this Request seeks confidential proprietary business information.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 21:**

Documents and Communications concerning the TRUMP ADMINISTRATION's response to OANN's coverage of the 2020 PRESIDENTIAL ELECTION, including Tweets from DONALD TRUMP about OANN's coverage of the 2020 PRESIDENTIAL ELECTION.  This Request includes Documents and Communications concerning the actual or potential effect of any such response on OANN's viewership, advertising, and ratings, or on OANN's financial health, valuation or stock price.  There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring objects to this Request as overbroad in scope to the extent it states "[t]here is no time limit to this Request."  Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that the TRUMP ADMINISTRATION's response to coverage of the 2020 PRESIDENTIAL ELECTION, to the

extent not related to any Smartmatic entity, is irrelevant to this case.  Herring further objects that Tweets from DONALD TRUMP are publicly available and equally accessible to Plaintiffs. Herring further objects that OANN's viewership, advertising, ratings, financial health, valuation, or stock price are irrelevant to this case.  Herring further objects that the reference to "stock price" suggests that Herring is or was at one time a publicly traded company, which is not the case. Herring further objects to the extent this Request seeks confidential proprietary business information.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 22:**

Documents and Communications concerning any Tweets about OANN from @DonaldTrump, @realDonaldTrump, or any other Twitter handle used by DONALD TRUMP between November 1, 2020 to present, including Documents and Communications concerning the actual or potential effect of any such Tweets on OANN's viewership, advertising, and ratings, or on OANN's financial health or stock price.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that Tweets that are not about any Smartmatic entity are irrelevant to this case.  Herring further objects that Tweets from DONALD

TRUMP are publicly available and equally accessible to Plaintiffs.  Herring further objects that

OANN's viewership, advertising, ratings, financial health, valuation or stock price are irrelevant

to this case.    Herring further objects that the reference to "stock price" suggests that Herring is or

was at one time a publicly traded company, which is not the case.  Herring further objects to the

extent this Request seeks confidential proprietary business information.  Herring further objects

that without any narrowing via the meet and confer process, this Request is overbroad, unduly

burdensome, and harassing.   Herring further objects to this Request to the extent it seeks

documents protected by the attorney-client privilege, the work-product doctrine, or any other

privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections

and its General Objections, Herring will produce non-privileged documents responsive to this

Request and within Herring's possession, custody or control, to the extent such documents exist

and can be found through a reasonable search conducted in good faith, and subject to the parties'

agreement as to search terms per the ESI protocol.

**REQUEST NO. 23:**

Documents and Communications concerning negative responses of third parties other than the TRUMP ADMINISTRATION to OANN's coverage of the 2020 PRESIDENTIAL ELECTION, including Documents and Communications concerning the actual or potential effect of any such responses on OANN's viewership, advertising, and ratings, or on OANN's financial health or stock price.  There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General

Objections.  Herring further objects to this Request as overbroad in scope to the extent it states

"[t]here is no time limit to this Request."  Herring further objects to this Request on the basis that

it has no Herring objects to this Request on the basis that it is vague, ambiguous, confusing,

misleading, incapable of interpretation, insufficiently defined (particularly as to "negative

responses of third parties"), overly broad, not reasonably tailored to the claims or defenses of this

litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring

further objects that any such Documents or Communications not related to any Smartmatic entity

are irrelevant to this case.  Herring further objects that OANN's viewership, advertising, ratings,

financial health, valuation or stock price are irrelevant to this case.  Herring further objects to the

extent this Request seeks confidential proprietary business information.  Herring further objects

that without any narrowing via the meet and confer process, this Request is overbroad, unduly

burdensome, and harassing.  Herring further objects to this Request to the extent it seeks

documents protected by the attorney-client privilege, the work-product doctrine, or any other

privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections

and its General Objections, Herring will produce non-privileged documents responsive to this

Request and within Herring's possession, custody or control, to the extent such documents exist

and can be found through a reasonable search conducted in good faith, and subject to the parties'

agreement as to search terms per the ESI protocol.

**REQUEST NO. 24:**

Documents and Communications with or concerning any current, former, or future OANN
EMPLOYEES entering or leaving employment with the TRUMP ADMINISTRATION or
TRUMP CAMPAIGN.  The timeframe for this request is January 1, 2016 to the present.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General

Objections.  Herring further objects to this Request as overbroad in scope to the extent it seeks

documents outside of the relevant time period in this case.  Herring further objects to this Request

on the basis that it has no relationship to any Smartmatic entity.  Herring objects to this Request

on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this

litigation, not proportional to the needs of this case, and/or meant to harass Herring.

