# Exhibit C



Michael E. Bloom
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.212.4946
Fax:  312.767.9192
mbloom@beneschlaw.com

March 23, 2023

**VIA EMAIL**

Brian Ledebuhr
Vedder Price
222 North LaSalle Street, Suite 2300
Chicago, IL 60601

      Re:    *Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network*, Case No. 1:21-cv-02900-CJN (D.D.C.)

Dear Counsel:

We are writing in response to Herring Network's ("OANN") March 20, 2023 letter and email to Chashawn White, Courtroom Deputy Supervisor.  We provide this letter to facilitate the joint summary that the parties will need to submit to the Court in advance of its telephonic conference.  *See* Standing Order, R. 11.

As an initial matter, Smartmatic disagrees that the conference it requested with the Court is "premature."  Smartmatic served its First Set of Requests for Production and First Set of Interrogatories ("Requests") over five months ago.  Smartmatic granted OANN's requests for extensions to respond to the Requests and it has been meeting and conferring with OANN in good faith for the past three months.  It also provided OANN its proposed search terms nearly two months ago.  During that time, OANN has: produced a total of 97 documents, many of which are articles about Smartmatic that OANN apparently downloaded from the internet; refused to identify OANN custodians beyond the individuals identified by Smartmatic in its Complaint; and refused to discuss Smartmatic's search terms.  While Smartmatic believes further meet and confers may be productive with respect to certain topics discussed in your March 20 letter, it cannot remain patient while OANN obstructs Smartmatic's ability to identify individuals with relevant knowledge and push discovery forward in this case.

Smartmatic discusses below the topics for which additional meet and confers are futile and it intends to seek an order from the Court compelling OANN's compliance.

<u>Issues for Submission to the Court</u>

***Custodians***.  As discussed above, OANN has completely shut down all efforts by Smartmatic to identify individuals who possess relevant knowledge and should be designated as custodians in this case.  OANN identified four non-Smartmatic individuals with relevant knowledge in its Rule 26 disclosures.  It has refused to substantively respond to Smartmatic's interrogatories in which

Brian Ledebuhr
March 23, 2023
Page 2

Smartmatic asked OANN to identify relevant individuals. (*See* Interrogatory Nos. 1-5.) And now OANN claims that it is unable to identify a *single* additional custodian beyond the on-air talent referenced in Smartmatic's Complaint and the Herrings. (OANN March 20 Letter at 3.)

During various meet and confers, OANN asserted that Smartmatic could review the documents OANN produces to identify additional custodians. But, as Smartmatic discussed in its February 20, 2023 letter, this creates a Catch 22: OANN will only produce ESI after Smartmatic proposes a list of custodians, but OANN will not provide Smartmatic with the information that Smartmatic needs to identify custodians. Because OANN refuses to discuss Smartmatic's proposed search terms until a custodian list is finalized (*see* OANN February 17 Letter at 2), and OANN has provided no information through which Smartmatic can reasonably propose a custodian list, OANN has short-circuited Smartmatic's ability to receive any ESI from OANN.

OANN also mischaracterizes the parties' discussions with respect to Interrogatory No. 5, and claims that its response will be resolved through discussions related to OANN's custodians. (OANN March 20 Letter at 16.) But, as noted, above, OANN refuses to provide any information that could inform a discussion about custodians.

Based on OANN's obstruction of all efforts by Smartmatic to identify relevant custodians and individuals with knowledge, Smartmatic intends to seek an order compelling OANN to substantively respond to Interrogatories 1, 2, 3, 4, and 5.

***Financial Statements.*** The parties have met and conferred multiple times and exchanged numerous letters about this topic, but OANN refused to agree to produce documents responsive to Smartmatic's Requests for Production ("RFP") Nos. 49 and 50. In your March 20, 2023 letter, OANN maintained its prior position that it would not produce its financial statements, and it requested that Smartmatic provide authorities that support its request for them. Respectfully, Smartmatic shared apposite authorities with OANN in its January 3, 2023 letter, but OANN responded that they were distinguishable. Smartmatic does not intend to waste time continuing to rehash issues that the parties have been discussing for months without making any progress. At this juncture, the Court should decide which party is correct.

Smartmatic intends to seek an order compelling OANN to produce documents in response to Smartmatic's RFP Nos. 49 and 50.

***RFP No. 24***. OANN objected to this request, but after meeting-and-conferring with Smartmatic, it proposed a narrower construction that it said was acceptable. (OANN Feb. 17 Letter at 7.) In Smartmatic's February 27 Letter, Smartmatic stated, "OANN's proposal is acceptable to Smartmatic." (Smartmatic February 27 Letter at 5-6.) Under the parties' agreement, OANN agreed to produce "Documents and Communications with or concerning any current or former, OANN EMPLOYEES entering or leaving paid employment with the TRUMP ADMINISTRATION or TRUMP CAMPAIGN, related to allegations of election fraud in the 2020 election." In its March 20 Letter, though, OANN reneged on its own agreement to produce these documents. (OANN March 20 Letter at 8-9.)

Brian Ledebuhr
March 23, 2023
Page 3

    OANN's refusal to honor its own proposal, which Smartmatic accepted, is unacceptable. The meet-and-confer process is all but futile if Smartmatic can have no confidence that OANN's offers of compromise are legitimate offers and OANN will honor the parties' agreements.

    We intend to seek an order compelling OANN's compliance with its own offer and agreement related to RFP No. 24.

* * * * *

    As noted above, Smartmatic intends to keep working with OANN in good faith to advance discovery while the Court decides the parties' disputes described herein. Accordingly, it will respond to the remainder of your letter through a separate letter.

    Very truly yours,

    BENESCH, FRIEDLANDER,
     COPLAN & ARONOFF LLP

    /s/ Michael E. Bloom

    Michael E. Bloom