# Exhibit D



Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
Dallas
Miami
vedderprice.com

Brian W. Ledebuhr
Shareholder
+1 312 609 7845
bledebuhr@vedderprice.com

April 20, 2023

**VIA EMAIL**

Michael Bloom, Esq.
Olivia Sullivan, Esq.
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
mbloom@beneschlaw.com
osullivan@beneschlaw.com

    Re:    *Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network*,
              **Case No. 1:21-cv-02900-CJN (D.D.C.)**

Dear Counsel:

On behalf of Herring Networks, Inc. ("Herring"), we write to address the upcoming schedule for the exchange of documents in this case. Herring has been and continues to be committed to moving discovery forward at a reasonable pace while meeting and conferring in good faith to resolve pending issues. In that vein, we agreed on March 31, 2023 to a schedule for upcoming dates to facilitate the exchange of documents. That schedule was built on a foundation of good faith and the idea that the parties would achieve a mutual agreement on search terms by April 21, 2023. Because it is now clear that this schedule was too ambitious and none of the parties will be in a position to finalize mutual search terms by ***tomorrow***, the parties need to revisit this schedule and agree upon new mutual dates that are achievable. This should not be a problem — it is the middle of April, and discovery is not set to close until December 8, 2023. There are no depositions scheduled, nor are there any other imminent deadlines. Any time pressure is purely manufactured, and it is much more reasonable and productive for the parties to achieve an informed, mutual understanding, rather than rushing to meet an artificial deadline.

We are in receipt of your letter sent at 5 p.m. Central yesterday, April 19, 2023 (the "April 19 Letter"), which was your first response to the search terms that Herring proposed to you two weeks ago. While we will prepare a substantive response to your April 19 Letter to continue negotiating search terms in good faith, even a brief review of Appendices 3 and 4 to your letter reveals dozens of objections to search terms, dozens of proposed revised search terms, and 287 proposed new search terms. Even if it were reasonable to expect Herring to respond within a 48-hour period to hundreds of search terms that Plaintiffs have considered for two weeks (plainly, it is not), Plaintiffs cannot genuinely believe that the parties can achieve a meeting of the minds by the end of the day on Friday, April 21, on search terms that Plaintiffs proposed for the first time at 5 p.m. Central on Wednesday, April 19. More time is obviously needed, and the schedule should be adjusted accordingly.

222 North LaSalle Street  |  Chicago, Illinois 60601  |  T +1 312 609 7500  |  F +1 312 609 5005

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, Vedder Price Pte. Ltd., which operates in Singapore, and Vedder Price (FL) LLP, which operates in Florida.

Michael Bloom, Esq.
Olivia Sullivan, Esq.
April 20, 2023
Page 2

Additionally, later today, Herring plans to send its response to the latest search terms proposed by Plaintiffs to be applied to Herring's data. By necessity, this involves a detailed analysis of hundreds of proposed search terms and six lengthy appendices. While Herring hopes there will be significant grounds for agreement, Herring anticipates there also will be areas of disagreement. But Herring remains committed to working in good faith to achieve a mutually agreeable resolution. Of course, Herring does not expect that this can happen overnight, and Herring obviously does not expect Plaintiffs to provide a substantive response in less than 24 hours — particularly given that there is no real deadline pressure in the case.

Because, for the reasons set forth above, it is no longer possible for the parties to achieve the schedule set forth in the March 31, 2023 letter, Herring proposes the following schedule so that the parties can complete their good faith negotiation of mutually agreeable search terms.

| EVENT | DATE |
|---|---|
| Deadline for the parties to finalize a universal set of search terms. If the parties are unable to finalize a universal set of search terms by this date because of any disputes, they will meet and confer on May 4, 2023, to discuss any remaining disputes concerning the search terms. | May 4, 2023 |
| Deadline for Herring to serve supplemental answers to Plaintiffs' Interrogatories No. 1, 2, 3, 4 and 5. | May 9, 2023 |
| Plaintiffs will propose any additional ESI custodians based on Herring's supplemental answers to Interrogatories No. 1, 2, 3, 4 and 5. | May 12, 2023 |
| The parties will meet and confer, if necessary, concerning Plaintiffs' additional proposed custodians. | May 16, 2023 |
| Deadline for the parties to produce responsive non-privileged documents that hit on the mutually agreed-to universal set of search terms for custodians agreed upon. | June 2, 2023 |

As set forth in the March 31 letter, the parties' agreement to adjourn their mutual requests for a discovery conference, without prejudice and with full reservation of rights, will remain applicable only to the extent the parties come to an agreement on a mutually agreeable and feasible schedule. Please advise as to whether Plaintiffs will agree to this reasonable and practical extension of the schedule set by the parties (not the Court) so that the parties can complete the process of negotiating a universal set of mutually agreeable search terms.

Regards,

*Brian Ledebuhr*

Brian W. Ledebuhr