# Exhibit F



Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
Dallas
Miami
vedderprice.com

Brian W. Ledebuhr
Shareholder
+1 312 609 7845
bledebuhr@vedderprice.com

April 21, 2023

**VIA EMAIL**

Michael Bloom, Esq.
Olivia Sullivan, Esq.
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
mbloom@beneschlaw.com
osullivan@beneschlaw.com

Re: *Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America News Network*, Case No. 1:21-cv-02900-CJN (D.D.C.)

Dear Counsel:

On behalf of Herring Networks, Inc. ("Herring"), we write in response to your letter yesterday evening addressing the schedule for the exchange of documents in this case. Herring remains committed to moving forward with a reasonable, *mutual* exchange of documents based on application of search terms. To be clear, neither party is prepared to meet today's previously agreed-upon date for finalizing search terms. It is with that reality in mind that Herring has proposed a new schedule. And as pointed out in Herring's letter yesterday, neither side will be prejudiced by a short extension of these deadlines to make sure the parties achieve an informed, mutual understanding, thereby minimizing the need for potential court involvement.

Plaintiffs' professed concerns about the quantity of documents produced by Herring to date are inherently flawed because the parties have not yet agreed on search terms that will be run to generate documents for production. Thus, it makes no sense to expect Herring to have produced a significant number of documents to date. Moreover, while Plaintiffs have been involved in discovery in similar cases for many months and apparently have millions of pages of documents that have already been searched, reviewed, and prepared for production in those cases, Herring does not. It is therefore unreasonable to assume that the parties should be in the same place in terms of discovery production. Finally, Plaintiffs' supposed concern about the amount of time Herring has spent analyzing search terms is disingenuous. As you know, Plaintiffs' characterization of the search terms as "just one set of search terms" is misleading. Plaintiffs provided hundreds of complex search terms, nearly all of which were substantially overbroad and many of which were technically flawed because of how long they were, how they were structured, or what terms and characters they used. Despite these issues, Herring has worked with Plaintiffs to evaluate these terms in excruciating detail to arrive at a set of terms that will be both functional and reasonable. Following our most recent proposal on April 20, 2023, we are hopeful that this issue is nearing resolution.

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, Vedder Price Pte. Ltd., which operates in Singapore, and Vedder Price (FL) LLP, which operates in Florida.

Michael Bloom, Esq.
Olivia Sullivan, Esq.
April 21, 2023
Page 2

The suggestion in your letter that the parties should have different dates for agreeing on search terms makes no sense. While it is true that Smartmatic provided draft search terms earlier than Herring did, as set forth above and in other correspondence, there were numerous problems with Smartmatic's search terms that had to be addressed. Moreover, as addressed above, Smartmatic has the significant benefit of having already run search terms, reviewed documents, and made productions in other similar cases, whereas Herring is starting from scratch. The most reasonable and equitable solution is for the parties to agree on a universal set of search terms by May 4, 2023.

In light of the above, Herring will agree to the dates set forth below:

| EVENT | DATE |
|---|---|
| Deadline for Herring to serve supplemental answers to Plaintiffs' Interrogatories No. 1, 2, 3, 4 and 5. | May 1, 2023 |
| Deadline for the parties to finalize a **universal** set of search terms. If the parties are unable to finalize a universal set of search terms by this date because of any disputes, they will meet and confer on May 4, 2023, to discuss any remaining disputes concerning the search terms. | May 4, 2023 |
| Plaintiffs will propose any additional ESI custodians based on Herring's supplemental answers to Interrogatories No. 1, 2, 3, 4 and 5. | May 12, 2023 |
| The parties will meet and confer, if necessary, concerning Plaintiffs' additional proposed custodians. | May 16, 2023 |
| Deadline for the parties to produce responsive non-privileged documents that hit on the mutually agreed-to universal set of search terms for custodians agreed upon. | May 24, 2023 |

Please advise as to whether Plaintiffs will agree to this reasonable and balanced schedule, under which the documents arising from the agreed-upon search terms will be produced merely a month from now.

Regards,

*Brian Ledebuhr*

Brian W. Ledebuhr