# Exhibit G



Olivia E. Sullivan
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.624.6415
Fax:  312.767.9192
osullivan@beneschlaw.com

June 26, 2023

John Edwards
Jackson Walker LLP
1401 McKinney Suite 1900
Houston, TX 77010

Re:   *Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network*; Case No. 1:21-cv-02900-CJN

Dear Counsel:

We write to summarize the June 23, 2023 meet and confer between Smartmatic and Herring Networks, Inc.'s ("OANN") regarding the parties' respective requests to designate additional custodians, proposed searches to be run on each party's data sets, and a document production schedule. The letter below summarizes our discussion and the outcome.

## Custodians

***OANN Custodians.*** OANN responded to many of the outstanding requests to designate custodians in its letter on June 22, 2023. At the meet and confer, OANN confirmed that it will include Shane Althaus as a custodian. OANN informed Smartmatic that they were unable to speak with Rayana Unutoa on Friday, June 23, 2023, as planned. OANN's counsel shared that they had also not yet contacted Trey Miller or Ann Schick. As a result, they were unable to provide an update as to whether OANN agrees to designate these three individuals as custodians. OANN promised to provide additional updates next week after contacting Unutoa, Miller, and Schick. Smartmatic noted that it is satisfied with the current list of designated OANN custodians, but reserves its right to revisit custodian designations should it become necessary.

OANN asked Smartmatic whether it would be willing to produce documents from Smartmatic's litigation with Lindell, and the Coomer litigation, that Smartmatic referenced in its May 17 email regarding custodians. Smartmatic stated that all of the Coomer litigation documents it referenced are publicly available, and that it cannot provide OANN with the Lindell documents because they are subject to a protective order.

***Smartmatic Custodians.*** OANN asked whether the parties were at an impasse as to four of OANN's proposed custodians—namely, Marlon Garcia, Neil Baniqued, Jose Gregario Camargo Castellanos, and Marco Huberts. Smartmatic agreed that the parties were at an impasse with regard to Garcia, Baniqued, and Castellanos. Smartmatic stood by its position provided in its March 28 and April 11 letters. As to Huberts, Smartmatic reiterated that he does not possess relevant

information or documents that would not be captured by other custodians, but stated that the parties are not at an impasse with Huberts and that Smartmatic would be open to further discussion.

OANN also shared a new request to designate as a custodian Hider Garcia Rivas, whom OANN described as a Smartmatic software engineer who later worked as an election manager. Smartmatic informed OANN that it would confer and then provide an update on the request.

OANN stated that it would lay out its position with respect to Huberts and Rivas in a forthcoming letter, which it plans to send on Tuesday, June 27.

### Search Terms

The parties agreed that they were mostly in agreement with respect to search terms. OANN agreed that Search No. 23 is agreed by the parties, and the term that will be run is on the top of page two of OANN's June 21 letter. Smartmatic agreed to OANN's proposed modifications to Search 65.1. As to Search 151, "News Room," Smartmatic confirmed for OANN that running a case sensitive search will not be possible.

Smartmatic also confirmed that Appendix 5, attached to its May 1, 2023 letter, contains the operative searches pursuant to our agreement with prior counsel. Smartmatic confirmed that it would also run the searches found in Appendix 4, which consists of the terms used in related litigation, and that Smartmatic did not reach any agreement with prior counsel narrowing the scope of the searches any further than what is listed in Appendix 4. With regard to the time frame for Smartmatic's data set, Smartmatic clarified that it possesses records dating as early as 1997, and thus, Smartmatic's set spans to 1997.

*Temporal Scope.* The parties discussed the temporal scope of OANN's searches for the terms "Smartmatic" and "Dominion." Smartmatic agreed that January 1, 2018, is an acceptable start date. OANN had proposed ending the temporal scope on November 3, 2021. Smartmatic proposed an end date of October 21, 2022, the date on which written discovery commenced. OANN questioned why documents postdating the filing of the lawsuit are relevant. OANN also expressed concern that our proposed date would cause an undue burden on maintaining a privilege log. In response, Smartmatic expressed that it is willing to forgo a privilege log for responsive documents with outside counsel that postdate the lawsuit's filing. Smartmatic also explained that, based on its experience in related matters, the lawsuit's filing spurs non-privileged conversations among employees about the relevant broadcasts. OANN stated that it would provide an update on OANN's position on Smartmatic's proposed end date by Tuesday, June 27, 2023.

*Appendices.* OANN proposed consolidating the search term appendices into a single Excel worksheet to avoid confusion among counsel and the court. We agreed. OANN stated that it would share a consolidated appendix by Tuesday, June 27, 2023.

### Document Production

*Smartmatic's Production.* OANN asked Smartmatic to clarify whether its productions had been threaded and deduplicated. Smartmatic indicated that its production was not threaded,

June 26, 2023
Page 3

meaning that only the document with the most inclusive email chain was produced. Smartmatic indicated that it would not be possible to thread the production because the data set is so large that the time and expense would be overly burdensome. Smartmatic confirmed that it had deduplicated its documents.

***OANN's Production Timeline.*** Smartmatic proposed that the parties set July 31, 2023 as the deadline for substantial completion of both parties' document productions. Smartmatic noted that OANN's productions in February and March were inadequate, and that because of that, OANN needs to move more quickly on the production of its documents. OANN shared its intention of making additional productions by July 28, 2023, after coordinating with vendors and identifying the proper data sets to apply the search terms. OANN stated that it may be able to produce documents a few weeks earlier, but could not commit to that yet. As fact discovery closes in December 2023 pursuant to the Court's current scheduling order, Smartmatic urged OANN's counsel to make additional productions sooner. OANN stated that it would attempt to produce documents before July 28 and offered to reconvene next Thursday, June 29 or Friday, June 30 to further discuss OANN's production timeline.

Before ending the meet and confer, OANN acknowledged that it would send Smartmatic two letters, first, a letter regarding OANN's Second Set of RFPs, and second, a letter regarding the open discovery issues discussed at the June 23 meet and confer. The parties also agreed to discuss an extension of time for our response to OANN's Second Set of RFPs.

Smartmatic proposes that we schedule our next meet and confer on either Thursday, June 29 or Friday, June 30 before 2:00 p.m. to discuss the production schedule. Please let us know the times that OANN is available to meet.

Best regards,

BENESCH, FRIEDLANDER,
   COPLAN & ARONOFF LLP

/s/ Olivia E. Sullivan

Olivia E. Sullivan