# Exhibit O

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., and SGO CORPORATION
LIMITED,

No. 1:21-cv-02900

        Plaintiffs,

   v.

HERRING NETWORKS, INC., d/b/a ONE
AMERICA NEWS NETWORK,

Judge Carl J. Nichols

        Defendant.

## DEFENDANT'S RULE 26(a) INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a), defendant Herring Networks, Inc., d/b/a One America News Network ("Herring"), through its undersigned counsel of record, reserving all objections, makes the following disclosures:

## I. Preliminary Statement

The following disclosures are based on information reasonably available to, and currently in the possession, custody, or control of, Herring. To the best of Herring's knowledge, information, and belief, these disclosures are complete and correct as of the date they are made. Herring may obtain additional facts and identify additional witnesses and documents relevant to this action through research, investigation, and analysis and through discovery of plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited ("Plaintiffs") and third parties that may have knowledge of relevant facts. Accordingly, Herring expressly reserves its right: (i) to make subsequent revisions, supplementation, or amendment to these disclosures based upon any information, evidence, documents, facts, and things that hereafter may be discovered, or the relevance of which may hereafter be determined; and (ii) to produce,

introduce, or rely upon additional or subsequently acquired or discovered writings, evidence, and information at trial or in any pre-trial proceedings.

Herring objects to any disclosure of information or documents beyond that required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Court, this Court's Standing Orders and/or Scheduling Order or other applicable law.

1.      Herring does not provide herein, and will not provide, any information or documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, privacy rights, applicable regulatory privileges, or any other privilege or immunity from disclosure.

2.      Herring does not, and will not, provide herein any information or documents protected from disclosure by a third-party's right of privacy.

3.      Herring's production of documents may implicate confidential, proprietary business information and/or documents that belong to Herring.  Documents that Herring has produced or will produce are subject to the Protective Order entered or to be entered in this case.

4.      Any information or documents provided by Herring in connection with these disclosures are subject to all objections as to competence, relevance, materiality, proportionality, and admissibility, as well as any other objection on any grounds that would require exclusion if such information were offered into evidence, and Herring expressly reserves all such objections and grounds.

**II.     Potential Witnesses – Rule 26(a)(1)(A)(i)**

| NAME | CONTACT INFORMATION | KNOWLEDGE |
|------|---------------------|-----------|
| Charles Herring | C/O counsel for Herring VEDDER PRICE P.C. 222 North LaSalle Street Chicago, IL 60601 T:  +1 312 609 7500 | The facts and circumstances surrounding the lawful reporting regarding the 2020 local, state, and federal elections in the United States by Herring. |
| Robert Herring, Sr. | C/O counsel for Herring VEDDER PRICE P.C. 222 North LaSalle Street Chicago, IL 60601 T:  +1 312 609 7500 | The facts, circumstances, and decisions surrounding the lawful reporting regarding the 2020 local, state, and federal elections in the United States by Herring. |
| Robert Herring, Jr. | C/O counsel for Herring VEDDER PRICE P.C. 222 North LaSalle Street Chicago, IL 60601 T:  +1 312 609 7500 | The facts and circumstances surrounding the lawful reporting regarding the 2020 local, state, and federal elections in the United States by Herring. |
| Dan Ball | C/O counsel for Herring VEDDER PRICE P.C. 222 North LaSalle Street Chicago, IL 60601 T:  +1 312 609 7500 | The facts and circumstances surrounding the journalistic investigation and production of *Real America*; the facts and circumstances surrounding the statements made by Mr. Ball as set forth in the Complaint. |
| Christina Bobb | C/O counsel for Herring VEDDER PRICE P.C. 222 North LaSalle Street Chicago, IL 60601 T:  +1 312 609 7500 | The facts and circumstances surrounding the journalistic investigation and production of *Weekly Briefing with Christina Bobb*; the facts and circumstances surrounding the statements made by Ms. Bobb as set forth in the complaint. |

| NAME | CONTACT INFORMATION | KNOWLEDGE |
|---|---|---|
| Lord Mark Malloch-Brown | Unknown | The facts and circumstances surrounding Lord Malloch-Brown's former role as the Chairman of SGO Corporation Limited, including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad. |
| Antonio Mugica | Unknown | The facts and circumstances surrounding the founding of Smartmatic; the 1998 Smartmatic/Bizta/CANTV venture; the 2006 CFIUS investigation of Smartmatic; the sale of Smartmatic's ownership interest in Sequoia; the controversy surrounding the 2017 Venezuelan election; the contract between Smartmatic and Los Angeles County related to the 2020 local, state, and federal elections in the United States; facts and circumstances related to Mr. Mugica's role as Chief Executive Officer of Smartmatic including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad. |

| NAME | CONTACT INFORMATION | KNOWLEDGE |
|---|---|---|
| Roger Piñate | Unknown | The facts and circumstances surrounding the founding of Smartmatic; the 1998 Smartmatic/Bizta/CANTV venture; the 2006 CFIUS investigation of Smartmatic; the sale of Smartmatic's ownership interest in Sequoia; the controversy surrounding the 2017 Venezuelan election; the contract between Smartmatic and Los Angeles County related to the 2020 local, state, and federal elections in the United States; facts and circumstances related to Mr. Piñate's role as Director of Smartmatic's Global Board, including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad. |
| Robert Cook | Unknown | The facts and circumstances surrounding Mr. Cook's role as Executive Director of the board of Smartmatic USA Corporation, including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad. |

