# Exhibit P

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

Plaintiffs,

v.

HERRING NETWORKS, INC., d/b/a ONE
AMERICA NEWS NETWORK,

Defendant.

No. 1:21-cv-02900-CJN

Judge:     Carl J. Nichols

## DEFENDANT'S ANSWERS AND OBJECTIONS
## TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33 and LCvR 30.4, defendant Herring Networks, Inc. d/b/a One

America News Network ("Herring"), by and through its attorneys, hereby answers and objects to

the First Set of Interrogatories (the "Interrogatories") served by Plaintiffs Smartmatic USA Corp.,

Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Plaintiffs")

as follows:

## PRELIMINARY STATEMENT

The following objections and answers are made solely for the purpose of this pending

action and are made solely by and on behalf of Herring and no other corporation, entity, individual,

or person.  The following answers and objections are made on the basis of a diligent search and

reasonable inquiry for information and documentation reasonably available to Herring at the

present time.  Ongoing discovery, investigation, research, and analysis may disclose the existence

of additional facts and/or documents that add meaning to known facts, establish entirely new

factual conclusions or legal contentions, or possibly lead to additions, variations, and changes to

these answers.  Herring reserves the right to amend or supplement these answers and objections as

additional facts and/or documents are discovered, revealed, recalled, or otherwise ascertained

during the pendency of this action.  Herring reserves the right to make use of, at trial or otherwise, any information or documents not specified herein, whether omitted because unknown or not yet discovered or because the significance or relevance of the information or documents was not recognized or understood at the time of these answers and objections.

To the extent that Herring answers an Interrogatory to which it objects, such objections are not waived by the answer.  Any information or documents produced are produced expressly subject to any objections contained herein and are provided without in any way waiving or intending to waive any objections that Herring may have with respect to the subsequent use of such documents or information or with respect to the production of documents or information.  A statement that Herring will produce documents responsive to a particular Interrogatory is not a representation that such documents exist and/or are in the possession, custody, or control of Herring, but rather that Herring will attempt to locate and produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and can be found through a reasonable search conducted in good faith.  Moreover, neither the statement that Herring will produce documents nor the production of such documents constitutes an admission or acceptance of Plaintiffs' naming conventions in their Definitions.  Nor is it a representation that Herring has knowledge of the subject matter set forth in the Interrogatories.

Herring specifically reserves: (i) all questions as to admissibility of any and all such information or documents, in whole or in part, or of the subject matter thereof; (ii) the right to object to the use of any such information or documents, in whole or in part, or the subject matter covered thereby, in any subsequent step or proceeding in this action, on any or all of the proper grounds, whether or not enumerated herein; and (iii) the right to object on any and all grounds at any time to these Interrogatories or other discovery procedures involving or related to the subject

matter of information or documents sought by the Interrogatories.  In the event of the inadvertent production of privileged information or documents, Herring does not waive any applicable privilege and requests that Plaintiffs return any inadvertently produced information or documents and all copies thereof immediately.

## **GENERAL OBJECTIONS**

Each of the following general objections (the "General Objections") is asserted with respect to each Interrogatory as a predicate to any specific answer and in addition to any specific objection.  Each General Objection is hereby incorporated by reference into each and every one of the specific answers, each of which is made subject to and without waiver of such General Objections.  Any answer will exclude information that is subject to these General Objections. In addition to its General Objections, Herring will state specific objections to each Interrogatory, where appropriate, including objections that are not generally applicable to every Interrogatory. By setting forth such specific objections, Herring does not intend to limit, restrict or waive any of the General Objections. Herring reserves the right to supplement its answers to these Interrogatories.

1.      Herring objects to these Interrogatories to the extent they request disclosure of information or documents prepared in anticipation of litigation, protected by the attorney-client privilege or the attorney work-product doctrine, or subject to any other applicable privilege, doctrine, or immunity from disclosure.  Any inadvertent disclosure of such information or documents, or information or documents protected by any other applicable privilege, doctrine, or immunity from disclosure is not intended to, and should not be construed to, constitute waiver of any privilege, doctrine, or immunity from disclosure, either generally or specifically, with respect to such material or the subject matter thereof.

2.      Herring objects to these Interrogatories to the extent they demand that Herring identify or produce "all" or "every" fact or document.  Herring objects to each such Interrogatory on the grounds that it requires Herring to perform a search that is impermissibly vague, overly broad, oppressive unduly burdensome, not reasonably tailored to the claims or defenses of this litigation, and/or meant to harass Herring.  Herring cannot guarantee that it has located every single piece of information responsive to a particular Interrogatory.

3.      Herring objects to these Interrogatories to the extent they are unreasonably cumulative and duplicative.

4.      Herring objects to these Interrogatories to the extent they seek information or documents that are not reasonably tailored to a claim or defense in this litigation; not reasonably calculated to lead to the discovery of admissible evidence; and/or not proportional to the needs of this case.

