# Exhibit Q



Michael E. Bloom
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.212.4946
Fax:  312.767.9192
mbloom@beneschlaw.com

February 20, 2023

Brian W. Ledebuhr
Vedder Price
222 North LaSalle Street, Suite 2300
Chicago, IL 60601

Re:    ***Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America
        News Network,***  **Case No. 1:21-cv-02900-CJN (D.D.C.)**

Dear Mr. Ledebuhr:

We are in receipt of Herring Networks, Inc.'s ("OANN") letter dated February 17, 2023 and are in the process of reviewing it and preparing a response.  In the interest of avoiding further delay concerning OANN's document production, though, we wanted to immediately address OANN's refusal to consider Smartmatic's search terms, which Smartmatic provided on February 10, 2023 pursuant to the parties' agreement.

In your letter, you stated that OANN will not consider Smartmatic's proposed ESI search terms until "the parties finalize the list of custodians and Herring can assess whether there are any burden/proportionality concerns as to the terms."  As Smartmatic has explained multiple times, it cannot reasonably propose a list of custodians because OANN refuses to identify individuals who may possess relevant information.  Indeed, in its Rule 26 disclosures, OANN identified more individuals affiliated with Smartmatic (14) than with OANN (5).  And OANN refuses to provide substantive responses to Smartmatic's interrogatories that ask it to identify relevant individuals, including producers and other individuals with decision-making authority concerning the defamatory broadcasts at issue in Smartmatic's Complaint.

OANN's positions create a Catch 22: OANN will only produce ESI after Smartmatic proposes custodians, but it will not provide Smartmatic the information that Smartmatic needs to identify custodians.  This is not an acceptable path forward and it threatens to substantially delay fact discovery.  In its first production, OANN produced 56 documents, all of which were articles or documents about Smartmatic and voting machine companies that OANN apparently downloaded from the internet.  Smartmatic is concerned that OANN's ensuing productions will be more of the same due to OANN's positions stated in your letter.

In the interest of moving discovery forward, Smartmatic requests that OANN take the following actions.  ***First***, Smartmatic requests that OANN run Smartmatic's search terms for the following custodians and begin producing relevant documents in its next production: Elma Aksalic; Dan Ball; Christina Bobb; Mike Dinow; Emily Finn; Martin Goligan; Stephanie Hamill; Natalie Harp; Charles Herring; Robert Herring, Sr.; Robert Herring, Jr.; John Hines; Patrick

February 20, 2023
Page 2

Hussion; Samantha Lomibao; Kara McKinney; Alex Salvi; Pearson Sharp.  Smartmatic reserves the right to propose additional custodians when it receives more information that allows it to identify relevant custodians.

  **_Second_**, Smartmatic requests that, by close of business on February 24, 2023, OANN supplement its answers to Smartmatic Interrogatory Nos. 1, 2, 3, and 5, with the names of all responsive individuals.  These interrogatories all seek the identifies of individuals who were involved in the defamatory publications and statements at issue in this lawsuit.  This information is readily available to OANN and it is the only way that Smartmatic can reasonably identify all relevant ESI custodians.  Smartmatic is not required to wait to identify custodians until OANN produces documents in response to these interrogatories—particularly where, as here, OANN's first production did not contain any useful information concerning potentially relevant custodians and OANN refuses to even consider Smartmatic's search terms until the parties finalize their custodian lists.

  Please advise by Wednesday, February 22, 2023, whether OANN intends to comply with Smartmatic's requests.  If OANN will not comply, then Smartmatic will immediately seek the Court's assistance to ensure that document production occurs in a timely manner.

      Very truly yours,

      BENESCH, FRIEDLANDER,
       COPLAN & ARONOFF LLP

      /s/ Michael E. Bloom

      Michael E. Bloom