# Exhibit W



Olivia E. Sullivan
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.624.6415
Fax:  312.767.9192
osullivan@beneschlaw.com

November 30, 2023

Carl C. Butzer
Jackson Walker LLP
1401 McKinney Suite 1900
Houston, TX 77010

      Re:     *Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network*; Case No. 1:21-cv-02900-CJN

Counsel,

     I write in reply to OANN's letter on November 5, 2023, which was sent in response to Smartmatic's October 18 letter requesting that OANN identify additional custodians.

     OANN's deficient production makes it difficult for Smartmatic to determine who possesses such information. We are surprised by your claim that our production is deficient. We replied to the only two letters you sent us on the topic. I urge you to read our reply letters from September 15 and November 3. For many of the requested custodians, OANN named them as individuals who possess relevant information. Not so. Please re-read numbered paragraph 2 of my letter dated November 5 ("We answered your two broad questions, but many of the identified individuals are not relevant …"). Interrogatories Nos. 1 and 2 are narrowly tailored to the central allegations in Smartmatic's Complaint. No, they are not, as I explained in numbered paragraph 2 of my November 5 letter ("Your Interrogatory No. 1, in its broadest construction, seeks the names of "all Persons who … made *any* decision …"; "Your Interrogatory No. 2, in its broadest construction, seeks the names of all current or former OAN employees "who had *any* role in …making decisions …") Not all individuals who were identified in response to these interrogatories should be designated as custodians as not all will provide unique relevant information not already obtained from the *68 OAN custodians already designated*. *See Garcia Ramirez v. U.S. Immigration & Customs Enf't*, 331 F.R.D. 194, 197 (D.D.C. 2019) (*quoting Enslin v. Coca-Cola Co.*, No. 2:14-cv-06476, 2016 WL 7042206, at *2 (E.D. Pa. June 8, 2016)) (The requesting party bears the burden of "articulat[ing] a basis for the court to find that ESI in the possession of the additional custodians would be different from, and not simply duplicative of, information that the responding party has already produced."); *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107–08 (S.D.N.Y. 2013). Individuals with relevant information responsive to such requests should be identified as custodians, particularly when already produced communications indicate their unique role. Moreover, Smartmatic has articulated such a basis for many of the requested custodians, yet OANN refuses to acknowledge the validity of Smartmatic's request.

The fact that OANN has designated 68 custodians does not have any bearing on whether it would be necessary to add additional custodians. As we have learned, many OANN employees work on various shows and have their hands in multiple areas at OANN, and this naturally increases the number of relevant witnesses. We've also learned that OANN is a revolving door when it comes to employees, which would undoubtedly contribute to the need to have more than 68 custodians.

For the reasons discussed below, Smartmatic reiterates its request that OANN identify all additional custodians as outlined in its October 18 request.[1] Please inform us by December 4, 2023, whether OANN will agree to designate the individuals above as custodians.

**Six Video Editors:** Contrary to OANN's assertions, the documents produced by OANN suggest that all six video editors possess unique documents relevant to OANN's allegations. As a matter of example:

- Cecilia Castro-Duenas served as a video editor on *Real America*. She personally edited content relating to Dominion and voting machines. *See e.g.* OAN_SMMT_00812472.[2] This email reflects the fact that Cecilia Castro-Duenas was a video editor whose job included trimming videos to be inserted into broadcasts, and that she did not have substantive involvement in any complained-of broadcasts.

- Michael Guzman[3] assisted with video requests from Amber Oakley, Kayleigh Venne and other OANN personalities. *See e.g.* OAN_SMMT_0083856. This bates number is incorrect, please provide the correct bates number. He also assisted with a Michael Lindell announcement in September 2021. This is not relevant to Smartmatic's Complaint.

- Brandon Lesky also assisted with video requests from Amber Oakley and Kayleigh Venne on broadcasts that discussed election fraud. *See e.g.* OAN_SMMT_0087698. This bates number is incorrect, please provide the correct bates number. Mr. Lesky is a video editor and was not substantively involved in any relevant broadcasts. Videos discussing "election fraud" are neither necessarily relevant nor responsive to Smartmatic's RFPs.

