# Exhibit X

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*,<br><br>                    Plaintiffs,<br>    v.<br><br>HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK<br><br>                    Defendant. | No. 1:21-cv-02900-CJN<br><br>Judge Carl J. Nichols |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED AT DEFENDANT
HERRING NETWORKS, INC. d/b/a ONE AMERICA NEWS NETWORK**

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through their attorneys, Benesch, Friedlander, Coplan & Aronoff LLP, propounds the following Interrogatories pursuant to Fed. R. Civ. P. 33 and 26 to be answered fully within 30 days of service.

**DEFINITIONS**

Notwithstanding any definitions set forth below, each word or term used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the following interrogatories as follows:

1. "2020 PRESIDENTIAL ELECTION" shall mean the U.S. Presidential Election that occurred on November 3, 2020, and all voting by any means (including in-person or mail-in voting) for that election.

2. "ACTION" shall mean the above-captioned lawsuit presently pending in the United States District Court for the District of Columbia, No. 1:21-cv-02900-CJN.

1

3. "And" and "or" shall mean "and/or" and shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this request any answer which would otherwise not be brought within its scope.

4. "Any" and "all" shall mean "any and all."

5. "Communication(s)" shall mean the recording, conveyance, exchange, or transmittal of information (in the form of facts, ideas, inquiries or otherwise) of any kind by or with any person or entity for any purpose by any written, verbal, or electronic means or method, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, cell phone text messages (SMS messages and MMS messages), voicemail messages, internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal communications and communications with third parties.

6. "COMPLAINT" shall mean the complaint filed by Smartmatic in this ACTION, and any amended complaint filed subsequently in this ACTION.

7. "DEFAMATORY BROADCASTS" shall mean any broadcast and the complete program in which any of the DEFAMATORY STATEMENTS appeared, including without limitation, the broadcasts and rebroadcasts identified in the COMPLAINT.

8. "DEFAMATORY STATEMENT(S)" shall mean all statements the COMPLAINT alleges are defamatory, including without limitation the statements identified in Paragraphs 84–139, 146–149, 154–168, 171, 184, 196, 205, 218, and 227 of the COMPLAINT.

9. "DEFENDANT" shall mean Herring Networks, Inc. d/b/a One America News Network.

10. "Describe" shall mean to describe specifically and in detail.

11. "Documents" shall mean documents in its broadest sense and shall mean and include all written, printed, typed, recorded, or graphic data or matter of every kind and description, both originals and copies, and all attachments and appendices thereto. The terms "Document" and "Documents" shall include, without limitation, all agreements, contracts, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants' reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from which information can be obtained (including but not limited to matter used in data processing), and any other printed, written, handwritten, typewritten, recorded, stenographic, computer-

generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated or made.

12. "DOMINION" shall mean US Dominion, Inc., and its subsidiaries Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

13. "OANN" means and refers to Defendant Herring Networks, Inc. d/b/a One America News Network, and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf, including any regional affiliates or contributors, whether paid or unpaid, and including the OANN Channel, the OANN App, OANN Live, which includes the OANN websites, oann.com, OANN's social media accounts, and OANN's digital subscription services and YouTube channels.

14. "OANN EMPLOYEES" shall mean any person who is currently or was previously employed by, contracted by, a director of, an officer of, or an agent of OANN or who works in any capacity for OANN, regardless of whether that person is paid by or has a contract with OANN or any of its affiliated or related entities.

15. "OANN DIGITAL" shall mean any website or digital media platform OANN operates, owns, or controls, including without limitation, oann.com, OAN Live, the OANN Mobile App, Tubi, YouTube, Rumble account, KlowdTV, Facebook account, Twitter account, or any other online platform on which OANN published, broadcast, distributed, or promoted the DEFAMATORY BROADCASTS.

16. "OANN ACCUSED PROGRAMS" shall mean *After Hours with Alex Salvi*, *News Room*, *America This Week*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick*

*Hussion*, *Real America*, *In Focus with Stephanie Hamill*, *Weekly Briefing with Christina Bobb*, *Absolute Proof*, *Real America with Dan Ball*, *Scientific Proof*, *Absolute Interference*, *Absolutely 9-0*, and *The Real Story with Natalie Harp*.

17. "OANN PROGRAMS" means and refers to any programming on OANN, including but not limited to the OANN ACCUSED PROGRAMS and all OANN programs or broadcasts referenced in the COMPLAINT.

