1              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA
2

3   * * * * * * * * * * * * * *    )
    SMARTMATIC USA CORP., et al.,  )    Civil Action
4                                  )    No. 21-02900
                Plaintiffs,        )
5                                  )
      vs.                          )
6                                  )
    HERRING NETWORKS, INC., d/b/a  )
7   ONE AMERICA NEWS NETWORK,      )    Washington, D.C.
                                   )    December 20, 2023
8                Defendant.        )    12:09 p.m.
                                   )
9   * * * * * * * * * * * * * *    )

10

11          TRANSCRIPT OF DISCOVERY STATUS CONFERENCE
         (TRANSCRIBED FROM THE FTR-GOLD AUDIO RECORDING)
12        BEFORE THE HONORABLE MOXILA A. UPADHYAYA
               UNITED STATES MAGISTRATE JUDGE
13

14

    APPEARANCES:
15

    FOR THE PLAINTIFFS:      CAITLIN COVACS, ESQ.
16                           OLIVIA SULLIVAN, ESQ.
                             BENESCH, FRIEDLANDER, COPLAN &
17                             ARONOFF, LLP
                             71 South Wacker Drive
18                           Suite 1600
                             Chicago, Illinois 60606
19

    FOR THE DEFENDANT:       CHARLES L. BABCOCK, ESQ.
20                           JOHN K. EDWARDS, ESQ.
                             JACKSON WALKER, LLP
21                           1401 McKinney
                             Suite 1900
22                           Houston, Texas 77010

23                           JONATHAN D. NEERMAN, ESQ.
                             JACKSON WALKER, LLP
24                           2323 Ross Avenue
                             Suite 600
25                           Dallas, Texas 75201

```
1    APPEARANCES, CONT'D:

2    FOR THE DEFENDANT:        R. TRENT McCOTTER, ESQ.
                               BOYDEN GRAY, PLLC
3                              801 17th Street, Northwest
                               Suite 350
4                              Washington, D.C. 20006

5    FOR NONPARTIES SOROS      KRISTIN BENDER, ESQ.
     AND OPEN SOCIETY          WILLKIE, FARR & GALLAGHER, LLP
6    INSTITUTE:                1875 K Street, Northwest
                               Washington, D.C. 20006
7
     REPORTED BY:             LISA EDWARDS, RDR, CRR
8                             Official Court Reporter
                              United States District Court for the
9                               District of Columbia
                              333 Constitution Avenue, Northwest
10                            Room 6706
                              Washington, D.C. 20001
11                            (202) 354-3269

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              THE COURT:  You can call the case.
 2              THE COURTROOM DEPUTY:  Good afternoon, your Honor.
 3     This is Civil Case No. 21-2900, Smartmatic USA Corp., et
 4     al., versus Herring Networks, Inc.
 5              This matter is set for a discovery status
 6     conference.
 7              Parties, please introduce yourselves for the
 8     record, starting with Plaintiffs' counsel.
 9              MS. COVACS:  Hello, your Honor.  I'm Caitlin
10     Covacs with Benesch, Friedlander, here for the Smartmatic
11     Plaintiffs.
12              MS. SULLIVAN:  Good morning, your Honor.  I'm
13     Olivia Sullivan, also here for the Plaintiff, Smartmatic.
14              THE COURT:  Okay.  Good morning.
15              Who's going to be addressing the Court?
16              MS. COVACS:  I will, your Honor.
17              THE COURT:  Okay.  Thank you.
18              MR. BABCOCK:  Good afternoon, Charles -- I go by
19     "Chip" -- Babcock, representing the Defendant.  And with me
20     are Mr. Jonathan Neerman, Mr. John Edwards, whatever his
21     name is, and Trent McCotter.
22              And I'll be primarily addressing the Court,
23     although, depending on the breadth of your Honor's
24     questions, the others may have something to say.
25              THE COURT:  Okay.  Good morning, counsel.
```

```
 1                MS. BENDER:  Good morning, your Honor.  Kristen

 2       Bender of, Willkie, Farr & Gallagher.

 3                I'm --

 4                THE COURT:  I'm sorry.  You have to speak up,

 5       ma'am.

 6                MS. BENDER:  Kristen Bender, Willkie, Farr &

 7       Gallagher.  I'm here on behalf of the clients who are

 8       nonparties in this case, Mr. George Soros and Open Society

 9       Institute.

10                THE COURT:  Okay.  Are you going to request to

11       address the Court today?

12                MS. BENDER:  Very briefly, your Honor, just with

13       respect to Docket 146, which is a motion for extension of

14       time that is unopposed.

15                THE COURT:  Okay.  Thank you, ma'am.

16                MS. BENDER:  Thank you.

17                THE COURT:  I'll call upon you when the time is

18       right.

19                Okay.  We're here for a discovery status

20       conference.  There have been -- there's been a lot of

21       activity, and so I wanted to -- now that the

22       motion-for-recusal issue is out of the way -- and my

23       understanding is that One America News Network is not

24       appealing that order.  Is that correct?

25                MR. BABCOCK:  Yes, your Honor.  That's correct.
```

1          THE COURT:  Okay.  So I wanted to proceed apace

2     with getting a lot of these discovery disputes dealt with

3     ASAP.

4          So I've asked for the parties to outline what the

5     various disputes are and what the -- what motions have been

6     filed.  But it's a bit of a strange posture because neither

7     Judge Nichols nor I have granted the parties leave to file

8     any of these motions.  And the process that Judge Nichols

9     employs is similar to, largely similar to, the process that

10    I employ in dealing with discovery disputes.

11         In order to try to get to discovery issues in an

12    efficient and inexpensive manner, as I believe Rule 1 of the

13    federal rules requires, I do what Judge Nichols does, which

14    is you call the Court if you have a discovery dispute.  It

15    should be in the unusual case when that happens, because I

16    expect the parties to meet and confer extensively and make

17    every effort to resolve or narrow the disputes.

18         Then I take the dispute from there and I issue --

19    and I usually hold a discovery conference, at which point I

20    try to resolve the matter informally and give you my

21    tentative rulings.  And 99.9 percent of the time, the

22    discovery issues get resolved that way.

23         However, now we have a number of motions to

24    compel; and I understand -- well, I don't understand or

25    agree that they should have been filed.  But I am aware, of

1    course, of the posture of what was happening in the case.

2    The motion for recusal was before me.  I think it appears to

3    be -- there appears to be some discussion that the parties

4    did not know whether any discovery disputes were to be

5    handled by Judge Nichols or by me in the interim.  But

6    Defendants took the position that, given that the motion for

7    recusal was pending before me, I could not rule on any of

8    those motions.  And so you all filed many, many, many

9    motions.

10            We're going to get all these disputes resolved.

11   I'm not going to allow any more briefing on any issues until

12   I get a handle on what the disputes are, what is the order

13   in which -- and that's really the biggest issue I wanted to

14   deal with today, which is:  What are the motions that are

15   holding up other things -- you know, holding up discovery?

16   Say, for example, you know, if there's a motion for a

17   protective order and a party is saying, We really need this

18   protective order to be entered in order to, you know,

19   complete document discovery, I'm going to handle the

20   protective order motion first.

21            And so what I really would like to do today is to

22   get an idea of the order in which -- to the extent you all

23   can agree, the order in which these issues need to be taken

24   up.

25            And then we're also going to talk a little bit

1    about the posture of the case going forward, specifically

2    the appeals of the two temporary orders that I issued

3    regarding the emergency depositions, the appeal to Judge

4    Nichols and whether that's still an appeal that Defendants

5    are planning to pursue and what remedy there could be from

6    there.  I'm not sure.  But I'd like to get an idea of that

7    so I can know whether that's something that's still --

8    that's a dispute before me or whether Judge Nichols needs to

9    rule before I can rule.

10              And I'd also like to get the parties' views on

11   what, if any, additional time is needed to complete

12   discovery in this case.  Okay?

13              So that's generally what we're going to discuss.

14   And then I'm also going to talk about the process going

15   forward for any further disputes to be brought before the

16   Court and to resolve them.  Okay?

17              My process is, as I said, I'm guided -- I do my

18   very best to be guided by Rule 1 of the federal rules to try

19   to get you all just, speedy and inexpensive determination of

20   your disputes.  But I expect that counsel then are also

21   fully engaging in the same sort of diligence and process

22   before raising disputes before me.

23              All right.  Now, with that said, I see and have

24   the list of all of the disputes that you all have, including

25   some of the motions.  I'd like to get a sense -- I'll let

1    Plaintiffs go first.

2              Well, first, let me ask you, Mr. Babcock, is --

3    I'm just going to say "News Network."  Is that shorthand --

4              MR. BABCOCK:  OAN is what we call it.

5              THE COURT:  OAN.  Okay.  Is OAN still pursuing the

6    two appeals of my orders temporarily staying the

7    depositions?

8              MR. BABCOCK:  I could be wrong about this, Judge,

9    but the first order we did not appeal.  We viewed it as

10   just -- as the order said, a temporary stay of the

11   deposition -- specific depositions.

12             We did appeal the second one.  And it was

13   primarily, of course, on -- the issue of the recusal was

14   still pending at that time.  That's gone away, of course.

15   So we wouldn't -- we would not assert that any further as a

16   basis for the appeal.

17             We did think that the temporary stay was -- was

18   improper.  However, events have now sort of outrun that.  So

19   assuming that we are permitted to take depositions, I would

20   think that that appeal would be moot; and I'd be happy to so

21   advise Judge Nichols, if appropriate.

22             THE COURT:  I think that that would be -- if that

23   is OAN's position -- because I don't see what remedy he

24   could grant, given that OAN's not appealing my ruling on

25   recusal.

1          MR. BABCOCK:  Right.

2          THE COURT:  I think it is a moot issue,

3     respectfully.  But if -- I do think that Judge Nichols needs

4     to know that.  And of course I could advise him of that

5     informally.

6          But if OAN is going to withdraw those appeals, I

7     would ask that you do it immediately, because then we can

8     have all of the discovery disputes before me and then we'll

9     talk about, you know, whether depositions are going to --

10     the extension of discovery and how that's going to be

11     handled.

12          So I would ask, then, that if you could file, you

13     know, just a one-page notice or something with Judge Nichols

14     advising of that.  Then it will be very clear to him and to

15     me that that issue of the emergency motion, Plaintiffs'

16     emergency to motion to stay those depositions, is back to

17     me.

18          MR. BABCOCK:  Yeah.  We will be happy to do that,

19     Judge.

20          THE COURT:  Thank you.  I appreciate that.

21          Okay.  With respect to the extension of discovery,

22     I understand that Plaintiffs have filed a motion before

23     Judge Nichols.  Is that correct, Ms. Covacs?

24          MS. COVACS:  That's right, your Honor.  We filed

25     that, I believe, in September.  Right?  And so

 1   unfortunately, [indiscernible] further, you know.  But that

 2   is [indiscernible] in front of Judge Nichols.  We

 3   [indiscernible] guidance from you on whether it might be

 4   appropriate to file a supplemental motion in front of your

 5   Honor or in front of him and whether you think it's

 6   appropriate to [indiscernible] schedule it.

 7           THE COURT:  Okay.  Mr. Babcock, did OAN consent to

 8   the motion to extend discovery?

 9           MR. BABCOCK:  We did not.

10           THE COURT:  Okay.

11           MR. BABCOCK:  And we noted that this effort to

12   extend discovery was filed in violation of the standing

13   order.

14           But if we're past that issue --

15           THE COURT:  Everyone has violated the standing

16   order.

17           MR. BABCOCK:  Actually, we have not, your Honor.

18           THE COURT:  Okay.  Well --

19           MR. BABCOCK:  We only in advance of this hearing

20   filed notice that we had --

21           THE COURT:  That's right.  Yes.  I did read that.

22           MR. BABCOCK:  -- [indiscernible] Judge Nichols.

23   But we have not violated the standing order in any way,

24   shape or form.

25           THE COURT:  Okay.  Well, let's set that aside and

1    move on.

2              MR. BABCOCK:  We'll set that aside.

3              THE COURT:  We've got bigger fish to fry.

4              MR. BABCOCK:  We do.

5              But putting that aside, we did not consent and we

6    do not consent, because there was no effort to make -- to

7    take any depositions, any discovery on us.  And, you know,

8    the scheduling order was October of 2022.  And here we are

9    in December of 2023.  Putting aside the September filing,

10   they made no effort to do any deposition discovery on us.

11   And their argument was, We hadn't produced -- we had not

12   produced documents.

13             We're absolutely prepared to respond to that.

14   There's only one category that we have steadfastly refused

15   to produce.  But the May 5th, you know, joint notice of

16   discovery disputes, as for us, they're all resolved except

17   for the financial documents.

18             And we have tried as the case has moved on to do

19   what you do when problems are pointed out.  We try to remedy

20   them.  And we have been overly aggressive, in my judgment,

21   in trying to respond to the Plaintiffs' complaints to the

22   point of giving them pages of references to our

23   Bates-numbered documents that are responsive when they say

24   that we haven't produced things.

25             So in our view, they have forfeited the right to

1    take deposition discovery because they had over a year to do

2    it and December 8th was the date.

3         THE COURT:  Okay.  Well, Judge Nichols is going to

4    have to decide whether to amend his scheduling order to

5    extend discovery.  And I don't know what his thinking on

6    that at the moment is.  But I'm going to assume that most

7    likely you all will be engaging in some additional

8    discovery.

9         To the extent that some of the discovery was held

10   up because Defendants filed a motion for recusal, which you

11   were within your right to do, as I wrote in my opinion, you

12   know, and the fact that this issue had been referred to

13   me -- this case had been referred to me for discovery, but I

14   could not rule on any of those discovery disputes until I

15   issued my ruling on recusal.  In fairness, it could be that

16   he may consider that issue in deciding whether to allow

17   additional discovery or additional -- or an extension of the

18   discovery deadlines.

19        MR. BABCOCK:  Sure.

20        THE COURT:  But I would say that what needs to

21   happen in very short order in addition to the filing of the

22   withdrawal of the appeal if OAN so wishes to Judge Nichols

23   is also to -- if there's a supplemental motion to extend

24   discovery or -- you know, with new dates, that needs to be

25   brought before him ASAP.  And of course you have to confer

1    with OAN under rule -- Local Rule 7-M.  And to the extent

2    that you all can come to an agreement as to how much time it

3    would take to get this discovery done, great.  Otherwise,

4    Judge Nichols needs to rule on that.

5         I do think that knowing his ruling on that is

6    going to be relevant to how we proceed here, highly relevant

7    to how we proceed here, so we know the timing and what's

8    left, you know, and whether certain discovery can be taken.

9         Yes.

10        MR. BABCOCK:  Your Honor, I agree, your Honor,

11   completely; and I would hope that to the extent -- it could

12   be a joint motion.  But if we're unable to reach

13   agreement -- and I suspect maybe we will be -- would the

14   Court's preference be that we each file a motion regarding

15   extension and then reply to each other?  Or how is the best

16   way to do that?

17        THE COURT:  Well, it's Judge Nichols's decision to

18   make about the schedule.

19        I would just -- here's what I would do to make

20   this as easy as possible on him:  If there's a motion --

21   first of all, please try to agree if you can.  And we're

22   going to talk about the new method for meeting and

23   conferring going forward in this case and that I'm going to

24   order.

25        But with respect to the motion before Judge

1    Nichols, if you have a position, Smartmatic, put forth the

2    position in your filing.

3            And then if you have objections to it, OAN, just

4    put it in the same filing, as opposed to filing dueling

5    motions or a motion and an opposition.  This is a simple

6    dispute over whether the discovery deadline should be

7    extended.

8            So I don't think that if you have a objections to

9    it, if the Defendants have objections to extending the

10   deadline or even the dates, if you can't come to agreement

11   on the dates, you don't necessarily need to have three

12   rounds of briefing on that.  You can just submit one -- you

13   don't have to call it a joint motion.  You can call it a --

14   I'm sure he'd be happy to hear -- you know, have it called

15   whatever.

16           But it would be a motion to extend discovery.  But

17   then Defendants can state whether they join or they don't

18   join, and then put your position in the same document.

19           MR. BABCOCK:  Yes, your Honor.

20           I think my understanding of where we are -- I

21   think both sides will want additional time for discovery.

22           But we may disagree on the amount of time and the

23   extent of it, because our position is we tried very hard to

24   complete our discovery by the deadline that Judge Nichols

25   said.  And our position is with respect -- they did not.

1          So we may try to impose -- or we may try to
2    suggest conditions on their right to additional discovery
3    that would not apply to us when we've tried to comply.
4          THE COURT:  Okay.  Well, he'll take that up.  And
5    another factor in all of this is that I need to be able to
6    get through a lot of these disputes and give you all rulings
7    so that you can move forward.
8          And so, you know, a very limited amount of time,
9    he may -- you know, if he extends discovery for a certain
10   period of time, the Court, you know, still needs to be able
11   to have enough time to get through all of your disputes and
12   get back to you all and give you my rulings so that you can
13   move forward.
14         And so, you know, I'm sure he'll likely have that
15   in mind.  I don't know.  But if I were him, I would have
16   that in mind.  I hope he has that in mind.
17         MR. BABCOCK:  [Indiscernible] in mind.
18         THE COURT:  So let's -- so if you all can get
19   that.  I can represent to him that you all will be filing
20   something about some filing.  I'm not going to say what the
21   parties' positions are, because I don't know what they are
22   necessarily.  But you all will be addressing the discovery
23   deadline in a filing, a single filing, so that he has
24   everyone's views and he can rule.
25         Just -- that way, again, I try to come back to

1   doing things efficiently and quickly.  That way, you don't

2   have to have a motion, an opposition and a reply.  Okay?

3   All right.

4           MR. BABCOCK:  Judge, could I -- would you have a

5   suggestion for a deadline when we get that done by?  That's

6   somewhat helpful to my colleagues.

7           THE COURT:  Well, again, I'm not sure with respect

8   to the referral to me that I can impose a deadline on you

9   all to get that motion before him, but -- and when he might

10  be able to rule, because I don't know what his current

11  schedule is.  But I would say it would be quite helpful to

12  this Court if you all can get that filed within a week.

13          MR. BABCOCK:  That's why I called it a suggestion,

14  your Honor.

15          THE COURT:  Yes.  It would be -- I mean, then at

16  least it's cued up so that whenever Judge Nichols has his

17  first opportunity, he can get to it.

18          But I'm not going to let that stop us all moving

19  forward and starting to methodically take up some of these

20  disputes so that these rulings are ready if and when he does

21  allow that discovery to move forward.  Okay?  All right.

22          So those two things you all have on your to-do

23  list, one for OAN and then one for the both of you to get

24  those things filed before Judge Nichols.

25          My to-do list is longer, for what it's worth, but

1     that's all right.

2            Okay.  With respect to moving forward, I'm going

3     to make this very clear on how any disputes will be raised

4     moving forward, given that Judge Nichols has referred this

5     entire case to me for discovery.  Again -- and I will issue

6     something in writing.  But again, if you have any discovery

7     disputes after this point moving forward, no motion to

8     compel can be filed without leave of the Court.

9            And the way that you raise a discovery dispute

10     before me is to -- again, after you've met all the

11     obligations that you're required to meet under the federal

12     rules to meet and confer and under the local rules to meet

13     and confer -- and I'll get to that in a minute -- call

14     chambers jointly and say, We have a discovery dispute that

15     we'd like to raise with Judge Upadhyaya.  And send to

16     chambers -- I'll give you the chambers email address -- a

17     brief, concise description of the dispute.

18            I had parties yesterday who thought that a

19     27-page, single-spaced letter met that definition.  It does

20     not.

21            So a brief -- you know, here's a good example:  If

22     the dispute is over whether one party must produce documents

23     subject to a particular request, put the text of the request

24     in the email.  "This is the other side's objections.  We'd

25     like to have a discovery conference to discuss this.  And

 1     these are our respective positions, very briefly."

 2              I then will make myself available, you know, as

 3     soon as practicable to you all.  And then generally what I

 4     will do is to hear the dispute and give you my ruling

 5     without the need to file a formal motion.

 6              And then if a party insists on -- you know, would

 7     like to file a motion, I will consider whether to grant

 8     leave.  But at that point, if the same arguments get made in

 9     the motion, you all should know sanctions is something I

10     would consider and I have ordered before when the same

11     arguments have been raised without -- that I've already

12     ruled on.  Okay?  All right.  So that's my procedure moving

13     forward.

14              Whether --

15              MR. BABCOCK:  Can I ask one question about that

16     procedure --

17              THE COURT:  Yes.

18              MR. BABCOCK:  -- before we move on to another

19     topic, your Honor?

20              THE COURT:  Yes.

21              MR. BABCOCK:  We complied with the standing order,

22     you know, back in the early fall.  And so there were motions

23     that we wanted to file but we did not because of the

24     standing order; and we didn't have any response for whatever

25     reasons to our -- to our notice of a dispute.  Those motions

1    are filed pursuant to a notice that Mr. McCotter filed right

2    before this hearing last week.

3              THE COURT:  The 667 pages of motions?  That one?

4              MR. BABCOCK:  Well, your Honor, I'm sure it was

5    over a thousand.  I'm just kidding.

6              THE COURT:  Okay.

7              MR. BABCOCK:  You know, whatever it was.  And it

8    seems to me we should not be prejudiced for following the

9    rules when perhaps the other side didn't.

10             THE COURT:  I will take up any disputes that you

11   all have.  Okay?  I know the posture -- I will take up -- if

12   those were disputes that were pending during -- while

13   discovery was open and you all communicated them -- did you

14   all meet and confer on those issues?

15             MR. BABCOCK:  We did.

16             THE COURT:  Okay.  Then no.  I will take those

17   issues up.

