**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

| | | |
|---|---|---|
| 1. | Sender | The Honorable Moxila A. Upadhyaya<br>Magistrate Judge of the United States District Court for the District of Columbia (Washington, DC)<br>333 Constitution Avenue N.W.<br>Washington D.C. 20001<br>Telephone of Judge's Chambers: 001 - (202) 354-3230 |
| 2. | Central Authority of the Requested State | Venezuela Central Authority<br>Ministerio del Poder Popular para Relaciones Exteriores<br>Dirección del Servicio Consular Extranjero<br>Oficina de Relaciones Consulares<br>(Ministry of People's Power of Foreign Affairs<br>Directorate of the Foreign Consular Service<br>Office of Consular Affairs)<br>Edificio Anexo a la Torre MRE, piso 1<br>Avenida Urdaneta – Esquina Carmelitas a Puente Llaguno<br>Caracas 1010<br>Venezuela<br>Tel.: +58 (0) 212-8064449/8020000<br>　　Ext. 6701-6704-6707-6708-6709- 6713<br>Email: relaciones.consulares@mppre.gob.ve<br>exhortos.rogatorias@mppre.gob.ve |
| 3. | Person to whom the executed request is to be returned | The Honorable Moxila A. Upadhyaya<br>Magistrate Judge of the United States District Court for the District of Columbia (Washington, DC)<br>333 Constitution Avenue N.W.<br>Washington D.C. 20001<br>Telephone of Judge's Chambers: 001 - (202) 354-3230 |

4       Specification of the date by which the requesting authority requires receipt of the
        response to the Letter of Request

|  |  |
|---|---|
| Date: | 27 March 2024 |
| Reason for urgency: | The exchange of fact evidence in this case closes soon. |

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED
APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST

| | | |
|---|---|---|
| 5. | *a* Requesting judicial authority (article 3, *a*) | The Honorable Moxila A. Upadhyaya Magistrate Judge of the United States District Court for the District of Columbia (Washington, DC) 333 Constitution Avenue N.W. Washington D.C. 20001 Telephone of Judge's Chambers: 001 - (202) 354-3230 |
| | *b* To the competent authority of (article 3, *a*) | Venezuela |
| | *c* Name of the case and identifying number | *Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited versus Herring Networks, Inc., doing business as One America News Network* (Case Number 1:21-cv-02900-CJN) |
| 6. | Names and addresses of the parties and their representatives (article 3, *b*) | |
| | *a* Plaintiffs | Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively referred to in this document as "Plaintiff") |
| | Representatives | Joel Erik Connolly Benesch, Friedlander, Coplan & Aronoff LLP 71 S. Wacker Drive Suite 1600 Chicago, IL 60606 001 - 312-212-4949 Email: econnolly@beneschlaw.com |

| | | |
|---|---|---|
| | *b* Defendant | Herring Networks, Inc., doing business as One America News Network |
| | Representatives | Charles L. Babcock<br>Jackson Walker L.L.P.<br>1401 McKinney<br>Suite 1900<br>Houston, TX 77010<br>001 - 713-752-4210<br>Email: cbabcock@jw.com |
| 7. | *a* Nature of the proceedings (article 3, *c*) | Civil complaint for defamation |
| | *b* Summary of complaint | Plaintiff contends that Defendant defamed Plaintiff through a series of television broadcasts occurring after the U.S. presidential election in 2020. Plaintiff contends that the Defendant told its audience that Plaintiff's voting machines were compromised and that the reported outcome of the election could not be trusted.  Plaintiff contends that Defendant falsely accused Plaintiff of "having connections to corrupt dictators," including Hugo Chavez, and "of having previously rigged an election in Venezuela." (Complaint at paragraph 98.) |
| | *c* Summary of defense | Defendant contends that it is not liable because statements appearing on the television broadcasts at issue: were not defamatory; were protected by the First Amendment to the U.S. Constitution; Defendant did not make any statements with actual malice; the statements were true or substantially true; and Plaintiff did not suffer any damage as a result of any statements made by Defendant. |
| 8. | *a*  Evidence to be obtained or other judicial act to be performed | 1. Minutes or notes of meetings between representatives of the Venezuelan government (including Hugo Chavez) and representatives of Plaintiff, including Antonio Mugica (also known as Antonio Mugica Rivero).<br>2. Check or payment records showing payment from Sociedad de Capital de Riesgo to Bizta Corp. in June of 2003 in exchange for a 28% ownership in Bizta Corp., and the document showing the 28% ownership. |

