**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

| | | |
|---|---|---|
| 1. | Sender | The Honorable Moxila A. Upadhyaya<br>Magistrate Judge of the United States District Court for the District of Columbia (Washington, DC)<br>333 Constitution Avenue N.W.<br>Washington D.C. 20001<br>Telephone of Judge's Chambers: 001 - (202) 354-3230 |
| 2. | Central Authority of the Requested State | The Netherlands Central Authority<br>The District Court in The Hague (Rechtbank Den Haag)<br>Team Administratie Civiel – Algemene Zaken<br>Postbus 20302<br>2500 EH THE HAGUE<br>Netherlands<br>Tel.: +31 88 36 12017<br>Email:evidence.convention.rb.den.haag@rechtspraak.nl |
| 3. | Person to whom the executed request is to be returned | The Honorable Moxila A. Upadhyaya<br>Magistrate Judge of the United States District Court for the District of Columbia (Washington, DC)<br>333 Constitution Avenue N.W.<br>Washington D.C. 20001<br>Telephone of Judge's Chambers: 001 - (202) 354-3230 |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | |
| | Date: | 27 March 2024 |
| | Reason for urgency: | The exchange of fact evidence in this case closes soon. |

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST

| | | |
|---|---|---|
| 5. | *a* Requesting judicial authority (article 3, *a*) | The Honorable Moxila A. Upadhyaya Magistrate Judge of the United States District Court for the District of Columbia (Washington, DC) 333 Constitution Avenue N.W. Washington D.C. 20001 Telephone of Judge's Chambers: 001 - (202) 354-3230 |
| | *b* To the competent authority of (article 3, *a*) | The Netherlands |
| | *c* Name of the case and identifying number | *Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited versus Herring Networks, Inc., doing business as One America News Network* (Case Number 1:21-cv-02900-CJN) |
| 6. | Names and addresses of the parties and their representatives (article 3, *b*) | |
| | *a* Plaintiffs | Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively referred to in this document as "Smartmatic") |
| | Representatives | Joel Erik Connolly Benesch, Friedlander, Coplan & Aronoff LLP 71 S. Wacker Drive Suite 1600 Chicago, IL 60606 001 - 312-212-4949 Email: econnolly@beneschlaw.com |
| | *b* Defendant | Herring Networks, Inc., doing business as One America News Network (referred to in this document as "OAN") |
| | Representatives | Charles L. Babcock Jackson Walker L.L.P. 1401 McKinney Suite 1900 Houston, TX 77010 001 - 713-752-4210 Email: cbabcock@jw.com |
| 7. | *a* Nature of the proceedings (article 3, *c*) | Civil complaint for defamation |

|   |   |   |
|---|---|---|
|   | *b* Summary of complaint | Smartmatic contends that OAN defamed Smartmatic through a series of television broadcasts occurring after the U.S. presidential election in 2020. Smartmatic contends that the OAN told its audience that Smartmatic's voting machines were compromised and that the reported outcome of the election could not be trusted. Outside the Complaint, Smartmatic has specifically confirmed that it is asserting reputational harm in foreign countries.[1] This is consistent with Smartmatic's Complaint, which alleges global harm.[2] |
|   | *c* Summary of defense | OAN contends that it is not liable because statements appearing on the television broadcasts at issue: were not defamatory; were protected by the First Amendment to the U.S. Constitution; OAN did not make any statements with actual malice; the statements were true or substantially true; and Smartmatic did not suffer any damage as a result of any statements made by OAN. |
| 8. | *a* Evidence to be obtained or other judicial act to be performed | 1. Audited financial statements from 2014 to the present from KPMG (Netherlands) of Smartmatic International Holdings BV.<br><br>2. Witness testimony of Marco Huberts (as described in Attachment B). It is believed that Marco Huberts' address is:<br><br>Marco Petrus Louis HUBERTS<br>4851 CR Ulvenhout<br>The Netherlands<br>Tel.: +31-765612674 |

---

[1] Email from C. Kovacs, Counsel for Plaintiff, to J. Edwards and others, Counsel for OAN (Aug. 15, 2023).

