IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HERRING NETWORKS, INC., <br><br> Defendant. | No. 1:21-cv-02900-CJN <br><br> Judge Carl J. Nichols |

### SMARTMATIC'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL AND MEMORANDUM IN SUPPORT

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic"), through undersigned counsel, hereby move the Court, pursuant to Federal Rule of Civil Procedure 7(b) and Local Civil Rules 5.1(h) and 7, for leave to file Exhibits S, Y, Z, and AA to their Rule 56(D) Response in Opposition to Defendant's Motion for Partial Summary Judgment on Actual Malice under seal. Counsel for Defendant Herring Networks, Inc. (d/b/a OANN) have informed Smartmatic's counsel that OANN does not oppose this motion for leave to file under seal. In support of this motion, Smartmatic states as follows:

1.  Although there is a "strong presumption in favor of public access to judicial proceedings," a district court has discretion to allow a party to file documents under seal where other factors, such as the privacy interest in sensitive information, "act to overcome this presumption." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016).

1

2.  In *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), the D.C. Circuit set forth six factors district courts should consider when determining whether to permit the sealing of a filing:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Hubbard*, 650 F.2d at 317–22; *see also Hardaway*, 843 F.3d at 980 (applying *Hubbard* factors and allowing sealing).

3.  Exhibits S, Y, Z, and AA were designated as Confidential when propounded by OANN. Per Section 12(a) of the Protective Order entered in this case (Dkt. 48), Smartmatic may not file such documents on the public docket and must file a motion to seal.

4.  Exhibits S, Y, Z, and AA were inadvertently filed on the public docket as exhibits to Smartmatic's Rule 56(D) Response in Opposition to Defendant's Motion for Partial Summary Judgment on Actual Malice (Dkt. 155) as Dkts. 155-20, 155-26, 155-27, and 155-28, respectively.

5.  When Smartmatic learned of these inadvertent filings to the public docket, it immediately took steps to request that the documents be removed from the public docket. As the Court was closed for the holiday on December 24 and 25, the exhibits were removed on the morning of December 26, 2023. *See* **Exhibit 1**, December 24, 2023 email with the Court.

6.  Smartmatic must re-submit the referenced exhibits following their removal from the public docket, as its Rule 56(D) Response in Opposition to Defendant's Motion for Partial Summary Judgment on Actual Malice cites to them (Dkt. 155).

7.  Smartmatic therefore respectfully moves the Court for leave to file Exhibits S, Y, Z, and AA to its Rule 56(D) Response in Opposition to Defendant's Motion for Partial Summary

Judgment on Actual Malice under seal, and to grant any other relief the Court deems just and proper.

Dated: December 28, 2023

                                            */s/ J. Erik Connolly*
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Caitlin A. Kovacs (admitted pro hac vice)
Olivia E. Sullivan (admitted pro hac vice)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
ckovacs@beneschlaw.com
oesullivan@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of December, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

                                                */s/ J. Erik Connolly*
                                                J. Erik Connolly (D.C. Bar No. IL0099)

*One of the Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*