**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SMARTMATIC USA CORP.,
SMARTMATIC HOLDING B.V., AND
SGO CORPORATION LIMITED,

               Plaintiffs,

    v.

HERRING NETWORKS, INC., D/B/A
ONE AMERICA NEWS NETWORK,

           Defendant.

No. 1:21-cv-02900-CJN

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

## **<u>TABLE OF CONTENTS</u>**

Page

TABLE OF AUTHORITIES ....................................................................................... ii

I.      INTRODUCTION ..........................................................................................1

II.     ARGUMENT AND AUTHORITIES................................................................6

     A.      Plaintiffs' Inadequate Discovery Arguments................................................6

     B.      Rule 56(d) and the *Convertino* Factors.....................................................11

     C.      *Convertino* Factor No. 2 .........................................................................12

     D.      *Convertino* Factor No. 1 .........................................................................16

     E.      The Third *Convertino* Factor ...................................................................21

III.    SANCTIONS ARE INAPPROPRIATE..............................................................24

IV.     CONCLUSION............................................................................................25

CERTIFICATE OF SERVICE ....................................................................................27

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)............................................................................................5, 6

*Bancault v. McNamara*,
  217 F.R.D. 280 (D.D.C. 2003)................................................................................11

*Berkeley v. Home Ins. Co.*,
  68 F.3d 1409 (D.C. Cir. 1995)..........................................................................12, 16

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)...........................................................................................6, 9

*Convertino v. U.S. Dept. of Justice*,
  684 F.3d 93 (D.C. Cir. 2012)................................2, 8, 9, 11, 12, 15, 16, 17, 19, 20, 21, 23, 25

*Davis v. Yellen*,
  No. 08-cv-557, 2021 WL 2566763 (D.D.C. 2021).................................................16

*Dunning v. Quander*,
  508 F.3d 8 (D.D.C. 2007) ...............................................................................20, 21

*Exxon Corp. v. Crosby–Miss. Res., Ltd.*,
  40 F.3d 1474 (5th Cir. 1995) ................................................................................11

*FERC v. City Power Mktg., LLC*,
  235 F.Supp.3d 152 (D.D.C. 2017) .........................................................................14

*U.S. ex rel. Folliard v. Gov't. Acquisitions, Inc.*,
  880 F.Supp.2d 36 (D.D.C. 2012),
  *aff'd,* 764 F.3d 19 (D.C. Cir. 2014) ....................................................8, 10, 11, 12, 19, 20, 21

*Gertz v Robert Welch, Inc.*,
  418 U.S. 323 (1974)................................................................................................5

*Gonzalez-Ramos v. ADR Vantage, Inc.*,
  Case No. 18-cv-01690, 2020 WL 7136840 (D.D.C. Dec. 7, 2020)........................14

*Graham v. Mukasey*,
  608 F.Supp.2d 50 (D.D.C. 2009) .......................................................................8, 22

*Harrison v. Office of the Architect of the Capital*,
  281 F.R.D. 49 (D.D.C. 2012)..........................................................................11, 12, 16

*Haughton v. D.C.*,
315 F.R.D. 424 (D.D.C. 2014), *objections overruled*, 161 F. Supp. 3d 100
(D.D.C. 2014) ..............................................................................................................3

*Haynes v. D.C. Water and Sewer Auth.*,
924 F.3d 519 (D.C. Cir. 2019) ...........................................................9, 11, 17, 19

*Jefferies v. Barr*,
965 F.3d 843 (D. C. Cir. 2020) ..................................................................9, 11, 15

*Laker Airways Ltd. v. Pan Am. World Airways*,
103 F.R.D. 42 (D.D.C. 1984) ......................................................................................9

*Messina v. Krakower*,
439 F.3d 755 (D.C. Cir. 2006) ............................................................................17, 22

*Miller v. Transamerican Press, Inc.*,
621 F.2d 721 (5th Cir. 1980), *modified on reh'g*, 628 F.2d 932 (5th Cir. 1980),
*cert. denied*, 450 U.S. 1041 (1981) .........................................................................5

*Morales v. Humphrey*,
309 F.R.D. 44 (D.D.C. 2015) .............................................................................22, 23

*New York Times v. Sullivan*,
376 U.S. 254 (1964) .....................................................................................................3, 5

*Pardo–Kronemann v. Donovan*,
601 F.3d 599 (D.C. Cir. 2010*)* ...............................................................................12

*Reshard v. Peters*,
579 F.Supp.2d 57 (D.D.C. 2008) ..............................................................................8

*Resolution Trust Corp. v. N. Bridge Assocs., Inc.*,
22 F.3d 1198 (1st Cir. 1994) ....................................................................................12

*Richie v. Vilsack*,
287 F.R.D. 103 (D.D.C. 2012) ...................................................................................23

*Rivera–Almodovar v. Instituto Socioeconomico Comunitario, Inc.*,
730 F.3d 23 (1st Cir. 2013), 730 F.3d 23 (1st Cir. 2013) ...................................12

*Service Emps. Int'l Union Nat'l Indus. v. Castle Hill Health Care Providers, LLC*,
312 F.R.D. 678 (D.D.C. 2015)..........................................................6, 12, 16, 17, 21, 22

*Smith v. United States*,
843 F.3d 509 (D.C. Cir. 2016) ..................................................................................20

*Strang v. U.S. Arms Control & Disarmament Agency*,
    864 F.2d 859 (D.C. Cir. 1989) ................................................................16, 17, 18, 19, 20, 21

*Thompson v. Fathom Creative, Inc.*,
    626 F.Supp.2d 48 (D.D.C. 2009) ...........................................................................................14

*Wichita Falls Off. Assocs. v. Banc One Corp.*,
    978 F.2d 915 (5th Cir. 1992) ................................................................................................12

*Zinna v. Bd. Of Cnty. Comm'rs of the Cty. of Jefferson*,
    250 F.R.D. 527 (D. Colo. 2007) ...........................................................................................9

**Rules**

Fed. R. Civ. P. 26 ..................................................................................................................15

Fed. R. Civ. P. 26(a) .........................................................................................................7, 18

Fed. R. Civ. P. 26(d)(3)(A) ..................................................................................................9

Fed. R. Civ. P. 26(f) .............................................................................................................15

Fed. R. Civ. P. 56 ............................................................................................................6, 12

Fed. R.Civ. P. 56(b) .............................................................................................................9

Fed. R.Civ. P. 56(d) .......................................................1, 2, 5, 6, 8, 10, 11, 12, 15, 16, 19, 20, 22

Fed. R.Civ. P. 56(f)...................................................................................2, 11, 12, 16, 20

**Other Authorities**

Fed. R. Civ. P. 56, 2010 Advisory Committee Notes, Subdivision (b) ...........................................9

Fed. R. Civ. P. 56, Advisory Committee Notes to 2010 Amendments .........................................12

