# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>Defendant. | Civil Action No. 1:21-cv-02900-CJN |

## DECLARATION OF CHARLES L. BABCOCK

I, Charles L. Babcock, declare as follows:

1. My name is Charles L. Babcock and I am the lead lawyer for the defendant Herring Networks, Inc. d/b/a ONE AMERICA NEWS NETWORK ("Defendant") in the above referenced case and submit this Declaration in Support of Defendant's Motion for Partial Summary Judgment ("Motion") and in Reply to certain statements made in Plaintiff's Response in Opposition to the Motion ("Response") ECF 155);

2. I am over 21 years of age, have been admitted to appear in this case *pro hac vice* and am competent to testify to the facts stated herein all of which are true and correct, within my personal knowledge and would be admissible in evidence.

3. I am a graduate of Brown University and the Boston University Law School where I served as executive editor of its Law Review. After law school I clerked for the Honorable Robert W. Porter in the United States District Court for the Northern District of Texas. When my clerkship concluded I joined Jackson Walker L.L.P. as a litigation associate, became a partner in 1983 and

1

practice at that firm today. In 2000 I was admitted as a Fellow of the American College of Trial Lawyers.

4. In June of 2023 I partially authored a private letter to Magistrate Judge Moxilla Upadhyaya ("Letter") which she later placed in the public record (ECF 75). Before providing the Letter to Judge Upadhyaya, which raised the issue of her possible recusal, I first discussed it with Plaintiffs' lead counsel, J. Erik Connolly, and sent him a draft which he edited by adding the sentence "Mr. Connolly indicated that Smartmatic does not object to this issue being raised for your consideration and will provide any information you request." Mr. Connolly never stated to me at any time that he believed the recusal issue was frivolous or that it was a tactic to delay discovery.

5. After Judge Upadhyaya filed the Letter, Defendant filed a formal motion to recuse (Dkt. 78) ("Motion to Recuse"). I helped draft the Motion to Recuse and signed that pleading and by doing so represented certain matters to the court as set out in Rule 11, Federal Rule of Civil Procedure, including that the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

6. That representation, made by me, was true then and is true today.

7. I sent the Letter and discussed it with Mr. Connolly within days of learning that Judge Upadhyaya had been assigned to this case as the Magistrate Judge and being advised of her representation of the Venezuelan presidential regime of Nicholas Maduro in a case pending before the United States Court of Appeals for the District of Columbia Circuit.

8. Judge Upadhyaya conducted a hearing on the Motion to Recuse and did not state, prior to, during or at any time subsequent to the hearing that she considered the Motion to Recuse to be frivolous or filed for the purpose of delaying discovery.

9. I consider the length of time the Magistrate Judge took to consider the motion and the thoroughness of her opinion denying the motion to be indications that it was **not** frivolous.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 29, 2023.

*[signature]*
_____
Charles L. Babcock

3