IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, <br><br> Defendant. | Civil Action No. 1:21-cv-02900-CJN |

## PLAINTIFFS' SECOND SUPPLEMENTAL MOTION TO EXTEND DISCOVERY AND OAN'S OPPOSITION THERETO

Smartmatic USA Corp., Smartmatic Holding B.V. and SGO Corporation Limited ("Plaintiffs") file herein their Second Supplemental Motion to Extend Discovery, and Defendant Herring Networks d/b/a One America News Network ("OAN" or "Defendant") files its opposition thereto, in compliance with the Honorable Magistrate Judge Moxila A. Upadhyaya's suggestion at the December 20, 2023 Status Conference:

**I.    SMARTMATIC'S SECOND SUPPLEMENTAL MOTION TO EXTEND DISCOVERY**

**A.    BACKGROUND**

Under the Court's current scheduling order, fact discovery was set to close on December 8, 2023. (Dkt. 42). On May 31, 2023, this Court referred all discovery disputes to Magistrate Judge Upadhyaya. (Dkt. 150, p. 2). The next week, OANN moved to recuse Judge Upadhyaya. (Dkt. 78). OANN then took the position that Judge Upadhyaya could not rule on any disputes until the recusal motion was resolved. This left the parties with nowhere to turn for the resolution of discovery disputes. (Dkt. 156, 12/20/23 Hearing Transcript, 12:9-15).

1

On September 18, 2023, Smartmatic filed its Motion to Issue a Protective Order, Stay Depositions, and Amend Scheduling Order ("Motion to Amend Scheduling Order"). (Dkt. 96). In its Motion, Smartmatic asked this Court to extend discovery deadlines due to OANN's deficient document production and outstanding disputes, including the pending recusal motion. (*See id*.).

Despite Smartmatic's pending Motion, OANN continued to notice depositions on dates that were not acceptable to Smartmatic. (Dkt. 113). Smartmatic then filed two emergency motions to stay depositions. (Dkt. 105; 113). On October 21, 2023, Judge Upadhyaya entered a minute order staying all depositions at issue in Smartmatic's first emergency motion. (10/21/23, Minute Order). On November 11, 2023, Judge Upadhyaya entered a second minute order effectively staying all depositions. (11/11/2023, Minute Order).

On December 8, 2023, Smartmatic renewed its Motion to Amend the Scheduling Order. (Dkt. 132). Hours later, Judge Upadhyaya denied OANN's Motion for Recusal. (Dkt. 133, 134). Judge Upadhyaya then advised the parties to submit a joint notice to the Court that outlined all discovery disputes between the parties. (12/12/23, Minute Order). The parties' joint notice outlined twenty-one disputes. (Dkt. 147).

On December 20, Judge Upadhyaya held a discovery status conference for the parties. (12/20/23 Minute Entry). In part, Judge Upadhyaya ordered the parties to "file *one* filing before Judge Nichols regarding your respective positions on whether and if the discovery deadline should be extended…" (Dkt. 156, 54: 9-11) (emphasis added). Judge Upadhyaya encouraged the parties to try to agree on how much time it will take to complete discovery. (*Id.* at p. 13).

On December 27, OANN sent Smartmatic what it characterized as its "joint submission on deadline extensions." **Exhibit A** is a true and accurate copy of the parties' e-mail correspondence.

This submission proposed an extension of deadlines for OANN *only*. (*Id.*) OANN claimed that Smartmatic should not be able to move forward with fact discovery or depositions. (*Id.*)

Smartmatic's response underscored its right to take depositions in this case. Smartmatic in no way forfeited this right, particularly in light of the Motion to Amend the Scheduling Order (Dkt. 96), the pending disputes between the parties, and the impact of OANN's recusal motion on the progression of discovery. OANN's position that Smartmatic is not entitled to further discovery is non-sensical, particularly when Judge Upadhyaya urged the parties to work together and create a mutually agreeable schedule that allows for additional discovery.

In hopes of reaching an agreed-upon schedule, Smartmatic proposed reasonable dates that extended discovery deadlines for both parties. (*See* Supra IB). OANN ignored Smartmatic's proposed dates and instead responded "It looks like we still disagree about basic discovery issues, none of which have been ruled on by the Court. If and when your positions are adopted by the Court, we'll gladly work with you to find reasonable dates on those items." (Ex. A.). OANN later wrote "we do not agree that Smartmatic is entitled to any further discovery." (*Id.*)

On the morning of January 2, the deadline for filing this submission, OANN informed Smartmatic that it was changing its position on fact discovery. OANN's new position is that neither party can take additional discovery. This conduct underscores the gamesmanship being played by OANN throughout the discovery process to date, all in a concerted effort to prevent Smartmatic from getting proper discovery in this case.

