# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, )<br><br>Plaintiffs, )<br>v. )<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, )<br><br>Defendant. ) | Civil Action No. 1:21-cv-02900-CJN |

## DECLARATION OF CARL C. BUTZER

I, Carl C. Butzer, declare as follows:

1.       I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker L.L.P., and am counsel for Defendant Herring Networks, Inc., d/b/a One America News Network ("OAN" or "Defendant"). I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of OAN's Reply to Plaintiffs' Rule 56(d) Response in Opposition to Defendant's Motion for Partial Summary Judgment on Actual Malice (ECF 155) ("Response").

2.       Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic" or "Plaintiffs") filed this lawsuit more than two years ago, on November 3, 2021. (ECF 1).

3.       In the two-year-old Complaint, Plaintiffs identified Kara McKinney, Pearson Sharp, Dan Ball, John Hines, Stephanie Hamill, Alex Salvi, Christina Bobb, and Mike Dinow, all

of whom submitted declarations in support of Defendant's Motion For Partial Summary Judgment On Actual Malice filed on December 9, 2023. (ECF 136, "OAN's Partial MSJ").

**The Scheduling Order**

4.      On September 14, 2022, Plaintiffs moved the Court for an Order requiring the Parties to meet and confer to discuss each of the matters set forth in Local Civil Rule 16.3(c) and to file a Joint Meet and Confer Report addressing all topics listed in Local Civil Rule 16.3(c). (ECF 35). In a Minute Entry dated September 26, 2022, the Court ordered the Parties to meet and confer to discuss each of the matters set forth in Local Civil Rule 16.3(c), to submit a Joint Meet and Confer Report addressing all topics listed in Local Civil Rule 16.3(c), and to submit a proposed scheduling order pursuant to Local Civil Rule 16.3(d).

5.      In a subsequently filed Joint Meet and Confer Report Under Local Rule 16.3 (ECF 41, "Joint Report"), Plaintiffs and OAN ("Parties") informed the Court they had conferred on September 29, 2022 (ECF 41, p. 1), "intend to seek discovery relevant to Plaintiffs' claims and Defendant's defenses," "do not currently propose any limits on discovery beyond those in the Federal Rules of Civil Procedure," and propose "that fact discovery be completed by December 8, 2023." (*Id.*, p. 3). The Parties also represented their "positions" as to the deadlines for serving document requests and the completion of fact discovery:

> "3. Deadline to Serve Document Requests under Fed. R. Civ. P. 34: **May 31, 2023**
> 4. Deadline for Completion of Fact Discovery: **December 8, 2023**"

(*Id.*, p. 4) (emphasis in original). The Parties attached their Proposed Scheduling Order to the Joint Report, which proposed in part:

> "3. Deadline to Serve Document Requests under Fed. R. Civ. P. 34: **May 31, 2023**
> 4. Deadline for Completion of Fact Discovery: **December 8, 2023**"

(ECF 41-1, p. 1) (emphasis in original).

6.      Pursuant to L.R. 16.3(c)(8), during the meet and confer under L.R. 16.3 the parties must discuss "what limits should be placed on discovery." In the Joint Report, the Parties did *not* ask the Court to order that the Parties may not take any depositions until all document production is complete.

7.      "Upon review of the Parties' Joint Meet and Confer Statement," the Court entered the Scheduling Order on October 11, 2022, which ordered that **May 31, 2023** was the deadline to serve document requests under Fed. R. Civ. P. 34, and that **December 8, 2023** was the deadline to complete fact discovery. (ECF 42). Thus, as of October 11, 2022, the Parties had more than 7½ months to serve all of their document requests, and 14 months to finish deposing fact witnesses.

**OAN's Document Production**

8.      As of May 31, 2023, OAN produced 186,311 documents.

9.      At least as early as June 30, 2023, the Parties agreed upon 63 OAN document custodians.

10.     As of July 19, 2023, the Parties agreed to a substantial completion date of August 28, 2023. (ECF 98-1, p. 9).

11.     As of August 28, 2023, OAN's document production was substantially complete. By that date, OAN had produced 239,290 responsive, relevant documents based on the 235 search queries agreed to by the Parties at that time. By that date, OAN produced documents for the following 63 document custodians:

| | | |
|---|---|---|
| Agagas, Jennesh | Brilhante, Amanda | Fifield, Lilia |
| Aksalic, Elma | Brown, Justin | Finn, Emily |
| Althaus, Shane | Coakley, Amber | Flores, Christian |
| Arredondo, Salina | Cohen, Dana | Franco, Jennifer |
| Ball, Dan | Demille, Jacob | Gadow, Brandon |
| Blashinsky, Derek | Dinow, Mike | Galindo, Rafael |
| Bobb, Christina | Drew, Peyton | Golingan, Martin |
| Boyle, Christopher | Dupnik, Joseph | Hamill, Stephanie |

| | | |
|---|---|---|
| Harp, Natalie | Lomibao, Samantha | Schickedanz, Chris |
| Hauxwell, Chloe | Matranga, Vincent | Schmidt, Morgan |
| Herring, Charles | McKinney, Kara | Scott, Taylor |
| Herring, Sr., Robert | Midkiff, Caroline | Sharp, Pearson |
| Herring, Jr., Robert | Myers, Stephanie | Schick, Ann |
| Hines, John | Ngo, Jeannie | Sinclair, Caitlin |
| Hovey, Jasmin | Oakley, Lindsay | Summers, Alicia |
| Hubbard, Hans | Pellegrino, Jenn | Swigart, Avery |
| Hussion, Patrick | Posobiec, Jack | Thompson, Jay |
| Imperial, Kenneth | Richardson, Young | Unutoa, Sani |
| Kinsey, Camryn | Rion, Chanel | Venne, Kayleigh |
| Lambert, Emily | Rouz, Kristian | Viveiros, Ethan |
| Letoi, Talialain | Salvi, Alex | Wall, Greta |

12.     Plaintiffs did not take any depositions, notice any depositions, nor even ask about available dates for depositions, before December 8, 2023, of any of these individuals the Parties had agreed were document custodians.

13.     Among the documents OAN produced by August 28 were thousands of responsive emails and text messages from the 63 then-designated OAN custodians, including pre-broadcast emails between OAN employees; emails and text messages between OAN employees and guests on complained-of broadcasts; viewer comment forms; and news alerts; and responsive communications with third parties. OAN had also produced hundreds of responsive records from a production database (ENPS) and daily story trackers identifying writers and editors of responsive broadcasts. Those ENPS records also contained scripts, sources, and graphics information for those broadcasts. Also included were full videos of complained-of broadcasts; Comscore ratings data in OAN's possession; existing employment contracts for on-air talent; newsroom writer and producer guidelines and protocols; and employee handbooks.

14.     Plaintiffs did not take any depositions, notice any depositions, nor even ask about available dates for depositions, before December 8, 2023, concerning any of these documents.

15.     On September 6, 2023, after the substantial completion deadline agreed to by the Parties, Plaintiffs asked OAN to agree to six additional OAN document custodians, on top of the 63 custodians to which OAN agreed to in June. Plaintiffs also asked OAN to agree to 14 more search queries on top of the 235 search queries OAN had agreed to in June. A true and correct copy of my response to Smartmatic's request is attached as <u>Exhibit B-1</u>. OAN agreed to five of the six newly requested custodians—Krista McClelland, Tom Driscoll, Adrienne Goebel, Jasmine Rounaghi, and Alex Heredia—and to all 14 new search queries Plaintiffs requested. OAN then promptly produced responsive documents to Plaintiffs. Plaintiffs did not take any depositions, notice any depositions, nor even ask about available dates for depositions, of McClelland, Driscoll, Goebel, Rounaghi, or Heredia prior to December 8, 2023.

16.     Thus, as of September 12, 2023, OAN had agreed to 68 document custodians—none of whom Plaintiffs sought to depose during the fact discovery period—and 249 search queries.

17.     OAN performed a responsiveness review of documents from the agreed-upon 68 OAN custodians that hit on the 249 agreed-upon search terms. Also, as provided for in the Court's ESI Order (ECF 50, pp. 10-11), where multiple email messages were part of a single chain or "thread," OAN produced only the most inclusive message. OAN also endeavored to avoid producing duplicate emails by employing de-duplication technology.

18.     Since August 28, 2023, OAN has supplemented its production of 239,290 documents with an additional 9,523 documents as follows:

> • September 25-26, 2023: OAN produced a total of 568 documents on those dates. Included in this production were additional employment records, documents identifying advertisers and ad revenue earned during the complained-of broadcasts, additional show records,

additional video, some documents based on the additional search queries and custodians agreed to on September 12, billing records for Complained of Broadcasts, and certain mobile and Smart TV application download and subscription data for 2020 and 2021.

• October 6-7, 2023: OAN produced a total of 3,728 documents on those dates. The majority of this production was documents based on the additional search queries and custodians agreed to on September 12. Also included were additional show records, additional documents related to Michael Lindell, and retraction letters.

• November 7, 2023: OAN produced 15 documents on that date. Included in this production were additional documents related to Eric Coomer and Michael Lindell.

• December 8, 2023: OAN produced 5,002 documents on that date. Of those, 4,324 were documents that had been produced or were marked to be produced in the case *Dominion Voting et al. v. Herring Networks et al.* and that are responsive to Smartmatic's request for production. Also included in this production were Verizon reports for 2020 and 2021, additional re-broadcast billing records, additional text messages, and web analytics for various web postings.

19.     Thus, the majority of the documents produced by OAN since August 28 has been documents from new search queries and custodians agreed to on September 12 and documents produced in *Dominion Voting et al. v. Herring Networks et al*.

20.     OAN produced 10,219 third party documents on December 8, 2023. Plaintiffs never explain how or why any of these documents are germane to OAN's Partial MSJ or actual malice. Of these third party documents:

• 4,113 of them were produced by Edelman, apparently one of *Plaintiffs'* PR firms. Plaintiffs never explain how or why documents *from their own PR firm* are germane to OAN's Partial MSJ or actual malice.

• 4,816 of them were produced by Georgia Tech, whom *Plaintiffs* apparently hired to analyze Smartmatic systems and to prepare a working paper. Plaintiffs never explain how or why documents from a group *they* hired are germane to OAN's Partial MSJ or actual malice.

• Approximately 1,290 documents were produced by various governmental or municipal bodies—Michigan Secretary of State, Cook County, Illinois, North Carolina Secretary of State, Nevada Secretary of State, Arizona Secretary of State, California Secretary of State, the Chicago Election Board and the Wisconsin Election Commission. Plaintiffs also served subpoenas on several of these same entities, including the Michigan Secretary of State, North Carolina Secretary of State, Nevada Secretary of State, Arizona Secretary of State and received responsive documents months ago. In any event, Plaintiffs never explain how or why documents from these governmental or municipal bodies have anything to do with OAN's Partial MSJ or actual malice.

21.     In any event, not once did Plaintiffs ask for *a single* deposition—not for any OAN employee or third-party witnesses—to occur during the fact discovery period.

**Plaintiffs' Document Production**

22.     Plaintiffs claim that "By August 28, Smartmatic had produced over 8.8 million pages of documents, comprising more than 2 million documents." (ECF 155-1, p. 4).

23.     Since the agreed-upon substantial completion deadline of August 28, 2023, Plaintiffs have served *392,798* more documents on OAN, a fact Plaintiffs avoid.

24.     It also appears Plaintiffs did a document dump, because (for example) they produced thousands of pages of books—many in Spanish—and many other documents that do not appear to be responsive to any document request. Smartmatic produced copies of over 400 full-length books in their document production. A few examples of these non-responsive books, all of which are in Spanish, include: The Count of Monte Cristo by Alejandre Dumas (SMMT-OAN05780012), Tarzan by Edgar Rice Burroughs (SMMT-OAN01165037), The War Of The Worlds by H.G. Wells (SMMT-OAN08807020), The Godfather by Mario Puzo (SMMT-OAN08789859), The Naked Sun by Isaac Asimov (SMMT-OAN08787732), The Chronicles of Narnia Book 7: The Last Battle by C.S. Lewis (SMMT-OAN03046187), The Dark Tower 1: The Gunslinger by Stephen King (SMMT-OAN08795091), The Dark Tower IV: Wizard and Glass by Stephen King (SMMT-OAN05781990), The 7 Habits of Highly Effective People by Stephen R. Covey (SMMT-OAN08716360), 6 books by Isabel Allende (Retrato En Sepía, Paula, De amor y de sombra, Los Cuentos De Eva Luna, El Plan Infinito, & La Casa de los espíritus) (SMMT-OAN08807799, SMMT-OAN08798070, SMMT-OAN08794276, SMMT-OAN08791825, SMMT-OAN08791516, SMMT-OAN08790239), and Airframe by Michael Crichton (SMMT-OAN08810499). Plaintiffs even produced two copies of Harry Potter and the Sorcerer's Stone by J.K. Rowling (SMMT-OAN08759141 & SMMT-OAN08792713). Plaintiffs also produced other non-responsive publications, such as "The 8 Feminine Roles That Allure & Attract Men" (SMMT-OAN05030321), "Why Men Cheat & How to Prevent It" (SMMT-OAN05030759), and Planning and Implementing High-Quality Supplementary Immunization Activities for Injectable Vaccines Using an Example of Measles and Rubella Vaccines Field Guide by the World Health Organization (SMMT-OAN08004100). Plaintiffs marked the last publication with an "Attorneys'

Eyes Only" designation; and they marked the rest of the books and publications with a "Confidential" designation.

25.     Further, even though Smartmatic "confirmed that it had de-duplicated its documents" (ECF 155-8, p. 4), OAN's ESI consultant found that (1) 1,168,996 (47%) of Plaintiffs' production were duplicates, (2) 112,405 (4.5%) were emails containing the same email strings found in multiple documents, and (3) 759,893 (31%) were junk files, alerts and/or mass mail. Plaintiffs thus greatly inflated their claimed production of nearly 2.5 million documents.

