# Exhibit S

REDACTED: UNREDACTED EXHIBIT FILED UNDER SEAL

<u>**CONFIDENTIAL**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 1:21-cv-02900-CJN |
| | ) | |
| v. | ) | |
| | ) | |
| HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK, | ) ) | Judge Carl J. Nichols |
| | ) | |
| Defendant. | ) ) | |

**DEFENDANT'S OBJECTIONS AND SUPPLEMENTAL ANSWERS
TO PLAINTIFFS' INTERROGATORY NOS. 1-3 AND 5 TO HERRING
NETWORKS, INC. D/B/A ONE AMERICA NEWS NETWORK**

Pursuant to Fed. R. Civ. P. 33 and LCvR 30.4, Herring Networks, Inc., d/b/a One America News Network ("Herring"), by and through their attorneys, hereby serves its objections and supplemental answers to Interrogatory Nos. 1-3, and 5 (the "Interrogatories") served by Plaintiffs Smartmatic USA Corp, Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, the "Smartmatic Parties") as follows:

## I.    <u>PRELIMINARY STATEMENT</u>

The following objections and answers are made solely for the purpose of this pending action and are made solely by and on behalf of Herring and no other corporation, entity, individual, or person. The following answers and objections are made on the basis of a diligent search and reasonable inquiry for information and documentation reasonably available to Herring at the present time. Ongoing discovery, investigation, research, and analysis may disclose the existence of additional facts and/or documents that add meaning to known facts, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, and changes to

CONFIDENTIAL

these answers. Herring reserves the right to amend or supplement these answers and objections as additional facts and/or documents are discovered, revealed, recalled, or otherwise ascertained during the pendency of this action. Herring reserves the right to make use of, at trial or otherwise, any information or documents not specified herein, whether omitted because unknown or not yet discovered or because the significance or relevance of the information or documents was not recognized or understood at the time of these answers and objections.

To the extent that Herring answers an Interrogatory to which it objects, such objections are not waived by the answer.  Any information or documents produced are produced expressly subject to any objections contained herein and are provided without in any way waiving or intending to waive any objections that Herring may have with respect to the subsequent use of such documents or information or with respect to the production of documents or information. A statement that Herring will produce documents responsive to a particular Interrogatory is not a representation that such documents exist and/or are in the possession, custody, or control of Herring, but rather that Herring will attempt to locate and produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist and can be found through a reasonable search conducted in good faith. Moreover, neither the statement that Herring will produce documents nor the production of such documents constitutes an admission or acceptance of Plaintiffs' naming conventions in their Definitions. Nor is it a representation that Herring has knowledge of the subject matter set forth in the Interrogatories.

Herring specifically reserves: (i) all questions as to admissibility of any and all such information or documents, in whole or in part, or of the subject matter thereof; (ii) the right to object to the use of any such information or documents, in whole or in part, or the subject matter covered thereby, in any subsequent step or proceeding in this action, on any or all of the proper

CONFIDENTIAL

grounds, whether or not enumerated herein; and (iii) the right to object on any and all grounds at any time to these Interrogatories or other discovery procedures involving or related to the subject matter of information or documents sought by the Interrogatories. In the event of the inadvertent production of privileged information or documents, Herring does not waive any applicable privilege and requests that Plaintiffs return any inadvertently produced information or documents and all copies thereof immediately.

## II.    GENERAL OBJECTIONS

Each of the following general objections (the "General Objections") is asserted with respect to each Interrogatory as a predicate to any specific answer and in addition to any specific objection. Each General Objection is hereby incorporated by reference into each and every one of the specific answers, each of which is made subject to and without waiver of such General Objections.  Any answer will exclude information that is subject to these General Objections.  In addition to its General Objections, Herring will state specific objections to each Interrogatory, where appropriate, including objections that are not generally applicable to every Interrogatory. By setting forth such specific objections, Herring does not intend to limit, restrict or waive any of the General Objections. Herring reserves the right to supplement its answers to these Interrogatories.

