IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>    Plaintiffs,<br><br>    v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>    Defendant. | Civil Action No. 1:21-cv-02900-CJN |

**OAN'S MOTION FOR RELIEF FROM PLAINTIFFS'
VIOLATIONS OF JUDGE NICHOLS'S PROTECTIVE ORDER
AND USE OF OAN'S CLAWBACKED MATERIAL IN SUPPORT
<u>OF THEIR SUMMARY JUDGMENT RESPONSE</u>**

**TABLE OF CONTENTS**

I.      SUMMARY ...........................................................................................................................1

II.     BACKGROUND ..................................................................................................................1

III.    ARGUMENT ........................................................................................................................5

      A.    The Protective Order and Rule 26 Prohibit a Party from Independently Reviewing and Using Documents Claimed to be Privileged that Were Inadvertently Produced ..........................................................................................................................5

      B.    Plaintiffs Refused to Return or Destroy the Inadvertent Production Material—and Then Used It in a Summary Judgment Filing ........................................................................7

      C.    Plaintiffs' Conduct Violates Judge Nichols's Protective Order ............................8

      D.    The Court Should Order Relief, Including Requiring Plaintiffs to Pay for OAN's Time Spent Preparing This Motion ....................................................................10

IV.     CONCLUSION…………………………………………………………………………….12

ii

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                **Page(s)**

*Bank of Camden v. State Bank & Tr. Co.*,
  No. 5:13-CV-21 MTT, 2014 WL 991782 (M.D. Ga. Mar. 13, 2014)......................................9

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991)........................................................................................................12

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990) .......................................................................................................5

*In re Disposable Contact Lens Antitrust Litig.*,
  No. 3:15-MD-2626-J-20JRK, 2016 WL 7115998 (M.D. Fla. Oct. 24, 2016).........................6

*Doe v. Lahey Health Sys., Inc.*,
  No. 19-CV-11014-PBS, 2020 WL 13561721 (D. Mass. Aug. 12, 2020) ................................9

*Gomez v. Vernon*,
  255 F.3d 1118 (9th Cir. 2001) .........................................................................................11

*Greiner v. City of Champlin*,
  152 F.3d 787 (8th Cir. 1998) ..........................................................................................11

*U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*,
  No. CV 08-1885-GHK, 2013 WL 2278122, (C.D. Cal. May 20, 2013)................................11

*Marshall v. McGill*,
  No. 10-01436-PHX-ECV, 2011 WL 13118589 (D. Ariz. June 8, 2011) ..............................11

*McDonald v. Cooper Tire & Rubber Co.*,
  No. 8:01-CV-1306-T-27TGW, 2005 WL 2810707 (M.D. Fla. Oct. 27, 2005)......................11

*Peterson v. PNC Bank, N.A.*,
  No. 6:18-CV-84-ORL-31DCI, 2019 WL 2233268 (M.D. Fla. Jan. 24, 2019)................. 11, 12

*Radiance Aluminum Fence, Inc. v. Marquis Metal Material, Inc.*,
  335 F.R.D. 371 (E.D. Mich. 2020)...................................................................................9

*Schlaifer Nance & Co. v. Est. of Warhol*,
  194 F.3d 323 (2d Cir. 1999) .............................................................................................5

*Shepherd v. Am. Broad. Cos., Inc.*,
  62 F.3d 1469 (D.C. Cir. 1995) ................................................................................. 10, 11

*Stone v. U.S. Embassy Tokyo*,
  No. CV 19-3273 (RC), 2021 WL 1110735 (D.D.C. Mar. 23, 2021) ....................................10

*United States Equal Emp. Opportunity Comm'n v. George Washington Univ.*,
    502 F. Supp. 3d 62 (D.D.C. 2020) ......................................................................... 6, 8, 10, 11

*United States v. Pollard*,
    416 F.3d 48 (D.C. Cir. 2005) ............................................................................................... 5

