IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>HERRING NETWORKS, INC.,<br><br>　　　　　　　Defendant. | No. 1:21-cv-02900-CJN<br><br>Magistrate Judge Moxila A. Upadhyaya |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AMENDED INITIAL DISCLOSURES

Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V., and SGO Corporation Limited (collectively, "Smartmatic"), by counsel, submit this Response in Opposition to Defendant Herring Network Inc.'s (d/b/a OANN) ("OANN") Motion to Compel Amended Initial Disclosures relating to damages. Smartmatic respectfully requests that the Court deny OANN's motion as moot.

On January 4, 2024, Smartmatic served its Amended Initial Disclosures (the "Disclosures") on OANN. (*See* Declaration of Olivia E. Sullivan ("Sullivan Decl.") Ex. A.) In the Disclosures, Smartmatic provided six additional individuals likely to have discoverable information, each of whom Smartmatic noted had information relating to Smartmatic's customer relationships, sales, and damages. (*Id.* at 7–8.)

Within the Disclosures, Smartmatic also provided a supplemental response to its computation of damages. (*Id.* at 10–11.) The Disclosures reference a spreadsheet entitled "Smartmatic Impacted International Opportunities Estimated Revenues and Risk Adjusted Profits – HIGHLY CONFIDENTIAL.xlsx" produced to OANN the same day as the Disclosures. (*Id.* at

1

10; Sullivan Decl. Ex. B.)[1] The spreadsheet sets forth Smartmatic's estimated lost profits for 2021–2025 from lost, potential, or reduced scope international opportunities as a direct and proximate result of OANN's disinformation campaign. (Sullivan Decl. Ex. B; *see also* Sullivan Decl. Ex. C.) Furthermore, the Disclosures covered lost profits and lost opportunities in the U.S. market, including reference to the produced discovery from which OANN can analyze Smartmatic's damages. (Sullivan Decl. Ex. A at 10–11.) The Disclosures also noted the out-of-pocket expenses incurred as a direct and proximate result of OANN's participation in the disinformation campaign against Smartmatic. (*Id.* at 11.) The parties met and conferred on January 8, 2024, and Smartmatic answered OANN's questions regarding the Disclosures. (Sullivan Decl. ¶ 5.)

OANN cannot argue that the Disclosures are insufficient because they do not identify documents underlying documents supporting its damages computation by Bates number. *See Amiri v. Omni Excavators, Inc.*, No. CV 18-586 (RMC), 2019 WL 5653622, at *6 (D.D.C. Oct. 31, 2019). To satisfy Rule 26, "only a description of documents by category and location is required," as "[t]he purpose of disclosure is so that opposing parties can frame their document requests and make informed decisions about which documents might need to be examined." *Id.* Indeed, "[w]here a party provides only a description of the documents at issue in its initial disclosures, 'the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests.'" *Id.* (quoting Fed. R. Civ. P. 26, Adv. Comm. Notes (1993 Amendments)).

Smartmatic's initial Rule 26 disclosures satisfied Smartmatic's obligations under the Federal Rules. To the extent OANN was entitled to anything more, the Disclosures, including the

---

[1] This spreadsheet is marked Highly Confidential, and Smartmatic reserves the right to move to seal the document in the event it is intended to be placed on the public docket.

spreadsheet produced contemporaneously with them, provide OANN with that information. They provide a computation of Smartmatic's lost profit damages by country, identify additional individuals who OANN can depose on the subject of Smartmatic's lost profit damages by country, and they identify documents relevant to Smartmatic's damages. (*See* Sullivan Decl. Exs. A & B.) The Disclosures provide more than a sufficient landscape to assist OANN with planning its discovery efforts. Thus, Smartmatic respectfully requests that the Court deny OANN's motion to compel amended initial disclosures as moot.

Date: January 31, 2024

/s/ *James R. Bedell*
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Ronald S. Betman (admitted *pro hac vice*)
Caitlin A. Kovacs (admitted *pro hac vice*)
Olivia E. Sullivan (admitted *pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
rbetman@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

James R. Bedell (admitted *pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: 216.363.4500
jbedell@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V.,*

3

*and SGO Corporation Limited*

*and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ James R. Bedell*
James R. Bedell (admitted pro hac vice)

*One of the Attorneys for the Plaintiffs*
*Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*