# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK | Judge Carl J. Nichols |
| Defendant. | |

**SMARTMATIC'S AMENDED INITIAL DISCLOSURES**

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation ("Smartmatic") submit the following disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) based upon current information reasonably available to Smartmatic. By making these disclosures, Smartmatic expressly reserves all objections relative to the use, for any purpose, of these initial disclosures or of any information or document referenced herein. These disclosures are based upon information reasonably available to Smartmatic at this time and without prejudice to its right to supplement or amend these initial disclosures as necessary or appropriate in accordance with Rules 26(a)(l) and 26(e) of the Federal Rules of Civil Procedure, and the local rules of this Court.

**I.     INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

Smartmatic identifies the following individuals as being likely to have discoverable information that Smartmatic currently believes it may use to support its claims, other than those solely for impeachment.

- **Elma Aksalic** (address unknown)

Ms. Aksalic is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Shane Althaus** (address unknown)

Mr. Althaus is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Dan Ball** (address unknown)

Mr. Ball is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Kyle Becker** (address unknown)

Mr. Becker is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Christina Bobb** (address unknown)

Ms. Bobb is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Eric Bolling** (address unknown)

Mr. Bolling is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Clay Clark** (address unknown)

Mr. Clark is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Eduardo Correia**, Chief Technical Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Correia may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Joseph diGenova** (address unknown)

Mr. diGenova is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael Dinow** (address unknown)

Mr. Dinow is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Emily Finn** (address unknown)

Ms. Finn is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Tom Fitton** (address unknown)

Mr. Fitton is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Stephanie Hamill** (address unknown)

Ms. Hamill is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Natalie Harp** (address unknown)

Ms. Harp is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Fernando Hernandez,** Vice President, Voting Systems, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Hernandez is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Charles Herring** (address unknown)

Mr. Herring is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Robert Herring Sr.** (address unknown)

Mr. Herring is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **John Hines** (address unknown)

Mr. Hines is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Patrick Hussion** (address unknown)

Mr. Hussion is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael Johns** (address unknown)

Mr. Johns is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Evi Kokalari-Angelakis** (address unknown)

Ms. Kokalari-Angelakis is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael J. Lindell** (address unknown)

Mr. Lindell is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Dean Logan**, Registrar Recorder/County Clerk, Los Angeles County, CA (12400 Imperial Hwy., Norwalk, CA 90650)

Mr. Logan is likely to have knowledge and/or discoverable information concerning the matters alleged in Smartmatic's Complaint, including Smartmatic's relationship with Los Angeles County and services provided by Smartmatic in connection with the 2020 Presidential election.

- **Samantha Lomibao** (address unknown)

Ms. Lomibao is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

4

- **James Long,** U.S. Voting Systems Director, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Long may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's provision of election technology and services within the United States, including to Los Angeles County, and Smartmatic's damages.

- **Kara McKinney** (address unknown)

Ms. McKinney is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Elie Moreno,** Global Services Vice President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Moreno may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Antonio Mugica,** Chief Executive Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Mugica may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's founding and corporate history, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Pedro Mugica,** Global Sales President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Mugica may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Stephanie Myers** (address unknown)

Ms. Myers is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Roger Piñate Jr.,** President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Piñate may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint,

including Smartmatic's founding, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Roger Vicente Piñate,** Chief Financial Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Piñate may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's financial data and history and Smartmatic's damages.

- **Chanel Rion** (address unknown)

Ms. Rion is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Samira Saba,** Communications Director, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Ms. Saba may be contacted through counsel for Smartmatic. She is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's media communications, Smartmatic's election technology and services, and Smartmatic's damages.

