# EXHIBIT 1-D



Olivia Sullivan
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.212.4968
Fax:  312.767.9192
osullivan@beneschlaw.com

October 10, 2023

Carl C. Butzer
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201

Re:     ***Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America News Network*, Case No. 1:21-cv-02900-CJN (D.D.C.)**

Counsel,

I write in response to Carl's September 19, 2023 Letter ("September 19 Letter," concerning Smartmatic's incomplete production), and John's September 20, 2023 Letter ("September 20 Letter," concerning Smartmatic's RFP responses), which were sent within 24 hours of one another. Your deliberate, 3-week delay in responding is yet another in a series of delays over the past two months, which is concerning because the Court ordered the parties to complete discovery by December 8. Why has it taken 3 weeks for you to reply? Both letters grossly mischaracterize the status of Smartmatic's production and the parties' negotiations. We disagree, as there are *18 instances in this letter* where Smartmatic has stated it "will shortly produce" or "will supplement" with responsive documents—in connection with 20 RFPs: Nos. 5, 6, 19, 20, 21, 22, 23, 26, 31, 35, 37, 62, 63, 67, 74, 80, 81, 85, 96, and 101. The letters blatantly ignore pending motions before the Court, disregard prior agreements of the parties, and present unnecessarily duplicative requests. Additionally, the significant overlap in the letters is apparent and disquieting. But only 6 RFPs (Nos. 8, 9, 18, 24, 44 and 62) appear in both letters, and for different reasons. There seems to be no appropriate reason for the duplicative correspondence beyond pure gamesmanship on behalf of OANN. This is inaccurate hyperbole. The letters address different issues and, except for the above-identified RFPs, they relate to different RFPs. Nevertheless, in the spirit of good faith and compromise, Smartmatic addresses each individual RFP raised below.

OANN's letters merely list the RFPs as they were stated in OANN's First Set of Requests for Production. Since these RFPs were served, many of them have been significantly narrowed. Smartmatic will not engage in discussions about the RFPs in their original scope. You continue to ignore any previous discussion or agreement the parties had before Jackson Walker joined the case. We have not, although you continue to argue that we do. Smartmatic would like to remind you that discovery does not start over when a party gets new counsel, and you are bound by the actions of previous counsel. We suggest that you take some time to read the previous correspondence in this case and familiarize yourself with the parties' agreements on written discovery. We appreciate the "reminder" and the "suggestion." We also invite you to read the letters cited below and the many letters referred to in our September 20 letter (including OAN's correspondence dated February 9, March 6, April 24 and Smartmatic's correspondence dated February 22, March 14, March 16, April 27).

23358737 v1

C. Butzer
October 10, 2023
Page 2

1. **OANN's request attempts to circumvent Smartmatic's Motion for Protective Order Quashing OANN's Second Set of Requests for Production.**

As an initial matter, your September 19 Letter improperly demands responses to OANN's Second Set of Requests for Production ("RFPs"). As you are fully aware, Smartmatic filed a Motion for Protective Order to Quash OANN's Second Set of Requests for Production on July 7, 2023. (Dkt. 81). This motion remains pending with the court. OANN's Second Set of RFPs are duplicative, excessively voluminous, and harassing. Absent a ruling from the Court to the contrary, Smartmatic will not respond to OANN's Second Set of RFPs. But your argument to the Court is that "the vast majority of the Second Set of RFPs duplicate" the First Set of RFPs (Dkt. 81, ECF p. 9). And in Exhibit B to your Motion for Protective Order (Dkt. 81-8, attached hereto as Exhibit "B") you even purport to "identif[y] examples of duplicative RFPs in greater detail." *See* Dkt. 81, ECF p. 13 n.4. Almost all of the Second RFPs we identified in our September 19 letter are ones that you specifically claim, in Exhibit "B", are duplicative of RFPs in our First RFPs—*which we propounded one year ago*. Below, we provide more detail.

2. **The parties agreed to identify documents by categories, not Bates Numbers.**

Second, both letters improperly demand that Smartmatic identify any produced documents by Bates number. This demand completely ignores the prior agreement of the parties. OANN explicitly stated the following in their February 17, 2023 correspondence: "Herring acknowledges that…the parties agreed that, where they responded that they will produce documents, that they will disclose the categories and types of documents that were produced in response to relevant RFPs (*rather than identify bates-stamped documents for each relevant discovery request*)." (emphasis added). Because the parties agreed to not require the identification of documents by Bates number, Smartmatic will not engage with OANN's request. *By your choice, that is no longer an agreement.* On September 11, you sent us an 8-page letter claiming that OAN's productions "demonstrated a serious failure to produce many categories of documents …," and which went on —RFP-by-RFP—to detail the alleged deficiencies. You demanded that if the documents had been produced (which they were), that we *"identify the documents by Bates number."* (Your 9/11/2023 Letter at p. 7). You also demanded a reply within 2 days (by September 13). Our Team spent the better part of that week putting together our September 15 response (attached as Exhibit "A"), which included, as you demanded, the Bates numbers for all the documents you wrongly claimed were not in OAN's production. We now expect you to do the same. *Please let us know by Monday, October 16 whether we are at an impasse on this issue.*

3. **OANN requested that Smartmatic produce all documents from Related Litigation[1].**

Third, your September 19 Letter ignores the fact that OANN repeatedly demanded Smartmatic produce all documents from Related Litigation. OANN ostensibly complains that Smartmatic's production "is document dumps from other cases" while ignoring the truth that OANN repeatedly requested all documents from Related Litigation. Correction: We requested production of what had already been ***reviewed*** and produced in the Related Litigation. More on this below.

---

[1] "Related Litigation" is previously defined in the parties' earlier letters as *Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al.*, Index No. 151136-2021 (New York County, New York); *Smartmatic USA Corp., et al. v. Newsmax Media, Inc.*, Case No. N21C-11-028 EMD (Del. Super. Ct.); *Smartmatic USA Corp., et al. v. Sidney Powell*, Case No. 21-cv-02995 (D.D.D.); and *Smartmatic USA Corp., et al. v. Lindell, et al.*, Case No. 22-cv-00098 (D. Minn.).

