# EXHIBIT 1-G

| | |
|---|---|
| **From:** | Kovacs, Caitlin <CKovacs@beneschlaw.com> |
| **Sent:** | Friday, October 13, 2023 3:30 PM |
| **To:** | Edwards, John; Sullivan, Olivia |
| **Cc:** | Amattey, Amakie; Wilkes, Christopher; Golden, Meghan; Maldonado, Jacklyn; Myers, David; Flynn-DuPart, Mary Lou; Babcock, Chip; Trent McCotter; Butzer, Carl; Hamilton, Nancy; Neerman, Jonathan; Ceckowski, Lauren; Carlton, Emily; Brown, Lindsey Marsh; Walsh, Hannah; Blaesche, Minoo; Aston, Adam |
| **Subject:** | RE: Smarmatic/OAN - Disclosure of Damages |

**RECEIVED FROM EXTERNAL SENDER – USE CAUTION**

John –

Smartmatic disagrees with OANN's assertion that its damages disclosures, between the Rule 26(a)(1) disclosures and interrogatory responses, are deficient. Smartmatic further disagrees that it must provide more information regarding damages when (1) it has produced thousands of documents discussing the damage caused by the disinformation, (2) damages will be the subject of expert discovery, and (3) the full scope of damages caused by OANN will be informed by documents that OANN continues to fail to produce reflecting its role in spreading disinformation about Smartmatic. It is not lost on Smartmatic that OANN refuses to provide basic, relevant discovery but continually demands more from Smartmatic notwithstanding receiving millions of documents from Smartmatic. OANN's insistence on one-way discovery, including document production and depositions, is not the way it works.

As a small reminder of OANN's disregard for its document production obligations, recall that OANN has still failed to provide:

- Communications concerning and that preceded the airing of Mike Lindell's *Absolute Proof*, *Scientific Proof*, *Absolute Interference*, and *Absolutely 9-0*;
- Advertisement offers and other advertisement-related documents to Lindell;
- Communications regarding forensic audits of voting machines;
- *All* communications between the Herrings and Mike Lindell;
- Documents related to OANN's financials;
- All responsive cell phone data as well as several attachments to the cell phone records that OANN has produced;
- OANN's complete Comscore data;
- *All* communications and documents in OANN's possession relating to the production of the defamatory broadcasts, including documents demonstrating individual employees' involvement, oversight, and contributions to each defamatory broadcast;
- Internal meeting notes during which employees discussed Smartmatic or Dominion;
- All documents concerning the hiring, firing, or promotion of OANN employees;
- Documents produced in related litigation; and
- All documents responsive to Smartmatic's Second Set of RFPs.

These production gaps were identified in Smartmatic's September 11 letter, Smartmatic's October 13 letter, and elsewhere, and OANN has yet to correct the deficiencies. Smartmatic has been forced to file and tee up multiple motions because OANN will not agree to meaningfully complete its document production but instead insists on taking depositions of Smartmatic witnesses and demanding more from a plaintiff that has already given plenty.

Smartmatic will update its damage disclosures and will do so in plenty of time for OANN to take that information into consideration before the parties start depositions consistent with Smartmatic's pending motion to amend the case schedule. Smartmatic encourages OANN to focus on producing the relevant documents it continues to unjustly withhold

so the parties can move the case forward. OANN talks a great deal about wanting to start depositions, but will not fix the fundamental problem that will allow the parties to do so at the same time.

Best,
Caitlin



vCard

Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, October 9, 2023 2:32 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Golden, Meghan <MGolden@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Myers, David <dmyers@jw.com>; Flynn-DuPart, Mary Lou <MDUPART@jw.com>; Babcock, Chip <cbabcock@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Butzer, Carl <cbutzer@jw.com>; Hamilton, Nancy <nhamilton@jw.com>; Neerman, Jonathan <jneerman@jw.com>; Ceckowski, Lauren <lceckowski@jw.com>; Carlton, Emily <erhine@jw.com>; Brown, Lindsey Marsh <lbrown@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Aston, Adam <aaston@jw.com>
**Subject:** Smarmatic/OAN - Disclosure of Damages

Caitlin, we have requested on several occasions that Smartmatic identify the damages it is seeking against OAN with specificity. Rule 26(a)(1)(iii) requires disclosure of the "computation" of each category of damages, including disclosure of the documents upon which the computation is based and materials bearing on the nature and extent of injuries suffered. The attached disclosure regarding Section III, Computation of Damages, is grossly deficient -- Smartmatic has not provided information that satisfies the obligation to identify both its computation of damages and the documents upon which the computation relies.

Please let me know by <u>Wednesday, October 11</u> whether Smartmatic agrees to amend its response to Section V, Computation of Damages, to provide computations by category of damages and documents/materials required by Rule 26(a)(1)(iii) by this <u>Friday, October 13</u>. If we cannot reach agreement on timing and scope of an appropriate response this week, we'll address this issue with Judge Nichols.

Thanks. - John

John K. Edwards | Partner
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4319 | C:  (713) 553-7951 | F: (713) 308-4117

John Edwards - Houston Litigation Attorney - Jackson Walker (jw.com) | jedwards@jw.com

