# EXHIBIT 1-J



Caitlin Alejandrina Kovacs<br>
71 South Wacker Drive, Suite 1600<br>
Chicago, Illinois 60606-4637<br>
Direct Dial: 312.624.6392<br>
Fax: 312.767.9192<br>
ckovacs@beneschlaw.com

October 10, 2023

Carl C. Butzer
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, TX  75201

  Re: *Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network*; Case No. 1:21-cv-02900-CJN

Carl,

  We write in response to OANN's September 18, 2023 Letter claiming deficiencies in Smartmatic's responses to OANN's Interrogatories Nos. 3, 4, 8, 10, 12–14, 16, and 19–23, and requesting that Smartmatic supplement those responses. Each of the interrogatories are addressed in turn.

  **Interrogatory No. 3:**  Smartmatic only agreed to produce organizational charts sufficient to show the corporate structure of Smartmatic during the relevant time period. Smartmatic has done just that. (*e.g.*, SMMT-OAN00001123, SMMT-OAN00005395, SMMT-OAN00064502, SMMT-OAN00064508, SMMT-OAN00007805, SMMT-OAN00007947). Your position is contrary to the express terms of the Interrogatory, which seeks the identification of each and every Smartmatic Entity. The documents you reference do not provide this information for all such entities, including for the entities identified in Footnotes 2 and 21 of the Complaint.  SMMT-OAN00001123 provides cursory, and very little, responsive information.  SMMT-OAN00005395 reflects a very limited discussion of "Smartmatic's history" and does not have responsive information.  SMMT-OANN00064502 is a chart as of February 2010 only; and similarly, SMMT-OANN00064508 is a chart as of January 2012 only. These documents cover only a limited period and are not exhaustive of the Smartmatic Entities. SMMT-OAN00007805 is a chart of limited use identifying only 4 entities and related officers.  SMMT-OAN00007947 is part of a larger document reflecting a financial statements for Smartmatic USA only and for only 2013 and 2014.  OANN complains that Smartmatic's response forces OANN to "sift through Plaintiffs' documents." Smartmatic reminds OANN of the parties' agreement to identify only the categories of responsive documents. *See* OANN's February 17, 2023 Letter. *By your choice, that is no longer an agreement.* On September 11, you sent us an 8-page letter claiming that OAN's productions "demonstrated a serious failure to produce many categories of documents …," and which went on —RFP-by-RFP— to detail the alleged deficiencies. You demanded that if the documents had been produced (which they were), that we *"identify the documents by Bates number."* (Your 9/11/2023 Letter at p. 7). We are seeking the same information. *Please let us know by <u>Tuesday, October 17</u> whether we are at an impasse on this issue.* We believe Smartmatic's response is adequately descriptive to locate the responsive documents in Smartmatic's production.

October 10, 2023
Page 2

Here, and elsewhere throughout Smartmatic's interrogatory responses, we have asked you to provide certain information and you have opted to refer to the production of your business records under Rule 33(d), but without any specificity. "Making only a general reference to a mass of documents or records is an abuse of Rule 33(d)." *United States ex rel. Landis v. Tailwind Sports Corp.*, 317 F.R.D. 592, 594 (D.D.C. 2016) (internal quotes omitted). Just recently, a district court held an interrogatory response directing the requester to "over 25,600 Bates-numbered documents. . . . does not fulfill the requirement that the responding party specify which records contain the information sought by the interrogatory." *D.C. ex rel. Z-Modular, LLC v. MCN Build, Inc.*, No. 18-CV-2947 (RJL/GMH), 2020 WL 4001458, at *5 (D.D.C. July 15, 2020). Here there are over two million documents. With that many documents, Rule 33(d) requires you to "provide the responsive information specifically or designate a narrow page range for the information sought." *Haughton v. D.C.*, 161 F. Supp. 3d 100, 102 (D.D.C. 2014) (Ketanji Brown Jackson, J.) (affirming magistrate order compelling identification where defendant "directed Plaintiff to hundreds—if not thousands—of pages of documents without including an index of the material or pinpointing a particular range of pages in which the requested information could be found."). Either comply by providing specific bates numbers, or amend the answers with responsive information to this and the remaining interrogatories where OAN is directed to review produced documents, by *Friday, October 20*.

