# EXHIBIT 1-K



John K. Edwards
(713) 752-4319 (Direct Dial)
(713) 308-4117 (Direct Fax)
jedwards@jw.com

January 8, 2024

**Via Email**
Christopher J. Letkewicz, Esq. (cletkewicz@beneshlaw.com)
Olivia Sullivan, Esq. (osullivan@beneschlaw.com)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606

  Re: *Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America News Network*, **Case No. 1:21-cv-02900-CJN (D.D.C.)**

Dear Christopher and Olivia:

  I write to memorialize our meet and confer this morning regarding Smartmatic's Amended Initial Disclosures served on January 4, 2024. We explained OAN's objections regarding the deficiencies of the amended disclosures to which you offered responses, as noted below:

1. **Late Disclosures**: As explained on our call, we requested amended disclosures related to claimed damages many months ago, culminating in OAN's request for leave to file a motion to compel back on October 17, 2023, with the objective of receiving adequate disclosures well before the December 8, 2023 fact discovery deadline. That deadline has not been extended, and your prognostication during our call that an extension is effectively all but guaranteed demonstrates hubris. We reserve and do not waive the right to seek appropriate relief from the Court for the extreme tardiness in providing amended damages disclosures (which remain, as explained below, severely deficient). We also object to the late disclosure of six new persons with knowledge, who by their descriptions appear to be fact witnesses on claimed damages, namely: Jesus Gil, Juan Jose Garcia Gonzalez, Peter Jones, Shawn Pollock, Andres Rombola, and Edwin Smith.

2. **International Damages**: We stated our objection that the amended disclosures do not adequately identify with required specificity the documents used as the basis for the computations contained in the spreadsheet provided with the amended disclosures. The mere reference to documents that can be found in what you described as produced "screenshots" of the CRM ("Customer Relationship Management") database is, in our view, grossly deficient. We asked that the documents used as the basis for the computations be identified with particularity, either by bates number or another method that sufficiently identifies the documents out of the morass of documents produced by Smartmatic. You stated that the only requirement in disclosures is to point to a "high level" category of documents but not specific documents, and thus Smartmatic is under no obligation to identify the documents by bates number or otherwise provide greater specificity to assist OAN in identifying the documents. OAN objects to the refusal to identify specific documents that serve as the basis for the international damages computation.

January 8, 2024
Page 2

---

3.  **United States Damages**: We stated our objection that the amended disclosures neither provide computations nor identify documents serving as the basis for such computations for alleged damages sustained in the United States, as we believe the Rules require. You stated that Smartmatic is only required to identify – at a high level – the categories of claimed damages, and that computations and identification of specific documents should await expert reports. We object to this position – the Rules require that disclosures contain both computations and identification of the specific documents serving as the basis for the computations.

4.  **Loss of Enterprise Value**: We stated our objection that the amended disclosures neither provide computations nor identify documents serving as the basis for such computations for alleged loss of enterprise value damages. You reiterated that Smartmatic is only required to identify – at a high level – the categories of claimed damages, and that computations and identification of specific documents should await expert reports. We object to this position – the Rules require that disclosures contain both computations and identification of the specific documents serving as the basis for the computations.

5.  **Expenses**: We stated our objection that the amended disclosures neither provide computations nor identify documents serving as the basis for such computations for alleged increased expenses attributable to the "defamation campaign." You again reiterated that Smartmatic is only required to identify – at a high level – the categories of claimed damages, and that computations and identification of specific documents should await expert reports. We object to this position – the Rules require that disclosures contain both computations and identification of the specific documents serving as the basis for the computations.

In addition to CRM data related to lost contractual opportunities, you stated that other sources of evidence related to damages would be derived from emails, proposals, bids, and witness testimony (*e.g.*, sales persons and "C-Suite" personnel). However, Smartmatic has not identified any documents falling in the categories of emails, proposals, or bids (or any other documents) that were used in computing damages for alleged international or domestic lost contractual opportunities.

The above objections are not meant to be exhaustive, as we have not fully evaluated the information provided in the amended disclosures and reserve the right to assert further objections or seek additional relief from the Court.

Despite our objections, we understand that you are standing on the amended disclosures served on January 4, 2024 and will not be providing any further amendments related to damages (aside from expert disclosures and reports) – if this is incorrect, please let me know today.

Finally, the amended disclosures state that Smartmatic has previously produced "virtually all" of the CRM data and "will produce the remaining shortly." Am. Discl. at p. 11. Please tell us when the remainder will be produced.

January 8, 2024
Page 3

                                                       Sincerely,

                                                       John K. Edwards

38649683v.1