# EXHIBIT 1-L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

      Plaintiffs,

  v.

HERRING NETWORKS, INC., d/b/a ONE
AMERICA NEWS NETWORK,

      Defendant.

No. 1:21-cv-02900-CJN

Judge Carl J. Nichols

## DEFENDANT'S FIRST SET OF INTERROGATORIES
## TO SGO CORPORATION LIMITED

Defendant Herring Networks, Inc., d/b/a One America News Network, through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 33, hereby requests that plaintiff SGO Corporation Limited respond to the following Interrogatories within thirty (30) days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.    "Alleged Defamatory Statements" shall mean the statements contained in Paragraphs 184, 196, 205, 218 and 227 of the Complaint, as well as any other allegedly defamatory statements otherwise referenced in the Complaint.

2.    The word "and" includes the disjunctive "or," and the word "or" includes the conjunctive "and." Words in the singular shall be interpreted to include the plural, and words in the plural shall be interpreted to include the singular. A masculine, feminine or neuter form of a word shall be interpreted to include the other genders. The use of any tense of any verb shall be interpreted to include all other tenses.

3.    "Articles at Issue" shall mean any articles alleged in the Complaint to contain any of the Alleged Defamatory Statements.

1

4.      "Communication" shall mean any written, electronic or verbal transmission of words or thoughts between or among two or more Persons, including, without limitation, any letter, email, instant or text message, social media post, blog, web posting, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks and reports, whether transmitted orally, in writing, or by any electronic device.

5.      "Complaint" shall mean the original Complaint filed in the above-captioned action by Plaintiffs, as well as any subsequent amendments thereto.

6.      "Defendant" and/or "Herring" shall mean defendant Herring Networks, Inc., d/b/a One America News Network.

7.      "Document" shall mean any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including, without limitation, agreements, contracts, correspondence, memoranda, letters, reports, Communications (as defined below) and Electronically Stored Information (as defined below), correspondence, telegrams, internal and external memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, ledgers, work papers, photographs, tape recordings, applications, video tapes, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of Persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in any Plaintiff's possession, custody or control, or the possession, custody or control of any Plaintiff's counsel, investors, agents, employees and/or Persons acting on any Plaintiff's behalf.

VP/#58396531

8.      "Dominion Entity(ies)" shall mean US Dominion, Inc., Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Dominion Entities.

9.      "Dominion Voting Systems Corporation" shall mean Dominion Voting Systems Corporation, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems Corporation.

10.     "Dominion Voting Systems, Inc." shall mean Dominion Voting Systems, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems, Inc.

11.     "Electronically Stored Information" or "ESI" shall mean originals and all copies of email; activity listings of email receipts and/or transmittals; voice-mail; audio or video recordings of any kind; facsimiles; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; social media posts; text messages; instant messages; metadata; output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; and electronic files and/or file fragments of any sort, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment. ESI also includes the file, folder tabs, containers or labels appended to any storage device

3

containing electronic data.  All ESI produced in response hereto should be produced in native format.

12.     "Herring Guests" shall mean and include the guests who appeared on the Programs at Issue or otherwise appeared on OAN, including but not limited to Rudolph Giuliani, Sidney Powell, Michael Lindell, Kyle Becker, Clay Clark, Joseph diGenova, Tom Fitton, Allan dos Santos, Keith Trippie, J. Michael Waller, Mary Fanning and Michael Flynn.

13.     "Herring Talent" shall mean and include all Herring employees that appeared on the Programs at Issue or otherwise appeared on OAN, including but not limited to Alex Salvi, Elma Aksalic, Kara McKinney, Mike Dinow, Patrick Hussion, Dan Ball, John Hines, Stephanie Hamill, Samantha Lomibao, Emily Finn and Christina Bobb.

14.     The word "identify" means:

        (a)     in the case of a natural person, to state:

                (i)     the full name;

                (ii)     the last known residence;

                (iii)     the last known telephone number;

                (iv)     the last known employer or business affiliation;

                (v)     the last known occupation and business position or title held; and

                (vi)     the subject matter about which the natural person has knowledge.

        (b)     in the case of any other person, to state:

                (i)     the name;

                (ii)     the date of its founding;

                (iii)     the name(s) of its founder(s);

                (iv)     the place of incorporation or organization;

                (v)     the place of principal business;

VP/#58396531

(vi)    the physical address for each and every leased or owned office and facility since its founding; and

(vii)   the date that it established a presence in each office.

(c)    in the case of a Document, whether or not privilege is claimed, to state:

    (i)    the type of Document (e.g., letter, memorandum, telegram, etc.);

    (ii)   the general subject matter of the Document;

    (iii)  the number of pages comprising the Document;

    (iv)  the present location and the identity of the custodian of the Document;

    (v)   the date it bears, if any;

    (vi)  the date the Document was prepared;

    (vii)  whether the Document was sent and, if so, the date it was sent; and

    (viii)  the identity of the author, originator, sender, each person who received the Document (whether or not named as an addressee), and each person known to have read the Document.

(d)    in the case of a Document, to state:

    (i)    the form of the Document;

    (ii)   whether the Document was in written form, and, if so, to identify the Document in the same manner that a Document is to be identified; and

    (iii)  if the Document was not in written form, to state:

        (1)   the manner in which the Document was made (telephone, conversation, etc.);

        (2)   the identity of each person who participated in or witnessed the Document;

        (3)   the subject matter and content of the Document; and

        (4)   the date of the Document.

