# EXHIBIT 1-M

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., et al.,

         )
    Plaintiffs,    )
         )
  v.        )   No. 1:21-cv-02900-CJN
         )
HERRING NETWORKS, INC., d/b/a )   Judge Carl J. Nichols
ONE AMERICA NEWS NETWORK )
         )
    Defendant.    )

## PLAINTIFFS' OMNIBUS ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") by and through undersigned counsel, hereby provide the following omnibus answers and objections to Defendants Herring Networks, Inc.'s, d/b/a One America News Network ("OAN") First Set of Interrogatories to Plaintiffs[1] (the "Interrogatories" and, individually, each an "Interrogatory"). Smartmatic's answers are hereby provided without waiver of any questions or objections to relevancy or admissibility as evidence. These answers are specifically made subject to objection during any part of these proceedings.

## GENERAL OBJECTIONS

The following General Objections are incorporated into Smartmatic's responses as though fully set forth herein. The Specific Objections identified for the Interrogatories further identify additional objections specific to that Interrogatory. The General Objections are not waived, or in any way limited, by the Specific Objections. Smartmatic's agreement to provide any responsive

---

[1] Defendant served identical First Set of Interrogatories on each Plaintiff; Plaintiffs respond collectively to Defendant's First Set of Interrogatories in these Omnibus Answers and Objections.

and non-privileged information or documents in response to the Interrogatories shall not be construed as a waiver of any right or objections to the Interrogatories or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1.      Smartmatic objects to the Interrogatories to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Interrogatories. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise.  Likewise, Smartmatic shall not be prejudiced if any of its present objections, answers, and responses are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

2.      Smartmatic objects to the Requests, including the Definitions and Instructions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case.

3.      Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing contained in Smartmatic's responses to these Interrogatories is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial,

or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.      Smartmatic objects to the Interrogatories to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Interrogatories, such production will be subject to the protective order entered by the Court.

5.      Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6.      Smartmatic objects to the Interrogatories to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents or information does not constitute an agreement to produce documents or information protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7.      Smartmatic objects to the Interrogatories to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8.      Smartmatic objects to the Interrogatories to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity. Smartmatic further objects to the Interrogatories as overbroad and unduly burdensome to the extent that they fail to specify reasonable time limitations. When Smartmatic

responds to an Interrogatory that it will produce documents sufficient to show the requested information subject to its objections and a reasonable search, that reasonable search will be governed by the objections and conditions set forth in Smartmatic's Omnibus Responses and Objections to Defendants Herring Networks, Inc., d/b/a One America News Network's First Set of Requests for Production.

9.    Smartmatic objects to the Interrogatories to the extent that they seek "any" or "all" information on the grounds that such Interrogatories are overbroad and unduly burdensome.

10.    Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11.    Smartmatic objects to the Interrogatories as overbroad and unduly burdensome to the extent they essentially require Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12.    Smartmatic objects to the Interrogatories to the extent that they call for a legal conclusion.

13.    Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14.    Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is already in OAN's possession, custody, or control, or is equally available to OAN.

15.    Smartmatic objects to the Interrogatories to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16.     Smartmatic objects to the definition of "Dominion Entity(ies)" as vague, ambiguous, overbroad, and overly burdensome. Smartmatic will construe "Dominion Entity(ies)" to mean the corporate entities US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation.

17.     Smartmatic objects to the definition of "Plaintiff(s)," "Smartmatic Entity(ies)," "SGO Corporation Limited," "Smartmatic International Holding B.V.," "Smartmatic USA Corp.," "You," and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that they include persons and entities that are not parties to this action and who do not possess responsive information.

18.     Smartmatic objects to the Interrogatories to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

19.     Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Interrogatories, or that Smartmatic endorses the use of the term.

20.     An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

21.     As identified in Defendant's Definitions and Instructions, unless otherwise indicated, the relevant time period for Smartmatic's answers is January 1, 2020 to the present.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

Identify the Person(s) who prepared and/or assisted in the preparation of the Answers to these Interrogatories, including any Person(s) who supplied information and/or Documents used in the preparation of the Answers. To the extent more than one Person prepared and/or assisted, identify which specific Answers each such Person prepared and/or assisted in preparing.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Subject to and without waiving the foregoing objections, Smartmatic responds that the following individuals have provided information in response to these Interrogatories: Antonio Mugica, Roger Piñate, Eduardo Correia, James Long, and Samira Saba.

