# EXHIBIT 1-N



John K. Edwards
(713) 752-4319 (Direct Dial)
(713) 308-4117 (Direct Fax)
jedwards@jw.com

July 25, 2023

*Via Email*
Caitlin Kovacs, Esq. (ckovacs@beneschlaw.com)
Olivia Sullivan, Esq. (osullivan@beneschlaw.com)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606

  Re: *Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America News Network*, **Case No. 1:21-cv-02900-CJN (D.D.C.)**

Dear Caitlin and Olivia:

  I write in response to your letter dated July 21, 2023 ("July 21 Letter") regarding search terms and custodians applicable to Smartmatic, and also to address a deficient interrogatory response.

  First, we confirm that Smartmatic will not agree to the following custodians and we are at an impasse: Marlon Garcia, Neil Baniqued, Jose Gregario, Camargo Castellanos, Marco Huberts, and Heider Garcias Rivas.

  Second, we request that Smartmatic agree to Brian Courtney as a custodian. We understand that Courtney has been a Communications Manager at Smartmatic from 2019 through the present. Courtney is listed as Smartmatic's corporate affiliate contact for the National Association of Secretaries of State. Courtney's internal and external communications relating to the 2020 Presidential Election and related matters are highly relevant to Smartmatic's claims and OAN's defenses in this lawsuit. We request that Courtney be added as a custodian – please advise by Friday your position on Courtney.

  Third, your July 21 Letter attached a revised chart of agreed search terms that we previously provided. In that chart, Smartmatic agreed to search queries numbered 7, 36, 40, 60, and 159. As to search query numbered 362, you clarified that the query was "left in as an error." By removing search query 362, the total number of current search terms applicable to OAN's First Requests for Production set forth in the attached chart is 375. Please confirm the attached chart accurately reflects current agreements.

  Fourth, it appears that the following search queries are not agreed to by Smartmatic: 5, 6, 8, 9, 63, 64, 67-70, 79, 81, 92, 99-101, 105, 107, 109-111, 117-119, 122-124, 127, 128, 131-133, 148, 150, 225, 232, 237, 243, 245-252, 255-258, 265, 266, 279, 280, 287, 289, 293, 296, 300, 307, 310, 314, 321, 336, 338, and 343. Please advise whether you intend to make any counter-proposals for these queries.

July 25, 2023
Page 2

Finally, we request that Smartmatic amend its response to OAN's Interrogatory No. 4, which states:

<u>Interrogatory</u>: Identify all Persons, including but not limited to private entities and governmental entities, including but not limited to all foreign and U.S. national, state, county and local governmental entities from whom any Smartmatic Entity has sought a contract, including but not limited to contracts to conduct election caucuses, as well as contracts with subcontractors to assist Plaintiffs in conducting elections and election caucuses, and for each contract sought, identify whether any Smartmatic Entity was awarded the contract, and if so, describe (1) the work performed under each contract; (2) the term limit of each contract; and (3) the reason for the termination or non-renewal of each contract.

<u>Response</u>: Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory to the extent it seeks information or documentation protected from disclosure under confidentiality under other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Interrogatory to the extent that it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Interrogatory to the extent that it seeks "all" such information on the grounds that such Interrogatories are overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that it will produce its contracts for the provision of voting technology, and any bids, RFI responses and RFP responses submitted by Smartmatic for the provision of voting technology, within the relevant time period of January 1, 2020 to the present as identified by Defendant.

As stated in previous meet and confer correspondence, including OAN's letter dated January 23, 2023, this is a deficient response because it neither identifies the information sought nor complies with Federal Rule of Civil Procedure 33(d), which requires Smartmatic to identify responsive documents with a minimum level of specificity so that OAN can determine which documents are being referenced by Smartmatic's response.

We request that, by August, 2, 2023, Smartmatic (1) amend its answer to either provide a full answer identifying the information requested or, alternatively, identify by Bates number those documents Smartmatic references in the above response that will fully disclose the requested information; and (2) inform us whether any documents are being withheld under the stated objections, particularly under the relevancy or confidentiality objections, and if so, please provide sufficient information to identify those documents.

July 25, 2023
Page 3

                                                Sincerely,

                                                John K. Edwards