# EXHIBIT 1-Q



Carl C. Butzer
(214) 953-5902 (Direct Dial)
(214) 661-6609 (Direct Fax)
cbutzer@jw.com

September 18, 2023

*Via Email*
Caitlin Kovacs, Esq. (ckovacs@beneschlaw.com)
Olivia Sullivan, Esq. (osullivan@beneschlaw.com)
Amakie Amattey, Esq. (aamattey@beneschlaw.com)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606

      Re:    ***Smartmatic USA Corp., et al. v. Herring Networks, Inc., d/b/a One America News Network*, Case No. 1:21-cv-02900-CJN (D.D.C.)**

Dear Caitlin & Olivia,

I write regarding certain deficiencies that remain in Smartmatic's responses to OAN's Interrogatories. Please let me know by Wednesday, September 20, 2023, whether Smartmatic agrees to supplement its responses to Interrogatory Nos. 3, 4, 8, 10, 12-14, 16, and 19-23 no later than Tuesday, September 26, 2023.

## I.    OAN's First Set of Interrogatories

**Interrogatory No. 3: Identify each and every Smartmatic Entity, including those in the United States and in all foreign countries, since the founding of any Smartmatic Entity, including but not limited to every Smartmatic Entity in the countries identified in Footnotes 2 and 21 of the Complaint.**

      We do not seek information protected from disclosure, and it cannot be seriously argued that providing the requested information is overly burdensome. Identification of every Smartmatic Entity, since the inception of the original Smartmatic entity, is highly relevant here. In their Complaint, Plaintiffs plead that one of them (Smartmatic International Holding B.V.) "owns election technology and software companies in United States (Smartmatic USA Corp.), Barbados, Australia, United Kingdom, Panama, Haiti, Belgium, Singapore, Netherlands, Mexico, Ecuador, Brazil, Estonia, Taiwan, and the Philippines as well as branches in Colombia, Argentina, Honduras, Pakistan, Italy, Jamaica, and El Salvador." Elsewhere in the Complaint, in a section apparently related to alleged damages, Plaintiffs plead that "Smartmatic's business pipeline includes sales and opportunities through subsidiaries wholly owned by Smartmatic International Holding B.V. in the United States, Barbados, Australia, United Kingdom, Panama, Haiti, Belgium, Singapore, Netherlands, Mexico, Ecuador, Brazil, Estonia, Taiwan, and the Philippines as well as branches in Colombia, Argentina, Honduras, Pakistan, Italy, Jamaica, and El Salvador." Also in the Complaint, Plaintiffs plead that all three of the Plaintiffs were "founded" in 2000. Para. 22 (using the defined term "Smartmatic"). Your current response states Plaintiffs will "produce organizational charts sufficient to show the corporate structure of Smartmatic during the relevant

September 18, 2023
Page 2

_____

time period." We've been unable to locate documents you claim to have produced from which a full answer can be discerned, and we think a straightforward response to this basic interrogatory is much more appropriate than making OAN sift through Plaintiffs' documents. <u>Please supplement this interrogatory response</u>.

**Interrogatory No. 4: Identify all Persons, including but not limited to private entities and governmental entities, including but not limited to all foreign and U.S. national, state, county and local governmental entities from whom any Smartmatic Entity has sought a contract, including but not limited to contracts to conduct election caucuses, as well as contracts with subcontractors to assist Plaintiffs in conducting elections and election caucuses, and for each contract sought, identify whether any Smartmatic Entity was awarded the contract, and if so, describe (1) the work performed under each contract; (2) the term limit of each contract; and (3) the reason for the termination or non-renewal of each contract.**

Plaintiffs responded they would "produce [their] contracts for the provision of voting technology, and any bids, RFI responses and RFP responses submitted by Smartmatic for the provision of voting technology, within the relevant time period of January 1, 2020 to the present as identified by Defendant." Subsequently, in correspondence dated February 22, 2023, Plaintiffs said they would produce only documents sufficient to show contracts with Smartmatic USA Corp., SGO Corporation Limited, and/or Smartmatic International Holding B.V. to provide voting machines, election technology, and/or services from 2006 to the present. But the interrogatory is not limited to *actual* contracts; it also seeks the identity of persons from whom contracts have been *sought*; and as for *awarded* contracts, it requests a description of "(1) the work performed under each contract; (2) the term limit of each contract; and (3) the reason for the termination or non-renewal of each contract." Plaintiffs' response is deficient in that it does not identify all responsive information. <u>Please supplement this interrogatory response</u>.

