# EXHIBIT 1-S

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:21-cv-02900-CJN |
| ) | |
| HERRING NETWORKS, INC., d/b/a ) | Judge Carl J. Nichols |
| ONE AMERICA NEWS NETWORK ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' OMNIBUS ANSWERS AND OBJECTIONS
TO DEFENDANT'S THIRD SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") by and through undersigned counsel, hereby provide the following omnibus answers and objections to Defendants Herring Networks, Inc.'s, d/b/a One America News Network ("OANN") Third Set of Interrogatories to Plaintiffs[1] (the "Interrogatories" and, individually, each an "Interrogatory"). Smartmatic's answers are hereby provided without waiver of any questions or objections to relevancy or admissibility as evidence. These answers are specifically made subject to objection during any part of these proceedings.

**GENERAL OBJECTIONS**

The following General Objections are incorporated into Smartmatic's responses as though fully set forth herein. The Specific Objections identified for the Interrogatories further identify additional objections specific to that Interrogatory. The General Objections are not waived, or in any way limited, by the Specific Objections. Smartmatic's agreement to provide any responsive

---

[1] Because Defendant served an identical Third Set of Interrogatories on each Plaintiff, Plaintiffs respond collectively to Defendant's Third Set of Interrogatories in these Omnibus Responses and Objections.

1

and non-privileged information or documents in response to the Interrogatories shall not be construed as a waiver of any right or objections to the Interrogatories or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1. Smartmatic objects to the Interrogatories to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Interrogatories. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise. Likewise, Smartmatic shall not be prejudiced if any of its present objections, answers, and responses are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

2. Smartmatic objects to the Requests, including the Definitions and Instructions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case.

3. Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure by attorney-client privilege, attorney work product doctrine, joint defense privilege, or any other applicable privilege or immunity from production. Nothing contained in Smartmatic's responses to these Interrogatories is intended, or should in any way be deemed, to waive any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise

protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4. Smartmatic objects to the Interrogatories to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Interrogatories, such production will be subject to the protective order entered by the Court.

5. Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6. Smartmatic objects to the Interrogatories to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents or information does not constitute an agreement to produce documents or information protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7. Smartmatic objects to the Interrogatories to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8. Smartmatic objects to the Interrogatories to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity. Smartmatic further objects to the Interrogatories as overbroad and unduly burdensome to the extent that they fail to specify reasonable time limitations. When Smartmatic

responds to an Interrogatory that it will produce documents sufficient to show the requested information subject to its objections and a reasonable search, that reasonable search will be governed by the objections and conditions set forth in Smartmatic's Omnibus Responses and Objections to Defendants Herring Networks, Inc., d/b/a One America News Network's Second Set of Requests for Production.

9. Smartmatic objects to the Interrogatories to the extent that they seek "any" or "all" information on the grounds that such Interrogatories are overbroad and unduly burdensome.

10. Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11. Smartmatic objects to the Interrogatories as overbroad and unduly burdensome to the extent they essentially require Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12. Smartmatic objects to the Interrogatories to the extent that they call for a legal conclusion.

13. Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14. Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is already in OANN's possession, custody, or control, or is equally available to OANN.

15. Smartmatic objects to the Interrogatories to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16. Smartmatic objects to the definition of "Dominion Entity(ies)" as vague, ambiguous, overbroad, and overly burdensome. Smartmatic will construe "Dominion Entity(ies)" to mean the corporate entities US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation.

17. Smartmatic objects to the definition of "Plaintiff(s)," "Smartmatic Entity(ies)," "SGO Corporation Limited," "Smartmatic International Holding B.V.," "Smartmatic USA Corp.," "You," and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that they include persons and entities that are not parties to this action and who do not possess responsive information.

18. Smartmatic objects to the Interrogatories to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

19. Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Interrogatories, or that Smartmatic endorses the use of the term.

20. An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

21. As identified in Defendant's Definitions and Instructions, unless otherwise indicated, the relevant time period for Smartmatic's answers is January 1, 2020, to the present.

## INTERROGATORIES

**INTERROGATORY NO. 24:**

Identify, for each year from 2016 through the present, all bids You submitted to any domestic or foreign governmental entity, whether in response to a request for solicitation, request for proposal, request for bid, invitation to bid, or otherwise, where you were not selected as a winning bidder or

contract awardee, and for each instance, identify the reason(s) provided to You for not being selected.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further incorporates its objections to Defendant's First and Second Set of Interrogatories. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information or documentation protected from disclosure under confidentiality under other agreements with third parties into which Smartmatic has entered or to which Smartmatic is subject. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory to the extent that it seeks "all" such information on the grounds that such Interrogatories are overbroad and unduly burdensome. Smartmatic further objects to this Interrogatory as overly broad, burdensome, and vague. Smartmatic further objects to this Interrogatory as duplicative of Defendant's Interrogatory No. 4.

Date:  December 4, 2023                         Respectfully submitted,

                                                                */s/ J. Erik Connolly*
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Caitlin A. Kovacs (admitted *pro hac vice*)
Olivia Sullivan (admitted *pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 4, 2023, copies of the foregoing **Plaintiffs' Omnibus Responses and Objections to Defendant's Third Set of Interrogatories** were served via email on all attorneys of record:

Charles L. Babcock
Nancy W. Hamilton
John K. Edwards
Joel R. Glover
Minoo Blaesche
Bethany Pickett Shah
Carl C. Butzer
JACKSON WALKER LLP
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4210
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
mblaesche@jw.com
bpickett@jw.com
cbutzer@jw.com

Trent McCotter
BOYDEN GRAY & ASSOCIATES
801 17th St NW, #350
Washington, DC 20006
Telephone: (202) 706-5488
mccotter@boydengrayassociates.com

*Attorneys for the Defendants*

                                              */s/ J. Erik Connolly*
                                              J. Erik Connolly