# EXHIBIT 1-T

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK, | Judge Carl J. Nichols |
| Defendant. | |

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO SGO CORPORATION LIMITED

Defendant Herring Networks, Inc., d/b/a One America News Network, through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 34, hereby requests that plaintiff SGO CORPORATION LIMITED produce the following Documents within thirty (30) days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.      "Alleged Defamatory Statements" means the statements in Paragraphs 184, 196, 205, 218, and 227 of the Complaint, as well as any other allegedly defamatory statements otherwise referenced in the Complaint.

2.      The word "and" includes the disjunctive "or," and the word "or" includes the conjunctive "and." Words in the singular shall be interpreted to include the plural, and words in the plural shall be interpreted to include the singular. A masculine, feminine or neuter form of a word shall be interpreted to include the other genders. The use of any tense of any verb shall be interpreted to include all other tenses.

3.      "Articles at Issue" means any articles alleged in the Complaint to contain any of the Alleged Defamatory Statements.

1

4.      "Comelec" means the Philippines' Commission on Elections, as well all commissioners, employees, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Comelec.

5.      "Communication" means any written, electronic, or verbal transmission of words or thoughts between or among two or more Persons, including, without limitation, any letter, email, instant or text message, social media post, blog post, web posting, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks, and reports, whether transmitted orally, in writing, or by any electronic device.

6.      "Complaint" means the original Complaint filed in the above-captioned action by Plaintiffs, as well as any subsequent amendments thereto.

7.      "Defendant" and/or "Herring" means defendant Herring Networks, Inc., d/b/a One America News Network.

8.      "Document" means any writing, graphic matter, or other tangible or digital thing, whether printed, recorded, produced by any process, or written or produced by hand, including, without limitation, agreements, contracts, correspondence, memoranda, letters, reports, Communications (as defined above) and Electronically Stored Information (as defined below), correspondence, telegrams, internal and external memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, ledgers, work papers, photographs, tape recordings, applications, video tapes, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of Persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any

VP/#58192097

way different from the original now in any Plaintiffs' possession, custody or control, or the possession, custody or control of any Plaintiffs' counsel, investors, agents, employees and/or Persons acting on any Plaintiff's behalf.

9.      "Dominion Entity(ies)" means US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, as well all parents, subsidiaries, related or affiliated entities, successors and predecessors (including but not limited to Sequoia Voting Systems), officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Dominion Entities.

10.     "Dominion Voting Systems Corporation" shall mean Dominion Voting Systems Corporation, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems Corporation.

11.     "Dominion Voting Systems, Inc.," shall mean Dominion Voting Systems, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems, Inc.

12.     "Electronically Stored Information" or "ESI" shall mean originals and all copies of email; activity listings of email receipts and/or transmittals; voicemail; audio or video recordings of any kind; facsimiles; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; social media posts; text messages; instant messages; metadata; output resulting from the use of any software program, including word processing Documents,

3

spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; and electronic files and/or file fragments of any sort, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment. ESI also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.  All ESI produced in response hereto should be produced in native format.

13.    "Herring Guests" shall mean and include the guests who appeared on the Programs at Issue or otherwise appeared on OAN, including but not limited to Rudolph Giuliani, Sidney Powell, Michael Lindell, Kyle Becker, Clay Clark, Joseph diGenova, Tom Fitton, Allan dos Santos, Keith Trippie, J. Michael Waller, Mary Fanning, and Michael Flynn.

14.    "Herring Talent" shall mean and include all Herring employees who appeared on the Programs at Issue or otherwise appeared on OAN, including but not limited to Alex Salvi, Elma Aksalic, Kara McKinney, Mike Dinow, Patrick Hussion, Dan Ball, John Hines, Stephanie Hamill, Samantha Lomibao, Emily Finn, and Christina Bobb.

15.    "OAN" shall mean One America News Network.

16.    "Other Media Organizations" shall mean other news, media, and other similar organizations, including but not limited to CNN, CBS, ABC, PBS, *The Wall Street Journal*, *The New York Times*, MSNBC, *The Washington Post*, Fox News, Newsmax, *Politico*, *Vanity Fair*, Media Matters, *Bloomberg News, The Chicago Tribune, The Los Angeles Times, The Miami Herald*, the *Times of San Diego* and *National Public Radio*.

