# EXHIBIT 1-W

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>             Plaintiffs,<br><br>       v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>             Defendant. | No. 1:21-cv-02900-CJN |

### NOTICE OF RULE 30(b)(6) DEPOSITION TO SMARTMATIC INTERNATIONAL HOLDING B.V.

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Herring Networks Inc., D/B/A One America News Network ("OAN"), by and through undersigned counsel, will take the oral and videotaped deposition of Plaintiff Smartmatic International Holding B.C.'s designee with regard to the matters described in Schedule A on **October 4, 2023**, beginning at 9:00 a.m. CST at Benesch, Friedlander, Coplan & Aronoff LLP, 71 S Wacker Dr Suite 1600, Chicago, IL 60606, or at such other location on such other date and time as are agreed upon by the parties or ordered by the Court.

The deponent will be requested to testify on the subject matters specified in Schedule A. The deposition will be taken upon oral examination by an official court

1

2

reporter in and for the state in which the deposition will be held, or some other officer duly authorized by law to take depositions, and it shall continue until completed at a date and time to be scheduled as necessary. The designee is commanded to attend in person. The deposition will be stenographically and/or video recorded and conducted by an officer authorized by law to administer oaths.

Dated: September 13, 2023  By: */s/ John K. Edwards*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

3

**BOYDEN GRAY & ASSOCIATES**
Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

*Counsel for Herring Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2023, I served the foregoing document on the following counsel of record by electronic mail:

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
J. Erik Connolly (econnolly@beneschlaw.com)
Caitlin Kovacs (CKovacs@beneschlaw.com)
Michael E. Bloom (mbloom@beneschlaw.com)
Lee B. Muench (lmuench@beneschlaw.com)
Emily Newhouse Dillingham (edillingham@beneschlaw.com)
Lauren C. Tortorella (ltortorella@beneschlaw.com)
Kathleen Watson Moss (kwatsonmoss@beneschlaw.com)
James R. Bedell (jbedell@beneschlaw.com)
Julie M. Loftus (jloftus@beneschlaw.com)
Olivia Sullivan (osullivan@beneschlaw.com)

*/s/ John K. Edwards*
John K. Edwards

4

**Schedule A**

**INSTRUCTIONS**

Pursuant to Fed Rule Civ. Proc. 30(b)(6), Plaintiff Smartmatic International Holding, B.V. is requested to designate one or more officers, directors, managing agents, or other persons to testify on its behalf with regard to the following matters in accordance with the following definitions.

**DEFINITIONS**

The following terms shall have the meanings set forth below whenever used in any Request.

1. "2020 PRESIDENTIAL ELECTION" means and refers to the U.S. Presidential Election that occurred on November 3, 2020, and all voting (including mail-in voting) and related events occurring up to the certification of votes on January 6, 2021.

2. "COMPLAINT" means the Complaint filed on November 3, 2021 in this action and any subsequently filed amended complaint.

3. "COMPLAINED OF BROADCASTS" means and refers to the broadcasts identified in Paragraphs 84-137, 146–147, 154-168, 171, 176, and 178 of the COMPLAINT filed in this action, among others, including without limitation the particular broadcasts of *After Hours with Alex Salvi*, *News Room*, *Tipping Point with Kara McKinney*, *Breaking News Live with Patrick Hussion*, *Real America with Dan*

5

*Ball, In Focus with Stephanie Hamill, Weekly Briefing with Christina Bobb, America This Week,* and the Michael-Lindell-produced programs titled *Absolute Proof, Scientific Proof, Absolute Interference,* and *Absolutely 9-0.*

4. "COMPLAINED OF STATEMENTS" means and refers to the statements described in Paragraphs 80–153, and more specifically identified in Paragraphs 171, 176, 184, 196, 205, 218, and 227 of the COMPLAINT filed in this action.

5. "DOMINION" means and refers to US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, whether individually or collectively, and any of their parents, subsidiaries, related or affiliated entities, successors and predecessors (including but not limited to Sequoia Voting Systems), officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of DOMINION.

6. "SEQUOIA" means and refers to SEQUOIA VOTING SYSTEMS, INC. and any of its parents, subsidiaries, related or affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SEQUOIA.

7. "SMARTMATIC" means and refers to collectively Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SMARTMATIC.

8. "SMARTMATIC INTERNATIONAL" means and refers to, collectively, Plaintiff SMARTMATIC INTERNATIONAL HOLDING B.V. and any owner, director, officer, employee, agent, trust, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, representative, or other person/s purporting to act on SMARTMATIC INTERNATIONAL's behalf.

9. "SMARTMATIC SYSTEMS" means any elections product developed, supplied, used, or supported by You, or on Your behalf, domestic or international, from SMARTMATIC's inception to the present. This includes but is not limited to any software, hardware, source code, firmware, technology, solutions, digital tools, functionalities, devices, scan tabulators, optional modules, peripherals, Hybrid Activator, Accumulator & Transmitters, audit logs, electronic voting machines, electronic counting machines, ballot marking devices, voter management, poll worker support, online voting, or election management platforms as described in Paragraphs 26–27 of the COMPLAINT.

10. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11. "You" and "Your" means SMARTMATIC INTERNATIONAL.

12. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include each of the other gender.

