# EXHIBIT 1-Y

## Butzer, Carl

| | |
|---|---|
| **From:** | Edwards, John |
| **Sent:** | Thursday, September 28, 2023 1:49 PM |
| **To:** | Kovacs, Caitlin; Wilkes, Christopher; Sullivan, Olivia |
| **Cc:** | Amattey, Amakie; Wertheimer, Nancy; Maldonado, Jacklyn; Butzer, Carl; Blaesche, Minoo; Pickett Shah, Bethany; Emery, Tori; Walsh, Hannah; Carlton, Emily; Trent McCotter; Dickson, Carter; Myers, David; Stowe, William |
| **Subject:** | RE: Smartmatic/OAN - Depositions |

Caitlin, we correctly cited the law, which is that a motion for protection does not automatically stay a deposition. You are confusing the issue and citing the rule regarding whether sanctions should be awarded for non-appearance under FRCP 37(d)(2). That, of course, depends on several factors including the merits of the motion.

Your reliance on *Amobi* supports this very point – failing to appear for a deposition after filing a motion for protective order may or may not be sanctionable, but "[t]he fact that conduct is not sanctionable under Rule 37 does not render it proper." *Amobi v. D.C. Dep't of Corr.*, 257 F.R.D. 8, 10–11 (D.D.C. 2009). This is consistent with the majority rule that the mere filing of a motion for protective order does not relieve the person of their duty to appear. *E.g.*, *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("Any such rule would be an intolerable clog upon the discovery process. . . . Under the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear."); *King v. Fid. Nat. Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983); *F.A.A. v. Landy*, 705 F.2d 624, 634–35 (2d Cir. 1983); *Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 913 (11th Cir. 2010). The D.C. Circuit has cited this authority with approval in an unpublished case. *Albert v. Starbucks Coffee Co.*, 213 Fed. App'x 1, 2 (D.C. Cir. 2007) (addressing failure to appear for a deposition compelled by court order after filing a motion for protective order) (citing *King*, 712 F.2d at 191; and *Pioche Mines*, 333 F.2d at 269).

Rather than debate the point further, we'll take the issue of refusing to present Smartmatic witnesses for deposition to the Court for a resolution.

Finally, your statement that we agreed to postpone depositions until after a ruling on the May 5th Joint Notice is false, and we've corrected you at least twice on this point. We never made such an agreement.

Thanks. - John

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, September 27, 2023 3:34 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>; Myers, David <dmyers@jw.com>; Stowe, William <wstowe@jw.com>
**Subject:** RE: Smartmatic/OAN - Depositions

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

1

John,

OANN's misrepresentation of the law is disappointing. Under Rule 37(d), a party may be excused for not attending a noticed deposition when it "has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

We assume OANN read its own cases before sending them to us. Therefore, OANN must know that they do not support the proposition that parties must appear for depositions even after filing a good-faith motion for protection.

1. In *Alexander v. F.B.I*, 186 F.R.D. 78, 87 (D.D.C. 1998), the court found the noticed party's non-appearance to be justified and declined to impose sanctions where "the facts fail to clearly suggest that the motion [for a protective order] was filed in bad faith," notwithstanding that the noticed party's "eleventh hour" motion practice "preclude[d] the court's consideration of the motion prior to the time of the scheduled deposition." Smartmatic's motion was filed both promptly following receipt of OANN's notices and in good faith. The same result would issue here.

2. The court in *Carmona v. Snow*, 2005 WL 8168422, at *1-2 (D.D.C. Nov. 21, 2005) considered neither a sanctions motion nor a motion for a protective order. Rather, the court declined to excuse the plaintiff's attendance at a scheduled deposition. *Id*. at *2. This case is not analogous.

To be clear, the correct rule is as follows: Failure to appear for a deposition that is the subject of the motion for a protective order is not sanctionable so long as the motion was filed in good faith. *Amobi v. D.C. Dep't of Corr.*, 257 F.R.D. 8, 10 (D.D.C. 2009). A court does not have to rule on the motion for protective order to excuse attendance; a good faith filing is enough. *U.S. ex rel. McBride v. Halliburton Co.*, 272 F.R.D. 235, 242-43 (D.D.C. 2011) ("[A]s the terms of the Rule make clear, the filing of the motion suffices.").

OANN is manufacturing a dispute. At all times, Smartmatic has been acting in good faith. OANN has had notice for over a month that depositions would not proceed at this time. In fact, on August 23, OANN expressly agreed to delaying depositions until after the Court had addressed the parties' disputes outlined in the May 5 joint submission. OANN unilaterally went back on this agreement on September 5, 2023.

