# Exhibit O

| | |
|---|---|
| **From:** | Kovacs, Caitlin |
| **To:** | Butzer, Carl |
| **Cc:** | Trent McCotter; Smartmatic-OANNServiceList; OANService |
| **Subject:** | RE: Smartmatic v. OANN - Clawback Letter |
| **Date:** | Friday, January 19, 2024 12:01:50 PM |

Hi Carl,

Thanks for your email.

As we clearly stated, our email from January 17 documented Smartmatic's positions. It was not intended to summarize OANN's positions, and did not purport to do so.

Hope you're on the upswing.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

vCard

**From:** Butzer, Carl <cbutzer@jw.com>
**Sent:** Friday, January 19, 2024 11:36 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Cc:** Trent McCotter <mccotter@boydengrayassociates.com>; Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>; OANService <OANService@jw.com>
**Subject:** RE: Smartmatic v. OANN - Clawback Letter

Caitlin,

Apologize for taking some time to reply, but I was ill. I reviewed your email, and there are some glaring omissions in your attempt to document our meet and confer. I'm not sure if that was intentional or inadvertent. In any event, I feel it necessary to point them out here. During our meeting. I stopped the conversation at one point and said that I want to be very clear that our view is that this is not a discovery dispute.

You say OAN refused to provide the basis for its positions, but I repeatedly explained during our 15+ minutes of conversation that our view is based on the fact Plaintiffs violated Judge Nichols' Protective Order, which you also omitted from your "recap" email. What's more, you even used the clawbacked document to make (spurious) arguments to Judge Nichols in your Rule 56(d) request, and then failed to inform Judge Nichols that the document had been the subject of a clawback request – only telling the Judge it "was produced by OANN to Smartmatic and is presented to the Court as produced." As for your contention that leave is required, again, this is not a discovery motion; and I note that Plaintiffs did not seek leave of

Court to pursue sanctions in their Rule 56(d) filing.

Our position on this issue has never changed since we informed you of it in November; or since December 1 when, during a meet and confer, (a) we asked if the documents had been destroyed pursuant to our request and para. 19(c) of the Court's Protective Order (Dkt 48), (b) you stated they have not been destroyed and that you did not agree to destroy them at this time, and (c) we reminded you of the Court's Protective Order. At the conclusion of that December 1 meeting, you said you would further respond on the issue once you'd had a chance to review our privilege log, which we tendered to you on December 8. Two weeks later, at 1:46 pm you wrote you'd decided to ignore the clear mandate of the Protective Order because you had divined that no privilege attaches to the document in question. Your email did not mention that *only 5 hours later* Mr. Connolly would use the document in support of Plaintiffs' Rule 56(d) request.

As I explained on the call, the Court – not Plaintiffs – gets to decide whether a document is privileged, a point that is still lost on Plaintiffs (see your assertion that because in your view "this document is not Protected Information, Section 19(c) of the Protective Order does not apply, and Smartmatic is under no obligation to destroy it."). And, most importantly, under Judge Nichols' Protective Order, that determination would be made *after the receiving party honors the disclosing party's clawback request*.

**Thanks,**
**Carl**

**Carl C. Butzer** | Jackson Walker LLP
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
V: (214) 953-5902 | F: (214) 661-6609 | cbutzer@jw.com



**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, January 17, 2024 12:54 PM
**To:** Butzer, Carl <cbutzer@jw.com>
**Cc:** Trent McCotter <mccotter@boydengrayassociates.com>; Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>; OANService <OANService@jw.com>
**Subject:** RE: Smartmatic v. OANN - Clawback Letter

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Carl,

I write to document Smartmatic's positions on the the points discussed in today's meet and confer. Smartmatic strongly disagrees with OANN's decision to file a motion regarding the parties' clawback dispute regarding OAN_SMMT_00996295-97.

*First*, **this is a discovery motion that should not be filed without leave of Court**. As you conceded in today's meet and confer: "I guess this is in the context of discovery." You also repeatedly cited Rule 26(b)(5)(B) as your authority. Rule 26 is titled "Duty to Disclose; General Provisions Governing Discovery." This is obviously a discovery dispute. Both Judge Nichols and Judge Upadhyaya require a submission to the court requesting permission before any party files a discovery motion. OANN knows this and has repeatedly insisted upon it for Smartmatic's own motions. OANN's decision to file this motion without leave of court is contrary to the rules and to OANN's own positions regarding prior motions.

*Second*, **this discovery dispute should be brought in front of Judge Upadhyaya**. Judge Nichols referred all discovery disputes to Judge Upadhyaya. As Judge Upadhyaya explained during the 12/20 hearing, the parties must submit a notice of dispute to her chambers and hold an informal conference before any formal briefing takes place. In fact, Judge Upadhyaya emphasized that the parties should avoid briefing to the best extent possible. OANN's request to meet and confer hours before filing a pre-prepared motion is not in line with this approach, particularly where OANN refused to provide the basis for its positions and said during the meet and confer that it refused to engage in a "back and forth" conversation. OANN's decision to file this motion in front of Judge Nichols rather than bringing the issue to Judge Upadhyaya violates both Judge Nichols' order referring the case to Judge Upadhyaya and Judge Upadhyaya's order to the parties regarding the process for adjudicating discovery disputes.

