**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP.,<br>SMARTMATIC HOLDING B.V., AND<br>SGO CORPORATION LIMITED,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>HERRING NETWORKS, INC., D/B/A<br>ONE AMERICA NEWS NETWORK,<br><br>　　　　　　Defendant. | Civil Action No. 1:21-cv-02900-CJN |

**OAN'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM PLAINTIFFS'**
**VIOLATIONS OF JUDGE NICHOLS'S PROTECTIVE ORDER**
**AND USE OF OAN'S CLAWBACKED MATERIAL IN SUPPORT**
**OF THEIR SUMMARY JUDGMENT RESPONSE**

# TABLE OF CONTENTS

I.      SUMMARY .................................................................................................................1

II.     ARGUMENT ...............................................................................................................3

        A.      The Court—Not Plaintiffs—is the Proper Arbiter of Disputes Over
                Privileged or Protected Information; Plaintiffs Were Not Free to Use the
                Inadvertent Production Material at their Whim. (Reply to Response (Dkt.
                180) pp. 20-36)..................................................................................................3

        B.      Plaintiffs' Review and Use of the Inadvertent Production Material After
                Notice From OAN Violates Rule 26(b)(5)(B) and the Protective Order.
                (Reply to Response (Dkt. 180) pp. 29-31)...........................................................4

        C.      Plaintiffs' Contemptuous Use and Reference to the Inadvertent Production
                Material in their Opposition Brief to Summary Judgment and in the
                Response Violates Rules 26(b)(5)(B) and the Protective Order. (Reply to
                Response (Dkt. 180) pp. 31-36).............................................................................6

        D.      No Waiver or Consent to Use the Inadvertent Production Material
                Occurred (Reply to Response at 180: 36-38). (Reply to Response (Dkt.
                180) pp. 36-38)..................................................................................................10

III.    CONCLUSION ...........................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bank of Camden v. State Bank & Trust Co.*,
    No. 13–CV–21, 2014 WL 991782 (M.D. Ga. Mar. 13, 2014) ...........................................8, 11

*Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*,
    218 F. Supp. 3d 197 (E.D.N.Y. 2016) ...................................................................................14

*In re Disposable Contact Lens Antitrust Litigation*,
    No. 15-md-2626, 2016 WL 7115998 (M.D. Fla. Oct. 24, 2016)...........................................5, 6

*Ewald v. Norwegian Embassy*,
    No. 11-cv-2116, 2014 WL 1309095 (D. Minn. Apr. 1, 2014) .................................................7

*Lawrence v. Dependable Med. Transp. Servs., L.L.C.*,
    No. 13–cv–0417, 2014 WL 2510628 (D. Ariz. Jun. 4, 2014) ...........................................8, 11

*Leser v. Indianapolis Pub. Sch.*,
    No. 16-CV-02044, 2019 WL 911240 (S.D. Ind. Feb. 22, 2019) ..............................................8

*Piasa Com. Interiors, Inc. v. J.P. Murray Co.*,
    No. 07-CV-617, 2010 WL 1241563 (S.D. Ill. Mar. 23, 2010) ..................................6, 7, 8, 11

*Preferred Care Partners Holding Corp. v. Humana, Inc.*,
    No. 08–20424–CIV, 2009 WL 982456 (S.D. Fla. Apr. 10, 2009) ...........................................6

*Radiance Aluminum Fence, Inc. v. Marquis Metal Material, Inc.*,
    335 F.R.D. 371 (E.D. Mich. 2020) .........................................................................................4

*Tyler v. Kia Motors Mfg. Georgia*,
    14-cv-147, 2016 WL 9651774 (N.D. Ga. Sept. 1, 2016), *aff'd*, 702 F. App'x
    945 (11th Cir. 2017)................................................................................................................11

*Tyler v. Kia Motors Mfg. Georgia*,
    No. 14-cv-00147, 2016 WL 9663168 (N.D. Ga. Aug. 1, 2016) ...................................7, 8, 11

*United States Equal Emp. Opportunity Commission v. George Washington Univ.*,
    502 F. Supp. 3d 62 (D.D.C. 2020) ................................................................................ *passim*

*Williams v. District of Columbia*,
    806 F. Supp. 2d 44 (D.C. Cir. 2011)................................................................................11, 12

*Woodard v. Victory Recs., Inc.*,
    No. 11-CV-7594, 2013 WL 4501455 (N.D. Ill. Aug. 22, 2013) ...........................................11