**REQUEST NO. 25:**

Documents and Communications with or concerning Newsmax Media, Inc. or Fox News between January 1, 2018 and the present.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects to this Request to the extent it is not sufficiently limited in time or scope, seeks information that is entirely irrelevant to this case, provides for an arbitrary date range from January 1, 2018 to the present, and is ambiguous because the "present" is constantly changing. Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring. Herring further objects that no Newsmax or Fox entity is a party to this litigation, thus discovery such as this Request about Newsmax or Fox entities is disproportional to the needs of the case. Herring further objects that this Request is untethered to any Smartmatic entity or coverage of the 2020 U.S. election. Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing. Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 26:**

Documents and Communications with or concerning the hiring, firing, retention, resignation, promotion, or demotion or contract negotiation with any OANN EMPLOYEES.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects to this Request to the extent it is not limited in time or scope, and seeks information that is entirely irrelevant to this case. Herring further objects to this Request

on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that this Request is untethered to any Smartmatic entity or coverage of the 2020 U.S. election.  Herring further objects to the extent this Request seeks confidential proprietary business information and confidential personal information.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 27:**

Documents and Communications concerning decisions, suggestions, or instructions for OANN to include or exclude content, guests, or OANN EMPLOYEES on any OANN PROGRAMS, or to change or alter OANN's schedule or lineup.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request to the extent it is not limited in time or scope, and seeks information that is entirely irrelevant to this case.  Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that this Request is untethered to any Smartmatic entity or to any coverage of the 2020 U.S. election.  Herring further objects to the extent this Request seeks confidential proprietary business information.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 28:**

Documents sufficient to show the Persons responsible for creating, researching, writing, editing, or approving the content of the OANN SOCIAL MEDIA accounts.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects to this Request to the extent it is not limited in time or scope, and seeks information that is entirely irrelevant to this case. Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring. Herring further objects to the extent this Request seeks confidential proprietary business information and confidential personal information. Herring further objects that this Request is untethered to any Smartmatic entity or to any coverage of the 2020 U.S. election. Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing. Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 29:**

Documents sufficient to show the reporting and oversight structure for each of the OANN ON-AIR PERSONALITIES and the OANN ACCUSED PROGRAMS.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects to this Request to the extent it is not limited in time or scope, and seeks information that is entirely irrelevant to this case. Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring. Herring

further objects to the extent this Request seeks confidential proprietary business information and confidential personal information.  Herring further objects to the term "OANN ACCUSED PROGRAMS" as vague,  overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.  Herring further objects that this Request is, at least in part, untethered to any Smartmatic entity or to any coverage of the 2020 U.S. election.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 30:**

Documents sufficient to show OANN's corporate governance structure.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request to the extent it is not limited in time or scope, and seeks information that is entirely irrelevant to this case.  Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects to the extent this Request seeks confidential proprietary business information. Herring further objects that this Request is untethered to any Smartmatic entity or to any coverage of the 2020 U.S. election.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 31:**

Documents and Communications concerning OANN's oversight of Michael J. Lindell and the LINDELL PROGRAMS, including any control over, governance of, or participation in Michael J. Lindell's production of the LINDELL PROGRAMS.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects to this Request to the extent it is not limited in time or scope. Herring further objects this Request to the it seeks the disclosure of documents prepared in anticipation of litigation, protected by the attorney-client privilege or the attorney work-product doctrine, or subject to any other applicable privileges or doctrines. Herring further objects to the extent this Request seeks confidential proprietary business information. Herring further objects that this Request is untethered, at least in part, to any Smartmatic entity. Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing. Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure. Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 32:**

Documents and Communications concerning the airing of the LINDELL PROGRAMS during any OANN broadcast, including but not limited to, Documents and Communications showing the contract or consideration for airing the LINDELL PROGRAMS.