| NAME | CONTACT INFORMATION | KNOWLEDGE |
|---|---|---|
| Paul DeGregorio | Unknown | The facts and circumstances surrounding Mr. DeGregorio's role as the Director of the board of Smartmatic USA Corporation, including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad. |
| Gracia Hillman | Unknown | The facts and circumstances surrounding Ms. Hillman's role as the Director of the board of Smartmatic USA Corporation, including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad. |
| Shari Little | Unknown | The facts and circumstances surrounding Ms. Little's role as the Product Management Director of Smartmatic, including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad. |
| James Long | Unknown | The facts and circumstances surrounding Mr. Long's role as the Director of Smartmatic, including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad. |

| NAME | CONTACT INFORMATION | KNOWLEDGE |
|---|---|---|
| Pedro Mugica | Unknown | The facts and circumstances surrounding the contract between Smartmatic and Los Angeles County related to the 2020 local, state, and federal elections in the United States; facts and circumstances related to Mr. Mugica's role as President of Global Sales of Smartmatic, including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad. |
| Dan Murphy | Unknown | The facts and circumstances surrounding Mr. Murphy's role as the Engagement Director of Smartmatic, including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad. |
| Peter Neffenger | Unknown | The facts and circumstances surrounding Mr. Neffenger's role as Chairman of the board of Smartmatic USA Corporation, including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad; the circumstances of his service on President Biden's Agency Review team under the Department of Homeland Security. |

| **NAME** | **CONTACT INFORMATION** | **KNOWLEDGE** |
|---|---|---|
| Andres Rombolá | Unknown | The facts and circumstances surrounding Mr. Rombolá's role as President of Smartmatic Latin America ("LATAM"), including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad. |
| Samira Saba | Unknown | The facts and circumstances surrounding Ms. Saba's role as the Director of Communications of Smartmatic, including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad. |
| Edwin Smith | Unknown | The facts and circumstances surrounding Mr. Smith's role as the Director of Certification of Smartmatic, including, but not limited to, Plaintiffs' involvement in controversy related to its voting machines and/or software domestically and abroad. |

Herring also identifies all witnesses listed by Plaintiffs in their Rule 26 disclosures.

## III.     Potentially Relevant Documents – Rule 26(a)(1)(A)(ii)

Subject to, and without waiving, all appropriate objections, including based on waiving the attorney-client privilege and the attorney-work product doctrine, Herring identifies the following categories of documents stored electronically and/or in hard copy form in San Diego, California, Washington, D.C., and/or wherever Plaintiffs' documents may be stored that it may use to support its defenses:

- Documents and communications related to Smartmatic USA Corporation.

- Documents and communications related to Smartmatic International Holding B.V.

- Documents and communications related to SGO Corporation Limited.

- Documents and communications related to the statements broadcast by Herring related to Smartmatic.

- Documents and communications related to the production of broadcasts by Herring relevant to the allegations contained in the complaint.

- Herring broadcasts relevant to the allegations contained in the complaint.

- Communications between Herring and Plaintiffs.

- Documents and communications related to Sequoia Voting Systems, Inc.

- Documents reflecting Plaintiffs' connections to Venezuela.

- Documents related to the Venezuelan government's investment in Bizta Corp.

- Documents reflecting the significant security and reliability flaws in electronic voting machines.

- U.S. government documents reflecting concerns about the presence and operations of Smartmatic in the United States.

- Documents related to charges filed against Smartmatic employees in the Philippines for violations of election law.

- Documents related to criticism of Smartmatic voting systems in Kenya.

- Documents and communications related to problems with Smartmatic voting systems in Los Angeles County.

- Past media reports reflecting Smartmatic's reputational problems.

- Documents reflecting the audience reach of Herring broadcasts.

- All licensing and cooperation agreements between Smartmatic and Dominion.

- All documents listed by Plaintiffs in their Rule 26 disclosures.

## IV.     Damages Calculation – Rule 26(a)(1)(A)(iii)

Herring is not seeking damages in this case at this time. Herring reserves the right to seek costs, attorneys' fees, and such other compensation or damages that the Court may deem reasonable and just in the course of Herring's defense of this suit.

## V.     Insurance Agreements – Rule 26(a)(1)(A)(iv)

Herring has produced all relevant insurance documentation pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(iv) and 34(b)(2)(B).

Respectfully submitted,


By:  *s/ Blaine C. Kimrey*
        Counsel for defendant

Blaine C. Kimrey
bkimrey@vedderprice.com
Jeanah Park
jpark@vedderprice.com
Bryan Clark
bclark@vedderprice.com
Brian Ledebuhr
bledebuhr@vedderprice.com
Julia Koechley
jkoechley@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 I Street NW, Suite 1100
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322

Dated:  November 3, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November 2022, I served the foregoing document

on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com


/s/ Blaine Kimrey
Blaine Kimrey