5.      Herring objects to these Interrogatories to the extent they are vague, ambiguous, confusing, misleading, incapable of interpretation, or insufficiently defined.

6.      Herring objects to these Interrogatories to the extent they seek information or documents already available to Plaintiffs or available from public, court, or agency records or otherwise in the public domain and accessible to all parties.

7.      Herring objects to these Interrogatories to the extent they seek information or documents more readily available to Plaintiffs.

8.      Herring objects to these Interrogatories to the extent they seek information or documents in the possession, custody, or control of third parties not subject to Plaintiffs' control.

9.      Herring objects to Plaintiffs' Definitions and Instructions to the extent they expand or alter the common understanding or meaning of the terms and words set forth therein.

10.     Herring objects to Plaintiffs' "Definitions" and "Instructions" set forth in the Interrogatories to the extent they seek to impose obligations different from, greater than, or contrary to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or the Standing Order of the Court.  Herring will respond consistently with the applicable requirements.

11.     Herring objects to Plaintiffs' definition of "DEFAMATORY BROADCASTS" as vague and overbroad to the extent it is intended to include any program or broadcast of Herring's other than a program or broadcast specifically identified and alleged in the Complaint.

12.     Herring objects to Plaintiffs' definition of "DEFAMATORY STATEMENTS" as overbroad to the extent it suggests that any of the statements alleged by Plaintiffs has been found to be or is defamatory and to the extent is intended to include any allegedly defamatory statements not specifically identified and alleged in the Complaint.  As such, any reference to "Alleged Defamatory Statement" herein shall mean the statements specifically alleged in the Complaint.

13.     Herring objects to Plaintiffs' definition of "OANN" as overbroad to the extent it is intended to include any person or entity other than Herring Networks, Inc.

14.     Herring objects to Plaintiffs' definition of "OANN EMPLOYEES" as overbroad to the extent it is intended to include any person other than a current or former employee of Herring.

15.     Herring objects to Plaintiffs' definition of "OANN DIGITAL" as vague and overbroad to the extent it is intended to include any digital program not controlled by Herring.

16.     Herring objects to Plaintiffs' definition of "OANN ACCUSED PROGRAMS" as vague,  overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.

17.     Herring objects to Plaintiffs' definition of "OANN PROGRAM" as vague and overbroad to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.

18.     Herring objects to Plaintiffs' definition of "OANN SOCIAL MEDIA" as vague and overbroad to the extent it is intended to include any program, broadcast, or account not specifically identified and alleged in the Complaint and to the extent it is intended to include any program, broadcast, or account not controlled by Herring.

19.     Herring objects to Plaintiffs' definition of "OANN ON-AIR PERSONALITIES" as improper, overbroad, and vague to the extent it suggests that the individuals identified are not reporters or to the extent it is intended to include any program, broadcast, or reporter not specifically identified and alleged in the Complaint.

20.     Herring objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that Plaintiffs' collective references to "Smartmatic" in the Interrogatories and in the operative Complaint are not consistent and to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same for purposes of the "of and concerning" defamation doctrine.   By responding to these Interrogatories based on Plaintiffs' improper definition of "Smartmatic," Herring does not admit that each of the Smartmatic entities is one and the same.

21.     Herring objects to the Interrogatories to the extent they are not limited to a time period relevant to the issues in this action, including Plaintiffs' instruction regarding the "relevant time period."

22.     Herring objects to these Interrogatories, Definitions and Instructions to the extent they contain inaccurate, incomplete or misleading descriptions of the facts, events or pleadings in this action.   The production of any information or documents shall not constitute Herring's agreement with, or acquiescence to, any such definition.

23.     Herring objects to Plaintiffs' definition of the term "documents" to the extent it purports to include "deleted" files or other electronic data that is not reasonably accessible.

## SPECIFIC OBJECTIONS AND ANSWERS

### INTERROGATORY NO. 1:

Identify all Persons who drafted, edited, reviewed, developed, investigated, approved, produced, or directed or made any decision regarding the contents of or decision to publish any DEFAMATORY STATEMENT, regardless of whether they are employees of, contracted by, or otherwise affiliated with OANN, and for each identify their job title and state whether they drafted, edited, reviewed, developed, investigated, approved, produced, directed, and/or made any decision regarding such segment, interview, or social media post.