---

[1] As OANN pointed out in its November 5 letter, OANN previously agreed to add Alex Heredia as a custodian.

[2] Smartmatic continues to object to OANN's demand that Smartmatic identify documents by Bates Number. The parties agreed to the contrary. Please re-read my response to your October 10 letter (*sent on October 12*), to which you have yet to reply – in which I explained: "*By your choice, that is no longer an agreement.* On September 11, you sent us an 8-page letter claiming that OAN's productions "demonstrated a serious failure to produce many categories of documents …," and which went on —RFP-by-RFP—to detail the alleged deficiencies. You demanded that if the documents had been produced (which they were), that we *"identify the documents by Bates number."* (Your 9/11/2023 Letter at p. 7). You also demanded a reply within 2 days (by September 13). Our Team spent the better part of that week putting together our September 15 response (attached as Exhibit "A"), which included, as you demanded, the Bates numbers for all the documents you wrongly claimed were not in OAN's production. We now expect you to do the same." *As we have repeatedly asked, please reply to our October 12 response.* This letter includes Bates Numbers as matter of example, and the examples provided are in no way exhaustive.

[3] Please confirm whether Michael Guzman and Miguel Guzman are the same individual. Yes, he is.

- Travis Burgher administered and received internal files with titles that appear to be directly relevant to Smartmatic's allegations. *See e.g.* OAN_SMMT_00824799. Your description mischaracterizes the document. In this email, designated custodian Justin Brown provided specific instructions to Ivan Burgueno and Travis Burgher regarding how he wanted a graphic to be created ("please make a graphic of the pages… stacked. So, you'll see the first page, and then you'll see pages underneath them sticking out to make it look like they're stacked.").

- Gary Gaur assisted with pulling videos and images for various broadcasts. He handled requests from John Hines, worked with Colin Eustace, and assisted with filing Real Story with Natalie Harp. *See e.g.* OAN_SMMT_00852336. This email merely shows that Mr. Gaur found images of guests on the internet and incorporated them into broadcast packages; it does not suggest that he possesses any relevant, unique communications.

- Ivan Burgueno appears to have personally administered project files relating to voter fraud stories. Other communications reflect that Burgueno received packages for segments, which then converted into links that could be uploaded to social media. *See e.g.* OAN_SMMT_00824779. This is the same document cited for Travis Burgher. It is, again, erroneous to represent it establishes that Mr. Burgueno would have communications relevant to Smartmatic's allegations.

Due in part to the above reasons, each individual named likely possesses unique information relevant to Smartmatic's allegations. Therefore, Smartmatic reiterates its request that OANN add Cecilia Castro-Duenas, Michael Guzman, Brandon Lesky, Travis Burgher, Gary Gauer, and Ivan Burgueno. OAN will not add these 6 individuals as custodians.

**Eleven Other Individuals:** OANN improperly contends that eleven requested custodians did not work on the complained of broadcasts. However, documents produced suggest that each proposed custodian worked on matters directly related to the allegations in Smartmatic's Complaint. We are unaware of any such documents. A brief, non-exhaustive example of the role each individual played includes:

- Rachel Acenas served as an anchor, a reporter, and a writer. She worked on at least one of the shows relevant to Smartmatic's Complaint—*After Hours*. She drafted daily story trackers during the relevant time frame. She was also copied on emails from Alex Salvi about segments of specific broadcasts. Rachel Acenas did not work on any of the complained-of broadcasts.

- Colin Eustace was a Videographer and editor who worked on the D.C. News Report. He was involved with delivering image, video, and graphic design needs. He was included in group texts with other editors and videographers. These interactions directly involve allegations in Smartmatic's Complaint. Colin Eustace did not work on any of the complained-of broadcasts.

- Miles Hall is a video editor and photographer who worked assisted with YouTube and other platform video requests from Kayleigh Venne and Kelly Traynor regarding election fraud. These interactions directly involve allegations in Smartmatic's Complaint. Miles Hall did not work on any of the complained-of broadcasts. And again, documents merely referring to "election fraud" are neither necessarily relevant nor responsive to Smartmatic's RFPs.