18. "OANN SOCIAL MEDIA" shall mean any social media accounts operated by or on behalf of OANN, Alex Salvi, Elma Aksalic, Eric Bolling, Kara McKinney, Mike Dinow, Patrick Hussion, Dan Ball, John Hines, Stephanie Hamill, Samantha Lomibao, Christina Bobb, Pearson Sharp, Keith Trippie, Chanel Rion, Robert Herring, Charles Herring and/or the OANN ACCUSED PROGRAMS, including without limitation any social media account on Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler.

19. "OANN ON-AIR PERSONALITIES" shall mean and refer to Alex Salvi, Elma Aksalic, Eric Bolling, Kara McKinney, Mike Dinow, Patrick Hussion, Dan Ball, John Hines, Stephanie Hamill, Samantha Lomibao, Christina Bobb, Pearson Sharp, Natalie Harp, Keith Trippie, Emily Finn, Stephanie Myers, Chanel Rion, Shane Althaus, and any other individual that OANN publicly identified as an on-air personality on its website as of November 1, 2020.

20. "Identify," when used with respect to:

   a. An individual, means to state the person's: (i) full name; (ii) last known home address and telephone number; (iii) present business affiliation and position; and (iv) past position and business affiliation with any of the parties herein.

   b. An entity, other than a natural person, means to: (i) state the entity's legal name and the names under which it operates; (ii) state its form (agency, corporation,

5

      partnership, etc.); (iii) identify its principal officers or directors; and (iv) state its address and telephone number.

    c. A document, means to: (i) state the date, author, address, type of document (e.g., "letter"); and (ii) identify its last known custodian and location. In lieu of identifying the document, You may produce the document or documents and identify the bates number of the document(s).

    d. A communication, means to: (i) state the substance of the communication; (ii) identify the persons between or among whom the communication was made; (iii) identify each person present when the communication took place; (iv) state the date, time and place (including exact address) when the communication was made and the manner in which it occurred (e.g., "meeting," "by telephone"); and (v) identify each document in which such communication was recorded, described or memorialized, in whole or in part.

    e. A "fact," or a request for the factual basis for a contention, means to: (i) state the facts supporting or negating the contention; (ii) identify all persons with personal knowledge of the contention; and (iii) identify all documents which support or negate the existence of the contention.

21. "Including" shall mean "including, but not limited to."

22. "Meeting" shall mean any type of meeting, including those held in-person, via telephone, online, or via another medium.

23. "Person(s)" refers to all natural persons and all forms of business organizations, including corporations, partnerships, limited partnerships, unincorporated associations, trusts, governmental bodies, and/or all other identifiable entities.

24. "Regarding" shall mean referring to, discussing, describing, evidencing, concerning, comprising, constituting, referencing, reflecting, supporting, or relating to in any manner.

25. "Relate to" or "relating to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed.

26. "SMARTMATIC" shall mean Smartmatic USA Corp., Smartmatic International Holding B.V., and/or SGO Corporation Limited, and their predecessors in interest, parents, subsidiaries, divisions, and affiliates, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

27. "State" shall mean to state specifically and in detail.

28. "You" or "Your" shall refer to OANN.

## INSTRUCTIONS

1. Unless otherwise specified, the relevant time period for each interrogatory is January 1, 2020 through the present.

2. Each interrogatory listed below seeks all of the information that is within Your knowledge, possession, custody, or control, as well as all of the information that is within the knowledge, possession, custody, or control of Your attorneys, agents, employees, and any other person acting on Your behalf.

3. If You are aware of information responsive to any interrogatory listed below, and that information is in possession of another person or entity, please identify in each applicable interrogatory response (a) the responsive information, including a description of its contents, (b) who is in currently in possession of the information to the best of Your knowledge.

4. If You are unable to fully answer any interrogatory due to a lack of knowledge or information, please answer the interrogatory to the fullest extent possible and state the reason(s) why You are unable to fully answer the interrogatory.

5. If, in answering any of these interrogatories, You are not aware of exact dates, amounts, or other figures or facts, but You have information permitting You to make an approximate or estimated answer, please state such answer and indicate that it is an approximation or estimate because more precise information is not known or available to You.