18             The only issues I'm not going to take up are

19   anyone who was here in the hearing that directly preceded

20   your hearing, any issues that get brought, you know, months

21   after discovery is closed or issues that you all knew about

22   that just didn't get raised in a timely fashion.

23             But if these were disputes that OAN was waiting to

24   raise because the recusal motion was pending and you all met

25   and conferred and Plaintiffs were aware of them -- is that

1    true?

2              MS. COVACS:  Yes.

3              THE COURT:  Then I will not -- I will take those

4    issues up.

5              MR. BABCOCK:  Thank you, your Honor.

6              THE COURT:  But what I'm trying to avoid is a

7    situation because, essentially, had these procedures worked

8    and been followed -- and I'm not saying that in a pejorative

9    fashion; I'm just saying, given the posture of the case,

10   motions filed and then there was, you know, a lot of paper

11   on your side, sir, of disputes you want to raise -- that's

12   not typically how I would take up these motions.  I just

13   described how I would do it.

14             MR. BABCOCK:  Thank you.

15             THE COURT:  And it's much more efficient, and I'd

16   actually just -- in my experience, it's just as effective.

17   And issues get resolved.

18             So it may very well be that I may not grant you

19   all leave to file, you know, tons and tons of pages

20   describing the disputes.  We may just have a discovery

21   conference, at which point, you know, as long as I have a

22   brief description of what the issue is, what the requests at

23   issue are and what the objections to those are, we'll take

24   them up.  And if I need further briefing, sometimes I will

25   allow some limited briefing on certain issues.

 1          But rest assured, I will take up any of those

 2     issues that Defendants were holding in reserve pending the

 3     motion for recusal.

 4          MR. BABCOCK:  Thank you very much, your Honor.

 5          THE COURT:  Okay.  With respect to meeting and

 6     conferring, I'm going to order that with respect to any

 7     meet-and-confers that I order in this case -- and this

 8     doesn't just apply to any future disputes if discovery gets

 9     reopened, but also there may be times with certain disputes

10     that I tell you all that you need to go back to the drawing

11     table and meet and confer again -- those meet-and-confers

12     must happen by videoconference or in person.  It is my

13     experience when there are discovery disputes of this, you

14     know, number in cases oftentimes -- and I don't know how you

15     all have been meeting and conferring, and I don't need to

16     know -- but emails back and forth simply just don't get

17     things resolved all the time.

18          And so with respect to meet-and-confers, the

19     standing order from me in this case is that I'm going to

20     order you all to do so by videoconference or in person to

21     try to resolve the disputes.

22          And like I said, a lot of things, especially with

23     respect to discovery disputes in hotly contested cases, get

24     lost in translation when you're doing email and

25     letter-writing campaigns, as a lot of counsel like to do.

1    And I just think sometimes you can resolve it when you're

2    just trying to talk through the issue.  Okay?

3              And I will probe the meet-and-confer process with

4    respect to certain disputes.  So keep that in mind.

5              Okay.  With respect to the pending disputes, is it

6    at all possible for you all to tell me in a concise way

7    whether there are any motions that are preventing other

8    issues from moving forward?  So is there anything that's

9    standing in the way -- for example, if -- I raised the issue

10   of the protective order.  Is there anything that's standing

11   in the way of other discovery getting done or other disputes

12   being resolved or any motions that, if I ruled on one

13   motion, another issue might be narrowed or resolved?  Are

14   you all -- I expected you all to be prepared to address

15   that.

16             But I'll let Plaintiffs go first.

17             MS. COVACS:  Thank you, your Honor.

18             THE COURT:  And before I do that, Ms. Bender, you

19   don't have to sit through all this if you just have

20   something very brief you wanted to raise.  Would you like to

21   be heard so that your client's not having to --

22             MS. BENDER:  [Indiscernible].

23             THE COURT:  Okay.  Yes.  Have you entered your

24   appearance in this nonparty matter, ma'am?

25             MS. BENDER:  Your Honor, Willkie has entered an

1    appearance.  My client -- Elizabeth Bower is on the docket,

2    but she's unfortunately sick today.

3              THE COURT:  Okay.

4              MS. BENDER:  So with apologies, I'm enter -- I'm

5    here just on an emergency basis.

6              THE COURT:  Okay.  I'll allow you to address the

7    Court.  Are you barred in this court, ma'am?

8              MS. BENDER:  Yes, your Honor.

9              THE COURT:  Okay.  Then you can proceed.

10             MS. BENDER:  Thank you.

11             On behalf of nonparties, my clients, Mr. Soros and

12   OSI, we request that your Honor rule on Docket No. 146,

13   which was filed on December 14th.  That is an unopposed

14   request for an extension of time for my clients to respond

15   to the motion to compels -- the motions to compel filed or

16   served by OAN.

17             Absent an extension, they would be due under this

18   Court's local rules today, 14 days after service on December

19   6th.  And my clients and OAN have agreed that good cause

20   exists for the extension, which is essentially a briefing

21   schedule which would put our responses due January 5th and

22   replies, if any, to January 22nd.

23             THE COURT:  Okay.  And there's no opposition to

24   the motion?

25             MR. BABCOCK:  No opposition.

```
1              THE COURT:  All right.  And Plaintiffs aren't
2    really at issue.  This was -- this is OAN's Rule 45
3    subpoena?
4              MR. BABCOCK:  Yes, it was, your Honor.
5              MS. BENDER:  Two subpoenas, your Honor.
6              THE COURT:  Two subpoenas.  Okay.
7              Well, if you were a party, ma'am, I would not have
8    granted the request, because I'm trying to deal with all the
9    motions that the parties filed.  But given that it's a
10   nonparty and there's a motion to compel a nonparty, I will
11   grant the motion.  And you all can proceed on the briefing
12   schedule with respect to those motions to compel so that
13   your clients can be heard on -- with respect to those two
14   subpoenas at issue.
15             MS. BENDER:  Thank you, your Honor.
16             THE COURT:  Okay.  Thank you.
17             And you may be excused unless you had anything
18   further.
19             MR. BABCOCK:  No.  Make her stay.  It's so much
20   fun.
21             THE COURT:  I saw the look of misery on her face
22   and said, Let me --
23             MR. BABCOCK:  I bet she's getting to bill for it.
24             THE COURT:  Well, true.  But, you know, Rule 1.
25             MR. BABCOCK:  Relieve the client of that
```

```
 1    obligation.
 2              THE COURT:  Right.
 3              Okay.  Ms. Covacs.
 4              MS. COVACS:  Your Honor, thank you.  Here is a
 5    little easier.
 6              Before I jump in, your Honor, we had shared a copy
 7    of a chart that we made just in getting ready for today that
 8    we thought might make things a little bit easier.  It
 9    color-codes a few motions -- sorry -- to --
10              THE COURT:  I'm sorry.  Did you send this to the
11    Court?
12              MS. COVACS:  I have not.
13              THE COURT:  Oh.
14              MS. COVACS:  But opposing counsel has a copy.  If
15    I may hand it up.
16              THE COURT:  Yes, please.
17              Do you have another copy by any chance?
18              MS. COVACS:  Yes.
19              THE COURT:  Okay.  If you could give one to my law
20    clerk.  Thank you.
21              Mr. Babcock, you have a copy of this?
22              MR. BABCOCK:  If it's the same one I was provided
23    earlier, yes.
24              MS. COVACS:  Yes.
25              THE COURT:  All right.
```

 1             MS. COVACS:  Thank you, your Honor.

 2             This just lists out with the same numbers that

 3    were included in our report all of the topics that are at

 4    issue.  And what we wanted to sort of highlight was to --

 5    that there are kind of two high-level issues that, if

 6    decided, would take care of a number of these motions.

 7             And the first your Honor has already addressed,

 8    which is the case schedule.  Once we sort of get that sorted

 9    with Judge Nichols, we think a number of these motions would

10    fall off, because they have -- so many of our outstanding

11    disputes have to do with timing, for example, of depositions

12    or of the service of Smartmatic's second set of RFPs.

13             And so we think that once that ruling is done,

14    that sort of takes care of a number of these issues.  And

15    those are the ones that are in blue.

16             THE COURT:  So these are the -- the blue is the

17    high priority?

18             MS. COVACS:  The blue is -- yes.  Once Judge

19    Nichols rules on the case schedule, these kind of

20    automatically are ruled on.  And I'm not sure if OAN would

21    prefer sort of having an additional ruling on the docket.  I

22    don't want to make a representation on behalf of both

23    parties with respect to that.  But Smartmatic's view is they

24    would be handled if the case schedule were amended.

25             THE COURT:  Wait.  I'm sorry.  So let me just

1    understand this.

2          So the entries in blue, once -- it's Smartmatic's

3    position that, once these are ruled upon, they're going to

4    take care of the ones -- the entries in green?

5          MS. COVACS:  No, your Honor.  I'm sorry.  I'm not

6    being clear.

7          Once Judge Nichols amends the case schedule, these

8    disputes go away, because they all relate to timing.

9          THE COURT:  Okay.

10          MS. COVACS:  So, for example --

11          THE COURT:  In the future, give me a legend so

12    that, you know, I can --

13          MS. COVACS:  Of course.

14          THE COURT:  Anything in blue goes away once Judge

15    Nichols takes up and rules on the forthcoming --

16          MS. COVACS:  Yes.

17          THE COURT:  -- supplemental motion to --

18          MS. COVACS:  So under the column --

19          THE COURT:  -- to --

20          MS. COVACS:  I'm sorry.  I didn't mean to

21    interrupt you.

22          On the column Resolution Required, it says

23    "Updated case schedule" for each of these that are in blue.

24          THE COURT:  Yes.

25          MS. COVACS:  And so once that case schedule is

1    reset, our view is that the disputes would disappear.

2             THE COURT:  Okay.  Before -- just a moment.  Just

3    a moment.  I'll just tell you all, in case you all want

4    transcripts of these various hearings, just speak as clearly

5    as you can into the microphone.  The audio recording will

6    pick it up a little bit better.

7             Okay.  Anything in blue at least in Smartmatic's

8    point of view gets taken care of once Judge Nichols rules on

9    the forthcoming motion on discovery extension.  Okay.

10            MS. COVACS:  Yes.

11            And then with respect to the green, your Honor,

12   those all had to do with the applicability of Judge

13   Nichols's standing order or, at least in order for them to

14   move forward, we needed some guidance on that, your Honor.

15   And so now that you've provided that, I think that helps

16   with these.

17            One -- several of them OAN had not yet filed on

18   the docket on their own, as you discussed a moment ago.  And

19   so now that you have provided guidance on how to go forward

20   with respect to those motions, I think what we would need

21   now would be sort of your sense of whether we should file

22   responses to those or if we should simply set up a

23   teleconference the way you described or a hearing in person

24   to discuss them rather than continuing with briefing.

25            THE COURT:  Are these the -- in green -- are the

1    entries in green those disputes, Mr. Babcock, that you

2    referenced that you were holding in reserve?  The

3    thousand-page thing that we were talking about?

4             MR. BABCOCK:  The green, OAN 5, which is described

5    as the Defendant's opposed motion to compel initial --

6    amended initial disclosures, yes.  That is very much still

7    at issue.

8             OAN 6, which is described as Defendant's opposed

9    motion to compel source code and machine inspection, that,

10   too, is very much alive.

11            The third green entry, OAN 7, Defendant's motion

12   to compel responses to interrogatories and requests for

13   production -- and if I knew the docket number, I might be

14   able to respond to that one.  It's OAN 7.  Yes.  That's

15   still in play, your Honor.

16            And OAN 13, Defendant's emergency motion to strike

17   Smartmatic's motion to compel, I think we would withdraw

18   that one because that relates to the issue of compliance

19   with a standing order.

20            THE COURT:  Okay.  I will make that note on the

21   record.

22            But are these the disputes that you were

23   referencing that you hadn't docketed because you were trying

24   to comply with the standing order?

25            MR. BABCOCK:  Correct, your Honor.

```
 1              THE COURT:  Okay.

 2              MS. COVACS:  And --

 3              MR. BABCOCK:  Those all --

 4              MS. COVACS:  To be clear, your Honor, there are

 5    two more.  I believe that they have not been filed, but that

 6    were attached to the notice.  They're on the same page as 5

 7    through 7.  And they are 2 and 4.  You can see they say "To

 8    be filed" under Filing Status.

 9              The reason we didn't highlight those in green,

10    your Honor, is that our view is the first has already been

11    resolved via your minute order on November 11th, 2023.  And

12    the second we believe is premature, and the parties couldn't

13    reach a resolution before coming back to your Honor.

14              THE COURT:  I'm sorry.  So No. 2, you said, was

15    resolved?

16              MS. COVACS:  Yes.  The minute order on November

17    11th, 2023, your Honor addressed this same -- depositions

18    that OAN included in their motion to compel depositions.

19    Smartmatic presented that to you in the form of an emergency

20    motion for protective order.  OAN separately drafted a

21    motion to compel that they originally, I think, were going

22    to present to Judge Nichols and then was sent down to your

23    Honor.  And so our view is that those two motions are

24    essentially the same and have been ruled on.

25              THE COURT:  Is that your view, Mr. Babcock?
```

```
1            MR. BABCOCK:  That's pretty close.  If they
2     continue to resist these depositions, then we would move to
3     compel them.  But for now, I'm assuming that they were just
4     asking for temporary relief, not permanent relief.
5            MS. COVACS:  That's right, your Honor.  It's
6     always been about scheduling.
7            THE COURT:  All right.
8            MR. BABCOCK:  The other one, however, OAN 4, the
9     motion to modify deposition limits:  That is still alive.
10    And frankly -- and it's been pointed out to by counsel that
11    might be appropriate -- or maybe not, if we could talk about
12    it -- in the joint submission that your Honor -- because we
13    thought, as Judge Nichols said in the *Dominion* case and
14    ordered, that there should be a deposition protocol because
15    obviously at least on our side we had more than ten
16    depositions which were going to take more than 70 hours.  So
17    we had proposed -- I think it was 120 hours per side, which
18    is substantially less than in the *Dominion* case.  And no
19    limits as to number of depositions.
20            So perhaps we can talk about that and maybe work
21    that into the proposal to Judge Nichols.
22            THE COURT:  Let me ask you -- well, the deposition
23    protocol is something that I'm -- I think I could probably
24    rule on.
25            MR. BABCOCK:  Never mind.
```

```
 1              THE COURT:  Well, have you all -- so no
 2      depositions have been taken yet.  Correct?
 3              MS. COVACS:  There was --
 4              MR. BABCOCK:  Just one.
 5              THE COURT:  Just one.
 6              MS. COVACS:  OAN took one of a third party.
 7              THE COURT:  And so you all have not met and
 8      conferred and come up with a deposition protocol at all?
 9              MS. COVACS:  We have not, your Honor, because our
10      view is that we needed more information from their document
11      production and also supplemental responses to
12      interrogatories regarding relevant witnesses.
13              We just got another supplemental response, I
14      think, about ten days ago that reveals more witnesses.  And
15      so our view is we needed to have a better sense of the scope
16      of who was going to be relevant before we agreed to a
17      deposition limit.
18              THE COURT:  Okay.  Well, so OAN 2 and OAN 3 we're
19      going to say is resolved for now because now the issue is
20      back to not whether the depositions that OAN noticed are
21      going to be stayed, but now we're going to actually talk
22      about whether they are going to go forward.
23              Does Smartmatic have an objection to the
24      depositions that were at issue in those motions going
25      forward?
```

```
 1              MS. COVACS:  No, your Honor.

 2              THE COURT:  Okay.  That's good to hear, because I

 3      read the motions; and I'm glad to hear that Smartmatic is

 4      going to proceed with those.

 5              So then I think you all just need to come up with

 6      a deposition protocol.  And if you wish the Court to sign

 7      off on it, you can submit it to me.  But it doesn't -- you

 8      know, I've done these a million times.  It doesn't need to

 9      be extensive.  It usually covers how you're going to address

10      objections, you know, how you're going to address

11      confidential information or any attorneys'-eyes-only

12      information to the extent there are any, you know, timing,

13      that sort of thing, break down who gets, you know, which

14      witnesses.  And if you can agree on all that, that would be

15      great.  And you can submit it to me, again, if you wish.

16      And I'm happy to sign off on it --

17              MS. COVACS:  Excellent.  Thank you.

18              THE COURT:  -- if I agree with it.

19              MS. COVACS:  There are two other issues that we

20      think are sort of threshold questions that, if decided, will

21      help the parties move forward and get much closer to

22      completing discovery.

23              And they're Smartmatic 2 and 6.  They both relate

24      to the parties' respective second set of RFPs.  Smartmatic

25      2, that topic number, is a motion to compel OAN to respond
```

1    to Smartmatic's second set of RFPs.

2            And that is sort of a case-scheduling issue that

3    we think, once Judge Nichols resets the case schedule,

4    including the deadline -- we had requested an extension in

5    May, which has not yet been ruled on -- it originally was

6    not opposed by OAN, but then when OAN switched counsel,

7    their position changed.  And so we still went ahead and

8    served our second set of RFPs on the deadline that we had

9    requested in May, which was I believe July 31st.  And OAN

10   has said that they will not produce documents in response to

11   those because in their view they were not timely.

12           The basis for our request for extension was that

13   as of -- when we filed it in May, we had received just 92, I

14   believe, documents from OAN, which we didn't think was

15   sufficient to sort of evaluate what was still missing and

16   what additional RFPs we needed.

17           THE COURT:  So you're saying that with respect to

18   Smartmatic 2, in blue, as long as Judge Nichols allows

19   discovery to be reopened or extended, that issue is or is

20   not resolved?

21           MS. COVACS:  We believe that it will be.

22           THE COURT:  Okay.

23           MS. COVACS:  Because the case schedule that he

24   entered did have a particular deadline for those RFPs.  So

25   when we file a supplement, our view would be that he enter

1    that extension deadline that we had requested in May.

2            THE COURT:  Okay.  But then with respect to -- but

3    then Smartmatic 6 needs to be -- is a foundational issue --

4            MS. COVACS:  We believe so.  Yes.

5            THE COURT:  -- in your view?

6            MS. COVACS:  Yes, because Smartmatic 6 relates to

7    whether we need to respond to OAN's second set of RFPs as

8    written; and, if not, whether OAN will have the opportunity

9    to serve a revised set of RFPs that is not duplicative, in

10   which case, you know -- and in either case, whether we need

11   to respond to the RFPs as written or if Smartmatic would

12   need to respond to a revised set of RFPs.  Obviously, it

13   will take some time to meet and confer regarding the scope

14   of any production in response to this.

15           THE COURT:  Okay.  Before you move forward on

16   those issues, I'm going to allow Mr. Babcock to respond to

17   that.

18           MS. COVACS:  Sure.

19           THE COURT:  Mr. Babcock, I mean, I understand that

20   OAN may have its own view as to which of its disputes need

21   to be resolved before other -- you know, that may resolve

22   other disputes or that -- before you can move forward.  But

23   do you have any response as to just these two issues?

24           MR. BABCOCK:  Yes, your Honor.

25           I agree with Ms. Covacs that Smartmatic 2, which

1    is their motion to be able to serve a second set of requests

2    for production after the deadline that Judge Nichols

3    established, is a matter for Judge Nichols.

4         And if Judge Nichols allows additional time to

5    serve and requires us to file substantive responses, then

6    some of that may impact some discovery.  But I don't think

7    it's foundational in the sense that nothing else can happen

8    until we respond.

9         So that would be my response on that.

10        And then on the next one, this is their request to

11   quash our second set of -- request for production.  We think

12   that they've perhaps overstated the burden.  But we think

13   they should respond.

14        But that again, like the other side of the coin,

15   it's not to me foundational.  It's just something that in

16   the ordinary course of discovery you'll be called upon

17   perhaps to resolve.  I mean, they say we sent 1500 separate

18   requests for production.  That's not true.  We did send

19   identical requests to three Plaintiffs, and I think maybe

20   they all total 500 per Plaintiff, but maybe not.  I don't

21   know.  But somewhere in that area.

22        THE COURT:  Okay.  Well, with respect to OAN, does

23   it have a view as to which of its disputes really need to be

24   taken up first?

25        MR. BABCOCK:  I thought you'd never ask.  Do you

```
1    want me to go to the podium, your Honor?

2                THE COURT:  Sure.

3                MR. BABCOCK:  Yeah.

4                THE COURT:  And are you able to refer to this

5    document or would you prefer -- do you have --

6                MR. BABCOCK:  No.  It's not cross-referenced for

7    my notes.

8                THE COURT:  Okay.

9                MR. BABCOCK:  But I think Ms. Covacs will know

10   what I'm talking about.  I hope so.

11               MS. COVACS:  Sure.

12               MR. BABCOCK:  There are some unopposed motions

13   that deal with foreign discovery.  And as the Court is

14   undoubtedly aware, foreign discovery is very complicated.

15   And the sooner we do it, the better.

16               THE COURT:  Yes.

17               MR. BABCOCK:  And those are documents numbered 94

18   and Document No. 120.

19               THE COURT:  Yes.

20               MR. BABCOCK:  And 94 relates to certain countries

21   and 120 refers to others.

22               The distinction is that 94 requests are Hague

23   Convention countries and 120 are countries that do not

24   adhere to the Hague Convention.

25               And so --
```

1          THE COURT:  Are these countries subject to the

2     Inter-American Conference?

3          MR. BABCOCK:  No.  It's -- 120 relates to the

4     United Kingdom, the Netherlands, Taiwan and Switzerland.

5          And 94 relates to Venezuela, Brazil, Philippines,

6     Kenya, Belgium and Oman.

7          And there are a couple of technical glitches.  The

8     Court can't just sign these because we'll have to amend the

9     response date because there's been quite a bit of time.  And

10    there's an issue about -- they were prepared for Judge

11    Nichols's signature.  But if you're going to sign them, then

12    they would have to be adjusted in that way.