|  |  |  |
|---|---|---|
|  |  | 3. Check or payment records from Bizta Corp. reflecting payments made to Venezuelan governmental officials or former officials. |
|  |  | 4. Investigative statements or memoranda reflecting the Venezuelan government's investigation of Plaintiff or its representatives in connection with Plaintiff's voting system. |
|  | *b*  Purpose of the evidence or judicial act sought | The purpose is to identify evidence related to the reputation of Plaintiff and the truth or falsity of Plaintiff's allegation that Plaintiff did *not* have ties to Venezuelan government officials and that its technology is secure. |
| 9. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3, *h*) | The companies and governmental bodies from whom the documents above are sought are requested to complete the attached declaration verifying the authenticity of the documents produced.  If this is not acceptable, they are requested to provide a certification that the documents are true and correct. |
| 10. | The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by | Defendant Herring Networks, Inc., doing business as One America News Network |

DATE OF REQUEST:

SIGNATURE AND
SEAL OF THE
REQUESTING
AUTHORITY:

<u>SEE ATTACHED DECLARATION TO BE COMPLETED WHEN PROVIDING
DOCUMENTS</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP.,
SMARTMATIC HOLDING B.V., AND
SGO CORPORATION LIMITED,

              Plaintiffs,

      v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

              Defendant.

No. 1:21-cv-02900-CJN

## **<u>DECLARATION</u>**

1.     My name is _____.  I am over the age of eighteen (18) years. The facts stated in this declaration are based on my personal knowledge and my review of records, and are true and correct.

2.     I am the _____ [insert job title/position] for _____ [insert name of employer].  As part of my job duties, I am familiar with the record keeping practices of _____ [insert name of employer].  The documents being produced by _____ [insert name of employer] were made at or near the time by – or from information transmitted by – someone with knowledge; were kept in the course of a regularly conducted activity of the organization; and making the record was a regular practice of that activity.

3.     I declare under criminal penalties of the laws of Venezuela that the foregoing is true and correct.

EXECUTED on the _____ day of _____ month, 20___.

Signature: _____

Name: _____



Houston: 2020 Montrose Blvd. #202, Houston, TX 77006
Ph: (713) 589 - 3112

Dallas: 5025 Addison Cir., Addison, TX 75063
Ph:(214) 550-0151

## Certification of Translation Accuracy

ENGLISH TO SPANISH
REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN THE
CASE OF SMARTMATIC USA CORP. AND OTHERS VERSUS
HERRING NETWORKS, INC.

As 24 Hour Translation Services, an independent professional translation service agency, we hereby confirm that the attached document has been translated by a sworn professional translator, who is qualified, competent, and proficient in the aforementioned language pair and that this translation is complete, true, accurate and faithful in the content, context, and style of the original document in all respects.

This certificate only attests the accuracy of the translation. We do not vouch for the authenticity of the original or the veracity of the statements in the original document. Furthermore, 24 Hour Translation Services takes no responsibility for the application of the translation by the client or any third party, including the end-users of the translation.

A copy of the translated document is attached to this certification.

SWORN BEFORE ME at the
City of Addison, in the
State of Texas  in the country
of the United States of America
this 22nd day of December
2023



PETER R. DETLEF
Notary Public, State of Texas
Comm. Expires 06-16-2026
Notary ID 128300998

_____
NOTARY PUBLIC

_____
LANGUAGE SERVICES REPRESENTATIVE



Houston: 2020 Montrose Blvd. #202, Houston, TX 77006
Ph: (713) 589 - 3112

Dallas: 5025 Addison Cir., Addison, TX 75063
Ph:(214) 550-0151

## Certification of Translation Accuracy

INGLÉS A ESPAÑOL
SOLICITUD DE ASISTENCIA JUDICIAL INTERNACIONAL EN EL CASO
DE SMARTMATIC USA CORP. Y OTROS CONTRA HERRING
NETWORKS, INC.

24 Hour Translation Services, una agencia independiente de servicios de traducción profesional, confirma por la presente que el documento adjunto ha sido traducido por un traductor profesional jurado, cualificado, competente y con dominio del par de idiomas mencionados y que esta traducción es completa, verdadera, exacta y fiel en el contenido, contexto y estilo del documento original en todos los aspectos.

Este certificado sólo da fe de la exactitud de la traducción. No respondemos ni por la autenticidad del original ni por la veracidad de la información contenida en el documento original. Además, 24 Hour Translation Services no se hace responsable por el uso de la traducción por parte del cliente o de terceros, incluidos los usuarios finales de la traducción.

Una copia del documento traducido se anexa a este certificado.