[2] Complaint, Dkt. 1 at pp. 184-85 (claiming that "Smartmatic's reputation has been irreparably tarnished," that "[p]rior to the 2020 U.S. election" Smartmatic had a reputation that guaranteed secure, accurate and auditable elections, and that "[i]ndividuals responsible for selecting voting systems in the United States *and across the world* understood they would not be second-guessed if they selected Smartmatic") (emphasis added); *see also id.* at p. 438 (Smartmatic listing many international subsidiaries operating around the globe).

| | | |
|---|---|---|
| | *b* Purpose of the evidence or judicial act sought | The purpose is to identify evidence related to the truth or falsity of Smartmatic's allegation that Smartmatic has been harmed by billions of dollars in lost valuation and damage as a result of OAN's television broadcasts. It is OAN's understanding that KPMG (Netherlands) may have prepared audited financial statements of Smartmatic International Holdings BV. Such financial statements prior to or after OAN's television broadcasts will be relevant to Smartmatic's allegation that Smartmatic has been harmed by billions of dollars. Additionally, the requested witness testimony from Marco Huberts (regarding the topics in Attachment B) is also directly relevant and necessary. It is believed that Mr. Huberts – as Smartmatic's former Sales President for the European, Middle East, and African region – has intimate knowledge of the business obstacles faced by Smartmatic internationally that have nothing to do with OAN's television broadcasts. As noted, Smartmatic seeks damages in the lawsuit representing international harm. |
| 9. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3, *h*) | The companies and governmental bodies from whom the documents above are sought are requested to complete the attached declaration (Attachment A) verifying the authenticity of the documents produced. If this is not acceptable, they are requested to provide a certification that the documents are true and correct. Further, it is requested that the witness examination be taken under oath or affirmation and that it be recorded by stenographic and/or videographic means. |
| 10. | Identification of the person to be examined: | Marco Petrus Louis Huberts<br>4851 CR Ulvenhout<br>The Netherlands<br>Tel.: +31-765612674 |
| 11. | Questions to be put to the person(s) to be examined or statement of the subject-matter about which they are to be examined: | See Attachment B describing the subject-matter about which Marco Huberts is to be examined. |
| 12. | Special methods or procedure to be | The following methods or procedures are respectfully requested: |

|  | | |
|---|---|---|
|  | followed (Articles 3 and 9): | 1. Audio recording of the witness testimony and delivery of the recorded media (mp3 or other suitable format) to the requesting judicial authority.<br><br>2. Allow direct examination / cross-examination by the Netherlands counsel.<br><br>3. Allow the presence of the parties and their U.S. counsel. |
| 13. | Request for notification of the time and place for the execution of the request and the identity and the address of any person to be notified. | It is requested that when the time and place for execution of this Request has been determined, you please inform Smartmatic's and OAN's respective legal representatives, identified in paragraphs 6(a) & (b) above, of the date, time, and place of the execution of this Request. |
| 14. | The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by | Defendant Herring Networks, Inc., doing business as One America News Network |

DATE OF REQUEST:

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:

## **ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>        Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>        Defendant. | No. 1:21-cv-02900-CJN |

## **DECLARATION**

1.    My name is _____. I am over the age of eighteen (18) years. The facts stated in this declaration are based on my personal knowledge and my review of records, and are true and correct.

2.    I am the _____ [insert job title/position] for _____ [insert name of employer]. As part of my job duties, I am familiar with the record keeping practices of _____ [insert name of employer]. The documents being produced by _____ [insert name of employer] were made at or near the time by – or from information transmitted by – someone with knowledge; were kept in the course of a regularly conducted activity of the organization; and making the record was a regular practice of that activity.

3.    I declare under criminal penalties of the laws of the Netherlands that the foregoing is true and correct.

EXECUTED on the \_\_\_\_\_ day of _____ month, 20\_\_\_.

                                                            Signature: _____
                                                             Name: _____

**<u>ATTACHMENT B</u>**

**I.      Definitions**

1.      "Huberts" shall refer to Marco Huberts, and shall include any individual or entity acting under Huberts' supervision or on his behalf.

2.      "Communication" shall mean the transmittal of information of any kind in any form or medium.

3.      "Smartmatic" shall mean Plaintiff Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, and any of Plaintiffs' former or current officers, agents, directors, employees, subdivisions, subsidiaries, parents, entities or persons having ownership interests therein, representatives, advisors, attorneys, and any other person or entity purporting to act on their behalf or under their control, and any predecessors or successors.

**II.     Subject Matter for Marco Huberts' Examination**

1.      Huberts' relationship with Smartmatic and the origins and history of his relationship with Smartmatic.

2.      Huberts' knowledge of Smartmatic's products, Smartmatic's efforts to expand business in the European, Middle East, and Africa region ("EMEA"), and the obstacles faced by Smartmatic in obtaining business for Smartmatic in EMEA.

3.      Huberts' knowledge of Smartmatic's earnings, budget cuts, layoffs, financial condition, projections, and relationship with George Soros and the Open Society Foundations.

5.      Huberts' relationship with Antonio Mugica and Roger Pinate (Smartmatic's CEO and President, respectively), including discussions with Mr. Mugica and Mr. Pinate regarding Smartmatic's financial condition, outlook, and successes and failures.

6.      Huberts' Communications regarding Smartmatic since his departure from Smartmatic, including any discussions relating to this litigation.