Defendant Herring Networks, Inc. d/b/a One America News Network ("OAN" or "Defendant") replies to the Plaintiffs' Response in Opposition (ECF No. 155) ("Response") to Defendant's Motion For Partial Summary Judgment on Actual Malice ("Summary Judgment Motion") (ECF No. 136) as follows:

## I.   INTRODUCTION

1.     Plaintiffs' Response relentlessly attacks opposing counsel who are said to be guilty of "misconduct,"[1] "unscrupulous advocacy,"[2] "harass(ing) behavior,"[3] a "shocking (from an ethical perspective) pattern of misconduct,"[4] "pure gamesmanship,"[5] regular "gamesmanship,"[6] "bad faith (and) facially absurd … discovery acts,"[7] and "hypocrisy,"[8] all of which results in, they say, a "sad statement about our profession."[9] Plaintiffs accuse counsel of filing "a frivolous motion to recuse Magistrate Judge Upadhyaya for the sole purpose of obstructing the discovery process"[10] and of breaking an agreement made by prior counsel regarding an extension of Plaintiffs' time to serve a second request for production of documents.[11]

2.     These *ad hominem* attacks on counsel, coupled with six-hundred pages of deep, into-the-weeds, largely irrelevant exhibits (ECF Nos. 155-1 through 155-37), appear designed to mask Plaintiffs' failure to comply with Rule 56(d)'s requirements for avoidance of summary

---

[1] ECF No. 155 at 8 (page cites to filed materials are to the ECF page number).
[2] *Id.*
[3] *Id.* at ii, 11.
[4] *Id.* at 18, 42.
[5] *Id.* at 19, 42.
[6] *Id*. at 45.
[7] *Id.* at 43.
[8] *Id.* at 44.
[9] *Id.* at 42.
[10] *Id.* at 45. This charge is refuted by the undersigned in a Declaration attached hereto as Exhibit A ("Babcock Decl.").
[11] This is disproved by the very emails Plaintiffs rely on (ECF No. 155-14 at 2), as explained in the Butzer Declaration attached hereto as Exhibit B, at ¶ 40 ("Butzer Decl.").

judgment as set out in *Convertino v. U.S. Dept. of Justice,* 684 F.3d 93 (D.C. Cir. 2012) ("*Convertino*"), which Plaintiffs first discuss at page 25 of their 49 page Response.

3.     As Plaintiffs acknowledge, *Convertino* identifies three "elements" a party must satisfy when relying upon Rule 56(d) (formerly 56(f)) of the Federal Rules of Civil Procedure ("F.R.C.P.") and notes that "notwithstanding the usual generous approach toward granting Rule 56(f) [now 56(d)] motions, the rule is not properly invoked to relieve counsel's lack of diligence." *Convertino*, 684 F.3d at 100.

4.     Even if everything Plaintiffs say in the Response is true (and it is not) they have failed to satisfy *any* of the *Convertino* elements including, especially, diligence. Most significantly, as they admit (ECF No. 155 at 9), Plaintiffs did not notice *a single deposition* of any Defendant witnesses during the entire 14-month fact discovery period. That is virtually unheard of, let alone in a case in which Plaintiffs seek significant damages claimed to be in the billions. As any litigator knows, one must make an effort at noticing and taking depositions even if you believe the other side has not produced all of its documents. The solution is to leave the deposition open, not to refuse to notice *any* depositions at all. Plaintiffs decided to roll the dice and simply refuse to request or notice any depositions before the fact discovery deadline of December 8, 2023, imposed by this Court's Scheduling Order. ECF No. 42.

5.     Plaintiffs next claim they couldn't take depositions because the Magistrate Judge allegedly stayed all depositions. That is wrong and illogical. The Magistrate Judge temporarily stayed *Defendant's* noticed depositions but never stopped Plaintiffs from noticing their own depositions. In fact, the Magistrate Judge could not have stayed any deposition notices issued by Plaintiffs for the simple reason that they never issued any such notices in the first place. Plaintiffs

again decided to roll the dice and just assume they would get a discovery extension despite making no effort whatsoever to take depositions of Defendant's witnesses.

6.      Plaintiffs then pivot and claim that actually they couldn't take any depositions because they didn't have sufficient documents from Defendant. Of course, if every party waited to begin depositions only after receiving what it believes is every scrap of paper to which it is entitled, depositions would never occur. In any event, Plaintiffs' description of the status of Defendant's document productions is incorrect—and the vast majority of issues they raise are not even relevant to actual malice anyway.

7.      For example, Plaintiffs attempt to give the impression that Defendant failed to produce any documents at all, yet Plaintiffs then admit (as they must) that by May 24, 2023, Defendant had already produced 186,214 documents, and it had produced 238,500[12] total documents "as of August 28, 2023." *See* Ex. 1 to Resp., Affidavit of J. Erik Connolly ("Connolly Affidavit") at ¶¶ 8, 10 (ECF No. 155-1). And Defendant "made additional productions between August 28 and December 8 (bringing) the total production to 248,000 documents." *Id.* at ¶ 12.

8.      Plaintiffs next assert that on September 14, 2023, Defendant served amended answers to Plaintiffs' Interrogatories Nos. 1, 2, 3 and 5 that included, according to Plaintiffs, "over sixty *new* individuals including producers and bookers." *Id.* at ¶ 23, Ex. S. That amendment was made with nearly three months left in discovery. Further, Plaintiffs admit that over a year ago— on December 16, 2022—Defendant answered Plaintiffs' First Set of Interrogatories and stated that the identity of the people working on the complained of broadcasts could be identified from

---

[12] Defendant did not do a procedurally improper document dump without reviewing documents for responsiveness, as explained in detail in the Butzer Declaration. *See* Ex. B, Butzer Decl. at ¶¶ 24-25; *see also Haughton v. D.C.,* 315 F.R.D. 424, 429-30 (D.D.C. 2014), *objections overruled*, 161 F. Supp. 3d 100 (D.D.C. 2014).

the documents. *Id.* at ¶ 20, Ex. P. In any event, most of these so-called "new" individuals (1) had been identified by ***Smartmatic*** in its 197-page Complaint, accompanied by 152 attached exhibits where the OAN hosts and their interview sources were disclosed (*see* ECF No. 1), as they were in Defendant's produced documents, or (2) were known to Plaintiffs. *See* Ex. B, Butzer Decl. at ¶¶ 50-57, 63. So there was hardly some last-second dump of new potential witnesses.