It is clear that the parties fundamentally disagree on whether discovery may continue. Smartmatic proposes that the discovery deadlines be amended to accommodate Smartmatic's clear need and right to conduct additional discovery and take depositions.

**B.    SMARTMATIC'S PROPOSED SCHEDULING ORDER**

Smartmatic respectfully requests that this Court enter a revised scheduling order as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline to Serve Document Requests under Fed. R. Civ. P. 34 | May 31, 2023 | July 31, 2023 |
| Deadline for Completion of Fact Discovery | December 8, 2023 | May 10, 2024 |
| Deadline for Proponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2) | January 19, 2024 | June 7, 2024 |
| Deadline for Opponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2) | February 23, 2024 | July 5, 2024 |
| Deadline for Proponents to Produce Responsive Expert Reports | March 22, 2024 | August 9, 2024 |
| Deadline for Expert Depositions | May 3, 2024 | September 13, 2024 |
| Status Conference | May 15, 2024 | October 2, 2024 |
| Deadline to File Dispositive Motions | June 7, 2024 | November 1, 2024 |
| Deadline to File Oppositions to Dispositive Motions | July 22, 2024 | December 5, 2024 |
| Deadline to File Replies in Support of Dispositive Motions | August 21, 2024 | January 6, 2025 |

C.   **SMARTMATIC'S POSITION**[1]

Smartmatic's proposed schedule extends the deadline for fact discovery by five months, which is reasonable when discovery was essentially paused in this matter for seven months while

---

[1] Smartmatic's position is that in accordance with Judge Upadhyaya's request, this motion is the only filing that will be submitted regarding an extension of the discovery schedule. There will be no additional briefing on this issue, and the dispute is ripe for adjudication.

4

OANN's motion for recusal was pending. It also takes into consideration the time that will be necessary for Judge Upadhyaya to hear and rule on discovery disputes.[2] The deadlines that follow the close of fact discovery are spaced out in the same manner that they were in the Court's original scheduling order. (*See* Dkt. 42).

Smartmatic's proposed schedule also includes an amended date for Smartmatic to serve its Second Set of Requests for production. Smartmatic sought an extension of the deadline to serve a second set of requests for production on May 31, and provided the reasons why its deadline should be extended to July 31, 2023. (Dkt. 54). Though May 31 has already passed, this Court's grant of Smartmatic's requested extension would resolve the parties' dispute about whether Smartmatic's requests were timely served. Smartmatic's position remains the same, and Smartmatic will not re-brief the issue here. Smartmatic respectfully asks that the Court grant Smartmatic's motion (Dkt. 54) and/or amend the scheduling order to retroactively change the deadline.

Smartmatic disagrees with OANN's newfound assertion that fact discovery should remain closed and that no further discovery should be taken by either party. Smartmatic is entitled to further discovery in this case because Smartmatic has a right and obligation to develop evidence to support its claims. Smartmatic was diligent in moving discovery forward in this matter, but it was obstructed by OANN in two key ways. *First*, Smartmatic was prejudiced by OANN's failure to produce documents and identify relevant witnesses. And *second*, Smartmatic could not proceed with depositions because of OANN's motion to recuse Magistrate Judge Upadhyaya. These

---

[2] Judge Upadhyaya stated as follows during the December 20, 2023 status hearing: "Another factor in all of this is that I need to be able to get through a lot of these disputes and give you all rulings so that you can move forward." (Ex. A, 15:4-7). "[I]f he extends discovery for a certain period of time, the Court, you know, still needs to be able to have enough time to get through all of your disputes and get back to you all and give my rulings so that you can move forward." (Ex. A, 15:9-13).

5

positions are discussed at length in Smartmatic's Response to OANN's Motion for Partial Summary Judgment (Dkt. 155); therefore, Smartmatic will briefly summarize them here.