**OAN Addressed Smartmatic's Erroneous Claims of a Deficient Production Long Ago**

26.     On September 11, 2023, Plaintiffs sent a letter to OAN accusing it of deficient document production. Four days later, on September 15, I replied on behalf of OAN, identifying the specific, produced documents, by Bates number, that Plaintiffs' attorneys claimed were missing. A true and correct copy of the original letter with OAN's responses in red is attached as Exhibit B-2. As for the few documents that had not yet been produced, OAN produced them to Plaintiffs on September 25-26, 2023.

27.     Smartmatic has never responded to my September 15, 2023 reply.

28.     Smartmatic claims, in Paragraph 15 of the Connolly Affidavit, that "[b]ased on counsel's review to date," "OAN has not produced all responsive documents" relating to four categories of documents. (ECF 155-1, p. 4). All these document categories are addressed in my September 15 reply. (Exhibit B-2). Plaintiffs also failed to take any depositions before December 8, 2023 concerning these topics, or any others.

29.     Smartmatic states that "[b]ased on counsel's review to date, it appears OANN has not produced all responsive documents relating to employment decisions, . . . ." (ECF 155-1, p. 4). Smartmatic's counsel raised that issue for the first time in a September 11, 2023 letter, to which I

responded (in red) on September 15, 2023, as follows (for the purposes of the record, our replies are underlined as well):

> **RFP No. 7: Employment Contracts**. In its April 3, letter, OANN confirmed that it would produce documents sufficient to show any and all employment agreements and/or contracts in effect for, and compensation paid to, twelve OANN ON-AIR PERSONALITIES that were in effect from January 1, 2020 to November 3, 2021. To date, OANN has produced three employment contracts: two for Dan Ball and one for Christina Bobb. No, we have produced five, including for John Hines and Patrick Hussion. Smartmatic did not locate contracts for the following: Elma Aksalic (there are none), Mike Dinow (there are none), Emily Finn (there are none), Stephanie Hamill (there are none), John Hines (*see* OAN_SMMT_00971759), Patrick Hussion (*see* OAN_SMMT_00971761), Samantha Lomibao (there are none), Kara Mckinney (there are none), Alex Salvi (there are none), and Pearson Sharp (there are none).

> **RFP No. 8: Job Performance Evaluations.** OANN's production did not provide documents containing employee performance evaluations. However, OANN produced employee handbooks that indicate performance reviews are an expectation for OANN employees. Based on this information Smartmatic believes that employee evaluations for **at least** Elma Aksalic (there are none), Mike Dinow (there are none), Emily Finn (there are none), Stephanie Hamill (there are none), John Hines (there are none), Patrick Hussion (there are none), Samantha Lomibao (there are none), Kara McKinney (there are none), Alex Salvi (there are none), and Pearson Sharp (there are none) are in OANN's possession. OAN did not regularly conduct formal performance evaluations. OAN will produce any additional responsive, nonprivileged documents by September 25.

> **RFP No. 26: Documents Concerning Hiring Or Firing OANN Employees**. OANN's production did not provide documents concerning the hiring, firing, retention, resignation, or promotion of OANN employees (*see, e.g.*, OAN_SMMT_000971770). Our research indicates that the employment of several OANN employees was terminated around April 2021. OAN will produce any additional responsive, nonprivileged documents (which we do not expect to find after an additional search) by September 25.

(Exhibit B-2). On September 25, in response to RFP No. 8, OAN produced documents pertaining to salary increases.[1] On September 25, in response to RFP No. 26, OAN produced documents pertaining to contract negotiations,[2] written warnings;[3] and discharge paperwork.[4] Smartmatic's

---

[1] *See* OAN_SMMT_00973619; OAN_SMMT_00973629; OAN_SMMT_00973642; OAN_SMMT_00973645; OAN_SMMT_00973653; OAN_SMMT_00973657; OAN_SMMT_00973661; OAN_SMMT_00973663; OAN_SMMT_00973673; OAN_SMMT_00973678 OAN_SMMT_00973685.

[2] *See* OAN_SMMT_00973626; OAN_SMMT_00973631; OAN_SMMT_00973638; OAN_SMMT_00973680.

[3] *See* OAN_SMMT_00973623 OAN_SMMT_00973641; OAN_SMMT_00973646; OAN_SMMT_00973665.

[4] *See* OAN_SMMT_00973620; OAN_SMMT_00973650; OAN_SMMT_00973670; OAN_SMMT_00973674; OAN_SMMT_00973687.

counsel only brought up "responsive documents relating to employment decisions" once more, in a Court pleading, in which it misstated the contents of my September 15 reply. (*See* ECF 101, p. 13-14). So, between September 15, 2023 and December 8, 2023, Smartmatic's counsel did not substantively respond to my September 15 letter or request to meet and confer regarding OAN's employment-related documents.

30.     Smartmatic states that "[b]ased on counsel's review to date, it appears OANN has not produced all responsive documents relating to . . . OANN's oversight, structure, and decision-making authority . . . ." (ECF 155-1, p. 4). Smartmatic's counsel raised this issue for the first time in a September 11, 2023 letter, to which I responded (in red) on September 15, 2023, as follows (for the purposes of the record, our replies are underlined as well):

*RFP NOS. 5, 27, 29, 33, 47: OANN Accused Programs: Oversight, Structure, And Decision-Making Authority*. RFP number 5 requests videos of each full OANN PROGRAM which made any mention of Smartmatic. <u>We have produced full videos of the complained of broadcasts with the exception of the News Room, for which there are no full videos. To the extent an additional search uncovers additional broadcasts that mentioned Smartmatic in 2020 and 2021, we will provide existing full videos of them by September 25.</u> RFP numbers 27, 29, 33, and 47 request documents from OANN sufficient to demonstrate, with respect to OANN ACCUSED PROGRAMS: (a) decisions to include or exclude guests; (b) oversight and structure; (c) individuals responsible for creating, researching, editing, or approving content; and (d) the programming descriptions. Based on these requests, OANN should have produced documents including but not limited to documents sufficient to ascertain the hosts, guests, producers, editors, bookers, outlines, scripts, and graphics for each of the OANN ACCUSED PROGRAMS. OANN also should have produced documents containing conversations or notes regarding how content and guests were decided and approved. OANN's production was deficient in many of these areas for many of the OANN ACCUSED PROGRAMS, including those identified below: <u>OAN has produced guidelines for writers and producers, including documents related to how ideas and graphics are developed. *See, e.g.* OAN_SMMT_00971843; OAN_SMMT_00972147; OAN_SMMT_00971939; OAN_SMMT_00972126; OAN_SMMT_00971950; OAN_SMMT_00972102; OAN_SMMT_00972106; OAN_SMMT_00972146; OAN_SMMT_00972171. To be clear, OAN is not withholding any responsive, non-privileged documents relating to any of the below broadcasts.</u>

(Exhibit B-2). OAN produced 6 additional videos on September 25, 2023. Smartmatic's counsel did not raise the issue of "responsive documents relating to OANN's oversight, structure, and decision-making authority" between September 15, 2023 and December 8, 2023.

31.     Smartmatic states that "[b]ased on counsel's review to date, it appears OANN has not produced all responsive documents relating to . . . meetings that occurred regarding Smartmatic and Dominion …" (ECF 155-1, p. 4). Smartmatic's counsel raised this issue in the September 11, 2023 letter, to which I responded (in red) on September 15, 2023, as follows (for the purposes of the record, our reply is underlined as well):

> **RFP NO. 35: Documents to Show Every Meeting Mentioning Smartmatic or Dominion**. OANN's production does not include all notes for meetings in which Smartmatic or Dominion was mentioned. Meeting notes for *News Room* were produced once, (OAN_SMMT_00877861), and general meeting notes were produced once (OAN_SMMT_00952264). Smartmatic believes that there were more frequent meetings at which Smartmatic and Dominion were mentioned at which notes were taken and distributed. Smartmatic's assumption is incorrect. The OAN News Room did not hold "frequent meetings" discussing Smartmatic or Dominion, and OAN is not withholding any responsive meeting notes. Yet, we have identified only two sets of notes.

(Exhibit B-2). Between September 15, 2023 and December 8, 2023, Smartmatic's counsel did not substantively respond to my September 15 letter or request to meet and confer regarding OAN's alleged "documents relating to . . . meetings that occurred regarding Smartmatic and Dominion."

32.     Smartmatic states that "[b]ased on counsel's review to date, it appears OANN has not produced all responsive documents relating to . . . downloads of OANN applications, subscriptions, and clicks." (ECF 155-1, p. 4). Smartmatic's counsel raised this issue in the September 11, 2023 letter, to which I responded (in red) on September 15, 2023, as follows (for the purposes of the record, our reply is underlined as well):

> **RFP No. 46: Documents Showing The Number of Persons Who Downloaded an OAN Application, Bought Subscriptions, or Clicked on OAN Publications**. OANN's production does not include documents that demonstrate the number of people that

downloaded OANN apps, bought OANN subscriptions, or clicked on OANN applications. OAN will produce any additional responsive, nonprivileged documents by September 25. (Exhibit B-2).

33.     On September 26, 2023, OAN produced documents demonstrating the number of downloads (and number of subscriptions purchased, as applicable) during 2020-21 for each of its mobile and smart TV applications: One America News Network, OAN Breaking News, and OAN Audio.  (OAN_SMMT_00974100-990724 (Amazon); OAN_SMMT_00973881-999 (Roku); OAN_SMMT_00973740 (iTunes); and OAN_SMMT_00973741-880 (Google)).

34.     Also on September 26, OAN produced documents demonstrating the number of "clicks" on all OANN.com articles mentioned in Plaintiffs' complaint from 2020-21. (OAN_SMMT_00990725-30).  OAN completed production of 2020-21 click data for all OANN.com articles concerning Smartmatic on December 8. (OAN_SMMT_01046221-26).

35.     Since September 6, 2023, Smartmatic has requested no meet-and-confers to discuss any concerns they may have regarding OAN's discovery responses.

36.     On September 10, 2023, I wrote Smartmatic's counsel: "For several weeks, you have complained to us that you believe our production is deficient. I would like to schedule a time to talk with any members of your Team at any time tomorrow or Tuesday to discuss the "deficiencies" your Team believes currently exist. Doing so now, without delay, will allow us to look into your concerns and begin addressing them now. Please let me know." (Exhibit B-3). Plaintiffs' counsel refused to discuss their accusations.

37.     Plaintiffs' next deficiency letter was sent on October 13, 2023. (*See* Exhibit B-4). As with the September 11, 2023 letter (*see* Exhibit B-2), Plaintiffs accused OAN of not producing many documents it had, in fact, already produced. And as with the September 11 letter, on November 5, OAN directed Plaintiffs to the OAN Bates numbers of the documents Plaintiffs

claimed OAN had not produced. (<u>Exhibit B-4</u>). For those few documents that had not been produced, OAN produced them.

### <u>The May 31, 2023 Deadline to Serve Document Requests</u>

38.     On November 5, 2021, the Court entered its Standing Order. (ECF 5). Paragraph 9 of that Order states: "Motions for extension of time are discouraged. Any such motions should be filed at least four days prior to the deadline and conform with the requirements of Section 9(b). Extensions or enlargements of time will only be granted upon motion and not upon stipulation of the Parties." (*Id.*, p. 3). The Order also provides that "[i]f a Party cannot comply with this four-day requirement, it must explain why it cannot do so in its motion." (*Id.*).

39.     Plaintiffs served only one set of requests for production before the May 31 document request deadline ordered by the Court.

40.     Plaintiffs claim OAN broke an agreement made by prior counsel (Vedder Price) regarding an extension of Plaintiffs' time to serve a second request for production of documents. This is disproved by the very emails Plaintiffs rely on (ECF 155-14, p. 2), in which prior counsel wrote: "We'd like to see the draft motion before you file it to confirm Herring Networks, Inc. doesn't oppose it as written by Plaintiffs." Plaintiffs did not file the motion for extension of time as an agreed motion or as a stipulation but rather indicated that it had asked for agreement but not received it from OAN's counsel. (*See* ECF 54, p. 2). Emails from Plaintiffs' counsel reveal that there was no agreement. (*See* ECF 155-14, p. 2 and ECF 64-4). Defendant's counsel at the time (Vedder Price) wrote: "Please be mindful of Judge Nichols' four-business-day rule (which means that Plaintiffs' motion is due Wednesday [May 24, 2023]." On May 30, 2023, Plaintiffs sent "a draft motion that we intend to file by the end of today." (ECF No. 64-4). Defendant's counsel responded that Jackson Walker was "taking over as lead counsel for Herring Networks. He can

share with you Herring Network, Inc.'s position. I imagine that, at a minimum he'll object to the misleading wording of the attached (motion)." (*Id.* at 2). At 4:08 pm (CT) on May 30, 2023, Olivia Sullivan (Plaintiffs' counsel) asked OAN's counsel, Mr. Babcock, to "please let us know your stance on the motion for an extension of time." (*Id.*). Mr. Babcock, who was traveling internationally at the time, did not respond before the Motion for Extension was filed the next day at 11:00 am (ET). (ECF 54).

41.     In their Motion for Extension of time, Plaintiffs wrote that "good cause" existed because there were existing discovery disputes as reflected in the Parties' Joint Notice of Disputes submitted on May 5 (ECF 155-12, "Joint Notice"), and that Smartmatic had yet to complete review of documents produced by OAN "and therefore cannot yet identify what additional documents it will need to request during the discovery process." (ECF 54, p. 2).

**Smartmatic's Second Set of Requests for Production**

42.     On July 31, 2023, without leave of Court, Smartmatic served its Second Set of Requests for Production on OAN. (ECF 155-15, pp. 2-19, "Second RFPs"). Plaintiffs do not explain how any of the 31 RFPs in the Second RFPs were in any way contingent on the outcome of the Joint Notice, since Plaintiffs served them before the Court had considered the Joint Notice. And a review of the 31 RFPs in the Second RFPs reveals that all of them could have been propounded without review of OAN's documents; none were in any way contingent on Smartmatic's review of documents produced by OAN. It appears Smartmatic simply neglected to include the 31 RFPs in its First Set of Requests for Production ("First RFPs").