1.        Herring objects to these Interrogatories to the extent they request disclosure of information or documents prepared in anticipation of litigation, protected by the attorney-client privilege or the attorney work-product doctrine, or subject to any other applicable privilege, doctrine, or immunity from disclosure. Any inadvertent disclosure of such information or documents, or information or documents protected by any other applicable privilege, doctrine, or immunity from disclosure is not intended to, and should not be construed to, constitute waiver of

<u>**CONFIDENTIAL**</u>

any privilege, doctrine, or immunity from disclosure, either generally or specifically, with respect to such material or the subject matter thereof.

2.     Herring objects to these Interrogatories to the extent they demand that Herring identify or produce "all" or "every" fact or document. Herring objects to each such Interrogatory on the grounds that it requires Herring to perform a search that is impermissibly vague, overly broad, oppressive unduly burdensome, not reasonably tailored to the claims or defenses of this litigation, and/or meant to harass Herring.  Herring cannot guarantee that it has located every single piece of information responsive to a particular Interrogatory.

3.     Herring objects to these Interrogatories to the extent they are unreasonably cumulative and duplicative.

4.     Herring objects to these Interrogatories to the extent they seek information or documents that are not reasonably tailored to a claim or defense in this litigation; not reasonably calculated to lead to the discovery of admissible evidence; and/or not proportional to the needs of this case.

5.     Herring objects to these Interrogatories to the extent they are vague, ambiguous, confusing, misleading, incapable of interpretation, or insufficiently defined.

6.     Herring objects to these Interrogatories to the extent they seek information or documents already available to Plaintiffs or available from public, court, or agency records or otherwise in the public domain and accessible to all parties.

7.     Herring objects to these Interrogatories to the extent they seek information or documents more readily available to Plaintiffs.

8.     Herring objects to these Interrogatories to the extent they seek information or documents in the possession, custody, or control of third parties not subject to Plaintiffs' control.

**CONFIDENTIAL**

9.        Herring objects to Plaintiffs' Definitions and Instructions to the extent they expand or alter the common understanding or meaning of the terms and words set forth therein.

10.        Herring objects to Plaintiffs' "Definitions" and "Instructions" set forth in the Interrogatories to the extent they seek to impose obligations different from, greater than, or contrary to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or the Standing Order of the Court.  Herring will respond consistently with the applicable requirements.

11.        Herring objects to Plaintiffs' definition of "DEFAMATORY BROADCASTS" as vague and overbroad to the extent it is intended to include any program or broadcast of Herring's other than a program or broadcast specifically identified and alleged in the Complaint.

12.        Herring objects to Plaintiffs' definition of "DEFAMATORY STATEMENTS" as overbroad to the extent it suggests that any of the statements alleged by Plaintiffs has been found to be or is defamatory and to the extent is intended to include any allegedly defamatory statements not specifically identified and alleged in the Complaint. As such, any reference to "Alleged Defamatory Statement" herein shall mean the statements specifically alleged in the Complaint.

13.        Herring objects to Plaintiffs' definition of "OANN" as overbroad to the extent it is intended to include any person or entity other than Herring Networks, Inc.

14.        Herring objects to Plaintiffs' definition of "OANN EMPLOYEES" as overbroad to the extent it is intended to include any person other than a current or former employee of Herring.

15.        Herring objects to Plaintiffs' definition of "OANN DIGITAL" as vague and overbroad to the extent it is intended to include any digital program not controlled by Herring.

16.        Herring objects to Plaintiffs' definition of "OANN ACCUSED PROGRAMS" as vague, overbroad, and improper to the extent it suggests that Herring engaged in defamation or

<u>**CONFIDENTIAL**</u>

has been found liable for defamation and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.

17.     Herring objects to Plaintiffs' definition of "OANN PROGRAM" as vague and overbroad to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint.

18.     Herring objects to Plaintiffs' definition of "OANN SOCIAL MEDIA" as vague and overbroad to the extent it is intended to include any program, broadcast, or account not specifically identified and alleged in the Complaint and to the extent it is intended to include any program, broadcast, or account not controlled by Herring.

19.     Herring    objects    to    Plaintiffs'    definition    of    "OANN    ON-AIR PERSONALITIES" as improper, overbroad, and vague to the extent it suggests that the individuals identified are not reporters or to the extent it is intended to include any program, broadcast, or reporter not specifically identified and alleged in the Complaint.