*Walker v. GEICO Indem. Co.*,
    No. 6:15-CV-1002-ORL-41KRS, 2016 WL 11234453 (M.D. Fla. Sept. 13,
    2016) ................................................................................................................................... 9

**Other Authorities**

D.C. Bar Ethics Op. No. 256 (May 1995) ............................................................................... 10

Fed. R. Civ. P. 26(b)(5)(B) ................................................................................................. *passim*

Herring Networks, Inc. d/b/a One America News Network ("OAN") files this Motion for Relief from Plaintiffs' Violations of Judge Nichols's Protective Order and Use of OAN's Clawbacked Material in Support of Their Summary Judgment Response ("Motion") as follows.

## I.   SUMMARY

On November 20, 2023, OAN sent a clawback letter advising Plaintiffs of an inadvertently-produced series of privileged emails bearing the Bates numbers OAN_SMMT_00996295-97. OAN further advised that pursuant to Judge Nichols's Protective Order [Dkt. 48], Plaintiffs should immediately refrain from further examination or disclosure of the document and destroy it. Plaintiffs have not only refused to do so – they proceeded to *actually use it* to support their recent response to OAN's motion for partial summary judgment. *See* Dkt. 155, ECF p. 32; Dkt. 155-1, ECF p. 12. These improper actions constitute violations of Judge Nichols's Protective Order, Fed. R. Civ. P. 26(b)(5)(B), and the D.C. Rules of Professional Conduct, from which OAN now seeks relief pursuant to the Court's inherent powers.

## II.   BACKGROUND

Judge Nichols entered the Amended Confidentiality Agreement and Protective Order in this case on December 16, 2022. ("Protective Order" or "Order," Dkt. 48). Paragraph 19(b) of the Order provides that "if information protected from disclosure pursuant to Federal Rules of Civil Procedure 5.2 or 26(c) ('Protected Information') is inadvertently produced, the Producing Party shall take reasonable steps to correct the error, including a request to the Receiving Party for its return." Paragraph 19(c) of the Order further instructs that "upon request by the Producing Party for the return of Protected Information inadvertently produced, the Receiving Party shall promptly return the Protected Information and destroy all copies thereof."

1

Plaintiffs invoked these provisions of the Protective Order twice. On September 15, 2023, Plaintiffs advised OAN that they had inadvertently produced six privileged documents and requested OAN to "promptly destroy the original production copy and any additional copies of the documents…, and that [OAN] not use or disclose the information contained therein in this litigation or otherwise." (Exhibit 1-F to the Declaration of Carl C. Butzer ["Butzer Declaration"], Exhibit 1). Plaintiffs added:

> Under the operative *Amended Confidentiality Agreement and Protective Order*, upon request by the Producing Party for the return of Protected Information inadvertently produced, the Receiving Party shall promptly return the Protected Information and destroy all copies thereof. (Dkt. 48, at 10–11).

(*Id.*) (emphasis in original). In conclusion, Plaintiffs' counsel wrote, "Please confirm to me in writing that the documents listed above, and any copies thereof, have been destroyed." (*Id.*). The next day, OAN's counsel replied that the documents would be destroyed, and Plaintiffs' counsel thanked him. (Exhibit 1-G to the Butzer Declaration).

On November 22, 2023, Plaintiffs again asked OAN to "promptly destroy" an inadvertently-produced privileged document and that OAN "not use or disclose the information contained therein in this litigation or otherwise." (Exhibit 1-H to the Butzer Declaration). Plaintiffs' counsel further requested written confirmation that the document "and any copies thereof, has been destroyed." (*Id.*). OAN complied. (Exhibit 1-I to the Butzer Declaration).