- **Alex Salvi** (address unknown)

Mr. Salvi is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Allan Santos** (address unknown)

Mr. Santos is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Keith Trippie** (address unknown)

Mr. Trippie is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **J. Michael Waller** (address unknown)

Mr. Waller is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

Smartmatic anticipates that other individuals will be identifiable from the document productions that will be made in this litigation who have knowledge or discoverable information, and that it may use information from those individuals to support its claims. Smartmatic also anticipates other, unknown, individuals may also have discoverable information that Smartmatic may use to support its claims. As such, Smartmatic reserves the right to supplement this disclosure pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Smartmatic incorporates by reference the parties and individuals named in Defendants' Rule 26(a)(1) initial disclosures.

**SUPPLEMENTAL RESPONSE**: Smartmatic responds further that following individuals as being likely to have discoverable information that Smartmatic currently believes it may use to support its claims, other than those solely for impeachment:

- **Jèsus Gil**, Digital Transformation Vice President (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Gil may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Juan Jose Garcia Gonzalez**, Sales Director for Mexico (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Gonzalez may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Peter Jones,** Business Development Vice President (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Jones may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Shawn Pollock**, Director of Business Development for Smartmatic Canada (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Pollock may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Andrès Rombolà**, Sales President for Latin America (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Rombolà may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Edwin Smith**, Director of Certification ((c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Smith may be contacted through counsel for Smartmatic. He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

## II.     DOCUMENTS SUPPORTING SMARTMATIC'S CLAIMS

Based upon information currently available, Smartmatic identifies the following categories of documents, electronically stored information, and tangible things of the type currently known to be in the possession, custody, or control of Smartmatic, that it may use to support its claims, unless solely for impeachment. Subject to the foregoing, Smartmatic identifies the following categories of documents:

- documents and communications in the possession, custody, and control of Smartmatic relating to negotiations and contracts with customers who purchased or licensed products and/or software from Smartmatic;

- documents and communications in the possession, custody, and control of Smartmatic relating to bids and proposals for potential projects;

- documents and communications in the possession, custody, and control of Smartmatic relating to Smartmatic's services rendered in Los Angeles County in connection with the 2020 U.S. Presidential election;

- documents and communications in the possession, custody, and control of Smartmatic relating to its founding and incorporation;

- documents and communications in the possession, custody, and control of Smartmatic relating to its financial records, including audited and unaudited financial statements and other accounting records;

- documents and communications in the possession, custody, and control of Smartmatic relating to its business plans, budgets, and projections;

- documents and communications in the possession, custody, and control of Smartmatic relating to sales and marketing, including advertisements, marketing emails, and similar communications; and

- documents and communications in the possession, custody, and control of Smartmatic relating to Smartmatic's costs expended to mitigate the impact of Defendants' defamatory statements.

To the extent such documents exist, they are primarily located at Smartmatic's or its counsel's offices. Smartmatic reserves the right to amend these disclosures as ongoing investigation and/or discovery reveal documents, electronically stored information, or tangible things Smartmatic may use to support its claims. In making these disclosures Smartmatic reserves the right to object to the admissibility and relevance of such documents.

### III.   COMPUTATION OF DAMAGES

Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Smartmatic discloses the categories of damages below. Smartmatic does not currently have sufficient information to provide a complete computation of its damages. The amount of damages adequate to compensate Smartmatic for Defendant's defamatory statements will be established through discovery and expert testimony. Smartmatic will disclose its computation of economic damages in compliance with the expert disclosure schedule set forth in the Court's case management order.

- general compensatory damages in an amount to be proven at trial;

- actual, consequential, and special damages, including Smartmatic's lost profits, diminution in enterprise value, and costs incurred to attempt to mitigate the harm caused by Defendants' defamatory statements;

9

- punitive damages due to Defendants' willful behavior;

- pre-judgment and post-judgment interest;

- Smartmatic's expenses and costs, including attorney's fees; and

- such other and further relief that the Court deems just and appropriate.

Smartmatic will make available for inspection and copying the documents and/or other evidentiary material, not privileged or protected from disclosure, on which computation of the above categories of damages is based. Smartmatic reserves its right to further supplement this description of categories and computation as discovery progresses.