C. Butzer
October 10, 2023
Page 3

On February 22, 2023, OANN requested that Smartmatic produce and utilize all search terms from related litigation. ("We hope that you will provide the lists of search terms used by all parties in Related Litigation…The idea here is that we can save a lot of time and effort if the parties' search terms in the Related Litigation are acceptable, or largely acceptable, in this case."). OANN then complained when Smartmatic requested more time produced to OANN the documents from the Related Litigation. *See* OANN Letter, March 27, 2023; OANN Letter April 28, 2023. Upon OANN's insistence, Smartmatic agreed to produce all documents and run the search terms from the Related Litigation. Additionally, upon OANN's request, Smartmatic agreed to utilize 51 custodians, which is more custodians than any other Related Litigation case. OANN cannot now complain that they received all documents as requested and negotiated. Smartmatic's voluminous production is the simple result of OANN's direct request. There never was an understanding that there would be no responsiveness review. You've not carefully read the prior law firm's April 28, 2023, letter, which makes clear that we wanted "what has already been ***reviewed*** and produced in the Related Litigation." (emphasis added.). Smartmatic also refuses to provide us information about which documents involve document dumps (with no review) from other cases (or which cases they were produced in), and which documents were produced with a responsiveness review using OAN's search terms. *By Monday, October 16 please tell us (1) which documents were produced without responsiveness review, (2) which cases, if any, they were previously produced in, (3) which produced documents resulted from a review using OAN's search terms, and (4) whether you continue to refuse to perform a responsiveness review, in which case we are at an impasse.* Relatedly, August 28 was the substantial completion document production deadline that you insisted on and agreed to. You also spent much of August "warning" us that there'd better not be a "document dump" (your words) on August 28. We complied with that deadline, and we did not produce a "document dump." Yet, since August 28 you've produced over 350,000 documents. *Is it your position that Smartmatic abided by the substantial completion deadline? If so, please explain by Monday, October 16. Also by October 16, please let us know if you will be producing more documents, and what they are.*

### 4.  Smartmatic properly provided an Omnibus on behalf of all three Plaintiff entities.

Fourth, your September 20 Letter asserts that Smartmatic provided an Improper Omnibus response on behalf of all three plaintiffs. Smartmatic has considered the different information each entity may have. Smartmatic has produced documents from all three entities. The RFPs enumerated by OANN (RFP Nos. 56-59, 64-66, 83-87, and 98) do not require individual responses. We note then, based on your argument and logic, that OAN's Second Set of RFPs—which propounded the same RFPs to all three Plaintiffs—is *not* really "1,500 RFPs," despite your contrary representations to the Court. (*See, e.g.*, Dkt. 81, ECF pp. 5, 8, 9, 11, 13, 24-26; Dkt. 90, ECF p. 24; Dkt. 96, ECF pp. 6, 9, 18).

### 5.  OANN continues to ignore the parties' previous agreements, particularly on the scope of requests and whether the parties are at an impasse.

Fifth, your September 20 Letter ignores the fact that the parties already reached an Impasse over certain RFPs, agreed to narrow the scope of some requests, and have yet to discuss others. Your September 20 Letter requests confirmation that the parties reached an impasse on the following requests: RFP Nos. 10, 17, 23, 34-36, 39, 60, 65, 88, 91-93, 97, and 102. Each RFP is addressed below:

C. Butzer
October 10, 2023
Page 4

- <u>RFP No. 10</u>: On February 22, 2023, Smartmatic confirmed that it stands on its objections to RFP No. 10 and stated that it will not produce documents relating to this request. There has been no further discussion of this RFP. Smartmatic continues to stand on its objection. <span style="color:red">We agree the parties have reached an impasse, and we will move to compel.</span>

- <u>RFP No. 17</u>: On February 22, 2023, Smartmatic reiterated their objection to RFP No. 17. On March 6, 2023, OANN stated that they would likely move to compel on this issue. There has been no further discussion of this RFP. <span style="color:red">We agree the parties have reached an impasse, and we will move to compel.</span>

- <u>RFP No. 23</u>: On February 22, 2023, Smartmatic expressed its willingness to use additional search terms with respect to this request. On March 6, OANN requested the parties meet and confer the next day to discuss search terms. On April 19, Smartmatic agreed to produce and has produced or will shortly produce <span style="color:red">when?</span> any responsive documents identified from the search terms below<span style="color:red">—These should already have been produced</span>:

  - "Committee on Foreign Investment" OR CFIUS

  - ("Foreign Investment" OR Congress OR "Cybersecurity and Infrastructure Security Agency" OR CISA OR "House of Representatives") W/20 (investigat* OR inquir* OR integrity* OR secur* OR transparen* OR reliab* OR flaw* OR irregularit* OR vulnerab*)

  - ("Foreign Investment" OR Congress OR "Cybersecurity and Infrastructure Security Agency" OR CISA OR "House of Representatives") W/20 (question* OR look* OR watch*)

  - Maloney OR Paulson OR "John Snow"

- <u>RFP No. 34</u>: On March 6, 2023, OANN acknowledged that the parties did not come to an agreement regarding the scope of RFP No. 34. OANN stated they would likely move to compel on this issue. There has been no further discussion of this RFP. <span style="color:red">We agree the parties have reached an impasse, and we will move to compel.</span>

- <u>RFP Nos. 35</u>: On February 22, Smartmatic agreed to run several search terms and produce all non-privileged, responsive documents to this request. On March 6, OANN requested the parties meet and confer the next day to discuss search terms. Smartmatic agreed to produce and has produced or will shortly produce <span style="color:red">when?</span> any responsive documents identified from the search terms below<span style="color:red">—These should already have been produced</span>:

  - (Sequoia OR SVS) AND (Smartmatic OR Blaine OR Chicago OR "United States" OR "US" OR "U.S." OR divest* OR acqui* OR "intellectual property" OR "IP" OR Venezuela* OR "Cook County" OR market OR Edge* OR software OR litigation OR lawsuit OR case OR bid OR machin* OR dominion OR "Sale and Security" OR sale OR divest* OR sold)