**Interrogatory No. 4:** OANN requested Smartmatic to supplement its response to Interrogatory No. 4 on July 25, 2023, and the parties have already extensively met and conferred about Smartmatic's response. Smartmatic's position has remained unchanged since OANN included Interrogatory No. 4 in the parties' forthcoming joint submission to the Court. Additionally, Smartmatic has produced all of the bids it has submitted since 2017. Where, by bates number? Please let us know by Friday, October 20.

**Interrogatory No. 8:** As indicated in OANN's letter, Smartmatic objected to the breadth of OANN's Interrogatory No. 8, which seeks information on "the amount of revenue derived by each Smartmatic Entity in each state" since Smartmatic *first* "began performing business in the United States." Smartmatic also objected "to the extent that it seeks information that is not relevant to any claim or defense asserted in the Action and is not reasonably calculated to lead to the discovery of admissible evidence." Smartmatic stands on those objections and the others raised in its response. Agreed that we are at an impasse and will move to compel.

Smartmatic has repeatedly directed OANN to the parties' previous agreement to refer OANN to categories of documents that describe the responsive categories of documents. *See* OANN's February 17, 2023 Letter. Again, based on your September 11 letter, that is no longer the agreement. As OANN acknowledges, Smartmatic agreed to produce documents with information on Smartmatic's revenue from 2016 to present. Smartmatic believes that the numerous financial statements produced by Smartmatic are sufficient (*e.g.*, SMMT- OAN00011850, SMMT-OAN00011994, SMMT-OAN00056919; SMMT-OAN00056987, SMMT-OAN00057047, SMMT-OAN00007945). First, these documents are only for Smartmatic USA (only for 2017-2018) and SGO (only for 2020). Second, these documents are non-responsive to the Interrogatory, which requests revenue derived by each entity in each state. Where, by bates number, are the

37783634v.1

responsive documents? If not produced and you refuse to produce them, with identifying bates numbers, we are an impasse and will move to compel. *Please let us know by <u>Friday, October 20</u>.*

**Interrogatory No. 10**:  Smartmatic agreed to produce documents sufficient to identify Smartmatic employees with primary responsibility for the development, testing, implementation, inspection, maintenance, updating, imaging, uploading or downloading of any Smartmatic's voting machines and software utilized in the 2020 U.S. presidential election. Smartmatic otherwise objected to Interrogatory No. 10, in part, because it is irrelevant and overbroad. OANN never pushed back on Smartmatic's objections previously, and Smartmatic never represented that it would further respond. Based on the objections raised in Smartmatic's December 2022 response, Smartmatic has satisfied its obligations with respect to Interrogatory No. 10. No, it has not – you only state in the response that "Smartmatic will produce documents sufficient to identify" the employees, and then only for the requested activities "in the 2020 Election." <u>First</u>, where, by bates number, are the documents produced identifying the employees? <u>Second</u>, you have improperly re-written the Interrogatory and now claim it has been answered. If you decline to amend to provide a full and responsive answer to the Interrogatory as written, we are at an impasse and will move to compel. *Please let us know by <u>Friday, October 20.</u>*

**Interrogatory No. 12**:  Smartmatic agreed to produce documents sufficient to identify persons who have raised issues concerning any security issues, vulnerabilities, vote tabulation errors, or bribes relating to the voting machines and technology developed by Smartmatic and utilized in the 2020 U.S. presidential election, to the extent that they exist and can be located by a reasonable search. Again, Smartmatic has improperly rewritten the Interrogatory to limit it to only certain issues and only for the 2020 U.S. presidential election. Subject to its objections to the relevance and breadth of the request, Smartmatic later offered to produce responsive documents dating from 2018. *See* Smartmatic's February 22, 2023 Letter, at 17–18. This is still improper because you refuse to go back to the start of Smartmatic. Have the documents referenced been produced? If so, identify by bates number. OANN was unsatisfied with this compromise and asked requested leave to file a motion to compel Smartmatic's response. Smartmatic will not be further supplementing its response if OANN still intends to move to compel Smartmatic's response. We agree that we are at an impasse and will move to compel.

**Interrogatories Nos. 13–14**:  Pursuant to its objections based on the overbreadth and irrelevance of the requests, Smartmatic agreed to produce documents sufficient to identify post-election audits of the machines or software developed by Smartmatic and utilized in the 2020 Presidential election, to the extent that they exist and can be located by reasonable search. Once again, Smartmatic has improperly rewritten Interrogatory 13 to limit it to post-election audits and to the 2020 Presidential election, when the information sought applies to audits of any of the Smartmatic Entity voting machines, equipment, hardware, software, and/or servers – at any time and in any jurisdiction. OANN has not pushed back on Smartmatic's responses to Interrogatories Nos. 13 and 14 until now. Smartmatic stands on its responses and objections. Agreed that we are at an impasse and will move to compel.