    (iv)  in the case of a meeting or event, to state:

       (1)     the manner in which the meeting or event was held (in person, telephone, video or web conference, or other format);

       (2)     the identity of each Person who participated in or witnessed the meeting or event;

       (3)     the subject matter and other matters discussed during the meeting or event; and

       (4)     the date and location of the meeting or event.

    (v)     in the case of a financial contribution, contribution of services, or contribution of other things of value from third parties, to state:

       (1)      the date of the contribution;

       (2)     The amount of the financial contribution or, if a service, the approximate value;

       (3)     the identity of the contributing individual or entity; and

       (4)     if a loan or contingent contribution, the terms for repayment.

15.    "OAN" shall mean One America News Network.

16.    "Other Media Organizations" shall mean other news, media, and other similar organizations, including but not limited to CNN, CBS, ABC, PBS, The *Wall Street Journal*, *The New York Times*, MSNBC, *The Washington Post*, Fox News, Newsmax, *Politico*, *Vanity Fair*, Media Matters, *Bloomberg News, The Chicago Tribune, The Los Angeles Times, The Miami Herald*, the *Times of San Diego* and *National Public Radio*.

17.    "Person" shall mean a natural person or any business, company, corporation, association, partnership organization or other legal entity.

18.    "Plaintiff(s)" and/or "Smartmatic Entity(ies)" shall mean plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors,

VP/#58396531

partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Plaintiffs.

19.     "Programs at Issue" shall mean any broadcast or program on OAN alleged to contain any of the Alleged Defamatory Statements, including but not limited to *After Hours with Alex Salvi*, OAN *Newsroom*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan Ball*, *In Focus with Stephanie Hamill*, *Weekly Briefing with Christina Bobb*, and the Michael Lindell-produced programs titled *Absolute Proof*, *Scientific Proof*, *Absolute Interference* and *Absolutely 9-0*.

20.     The terms "relating to," "demonstrating," and "supporting" shall mean having any connection, association or concern with, or any relevance, relation, pertinence or applicability to or any implication bearing on, the subject matter, whether directly or indirectly.

21.     "SGO Corporation Limited" "You" and/or "Your" shall mean plaintiff SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SGO Corporation Limited.

22.     "Smartmatic International Holding B.V." shall mean plaintiff Smartmatic International Holding B.V., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic International Holding B.V.

23.     "Smartmatic USA Corp.," shall mean plaintiff Smartmatic USA Corp., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors,

VP/#58396531

partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic USA Corp.

24.     "Tweets at Issue" shall mean any tweets alleged in the Complaint to contain any of the Alleged Defamatory Statements.

25.     "US Dominion, Inc." shall mean plaintiff US Dominion, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of US Dominion, Inc.

26.     Where a claim of privilege is asserted in responding or objecting to any discovery requested herein and information is not provided on the basis of such assertion, Plaintiffs shall, in their response or objection, identify the nature of the privilege (including work product) which is being claimed.   When any privilege is claimed, Plaintiffs shall, as to the Documents and/or information requested, state whether:

> (a)     any Documents exist or any Communications took place; and
>
> (b)     provide the following information for each such Document or Document in a "privilege log" or similar format:
>
> > (i)     the type of Document or Document;
> >
> > (ii)     the general subject matter of the Document or Document;
> >
> > (iii)     the date of the Document or Document;
> >
> > (iv)     the author(s) of the Document or participants in the Document;
> >
> > (v)     the addressee(s) and any other recipient(s) of the Document; and
> >
> > (vi)     the custodian of the Document, where applicable.

27.     Unless otherwise indicated, the relevant time period for these Interrogatories is from January 1, 2020 to the present.

28.     These Interrogatories are continuing in nature and require supplemental response if the Plaintiffs obtain further information between the time of compliance and any hearing or trial in all actions between any of the Plaintiffs and any other party concerning the U.S. 2020 local, state and federal elections, including but not limited to the above-captioned action, as well as *Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al.*, Index No. 151136-2021 (New York Cnty., New York); *Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc.*, Case No. N21C-11-028 EMD (Del. Super. Ct.); *Smartmatic USA Corp., et al. v. Sidney Powell*, Case No. 21-cv-02995 (D.D.C.); *Smartmatic USA Corp., et al. v. Lindell, et al.*, Case No. 22-cv-00098 (D. Minn.), including without limitation all matters set forth in the Complaint, any answers, affirmative defenses or counterclaims, and all additional pleadings, motions, discovery, affidavits, or other matter related thereto in each such case.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1:**

Identify the Person(s) who prepared and/or assisted in the preparation of the Answers to these Interrogatories, including any Person(s) who supplied information and/or Documents used in the preparation of the Answers.  To the extent more than one Person prepared and/or assisted, identify which specific Answers each such Person prepared and/or assisted in preparing.

## **ANSWER:**

## **INTERROGATORY NO. 2:**

Identify and describe the factual basis for Your denial of (or failure to unequivocally admit) any of the First Set of Requests for Admission propounded upon You contemporaneously with this First Set of Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify each and every Smartmatic Entity, including those in the United States and in all foreign countries, since the founding of any Smartmatic Entity, including but not limited to every Smartmatic Entity in the countries identified in Footnotes 2 and 21 of the Complaint.