## INTERROGATORY NO. 2:

Identify and describe the factual basis for Your denial of (or failure to unequivocally admit) any of the First Set of Requests for Admission propounded upon You contemporaneously with this First Set of Interrogatories.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further incorporates its objections to Defendant's First Set of Requests for Admission. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory as overbroad, overly burdensome, and as violating Federal Rule of Civil Procedure 33(a)(1). *See Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal. 1998) ("Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based, however, essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a).").

**INTERROGATORY NO. 3:**

Identify each and every Smartmatic Entity, including those in the United States and in all foreign countries, since the founding of any Smartmatic Entity, including but not limited to every Smartmatic Entity in the countries identified in Footnotes 2 and 21 of the Complaint.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory as overbroad and overly burdensome to the extent that it seeks information regarding "each and every Smartmatic Entity," regardless of that entity's relevance to the claims and defenses in this action. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic will produce organizational charts sufficient to show the corporate structure of Smartmatic during the relevant time period.

**INTERROGATORY NO. 4:**

Identify all Persons, including but not limited to private entities and governmental entities, including but not limited to all foreign and U.S. national, state, county and local governmental entities from whom any Smartmatic Entity has sought a contract, including but not limited to contracts to conduct election caucuses, as well as contracts with subcontractors to assist Plaintiffs in conducting elections and election caucuses, and for each contract sought, identify whether any Smartmatic Entity was awarded the contract, and if so, describe (1) the work performed under each contract; (2) the term limit of each contract; and (3) the reason for the termination or non-renewal of each contract.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it

seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory to the extent it seeks information or documentation protected from disclosure under confidentiality under other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Interrogatory to the extent that it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Interrogatory to the extent that it seeks "all" such information on the grounds that such Interrogatories are overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that it will produce its contracts for the provision of voting technology, and any bids, RFI responses and RFP responses submitted by Smartmatic for the provision of voting technology, within the relevant time period of January 1, 2020 to the present as identified by Defendant.

**INTERROGATORY NO. 5:**

Identify all financial contributions, contributions of services, or contributions of other things of value from third parties that are funding this litigation brought by You.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to the terms "contributions," "other things of value," and "third parties" as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further

objects to this Interrogatory to the extent that it seeks "all" such information on the grounds that such Interrogatories are overbroad and unduly burdensome.

## INTERROGATORY NO. 6:

Identify all current or former employees of, or personnel affiliated with, any Smartmatic Entity, including but not limited to those who have been or are currently employed by the U.S. government or in any federal, state or city-wide official, office or campaign, who have been or are referenced in any criminal charge, civil complaint or administrative proceeding in which any Smartmatic Entity was identified as a defendant, respondent or subject of a government investigation.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory to the extent that it seeks "all" such information on the grounds that such Interrogatories are overbroad and unduly burdensome. Smartmatic objects to the terms "personnel affiliated with" and "referenced in any criminal charge," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome.  Subject to and without waiving the foregoing objections, Smartmatic responds that it will provide a response only upon such time as this Interrogatory is narrowed in scope.

## INTERROGATORY NO. 7:

Identify all instances in which any Smartmatic Entity's voting machines, equipment, hardware, software and/or servers were not certified by any national, state, county or local governmental agency in either the United States or abroad, as well as the reason for the lack of certification.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other

applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic objects to the phrases "not certified" and "lack of certification" as used in this Interrogatory, as vague and ambiguous. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Interrogatory to the extent that it seeks "all" such information on the grounds that such Interrogatories are overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic responds that it will provide a response only upon such time as this Interrogatory is clarified and narrowed in scope.

## INTERROGATORY NO. 8:

From the time any Smartmatic Entity began performing any business in the United States, provide the amount of annual revenue derived by each Smartmatic Entity in each state.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and overly burdensome to the extent that it seeks information outside of the reasonable time frame relevant to this action. Smartmatic further objects to the phrases "performing any businesses" and "derived by," and "in each state" as used in this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without

waiving the foregoing objections, Smartmatic responds that it will provide a response only upon such time as this Interrogatory is clarified and narrowed in scope.