**Interrogatory No. 8: From the time any Smartmatic Entity began performing any business in the United States, provide the amount of annual revenue derived by each Smartmatic Entity in each state.**

Plaintiffs responded they would "provide a response only upon such time as this Interrogatory is clarified and narrowed in scope." Subsequently, in correspondence dated February 22, 2023, Plaintiffs offered to produce documents sufficient to show the amount of annual revenue derived by each Smartmatic Entity in each state from 2016 to the present. We've been unable to identify documents fully responding to this interrogatory in Plaintiffs' document production. <u>We request that each Plaintiff serve supplemental answers to this interrogatory identifying all responsive information</u>, as each Plaintiff must produce in discovery, and ultimately prove, its own claimed lost profits resulting from alleged reputational harm. *See, e.g.*, *Sec. Indus. & Fin. Markets Ass'n v. U.S. Commodity Futures Trading Comm'n*, 67 F. Supp. 3d 373, 406–07 (D.D.C. 2014) (collecting cases, describing the general rule that corporations are treated as separate legal entities).

**Interrogatory No. 10: From the first Smartmatic Entity formation to the present, identify all Persons involved in any Smartmatic Entity's voting machines, equipment, hardware, software and/or servers, including but not limited to those Persons involved in the**

September 18, 2023
Page 3

_____

development, testing, implementation, inspection, maintenance, updating, imaging, uploading or downloading of any Smartmatic Entity's voting machines, equipment, hardware, software and/or servers in the United States and abroad, and also including but not limited to those Persons involved in connection with the voting machines or related storage servers or devices used during the U.S. 2020 local, state and federal elections.

Plaintiffs responded they would "produce documents sufficient to identify Smartmatic employees with primary responsibility for the development, testing, implementation, inspection, maintenance, updating, imaging, uploading or downloading of any Smartmatic's voting machines and software utilized in the 2020 Presidential Election." Even if such documents were produced (which we have not yet discovered) they would not sufficiently respond to this interrogatory. Please supplement this interrogatory response to provide the requested information.

**Interrogatory No. 12: Identify all Persons who, since the founding of any Smartmatic Entity, have raised issues concerning any Smartmatic Entity's products, equipment, software or services, including but not limited to concerns about potential or alleged security issues, vulnerabilities, vote tabulation errors or bribes, including but not limited to those issues raised in the United States, the Philippines and Kenya, including but not limited to those issues raised by the United States Department of Justice, the Philippines' Commission on Elections and any Person asserting a lawsuit against any Smartmatic Entity, and for each such Person, identify (1) the date of Communication or such issue(s); (2) the nature of the issue(s); and (3) the actions taken by any Smartmatic Entity to address the issue(s).**

Plaintiffs responded they would "produce documents sufficient to identify persons who have raised issues concerning any security issues, vulnerabilities, vote tabulation errors, or bribes with regard to the voting machines and technology developed by Smartmatic and utilized in the 2020 Presidential Election, to the extent that they exist and can be located by a reasonable search." We've not identified the documents you refer to, and Plaintiffs' response is deficient in that it does not identify all responsive information (e.g., oral statements, other jurisdictions, other litigants). Please supplement this interrogatory response to provide the requested information.

**Interrogatory No. 13: From the first Smartmatic Entity formation to the present, identify all audits performed on any of any Smartmatic Entity's voting machines, equipment, hardware, software, and/or servers by a third party, including (1) the identity of the entity or Person that performed each audit; (2) the result of each audit; (3) and the actions taken by any Smartmatic Entity to address any issue(s) found in each audit.**

**Interrogatory No. 14: From the first Smartmatic Entity formation to the present, identify any reports, investigations or audits any Smartmatic Entity performed in connection with any Smartmatic Entity's voting equipment or software, including but not limited to any Smartmatic Entity's voting equipment or software utilized in the U.S. 2020 local, state and federal elections.**

In response to both interrogatories, Plaintiffs only agreed to produce documents sufficient to identify "post-election audits of the machines or software developed by Smartmatic and utilized in the 2020 Presidential election." But the interrogatories request information from *before* and after

September 18, 2023
Page 4

_____

the 2020 Presidential Election, and that information is relevant to Smartmatic's claims—especially with respect to Smartmatic's alleged reputational harm. <u>Please amend your response to include information responsive to the full timeframe of the request, including audits and reports predating the 2020 Presidential Election</u>.

**Interrogatory No. 16: Describe how any Smartmatic Entity stores, maintains or otherwise retains its election data, including but not limited to any Smartmatic Entity's retention policy for election data from the U.S. 2020 local, state and federal elections.**

Plaintiffs unilaterally narrow the responsive timeframe to the 2020 elections. This is an improper time restriction, unless Plaintiffs take the position they do not retain elections data. <u>Please amend your response to remove the unilateral time restriction and provide a full response to the interrogatory</u>.