17.    "Person" shall mean a natural person or any business, company, corporation, association, partnership organization, or other legal entity.

18.     "Plaintiff(s)" and/or "Smartmatic Entity(ies)" shall mean plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Smartmatic Entities.

19.     "Programs at Issue" shall mean any broadcast or program on OAN alleged to contain any of the Alleged Defamatory Statements, including but not limited to *After Hours with Alex Salvi*, *OAN Newsroom*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan Ball*, *In Focus with Stephanie Hamill*, *Weekly Briefing with Christina Bobb*, and the Michael Lindell-produced programs titled *Absolute Proof*, *Scientific Proof*, *Absolute Interference*, and *Absolutely 9-0*.

20.     The terms "relating to," "regarding," "demonstrating," and "supporting" shall mean having any connection, association or concern with, or any relevance, relation, pertinence, or applicability to or any implication bearing on, the subject matter, whether directly or indirectly.

21.     "Retraction Demands" shall mean the retraction demand letters dated December 11, 2020 and October 27, 2021 from Plaintiffs to Herring.

22.     "SGO Corporation Limited" "You" and/or "Your" shall mean plaintiff SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SGO Corporation Limited.

23.     "Smartmatic International Holding B.V.," shall mean plaintiff Smartmatic International Holding B.V., as well all parents, subsidiaries, related and affiliated entities,

VP/#58192097

successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic International Holding B.V.

24.     "Smartmatic USA Corp.," shall mean plaintiff Smartmatic USA Corp., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic USA Corp.

25.     "Tweets at Issue" shall mean any tweets alleged in the Complaint to contain any of the Alleged Defamatory Statements.

26.     "US Dominion, Inc.," shall mean US Dominion, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of US Dominion, Inc.

27.     Where a claim of privilege is asserted in responding or objecting to any discovery requested herein and information is not provided on the basis of such assertion, Plaintiffs shall, in their response or objection, identify the nature of the privilege (including work product) which is being claimed.   When any privilege is claimed, Plaintiffs shall, as to the Documents and/or information requested, whether:

> (a)     any Documents exist or any Communications took place; and
>
> (b)     provide the following information for each such Document or Communication in a "privilege log" or similar format:
>
>> (i)      the type of Document or Communication;
>>
>> (ii)     the general subject matter of the Document or Communication;
>>
>> (iii)    the date of the Document or Communication;

(iv)    the author(s) of the Document or participants in the Communication;

(v)    the addressee(s) and any other recipient(s) of the Document; and

(vi)    the custodian of the Document, where applicable.

28.    Unless otherwise indicated, the relevant time period for these Requests for Production is from January 1, 2020 to the present.

29.    These Requests for Production are continuing in nature and require supplemental response if Plaintiffs obtain further information between the time of compliance and any hearing or trial in the above-captioned case.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Documents identified in Your Answers to the First Set of Interrogatories propounded upon You contemporaneously with this First Set of Requests for Production, as well as any and all Documents reviewed or relied upon in answering those Interrogatories.

**RESPONSE:**

**REQUEST NO. 2:**

Documents relating to, referenced in, and/or providing a basis for Your responses to the First Set of Requests for Admission propounded upon You contemporaneously with this First Set of Requests for Production.

**RESPONSE:**

**REQUEST NO. 3:**

All discovery requests and responses of any type (i.e. interrogatories and responses, document requests and responses, requests to admit and responses, deposition transcripts and video, deposition errata sheets, subpoenas and responses, open records act requests and responses, and

created the appearance that Smartmatic is odious and infamous," as alleged in Paragraph 446 of the Complaint.

**RESPONSE:**

**REQUEST NO. 56:**

All Documents and Communications relating to Your contention that You were injured by the Alleged Defamatory Statements.

**RESPONSE:**

**REQUEST NO. 57:**

Documents and Communications that support Your request for no less than $2.7 billion in actual, consequential, and special damages in the above-captioned case, as well as Documents and Communications that demonstrate the actions any Smartmatic Entity has undertaken to mitigate its alleged damages.

**RESPONSE:**

**REQUEST NO. 58:**

Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed).

**RESPONSE:**

**REQUEST NO. 59:**

Documents and Communications that support Your request for punitive damages.

**RESPONSE:**

**RESPONSE:**

**REQUEST NO. 82:**

Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections.