## TOPICS OF TESTIMONY

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, SMARTMATIC INTERNATIONAL shall designate one or more officers, directors, partners, managing agents, employees or other persons most knowledgeable to testify on their behalf as to the following subject matters:

1. The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use in the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

2. The identity of, and contact information for, all persons, entities, jurisdictions, and governmental bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use in the United States;

the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

3. The identity of, and contact information for, all persons, entities, jurisdictions, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use in the United States; Your products or services, including product or model numbers, that have been the subject of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

4. The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, canceled, terminated, or did not renew a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were canceled, terminated, or were not renewed; Your products or services, including product or model numbers, that were the subject of those contracts or agreements; the reason(s) for the cancellation, termination, or non-renewal; and the identity of all persons with relevant knowledge of the contracts or agreements.

5. The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies that, at any time since January 1, 2016, You believed would, but did not enter into or otherwise consummate, a contract or agreement for the provision of Your products or services for use outside the United States; the specific contracts or agreements that were not entered into or otherwise consummated; Your products or services, including product or model numbers, that were the subject of those potential contracts or agreements; the reason(s) for the failure to enter into or consummate the contract or agreement; and the identity of, and contact information for, all persons with relevant knowledge of the potential contracts or agreements.

6. The identity of, and contact information for, all persons, entities, jurisdictions, countries, and governmental agencies or bodies with whom You have, at any time since January 1, 2016, communicated or negotiated regarding the provision of Your products or services for use outside the United States; Your products or services, including product or model numbers, that have been the subject

of those communications or negotiations; and the identity of, and contact information for, all persons with relevant knowledge of the communications or negotiations.

7. Identification of all procurement bid responses and proposals submitted by or on behalf of You at any time since January 1, 2016 for the provision of products or services to any domestic or international governmental agency, body, or entity; Your products or services, including product or model numbers, that were the subject of those responses and proposals; the results of the bid process, including reasons for any contracts or agreements not awarded to You; whether You were awarded a contract and, if so, the duration of the contract.

8. Identification of all domestic and international procurement bid opportunities which You considered, at any time since January 1, 2016, but for which You chose not to submit a bid response or proposal, including the reason(s) for Your decision.

9. The specific contracts, agreements, public bid opportunities, and/or "diminished business . . . prospects" (as referenced at Paragraphs 434 and 438 of the COMPLAINT) – domestic and international – that You contend were negatively affected by the COMPLAINED OF STATEMENTS and COMPLAINED OF BROADCASTS as set forth in the COMPLAINT, including the manner in which the negative effect impacted Your financial condition and the person(s) with the most knowledge about such effect.

10. Identification of every jurisdiction—domestic and international— where You have ever registered to do business, including dates of registration and corporate registration documents submitted in each jurisdiction.

11. Identify the specific factual basis for Your responses to OAN's First and Second Set of Interrogatories, Nos. 7, 9, 12, 14, 19, and 22.

12. Identify all Persons, including Your employees, who have raised concerns regarding SMARTMATIC SYSTEMS, including without limitation (a) any concerns about potential or alleged security issues, vulnerabilities, or vote tabulation errors; (b) the nature of the concerns; (c) the date the concerns were raised; and (d) actions taken to address the concerns.

13. Identify all hardware, software, and source code, or any part(s) thereof, owned or licensed by You or any of Your predecessors at any time that has been used by, used in, or incorporated in any voting machines manufactured by or on behalf of DOMINION, SEQUOIA, or other voting machine supplier; identify the

voting machines; identify the jurisdictions in which such voting machines have been used or been the subject of bids; and state the approximate dates when such voting machines were used or were the subject of bids.

14. Identify Your legacy hardware, software, and source code used in any SMARTMATIC SYSTEMS; and identify the jurisdictions in which such legacy hardware, software and source code have been used.

15. Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale in the United States between January 1, 2020 and the present.

16. Identify all of Your services and products, including SMARTMATIC SYSTEMS, available for sale outside the United States between January 1, 2020 and the present.

17. The purpose, use, and contents of SMARTMATIC'S customer relationship management ("CRM") database, including the Persons responsible for (a) maintaining the CRM database, and (2) adding information or data to the CRM database.

18. The specific factual basis for the claim that Defendant acted with "actual malice" and/or "ill will" in publishing the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, as alleged in the COMPLAINT at Paragraphs 238-240, 250-254, 448, 462, and 468.

19. The identity of all negative affects You claim were caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including but not limited to any adverse effects on pricing of Your products and services, increased costs of Your products and services, the number of customers willing to do business with You, and any impact of the size of the market for Your products and services.

20. The identity of all Persons involved with the creation of forecasts of alleged lost revenues and profits from 2021-2025, including income statement projections; the factual basis for the forecasts; manner in which the forecasts were calculated or prepared; and documents supporting the forecasts and projections.

21. The identity of all Persons involved with itemizing Your alleged increased expenses allegedly caused by the COMPLAINED OF STATEMENTS and/or COMPLAINED OF BROADCASTS, including expenses for: (a) physical security; (b) cybersecurity; (c) workforce (including hiring and retention); (d) public

11

relations and the nature of the expenses claimed; (e) the manner in which such expenses were determined and calculated; and (f) documents supporting the claimed expenses.

22. The identity of all valuations of SMARTMATIC prepared from 2016 to the present, including (a) the persons involved in preparing the valuations; (b) the manner in which the valuations were calculated; and (c) documents supporting the valuations.

23. The identity of each category of damages You seek to recover in this lawsuit, including (a) the amount claimed for each category; (b) the manner in which the damages for each category was calculated; (c) documents supporting the calculations; and (d) the Persons with the most knowledge of the calculations of each category of damages.