Since September 5, OANN knew that Smartmatic objected to proceeding to depositions until OANN fulfilled its obligation to produce relevant documents. Instead of attempting to reach a resolution in good faith, OANN bull rushed into unilaterally noticing depositions for dates that gave the least amount of notice possible. OANN knew that Smartmatic would object before issuing those notices; Smartmatic communicated its intent to move to quash those notices the same day; and OANN never had any good-faith belief that Smartmatic had agreed to appear on the dates OANN unilaterally chose. Smartmatic is justified in rescheduling these depositions for a later date.

Regards,
Caitlin



vCard

Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, September 26, 2023 4:21 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>; Myers, David <dmyers@jw.com>; Stowe, William <wstowe@jw.com>
**Subject:** RE: Smartmatic/OAN - Depositions

Caitlin:

We do know that you have objected to depositions proceeding at this time. We also know that the mere filing of a motion for protection (which was not filed pursuant to the Standing Order requirements) does not automatically grant the relief you seek: "'[T]he failure to appear at a deposition constitutes a violation of Rule 37(d) regardless of whether a motion for protective order has been filed.'" Carmona v. Snow, No. CV 04-0589 (JGP), 2005 WL 8168422, at *1 (D.D.C. Nov. 21, 2005) (quoting Alexander, 186 F.R.D. at 86)); "'Rule 26(c) is not self-executing—the relief authorized under that rule depends on obtaining the court's order to that effect.'" Alexander v. F.B.I., 186 F.R.D. 78, 87 (D.D.C. 1998) (quoting Fed. R. Civ. P. 37 (Advisory Committee Notes of 1993 Amendments)).

If you have authority to the contrary, please advise. Otherwise, absent an order from the Court, these depositions are not stayed. We will seek appropriate remedies from the Court for the refusal to present witnesses who were properly noticed for deposition.

Thanks. - John

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, September 26, 2023 3:43 PM
**To:** Edwards, John <jedwards@jw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>; Myers, David <dmyers@jw.com>; Stowe, William <wstowe@jw.com>
**Subject:** RE: Smartmatic/OAN - Depositions

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Hi John,

Smartmatic moved to quash these notices, to stay depositions, and for a protective order on September 18. OANN knows this. As we told you on September 5, 11, 12, and 13, Smartmatic objects to OANN's notices. And as Smartmatic explained, "OANN must produce a full record before the parties can proceed to depositions. Given OANN's serious delay in complying with its discovery obligations, Smartmatic believes the parties require an extension of the fact discovery schedule such that discovery will end on April 8, 2024. Depositions should be scheduled to begin on January 8, 2024."

While the motion to quash and to stay depositions is pending, Smartmatic will not be presenting any witnesses for deposition. Again, OANN knows this. We look forward to OANN's response to Smartmatic's motion.

3

Best,
Caitlin

| | Caitlin A. Kovacs<br>(she/her/hers)<br>Partner \| Litigation<br>Benesch Friedlander Coplan & Aronoff LLP |
|---|---|
| vCard | t: 312.624.6392 \| m: 614.804.0562<br>CKovacs@beneschlaw.com \| www.beneschlaw.com<br>71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637<br><br>Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice |

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, September 26, 2023 1:31 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Wilkes, Christopher <CWilkes@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>
**Cc:** Amattey, Amakie <AAmattey@beneschlaw.com>; Wertheimer, Nancy <NWertheimer@beneschlaw.com>; Maldonado, Jacklyn <JMaldonado@beneschlaw.com>; Butzer, Carl <cbutzer@jw.com>; Blaesche, Minoo <mblaesche@jw.com>; Pickett Shah, Bethany <bpickett@jw.com>; Emery, Tori <temery@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Carlton, Emily <erhine@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>; Myers, David <dmyers@jw.com>; Stowe, William <wstowe@jw.com>
**Subject:** Smartmatic/OAN - Depositions

Caitlin/Olivia,

Pursuant to the attached deposition notices timely served on September 13, 2023 , counsel for OAN will travel to Chicago tomorrow for the depositions of Mr. Aparicio and Mr. Parisca scheduled for September 28 and 29th, respectively, in your Chicago office.  Please confirm before 5pm ct today that these witnesses will be presented as noticed.

We also will proceed with the depositions noticed for next week, including Smartmatic 30b6 witness(es) and Mr. Gallagher in Chicago.  We again invite a conference on the 30b6 topics, and if one 30b6 witness will be presented for all three plaintiff entities, we can discuss potentially completing the deposition in one full day.

Thanks. - John


John K. Edwards | Partner
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4319 | C:  (713) 553-7951 | F: (713) 308-4117
 John Edwards - Houston Litigation Attorney - Jackson Walker (jw.com)| jedwards@jw.com