*Third*, **OANN's serious delay in raising this issue has waived the privilege claim entirely**. On December 22, Smartmatic told OANN it did not see any valid basis for OANN's clawback request. OANN did not follow up until it requested today's meet and confer, almost an entire month later. Before today, OANN never informed Smartmatic that it believed Smartmatic had an obligation to go to the Court for relief. In fact, when Smartmatic told OANN on December 24 that it would be submitting the document to the Court under seal, OANN did not object. OANN further failed to object after Smartmatic submitted the documents to the Court in conjunction with its Rule 56(d) Response on December 28. Now that the Court has had the document for weeks without any objection from OANN, OANN has waived any claim of privilege.

Further, as we have repeatedly stated, **Smartmatic strongly disagrees with OANN's assertion of privilege over this document**.  Smartmatic does not see any valid basis on which OAN_SMMT_00996295-97 can be described as Protected Information under the Amended Confidentiality Agreement and Protective Order. Rather, it is direct evidence of OANN's participation in a wrongful act and its active participation in spreading the Big Lie. Since this document is not Protected Information, Section 19(c) of the Protective Order does not apply, and Smartmatic is under no obligation to destroy it. Smartmatic made this position clear to OANN on December 22nd. Instead of responding and requesting a meet and confer in good faith, OANN spent weeks drafting a motion, and demanded Smartmatic meet on 24 hours' notice, hours before it planned to file the motion.

Contrary to OANN's assertions, Smartmatic does not challenge OANN's ability to go to the Court on this issue. However, OANN must comply with the applicable court orders in doing so. This is a discovery dispute that should be brought before Judge Upadhyaya's chambers via the process she has clearly directed.  Smartmatic urges OANN to follow the Court's directions.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

vCard

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Wednesday, January 17, 2024 9:28 AM
**To:** Butzer, Carl <cbutzer@jw.com>
**Cc:** Trent McCotter <mccotter@boydengrayassociates.com>; Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>; OANService <OANService@jw.com>

**Subject:** Re: Smartmatic v. OANN - Clawback Letter

Hi Carl,

We have had trouble getting a group together but we can get a couple people to talk at 11:30. Let me know if that works for you.

Of course, we dispute your description of OANN's clawback attempt below, and believe this issue has been waived. Happy to discuss that further this morning.



vCard

Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Butzer, Carl <cbutzer@jw.com>
**Sent:** Wednesday, January 17, 2024 6:40:39 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Cc:** Trent McCotter <mccotter@boydengrayassociates.com>; Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>; OANService <OANService@jw.com>
**Subject:** Re: Smartmatic v. OANN - Clawback Letter

Caitlin

Can we please schedule a M&C for this morning? I'm available at any time.

Thanks,

Carl C. Butzer
Jackson Walker LLP
2323 Ross Avenue
Suite 600
Dallas, Texas 75201
214.953.5902

On Jan 16, 2024, at 1:19 PM, Butzer, Carl <cbutzer@jw.com> wrote:

Caitlin

We'd like to schedule a M&C this afternoon or tomorrow morning concerning a motion we intend to file, for relief from Plaintiffs' violations of the Federal Rules and the Court's Protective Order. Please let me know when you are available.

**Thanks,**
**Carl**

**Carl C. Butzer** | Jackson Walker LLP

2323 Ross Avenue, Suite 600 | Dallas, TX | 75201

V: (214) 953-5902 | F: (214) 661-6609 | cbutzer@jw.com

<image001.jpg>

---

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Friday, December 22, 2023 1:46 PM
**To:** Butzer, Carl <cbutzer@jw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>; Edwards, John
<jedwards@jw.com>
**Cc:** Sullivan, Olivia <OSullivan@beneschlaw.com>; Blaesche, Minoo <mblaesche@jw.com>; Walsh, Hannah
<hwalsh@jw.com>; Trent McCotter <mccotter@boydengrayassociates.com>; Dickson, Carter
<cdickson@jw.com>; Ceckowski, Lauren <lceckowski@jw.com>; Flynn-DuPart, Mary Lou
<MDUPART@jw.com>; Betman, Ronald <RBetman@beneschlaw.com>; Connolly, J. Erik
<econnolly@beneschlaw.com>; Wrigley, Nicole <NWrigley@beneschlaw.com>; Golden, Meghan
<MGolden@beneschlaw.com>
**Subject:** RE: Smartmatic v. OANN - Clawback Letter

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

Carl,

Following our meet and confer regarding OANN's clawback request and our review of OANN's privilege log
produced on December 8, we do not see any valid basis on which OAN_SMMT_00996295-97 can be
described as Protected Information under the Amended Confidentiality Agreement and Protective Order
("Protective Order"). This conclusion is bolstered by (though not dependent on) OANN's failure to point to
or produce any written agreement documenting OANN's alleged joint defense privilege. Since this
document is not Protected Information, Section 19(c) of the Protective Order does not apply, and
Smartmatic is under no obligation to destroy it.

Best,
Caitlin

Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

vCard

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Butzer, Carl <cbutzer@jw.com>
**Sent:** Monday, November 20, 2023 2:11 PM
**To:** Amattey, Amakie <AAmattey@beneschlaw.com>; Edwards, John <jedwards@jw.com>
**Cc:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>; Blaesche,
Minoo <mblaesche@jw.com>; Walsh, Hannah <hwalsh@jw.com>; Trent McCotter
<mccotter@boydengrayassociates.com>; Dickson, Carter <cdickson@jw.com>; Ceckowski, Lauren
<lceckowski@jw.com>; Flynn-DuPart, Mary Lou <MDUPART@jw.com>
**Subject:** Smartmatic v. OANN - Clawback Letter

Amakie

Please see the attached correspondence regarding inadvertently produced documents.

**Thanks,**
**Carl**

**Carl C. Butzer** | Jackson Walker LLP
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
V: (214) 953-5902 | F: (214) 661-6609 | cbutzer@jw.com