**Other Authorities**

D.C. Rules of Professional Conduct 1.6, 1.15, and 8.4 .............................................9, 10

Federal Rule of Civil Procedure 26(b)(5)(B) ........................................................ *passim*

Federal Rule of Civil Procedure Rule 56(d) .................................................................13

Herring Networks Inc. d/b/a/ One America News Network ("OAN") files this Reply to Plaintiffs' Response to Defendants' Motion for Relief with Respect to Plaintiffs' Violations of Judge Nichols Protective Order and Use of OAN's Clawbacked Material in Support of their Summary Judgment Response ("Motion") as follows:

## I. SUMMARY

OAN's Motion, filed on January 19, 2024, seeks this Court's intervention and relief from Plaintiffs' willful misconduct and knowing disregard for the Federal Rules of Civil Procedure 26(b)(5)(B), the D.C. Rules of Professional Conduct, and the agreed-to Protective Order with regard to a series of OAN's inadvertently produced privileged emails ("Inadvertent Production Material"). *See* Dkt. 48 at 6. Plaintiffs' Response (Dkt. 180) and the admissions contained therein further establish and confirm the grounds for sanctions for violation of the Protective Order, Fed. R. Civ. P. 26(b)(5)(B), ethics violations, and bad faith set forth in the Motion, as shown below.

Plaintiffs' response to the Motion ("Response") confirms that: (1) Plaintiffs found the subject emails in OAN's document production[1]; (2) Plaintiffs were then informed by OAN that those certain emails were subject to a claim of privilege[2]; (3) OAN then sent a clawback letter[3]; (4) despite a meet and confer with OAN's counsel regarding the claim of privilege and protection under the Protective Order, Plaintiffs decided to refer and cite to the Inadvertent Production Material in their opposition to OAN's motion for summary judgment on actual malice filed on December 9, 2023[4]; (5) Plaintiffs subsequently submitted the Inadvertent Production Material *in*

---

[1] Dkt. 180 at 30-31. All references in this Reply to pages on the Court's docket are references to the ECF pages.

[2] Dkt. 180 at 9.

[3] *Id*. at 31.

[4] *Id.* at 34-36.

*camera* in support of their opposition to the motion for summary judgment but did not note that the Material was subject to a claim of privilege.[5] Plaintiffs then used their Response to this instant Motion as a vehicle to extensively reference and use the Inadvertent Production Material to spin false tales in order to attract media attention with extraneous, false and inflammatory allegations beyond the scope of the Motion. *See* Dkt. 180. Indeed, one need only refer to the Table of Contents in the Response to see that only (7) seven out of (33) pages are dedicated to OAN's Motion and request for sanctions. The first 23 pages use and discuss the Inadvertent Production Material *yet again* for improper purposes in violation of Rule 26 and the Protective Order, despite OAN's claim of privilege.

Plaintiffs' interpretation of the Federal Rules, the Protective Order, and case law is not merely wrong but put forward to deflect from bad faith behavior and is directly contradicted by established case law, is unfounded, and is largely without citation to authority. For example, the Response states, "Federal Rule 26(b)(5)(B) *only* applies if the information 'is subject to a claim of privilege, or of protection as trial-preparation material," and Plaintiffs construe that to mean they had no obligation to comply after they self-servingly concluded the Inadvertent Production Material "could not be privileged." Dkt. 180 at 32 (emphasis added). Plaintiffs do not cite a case for this proposition nor can they, as it is belied by the text of the rule, which says that the party who is notified of a claim of privilege "may promptly present the information to the court under seal for a determination of the claim" of privilege. Fed. R. Civ. P. 26(b)(5)(B). The Advisory Committee Notes, 2006 Amendment, Subdivision (b)(5) also states, "Because the receiving party must decide whether to challenge the claim… ." If the Rule were as Plaintiffs imagine, there would

---

[5] *Id.* at 30.

be no reference to determination of a "*claim*" of privilege. And, as the record reflects, there is no dispute here that the Inadvertent Production Material was the subject of a claim of privilege.

Plaintiffs also turn the law on its head. OAN argued (based on this district's case *United States Equal Emp. Opportunity Commission v. George Washington Univ.*, 502 F. Supp. 3d 62, 73 (D.D.C. 2020) (hereafter "*EEOC*")), that a receiving party who is informed of an assertion of privilege has two choices: to accept the privilege claim or challenge it to the Court, but Plaintiffs claim that simple rule "is absurd, as it puts the onus on [Plaintiffs] to expend [their] own resources… ." Dkt. 180 at 32. But "absurd" or not, that is precisely what the federal rules and this district's case law require, and Plaintiffs cannot arbitrarily choose to ignore them. *See* Fed. R. Civ. P. 26(b)(5)(B); *EEOC*, 502 F. Supp. 3d at 73-74.