**RESPONSE:**

-36-

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects to the extent this Request seeks confidential proprietary business information. Herring further objects that this Request is untethered, at least in part, to any Smartmatic entity. Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing. Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure. Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents that are responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 33:**

Documents sufficient to show each Person responsible for creating, researching, writing, editing, or approving the content of the OANN ACCUSED PROGRAMS including the OANN DEFAMATORY STATEMENTS and LINDELL PROGRAMS.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring. Herring further objects to the term "DEFAMATORY STATEMENTS" as overbroad to the extent it suggests that any of the statements alleged by Plaintiffs has been found to be or is defamatory and to the extent is intended to include any allegedly defamatory statements not specifically identified and alleged in the Complaint. Herring further objects to the term "OANN ACCUSED PROGRAMS" as vague, overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation

and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.  Herring further objects to the extent this Request seeks confidential proprietary business information.  Herring further objects that this Request is untethered, at least in part, to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged responsive documents concerning the Alleged Defamatory Statements and LINDELL PROGRAMS (as defined in the Requests), to the extent such documents exist, are within Herring's possession, custody or control and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

### REQUEST NO. 34:

Documents and Communications concerning appearances by Rudolph Giuliani, Sidney Powell, Michael Lindell, Russell Ramsland, Colonel Phil Waldron, and/or Michael Flynn on OANN PROGRAMS between November 1, 2020 and the present, including any drafts, scripts or other programming-related Documents, and any Documents or Communications concerning ratings associated with the broadcasts of these appearances.

### RESPONSE:

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects to the extent this Request seeks confidential proprietary business information.   Herring further objects that this Request is untethered, at least in part, to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and

harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 35:**

Documents sufficient to show every meeting that occurred in which the mention of SMARTMATIC or DOMINION on the OANN ACCUSED PROGRAMS was discussed or a topic of discussion.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects on the basis that this Request vaguely seeks documents concerning DOMINION (as defined in the Requests) and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case.  Herring further objects to this request as overly broad, vague, ambiguous, and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed.  Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.  Herring further objects to the term "OANN ACCUSED PROGRAMS" as vague,  overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.  Herring further objects that this Request is grossly overbroad in not limiting itself to meetings involving Herring.  Herring further objects that this Request is untethered, at least in part, to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and

confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 36:**

Documents and Communications concerning SMARTMATIC provided to OANN by any OANN ON-AIR PERSONALITIES, Sidney Powell, Rudy Giuliani, Michael Lindell, any source, or any of their counsel.  There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this request as overly broad, vague, ambiguous, and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed.  Herring further objects to this Request as overbroad because it has no time period limitation.  Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.   Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections

and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 37:**

Documents and Communications concerning DOMINION provided to OANN by any OANN ON-AIR PERSONALITIES, Sidney Powell, Rudy Giuliani, Michael Lindell, any source, or any of their counsel.  There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring objects on the basis that this Request vaguely seeks documents concerning DOMINION (as defined in the Requests) and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case.  Herring further objects to this Request as overbroad because it has no time period limitation.  Herring further objects that this Request is untethered to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 38:**

Documents and Communications concerning evidence or lack thereof that SMARTMATIC deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION or any other election, including all sources for such evidence, and including statements from the Trump Administration Cybersecurity & Infrastructure Security Agency, the Trump Administration Election Assistance Commission, the Michigan Secretary of State, the Georgia Secretary of State, the Maricopa County Board of Supervisors, then-United States Attorney General William Barr, Chris Christie, any election security expert, and SMARTMATIC.  There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this request as overly broad, vague, ambiguous, and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed.   Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.  Herring further objects to this Request to the extent it seeks documents publicly available and/or already in the possession of Plaintiffs.  Herring further objects to this Request as overbroad because it has no time period limitation.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 39:**

Documents and Communications concerning evidence or lack thereof that DOMINION deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION or any other election, including all sources for such evidence, and including statements from the Trump Administration Cybersecurity & Infrastructure Security Agency, the Trump Administration Election Assistance Commission, the Michigan Secretary of State, the Georgia Secretary of State, the Maricopa County Board of Supervisors, then-United States Attorney General William Barr, Chris Christie, any election security expert, and DOMINION. There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects on the basis that this Request vaguely seeks documents concerning DOMINION (as defined in the Requests) and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case. Herring further objects that this Request is untethered to any Smartmatic entity. Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure. Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 40:**