### ANSWER:

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the compound nature of this Interrogatory.  Additionally, Herring objects to this Interrogatory on the basis that its reference to individuals who are "employees of, contracted by, or otherwise affiliated with" Herring and who "drafted, edited, reviewed, developed, investigated, approved, produced, or directed or made any decision regarding the contents of or decision to publish any [Alleged Defamatory Statement]" is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined, overly broad, and not proportional to the needs of this case, calls for a narrative, and seeks information better suited for other discovery methods, such as deposition testimony.  Herring also objects to this Interrogatory on the basis that its use of the term "DEFAMATORY STATEMENT" is inaccurate and misleading.   Subject to and without waiving these objections and its General

Objections, Herring will produce non-privileged documents responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith.  Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 2:**

Identify all OANN EMPLOYEES who had any role in drafting, editing, reviewing, developing, investigating, producing, approving, contributing to, or directing or making decisions related to content aired on the OANN ACCUSED PROGRAMS regarding SMARTMATIC, DOMINION, and/or the election technologies and systems used during the 2020 PRESIDENTIAL ELECTION.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the compound nature of this Interrogatory.  Additionally, Herring objects to this Interrogatory on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined (particularly in relation to any content aired regarding "the election technologies and systems used during the 2020 Presidential election"), overly broad, and not proportional to the needs of this case.  Additionally, Herring objects to this Interrogatory on the basis that it is vague, ambiguous, confusing, overly broad, not proportional to the needs of this case to the extent it seeks to identify all content aired by Herring and/or its employees about any Smartmatic entity, regardless of whether any Smartmatic entity has alleged such statement constitutes alleged defamation.  Herring also objects to the extent that this Interrogatory vaguely seeks information as to DOMINION (as defined in the Interrogatories), because it improperly seeks information not reasonably tailored to a claim or defense in this litigation and is not proportional to the needs of this case.  Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V.,

and SGO Corporation Limited are one and the same.  Herring further objects to the term "OANN

ACCUSED PROGRAMS" as vague, overbroad, and improper to the extent it suggests that Herring

engaged in defamation or has been found liable for defamation and to the extent it is intended to

include any program or broadcast not specifically identified and alleged in the Complaint.

Moreover, Herring objects to the extent this Interrogatory is cumulative and duplicative of other

Interrogatories.  Subject to and without waiving these objections and its General Objections,

Herring will produce non-privileged documents responsive to this Interrogatory and within

Herring's possession, custody or control, to the extent such documents exist and can be found

through a reasonable search conducted in good faith.  Herring's investigation continues, and

Herring reserves its right to supplement this answer during the course of its investigation.

## INTERROGATORY NO. 3:

Identify all persons who drafted, edited, reviewed, developed, investigated, approved, produced, directed, or made any decision regarding any segment, interview, statement, post, or article published on any OANN ACCUSED PROGRAM, OANN DIGITAL platform, or OANN SOCIAL MEDIA account regarding SMARTMATIC, DOMINION, and/or the election technologies and systems used during the 2020 PRESIDENTIAL ELECTION, regardless of whether they are employees or otherwise affiliated with OANN, and for each identify their job title and state whether they drafted, edited, reviewed, investigated, directed, approved, or made any decision regarding such segment, interview, statement, article, or social media post.

## ANSWER:

Herring incorporates by reference and specifically asserts its applicable General

Objections.  Herring further objects to the compound nature of this Interrogatory.  Additionally,

Herring objects to this Interrogatory on the basis that it is vague, ambiguous, confusing,

misleading, incapable of interpretation, insufficiently defined, overly broad, not proportional to

the needs of this case, calls for a narrative and seeks information better suited for other discovery

methods, such as deposition testimony.  Herring also objects to the extent that this Interrogatory

vaguely seeks information as to DOMINION (as defined in the Interrogatories), because it

improperly seeks information not reasonably tailored to a claim or defense in this litigation and is not proportional to the needs of this case.  Additionally, Herring objects to this Interrogatory on the basis that it is vague, ambiguous, confusing, overly broad, not proportional to the needs of this case to the extent it seeks to identify all statements or content published or aired by Herring about any Smartmatic entity, regardless of whether any Smartmatic entity has alleged such statement constitutes alleged defamation.    Herring    further    objects    to    Plaintiffs'    definition    of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited   are   one   and   the   same.     Herring   further   objects   to   the   term   "OANN   ACCUSED PROGRAMS" as vague,  overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.   Herring further objects to the extent this Interrogatory is cumulative and duplicative of other Interrogatories. Subject to and without waiving these objections and its General Objections, Herring incorporates by reference its answer to Interrogatory No. 1 as if fully set forth herein.   Answering further, Herring states as follows: Herring will produce non-privileged documents responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist   and   can   be   found   through   a   reasonable   search   conducted   in   good   faith.     Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