- Jeremy Hartley was a news writer and producer who assisted Christina Bob with request for live videos. He also assisted with gathering information about the Arizona audit. He possibly covered Lindell programming in June 2021. These interactions directly involve allegations in Smartmatic's Complaint. <span style="color:red">Jeremy Hartley did not work on any of the complained-of broadcasts.</span>

- Christina Howitson was a writer and lead producer who worked with John Hines and Chloe Hauxwell. She provided images containing proof of election fraud. These interactions directly involve allegations in Smartmatic's Complaint. <span style="color:red">Christina Howitson did not work on any of the complained-of broadcasts. Images generally pertaining to "election fraud" are neither necessarily relevant nor responsive to Smartmatic's RFPs.</span>

- Jacob Miller is a producer who covered election fraud stories. For example, he covered Mike Lindell's event on election fraud in Dallas in August 2021. These interactions directly involve allegations in Smartmatic's Complaint. <span style="color:red">Jacob Miller did not work on any of the complained-of broadcasts. Stories generally pertaining to "election fraud" are neither necessarily relevant nor responsive to Smartmatic's RFPs.</span>

- Griffin Morris was a full-time writer at OANN from August 2020 to January 2021. He assisted with election fraud stories, which directly involve allegations in Smartmatic's Complaint. <span style="color:red">Griffin Morris did not work on any of the complained-of broadcasts.</span>

- Zach Peterson is a writer who covered election fraud stories. He assisted with election fraud stories, which directly involve allegations in Smartmatic's Complaint. <span style="color:red">Zach Peterson did not work on any of the complained-of broadcasts.</span>

- Trevor Tilston worked at OANN from August 2020 to February 2021. He conducted independent research on the election. He also updated and wrote scripts for daily newscasts. <span style="color:red">Trevor Tilston did not work on any of the complained-of broadcasts.</span>

- Scott Wheeler served as an investigative reporter. He was actively involved in investigating over machine fraud. <span style="color:red">Scott Wheeler did not work on any of the complained-of broadcasts. OAN is not aware of any documents suggesting that Mr. Wheeler was involved in investigation of machine or election fraud during the relevant time frame.</span>

- Alexander Yphantides worked as a writer at OANN during the relevant time period and helped create election fraud stories. <span style="color:red">Alexander Yphantides did not work on any of the complained-of broadcasts. Again, stories generally pertaining to "election fraud" are neither necessarily relevant nor responsive to Smartmatic's RFPs.</span>

Due in part to the above reasons, each individual named above likely possesses unique information relevant to Smartmatic's allegations. Therefore, Smartmatic reiterates its request that OANN add Rachel Acenas, Colin Eustace, Miles Hall, Jeremy Hartley, Christina Howitson, Jacob Miller, Griffin Morris, Zach Peterson, Trevor Tilston, Scott Wheeler, and Alexander Yphantides as custodians. <span style="color:red">OAN does not agree to add these 11 individuals as custodians.</span>

**Allysia Britton and Frank Lara-Risco**: Regarding Allysia Britton and Frank Lara-Risco, Smartmatic's October 18 Letter provided OANN with far more of an explanation than "they communicated with existing custodians about election fraud."

Regarding Alyssia Britton, she "directly communicated with the Herrings and others regarding news topics that the Herrings wanted covered, including stories on election fraud. Britton was also responsible for conducting a background search on Eric Coomer. These interactions directly involve allegations in Smartmatic's Complaint. Allysia Britton did not work on any of the complained-of broadcasts. Not all election fraud stories are relevant to the allegations in Smartmatic's Complaint—nor are documents responsive to Smartmatic's RFPs simply because they may reference "election fraud." Relevant communications with the Herrings, if any, would have been identified and produced during review of the Herrings' communications.

Regarding Frank Lara-Risco, he "is a writer and producer who responded directly to requests from Christina Bobb and Lindsay Oakley relating to election fraud coverage." These interactions directly involve allegations in Smartmatic's Complaint. Frank Lara-Risco did not work on any of the complained-of broadcasts. Relevant communications with Christina Bobb and Lindsay Oakley, if any, would have been identified and produced during review of their communications. General "election fraud coverage" is not necessarily relevant to Smartmatic's Complaint, nor responsive to Smartmatic's RFPs.