6. If You produce Documents in lieu of answering any of these interrogatories, identify the bates number(s) on the Document(s). If the Document or Documents You produce are only a part of the information requested, please provide the remaining information in writing in response to the applicable interrogatory. If any Document identified is no longer in Your possession or control, or is no longer in existence, state whether it is: (1) lost or missing; (2) destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; or (4) otherwise disposed. In each instance, explain the circumstances surrounding and the authorization for such disposition, and state the approximate date thereof.

7. If any information responsive to these interrogatories is withheld under a claim of privilege or any other objection, You shall identify with respect to such information: (i) the author or originator; (ii) the addressee(s) or recipient(s); (iii) the nature of the subject matter; (iv) the date the information was received by the recipient; (v) the specific privilege claimed; and (vi) the factual basis for Your assertion of privilege or the reason for withholding.

8. Unless the interrogatory specifically states otherwise, references to the singular include the plural and vice versa; references to one gender include the other gender; references to

the past include the present and vice versa; and disjunctive terms include the conjunctive and vice versa. The term "including" shall be construed without limitation.

9. Each interrogatory shall be construed and answered independently.

10. These interrogatories are continuing in nature. If You later learn that any of Your responses to these interrogatories were incomplete or incorrect, promptly amend or supplement the incomplete/incorrect responses.

## INTERROGATORIES

1. Identify all Persons who drafted, edited, reviewed, developed, investigated, approved, produced, or directed or made any decision regarding the contents of or decision to publish any DEFAMATORY STATEMENT, regardless of whether they are employees of, contracted by, or otherwise affiliated with OANN, and for each identify their job title and state whether they drafted, edited, reviewed, developed, investigated, approved, produced, directed, and/or made any decision regarding such segment, interview, or social media post.

2. Identify all OANN EMPLOYEES who had any role in drafting, editing, reviewing, developing, investigating, producing, approving, contributing to, or directing or making decisions related to content aired on the OANN ACCUSED PROGRAMS regarding SMARTMATIC, DOMINION, and/or the election technologies and systems used during the 2020 PRESIDENTIAL ELECTION.

3. Identify all persons who drafted, edited, reviewed, developed, investigated, approved, produced, directed, or made any decision regarding any segment, interview, statement, post, or article published on any OANN ACCUSED PROGRAM, OANN DIGITAL platform, or OANN SOCIAL MEDIA account regarding SMARTMATIC, DOMINION, and/or the election technologies and systems used during the 2020 PRESIDENTIAL ELECTION, regardless of

9

whether they are employees or otherwise affiliated with OANN, and for each identify their job title and state whether they drafted, edited, reviewed, investigated, directed, approved, or made any decision regarding such segment, interview, statement, article, or social media post.

4. Identify all Persons who drafted, edited, reviewed, developed, investigated, approved, published, or made any decision regarding statements posted to the following social media accounts: @OANN, @aleixsalvinews, @ElmaAksalic, @ericbolling, @Nefertari_25, @mikedinow, @PHussionWYFF, @DanNewsManBall, @STEPHMHAMILL, @samanthaKESQ, @christina_bobb, @PearsonSharp, @NatalieJHarp, and @ktrippie0203, any other social media accounts controlled by OANN or OANN ON-AIR PERSONALITIES, and any OAN SOCIAL MEDIA account regarding SMARTMATIC, DOMINION, and/or the election technologies and systems used during the 2020 PRESIDENTIAL ELECTION, and for each Person, identify the relevant account, the Person's role, and their job title, and their relationship to OANN.

5. Identify all OANN EMPLOYEES or other Persons who had any decision-making authority, approval, and/or control regarding the content within and/or promotion of the OANN ACCUSED PROGRAMS, including any decisions as to which guests or interviewees would appear or regarding the employment or contracts of any personnel or OANN ON-AIR PERSONALITIES, and for each, identify their job title, relationship to OANN, and describe the nature of that authority, approval, or control.

6. Identify all sources of information for the DEFAMATORY STATEMENTS.

7. Identify all sources of information for every visual, illustration, graphic, picture, or photograph shown, displayed, or published during any of the DEFAMATORY BROADCASTS,

and for each identify the author or originator and if included as part of an exhibit to the Complaint, please identify the corresponding exhibit number.

8. Identify and describe all information provided to You regarding SMARTMATIC, and state the date the information was received, the person or entity who provided it, and the manner in which was it received by You.

9. Identify and describe all information provided to You regarding DOMINION, and state the date the information was received, the person or entity who provided it, and the manner in which was it received by You.