13         THE COURT:  Okay.  And -- well, what's the basis

14    for 120, then?  What's the authority that allows the Court

15    to -- if it's not the Hague and it's not the Inter-American

16    Conference, what's --

17         MR. BABCOCK:  Well, I'm the wrong guy to ask.  But

18    I have somebody here who could response to that -- respond

19    to that.  And we have engaged, I know, U.K. counsel and

20    counsel in the Netherlands, and they've -- and I'm sure the

21    other jurisdictions as well.  They've apprised that it's

22    appropriate, what we're doing.  So...

23         THE COURT:  Okay.

24         MR. BABCOCK:  But Mr. Neerman or Mr. Edwards could

25    respond more completely than I can.

1          THE COURT:  Well, it looks as if -- it looks as if

2    120 -- I think it's possible that you might have had them

3    maybe mixed up, because I believed that the United Kingdom

4    and Netherlands was certainly --

5          MR. BABCOCK:  [Indiscernible] too.

6          THE COURT:  -- they're Hague Convention countries.

7    It's Venezuela and others that are potentially not or --

8          MR. BABCOCK:  Maybe we flipped it.

9          THE COURT:  Yes.  I was surprised to hear you say

10   the U.K.

11         MR. BABCOCK:  Go ahead.

12         THE COURT:  Yes.  120 asks for letters rogatory

13   pursuant to the Hague Convention and ECF 120 is dealing with

14   the U.K., Switzerland and the Netherlands.

15         UNIDENTIFIED MALE SPEAKER:  Yes, your Honor.  120

16   deals with U.K., Netherlands and Switzerland, which are all

17   Hague members.  And then Taiwan is letters rogatory instead

18   of letter requests.

19         And 94, it's Venezuela and Brazil that are Hague

20   members.  And so that's letters of request.

21         And then the Philippines, Kenya, Belgium and Oman

22   are letters rogatory, because they're not members.

23         THE COURT:  Okay.  So then with respect to ECF 94

24   and 120, what I'm going to do is deny them without prejudice

25   and ask you just to submit the updated timing and with my

1    signature.  And I will review the documents to ensure they

2    comply with, you know, what the Court needs to satisfy

3    itself with respect to the Hague Convention and any other

4    applicable authority.

5            But if you get that filed with updated dates and

6    with my signature, I'll take up those two issues and deny 94

7    and 120 with the prejudice.

8            UNIDENTIFIED MALE SPEAKER:  Thank you, your Honor.

9            MR. BABCOCK:  Sorry about the confusion, your

10   Honor.

11           THE COURT:  No problem.

12           MR. BABCOCK:  I know.  It's --

13           THE COURT:  When I heard U.K. not being a Hague

14   Convention member, I said, Well, I didn't know if there was

15   something I hadn't read --

16           MR. BABCOCK:  No.  I was --

17           THE COURT:  -- [indiscernible] or something.

18           MR. BABCOCK:  Sorry.  I was screwed up about that.

19           And we've already gone through the deposition

20   protocol, which I thought was foundational.  And if the

21   Court could give us a deadline when we could do that by.

22           THE COURT:  Yes.  I would suggest that -- not

23   suggest; I will order on this one.  On this one I will order

24   for you all to meet and confer and submit a deposition

25   protocol to the Court no later than January 2nd.

```
 1                MR. BABCOCK:  January 2nd?

 2                THE COURT:  Yes.

 3                MR. BABCOCK:  That's great.  Thank you.

 4                THE COURT:  And again, I'm going to urge you very

 5      strongly to submit an agreed-upon protocol, because, I mean,

 6      I will rule on objections, but I think you all can at least

 7      agree on how the depositions will be taken.  I hope.

 8                MR. BABCOCK:  As the Court may be aware, Judge

 9      Nichols consolidated discovery in the Dominion case with all

10      the Dominion cases, even though they were filed separately.

11      But for -- and we were able to agree on a protocol with all

12      those players.

13                THE COURT:  That's great.

14                And to the extent that there is AEO or

15      confidential information, at least my experience when I've

16      handled these in practice is that I -- you know, it may just

17      also help to make things more efficient by attaching a

18      proposed undertaking to your deposition protocol so that any

19      witness that's not subject to or not privy to confidential

20      information, to the extent any confidential or AEO

21      information is disclosed at the deposition, that the

22      deponent signs the undertaking prior to testimony to ensure

23      that that stuff be kept confidential.  I don't know if you

24      all have ever used that process, but that could help.

25                One of your co-counsel is nodding.  I see
```

1   Ms. Covacs nodding.

2           MR. BABCOCK:  He's such a braggart, your Honor.

3           THE COURT:  I found that that was also helpful to

4   just streamline the handling of confidential information at

5   depositions.

6           MR. BABCOCK:  And I will say in his defense,

7   Mr. Neerman did negotiate the deposition protocol in

8   *Dominion.*  So...

9           THE COURT:  All right.  Good.

10          MR. BABCOCK:  So he's got some experience.

11          THE COURT:  Well, then have him do this one,

12  please.

13          MR. BABCOCK:  That was exactly my thought, as a

14  matter of fact.

15          THE COURT:  So the deadline for the deposition --

16  joint motion to submit a deposition protocol order for the

17  Court's consideration, January 2nd.

18          With respect to ECFs 94 and 120, I'll just have

19  the same deadline, January 2nd.

20          MR. BABCOCK:  Great.  We'll get -- we'll try to

21  get that before then.

22          THE COURT:  Yes.

23          MR. BABCOCK:  And I think we've also covered this,

24  but to the extent you had a temporary stay, when Judge

25  Nichols does whatever he does with respect to further

1    discovery to amending the deadline, that stay will either go

2    away or --

3           THE COURT:  I'll lift it.  I mean, as far as --

4    now that the recusal issue has been settled and you all have

5    given me guidance on whether there's going to be appeal of

6    that, which there's not, I'm lifting that stay.

7           MR. BABCOCK:  Thank you.

8           THE COURT:  Now -- so that stay was lifted, so

9    that in fairness I was trying for what it's worth -- trying

10   to be respectful of a pending motion and to rule on that

11   before I ruled on --

12          MR. BABCOCK:  Right.

13          THE COURT:  -- this other emergency issue.  So it

14   was meant to, you know, try to just kind of keep the status

15   quo while the other -- you know, while the recusal issue was

16   pending.

17          So once you withdraw the appeal, then I'm happy to

18   note that the stay is lifted on the docket.  But --

19          MR. BABCOCK:  Perfect.  Thank you, your Honor.

20          THE COURT:  But just so you all know, it's lifted.

21          MR. BABCOCK:  Okay.  Great.  Again, that's all.  I

22   mean, there are other motions pending, but those are the

23   foundational motions that I thought of.

24          THE COURT:  Okay.  What I'm going to propose is,

25   now knowing what are the first few things that really need

1    to be taken care of so that we can get the ball rolling

2    before going to other disputes, a couple things that I have

3    on my mind is I'd like to know, because some time has passed

4    and there's been -- you know, you've alluded to the fact,

5    Mr. Babcock, that some of the disputes have been either

6    resolved or mooted out.  And I don't necessarily know all of

7    that.  And I don't want to waste precious time reviewing

8    authority or considering a discovery dispute that I just

9    didn't know had already been resolved.

10           So I would like to know if anything has been

11   resolved.  And a chart is helpful, you know, if you all want

12   to build on this.  Again, it would be nice to have a legend

13   if you all are going to use colors and -- you know, to say

14   this is mooted, the first letter to Judge Nichols that he

15   then referred to me.  If that's largely mooted out or has

16   been resolved, as you mentioned, Mr. Babcock, perhaps you

17   all could communicate that to me somehow in a concise way.

18           That will also help me know, after we get the

19   foundational motions dealt with, what's our next tranche of

20   disputes to deal with.

21           MR. BABCOCK:  Yes.  And we are -- just to give a

22   shout-out to Ms. Covacs, we are big proponents of having

23   different colors to show what's at issue.

24           THE COURT:  Right.  I think that would be helpful.

25   I mean, we have our own -- I have my own chart of what's

```
 1    pending.  But if much of that is no longer at issue, then it
 2    would be helpful, and I'll just skip that.
 3            The other -- so I would like if you all could also
 4    file that by January 2nd.
 5            MR. BABCOCK:  Sure.
 6            THE COURT:  I'm trying to give everyone a chance
 7    to have a holiday.  So if that timing doesn't work, let me
 8    know.  But I'm also keen to move this apace to the best of
 9    my ability, given my other obligations as well, so you all
10    can have some resolution.
11            MS. COVACS:  Can I ask a question on that?
12            THE COURT:  Yes.  If you could speak into the mic,
13    please.
14            MS. COVACS:  Of course.
15            So the two January 2nd filing dates sound fine,
16    your Honor, with respect to the deposition protocol and the
17    updated charts.
18            You had mentioned towards the beginning that, you
19    know, you might not sort of permit further briefing on any
20    issues until we sort of updated the process with how we're
21    addressing those disputes.
22            There are certain briefs that have begun the
23    process.  There are responses and replies due, I think, by
24    both parties within the next ten days.  I think we both have
25    at least five or six.
```

1              Is your view, your Honor, that we should pause

2      that?

3              THE COURT:  Yes.

4              MS. COVACS:  Okay.

5              THE COURT:  Yes.

6              MS. COVACS:  And so are there any that we should

7      focus on preparing in order to present to you live?

8              THE COURT:  Well, there may be, but I need to, you

9      know -- I need to get my arms around kind of what that is.

10             MS. COVACS:  I understand.

11             THE COURT:  The other -- and I may regret saying

12     this, but the other thing I'm considering is for us to have

13     a standing discovery conference to get these issues cleared

14     up, so every week or over, you know, two weeks, where we

15     convene and I just hear and give you all my rulings on all

16     of these issues.

17             But I'm hoping that you all are going to tell

18     me -- it seems like you are going to tell me -- that the

19     long list I have is actually shorter in reality than, you

20     know, what may have existed a few months ago.

21             MR. BABCOCK:  Your Honor, this side of the room

22     did not hear your response to Ms. Covacs's question about

23     pausing the briefs.

24             THE COURT:  Yes.  Pausing the briefing, because,

25     again, I'm trying to get back to the original process of the

1    informal discovery conference process.  Now, that's not to

2    say that if one party has filed a motion -- I'm not going to

3    prevent the other side from putting forward their, you know,

4    argument.  You know, you all will have a full and fair

5    opportunity to present any arguments to the Court.

6         But we don't need to be filing motions and

7    oppositions and replies when I can take up these issues and

8    just try to resolve them informally.  And even though the

9    briefing may have already started, I'm just going to pause

10   it to give us a chance to get back to the intended method of

11   resolving discovery disputes, which happens to be -- you

12   know, coincidentally, Judge Nichols and I have the exact

13   same process.  So yes.  Please.

14        The only exception to that is the nonparty -- or

15   the third-party motion that we just addressed with

16   Ms. Bender, because her client is not a party to the case.

17        I do think it's fair for them to be able to

18   respond in writing to your motion to compel.  That part I

19   will allow, but otherwise, pausing.  And then we will take

20   up each dispute one at a time.  And I'll allow you all to

21   make your arguments.  But I think it's just honestly not

22   quite productive to be continually just clogging the docket

23   with briefs when we could just resolve these issues in

24   conferences.

25        MR. BABCOCK:  I totally agree, your Honor.

1          Your comments suggest to me another foundational

2     issue.

3          THE COURT:  Sure.

4          MR. BABCOCK:  And that is, part of why we asked

5     for so much foreign discovery was because Smartmatic of

6     course is one of the Plaintiffs, or maybe two of them, are

7     international in scope.  And we don't know if they're

8     claiming damages, you know, outside the United States or

9     just inside the United States.

10          And we have a motion which was -- again, started

11    with the informal process.  But it's now 143-4 on the

12    docket.  Mr. McCotter recently filed it, just a notice.  But

13    it asks them to amend their disclosures, and especially

14    focusing on damages, because their damage disclosures in our

15    view are not helpful to us.

16          And if they were to say, for example, No, we're

17    only claiming damages in the United States or We're only

18    claiming damages in the United States and the Philippines,

19    for example, then that would perhaps narrow some of our

20    international discovery.  It wouldn't stop the U.K. because

21    there are witnesses there we need to depose.

22          THE COURT:  Okay.

23          MR. BABCOCK:  It's Issue 5 on your list.

24          THE COURT:  I see it on the docket.

25          MR. BABCOCK:  And so that could be foundational or

1    it could be something that could wait.  But we would like to

2    get the letters -- the international discovery out sooner

3    than later.  And we'll get that to you right away --

4            THE COURT:  Okay.

5            MR. BABCOCK:  -- as modified.

6            THE COURT:  Well, here's what I'm going to do with

7    respect to 143-4.

8            Ms. Covacs, this is a five-page motion by OAN.  So

9    I will ask for no more than a five-page response from

10   Smartmatic.  And I'm going to rule on that.  I'll take that

11   up in this first tranche, so to speak.

12           MS. COVACS:  Understood.  Thank you, your Honor.

13           THE COURT:  You're welcome.

14           MS. COVACS:  Should we consider it filed today for

15   purposes of deadlines?

16           THE COURT:  Yes.

17           MS. COVACS:  Okay.

18           THE COURT:  I mean, it's not filed so much as,

19   this is an informal -- you know, we're going to find a way

20   to get this all organized properly.  But you can -- what

21   we're going to do is probably have that just sent to

22   chambers as a response.  It can be a letter response or a

23   formal response.  And then we will docket these two together

24   as the motion and the response.

25           MS. COVACS:  Okay.  Thank you.

```
1              MR. BABCOCK:  And if I could offer a friendly

2      amendment to Ms. Covacs's question:  She wants to know when

3      she has to file a response.

4              THE COURT:  No.  I know.  I know.

5              MR. BABCOCK:  And that's fine with me if that's

6      what --

7              THE COURT:  I'm sorry.  Which date?

8              MR. BABCOCK:  I mean, if -- whatever the Court

9      thinks as a response date is appropriate is fine with me.

10              THE COURT:  Is January 2nd acceptable?

11              MR. BABCOCK:  Nice try.

12              THE COURT:  You know, for these discovery

13      disputes, the 14- and seven-day rules don't apply.  I mean,

14      these are issues that, you know, you contact chambers.  I

15      look at the email.  I say:  Okay.  I may or may not want to

16      have a telephonic conference, a videoconference or have them

17      come in.

18              Usually, you know, I just go based on the email or

19      I'll allow, like, two pages per side.  And then we resolve

20      it in that way.

21              And so it doesn't really -- these disputes don't

22      really fall under the general timing of oppositions and

23      reply briefs.  However, I am cognizant of the fact that it

24      is the holiday.

25              So you tell me, Ms. Covacs, whether that date
```

1    works.  If not, I'm happy to give you a little bit more time

2    on that.

3              MS. COVACS:  I appreciate that, your Honor.

4              And Ms. Sullivan just reminded me that we also

5    have our response to OAN's partial motion for summary

6    judgment due next week.

7              So if we could have until January 9th, your Honor,

8    would that --

9              THE COURT:  That's fine.

10             MS. COVACS:  Thank you.

11             MR. BABCOCK:  No objection to that, your Honor.

12             THE COURT:  Okay.  Thank you.

13             All right.  Speaking of summary judgment, did you

14   all file those motions because it was part of the briefing

15   schedule and -- I mean, were those motions filed pursuant to

16   the dispositive motions briefing schedule that Judge Nichols

17   had entered?  Or were these filed --

18             MR. BABCOCK:  I think it was our motion, your

19   Honor.

20             THE COURT:  Okay.

21             MR. BABCOCK:  It's a partial motion for summary

22   judgment.  And it was certainly filed in compliance with the

23   briefing schedule.  It was quite a bit before the deadline.

24             THE COURT:  Okay.

25             MR. BABCOCK:  But it raised issues that we think

1    are foundational, dispositive -- well, both foundational and

2    dispositive.

3              THE COURT:  Okay.  So this -- are any of issues --

4    are any of the discovery disputes relevant to that motion?

5              MR. BABCOCK:  I think --

6              THE COURT:  I'll let you --

7              MR. BABCOCK:  -- Ms. Covacs would say yes.

8              THE COURT:  And you're going to say no.

9              MR. BABCOCK:  And there are -- after they've

10   responded to the summary judgment, it may be that she and I

11   can get together and narrow some issues that would otherwise

12   be the subject of discovery.  But I think I'll need to see

13   their response first.

14             THE COURT:  Okay.

15             MS. COVACS:  If I could let Ms. Sullivan address

16   your Honor's question, your Honor.

17             THE COURT:  Sure.

18             MS. SULLIVAN:  Your Honor, Smartmatic would

19   certainly assert that almost all of these discovery disputes

20   are going to be relevant to the issues that are included in

21   OAN's motion for partial summary judgment.  They're moving

22   on the issue of actual malice, which is the key element of

23   defamation.

24             So, for example, you know, we have moved to compel

25   OAN to respond to our second set of requests for production.

 1    And many of those requests bear on the issue of actual

 2    malice.

 3              So there are quite a few.  And we will certainly

 4    include that in our response to their motion for summary

 5    judgment.

 6              But there are quite a few issues here that relate

 7    to their motion.

 8              THE COURT:  Okay.

 9              MR. BABCOCK:  My prediction was correct, your

10    Honor.

11              THE COURT:  Well, I have an idea of what the

12    opposition is going to look like.

13              Okay.  So I'm proceeding without regard to the

14    pending motion for now.  And unless Judge Nichols tells me

15    or something comes up that -- and again, I'm not going to

16    say how I think it will come up before me.  But if any

17    disputes come up before me that are relevant to the motion

18    for summary judgment, either Judge Nichols will let me know

19    or I assume you all will let me know.

20              MR. BABCOCK:  Yes.

21              THE COURT:  Okay.  So the plan is, January 9th

22    you'll respond to the dispute regarding OAN's request for

23    Smartmatic to amend its initial disclosures.

24              MS. SULLIVAN:  Yes, your Honor.  Thank you.

25              THE COURT:  By January 2nd, OAN is going to submit

1    its updated motions, ECF 94 and ECF 120.

2            And by January 2nd, the parties are going to

3    submit a proposed deposition protocol order for the Court's

4    review and hopefully signature.

5            Within I think the next day or so, OAN is going to

6    alert Judge Nichols that it's withdrawing its appeal to my

7    ruling regarding the stay of the emergency deposition

8    motion.

9            And you all are going to file one filing before

10   Judge Nichols regarding your respective positions on whether

11   and if the discovery deadline should be extended.  And I

12   don't believe I gave a deadline on that, did I?

13           MR. BABCOCK:  You suggested one.

14           THE COURT:  Okay.  What was my suggestion?  It's

15   already --

16           MS. SULLIVAN:  I believe it was next week, your

17   Honor.

18           THE COURT:  Next week.  Well, if you want to make

19   it January 2nd, that's fine.

20           MR. BABCOCK:  January 2nd is fine with us.

21           THE COURT:  I mean, again, I don't know whether

22   Judge Nichols is -- what his availability is, too.  He's got

23   a lot on his plate of course as well.  But the reason I just

24   want that cued up is because it's really going to bear a lot

25   on what we do here.

1          MR. BABCOCK:  I bet you we're going to respect

2     your suggestions, even though they're not orders.

3          THE COURT:  Well, you're also going to respect my

4     orders.  But we'll get to that.

5          MR. BABCOCK:  Well, yeah.  Of course.  That goes

6     without saying.

7          THE COURT:  Okay.  I think that's -- you all have

8     a lot of filings between now and then.  And if there's --

9     and the only reason I make that suggestion is so that I can

10    let Judge Nichols know it's coming.  And he'll do what he --

11    whatever he can within his schedule to try to deal with it.

12         Okay.  With respect to -- there was one other

13    issue we were going to -- my law clerk is going to tell me

14    there was -- oh, by January 2nd, you all are going to let me

15    know which discovery disputes are mooted.

16         Now, what would be quite helpful would be to get a

17    sense in writing in that filing of the order in which you

18    all think these disputes should be taken up, kind of in the

19    same manner that we did today and that -- identifying some

20    of the first few foundational issues to the extent that you

21    can maybe add a column to your chart or in your report and

22    say, Look, we really think these are the tranches of the

23    disputes and, you know, we really need this issue decided

24    before this issue can move forward.

25         To the extent you all can agree on that, then that

1     can give us a roadmap moving forward for our discovery

2     conferences and how to deal with them.

3                MS. COVACS:  Your Honor, would you like the

4     updated chart submitted on the docket or via email to your

5     chambers?

6                THE COURT:  That can be submitted on the docket.

7     You can just -- call it a joint report, joint status report

8     or joint report.  We'll issue an order so you can just

9     reference the minute order or the order that we issue asking

10    you all -- you know, ordering you all to submit this filing.

11               You know, conceptually, I'm trying to think of the

12    best way to provide the information of the universe of

13    disputes, both filed and unfiled, what's moot and then

14    what's the order in which you all want to take it up.  I

15    think maybe a chart is the right order.  But if you all

16    after meeting and conferring think there's a better way to

17    present that to the Court, I'm open to that.  Really what I

18    just need to know is, what's still at issue?  And what

19    order -- you know, what's the order in which we need to take

20    these issues up?  So you all can have guidance to keep

21    discovery moving forward, if Judge Nichols reopens

22    discovery.