JURADO ANTE MI en la
Ciudad de Addison, en el
Estado de Texas en el país de
los Estados Unidos de América
el 22 de diciembre de 2023



PETER R. DETLEF
Notary Public, State of Texas
Comm. Expires 06-16-2026
Notary ID 128300998



CERTIFIED TRANSLATION
24 Hour Translation
DIV. OF THE MARKETING ANALYSTS

_____
NOTARY PUBLIC

_____
REPRESENTANTE DE SERVICIOS DE IDIOMAS

**Solicitud de asistencia judicial internacional de conformidad con el Convenio de La Haya de 18 de marzo de 1970 sobre la obtención de pruebas en el extranjero en materia civil o mercantil**

| | | |
|---|---|---|
| 1. | Remitente | Honorable Moxila A. Upadhyaya<br>Juez Magistrado del Tribunal Distrital de los Estados Unidos para el Distrito de Columbia (Washington, DC)<br>333 Constitution Avenue N.W.<br>Washington D.C. 20001<br>Teléfono del despacho del juez: 001 - (202) 354-3230 |
| 2. | Autoridad central del Estado Requerido | Autoridad Central de Venezuela<br>Ministerio del Poder Popular para Relaciones Exteriores<br>Dirección del Servicio Consular Extranjero<br>Oficina de Relaciones Consulares<br>Edificio Anexo a la Torre MRE, piso 1<br>Avenida Urdaneta – Esquina Carmelitas a Puente Llaguno<br>Caracas 1010<br>Venezuela<br>Teléfonos: +58 (0) 212-8064449/8020000<br>Ext. 6701-6704-6707-6708-6709- 6713<br>Correo Electrónico:<br>relaciones.consulares@mppre.gob.ve<br>exhortos.rogatorias@mppre.gob.ve |
| 3. | Persona a la que debe devolverse la solicitud ejecutada | Honorable Moxila A. Upadhyaya<br>Juez Magistrado del Tribunal Distrital de los Estados Unidos para el Distrito de Columbia (Washington, DC)<br>333 Constitution Avenue N.W.<br>Washington D.C. 20001<br>Teléfono del despacho del juez: 001 - (202) 354-3230 |
| 4 | Especificación de la fecha en la que la autoridad requirente exige la recepción de la respuesta a la carta de solicitud. | |

| | |
|---|---|
| Fecha: | 27 de Marzo  de 2024 |
| Razón de la Urgencia: | El plazo de descubrimiento de hechos se cerró el 8 de diciembre de 2023, pero el Tribunal ha permitido que este descubrimiento específico se lleve a cabo dentro del plazo solicitado. |

## DE CONFORMIDAD CON EL ARTÍCULO 3 DEL CONVENIO, EL ABAJO FIRMANTE TIENE EL HONOR DE PRESENTAR LA SIGUIENTE SOLICITUD

| | | |
|---|---|---|
| 5. | *a* Autoridad judicial solicitante (artículo 3, *a*) | Honorable Moxila A. Upadhyaya Juez Magistrado del Tribunal Distrital de los Estados Unidos para el Distrito de Columbia (Washington, DC) 333 Constitution Avenue N.W. Washington D.C. 20001 Teléfono del despacho del juez: 001 - (202) 354-3230 |
| | *b* A la autoridad competente de (artículo 3, *a*) | Venezuela |
| | *c* Nombre del caso y número de identificación | *Smartmatic USA Corp., Smartmatic International Holding B.V., y SGO Corporation Limited frente a Herring Networks, Inc., operando bajo el nombre One America News Network* (Número de Caso 1: 21-cv-02900-CJN) |
| 6. | Nombres y direcciones de las partes y sus representantes (artículo 3, *b*) | |
| | *a* Demandantes | Smartmatic USA Corp., Smartmatic International Holding B.V. y SGO Corporation Limited (denominados colectivamente en este documento como "Demandante") |
| | Representantes | Joel Erik Connolly Benesch, Friedlander, Coplan & Aronoff LLP 71 S. Wacker Drive Suite 1600 Chicago, IL 60606 001 - 312-212-4949 Correo electrónico: econnolly@beneschlaw.com |