9. Plaintiffs next complain that on October 6, 2023, Defendant supplemented its answer to Interrogatory 7—which had asked for "sources of information for every visual, illustration, graphic, picture or photograph shown …" (as opposed to human or documentary sources) on the complained of broadcasts—with a "150-row chart identifying sources." *Id.* at ¶ 28; *see* Resp., Ex. Y. Again, that occurred with over two months left in discovery, and yet again Plaintiffs still chose not to even attempt to depose Defendant's witnesses before discovery closed. Further, Defendant's initial answer to that interrogatory (served on Plaintiffs in December 16, 2022) referred Plaintiffs to the produced documents which Plaintiffs surely knew about because they were referenced in the Complaint and Exhibits. The so-called "visual sources" did not add much, if anything, to Plaintiffs' state of knowledge, but nevertheless Defendant created the 150-row chart as Plaintiffs had demanded, in an effort to head off discovery disputes. Again, Plaintiffs fail in their attempt to portray Defendant as suddenly dumping new information just before the close of discovery.

10. Whenever Plaintiffs have claimed they need more documents, Defendant's counsel has asked (repeatedly) what they need, yet Plaintiffs simply direct counsel back to matters already provided, or they are unable to respond (*see* Ex. B*, Butzer Decl. at ¶¶ 26-37).

11. In short, Plaintiffs hope to kick up enough dust to conceal their own calculated decision not to take depositions (on actual malice or anything else) despite having over a year to

do so, and despite having more than enough document discovery to proceed many months before the close of discovery. The Court should hold Plaintiffs to their strategic decision and conclude that they have failed to show diligence in pursuing discovery that would change the outcome of whether Defendant acted with actual malice.

12.     Importantly, putting aside the discovery sideshow, Plaintiffs' Response fails to even address the Summary Judgment Motion's demonstration that Plaintiffs must prove actual malice, which is a central issue in defamation cases under the federal rule articulated in *New York Times v. Sullivan*, 376 U.S. 254 (1964), and *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974). That rule requires a plaintiff to prove "actual malice" by clear and convincing evidence when the plaintiff is a public figure or official. Defendant pointed out in the Summary Judgment Motion (ECF No. 136 at 10) that this is a legal issue which "is pervasive" and should be "answered as soon as possible." *Miller v. Transamerican Press, Inc.*, 621 F.2d 721, 724 (5th Cir. 1980), *modified on reh'g*, 628 F.2d 932 (5th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). That matter is within Plaintiffs' control, and they fail to assert that they need discovery on it. Accordingly, at the very least, the Court should deem it undisputed that Plaintiffs must demonstrate actual malice *by clear and convincing evidence* both at the summary judgment stage and at trial.

13.     As demonstrated next in more detail, Plaintiffs have not satisfied Rule 56(d) and are not entitled to additional discovery on actual malice, and accordingly they are not excused from having to show that a reasonable jury could find actual malice by clear and convincing evidence, as required at the summary judgment stage by *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986) ("[A] court ruling on a motion for summary judgment must be guided by the *New York Times* 'clear and convincing' evidentiary standard in determining whether a genuine

issue of actual malice exists—that is, whether the evidence presented is such that a reasonable jury might find that actual malice had been shown with convincing clarity.").

## II.   ARGUMENT AND AUTHORITIES

### A.   Plaintiffs' Inadequate Discovery Arguments

14.   Rule 56 "mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, [ ] on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion" and identifying those portions of the record that it believes "demonstrate the absence of a genuine issue of material fact." *Id.* at 323. Once Defendant, the moving party, made a showing that a fact cannot be disputed, the burden shifted to Plaintiffs to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (citation and internal quotation marks omitted) (footnote omitted).

15.   Here, however, Plaintiffs have not challenged *any* of Defendant's factual assertions by identifying "specific facts showing that there is a genuine issue for trial" or provided the Court with any evidence whatsoever to support its opposition on the merits. *See generally* Plaintiffs' Resp. (ECF No. 155); *Anderson*, 477 U.S. at 250 (citation and internal quotation marks omitted) (footnote omitted); *Service Emps. Int'l Union Nat'l Indus. v. Castle Hill Health Care Providers, LLC*, 312 F.R.D. 678, 683 (D.D.C. 2015) ("*Castle Hill*") (producing no evidence to support opposition). Instead, Plaintiffs ask this Court to deny the Summary Judgment Motion pursuant to Rule 56(d) and permit additional discovery. ECF No. 155 at 7.

16.   Plaintiffs contend they "need discovery to respond to OANN's empty protestations of innocence." ECF No. 155 at 9. According to Plaintiffs, Defendant has "not completed

document production from hosts," "not completed document production for executives with supervisory and editorial control," not started document production for dozens of producers and bookers," and "hosts, executives, producers, and bookers have not been deposed." *Id*. Additionally, Plaintiffs claim that they need discovery from Defendant's sources, including depositions, and on Defendant's alleged failure to comply with generally accepted journalistic practices. *Id*. at 9-10.

17.     Plaintiffs contend they need all of this discovery despite admitting that (1) on November 3, 2022, Defendant served its Rule 26(a) disclosures (ECF No. 155-5, ¶ 19); (2) on December 16, 2022, Defendant served answers to Plaintiffs' first set of interrogatories (*Id*. at ¶ 20); (3) Smartmatic investigated the identity of Defendant's bookers and producers (*Id*. at 6, ¶ 21); (4) on September 14, 2023, Defendant served amended answers to interrogatories including over sixty (60) individuals including producers and bookers, (*Id*. at 6, ¶ 23); (5) on October 6, 2023, Defendant served supplemental interrogatory answers identifying thirteen additional broadcasts and broadcast republications, (*Id*. at 7, ¶ 28); and (6) on October 6, 2023, Defendant supplemented answers to interrogatories by identifying a 150-row chart identifying sources, an investigation of Smartmatic and additional names and entities. (*Id*. at 8, ¶ 33).

18.     As for Defendant's document production, Plaintiffs admit that (1) Defendant produced 186,214 documents on May 24, 2023 (ECF No. 155-1 at 3 ¶ 8); (2) as of August 28, 2023, Defendant had produced 238,500 documents (*Id*. at 4, ¶ 10); and (3) between August 28, 2023, and December 8, 2023, Defendant made additional productions bringing its total production, according to Plaintiffs, to 248,000 documents (*Id*. at 4, ¶ 12). Additionally, Plaintiffs identified 14 Defendant hosts and 15 sources in their own Complaint. *See* ECF No. 1 at 32–39, 42–52, 59, 65, 73–74, 86, 166–72; *see also* ECF No. 1-76 at 7.