***First,*** OANN delayed the production of documents in this case by more than five months and did not disclose relevant witnesses for an entire year. OANN asserts that Smartmatic should have sought to take depositions before the close of fact discovery. This assertion is perplexing given that OANN withheld critical information that prevented Smartmatic from taking depositions. Despite numerous requests, OANN did not amend its initial disclosures and interrogatory responses to identify relevant witnesses until September 2023, and then proceeded to supplement those answers in October and again on December 5 and December 8. (Dkt. 155, p. 1-3). These supplemental answers were served long after March 2023, when OANN represented that it could not identify any additional witnesses. (*Id.* at 38). That representation, of course, turned out to be inaccurate. OANN's withholding of this critical information prevented Smartmatic from seeking the designation of additional custodians, obtaining additional documents for these witnesses, and assessing the depositions it would need to conduct.

OANN's delay in producing documents and refusing to answer Smartmatic's Second Set of Requests for Production also hindered Smartmatic's ability to move forward with depositions. (See Dkt. 155, p. 8-11). Six months into discovery, OANN had only produced 97 documents. (Dkt. 96, p. 3). OANN came up with excuse after excuse as to why it could not produce documents. (*Id.*) Smartmatic warned OANN that unless it sped up the production of documents, depositions could not occur, and an extension of the fact discovery deadline would be necessary. (Dkt. 101, p. 7-9). OANN then withheld documents again from the end of May and the end of July without justification. (Dkt. 96, p. 5-6). And after OANN finally made productions in August, OANN

6

immediately asserted that it was time for the parties to move forward with depositions. (Dkt. 96, p. 7-8).

OANN benefited for more than seven months from having a significant portion of Smartmatic's discovery, which put it in a position to move forward with depositions. (Dkt. 107, p. 3-4). Smartmatic, on the other hand, still asserted deficiencies with OANN's productions from September to December and was continuously denied the documents it sought. (Dkt. 101, p. 9; Dkt. 155, p. 3, 22-28). This problem was further compounded by OANN's blanket refusal to answer any of Smartmatic's Second Set of Requests for Production. (Dkt. 155, p. 10). Then, mere days before fact discovery was to close, OANN made significant amendments to its discovery responses and produced over 5,000 documents on December 8, 2023. Upon a brief review of these documents, there is no reason, other than pure gamesmanship, as to why OANN did not produce these sooner. OANN then moved for partial summary judgment the day after producing these documents. (Dkt. 136). Smartmatic's Rule 56(d) Response outlines several areas of deficiencies that remain in OANN's production. (Dkt. 155, p. 3, p. 22-28).

Smartmatic's proposed amended schedule ensures sufficient time for Smartmatic to assess OANN's witnesses that were not timely disclosed, move to compel the designation of additional custodians, review OANN's documents, identify deficiencies, and follow up with OANN accordingly.

*Second*, OANN's motion to recuse Magistrate Judge Upadhyaya hindered Smartmatic's ability to move discovery forward and take depositions. OANN cannot now claim that the lack of depositions in this case was a problem of Smartmatic's making. As Smartmatic outlined in its September 18, October 12, and November 3 motions to stay depositions, there were countless issues that needed to be addressed by Magistrate Judge Upadhyaya before depositions could move

forward. (Dkt. 96, 105, and 113). Smartmatic also pointed out that if Magistrate Judge Upadhyaya did not have authority while her recusal was pending, it would not be prudent to take depositions without a judge who could address deposition-related disputes that would inevitably arise. (Dkt. 113, p. 10). OANN itself claimed that Magistrate Judge Upadhyaya had no authority while her recusal was pending to rule on discovery disputes. (Dkt. 114). This assertion is completely at odds with OANN's current position that Smartmatic should have moved forward with discovery despite the pending recusal motion.

During the status hearing held by Magistrate Judge Upadhyaya on December 20, 2023, her honor acknowledged that the motion for her recusal made it improper for her to rule on discovery disputes. (Ex. A, 4: 19-24, 12: 3-18). She then acknowledged that it was OANN's motion for recusal that impacted Smartmatic's ability to obtain discovery. *Id*. Magistrate Judge Upadhyaya also noted that she granted Smartmatic's motion to stay depositions because she wanted to maintain the status quo while the motion for her recusal was pending. (Ex. A, 43: 4-16). In light of these statements, OANN's assertion that Smartmatic failed to take depositions is puzzling. It is evident that depositions have not yet occurred because of failures on OANN's part, OANN's motion for recusal, and Judge Upadhyaya's Orders staying depositions. Smartmatic was diligent and moved discovery forward the best it could despite a number of factors outside of its own control.