43.     In the Connolly Affidavit, Smartmatic merely states that the Second RFPs "includes several categories of documents that OANN has not yet produced. Among other things, Smartmatic's second set of requests for production seeks the production of documents relating to

the distribution of OANN's programs, ratings, viewers, and subscriber metrics; OANN's political donations; and other lawsuits involving OANN." Smartmatic fails to explain why or how *any* of the 31 RFPs relate to OAN's Partial MSJ or the issue of actual malice, including "documents relating to the distribution of OANN's programs, ratings, viewers, and subscriber metrics; OANN's political donations; and other lawsuits involving OANN."

44.     As for "documents relating to the distribution of OANN's programs, ratings, viewers, and subscriber metrics," requests covering these topics were apparently substantially included in Smartmatic's First RFPs, at RFP Nos. 44-47:

> 44. Documents and Communications concerning ratings, viewership, readership and engagement data of the OANN ACCUSED PROGRAMS, OANN SOCIAL MEDIA, and OANN DIGITAL.
>
> 45. Documents sufficient to show ratings and viewership of the OANN ACCUSED PROGRAMS, OANN SOCIAL MEDIA, and OANN DIGITAL.
>
> 46. Documents sufficient to show the number of persons who (1) installed the OANN application through AT&T; (2) bought a subscription to any OANN media service; and (3) clicked or read any media published by OANN, between January 1, 2018 and present.

(ECF 155-2, p. 19). And Smartmatic fails to explain why or how documents "relating to the distribution of OANN's programs, ratings, viewers, and subscriber metrics" relate to OAN's Partial MSJ or the issue of actual malice; or why propounding any additional RFPs on these topics turned on the outcome of the Joint Notice or a review of OAN's documents. Finally, OAN produced documents responsive to RFP Nos. 44-47, and even provided Bates numbers to many of them in its interrogatory responses. (ECF 155-26, pp. 47-49; ECF 155-27, pp. 57-59).

45.     Plaintiffs neither noticed nor took any depositions about the topics covered by these documents or the above-discussed document requests during the fact discovery period.

46.     Smartmatic also claims it needs production of documents concerning "OANN's political donations," which presumably is the focus of RFP 91. (ECF 155-15, p. 16). The RFP

provides that the time frame for the RFP is January 1, 2015 to December 31, 2021—less than two months after this lawsuit was filed. Smartmatic fails to explain why propounding any RFPs on this topic hinged on the outcome of the Joint Notice or a review of OAN's documents; nor does Smartmatic explain how or why this RFP relates to OAN's Partial MSJ or the issue of actual malice.

47.     The "other lawsuits involving OANN" refers to RFP Nos. 62-65, concerning the *Coomer* lawsuit and OAN's lawsuit against AT&T. The *Coomer* lawsuit was filed in 2020, and the *AT&T* case was filed in March 2022. OAN is no longer a party to the *Coomer* litigation and produced fewer than 130 documents in that case, most of which have been produced in this litigation. Smartmatic fails to explain how OAN's lawsuit against AT&T bears on this case. Also, Smartmatic fails to explain why or how RFP Nos. 62-65 relate to OAN's Partial MSJ or the issue of actual malice; or why propounding any RFPs concerning these years-old cases was contingent on the outcome of the Joint Notice or a review of OAN's documents.

**Smartmatic Made No Attempt to Conduct Any Depositions Prior to the December 8, 2023 Fact Discovery Deadline**

48.     Plaintiffs made no attempt to take any depositions prior to the Court's December 8 fact discovery deadline. Plaintiffs never claimed that they were unable or unwilling to take depositions while the Motion for Recusal was pending. And Plaintiffs blocked OAN from taking all but one of the depositions OAN noticed.

49.     No action was taken by OAN or by the Court to preclude Plaintiffs from taking any depositions.

**In the Connolly Affidavit, Plaintiffs Claim They Need Discovery From 16 Individuals Identified in OAN's Supplemental Interrogatory Responses**

50.     On September 14, Plaintiffs requested that OAN supplement its responses to Interrogatory numbers 1, 2, 3, 5 & 7-20. That same day, OAN supplemented its responses to Interrogatory Nos. 1, 2, 3, and 5.

51.     Plaintiffs *misquote* Interrogatory No. 1 in their brief, claiming it seeks identification of "all persons who drafted, edited, reviewed, developed, investigated, approved, produced, or directed the defamatory publications or the statements within them." (ECF 155, pp. 17-18). The misstatement also is unsupported by Mr. Connolly's Affidavit, which is cited in support of the misstatement. Actually, Interrogatory No. 1 is extremely broad, asking for the identities of "all Persons who drafted, edited, reviewed, developed, investigated, approved, produced, or directed *or made any decision regarding* the contents of or decision to publish any DEFAMATORY STATEMENT . . . ." (ECF 155-25, p. 10) (emphasis added). Interrogatory No. 2 is similarly broad, asking for the identities of "all OANN EMPLOYEES who had *any role in* drafting, editing, reviewing, developing, investigating, producing, approving, contributing to, or directing *or making decisions related to* content aired on the OANN ACCUSED PROGRAMS . . . ." (*Id.*) (emphasis added). Interrogatory No. 3 is also extremely broad, asking for the identities of "all persons who drafted, edited, reviewed, developed, investigated, approved, produced, directed, *or made any decision regarding* any segment, interview, statement, post, or article published on any OANN ACCUSED PROGRAM, OANN DIGITAL platform, or OANN SOCIAL MEDIA account . . . ." (ECF 155-25, pp. 10-11) (emphasis added). I explained to Smartmatic's counsel: "We answered your two broad questions, but many of the identified individuals are not relevant . . . ." (ECF 155-22, p. 3; 155-24, p. 2).

52.     In light of the extremely broad wording of these interrogatories, OAN identified a number of individuals in response, many of them irrelevant to Plaintiffs' claims.

53.     Plaintiffs made no attempt to take any depositions of these individuals before the Court's December 8 fact discovery deadline.

54.     Plaintiffs complain that, based on OAN's September 14 supplemental interrogatory answer, "Smartmatic needs discovery from over fifty producers, bookers, editors, writers, and assistants (the "production teams") to establish actual malice." (ECF 155, p. 30) (citing Connolly Aff., ¶ 38). In footnote 6, Plaintiffs state:

> The following are some, but not all, of the producers, bookers, editors, writers, and assistants that OANN has disclosed so far and from whom Smartmatic needs discovery to establish actual malice: Cecilia Castro-Duenas, Michael Guzman, Brandon Lesky, Travis Burgher, Ivan Burgeono, Rachel Acenas, Colin Eustace, Miles Hall, Jeremy Hartley, Christina Howitson, Jacob Miller, and Griffin Morris. (Connolly, Aff., ¶ 39).

(*Id.* n.6).

55.     But the Connolly Affidavit identifies a different group of people, at paragraphs 38-39 of the affidavit, and does not support Plaintiffs' argument (in their brief) about nine of the individuals listed in footnote 6: Brandon Lesky, Ivan Burgueno, Rachel Acenas, Colin Eustace, Miles Hall, Jeremy Hartley, Christina Howitson, Jacob Miller, and Griffin Morris. Rather, Mr. Connolly defines "Production Teams" as including "Chris Boyle, Travis Burgher, Rafael Galindo, Miguel Guzman, Lauren Lucas, Victoria Buddie, Caitlin Walters, Gienel Agcaoili, Justin Brown, Cecilia Castro-Duenas, Jacob DeMille, Kyarra Harris, Jasmin Hovey, Hans Hubbard, Caroline Midkiff, and Khen Provido."

56.     In any event, Plaintiffs surely knew about these individuals and their roles (or non-roles) well before they were named in response to broadly worded interrogatories:

• Brandon Lesky: A Brandon Lesky email related to a Dominion video was produced on July 28, 2023. (OAN_SMMT_00804687). Additional emails including Brandon Lesky

were produced on August 11, 2023 and August 28, 2023.[5] OAN has produced 21 documents where Brandon Lesky is the author or recipient.

• Ivan Burgueno: Plaintiffs were aware of Ivan Burgueno at least as early as May 2023, when they requested he be added as a document custodian. OAN did not agree to add him at that time. Ivan Burgueno emails were produced on July 28, 2023, August 11, 2023, and 28, 2023.[6]

• Rachel Acenas: Rachel Acenas emails were produced prior to July 2023 OAN_SMMT_00056694). On July 28, 2023 and August 11, 2023, an email, daily show tracker notes and ENPS documents were produced (OAN_SMMT_00801205, OAN_SMMT_00854785, OAN_SMMT_00854789, OAN_SMMT_00855052, OAN_SMMT_00855275).

• Colin Eustace: Colin Eustace emails were produced on July 28, 2023.[7]

• Miles Hall: Miles Hall emails were produced on July 28, 2023. (OAN_SMMT_00833947 and OAN_SMMT_00843400), and on August 11, 2023. (OAN_SMMT_00873525, OAN_SMMT_00878795, OAN_SMMT_00893081).

• Jeremy Hartley: Jeremy Hartley emails were produced on July 28, 2023 (OAN_SMMT_00842142, OAN_SMMT_00842269, OAN_SMMT_00844779), and on August 11, 2023, along with an ENPS document. (OAN_SMMT_00855693, and OAN_SMMT_00898261).

• Christina Howitson: Christina Howitson emails regarding voting fraud election irregularities were produced on July 28, 2023.[8]

• Jacob Miller: Jacob Miller emails were produced on July 28, 2021. (OAN_SMMT_00842233 and OAN_SMMT_00847896), and additional emails and

---

[5] *See* OAN_SMMT_00878696, OAN_SMMT_00878698, OAN_SMMT_00879466, OAN_SMMT_00884965, OAN_SMMT_00885134, OAN_SMMT_00885583, OAN_SMMT_00936544, OAN_SMMT_00936545, OAN_SMMT_00936547, OAN_SMMT_00936549, OAN_SMMT_00936717, OAN_SMMT_00938813, OAN_SMMT_00941938, OAN_SMMT_00947406, OAN_SMMT_00956841, OAN_SMMT_00960407, OAN_SMMT_00961220, OAN_SMMT_00961380, OAN_SMMT_00961503.

[6] *See, e.g.*, OAN_SMMT_00778568, OAN_SMMT_00794632, OAN_SMMT_00799123, OAN_SMMT_00805708, OAN_SMMT_00832300, OAN_SMMT_00839324, OAN_SMMT_00839989, OAN_SMMT_00841847, OAN_SMMT_00843109, OAN_SMMT_00843756, OAN_SMMT_00860415, OAN_SMMT_00874961, OAN_SMMT_00875052, OAN_SMMT_00891511, OAN_SMMT_00925711, OAN_SMMT_00927490.

[7] *See, e.g.*, OAN_SMMT_00774078, OAN_SMMT_00818916, OAN_SMMT_00823063, OAN_SMMT_00835507, OAN_SMMT_00842639, OAN_SMMT_00843610, OAN_SMMT_00843962, OAN_SMMT_00844077, OAN_SMMT_00844721, OAN_SMMT_00844846, OAN_SMMT_00845261, OAN_SMMT_00845500, OAN_SMMT_00847521, OAN_SMMT_00847769, OAN_SMMT_00847792.

[8] *See* OAN_SMMT_00772263, OAN_SMMT_00782095, OAN_SMMT_00798226, OAN_SMMT_00798728, OAN_SMMT_00803644, OAN_SMMT_00808682, OAN_SMMT_00809936, OAN_SMMT_00814857, OAN_SMMT_00816148, OAN_SMMT_00817893, OAN_SMMT_00819448, OAN_SMMT_00821875, OAN_SMMT_00822382, OAN_SMMT_00834132, OAN_SMMT_00839361, OAN_SMMT_00841055, OAN_SMMT_00841178, OAN_SMMT_00841456, OAN_SMMT_00843210, OAN_SMMT_00843222, OAN_SMMT_00844001.

documents concerning Mr. Miller were produced on August 11, 2023 (OAN_SMMT_00855411, OAN_SMMT_00855747, and OAN_SMMT_00890912).

• Chris Boyle: Based on correspondence, Plaintiffs were aware of Chris Boyle at least as early as May 5, 2023, when they requested he be added as a document custodian. He was added on May 15. Production of Mr. Boyle's documents was substantially complete by August 28, 2023.

• Travis Burgher: Travis Burgher emails were produced on July 28, 2023 (OAN_SMMT_00799902, OAN_SMMT_00799904, OAN_SMMT_00805414, OAN_SMMT_00821000, OAN_SMMT_00824799, OAN_SMMT_00833717, OAN_SMMT_00839223, OAN_SMMT_00839318).

• Rafael Galindo: Based on correspondence, Plaintiffs were aware of Rafael Galindo at least as early as May 5, 2023, when they requested he be added as a document custodian. He was added on June 22. Production of Rafael Galindo's documents was substantially complete by August 28, 2023.

• Miguel Guzman: Miguel Guzman emails were produced on July 28, 2023.[9]

• Lauren Lucas: Lauren Lucas email regarding video of Christina Bobb segment that was posted to YouTube regarding voter fraud was produced on July 28, 2023. (OAN_SMMT_00799984). Lauren Lucas emails regarding video from an OAN broadcast were produced on August 11, 2023 (OAN_SMMT_00876541), and August 28, 2023. (OAN_SMMT_00918330, OAN_SMMT_00929514, OAN_SMMT_00951998, OAN_SMMT_00951999, OAN_SMMT_00955499, OAN_SMMT_00964970). Also, Plaintiffs made no requests about Lauren Lucas during the fact discovery period.

• Victoria Buddie: Victoria Buddie emails were produced on July 28, 2023 (OAN_SMMT_00799983, OAN_SMMT_00824793, OAN_SMMT_00835030, OAN_SMMT_00835778, OAN_SMMT_00838828, OAN_SMMT_00839160, OAN_SMMT_00840588, OAN_SMMT_00845041, OAN_SMMT_00845588). OAN has produced 69 documents where Victoria Buddie is the author or recipient.