20.     Herring objects to Plaintiffs' definition of "SMARTMATIC" as overbroad to the extent that Plaintiffs' collective references to "Smartmatic" in the Interrogatories and in the operative Complaint are not consistent and to the extent that a generalized reference to "Smartmatic" implies that each of Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are one and the same for purposes of the "of and concerning" defamation doctrine. By responding to these Interrogatories based on Plaintiffs' improper definition of "Smartmatic," Herring does not admit that each of the Smartmatic entities is one and the same.

21.     Herring objects to the Interrogatories to the extent they are not limited to a time period relevant to the issues in this action, including Plaintiffs' instruction regarding the "relevant

time period."

22.     Herring objects to these Interrogatories, Definitions and Instructions to the extent they contain inaccurate, incomplete or misleading descriptions of the facts, events or pleadings in this action. The production of any information or documents shall not constitute Herring's agreement with, or acquiescence to, any such definition.

23.     Herring objects to Plaintiffs' definition of the term "documents" to the extent it purports to include "deleted" files or other electronic data that is not reasonably accessible.

## III.     SPECIFIC OBJECTIONS AND SUPPLEMENTAL ANSWERS TO INTERROGATORY NOS. 1-3 AND 5

**INTERROGATORY NO. 1:**

Identify all Persons who drafted, edited, reviewed, developed, investigated, approved, produced, or directed or made any decision regarding the contents of or decision to publish any DEFAMATORY STATEMENT, regardless of whether they are employees of, contracted by, or otherwise affiliated with OANN, and for each identify their job title and state whether they drafted, edited, reviewed, developed, investigated, approved, produced, directed, and/or made any decision regarding such segment, interview, or social media post.

**SUPPLEMENTAL ANSWER:**

As to this Interrogatory, Herring objects: to its compound nature; because the reference to individuals who are "employees of, contracted by, or otherwise affiliated with" Herring and who "drafted, edited, reviewed, developed, investigated, approved, produced, or directed or made any decision regarding the contents of or decision to publish any [Alleged Defamatory Statement]" is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined, overly broad, and not proportional to the needs this case, calls for a narrative, and seeks information better suited for other discovery methods, such as deposition testimony; and because the use of the term "DEFAMATORY STATEMENT" is inaccurate and misleading. Subject to and

**CONFIDENTIAL**

without waiving its objections, Herring has identified through ENPS, story trackers, and other documents as follows:

Herring Current Employees[1] known to have drafted, edited, reviewed, developed, investigated, approved, produced, or directed or made any decision regarding the contents of or decision to publish at least one broadcast containing the alleged "Defamatory Statements":[2]

- Dan Ball, Anchor (Anchor)
- Chris Boyle, Executive Producer (identified as Video Editor)
- Travis Burgher, Video Editor (identified as Video Editor)
- Mike Dinow, Anchor (identified as Anchor)
- Rafael Galindo, Video Editor (identified as Video Editor)
- Miguel Guzman, Video Editor (identified as Video Editor)
- Robert Herring, Sr., CEO (gave approval)
- John Hines, DC Bureau Chief (identified as Host, Writer)
- Lauren Lucas, Writer (identified as Video Editor)
- Kara McKinney, Host (identified as Host, Writer)
- Victoria Buddie, Writer/Producer (identified as Writer)
- Stephanie Myers, Anchor (identified as Anchor, Writer)
- Pearson Sharp, Host/Investigative Reporter (identified as Reporter, Writer)
- Caitlin Walters, Writer (identified as Video Editor)

Herring Former Employees[3] known to have drafted, edited, reviewed, developed, investigated, approved, produced, or directed or made any decision regarding the contents of or decision to publish at least one broadcast containing the alleged "Defamatory Statements":

- Gienel Agcaoili, Writer (identified as Copy Editor)
  ███████████████████████████████████████████████
- Elma Aksalic, Reporter (identified as Anchor, Writer)
  ███████████████████████████████████████████████

---

[1] Current OAN employees ("Current Employees") identified in these responses may be contacted through undersigned counsel.
[2] Herring's answer to Interrogatory No. 1 is based on Herring's present knowledge of individuals who drafted, edited, reviewed, developed, investigated, approved, produced, or directed or made any decision regarding the contents of or decision to publish a broadcast during which an alleged Defamatory Statement aired. The identification of an individual is not an admission that he or she wrote, edited, reviewed, investigated, approved, or otherwise contributed to a specific alleged defamatory statement.
[3] On information and belief, former OAN employees ("Former Employees") identified in these responses may be contacted at their last known addresses, identified herein.