As most relevant here, OAN also sent Plaintiffs' counsel a clawback letter, on November 20, 2023. (Exhibit 1-B to the Butzer Declaration). OAN informed them that OAN documents Bates-numbered OAN_SMMT_00996295-97 (a series of emails, the "Inadvertent Production Material") were inadvertently produced privileged documents. OAN's counsel further wrote:

> Pursuant to the December 16, 2022 Amended Protective Order [ECF No. 48], all parties should immediately refrain from further examination or disclosure of the Inadvertent Production Material. Herring formally requests that Plaintiffs

2

> Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (the "Smartmatic Parties") promptly make a good faith effort to destroy the Inadvertent Production Material and any copies thereof. After destruction, Herring respectfully requests that the Smartmatic Parties certify in writing that they have carried out this destruction pursuant to the Protective Order. The Inadvertent Production Material may not be used for any purpose in this case.

(*Id.*).

For two months now, Plaintiffs' counsel has steadfastly refused to honor OAN's November 20, 2023, clawback request. On December 1, 2023, the parties held a meet-and-confer regarding, among other things, the Inadvertent Production Material. (Exhibit 1-C to the Butzer Declaration). During that conference, Plaintiffs questioned OAN regarding the claimed joint defense privilege, disputed application of the privilege (although Plaintiffs admitted that they had not yet determined whether the privilege applied), and represented that they had not destroyed the Inadvertent Production Material. (*Id.*). Plaintiffs further stated they would respond to the clawback letter after seeing OAN's privilege log. (*Id.*).

On December 22, 2023, two weeks after OAN had provided its privilege log, Plaintiffs notified OAN that after reviewing the privilege log they did "not see any valid basis" for the Inadvertent Production Material to be designated Protected Information under the Protective Order. (Exhibit 1-D to the Butzer Declaration). Plaintiffs then stated that, in their view, the Inadvertent Production Material is not "Protected Information," as defined by the Protective Order, and that they had no duty to destroy the material. (*Id.*).

*Just a few hours later*, and without any advance warning, Plaintiffs filed their Rule 56(d) Response In Opposition To Defendant's Motion For Partial Summary Judgment On Actual Malice ("Summary Judgment Response," Dkt. 155), in which they *used the Inadvertent Production Material, citing it as an exhibit*. *See* Dkt. 155, ECF p. 32 (discussing the Inadvertent Production Material as referenced in paragraph 43 of the Affidavit of Eric Connolly ["Connolly Affidavit,"

3

Dkt. 155-1]); *see also* Dkt 155-1, ECF p. 12) (discussing and citing the Inadvertent Production Material at Exhibit BB). In that briefing, and in the Connolly Affidavit, Plaintiffs described the contents of the material and represented that it was "produced by OANN in this litigation," but Plaintiffs did not disclose to the Court that this material had been inadvertently produced, nor that OAN had requested its return and/or destruction under the Protective Order and that Plaintiffs had refused to do so. *See id.* And when Plaintiffs submitted the Inadvertent Production Material for *in camera* review to Judge Nichols, their transmittal email likewise made no mention of OAN's privilege assertion. (Exhibit 1-E to the Butzer Declaration).

Finally, on January 17, 2023, before this Motion was filed, the Parties engaged in a meet-and-confer during which Plaintiffs' counsel not only refused again to destroy the Inadvertent Production Material, but also insisted that OAN could not even file a motion asking Judge Nichols to impose sanctions for Plaintiffs' past breach of the Protective Order; asserted OAN had "waived" its claim of privilege; and claimed the issue was a mere discovery dispute that OAN must request permission to brief and which *could not be heard* by Judge Nichols. (Butzer Declaration, ¶ 11).

Plaintiffs' position that OAN cannot ask the Court directly to impose sanctions is contradicted by Plaintiffs' own repeated motions for sanctions against OAN, all of which were filed directly on the docket without obtaining prior leave of Court. *See* Dkt. 113, ECF p. 16; Dkt. 155, ECF p. 42.