**SUPPLEMENTAL RESPONSE**: Responding further, Smartmatic refers Defendant to the file entitled "Smartmatic Impacted International Opportunities Estimated Revenues and Risk Adjusted Profits – HIGHLY CONFIDENTIAL.xlsx" which Smartmatic provided OANN on January 4, 2024, and sets forth Smartmatic's estimated lost profits for 2021–2025 from lost, potential or reduced scope international opportunities as a direct and proximate result of the disinformation campaign that Defendant participated in regarding Smartmatic.

Smartmatic additionally states that as direct and proximate result of the disinformation campaign that Defendant participated in regarding Smartmatic, Smartmatic lost opportunities and thus, lost profits in the U.S. market. By way of example only, when Smartmatic acquired Sequoia Voting Systems in 2005, Sequoia had approximately 7-8% of the U.S. market, and when Smartmatic divested itself of Sequoia in 2007, Sequoia had approximately 30% of the U.S. market. Smartmatic re-entered the U.S. market in earnest in 2018 when it was awarded a $282 million contract with Los Angeles County, the largest county in the United States in terms of registered voters. Smartmatic planned on using the success of Los Angeles County to expand its business to additional opportunities in the United States market. According to a recent study by the Election Infrastructure Initiative, a joint project of the Center for Tech and Civic Life ("CTCL") and Center

for Secure and Modern Elections ("CSME"), approximately $53 billion over 10 years is needed to modernize the U.S. election infrastructure.[1] Smartmatic's plan was thwarted by the disinformation information campaign that OANN participated in regarding Smartmatic. The specific U.S. customers that Smartmatic was targeting prior to the disinformation campaign is set forth in its customer relationship management ("CRM") database. Smartmatic has previously produced virtually all of this CRM data to OANN (and will produce the remaining shortly). The quantification of the full scope of lost profit damages in connection with the U.S. market are subject to expert review, analysis and discovery. Smartmatic's expert will include his/her discussion of the damages related to the United States, including the methodology for quantifying those damages, in his/her report when it is served.

Smartmatic further states that as set forth in the Complaint, Smartmatic has incurred out-of-pocket expenses as a direct and proximate result of Defendant's participation in the disinformation campaign regarding Smartmatic, including (a) in excess of $400,000 on public relations and crisis management, (b) in excess of $100,000 in cybersecurity, and (c) in excess of $700,000 on retention and recruitment for personnel. Smartmatic will substantiate these expenses through documents produced in this litigation (e.g., invoices for out-of-pocket expenses), testimony and/or expert review, analysis and discovery.

Smartmatic reiterates that the investigation of its damages as a result of Defendant's participation in the disinformation campaign regarding Smartmatic is ongoing and the quantification of the full scope of damages will be the subject of expert discovery.

## IV.   INSURANCE AGREEMENTS

Smartmatic does not have any insurance agreement under which an insurance business may

---

[1] "50 States of Need," *Election Infrastructure Initiative*, available at https://www.dropbox.com/s/7zvsnyx2mtlbw1g/50-States-Of-Need_FINAL.pdf?dl=0.

be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: January 4, 2024

/s/ *J. Erik Connolly*
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Caitlin A. Kovacs (admitted *pro hac vice*)
Olivia Sullivan (admitted *pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 4, 2024, I caused the foregoing to be served via electronic mail on all counsel of record in this matter:

**JACKSON WALKER LLP**

Charles L. Babcock (admitted *pro hac vice*)
Nancy W. Hamilton (admitted *pro hac vice*)
John K. Edwards (admitted *pro hac vice*)
Joel R. Glover (admitted *pro hac vice*)
Bethany Pickett Shah (admitted *pro hac vice*)
1401 McKinney Suite 1900 Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman (D.C. Bar No. 90003393)
Carl C. Butzer (admitted *pro hac vice*)
Minoo Sobhani Blaesche (admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY & ASSOCIATES**

801 17th St NW, #350
Washington, DC 20006
Trent McCotter
mccotter@boydengrayassociates.com


*Attorneys for Defendants*

/s/ Olivia Sullivan
_____
Olivia Sullivan