4

C. Butzer
October 10, 2023
Page 5

- (Edward w/2 Burke) OR (Alderman w/2 Burke) OR (Ald* w/2 Burke)

- <u>RFP No. 36:</u> On February 9, 2023, OANN stated that unless Smartmatic changes its position by February 15, they will consider the parties at an impasse regarding RFPs 36. On February 22, 2023, Smartmatic confirmed that it will not change its position regarding this request. There has been no further discussion of this RFP. <span style="color:red">We agree the parties have reached an impasse, and we will move to compel.</span>

- <u>RFP No. 39:</u> The parties engaged in several discussions regarding the scope of RFP No. 39. On February 22, 2023, Smartmatic agreed to produce "documents and communications related to Lord Mark Malloch-Brown's June 21, 2015 interview regarding Smartmatic, as referenced in Paragraph 343 of the Complaint." Smartmatic also agreed to designate Lord Mark Malloch-Brown as a custodian. On March 6, OANN stated that they would likely move to compel on this issue. There has been no further discussion of this RFP. <span style="color:red">We agree the parties have reached an impasse, and we will move to compel.</span>

- <u>RFP No. 60:</u> In Smartmatic's Omnibus Responses and Objections to OANN's First sent of RFPs ("Response"), served on December 16, 2022, Smartmatic objected to RFP No. 60. and stated it would not produce documents in response to this request. Beyond a meet and confer on January 31, the parties have not discussed this RFP. <span style="color:red">We agree the parties have reached an impasse, and we will move to compel.</span>

- <u>RFP No. 65:</u> In its Response, Smartmatic objected to RFP No. 65 and stated that it will not produce documents in response to this request. Beyond a meet and confer on January 31, the parties have not discussed this RFP. Smartmatic continues to stand on its objection. <span style="color:red">We agree the parties have reached an impasse, and we will move to compel.</span>

- <u>RFP No. 88:</u> In its Response, Smartmatic objected to RFP No. 88 and stated that it will not produce documents in response to this request. Beyond on a meet and confer on January 31, the parties have not discussed this RFP. Smartmatic continues to stand on its objection. <span style="color:red">We agree the parties have reached an impasse, and we will move to compel.</span>

- <u>RFP No. 91:</u> In its Response, Smartmatic objected to RFP No. 91 and stated that it will not produce documents in response to this request. Beyond on a meet and confer on January 31, the parties have not discussed this RFP. Smartmatic continues to stand on its objection. <span style="color:red">We agree the parties have reached an impasse, and we will move to compel.</span>

- <u>RFP No. 92:</u> In its Response, Smartmatic objected to RFP No. 92 and stated that it will not produce documents in response to this request. Beyond on a meet and confer on January 31, the parties have not discussed this RFP. Smartmatic continues to stand on its objection. <span style="color:red">We agree the parties have reached an impasse, and we will move to compel.</span>

C. Butzer
October 10, 2023
Page 6

- RFP No. 93: In its Response, Smartmatic objected to RFP No. 93 and stated that it will not produce documents in response to this request. Beyond on a meet and confer on January 31, the parties have not discussed this RFP. Smartmatic continues to stand on its objection. We agree the parties have reached an impasse, and we will move to compel.

- RFP No. 97: In its Response, Smartmatic objected to RFP No. 97 and stated that it will not produce documents in response to this request. Beyond on a meet and confer on January 31, the parties have not discussed this RFP. Smartmatic continues to stand on its objection. We agree the parties have reached an impasse, and we will move to compel.

- RFP No. 102: In its Response, Smartmatic objected to RFP No. 102 and stated that it will not produce documents in response to this request. OANN narrowed the timeframe to 2006 to present. On February 22, 2023, Smartmatic informed OANN that the timeframe was still overly broad and vague. The parties have not discussed this RFP further. We agree the parties have reached an impasse, and we will move to compel.

6. **Requests made in the September 20 Letter needlessly overlap with those iterated in the September 19 Letter.**

Sixth, several requests presented in your September 20 Letter directly overlap with those set forth in your September 19 Letter. There is no justification for this overlap beyond unnecessarily burdening Smartmatic in correspondence sent at late hours of the evening or OANN's lack of organization. Again, the letters address different topics. We do not understand why you find it important that the letters were sent at night. Is this your justification for waiting 3 weeks to respond to them? Each overlapping request is addressed below:

RFP Nos. 8 & 9: Your September 19 Letter asserts that Smartmatic remains deficient in their response to RFP Nos. 8 & 9. Correction: deficient in its document production. Yet your September 20 Letter acknowledges that the parties conferred about the scope of RFP Nos. 8 & 9 on March 9, 2023. Following this meet and confer, Smartmatic agreed to produce the Articles of Organization for BVI and SMMT USA. Smartmatic will supplement its production with these documents. We do not understand your arguments; it appears we accurately identified a deficiency with your production. As you admit, these documents should already have been produced. When will you produce them? Smartmatic also stated that it is willing to answer an Interrogatory about membership and capitalization. OANN has not served such an interrogatory. Smartmatic has fully complied with RFPs No. 8 and 9 to the extent agreed to by the parties. No interrogatory is required because these requests seek *documents* that should be produced. We agree the parties have reached an impasse, and we will move to compel.

RFP Nos. 14 & 18: Your September 19 Letter asserts that Smartmatic remains deficient in their response to RFP Nos. 14 & 18. Correction: deficient in its document production. Your September 20 Letter goes on to assert that "Smartmatic inexplicably constrained the timeframe to 2018 to present." These assertions mischaracterize Smartmatic's production and the parties' negotiations regarding both requests. Inaccurate. Notwithstanding its objections, Smartmatic produced documents responsive to RFP Nos. 14 & 18. Where—please provide Bates numbers?

C. Butzer
October 10, 2023
Page 7

Until the September 20 Letter, OANN did not express disagreement with the time frame for RFP Nos. 14 & 18. To the extent OANN's September 20 Letter can be construed as objecting to the narrowed timeframe, Smartmatic has not changed its position and stands on its objection to RFP Nos. 14 & 18. We agree the parties have reached an impasse, and we will move to compel.