**Interrogatory No. 16**:  OANN states that Smartmatic "unilaterally narrow[ed] the responsive timeframe to the 2020 elections." That timeframe is consistent with Smartmatic's position throughout the litigation where OANN has attempted to broaden the scope of discovery

October 10, 2023
Page 4

into matters irrelevant to Smartmatic's defamation claims. We disagree that it is irrelevant. Smartmatic's position is that only the 2020 U.S. presidential election is relevant, and OANN had not taken issue with Smartmatic's response to Interrogatory No. 16 until now. Smartmatic stands on its objections and response to Interrogatory No. 16. Agreed that we are at an impasse and will move to compel.

**Interrogatory No. 19:** Smartmatic stands on its objections and response to Interrogatory No. 19. As alleged in the Complaint, Smartmatic was not involved in the 2020 U.S. elections outside of Los Angeles County. *See, e.g.*, Compl. ¶ 63. The Interrogatory does not use the word "involved" – it seeks the identity and description of SMARTMATIC SYSTEMS used in the 2020 Presidential Election. We know that such systems were used in jurisdictions outside of LA County, whether Smartmatic was "involved" or not. In response to Interrogatory No. 19, Smartmatic described the work that it performed on Los Angeles County's behalf during the 2020 U.S. presidential election. As OANN is surely aware, Smartmatic has already agreed to inform OANN if it were withholding any information pursuant to any objection. *See* Smartmatic's February 3, 2023 Letter. Agreed that we are at an impasse and will move to compel.

**Interrogatory No. 20:** Interrogatory No. 20 is duplicative of Interrogatory Nos. 4 and 10, in response to which Smartmatic has objected to the unlimited time frame and geographic scope of the requests as "overly burdensome, overbroad, and not proportional to the needs of the case." Neither in response to Interrogatory No. 4 (subcontractors) nor No. 10 (persons involved in the enumerated activities) has Smartmatic provided the requested information; it also has not done so in response to Interrogatory No. 20, which seeks identity of vendors and contractors used in the 2020 election. If documents that specifically provide the requested information have been produced, tell us where, by bates number. Any proportionality analysis clearly weighs in favor of disclosure based on damages plead by Smartmatic. Smartmatic is willing to meet and confer about Interrogatory No. 20 but otherwise stands on its response and objections. We propose a meet and confer at 10 a.m. on *Friday, October 20.*

**Interrogatory No. 21:** Interrogatory No. 21 requests information about OANN's defamatory statements, all of which OANN can locate in Smartmatic's complaint. Smartmatic's response directs OANN to the relevant paragraphs within the complaint. Smartmatic stands on its objections and response to Interrogatory No. 21. OAN is entitled to a sworn answer that identifies the complained of defamatory statements, not just a pleading. Agreed that we are at an impasse and will move to compel.

**Interrogatory No. 22:** Interrogatory No. 22 requests information about OANN's defamatory statements, all of which OANN can locate in Smartmatic's Complaint. Smartmatic's response directs OANN to the relevant paragraphs within the complaint. Smartmatic stands on its objections and response to Interrogatory Nos. 22. OAN is entitled to a sworn answer that identifies the complained of defamatory statements, not just a pleading. Agreed that we are at an impasse and will move to compel.

**Interrogatory No. 23:** OANN asks that Smartmatic withdraw its objection based on the confidentiality of the requested information, arguing that the objection is improper. Smartmatic declines. OANN has raised the same objection in response to Smartmatic's Interrogatories Nos.

37783634v.1

October 10, 2023
Page 5

19 and 20. The parties have previously discussed the propriety of raising this objection. *See* OANN's February 17, 2023 Letter, at 5. Smartmatic stands on its objections and response to Interrogatory No. 23. Agreed that we are at an impasse and will move to compel, particularly with respect to LA County (unless agreed otherwise) since both Smartmatic and LA County have consented to production of responsive documents in related litigation yet refuse to produce responsive documents in this case.

        Sincerely,

        BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

        /s/ Caitlin A. Kovacs

        Caitlin Alejandrina Kovacs

CAK:cjw

37783634v.1