**ANSWER:**

**INTERROGATORY NO. 4:**

Identify all Persons, including but not limited to private entities and governmental entities, including but not limited to all foreign and U.S. national, state, county and local governmental entities from whom any Smartmatic Entity has sought a contract, including but not limited to contracts to conduct election caucuses, as well as contracts with subcontractors to assist Plaintiffs in conducting elections and election caucuses, and for each contract sought, identify whether any Smartmatic Entity was awarded the contract, and if so, describe (1) the work performed under each contract; (2) the term limit of each contract; and (3) the reason for the termination or non-renewal of each contract.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify all financial contributions, contributions of services, or contributions of other things of value from third parties that are funding this litigation brought by You.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify all current or former employees of, or personnel affiliated with, any Smartmatic Entity, including but not limited to those who have been or are currently employed by the U.S. government or in any federal, state or city-wide official, office or campaign, who have been or are referenced

VP/#58396531

in any criminal charge, civil complaint or administrative proceeding in which any Smartmatic

Entity was identified as a defendant, respondent or subject of a government investigation.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all instances in which any Smartmatic Entity's voting machines, equipment, hardware,

software and/or servers were not certified by any national, state, county or local governmental

agency in either the United States or abroad, as well as the reason for the lack of certification.

**ANSWER:**

**INTERROGATORY NO. 8:**

From the time any Smartmatic Entity began performing any business in the United States, provide

the amount of annual revenue derived by each Smartmatic Entity in each state.

**ANSWER:**

**INTERROGATORY NO. 9:**

From first Smartmatic Entity formation to the present, identify all hardware and/or software,

including but not limited to servers, licensed or purchased by any Smartmatic Entity for purposes

of its election machines, including the identity of the company from which the Smartmatic Entity

licensed or purchased the hardware or software, and the year in which each Smartmatic Entity

purchased or began licensing the hardware and/or software.

**ANSWER:**

**INTERROGATORY NO. 10:**

From the first Smartmatic Entity formation to the present, identify all Persons involved in any

Smartmatic Entity's voting machines, equipment, hardware, software and/or servers, including but

not limited to those Persons involved in the development, testing, implementation, inspection,

maintenance, updating, imaging, uploading or downloading of any Smartmatic Entity's voting

VP/#58396531

**INTERROGATORY NO. 17:**

Describe in detail all Smartmatic Entity past and/or present business relationships with other election machine and/or software companies, including but not limited to any Dominion Entity and Sequoia Voting Systems Inc.

**ANSWER:**

**INTERROGATORY NO. 18:**

Identify all public relations firms retained by any Smartmatic Entity from January 1, 2020 to the present.

**ANSWER:**

Dated:  October 24, 2022                     By: /s/ Blaine C. Kimrey

Blaine C. Kimrey, Bar No. IL0091
bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094
jpark@vedderprice.com
Bryan Clark, Bar No. IL0090
bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Avenue, Suite 500
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322

*Counsel for Herring Networks, Inc.*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of October 2022, I served the foregoing document on the following counsel of record by electronic mail, hand-delivery and overnight delivery:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com


/s/ Blaine Kimrey
Blaine Kimrey

VP/#58396531

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

        Plaintiffs,

   v.

HERRING NETWORKS, INC., d/b/a ONE
AMERICA NEWS NETWORK,

        Defendant.

No. 1:21-cv-02900-CJN

Judge Carl J. Nichols

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO SMARTMATIC INTERNATIONAL HOLDING B.V.

Defendant Herring Networks, Inc., d/b/a One America News Network, through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 33, hereby requests that plaintiff Smartmatic International Holding B.V. respond to the following Interrogatories within thirty (30) days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.    "Alleged Defamatory Statements" shall mean the statements contained in Paragraphs 184, 196, 205, 218 and 227 of the Complaint, as well as any other allegedly defamatory statements otherwise referenced in the Complaint.

2.    The word "and" includes the disjunctive "or," and the word "or" includes the conjunctive "and." Words in the singular shall be interpreted to include the plural, and words in the plural shall be interpreted to include the singular. A masculine, feminine or neuter form of a word shall be interpreted to include the other genders. The use of any tense of any verb shall be interpreted to include all other tenses.

3.    "Articles at Issue" shall mean any articles alleged in the Complaint to contain any of the Alleged Defamatory Statements.

1

4.      "Communication" shall mean any written, electronic or verbal transmission of words or thoughts between or among two or more Persons, including, without limitation, any letter, email, instant or text message, social media post, blog, web posting, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks and reports, whether transmitted orally, in writing, or by any electronic device.

5.      "Complaint" shall mean the original Complaint filed in the above-captioned action by Plaintiffs, as well as any subsequent amendments thereto.

6.      "Defendant" and/or "Herring" shall mean defendant Herring Networks, Inc., d/b/a One America News Network.

7.      "Document" shall mean any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including, without limitation, agreements, contracts, correspondence, memoranda, letters, reports, Communications (as defined below) and Electronically Stored Information (as defined below), correspondence, telegrams, internal and external memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, ledgers, work papers, photographs, tape recordings, applications, video tapes, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of Persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in any Plaintiff's possession, custody or control, or the possession, custody or control of any Plaintiff's counsel, investors, agents, employees and/or Persons acting on any Plaintiff's behalf.