## INTERROGATORY NO. 9:

From first Smartmatic Entity formation to the present, identify all hardware and/or software, including but not limited to servers, licensed or purchased by any Smartmatic Entity for purposes of its election machines, including the identity of the company from which the Smartmatic Entity licensed or purchased the hardware or software, and the year in which each Smartmatic Entity purchased or began licensing the hardware and/or software.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory as irrelevant and overbroad. Smartmatic further objects to the unlimited time frame and geographic scope for the information sought by this Interrogatory as overly burdensome, overbroad, and not proportional to the needs of the case. Smartmatic further objects to this Interrogatory to the extent that it seeks "all" such information on the grounds that such Interrogatories are overbroad and unduly burdensome.

## INTERROGATORY NO. 10:

From the first Smartmatic Entity formation to the present, identify all Persons involved in any Smartmatic Entity's voting machines, equipment, hardware, software and/or servers, including but not limited to those Persons involved in the development, testing, implementation, inspection, maintenance, updating, imaging, uploading or downloading of any Smartmatic Entity's voting machines, equipment, hardware, software and/or servers in the United States and abroad, and also including but not limited to those Persons involved in connection with the voting machines or related storage servers or devices used during the U.S. 2020 local, state and federal elections.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information

protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic objects to the terms "involved in," "development," "testing," "implementation," "inspection," "maintenance," "updating," "imaging," "uploading," and "downloading," as used in this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Interrogatory as irrelevant and overbroad. Smartmatic further objects to the unlimited time frame and geographic scope for the information sought by this Interrogatory as overly burdensome, overbroad, and not proportional to the needs of the case. Smartmatic further objects to this Interrogatory to the extent that it seeks "all" such information on the grounds that such Interrogatories are overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic will produce documents sufficient to identify Smartmatic employees with primary responsibility for the development, testing, implementation, inspection, maintenance, updating, imaging, uploading or downloading of any Smartmatic's voting machines and software utilized in the 2020 Presidential Election.

**INTERROGATORY NO. 11:**

Identify all instances when the voting machines, equipment, software and/or servers of any Smartmatic Entity received software updates or any other maintenance (whether hardware or software related) from January 1, 2020 to November 3, 2020, and for each instance, identify the number of machines impacted, the nature of the update or maintenance, the relevant date, the location of the machines on the date of the update or maintenance and on November 3, 2020, whether the machines were employed in the U.S. 2020 local, state and federal elections, and any problems, concerns or issues that arose as a result of the updates or maintenance.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to the phrase "other maintenance," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Interrogatory to the extent that it seeks "all" such information on the grounds that such Interrogatories are overbroad and unduly burdensome. Smartmatic further objects to this Interrogatory to the extent that it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Interrogatory on the grounds that it is overly broad and not reasonably limited in scope to the extent it seeks information unrelated to Smartmatic's role in the 2020 Presidential Election or to the defamatory statements detailed in the Complaint. Accordingly, Smartmatic's response to this Interrogatory is limited to the election machines and software developed by Smartmatic and utilized in the 2020 U.S. Presidential Election. Subject to and without waiving the foregoing objections, Smartmatic states that the following versions of the technology it developed for use by Los Angeles County in the 2020 Presidential Election have been certified by the Secretary of State of the State of California: VSAP 1.0; VSAP 2.0; VSAP 2.1; VSAP 2.2; and VSAP 3.0. Responding further, Smartmatic states that it was not responsible for applying software updates to the voting machines or equipment utilized in the 2020 Presidential Election.

**INTERROGATORY NO. 12:**

Identify all Persons who, since the founding of any Smartmatic Entity, have raised issues concerning any Smartmatic Entity's products, equipment, software or services, including but not

limited to concerns about potential or alleged security issues, vulnerabilities, vote tabulation errors or bribes, including but not limited to those issues raised in the United States, the Philippines and Kenya, including but not limited to those issues raised by the United States Department of Justice, the Philippines' Commission on Elections and any Person asserting a lawsuit against any Smartmatic Entity, and for each such Person, identify (1) the date of Communication or such issue(s); (2) the nature of the issue(s); and (3) the actions taken by any Smartmatic Entity to address the issue(s).