## II.   <u>OAN's Second Set of Interrogatories</u>

**Interrogatory No. 19: Identify and describe all SMARTMATIC SYSTEMS, including without limitation any legacy hardware, software, and source code, used in the 2020 PRESIDENTIAL ELECTION. Your answer should include, but not be limited to: (1) identification of every state, county, and local jurisdiction in the United States that used any component of each identified SMARTMATIC SYSTEMS; and (2) the specific components of the SMARTMATIC SYSTEMS used in each jurisdiction, including the type of system(s) used, including any name(s), make(s), model(s), product number(s), and/or version(s).**

Plaintiffs objects that this interrogatory is duplicative of Interrogatory Nos. 5, 9, 10, and 11. But it is not. Interrogatory 5 asks for information relating to the funding of this litigation by third parties; Interrogatory 9 asks about technology licensed or purchased for election machines; Interrogatory 10 asks for the identity of persons involved in the development, etc. of Smartmatic's technology; and Interrogatory 11 asks for information relating to software updates or maintenance on Smartmatic machines between January 1, 2020 and the presidential election later that year. Here, we seek the identification and description of all Smartmatic Systems, as defined in OAN's Second Set of Interrogatories. <u>Please supplement this response, and confirm whether Plaintiffs are withholding other responsive information pursuant to their objections</u>.

**Interrogatory No. 20: Identify all vendors, contractors, and/or other Persons or Third Parties retained, hired, or contracted by You relating to the 2020 PRESIDENTIAL ELECTION. Your answer should include, but not be limited to: (1) identification of the Person(s) retained, hired, or contracted with; (2) the nature of the retention, hiring, or contracting; and (3) identification of all Documents and Communications concerning such retention, hiring, or contracting.**

Plaintiffs objects on confidentiality grounds and raise a number of other objections, including that this request is duplicative of Interrogatory Nos. 4, 9, and 10. As discussed above, OAN's position remains that the protective order qualifies as a court order that provides specific protections for the production of documents that are otherwise confidential. <u>Accordingly, please</u>

September 18, 2023
Page 5

―――――――――――――

withdraw the objection based on documents being "protected from disclosure under confidentiality under other agreements."

Also, Interrogatory 4 asks for the identity of parties from whom Plaintiffs sought a contract; Interrogatory 9 asks about technology licensed or purchased by Plaintiffs for their election machines; and Interrogatory 10 asks for the identity of persons involved in the development, etc. of Smartmatic's technology. By contrast, Interrogatory No. 20 asks Plaintiffs to identify all vendors, contractors, and/or other persons retained, hired, or contracted relating to the 2020 Presidential Election. It is not duplicative of any of the aforementioned interrogatories. Please supplement the response to provide fully responsive information.

**Interrogatory No. 21: Identify all statements by OAN that You contend were defamatory. In identifying each statement, identify: (1) the broadcast where the statement was made; (2) the date of the statement; and (3) the speaker.**

The only response Plaintiffs offer is to direct OAN to certain paragraphs of the Complaint (paragraphs 171, 176, 179, 184, 196, 205, 218, and 227). Please supplement your response to this interrogatory.

**Interrogatory No. 22: To the extent You contend that any COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS made any false suggestions, impressions, or implications, identify: (1) each allegedly false suggestion, impression, or implication for each of the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS; and (2) for each allegedly false suggestion, impression, or implication, the factual basis for Your contention that the statement created a false suggestion, impression, or implication.**

Here again, the only response Plaintiffs offer is to direct OAN to certain paragraphs of the Complaint (paragraphs 22-64, 180, 187-94, 199-203, 208-16, 221-25, 230-37, 242-49, and 257-354). Please supplement your response to this interrogatory.

**Interrogatory No. 23: Identify the employees who allegedly made "false allegations" against You as described in Your statement in U.S. Authorities Probe How Smartmatic Won Venezuela Election Pact, Wall Street Journal, Dec. 1, 2006, https://www.wsj.com/articles/SB116493756785237566, and identify any cease and desist letters You sent to these employees.**

Plaintiffs object on confidentiality grounds and raise relevance objections, among others. As discussed above, OAN's position remains that the protective order qualifies as a court order that provides specific protections for the production of documents that are otherwise confidential. Accordingly, please withdraw the objection based on documents being "protected from disclosure under confidentiality under other agreements."

Also, this interrogatory asks Plaintiffs to identify employees who allegedly made "false allegations" against them as described in the December 1, 2006, article linked in the request. Plaintiffs' reputation—including their reputation before the 2020 Presidential Election—is

September 18, 2023
Page 6

_____

relevant, and reputational harm suffered at the hands of their own employees is especially relevant. <u>Please supplement your response to this interrogatory</u>.

     We look forward to your response.

                        Sincerely,

                        Carl C. Butzer