**RESPONSE:**

**REQUEST NO. 83:**

Documents and Communications relating to the method, manner, procedure, or formulation by which You calculate Your economic damages.

**RESPONSE:**

**REQUEST NO. 84:**

Documents and Communications with any insurance carrier regarding the alleged harm and/or damages for which You seek recovery in this litigation.

**RESPONSE:**

**REQUEST NO. 85:**

All financial audits and documents and correspondence from accounting professionals concerning any Smartmatic Entity from 2004 to the present.

**RESPONSE:**

**REQUEST NO. 86:**

All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors.

**RESPONSE:**

28

Dated:  October 24, 2022

By: /s/ Blaine C. Kimrey

Blaine C. Kimrey, Bar No. IL0091
bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094
jpark@vedderprice.com
Bryan Clark, Bar No. IL0090
bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Avenue, Suite 500
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322

*Counsel for Herring Networks, Inc.*

VP/#58192097

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October 2022, I served the foregoing document on

the following counsel of record by electronic mail, hand-delivery and overnight delivery:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com


/s/ Blaine Kimrey
Blaine Kimrey

VP/#58192097

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK, | Judge Carl J. Nichols |
| Defendant. | |

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO SMARTMATIC INTERNATIONAL HOLDING B.V.

Defendant Herring Networks, Inc., d/b/a One America News Network, through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 34, hereby requests that plaintiff Smartmatic International Holding B.V. produce the following Documents within thirty (30) days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.      "Alleged Defamatory Statements" means the statements in Paragraphs 184, 196, 205, 218, and 227 of the Complaint, as well as any other allegedly defamatory statements otherwise referenced in the Complaint.

2.      The word "and" includes the disjunctive "or," and the word "or" includes the conjunctive "and."  Words in the singular shall be interpreted to include the plural, and words in the plural shall be interpreted to include the singular.  A masculine, feminine or neuter form of a word shall be interpreted to include the other genders.  The use of any tense of any verb shall be interpreted to include all other tenses.

3.      "Articles at Issue" means any articles alleged in the Complaint to contain any of the Alleged Defamatory Statements.

1

4.      "Comelec" means the Philippines' Commission on Elections, as well all commissioners, employees, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Comelec.

5.      "Communication" means any written, electronic, or verbal transmission of words or thoughts between or among two or more Persons, including, without limitation, any letter, email, instant or text message, social media post, blog post, web posting, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks, and reports, whether transmitted orally, in writing, or by any electronic device.

6.      "Complaint" means the original Complaint filed in the above-captioned action by Plaintiffs, as well as any subsequent amendments thereto.

7.      "Defendant" and/or "Herring" means defendant Herring Networks, Inc., d/b/a One America News Network.

8.      "Document" means any writing, graphic matter, or other tangible or digital thing, whether printed, recorded, produced by any process, or written or produced by hand, including, without limitation, agreements, contracts, correspondence, memoranda, letters, reports, Communications (as defined above) and Electronically Stored Information (as defined below), correspondence, telegrams, internal and external memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, ledgers, work papers, photographs, tape recordings, applications, video tapes, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of Persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any

way different from the original now in any Plaintiffs' possession, custody or control, or the possession, custody or control of any Plaintiffs' counsel, investors, agents, employees and/or Persons acting on any Plaintiff's behalf.

9.      "Dominion Entity(ies)" means US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, as well all parents, subsidiaries, related or affiliated entities, successors and predecessors (including but not limited to Sequoia Voting Systems), officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Dominion Entities.

10.      "Dominion Voting Systems Corporation" shall mean Dominion Voting Systems Corporation, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems Corporation.

11.      "Dominion Voting Systems, Inc.," shall mean Dominion Voting Systems, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems, Inc.

12.      "Electronically Stored Information" or "ESI" shall mean originals and all copies of email; activity listings of email receipts and/or transmittals; voicemail; audio or video recordings of any kind; facsimiles; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; social media posts; text messages; instant messages; metadata; output resulting from the use of any software program, including word processing Documents,

3

spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; and electronic files and/or file fragments of any sort, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment. ESI also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.  All ESI produced in response hereto should be produced in native format.

13.     "Herring Guests" shall mean and include the guests who appeared on the Programs at Issue or otherwise appeared on OAN, including but not limited to Rudolph Giuliani, Sidney Powell, Michael Lindell, Kyle Becker, Clay Clark, Joseph diGenova, Tom Fitton, Allan dos Santos, Keith Trippie, J. Michael Waller, Mary Fanning, and Michael Flynn.