Because Plaintiffs have undoubtedly reviewed and used (and continue to use) the Inadvertent Production Material after a clawback request, they have violated the Court's Protective Order and Rule 26(b)(5)(B). OAN does not lightly seek sanctions, but Plaintiffs' violation of the Rules and the Court's Order are clear and warrant such relief.

## II. ARGUMENT

**A.     The Court—Not Plaintiffs—is the Proper Arbiter of Disputes Over Privileged or Protected Information; Plaintiffs Were Not Free to Use the Inadvertent Production Material at their Whim. (Reply to Response (Dkt. 180) pp. 20-36).**

Plaintiffs contend that "[e]ven if the Court *now* finds that the [Inadvertent Production Material] is privileged, and *now* qualifies as Protected Information … Smartmatic had a good faith basis for believing the exchange was not privileged … when it referenced the exchange in its opposition brief. Smartmatic had made that position clear to OAN[] multiple times." Dkt. 180 at 21. Plaintiffs' approach impermissibly commandeers the Court's role to determine privilege claims in the first instance.

Notably, the Response does not cite a single case, nor have undersigned counsel found any, that supports the position that Plaintiffs (as the receiving party) are the arbiters of whether or not the Inadvertent Production Materials are protected emails that Plaintiffs can use as they please after notice by the producing party. To the contrary, Rule 26(b)(5)(B) is clear and the law legion that it is the Court not the receiving party who decides whether the material is privileged and protected. *See* Fed. R. Civ. P. 26(b)(5)(B) (the party in possession may "promptly present the information to the court under seal for determination of the claim."); *EEOC*, 502 F. Supp. 3d at 73 ("[T]he rule itself provides that the claim of privilege, if disputed, will be resolved by the court; it does not contemplate that the party in possession of the allegedly privileged material will or should make that determination on its own."); *see also, e.g.*, *Radiance Aluminum Fence, Inc. v. Marquis Metal Material, Inc.*, 335 F.R.D. 371, 377 (E.D. Mich. 2020) (holding that, once a disputed claim of privilege is made pursuant to Rule 26(b)(5)(B), the question of the applicability of the privilege, including whether privilege has been waived, "is for the Court's determination"). *EEOC* and the cases cited therein are directly on point on this issue and Plaintiffs have no valid argument otherwise. *See EEOC,* 502 F. Supp. 3d at 73-74.

**B.      Plaintiffs' Review and Use of the Inadvertent Production Material *After* Notice From OAN Violates Rule 26(b)(5)(B) and the Protective Order. (Reply to Response (Dkt. 180) pp. 29-31).**

Plaintiffs attempt to escape the clear requirements of Rule 26 and this Court's decision in *EEOC* by claiming that was a "materially different situation" because in *EEOC* the "entire analysis of the receiving party's options and obligations is premised on the receiving party's having not reviewed the inadvertently produced document." Dkt. 180 at 33. According to Plaintiffs' errant belief, the obligation to return a document over which privilege has been asserted applies only when the receiving party has not already reviewed the document. Dkt. 180 at 33. But once again,

Plaintiffs provide no textual basis for this distinction in Rule 26, and it appears that no case—from any court, ever—has adopted it. Plaintiffs certainly haven't cited one.

In their failed attempt to distinguish *EEOC*, Plaintiffs highlight exactly why their actions are covered by it. *See* Dkt. 180 at 33. In that case, the violation occurred because a party reviewed the disputed document *after a claim of privilege*—which is exactly what Plaintiffs did here.[6] The Court held the EEOC's "reviewing the emails at issue *after the University informed the agency that it claimed privilege over those communications* … violated Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure." *EEOC*, 502 F. Supp. 3d at 78 (emphasis added) (ordering destruction of all copies of the subject document, ordering that the EEOC certify that it had done so, and ordering the EEOC not to use or disclose the information at issue). Nowhere in *EEOC* did the decision turn on whether the recipient reviewed the document before the assertion of privilege.[7]

Besides the lack of textual or precedential support for Plaintiffs' view, such an exception would make no sense, as it would allow a party to keep using privileged documents despite the assertion that they are privileged, thereby eviscerating Rule 26(b)(5)(B) by rendering pointless the assertion of privilege, the clawback request, the admonition against the receiving party's use and