Documents and Communications concerning the disappearance of DONALD TRUMP'S early voting leads in the 2020 PRESIDENTIAL ELECTION. There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects to this Request as overbroad in scope to the extent it states "[t]here is no time limit to this Request." Herring further objects that this Request is vague and ambiguous to the extent it references the "disappearance" of "early voting leads." Herring further objects that this Request is untethered to any Smartmatic entity. Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing. Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other

privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 41:**

Documents and Communications concerning the connection or lack thereof between SMARTMATIC and DOMINION.  There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request as overbroad in scope to the extent it states "[t]here is no time limit to this Request."  Herring further objects to this request as overly broad, vague and ambiguous and confusing to the extent it seeks documents and communications concerning any Smartmatic entity without specifying which allegedly defamatory statement was made about which Smartmatic entity, and without specifying which Smartmatic entity was allegedly harmed.  Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.  Herring further object to this Request to the extent the documents sought are publicly available and/or already in Plaintiffs' possession.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 42:**

Documents and Communications concerning the SMARTMATIC RETRACTION DEMAND.  There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 43:**

Documents and Communications concerning the DOMINION CORRECTIVE CORRESPONDENCE and DOMINION RETRACTION DEMANDS.  There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects on the basis that this Request vaguely seeks documents concerning DOMINION (as defined in the Requests) and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case. Herring further objects that this Request is untethered to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent

it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 44:**

Documents and Communications concerning ratings, viewership, readership and engagement data of the OANN ACCUSED PROGRAMS, OANN SOCIAL MEDIA, and OANN DIGITAL.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects to the term "OANN ACCUSED PROGRAMS" as vague,  overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.  Herring further objects that OANN's ratings, viewership, readership and engagement data are irrelevant to this case.  Herring further objects to the extent this Request seeks confidential proprietary business information.  Herring further objects that this Request is untethered to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 45:**

Documents sufficient to show ratings and viewership of the OANN ACCUSED PROGRAMS, OANN SOCIAL MEDIA, and OANN DIGITAL.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects to the term "OANN ACCUSED PROGRAMS" as vague,  overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.  Herring further objects that OANN's ratings, viewership, readership and engagement data are irrelevant to this case.  Herring further objects to the extent this Request seeks confidential proprietary business information.  Herring further objects that this Request is untethered to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Herring further objects that this Request is essentially duplicative of Request No. 44, thus Herring refers to and incorporates by reference as if fully set forth herein its response to Request No. 44.

**REQUEST NO. 46:**

Documents sufficient to show the number of persons who (1) installed the OANN application through AT&T; (2) bought a subscription to any OANN media service; and (3) clicked or read any media published by OANN, between January 1, 2018 and present.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that the documents sought are irrelevant to this case.  Herring further objects to the extent this Request seeks confidential proprietary business information.  Herring further objects because "installed the OANN application through AT&T" is nonsensical.  Herring objects that the time period January 1, 2018 to the present is arbitrary and thus disproportionate to the needs of the case, and "the present" is ambiguous because that is constantly changing. Herring further objects that this Request is untethered to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 47:**

Documents sufficient to show the programming description of the OANN ACCUSED PROGRAMS.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects to the term "OANN ACCUSED PROGRAMS" as vague,  overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation and to the extent it is intended to include

any program or broadcast not specifically identified and alleged in the Complaint.  Herring further

objects that "the programming description" is vague and ambiguous (by whom, when, in what

context, etc.?).  Herring further objects that this Request is untethered to any Smartmatic entity.

Herring further objects that without any narrowing via the meet and confer process, this Request

is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the

extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or

any other privilege, doctrine, or immunity from disclosure.

## REQUEST NO. 48:

Documents and Communications concerning OTHER NEWS ORGANIZATIONS' coverage of allegations that election technologies or systems (including any from SMARTMATIC) deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION, including any retractions issued regarding coverage about purported election fraud.  There is no time limit on this Request.