## INTERROGATORY NO. 4:

Identify all Persons who drafted, edited, reviewed, developed, investigated, approved, published,   or   made   any   decision   regarding   statements   posted   to   the   following   social   media accounts:   @OANN,   @aleixsalvinews,   @ElmaAksalic,   @ericbolling,   @Nefertari_25, @mikedinow,@PHussionWYFF,          @DanNewsManBall,             @STEPHMHAMILL, @samanthaKESQ, @christina_bobb, @PearsonSharp, @NatalieJHarp, and @ktrippie0203, any

other social media accounts controlled by OANN or OANN ON-AIR PERSONALITIES, and any OAN[N] MEDIA account regarding SMARTMATIC, DOMINION, and/or the election technologies and systems used during the 2020 PRESIDENTIAL ELECTION, and for each Person, identify the relevant account, the Person's role, and their job title, and their relationship to OANN.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the compound nature of this Interrogatory.  Additionally, Herring objects to this Interrogatory on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined, overly broad, not proportional to the needs of this case, calls for a narrative and seeks information better suited for other discovery methods, such as deposition testimony.  Herring also objects to the extent that this Interrogatory vaguely seeks information as to DOMINION (as defined in the Interrogatories), because it improperly seeks information not reasonably tailored to a claim or defense in this litigation and is not proportional to the needs of this case.  Additionally, Herring objects to this Interrogatory on the basis that it is vague, ambiguous, confusing, overly broad, not proportional to the needs of this case to the extent it seeks to identify all statements or content published by Herring or any social media account relating to Herring about any Smartmatic entity, regardless of whether any Smartmatic entity has alleged such statement constitutes alleged defamation.  Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.  Herring further objects to the extent this Interrogatory is cumulative and duplicative of other Interrogatories.  Subject to and without waiving these objections and its General Objections, Herring incorporates by reference its

answer to Interrogatory No. 1 as if fully set forth herein.  Answering further, Herring states as follows with respect to the social media accounts identified in this Interrogatory:

- Several Herring employees are responsible for writing, editing and marketing Herring-related publications on Herring-controlled media and social media pages on the following platforms: Twitter (@OANN), Facebook, YouTube, Rumble, Parler, Instagram, Truth Social and OANN Mobile App.  To the extent Plaintiffs identify a specific publication from a specific platform, Herring can further investigate.

- @alexsalvinews is the personal Twitter account of Alex Salvi. The statements posted to this account are created and published by Alex Salvi and are not reviewed, approved, or otherwise subject to the decisions of Herring.

- @ElmaAksalic is the personal Twitter account of Elma Aksalic. The statements posted to this account are created and published by Elma Aksalic and are not reviewed, approved, or otherwise subject to the decisions of Herring.

- Herring does not know who created, controls, or publishes the @ericbolling Twitter account.

- @Nefertari_25 is the personal Twitter account of Kara McKinney.  The statements posted to this account are created and published by Kara McKinney and are not reviewed, approved, or otherwise subject to the decisions of Herring.

- @mikedinow is the personal Twitter account of Mike Dinow. The statements posted to this account are created and published by Mike Dinow and are not reviewed, approved, or otherwise subject to the decisions of Herring.

- Herring does not know who created, controls, or publishes the @PHussionWYFF Twitter account.

- @DanNewsManBall is the personal Twitter account of Dan Ball. The statements posted to this account are created and published by Dan Ball and are not reviewed, approved, or otherwise subject to the decisions of Herring.

- @STEPHHAMILL is the personal Twitter account of Stephanie Hamill. The statements posted to this account are created and published by Stephanie Hamill and are not reviewed, approved, or otherwise subject to the decisions of Herring.

- @samanthaKESQ is the personal Twitter account of Samantha Lomibao. The statements posted to this account are created and published by Samantha Lomibao and are not reviewed, approved, or otherwise subject to the decisions of Herring.

- @christina_bobb is the personal Twitter account of Christina Bobb.  The statements posted to this account are created and published by Christina Bobb and are not reviewed, approved, or otherwise subject to the decisions of Herring.

- @PearsonSharp is the personal Twitter account of Pearson Sharp.  The statements posted to this account are created and published by Pearson Sharp and are not reviewed, approved, or otherwise subject to the decisions of Herring.

- @NatalieJHarp is the personal Twitter account of Natalie Harp.  The statements posted to this account are created and published by Natalie Harp and are not reviewed, approved, or otherwise subject to the decisions of Herring.

- @ktrippie0203 is the personal Twitter account of Keith Trippie.  The statements posted to this account are created and published by Keith Trippe and are not reviewed, approved, or otherwise subject to the decisions of Herring.

Herring will produce non-privileged documents that are responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith.  Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

## INTERROGATORY NO. 5:

Identify all OANN EMPLOYEES or other Persons who had any decision-making authority, approval, and/or control regarding the content within and/or promotion of the OANN ACCUSED PROGRAMS, including any decisions as to which guests or interviewees would appear or regarding the employment or contracts of any personnel or OANN ON-AIR PERSONALITIES, and for each, identify their job title, relationship to OANN, and describe the nature of that authority, approval, or control.