Therefore, Smartmatic reiterates its request that OANN add Alyssia Britton and Frank Lara-Risco as custodians. OAN does not agree to add Ms. Britton or Mr. Lara-Risco as custodians.

**Agcaoili, Buddie, Parent, Marrone, and Mooney:** OANN readily admits that Agcaoili, Buddie, Parent, Marrone, and Mooney all worked on broadcasts mentioned in Smartmatic's Complaint. It does not matter that other individuals on the show are also custodians. By that logic, OANN would only have to identify one employee per show, which certainly would not result in the production of all responsive, relevant documents. We are puzzled by your position, because Smartmatic previously refused to designate custodians on the exact same grounds (*see, e.g.*, Smartmatic's Aug. 15, 2023 letter refusing to designate Brian Courtney and Freddy Gomez: "Mr. Courtney's potential data is covered by Samira Saba and Ernesto Parisca, and Mr. Gomez's potential data is covered by Eduardo Correia, Denver Morales, and James Long."). Each employee holds a unique role and likely possesses unique documents. As explained in OAN's Supplemental Interrogatory Answers, the fact that an employee worked on a broadcast mentioned in Smartmatic's Complaint does not necessarily mean he or she contributed in any way to a complained-of portion of that broadcast. Nor does it mean he or she possesses unique relevant information not already obtained from the *68 OAN custodians already designated*.

Therefore Smartmatic reiterates its request that OANN add Gienel Agcaoli, Victoria Buddie, Alec Parent, Jon Maronne, and Natalie Mooney as custodians. OAN does not agree to add these individuals as custodians.

**Polleck, Colella, Butler, Molo, and Yaffe:** OANN objects to adding Richard Polleck (We assume you are referring to Richard Pollock), Dante Colella, Ravi Butler, Alfred Molo, and Gabriel Yaffee as custodians on the grounds that "no one at OAN had any involvement in the preparation, content, or production of the Lindell programs." Documents produced by OANN suggest the contrary. *See e.g* OAN_SMMT_00957614. The only employee listed here who is included in this email is Ravi Butler. Mr. Butler is a production assistant and was included in the list of employees who may have attended a June 2021 Lindell rally to serve a technical function. His possible attendance at the rally is not relevant to Smartmatic's Complaint.

Smartmatic's October 18 Letter specifically identifies how Polleck, Colella, Butler, Molo, and Yaffee played a role in the Lindell programming.[1] The Lindell programming is repeatedly mentioned in Smartmatic's Complaint. It was repeatedly discussed among OANN employees. It follows that individuals who were involved in, among other things, OANN's decision to air, and advertise Lindell's content, and the creation of a disclaimer to display before Lindell broadcasts, possess unique documents relevant to Smartmatic's Complaint. None of these employees participated materially in the airing of the Lindell programming or in any complained-of broadcasts. OAN will not designate these 5 employees as custodians.

Therefore, Smartmatic reiterates its request that OANN add Richard Polleck, Dante Colella, Ravi Butler, Alfred Molo, and Gabriel Yaffee as a custodian. If you remain unwilling to designate these five individuals, please provide us with the name(s) of a current custodian who will have information relevant to Lindell's broadcasts. We have produced many responsive documents relevant to Lindell's broadcasts.

**Louis Bravo:** OANN admits that Louis Bravo is "OANN's Master Control Supervisor" who "communicates with Bobby Herring and may communicate with a carrier on an emergency basis…" This is a unique role that no other custodian has. Bravo unquestionably has unique, relevant communications. Therefore, Smartmatic reiterates its request that OANN add Louis Bravo as a custodian. The fact that Mr. Bravo has a unique role does not mean he has unique communications relevant to Smartmatic's Complaint. You have not identified any reason Mr. Bravo would have communications pertaining to the complained-of broadcasts. Bobby Herring is a custodian and relevant communications Mr. Bravo had with him, if any, would have been identified and produced during review of Mr. Herring's emails. OAN will not add Mr. Bravo as a custodian.