10. Identify and describe all information provided to You regarding any allegation of fraud or irregularities involving the election technologies or systems used during the 2020 PRESIDENTIAL ELECTION, and state the date the information was received, the Person or entity who provided it, and the manner in which it was received by You.

11. Describe each act by OANN to assess, analyze, examine, investigate, explore, probe, confirm, or evaluate, directly or indirectly, the truth, falsity, accuracy, or inaccuracy of any aspect of the DEFAMATORY STATEMENTS prior to or after publication of each and, for each act, state when it took place.

12. Identify all Persons who communicated with and/or were interviewed by the OANN ON-AIR PERSONALITIES, or any other Person employed by OANN or acting on OANN's behalf in connection with researching, preparing, or fact-checking statements regarding SMARTMATIC or DOMINION regardless of whether such persons were expressly identified on a OANN ACCUSED PROGRAM, and describe those Communications.

13. Identify every instance where You contacted or attempted to contact SMARTMATIC between November 6, 2020 and the filing of the COMPLAINT, and for each

instance state the date, the Person who initiated the contact, the manner in which it was initiated, and the results of such contact.

14. State whether You were ever notified by anyone that false, misleading, defamatory and/or disparaging statements were made in any of the DEFAMATORY BROADCASTS, and if so, state the date of each notification, the sender, who received it, and the exact content of the notification.

15. Identify all OANN EMPLOYEES who communicated any objection or dissent, verbally or in writing, to any aspect of the DEFAMATORY STATEMENTS, and for each identify their job title, their relationship to OANN, and describe the nature of that communication.

16. Identify every statement about SMARTMATIC that You published, and state the date of the statement, the speaker, and where it was published, including all republications.

17. Identify every instance where a OANN ON-AIR PERSONALITY referenced SMARTMATIC, whether in writing or in a broadcast, and whether internally at OANN or to third parties, and state the date of the statement, the speaker, their title, and the exact content of the statement.

18. If You contend that any of the DEFAMATORY STATEMENTS are true, substantially true, accurate, not misleading, and/or not defamatory, describe all facts and identify all documents that You claim support or establish that such statements are true, substantially true, accurate, not misleading, and/or not defamatory.

19. Identify and quantify (1) the number of viewers for each of the DEFAMATORY BROADCASTS and all republications of the broadcasts on air, on digital sites, and on Sirius XM radio, and (2) the amount in ad revenue earned for each DEFAMATORY BROADCAST and all republications of the broadcasts on air, on digital sites, and on Sirius XM radio.

20. Identify and quantify (1) the number of page views ("hits" or "clicks") and page view durations for any online article published on a OANN DIGITAL platform which relates to SMARTMATIC or contains a video related to SMARTMATIC, and (2) the amount in advertising revenue earned for each of these online publications or period of time in which the views would be accounted for in the generation of advertising revenue.

21. Identify all Persons who provided information to answer these interrogatories.

22. Identify all Persons who You expect will testify at trial to present evidence in this ACTION.

| | |
|---|---|
| Date: October 21, 2022 | Respectfully submitted, |
| | /s/ J. Erik Connolly |
| | J. Erik Connolly (D.C. Bar No. IL0099) |
| | Nicole E. Wrigley (D.C. Bar No. IL0101) |
| | Lee B. Muench (admitted *pro hac vice*) |
| | Julie M. Loftus (admitted *pro hac vice*) |
| | BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP |
| | 71 South Wacker Drive, Suite 1600 |
| | Chicago, IL 60606 |
| | Telephone: 312.212.4949 |
| | econnolly@beneschlaw.com |
| | nwrigley@beneschlaw.com |
| | lmuench@beneschlaw.com |
| | jloftus@beneschlaw.com |
| | *Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 21, 2022, copies of the foregoing **Plaintiffs' First Set of Interrogatories Directed at Defendant Herring Networks, Inc. d/b/a One America News Network** were sent via email to all attorneys of record:

>  */s/ J. Erik Connolly*
>  J. Erik Connolly


**VEDDER PRICE P.C.**

Blaine Kimrey, Bar No. IL0091; bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094; jpark@vedderprice.com
Bryan Clark, Bar No. IL0090; bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093; bledebuhr@vedderprice.com
222 North LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 609 5005

Brian K. McCalmon, Bar No. 461196; bmccalmon@vedderprice.com
1401 New York Avenue, Suite 500
Washington, DC 20005
T: +1 202 312 3320
F: +1 202 312 3322