23               Does that make sense?

24               MR. BABCOCK:  Yeah.

25               MS. SULLIVAN:  Yes, your Honor.

```
 1                    MR. BABCOCK:  Yes.

 2                    THE COURT:  And that's a January 2nd deadline as

 3       well.

 4                    Okay.  Just a moment.

 5                    And I will also memorialize in writing my order

 6       about the meet-and-confer process going forward in this

 7       case.

 8                    Are there any questions at this time?  Anything

 9       else?  Just a moment.  Let me just make sure I have nothing

10       else that I want to address today.

11                    MS. SULLIVAN:  Your Honor, just one kind of

12       ticky-tacky thing, is that on the second set of RFPs,

13       Smartmatic's second set of RFPs, we have the pending request

14       for extension in front of Judge Nichols.  We think we can

15       put that request in the sort of amended or supplemental

16       motion regarding the case schedule and simply put it all in

17       one.  Do you think that's the best way to do it, as opposed

18       to otherwise reminding him of the existence of that request

19       that we filed in May?

20                    THE COURT:  You can put it in your motion and then

21       just drop a footnote that you raised it previously.

22                    MS. SULLIVAN:  Okay.

23                    THE COURT:  Is that what you mean?

24                    MS. SULLIVAN:  Yes.  Yes.  Okay.  Thank you, your

25       Honor.
```

 1              THE COURT:  Just whatever gets the issue before

 2     him that, you know -- it's fine, I'm sure.

 3              MR. BABCOCK:  Mr. Neerman reminds me that not only

 4     is Mr. Soros and his organization the subject of a

 5     third-party subpoena, but there are other third-party

 6     subpoenas that are in the process of being briefed for the

 7     Court.

 8              Do you want to speak to that, Jon?  I think his

 9     suggestion -- and he'll tell you which ones there are -- was

10     maybe that briefing ought to go forward just as the Soros

11     one should.

12              MR. NEERMAN:  Your Honor, very briefly, these

13     are -- OAN Issues 8, 10, 11 and 12 have already been

14     addressed today by Ms. Bender.

15              But 8 and 10 -- let me just confer with my

16     notes --

17              THE COURT:  Do you have ECF numbers for these?

18              MR. NEERMAN:  I sure do.  Yes, ma'am.

19              It's Docket 111, which deals with Scott Circle

20     communications.

21              THE COURT:  Okay.

22              MR. NEERMAN:  There is another one.  It has not

23     been docketed yet.  We filed our motion in the Southern

24     District of New York.  It's been transferred to DDC, but

25     there's no docket number yet.

 1              THE COURT:  Yes.  I am aware of that motion.

 2              MR. NEERMAN:  Okay.  And that deals with SEC

 3     Newgate.

 4              THE COURT:  So with respect to 111, the motion was

 5     filed on November 2nd.  It looks as if a response has been

 6     filed by the third party.  Correct?

 7              MR. NEERMAN:  That is correct.

 8              THE COURT:  Okay.  And a reply as well.  So that's

 9     fully briefed.

10              Are you saying this is a priority motion?

11              MR. NEERMAN:  No, your Honor.  I'm sorry.  The

12     predicate question is, you instructed the parties not to

13     file any other briefing.  But then you caveated it with --

14              THE COURT:  Third party.

15              MR. NEERMAN:  -- a third party's a little bit

16     different.

17              THE COURT:  Yes.

18              MR. NEERMAN:  We just wanted to make sure to the

19     extent we're still dealing with third parties that if we

20     need to come to the Court that we can file our motions and

21     have a different procedure than what we have with

22     Smartmatic.

23              THE COURT:  Yes.  So I mean, third parties --

24     well, are there additional -- well, so the Scott Circle is

25     fully briefed.  The other motion's in the process of being

 1   briefed.  Is that right?

 2             Do you know whether -- who's the subject of the

 3   one that was transferred to me from SDNY?

 4             MR. NEERMAN:  SEC Newgate.

 5             THE COURT:  Okay.

 6             MS. SULLIVAN:  And, your Honor, if I may.

 7             THE COURT:  Yes.

 8             MS. COVACS:  Benesch represents Scott Circle and

 9   SEC Newgate.  Obviously, Smartmatic does not, but our firm

10   does represent these two third parties.

11             THE COURT:  Okay.  Oh, well --

12             MS. SULLIVAN:  [Indiscernible] briefing on

13   [indiscernible] would be happy to simply resolve SEC Newgate

14   via the process that your Honor has outlined regarding the

15   process between the parties.

16             I will note that we found out about the motion

17   against SEC Newgate via this joint notice.  It was not

18   served on SEC Newgate or Benesch prior to the joint notice.

19   But we have it now.

20             THE COURT:  Okay.

21             MS. SULLIVAN:  And we're hoping to participate in

22   a conference regarding that.

23             THE COURT:  Okay.  Well, then, in that case,

24   let's -- given that I actually do have that party before me

25   through counsel, I will -- let's halt the briefing on the

```
 1    Newgate.

 2              Just a moment.

 3              Is that subpoena -- it's an MC matter?  Or is that

 4    in this case?  Has that been referred to me, the SEC Newgate

 5    motion?

 6              MS. SULLIVAN:  I believe it's a different case.

 7              MR. NEERMAN:  Let me check.

 8              THE COURT:  That might be Judge Walton's case.

 9              MR. NEERMAN:  No.  It is an MC matter.

10              MS. SULLIVAN:  It is.  Yes.  It is an MC matter.

11              THE COURT:  As much as I want to rule on things

12    that aren't before me and give the world my views and

13    opinions on all sorts of things, sadly I have to wait until

14    something's actually before me.

15              I think this one might not be before me, unless

16    I'm mistaken.

17              UNIDENTIFIED FEMALE SPEAKER:  [Indiscernible].

18              THE COURT:  Judge Walton?

19              MS. SULLIVAN:  Yes.  She's saying there's another

20    judge that --

21              THE COURT:  But it's a subpoena -- it's a Rule 45

22    subpoena from this case.

23              MR. NEERMAN:  That's correct.

24              THE COURT:  Okay.  You'll -- why don't you wait

25    for an order on that.  I think it's before Judge Walton.
```

```
 1                    MR. NEERMAN:  Okay.

 2                    THE COURT:  OAN filed its motion to compel in that

 3           MC matter, not this case.  Correct?

 4                    MR. NEERMAN:  That's correct, your Honor.

 5                    THE COURT:  Okay.  Here's what I would say on --

 6           okay.  So that's not before me.  But Benesch represents SEC

 7           Newgate?

 8                    MS. SULLIVAN:  Yes, your Honor.

 9                    THE COURT:  When is your deadline for responding

10           to that motion to compel?

11                    MS. SULLIVAN:  I don't know that we have one yet.

12           We haven't been served.

13                    THE COURT:  Okay.  Let me look into that issue.

14           And let's just -- I'll go ahead and give direction on this.

15           I have no idea whether that issue is going to be referred to

16           me.  But if you do see a docket entry from Judge Walton

17           referring that motion to me, you can halt briefing and we

18           will take it up as part of our discovery issues.  In fact,

19           if I see it, we'll issue an order saying that, you know,

20           we'll deal with it as part of the discovery process in this

21           case.

22                    I think that was -- was there anything else?  No?

23                    Just a moment.

24                    MR. BABCOCK:  Sure.

25                    (Pause in the audio recording.)
```

```
1              THE COURT:  Do you all know whether -- do you all
2       know whether 23-MC-116, which is a Judge Kelly motion -- is
3       that a subpoena that was issued from this case?
4              MR. BABCOCK:  Is that one that was transferred
5       from the Western District of Virginia?  That's the one we
6       were just talking about, your Honor.  That deals with
7       Gallagher, that Benesch is also --
8              MS. SULLIVAN:  We haven't discussed that yet
9       today.
10             MR. BABCOCK:  Right.
11             MS. SULLIVAN:  But that is another party that
12      Benesch represents, is Hugh Gallagher.
13             THE COURT:  Has it been referred to me?  It has
14      been referred to me.
15             MR. BABCOCK:  Huzzah.  And I believe that's been
16      fully briefed, your Honor, and docketed.
17             THE COURT:  Okay.
18             MS. SULLIVAN:  And, your Honor, we --
19             MR. BABCOCK:  What's the issue number?
20             MS. SULLIVAN:  OAN 3.
21             MR. BABCOCK:  3.
22             MS. SULLIVAN:  We believe this one's fully
23      resolved, your Honor, because Hugh Gallagher's deposition
24      was the issue in Smartmatic's second emergency motion to
25      quash, which your Honor granted.
```

1          But we also fully briefed it in Virginia.

2          THE COURT:  Are you saying it is resolved or is

3     not -- the motion is --

4          MS. SULLIVAN:  Our position is that it is because

5     in Smartmatic's second emergency motion, which was Docket

6     113, your Honor, it was a request to stay all depositions --

7          THE COURT:  Oh, yes.

8          MS. SULLIVAN:  -- including -- and we dropped a

9     footnote -- the outstanding notices that hadn't been ruled

10    on yet.  Hugh Gallagher, which was in Footnote 1 on Page 1

11    of that docket entry.

12         THE COURT:  So is he going to appear for his

13    deposition?

14         MS. SULLIVAN:  He will be happy to appear in the

15    future.  The date was, I believe, in October, which has

16    since passed.

17         THE COURT:  Okay.  Can you all confer on a date

18    and -- is it -- and I don't have the motion right in front

19    of me.  But it was a motion to compel his appearance?

20         MR. BABCOCK:  That's correct, your Honor.

21         THE COURT:  So he's agreeing to appear.  Can you

22    agree on a date?

23         MR. BABCOCK:  We'll confer on a date.

24         THE COURT:  And then that motion -- I can rule on

25    that motion as moot?

```
 1              MR. BABCOCK:  Once we agree on a date, your Honor,
 2     absolutely.
 3              THE COURT:  Okay.  Did you have something,
 4     Ms. Sullivan?
 5              MS. SULLIVAN:  No.
 6              MS. COVACS:  Your Honor, I was just going to --
 7              THE COURT:  Can you speak into the microphone,
 8     please?
 9              MS. COVACS:  That motion -- the reason that we
10     moved to stay, including Hugh Gallagher, was on the same
11     basis of timing.  So he will appear for a deposition.  We
12     really don't think --
13              THE COURT:  Yes.  That's exactly what we just
14     resolved.  Yes.  That's fine.  Good.  Well, good.  Judge
15     Kelly will be so impressed with how quickly I ruled on that.
16              With that one, I actually am going to ask for a
17     very quick turn-around for you all to tell me a date that
18     you can agree on for his deposition.  If you could please
19     email chambers by -- I don't know if you can get a date
20     together by close of business tomorrow?
21              MR. BABCOCK:  Sure.  We can, your Honor.
22              MS. COVACS:  Right.  We'll have to confer with
23     Mr. Gallagher about his schedule, your Honor.  And I'm not
24     sure whether he's available in the next 24 hours.  But we
25     will attempt to do that.
```

```
 1              THE COURT:  Okay.  Well, please -- I'm going to
 2    order that the parties meet and confer and that you let
 3    Mr. Gallagher know that I've ordered that he supply his
 4    availability and get that date set.  And then email me and
 5    then tell me that that date has been set.  I don't need to
 6    know what the date is, but if you want to tell me, that's
 7    great.
 8              And then I will rule on that motion in the MC
 9    matter from Judge Kelly and get that motion off the docket.
10              So this is why this process is extremely helpful,
11    because it helps -- you know, we can resolve things this
12    way.
13              So the other thing that I will tell you, which
14    is -- will be met with a lot of hostility, from the Court --
15    so I'm just going to put it out there right now -- sometimes
16    parties resolve things or, you know, some issue is no longer
17    a hotly contested issue, but they fail to tell the Court.
18              And I spend a lot of time and resources trying to
19    get things right and deal with these issues.
20              So please tell me sooner rather than later if
21    something is resolved or is -- even if you all are getting
22    close to a resolution and, you know, it could be that I very
23    well may be, you know, hitting the books on the issue at
24    that moment.  And if it's going to be resolved, I'm sure you
25    all can understand and appreciate we are just really, really
```

1    slammed in this court at this time.  And I also have

2    criminal duty every six weeks for a two-week period, and so

3    I try to deal with priority civil matters during that time,

4    but it's very difficult to do that.

5            So I ask you all to keep me apprised.  And you can

6    do that by just emailing chambers and emailing my law clerk.

7            I would say anytime you do email us with respect

8    to these matters, always copy each other and email both my

9    law clerk, Ms. Kasheidas, as well as the chambers inbox.

10   And we're going to give you that email address now.  That

11   way, if Ms. Kasheidas isn't available that particular day,

12   her co-clerk can see the email in the chambers inbox.

13           And anything with respect to scheduling or

14   procedures, you can contact Ms. Butler.  She's my boss.

15           Okay.  Hope, do you want to give the email?

16           She will -- you know what she'll do?  She will

17   send one email to all of you from her personal email and

18   then she'll copy the chambers inbox.  And that way, you can

19   just use that as the -- kind of the list of service.  But --

20   you know what I mean.  The distribution list.  All right?

21   Does that work for everyone?

22           MS. COVACS:  Yes, your Honor.  Thank you.

23           THE COURT:  Okay.  So what I'll do is, after I get

24   the submissions, after we get some guidance from Judge

25   Nichols, I'm not going to wait on his ruling on the request

 1     for extension of discovery to start, you know, taking up

 2     some of these issues.  But I will set a further discovery

 3     conference.  And depending on what I see from you all on

 4     January 2nd, I may make it a standing conference so that we

 5     can just really move apace through these issues.

 6          My first quarter of next year is extremely tied up

 7     with criminal matters, a trial and criminal duty and other

 8     civil matters.  So I do want to make sure that we get you

 9     all dedicated time to get these issues resolved.  So you'll

10     hear from me on whether that might be a good way for us to

11     just kind of get together every week or two weeks to try to

12     get some of these issues cleaned up.

13          MR. BABCOCK:  Your Honor, just in terms of my

14     scheduling, I'm going to be out of the country between

15     January 5th and I'm coming back the 26th.  No reason to

16     delay any hearings because Mr. Neerman or Mr. Edwards or

17     Ms. Blaesche -- I mean, there's a lot of lawyers that are

18     fully capable of showing up.  And if I don't show up in that

19     time period, it's not out of disrespect; it's just I'm going

20     to be out of the country.

21          THE COURT:  I appreciate that.  I hope it's

22     somewhere fun.

23          MR. BABCOCK:  Yeah.  Australia.

24          THE COURT:  Okay.  Well, I will not make you join

25     any conference from Australia.

```
 1                  MR. BABCOCK:  The timing is bad.

 2                  THE COURT:  Yes.  That -- and it's summer there,

 3      right?

 4                  MR. BABCOCK:  Right now.  My wife and I are going

 5      to the Australian Open.

 6                  THE COURT:  Oh, that'll be nice.  Well, I won't

 7      be.  We'll be dealing with these issues without you.

 8                  MR. BABCOCK:  Yeah.

 9                  THE COURT:  So we'll make sure you have a lot of

10      work to do when you get back.

11                  MR. BABCOCK:  Thank you.

12                  THE COURT:  Okay.  Anything else?

13                  All right.  Well, I wish you all a nice holiday,

14      if you celebrate, and a Happy New Year.  And I look forward

15      to receiving all of these submissions.  And we'll get moving

16      quickly on these issues as best I can.

17                  MR. BABCOCK:  Thank you so much, your Honor.

18                  MS. COVACS:  Thank you very much, your Honor.

19                  THE COURT:  All right.  Thank you all.  Take care.

20                  (Proceedings concluded.)

21

22

23

24

25
```

1                          **<u>CERTIFICATE</u>**

2

3                I, LISA EDWARDS, RDR, CRR, do hereby

4      certify that the foregoing constitutes a true and accurate

5      transcript of my stenographic notes, and is a full, true,

6      and complete transcript of the proceedings produced to the

7      best of my ability.

8

9

10               Dated this 24th day of December, 2023.

11

12               <u>/s/ Lisa Edwards, RDR, CRR</u>
                 Official Court Reporter
13               United States District Court for the
                   District of Columbia
14               333 Constitution Avenue, Northwest
                 Washington, D.C. 20001
15               (202) 354-3269

16

17

18

19

20

21

22

23

24

25

71

## /

**/s** [1] - 70:12

## 1

**1** [5] - 5:12, 7:18, 24:24, 64:10
**10** [2] - 58:13, 58:15
**11** [1] - 58:13
**111** [2] - 58:19, 59:4
**113** [1] - 64:6
**11th** [2] - 30:11, 30:17
**12** [1] - 58:13
**120** [14] - 31:17, 37:18, 37:21, 37:23, 38:3, 38:14, 39:2, 39:12, 39:13, 39:15, 39:24, 40:7, 42:18, 54:1
**12:09** [1] - 1:8
**13** [1] - 29:16
**14** [2] - 23:18, 50:13
**1401** [1] - 1:21
**143-4** [2] - 48:11, 49:7
**146** [2] - 4:13, 23:12
**14th** [1] - 23:13
**1500** [1] - 36:17
**1600** [1] - 1:18
**17th** [1] - 2:3
**1875** [1] - 2:6
**1900** [1] - 1:21

## 2

**2** [7] - 30:7, 30:14, 32:18, 33:23, 33:25, 34:18, 35:25
**20** [1] - 1:7
**20001** [2] - 2:10, 70:14
**20006** [2] - 2:4, 2:6
**202** [2] - 2:11, 70:15
**2022** [1] - 11:8
**2023** [5] - 1:7, 11:9, 30:11, 30:17, 70:10
**21-02900** [1] - 1:4
**21-2900** [1] - 3:3
**22nd** [1] - 23:22
**23-MC-116** [1] - 63:2
**2323** [1] - 1:24
**24** [1] - 65:24
**24th** [1] - 70:10
**26th** [1] - 68:15
**27-page** [1] - 17:19

## 2nd

**2nd** [15] - 40:25, 41:1, 42:17, 42:19, 45:4, 45:15, 50:10, 53:25, 54:2, 54:19, 54:20, 55:14, 57:2, 59:5, 68:4

## 3

**3** [3] - 32:18, 63:20, 63:21
**31st** [1] - 34:9
**333** [2] - 2:9, 70:14
**350** [1] - 2:3
**354-3269** [2] - 2:11, 70:15

## 4

**4** [2] - 30:7, 31:8
**45** [2] - 24:2, 61:21

## 5

**5** [3] - 29:4, 30:6, 48:23
**500** [1] - 36:20
**5th** [3] - 11:15, 23:21, 68:15

## 6

**6** [4] - 29:8, 33:23, 35:3, 35:6
**600** [1] - 1:24
**60606** [1] - 1:18
**667** [1] - 19:3
**6706** [2] - 2:10
**6th** [1] - 23:19

## 7

**7** [3] - 29:11, 29:14, 30:7
**7-M** [1] - 13:1
**70** [1] - 31:16
**71** [1] - 1:17
**75201** [1] - 1:25
**77010** [1] - 1:22

## 8

**8** [2] - 58:13, 58:15
**801** [1] - 2:3
**8th** [1] - 12:2

## 9

**92** [1] - 34:13
**94** [9] - 37:17, 37:20, 37:22, 38:5, 39:19, 39:23, 40:6, 42:18, 54:1
**99.9** [1] - 5:21
**9th** [2] - 51:7, 53:21

## A

**ability** [2] - 45:9, 70:7
**able** [8] - 15:5, 15:10, 16:10, 29:14, 36:1, 37:4, 41:11, 47:17
**absent** [1] - 23:17
**absolutely** [2] - 11:13, 65:2
**acceptable** [1] - 50:10
**accurate** [1] - 70:4
**Action** [1] - 1:3
**activity** [1] - 4:21
**actual** [2] - 52:22, 53:1
**add** [1] - 55:21
**addition** [1] - 12:21
**additional** [10] - 7:11, 12:7, 12:17, 14:21, 15:2, 26:21, 34:16, 36:4, 59:24
**address** [9] - 4:11, 17:16, 22:14, 23:6, 33:9, 33:10, 52:15, 57:10, 67:10
**addressed** [4] - 26:7, 30:17, 47:15, 58:14
**addressing** [4] - 3:15, 3:22, 15:22, 45:21
**adhere** [1] - 37:24
**adjusted** [1] - 38:12
**advance** [1] - 10:19
**advise** [2] - 8:21, 9:4
**advising** [1] - 9:14
**AEO** [2] - 41:14, 41:20
**afternoon** [2] - 3:2, 3:18
**aggressive** [1] - 11:20
**ago** [3] - 28:18, 32:14, 46:20
**agree** [14] - 5:25, 6:23, 13:10, 13:21, 33:14, 33:18, 35:25,
41:7, 41:11, 47:25, 55:25, 64:22, 65:1, 65:18
**agreed** [3] - 23:19, 32:16, 41:5
**agreed-upon** [1] - 41:5
**agreeing** [1] - 64:21
**agreement** [3] - 13:2, 13:13, 14:10
**ahead** [3] - 34:7, 39:11, 62:14
**al** [2] - 1:3, 3:4
**alert** [1] - 54:6
**alive** [2] - 29:10, 31:9
**allow** [9] - 6:11, 12:16, 16:21, 20:25, 23:6, 35:16, 47:19, 47:20, 50:19
**allows** [3] - 34:18, 36:4, 38:14
**alluded** [1] - 44:4
**almost** [1] - 52:19
**amend** [2] - 12:4, 38:8, 48:13, 53:23
**amended** [3] - 26:24, 29:6, 57:15
**amending** [1] - 43:1
**amendment** [1] - 50:2
**amends** [1] - 27:7
**AMERICA** [1] - 1:7
**America** [1] - 4:23
**American** [2] - 38:2, 38:15
**amount** [2] - 14:22, 15:8
**AND** [1] - 2:5
**anytime** [1] - 67:7
**apace** [3] - 5:1, 45:8, 68:5
**apologies** [1] - 23:4
**appeal** [10] - 7:3, 7:4, 8:9, 8:12, 8:16, 8:20, 12:22, 43:5, 43:17, 54:6
**appealing** [2] - 4:24, 8:24
**appeals** [3] - 7:2, 8:6, 9:6
**appear** [4] - 64:12, 64:14, 64:21, 65:11
**appearance** [3] - 22:24, 23:1, 64:19
**aPPEARANCES** [1] - 1:14
**APPEARANCES** [1] - 2:1
**applicability** [1] - 28:12