| | | |
|---|---|---|
| | *b* Demandado | Herring Networks, Inc., operando bajo el nombre One America News Network |
| | Representantes | Charles L. Babcock<br>Jackson Walker L.L.P.<br>1401 McKinney<br>Suite 1900<br>Houston, TX 77010<br>001 - 713-752-4210<br>Correo electrónico: cbabcock@jw.com |
| 7. | *a* Naturaleza de los procedimientos (artículo 3, *c*) | Demanda civil por difamación |
| | *b* Resumen de la demanda | El Demandante sostiene que el Demandado difamó al Demandante a través de una serie de emisiones de televisión que tuvieron lugar después de las elecciones presidenciales de Estados Unidos en 2020. El Demandante sostiene que el Demandado dijo a su audiencia que las máquinas de votación del demandante estaban en peligro y que no se podía confiar en el resultado de las elecciones.  El Demandante sostiene que el Demandado acusó falsamente al Demandante de "tener conexions con dictadores corruptos", incluido Hugo Chávez, y "de haber amañado previamente unas elecciones en Venezuela". (Denuncia en el párrafo 98.) |
| | *c* Resumen de la defensa | El Demandado sostiene que no es responsable porque las declaraciones que aparecen en las emisiones de televisión en cuestión: no eran difamatorias; estaban protegidas por la Primera Enmienda de la Constitución de los Estados Unidos; el Demandado no hizo ninguna declaración con malicia real; las declaraciones eran verdaderas o sustancialmente verdaderas; el Demandante no sufrió ningún daño como resultado de ninguna de las declaraciones hechas por el Demandado. |
| 8. | *a* Pruebas que deben obtenerse u otros actos judiciales que deben realizarse | 1. Actas o notas de reuniones entre representantes del gobierno venezolano (incluido Hugo Chávez) y representantes de la parte demandante, incluido Antonio Mugica (también conocido como Antonio Mugica Rivero).<br>2. Registros de cheques o pagos que demuestren el |

pago de la Sociedad de Capital de Riesgo a Bizta Corp. en junio de 2003 a cambio de una participación del 28% en Bizta Corp. y el documento que demuestre la participación del 28%.

3. Registros de cheques o pagos de Bizta Corp. que reflejen pagos efectuados a funcionarios o ex funcionarios gubernamentales venezolanos.

4. Declaraciones de investigación o memorandos que reflejen la investigación del gobierno venezolano sobre la Demandante o sus representantes en relación con el sistema de votación de la Demandante.

|   |   |   |
|---|---|---|
| | *b*  Objeto de la prueba o del acto judicial solicitado | El propósito es identificar pruebas relacionadas con la reputación del Demandante y la veracidad o falsedad de la alegación del Demandante de que no tenía vínculos con funcionarios del gobierno venezolano y que su tecnología es segura. |
| 9. | Cualquier requisito de que la prueba se preste bajo juramento o promesa y cualquier forma especial que deba utilizarse (artículo 3, *h*) | Se ruega a las empresas y organismos gubernamentales a los que se solicitan los documentos arriba mencionados que completen la declaración adjunta en la que se verifica la autenticidad de los documentos presentados.  En caso contrario, se les pide que presenten una certificación de que los documentos son verdaderos y correctos. |
| 10. | Los honorarios y gastos reembolsables en virtud del segundo párrafo del artículo 14 o del artículo 26 del Convenio correrán a cargo de | Demandada Herring Networks, Inc., haciendo negocios como One America News Network |

FECHA DE LA SOLICITUD:

FIRMA Y SELLO DE LA AUTORIDAD SOLICITANTE:

<u>VÉASE LA DECLARACIÓN ADJUNTA QUE DEBE COMPLETARSE</u>
<u>AL PRESENTAR LOS DOCUMENTOS</u>

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE COLUMBIA

SMARTMATIC USA CORP.,
SMARTMATIC HOLDING B.V., Y
SGO CORPORATION LIMITED,

                Demandantes,

   contra

HERRING NETWORKS, INC., operando
como ONE AMERICA NEWS NETWORK,

              Demandado.

No. 1:21-cv-02900-CJN

## **DECLARACIÓN**

1.    Mi nombre es _____.  Tengo más de dieciocho (18) años. Los hechos expuestos en esta declaración se basan en mi conocimiento personal y en mi revisión de los registros, y son ciertos y correctos.

2.    Soy el _____ [insertar cargo/puesto] de _____ [insertar nombre de la empresa].  Como parte de mis funciones laborales, estoy familiarizado con las prácticas de mantenimiento de los registros de _____ [inserte el nombre del empleador].  Los documentos que presenta _____ [inserte el nombre del empleador] fueron elaborados en el momento o ese mismo día por –o a partir de información transmitida por– alguien con conocimiento; se conservaron en el curso de una actividad realizada regularmente por la organización; y la elaboración del registro era una práctica habitual de dicha actividad.

3.    Declaro bajo las sanciones penales impuestas por las leyes de Venezuela que lo anterior es verdadero y correcto.

EXPEDIDO el día \_\_\_\_\_ del mes de_____ del 20\_\_\_.

Firma: _____

Nombre: _____