19.    Given all the discovery that has already taken place over the past year, one can only interpret the following statements in the Response—that: (1) "Smartmatic needs discovery to respond to OANN's empty protestations of innocence," (ECF No. 155 at 9); (2) "Smartmatic has been deprived, by circumstances beyond its control, of the evidence needed to opposition the pending motion," (*Id*. at 26); and (3) "Smartmatic needs discovery from OANN to establish that OANN acted with actual malice. Evidence from OANN relates to OANN's actions, inactions, and state of mind" (ECF No. 155-1 at 9, ¶ 35)—to mean that Smartmatic admits that there currently are no questions of fact in existence and that Smartmatic hopes that additional discovery will create them, which is an improper use of Rule 56(d). *See, e.g.*, *U.S. ex rel. Folliard v. Gov't. Acquisitions, Inc.*, 880 F.Supp.2d 36, 44 (D.D.C. 2012) ("*Folliard*"), *aff'd,* 764 F.3d 19 (D.C. Cir. 2014); *see Graham v. Mukasey*, 608 F.Supp.2d 50, 54 (D.D.C. 2009) (Rule 56(d) is not "'designed to allow fishing expeditions"); *see also Reshard v. Peters*, 579 F.Supp.2d 57, 68 n.11 (D.D.C. 2008) (plaintiff's motion for additional discovery denied because she did "not identify any probable facts not already available to her that would raise a triable issue of fact, nor [did] she state with specificity how discovery would produce facts to rebut the defendant's summary judgment motion").

20.    Plaintiffs, apparently, misconstrue the statements in *Convertino* that "summary judgment is premature unless all parties have had a full opportunity to conduct discovery" to mean until *Smartmatic* has had fully "*completed discovery*." *See* ECF No. 155 at 25-26. Simply put, neither *Convertino* nor any other case or federal rule stands for that proposition. And Plaintiffs have cited no authority to establish otherwise.

21.    Plaintiffs' contention that they are entitled to "complete document" production before proceeding to depose *any* witnesses is equally without merit under the Federal Rules of

Civil Procedure, the stipulated Scheduling Order (ECF No. 42), and precedent. *See* ECF No. 155 at 36[13]; F.R.C.P. 26(d)(3)(A) ("methods of discovery may be used in any sequence") and (B) ("discovery by one party does not require the other party to delay its discovery."). Indeed, Plaintiffs' position is contradicted by the very cases they cite in support of the Rule 56(b) standard. *See* ECF No. 155 at 25 (quoting *Jefferies v. Barr,* 965 F.3d 843, 848 (D. C. Cir. 2020) and citing *Convertino*, 684 F.3d at 99).

22.    In *Jefferies*, the court noted: "Rule 56(b) provides that, with certain exceptions inapplicable here, 'a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." *Jefferies*, 965 F.3d at 848 (emphasis in original); *see also* F.R.C.P. Rule 56, 2010 Advisory Committee Notes, Subdivision (b) ("the rule allows a motion for summary judgment to be filed at the commencement of an action…"). Again, Plaintiffs have not cited, nor has Defendant found, a single case or any basis under the law for the proposition that complete document production is required before any depositions can proceed.

23.    And Plaintiffs' statement that "OANN's attempt to obtain partial summary judgment without meaningfully participating in discovery and before depositions have commenced is improper, unprecedented, and absurd" (ECF No. 155 at 2), is not only patently false and belied by the record, it is also totally at odds with case law and the Federal Rules. *See* F.R.C.P. 56(b) ("a party may file a motion for summary judgment at any time until 30 days after the close of discovery"); *Celotex*, 477 U.S. at 322-23 (summary judgment may be granted "after adequate time for discovery"); *Haynes v. D.C. Water and Sewer Auth.*, 924 F.3d 519, 529-530,

---

[13] Plaintiffs cite two cases for the proposition that a party has a right to document production from party witnesses before proceeding to depose those witnesses: *Laker Airways Ltd. v. Pan Am. World Airways*, 103 F.R.D. 42, 51 (D.D.C. 1984), and *Zinna v. Bd. Of Cnty. Comm'rs of the Cty. of Jefferson*, 250 F.R.D. 527, 530 (D. Colo. 2007). Neither case addresses "complete production" and they are inapposite. *See* ECF No. 155 at 36.

533 (D.C. Cir. 2019) (affirming summary judgment motion filed less than a month after amended complaint in which plaintiff first made a Section 1981 claim and no discovery had taken place); *Folliard,* 880 F.Supp.2d 36 at 43 (rejecting plaintiff's argument that summary judgment was premature because defendant did not adequately respond to his interrogatories). To say the least, Plaintiffs' position is completely at odds with the facts at hand, the Federal Rules of Procedure, and precedent.

24.     *Folliard* is instructive. In *Folliard*, the plaintiff attempted to avoid summary judgment by claiming it was premature because, according to the plaintiff, the defendants had not provided substantive responses to its discovery requests. 880 F.Supp.2d at 43. Rejecting the plaintiff's argument that summary judgment was premature, the Court noted that "[j]ust because the plaintiff's interrogatories were not answered in the manner he would prefer, it does not logically follow that he did not answer at all," stating the court was unable to find any case law supporting plaintiff's apparent conclusion that discovery objections are preclusive of summary judgment. *Id*. Finding summary judgment was not premature, the court next considered whether the plaintiff was entitled to discovery under Rule 56(d). *Id.* The court denied the Rule 56(d) request after finding that the plaintiff failed to offer specific facts that would advance plaintiff's case or demonstrate why the discovery he sought was necessary to the litigation and, further, that because of the vagueness of the request, plaintiff could not prove that what he sought was actually discoverable. *Id*. at 44.

25.     Accordingly, following *Folliard*, the fact that there are unresolved discovery disputes, or that Plaintiffs allegedly chose not to take any depositions on account of those disputes, is not enough to foreclose summary judgment as premature. There is nothing improper,

unprecedented, or absurd about filing a partial motion for summary judgment after fact discovery has closed.

**B.**     **Rule 56(d) and the *Convertino* Factors**

26.     Plaintiffs acknowledge that to obtain relief under Rule 56(d), the party opposing summary judgment must: "(1) outline the particular facts the party defending against summary judgment intends to discover and describe why those facts are necessary to the litigation; (2) explain why the party could not produce those facts in opposition to the pending summary judgment motion; and (3) show that the information is in fact discoverable." ECF No. 155 at 25 (*citing Jeffries,* 965 F.3d at 854) (the "*Convertino* factors").

27.     This Circuit's *Convertino* decision provides a road map for securing Rule 56(d) discovery. *Haynes*, 924 F.3d at 532. As the party seeking relief under Rule 56(d), Plaintiffs bear the burden of making the required "showing." That is, Plaintiffs must demonstrate "that, for specified reasons, [it] cannot present facts essential to justify [its] opposition" to Defendant's Summary Judgment Motion. *Harrison v. Office of the Architect of the Capital,* 281 F.R.D. 49, 51 (D.D.C. 2012). The *Convertino* factors must be applied "to the specific facts and circumstances presented in the request," rather than on the basis of presumptions about a given stage of litigation. *Haynes*, 924 F.3d at 530; *Folliard*, 764 F.3d at 27. In short, Plaintiffs bear the burden of identifying the facts to be discovered that would create a triable issue and the reasons why they cannot produce those facts in opposition to the motion. *Bancault v. McNamara*, 217 F.R.D. 280, 283 (D.D.C. 2003). "It is well settled that conclusory allegations unsupported by factual data will not create a triable issue of fact." *Id.; see also Exxon Corp. v. Crosby–Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (holding that Rule 56(f) may not defeat summary judgment "where the result of a continuance to obtain further information would be wholly speculative").