OANN's objection to Smartmatic taking depositions hinges on the assertion that Smartmatic has not noticed a deposition. As Smartmatic outlined in its Response to OANN's motion for partial summary judgment, there are four issues with OANN's assertion. (Dkt. 155). First, OANN ignores that noticing depositions would have been a waste of time given that OANN had not completed document production and OANN was still identifying new sources and

witnesses as late as December 5, three days before the original close of discovery. (Dkt. 155 at 33). Second, OANN cannot deny that the parties were unable to get their discovery motions, including production-related issues, resolved while Magistrate Judge Upadhyaya considered the recusal motion. (*Id.*) Smartmatic has maintained the position that depositions should not proceed until critical discovery disputes are resolved by the Court. (*Id.*) Third, Magistrate Judge Upadhyaya's rulings on Smartmatic's emergency motions are consistent with the recognition that the parties should not proceed with depositions until (1) both parties could commence depositions and (2) document production was substantially complete. (*Id.*) And fourth, Smartmatic was not in a position to conduct depositions as of December 8 because of OANN's paltry document production, especially with regard to documents from OANN's key witnesses. (*Id.*)

OANN continues to take the unreasonable position that fact discovery should remain closed for both parties absent a Court Order. This position has prohibited any fruitful discussion between the parties regarding the scheduling order, deposition limits, and the timing of depositions. Therefore, Smartmatic further requests that this Court enter an order establishing Smartmatic's right to take depositions.

### D.     SMARTMATIC'S CONCLUSION

**WHEREFORE**, Smartmatic respectfully requests that this Court enter an order amending the scheduling order pursuant to the schedule in Section I.B. and as set forth in the attached proposed order and confirm Smartmatic's ability to take depositions.

## II.   OAN'S STATEMENT

Plaintiffs did not notice *a single deposition* of any Defendant witnesses during the entire 14-month fact discovery period. See **Exhibit B**, Butzer Decl. at ¶¶ 49 (ECF No. 161-2).[3] That is virtually unheard of, let alone in a case in which Plaintiffs seek significant damages claimed to be in the billions. As any litigator knows, one must make an effort at noticing and taking depositions even if you believe the other side has not produced all of its documents. The solution is to leave the deposition open, not to refuse to notice *any* depositions at all. Plaintiffs decided to roll the dice and simply refuse to request or notice any depositions before the fact discovery deadline of December 8, 2023 imposed by this Court's Scheduling Order. ECF No. 42.

Plaintiffs claim that they couldn't take any depositions because they didn't have sufficient documents from Defendant. Of course, if every party waited to begin depositions only after receiving what it believes is every scrap of paper to which it is entitled, depositions would never occur. In any event, Plaintiffs' description of the status of Defendant's document productions is incorrect. *See* Ex. B, Butzer Decl. ¶¶ 8-37, ECF No. 161-2, pp. 4-15. For example, Plaintiffs attempt to give the impression that Defendant failed to produce any documents at all, and what was produced was late in the discovery period. Not true. Plaintiffs admit that (1) Defendant produced 186,214 documents on May 24, 2023 (ECF No. 155-2 at 3 ¶ 8); (2) as of August 28, 2023, Defendant had produced 238,500 documents (*Id*. at 4, ¶ 10); and (3) between August 28, 2023 and December 8, 2023, Defendant made additional productions bringing its total production, according to Plaintiffs, to 248,000 documents (*Id*. at 4, ¶ 12).[4]

---

[3] The Butzer Declaration was filed as Exhibit B to *Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment* (ECF No. 161-2), and references to exhibits therein are to the summary judgment record.

[4] Plaintiffs complain about 5,002 documents produced at the end of the fact discovery period. But of those, 4,324 were documents that had been produced or were marked to be produced in the case *Dominion Voting et al. v. Herring Networks et al.* and that are responsive to Smartmatic's request

Smartmatic also incorrectly claims Defendant identified "new" witnesses at the end of the fact discovery period from whom Smartmatic needs information. They are not "new" individuals, but ones Plaintiffs have known about for months. *See* Ex. B, Butzer Decl. ¶¶ 56-57, ECF No. 161-2, pp. 20-24. For example, Plaintiffs identified 14 Defendant hosts and 15 sources in their own Complaint more than two years ago. *See* ECF No. 1 at 32–39, 42–52, 59, 65, 73–74, 86, 166–72; *see also* ECF No. 1-76 at 7.