• Caitlin Walters: A Caitlin Walters email regarding voter fraud was produced on August 11, 2023. (OAN_SMMT_00888427). Additional emails regarding voter fraud were produced on August 28, 2023. (OAN_SMMT_00940537 and OAN_SMMT_00955499).

• Gienel Agcaoili: Gienel Agcaoili emails were produced on July 28, 2023.[10]

---

[9] *See* OAN_SMMT_00797276, OAN_SMMT_00800298, OAN_SMMT_00803126, OAN_SMMT_00803175, OAN_SMMT_00815516, OAN_SMMT_00815517, OAN_SMMT_00834867, OAN_SMMT_00837460, OAN_SMMT_00837461, OAN_SMMT_00838526, OAN_SMMT_00838523, OAN_SMMT_00838536, OAN_SMMT_00838659, OAN_SMMT_00841847, OAN_SMMT_00841848, OAN_SMMT_00842462, OAN_SMMT_00842463, OAN_SMMT_00845106, OAN_SMMT_00845107, OAN_SMMT_00851039, and OAN_SMMT_00851040.

[10] *See* OAN_SMMT_00772263, OAN_SMMT_00782095, OAN_SMMT_00792384, OAN_SMMT_00798728, OAN_SMMT_00805464, OAN_SMMT_00809936, OAN_SMMT_00816148, OAN_SMMT_00817893,

• Justin Brown: Based on correspondence, Plaintiffs were aware of Justin Brown at least as early as May 26, 2023, when they requested he be added as a document custodian. He was added on June 22. Production of Justin Brown's documents was substantially complete by August 28, 2023.

• Cecilia Castro-Duenas: A Cecilia Castro-Duenas email regarding a *Real America* segment involving Dominion was produced on July 28, 2023, and additional emails were produced on August 11, 2023 (OAN_SMMT_00879941 and OAN_SMMT_00884648).

• Jacob DeMille: Based on correspondence, Plaintiffs were aware of Jacob DeMille at least as early as May 5, 2023, when they requested he be added as a document custodian. He was added on May 15. Production of Jacob DeMille's documents was substantially complete by August 28, 2023.

• Kyarra Harris: Kyarra Harris was identified as an OAN reporter in an ENPS document on March 3, 2023. (OAN_SMMT_00000992). Additional ESPN documents produced on August 11, 2023 identified Kyarra Harris as the reporter for segment on November 19 and 20, 2020 (OAN_SMMT_00855264). Also, Plaintiffs made no requests about Kyarra Harris during the fact discovery period.

• Jasmin Hovey: Based on correspondence, Plaintiffs were aware of Jasmin Hovey at least as early as May 5, 2023, when they requested she be added as a document custodian. She was added on May 15. Production of Jasmin Hovey's documents was substantially complete by August 28, 2023.

• Hans Hubbard: Based on correspondence, Plaintiffs were aware of Hans Hubbard at least as early as May 5, 2023, when they requested he be added as a document custodian. He was added on May 15. Production of Hans Hubbard's documents was substantially complete by August 28, 2023.

• Caroline Midkiff: Based on correspondence, Plaintiffs were aware of Caroline Midkiff at least as early as May 5, 2023, when they requested she be added as a document custodian. She was added on May 15. Production of Caroline Midkiff's documents was substantially complete by August 28, 2023.

• Khen Provido: A Khen Provido email associated with voting irregularities in Arizona was produced on August 28, 2023. (OAN_SMMT_00955499). Plaintiffs made no requests about Khen Provido during the fact discovery period.

Finally, as I explained to Plaintiffs' counsel, Griffin Morris did not work on any of the complained-of broadcasts. (ECF 155-24, p. 5).

---

OAN_SMMT_00819448,    OAN_SMMT_00821875,    OAN_SMMT_00822382,    OAN_SMMT_00834132, OAN_SMMT_00835446.

57.     Plaintiffs made no attempt to depose any of these individuals during the fact discovery period.

**Discovery Plaintiffs Claim They Need From the "OANN hosts"**

58.     Smartmatic generally claims it "needs documentation from Alex Salvi, Elma Aksalic, Mike Dinow, John Hines, Samantha Lomibao, Emily Finn, Kara McKinney, Patrick Hussion, Dan Ball, Stephanie Hamill, Christina Bobb, Pearson Sharp, and Natalie Harp ("OANN hosts")." (ECF 155-1, p. 9).

59.     But Plaintiffs were aware of these "OANN hosts" more than two years ago, when they identified these individuals in their Complaint. Moreover, production of their documents was substantially complete as of August 28, 2023.

60.     Plaintiffs made no attempt to take any depositions of these "OANN hosts" prior to the Court's December 8 fact discovery deadline.

**Discovery Plaintiffs Claim They Need From the Herrings**

61.     Smartmatic complains that it needs Robert Herring, Sr., Charles Herring, and Robert Herring, Jr. to produce certain documents. (ECF 155-1, p. 10). But Plaintiffs were aware of Robert Herring, Sr. and Charles Herring more than two years ago, when they identified them in their Complaint. Plaintiffs were aware of Robert Herring, Jr. at least as early as March 3, 2023, when he became a document custodian. Moreover, production of the Herrings' documents was substantially complete as of August 28, 2023.

62.     Plaintiffs made no attempt to take any depositions of the Herrings before the Court's December 8 fact discovery deadline.

**<u>Discovery Plaintiffs Claim They Need From the Individuals and Organizations Added in OAN's Amended Disclosures</u>**

63.     Smartmatic also claims it needs to obtain documents and testimony from, as Plaintiffs' Affiant says, the "over 80 **_new_** individuals, companies, and organizations that OANN disclosed in its Amended Rule 26(a) Initial Disclosures." (ECF 155-1, p. 13) (emphasis added). But these "individuals, companies, and organizations" are _not_ new to Plaintiffs:

> (1) 25 are current or former _Smartmatic_ (or subsidiary) employees. <u>Three</u> are "Corporate Representatives" of the three Plaintiffs. (1) <u>Four</u> of these "new" individuals were named by Plaintiffs in their _Plaintiffs' Initial Disclosures served on November 3, 2022_ (attached as <u>Exhibit B-5</u>): Eduardo Correia, Fernando Hernandez, Elie Moreno, Roger Vincente Pinate; (2) Plaintiffs blocked OAN from deposing <u>six</u> of them during the fact discovery period: Ernesto Parisca, Alexander Aparacio, Brian Courtney, Hugh Gallagher, Leonardo Riera, and Michelle Shafer; and (3) as to <u>five</u> of them, Plaintiffs ignored OAN's requests for dates when their depositions could be taken during the fact discovery period: Marta Blanco, Francisco Campos, Juan Jose Garcia, Jesus Gil (Ortega Garcia), Peter Jones, and Peter Neffenger.

> (2) 21 are OAN custodians: <u>One</u> is a "Corporate Representative" of OAN. Plaintiffs knew about the remaining 20 "new" individuals no later than May 2023: (1) _<u>Eight</u> of them were named in Plaintiffs' Complaint_ over two years ago: John Hines, Mike Dinow, Kara McKinney, Pearson Sharp, Elma Aksalic, Stephanie Hamill, and Alex Salvi; (2) _<u>Three</u> were included in Plaintiffs' Initial Disclosures served on November 3, 2022_ (<u>Exhibit B-5</u>): Natalie Harp, Stephanie Myers, and Chanel Rion; and (3) <u>Nine</u> of them were known to Plaintiffs at least as early as May 2023, when _Smartmatic requested that they be added as document custodians_: Chris Boyle, Christian Flores, Brandon Gadow, Chloe Hauxwell, Jon Marrone, Chris Schickedanz, Amanda Brilhante, Amanda Coakley, and Ethan Vivieros.

> (3) 20 are consulting, testing, and financial companies, entities, and individuals that appear to have been hired or used by _Smartmatic_: Issues & Crisis Group (which is represented by Plaintiffs' counsel _in this case_), Richard Ades, Scott Circle Communications (which also is represented by Plaintiffs' counsel _in this case_), SEC Newgate, Courtney Torres Consulting, Jorge Vasquez, PwC, BDO, Edelman, Llorente y Cuenca, Jake Perry,

Cornerstone, From Georgie, KPMG, HSBC, Kroll, Portman, Santander, SLI Compliance, and Georgia Institute of Technology.

(4) 5 are related to *Smartmatic's* Soros allegations.

(5) 34 are associations or governmental organizations, and

(6) 5 relate to the deplatforming of OAN.

As for the rest, they are not "new" to Plaintiffs either. Smartmatic has been familiar with these persons or entities for years: Dominion Voting Systems,[11] Juan Andres Donato Bautista (the former head of Comelec [the election overseer for the Philippines], who the United States Department of Justice has filed a criminal complaint against for accepting bribes from Smartmatic and who has obtained his arrest and is waiting for his extradition to the United States), Ambassador William Brownfield, Alex Halderman,[12] and Glenn Chong. None of these individuals were sources for any of the Complained of Broadcasts.

### Discovery Plaintiffs Claim They Need About "Broadcasts" Mentioning Smartmatic

64.     Plaintiffs point out that OAN's amended interrogatory answers served on October 6 "identified thirteen broadcasts and republication of broadcasts that were not identified in Smartmatic's Complaint," and that OAN's supplemental answer on December 8 "identified additional broadcasts and republications of broadcasts." (ECF 155-1, pp. 7-8). Plaintiffs do *not* contend that they were unaware of these broadcasts and republications prior to receiving OAN's supplemental answers; nor do they explain the contents of the broadcasts or how or why the broadcasts are allegedly defamatory. Plaintiffs vaguely assert "[t]he disclosure of broadcasts and republication can reflect on the intentionality of the disinformation campaign and informs damages." Plaintiffs fail to explain how or why these broadcasts and republications matter in the

---

[11] Plaintiffs blocked OAN from taking Dominion Voting Systems' deposition during the fact discovery period.
[12] Plaintiffs blocked OAN from taking Alex Halderman's deposition during the fact discovery period.

context of OAN's Partial MSJ or actual malice; or, since Plaintiffs *are* aware of them, why Plaintiffs cannot present evidence, with an explanation of relevance, concerning the broadcasts and republications in opposition to OAN's Partial MSJ.

65.    To begin with, these "broadcasts" were published more than two years ago and thus any claims based on them are barred by the statute of limitations. It also *is* settled that "the discovery rule does not apply when the alleged defamatory statements are published by a mass media defendant, the rationale being that the fact of the injury is readily ascertainable upon publication because the harm occurs with publication." *McFadden v. Washington Metro. Area Transit Auth.*, 949 F. Supp. 2d 214, 221 (D.D.C. 2013) (quotation omitted); *see also Chandler v. Berlin*, 998 F.3d 965, 971 (D.C. Cir. 2021) ("The D.C. Court of Appeals has declined to adopt the discovery rule in the case of defamatory statements published in a mass media outlet, as the fact of … injury [in such cases] can be readily determined.") (quotation omitted); *see, e.g.*, *Henderson v. MTV*, No. CIV.A. 05-1937 (EGS), 2006 WL 1193872, at *1 (D.D.C. May 3, 2006) (refusing to apply the discovery rule to defamation claim asserted against mass media defendant, MTV).

66.    The "broadcasts" Plaintiffs refer to actually are five broadcasts ("Broadcasts") and eleven 1-2 line introductions to video segments from broadcasts that were posted to the OAN website, or articles from third party publishers, such as Reuters, posted on the OAN website ("Articles"). As shown in the chart below, the Broadcasts/Articles to which Plaintiffs refer must have been known to Plaintiffs well before the close of fact discovery.

| Broadcast or Article | Earliest Date of Plaintiff's Knowledge |
|---|---|
| "November 17, 2020, Speaker: Dan Ball (re-aired November 21, 2020)" | At least as early as September 25, 2023 when OAN produced the video (OAN_SMMT_00973695) |

| Broadcast or Article | Earliest Date of Plaintiff's Knowledge |
|---|---|
| "November 21, 2020, Speaker: Sidney Powell (re-aired December 5 and December 19, 2020)" (Dominion-izing the Vote) | At least as early as December 20, 2020 when two Smartmatic employees discussed it via WhatsApp (SMMT-OAN04196620)<br><br>Also identified in Exhibit 151 of the Complaint (a Declaration) on November 3, 2021 |
| "November 25, 2020, Speaker: Dan Ball (re-aired November 28 and November 29, 2020)" | At least as early as February 18, 2021 when two Smartmatic employees communicated about a list of OAN broadcasts Smartmatic had downloaded (SMMT-OAN08140000-01) |
| "April 29, 2021, Speaker: Mike Lindell" | At least as early as November 3, 2021 when Smartmatic attached Exhibit 48 to the Complaint (a retraction letter), which discusses this very broadcast.<br><br>OAN also produced the video on July 28, 2023 (OAN_SMMT_00995783) |
| "January 7, 2021, Speaker: Dan Ball (re-aired January 9, 2021)" | At least as early as February 18, 2021 when two Smartmatic employees communicated about a list of OAN broadcasts Smartmatic had downloaded (SMMT-OAN08140000-01)<br><br>OAN produced the video on September 25, 202 (OAN_SMMT_00973698) |
| "Trump's conspiracies pose 'existential' threat to electronic voting industry – Smartmatic." (via Reuters) | At least as early as February 15, 2021 when a Smartmatic employee circulated a link to the article on the OAN website (SMMT-OAN00169169) |
| "Maria Bartiromo, Lou Dobbs file motions to dismiss Smartmatic lawsuit" (via Reuters) | At least as early as February 2021 when Smartmatic listed a link to the article on the OAN website in a document titled "job.log" (SMMT-OAN09045658) |