**CONFIDENTIAL**

- Christina Bobb, Host (identified as Host)
  - On information and belief, Ms. Bobb may be contacted through her current counsel, Greg Singer (Singer & Levick P.C., gsinger@laurosinger.com).
- Justin Brown, Producer (identified as Producer)
- Cecilia Castro-Duenas, Editor (identified as Editor)
- Jacob DeMille, News Writer/Producer (identified as Copy Editor)
- Emily Finn, Reporter (identified as Anchor)
- Jennifer Franco, News Anchor (identified as Anchor)
- Martin Golingan, Producer (identified as Copy Editor)
- Stephanie Hamill, Anchor (identified as Anchor, Writer)
- Natalie Harp, Host (identified as Host)
- Kyarra Harris, Writer (identified as Writer)
- Jasmin Hovey, News Writer (identified as Writer)
- Hans Hubbard, News Writer (identified as Writer)
- Patrick Hussion, Anchor (identified as Anchor)
- Samantha Lomibao, Reporter (identified as Reporter)
- Caroline Midkiff, Producer (identified as Producer)
- Lindsay Oakley, News Director (identified as Producer)
- Khen Provido, Writer (identified as Video Editor)
- Kristian Rouz, Reporter (identified as Writer)
- Alex Salvi, Host (identified as Host)

## CONFIDENTIAL

Non-Herring-Affiliated Persons known to have drafted, edited, reviewed, developed, investigated, approved, produced, or directed or made any decision regarding the contents of or decision to publish at least one broadcast containing the alleged "Defamatory Statements":

- Allan Santos
- Chris Farrell
- Clay Clark
- Cory Mills
- Douglas Frank
- Evi Kokalari-Agelakis
- J. Michael Waller
- Joseph diGenova
- Keith Trippie
- Kyle Becker
- Michael Johns
- Rudy Giuliani
- Sidney Powell
- Tom Fitton
- Mike Lindell

On information and belief, based on the credits and content from the Absolute Proof, Absolute Interference, Scientific Proof, Absolutely 9.0 programs (the "Lindell Programs"), the following persons may have drafted, edited, reviewed, developed, investigated, approved, produced, or directed or made any decision regarding the contents of or decision to publish at least one of the Lindell Programs:

- Mary Fanning (identified as Researcher, Executive Producer)
- Alan Jones (identified as Researcher)
- Brannon Howse (identified as Researcher, Director, Executive Producer, Senior Production Editor)
- Logan Howse (identified as Post-Editing Assistant, Assistant Production Editor)
- Mike Lindell (identified as Executive Producer)
- General Tom McInerney
- Douglas Frank
- Russell Ramsland
- Phil Waldron
- Matthew DePerno
- Steve Bannon

CONFIDENTIAL

Discovery is ongoing, and Herring reserves its right to supplement its answer if additional information becomes available.

## INTERROGATORY NO. 2:

Identify all OANN EMPLOYEES who had any role in drafting, editing, reviewing, developing, investigating, producing, approving, contributing to, or directing or making decisions related to content aired on the OANN ACCUSED PROGRAMS regarding SMARTMATIC, DOMINION, and/or the election technologies and systems used during the 2020 PRESIDENTIAL ELECTION.

## SUPPLEMENTAL ANSWER:

As to this Interrogatory, Herring objects: to its compound nature; because it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined (particularly in relation to any content aired regarding "the election technologies and systems used during the 2020 Presidential election"), overly broad, and not proportional to the needs of this case; because it is vague, ambiguous, confusing, overly broad, not proportional to the needs of this case to the extent it seeks identification of all content aired by Herring and/or its employees about any Smartmatic entity, regardless of whether any Smartmatic entity has alleged such statement constitutes alleged defamation; because it vaguely seeks information as to DOMINION (as defined in the Interrogatories), and thus improperly seeks information not reasonably tailored to a claim or defense in this litigation and is not proportional to the needs of this case; because, based on the defined term "SMARTMATIC," it implies that the Plaintiffs are one and the same; because the term "OANN ACCUSED PROGRAMS" is vague, overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint; because it is cumulative and duplicative of other Interrogatories. Subject to and without waiving its objections, Herring incorporates the portion of its answer to Interrogatory No.