To be clear, this Motion is not seeking resolution of a "discovery dispute." It is *not* asking the Court to resolve the underlying issue of whether the Inadvertent Production Material is privileged (in fact, such a motion must be made by *Plaintiffs* in the first instance). Rather, this Motion *is* about Plaintiffs' acknowledged refusal to honor OAN's clawback request and use of the material in their summary judgment briefing to Judge Nichols, all of which violated the Protective

4

Order. Here, "the imposition of sanctions is an issue collateral to and independent from the underlying case." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (holding that sanctions do "not signify a district court's assessment of the legal merits" of a claim or underlying dispute, but rather "require[] the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate").

Plaintiffs should be sanctioned for their disregard of Judge Nichols's Protective Order, including most notably *the unlawful and willful use of Inadvertent Production Material in Plaintiffs' summary judgment filings*, and the misleading-by-omission explanations they gave to Judge Nichols about that material.

"'[A] protective order, like any ongoing injunction, *is always subject to the inherent power of the district court*.'" *United States v. Pollard*, 416 F.3d 48, 59 (D.C. Cir. 2005) (Rogers, J., concurring) (emphasis added). OAN does not lightly seek this relief, especially given Plaintiffs' demands for sanctions at every turn, *see, e.g.*, Dkt. 155, but Plaintiffs' conduct here warrants it.

### III.   ARGUMENT

**A.   The Protective Order and Rule 26 Prohibit a Party from Independently Reviewing and Using Documents Claimed to be Privileged that Were Inadvertently Produced.**

Rule 26(b)(5)(B) explains a party's obligations when the other side has inadvertently produced information subject to a claim of privilege. It provides that when a producing party notifies a receiving party that "information produced in discovery is subject to a claim of privilege" and explains the basis for its claim, the receiving party "*must* promptly return, sequester, or destroy

5

the specified information and any copies [the party] has." Fed. R. Civ. P. 26(b)(5)(B) (emphasis added).

This Court has explained at length that, upon being informed of the claimed privilege, the receiving party is flatly prohibited from conducting any further review of or using the material in question. *See United States Equal Emp. Opportunity Comm'n v. George Washington Univ.*, 502 F. Supp. 3d 62, 72–74 (D.D.C. 2020). In *George Washington University*, this Court cited case after case stating unequivocally that the Rule "does not contemplate that the party in possession of the allegedly privileged material will or should make that determination [of privilege] on its own." *Id.* at 73. If the receiving party "disputes the assertion of the privilege . . . , it can invoke the decision making authority of the court, but cannot divine justice on its own." *Id.*

Thus, "when a party makes a claim of privilege pursuant to Rule 26(b)(5)(B), the opposing party has two choices: it may accept the claim or it may challenge the claim by providing the material under seal to the Court for determination of the issue of privilege; *it may not, however, review the material to determine for itself whether the claimed privilege applies*." *Id.* (emphasis added).

Consistent with Rule 26(b)(5)(B), the Protective Order in this case issued by Judge Nichols similarly provides that if the producing party takes "reasonable steps to correct [the inadvertent production], including a request to the Receiving Party for its return," the receiving party "*shall* promptly return the Protected Information and destroy all copies thereof." Dkt. 48, ECF p. 11 (emphasis added). The Protective Order nowhere authorizes the receiving party to retain the inadvertently produced documents for several weeks or review the inadvertently-produced material, let alone make an independent determination of privilege, which would directly contradict Rule 26. *See In re Disposable Contact Lens Antitrust Litig.*, No. 3:15-MD-2626-J-

20JRK, 2016 WL 7115998, at *4 (M.D. Fla. Oct. 24, 2016) (holding that if parties intended to permit the receiving party to review inadvertently-produced material—a "procedure wholly different than the one contemplated by the [Federal] Rules"—then the confidentiality order "should have expressly provided that the receiving party is able to review the inadvertently-produced material"). And Judge Nichols's Protective Order certainly does not authorize the receiving party to then use inadvertently-produced material in a substantive filing submitted to Judge Nichols.

### B. Plaintiffs Refused to Return or Destroy the Inadvertent Production Material—and Then Used It in a Summary Judgment Filing.