RFP Nos. 44, 24 & 62:  Your September 19 Letter asserts that Smartmatic remains deficient in their response to RFP Nos. 44, 24 & 62. Correction: deficient in its document production. Your September 20 Letter needlessly compounds on this point, stating "With no agreement from Smartmatic to amend its responses and produce responsive documents, OAN considers the Parties to be at an impasse and will move to compel Smartmatic to produce documents and communicate accordingly." As a threshold matter, your September 19 and September 20 Letter were sent within 24 hours of one another. It is facially absurd to expect Smartmatic to provide a thorough, substantive response, and production, within this timeframe. We disagree, and you've had 3 weeks to do so. Suggesting the parties are at an impasse without any negotiation is illogical and insensible. The parties negotiated these RFPs multiple times (*see, e.g.,* OAN's letters dated January 23, February 9, March 6, and March 23; Smartmatic's responses dated February 22, March 14, March 28). Smartmatic's response to each request has been, and continues to be, responsive. Each individual RFP is addressed below.

RFP No 44:  RFP 44 broadly requests "Documents and Communications related to any breach of any Smartmatic Entity's voting software or hardware from the formation of any such Smartmatic Entity to the present." In response to this request, Smartmatic agreed to produce documents regarding any security breach of Smartmatic's voting machines or software as utilized in any election, to the extent they exist and can be located by a reasonable search. As Smartmatic has represented to OANN, no breach of Smartmatic's systems has ever occurred, as such, there are no responsive documents. We disagree with your attempt to limit the RFP. It requests documents and communications about *any breach* (security *or otherwise*) of software or hardware, whether it was "utilized in any election" *or not*.

RFP No. 24:  RFP 24 requests "Documents and Communications relating to the certification, authentication, or validation, or lack thereof, of any Smartmatic Entity's voting machines, equipment, hardware and/or servers. To be clear we seek these materials in relation to "national, state, county, or local governmental agencies in the United States or elsewhere, including but not limited to the State of California, the U.S. Election Assistance Commission, the United Nations, and the European Union." OANN agreed to narrow this request to instances in which Smartmatic machines, equipment, hardware, and/or servers were not certified. Please identify the date of the communication where this request was narrowed by OAN. On March 16, 2023, Smartmatic notified OANN that notwithstanding Smartmatic's any of Smartmatic's objections, it does not possess "any documents or communications relating to any instances where any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers were not certified because of security concerns." Smartmatic reiterates this position. We reiterate our position—that we seek the materials in connection with *any* refusal to certify, not simply refusals based on "*security concerns*."

RFP No. 62:  RFP 62 requests "Documents and Communications that demonstrate negative or critical thoughts, feedback, and/or concern any Smartmatic Entity or any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers, from the formation of any

C. Butzer
October 10, 2023
Page 8

Smartmatic Entity to the present." OANN agreed to narrow the scope of this RFP to only critical thoughts, feedback, and/or concern expressed by a governmental entity or agency, any journalist or media entity, or any cyber security expert, related to Smartmatic's election services provided in the United States. Smartmatic has produced <span style="color:red">where, by Bates number?</span> or will shortly produce <span style="color:red">when?</span> all documents responsive to this request.

7. **The September 19 Letter improperly demands responses from OANN's Second Set of RFPs and raises issues that were later repeated in the September 20 Letter.**

Seventh, your September 19 Letter mischaracterizes the extent of production the parties agreed on. Your September 19 Letter improperly incorporates over 50 RFPs from OANN's Second Set of RFPs. <span style="color:red">Not improper, since you contend that the Second Set of RFPs is duplicative of the First Set.</span> Additionally, the September 20 Letter displaced many of the requests made on September 19. Nevertheless, each category of requests in your September 19 Letter is addressed individually below:

Corporate Documents Pertaining to the Smartmatic Entities: Beyond RFPs No. 8 and 9, which were addressed above in Section 6, OANN's complaints regarding "Corporate Documents Pertaining to the Smartmatic Entities" relate entirely to OANN's Second Set of RFPs. As mentioned above, there is currently a pending Motion for Protective Order to Quash OANN's Second Set of RFPs. Absent a ruling from the Court to the contrary, Smartmatic will not respond to OANN's Second Set of RFPs. <span style="color:red">The responses and production with respect to RFP Nos. 8 and 9 are deficient as explained above. Also, your argument to the Court is that "the vast majority of the Second Set of RFPs duplicate" the First Set of RFPs (Dkt. 81, ECF p. 9). And in Exhibit B to your Motion for Protective Order (Dkt. 81-8, attached hereto as Exhibit "B") you even purport to "identif[y] examples of duplicative RFPs in greater detail." *See* Dkt. 81, ECF p. 13 n.4. Almost all of the Second RFPs we identified in our September 19 letter are ones that you specifically claim, in Exhibit "B", are duplicative of RFPs in our First RFPs—*which we propounded one year ago*: RFP 217 (which you claim is duplicative of First RFPs 8, 9, 67); RFP 218 ("duplicative" of First RFPs 8, 9, 79); RFP 219 ("duplicative" of First RFPs 8, 9); and RFP 298 ("duplicative" of First RFPs 13, 14, 90). *See* Dkt. 81-8, attached hereto as Exhibit "B." Responsive documents should have been produced by August 28, and we insist that you provide us with the Bates numbers, as requested in our September 19 letter. *Please reply by <u>Monday, October 16</u>,* as you've already delayed your response by more than 3 weeks.</span>