VP/#58396773

8.      "Dominion Entity(ies)" shall mean US Dominion, Inc., Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Dominion Entities.

9.      "Dominion Voting Systems Corporation" shall mean Dominion Voting Systems Corporation, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems Corporation.

10.     "Dominion Voting Systems, Inc." shall mean Dominion Voting Systems, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems, Inc.

11.     "Electronically Stored Information" or "ESI" shall mean originals and all copies of email; activity listings of email receipts and/or transmittals; voice-mail; audio or video recordings of any kind; facsimiles; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; social media posts; text messages; instant messages; metadata; output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; and electronic files and/or file fragments of any sort, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment. ESI also includes the file, folder tabs, containers or labels appended to any storage device

3

containing electronic data.  All ESI produced in response hereto should be produced in native format.

12.     "Herring Guests" shall mean and include the guests who appeared on the Programs at Issue or otherwise appeared on OAN, including but not limited to Rudolph Giuliani, Sidney Powell, Michael Lindell, Kyle Becker, Clay Clark, Joseph diGenova, Tom Fitton, Allan dos Santos, Keith Trippie, J. Michael Waller, Mary Fanning and Michael Flynn.

13.     "Herring Talent" shall mean and include all Herring employees that appeared on the Programs at Issue or otherwise appeared on OAN, including but not limited to Alex Salvi, Elma Aksalic, Kara McKinney, Mike Dinow, Patrick Hussion, Dan Ball, John Hines, Stephanie Hamill, Samantha Lomibao, Emily Finn and Christina Bobb.

14.     The word "identify" means:

  (a)     in the case of a natural person, to state:

    (i)     the full name;

    (ii)     the last known residence;

    (iii)     the last known telephone number;

    (iv)     the last known employer or business affiliation;

    (v)     the last known occupation and business position or title held; and

    (vi)     the subject matter about which the natural person has knowledge.

  (b)     in the case of any other person, to state:

    (i)     the name;

    (ii)     the date of its founding;

    (iii)     the name(s) of its founder(s);

    (iv)     the place of incorporation or organization;

    (v)     the place of principal business;

     (vi)    the physical address for each and every leased or owned office and facility since its founding; and

     (vii)   the date that it established a presence in each office.

(c)    in the case of a Document, whether or not privilege is claimed, to state:

     (i)     the type of Document (e.g., letter, memorandum, telegram, etc.);

     (ii)    the general subject matter of the Document;

     (iii)   the number of pages comprising the Document;

     (iv)   the present location and the identity of the custodian of the Document;

     (v)    the date it bears, if any;

     (vi)    the date the Document was prepared;

     (vii)   whether the Document was sent and, if so, the date it was sent; and

     (viii)  the identity of the author, originator, sender, each person who received the Document (whether or not named as an addressee), and each person known to have read the Document.

(d)    in the case of a Document, to state:

     (i)     the form of the Document;

     (ii)    whether the Document was in written form, and, if so, to identify the Document in the same manner that a Document is to be identified; and

     (iii)   if the Document was not in written form, to state:

          (1)    the manner in which the Document was made (telephone, conversation, etc.);

          (2)    the identity of each person who participated in or witnessed the Document;

          (3)    the subject matter and content of the Document; and

          (4)    the date of the Document.

     (iv)   in the case of a meeting or event, to state:

VP/#58396773

(1)     the manner in which the meeting or event was held (in person, telephone, video or web conference, or other format);

(2)     the identity of each Person who participated in or witnessed the meeting or event;

(3)     the subject matter and other matters discussed during the meeting or event; and

(4)     the date and location of the meeting or event.

(v)     in the case of a financial contribution, contribution of services, or contribution of other things of value from third parties, to state:

(1)     the date of the contribution;

(2)     The amount of the financial contribution or, if a service, the approximate value;

(3)     the identity of the contributing individual or entity; and

(4)     if a loan or contingent contribution, the terms for repayment.

15.     "OAN" shall mean One America News Network.

16.     "Other Media Organizations" shall mean other news, media, and other similar organizations, including but not limited to CNN, CBS, ABC, PBS, The *Wall Street Journal*, *The New York Times*, MSNBC, *The Washington Post*, Fox News, Newsmax, *Politico*, *Vanity Fair*, Media Matters, *Bloomberg News, The Chicago Tribune, The Los Angeles Times, The Miami Herald*, the *Times of San Diego* and *National Public Radio*.

17.     "Person" shall mean a natural person or any business, company, corporation, association, partnership organization or other legal entity.

18.     "Plaintiff(s)" and/or "Smartmatic Entity(ies)" shall mean plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors,

6

partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Plaintiffs.

19.     "Programs at Issue" shall mean any broadcast or program on OAN alleged to contain any of the Alleged Defamatory Statements, including but not limited to *After Hours with Alex Salvi*, OAN *Newsroom*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan Ball*, *In Focus with Stephanie Hamill*, *Weekly Briefing with Christina Bobb*, and the Michael Lindell-produced programs titled *Absolute Proof*, *Scientific Proof*, *Absolute Interference* and *Absolutely 9-0*.