      **ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory to the extent that it seeks "all" such information on the grounds that such Interrogatories are overbroad and unduly burdensome. Smartmatic further objects to the terms "founding," "issues," "concerns," "security issues," "vulnerabilities," "vote tabulation errors," "bribes" as used in the Interrogatory as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and unduly burdensome to the extent that it seeks information outside of a reasonable time frame relevant to this action. Smartmatic further objects to the extent that it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Interrogatory on the grounds that it is overly broad and not reasonably limited in scope to the extent it seeks information unrelated to Smartmatic's role in the 2020 Presidential Election or to the defamatory statements detailed in the Complaint. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic will produce documents sufficient to identify persons who have raised issues concerning any security issues, vulnerabilities, vote

tabulation errors, or bribes with regard to the voting machines and technology developed by Smartmatic and utilized in the 2020 Presidential Election, to the extent that they exist and can be located by a reasonable search.


## INTERROGATORY NO. 13:

From the first Smartmatic Entity formation to the present, identify all audits performed on any of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by a third party, including (1) the identity of the entity or Person that performed each audit; (2) the result of each audit; (3) and the actions taken by any Smartmatic Entity to address any issue(s) found in each audit.

**ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory to the extent that it seeks "all" such information on the grounds that such Interrogatories are overbroad and unduly burdensome. Smartmatic further objects to this Interrogatory to the extent that it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the terms "formation," "third party," and "issue(s)" as used in this Interrogatory, as vague, ambiguous, and overbroad. Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and unduly burdensome to the extent that it seeks information outside of a reasonable time frame relevant to this action. Smartmatic further objects to this Interrogatory on the grounds that it is overly broad and not reasonably limited in scope to the extent it seeks information unrelated to Smartmatic's role in the 2020 Presidential Election or to the defamatory statements detailed in the Complaint. Subject to and without waiving the

foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic will produce documents sufficient to identify post-election audits of the machines or software developed by Smartmatic and utilized in the 2020 Presidential election, to the extent that they exist and can be located by reasonable search.

## INTERROGATORY NO. 14:

From the first Smartmatic Entity formation to the present, identify any reports, investigations or audits any Smartmatic Entity performed in connection with any Smartmatic Entity's voting equipment or software, including but not limited to any Smartmatic Entity's voting equipment or software utilized in the U.S. 2020 local, state and federal elections.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to the terms "formation," "reports," and "investigations" as used in this Interrogatory, as vague, ambiguous, and overbroad. Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and unduly burdensome to the extent that it seeks information outside of a reasonable time frame relevant to this action. Smartmatic further objects to this Interrogatory on the grounds that it is overly broad and not reasonably limited in scope to the extent it seeks information unrelated to Smartmatic's role in the 2020 Presidential Election or to the defamatory statements detailed in the Complaint. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic will produce documents sufficient to identify post-election audits of the machines or software developed by Smartmatic and utilized

in the 2020 Presidential election, to the extent that they exist and can be located by reasonable search.

## INTERROGATORY NO. 15:

Identify all versions of any website of any Smartmatic Entity from creation to the present.

**ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory to the extent that it seeks "all" such information on the grounds that such Interrogatories are overbroad and unduly burdensome. Smartmatic further objects to the terms "versions" and "any website," as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and unduly burdensome to the extent that it seeks information outside of a reasonable time frame relevant to this action. Smartmatic further objects to this Interrogatory on the grounds that it is overly broad and not reasonably limited in scope to the extent it seeks information unrelated to Smartmatic's role in the 2020 Presidential Election or to the defamatory statements detailed in the Complaint.

## INTERROGATORY NO. 16:

Describe how any Smartmatic Entity stores, maintains or otherwise retains its election data, including but not limited to any Smartmatic Entity's retention policy for election data from the U.S. 2020 local, state and federal elections.

**ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other

applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it

seeks information that is not relevant to any claim or defense asserted in this Action and is not

reasonably calculated to lead to the discovery of admissible evidence. Smartmatic objects to the

terms "election data" as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic

further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's

possession, custody, or control. Smartmatic further objects to this Interrogatory on the grounds

that it is overly broad and not reasonably limited in scope to the extent it seeks information

unrelated to Smartmatic's role in the 2020 Presidential Election or to the defamatory statements

detailed in the Complaint. Smartmatic further objects to this Interrogatory to the extent it seeks

information or documentation protected from disclosure under confidentiality or other agreements

with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving

the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic

responds that with regard to the 2020 Presidential Election, Smartmatic was responsible for the

development, manufacturing, and implementation of Ballot Marking Devices ("BMDs"), a

component of Los Angeles County's Voting Solutions for All People ("VSAP") voting system.