14.     "Herring Talent" shall mean and include all Herring employees who appeared on the Programs at Issue or otherwise appeared on OAN, including but not limited to Alex Salvi, Elma Aksalic, Kara McKinney, Mike Dinow, Patrick Hussion, Dan Ball, John Hines, Stephanie Hamill, Samantha Lomibao, Emily Finn, and Christina Bobb.

15.     "OAN" shall mean One America News Network.

16.     "Other Media Organizations" shall mean other news, media, and other similar organizations, including but not limited to CNN, CBS, ABC, PBS, *The Wall Street Journal*, *The New York Times*, MSNBC, *The Washington Post*, Fox News, Newsmax, *Politico*, *Vanity Fair*, Media Matters, *Bloomberg News, The Chicago Tribune, The Los Angeles Times, The Miami Herald*, the *Times of San Diego* and *National Public Radio*.

17.     "Person" shall mean a natural person or any business, company, corporation, association, partnership organization, or other legal entity.

4

18.     "Plaintiff(s)" and/or "Smartmatic Entity(ies)" shall mean plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Smartmatic Entities.

19.     "Programs at Issue" shall mean any broadcast or program on OAN alleged to contain any of the Alleged Defamatory Statements, including but not limited to *After Hours with Alex Salvi*, *OAN Newsroom*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan Ball*, *In Focus with Stephanie Hamill*, *Weekly Briefing with Christina Bobb*, and the Michael Lindell-produced programs titled *Absolute Proof*, *Scientific Proof*, *Absolute Interference*, and *Absolutely 9-0*.

20.     The terms "relating to," "regarding," "demonstrating," and "supporting" shall mean having any connection, association or concern with, or any relevance, relation, pertinence, or applicability to or any implication bearing on, the subject matter, whether directly or indirectly.

21.     "Retraction Demands" shall mean the retraction demand letters dated December 11, 2020 and October 27, 2021 from Plaintiffs to Herring.

22.     "SGO Corporation Limited" shall mean plaintiff SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SGO Corporation Limited.

23.     "Smartmatic International Holding B.V.," "You" and/or "Your" shall mean plaintiff Smartmatic International Holding B.V., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals,

5

employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic International Holding B.V.

24.    "Smartmatic USA Corp.," shall mean plaintiff Smartmatic USA Corp., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic USA Corp.

25.    "Tweets at Issue" shall mean any tweets alleged in the Complaint to contain any of the Alleged Defamatory Statements.

26.    "US Dominion, Inc.," shall mean US Dominion, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of US Dominion, Inc.

27.    Where a claim of privilege is asserted in responding or objecting to any discovery requested herein and information is not provided on the basis of such assertion, Plaintiffs shall, in their response or objection, identify the nature of the privilege (including work product) which is being claimed.  When any privilege is claimed, Plaintiffs shall, as to the Documents and/or information requested, whether:

    (a)    any Documents exist or any Communications took place; and

    (b)    provide the following information for each such Document or Communication in a "privilege log" or similar format:

        (i)    the type of Document or Communication;

        (ii)    the general subject matter of the Document or Communication;

        (iii)    the date of the Document or Communication;

        (iv)    the author(s) of the Document or participants in the Communication;

VP/#58189693

(v)     the addressee(s) and any other recipient(s) of the Document; and

(vi)    the custodian of the Document, where applicable.

28.     Unless otherwise indicated, the relevant time period for these Requests for Production is from January 1, 2020 to the present.

29.     These Requests for Production are continuing in nature and require supplemental response if Plaintiffs obtain further information between the time of compliance and any hearing or trial in the above-captioned case.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Documents identified in Your Answers to the First Set of Interrogatories propounded upon You contemporaneously with this First Set of Requests for Production, as well as any and all Documents reviewed or relied upon in answering those Interrogatories.

**RESPONSE:**

**REQUEST NO. 2:**

Documents relating to, referenced in, and/or providing a basis for Your responses to the First Set of Requests for Admission propounded upon You contemporaneously with this First Set of Requests for Production.