---

[6] For example, the Response recounts how, *after* OAN sent the clawback letter, Plaintiffs' counsel allegedly "knew OAN[] was not telling the truth, so it put the lie to the test" and not only specifically inquired about the parties to the protected information during meet and confers, continued to read and use it in crafting their discovery demands and court filings, specifically the opposition to OAN's partial motion for summary judgment on actual malice. Dkt. 180 at 14-20. Unfortunately, given the admissions, tone and tenor of Plaintiffs' Response, it seems highly likely that Plaintiffs and their counsel also shared the protected information with third parties and the media. "[A]n attorney who reviews material known to be privileged may be 'engaging in a dishonest act' in violation of the Rules of Professional Conduct." *EEOC*, 502 F. Supp. 3d at 78. All such instances are also in violation of Rule 26.

[7] The Response's attempt to distinguish *In re Disposable Contact Lens Antitrust Litigation*, No. 15-md-2626, 2016 WL 7115998 (M.D. Fla. Oct. 24, 2016) (review of documents after notice not permitted), fails for the same reason.

disclosure of the information, and the admonition that the receiving party present the information to the court under seal in the event they do not accept the claim. *See* Fed. R. Civ. P. 26(b)(5)(B). Simply put, Plaintiffs were "prohibited from reviewing the documents at issue once [OAN] made its claim of privilege—*whether or not those documents were, in fact, privileged.*" *EEOC,* 502 F. Supp. 3d at 78 (emphasis added).

**C.     Plaintiffs' Contemptuous Use and Reference to the Inadvertent Production Material in their Opposition Brief to Summary Judgment and in the Response Violates Rules 26(b)(5)(B) and the Protective Order. (Reply to Response (Dkt. 180) pp. 31-36).**

Instead of following the clear cut mandate and admonitions of Rule 26(b)(5)(B), the Protective Order, the Rules of Professional Conduct, and established case law, Plaintiffs took matters into their own hands and used the Inadvertent Production Material despite knowing that OAN claimed it as privileged under Rule 26(b)(5)(B) and the Protective Order. *EEOC* and other court decisions recognize a clear requirement of Rule 26 that unequivocally prohibits a party from reviewing, using or disclosing a document after a claim of privilege, with no caveat for situations where the party had already seen the document, as explained above. *EEOC*, 502 F. Supp. 3d at 73; *see also In re Disposable Contact Lens Antitrust Litigation*, 2016 WL 7115998, at *4. The Advisory Committee Notes for Rule 26(b)(5)(B) further provide that "no receiving party may use or disclose the information pending resolution of the privilege claim[.]" *Preferred Care Partners Holding Corp. v. Humana, Inc.*, No. 08–20424–CIV, 2009 WL 982456, at *4 (S.D. Fla. Apr. 10, 2009) (quoting Fed. R. Civ. P. 26, advisory committee's notes (2006)); *see also, e.g., Piasa Com. Interiors, Inc. v. J.P. Murray Co.,* No. 07-CV-617, 2010 WL 1241563 (S.D. Ill. Mar. 23, 2010).

The decision in *Piasa* is especially on point. In *Piasa,* as here, the receiving party (Piasa) did not deny that it used information that was subject to a privilege claim and failed to return the information or present it to the court for review. 2010 WL 1241563, at *2. Instead, Piasa argued the information was not privileged and that the producing party waived any privilege. The court

noted that nothing in the rule requires that the information at issue actually be privileged in order to comply with the rule. Rule 26(b)(5)(B) required that Piasa return the information or present it to the court upon a *claim* of privilege. *Id*. (emphasis in original).

The court also held the rule does not require an actual finding of privilege in order for compliance with its terms, and it does not provide for the non-asserting party to make the determination on its own. *Id*. Rather, if the receiving party "disputes the assertion of the privilege and the erroneous disclosure, it can invoke the decision making authority of the court, but cannot divine justice on its own." *Id*. The court held that Piasa clearly failed to comply with the provisions of Rule 26(b)(5)(B)**,** despite numerous notifications of the claim by the producing party: "As Piasa blatantly disregarded the requirements of Rule 26(b)(5)(B), the Court finds that barring further use of the document to be an appropriate remedy. The provisions of Rule 26(b)(5)(B) are simple and straight forward. The Court will not tolerate a blatant refusal to comply with the rule." *Id*. at *2; *see also Ewald v. Norwegian Embassy*, No. 11-cv-2116, 2014 WL 1309095, at *13–*14 (D. Minn. Apr. 1, 2014) ("That Ewald disagreed with the Embassy's assertion of privilege did not give her or her counsel permission to ignore what Rule 26 requires."). The portion of a document claimed to be privileged may not be used until the privilege claim is decided. *See* Fed. R. Civ. P. 26 advisory committee's notes (2006 Amendment).").