## RESPONSE:

Herring incorporates by reference and specifically asserts its applicable General

Objections.  Herring further objects to this Request on the basis that it seeks documents that are in

the possession, custody, or control of third parties not subject to Herring's control.  Herring objects

to this Request on the basis that it is vague, ambiguous, confusing, misleading, incapable of

interpretation, insufficiently defined (particularly as to "election technologies or systems"), overly

broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the

needs of this case, and/or meant to harass Herring.  Herring further objects to this request as overly

broad, vague and ambiguous and confusing to the extent it seeks documents and communications

concerning any Smartmatic entity without specifying which allegedly defamatory statement was

made about which Smartmatic entity, and without specifying which Smartmatic entity was

allegedly harmed.  Herring further objects to Plaintiffs' definition of "SMARTMATIC" as

overbroad to the extent that a generalized reference to "Smartmatic" implies that each of

Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.  Herring further objects to the extent this Request seeks documents publicly available or already in Plaintiffs' possession.  Herring further objects to the absence of a time limit to this Request (which thus renders it disproportionate to the needs of the case).  Herring further objects that this Request is untethered, at least in part, to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 49:**

Documents sufficient to show OANN's financial condition, including profits, margins, revenue and advertising revenue.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined (particularly as to "financial condition"), overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that the documents sought are irrelevant to this case.  Herring further objects to the extent this Request seeks confidential proprietary business information.  Herring further objects

that the Request contains no time limitation.  Herring further objects that its current financial condition is not relevant to Plaintiffs' claims in this matter.  Herring further objects that this Request is untethered to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing. Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 50:**

All balance sheets, profit and loss statements or other financial statements prepared by or for OANN reflecting the financial position of OANN during the years 2020, 2021, and 2022 including, without limitation, periodic financial statements whether weekly, monthly, quarterly, semi-annual or annual statements and occasional statements.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that the documents sought are irrelevant to this case. Herring further objects to the extent this Request seeks confidential proprietary business information.  Herring further objects that its financial condition in 2020, 2021, and 2022 is not relevant to Plaintiffs' claims in this matter.  Herring further objects that this Request is untethered to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 51:**

Documents and Communications concerning OANN's generation or loss of revenue or profits for [sic] OANN's effect on OANN's valuation (whether internally valued or externally valued) or stock price between January 1, 2020 and the present.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Request on the basis that it is not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects that the documents sought are irrelevant to this case.  Herring further objects to the extent this Request seeks confidential proprietary business information.  Herring further objects that the reference to "stock price" suggests that OAN and/or Herring is or was publicly traded, which has never been the case.  Herring further objects that "profits for OANN's effect on OANN's valuation" is nonsensical.  Herring further objects that its generation or loss of revenue, valuation, or stock price from January 1, 2020 to the present is not relevant to Plaintiffs' claims in this matter.  Herring further objects that the time period January 1, 2020 to the present is arbitrary and thus disproportionate to the needs of the case, and "the present" is ambiguous because it's constantly changing.  Herring further objects that this Request is untethered to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.

**REQUEST NO. 52:**

Documents that You contend support, establish, demonstrate, or show that the DEFAMATORY STATEMENTS are substantially true, accurate, not misleading, and/or not defamatory. There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.   Herring further objects to the term "DEFAMATORY STATEMENTS" as overbroad to the extent it suggests that any of the statements alleged by Plaintiffs has been found to be or is defamatory and to the extent is intended to include any allegedly defamatory statements not specifically identified and alleged in the Complaint.  Herring further objects that this Request seeks documents publicly available and/or already in Plaintiffs' possession.  Subject to and without waiving its General Objections, Herring refers Plaintiffs to the operative answer and defenses in this case.  Herring further states that it will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 53:**

Documents and Communications concerning OANN's policies regarding journalistic integrity, ethics, standards, fact-checking, guest appearances, style guides, internal review processes, investigation of stories, and responses to retraction or correction requests between 2018 and the present.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.   Herring further objects to this Request on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined, overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects to the time period of January 1, 2018 to the present as arbitrary and thus disproportionate to the needs of the case, and "the present" is ambiguous because it's constantly changing.   Herring further objects that this Request is

untethered to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 54:**

Documents and Communications concerning any OANN social media policies or guidelines between 2016 and the present.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.   Herring further objects to this Request on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined (particularly as to "social media policies or guidelines"), overly broad, not reasonably tailored to the claims or defenses of this litigation, not proportional to the needs of this case, and/or meant to harass Herring.  Herring further objects to the time period of January 1, 2016 to the present as arbitrary and thus disproportionate to the needs of the case, and "the present" is ambiguous because it's constantly changing.  Herring further objects that this Request is untethered to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly burdensome, and harassing.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure.   Subject to and without waiving these

objections and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

**REQUEST NO. 55:**

Documents on which You intend to rely at any hearing or trial of this ACTION.  There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.   Herring further objects that this Request is premature and inconsistent with the relevant rules and requirements.  Herring further objects that the assertion that there is no time limit on this Request is nonsensical.  Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure. Subject to and without waiving these objections, Herring will disclose its exhibit(s) in accordance with the relevant rules and requirements.