## ANSWER:

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the compound nature of this Interrogatory—particularly in that the Interrogatory appears to merge requests for information regarding the OANN ACCUSED PROGRAMS, on the one hand, and the employment or contracts of any personnel or OAN ON-AIR PERSONALITIES, on the other hand.  Herring further objects to the term "OANN ACCUSED PROGRAMS" as vague,  overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the

Complaint.   Additionally, Herring objects to this Interrogatory on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, overly broad, not proportional to the needs of this case, calls for a narrative and seeks information better suited for other discovery methods, such as deposition testimony.   Herring further objects to the extent this Interrogatory is cumulative and duplicative of other Interrogatories.   Subject to and without waiving these objections and its General Objections, Herring states as follows:

- *After Hours with Alex Salvi*: Alex Salvi is a former talk show host with OAN and hosted *After Hours With Alex Salvi*.

- *News hours*:  Elma Aksalic is a former anchor with OAN.  Mike Dinow is a current anchor with OAN.  John Hines is the D.C. Bureau Chief and provides political commentary for OAN.  Samantha Lomibao is a former anchor with OAN.  Emily Finn is a former anchor with OAN.

- *America This Week* is not produced by or affiliated with Herring.

- *Tipping Point with Kara McKinney*: Kara McKinney is a current talk show host with OAN.

- *Breaking News Live with Patrick Hussion*: Patrick Hussion is a former anchor with OAN.

- *In Focus with Stephanie Hamill*: Stephanie Hamill is a former talk show host with OAN.

- *Weekly Briefing with Christina Bobb*: Christina Bobb is a former talk show host with OAN.

- *Absolute Proof*: Herring had no control over the content of this program and did not participate in its investigation, production, development, directing, or any other aspect of its production.

- *Real America with Dan Ball*: Dan Ball is a current talk show host with OAN.

- *Scientific Proof*: Herring had no control over the content of this program and did not participate in its investigation, production, development, directing, or any other aspect of its production.

- *Absolute Interference*: Herring had no control over the content of this program and did not participate in its investigation, production, development, directing, or any other aspect of its production.

- *Absolutely 9-0*: Herring had no control over the content of this program and did not participate in its investigation, production, development, directing, or any other aspect of its production.

- *The Real Story with Natalie Harp*: Natalie Harp is a former talk show host with OAN.

Herring will produce non-privileged documents responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith.  Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 6:**

Identify all sources of information for the DEFAMATORY STATEMENTS.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to this Interrogatory to the extent it seeks information protected by the reporter's privilege.  Herring also objects to this Interrogatory on the basis that its use of the term "DEFAMATORY STATEMENTS" is inaccurate and misleading.  Subject to and without waiving these objections and its General Objections, Herring identifies the following sources as to the Allegedly Defamatory Statements:  President Donald Trump, Sidney Powell, Eric Bolling, Rudy Giuliani, Michael Johns, Tom Fitton, Kyle Becker, J. Michael Waller, Evi Kolkari-Angelakis, Allan dos Santos, Clay Clark, Cory Mills, Chris Farrell, Mike Lindell, Steve Bannon, *The Washington Post*, the Federal Election Committee, and *The Gateway Pundit*.  Herring will produce non-privileged documents that are responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a

reasonable search conducted in good faith.  Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 7:**

Identify all sources of information for every visual, illustration, graphic, picture, or photograph shown, displayed, or published during any of the DEFAMATORY BROADCASTS, and for each identify the author or originator and if included as part of an exhibit to the Complaint, please identify the corresponding exhibit number.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the compound nature of this Interrogatory.  Additionally, Herring objects to this Interrogatory on the basis that it is overly broad, not proportional to the needs of this case, calls for a narrative, and seeks information better suited for other discovery methods, such as deposition testimony.  Herring further objects to this Interrogatory to the extent it seeks information protected by the reporter's privilege.  Herring further objects to this Interrogatory on the basis that its use of the term "DEFAMATORY BROADCASTS" is inaccurate and misleading.  Herring further objects to the extent this Interrogatory is cumulative and duplicative of other Interrogatories.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith.  Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 8:**

Identify and describe all information provided to You regarding SMARTMATIC, and state the date the information was received, the person or entity who provided it, and the manner in which was it received by You.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the compound nature of this Interrogatory.  Additionally Herring objects to this Interrogatory on the basis that it is overly broad, not proportional to the needs of this case, calls for a narrative and seeks information better suited for other discovery methods, such as deposition testimony.  Herring also objects to this Interrogatory to the extent it seeks information protected by the reporter's privilege.  Herring further objects to the extent this Interrogatory is cumulative and duplicative of other Interrogatories.  Subject to and without waiving these objections and its General Objections, Herring incorporates by reference its answer to Interrogatory No. 6 as if fully set forth herein.  Answering further, Herring will produce non-privileged documents responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith.  Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 9:**