**Neil McCabe:** Neil McCabe is not just any citizen around the country who discussed election fraud in 2020 and 2021. He was a guest and host on OANN. OANN consistently communicated with him about election fraud content and undoubtedly relied on him as a source. McCabe holds unique, relevant communications. Therefore, Smartmatic reiterates its request that OANN add Neil McCabe as a custodian. Not all election fraud content is relevant to Smartmatic's Complaint, let alone responsive to Smartmatic's RFPs. Nothing suggests Mr. McCabe had unique relevant communications, and OAN will not add him as a custodian.

**Tim Robertson:** Tim Robertson is the only identified as someone who Charles Herring and other OANN employees asked to post content on the OAN website. OANN's decision to repeatedly broadcast and advertise election fraud allegations, particularly those that defame Smartmatic, is central to Smartmatic's claim. As the individual who was repeatedly asked to post such content, Tim holds unique, relevant communications. Therefore, Smartmatic reiterates its request that OANN add Tim Robertson as a custodian. The *decision* to broadcast certain statements related to election fraud and Smartmatic may be relevant, but the physical act of posting content on the OAN website is not. Mr. Robertson's communications with Charles Herring that may have been relevant to that *decision*, if any would have been identified and produced during review of Charles's emails. OAN will not add Mr. Robertson as a custodian.

---

[4] Notably, Smartmatic also points out that these individuals are relevant for reasons beyond the Lindell programing. For example, Dante Colella worked with John Hines to cover stories about election fraud. Richard Polleck served as an investigative reporter, who looked at all election fraud stories. Not all election fraud stories are relevant to Smartmatic's Complaint; nor are they necessarily responsive to Smartmatic's RFPs. Charles Herring instructed Alfred Molo to promote Dominion-izing the Vote and Molo otherwise worked on this programming. Mr. Molo's role in physically publishing promotional material is not relevant to Smartmatic's Complaint.

**"Technical" Employees:** OANN's letter finishes off by writing five individuals off as "technical" employees who have no involvement with the defamatory broadcasts. OANN refuses to designate Jared Buchwitz, Hang Danh, Julie (Kelly) Dell, Trey Miller, and Aaron Cornils as custodians based on this technical defense. It is entirely unclear *why* technical employees are automatically deemed irrelevant. Each employee held a unique position that likely leads them to hold unique information. OANN explained these unique roles in its October 18 letter. They are employees with technical roles engaged in manual tasks, and they had no substantive involvement in the complained-of broadcasts. These employees were not *automatically* deemed irrelevant, but it has been determined that it is unlikely any of these technical employees would have relevant, unique communications based on their roles, given that there already are 68 custodians.

Smartmatic reiterates its request to identify Jared Buchwitz, Hang Danh, Julie (Kelly) Dell, Trey Miller, and Aaron Cornils as custodians. OAN will not add these 5 employees as custodians.

**Brian Maresco:** Produced documents show Brian communicating with OANN employees about Christina Bobb, the veracity of her accusations, and the potential for OANN to be investigated by the government for their election fraud claims. *See e.g.* OAN_SMMT_00973947; OAN_SMMT_00973969; these documents do not reflect communications of any sort, they are pages of a spreadsheet OANN_SMMT_0097394 this bates number is incorrect, please provide the correct bates number. Maresco unquestionably has unique information relevant to Smartmatic's allegations. OANN's position that Maresco was on medical leave is immaterial, particularly when relevant documents exist outside the time of his alleged leave. Mr. Maresco's relevant communications with Ms. Bobb, if any, would have been identified and produced during the review of her email communications. OAN does not agree to add Mr. Maresco as a custodian.

As a final note, your letter appears to take issue with Smartmatic's production. It is unclear what Smartmatic's production has to do with OANN's production and obligation to identify relevant custodians. Like OANN, Smartmatic also continues to identify and produce relevant, responsive documents on an on-going, as-needed basis.

Please inform us by December 4, 2023, whether OANN will agree to designate the individuals above as custodians. If OANN does not agree by this date, Smartmatic will consider the parties at an impasse and likely move to compel.

Sincerely,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

/s/ Olivia E. Sullivan

Olivia E. Sullivan

OES:mkg