## applicable

**applicable** [1] - 40:4
**apply** [3] - 15:3, 21:8, 50:13
**appreciate** [4] - 9:20, 51:3, 66:25, 68:21
**apprised** [2] - 38:21, 67:5
**appropriate** [6] - 8:21, 10:4, 10:6, 31:11, 38:22, 50:9
**area** [1] - 36:21
**argument** [2] - 11:11, 47:4
**arguments** [4] - 18:8, 18:11, 47:5, 47:21
**arms** [1] - 46:9
**ARONOFF** [1] - 1:17
**ASAP** [2] - 5:3, 12:25
**aside** [4] - 10:25, 11:2, 11:5, 11:9
**assert** [2] - 8:15, 52:19
**assume** [2] - 12:6, 53:19
**assuming** [2] - 8:19, 31:3
**assured** [1] - 21:1
**attached** [1] - 30:6
**attaching** [1] - 41:17
**attempt** [1] - 65:25
**attorneys'-eyes-only** [1] - 33:11
**AUDIO** [1] - 1:11
**audio** [2] - 28:5, 62:25
**Australia** [2] - 68:23, 68:25
**Australian** [1] - 69:5
**authority** [3] - 38:14, 40:4, 44:8
**automatically** [1] - 26:20
**availability** [2] - 54:22, 66:4
**available** [3] - 18:2, 65:24, 67:11
**Avenue** [1] - 1:24, 2:9, 70:14
**avoid** [1] - 20:6
**aware** [5] - 5:25, 19:25, 37:14, 41:8, 59:1

## B

**Babcock** [10] - 3:19, 8:2, 10:7, 25:21, 29:1, 30:25, 35:16, 35:19,

44:5, 44:16
**BABCOCK** [118] -
1:19, 3:18, 4:25, 8:4,
8:8, 9:1, 9:18, 10:9,
10:11, 10:17, 10:19,
10:22, 11:2, 11:4,
12:19, 13:10, 14:19,
15:17, 16:4, 16:13,
18:15, 18:18, 18:21,
19:4, 19:7, 19:15,
20:5, 20:14, 21:4,
23:25, 24:4, 24:19,
24:23, 24:25, 25:22,
29:4, 29:25, 30:3,
31:1, 31:8, 31:25,
32:4, 35:24, 36:25,
37:3, 37:6, 37:9,
37:12, 37:17, 37:20,
38:3, 38:17, 38:24,
39:5, 39:8, 39:11,
40:9, 40:12, 40:16,
40:18, 41:1, 41:3,
41:8, 42:2, 42:6,
42:10, 42:13, 42:20,
42:23, 43:7, 43:12,
43:19, 43:21, 44:21,
45:5, 46:21, 47:25,
48:4, 48:23, 48:25,
49:5, 50:1, 50:5, 50:8,
50:11, 51:11, 51:18,
51:21, 51:25, 52:5,
52:7, 52:9, 53:9,
53:20, 54:13, 54:20,
55:1, 55:5, 56:24,
57:1, 58:3, 62:24,
63:4, 63:10, 63:15,
63:19, 63:21, 64:20,
64:23, 65:1, 65:21,
68:13, 68:23, 69:1,
69:4, 69:8, 69:11,
69:17
  **bad** [1] - 69:1
  **ball** [1] - 44:1
  **barred** [1] - 23:7
  **based** [1] - 50:18
  **basis** [5] - 8:16, 23:5,
34:12, 38:13, 65:11
  **Bates** [1] - 11:23
  **Bates-numbered** [1]
- 11:23
  **bear** [2] - 53:1, 54:24
  **BEFORE** [1] - 1:12
  **beginning** [1] - 45:18
  **begun** [1] - 45:22
  **behalf** [3] - 4:7,
23:11, 26:22
  **Belgium** [2] - 38:6,
39:21
  **Bender** [5] - 4:2, 4:6,
22:18, 47:16, 58:14

**BENDER** [12] - 2:5,
4:1, 4:6, 4:12, 4:16,
22:22, 22:25, 23:4,
23:8, 23:10, 24:5,
24:15
  **Benesch** [6] - 3:10,
60:8, 60:18, 62:6,
63:7, 63:12
  **BENESCH** [1] - 1:16
  **best** [7] - 7:18,
13:15, 45:8, 56:12,
57:17, 69:16, 70:7
  **bet** [2] - 24:23, 55:1
  **better** [4] - 28:6,
32:15, 37:15, 56:16
  **between** [3] - 55:8,
60:15, 68:14
  **big** [1] - 44:22
  **bigger** [1] - 11:3
  **biggest** [1] - 6:13
  **bill** [1] - 24:23
  **bit** [8] - 5:6, 6:25,
25:8, 28:6, 38:9, 51:1,
51:23, 59:15
  **Blaesche** [1] - 68:17
  **blue** [8] - 26:15,
26:16, 26:18, 27:2,
27:14, 27:23, 28:7,
34:18
  **books** [1] - 66:23
  **boss** [1] - 67:14
  **Bower** [1] - 23:1
  **BOYDEN** [1] - 2:2
  **braggart** [1] - 42:2
  **Brazil** [2] - 38:5,
39:19
  **breadth** [1] - 3:23
  **break** [1] - 33:13
  **brief** [4] - 17:17,
17:21, 20:22, 22:20
  **briefed** [6] - 58:6,
59:9, 59:25, 60:1,
63:16, 64:1
  **briefing** [18] - 6:11,
14:12, 20:24, 20:25,
23:20, 24:11, 28:24,
45:19, 46:24, 47:9,
51:11, 51:16, 51:23,
58:10, 59:13, 60:12,
60:25, 62:17
  **briefly** [3] - 4:12,
18:1, 58:12
  **briefs** [4] - 45:22,
46:23, 47:23, 50:23
  **brought** [3] - 7:15,
12:25, 19:20
  **build** [1] - 44:12
  **burden** [1] - 36:12
  **business** [1] - 65:20
  **butler** [1] - 67:14

**BY** [1] - 2:7

# C

**Caitlin** [1] - 3:9
**CAITLIN** [1] - 1:15
**campaigns** [1] -
21:25
  **capable** [1] - 68:18
  **care** [6] - 26:6,
26:14, 27:4, 28:8,
44:1, 69:19
  **case** [39] - 3:1, 4:8,
5:15, 6:1, 7:1, 7:12,
11:18, 12:13, 13:23,
17:5, 20:9, 21:7,
21:19, 26:8, 26:19,
26:24, 27:7, 27:23,
27:25, 28:3, 31:13,
31:18, 34:2, 34:3,
34:23, 35:10, 41:9,
41:16, 57:7, 57:16,
60:23, 61:4, 61:6,
61:8, 61:22, 62:3,
62:21, 63:3
  **Case** [1] - 3:3
  **case-scheduling** [1]
- 34:2
  **cases** [3] - 21:14,
21:23, 41:10
  **category** [1] - 11:14
  **caveated** [1] - 59:13
  **celebrate** [1] - 69:14
  **certain** [7] - 13:8,
15:9, 20:25, 21:9,
22:4, 37:20, 45:22
  **certainly** [4] - 39:4,
51:22, 52:19, 53:3
  **CERTIFICATE** [1] -
70:1
  **certify** [1] - 70:4
  **chambers** [11] -
17:14, 17:16, 49:22,
50:14, 56:5, 65:19,
67:6, 67:9, 67:12,
67:18
  **chance** [3] - 25:17,
45:6, 47:10
  **changed** [1] - 34:7
  **Charles** [1] - 3:18
  **CHARLES** [1] - 1:19
  **chart** [6] - 25:7,
44:11, 44:25, 55:21,
56:4, 56:15
  **charts** [1] - 45:17
  **check** [1] - 61:7
  **Chicago** [1] - 1:18
  **Chip** [1] - 3:19
  **Circle** [3] - 58:19,

59:24, 60:8
  **Civil** [2] - 1:3, 3:3
  **civil** [2] - 67:3, 68:8
  **claiming** [3] - 48:8,
48:17, 48:18
  **cleaned** [1] - 68:12
  **clear** [4] - 9:14, 17:3,
27:6, 30:4
  **cleared** [1] - 46:13
  **clearly** [1] - 28:4
  **clerk** [5] - 25:20,
55:13, 67:6, 67:9,
67:12
  **client** [3] - 23:1,
24:25, 47:16
  **client's** [1] - 22:21
  **clients** [5] - 4:7,
23:11, 23:14, 23:19,
24:13
  **clogging** [1] - 47:22
  **close** [3] - 31:1,
65:20, 66:22
  **closed** [1] - 19:21
  **closer** [1] - 33:21
  **co** [2] - 41:25, 67:12
  **co-clerk** [1] - 67:12
  **co-counsel** [1] -
41:25
  **code** [1] - 29:9
  **codes** [1] - 25:9
  **cognizant** [1] - 50:23
  **coin** [1] - 36:14
  **coincidentally** [1] -
47:12
  **colleagues** [1] - 16:6
  **color** [1] - 25:9
  **color-codes** [1] -
25:9
  **colors** [2] - 44:13,
44:23
  **Columbia** [2] - 2:9,
70:13
  **COLUMBIA** [1] - 1:1
  **column** [3] - 27:18,
27:22, 55:21
  **coming** [3] - 30:13,
55:10, 68:15
  **comments** [1] - 48:1
  **communicate** [1] -
44:17
  **communicated** [1] -
19:13
  **communications** [1]
- 58:20
  **compel** [18] - 5:24,
17:8, 23:15, 24:10,
24:12, 29:5, 29:9,
29:12, 29:17, 30:18,
30:21, 31:3, 33:25,
47:18, 52:24, 62:2,

62:10, 64:19
  **compels** [1] - 23:15
  **complaints** [1] -
11:21
  **complete** [4] - 6:19,
7:11, 14:24, 70:6
  **completely** [2] -
13:11, 38:25
  **completing** [1] -
33:22
  **compliance** [2] -
29:18, 51:22
  **complicated** [1] -
37:14
  **complied** [1] - 18:21
  **comply** [3] - 15:3,
29:24, 40:2
  **conceptually** [1] -
56:11
  **concise** [3] - 17:17,
22:6, 44:17
  **concluded** [1] -
69:20
  **conditions** [1] - 15:2
  **confer** [15] - 5:16,
12:25, 17:12, 17:13,
19:14, 21:11, 22:3,
35:13, 40:24, 57:6,
58:15, 64:17, 64:23,
65:22, 66:2
  **CONFERENCE** [1] -
1:11
  **Conference** [2] -
38:2, 38:16
  **conference** [12] -
3:6, 4:20, 5:19, 17:25,
20:21, 46:13, 47:1,
50:16, 60:22, 68:3,
68:4, 68:25
  **conferences** [2] -
47:24, 56:2
  **conferred** [2] -
19:25, 32:8
  **conferring** [4] -
13:23, 21:6, 21:15,
56:16
  **confers** [3] - 21:7,
21:11, 21:18
  **confidential** [6] -
33:11, 41:15, 41:19,
41:20, 41:23, 42:4
  **confusion** [1] - 40:9
  **consent** [3] - 10:7,
11:5, 11:6
  **consider** [4] - 12:16,
18:7, 18:10, 49:14
  **consideration** [1] -
42:17
  **considering** [2] -
44:8, 46:12

**consolidated** [1] - 41:9

**constitutes** [1] - 70:4

**Constitution** [2] - 2:9, 70:14

**CONT'D** [1] - 2:1

**contact** [2] - 50:14, 67:14

**contested** [2] - 21:23, 66:17

**continually** [1] - 47:22

**continue** [1] - 31:2

**continuing** [1] - 28:24

**convene** [1] - 46:15

**Convention** [6] - 37:23, 37:24, 39:6, 39:13, 40:3, 40:14

**COPLAN** [1] - 1:16

**copy** [6] - 25:6, 25:14, 25:17, 25:21, 67:8, 67:18

**Corp** [1] - 3:3

**CORP** [1] - 1:3

**correct** [12] - 4:24, 4:25, 9:23, 29:25, 32:2, 53:9, 59:6, 59:7, 61:23, 62:3, 62:4, 64:20

**counsel** [11] - 3:8, 3:25, 7:20, 21:25, 25:14, 31:10, 34:6, 38:19, 38:20, 41:25, 60:25

**countries** [5] - 37:20, 37:23, 38:1, 39:6

**country** [2] - 68:14, 68:20

**couple** [2] - 38:7, 44:2

**course** [11] - 6:1, 8:13, 8:14, 9:4, 12:25, 27:13, 36:16, 45:14, 48:6, 54:23, 55:5

**COURT** [200] - 1:1, 3:1, 3:14, 3:17, 3:25, 4:4, 4:10, 4:15, 4:17, 5:1, 8:5, 8:22, 9:2, 9:20, 10:7, 10:10, 10:15, 10:18, 10:21, 10:25, 11:3, 12:3, 12:20, 13:17, 15:4, 15:18, 16:7, 16:15, 18:17, 18:20, 19:3, 19:6, 19:10, 19:16, 20:3, 20:6, 20:15, 21:5, 22:18, 22:23, 23:3, 23:6, 23:9, 23:23, 24:1, 24:6,

24:16, 24:21, 24:24, 25:2, 25:10, 25:13, 25:16, 25:19, 25:25, 26:16, 26:25, 27:9, 27:11, 27:14, 27:17, 27:19, 27:24, 28:2, 28:25, 29:20, 30:1, 30:14, 30:25, 31:7, 31:22, 32:1, 32:5, 32:7, 32:18, 33:2, 33:18, 34:17, 34:22, 35:2, 35:5, 35:15, 35:19, 36:22, 37:2, 37:4, 37:8, 37:16, 37:19, 38:1, 38:13, 38:23, 39:1, 39:6, 39:9, 39:12, 39:23, 40:11, 40:13, 40:17, 40:22, 41:2, 41:4, 41:13, 42:3, 42:9, 42:11, 42:15, 42:22, 43:3, 43:8, 43:13, 43:20, 43:24, 44:24, 45:6, 45:12, 46:3, 46:5, 46:8, 46:11, 46:24, 48:3, 48:22, 48:24, 49:4, 49:6, 49:13, 49:16, 49:18, 50:4, 50:7, 50:10, 50:12, 51:9, 51:12, 51:20, 51:24, 52:3, 52:6, 52:8, 52:14, 52:17, 53:8, 53:11, 53:21, 53:25, 54:14, 54:18, 54:21, 55:3, 55:7, 56:6, 57:2, 57:20, 57:23, 58:1, 58:17, 58:21, 59:1, 59:4, 59:8, 59:14, 59:17, 59:23, 60:5, 60:7, 60:11, 60:20, 60:23, 61:8, 61:11, 61:18, 61:21, 61:24, 62:2, 62:5, 62:9, 62:13, 63:1, 63:13, 63:17, 64:2, 64:7, 64:12, 64:17, 64:21, 64:24, 65:3, 65:7, 65:13, 66:1, 67:23, 68:21, 68:24, 69:2, 69:6, 69:9, 69:12, 69:19

**Court** [29] - 2:8, 2:8, 3:15, 3:22, 4:11, 5:14, 7:16, 15:10, 16:12, 17:8, 23:7, 25:11, 33:6, 37:13, 38:8, 38:14, 40:2, 40:21, 40:25, 41:8, 47:5, 50:8, 56:17, 58:7, 59:20, 66:14, 66:17,

70:12, 70:13

**court** [2] - 23:7, 67:1

**Court's** [4] - 13:14, 23:18, 42:17, 54:3

**COURTROOM** [1] - 3:2

**COVACS** [56] - 1:15, 3:9, 3:16, 9:24, 20:2, 22:17, 25:4, 25:12, 25:14, 25:18, 25:24, 26:1, 26:18, 27:5, 27:10, 27:13, 27:16, 27:18, 27:20, 27:25, 28:10, 30:2, 30:4, 30:16, 31:5, 32:3, 32:6, 32:9, 33:1, 33:17, 33:19, 34:21, 34:23, 35:4, 35:6, 35:18, 37:11, 45:11, 45:14, 46:4, 46:6, 46:10, 49:12, 49:14, 49:17, 49:25, 51:3, 51:10, 52:15, 56:3, 60:8, 65:6, 65:9, 65:22, 67:22, 69:18

**Covacs** [10] - 3:10, 9:23, 25:3, 35:25, 37:9, 42:1, 44:22, 49:8, 50:25, 52:7

**Covacs's** [2] - 46:22, 50:2

**covered** [1] - 42:23

**covers** [1] - 33:9

**criminal** [3] - 67:2, 68:7

**cross** [1] - 37:6

**cross-referenced** [1] - 37:6

**CRR** [3] - 2:7, 70:3, 70:12

**cued** [2] - 16:16, 54:24

**current** [1] - 16:10

# D

**D.C** [5] - 1:7, 2:4, 2:6, 2:10, 70:14

**d/b/a** [1] - 1:6

**Dallas** [1] - 1:25

**damage** [1] - 48:14

**damages** [4] - 48:8, 48:14, 48:17, 48:18

**date** [15] - 12:2, 38:9, 50:7, 50:9, 50:25, 64:15, 64:17, 64:22, 64:23, 65:1, 65:17, 65:19, 66:4, 66:5, 66:6

**Dated** [1] - 70:10

**dates** [5] - 12:24, 14:10, 14:11, 40:5, 45:15

**days** [3] - 23:18, 32:14, 45:24

**DDC** [1] - 58:24

**deadline** [20] - 14:6, 14:10, 14:24, 15:23, 16:5, 16:8, 34:4, 34:8, 34:24, 35:1, 36:2, 40:21, 42:15, 42:19, 43:1, 51:23, 54:11, 54:12, 57:2, 62:9

**deadlines** [2] - 12:18, 49:15

**deal** [9] - 6:14, 24:8, 37:13, 44:20, 55:11, 56:2, 62:20, 66:19, 67:3

**dealing** [4] - 5:10, 39:13, 59:19, 69:7

**deals** [3] - 39:16, 58:19, 59:2, 63:6

**dealt** [2] - 5:2, 44:19

**December** [6] - 1:7, 11:9, 12:2, 23:13, 23:18, 70:10

**decide** [1] - 12:4

**decided** [3] - 26:6, 33:20, 55:23

**deciding** [1] - 12:16

**decision** [1] - 13:17

**dedicated** [1] - 68:9

**defamation** [1] - 52:23

**Defendant** [2] - 1:8, 3:19

**DEFENDANT** [2] - 1:19, 2:2

**Defendant's** [4] - 29:5, 29:8, 29:11, 29:16

**Defendants** [6] - 6:6, 7:4, 12:10, 14:9, 14:17, 21:2

**defense** [1] - 42:6

**definition** [1] - 17:19

**delay** [1] - 68:16

**deny** [2] - 39:24, 40:6

**deponent** [1] - 41:22

**depose** [1] - 48:21

**deposition** [23] - 8:11, 11:10, 12:1, 31:9, 31:14, 31:22, 32:8, 32:17, 33:6, 40:19, 40:24, 41:18, 41:21, 42:7, 42:15, 42:16, 45:16, 54:3,

54:7, 63:23, 64:13, 65:11, 65:18

**depositions** [19] - 7:3, 8:7, 8:11, 8:19, 9:9, 9:16, 11:7, 26:11, 30:17, 30:18, 31:2, 31:16, 31:19, 32:2, 32:20, 32:24, 41:7, 42:5, 64:6

**DEPUTY** [1] - 3:2

**described** [4] - 20:13, 28:23, 29:4, 29:8

**describing** [1] - 20:20

**description** [2] - 17:17, 20:22

**determination** [1] - 7:19

**different** [4] - 44:23, 59:16, 59:21, 61:6

**difficult** [1] - 67:4

**diligence** [1] - 7:21

**direction** [1] - 62:14

**directly** [1] - 19:19

**disagree** [1] - 14:22

**disappear** [1] - 28:1

**disclosed** [1] - 41:21

**disclosures** [4] - 29:6, 48:13, 48:14, 53:23

**DISCOVERY** [1] - 1:11

**discovery** [80] - 3:5, 4:19, 5:2, 5:10, 5:11, 5:14, 5:19, 5:22, 6:4, 6:15, 6:19, 7:12, 9:8, 9:10, 9:21, 10:8, 10:12, 11:7, 11:10, 11:16, 12:1, 12:5, 12:8, 12:9, 12:13, 12:14, 12:17, 12:18, 12:24, 13:3, 13:8, 14:6, 14:16, 14:21, 14:24, 15:2, 15:9, 15:22, 16:21, 17:5, 17:6, 17:9, 17:14, 17:25, 19:13, 19:21, 20:20, 21:8, 21:13, 21:23, 22:11, 28:9, 33:22, 34:19, 36:6, 36:16, 37:13, 37:14, 41:9, 43:1, 44:8, 46:13, 47:1, 47:11, 48:5, 48:20, 49:2, 50:12, 52:4, 52:12, 52:19, 54:11, 55:15, 56:1, 56:21, 56:22, 62:18, 62:20, 68:1, 68:2