28.     Each factor must be fulfilled for Plaintiffs to secure discovery and thereby delay summary judgment. *Haynes*, 924 F.3d at 530 n.3. The decision of whether to grant or deny relief under Rule 56(d) is discretionary and entrusted to the district court. *Pardo–Kronemann v. Donovan*, 601 F.3d 599, 611-12 (D.C. Cir. 2010*); Harrison,* 281 F.R.D. at 51.

### C.     *Convertino* Factor No. 2

29.     We address the second *Convertino* factor first. The second *Convertino* factor requires Plaintiffs to explain why they could not produce facts in opposition to the pending summary judgment motion. *Convertino*, 684 F.3d at 99. Rule 56(d) "is not properly invoked to relieve counsel's lack of diligence." *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995) (citing *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992)). At a minimum, to benefit from Rule 56(d), a party must show that it has diligently pursued the discovery necessary to stave off summary judgment. *Castle Hill*, 312 F.R.D. at 683. This is because Rule 56 is meant "to minister to the vigilant, not to those who slumber upon perceptible rights." *Rivera–Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 29 (1st Cir. 2013), 730 F.3d 23, 29 (1st Cir. 2013) (quoting *Resolution Trust Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994)).[14] Courts in this Circuit routinely deny Rule 56(d) requests for lack of diligence. *See, e.g., Castle Hill,* 312 F.R.D. at 684 (denying Rule 56(d) request due to non-movant's lack of diligence in pursuing discovery). "A district court may find the non-movant's diligence relevant to the requirement that the non-movant explain why he could not produce the facts in opposition to the motion for summary judgment." *Folliard*, 764 F.3d 19 at 26 n.5; *Castle Hill*, 312 F.R.D. at 684.

---

[14] *Resolution Trust* and other decisions discuss then-Rule 56(f) which is now Rule 56(d). Rule 56(d) "carried forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56, Advisory Committee Notes to 2010 Amendments. *See Castle Hill*, 312 F.R.D. at 684 n.4.

30.     Plaintiffs' explanation for their failure to produce facts in opposition to the motion is specious. While Plaintiffs recount perceived discovery slights by Defendant, they cannot successfully contend that they were actually *prohibited* from taking depositions on the issue of actual malice (or any other issue). As noted above, *nothing* in the Federal Rules of Civil Procedure, case law, or orders of this Court precluded Plaintiffs from taking depositions before the December 8, 2023, fact discovery deadline set by this Court's stipulated Scheduling Order. Quite the opposite. As noted, the Rules make clear that discovery cannot be delayed simply because one side claims the other has not fully produced every page of discovery that was demanded.

31.     Plaintiffs claim that somehow the then-pending motion to recuse Magistrate Judge Upadhyaya prevented Plaintiffs from completing discovery or noticing *any* depositions. But there was no order staying the case or any discovery by Plaintiffs. The record is clear: nothing precluded Plaintiffs from taking a single deposition. *See* Ex. B, Butzer Decl. at ¶¶ 48-49. Indeed, it was Plaintiffs, not Defendant, who filed four motions to prevent *Defendant* from taking depositions. *See* ECF Nos. 96, 105, 108, and 113. No action was taken by Defendant to preclude Plaintiffs from taking any depositions. *See* Ex. B, Butzer Decl. at ¶¶ 49.

32.     Moreover, the two Minute Orders entered by Magistrate Judge Upadhyaya identify and stay ***only*** the specific depositions at issue that were noticed *by Defendant*. (October 21, 2023 Minute Order; November 11, 2023 Minute Order). Plaintiffs' own motion asked only that the "Court issue a protective order staying all depositions *noticed by Defendant Herring Network Inc*." ECF No. 113 at 4 (emphasis added). And it would make no sense to argue that those Orders somehow also stayed Plaintiffs' ability to take depositions, as they had flatly declined to issue any deposition notices of Defendant's witnesses in the first place.

33.     Plaintiffs also claim that the Magistrate Judge's Minute Orders were "a recognition that the parties were not in a position to proceed to depositions at that point due to the disparity in document production." ECF No. 155 at 40. The Orders said no such thing, as later confirmed by the Magistrate Judge. *See also* Ex. C (Transcript of 12/20/23 Conference ("Tr.") at 43) (no merits ruling). She indicated her rulings signaled absolutely nothing about the merits.

34.     The cases Plaintiffs cite for the proposition that they *should be permitted* to take depositions before being required to respond to a motion for summary judgment (ECF No. 155 at 35) are readily distinguishable. Two are pre-discovery summary judgment cases – *Thompson v. Fathom Creative, Inc.,* 626 F.Supp.2d 48, 54 (D.D.C. 2009) (Rule 12(b)(6) motion to dismiss converted to summary judgment), and *FERC v. City Power Mktg., LLC*, 235 F.Supp.3d 152, 155-56 (D.D.C. 2017) (pre-discovery motion for summary judgment)) – and in the third, *Gonzalez-Ramos v. ADR Vantage, Inc*., Case No. 18-cv-01690, 2020 WL 7136840, at *4 (D.D.C. Dec. 7, 2020), the record showed plaintiff diligently noticed numerous depositions and a stay was granted as to the whole case because of medical leave of counsel. Nothing of the sort happened here. Plaintiffs did not bother to issue deposition notices of Defendant witnesses or even inquire about dates before the close of discovery.

35.     On the topic of document productions, Plaintiffs' supporting affidavit is worded in a way that suggests they have not actually reviewed the entirety of the 240,000-plus documents in Defendant's productions made before the close of discovery, and thus they cannot state affirmatively that those documents are not responsive. *See, e.g*., Connolly Aff., ECF No. 155-1 at 4, ¶ 15 (stating only that "it appears that OANN has not produced all responsive documents relating to employment decisions, OANN's oversight, structure, and decision making authority, meetings that occurred regarding Smartmatic and Dominion, and downloads of OANN

applications, subscriptions, and clicks."). The list referenced in paragraph 15 of the Connolly Affidavit does not begin to cover the breadth and scope of Defendant's production and topics. *See* Ex. B, Butzer Decl. at ¶¶ 8-21, 26-37. But, the Connolly Affidavit does confirm that Defendant participated in fulsome discovery. *See, e.g.,* Connolly Aff., ECF No. 155-1 at ¶¶ 19 (Ex. O), 20 (Ex. P), 23 (Ex. S), 28 (Ex. Y), 29 (Ex. Z), and 31 (Ex. AA).