Simply put, nothing in the Federal Rules of Civil Procedure, case law, or orders of this Court precluded Plaintiffs from taking depositions before the December 8, 2023, discovery deadline set by this Court's stipulated Scheduling Order. Quite the opposite. The Rules make clear that discovery cannot be delayed simply because one side claims the other has not fully produced every page of discovery that was demanded.

Plaintiffs also claim they couldn't take depositions because the Magistrate Judge allegedly stayed all depositions. That is wrong and illogical. The Magistrate Judge temporarily stayed *Defendant's* noticed depositions but never stopped Plaintiffs from noticing their own depositions. Indeed, it was Plaintiffs, not Defendant, who filed four motions to prevent *Defendant* from taking depositions. *See* ECF Nos. 96, 105, 108, and 113. In fact, the Magistrate Judge could not have stayed any deposition notices issued by Plaintiffs for the simple reason that they never issued any such notices in the first place. No action was taken by Defendant to preclude Plaintiffs from taking any depositions. *See* Ex. B hereto, Butzer Decl. at ¶ 49 (ECF No. 161-2).

Plaintiffs again decided to roll the dice and just assume they would get a discovery extension despite making no effort whatsoever to take depositions of Defendant's witnesses.

---

for production. Also included in this production were Verizon reports for 2020 and 2021, additional re-broadcast billing records, additional text messages, and web analytics for various web postings. Ex. B, Butzer Decl. ¶ 18, ECF 161-2, p. 7.

### A.    OANN'S POSITION

OAN does not believe the scheduling order should be amended although it reserves the right to take depositions that were previously noticed or requested during the discovery period, in the (unlikely) event its motion for summary judgment is denied. It also acknowledges that the Magistrate Judge will resolve certain discovery disputes that relate to motions filed or disputes submitted *before* the expiration of fact discovery on December 8, 2023. This may result in additional written discovery. Our position is more fully described in OAN's opposition to Plaintiffs' Rule 56(d) motion (ECF No. 155) as part of its response to Defendant's motion for partial summary judgment (ECF No. 161).

### 1.    Deadline to Serve Document Requests under Fed. R. Civ. P. 34.

The Plaintiffs' request to extend the deadline to serve Requests for Production of Documents ("RFP" or "RFPs") should not be granted. OAN complied with the Court's May 23, 2023 deadline but Smartmatic did not. On the day the RFPs were due (in violation of Judge Nichol's rule that all requests for extension must be filed four days prior to the due date), Smartmatic filed a request for extension of time without complying with this Court's standing order requiring leave of Court before filing discovery motions against another party. As a result, the Court never ruled on the request for extension, and there is no indication that Smartmatic ever contacted the Court to determine why it had not received a decision. Two months later (eight weeks after the deadline), Smartmatic served Defendant with its Second Set of RFPs. None of these requests called for information that was newly discovered as Plaintiffs had taken no depositions. Even though the untimely RFPs were a nullity, out of an abundance of caution, OAN objected on timeliness grounds. *Thomas v. Snow*, Civil Action No. 03-0187, 2005 WL 8168303, at *3 (D.D.C. June 29, 2005) (discovery requests submitted months after the court-ordered deadline were "without question untimely"). Extending this deadline for Smartmatic's sake would reward their

cavalier approach to this Court's deadlines and procedures. This Court should decline offering such a reward. In the event the deadline is extended, the Magistrate Judge may have to rule on Smartmatic's Motion to Compel (ECF No. 128).

Untimely discovery requests are ineffectual and this Court has refused to compel responses to untimely served discovery. *See, e.g.*, *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105, 108 (D.D.C. 2005) (noting that plaintiffs were required to obtain a modification of the scheduling order through the demonstration of "good cause" before serving discovery after the deadline for doing so had expired and denying plaintiffs' motion to compel the production of responsive documents to discovery requests that were served after the close of discovery); *see also Thomas, 2005 WL 8168303*, at *4 (granting protective order disallowing plaintiff's untimely discovery requests).