| Broadcast or Article | Earliest Date of Plaintiff's Knowledge |
|---|---|
| "Newsmax, One America News sued by voting technology firm Smartmatic" (via Reuters) | At least as early as November 3, 2021 when Smartmatic published a link to the Reuters article on its website, which remains available as of the execution of this Declaration (https://www.smartmatic.com/us/lawsuit-updates-fact-checks/)<br><br>Before July 28, 2023, OAN produced an email that noted the Reuters article had been published on the OAN website and subsequently deleted (OAN_SMMT_00060838) |
| "Fox News asks for Smartmatic lawsuit over election-rigging claims to be dismissed" (via Reuters) | At least as early as February 2021 when the Reuters article was included on a list of publications Smartmatic was tracking, titled "February News 2021" (SMMT-OAN09046431). |
| "Trump Attorney Sidney Powell Says Election Results Ready To Overturn" (OAN News Room) | At least as early as October 1, 2021 when a Smartmatic employee circulated a spreadsheet containing a list of negative publications and included a link to the article on the OAN website (SMMT-OAN08143302, SMMT-OAN08146316) |
| "Dominion Scandal Goes Worldwide With Michael Johns" (OAN News Room) | At least as early as November 3, 2021 as the segment, which was linked to via Facebook and Twitter, was identified in the Complaint, at ¶¶ 171(f) and (g), Exhibit 7, and Exhibit 8<br><br>It is also identified in Exhibit 48 to Smartmatic's Complaint (a retraction letter), which includes the link to the OAN website. |
| "Rudy Giuliani And Trump Campaign's Legal Team Hold Press Conference" (OAN News Room) | At least as early as February 18, 2021, when two Smartmatic employees communicated about a list of OAN broadcasts Smartmatic had downloaded, including segments from this press conference (SMMT-OAN08140000-01) |
| "President's Lawyers Say Communist-Funded Election Software Responsible For Alleged Voting Irregularities" (OAN News Room) | At least as early as November 3, 2021 when it was identified in the Complaint at ¶ 171(j) and Exhibit 11. |

| Broadcast or Article | Earliest Date of Plaintiff's Knowledge |
|---|---|
| "Tech Millionaire Funds Hacking Team; '20 Election 100% Rigged" (OAN News Room) | At least as early as August 11, 2023 when OAN produced its ENPS data for this broadcast (OAN_SMMT_00855589) |
| "Chairman Of Smartmatic's Parent Company To Become President Of George Soros's 'Open Society Foundations'" (OAN News Room) | At least as early as December 7, 2020 when a Smartmatic employee circulated a link to the article on the OAN website (SMMT-OAN00165725) |
| "Mike Lindell Tackles Election Fraud" (OAN News Room) | At least as early as November 3, 2021 when it was identified in the Complaint at ¶ 166 and Exhibit 40. |

67.    Plaintiffs made no attempt to take any depositions concerning these Broadcasts/Articles prior to the Court's December 8 fact discovery deadline.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 29, 2023.

_____

Carl C. Butzer

# Exhibit B-1



Carl C. Butzer
(214) 953-5902 (Direct Dial)
(214) 661-6609 (Direct Fax)
cbutzer@jw.com

September 12, 2023

***Via Email***
Caitlin Kovacs, Esq. (ckovacs@beneschlaw.com)
Olivia Sullivan, Esq. (osullivan@beneschlaw.com)
Amakie Amattey, Esq. (aamattey@beneschlaw.com)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606

Re:     ***Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America News Network***, **Case No. 1:21-cv-02900-CJN (D.D.C.)**

Dear Caitlin & Olivia,

I write in response to Amakie's September 6, 2023 letter requesting OAN to designate additional individuals as custodians and to run more search terms.

As an initial matter, the letter misrepresents the record and contains false accusations. First, OAN has agreed to 63 (not 62) custodians. You also falsely claim that "OANN has yet to provide a response as to whether previously requested individuals, <u>Ann Schick</u>, <u>Dante Colella</u>, <u>Bobby Dupree</u>, <u>Trey Miller</u>, and <u>Rayana Unutoa</u> will be accepted as custodians."

•        We agreed to make <u>Ann Schick</u> OAN's 63ʳᵈ custodian on June 30 – *more than 2 months ago*. (*See* my email to both of you dated June 30, attached as Ex. 1).

•        As for <u>Mr. Colella</u>, I responded to your request to add him on June 22, *more than 2 months ago*. (*See* my letter to both of you dated June 22, attached as Ex. 2). In that June 22 reply, I stated I believed <u>Mr. Colella</u>, a videographer, was either not relevant or would not possess any unique documents or communications.

•        Your request to add <u>Mr. Dupree</u> as a custodian was rejected in a letter sent to Olivia on May 15 – *almost 4 months ago*. (*See* letter dated May 15, attached as Ex. 3, in which it was explained that his employment was terminated months before the publication of the allegedly defamatory statements). Then, in her May 17 email to Brian Ledebuhr, Olivia acknowledged this and Smartmatic claimed to "reserve[s] its rights with regard to" him. (*See* attached Ex. 4). Finally, during the parties' June 16 meet and confer, Olivia confirmed that Smartmatic was no longer seeking to add Mr. Dupree as a custodian.

•        On June 30, I replied to your request for <u>Mr. Miller</u> and <u>Ms. Unutoa</u>. (*See* my email to both of you dated June 30, Ex. 1). I stated: "[W]e do not agree to add Mr. Miller or Ms. Unutoa. As I understand it, Plaintiffs' argument is that they were in roles such as news editor, TV director, and programming. But Mr. Miller worked the night shift during the

September 12, 2023
Page 2

relevant time period and otherwise performed only technical duties. As for Ms. Unutoa, as far as we can determine she did not work on the complained-of broadcasts. Accordingly, we do not believe Mr. Miller or Ms. Unutoa possess any unique materials that cannot be obtained from the 63 agreed-upon OAN custodians."

So your premise for requesting <u>Dante Colella</u>, <u>Bobby Dupree</u>, <u>Trey Miller</u>, and <u>Rayana Unutoa</u> – that we've never responded to your previous requests – is false; and your request now – *months* after we provided explanations for rejecting those requests – is too late. For these reasons, we must again reject your request to add these individuals as custodians.

Your attempted justification for your late notice to add custodians – which you claim is "based upon a review of OANN's belated productions" – also is inaccurate, if not misleading:

   •   The Bates-numbered documents you identify for <u>Krista McClelland</u> (OAN_SMMT_00055530) and <u>Jasmine Rounaghi</u> (OAN_SMMT_00363869) were produced to you *more than 3 months ago*.

   •   The remaining documents referenced in your letter were produced timely, in accordance with the parties' agreement to produce a rolling production of documents with interim dates of July 28 and August 11, and a substantial completion date of August 28 – with which we complied.

   •   Documents supporting your requests for <u>Tom Driscoll</u> (OAN_SMMT_00815344) and <u>Adrienne Goebel</u> (OAN_SMMT_00804700 and OAN_SMMT_00801255) were produced on July 28; and the documents supporting your request for <u>Alex Heredia</u> were produced on July 28 and August 28.

Finally, I address your misleading request for <u>Hang Danh</u>, which you again say is "based upon a review of OANN's belated productions" (citing two documents produced to you on July 28 (OAN_SMMT_00810552 and OAN_SMMT_00801811)). *Olivia requested Ms. Danh on May 5* (*See* Sullivan letter dated May 5, attached as Ex. 5). And *2½ months ago*, on June 22, I explained to both of you my belief that <u>Ms. Danh</u> was either not relevant here or would not possess any unique documents or communications, as she is a traffic coordinator – an operations employee who merely executed the programming of shows. (*See* my June 22 letter, attached as Ex. 2). We stand by our objection to adding <u>Ms. Danh</u> as a custodian.

So the stated reasons for your requests to add custodians are inaccurate and/or misleading, as are several statements you make in the letter.

Yet, in the spirit of good faith and compromise, OAN agrees to designate <u>Krista McClelland</u>, <u>Tom Driscoll</u>, <u>Adrienne Goebel</u>, <u>Jasmine Rounaghi</u>, and <u>Alex Heredia</u> as custodians. This brings OAN's total custodian count from 63 to 68, which is more than enough custodians.

***OAN Listservs.*** The listservs identified in your letter (producers@oann.com; anchors@oann.com; writers@oann.com;         DCnewsreport@oann.com;         specialreports@oann.com;         and

September 12, 2023
Page 3

_____

aheditors@oann.com) are not proper custodians.    Each of the foregoing addresses is a distribution list; none have their own inboxes against which search terms can be run. Nor can emails be sent *from* a listserv. Rather, an email sent to the listserv can be obtained only via the email folders of custodians who were members of the distribution list at the time the email was sent. As reflected in OAN's production, at least one designated custodian was or is a member of each listserv. OAN has and will (as needed) continue to produce responsive emails that hit on the parties' agreed-upon search queries from the agreed-upon custodian's inboxes, including emails received through the six distribution lists.

***Additional search queries.*** OAN has already agreed to 235 search queries, and your request for 14 new queries (attached as Exhibit 1 to your September 6 letter) comes late in the game. But, again, in the spirit of compromise, OAN agrees to run the 14 queries.

Sincerely,

Carl C. Butzer

# Exhibit B-2



Amakie Amattey
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.506.3444
Fax: 312.767.9192
aamattey@beneschlaw.com

September 11, 2023

**VIA EMAIL**
John K. Edwards
Jackson Walker
1401 McKinney, Suite 1900
Houston, Texas 77010

Re:    *Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America News Network*, Case No. 1:21-cv-02900-CJN (D.D.C.)

Dear John:

Over the past month, Smartmatic has consistently expressed concern without any real or demonstrated basis regarding OANN's rolling productions, which demonstrated a serious failure to produce many categories of documents, including documents regarding its ratings, reach, and finances; internal communications reflecting the development of graphics, booking guests, and planning shows; and several other categories. In response, OANN has repeatedly stated that its collection is fulsome, that it does not have any additional responsive documents to produce, and that its production on August 28 would solve any issues that Smartmatic has which we affirm here. Also, it should be kept in mind that our searches for documents were based on the OAN custodians and search queries you agreed to.

After receiving OANN's August 28 production and reviewing its content, Smartmatic disagrees. Given our many previous requests for OANN to supplement its production, we believe we have fully met and conferred on the deficiencies in OANN's production and will need to move to compel in order to resolve the issues which OAN has either resolved or your claims of deficiency are not sustainable. We write below to identify again and with particularity for the first time many of the areas in which OANN's production is deficient. Smartmatic's review is ongoing and we expect to identify additional categories of deficiency, which we will identify for you as we find them. This suggests that you are looking for problems which violates both the letter and the spirit of the Local and Federal Rules.

If OANN has any proposals to resolve the issues below, please let us know by Wednesday, September 13. Otherwise, we will proceed to the Court.

## I.    DEFICIENCIES IN OANN PRODUCTION

Below are particular examples of categorical deficiencies in OANN's productions that we have identified to date. As Smartmatic continues to conduct a review of OANN's production, we will

identify further deficiencies in future correspondence.

***RFP No. 7: Employment Contracts***. In its April 3, letter, OANN confirmed that it would produce documents sufficient to show any and all employment agreements and/or contracts in effect for, and compensation paid to, twelve OANN ON-AIR PERSONALITIES that were in effect from January 1, 2020 to November 3, 2021. To date, OANN has produced three employment contracts: two for Dan Ball and one for Christina Bobb. No, we have produced five, including for John Hines and Patrick Hussion. Smartmatic did not locate contracts for the following: Elma Aksalic (there are none), Mike Dinow (there are none), Emily Finn (there are none), Stephanie Hamill (there are none), John Hines (*see* OAN_SMMT_00971759), Patrick Hussion (*see* OAN_SMMT_00971761), Samantha Lomibao (there are none), Kara Mckinney (there are none), Alex Salvi (there are none), and Pearson Sharp (there are none).

***RFP No. 8: Job Performance Evaluations***. OANN's production did not provide documents containing employee performance evaluations. However, OANN produced employee handbooks that indicate performance reviews are an expectation for OANN employees. Based on this information Smartmatic believes that employee evaluations for ***at least*** Elma Aksalic (there are none), Mike Dinow (there are none), Emily Finn (there are none), Stephanie Hamill (there are none), John Hines (there are none), Patrick Hussion (there are none), Samantha Lomibao (there are none), Kara McKinney (there are none), Alex Salvi (there are none), and Pearson Sharp (there are none) are in OANN's possession. OAN did not regularly conduct formal performance evaluations. OAN will produce any additional responsive, nonprivileged documents by September 25.

***RFP No. 26: Documents Concerning Hiring Or Firing OANN Employees***. OANN's production did not provide documents concerning the hiring, firing, retention, resignation, or promotion of OANN employees (*see, e.g.*, OAN_SMMT_000971770). Our research indicates that the employment of several OANN employees was terminated around April 2021. OAN will produce any additional responsive, nonprivileged documents (which we do not expect to find after an additional search) by September 25.

***RFP NOS. 5, 27, 29, 33, 47: OANN Accused Programs: Oversight, Structure, And Decision-Making Authority***. RFP number 5 requests videos of each full OANN PROGRAM which made any mention of Smartmatic. We have produced full videos of the complained of broadcasts with the exception of the News Room, for which there are no full videos. To the extent an additional search uncovers additional broadcasts that mentioned Smartmatic in 2020 and 2021, we will provide existing full videos of them by September 25. RFP numbers 27, 29, 33, and 47 request documents from OANN sufficient to demonstrate, with respect to OANN ACCUSED PROGRAMS: (a) decisions to include or exclude guests; (b) oversight and structure; (c) individuals responsible for creating, researching, editing, or approving content; and (d) the programming descriptions. Based on these requests, OANN should have produced documents including but not limited to documents sufficient to ascertain the hosts, guests, producers, editors, bookers, outlines, scripts, and graphics for each of the OANN ACCUSED PROGRAMS. OANN also should have produced documents containing conversations or notes regarding how content and guests were decided and approved. OANN's production was deficient in many of these areas for many of the OANN ACCUSED PROGRAMS, including those identified below: OAN has produced guidelines for writers and producers, including documents related to how ideas and

graphics are developed. *See, e.g.* OAN_SMMT_00971843; OAN_SMMT_00972147; OAN_SMMT_00971939; OAN_SMMT_00972126; OAN_SMMT_00971950; OAN_SMMT_00972102; OAN_SMMT_00972106; OAN_SMMT_00972146; OAN_SMMT_00972171. To be clear, OAN is not withholding any responsive, non-privileged documents relating to any of the below broadcasts.