**CONFIDENTIAL**

1 that identifies Herring current or former employees known to have drafted, edited, reviewed, developed, investigated, approved, produced, or directed or made any decision regarding the contents of or decision to publish at least one broadcast containing the alleged "Defamatory Statements."

In addition, Herring has identified through ENPS, story trackers, and other documents the following Herring Current Employees who had any role in drafting, editing, reviewing, developing, investigating, producing, approving, contributing to, or directing or making decisions related to content aired on at least one of the OANN ACCUSED PROGRAMS regarding SMARTMATIC and/or DOMINION: [4]

- Brandon Gadow, Senior Editor
- Jay Thompson, Editor
- Chanel Rion, Chief White House Correspondent
- Jon Marrone, Producer/Writer
- Julie Dell, Technical Director
- Peyton Drew, Producer
- Charles Herring
- Chris Schickedanz, Production Manager
- Jacob Miller, Writer
- Rayana Unutoa, News Writer/Anchor
- Dylan Grant, Writer
- Chloe Hauxwell, News Director
- Sani Unutoa, News Anchor/Writer
- Marco Rodriguez, Video Editor
- Frank Lara-Risco, Writer
- Chris Chomthakham, Video Editor
- Rachel Acenas, Anchor/Reporter/Writer
- Zach Petersen, Writer
- Czarina Luna, Editor

---

[4] Herring's answer to Interrogatory No. 2 is based on Herring's present knowledge of individuals who drafted, edited, reviewed, developed, investigated, approved, produced, or directed or made any decision regarding the contents of or decision to publish a broadcast relating to an Accused Program during which Smartmatic or Dominion was mentioned. The identification of an individual is not an admission that he or she wrote, edited, reviewed, investigated, approved, or otherwise contributed to the specific portion of any broadcast regarding Smartmatic or Dominion.

**CONFIDENTIAL**

In addition, Herring has identified through ENPS, story trackers, and other documents the following Herring Former Employees who had any role in drafting, editing, reviewing, developing, investigating, producing, approving, contributing to, or directing or making decisions related to content aired on at least one of the OANN ACCUSED PROGRAMS regarding SMARTMATIC and/or DOMINION:

- Jennesh Agagas, Producer
  ██████████████████████████
- Ivan Burgueno, Editor
  ██████████████████████████
- Alex Schwalbe, Writer/Editor
  ██████████████████████████
- Avery Swigart, Booker
  ████████████████████████
- Alec Parent, Writer
  ██████████████████████████
- Christina Howitson, Writer
  ████████████████████████████
- Salina Arrendondo, News Producer
  ██████████████████████████
- Allysia Britton, Weekday Morning Producer
  ██████████████████████████
- Miles Hall, Writer, News Room
  ██████████████████████████████
- Peter Vaughn, Editor
  ██████████████████████████████
- Griffin Morris, Writer
  ████████████████████████████
- Ethan Vivieros, Copy editor, writer
  ██████████████████████████
- Trevor Tilston, Writer
  ███████████████████████████
- Morgan Schmidt, Writer
  ██████████████████████████
- Talialaina Letoi, Writer, copy editor
  █████████████████████████████
- Alexander Yphantides, Writer
  █████████████████████████████
- Emily Lambert, Writer
  █████████████████████████████

CONFIDENTIAL



- Jack Posobiec, Speaker, writer
- Daniel Kitchen, Writer
- Jennifer Pfeiler, Writer
- Alejandro Heredia, Editor
- Jenn Pellegrino, Speaker
- Lexington Howe, Writer
- Azucena Barreto, Writer
- Bra
- Colin Eustace, Videographer
- Scott Wheeler, Investigative reporter
- Jeremy Hartley, Writer

Discovery is ongoing, and Herring reserves its right to supplement its answer if additional information becomes available.