On October 24, 2023, OAN discovered the Inadvertent Production Material. On November 5, 2023, OAN sent written notice alerting Plaintiffs to this inadvertent production and explaining that OAN would send a separate clawback letter regarding the Inadvertent Production Material. (Ex. 1-A to Butzer Declaration). The clawback letter was sent on November 20, 2023, in which OAN demanded that Plaintiffs destroy and refrain from examining the Inadvertent Production Material. (Exhibit 1-B to the Butzer Declaration).

In a December 1, 2023 meet-and-confer, OAN's counsel reminded Plaintiffs' counsel about paragraph 19 of Judge Nichols's Protective Order. (Exhibit 1-C to the Butzer Declaration). Plaintiffs' counsel stated that the Inadvertent Production Material had not been destroyed, that they did not agree to destroy them, and that they would respond to the November 20 clawback letter after seeing OAN's privilege log (*id.*), which was provided to Plaintiffs on December 8.

Two weeks later, in the afternoon of December 22, 2023, Plaintiffs' counsel wrote that Plaintiffs would not comply with OAN's clawback request or destroy the Inadvertent Production Material because Plaintiffs' counsel did "not see any valid basis on which

OAN_SMMT_00996295-97 can be described as Protected Information" under the Protective Order. (Exhibit 1-D to the Butzer Declaration).

*Five hours later*, Plaintiffs filed a brief and an affidavit with this Court in response to OAN's motion for partial summary judgment, and Plaintiffs actually relied on the Inadvertent Production Material. *See* Dkt. 155, ECF p. 32; Dkt. 155-1, ECF p. 12.

Then on December 28, 2023, Plaintiffs sent the Inadvertent Production Material to Judge Nichols *in camera* with a cover email that failed to advise the Court that OAN had clawed back the material. (Exhibit 1-E to the Butzer Declaration).

**C.    Plaintiffs' Conduct Violates Judge Nichols's Protective Order.**

OAN complied with its obligations under Rule 26(b)(5)(B) and the Protective Order by promptly asserting privilege as to the Inadvertent Production Material and demanding its return or destruction. Upon receipt of that notice, Plaintiffs were "prohibited from reviewing the documents at issue" regardless of "whether or not those documents were, in fact, privileged." *George Washington Univ.*, 502 F. Supp. 3d at 74. Furthermore, the Protective Order and Rule 26(b)(5)(B) likewise required the prompt return or destruction of the Inadvertent Production Material, and thereafter left Plaintiffs with two choices: (1) "accept the claim [of privilege]," or (2) "challenge the claim by providing the material under seal to the Court for determination of the issue of privilege." *Id.* at 74. Plaintiffs did neither.

Instead, Plaintiffs examined the Inadvertent Production Material, concluded (self-servingly) that they did not believe that the material is privileged, and then actually used the material in their response to OAN's partial motion for summary judgment submitted to Judge Nichols. These actions were entirely improper. As explained, Plaintiffs could not "review the [inadvertently produced] material to determine for [themselves] whether the claimed privilege

8

applies." *See id.* at 78 (concluding that the EEOC's choice to review clawed back materials "after the University informed the agency that it claimed privilege over those communications—violated Rule 26(b)(5)(B)"). Nor could Plaintiffs don the Court's authority, and purport to resolve the privilege dispute themselves. *See id.* at 73; *Radiance Aluminum Fence, Inc. v. Marquis Metal Material, Inc.*, 335 F.R.D. 371, 377 (E.D. Mich. 2020) (once a disputed claim of privilege is made pursuant to Rule 26(b)(5)(B), the question of the applicability of the privilege "is for the Court's determination").