Contracts & Bids Relating to Voting Technology: Beyond RFPs Nos. 14 and 18, which were addressed above in Section 6, OANN's complaints regarding "Contracts & Bids Relating to Voting Technology" relate entirely to OANN's Second Set of RFPs. As mentioned above, there is currently a pending Motion for Protective Order to Quash OANN's Second Set of RFPs. Absent a ruling from the Court to the contrary, Smartmatic will not respond to OANN's Second Set of RFPs. <span style="color:red">As requested above, where—by Bates number—are responsive documents to RFP Nos. 14 and 18? Also, almost all of the Second RFPs we identified in our September 19 letter are ones that you specifically claim, in Exhibit "B", are duplicative of RFPs in our First RFPs: RFP 225 (which you claim is duplicative of First RFP 74); RFP 292 ("duplicative" of First RFP 18); RFP 297 ("duplicative" of First RFPs 51, 75, 90); and RFPs 361-367 ("duplicative" of First RFPs 13, 14). *See* Dkt. 81-8, attached hereto as Exhibit "B." Responsive documents should have been produced by August 28, and we insist that you provide us with the Bates numbers, as requested in our</span>

C. Butzer
October 10, 2023
Page 9

September 19 letter. *Please reply by Monday, October 16, as you've already delayed your response by more than 3 weeks.*

        <u>Vulnerabilities, Breaches, Testing, Servers</u>: Beyond RFPs Nos. 44 and 24, which were addressed above in Section 6, OANN's complaints regarding "Vulnerabilities, Breaches, Testing, Servers" relate entirely to OANN's Second Set of RFPs. As mentioned above, there is currently a pending Motion for Protective Order to Quash OANN's Second Set of RFPs. Absent a ruling from the Court to the contrary, Smartmatic will not respond to OANN's Second Set of RFPs. But almost all of the Second RFPs we identified in our September 19 letter are ones that you specifically claim, in Exhibit "B", are duplicative of RFPs in our First RFPs: RFPs 222-224 (which you claim is duplicative of First RFPs 4, 5, 6, 15, 16, 18, 21, 22, 24, 25, 26, 42, 43, 62, 67, 73, 104, 105); RFP 229 ("duplicative" of First RFP 18); RFP 373 ("duplicative" of First RFP 75); RFP 374 ("duplicative" of First RFP 67); RFP 377 ("duplicative" of First RFPs 24, 25); RFP 477 ("duplicative" of First RFPs 19, 42, 73); RFP 482 ("duplicative" of First RFPs 20, 24, 42); RFP 486 ("duplicative" of First RFPs 26, 44, 73); RFP 487 ("duplicative" of First RFPs 26, 42, 44); RFP 491 ("duplicative" of First RFPs 21, 22, 42); RFP 497 ("duplicative" of First RFP 44); RFP 499 ("duplicative" of First RFPs 18, 19, 26, 42); RFP 503 ("duplicative" of First RFP 42); RFP 506 ("duplicative" of First RFP 42); and RFP 508 ("duplicative" of First RFP 42). *See* Dkt. 81-8, attached hereto as Exhibit "B." Responsive documents should have been produced by August 28, and we insist that you provide us with the Bates numbers, as requested in our September 19 letter. *Please reply by Monday, October 16, as you've already delayed your response by more than 3 weeks.*

        <u>Venezuela</u>: OANN's complaints regarding "Venezuela" relate entirely to OANN's Second Set of RFPs. As mentioned above, there is currently a pending Motion for Protective Order to Quash OANN's Second Set of RFPs. Absent a ruling from the Court to the contrary, Smartmatic will not respond to OANN's Second Set of RFPs. But almost all of the Second RFPs we identified in our September 19 letter are ones that you specifically claim, in Exhibit "B", are duplicative of RFPs in our First RFPs: RFP 264 (which you claim is duplicative of First RFPs 31, 37); RFPs 381-84 ("duplicative" of First RFPs 37, 38, 40, 41, 67); and RFP 405 ("duplicative" of First RFP 37). *See* Dkt. 81-8, attached hereto as Exhibit "B." Responsive documents should have been produced by August 28, and we insist that you provide us with the Bates numbers, as requested in our September 19 letter. *Please reply by Monday, October 16, as you've already delayed your response by more than 3 weeks.*

        <u>Criticisms/Problems</u>: RFP No. 26 requests "Documents and Communications regarding issues or concerns raised about any Smartmatic voting machines, equipment, hardware, software, and/or server." Smartmatic agreed to produce documents sufficient to identify complaints or concerns expressed to Smartmatic regarding the security of the voting machines and technology developed by Smartmatic for use in the 2020 Election, to the extent that they exist and can be located by a reasonable search. Smartmatic also agreed to produce documents regarding criticisms raised by media outlets. These statements do not accurately reflect what Smartmatic has thus far agreed to produce, which also includes: (1) documents it produced to customers who inquired about government investigations, (2) incidents in which an entity, government, or person alleged election fraud or tampering by Smartmatic, and (3) negative feedback about Smartmatic's election technology expressed by government officials or cyber security experts. Smartmatic produced where, by Bates number? or will shortly produce when? documents responsive to this request.

C. Butzer
October 10, 2023
Page 10

Unsatisfied with this production (you've already admitted you haven't completed production of these documents), OANN demanded documents from government entities and cyber security experts. As you say, though, you have not yet produced all of them yourself. Smartmatic refused, and OANN asked the Court for leave to move to compel on this RFP in the parties' May 5, 2023, Joint Submission. Which was a well-founded request, given that Smartmatic has not even produced the documents it agreed to produce. Absent a ruling from the Court to the contrary, Smartmatic will not produce documents outside of the scope Smartmatic has currently agreed to. *By Monday, October 16, please produce the documents Smartmatic agreed to produce, and please provide the Bates numbers of the documents responsive to this RFP, so that we may find them.*

Beyond RFP No. 26 and RFP No. 62, which was addressed above in Section 6, OANN's complaints regarding "Criticisms/Problems" relate entirely to OANN's Second Set of RFPs. As mentioned above, there is currently a pending Motion for Protective Order to Quash OANN's Second Set of RFPs. Absent a ruling from the Court to the contrary, Smartmatic will not respond to OANN's Second Set of RFPs. But almost all of the Second RFPs we identified in our September 19 letter are ones that you specifically claim, in Exhibit "B", are duplicative of RFPs in our First RFPs: RFPs 243-245 (which you claim is duplicative of First RFPs 62, 80); RFP 356 ("duplicative" of First RFP 17); RFP 504 ("duplicative" of First RFPs 42, 62); RFP 505 ("duplicative" of First RFPs 42, 62); and RFP 528 ("duplicative" of First RFPs 42, 43, 67). *See* Dkt. 81-8, attached hereto as Exhibit "B." Responsive documents should have been produced by August 28, and we insist that you provide us with the Bates numbers, as requested in our September 19 letter. *Please reply by Monday, October 16, as you've already delayed your response by more than 3 weeks.*