20.     The terms "relating to," "demonstrating," and "supporting" shall mean having any connection, association or concern with, or any relevance, relation, pertinence or applicability to or any implication bearing on, the subject matter, whether directly or indirectly.

21.     "SGO Corporation Limited" shall mean plaintiff SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SGO Corporation Limited.

22.     "Smartmatic International Holding B.V." "You" and/or "Your" shall mean plaintiff Smartmatic International Holding B.V., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic International Holding B.V.

23.     "Smartmatic USA Corp.," shall mean plaintiff Smartmatic USA Corp., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors,

VP/#58396773

partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic USA Corp.

24.     "Tweets at Issue" shall mean any tweets alleged in the Complaint to contain any of the Alleged Defamatory Statements.

25.     "US Dominion, Inc." shall mean plaintiff US Dominion, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of US Dominion, Inc.

26.     Where a claim of privilege is asserted in responding or objecting to any discovery requested herein and information is not provided on the basis of such assertion, Plaintiffs shall, in their response or objection, identify the nature of the privilege (including work product) which is being claimed.   When any privilege is claimed, Plaintiffs shall, as to the Documents and/or information requested, state whether:

       (a)     any Documents exist or any Communications took place; and

       (b)     provide the following information for each such Document or Document in a "privilege log" or similar format:

              (i)     the type of Document or Document;

              (ii)     the general subject matter of the Document or Document;

              (iii)     the date of the Document or Document;

              (iv)     the author(s) of the Document or participants in the Document;

              (v)     the addressee(s) and any other recipient(s) of the Document; and

              (vi)     the custodian of the Document, where applicable.

27.     Unless otherwise indicated, the relevant time period for these Interrogatories is from January 1, 2020 to the present.

28.     These Interrogatories are continuing in nature and require supplemental response if the Plaintiffs obtain further information between the time of compliance and any hearing or trial in all actions between any of the Plaintiffs and any other party concerning the U.S. 2020 local, state and federal elections, including but not limited to the above-captioned action, as well as *Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al.*, Index No. 151136-2021 (New York Cnty., New York); *Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc.*, Case No. N21C-11-028 EMD (Del. Super. Ct.); *Smartmatic USA Corp., et al. v. Sidney Powell*, Case No. 21-cv-02995 (D.D.C.); *Smartmatic USA Corp., et al. v. Lindell, et al.*, Case No. 22-cv-00098 (D. Minn.), including without limitation all matters set forth in the Complaint, any answers, affirmative defenses or counterclaims, and all additional pleadings, motions, discovery, affidavits, or other matter related thereto in each such case.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1:**

Identify the Person(s) who prepared and/or assisted in the preparation of the Answers to these Interrogatories, including any Person(s) who supplied information and/or Documents used in the preparation of the Answers.  To the extent more than one Person prepared and/or assisted, identify which specific Answers each such Person prepared and/or assisted in preparing.

## **ANSWER:**

## **INTERROGATORY NO. 2:**

Identify and describe the factual basis for Your denial of (or failure to unequivocally admit) any of the First Set of Requests for Admission propounded upon You contemporaneously with this First Set of Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify each and every Smartmatic Entity, including those in the United States and in all foreign countries, since the founding of any Smartmatic Entity, including but not limited to every Smartmatic Entity in the countries identified in Footnotes 2 and 21 of the Complaint.

**ANSWER:**

**INTERROGATORY NO. 4:**

Identify all Persons, including but not limited to private entities and governmental entities, including but not limited to all foreign and U.S. national, state, county and local governmental entities from whom any Smartmatic Entity has sought a contract, including but not limited to contracts to conduct election caucuses, as well as contracts with subcontractors to assist Plaintiffs in conducting elections and election caucuses, and for each contract sought, identify whether any Smartmatic Entity was awarded the contract, and if so, describe (1) the work performed under each contract; (2) the term limit of each contract; and (3) the reason for the termination or non-renewal of each contract.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify all financial contributions, contributions of services, or contributions of other things of value from third parties that are funding this litigation brought by You.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify all current or former employees of, or personnel affiliated with, any Smartmatic Entity, including but not limited to those who have been or are currently employed by the U.S. government or in any federal, state or city-wide official, office or campaign, who have been or are referenced

10

in any criminal charge, civil complaint or administrative proceeding in which any Smartmatic Entity was identified as a defendant, respondent or subject of a government investigation.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all instances in which any Smartmatic Entity's voting machines, equipment, hardware, software and/or servers were not certified by any national, state, county or local governmental agency in either the United States or abroad, as well as the reason for the lack of certification.

**ANSWER:**

**INTERROGATORY NO. 8:**

From the time any Smartmatic Entity began performing any business in the United States, provide the amount of annual revenue derived by each Smartmatic Entity in each state.

**ANSWER:**

**INTERROGATORY NO. 9:**

From the first Smartmatic Entity formation to the present, identify all hardware and/or software, including but not limited to servers, licensed or purchased by any Smartmatic Entity for purposes of its election machines, including the identity of the company from which the Smartmatic Entity licensed or purchased the hardware or software, and the year in which each Smartmatic Entity purchased or began licensing the hardware and/or software.