The BMD is the primary voter interface system and consists of a touchscreen, an audio and tactile

controller, and dual-switch input that voters use to generate, verify, and cast a paper ballot.

Completed ballots are transferred to the Integrated Ballot Box, attached to the BMD. The BMD

does not tabulate or retain voting data.

**INTERROGATORY NO. 17:**

Describe in detail all Smartmatic Entity past and/or present business relationships with other
election machine and/or software companies, including but not limited to any Dominion Entity
and Sequoia Voting Systems Inc.

      **ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information

protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory to the extent that it seeks "all" such information on the grounds that such Interrogatories are overbroad and unduly burdensome. Smartmatic objects to the terms, "business relationships" as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to the reference to "other election machine and/or software companies" as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic states: Smartmatic has no present business relationship with Dominion or Sequoia Voting Systems. Responding further, Smartmatic states that it has never leased, sold, assigned, or licensed intellectual property owned by Smartmatic to Dominion. With regard to Sequoia Voting Systems, Smartmatic states that Smartmatic International Corporation Delaware acquired Sequoia in 2005. In 2007, Smartmatic sold Sequoia to a group of private U.S. investors comprised of Sequoia's executive management team at the time of the sale.

**INTERROGATORY NO. 18:**

Identify all public relations firms retained by any Smartmatic Entity from January 1, 2020 to the present.

      **ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving the foregoing objections, Smartmatic retained the following public relations firms from January 1, 2020 to present: Stratbase Research Institute Inc., The Issues and Crisis Group LLC, SEC Newgate US LLC, Scott Circle Communications, Inc., Courtney Torres Consulting, Inc., Latinon Inc., Tecnología Estadística Consultores en Opinión Pública (TEST S DE R L), Jesús Enrique Delgado Valery, Every Solutions, Plus 351, Mario Agustin Valdez, Mariana Izturiz Boada, iMaat S.A.S, Social Media Comunicaciones (Sergio Morataya), and Televideo Advertising Inc.

Date:  December 16, 2022                         Respectfully submitted,

                                                */s/ J. Erik Connolly*
                                                J. Erik Connolly (D.C. Bar No. IL0099)
                                                Nicole E. Wrigley (D.C. Bar No. IL0101)
                                                Lee B. Muench (admitted *pro hac vice*)
                                                Julie M. Loftus (admitted *pro hac vice*)
                                                BENESCH, FRIEDLANDER, COPLAN &
                                                ARONOFF LLP
                                                71 South Wacker Drive, Suite 1600
                                                Chicago, IL 60606
                                                Telephone: 312.212.4949
                                                econnolly@beneschlaw.com
                                                nwrigley@beneschlaw.com
                                                lmuench@beneschlaw.com
                                                jloftus@beneschlaw.com

                                                *Attorneys for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 16, 2022, copies of the foregoing

**Plaintiffs' Omnibus Responses and Objections to Defendant's First Set of Interrogatories**

were served via email on all attorneys of record:

**VEDDER PRICE P.C.**

Blaine Kimrey
Jeanah Park
Bryan Clark
Brian Ledebuhr
222 North LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 609 5005
bkimrey@vedderprice.com
jpark@vedderprice.com
bclark@vedderprice.com
bledebuhr@vedderprice.com

Brian K. McCalmon
1401 New York Avenue, Suite 500
Washington, DC 20005
T: +1 202 312 3320
F: +1 202 312 3322
bmccalmon@vedderprice.com


*/s/ J. Erik Connolly*
J. Erik Connolly

## VERIFICATION OF ROBERT COOK

COUNTY OF PALM BEACH            )
                                    ) SS.

STATE OF FLORIDA                    )

Robert Cook hereby affirms under penalties of perjury the following:

I am authorized to execute this verification on behalf of Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited. I have read the foregoing responses to interrogatories and know the contents thereof, and believe the same to be true and correct to the best of my knowledge, information and belief.

Dated:  December 19 2022

Robert Cook

SWORN TO AND SUBSCRIBED BEFORE ME on this 5 day of December, 2022.

_____
NOTARY PUBLIC

9

SOLIMAR ALMAO
Notary Public - State of Florida
Commission # HH 267296
My Comm. Expires Aug 16, 2025
Bonded through National Notary Assn.