**RESPONSE:**

**REQUEST NO. 3:**

All discovery requests and responses of any type (i.e. interrogatories and responses, document requests and responses, requests to admit and responses, deposition transcripts and video, deposition errata sheets, subpoenas and responses, open records act requests and responses, and

7

created the appearance that Smartmatic is odious and infamous," as alleged in Paragraph 446 of the Complaint.

**RESPONSE:**

**REQUEST NO. 56:**

All Documents and Communications relating to Your contention that You were injured by the Alleged Defamatory Statements.

**RESPONSE:**

**REQUEST NO. 57:**

Documents and Communications that support Your request for no less than $2.7 billion in actual, consequential, and special damages in the above-captioned case, as well as Documents and Communications that demonstrate the actions any Smartmatic Entity  has undertaken to mitigate its alleged damages.

**RESPONSE:**

**REQUEST NO. 58:**

Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed).

**RESPONSE:**

**REQUEST NO. 59:**

Documents and Communications that support Your request for punitive damages.

**RESPONSE:**

VP/#58189693

**RESPONSE:**

**REQUEST NO. 82:**

Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections.

**RESPONSE:**

**REQUEST NO. 83:**

Documents and Communications relating to the method, manner, procedure, or formulation by which You calculate Your economic damages.

**RESPONSE:**

**REQUEST NO. 84:**

Documents and Communications with any insurance carrier regarding the alleged harm and/or damages for which You seek recovery in this litigation.

**RESPONSE:**

**REQUEST NO. 85:**

All financial audits and documents and correspondence from accounting professionals concerning any Smartmatic Entity from 2004 to the present.

**RESPONSE:**

**REQUEST NO. 86:**

All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors.

**RESPONSE:**

Dated:  October 24, 2022

By: /s/ Blaine C. Kimrey

Blaine C. Kimrey, Bar No. IL0091
bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094
jpark@vedderprice.com
Bryan Clark, Bar No. IL0090
bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Avenue, Suite 500
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322

*Counsel for Herring Networks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of October 2022, I served the foregoing document on

the following counsel of record by electronic mail, hand-delivery and overnight delivery:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Totorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com


/s/ Blaine Kimrey
Blaine Kimrey

VP/#58189693

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al.*, | |
| Plaintiffs, | No. 1:21-cv-02900-CJN |
| v. | |
| HERRING NETWORKS, INC., d/b/a ONE AMERICA NEWS NETWORK, | Judge Carl J. Nichols |
| Defendant. | |

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO SMARTMATIC USA CORP.

Defendant Herring Networks, Inc., d/b/a One America News Network, through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 34, hereby requests that plaintiff Smartmatic USA Corp. produce the following Documents within thirty (30) days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.      "Alleged Defamatory Statements" means the statements in Paragraphs 184, 196, 205, 218, and 227 of the Complaint, as well as any other allegedly defamatory statements otherwise referenced in the Complaint.

2.      The word "and" includes the disjunctive "or," and the word "or" includes the conjunctive "and."  Words in the singular shall be interpreted to include the plural, and words in the plural shall be interpreted to include the singular.  A masculine, feminine or neuter form of a word shall be interpreted to include the other genders.  The use of any tense of any verb shall be interpreted to include all other tenses.

3.      "Articles at Issue" means any articles alleged in the Complaint to contain any of the Alleged Defamatory Statements.

1

VP/#57426882

4.      "Comelec" means the Philippines' Commission on Elections, as well all commissioners, employees, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Comelec.

5.      "Communication" means any written, electronic, or verbal transmission of words or thoughts between or among two or more Persons, including, without limitation, any letter, email, instant or text message, social media post, blog post, web posting, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks, and reports, whether transmitted orally, in writing, or by any electronic device.

6.      "Complaint" means the original Complaint filed in the above-captioned action by Plaintiffs, as well as any subsequent amendments thereto.

7.      "Defendant" and/or "Herring" means defendant Herring Networks, Inc., d/b/a One America News Network.

8.      "Document" means any writing, graphic matter, or other tangible or digital thing, whether printed, recorded, produced by any process, or written or produced by hand, including, without limitation, agreements, contracts, correspondence, memoranda, letters, reports, Communications (as defined above) and Electronically Stored Information (as defined below), correspondence, telegrams, internal and external memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, ledgers, work papers, photographs, tape recordings, applications, video tapes, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of Persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any

VP/#57426882

way different from the original now in any Plaintiffs' possession, custody or control, or the possession, custody or control of any Plaintiffs' counsel, investors, agents, employees and/or Persons acting on any Plaintiff's behalf.