Like in *Piasa*, courts across the country routinely bar a party from relying on a document after violating Rule 26(b)(5)(B)'s provisions. In *Tyler v. Kia Motors Mfg. Georgia*, No. 14-cv-00147, 2016 WL 9663168 (N.D. Ga. Aug. 1, 2016), for example, the court found the party who filed a protected document in his opposition to a summary judgment motion after notice that the issue was not resolved, and without first filing a motion to resolve the claim, had "blatantly violated Rule 26(b)(5)(B) … by … filing [Exhibit 5] on the public docket,' and therefore, Tyler is

7

'barred from further use of the unredacted version[ ] of [Exhibit 5].'" *Id.* at *3; *see also Bank of Camden v. State Bank & Trust Co.*, No. 13–CV–21, 2014 WL 991782, at *2 (M.D. Ga. Mar. 13, 2014) (barring further use of unredacted documents as the plaintiff gave them to its expert witness, used them in a deposition, and filed them on the docket before moving to resolve defendant's claim of privilege)); *Lawrence v. Dependable Med. Transp. Servs., L.L.C.*, No. 13–cv–0417, 2014 WL 2510628, at *2 (D. Ariz. Jun. 4, 2014) (citations omitted) ("Here, plaintiffs took it upon themselves to make a determination as to whether the emails had been inadvertently disclosed and whether the privilege had been waived. Such conduct does not comply with Rule 26(b)(5)(B). Because plaintiffs have failed to comply with Rule 26(b)(5)(B), plaintiffs will not be allowed to use the emails."); *Piasa*, 2010 WL 1241563, at *2 (finding the plaintiff "blatantly disregarded the requirements of Rule 26(b)(5)(B)" and barring its use of the document as defendant notified plaintiff of the privilege claim and plaintiff did not return the document or submit it to the court for review but rather used the contents of the document in its response brief).

Courts have further held that even a brief reference to privileged materials constitutes use in violation of Rule 26(b)(5)(B). *See, e.g.*, *Leser v. Indianapolis Pub. Sch.*, No. 16-CV-02044, 2019 WL 911240, at *3 (S.D. Ind. Feb. 22, 2019) (brief reference to clawed-back information in a footnote "violat[ed] the federal rules" and "clearly constitute[d] a 'use' of the information"). But here, it is undisputed—and in fact, Plaintiffs readily and repeatedly admit—that Plaintiffs not only "review[ed] the documents at issue" *after* OAN "made its claim of privilege" but used them as well. Plaintiffs not only admit to using the Inadvertent Production Material in their opposition brief to the partial motion for summary judgment on actual malice after receipt of the clawback letter, yet now insist they "*violated nothing.*" Dkt. 180 at 29. The Response continues, arguing, "e*ven if the Court disagrees*" with Plaintiffs' actions, they "should not be sanctioned for [their] *use of the*

*exchange in [their] opposition brief*."[8] Dkt. 180 at 29 (emphasis added); *see also id.* at 21 ("Even if the Court *now* finds the exchange is privileged, and *now* qualifies as Protected Information, …Smartmatic had a good faith basis…when referenced it referenced the exchange in its opposition brief.") (emphasis in original).

Indeed, the vast majority of the argument in the Response is not even responsive to the issues raised by the Motion but an impermissible vehicle by which Plaintiffs once again use the Inadvertent Production Material as a premise to advance a false narrative that they know is not true. *See, e.g.,* Dkt. 180, ECF pp. 6-7, 10-13, 20-21, 23-28; *see also* Dkt. 171-1, ECF p. 6. This further use is also impermissible. The Response contains twenty-three (23) pages rife with explicit references to the express language and substance of Inadvertent Production Material as the basis for a myriad of unfounded, salacious, unsupported and blatantly false accusations unrelated to the alleged violations of the Protective Order and Rule 26 that are the subject of OAN's Motion. *Compare* Dkt. 171 and Dkt. 180.