**REQUEST NO. 56:**

Documents obtained (now or in the future) by You pursuant to any subpoena or discovery relating to this ACTION.  There is no time limit on this Request.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects that "relating to this ACTION" is ambiguous, overbroad, and disproportionate to the needs of this case.  Herring further objects to the absence of a time limit on this Request because that is disproportionate to the needs of this case.  Herring further objects that this Request is untethered, at least in part, to any Smartmatic entity.  Herring further objects that without any narrowing via the meet and confer process, this Request is overbroad, unduly

burdensome, and harassing.   Herring further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity from disclosure. Subject to and without waiving these General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

## REQUEST NO. 57:

All Documents referenced in, identified by, responsive to, or relied upon in preparing Your Answer, Your Amended Answer, Your Affirmative Defenses, Your Responses to Plaintiff's Interrogatories to You, and/or Your Responses to any other discovery Requests in this ACTION. There is no time limit on this Request.

## RESPONSE:

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the extent that this Request seeks documents that are publicly available and just as readily accessible to Plaintiffs as they are to Herring.  Subject to and without waiving this objection and its General Objections, Herring will produce non-privileged documents responsive to this Request and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith, and subject to the parties' agreement as to search terms per the ESI protocol.

## REQUEST NO. 58:

All Documents produced by You in connection with the lawsuits captioned US Dominion, Inc., et al. v. One America News Network, Case No. 1:21-cv-02130 (D.D.C) and/or Ruby Freeman, et al. v. Herring Networks, Inc., et al., Civil Action No. 21-3354 (D.D.C).

## RESPONSE:

Herring incorporates by reference and specifically asserts its applicable General Objections.   Herring further objects on the basis that this Request seeks documents concerning non-parties and unrelated litigation and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case. Herring further objects because the Request doesn't specify whether "All Documents produced by You" means all documents produced by Herring in response to discovery requests by the plaintiffs. Herring further objects because Herring has produced no documents in response to discovery requests by the plaintiffs in either of the referenced cases.  Herring further objects to the extent this Request seeks documents protected from disclosure by a protective order.

**REQUEST NO. 59:**

Transcripts of any testimony (deposition, trial or otherwise) provided by any witnesses, other than DOMINION employees, in US Dominion, Inc., et al. v. One America News Network, Case No. 1:21-cv-02130 (D.D.C) and/or Ruby Freeman, et al. v. Herring Networks, Inc., et al., Civil Action No. 21-3354 (D.D.C).

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.   Herring further objects on the basis that this Request seeks documents concerning non-parties and unrelated litigation and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case. Herring further objects because Herring has no such transcripts in its possession, custody, or control.   Herring further objects to the extent this Request seeks transcripts protected from disclosure by a protective order.

**REQUEST NO. 60:**

Any agreement under which an insurance business or other Person or entity may be liable to satisfy all or part of a judgment in the ACTION or to indemnify or reimburse for payments made to satisfy a judgment in the ACTION.

**RESPONSE:**

Subject to and without waiving its General Objections, Herring incorporates by reference its Rule 26(a) disclosures as if fully set forth herein.

**REQUEST NO. 61:**

Any joint defense or similar agreement between You and any other party or non-party to the ACTION concerning the ACTION.

**RESPONSE:**

Herring incorporates by reference and specifically asserts its applicable General Objections.   Herring further objects on the basis that this Request seeks documents concerning non-parties and unrelated litigation and therefore improperly seeks documents not reasonably tailored to a claim or defense in this litigation and not proportional to the needs of this case. Herring further objects to the extent this Request seeks documents protected from disclosure by a protective order. Herring further objects to the extent the Request seeks information that is confidential.

Dated:  December 16, 2022                    By: /s/ Blaine C. Kimrey

Blaine C. Kimrey, Bar No. IL0091
bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094
jpark@vedderprice.com
Bryan Clark, Bar No. IL0090
bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Avenue, Suite 500
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322

*Counsel for Herring Networks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of December 2022, I served the foregoing document

on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com


*/s/ Blaine Kimrey*
Blaine Kimrey