Identify and describe all information provided to You regarding DOMINION, and state the date the information was received, the person or entity who provided it, and the manner in which was it received by You.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the compound nature of this Interrogatory.  Additionally, Herring objects to this Interrogatory on the basis that it is overly broad, not proportional to the needs of this case calls for a narrative and seeks information better suited for other discovery methods, such as deposition testimony.  Herring also objects to this Interrogatory to the extent it seeks information protected by the reporter's privilege.  Herring further objects to the extent that

this Interrogatory vaguely seeks information as to DOMINION (as defined in the Interrogatories), because it improperly seeks information not reasonably tailored to a claim or defense in this litigation and is not proportional to the needs of this case.  Herring further objects to the extent the information sought is barred from disclosure by any protective order.  Moreover, Herring objects to the extent this Interrogatory is cumulative and duplicative of other Interrogatories.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith.  Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 10:**

Identify and describe all information provided to You regarding any allegation of fraud or irregularities involving the election technologies or systems used during the 2020 PRESIDENTIAL ELECTION, and state the date the information was received, the Person or entity who provided it, and the manner in which it was received by You.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the compound nature of this Interrogatory.  Additionally, Herring objects to this Interrogatory to the extent it seeks information protected by the reporter's privilege.  Herring also objects to this Interrogatory on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined (particularly as to "election technologies or systems"), overly broad, not proportional to the needs of this case, calls for a narrative and seeks information better suited for other discovery methods, such as deposition testimony.  Herring also objects to the extent this Interrogatory is cumulative and duplicative of other Interrogatories.  Subject to and without waiving these objections and its General Objections,

Herring will produce non-privileged documents responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith.  Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 11:**

Describe each act by OANN to assess, analyze, examine, investigate, explore, probe, confirm, or evaluate, directly or indirectly, the truth, falsity, accuracy, or inaccuracy of any aspect of the DEFAMATORY STATEMENTS prior to or after publication of each and, for each act, state when it took place.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the compound nature of this Interrogatory, as it calls for a narrative and seeks information better suited for other discovery methods, such as deposition testimony.  Additionally, Herring objects to this Interrogatory to the extent it seeks information protected by the reporter's privilege.  Herring further objects this Request to the it seeks the disclosure of documents prepared in anticipation of litigation, protected by the attorney-client privilege or the attorney work-product doctrine, or subject to any other applicable privileges, doctrines, or immunities from disclosure.  Herring also objects to the extent this Interrogatory is cumulative and duplicative of other Interrogatories. Herring further objects to this Interrogatory on the basis that its use of the term "DEFAMATORY STATEMENTS" is inaccurate and misleading.  Herring further objects to this Interrogatory because it is overbroad, unduly burdensome, and calculated to harass Herring. Subject to and without waiving these objections and its General Objections, Herring complied with relevant journalistic standards in evaluating the Allegedly Defamatory Statements.  Answering further, Herring will produce non-privileged documents responsive to this Interrogatory and within Herring's possession, custody or control, to

the extent such documents exist and can be found through a reasonable search conducted in good faith.  Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

## INTERROGATORY NO. 12:

Identify all Persons who communicated with and/or were interviewed by the OANN ON-AIR PERSONALITIES, or any other Person employed by OANN or acting on OANN's behalf in connection with researching, preparing, or fact-checking statements regarding SMARTMATIC or DOMINION regardless of whether such persons were expressly identified on a OANN ACCUSED PROGRAM, and describe those Communications.

## ANSWER:

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the compound nature of this Interrogatory.  Additionally, Herring objects to this Interrogatory to the extent it seeks information protected by the reporter's privilege.  Herring also objects to the extent this Interrogatory is cumulative and duplicative of other Interrogatories.  Herring further objects to the term "OANN ACCUSED PROGRAMS" as vague,  overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.  Herring further objects to the extent that this Interrogatory vaguely seeks information as to DOMINION (as defined in the Interrogatories), because it improperly seeks information not reasonably tailored to a claim or defense in this litigation and is not proportional to the needs of this case.  Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that Plaintiffs' collective reference to "Smartmatic" to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.  Subject to and without waiving these objections and its General Objections, Herring incorporates by reference its answers to Interrogatory Nos. 1 through 5 as if

fully set forth herein.  Answering further, Herring will produce non-privileged documents responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith. Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 13:**

Identify every instance where You contacted or attempted to contact SMARTMATIC between November 6, 2020 and the filing of the COMPLAINT, and for each instance state the date, the Person who initiated the contact, the manner in which it was initiated, and the results of such contact.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the compound nature of this Interrogatory.  Additionally, Herring objects to this Interrogatory on the basis that it is vague, ambiguous, confusing, overly broad and misleading to the extent it fails to distinguish between the Smartmatic entities who are plaintiffs in this case. Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that Plaintiffs' collective reference to "Smartmatic" to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.  Answering further, Herring will produce non-privileged documents responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith.  Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 14:**