**discuss** [3] - 7:13, 17:25, 28:24
**discussed** [2] - 28:18, 63:8
**discussion** [1] - 6:3
**dispositive** [3] - 51:16, 52:1, 52:2
**dispute** [13] - 5:14, 5:18, 7:8, 14:6, 17:9, 17:14, 17:17, 17:22, 18:4, 18:25, 44:8, 47:20, 53:22
**disputes** [54] - 5:2, 5:5, 5:10, 5:17, 6:4, 6:10, 6:12, 7:15, 7:20, 7:22, 7:24, 9:8, 11:16, 12:14, 15:6, 15:11, 16:20, 17:3, 17:7, 19:10, 19:12, 19:23, 20:11, 20:20, 21:8, 21:9, 21:13, 21:21, 21:23, 22:4, 22:5, 22:11, 26:11, 27:8, 28:1, 29:1, 29:22, 35:20, 35:22, 36:23, 44:2, 44:5, 44:20, 45:21, 47:11, 50:13, 50:21, 52:4, 52:19, 53:17, 55:15, 55:18, 55:23, 56:13
**disrespect** [1] - 68:19
**distinction** [1] - 37:22
**distribution** [1] - 67:20
**District** [5] - 2:8, 2:9, 58:24, 63:5, 70:13
**district** [1] - 70:13
**DISTRICT** [2] - 1:1, 1:1
**docket** [15] - 23:1, 26:21, 28:18, 29:13, 43:18, 47:22, 48:12, 48:24, 49:23, 56:4, 56:6, 58:25, 62:16, 64:11, 66:9
**Docket** [4] - 4:13, 23:12, 58:19, 64:5
**docketed** [3] - 29:23, 58:23, 63:16
**Document** [1] - 37:18
**document** [4] - 6:19, 14:18, 32:10, 37:5
**documents** [8] - 11:12, 11:17, 11:23, 17:22, 34:10, 34:14, 37:17, 40:1
**Dominion** [5] -

31:13, 31:18, 41:9, 41:10, 42:8
**done** [5] - 13:3, 16:5, 22:11, 26:13, 33:8
**down** [2] - 30:22, 33:13
**drafted** [1] - 30:20
**drawing** [1] - 21:10
**Drive** [1] - 1:17
**drop** [1] - 57:21
**dropped** [1] - 64:8
**due** [4] - 23:17, 23:21, 45:23, 51:6
**dueling** [1] - 14:4
**duplicative** [1] - 35:9
**during** [2] - 19:12, 67:3
**duty** [2] - 67:2, 68:7

## E

**early** [1] - 18:22
**easier** [2] - 25:5, 25:8
**easy** [1] - 13:20
**ECF** [5] - 39:13, 39:23, 54:1, 58:17
**ECFs** [1] - 42:18
**Edwards** [4] - 3:20, 38:24, 68:16, 70:12
**EDWARDS** [3] - 1:20, 2:7, 70:3
**effective** [2] - 20:16
**efficient** [3] - 5:12, 20:15, 41:17
**efficiently** [1] - 16:1
**effort** [4] - 5:17, 10:11, 11:6, 11:10
**either** [4] - 35:10, 43:1, 44:5, 53:18
**element** [1] - 52:22
**Elizabeth** [1] - 23:1
**email** [15] - 17:16, 17:24, 21:24, 50:15, 50:18, 56:4, 65:19, 66:4, 67:7, 67:8, 67:10, 67:12, 67:15, 67:17
**emailing** [2] - 67:6
**emails** [1] - 21:16
**emergency** [10] - 7:3, 9:15, 9:16, 23:5, 29:16, 30:19, 43:13, 54:7, 63:24, 64:5
**employ** [1] - 5:10
**employs** [1] - 5:9
**engaged** [1] - 38:19
**engaging** [2] - 7:21, 12:7

**ensure** [2] - 40:1, 41:22
**enter** [2] - 23:4, 34:25
**entered** [5] - 6:18, 22:23, 22:25, 34:24, 51:17
**entire** [1] - 17:5
**entries** [3] - 27:2, 27:4, 29:1
**entry** [3] - 29:11, 62:16, 64:11
**especially** [2] - 21:22, 48:13
**ESQ** [7] - 1:15, 1:16, 1:19, 1:20, 1:23, 2:2, 2:5
**essentially** [3] - 20:7, 23:20, 30:24
**established** [1] - 36:3
**et** [2] - 1:3, 3:3
**evaluate** [1] - 34:15
**events** [1] - 8:18
**exact** [1] - 47:12
**exactly** [2] - 42:13, 65:13
**example** [8] - 6:16, 17:21, 22:9, 26:11, 27:10, 48:16, 48:19, 52:24
**excellent** [1] - 33:17
**except** [1] - 11:16
**exception** [1] - 47:14
**excused** [1] - 24:17
**existed** [1] - 46:20
**existence** [1] - 57:18
**exists** [1] - 23:20
**expect** [2] - 5:16, 7:20
**expected** [1] - 22:14
**experience** [4] - 20:16, 21:13, 41:15, 42:10
**extend** [5] - 10:8, 10:12, 12:5, 12:23, 14:16
**extended** [3] - 14:7, 34:19, 54:11
**extending** [1] - 14:9
**extends** [1] - 15:9
**extension** [14] - 4:13, 9:10, 9:21, 12:17, 13:15, 23:14, 23:17, 23:20, 28:9, 34:4, 34:12, 35:1, 57:14, 68:1
**extensive** [1] - 33:9
**extensively** [1] - 5:16
**extent** [12] - 6:22,

12:9, 13:1, 13:11, 14:23, 33:12, 41:14, 41:20, 42:24, 55:20, 55:25, 59:19
**extremely** [2] - 66:10, 68:6

## F

**face** [1] - 24:21
**fact** [5] - 12:12, 42:14, 44:4, 50:23, 62:18
**factor** [1] - 15:5
**fail** [1] - 66:17
**fair** [2] - 47:4, 47:17
**fairness** [2] - 12:15, 43:9
**fall** [3] - 18:22, 26:10, 50:22
**far** [1] - 43:3
**Farr** [2] - 4:2, 4:6
**FARR** [1] - 2:5
**fashion** [2] - 19:22, 20:9
**federal** [3] - 5:13, 7:18, 17:11
**FEMALE** [1] - 61:17
**few** [6] - 25:9, 43:25, 46:20, 53:3, 53:6, 55:20
**file** [17] - 5:7, 9:12, 10:4, 13:14, 18:5, 18:7, 18:23, 20:19, 28:21, 34:25, 36:5, 45:4, 50:3, 51:14, 54:9, 59:13, 59:20
**filed** [36] - 5:6, 5:25, 6:8, 9:22, 9:24, 10:12, 10:20, 12:10, 16:12, 16:24, 17:8, 19:1, 20:10, 23:13, 23:15, 24:9, 28:17, 30:5, 30:8, 34:13, 40:5, 41:10, 47:2, 48:12, 49:14, 49:18, 51:15, 51:17, 51:22, 56:13, 57:19, 58:23, 59:5, 59:6, 62:2
**Filing** [1] - 30:8
**filing** [14] - 11:9, 12:21, 14:2, 14:4, 15:19, 15:20, 15:23, 45:15, 47:6, 54:9, 55:17, 56:10
**filings** [1] - 55:8
**financial** [1] - 11:17
**fine** [8] - 45:15, 50:5, 50:9, 51:9, 54:19,

54:20, 58:2, 65:14
**firm** [1] - 60:9
**first** [16] - 6:20, 8:1, 8:2, 8:9, 13:21, 16:17, 22:16, 26:7, 30:10, 36:24, 43:25, 44:14, 49:11, 52:13, 55:20, 68:6
**fish** [1] - 11:3
**five** [3] - 45:25, 49:8, 49:9
**five-page** [2] - 49:8, 49:9
**flipped** [1] - 39:8
**focus** [1] - 46:7
**focusing** [1] - 48:14
**followed** [1] - 20:8
**following** [1] - 19:8
**Footnote** [1] - 64:10
**footnote** [2] - 57:21, 64:9
**FOR** [5] - 1:1, 1:15, 1:19, 2:2, 2:5
**foregoing** [1] - 70:4
**foreign** [3] - 37:13, 37:14, 48:5
**forfeited** [1] - 11:25
**form** [2] - 10:24, 30:19
**formal** [2] - 18:5, 49:23
**forth** [2] - 14:1, 21:16
**forthcoming** [2] - 27:15, 28:9
**forward** [26] - 7:1, 7:15, 13:23, 15:7, 15:13, 16:19, 16:21, 17:2, 17:4, 17:7, 18:13, 22:8, 28:14, 28:19, 32:22, 32:25, 33:21, 35:15, 35:22, 47:3, 55:24, 56:1, 56:21, 57:6, 58:10, 69:14
**foundational** [11] - 35:3, 36:7, 36:15, 40:20, 43:23, 44:19, 48:1, 48:25, 52:1, 55:20
**frankly** [1] - 31:10
**Friedlander** [1] - 3:10
**FRIEDLANDER** [1] - 1:16
**friendly** [1] - 50:1
**FROM** [1] - 1:11
**front** [5] - 10:2, 10:4, 10:5, 57:14, 64:18
**fry** [1] - 11:3
**FTR** [1] - 1:11

**FTR-GOLD** [1] - 1:11
**full** [2] - 47:4, 70:5
**fully** [7] - 7:21, 59:9, 59:25, 63:16, 63:22, 64:1, 68:18
**fun** [2] - 24:20, 68:22
**future** [3] - 21:8, 27:11, 64:15

## G

**Gallagher** [8] - 4:2, 4:7, 63:7, 63:12, 64:10, 65:10, 65:23, 66:3
**GALLAGHER** [1] - 2:5
**Gallagher's** [1] - 63:23
**general** [1] - 50:22
**generally** [2] - 7:13, 18:3
**George** [1] - 4:8
**given** [8] - 6:6, 8:24, 17:4, 20:9, 24:9, 43:5, 45:9, 60:24
**glad** [1] - 33:3
**glitches** [1] - 38:7
**GOLD** [1] - 1:11
**grant** [4] - 8:24, 18:7, 20:18, 24:11
**granted** [3] - 5:7, 24:8, 63:25
**GRAY** [1] - 2:2
**great** [7] - 13:3, 33:15, 41:3, 41:13, 42:20, 43:21, 66:7
**green** [7] - 27:4, 28:11, 28:25, 29:1, 29:4, 29:11, 30:9
**guidance** [6] - 10:3, 28:14, 28:19, 43:5, 56:20, 67:24
**guided** [2] - 7:17, 7:18
**guy** [1] - 38:17

## H

**Hague** [9] - 37:22, 37:24, 38:15, 39:6, 39:13, 39:17, 39:19, 40:3, 40:13
**halt** [2] - 60:25, 62:17
**hand** [1] - 25:15
**handle** [2] - 6:12, 6:19
**handled** [4] - 6:5,

9:11, 26:24, 41:16
**handling** [1] - 42:4
**Happy** [1] - 69:14
**happy** [8] - 8:20, 9:18, 14:14, 33:16, 43:17, 51:1, 60:13, 64:14
**hard** [1] - 14:23
**hear** [8] - 14:14, 18:4, 33:2, 33:3, 39:9, 46:15, 46:22, 68:10
**heard** [3] - 22:21, 24:13, 40:13
**hearing** [5] - 10:19, 19:2, 19:19, 19:20, 28:23
**hearings** [2] - 28:4, 68:16
**held** [1] - 12:9
**hello** [1] - 3:9
**help** [4] - 33:21, 41:17, 41:24, 44:18
**helpful** [9] - 16:6, 16:11, 42:3, 44:11, 44:24, 45:2, 48:15, 55:16, 66:10
**helps** [2] - 28:15, 66:11
**hereby** [1] - 70:3
**Herring** [1] - 3:4
**HERRING** [1] - 1:6
**high** [2] - 26:5, 26:17
**high-level** [1] - 26:5
**highlight** [2] - 26:4, 30:9
**highly** [1] - 13:6
**hitting** [1] - 66:23
**hold** [1] - 5:19
**holding** [4] - 6:15, 21:2, 29:2
**holiday** [3] - 45:7, 50:24, 69:13
**honestly** [1] - 47:21
**Honor** [89] - 3:2, 3:9, 3:12, 3:16, 4:1, 4:12, 4:25, 9:24, 10:5, 10:17, 13:10, 14:19, 16:14, 18:19, 19:4, 20:5, 21:4, 22:17, 22:25, 23:8, 23:12, 24:4, 24:5, 24:15, 25:4, 25:6, 26:1, 26:7, 27:5, 28:11, 28:14, 29:15, 29:25, 30:4, 30:10, 30:13, 30:17, 30:23, 31:5, 31:12, 32:9, 33:1, 35:24, 37:1, 39:15, 40:8, 40:10, 42:2, 43:19, 45:16, 46:1, 46:21,

47:25, 49:12, 51:3, 51:7, 51:11, 51:19, 52:16, 52:18, 53:10, 53:24, 54:17, 56:3, 56:25, 57:11, 57:25, 58:12, 59:11, 60:6, 60:14, 62:4, 62:8, 63:6, 63:16, 63:18, 63:23, 63:25, 64:6, 64:20, 65:1, 65:6, 65:21, 65:23, 67:22, 68:13, 69:17, 69:18
**Honor's** [2] - 3:23, 52:16
**HONORABLE** [1] - 1:12
**hope** [6] - 13:11, 15:16, 37:10, 41:7, 67:15, 68:21
**hopefully** [1] - 54:4
**hoping** [2] - 46:17, 60:21
**hostility** [1] - 66:14
**hotly** [2] - 21:23, 66:17
**hours** [3] - 31:16, 31:17, 65:24
**houston** [1] - 1:22
**Hugh** [3] - 63:12, 63:23, 65:10
**hugh** [1] - 64:10
**huzzah** [1] - 63:15

## I

**idea** [4] - 6:22, 7:6, 53:11, 62:15
**identical** [1] - 36:19
**identifying** [1] - 55:19
**Illinois** [1] - 1:18
**immediately** [1] - 9:7
**impact** [1] - 36:6
**impose** [2] - 15:1, 16:8
**impressed** [1] - 65:15
**improper** [1] - 8:18
**inbox** [3] - 67:9, 67:12, 67:18
**Inc** [1] - 3:4
**INC** [1] - 1:6
**include** [1] - 53:4
**included** [3] - 26:3, 30:18, 52:20
**including** [4] - 7:24, 34:4, 64:8, 65:10
**indiscernible** [10] - 10:1, 10:2, 10:3, 10:6,

10:22, 15:17, 39:5, 40:17, 60:12, 60:13
**indiscernible]** [2] - 22:22, 61:17
**inexpensive** [2] - 5:12, 7:19
**informal** [3] - 47:1, 48:11, 49:19
**informally** [3] - 5:20, 9:5, 47:8
**information** [8] - 32:10, 33:11, 33:12, 41:15, 41:20, 41:21, 42:4, 56:12
**initial** [3] - 29:5, 29:6, 53:23
**inside** [1] - 48:9
**insists** [1] - 18:6
**inspection** [1] - 29:9
**instead** [1] - 39:17
**INSTITUTE** [1] - 2:6
**Institute** [1] - 4:9
**instructed** [1] - 59:12
**intended** [1] - 47:10
**Inter** [2] - 38:2, 38:15
**Inter-American** [2] - 38:2, 38:15
**interim** [1] - 6:5
**international** [3] - 48:7, 48:20, 49:2
**interrogatories** [2] - 29:12, 32:12
**interrupt** [1] - 27:21
**introduce** [1] - 3:7
**issue** [49] - 4:22, 5:18, 6:13, 8:13, 9:2, 9:15, 10:14, 12:12, 12:16, 17:5, 20:22, 22:13, 24:2, 24:14, 26:4, 29:7, 29:18, 32:19, 32:24, 34:2, 34:19, 35:3, 38:10, 43:4, 43:13, 43:15, 44:23, 45:1, 48:2, 52:22, 53:1, 55:13, 55:23, 55:24, 56:8, 56:9, 56:18, 58:1, 62:13, 62:15, 62:19, 63:19, 63:24, 66:16, 66:17, 66:23
**Issue** [1] - 48:23
**issued** [3] - 7:2, 12:15, 63:3
**Issues** [1] - 58:13
**issues** [41] - 5:11, 5:22, 6:11, 6:23, 19:14, 19:17, 19:18, 19:20, 19:21, 20:4,

20:17, 20:25, 21:2, 22:8, 26:5, 26:14, 33:19, 35:16, 35:23, 40:6, 45:20, 46:13, 46:16, 47:7, 47:23, 50:14, 51:25, 52:3, 52:11, 52:20, 53:6, 55:20, 56:20, 62:18, 66:19, 68:2, 68:5, 68:9, 68:12, 69:7, 69:16
**itself** [1] - 40:3

## J

**JACKSON** [2] - 1:20, 1:23
**January** [19] - 23:21, 23:22, 40:25, 41:1, 42:17, 42:19, 45:4, 45:15, 50:10, 51:7, 53:21, 53:25, 54:2, 54:19, 54:20, 55:14, 57:2, 68:4, 68:15
**John** [1] - 3:20
**JOHN** [1] - 1:20
**join** [3] - 14:17, 14:18, 68:24
**joint** [10] - 11:15, 13:12, 14:13, 31:12, 42:16, 56:7, 56:8, 60:17, 60:18
**jointly** [1] - 17:14
**Jon** [1] - 58:8
**JONATHAN** [1] - 1:23
**Jonathan** [1] - 3:20
**JUDGE** [1] - 1:12
**Judge** [60] - 5:7, 5:8, 5:13, 6:5, 7:3, 7:8, 8:8, 8:21, 9:3, 9:13, 9:19, 9:23, 10:2, 10:22, 12:3, 12:22, 13:4, 13:17, 13:25, 14:24, 16:16, 16:24, 17:4, 17:15, 26:9, 26:18, 27:7, 27:14, 28:8, 28:12, 30:22, 31:13, 31:21, 34:3, 34:18, 36:2, 36:3, 36:4, 38:10, 41:8, 42:24, 44:14, 47:12, 51:16, 53:14, 53:18, 54:6, 54:10, 54:22, 55:10, 56:21, 57:14, 61:8, 61:18, 61:25, 62:16, 63:2, 65:14, 66:9, 67:24
**judge** [2] - 16:4, 61:20

**judgment** [8] - 11:20, 51:6, 51:13, 51:22, 52:10, 52:21, 53:5, 53:18
**July** [1] - 34:9
**jump** [1] - 25:6
**jurisdictions** [1] - 38:21

## K

**Kasheidas** [2] - 67:9, 67:11
**keen** [1] - 45:8
**keep** [4] - 22:4, 43:14, 56:20, 67:5
**Kelly** [3] - 63:2, 65:15, 66:9
**Kenya** [2] - 38:6, 39:21
**kept** [1] - 41:23
**key** [1] - 52:22
**kidding** [1] - 19:5
**kind** [8] - 26:5, 26:19, 43:14, 46:9, 55:18, 57:11, 67:19, 68:11
**Kingdom** [2] - 38:4, 39:3
**knowing** [2] - 13:5, 43:25
**Kristen** [2] - 4:1, 4:6
**KRISTIN** [1] - 2:5

## L

**largely** [2] - 5:9, 44:15
**last** [1] - 19:2
**law** [4] - 25:19, 55:13, 67:6, 67:9
**lawyers** [1] - 68:17
**least** [7] - 16:16, 28:7, 28:13, 31:15, 41:6, 41:15, 45:25
**leave** [4] - 5:7, 17:8, 18:8, 20:19
**left** [1] - 13:8
**legend** [2] - 27:11, 44:12
**less** [1] - 31:18
**letter** [5] - 17:19, 21:25, 39:18, 44:14, 49:22
**letter-writing** [1] - 21:25
**letters** [5] - 39:12, 39:17, 39:20, 39:22,

49:2
**level** [1] - 26:5
**lift** [1] - 43:3
**lifted** [3] - 43:8, 43:18, 43:20
**lifting** [1] - 43:6
**likely** [2] - 12:7, 15:14
**limit** [1] - 32:17
**limited** [2] - 15:8, 20:25
**limits** [2] - 31:9, 31:19
**Lisa** [1] - 70:12
**LISA** [2] - 2:7, 70:3
**list** [7] - 7:24, 16:23, 16:25, 46:19, 48:23, 67:19, 67:20
**lists** [1] - 26:2
**live** [1] - 46:7
**LLP** [4] - 1:17, 1:20, 1:23, 2:5
**Local** [1] - 13:1
**local** [2] - 17:12, 23:18
**Look** [1] - 55:22
**look** [5] - 24:21, 50:15, 53:12, 62:13, 69:14
**looks** [3] - 39:1, 59:5
**lost** [1] - 21:24

## M

**ma'am** [6] - 4:5, 4:15, 22:24, 23:7, 24:7, 58:18
**machine** [1] - 29:9
**MAGISTRATE** [1] - 1:12
**MALE** [2] - 39:15, 40:8
**malice** [2] - 52:22, 53:2
**manner** [2] - 5:12, 55:19
**matter** [10] - 3:5, 5:20, 22:24, 36:3, 42:14, 61:3, 61:9, 61:10, 62:3, 66:9
**matters** [4] - 67:3, 67:8, 68:7, 68:8
**MC** [5] - 61:3, 61:9, 61:10, 62:3, 66:8
**McCotter** [4] - 2:2, 3:21, 19:1, 48:12
**McKinney** [1] - 1:21
**mean** [17] - 16:15, 27:20, 35:19, 36:17,