36.     Plaintiffs, therefore, have had a full opportunity to conduct discovery since the Rule 26(f) conference before the end of October 2022. While their statement they have been "waiting for seven months for orders compelling OANN to comply with its document production and other discovery obligations so that Smartmatic could commence depositions," may be true, it was Plaintiffs' decision alone and a strategic mistake. Plaintiffs have sophisticated counsel who made a calculated decision. It certainly does not reflect diligence in conducting discovery on the issue of actual malice. As the *Jefferies* Court observed, "a Rule 56(d) motion 'must be resolved through 'application of the *Convertino* criteria to the specific facts and circumstances presented in the request,' rather than on the basis of presumptions about a given stages of litigation." *Jefferies*, 965 F.3d at 855.

37.     Consequently, Plaintiffs' failure to take depositions was not for want of opportunity. Plaintiffs have known of the identities of the Defendant hosts, executives, and many of the sources since at least October 2021. Indeed, the *Complaint itself* filed in November of 2021 identifies 33 Defendant hosts, executives and sources whose depositions they only *now* claim they need to establish that those individuals allegedly acted with actual malice. *See* ECF No. 1 at 32–39, 42–52, 59, 65, 73–74, 86, 132, 166–72; ECF No. 1-76 at 7; ECF 1-181 at 4; ECF No. 155 at 28, Connolly Aff., ECF No. 155-1 at ¶¶s 36-37, 41-44, and 45-46. The production team members and sources were also identified in Defendant's supplemental answers to interrogatories served

on September 14, 2023. Resp. at Ex. 1, Connolly Aff., ECF No. 155-1 at ¶¶ 23, 33; Ex. B, Butzer Decl. at ¶¶ 50, 52. Yet Plaintiffs never attempted to depose any of these individuals.

38.     In October 2022, the parties met and conferred pursuant to Rule 26. ECF No. 42. They stipulated to a scheduling order that was entered on October 22, 2022, which set the discovery deadline more than one year later at December 8, 2023. ECF No. 42; Ex. B, Butzer Decl. at ¶¶ 4-7. Not once did Plaintiffs ask for or notice *a single* deposition – not for any Defendant or third-party witnesses – during the discovery period. Ex. B, Butzer Decl. at ¶ 21. If Plaintiffs felt they really needed deposition discovery, they should have asked for it. *See Davis v. Yellen*, No. 08-cv-557, 2021 WL 2566763, at *19 (D.D.C. 2021). "A party cannot avoid summary judgment under Rule 56(d) simply by claiming that it needs more time to discover facts to support its opposition." *Castle Hill*, 312 F.R.D. at 679. Because a party cannot invoke Rule 56(d) "to relieve counsel's lack of diligence," Plaintiffs have failed to satisfy the second *Convertino* factor. *See Berkeley,* 68 F.3d at 1414; *Castle Hill*, 312 F.R.D. at 684.

### D.     *Convertino* **Factor No. 1**

39.     The first *Convertino* factor requires Plaintiffs to outline the particular facts they intend to discover and describe why those facts are necessary to the litigation. *Convertino*, 684 F.3d at 99. As then-Judge Ruth Bader Ginsberg explained: "Federal Rule of Civil Procedure 56(f) provides that a court *may* deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989) (affirming denial of Rule 56(d) request where plaintiff "never stated concretely why she could not, absent discovery, present by affidavit facts essential to justify her opposition…to summary judgment motion"). Thus, "[f]irst, a party seeking relief under Rule 56(d) must identify additional discovery [it] would seek to oppose a

motion for summary judgment 'concretely' and with 'sufficient particularity.'" *Harrison*, 281 F.R.D. at 51 (holding plaintiff "never identifies the discovery she wants with any meaningful measure of specificity.").

40.     With regard to the first *Convertino* factor, the Circuit Court in *Haynes* explained nonmovants must file an affidavit or declaration explaining, with sufficient particularity, what specific facts are required to oppose the motion and why those facts are necessary to the litigation. *Haynes,* 924 F.3d at 532. The Court in *Haynes* noted that the affidavits approved in prior cases have two things in common. *Id*. "First, they discuss *the specific facts that must be discovered to support a plaintiff's legal theory, rather than recite broad categories of information*. . .Second, *they explain why the required information could create a dispute of material fact*, even when its ultimate import is unclear, and connect the information sought to the theory of relief advanced." *Id*. (emphasis added). In *Haynes*, the affidavit at issue was found deficient because, although the declaration listed categories of information and documentation Haynes claimed he needed to respond to issues raised in the motion for summary judgment, "it said nothing about 'why those facts [were] necessary' to respond to the motion or to support the allegations in the complaint." *Id*. at 531.

41.     Nowhere do Plaintiffs explain *why* the momentous discovery that has already taken place to date is "meaningless" or *what facts* they hope to obtain in discovery that would enable them to dispute Defendant's declarations or affidavits. *See Castle Hill*, 312 F.R.D. at 685. A conclusory demand for more discovery, such as that made by Plaintiffs here, does not satisfy the first criteria of *Convertino*. *See Strang*, 864 F.2d at 861 (holding that the plaintiff's statements that "discovery 'would be invaluable in this case' and would give her 'an opportunity to test and elaborate the affidavit testimony already entered'" were too "vague" to require the district court

17

to deny summary judgment); *Messina v. Krakower*, 439 F.3d 755, 762 (D.C. Cir. 2006) ("We will not find an abuse of discretion where the requesting party has offered only a conclusory assertion without any supporting facts to justify the proposition that the discovery sought will produce the evidence required." (internal citations and quotation marks omitted)).

42.     In *Strang*, the D.C. Circuit held the plaintiff never offered the requisite explanation why, at that point in time, she could not present by affidavit facts needed to defeat the motion, stating, "She did state generally that discovery 'would be invaluable in this case' and would give her 'an opportunity to test and elaborate the affidavit testimony already entered,'" "[b]ut she never stated concretely why she could not, absent discovery, present by affidavit facts essential to justify her opposition to [the] summary judgment motion." *Strang*, 864 F.2d at 861. "Without some reason to question the veracity of affiants," the plaintiff's desire to "test and elaborate" affiants' testimony falls short; [the] plea is too vague to *require* the district court to defer or deny dispositive action." *Id.* at 862 (emphasis in original). Because the plaintiff "offered no specific reasons demonstrating the necessity and utility of discovery to enable her to fend off summary judgment; the district court, therefore, acted within the bounds of its discretion in not granting a continuance for *Strang* to conduct discovery." *Id.*

43.     Here, the Connolly Affidavit states only that Plaintiffs need discovery to establish that Defendant acted with actual malice and that evidence relates to Defendant's "actions, inactions and state of mind." ECF No. 115-1 at 9, ¶ 35. Plaintiffs claim they need (1) documentation and depositions from thirteen Defendant hosts, (*id*. at ¶ 36); (2) "based on September 14 supplemental interrogatory answers," they need documents and depositions from "over fifty producers, bookers, editors, writers, and assistants to establish actual malice" ("Production Team") (*id*. at 10-11, ¶¶ 38-40); (3) documentation and depositions from OAN's

executives (*id.* at 12-13, ¶¶ 41-42); (4) documentation and depositions from unidentified third parties disclosed in Defendant's Amended Rule 26(a) Initial Disclosures (*id.* at 13-14, ¶¶ 44-46); and (5) documentation and depositions so that their expert can evaluate whether Defendant complied with generally accepted journalism practices (*id.* at 14, ¶ 47).