A refusal to extend the deadline and enforce its deadlines would not be novel. Numerous courts have held that a party who receives an untimely discovery request is under no obligation to comply with that request. *See, e.g.*, *Grondal v. Mill Bay Members Ass'n, Inc.*, 471 F. Supp. 3d 1095, 1125 (E.D. Wash. 2020) ("Defendants did not have an obligation to respond to untimely discovery requests."); *Baxter Bailey & Assocs. v. Ready Pac Foods, Inc.*, Civil Action No. 18-08246, 2020 WL 1625257, at *1 (C.D. Cal. Feb. 26, 2020) ("Defendants were not obligated to respond to these untimely discovery requests."); *Wiggan v. Toliver*, Civil Action No. 12-CV-1405, 2013 WL 5462292, at *1 (S.D.N.Y. Sept. 24, 2013) ("[D]efendants are correct that they had no obligation to respond to plaintiff's untimely discovery requests."). The clear weight of authority shows that Smartmatic was wrong to serve these untimely requests, and OAN should not be compelled to undertake the significant burden of collecting and producing documents pursuant to these out-of-time requests.

## 2. Deadline for Completion of Fact Discovery

The Court entered the current Scheduling Order on October 10, 2022 "upon review of the Parties' Joint Meet and Confer Statement" (ECF No. 42) where Plaintiffs and Defendant agreed to the dates ultimately ordered by the Court. Between October 10, 2022 and the close of fact discovery on December 8, 2023 Plaintiffs did not seek to take nor did they actually take a single deposition. Rather, they prevented Defendant from taking all but one third-party deposition through a variety of tactics such as (i) filing a motion for protection (ECF No. 96) in violation of the Court's standing order requiring leave of Court and refusing to produce employee witnesses for deposition without first obtaining a Court ruling; (ii) seeking protection in the wrong court (DDC) and in violation of the Court's standing order and not presenting a former Smartmatic employee who was represented by Plaintiffs' law firm; that witness simply did not appear; (iii) seeking an emergency stay (ECF No. 105) from the Magistrate Judge which was granted (October 21, 2023 Minute Order) preventing 17 depositions; and (iv) seeking another emergency stay and protective order staying all of Defendant's depositions (ECF No. 113), which was granted by the Magistrate Judge (November 11, 2023 Minute order). In the event the Court denies OAN's motion for summary judgment, it reserves the right to take some or all of these depositions.

Although Smartmatic has moved the Court to modify the scheduling order, *see* ECF No. 96 at 6 (requesting fact discovery extension to April 8, 2024); ECF No. 132 ("supplemental motion"), and now this second supplemental motion to extend those motions remain pending. This Court has neither consented to nor granted an extension of the fact discovery deadline. Nor should the Court, as OAN has urged. *See* ECF No. 98.

"A scheduling order is not a frivolous piece of paper, idly entered." *Saunders v. District of Columbia*, 279 F.R.D. 35, 37 (D.D.C. 2012). Instead, it is "intended to serve as the unalterable

14

road map (absent good cause) for the remainder of the case*.*" *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, No. CIV.A. 05 2115 CKK, 2007 WL 1589495, at *5 (D.D.C. June 1, 2007) (cleaned up), aff'd sub nom. *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217 (D.C. Cir. 2011). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005) (alteration in original) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). "Adherence to the schedule set by the court under Rule 16 serves several general purposes, including sharpening the preparation and presentation of cases, eliminating trial surprise and facilitating the early settlement of disputes." *Rice v. United States*, 164 F.R.D. 556, 558 (N.D. Okla. 1995). "Circumventing the deadlines would thwart these goals." *Id*.

If the Court does extend fact discovery (and it should not), that extension should be limited to completing discovery that was diligently sought by December 8, 2023—*i.e*., served and scheduled to be completed by the original deadline for the close of discovery. *See* ECF No. 135 (Defendant's Motion for Protective Order Forbidding Plaintiffs' Third-Party Discovery that Violates the Scheduling Order).

      **B.**      **OANN'S CONCLUSION**

OAN's position is that Plaintiffs' original motion, and their first and second supplemental motions, to extend the fact discovery deadline and modify the Scheduling Order should be denied as set forth in the attached proposed order submitted by OAN.

Date: January 2, 2024

*/s/ J. Erik Connolly*
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Caitlin A. Kovacs (admitted pro hac vice)
Olivia Sullivan (admitted pro hac vice)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of January 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ J. Erik Connolly*
J. Erik Connolly

*One of the Attorneys for the Plaintiffs*
*Smartmatic USA Corp., Smartmatic International*
*Holding B.V., and SGO Corporation Limited*