*News Room, 5AM*, Reporter Elma Aksalic, November 16, 2020

OANN's production did not include producer information (there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00855409), graphics (*see* OAN_SMMT_00855292), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians) regarding this program. The production did not provide information that demonstrated how ideas or graphics for this program were developed (none, based on search terms and custodians).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

*Tipping Point with Kara McKinney*, November 16, 2020, Guest Michael Johns

OANN's production did not provide information that demonstrated how ideas or graphics for this program were developed, or how guests were chosen and approved (*see* OAN_SMMT_00973071). The information in the production identifies Jennesh Agagas (there are no responsive documents in Ms. Agagas's mailbox) and Alec Parent (he is not a designated custodian; however, *see* OAN_SMMT_00877153, OAN_SMMT_00877139) as individuals involved with the booking and production of this program, and whose collections should have included this information. Again, Alec Parent is not a custodian.

*News Room*, 11PM, Reporter Mike Dinow, November 16, 2020

OANN's production did not provide producer information (there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00855244), graphics (*see* OAN_SMMT_00855597), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes regarding this program (none, based on search terms and custodians), nor did it include documents to demonstrate how ideas or graphics for this program were developed (*see* OAN_SMMT_00750480).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

*Tipping Point with Kara McKinney*, November 17, 2020, Guest Tom Fitton

OANN's production did not provide information that demonstrated how ideas, or graphics for this program were developed (*see* OAN_SMMT_00881117), or how guests were chosen and approved (*see* OAN_SMMT_00881111). The information in the production identifies Jennesh Agagas (*see* OAN_SMMT_00881111) and Alec Parent (he is not a designated custodian; however, *see* OAN_SMMT_00877348) as individuals involved with the booking and production of this program, and whose collections should have included

this information. Again, Alec Parent is not a custodian.

<u>*Breaking News Live*, Reporter Patrick Hussion, November 19, 2020</u>

OANN's production did not provide producer information (no record of producer information for this news show), scripts (OAN_SMMT_00855414; OAN_SMMT_00855504), graphics (OAN_SMMT_00855414; OAN_SMMT_00855504), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (OAN_SMMT_00970717).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

<u>*Real America with Dan Ball*, November 19, 2020, Guest Evi Kokalari-Angelakis</u>

OANN's production did not contain producer information (Justin Brown and Peyton Drew were both producers of Real America during this time. S*ee, e.g.*, OAN_SMMT_00778521, OAN_SMMT_00907412), scripts (*see* OAN_SMMT_00855186), graphics (*see* OAN_SMMT_00855265), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed, or how guests were booked or approved to be interviewed (*see* OAN_SMMT_00806353).

<u>*News Room*, 12AM, Reporter Unknown, November 20, 2020</u>

OANN's production did not provide host or producer information (there is no record of host or producer information for this news show), scripts (*see* OAN_SMMT_00855414; OAN_SMMT_00855504), graphics (*see* OAN_SMMT_00855268; OAN_SMMT_00855504; OAN_SMMT_00855414), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (*see* OAN_SMMT_00878431; OAN_SMMT_00805856).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

<u>*News Room*, 6AM, Reporter Unconfirmed, November 20, 2020, Guest Keith Trippie</u>

OANN's production did not provide host producer information (Stephanie Myers was host, *see, e.g.*, OAN_SMMT_00806148; there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00855480; OAN_SMMT_00855436), graphics (*see* OAN_SMMT_00855480; OAN_SMMT_00855436), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed, or how guests were

approved (*see* OAN_SMMT_00806148; OAN_SMMT_00805327; OAN_SMMT_00970723). The production demonstrates that Stephanie Myers was involved with booking, and her collection should have included much of this information.

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

*News Room, 3PM*, Reporter John Hines, November 20, 2020, Guest Allan Santos

OANN's production did not provide producer information (there is no record of producer information for this news show), scripts (none, based on search terms and custodians), graphics (none exist), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (*see* OAN_SMMT_00970723).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

*In Focus with Stephanie Hamill*, November 20, 2020, Guest Joe diGenova

OANN's production did not provide information that demonstrated how ideas or graphics for this program were developed, or how guests were chosen or approved (*see* OAN_SMMT_008805490, OAN_SMMT_00879825, OAN_SMMT_00932634, OAN_SMMT_00879603, OAN_SMMT_00879749, OAN_SMMT_00932630, OAN_SMMT_00879941). The information in the production identifies Avery Swigart (OAN_SMMT_00805490), Caroline Midkiff (OAN_SMMT_00805490), and Jon Marrone (he is not a designated custodian, *but see* OAN_SMMT_00805490) as involved with the booking and production, and their collections should have included much of this information.

*Tipping Point with Kara McKinney*, November 20, 2020, Guest Michael Johns

OANN's production did not provide information that demonstrated how ideas or graphics for this program were developed (none, based on search terms and custodians), or how guests were chosen, approved, or booked (*see* OAN_SMMT_00805753). The information in the production identifies Jennesh Agagas as involved with the production, and his (her) collection should have included much of this information (there are no responsive documents in Ms. Agagas's mailbox).

*News Room, 6PM*, Reporter Samantha Lomibao, November 22, 2020

OANN's production did not provide producer information (there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00855192), graphics (*see* OAN_SMMT_00855192), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (none, based on search terms and custodians).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

*Tipping Point with Kara McKinney*, November 22, 2020 (this date is incorrect; perhaps you mean November 18), Guest Michael Johns (this is incorrect; the guest on November 18 was Kyle Becker)

OANN's production did not provide information that demonstrated how ideas or graphics for this program were developed (*see* OAN_SMMT_00804500). The information in the production identifies Jennesh Agagas as involved with the production and booking, and his (her) collection should have included much of this information (*see* OAN_SMMT_00804615; OAN_SMMT_00804500; OAN_SMMT_00809842, OAN_SMMT_00809753, OAN_SMMT_00809745; OAN_SMMT_00880416, OAN_SMMT_00810411, OAN_SMMT_00810360, OAN_SMMT_00810288).

*Tipping Point with Kara McKinney*, November 23, 2020, Guest Michael Johns (Mr. Johns was not on a show on November 23, Michael Waller was)

OANN's production did not provide host (Kara McKinney is the host of *Tipping Point with Kara McKinney*, *see* OAN_SMMT_00807418) or producer information (*see, e.g.*, OAN_SMMT_00876095, OAN_SMMT_00950638), scripts (*see* OAN_SMMT_00855429), graphics (none, based on search terms and custodians), pre-broadcast conversations (*see* OAN_SMMT_00807418), or meeting notes (none, based on search terms and custodians). OANN's production also did not provide information that demonstrated how ideas, or graphics for this program were developed, or how guests were chosen, approved, or booked (*see* OAN_SMMT_00807418, OAN_SMMT_00808163).

*News Room, 11PM*, Reporter Pearson Sharp, November 24, 2020

OANN's production did not provide producer information, graphics, or meeting notes for this production. Although this is not a complained of broadcast, ENPS documents related to this broadcast are being produced by September 25.

*Tipping Point with Kara McKinney*, November 28, 2020, Guest Michael Johns

OANN's production did not provide scripts (*see* OAN_SMMT_00855378), graphics (none, based on search terms and custodians), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The productions also did not provide information that demonstrated how ideas, or graphics for this program were developed, or how guests were chosen, approved, or booked.

*Tipping Point with Kara McKinney, December 1, 2020*

OANN's production did not provide scripts (*see* OAN_SMMT_00855484; OAN_SMMT_00855354; OAN_SMMT_00855356; OAN_SMMT_00855203), graphics (*see* OAN_SMMT_00855484; OAN_SMMT_00855354; OAN_SMMT_00855356; OAN_SMMT_00855203), pre-broadcast conversations (*see* OAN_SMMT_00880416), or

meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed.

*Breaking News Live*, Reporter Patrick Hussion Clark (this is incorrect; John Hines hosted the December 1 *Breaking News Live*), December 1, 2020

OANN's production did not provide producer information (there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00809936), graphics (there are none), pre-broadcast conversations (*see* OAN_SMMT_00809635; OAN_SMMT_00809526), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (none, based on search terms and custodians).

*In Focus with Stephanie Hamill*, Reporter Stephanie Hamill, December 3, 2020

OANN's production did not provide producer information (*see, e.g.*, OAN_SMMT_00934481, OAN_SMMT_00935146), scripts (*see* OAN_SMMT_00855680; OAN_SMMT_00855389), graphics (OAN_SMMT_00855680), pre-broadcast conversations (*see* OAN_SMMT_00934481, OAN_SMMT_00880416), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (*see* OAN_SMMT_00880416).

*News Room, 9PM* (this was a 9 AM broadcast), Reporter Emily Finn, December 5, 2020

OANN's production did not provide producer information (there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00855214; OAN_SMMT_00855551), graphics (*see* OAN_SMMT_00855214; OAN_SMMT_00855213), pre-broadcast conversations (there are none), or meeting notes (there are none). The production did not provide information that demonstrated how ideas or graphics for this program were developed (*see* OAN_SMMT_00970757).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

*Tipping Point with Kara McKinney*, December 7, 2020, Guest Michael Johns

OANN's production did not provide graphics or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how graphics for this program were developed (*see* OAN_SMMT_00940936). The information in the production identifies Kara McKinney (OAN_SMMT_00815508; OAN_SMMT_00973085) and Chris Boyle (OAN_SMMT_00814835) as involved with booking and production of this program, and their collections should have included much of this information.

*News Room, 3PM*, Reporter Clay Clark (this is incorrect; Clay Clark was a guest and is not an OAN reporter), December 21, 2020

OANN's production did not provide producer information (there is no record of producer information for this news show), scripts (*see* OAN_SMMT_00855593), graphics (there are none), pre-broadcast conversations (*see* OAN_SMMT_00819314; OAN_SMMT_00001843), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (none, based on search terms and custodians).

OANN's production also did not provide a full video of this program in response to RFP No. 5 (none exists).

_Weekly Briefing with Christina Bobb_, December 21, 2020 (incorrect, the date was December 26, 2020)

OANN's production did not provide producer information (Jasmine Rounaghi was a production assistant, *see* OAN_SMMT_00940936), scripts (none, based on search terms and custodians), graphics (*see* OAN_SMMT_00940936), pre-broadcast conversations (none, based on search terms and custodians), or meeting notes (none, based on search terms and custodians). The production did not provide information that demonstrated how ideas or graphics for this program were developed (none, based on search terms and custodians).

**RFP No. 30: OANN Corporate Governance Structure**. OANN's production did not contain documents that demonstrated OANN's corporate governance structure (*see e.g.,* OAN_SMMT_00972172; OAN_SMMT_00971843). Smartmatic believes documents that demonstrate OANN's corporate governance structure are in OANN's possession.

**RFP No. 33: Documents to Show Individuals Involved with OANN ACCUSED PROGRAMS**. OANN's production contained some documents that demonstrated individuals involved with OANN ACCUSED PROGRAMS, but there are significant gaps. Smartmatic believes OANN is in possession of documents that identify: (1) all producers and bookers for *News Room* with reporters Elma Aksalic, Mike Dinow, Stephanie Myers, John Hines, Samantha Lomibao, Pearson Sharp, Emily Finn, and Clay Clark (this assumption is incorrect; no documentation exists demonstrating which producers worked on the complained-of News Room broadcasts; moreover, Clay Clark is not an OAN employee); (2) all producers for *Weekly Briefing* with Christina Bobb (Jasmine Rounaghi was a production assistant, *see* OAN_SMMT_00940936); and (3) all producers for *Breaking News Live* with Patrick Hussion (Patrick Hussion did not have an assigned producer, and no documentation exists to demonstrate who produced the complained-of broadcasts of *Breaking News Live*). Smartmatic also believes OANN is in possession of information that identifies video and graphics editors for each of the OANN ACCUSED PROGRAMS. As identified above, OAN has produced numerous documents demonstrating video editors who contributed to the Accused Programs. Also, OAN identified additional individuals involved in the Accused Programs in its supplemental answers to Smartmatic's interrogatory nos. 1, 2, 3, and 5 on September 14, 2023.

**RFP NO. 35: Documents to Show Every Meeting Mentioning Smartmatic or Dominion**. OANN's production does not include all notes for meetings in which Smartmatic or Dominion was mentioned. Meeting notes for *News Room* were produced once, (OAN_SMMT_00877861), and general meeting notes were produced once (OAN_SMMT_00952264). Smartmatic believes

that there were more frequent meetings at which Smartmatic and Dominion were mentioned at which notes were taken and distributed. Smartmatic's assumption is incorrect. The OAN News Room did not hold "frequent meetings" discussing Smartmatic or Dominion, and OAN is not withholding any responsive meeting notes. Yet, we have identified only two sets of notes.

***RFP No. 45: Documents to Show Viewership and Ratings Data***. OANN's production contains Comscore TV Essentials data. However, the production does not contain Neilsen data (OAN does not and has never subscribed to Nielsen and therefore does not have that data) or data that provides social media (OAN does not possess data on social media engagement from that time beyond the views, likes, retweets and other engagement mechanisms that are publicly available) or other platform ratings or viewership data. We will go back and look for platform or viewership data, although Comscore in our possession has been produced. Smartmatic believes OANN is in possession of documents that contain viewership and ratings data for on-air, social media, and other platforms.