## INTERROGATORY NO. 3:

Identify all persons who drafted, edited, reviewed, developed, investigated, approved, produced, directed, or made any decision regarding any segment, interview, statement, post, or article published on any OANN ACCUSED PROGRAM, OANN DIGITAL platform, or OANN SOCIAL MEDIA account regarding SMARTMATIC, DOMINION, and/or the election technologies and systems used during the 2020 PRESIDENTIAL ELECTION, regardless of whether they are employees or otherwise affiliated with OANN, and for each identify their job title and state whether they drafted, edited, reviewed, investigated, directed, approved, or made any decision regarding such segment, interview, statement, article, or social media post. [5]

---

[5] Herring's answer to Interrogatory No. 3 is based on Herring's present knowledge of individuals who drafted, edited, reviewed, developed, investigated, approved, produced, directed, or made any decision regarding any segment, interview, statement, post, or article published on any "OANN Accused Program," "OANN Digital" platform, or "OANN Social Media" account regarding an alleged "Defamatory Statement." The identification of an individual is not an admission that he or she wrote, edited, reviewed, investigated, approved, or otherwise contributed to the specific portion of any broadcast, article, or post regarding an alleged "Defamatory Statement."

**CONFIDENTIAL**

**SUPPLEMENTAL ANSWER:**

As to this Interrogatory, Herring objects: to its compound nature; because it is vague, ambiguous, confusing, misleading, incapable of interpretation, insufficiently defined, overly broad, not proportional to the needs of this case, calls for a narrative and seeks information better suited for other discovery methods, such as deposition testimony; because it vaguely seeks information as to DOMINION (as defined in the Interrogatories), and thus improperly seeks information not reasonably tailored to a claim or defense in this litigation and is not proportional to the needs of this case because it is vague, ambiguous, confusing, overly broad, not proportional to the needs of this case to the extent it seeks identification of all statements or content published or aired by Herring about any Smartmatic entity, regardless of whether any Smartmatic entity has alleged such statement constitutes alleged defamation; because, based on the defined term "SMARTMATIC," it implies that the Plaintiffs are one and the same; because the term "OANN ACCUSED PROGRAMS" is vague, overbroad, and improper to the extent it suggests that Herring engaged in defamation or has been found liable for defamation and to the extent it is intended to include any program or broadcast not specifically identified and alleged in the Complaint; because it is cumulative and duplicative of other Interrogatories. Subject to and without waiving its objections, Herring incorporates, as if fully set forth herein, its answer to Interrogatory No. 1, which identifies Herring current or former employees and non-Herring-affiliated persons known to have drafted, edited, reviewed, developed, investigated, approved, produced, or directed or made any decision regarding the contents of or decision to publish at least one broadcast containing the alleged "Defamatory Statements"; and its answer to Interrogatory No. 2, which identifies Herring current or former employees who had any role in drafting, editing, reviewing, developing, investigating, producing, approving, contributing to, or directing or making decisions related to

content aired on at least one of the OANN ACCUSED PROGRAMS regarding SMARTMATIC

and/or DOMINION. In addition, Herring identifies the following Herring Former Employee who

posted on an OANN Digital platform or OANN Social Media Account regarding at least one

alleged "Defamatory Statement":

- Amber Coakley, former One America News Digital Content & Social Media Manager ████████████████████████████████████

Discovery is ongoing, and Herring reserves its right to supplement its answer if additional

information becomes available.

**INTERROGATORY NO. 5:**

Identify all OANN EMPLOYEES or other Persons who had any decision-making authority, approval, and/or control regarding the content within and/or promotion of the OANN ACCUSED PROGRAMS, including any decisions as to which guests or interviewees would appear or regarding the employment or contracts of any personnel or OANN ON-AIR PERSONALITIES, and for each, identify their job title, relationship to OANN, and describe the nature of that authority, approval, or control.

**SUPPLEMENTAL ANSWER:**

As to this Interrogatory, Herring objects: to the compound nature of this Interrogatory —

particularly because it appears to merge requests for information regarding the OANN ACCUSED

PROGRAMS, on the one hand, and the employment or contracts of any personnel or OAN ON-

AIR PERSONALITIES, on the other hand; because the term "OANN ACCUSED PROGRAMS"

is vague, overbroad, and improper to the extent it suggests that Herring engaged in defamation or

has been found liable for defamation and to the extent it is intended to include any program or

broadcast not specifically identified and alleged in the Complaint; because it is vague, ambiguous,

confusing, misleading, incapable of interpretation, overly broad, not proportional to the needs of

this case, calls for a narrative and seeks information better suited for other discovery methods,

<u>**CONFIDENTIAL**</u>

such as deposition testimony; and because it is cumulative and duplicative of other Interrogatories.