And, especially, Plaintiffs were prohibited from actually using the Inadvertent Production Material in a substantive filing before Judge Nichols. *See, e.g.*, *Bank of Camden v. State Bank & Tr. Co.*, No. 5:13-CV-21 MTT, 2014 WL 991782, at *2 (M.D. Ga. Mar. 13, 2014) (receiving party's use of inadvertently-produced material prior to court's resolution of privilege claim "blatantly violated" Rule 26(b)(5)(B)); *Walker v. GEICO Indem. Co.*, No. 6:15-CV-1002-ORL-41KRS, 2016 WL 11234453, at *7 (M.D. Fla. Sept. 13, 2016) (same), *adopted by*, 2017 WL 1174234 (M.D. Fla. Mar. 30, 2017); *see also Doe v. Lahey Health Sys., Inc.*, No. 19-CV-11014-PBS, 2020 WL 13561721, at *2 (D. Mass. Aug. 12, 2020) (receiving party violated Rule 26(b)(5)(B) by filing a memorandum that "characterized the contents of the protected documents").

Each of Plaintiffs' actions—(1) independently reviewing the Inadvertent Production Material for privilege, (2) refusing to delete/destroy it, and (3) using it in a Court filing—undoubtedly violated Judge Nichols's Protective Order and Rule 26(b)(5)(B).

**D.      The Court Should Order Relief, Including Requiring Plaintiffs to Pay for OAN's Time Spent Preparing This Motion.**

Plaintiffs' actions warrant relief from the Court in the form of sanctions. Plaintiffs should first be ordered to return/destroy all copies of the Inadvertent Production Material, certify that they have done so, and cease any further review of those materials.

The Court should also impose the sanction of requiring Plaintiffs to pay for OAN's time spent preparing this Motion. This was no mistake or misunderstanding by Plaintiffs. Over the course of two months, they have refused to destroy or return the Inadvertent Production Material, then asserted the right to determine for themselves whether it is privileged, despite uniform caselaw making clear that such a step is flatly prohibited. That alone could warrant the sanction of requiring Plaintiffs to pay for OAN's time spent on this Motion. *See Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995) ("[I]nherent power sanctions available to courts include fines, awards of attorneys' fees and expenses, contempt citations, disqualifications or suspensions of counsel, and drawing adverse evidentiary inferences or precluding the admission of evidence."); *see also Stone v. U.S. Embassy Tokyo*, No. CV 19-3273 (RC), 2021 WL 1110735, at *3 (D.D.C. Mar. 23, 2021) ("Courts have inherent power to impose sanctions to protect the integrity of the judicial process," holding plaintiff's willful violations of protective order warranted dismissal as a sanction) (citing *Shepherd*, 62 F.3d at 1474–75).

That form of sanction is especially appropriate because refusing to return such materials violates the applicable rules of professional conduct in the District of Columbia. *See George Washington Univ.*, 502 F. Supp. 2d at 76–78; *see also* LCvR 83.15(a) (adopting the D.C. Rules of Professional Conduct); *see* D.C. Bar Ethics Op. No. 256 (May 1995).

But what truly warrants sanctions here is Plaintiffs' use of the Inadvertent Production Material in a Court filing directed to Judge Nichols. Plaintiffs were first notified of those materials

10

(and OAN's claim of privilege) on November 5, 2023. Despite their unambiguous obligation to return or destroy the material, Plaintiffs refused to do so from the start and then delayed for 47 days before finally confirming that the material would not be returned or destroyed.

Mere hours later, Plaintiffs filed a response to OAN's motion for partial summary judgment, and in that response Plaintiffs used the Inadvertent Production Material to support their effort. Further, when they submitted the Inadvertent Production Material *in camera* to Judge Nichols, they omitted that it was subject to a dispute over privilege. That conduct warrants imposing inherent-power sanctions.[1] *See Shepherd*, 62 F.3d at 1475. By waiting well over a month to respond to OAN and then promptly filing that briefing shortly after informing OAN that the Inadvertent Production Material would not be returned or destroyed, Plaintiffs ensured that OAN would not have time to seek Court intervention to prevent the disclosure of the material.