Third Parties: OANN's complaints regarding "Third Parties" relate entirely to OANN's Second Set of RFPs. As mentioned above, there is currently a pending Motion for Protective Order to Quash OANN's Second Set of RFPs. Absent a ruling from the Court to the contrary, Smartmatic will not respond to OANN's Second Set of RFPs. But almost all of the Second RFPs we identified in our September 19 letter are ones that you specifically claim, in Exhibit "B", are duplicative of RFPs in our First RFPs: RFP 215 (which you claim is duplicative of First RFPs 6, 21, 22, 23, 24, 25, 86); RFP 249 ("duplicative" of First RFP 48); RFP 250 ("duplicative" of First RFP 44); and RFP 324 ("duplicative" of First RFP 22). *See* Dkt. 81-8, attached hereto as Exhibit "B." Responsive documents should have been produced by August 28, and we insist that you provide us with the Bates numbers, as requested in our September 19 letter. *Please reply by Monday, October 16, as you've already delayed your response by more than 3 weeks.*

Dominion: OANN's complaints regarding "Dominion" relate entirely to OANN's Second Set of RFPs. As mentioned above, there is currently a pending Motion for Protective Order to Quash OANN's Second Set of RFPs. Absent a ruling from the Court to the contrary, Smartmatic will not respond to OANN's Second Set of RFPs. But almost all of the Second RFPs we identified in our September 19 letter are ones that you specifically claim, in Exhibit "B", are duplicative of RFPs in our First RFPs: RFP 162 (which you claim is duplicative of First RFPs 31, 32, 81, 99) and RFP 314 ("duplicative" of First RFPs 31, 32, 33, 81, 96). *See* Dkt. 81-8, attached hereto as Exhibit "B." Responsive documents should have been produced by August 28, and we insist that you provide us with the Bates numbers, as requested in our September 19 letter. *Please reply by Monday, October 16, as you've already delayed your response by more than 3 weeks.*

C. Butzer
October 10, 2023
Page 11

Alleged Damages: Your September 19 Letter cites RFP 57 and RFP 75 as requesting Documents and Communications relating to "Plaintiffs lost business opportunities." Smartmatic has agreed to a broad range of search terms that will identify documents relating to Smartmatic's lost revenue, profits, and earnings, lost and terminated contracts, canceled projects, financial forecasts, and more. Smartmatic agreed to produce documents supporting or not supporting its request for $2.7 billion in damages to the extent they exist and can be located through a reasonable search. (RFP 57). Smartmatic agreed to produce documents showing contracts Smartmatic lost because of defamatory statements to the extent they reasonably exist. (RFP 75). Where, by Bates number? Smartmatic has in fact produced documents responding to RFP Nos. 57 & 75. To the extent OANN continues to complain of Smartmatic's "lack of damages," this issue was also raised in the parties May 5 Joint Submission to the Court. Absent a ruling from the Court to the contrary, Smartmatic will not further respond to OANN's request. You've failed to address our requests to identify, by Bates number, documents responsive to RFP 275 (which you claim is duplicative of First RFP 46); RFP 277 ("duplicative" of First RFP 46); RFP 283 ("duplicative" of First RFPs 77, 78, 86, 89, 90); RFP 544 ("duplicative" of First RFPs 45, 56, 67, 72); RFPs 545-46 ("duplicative" of First RFPs 45, 47-50, 56, 67, 73); RFP 556 ("duplicative" of First RFPs 51, 52, 53, 67); RFP 557 ("duplicative" of First RFPs 51, 52, 53, 64); RFPs 561-62 ("duplicative" of First RFPs 51, 64); RFP 569 ("duplicative" of First RFP 54); RFPs 573-575 ("duplicative" of First RFPs 64, 66, 90, 98); RFP 585 ("duplicative" of First RFP 63); RFP 586 ("duplicative" of First RFPs 75, 98); RFP 588 ("duplicative" of First RFPs 64, 98); RFP 589 ("duplicative" of First RFP 98); and RFP 606 ("duplicative" of First RFP 51). *See* Dkt. 81-8, attached hereto as Exhibit "B." Responsive documents should have been produced by August 28, and we insist that you provide us with the Bates numbers, as requested in our September 19 letter. *Please reply by Monday, October 16, as you've already delayed your response by more than 3 weeks.*

**8.   The September 20 Letter is unnecessarily repetitive, cumulative, and burdensome.**

Eighth, the remaining requests in OANN's September 20 Letter continue to rehash issues previously discussed by the parties. OANN raises concerns about the timeframe of requests, the scope of requests, Smartmatic's confidentiality claims, and other responses. Each category of concerns is addressed below.

Narrowed Timeframes: OANN asserts that Smartmatic "continues to refuse to agree to reasonable timeframes for" RFP Nos. 5, 6, 14, 18, 74, 85, and 96. Smartmatic objected to OANN's broad requests and proposed narrower time frames. On January 31, 2023, the parties meet and conferred regarding Smartmatic's narrowed time frames. Please identify the date of any communication where OANN agreed to narrow these time frames, if any. Since the meet and confer, Smartmatic has not changed its position on the time frame for these requests, and the parties have not discussed them further. Smartmatic stands by the narrowed timeframes for RFP Nos. 5, 6, 14, 18, 74, 86, and Smartmatic's production with regard to each RFP is addressed below.

- RFP Nos. 5 & 6: Smartmatic has produced or will shortly produce documents responsive to RFP Nos. 5 & 6 from January 1, 2020, onwards. The documents produced responsive to these RFPs includes emails which discuss the defamatory statements made by OANN and its guests. To the extent OANN's September 20 Letter seeks to broaden the timeframe of RFP Nos. 5 & 6, OANN stands on its prior objection. We agree the parties have reached an impasse, and we will move to compel.