**ANSWER:**

**INTERROGATORY NO. 10:**

From first Smartmatic Entity formation to the present, identify all Persons involved in any Smartmatic Entity's voting machines, equipment, hardware, software and/or servers, including but not limited to those Persons involved in the development, testing, implementation, inspection, maintenance, updating, imaging, uploading or downloading of any Smartmatic Entity's voting

11

**INTERROGATORY NO. 17:**

Describe in detail all Smartmatic Entity past and/or present business relationships with other election machine and/or software companies, including but not limited to any Dominion Entity and Sequoia Voting Systems Inc.

**ANSWER:**

**INTERROGATORY NO. 18:**

Identify all public relations firms retained by any Smartmatic Entity from January 1, 2020 to the present.

**ANSWER:**


Dated:  October 24, 2022             By: /s/ Blaine C. Kimrey

                                     Blaine C. Kimrey, Bar No. IL0091
                                     bkimrey@vedderprice.com
                                     Jeanah Park, Bar No. IL0094
                                     jpark@vedderprice.com
                                     Bryan Clark, Bar No. IL0090
                                     bclark@vedderprice.com
                                     Brian Ledebuhr, Bar No. IL0093
                                     bledebuhr@vedderprice.com
                                     VEDDER PRICE P.C.
                                     222 North LaSalle Street
                                     Chicago, IL 60601
                                     T:  +1 312 609 7500
                                     F:  +1 312 609 5005

                                     Brian K. McCalmon, Bar No. 461196
                                     bmccalmon@vedderprice.com
                                     VEDDER PRICE P.C.
                                     1401 New York Avenue, Suite 500
                                     Washington, DC 20005
                                     T:  +1 202 312 3320
                                     F:  +1 202 312 3322

                                     *Counsel for Herring Networks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of October 2022, I served the foregoing document on

the following counsel of record by electronic mail, hand-delivery and overnight delivery:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com


/s/ Blaine Kimrey
Blaine Kimrey

VP/#58396773

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., *et al.*,

        Plaintiffs,

     v.

HERRING NETWORKS, INC., d/b/a ONE
AMERICA NEWS NETWORK,

        Defendant.

No. 1:21-cv-02900-CJN

Judge Carl J. Nichols

## DEFENDANT'S FIRST SET OF INTERROGATORIES
## TO SMARTMATIC USA CORP.

Defendant Herring Networks, Inc., d/b/a One America News Network, through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 33, hereby requests that plaintiff Smartmatic USA Corp. respond to the following Interrogatories within thirty (30) days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.     "Alleged Defamatory Statements" shall mean the statements contained in Paragraphs 184, 196, 205, 218 and 227 of the Complaint, as well as any other allegedly defamatory statements otherwise referenced in the Complaint.

2.     The word "and" includes the disjunctive "or," and the word "or" includes the conjunctive "and." Words in the singular shall be interpreted to include the plural, and words in the plural shall be interpreted to include the singular. A masculine, feminine or neuter form of a word shall be interpreted to include the other genders. The use of any tense of any verb shall be interpreted to include all other tenses.

3.     "Articles at Issue" shall mean any articles alleged in the Complaint to contain any of the Alleged Defamatory Statements.

1

4.      "Communication" shall mean any written, electronic or verbal transmission of words or thoughts between or among two or more Persons, including, without limitation, any letter, email, instant or text message, social media post, blog, web posting, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks and reports, whether transmitted orally, in writing, or by any electronic device.

5.      "Complaint" shall mean the original Complaint filed in the above-captioned action by Plaintiffs, as well as any subsequent amendments thereto.

6.      "Defendant" and/or "Herring" shall mean defendant Herring Networks, Inc., d/b/a One America News Network.

7.      "Document" shall mean any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including, without limitation, agreements, contracts, correspondence, memoranda, letters, reports, Communications (as defined below) and Electronically Stored Information (as defined below), correspondence, telegrams, internal and external memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, ledgers, work papers, photographs, tape recordings, applications, video tapes, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of Persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in any Plaintiff's possession, custody or control, or the possession, custody or control of any Plaintiff's counsel, investors, agents, employees and/or Persons acting on any Plaintiff's behalf.

VP/#58396551

8.      "Dominion Entity(ies)" shall mean US Dominion, Inc., Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Dominion Entities.

9.      "Dominion Voting Systems Corporation" shall mean Dominion Voting Systems Corporation, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems Corporation.

10.      "Dominion Voting Systems, Inc." shall mean Dominion Voting Systems, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems, Inc.

11.      "Electronically Stored Information" or "ESI" shall mean originals and all copies of email; activity listings of email receipts and/or transmittals; voice-mail; audio or video recordings of any kind; facsimiles; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; social media posts; text messages; instant messages; metadata; output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; and electronic files and/or file fragments of any sort, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment. ESI also includes the file, folder tabs, containers or labels appended to any storage device

3

containing electronic data. All ESI produced in response hereto should be produced in native format.

12.     "Herring Guests" shall mean and include the guests who appeared on the Programs at Issue or otherwise appeared on OAN, including but not limited to Rudolph Giuliani, Sidney Powell, Michael Lindell, Kyle Becker, Clay Clark, Joseph diGenova, Tom Fitton, Allan dos Santos, Keith Trippie, J. Michael Waller, Mary Fanning, and Michael Flynn.