9.      "Dominion Entity(ies)" means US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, as well all parents, subsidiaries, related or affiliated entities, successors and predecessors (including but not limited to Sequoia Voting Systems), officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Dominion Entities.

10.      "Dominion Voting Systems Corporation" shall mean Dominion Voting Systems Corporation, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems Corporation.

11.      "Dominion Voting Systems, Inc.," shall mean Dominion Voting Systems, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems, Inc.

12.      "Electronically Stored Information" or "ESI" shall mean originals and all copies of email; activity listings of email receipts and/or transmittals; voicemail; audio or video recordings of any kind; facsimiles; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; social media posts; text messages; instant messages; metadata; output resulting from the use of any software program, including word processing Documents,

3

spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; and electronic files and/or file fragments of any sort, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment. ESI also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.  All ESI produced in response hereto should be produced in native format.

13.     "Herring Guests" shall mean and include the guests who appeared on the Programs at Issue or otherwise appeared on OAN, including but not limited to Rudolph Giuliani, Sidney Powell, Michael Lindell, Kyle Becker, Clay Clark, Joseph diGenova, Tom Fitton, Allan dos Santos, Keith Trippie, J. Michael Waller, Mary Fanning, and Michael Flynn.

14.     "Herring Talent" shall mean and include all Herring employees who appeared on the Programs at Issue or otherwise appeared on OAN, including but not limited to Alex Salvi, Elma Aksalic, Kara McKinney, Mike Dinow, Patrick Hussion, Dan Ball, John Hines, Stephanie Hamill, Samantha Lomibao, Emily Finn, and Christina Bobb.

15.     "OAN" shall mean One America News Network.

16.     "Other Media Organizations" shall mean other news, media, and other similar organizations, including but not limited to CNN, CBS, ABC, PBS, *The Wall Street Journal*, *The New York Times*, MSNBC, *The Washington Post*, Fox News, Newsmax, *Politico*, *Vanity Fair*, Media Matters, *Bloomberg News, The Chicago Tribune, The Los Angeles Times, The Miami Herald*, the *Times of San Diego* and *National Public Radio*.

17.     "Person" shall mean a natural person or any business, company, corporation, association, partnership organization, or other legal entity.

4

18.     "Plaintiff(s)" and/or "Smartmatic Entity(ies)" shall mean plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Smartmatic Entities.

19.     "Programs at Issue" shall mean any broadcast or program on OAN alleged to contain any of the Alleged Defamatory Statements, including but not limited to *After Hours with Alex Salvi*, *OAN Newsroom*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan Ball*, *In Focus with Stephanie Hamill*, *Weekly Briefing with Christina Bobb*, and the Michael Lindell-produced programs titled *Absolute Proof*, *Scientific Proof*, *Absolute Interference*, and *Absolutely 9-0*.

20.     The terms "relating to," "regarding," "demonstrating," and "supporting" shall mean having any connection, association or concern with, or any relevance, relation, pertinence, or applicability to or any implication bearing on, the subject matter, whether directly or indirectly.

21.     "Retraction Demands" shall mean the retraction demand letters dated December 11, 2020 and October 27, 2021 from Plaintiffs to Herring.

22.     "SGO Corporation Limited" shall mean plaintiff SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SGO Corporation Limited.

23.     "Smartmatic International Holding B.V.," shall mean plaintiff Smartmatic International Holding B.V., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees,

VP/#57426882

shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic International Holding B.V.

24.    "Smartmatic USA Corp.," "You" and/or "Your" shall mean plaintiff Smartmatic USA Corp., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic USA Corp.

25.    "Tweets at Issue" shall mean any tweets alleged in the Complaint to contain any of the Alleged Defamatory Statements.

26.    "US Dominion, Inc.," shall mean US Dominion, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of US Dominion, Inc.

27.    Where a claim of privilege is asserted in responding or objecting to any discovery requested herein and information is not provided on the basis of such assertion, Plaintiffs shall, in their response or objection, identify the nature of the privilege (including work product) which is being claimed.  When any privilege is claimed, Plaintiffs shall, as to the Documents and/or information requested, whether:

(a)    any Documents exist or any Communications took place; and

(b)    provide the following information for each such Document or Communication in a "privilege log" or similar format:

(i)    the type of Document or Communication;

(ii)    the general subject matter of the Document or Communication;

(iii)    the date of the Document or Communication;

6

(iv)      the author(s) of the Document or participants in the Communication;

(v)      the addressee(s) and any other recipient(s) of the Document; and

(vi)      the custodian of the Document, where applicable.