In addition to violating Rule 26(b)(5)(B)'s admonition that the receiving party "*must not use or disclose the information until the claim is resolved*," Plaintiffs also violated D.C. Rules of Professional Conduct 1.6, 1.15, and 8.4. *EEOC*, 502 F. Supp. 3d at 76. "When an attorney has been put on notice that she has received material to which she is not entitled, her review of that material would be 'unethical.'" *Id*. "Rule 1.15(a) requires the receiving lawyer to return the

---

[8] Neither Rule 26(b)(5)(B), nor the Protective Order, nor the Rules of Professional Conduct provide exceptions for Plaintiffs' unattested, hollow protestations of "good faith" to disregard the mandatory directives to return or destroy the Inadvertent Production Material. *See, e.g.,* Fed. R. Civ. P. 26(b)(5)(B), Protective Order (Dkt. 48 at Paragraph 20(c) and PRC Rules 1.15(a) and 8.4(c). Once again, Plaintiffs' contention is conclusory, without support under the law or facts and does not ameliorate the willfulness of their actions.

documents to the sending lawyer; the receiving lawyer also violates Rule 8.4(c) if the lawyer reads *and/or uses the material*." *See id.* at 76 (emphasis added).

**D.      No Waiver or Consent to Use the Inadvertent Production Material Occurred (Reply to Response at 180: 36-38).[9] (Reply to Response (Dkt. 180) pp. 36-38).**

      In an attempt to deflect from their undeniable violations of Rule 26, the Protective Order, and the rules of professional responsibility, Plaintiffs contend that "even if" the Inadvertent Production Material were privileged, OAN delayed taking reasonable steps to rectify its disclosure. Dkt. 180 at 36. At the outset OAN notes (again) that the questions of privilege and the "crime-fraud" exception are not properly before the Court. Plaintiffs admit that those issues are not the subject of OAN's Motion, nor have Plaintiffs moved for such a determination. *See* Dkt. 180 at 8 ("OAN is not asking this Court to find that the [Inadvertent Production Material] is privileged").

      Determination of the issue that actually is before the Court (*i.e.*, whether Plaintiffs complied with Rule 26 and the Protective Order) does not require the Court to first determine whether the Inadvertent Production Material is privileged. As one court noted:

---

[9] Unable to avoid the inevitable conclusion that they openly and blatantly violated Fed. R. Civ. P. 26 and the Protective Order, Plaintiffs instead focus the vast majority of the Response brief on challenging OAN's assertion of the joint-defense privilege. They even repeatedly criticize OAN for not raising that issue directly, even though the case law cited above makes quite clear that Plaintiffs are the ones obligated to file a motion if they wish to challenge privilege. Plaintiffs also suggest that the Court should resolve OAN's claim of privilege now because the court in *EEOC* did so when ruling on a motion based on a Rule 26(b)(5)(B) violation. Dkt. 180 at 30 n.4. Yet, *EEOC* created no such requirement. The court's decision to assess the claimed privilege in *EEOC* made sense because the producing party in its initial motion effectively asked the Court to determine that the disputed materials were privileged. *See EEOC*, No. 17-CV-01978, Dkt. 58 at 12–15 (D.D.C. Aug. 11, 2020). Here, OAN made no such arguments in its Motion and, in fact, explicitly affirmed that it "is not asking the Court to resolve the underlying issue of whether the Inadvertent Production Material is privileged." Dkt. 171 at 8 (emphasis in original). Even though they have the burden, Plaintiffs have conspicuously declined to file a motion and have not sought relief in the Response. In the event the Court should decide to entertain argument on the privilege issue, OAN respectfully requests the opportunity to respond pursuant to a briefing schedule so it can present its evidence in support of the claim.

> [N]othing in [Rule 26(b)(5)(B)] requires that the information at issue actually be privileged in order to comply with the rule. Rule 26(b)(5)(B) requires that [the receiving party] return the information or present it to the court upon a claim of privilege. The rule does not require an actual finding of privilege in order for compliance with its terms.

*Piasa*, 2010 WL 1241563, at *2.[10] Thus, "the question of whether the documents at issue in this case are in fact privileged is not necessary to enforce the requirements of Rule 26(b)(5)(B)—requirements [Plaintiffs] failed to follow here." *Woodard v. Victory Recs., Inc.*, No. 11-CV-7594, 2013 WL 4501455, at *3 (N.D. Ill. Aug. 22, 2013) (finding no basis for the argument that a privilege determination "must go 'first'").[11]

In any event, Plaintiffs' claim that the "privilege" has been waived because OAN allegedly took too long to challenge Plaintiffs' improper use of the underlying materials is unequivocally foreclosed by the Protective Order in this case, which states in the clawback provision that "the Receiving Party shall not challenge either the adequacy of the Producing Party's document review procedure or its efforts to rectify the error." Dkt. 48 at 11 (para. 19(c)).