State whether You were ever notified by anyone that false, misleading, defamatory and/or disparaging statements were made in any of the DEFAMATORY BROADCASTS, and if so, state the date of each notification, the sender, who received it, and the exact content of the notification.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections. Herring further objects to the compound nature of this Interrogatory. Herring also objects to this Interrogatory on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined (particularly as to "false, misleading, defamatory and/or disparaging statements"), overly broad (particularly as to the implication that Herring must identify supposed notifications from "anyone"), not proportional to the needs of this case, calls for a narrative and seeks information better suited for other discovery methods, such as deposition testimony. Herring further objects to this Interrogatory on the basis that its use of the term "DEFAMATORY BROADCASTS" is inaccurate and misleading. Herring further objects that this Interrogatory proceeds on the false premise that false, misleading, defamatory and/or disparaging statements were made — Herring expressly denies that. Subject to and without waiving these objections and its General Objections, Herring identifies and incorporates by reference Smartmatic's Complaint Exhibits 46 through 48 as if fully set forth herein. Those documents allege (incorrectly) that Herring made false, misleading, defamatory and/or disparaging statements. Answering further, Herring will produce non-privileged documents responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith. Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 15:**

Identify all OANN EMPLOYEES who communicated any objection or dissent, verbally or in writing, to any aspect of the DEFAMATORY STATEMENTS, and for each identify their job title, their relationship to OANN, and describe the nature of that communication.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the compound nature of this Interrogatory.  Herring also objects to this Interrogatory on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation and insufficiently defined (particularly as to "objection or dissent").  Herring further objects to this Interrogatory on the basis that its use of the term "DEFAMATORY BROADCASTS" is inaccurate and misleading.  Subject to and without waiving these objections and its General Objections, Herring will produce non-privileged documents responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good-faith.  Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 16:**

Identify every statement about SMARTMATIC that You published, and state the date of the statement, the speaker, and where it was published, including all republications.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections.  Herring further objects to the compound nature of this Interrogatory.  Herring further objects that this Interrogatory is unlimited in time and scope.  Herring also objects to this Interrogatory on the basis that it is overly broad and not proportional to the need of this case to the extent it seeks to identify every statement made about a Smartmatic entity, regardless of whether any Smartmatic entity has alleged such statement constitutes alleged defamation.  Herring further

objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that Plaintiffs'

collective reference to "Smartmatic" to the extent that a generalized reference to "Smartmatic"

implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO

Corporation Limited are one and the same.  Herring further objects to this Interrogatory because it

seeks information that is publicly available and/or already in Plaintiffs' possession.  Subject to and

without waiving these objections and its General Objections, Herring incorporates by reference its

specific objections and answers to Interrogatory No. 17 below as if fully set forth herein.

## INTERROGATORY NO. 17:

Identify every instance where a OANN ON-AIR PERSONALITY referenced
SMARTMATIC, whether in writing or in a broadcast, and whether internally at OANN or to third
parties, and state the date of the statement, the speaker, their title, and the exact content of the
statement.

## ANSWER:

Herring incorporates by reference and specifically asserts its applicable General

Objections.  Herring further objects to the compound nature of this Interrogatory.  Herring further

objects that this Interrogatory is unlimited in time and scope.  Additionally, Herring objects to this

Interrogatory on the basis that it is vague, ambiguous, confusing, misleading, incapable of

interpretation, overly broad, not proportional to the needs of this case to the extent it seeks to

identify every statement made by Herring and/or its employees about a Smartmatic entity,

regardless of whether any Smartmatic entity has alleged such statement constitutes alleged

defamation.  Herring further objects to this Interrogatory because it calls for a narrative and seeks

information better suited for other discovery methods, such as deposition testimony.  Herring

further objects to the extent this Interrogatory is cumulative and duplicative of other

Interrogatories.  Herring also objects to this Interrogatory on the basis that it is overly broad and

not proportional to the need of this case to the extent it seeks to identify every statement made

about a Smartmatic entity, regardless of whether any Smartmatic entity has alleged such statement

constitutes alleged defamation.    Herring further objects to Plaintiffs' definition of

"SMARTMATIC" as overbroad to the extent that a generalized reference to "Smartmatic" implies

that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation

Limited are one and the same.    Herring further objects that this Interrogatory seeks information

that is public and/or already in Plaintiffs' possession.    Subject to and without waiving these

objections and its General Objections, Herring incorporates by reference its responses to the

allegations in Smartmatic's Complaint, as well as Herrings' allegations in support of its defenses

(ECF No. 36).    Herring further responds that it will produce non-privileged documents responsive

to this Interrogatory and within Herring's possession, custody or control, to the extent such

documents exist and can be found through a reasonable search conducted in good faith.    Herring's

investigation continues, and Herring reserves its right to supplement this answer during the course

of its investigation.