41:5, 43:3, 43:22, 44:25, 49:18, 50:8, 50:13, 51:15, 54:21, 57:23, 59:23, 67:20, 68:17
**meant** [1] - 43:14
**meet** [14] - 5:16, 17:11, 17:12, 19:14, 21:7, 21:11, 21:18, 22:3, 35:13, 40:24, 57:6, 66:2
**meet-and-confer** [2] - 22:3, 57:6
**meet-and-confers** [3] - 21:7, 21:11, 21:18
**meeting** [4] - 13:22, 21:5, 21:15, 56:16
**member** [1] - 40:14
**members** [3] - 39:17, 39:20, 39:22
**memorialize** [1] - 57:5
**mentioned** [2] - 44:16, 45:18
**met** [5] - 17:10, 17:19, 19:24, 32:7, 66:14
**method** [2] - 13:22, 47:10
**methodically** [1] - 16:19
**mic** [1] - 45:12
**microphone** [2] - 28:5, 65:7
**might** [11] - 10:3, 16:9, 22:13, 25:8, 29:13, 31:11, 39:2, 45:19, 61:8, 61:15, 68:10
**million** [1] - 33:8
**mind** [7] - 15:15, 15:16, 15:17, 22:4, 24:12, 25:9, 26:6, 26:9, 28:20, 30:23, 32:24, 33:3, 37:12, 43:22, 43:23, 44:19, 47:6, 51:14, 51:15, 51:16, 54:1, 59:20
**minute** [4] - 17:13, 30:11, 30:16, 56:9
**misery** [1] - 24:21
**missing** [1] - 34:15
**mistaken** [1] - 61:16
**mixed** [1] - 39:3
**modified** [1] - 49:5
**modify** [1] - 31:9
**moment** [9] - 12:6, 28:2, 28:3, 28:18, 57:4, 57:9, 61:2, 62:23, 66:24
**months** [2] - 19:20, 46:20
**moot** [4] - 8:20, 9:2, 56:13, 64:25
**mooted** [4] - 44:6,

44:14, 44:15, 55:15
**morning** [4] - 3:12, 3:14, 3:25, 4:1
**most** [1] - 12:6
**motion** [86] - 4:13, 4:22, 6:2, 6:6, 6:16, 6:20, 9:15, 9:16, 9:22, 10:4, 10:8, 12:10, 12:23, 13:12, 13:14, 13:20, 13:25, 14:5, 14:13, 14:16, 16:2, 16:9, 17:7, 18:5, 18:7, 18:9, 19:24, 21:3, 22:13, 23:15, 23:24, 24:10, 24:11, 27:17, 28:9, 29:5, 29:9, 29:11, 29:16, 29:17, 30:18, 30:20, 30:21, 31:9, 33:25, 36:1, 42:16, 43:10, 47:2, 47:15, 47:18, 48:10, 49:8, 49:24, 51:5, 51:18, 51:21, 52:4, 52:21, 53:4, 53:7, 53:14, 53:17, 54:8, 57:16, 57:20, 58:23, 59:1, 59:4, 59:10, 60:16, 61:5, 62:2, 62:10, 62:17, 63:2, 63:24, 64:3, 64:5, 64:18, 64:19, 64:24, 64:25, 65:9, 66:8, 66:9
**motion's** [1] - 59:25
**motion-for-recusal** [1] - 4:22
**motions** [35] - 5:5, 5:8, 5:23, 6:8, 6:9, 6:14, 7:25, 14:5, 18:22, 18:25, 19:3, 20:10, 20:12, 22:7, 22:12, 23:15, 24:9, 24:12, 25:9, 26:6, 26:9, 28:20, 30:23, 32:24, 33:3, 37:12, 43:22, 43:23, 44:19, 47:6, 51:14, 51:15, 51:16, 54:1, 59:20
**move** [13] - 11:1, 15:7, 15:13, 16:21, 18:18, 28:14, 31:2, 33:21, 35:15, 35:22, 45:8, 55:24, 68:5
**moved** [3] - 11:18, 52:24, 65:10
**moving** [10] - 16:18, 17:2, 17:4, 17:7, 18:12, 22:8, 52:21, 56:1, 56:21, 69:15
**MOXILA** [1] - 1:12

**MR** [131] - 3:18, 4:25, 8:4, 8:8, 9:1, 9:18, 10:9, 10:11, 10:17, 10:19, 10:22, 11:2, 11:4, 12:19, 13:10, 14:19, 15:17, 16:4, 16:13, 18:15, 18:18, 18:21, 19:4, 19:7, 19:15, 20:5, 20:14, 21:4, 23:25, 24:4, 24:19, 24:23, 24:25, 25:22, 29:4, 29:25, 30:3, 31:1, 31:8, 31:25, 32:4, 35:24, 36:25, 37:3, 37:6, 37:9, 37:12, 37:17, 37:20, 38:3, 38:17, 38:24, 39:5, 39:8, 39:11, 40:9, 40:12, 40:16, 40:18, 41:1, 41:3, 41:8, 42:2, 42:6, 42:10, 42:13, 42:20, 42:23, 43:7, 43:12, 43:19, 43:21, 44:21, 45:5, 46:21, 47:25, 48:4, 48:23, 48:25, 49:5, 50:1, 50:5, 50:8, 50:11, 51:11, 51:18, 51:21, 51:25, 52:5, 52:7, 52:9, 53:9, 53:20, 54:13, 54:20, 55:1, 55:5, 56:24, 57:1, 58:3, 58:12, 58:18, 58:22, 59:2, 59:7, 59:11, 59:15, 59:18, 60:4, 61:7, 61:9, 61:23, 62:1, 62:4, 62:24, 63:4, 63:10, 63:15, 63:19, 63:21, 64:20, 64:23, 65:1, 65:21, 68:13, 68:23, 69:1, 69:4, 69:8, 69:11, 69:17
**MS** [91] - 3:9, 3:12, 3:16, 4:1, 4:6, 4:12, 4:16, 9:24, 20:2, 22:17, 22:22, 22:25, 23:4, 23:8, 23:10, 24:5, 24:15, 25:4, 25:12, 25:14, 25:18, 25:24, 26:1, 26:18, 27:5, 27:10, 27:13, 27:16, 27:18, 27:20, 27:25, 28:10, 30:2, 30:4, 30:16, 31:5, 32:3, 32:6, 32:9, 33:1, 33:17, 33:19, 34:21, 34:23, 35:4, 35:6, 35:18, 37:11, 45:11, 45:14, 46:4, 46:6, 46:10, 49:12, 49:14,

49:17, 49:25, 51:3, 51:10, 52:15, 52:18, 53:24, 54:16, 56:3, 56:25, 57:11, 57:22, 57:24, 60:6, 60:8, 60:12, 60:21, 61:6, 61:10, 61:19, 62:8, 62:11, 63:8, 63:11, 63:18, 63:20, 63:22, 64:4, 64:8, 64:14, 65:5, 65:6, 65:9, 65:22, 67:22, 69:18

**must** [2] - 17:22, 21:12

# N

**name** [1] - 3:21
**narrow** [3] - 5:17, 48:19, 52:11
**narrowed** [1] - 22:13
**necessarily** [3] - 14:11, 15:22, 44:6
**need** [27] - 6:17, 6:23, 14:11, 15:5, 18:5, 20:24, 21:10, 21:15, 28:20, 33:5, 33:8, 35:7, 35:10, 35:12, 35:20, 36:23, 43:25, 46:8, 46:9, 47:6, 48:21, 52:12, 55:23, 56:18, 56:19, 59:20, 66:5
**needed** [5] - 7:11, 28:14, 32:10, 32:15, 34:16
**needs** [8] - 7:8, 9:3, 12:20, 12:24, 13:4, 15:10, 35:3, 40:2
**NEERMAN** [15] - 1:23, 58:12, 58:18, 58:22, 59:2, 59:7, 59:11, 59:15, 59:18, 60:4, 61:7, 61:9, 61:23, 62:1, 62:4
**Neerman** [5] - 3:20, 38:24, 42:7, 58:3, 68:16
**negotiate** [1] - 42:7
**Netherlands** [5] - 38:4, 38:20, 39:4, 39:14, 39:16
**NETWORK** [1] - 1:7
**Network** [2] - 4:23, 8:3
**Networks** [1] - 3:4
**NETWORKS** [1] - 1:6
**never** [2] - 31:25, 36:25

**new** [2] - 12:24, 13:22
**New** [2] - 58:24, 69:14
**Newgate** [9] - 59:3, 60:4, 60:9, 60:13, 60:17, 60:18, 61:1, 61:4, 62:7
**News** [2] - 4:23, 8:3
**NEWS** [1] - 1:7
**next** [9] - 36:10, 44:19, 45:24, 51:6, 54:5, 54:16, 54:18, 65:24, 68:6
**nice** [4] - 44:12, 50:11, 69:6, 69:13
**Nichols** [47] - 5:7, 5:8, 5:13, 6:5, 7:4, 7:8, 8:21, 9:3, 9:13, 9:23, 10:2, 10:22, 12:3, 12:22, 13:4, 14:1, 14:24, 16:16, 16:24, 17:4, 26:9, 26:19, 27:7, 27:15, 28:8, 30:22, 31:13, 31:21, 34:3, 34:18, 36:2, 36:3, 36:4, 41:9, 42:25, 44:14, 47:12, 51:16, 53:14, 53:18, 54:6, 54:10, 54:22, 55:10, 56:21, 57:14, 67:25
**Nichols's** [3] - 13:17, 28:13, 38:11
**NONPARTIES** [1] - 2:5
**nonparties** [2] - 4:8, 23:11
**nonparty** [4] - 22:24, 24:10, 47:14
**Northwest** [4] - 2:3, 2:6, 2:9, 70:14
**note** [3] - 29:20, 43:18, 60:16
**noted** [1] - 10:11
**notes** [3] - 37:7, 58:16, 70:5
**nothing** [2] - 36:7, 57:9
**notice** [9] - 9:13, 10:20, 11:15, 18:25, 19:1, 30:6, 48:12, 60:17, 60:18
**noticed** [1] - 32:20
**notices** [1] - 64:9
**November** [3] - 30:11, 30:16, 59:5
**number** [10] - 5:23, 21:14, 26:6, 26:9, 26:14, 29:13, 31:19,

33:25, 58:25, 63:19
**numbered** [2] - 11:23, 37:17
**numbers** [2] - 26:2, 58:17

# O

**OAN** [41] - 8:4, 8:5, 9:6, 10:7, 12:22, 13:1, 14:3, 16:23, 19:23, 23:16, 23:19, 26:20, 28:17, 29:4, 29:8, 29:11, 29:14, 29:16, 30:18, 30:20, 31:8, 32:6, 32:18, 32:20, 33:25, 34:6, 34:9, 34:14, 35:8, 35:20, 36:22, 49:8, 52:25, 53:25, 54:5, 58:13, 62:2, 63:20
**OAN's** [7] - 8:23, 8:24, 24:2, 35:7, 51:5, 52:21, 53:22
**objection** [2] - 32:23, 51:11
**objections** [7] - 14:3, 14:8, 14:9, 17:24, 20:23, 33:10, 41:6
**obligation** [1] - 25:1
**obligations** [2] - 17:11, 45:9
**obviously** [3] - 31:15, 35:12, 60:9
**October** [2] - 11:8, 64:15
**OF** [2] - 1:1, 1:11
**offer** [1] - 50:1
**Official** [1] - 2:8
**official** [1] - 70:12
**oftentimes** [1] - 21:14
**Olivia** [1] - 3:13
**OLIVIA** [1] - 1:16
**Oman** [2] - 38:6, 39:21
**once** [12] - 26:8, 26:13, 26:18, 27:2, 27:3, 27:7, 27:14, 27:25, 28:8, 34:3, 43:17, 65:1
**one** [41] - 8:12, 9:13, 11:14, 14:12, 16:23, 17:22, 18:15, 19:3, 22:12, 25:19, 25:22, 28:17, 29:14, 29:18, 31:8, 32:4, 32:5, 32:6, 36:10, 40:23, 41:25, 42:11, 47:2, 47:20,

48:6, 54:9, 54:13, 55:12, 57:11, 57:17, 58:11, 58:22, 60:3, 61:15, 62:11, 63:4, 63:5, 65:16, 67:17
**ONE** [1] - 1:7
**One** [1] - 4:23
**one's** [1] - 63:22
**one-page** [1] - 9:13
**ones** [3] - 26:15, 27:4, 58:9
**Open** [2] - 4:8, 69:5
**OPEN** [1] - 2:5
**open** [2] - 19:13, 56:17
**opinion** [1] - 12:11
**opinions** [1] - 61:13
**opportunity** [3] - 16:17, 35:8, 47:5
**opposed** [5] - 14:4, 29:5, 29:8, 34:6, 57:17
**opposing** [1] - 25:14
**opposition** [5] - 14:5, 16:2, 23:23, 23:25, 53:12
**oppositions** [2] - 47:7, 50:22
**order** [49] - 4:24, 5:11, 6:12, 6:17, 6:18, 6:20, 6:22, 6:23, 8:9, 8:10, 10:13, 10:16, 10:23, 11:8, 12:4, 12:21, 13:24, 18:21, 18:24, 21:6, 21:7, 21:19, 21:20, 22:10, 28:13, 29:19, 29:24, 30:11, 30:16, 30:20, 40:23, 42:16, 46:7, 54:3, 55:17, 56:8, 56:9, 56:14, 56:15, 56:19, 57:5, 61:25, 62:19, 66:2
**ordered** [3] - 18:10, 31:14, 66:3
**ordering** [1] - 56:10
**orders** [4] - 7:2, 8:6, 55:2, 55:4
**ordinary** [1] - 36:16
**organization** [1] - 58:4
**organized** [1] - 49:20
**original** [1] - 46:25
**originally** [2] - 30:21, 34:5
**OSI** [1] - 23:12
**otherwise** [4] - 13:3, 47:19, 52:11, 57:18
**ought** [1] - 58:10
**outline** [1] - 5:4

**outlined** [1] - 60:14
**outrun** [1] - 8:18
**outside** [1] - 48:8
**outstanding** [2] - 26:10, 64:9
**overly** [1] - 11:20
**overstated** [1] - 36:12
**own** [4] - 28:18, 35:20, 44:25

# P

**p.m** [1] - 1:8
**page** [5] - 9:13, 29:3, 30:6, 49:8, 49:9
**Page** [1] - 64:10
**pages** [4] - 11:22, 19:3, 20:19, 50:19
**paper** [1] - 20:10
**part** [5] - 47:18, 48:4, 51:14, 62:18, 62:20
**partial** [3] - 51:5, 51:21, 52:21
**participate** [1] - 60:21
**particular** [3] - 17:23, 34:24, 67:11
**parties** [19] - 3:7, 5:4, 5:7, 5:16, 6:3, 17:18, 24:9, 26:23, 30:12, 33:21, 45:24, 54:2, 59:12, 59:19, 59:23, 60:10, 60:15, 66:2, 66:16
**parties'** [3] - 7:10, 15:21, 33:24
**party** [14] - 6:17, 17:22, 18:6, 24:7, 32:6, 47:2, 47:15, 47:16, 58:5, 59:6, 59:14, 60:24, 63:11
**party's** [1] - 59:15
**passed** [2] - 44:3, 64:16
**past** [1] - 10:14
**pause** [3] - 46:1, 47:9, 62:25
**pausing** [3] - 46:23, 46:24, 47:19
**pejorative** [1] - 20:8
**pending** [12] - 6:7, 8:14, 19:12, 19:24, 21:2, 22:5, 43:10, 43:16, 43:22, 45:1, 53:14, 57:13
**per** [3] - 31:17, 36:20, 50:19
**percent** [1] - 5:21

**perfect** [1] - 43:19
**perhaps** [6] - 19:9, 31:20, 36:12, 36:17, 44:16, 48:19
**period** [3] - 15:10, 67:2, 68:19
**permanent** [1] - 31:4
**permit** [1] - 45:19
**permitted** [1] - 8:19
**person** [3] - 21:12, 21:20, 28:23
**personal** [1] - 67:17
**Philippines** [3] - 38:5, 39:21, 48:18
**pick** [1] - 28:6
**Plaintiff** [2] - 3:13, 36:20
**Plaintiffs** [9] - 1:4, 3:11, 8:1, 9:22, 19:25, 22:16, 24:1, 36:19, 48:6
**PLAINTIFFS** [1] - 1:15
**Plaintiffs'** [3] - 3:8, 9:15, 11:21
**plan** [1] - 53:21
**planning** [1] - 7:5
**plate** [1] - 54:23
**play** [1] - 29:15
**players** [1] - 41:12
**PLLC** [1] - 2:2
**podium** [1] - 37:1
**point** [6] - 5:19, 11:22, 17:7, 18:8, 20:21, 28:8
**pointed** [2] - 11:19, 31:10
**position** [10] - 6:6, 8:23, 14:1, 14:2, 14:18, 14:23, 14:25, 27:3, 34:7, 64:4
**positions** [3] - 15:21, 18:1, 54:10
**possible** [3] - 13:20, 22:6, 39:2
**posture** [5] - 5:6, 6:1, 7:1, 19:11, 20:9
**potentially** [1] - 39:7
**practicable** [1] - 18:3
**practice** [1] - 41:16
**preceded** [1] - 19:19
**precious** [1] - 44:7
**predicate** [1] - 59:12
**prediction** [1] - 53:9
**prefer** [2] - 26:21, 37:5
**preference** [1] - 13:14
**prejudice** [2] - 39:24, 40:7

**prejudiced** [1] - 19:8
**premature** [1] - 30:12
**prepared** [3] - 11:13, 22:14, 38:10
**preparing** [1] - 46:7
**present** [4] - 30:22, 46:7, 47:5, 56:17
**presented** [1] - 30:19
**pretty** [1] - 31:1
**prevent** [1] - 47:3
**preventing** [1] - 22:7
**previously** [1] - 57:21
**primarily** [2] - 3:22, 8:13
**priority** [3] - 26:17, 59:10, 67:3
**privy** [1] - 41:19
**probe** [1] - 22:3
**problem** [1] - 40:11
**problems** [1] - 11:19
**procedure** [3] - 18:12, 18:16, 59:21
**procedures** [2] - 20:7, 67:14
**proceed** [6] - 5:1, 13:6, 13:7, 23:9, 24:11, 33:4
**proceeding** [1] - 53:13
**proceedings** [2] - 69:20, 70:6
**process** [20] - 5:8, 5:9, 7:14, 7:17, 7:21, 22:3, 41:24, 45:20, 45:23, 46:25, 47:1, 47:13, 48:11, 57:6, 58:6, 59:25, 60:14, 60:15, 62:20, 66:10
**produce** [3] - 11:15, 17:22, 34:10
**produced** [4] - 11:11, 11:12, 11:24, 70:6
**production** [7] - 29:13, 32:11, 35:14, 36:2, 36:11, 36:18, 52:25
**productive** [1] - 47:22
**properly** [1] - 49:20
**proponents** [1] - 44:22
**proposal** [1] - 31:21
**propose** [1] - 43:24
**proposed** [3] - 31:17, 41:18, 54:3
**protective** [5] - 6:17, 6:18, 6:20, 22:10,

30:20
**protocol** [13] - 31:14, 31:23, 32:8, 33:6, 40:20, 40:25, 41:5, 41:11, 41:18, 42:7, 42:16, 45:16, 54:3
**provide** [1] - 56:12
**provided** [3] - 25:22, 28:15, 28:19
**purposes** [1] - 49:15
**pursuant** [3] - 19:1, 39:13, 51:15
**pursue** [1] - 7:5
**pursuing** [1] - 8:5
**put** [9] - 14:1, 14:4, 14:18, 17:23, 23:21, 57:15, 57:16, 57:20, 66:15
**putting** [1] - 11:5, 11:9, 47:3

**Q**

**quarter** [1] - 68:6
**quash** [2] - 36:11, 63:25
**questions** [3] - 3:24, 33:20, 57:8
**quick** [1] - 65:17
**quickly** [3] - 16:1, 65:15, 69:16
**quite** [7] - 16:11, 38:9, 47:22, 51:23, 53:3, 53:6, 55:16
**quo** [1] - 43:15

**R**

**raise** [5] - 17:9, 17:15, 19:24, 20:11, 22:20
**raised** [6] - 17:3, 18:11, 19:22, 22:9, 51:25, 57:21
**raising** [1] - 7:22
**rather** [2] - 28:24, 66:20
**RDR** [3] - 2:7, 70:3, 70:12
**reach** [2] - 13:12, 30:13
**read** [3] - 10:21, 33:3, 40:15
**ready** [2] - 16:20, 25:7
**reality** [1] - 46:19
**really** [16] - 6:13, 6:17, 6:21, 24:2, 36:23, 43:25, 50:21,

50:22, 54:24, 55:22, 55:23, 56:17, 65:12, 66:25, 68:5
**reason** [5] - 30:9, 54:23, 55:9, 65:9, 68:15
**reasons** [1] - 18:25
**received** [1] - 34:13
**receiving** [1] - 69:15
**recently** [1] - 48:12
**record** [2] - 3:8, 29:21
**RECORDING** [1] - 1:11
**recording** [2] - 28:5, 62:25
**recusal** [11] - 4:22, 6:2, 6:7, 8:13, 8:25, 12:10, 12:15, 19:24, 21:3, 43:4, 43:15
**refer** [1] - 37:4
**reference** [1] - 56:9
**referenced** [2] - 29:2, 37:6
**references** [1] - 11:22
**referencing** [1] - 29:23
**referral** [1] - 16:8
**referred** [8] - 12:12, 12:13, 17:4, 44:15, 61:4, 62:15, 63:13, 63:14
**referring** [1] - 62:17
**refers** [1] - 37:21
**refused** [1] - 11:14
**regard** [1] - 53:13
**regarding** [10] - 7:3, 13:14, 32:12, 35:13, 53:22, 54:7, 54:10, 57:16, 60:14, 60:22
**regret** [1] - 46:11
**relate** [3] - 27:8, 33:23, 53:6
**relates** [5] - 29:18, 35:6, 37:20, 38:3, 38:5
**relevant** [7] - 13:6, 32:12, 32:16, 52:4, 52:20, 53:17
**relief** [2] - 31:4
**relieve** [1] - 24:25
**remedy** [3] - 7:5, 8:23, 11:19
**reminded** [1] - 51:4
**reminding** [1] - 57:18
**reminds** [1] - 58:3
**reopened** [1] - 21:9, 34:19