44.     Plaintiffs' Rule 56(d) affidavit is deficient for the same reasons as in *Haynes* and *Strang*. For example, the affidavit states that Plaintiffs "need documentation" from the Defendant hosts and that the categories of documents they say they need "go directly to establishing that the hosts acted with actual malice." *Id.* at ¶ 36.[15] But neither the Response nor the Connolly Affidavit state with reasonable particularity *what* documents Plaintiffs need or state the specific facts that must be discovered to support their opposition to the partial motion for summary judgment.

45.     Other than vague conclusory statements stating that such information will provide evidence of actual malice, Plaintiffs utterly fail to state "with particularity why additional discovery is necessary" and how such information would create a genuine dispute of material fact. *See Folliard*, 764 F.3d at 26 (quoting *Convertino*, 684 F.3d at 99), *see also Haynes*, 924 F.3d at 531("Haynes failed to explain adequately why the more general category of information he identified in his declaration was necessary to create a triable issue of fact").

---

[15] Plaintiffs make similar representations with regard to their need for documentation and deposition testimony from (1) "over fifty producers, bookers, editors, writers, and assistants to establish actual malice," (ECF No. 155-1 at 10-11, ¶¶ 38-40); (2) Defendant's executive team "to further its evidence of actual malice," (ECF No. 155-1 at 11-13, ¶¶ 41-43); and (3) third party sources "on a range of topics to establish that they were "not reliable source for election fraud claims, and Smartmatic fraud claims specifically," that OAN "knew or recklessly disregarded that the third-party sources were not reliable sources on these topics" and that depositions will establish these points by probing their lack of firsthand knowledge to support their claims, their lack of documentation or evidence to support their claims, and the inconsistency of their claims with credible sources and common sense." ECF No. 155-1 at 13-14, ¶¶ 44-46.

46.     These vague, conclusory statements and the broad categories of inquiry extend to the deposition testimony Plaintiffs state they intend to elicit from well over 150 witnesses. They simply do not explain *what specific facts* they need to oppose the motion or why those facts are necessary to respond to the motion and would create a triable issue. *See Haynes*, 924 F.3d at 531; *Strang*, 864 F.2d at 861 (no abuse of discretion in denial of Rule 56(f) motion because the plaintiff had failed to provide reasons "why discovery was necessary"); *Dunning v. Quander*, 508 F.3d 8, 10 (D.D.C. 2007) (affirming denial of Rule 56(f) request because the plaintiff failed to provide any persuasive reason for needing discovery); *see Convertino*, 684 F.3d at 99 ("[The affidavit] must outline the particular facts [plaintiff] intends to discover and describe why those facts are necessary to the litigation … what facts … would create a triable issue.") (internal citation omitted). Such "vague" requests do not suffice under Rule 56(d). *See Folliard,* 764 F.3d at 29.

47.     By contrast, in *Convertino*, the affidavit outlined the particular facts Convertino hoped to discover and why those facts were necessary to his claim. 684 F.3d at 100 (describing the particular aspects of the motion that discovery was necessary to rebut, the specific discovery that would be sought, and how that information would create a genuine issue of material fact with respect to six facts underlying the movant's arguments); *see also Smith v. United States*, 843 F.3d 509, 513 (D.C. Cir. 2016) (no abuse of discretion in denying Rule 56(d) request where affidavit failed to state "with particularity why additional discovery [was] necessary," because it did not specify how discovery regarding the officers' state of mind could create a material factual dispute).

48.     Indeed, the Response and Connolly Affidavit read more like a wish list of general topics with no indication of the particular facts Plaintiffs hope to discover, or why the materials produced to date are insufficient.

49.     To the extent Plaintiffs simply want to rehash the same topics covered in the detailed declarations that accompanied the Motion for Summary Judgment, that is categorically an improper basis under Rule 56(d). "Without some reason to question the veracity" of Defendant's affiants, Plaintiffs' mere desire to "test and elaborate" affiants' testimony falls short; their plea is too vague to require the district court to defer or deny dispositive action." *Strang,* 864 F.2d at 861; *Dunning*, 508 F.3d at 10. Plaintiffs never even attempt to argue that the declarations attached to the Summary Judgment Motion are incorrect or untrue. There is therefore no reason to "question the[ir] veracity," *Strang*, 864 F.2d at 861, and they must be deemed uncontroverted.

### E.     The Third *Convertino* Factor

50.     Plaintiffs are wrong that Defendant does not dispute the third *Convertino* factor—*i.e.*, whether the information sought is in fact discoverable. *See* ECF No. 155 at 41. Plaintiffs' sole support for this factor is the conclusory statement that it seeks "completion of document production by OANN … depositions of OANN's hosts, production team, and executive team … and documents and depositions of third party sources." ECF No. 155 at 41(citing Connolly Aff., ECF No. 155-1 at 9-14, ¶¶ 35-47). Plaintiffs state "[t]he discovery it seeks is "typical discovery provided in litigation." ECF No. 155 at 41. Plaintiffs, however, must do more than offer "conclusory allegations without any supporting facts to justify the proposition that the discovery sought will produce the evidence required." *Folliard*, 880 F.Supp.2d at 41.

51.     Plaintiffs have not demonstrated that the information they seek is in fact discoverable. *See Convertino,* 684 F.3d at 100. Other than recounting vague, broad categories of documents and deposition testimony (*See* ECF No. 155-1 at 9-14, ¶¶ 35-47), the Connolly Affidavit does not specify the discovery Plaintiffs claim they need, so it is necessarily the case that Plaintiffs have failed to show that this unidentified discovery is *available*. Moreover, it is not at all clear from the Connolly Affidavit that Plaintiffs do not *already* possess the (admittedly

vaguely characterized) documents they say they need before taking depositions. *See Castle Hill*, 312 F.R.D. at 685 ("[H]aving failed to explain what discovery they seek to obtain from Plaintiffs that is not duplicative of records already in their possession, Defendants have failed to satisfy the third *Convertino* factor."). Plaintiffs admit they currently possess over 250,000 documents and other written discovery produced by OAN but, as was the case in *Castle Hill*, Smartmatic cannot and does not explain that the document discovery it seeks is not duplicative of information already in its possession. *See id*.

> The Connolly Affidavit states only:

> Based on counsel's review to date, *it appears OANN has not produced all responsive documents* relating to employment decisions, OANN's oversight, structure, and decision-making authority, meetings that occurred regarding Smartmatic and Dominion, and downloads of OANN applications, subscriptions, and click.