***RFP No. 46: Documents Showing The Number of Persons Who Downloaded an OAN Application, Bought Subscriptions, or Clicked on OAN Publications***. OANN's production does not include documents that demonstrate the number of people that downloaded OANN apps, bought OANN subscriptions, or clicked on OANN applications**.** OAN will produce any additional responsive, nonprivileged documents by September 25.

***Text Messages And Personal Emails.*** OANN produced text messages from 9 custodians. Smartmatic believes that text messages from additional OANN custodians should be produced to fully capture all documents requested in its first set of RFPs. Search terms were run against 4 additional custodians' text messages, but did not result in any responsive documents. As we explained to you in an August 13 email, several OAN employees have not permitted collection of their personal cell phones on the basis of their privacy rights. Several times, you have promised a response but none has been forthcoming Additionally, Smartmatic has identified personal emails that have been used in OANN's production: ██████████ (there were no email communications to or from this address in OAN's production), ██████████ (243 responsive, non-privileged emails from this account have been produced), ██████████ (Ms. Hamill is a former employee whose personal email is not in OAN's possession, custody, or control), and ██████████ (Ms. Bobb is a former employee whose personal email is not in OAN's possession, custody, or control). Search terms should be run across these emails to further identify documents responsive to RFPs.

By **Wednesday, September 13**, please confirm whether OANN is willing to remedy these deficiencies. If it is, we ask OANN to remedy those deficiencies by **Monday, September 18.** If OANN believes any documents mentioned have been produced, please identify the documents by Bates number in OANN's September 13 correspondence.

## II.      RFPS NOS. 58 AND 59: DOCUMENTS PRODUCED IN RELATED LITIGATION

In its response to Smartmatic's RFPs 58 and 59, OANN indicated that it was not willing to produce any documents produced in the Dominion lawsuit, stating that the request was not tailored to any claim or defense in this litigation. Correction: OAN's position is that it will not produce documents in this litigation *merely because* they are produced in *Dominion*. On the contrary,

several statements that OANN ON-AIR PERSONALITIES on OANN ACCUSED PROGRAMS made indicate that Smartmatic and Dominion were used interchangeably, Smartmatic was referred to as a subsidiary of Dominion, and Smartmatic was alleged to be a software company that Dominion used in its voting machines. Therefore, issues flagged by Dominion and documents produced to Dominion are relevant to Smartmatic's case even if Smartmatic is not explicitly mentioned. As we explained in our September 3, 2023 letter, Smartmatic and Dominion complain of different statements. The fact of a document's production in *Dominion*, alone, does not make it responsive to Smartmatic's requests for production also keeping in mind that Smartmatic has agreed to lists of custodians and search queries. Additionally, documents produced in the *Freeman* case, the *AT&T* case, and any other related litigation are relevant to Smartmatic's case as they center around the same or similar OANN statements and conduct that form the basis for Smartmatic's case (Smartmatic has not credibly explained how *AT&T* or *Freeman* "center around" the claims and statements at issue in this suit. Smartmatic has failed to offer an explanation for why all *Coomer* documents are relevant), and the reproduction of those documents is not burdensome to OANN. OANN has not provided any cognizable explanation as to why the documents produced in related litigation are beyond the scope of relevance in Smartmatic's litigation. OAN stands on its objections.

The parties have met and conferred on this issue at length and are at an impasse. We plan to move the Court to compel responsive documents be produced.

OAN Note: If we identify additional documents during discovery, we will supplement our production as required by the rules. Again, we've employed the search terms you gave us and we searched the custodians you agreed to.

Very truly yours,

BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP

*/s/ Amakie Amattey*

Amakie Amattey

AA:

# Exhibit B-3

| | |
|---|---|
| **From:** | Butzer, Carl |
| **Sent:** | Tuesday, September 12, 2023 8:20 PM |
| **To:** | Kovacs, Caitlin |
| **Cc:** | Sullivan, Olivia; Babcock, Chip; Trent McCotter; Myers, David; Walsh, Hannah; Neerman, Jonathan; Blaesche, Minoo; Edwards, John; Amattey, Amakie; Wilkes, Christopher; Golden, Meghan; Maldonado, Jacklyn; Wertheimer, Nancy |
| **Subject:** | RE: Document Production |

Hi Caitlin

I reiterate my request (*see* my September 10 email, below) for the parties to take another run at discussing Smartmatic's Second Set of Requests for Production.

**Thanks,**
**Carl**

**Carl C. Butzer** | Jackson Walker LLP
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
V: (214) 953-5902 | F: (214) 661-6609 | cbutzer@jw.com



---

**From:** Butzer, Carl
**Sent:** Sunday, September 10, 2023 6:56 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Babcock, Chip <cbabcock@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Myers, David <dmyers@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Neerman, Jonathan <jneerman@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Edwards, John <jedwards@jw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Golden, Meghan <MGolden@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>
**Subject:** Re: Document Production

Thanks, Caitlin. During the call, let's also take another run at discussing Smartmatic's Second Set of Requests for Production.

Thanks,
Carl

Carl C. Butzer
Jackson Walker LLP
2323 Ross Ave., Suite 600
Dallas, Texas 75201
214.953.5902

1

On Sep 10, 2023, at 3:08 PM, Kovacs, Caitlin <CKovacs@beneschlaw.com> wrote:

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Carl,

Thanks for your emails this weekend. We will get back to you tomorrow.

> Caitlin A. Kovacs
> (she/her/hers)
> Partner | Litigation
> Benesch Friedlander Coplan & Aronoff LLP
>
> t: 312.624.6392 | m: 614.804.0562
> CKovacs@beneschlaw.com | www.beneschlaw.com
> 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637
>
> Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Butzer, Carl <cbutzer@jw.com>
**Sent:** Sunday, September 10, 2023 12:58:00 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Babcock, Chip <cbabcock@jw.com>; 'Trent McCotter' <mccotter@boydengrayassociates.com>;
Myers, David <dmyers@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Neerman, Jonathan
<jneerman@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Edwards, John <jedwards@jw.com>;
Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>;
Golden, Meghan <MGolden@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>;
Wertheimer, Nancy <NWertheimer@beneschlaw.com>
**Subject:** RE: Document Production

Caitlin

For several weeks, you have complained to us that you believe our production is deficient.

I would like to schedule a time to talk with any members of your Team at any time tomorrow or Tuesday
to discuss the "deficiencies" your Team believes currently exist.

Doing so now, without delay, will allow us to look into your concerns and begin addressing them now.

Please let me know.

**Thanks,**
**Carl**

**Carl C. Butzer** | Jackson Walker LLP
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
V: (214) 953-5902 | F: (214) 661-6609 | cbutzer@jw.com

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Saturday, September 9, 2023 2:27 PM
**To:** Butzer, Carl <cbutzer@jw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Babcock, Chip <cbabcock@jw.com>; 'Trent McCotter' <mccotter@boydengrayassociates.com>;
Myers, David <dmyers@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Neerman, Jonathan
<jneerman@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Edwards, John <jedwards@jw.com>;
Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>;
Golden, Meghan <MGolden@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>;
Wertheimer, Nancy <NWertheimer@beneschlaw.com>
**Subject:** RE: Document Production

<p style="text-align:center;color:red;">**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**</p>

Carl,

Smartmatic is in the process of evaluating the many holes that remain in OANN's production, which
OANN ostensibly finished on August 28. We will describe those deficiencies and demand OANN remedy
them, including those you refer to below, as soon as Smartmatic's evaluation is complete.

> Caitlin A. Kovacs
> (she/her/hers)
> Partner | Litigation
> Benesch Friedlander Coplan & Aronoff LLP
>
> t: 312.624.6392 | m: 614.804.0562
> CKovacs@beneschlaw.com | www.beneschlaw.com
> 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637
>
> Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Butzer, Carl <cbutzer@jw.com>
**Sent:** Saturday, September 9, 2023 2:22 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Babcock, Chip <cbabcock@jw.com>; 'Trent McCotter' <mccotter@boydengrayassociates.com>;
Myers, David <dmyers@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Neerman, Jonathan
<jneerman@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Edwards, John <jedwards@jw.com>;
Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>;
Golden, Meghan <MGolden@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>;
Wertheimer, Nancy <NWertheimer@beneschlaw.com>
**Subject:** RE: Document Production

Olivia & Benesch Team

It has been almost 10 days since I made the request below. You have not responded, and we consider
this issue closed.

**Thanks,**
**Carl**

**Carl C. Butzer** | Jackson Walker LLP
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
V: (214) 953-5902 | F: (214) 661-6609 | cbutzer@jw.com

<image001.jpg>

---

**From:** Butzer, Carl
**Sent:** Friday, September 1, 2023 11:08 AM
**To:** CKovacs@beneschlaw.com
**Cc:** osullivan@beneschlaw.com; Babcock, Chip <cbabcock@jw.com>; Trent McCotter
<mccotter@boydengrayassociates.com>; Myers, David <dmyers@jw.com>; Walsh, Hannah
<hwalsh@jw.com>; Neerman, Jonathan <jneerman@jw.com>; Blaesche, Minoo <mblaesche@jw.com>;
Edwards, John <jedwards@jw.com>
**Subject:** Document Production

Caitlin

You have questioned whether we have adequately produced documents, including documents that
were allegedly produced "from parties to related litigation" (your letter dated August 28). Last week,
you represented that one of those "related cases" is the *Smartmatic v. Lindell* case. We have
substantially produced everything we have between OAN and Lindell (and any members of his team),
including documents that were not responsive to Smartmatic's 235 search queries.

If there's anything responsive you have received in "related litigation" that you think OAN would have
possession of, please let us know, and we will investigate further.

**Thanks,**
**Carl**

**Carl C. Butzer** | Jackson Walker LLP
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
V: (214) 953-5902 | F: (214) 661-6609 | cbutzer@jw.com

# Exhibit B-4



Amakie Amattey
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.506.3444
Fax: 312.767.9192
aamattey@beneschlaw.com

October 13, 2023

John K. Edwards
Jackson Walker, LLP
1401 McKinney, Suite 1900
Houston, Texas 77010

Re:   *Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America News Network*, Case No. 1:21-cv-02900-CJN (D.D.C.)

Dear Counsel:

Upon further review of OANN's most recent productions, it has become apparent that the production contains the below deficiencies, in addition to the previous deficiencies Smartmatic has identified. The only "previous" challenge to OAN's document production was your September 11 letter, which we fully addressed 1½ months ago. Descriptions of these gaps in production are below, along with requests for their remediation:

**Mike Lindell**: Smartmatic has identified various topics of communication and specific documents in Mike Lindell's possession that indicate OANN is in possession of responsive documents it has not yet produced.

Discussions Prior to Airing *Absolute Proof.* OAN_SMMT_00947789 suggests that prior discussion had occurred between Charles Herring and Mike Lindell regarding the airtimes of Absolute Proof. Smartmatic has not located documents related to this discussion in OANN's production. We have produced the responsive, non-privileged documents captured by your search terms (*see* also OAN_SMMT_00835276, which is a continuation of the chain). Further, Smartmatic has not located documents related to discussion of the content of *Absolute Proof* we have produced the responsive, non-privileged documents captured by your search terms (*see also* OAN_SMMT_00835277; OAN_SMMT_00835420; OAN_SMMT_00947821; and OAN_SMMT_00835960), the airing of the disclaimer broadcast prior to the airing of *Absolute Proof* there are no nonprivileged documents, discussions related to how many times *Absolute Proof* would be broadcast on OANN's platform we have produced the responsive, non-privileged documents captured by your search terms (*see* e.g., OAN_SMMT_00973108, OAN_SMMT_00972775, OAN_SMMT_00972797), or the negotiations related to advertisements to be aired during broadcasts of *Absolute Proof* (*see* OAN_SMMT_00947816). There are no responsive, non-privileged documents captured by your search terms.

Nor has OANN produced any communication demonstrating whether *Absolute Proof* and its progeny were solicited by OANN, or if OANN was approached by Mike Lindell and his team with the opportunity to air these programs. There are no responsive, non-privileged documents captured by your search terms.

All of these documents are responsive to RFPs 31, 32, and 33 and should have been produced. Please see above responses.

Discussions Prior to Airing *Scientific Proof*. OANN has produced documents reflecting promotional material related to *Scientific Proof* (*see* OAN_SMMT_00840040), but it has not produced documents reflecting discussions with Mike Lindell or his team concerning the content of the program or the delivery of the program from Lindell's team to OANN. We have produced them (*see* OAN_SMMT_00952377, OAN_SMMT_00952379, OAN_SMMT_00952444, OAN_SMMT_00952459). Also, we will produce one additional transmittal email. Such documents are responsive to RFPs 31, 32, and 33 and should have been produced.

Discussions Prior to Airing *Absolute Interference*. OANN has produced documents reflecting airtimes related to *Absolute Interference* (*see* OAN_SMMT_00841150), but it has not produced documents reflecting discussions with Mike Lindell or his team concerning the content of the programming or the delivery of the programming from Lindell's team to OANN. We will produce three additional transmittal emails. Such documents are responsive to RFPs 31, 32, and 33 and should have been produced.

Discussions Prior to Airing *Absolutely 9-0*. OANN has produced documents reflecting airtimes and interview content related to *Absolutely 9-0* (*see* OAN_SMMT_00957067, OAN_SMMT_00957072), but it has not produced documents reflecting discussions with Mike Lindell or his team concerning the content of the programming or the delivery of the programming from Lindell's team to OANN. We will produce one additional transmittal email. Such documents are responsive to RFP 31, 32, and 33 and should have been produced.

Advertisement Sales for Lindell. OAN_SMMT_00947816 reflects an advertisement time buy quote from OANN to Mike Lindell during the airing of *Absolute Proof*. In this document, the cost of advertisement time is redacted without justification. We will produce an unredacted copy. In its positional statement in the May 5, 2023 Joint Notice of Unresolved Discovery Disputes, OANN stated that it agreed to produce "documents reflecting revenue generated by the specific broadcasts containing the alleged defamatory statements." Based on OANN's statement, the cost for advertisements purchased by Mike Lindell for the airing of *Absolute Proof* should not have been redacted.