Subject to and without waiving its objections, Herring answers as follows:

- *After Hours with Alex Salvi*: Alex Salvi is a former talk show host with OAN and hosted *After Hours With Alex Salvi*.  Mr. Salvi had decision-making authority regarding the content within his program, including any decisions as to which guests or interviewees would appear.

- *News hours/News Room*: Lindsay Oakley is a former news director with OAN who approved or directed stories on *News Hours/News Room*.

- *America This Week* is not produced by or affiliated with Herring.

- *Tipping Point with Kara McKinney*: Kara McKinney is a current talk show host with OAN and hosts *Tipping Point with Kara McKinney*. Ms. McKinney has decision-making authority regarding the content within her program, including any decisions as to which guests or interviewees will appear.

- *Breaking News Live with Patrick Hussion*: Lindsay Oakley is a former news director with OAN who approved or directed stories on *Breaking News Live with Patrick Hussion*.

- *In Focus with Stephanie Hamill*: Stephanie Hamill is a former talk show host with OAN and hosted *In Focus with Stephanie Hamill*. Ms. Hamill had decision-making authority regarding the content within her program, including any decisions as to which guests or interviewees would appear.

- *Weekly Briefing with Christina Bobb*: Christina Bobb is a former talk show host with OAN and hosted *Weekly Briefing with Christina Bobb*. Ms. Bobb had decision-making authority regarding the content within her program, including any decisions as to which guests or interviewees would appear.

- *Absolute Proof*: Herring had no control over the content of this program and did not participate in its investigation, production, development, directing, or any other aspect of its production.

- *Real America with Dan Ball*: Dan Ball is a current talk show host with OAN and hosts *Real America with Dan Ball*. Mr. Ball has decision-making authority regarding the content within his program, including any decisions as to which guests or interviewees will appear.

- *Scientific Proof*: Herring had no control over the content of this program and did not participate in its investigation, production, development, directing, or any other aspect of its production.

CONFIDENTIAL

- *Absolute Interference*: Herring had no control over the content of this program and did not participate in its investigation, production, development, directing, or any other aspect of its production.

- *Absolutely 9-0*: Herring had no control over the content of this program and did not participate in its investigation, production, development, directing, or any other aspect of its production.

- *The Real Story with Natalie Harp*: Natalie Harp is a former talk show host with OAN and hosted *The Real Story with Natalie Harp*. Ms. Harp had decision-making authority regarding the content within her program, including any decisions as to which guests or interviewees would appear.

Robert Herring, Sr., Christian Flores, Lindsay Oakley, and Robert Herring, Jr. were involved in the hiring of one or more of the On-Air Personalities.

Discovery is ongoing, and Herring reserves its right to supplement its answer if additional information becomes available.

**CONFIDENTIAL**

Dated: September 14, 2023

By: */s/ Charles L. Babcock*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John. K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com
*Counsel for Herring Networks, Inc.*

**CONFIDENTIAL**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)

*/s/ Carl C. Butzer*
Carl C. Butzer

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 1:21-cv-02900-CJN |
| v. | ) ) | |
| HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK, | ) ) ) | Judge Carl J. Nichols |
| Defendant. | ) ) | |

## <u>VERIFICATION</u>

I, Charles Herring, hereby declare as follows:

I am Charles Herring, President of Herring Networks, Inc., and I am duly authorized to make this declaration on behalf of Herring Networks, Inc.

I have read the interrogatory answers contained in *Defendant's Objections and Supplemental Answers to Plaintiffs' Interrogatory Nos. 1–3 and 5 to Herring Networks, Inc. D/B/A One America News Network* in the above-captioned case.

I verify under penalty of perjury that the facts stated therein are true and correct to the best of my knowledge based on information obtained from the records or representatives of Herring Networks, Inc.

I reserve the right to make any changes to the aforesaid answers if it should appear at any time that omissions or errors have been made, or that additional or more accurate information has been obtained.

Executed on September  13th, 2023

_____
Charles Herring
President of Herring Networks, Inc.