Courts have imposed sanctions for far less egregious conduct in the context of inadvertently produced privileged materials.[2] Again, Plaintiffs' actions here were no mistake or

---

[1] *See, e.g.*, *Peterson v. PNC Bank, N.A.*, No. 6:18-CV-84-ORL-31DCI, 2019 WL 2233268, at *9 (M.D. Fla. Jan. 24, 2019) (differentiating cases in which there is "a possibility of an unfair informational advantage" from cases in which "that advantage was acted upon" and finding that plaintiffs' use of sequestered materials in pleadings "to obtain an advantage" warranted imposing sanctions), *adopted in part by*, 2019 WL 2022446 (M.D. Fla. May 8, 2019); *Marshall v. McGill*, No. 10-01436-PHX-ECV, 2011 WL 13118589, at *3 (D. Ariz. June 8, 2011) (imposing sanctions for violating Rule 26(b)(5)(B) where, after being notified of inadvertently-produced material, the receiving party attached the material to court filings); *cf. George Washington Univ.*, 502 F. Supp. 3d at 90 (courts are "loathe to impose sanctions" when "the party who has violated [Rule 26(b)(5)(B)] *has not disseminated or made use of the privileged information*") (emphasis added).

[2] *See, e.g.*, *McDonald v. Cooper Tire & Rubber Co.*, No. 8:01-CV-1306-T-27TGW, 2005 WL 2810707, at *3 (M.D. Fla. Oct. 27, 2005) (counsel's "unilateral determination" that he could disclose confidential material "contrary to the express" language of the court's protective order "plainly establish[ed]" the bad faith necessary for the court to employ its inherent authority to impose sanctions); *U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, No. CV 08-1885-GHK AGRX, 2013 WL 2278122, at *3 (C.D. Cal. May 20, 2013) (counsel's use of documents claimed to be privileged in court filing was "tantamount to bad faith" and warranted imposition of sanctions pursuant to court's inherent authority); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (counsel's use of privileged material "in an effort to gain advantage" in the lawsuit did "not pass

11

misunderstanding, but a steadfast refusal to comply with the Protective Order and Rule 26, they then used that refusal to maximum advantage by actually filing the Inadvertent Production Material in support of a Rule 56(d) response.

The Court should award OAN its reasonable attorneys' fees incurred prosecuting this Motion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) ("A court may assess attorney's fees as a sanction for the willful disobedience of a court order.") (quotation omitted); *see also Peterson*, 2019 WL 2233268, at *9 (awarding attorneys' fees for a violation of Rule 26(b)(5)(B)).

## IV.   CONCLUSION

Again, to be clear, OAN is not asking this Court to resolve a discovery dispute about whether the Inadvertent Production Material is actually privileged. Plaintiffs themselves are the ones obligated to file that motion. Rather, OAN asks the Court to use its inherent authority to impose sanctions because Plaintiffs have clearly and intentionally violated Judge Nichols's Protective Order and Rule 26. The Court should thus order that Plaintiffs (1) immediately return or destroy the Inadvertent Production Material, and certify in writing that they have done so; (2) cease any further review or use of the Inadvertent Production Material; and (3) pay all fees that OAN has incurred or will incur in connection with briefing and arguing this dispute.

---

even the most lenient ethical 'smell test'" and warranted imposing sanctions pursuant to the court's inherent authority); *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998) (affirming imposition of sanctions pursuant to court's inherent authority where party referred to and described document subject to protective order in court filing).

Dated: January 19, 2024

By: */s/ Charles L Babcock*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY PLLC**
R. Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Herring Networks, Inc.*

13

**CERTIFICATE OF CONFERENCE**

I hereby certify that on the 17th day of January 2024, counsel for the parties held a meet-and-confer to discuss the Motion. No agreement could be reached during the conference.

*/s/ R. Trent McCotter*
R. Trent McCotter

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of January 2024, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.

*/s/ R. Trent McCotter*
Trent McCotter