C. Butzer
October 10, 2023
Page 12

- RFP Nos. 14 & 18: Because of the overlap with OANN's September 19 Letter and OANN's September 20 Letter, OANN's concerns regarding RFP Nos. 14 & 18 are addressed above in Section 6. *See* response above.

- RFP No. 74: Smartmatic has produced where, by Bates number? or will shortly produce when? documents responsive to RFP No. 74 from January 1, 2018, to present. Smartmatic's production includes emails discussing these topics, responses to requests for proposals, and presentations. To the extent OANN's September 20 Letter seeks to broaden the timeframe of RFP No. 74, OANN stands on its prior objection.

- RFP No. 85: Smartmatic has produced where, by Bates number? or will shortly produce when? documents responsive to RFP No. 85 from 2011 to present. Smartmatic's production includes audited financial statements, emails with accounting professionals, and internal emails regarding financial statements and audits. To the extent OANN's September 20 Letter seeks to broaden the timeframe of RFP No. 85, OANN stands on its prior objection.

- RFP No. 96: Smartmatic has produced where, by Bates number? or will shortly produce when? documents responsive to RFP No. 96 from January 1, 2018, to the present. To date, Smartmatic has not located any communications with Alex Halderman, but Smartmatic's production does include documents discussing Mr. Halderman. Where, by Bates number? To the extent OANN's September 20 Letter seeks to broaden the timeframe of RFP No. 96, OANN stands on its prior objection. We agree the parties have reached an impasse, and we will move to compel.

Clarification of Scope: OANN next seeks clarification on the scope of the party's agreement regarding certain RFPs. A brief review of the party's correspondence reveals the scope of each RFP. Nevertheless, the scope of each RFP is addressed below.

- RFP Nos. 8 & 9: Because of the overlap with OANN's September 19 Letter and OANN's September 20 Letter, OANN's concerns regarding RFP Nos. 8 & 9 are addressed above in Section 6. *See* above response.

- RFPs No. 21 & 22: On March 6, 2023, OANN acknowledged that Smartmatic continues to stand on its objections to the scope of RFPs No. 21 & 22. OANN stated they were likely to move to compel on these requests. Smartmatic has produced where, by Bates number? and will shortly produce when? documents responsive to RFP No. 21 & 22 to the extent agreed upon by the parties. Smartmatic's production includes reports from governmental entities such as the Department of Homeland Security, meeting summaries from the Election Infrastructure Subsector Coordinating Council, internal emails regarding governmental entities, and emails with members of government entities. Where, by Bates number?

- RFP No. 25: Smartmatic has produced documents responsive to No. 25 relating to the Carter Center and SLI Global Solutions and Compliance. Where, by Bates number? Smartmatic has produced reports from these entities, and conduct a search to determine if any other responsive documents exist. When? On March 16, 2023, OANN itself clarified that Smartmatic agreed to produce documents related to the Carter Center,

certification consultant reports issued by SLICompliance in connection with VSAP, and PricewaterhouseCoopers LLP. This is only referenced in a letter from you.

Confidentiality Claims: OANN misunderstands the confidentiality issue in this case. Several of the RFPs cited in this section involve Smartmatic's agreement with Los Angeles County that includes a non-disclosure clause preventing production. As Smartmatic explained in its March 28, 2023 correspondence, for Smartmatic to produce documents under the non-disclosure agreement with Los Angeles County, a Court would need to enter an order specifying that Smartmatic must produce documents related to Los Angeles County. The protective order in this matter does not compel the production of documents, nor does it contemplate Smartmatic's external contractual obligation not to disclose information. But a judge in a different lawsuit, between Smartmatic and different defendants, already has ordered Smartmatic to disclose the documents and, thus, Smartmatic must do so here as well. *By Monday, October 16, please inform us as to whether you are producing the materials to us.*

Smartmatic will not produce documents that are protected from disclosure under the confidentiality provisions of its agreement with Los Angeles County. We agree the parties have reached an impasse, and we will move to compel. In consideration of Smartmatic's position on confidentiality, Smartmatic's production on each RFP raised by OANN in its "Confidentiality Claims" section is addressed below.

- RFP No. 13: Notwithstanding its objections, Smartmatic has produced documents responsive to RFP No. 13 from 2004 to date. Where, by Bates number? As OANN stated on March 6 in regard to RFP No. 13 "Herring will review Plaintiff's production so far and reserves the right to compel production of remaining responsive documents after review of Plaintiff's production to date."

- RFP No. 17: OANN raised concern with RFP No. 17 multiple times in its September 20 letter. For clarity purposes, these concerns are holistically addressed above in Section 5. *See* responses above.

- RFP No. 18: Because of their overlap with OANN's September 19 Letter, OANN's concerns regarding RFP Nos. 8 & 9 are addressed above in Section 6.

- RFP No. 19: Notwithstanding its objections, Smartmatic has produced where, by Bates number? or will shortly produce when? documents responsive to RFP No. 19. In its Response, Smartmatic agreed to produce documents regarding post-election audits of the voting machines and software developed by Smartmatic for use in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search. On February 22, Smartmatic stated that has not changed its position on RFP No. 19 and will only produce documents as articulated in Smartmatic's Response. To the extent OANN's September 20 Letter seeks to broaden the scope of RFP No. 19, Smartmatic stands on its objection. We agree the parties have reached an impasse, and we will move to compel.

- RFP Nos. 21, 22, and 25: OANN raised concern with RFP Nos. 21, 22, 25 multiple times in their September 20 letter. For clarity purposes, these concerns are holistically addressed above in the "Clarification of Scope" question. *See* responses above.

C. Butzer
October 10, 2023
Page 14

- RFP No. 23: OANN raised concern with RFP No. 23 multiple times in its September 20 letter. For clarity purposes, these concerns are holistically addressed above in Section 5. *See* responses above.

- RFP No. 24: Because of the overlap with OANN's September 19 Letter and OANN's September 20 Letter, OANN's concerns regarding RFP No. 24 are addressed above in Section 6. *See* responses above.