13.     "Herring Talent" shall mean and include all Herring employees that appeared on the Programs at Issue or otherwise appeared on OAN, including but not limited to Alex Salvi, Elma Aksalic, Kara McKinney, Mike Dinow, Patrick Hussion, Dan Ball, John Hines, Stephanie Hamill, Samantha Lomibao, Emily Finn and Christina Bobb.

14.     The word "identify" means:

    (a)     in the case of a natural person, to state:

        (i)     the full name;

        (ii)     the last known residence;

        (iii)     the last known telephone number;

        (iv)     the last known employer or business affiliation;

        (v)     the last known occupation and business position or title held; and

        (vi)     the subject matter about which the natural person has knowledge.

    (b)     in the case of any other person, to state:

        (i)     the name;

        (ii)     the date of its founding;

        (iii)     the name(s) of its founder(s);

        (iv)     the place of incorporation or organization;

        (v)     the place of principal business;

4

   (vi) the physical address for each and every leased or owned office and facility since its founding; and

   (vii) the date that it established a presence in each office.

  (c) in the case of a Document, whether or not privilege is claimed, to state:

   (i) the type of Document (e.g., letter, memorandum, telegram, etc.);

   (ii) the general subject matter of the Document;

   (iii) the number of pages comprising the Document;

   (iv) the present location and the identity of the custodian of the Document;

   (v) the date it bears, if any;

   (vi) the date the Document was prepared;

   (vii) whether the Document was sent and, if so, the date it was sent; and

   (viii) the identity of the author, originator, sender, each person who received the Document (whether or not named as an addressee), and each person known to have read the Document.

  (d) in the case of a Document, to state:

   (i) the form of the Document;

   (ii) whether the Document was in written form, and, if so, to identify the Document in the same manner that a Document is to be identified; and

   (iii) if the Document was not in written form, to state:

    (1) the manner in which the Document was made (telephone, conversation, etc.);

    (2) the identity of each person who participated in or witnessed the Document;

    (3) the subject matter and content of the Document; and

    (4) the date of the Document.

VP/#58396551

      (iv)    in the case of a meeting or event, to state:

          (1)    the manner in which the meeting or event was held (in person, telephone, video or web conference, or other format);

          (2)    the identity of each Person who participated in or witnessed the meeting or event;

          (3)    the subject matter and other matters discussed during the meeting or event; and

          (4)    the date and location of the meeting or event.

      (v)    in the case of a financial contribution, contribution of services, or contribution of other things of value from third parties, to state:

          (1)    the date of the contribution;

          (2)    The amount of the financial contribution or, if a service, the approximate value;

          (3)    the identity of the contributing individual or entity; and

          (4)    if a loan or contingent contribution, the terms for repayment.

15.     "OAN" shall mean One America News Network.

16.     "Other Media Organizations" shall mean other news, media, and other similar organizations, including but not limited to CNN, CBS, ABC, PBS, The *Wall Street Journal*, *The New York Times*, MSNBC, *The Washington Post*, Fox News, Newsmax, *Politico*, *Vanity Fair*, Media Matters, *Bloomberg News, The Chicago Tribune, The Los Angeles Times, The Miami Herald*, the *Times of San Diego* and *National Public Radio*.

17.     "Person" shall mean a natural person or any business, company, corporation, association, partnership organization or other legal entity.

18.     "Plaintiff(s)" and/or "Smartmatic Entity(ies)" shall mean plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors,

VP/#58396551

partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Plaintiffs.

19.     "Programs at Issue" shall mean any broadcast or program on OAN alleged to contain any of the Alleged Defamatory Statements, including but not limited to *After Hours with Alex Salvi*, OAN *Newsroom*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan Ball*, *In Focus with Stephanie Hamill*, *Weekly Briefing with Christina Bobb*, and the Michael Lindell-produced programs titled *Absolute Proof*, *Scientific Proof*, *Absolute Interference* and *Absolutely 9-0*.

20.     The terms "relating to," "demonstrating," and "supporting" shall mean having any connection, association or concern with, or any relevance, relation, pertinence or applicability to or any implication bearing on, the subject matter, whether directly or indirectly.

21.     "SGO Corporation Limited" shall mean plaintiff SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SGO Corporation Limited.

22.     "Smartmatic International Holding B.V." shall mean plaintiff Smartmatic International Holding B.V., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic International Holding B.V.

23.     "Smartmatic USA Corp.," "You" and/or "Your" shall mean plaintiff Smartmatic USA Corp., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents,

7

representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic USA Corp.

24. "Tweets at Issue" shall mean any tweets alleged in the Complaint to contain any of the Alleged Defamatory Statements.

25. "US Dominion, Inc." shall mean plaintiff US Dominion, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of US Dominion, Inc.

26. Where a claim of privilege is asserted in responding or objecting to any discovery requested herein and information is not provided on the basis of such assertion, Plaintiffs shall, in their response or objection, identify the nature of the privilege (including work product) which is being claimed. When any privilege is claimed, Plaintiffs shall, as to the Documents and/or information requested, state whether:

    (a)    any Documents exist or any Communications took place; and

    (b)    provide the following information for each such Document or Document in a "privilege log" or similar format:

        (i)    the type of Document or Document;

        (ii)    the general subject matter of the Document or Document;

        (iii)    the date of the Document or Document;

        (iv)    the author(s) of the Document or participants in the Document;

        (v)    the addressee(s) and any other recipient(s) of the Document; and

        (vi)    the custodian of the Document, where applicable.