28.      Unless otherwise indicated, the relevant time period for these Requests for Production is from January 1, 2020 to the present.

29.      These Requests for Production are continuing in nature and require supplemental response if Plaintiffs obtain further information between the time of compliance and any hearing or trial in the above-captioned case.

## **REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

Documents identified in Your Answers to the First Set of Interrogatories propounded upon You contemporaneously with this First Set of Requests for Production, as well as any and all Documents reviewed or relied upon in answering those Interrogatories.

**RESPONSE:**

**REQUEST NO. 2:**

Documents relating to, referenced in, and/or providing a basis for Your responses to the First Set of Requests for Admission propounded upon You contemporaneously with this First Set of Requests for Production.

**RESPONSE:**

**REQUEST NO. 3:**

All discovery requests and responses of any type (i.e. interrogatories and responses, document requests and responses, requests to admit and responses, deposition transcripts and video, deposition errata sheets, subpoenas and responses, open records act requests and responses, and

7

created the appearance that Smartmatic is odious and infamous," as alleged in Paragraph 446 of the Complaint.

**RESPONSE:**

**REQUEST NO. 56:**

All Documents and Communications relating to Your contention that You were injured by the Alleged Defamatory Statements.

**RESPONSE:**

**REQUEST NO. 57:**

Documents and Communications that support Your request for no less than $2.7 billion in actual, consequential, and special damages in the above-captioned case, as well as Documents and Communications that demonstrate the actions any Smartmatic Entity  has undertaken to mitigate its alleged damages.

**RESPONSE:**

**REQUEST NO. 58:**

Documents sufficient to show the date and amount of monetary damages You have sought for any claim of reputational harm that You have made over the past five years (including claims associated with any other defamation lawsuits You have filed).

**RESPONSE:**

**REQUEST NO. 59:**

Documents and Communications that support Your request for punitive damages.

**RESPONSE:**

VP/#57426882

**RESPONSE:**

**REQUEST NO. 82:**

Documents and Communications concerning any Smartmatic Entity's efforts to secure a contract with the County of Los Angeles, State of California to provide voting equipment and/or software for the U.S. 2020 local, state, and federal elections.

**RESPONSE:**

**REQUEST NO. 83:**

Documents and Communications relating to the method, manner, procedure, or formulation by which You calculate Your economic damages.

**RESPONSE:**

**REQUEST NO. 84:**

Documents and Communications with any insurance carrier regarding the alleged harm and/or damages for which You seek recovery in this litigation.

**RESPONSE:**

**REQUEST NO. 85:**

All financial audits and documents and correspondence from accounting professionals concerning any Smartmatic Entity from 2004 to the present.

**RESPONSE:**

**REQUEST NO. 86:**

All meeting minutes and other documents concerning meetings of any Smartmatic Entity Board of Directors.

**RESPONSE:**

VP/#57426882

Dated:  October 24, 2022

By: /s/ Blaine C. Kimrey

Blaine C. Kimrey, Bar No. IL0091
bkimrey@vedderprice.com
Jeanah Park, Bar No. IL0094
jpark@vedderprice.com
Bryan Clark, Bar No. IL0090
bclark@vedderprice.com
Brian Ledebuhr, Bar No. IL0093
bledebuhr@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
T:  +1 312 609 7500
F:  +1 312 609 5005

Brian K. McCalmon, Bar No. 461196
bmccalmon@vedderprice.com
VEDDER PRICE P.C.
1401 New York Avenue, Suite 500
Washington, DC 20005
T:  +1 202 312 3320
F:  +1 202 312 3322

*Counsel for Herring Networks, Inc.*

VP/#57426882

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October 2022, I served the foregoing document on

the following counsel of record by electronic mail, hand-delivery and overnight delivery:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly
Nicole E. Wrigley
Michael E. Bloom
Lee B. Muench
Emily Newhouse Dillingham
Lauren C. Tortorella
Kathleen Watson Moss
James R. Bedell
Julie M. Loftus
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com


/s/ Blaine Kimrey
Blaine Kimrey

VP/#57426882