Plaintiffs cite as "instructive" (Dkt. 180 at 36) the decision in *Williams v. District of Columbia*, 806 F. Supp. 2d 44 (D.C. Cir. 2011), a case where the producing party delayed two years and eight months. In *Williams*, the producing party (the District) notified Williams of its

---

[10] *See also Bank of Camden*, 2014 WL 991782, at *2 (receiving party's arguments that inadvertently produced material was not privileged or that privilege was waived were "irrelevant to whether [the receiving party] complied with Rule 26(b)(5)(B)," which "does not require an actual finding of privilege in order for compliance with its terms"); *Lawrence*, 2014 WL 2510628, at *2 (same); *Tyler*, 2016 WL 9663168, at *3 n.4 (noting same and refusing to consider privilege and waiver arguments), *adopted by*, *Tyler v. Kia Motors Mfg. Georgia*, 14-cv-147, 2016 WL 9651774 (N.D. Ga. Sept. 1, 2016), *aff'd*, 702 F. App'x 945 (11th Cir. 2017).

[11] Under the present circumstances, because this is a reply brief and Plaintiffs have not filed a motion on the issue of privilege, OAN does not believe the Court should decide those issues at this time. In fact, given Plaintiffs' repeated and serious violations, the Court should simply bar Plaintiffs from using the Inadvertent Production Material altogether. If, however, the Court determines that it should decide the privilege issue, OAN asks that it be given the opportunity for further briefing.

error in a letter dated November 22, 2008, requesting that the communication be "return[ed] … at once." *Williams*, 806 F. Supp. 2d at 52. When Williams did not promptly return the communication *or otherwise respond* to the District's letter, the court found the District was on notice that further action was required. *Id*. Nonetheless, the District waited approximately two years and eight months before it filed a motion seeking the court's intervention. *Id*. "Which is not to say that the District was required to seek the Court's intervention immediately on the heels of its letter to Williams." *Id*. The District, however, took no further action other than sending the initial letter, electing instead to wait *years* while a privileged communication remained in the hands of a third-party to the communication. *Id*. (emphasis added). But of course OAN waited nothing like the 32 months in *Williams*, which is therefore readily distinguishable.

As the court noted, "in appropriate circumstances, a producing party may be justified in waiting a reasonable period of time to see if the receiving party will "sequester" the document and "present the information to the court under seal for a determination of the claim." Fed. R. Civ. P. 26(b)(5)(B); *Williams*, 806 F. Supp. 2d at 52.[12] "Alternatively, a producing party may, and in fact should, attempt to meet-and-confer with the receiving party in a good faith attempt to resolve the dispute and obviate the need for the district court's intervention." *Id*. at 52. That is *exactly* what OAN did here. *See* Butzer Dec. Dkt 171-1 and Exs. 1-A through 1-D (Dkt. 171-1 at 5-14) attached thereto.

---

[12] Plaintiffs sent OAN a letter dated October 24, 2023 calling to its attention the production of certain sensitive documents. *See* Dkt. 180 at 14. OAN responded on November 5, 2023, informing Plaintiffs that OAN inadvertently produced an email communication protected by the joint defense privilege and identified that email by Bates number. Dkt. 180-12 at 2. On November 20, 2023, OAN then followed up with a written clawback letter informing Plaintiffs' of the inadvertent production of three emails and informing them not to use the privileged material "for any purpose in this case." Dkt. 180-13 at 2.

Moreover, Plaintiffs' calculation of 87 days between the time it was on notice of the inadvertent disclosure until the date it filed the Motion improperly measures the relevant time period. *See* Dkt. 180 at 37. To determine whether a delay in asserting privilege is unreasonable, courts look to the period between when the privilege-holder had knowledge of the disclosure (rather than the when the disclosure was made) and when the privilege holder *acted to address that disclosure*. *EEOC*, 502 F. Supp. 3d at 84. Plaintiffs sent a letter dated October 24, 2023, to OAN informing them of the production of certain documents. *See* Dkt. 180 at 14. Promptly upon realizing the Inadvertent Production Material had been produced, OAN sent a letter to Plaintiffs within two weeks, on November 5, 2023, informing them of the inadvertent disclosure and assertion of the joint defense privilege, and OAN followed up thereafter with the clawback letter and the series of meet and confers. *See* Dkt. 171-1 at 2-13. Indeed, Plaintiffs' Response cuts against the argument that OAN did not act reasonably; rather, OAN acted in good faith, in accordance with the Magistrate's admonitions concerning discovery disputes (Tr. of December 20, 2023 Discovery Status Conference at pp. 5-6) and the terms of the Protective Order (Dkt. 48 at 3, para. 4; at 10-11 at para. 19(b), (c)) to try and resolve the issue without the Court's intervention. *See, e.g.*, Dkt. 180 at 36-37; Kovacs Dec. Dkt. 180-1 at 2, 4-6 (para. 11-21), 6-7 (para. 23-28). This all confirms OAN was not dilatory.