**INTERROGATORY NO. 18:**

If You contend that any of the DEFAMATORY STATEMENTS are true, substantially true, accurate, not misleading, and/or not defamatory, describe all facts and identify all documents that You claim support or establish that such statements are true, substantially true, accurate, not misleading, and/or not defamatory.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General

Objections.    Herring further objects to the compound nature of this Interrogatory.    Herring also

objects to this Interrogatory on the basis that its use of the term "DEFAMATORY

BROADCASTS" is inaccurate and misleading.    Herring further objects that this Interrogatory, to

the extent it asks Herring to determine the truth, substantial truth, and defamatory nature of

statements, requires a legal conclusion.    Subject to and without waiving these objections and its

General Objections, Herring incorporates by reference its responses to the allegations in Smartmatic's Complaint, as well as Herrings' allegations in support of its defenses (ECF No. __). Herring further responds that it will produce non-privileged documents responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith.   Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 19:**

Identify and quantify (1) the number of viewers for each of the DEFAMATORY BROADCASTS and all republications of the broadcasts on air, on digital sites, and on Sirius XM radio, and (2) the amount in ad revenue earned for each DEFAMATORY BROADCAST and all republications of the broadcasts on air, on digital sites, and on Sirius XM radio.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections.   Herring further objects to the compound nature of this Interrogatory.  Additionally, Herring objects to this Interrogatory on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined, overly broad and not proportional to the needs of this case, calls for a narrative and seeks information better suited for other discovery methods, such as deposition testimony.  Herring also objects to this Interrogatory on the basis that its use of the term "DEFAMATORY BROADCAST[S]" is inaccurate and misleading.  Herring further objects that the information sought are irrelevant to this case.  Herring further objects to the extent this Interrogatory seeks confidential proprietary business information.   Herring further objects to this Interrogatory because it seeks information not in Herring's possession, custody, or control.  Subject to and without waiving these objections and its General Objections,  Herring will produce non-privileged documents responsive to this Interrogatory and within Herring's

possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith.  Herring's investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 20:**

Identify and quantify (1) the number of page views ("hits" or "clicks") and page view durations for any online article published on a OANN DIGITAL platform which relates to SMARTMATIC or contains a video related to SMARTMATIC, and (2) the amount in advertising revenue earned for each of these online publications or period of time in which the views would be accounted for in the generation of advertising revenue.

**ANSWER:**

Herring incorporates by reference and specifically asserts its applicable General Objections.   Herring further objects to the compound nature of this Interrogatory.  Additionally, Herring objects to this Interrogatory on the basis that it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined, overly broad and not proportional to the needs of this case, calls for a narrative and seeks information better suited for other discovery methods, such as deposition testimony.   Herring further objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that Plaintiffs' collective reference to "Smartmatic" to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same.  Herring further objects that the information sought are irrelevant to this case.  Herring further objects to the extent this Interrogatory seeks confidential proprietary business information.   Herring further objects to this Interrogatory because it seeks information not in Herring's possession, custody, or control.    Subject to and without waiving these objections and its General Objections,   Herring will produce non-privileged documents that are responsive to this Interrogatory and within Herring's possession, custody or control, to the extent such documents exist and can be found through a reasonable search conducted in good faith.   Herring's

investigation continues, and Herring reserves its right to supplement this answer during the course of its investigation.

**INTERROGATORY NO. 21:**

Identify all Persons who provided information to answer these interrogatories.

**ANSWER:**

Herring objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege, doctrine, or immunity from disclosure. Subject to and without waiving that objection and the General Objections, Herring identifies Charles Herring.

**INTERROGATORY NO. 22:**

Identify all Persons who You expect will testify at trial to present evidence in this ACTION.

**ANSWER:**

Herring objects that this request is premature. Herring further objects that this Interrogatory seeks information protected by attorney-client privilege and the work-product doctrine. Subject to and without waiving these objections and its General Objections, Herring responds that it will disclose this information consistently with the relevant rules and requirements. Herring reserves the right to supplement and/or amend this answer to include additional witnesses up to and including the time of trial.

Dated:  December 16, 2022           By: /s/ Blaine C. Kimrey

                                         Blaine C. Kimrey, Bar No. IL0091
bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094
jpark@vedderprice.com
Bryan Clark, Bar No. IL0090
bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Avenue, Suite 500
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322

*Counsel for Herring Networks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of December 2022, I served the foregoing document

on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com


*/s/ Blaine Kimrey*
Blaine Kimrey