**reopens** [1] - 56:21
**replies** [3] - 23:22, 45:23, 47:7
**reply** [4] - 13:15, 16:2, 50:23, 59:8
**report** [5] - 26:3, 55:21, 56:7, 56:8
**REPORTED** [1] - 2:7
**Reporter** [2] - 2:8, 70:12
**represent** [2] - 15:19, 60:10
**representation** [1] - 26:22
**representing** [1] - 3:19
**represents** [3] - 60:8, 62:6, 63:12
**request** [16] - 4:10, 17:23, 23:12, 23:14, 24:8, 34:12, 36:10, 36:11, 39:20, 53:22, 57:13, 57:15, 57:18, 64:6, 67:25
**requested** [3] - 34:4, 34:9, 35:1
**requests** [9] - 20:22, 29:12, 36:1, 36:18, 36:19, 37:22, 39:18, 52:25, 53:1
**Required** [1] - 27:22
**required** [1] - 17:11
**requires** [2] - 5:13, 36:5
**reserve** [2] - 21:2, 29:2
**reset** [1] - 28:1
**resets** [1] - 34:3
**resist** [1] - 31:2
**Resolution** [1] - 27:22
**resolution** [3] - 30:13, 45:10, 66:22
**resolve** [13] - 5:17, 5:20, 7:16, 21:21, 22:1, 35:21, 36:17, 47:8, 47:23, 50:19, 60:13, 66:11, 66:16
**resolved** [22] - 5:22, 6:10, 11:16, 20:17, 21:17, 22:12, 22:13, 30:11, 30:15, 32:19, 34:20, 35:21, 44:6, 44:9, 44:11, 44:16, 63:23, 64:2, 65:14, 66:21, 66:24, 68:9
**resolving** [1] - 47:11
**resources** [1] - 66:18
**respect** [32] - 4:13, 9:21, 13:25, 14:25,

16:7, 17:2, 21:5, 21:6,
21:18, 21:23, 22:4,
22:5, 24:12, 24:13,
26:23, 28:11, 28:20,
34:17, 35:2, 36:22,
39:23, 40:3, 42:18,
42:25, 45:16, 49:7,
55:1, 55:3, 55:12,
59:4, 67:7, 67:13
**respectful** [1] - 43:10
**respectfully** [1] - 9:3
**respective** [3] - 18:1,
33:24, 54:10
**respond** [16] - 11:13,
11:21, 23:14, 29:14,
33:25, 35:7, 35:11,
35:12, 35:16, 36:8,
36:13, 38:18, 38:25,
47:18, 52:25, 53:22
**responded** [1] -
52:10
**responding** [1] -
62:9
**response** [20] -
18:24, 32:13, 34:10,
35:14, 35:23, 36:9,
38:9, 38:18, 46:22,
49:9, 49:22, 49:23,
49:24, 50:3, 50:9,
51:5, 52:13, 53:4,
59:5
**responses** [6] -
23:21, 28:22, 29:12,
32:11, 36:5, 45:23
**responsive** [1] -
11:23
**rest** [1] - 21:1
**reveals** [1] - 32:14
**review** [2] - 40:1,
54:4
**reviewing** [1] - 44:7
**revised** [2] - 35:9,
35:12
**RFPs** [12] - 26:12,
33:24, 34:1, 34:8,
34:16, 34:24, 35:7,
35:9, 35:11, 35:12,
57:12, 57:13
**roadmap** [1] - 56:1
**rogatory** [3] - 39:12,
39:17, 39:22
**rolling** [1] - 44:1
**Room** [1] - 2:10
**room** [1] - 46:21
**Ross** [1] - 1:24
**rounds** [1] - 14:12
**Rule** [6] - 5:12, 7:18,
13:1, 24:2, 24:24,
61:21
**rule** [16] - 6:7, 7:9,

12:14, 13:1, 13:4,
15:24, 16:10, 23:12,
31:24, 41:6, 43:10,
49:10, 61:11, 64:24,
66:8
**ruled** [9] - 18:12,
22:12, 26:20, 27:3,
30:24, 34:5, 43:11,
64:9, 65:15
**rules** [10] - 5:13,
7:18, 17:12, 19:9,
23:18, 26:19, 27:15,
28:8, 50:13
**ruling** [8] - 8:24,
12:15, 13:5, 18:4,
26:13, 26:21, 54:7,
67:25
**rulings** [5] - 5:21,
15:6, 15:12, 16:20,
46:15

---

# S

**sadly** [1] - 61:13
**sanctions** [1] - 18:9
**satisfy** [1] - 40:2
**saw** [1] - 24:21
**schedule** [19] - 10:6,
13:18, 16:11, 23:21,
24:12, 26:8, 26:19,
26:24, 27:7, 27:23,
27:25, 34:3, 34:23,
51:15, 51:16, 51:23,
55:11, 57:16, 65:23
**scheduling** [6] -
11:8, 12:4, 31:6, 34:2,
67:13, 68:14
**scope** [3] - 32:15,
35:13, 48:7
**Scott** [3] - 58:19,
59:24, 60:8
**screwed** [1] - 40:18
**SDNY** [1] - 60:3
**SEC** [8] - 59:2, 60:4,
60:9, 60:13, 60:17,
60:18, 61:4, 62:6
**second** [14] - 8:12,
26:12, 30:12, 33:24,
34:1, 34:8, 35:7, 36:1,
36:11, 52:25, 57:12,
57:13, 63:24, 64:5
**see** [10] - 7:23, 8:23,
30:7, 41:25, 48:24,
52:12, 62:16, 62:19,
67:12, 68:3
**send** [4] - 17:15,
25:10, 36:18, 67:17
**sense** [6] - 7:25,
28:21, 32:15, 36:7,

55:17, 56:23
**sent** [3] - 30:22,
36:17, 49:21
**separate** [1] - 36:17
**separately** [2] -
30:20, 41:10
**September** [2] -
9:25, 11:9
**serve** [3] - 35:9,
36:1, 36:5
**served** [4] - 23:16,
34:8, 60:18, 62:12
**service** [3] - 23:18,
26:12, 67:19
**set** [19] - 3:5, 10:25,
11:2, 26:12, 28:22,
33:24, 34:1, 34:8,
35:7, 35:9, 35:12,
36:1, 36:11, 52:25,
57:12, 57:13, 66:4,
66:5, 68:2
**settled** [1] - 43:4
**seven** [1] - 50:13
**seven-day** [1] -
50:13
**several** [1] - 28:17
**shape** [1] - 10:24
**shared** [1] - 25:6
**short** [1] - 12:21
**shorter** [1] - 46:19
**shorthand** [1] - 8:3
**shout** [1] - 44:22
**shout-out** [1] - 44:22
**show** [4] - 44:23,
68:18
**showing** [1] - 68:18
**sick** [1] - 23:2
**side** [8] - 19:9, 20:11,
31:15, 31:17, 36:14,
46:21, 47:3, 50:19
**side's** [1] - 17:24
**sides** [1] - 14:21
**sign** [4] - 33:6,
33:16, 38:8, 38:11
**signature** [4] - 38:11,
40:1, 40:6, 54:4
**signs** [1] - 41:22
**similar** [2] - 5:9
**simple** [1] - 14:5
**simply** [4] - 21:16,
28:22, 57:16, 60:13
**single** [2] - 15:23,
17:19
**single-spaced** [1] -
17:19
**sit** [1] - 22:19
**situation** [1] - 20:7
**six** [2] - 45:25, 67:2
**skip** [1] - 45:2
**slammed** [1] - 67:1

**Smartmatic** [20] -
3:3, 3:10, 3:13, 14:1,
30:19, 32:23, 33:3,
33:23, 33:24, 34:18,
35:3, 35:6, 35:11,
35:25, 48:5, 49:10,
52:18, 53:23, 59:22,
60:9
**SMARTMATIC** [1] -
1:3
**Smartmatic's** [9] -
26:12, 26:23, 27:2,
28:7, 29:17, 34:1,
57:13, 63:24, 64:5
**so..** [2] - 38:22, 42:8
**SOCIETY** [1] - 2:5
**Society** [1] - 4:8
**something's** [1] -
61:14
**sometimes** [3] -
20:24, 22:1, 66:15
**somewhat** [1] - 16:6
**somewhere** [2] -
36:21, 68:22
**soon** [1] - 18:3
**sooner** [3] - 37:15,
49:2, 66:20
**SOROS** [1] - 2:5
**Soros** [4] - 4:8,
23:11, 58:4, 58:10
**sorry** [11] - 4:4, 25:9,
25:10, 26:25, 27:5,
27:20, 30:14, 40:9,
40:18, 50:7, 59:11
**sort** [14] - 7:21, 8:18,
26:4, 26:8, 26:14,
26:21, 28:21, 33:13,
33:20, 34:2, 34:15,
45:19, 45:20, 57:15
**sorted** [1] - 26:8
**sorts** [1] - 61:13
**sound** [1] - 45:15
**source** [1] - 29:9
**South** [1] - 1:17
**Southern** [1] - 58:23
**spaced** [1] - 17:19
**SPEAKER** [3] -
39:15, 40:8, 61:17
**speaking** [1] - 51:13
**specific** [1] - 8:11
**specifically** [1] - 7:1
**speedy** [1] - 7:19
**spend** [1] - 66:18
**standing** [13] -
10:12, 10:15, 10:23,
18:21, 18:24, 21:19,
22:9, 22:10, 28:13,
29:19, 29:24, 46:13,
68:4
**start** [1] - 68:1

**started** [2] - 47:9,
48:10
**starting** [2] - 3:8,
16:19
**state** [1] - 14:17
**STATES** [2] - 1:1,
1:12
**States** [6] - 2:8, 48:8,
48:9, 48:17, 48:18,
70:13
**status** [4] - 3:5, 4:19,
43:14, 56:7
**Status** [1] - 30:8
**STATUS** [1] - 1:11
**stay** [12] - 8:10, 8:17,
9:16, 24:19, 42:24,
43:1, 43:6, 43:8,
43:18, 54:7, 64:6,
65:10
**stayed** [1] - 32:21
**staying** [1] - 8:6
**steadfastly** [1] -
11:14
**stenographic** [1] -
70:5
**still** [12] - 7:4, 7:7,
8:5, 8:14, 15:10, 29:6,
29:15, 31:9, 34:7,
34:15, 56:18, 59:19
**stop** [2] - 16:18,
48:20
**strange** [1] - 5:6
**streamline** [1] - 42:4
**Street** [2] - 2:3, 2:6
**strike** [1] - 29:16
**strongly** [1] - 41:5
**stuff** [1] - 41:23
**subject** [6] - 17:23,
38:1, 41:19, 52:12,
58:4, 60:2
**submission** [1] -
31:12
**submissions** [2] -
67:24, 69:15
**submit** [10] - 14:12,
33:7, 33:15, 39:25,
40:24, 41:5, 42:16,
53:25, 54:3, 56:10
**submitted** [2] - 56:4,
56:6
**subpoena** [6] - 24:3,
58:5, 61:3, 61:21,
61:22, 63:3
**subpoenas** [4] -
24:5, 24:6, 24:14,
58:6
**substantially** [1] -
31:18
**substantive** [1] -
36:5

**sufficient** [1] - 34:15
**suggest** [4] - 15:2, 40:22, 40:23, 48:1
**suggested** [1] - 54:13
**suggestion** [5] - 16:5, 16:13, 54:14, 55:9, 58:9
**suggestions** [1] - 55:2
**Suite** [4] - 1:18, 1:21, 1:24, 2:3
**SULLIVAN** [26] - 1:16, 3:12, 52:18, 53:24, 54:16, 56:25, 57:11, 57:22, 57:24, 60:6, 60:12, 60:21, 61:6, 61:10, 61:19, 62:8, 62:11, 63:8, 63:11, 63:18, 63:20, 63:22, 64:4, 64:8, 64:14, 65:5
**Sullivan** [4] - 3:13, 51:4, 52:15, 65:4
**summary** [7] - 51:5, 51:13, 51:21, 52:10, 52:21, 53:4, 53:18
**summer** [1] - 69:2
**supplement** [1] - 34:25
**supplemental** [6] - 10:4, 12:23, 27:17, 32:11, 32:13, 57:15
**supply** [1] - 66:3
**surprised** [1] - 39:9
**suspect** [1] - 13:13
**switched** [1] - 34:6
**Switzerland** [3] - 38:4, 39:14, 39:16

**T**

**table** [1] - 21:11
**tacky** [1] - 57:12
**Taiwan** [2] - 38:4, 39:17
**technical** [1] - 38:7
**teleconference** [1] - 28:23
**telephonic** [1] - 50:16
**temporarily** [1] - 8:6
**temporary** [5] - 7:2, 8:10, 8:17, 31:4, 42:24
**ten** [3] - 31:15, 32:14, 45:24
**tentative** [1] - 5:21
**terms** [1] - 68:13

**testimony** [1] - 41:22
**Texas** [2] - 1:22, 1:25
**text** [1] - 17:23
**that'll** [1] - 69:6
**THE** [206] - 1:1, 1:11, 1:12, 1:15, 1:19, 2:2, 3:1, 3:2, 3:14, 3:17, 3:25, 4:4, 4:10, 4:15, 4:17, 5:1, 8:5, 8:22, 9:2, 9:20, 10:7, 10:10, 10:15, 10:18, 10:21, 10:25, 11:3, 12:3, 12:20, 13:17, 15:4, 15:18, 16:7, 16:15, 18:17, 18:20, 19:3, 19:6, 19:10, 19:16, 20:3, 20:6, 20:15, 21:5, 22:18, 22:23, 23:3, 23:6, 23:9, 23:23, 24:1, 24:6, 24:16, 24:21, 24:24, 25:2, 25:10, 25:13, 25:16, 25:19, 25:25, 26:16, 26:25, 27:9, 27:11, 27:14, 27:17, 27:19, 27:24, 28:2, 28:25, 29:20, 30:1, 30:14, 30:25, 31:7, 31:22, 32:1, 32:5, 32:7, 32:18, 33:2, 33:18, 34:17, 34:22, 35:2, 35:5, 35:15, 35:19, 36:22, 37:2, 37:4, 37:8, 37:16, 37:19, 38:1, 38:13, 38:23, 39:1, 39:6, 39:9, 39:12, 39:23, 40:11, 40:13, 40:17, 40:22, 41:2, 41:4, 41:13, 42:3, 42:9, 42:11, 42:15, 42:22, 43:3, 43:8, 43:13, 43:20, 43:24, 44:24, 45:6, 45:12, 46:3, 46:5, 46:8, 46:11, 46:24, 48:3, 48:22, 48:24, 49:4, 49:6, 49:13, 49:16, 49:18, 50:4, 50:7, 50:10, 50:12, 51:9, 51:12, 51:20, 51:24, 52:3, 52:6, 52:8, 52:14, 52:17, 53:8, 53:11, 53:21, 53:25, 54:14, 54:18, 54:21, 55:3, 55:7, 56:6, 57:2, 57:20, 57:23, 58:1, 58:17, 58:21, 59:1, 59:4, 59:8, 59:14, 59:17, 59:23, 60:5,

60:7, 60:11, 60:20, 60:23, 61:8, 61:11, 61:18, 61:21, 61:24, 62:2, 62:5, 62:9, 62:13, 63:1, 63:13, 63:17, 64:2, 64:7, 64:12, 64:17, 64:21, 64:24, 65:3, 65:7, 65:13, 66:1, 67:23, 68:21, 68:24, 69:2, 69:6, 69:9, 69:12, 69:19
**they've** [4] - 36:12, 38:20, 38:21, 52:9
**thinking** [1] - 12:5
**thinks** [1] - 50:9
**third** [11] - 29:11, 32:6, 47:15, 58:5, 59:6, 59:14, 59:15, 59:19, 59:23, 60:10
**third-party** [3] - 47:15, 58:5
**thousand** [2] - 19:5, 29:3
**thousand-page** [1] - 29:3
**three** [2] - 14:11, 36:19
**threshold** [1] - 33:20
**ticky** [1] - 57:12
**ticky-tacky** [1] - 57:12
**tied** [1] - 68:6
**timely** [2] - 19:22, 34:11
**timing** [9] - 13:7, 26:11, 27:8, 33:12, 39:25, 45:7, 50:22, 65:11, 69:1
**to-do** [2] - 16:22, 16:25
**today** [11] - 4:11, 6:14, 6:21, 23:2, 23:18, 25:7, 49:14, 55:19, 57:10, 58:14, 63:9
**together** [4] - 49:23, 52:11, 65:20, 68:11
**tomorrow** [1] - 65:20
**tons** [2] - 20:19
**took** [2] - 6:6, 32:6
**topic** [2] - 18:19, 33:25
**topics** [1] - 26:3
**total** [1] - 36:20
**totally** [1] - 47:25
**towards** [1] - 45:18
**tranche** [2] - 44:19, 49:11
**tranches** [1] - 55:22

**TRANSCRIBED** [1] - 1:11
**transcript** [2] - 70:5, 70:6
**TRANSCRIPT** [1] - 1:11
**transcripts** [1] - 28:4
**transferred** [3] - 58:24, 60:3, 63:4
**translation** [1] - 21:24
**TRENT** [1] - 2:2
**Trent** [1] - 3:21
**trial** [1] - 68:7
**tried** [3] - 11:18, 14:23, 15:3
**true** [5] - 20:1, 24:24, 36:18, 70:4, 70:5
**try** [16] - 5:11, 5:20, 7:18, 11:19, 13:21, 15:1, 15:25, 21:21, 42:20, 43:14, 47:8, 50:11, 55:11, 67:3, 68:11
**trying** [11] - 11:21, 20:6, 22:2, 24:8, 29:23, 43:9, 45:6, 46:25, 56:11, 66:18
**turn** [1] - 65:17
**turn-around** [1] - 65:17
**two** [20] - 7:2, 8:6, 16:22, 24:5, 24:6, 24:13, 26:5, 30:5, 30:23, 33:19, 35:23, 40:6, 45:15, 46:14, 48:6, 49:23, 50:19, 60:10, 67:2, 68:11
**two-week** [1] - 67:2
**typically** [1] - 20:12

**U**

**U.K** [6] - 38:19, 39:10, 39:14, 39:16, 40:13, 48:20
**unable** [1] - 13:12
**under** [7] - 13:1, 17:11, 17:12, 23:17, 27:18, 30:8, 50:22
**understood** [1] - 49:12
**undertaking** [2] - 41:18, 41:22
**undoubtedly** [1] - 37:14
**unfiled** [1] - 56:13
**unfortunately** [2] - 10:1, 23:2

**UNIDENTIFIED** [3] - 39:15, 40:8, 61:17
**UNITED** [2] - 1:1, 1:12
**United** [7] - 38:4, 39:3, 48:8, 48:9, 48:17, 48:18, 70:13
**united** [1] - 2:8
**universe** [1] - 56:12
**unless** [3] - 24:17, 53:14, 61:15
**unopposed** [3] - 4:14, 23:13, 37:12
**unusual** [1] - 5:15
**up** [43] - 4:4, 6:15, 6:24, 12:10, 15:4, 16:16, 16:19, 19:10, 19:11, 19:17, 19:18, 20:4, 20:12, 20:24, 21:1, 25:15, 27:15, 28:6, 28:22, 32:8, 33:5, 36:24, 39:3, 40:6, 40:18, 46:14, 47:7, 47:20, 49:11, 53:15, 53:16, 53:17, 54:24, 55:18, 56:14, 56:20, 62:18, 68:1, 68:6, 68:12, 68:18
**UPADHYAYA** [1] - 1:12
**Upadhyaya** [1] - 17:15
**updated** [7] - 27:23, 39:25, 40:5, 45:17, 45:20, 54:1, 56:4
**urge** [1] - 41:4
**USA** [2] - 1:3, 3:3

**V**

**various** [2] - 5:5, 28:4
**Venezuela** [3] - 38:5, 39:7, 39:19
**versus** [1] - 3:4
**via** [4] - 30:11, 56:4, 60:14, 60:17
**videoconference** [3] - 21:12, 21:20, 50:16
**view** [16] - 11:25, 26:23, 28:1, 28:8, 30:10, 30:23, 30:25, 32:10, 32:15, 34:11, 34:25, 35:5, 35:20, 36:23, 46:1, 48:15
**viewed** [1] - 8:9
**views** [3] - 7:10, 15:24, 61:12
**violated** [2] - 10:15,

10:23
**violation** [1] - 10:12
**Virginia** [2] - 63:5, 64:1
**vs** [1] - 1:5

# W

**Wacker** [1] - 1:17
**wait** [5] - 26:25, 49:1, 61:13, 61:24, 67:25
**waiting** [1] - 19:23
**WALKER** [2] - 1:20, 1:23
**Walton** [3] - 61:18, 61:25, 62:16
**Walton's** [1] - 61:8
**wants** [1] - 50:2
**Washington** [5] - 1:7, 2:4, 2:6, 2:10, 70:14
**waste** [1] - 44:7
**week** [8] - 16:12, 19:2, 46:14, 51:6, 54:16, 54:18, 67:2, 68:11
**weeks** [3] - 46:14, 67:2, 68:11
**welcome** [1] - 49:13
**Western** [1] - 63:5
**wife** [1] - 69:4
**WILLKIE** [1] - 2:5
**Willkie** [3] - 4:2, 4:6, 22:25
**wish** [3] - 33:6, 33:15, 69:13
**wishes** [1] - 12:22
**withdraw** [3] - 9:6, 29:17, 43:17
**withdrawal** [1] - 12:22
**withdrawing** [1] - 54:6
**witness** [1] - 41:19
**witnesses** [4] - 32:12, 32:14, 33:14, 48:21
**works** [1] - 51:1
**world** [1] - 61:12
**worth** [2] - 16:25, 43:9
**writing** [5] - 17:6, 21:25, 47:18, 55:17, 57:5
**written** [2] - 35:8, 35:11
**wrote** [1] - 12:11

# Y

**year** [2] - 12:1, 68:6
**Year** [1] - 69:14
**yesterday** [1] - 17:18
**York** [1] - 58:24
**yourselves** [1] - 3:7