Resp. at Ex. 1 (ECF No. 155-1 at 4, ¶ 15) (emphasis added).

52.     Aside from the fact that the Connolly Affidavit is not based on personal knowledge and it is unclear who the "counsel" is who reviewed the production, it simply does not state that the documents Plaintiffs seek by way of Rule 56(d) have not already been produced. Apparently the affiant was unable to make that statement, given the carefully worded comment that "it *appears* OANN has not produced all responsive documents." *Id*. (emphasis added).

53.     In addition, Plaintiffs have presumably obtained voluminous documentation and deposition testimony in their litigation against the other "primary proponents of disinformation," including Fox Corporation, Fox News Network, Newsmax, Rudy Giuliani, Sidney Powell, and Mike Lindell/My Pillow, who they also sued for defamation in 2021 relating to the 2020 election. *See* ECF No. 155 at 12; ECF No. 155-1 (Connolly Aff., ¶ 2).

54.     Rule 56(d) may not be used to defeat a motion for summary judgment when there is "mere speculation" of evidence not yet discovered. *Morales v. Humphrey*, 309 F.R.D. 44, 48

(D.D.C. 2015); *see also Graham v. Mukasey,* 608 F.Supp.2d at 54 (plaintiff's hope that additional discovery will create questions of fact is improper use of Rule 56(d)); *Messina v. Krakower*, 439 F.3d 755, 762 (D.C. Cir. 2006) ("We will not find an abuse of discretion where the requesting party has offered only a conclusory assertion without any supporting facts to justify the proposition that the discovery sought will produce the evidence required." (internal citations and quotation marks omitted)).

55.    Plaintiffs quote *Convertino* for the proposition that there was "'ample evidence to suggest that additional discovery could reveal facts at issue," yet Plaintiffs conspicuously fail to provide such evidence here. ECF No. 155 at 41. In *Convertino*, by contrast, the Court found that the plaintiff had "submitted ample evidence to suggest that additional discovery could reveal the source's identity" because a motion to compel discovery from the Free Press was still outstanding, *Convertino* produced evidence suggesting at least one other individual at the Free Press knew the identity of the reporter's source, and that was reasonably likely that a Free Press editor was also privy to some of the documents. *Convertino*, 684 F.3d at 101. Plaintiffs here have submitted nothing approaching that kind of detailed evidence needed that would necessarily raise a genuine issue of fact as to actual malice and thereby defeat Defendant's Motion for Summary Judgment.

56.    Plaintiffs' reliance on *Morales v. Humphrey* for the proposition that an attorney's affidavit "generally pointing to discovery concerns satisfies the third prong" is also misplaced. ECF No. 155 at 41. In *Morales, "no* discovery [had] yet taken place." *Morales*, 309 F.R.D. at 48 (emphasis added). Similarly, in *Richie v. Vilsack*, 287 F.R.D. 103 (D.D.C. 2012), also cited in Plaintiffs' Response (ECF No. 155 at 41), the key factor was, once again, that "[n]o discovery has yet taken place" as the defendant had filed a motion to dismiss or in the alternative summary judgment. *Richie*, 287 F.R.D. at 103-104. Finding "the wholesale absence of the opportunity for

discovery is . . . responsible," the court nonetheless determined the plaintiff had outlined particular facts she intended to discover, offered sufficient reasons that testing defendant's declarations might prove useful, and explained why discovery was necessary to develop her case. *Id*. at 107. That is simply not the case here, as explained point-by-point in the attached Butzer declaration.

## III.  SANCTIONS ARE INAPPROPRIATE

57.     As noted in the Introduction, Plaintiffs' Response spends an inordinate amount of time attacking counsel for Defendant, accusing them over a dozen times of inappropriate, unethical, and unprofessional conduct, and repeatedly filing "frivolous" documents.[16] These sorts of tiresome accusations are unfounded and also a waste of time and space.

58.     Nonetheless Defendant briefly addresses those points. Plaintiffs confusingly alternate between accusing Defendant of moving too slowly (by allegedly blocking discovery) and moving too quickly (by filing for summary judgment). The inconsistency demonstrates the lack of substance to Plaintiffs' accusations. Needless to say, it isn't unprofessional, unethical, or shocking for a defendant to seek summary judgment after discovery closes, nor to argue that Plaintiffs' sophisticated lawyers should be held to their calculated risk not to seek to take *any* depositions of Defendant witnesses during the discovery period.

59.     Plaintiffs' accusations that Defendant sought Magistrate Judge Upadhyaya's recusal for strategic reasons is also unfounded, as explained in the attached Babcock Declaration, where lead counsel for Defendant represented, and continues to represent, that the motion was not filed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly

---

[16] Plaintiffs are especially fond of the label "frivolous," using it eleven times in the Response (ECF No. 155 at 7, 8, 10, 12, 13, 37, 38 n.10, 45 (twice), 47 and 48), and also numerous times elsewhere, including to Defendant's argument that Plaintiffs needed leave of court before filing discovery motions against Defendant. ECF No. 147 at 14. At the recent (December 20, 2023) discovery status conference, Magistrate Judge Upadhyaya agreed with Defendant that leave was indeed required. *See* Ex. C, Tr. 5, 17, 47.

increase the cost of litigation. Ex. A, Babcock Decl. at ¶¶ 5-6. Plaintiffs' accusation is also illogical for numerous reasons. *First*, the pending recusal motion in no way prevented Plaintiffs from noticing depositions of witnesses, as discussed above, so the recusal matter is a red herring. *Second*, Defendant has been the one who has insisted on complying with the Scheduling Order's deadlines and keeping this case moving apace, while Plaintiffs have been dilatory, so it would make no sense for Defendant to try to delay the case by moving to recuse. *Third*, although the motion to recuse was denied, Magistrate Judge Upadhyaya never stated it was frivolous (*id*. at ¶ 8), and it is passing strange for Plaintiffs to then *criticize* Defendant's decision not to appeal that decision. ECF No. 155 at 38 n.10. If Defendant had appealed it, Plaintiffs would likely have criticized that, too, as somehow being bad faith, unprofessional, unethical, and frivolous— demonstrating that such accusations are unhelpful, tiresome, and a waste of time.

## IV.    CONCLUSION

The failure to satisfy the three *Convertino* factors is patent, and Plaintiffs are therefore not entitled to additional discovery. The summary judgment motion is thus ripe for decision, and as Plaintiffs have not submitted any evidence from which a reasonable jury could determine by clear and convincing evidence that the complained of publications were published with actual malice (which, because of Plaintiffs' public figure or public official status, is the standard), the Summary Judgment Motion should be granted.

Dated: December 29, 2023                By: */s/ Charles L. Babcock*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY PLLC**
R. Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Herring Networks, Inc.*

26

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2023, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.

/s/ *R. Trent McCotter*
R. Trent McCotter