Furthermore, OANN has not produced advertisement-related documents for other Mike Lindell broadcasts, including *Scientific Proof*, *Absolute Interference*, and *Absolutely 9-0*. OANN has produced advertisement revenue from other broadcasts but continues to withhold the same for Mike Lindell's programs. *Absolute Interference* aired without commercials.  We will produce responsive documents for *Scientific Proof* and *Absolutely 9-0*, to the extent they exist.

OANN has produced documents reflecting a general advertisement sales pitch to Mike Lindell for *after* the airings of Mike Lindell's defamatory programs (*see* OAN_SMMT_008958465) but it has not provided sales pitches for advertisements during the airings of these programs. There were no sales pitches. These documents are responsive to RFPs 20, 32, and 49 and should have been produced.

Communications Regarding Election Machine Audits. Smartmatic has identified a document in OANN's production that indicates there were communications between

Robert Herring and Mike Lindell regarding conducting forensic audits of election machines in Arizona. The communications were not located in OANN's production. The documentary communications you seek do not exist. As you acknowledge, we have produced documents responsive to RFP 11, including those regarding forensic audits. *See, e.g.*, OAN_SMMT_01010846, OAN_SMMT_00842370, OAN_SMMT_00954806, OAN_SMMT_01012458, OAN_SMMT_00834967, OAN_SMMT_00946044, OAN_SMMT_00966553, OAN_SMMT_00991075; OAN_SMMT_00991095. The communications regarding these audits are responsive to RFP 11 and should have been produced.

<u>Documents in Mike Lindell's Possession Not Produced in OANN</u>. Smartmatic has identified documents in Mike Lindell's possession concerning OANN that have not been produced in OANN's party productions. These documents are attached hereto as Exhibits 1, 2, and 3. Exhibit 1 is a July 30, 2021 email from Mike Lindell to Charles Herring concerning commercials to be run on OANN. Exhibit 1 demonstrates that OANN's collection and production of Charles Herring's documents has been insufficient, and that OANN has been failing to identify and produce relevant documents in this litigation. We disagree. This document has nothing to do with the Lindell programs at issue, so your premise is wrong.

Exhibit 2 is an email from Robert Herring to Mike Lindell containing "Eric Coomer Information." The OANN party production contains the attachments referenced in Exhibit 2, but does not contain the original email with Robert Herring sending these documents to Mike Lindell. This suggests that the original email communication between Robert Herring and Mike Lindell is being improperly withheld. Incorrect, the document is dated April 8, 2022—which is several months outside the date range the parties agreed to (January 1, 2020–December 31, 2021). Further, the attachments have been produced (*see* OAN_SMMT_00942991, OAN_SMMT_00942992, and OAN_SMMT_00942993).

These documents are responsive to RFPs 20, 36, and 37 and should have been produced by OANN. Please provide by **October 20, 2023** an explanation regarding why these communications were not produced by OANN, and what steps OANN is taking to remedy that failure, including through a search for other documents that may have been missed or improperly withheld due to OANN's collection and production practices to date. Please provide a supplemental production including previously missed documents in Charles Herring and Robert Herring's custodial data, and any other communications with Mike Lindell that OANN has failed to identify and produce to date, by **October 27**.

Further, Exhibit 3 is a Herring Network slide deck containing information related to the company's legal structure, company highlights, and company financials. OANN's production continues to be deficient in that it does not include this or any other documents related to OANN's financial data. These documents are responsive to RFP 49 and should have been produced long ago. As Olivia is fully aware, OAN objected to the production of this type of document—for the reasons explained to Olivia on many occasions. (February 17, March 20, March 27, April 3, April 11, April 25). Such documents also are the subject of the pending May 5 Joint Notice. We looked at the Court's Protective Order in the *Smartmatic v. Lindell* litigation, and it appears that your attempt to weaponize this document is in violation of that Court's Order—"[a]ny Confidential Discovery Material and Attorneys' Eyes Only Discovery Material produced in the [MyPillow] Litigation will be used, except by the Producing Party, solely for purposes of [the MyPillow] Litigation …" We object to your tactics, reserve our rights, and waive no arguments.

***Cell Phone Attachments***: Smartmatic identified several missing attachments from OANN's cell phone production, including for the following documents:

OAN_SMMT_00972493
OAN_SMMT_00972495
OAN_SMMT_00972508
OAN_SMMT_00972542
OAN_SMMT_00972544
OAN_SMMT_00972583
OAN_SMMT_00972602
OAN_SMMT_00972606
OAN_SMMT_00972685
OAN_SMMT_00972782
OAN_SMMT_00973098
OAN_SMMT_00973144
OAN_SMMT_00973177
OAN_SMMT_00973180
OAN_SMMT_00973388
OAN_SMMT_00973399
OAN_SMMT_00973581
OAN_SMMT_00973591
OAN_SMMT_00973716
OAN_SMMT_00973947
OAN_SMMT_00973956

OANN has not provided an explanation as to why some of the text messages in its production include attachments while others do not. Several missing documents are iCloud attachments, which are in OANN's sole possession.

Please produce all missing text message attachments by **October 20, 2023**. These will be produced to the extent they exist.

**RFP No. 45: *Documents to Show Viewership and Ratings Data - Comscore Data***: While OANN has provided documentation reflecting viewership and ratings data from Comscore, the production remains incomplete. OANN's production demonstrates that it possesses Comscore Telecast Summaries, which provides telecast performance data for individual broadcasts. OANN has provided OANN Comscore Telecast Summaries for May 30, 2021, June 5, 6, and 13, of 2021, and June 28, 2021-September 26, 2021. It also provided AWE Telecast Summaries from December 25-31 of 2020. However, it has not provided OANN Telecast Summaries for the relevant 2020 broadcasts. Such documents are responsive to RFP 45 and should have been produced. Please provide this missing data by **October 20, 2023**. We have produced all of the Comscore data we have.

I trust this satisfies your inquiry.

Very truly yours,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

*/s/ Amakie Amattey*

Amakie Amattey

AA:

# Exhibit B-5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

                Plaintiffs,

    v.

HERRING NETWORKS, INC., d/b/a ONE
AMERICA NEWS NETWORK

                Defendant.

No. 1:21-cv-02900-CJN

Judge Carl J. Nichols

## <u>SMARTMATIC'S INITIAL DISCLOSURES</u>

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation ("Smartmatic") submit the following disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) based upon current information reasonably available to Smartmatic. By making these disclosures, Smartmatic expressly reserves all objections relative to the use, for any purpose, of these initial disclosures or of any information or document referenced herein. These disclosures are based upon information reasonably available to Smartmatic at this time and without prejudice to its right to supplement or amend these initial disclosures as necessary or appropriate in accordance with Rules 26(a)(l) and 26(e) of the Federal Rules of Civil Procedure, and the local rules of this Court.

## I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Smartmatic identifies the following individuals as being likely to have discoverable information that Smartmatic currently believes it may use to support its claims, other than those solely for impeachment.

- **Elma Aksalic** (address unknown)

Ms. Aksalic is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Shane Althaus** (address unknown)

Mr. Althaus is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Dan Ball** (address unknown)

Mr. Ball is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Kyle Becker** (address unknown)

Mr. Becker is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Christina Bobb** (address unknown)

Ms. Bobb is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Eric Bolling** (address unknown)

Mr. Bolling is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Clay Clark** (address unknown)

Mr. Clark is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Eduardo Correia**, Chief Technical Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Correia may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Joseph diGenova** (address unknown)

Mr. diGenova is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael Dinow** (address unknown)

Mr. Dinow is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Emily Finn** (address unknown)

Ms. Finn is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Tom Fitton** (address unknown)

Mr. Fitton is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Stephanie Hamill** (address unknown)

Ms. Hamill is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Natalie Harp** (address unknown)

Ms. Harp is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Fernando Hernandez,** Vice President, Voting Systems, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Hernandez is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Charles Herring** (address unknown)

Mr. Herring is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Robert Herring Sr.** (address unknown)

Mr. Herring is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **John Hines** (address unknown)

Mr. Hines is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Patrick Hussion** (address unknown)

Mr. Hussion is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael Johns** (address unknown)

Mr. Johns is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Evi Kokalari-Angelakis** (address unknown)

Ms. Kokalari-Angelakis is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael J. Lindell** (address unknown)

Mr. Lindell is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Dean Logan**, Registrar Recorder/County Clerk, Los Angeles County, CA (12400 Imperial Hwy., Norwalk, CA 90650)

Mr. Logan is likely to have knowledge and/or discoverable information concerning the matters alleged in Smartmatic's Complaint, including Smartmatic's relationship with Los Angeles County and services provided by Smartmatic in connection with the 2020 Presidential election.

- **Samantha Lomibao** (address unknown)

Ms. Lomibao is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **James Long,** U.S. Voting Systems Director, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Long may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's provision of election technology and services within the United States, including to Los Angeles County, and Smartmatic's damages.

- **Kara McKinney** (address unknown)

Ms. McKinney is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Elie Moreno,** Global Services Vice President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Moreno may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Antonio Mugica,** Chief Executive Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Mugica may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's founding and corporate history, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Pedro Mugica,** Global Sales President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Mugica may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Stephanie Myers** (address unknown)

Ms. Myers is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Roger Piñate Jr.,** President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Piñate may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint,

including Smartmatic's founding, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Roger Vicente Piñate,** Chief Financial Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Piñate may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's financial data and history and Smartmatic's damages.

- **Chanel Rion** (address unknown)

Ms. Rion is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Samira Saba,** Communications Director, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Ms. Saba may be contacted through counsel for Smartmatic. She is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's media communications, Smartmatic's election technology and services, and Smartmatic's damages.

- **Alex Salvi** (address unknown)

Mr. Salvi is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Allan Santos** (address unknown)

Mr. Santos is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Keith Trippie** (address unknown)

Mr. Trippie is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **J. Michael Waller** (address unknown)

Mr. Waller is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

Smartmatic anticipates that other individuals will be identifiable from the document productions that will be made in this litigation who have knowledge or discoverable information, and that it may use information from those individuals to support its claims. Smartmatic also anticipates other, unknown, individuals may also have discoverable information that Smartmatic may use to support its claims. As such, Smartmatic reserves the right to supplement this disclosure pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Smartmatic incorporates by reference the parties and individuals named in Defendants' Rule 26(a)(1) initial disclosures.

## II.   DOCUMENTS SUPPORTING SMARTMATIC'S CLAIMS

Based upon information currently available, Smartmatic identifies the following categories of documents, electronically stored information, and tangible things of the type currently known to be in the possession, custody, or control of Smartmatic, that it may use to support its claims, unless solely for impeachment. Subject to the foregoing, Smartmatic identifies the following categories of documents:

- documents and communications in the possession, custody, and control of Smartmatic relating to negotiations and contracts with customers who purchased or licensed products and/or software from Smartmatic;

- documents and communications in the possession, custody, and control of Smartmatic relating to bids and proposals for potential projects;

- documents and communications in the possession, custody, and control of Smartmatic relating to Smartmatic's services rendered in Los Angeles County in connection with the 2020 U.S. Presidential election;

- documents and communications in the possession, custody, and control of Smartmatic relating to its founding and incorporation;

- documents and communications in the possession, custody, and control of Smartmatic relating to its financial records, including audited and unaudited financial statements and other accounting records;

- documents and communications in the possession, custody, and control of Smartmatic relating to its business plans, budgets, and projections;

- documents and communications in the possession, custody, and control of Smartmatic relating to sales and marketing, including advertisements, marketing emails, and similar communications; and

- documents and communications in the possession, custody, and control of Smartmatic relating to Smartmatic's costs expended to mitigate the impact of Defendants' defamatory statements.

To the extent such documents exist, they are primarily located at Smartmatic's or its counsel's offices. Smartmatic reserves the right to amend these disclosures as ongoing investigation and/or discovery reveal documents, electronically stored information, or tangible things Smartmatic may use to support its claims. In making these disclosures Smartmatic reserves the right to object to the admissibility and relevance of such documents.

## III.    COMPUTATION OF DAMAGES

Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Smartmatic discloses the categories of damages below. Smartmatic does not currently have sufficient information to provide a complete computation of its damages. The amount of damages adequate to compensate Smartmatic for Defendants' defamatory statements will be established through discovery and expert testimony. Smartmatic will disclose its computation of economic damages in compliance with the expert disclosure schedule set forth in the Court's case management order.

- general compensatory damages in an amount to be proven at trial;

- actual, consequential, and special damages, including Smartmatic's lost profits, diminution in enterprise value, and costs incurred to attempt to mitigate the harm caused by Defendants' defamatory statements;

- punitive damages due to Defendants' willful behavior;

- pre-judgment and post-judgment interest;

- Smartmatic's expenses and costs, including attorney's fees; and

- such other and further relief that the Court deems just and appropriate.

Smartmatic will make available for inspection and copying the documents and/or other evidentiary material, not privileged or protected from disclosure, on which computation of the above categories of damages is based. Smartmatic reserves its right to further supplement this description of categories and computation as discovery progresses.

## IV.   INSURANCE AGREEMENTS

Smartmatic does not have any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: November 3, 2022

_____/s/ J. Erik Connolly_____
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Lee B. Muench (admitted *pro hac vice*)
James R. Bedell (admitted *pro hac vice*)
Julie M. Loftus (admitted *pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
lmuench@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 3, 2022, I caused the foregoing to be

served via electronic mail on all counsel of record in this matter:

**VEDDER PRICE P.C.**

Blaine Kimrey, Bar No. IL0091; bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094; jpark@vedderprice.com
Bryan Clark, Bar No. IL0090; bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093; bledebuhr@vedderprice.com
222 North LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 609 5005

Brian K. McCalmon, Bar No. 461196; bmccalmon@vedderprice.com
1401 New York Avenue, Suite 500
Washington, DC 20005
T: +1 202 312 3320
F: +1 202 312 3322

*Attorneys for Defendants*

/s/ Lee B. Muench
‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗
Lee B. Muench