- RFP Nos. 31 & 81: Smartmatic has produced where, by Bates number? or will shortly produce when? all documents responsive to RFP Nos. 31 & 81 and will agree to produce the settlement agreement with Dominion when?. As Smartmatic previously represented, no joint defense agreements exist.

- RFP No. 34: OANN raised concern with RFP No. 23 multiple times in its September 20 letter. For clarity purposes, these concerns are holistically addressed above in Section 5. *See* responses above.

- RFP No. 37: The parties discussed the scope of RFP No. 37. On March 6, 2023, in the spirit of compromise, Smartmatic offered to utilize broad search terms in regard to RFP No. 37. Smartmatic used the proposed terms and produced where, by Bates number? or will shortly produce when? documents responsive to RFP No. 37. Smartmatic's production includes communications about Smartmatic's operations in Venezuela, proposals, contracts, and communications with and regarding Bizta Corp. and CANTV.

- RFP No. 62: Because of the overlap with OANN's September 19 Letter and OANN's September 20 Letter, OANN's concerns regarding RFP No. 62 are addressed above in Section 6. *See* responses above.

- RFP No. 67: Notwithstanding its objections, Smartmatic has produced documents responsive to RFP No. 67 where, by Bates number? and will supplement its production with regard to this request when?.

- RFP No. 82: On February 22, Smartmatic informed OANN that they entered into a non-disclosure agreement with LA County. On March 14, Smartmatic sent OANN a letter outlining what categories they can produce in light of the non-disclosure agreement. Notwithstanding its objections, Smartmatic produced public and non-public documents to the extent they were authorized to do so by Los Angeles County. *See* response above. *By Monday, October 16, please inform us as to whether you are producing the materials to us.*

Remaining Responses: OANN's September 20 Letter finishes by enumerating several requests on which they consider a party to be at an impasse. Each RFP is addressed below.

- RFP No. 12: In accordance with its Response, Smartmatic has produced documents which discuss Smartmatic's ethical code Smartmatic will conduct an additional search when? to determine whether there are any additional documents to produce responsive to this request. Smartmatic confirms its objections to RFP No. 12 and will not provide

14

C. Butzer
October 10, 2023
Page 15

further documents. We agree the parties have reached an impasse, and we will move to compel.

- RFP No. 19: OANN raised concern with RFP No. 19 multiple times in their September 20 Letter. For clarity purposes, these concerns are holistically addressed above in the "Confidentiality Claims" section. *See* responses above.

- RFP No. 20: Smartmatic has produced where, by Bates number? or will shortly produce when? documents responsive to RFP No. 20 as provided in its Response. Smartmatic's production includes communications about VSAP 2.1 and its certification, and also includes approval and certification documents from the state of California. Smartmatic otherwise confirms its objections to RFP No. 20 and will not provide further documents. We agree the parties have reached an impasse, and we will move to compel.

- RFP No. 24: Because of the overlap with OANN's September 19 Letter and OANN's September 20 Letter, OANN's concerns regarding RFP No. 24 are addressed above in Section 6. *See* responses above.

- RFP No. 25: OANN raised concern with RFP No. 25 multiple times in their September 20 letter. For clarity purposes, these concerns are holistically addressed above in the "Clarification of Scope" section. *See* responses above.

- RFP No. 33: Notwithstanding its objection, Smartmatic has produced documents responsive to RFP No. 33. The parties engaged in several discussions regarding the scope of RFP No. 33. Smartmatic agreed to utilize several broad search terms proposed by OANN. On March 6, 2023, OANN expressed their dissatisfaction with the parties' agreement. OANN stated they would likely move to compel on RFP No. 33. We agree the parties have reached an impasse, and we will move to compel.

- RFP No. 44: Because of the overlap with OANN's September 19 Letter and OANN's September 20 Letter, OANN's concerns regarding RFP No. 44 are addressed above in Section 6. *See* responses above.

- RFP No. 61: Notwithstanding its objection, Smartmatic has produced documents responsive to RFP No. 61 as provided in its Response. Smartmatic's production includes retraction demands to other media organizations, and communications with media organizations regarding requests for information about Smartmatic and requests for interviews. Smartmatic otherwise confirms its objections to RFP No. 61 and will not provide further documents. We agree the parties have reached an impasse, and we will move to compel.

- RFP No. 62: Because of the overlap with OANN's September 19 Letter and OANN's September 20 Letter, OANN's concerns regarding RFP No. 62 are addressed above in Section 6. *See* responses above.

- RFP No. 63: Smartmatic will supplement its production with regard to this request. When?

C. Butzer
October 10, 2023
Page 16

- <u>RFP No. 72</u>: Notwithstanding its objection, Smartmatic has produced documents responsive to RFP No. 72 where, by Bates number? as provided in its Response. Smartmatic incorporates its response above regarding RFP No. 61. Smartmatic otherwise confirms its objections to RFP No. 72 and will not provide further documents. We agree the parties have reached an impasse, and we will move to compel.

- <u>RFP No. 80</u>: Notwithstanding its objection, Smartmatic has produced where, by Bates number? or will shortly produce documents when? responsive to RFP No. 80 as provided in its Response. Smartmatic otherwise confirms its objections to RFP No. 80 and will not provide further documents. We agree the parties have reached an impasse, and we will move to compel.

- <u>RFP No. 81</u>: OANN raised concern with RFP No. 81 multiple times in their September 20 Letter. For clarity purposes, these concerns are holistically addressed above in the "Confidentiality Claims" section. *See* responses above.

- <u>RFP No. 101</u>: Notwithstanding its objection, Smartmatic has produced where, by Bates number? or will shortly produce when? documents responsive to RFP No. 101 as provided in its Response. Smartmatic otherwise confirms its objections to RFP No. 101 and will not provide further documents. We agree the parties have reached an impasse, and we will move to compel.

In providing a thorough RFP by RFP response, Smartmatic hopes that this correspondence alleviates all of OANN's concerns regarding Smartmatic's production. If you have any questions, please do not hesitate to contact me.

Regards,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

/s/ Olivia Sullivan

Olivia Sullivan

OES:mkg