27. Unless otherwise indicated, the relevant time period for these Interrogatories is from January 1, 2020 to the present.

VP/#58396551

28.     These Interrogatories are continuing in nature and require supplemental response if the Plaintiffs obtain further information between the time of compliance and any hearing or trial in all actions between any of the Plaintiffs and any other party concerning the U.S. 2020 local, state and federal elections, including but not limited to the above-captioned action, as well as *Smartmatic USA Corp., et al. v. Fox News Network, LLC, et al.*, Index No. 151136-2021 (New York Cnty., New York); *Smartmatic USA Corp. and SGO Corporation Unlimited v. Newsmax Media, Inc.*, Case No. N21C-11-028 EMD (Del. Super. Ct.); *Smartmatic USA Corp., et al. v. Sidney Powell*, Case No. 21-cv-02995 (D.D.C.); *Smartmatic USA Corp., et al. v. Lindell, et al.*, Case No. 22-cv-00098 (D. Minn.), including without limitation all matters set forth in the Complaint, any answers, affirmative defenses or counterclaims, and all additional pleadings, motions, discovery, affidavits, or other matter related thereto in each such case.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1:**

Identify the Person(s) who prepared and/or assisted in the preparation of the Answers to these Interrogatories, including any Person(s) who supplied information and/or Documents used in the preparation of the Answers.  To the extent more than one Person prepared and/or assisted, identify which specific Answers each such Person prepared and/or assisted in preparing.

## **ANSWER:**

## **INTERROGATORY NO. 2:**

Identify and describe the factual basis for Your denial of (or failure to unequivocally admit) any of the First Set of Requests for Admission propounded upon You contemporaneously with this First Set of Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify each and every Smartmatic Entity, including those in the United States and in all foreign countries, since the founding of any Smartmatic Entity, including but not limited to every Smartmatic Entity in the countries identified in Footnotes 2 and 21 of the Complaint.

**ANSWER:**

**INTERROGATORY NO. 4:**

Identify all Persons, including but not limited to private entities and governmental entities, including but not limited to all foreign and U.S. national, state, county and local governmental entities from whom any Smartmatic Entity has sought a contract, including but not limited to contracts to conduct election caucuses, as well as contracts with subcontractors to assist Plaintiffs in conducting elections and election caucuses, and for each contract sought, identify whether any Smartmatic Entity was awarded the contract, and if so, describe (1) the work performed under each contract; (2) the term limit of each contract; and (3) the reason for the termination or non-renewal of each contract.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify all financial contributions, contributions of services, or contributions of other things of value from third parties that are funding this litigation brought by You.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify all current or former employees of, or personnel affiliated with, any Smartmatic Entity, including but not limited to those who have been or are currently employed by the U.S. government or in any federal, state or city-wide official, office or campaign, who have been or are referenced

10

in any criminal charge, civil complaint or administrative proceeding in which any Smartmatic Entity was identified as a defendant, respondent or subject of a government investigation.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all instances in which any Smartmatic Entity's voting machines, equipment, hardware, software and/or servers were not certified by any national, state, county or local governmental agency in either the United States or abroad, as well as the reason for the lack of certification.

**ANSWER:**

**INTERROGATORY NO. 8:**

From the time any Smartmatic Entity began performing any business in the United States, provide the amount of annual revenue derived by each Smartmatic Entity in each state.

**ANSWER:**

**INTERROGATORY NO. 9:**

From first Smartmatic Entity formation to the present, identify all hardware and/or software, including but not limited to servers, licensed or purchased by any Smartmatic Entity for purposes of its election machines, including the identity of the company from which the Smartmatic Entity licensed or purchased the hardware or software, and the year in which each Smartmatic Entity purchased or began licensing the hardware and/or software.

**ANSWER:**

**INTERROGATORY NO. 10:**

From the first Smartmatic Entity formation to the present, identify all Persons involved in any Smartmatic Entity's voting machines, equipment, hardware, software and/or servers, including but not limited to those Persons involved in the development, testing, implementation, inspection, maintenance, updating, imaging, uploading or downloading of any Smartmatic Entity's voting

VP/#58396551

**INTERROGATORY NO. 17:**

Describe in detail all Smartmatic Entity past and/or present business relationships with other election machine and/or software companies, including but not limited to any Dominion Entity and Sequoia Voting Systems Inc.

**ANSWER:**

**INTERROGATORY NO. 18:**

Identify all public relations firms retained by any Smartmatic Entity from January 1, 2020 to the present.

**ANSWER:**


Dated:  October 24, 2022

By: /s/ Blaine C. Kimrey

Blaine C. Kimrey, Bar No. IL0091
bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094
jpark@vedderprice.com
Bryan Clark, Bar No. IL0090
bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Avenue, Suite 500
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322

*Counsel for Herring Networks, Inc.*

VP/#58396551

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of October 2022, I served the foregoing document on

the following counsel of record by electronic mail, hand-delivery and overnight delivery:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com


                                    /s/ Blaine Kimrey
                                    Blaine Kimrey

VP/#58396551