Plaintiffs also contend that by stating "Thank you Caitlin" in an email, OAN's counsel somehow consented to the improper use of the Inadvertent Production Material in filing the opposition to the partial motion for summary judgment, but that is entirely unreasonable. *See, e.g.*, Dkt. 180 at 37; Ex. R, Dkt 180-15 at 2. Mere courtesy emails are hardly the basis for giving approval to use material over which a claim of privilege had been made. The full context confirms this. On December 22, 2023, Plaintiffs filed their Rule 56(d) Response in Opposition to

13

Defendant's Partial Motion for Summary Judgment (Dkt. 155) and therein and in the Affidavit of Erik Connolly (Dkt. 155-1). Plaintiffs referenced Exhibits BB and CC but did not file them with the Court at that time or provide them to OAN's counsel. Subsequently, on Christmas Eve, after OAN had requested copies, Plaintiffs forwarded the attachments and stated that the "Court does not yet have these documents. We will keep you looped in on any communications with the Court about *in camera* review," to which Mr. Babcock responded, "Thank you Caitlin." (Dkt. 180 at 2-9, Exhibit R). Nothing more.

Where, as here a claim of privilege is contested, Rule 26(b)(5)(B) requires the receiving party to submit privileged documents *in camera* for the Court's determine of a contested claim of privilege prior to their use, which, from the statements in the email, it appeared to OAN that Plaintiffs were intending to do.[13] Thus, the response "Thank you," immediately following the receipt of Plaintiffs' counsel's email stating, "we will keep you in the loop," is perfectly reasonable. It certainly does not rise to the level of consent or acquiescence in Plaintiffs' improper use of protected material the use of such documents in the opposition and supporting affidavit, which OAN steadfastly opposed. The notion that OAN, after numerous meet and confers and filing a partial motion for summary judgment would suddenly and implicitly consent to Plaintiffs' use of that material in opposition to the motion for summary judgment is nonsensical. Plaintiffs cite no cases finding waiver on similar grounds.[14]

---

[13] Unfortunately, Plaintiffs sanctionable conduct is once again evident in the fact that when they did submit Exs. BB and CC to the Court *in camera* on December 28, 2023, they did so without informing the Court that they were the subject of a clawback letter and claim of privilege. *See* Dkt. 180-16 at 2.

[14] The only case cited is inapposite. *See Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*, 218 F. Supp. 3d 197, 199-201 (E.D.N.Y. 2016) (finding waiver for two exhibits discussed extensively during a deposition, one of which had been previously withheld as privileged

## III.  CONCLUSION

OAN seeks an order commensurate with the Court's inherent powers that (1) requires Plaintiffs to destroy all copies of the document and provide written confirmation by each that they have done so; (2) strike all references to the Protected matter in the record, including but not limited to the opposition to the motion for summary judgment; (3) bar Plaintiffs from using the information in the future; and (4) require Plaintiffs to provide and certify as to the names and contact information of all third parties with whom they communicated regarding the Inadvertent Protected Material and their response to this motion (Dkt. 180). OAN also seeks attorneys' fees for bringing the sanction motion.

The aforementioned sanctions are warranted under the facts of this case as are readily apparent from the admissions in Plaintiffs' Response, including but not limited to Plaintiffs' knowing and willful use of the Inadvertent Protected Material in their opposition brief to summary judgment and the Response. *See EEOC*, 502 F. Supp. 3d at 90 (and cases cited therein). Given Plaintiffs' insistence on doubling down on their improper use of the Materials, sanctions are not only appropriate but necessary.

---

before being produced and confidential, when producing party's counsel was present and failed to object on the record).

Dated: February 12, 2024    By: */s/ Charles L Babcock*

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY PLLC**
R. Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Herring Networks, Inc.*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of February 2024, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.

*/s/ R. Trent McCotter*
Trent McCotter
