**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>Defendant. | Civil Action No. 1:21-cv-02900-CJN-MAU |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE OR DISMISS PLAINTIFFS' DAMAGE CLAIMS FOR RULE 16 VIOLATIONS AND DISCOVERY ABUSE OR ALTERNATIVELY, MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGED DAMAGES**

Smartmatic USA Corp., Smartmatic Holding B.V. and SGO Corporation Limited (collectively, "Plaintiffs" or "Smartmatic") file herein their response to Defendant Herring Networks d/b/a One America News Network's ("OANN" or "Defendant") motion to strike, styled as a "Motion to Strike or Dismiss Plaintiffs' Damage Claims for Rule 16 Violations and Discovery Abuse or Alternatively, Motion in Limine to Preclude Evidence of Alleged Damages" ("Motion," Dkt. 179, February 2, 2024).

I. **INTRODUCTION**

This is the second disingenuous motion filed by OANN predicated on an outdated scheduling order.[1] This Motion was filed subsequent to, and in the face of, Magistrate Judge Upadhyaya's December 20, 2023 discovery rulings that belie every basis for this Motion, but it was also filed in this Court a day before Judge Upadhyaya's next scheduled February 5, 2024 discovery hearing. And to shed more light on its improper motive, OANN gratuitously sent a courtesy copy of this Motion to Judge Upadhyaya just prior to the February 5 afternoon hearing in some feeble attempt to influence her upcoming rulings that day.[2]

In any event, on the morning of February 5, 2024, this Court referred the pending motion to extend the discovery schedule to Judge Upadhyaya and on the afternoon of February 5, 2024, she granted the motion and extended the discovery schedule and the expert discovery schedule.

---

[1] OANN repeatedly misstates Smartmatic's claim for damages in the Complaint. Smartmatic alleges damages in excess of $75,000, with the amount to be proven at trial. (Compl., Dkt. 1, at ¶469). Despite that clear pleading, OANN continues to misrepresent to the Court that Smartmatic alleges "over $2 billion in damages." (Motion at 1.) In reality, Smartmatic makes an allegation of decreasing business value caused by the disinformation campaign, from in excess of $3.0 billion to less than $1 billion, but makes clear in the allegation that OANN's widespread publications and defamatory statements "were a substantial cause of **a portion** of this business valuation decline." (Compl., Dkt. 1, at ¶438) (emphasis added).

[2] OANN's claim that being a small, family-owned company entitles it to sympathy is likewise insincere given the size and sophistication of its legal team, as noted by Judge Upadhaya. *See* Marshall Cohen, *Pro-Trump network OAN's president solicited more info after receiving 'stolen' Smartmatic passwords, court documents allege*, CNN (Feb. 7, 2024), https://www.cnn.com/2024/02/07/media/oan-president-smartmatic-passwords/index.html.

1

There was never any legitimate basis for OANN to file the Motion or to claim that Smartmatic violated Rule 16 or engaged in any discovery abuse. The Motion is moot.

There also is no discovery abuse associated with Smartmatic's initial disclosures. OANN's assertion to the contrary is specious. Judge Upadhyaya was presented with OANN's Motion to Compel on December 20, Smartmatic submitted amended disclosures on January 4, and the Court heard further argument from both parties on February 5. Smartmatic is set to provide additional information on February 20. No rules have been violated; no deadlines have been missed; and Judge Upadhyaya has been involved with these disclosures every step of the way since December 20.

The current discovery schedule is as follows: fact discovery closes on May 10, 2024. (Order, Dkt. 183, at 1.) The deadline to disclose experts and produce reports is June 7, 2024. (*Id.*, at 1.) The deadlines OANN claims Smartmatic missed have been extended, and discovery is ongoing.

OANN should have withdrawn the Motion. Since each of the deadlines OANN predicated its Motion on was extended, Smartmatic informed OANN that its Motion was now moot, and it asked OANN to withdraw it. OANN stated during a meet and confer that it would consider Smartmatic's position, but through an email response then ultimately refused. (Declaration of James R. Bedell ("Bedell Decl.") Ex. A.) Despite tacitly conceding that at least some portion of its Motion was moot, OANN stated that it believed the Motion was not moot "as there continues to be a dispute as to whether Plaintiffs' disclosures are sufficient." (*Id.*) But the sufficiency of Smartmatic's initial disclosures is not the crux of OANN's Motion; the discovery schedule is. And, OANN's motion to compel amended initial disclosures has already been heard and ruled on.

2

OANN has repeatedly and desperately misused the Court process to try to avoid a trial on the merits. As demonstrated below, this Motion should never have been filed. Smartmatic should never have been required to file a Response. OANN should be sanctioned and Smartmatic reimbursed for its legal fees and costs expended in responding to this Motion.

II.     **PROCEDURAL HISTORY**

OANN spends much of its Motion rehashing its distorted view of the discovery process in this case prior to December 2023. Smartmatic has already covered much of the procedural history in its Rule 56(D) Response in Opposition to Defendants' Motion for Partial Summary Judgment on Actual Malice, and it incorporates that by reference herein. (*See* Dkt. 155, at 6–19.)

What OANN fails to do is to inform the Court of the procedure relevant to this Motion. On May 31, 2023, this Court referred all discovery disputes to Judge Upadhyaya for resolution. (*See* Feb. 5, 2024 Minute Order.) Almost immediately thereafter, OANN moved to recuse Judge Upadhyaya. (*See* Dkt. 78.) OANN took the position that Judge Upadhyaya could not rule on any discovery disputes until the recusal motion was resolved, leaving the parties with nowhere to turn for the resolution of discovery disputes. (Dec. 20, 2023 Hearing Transcript, Dkt. 156, at 12:9-15.)

Critically, Smartmatic filed a Motion to Issue a Protective Order, Stay Depositions, and Amend the Scheduling Order on September 18, 2023. (Dkt. 96.) Smartmatic renewed that motion on December 8, 2023. (Dkt. 132.)

After Judge Upadhyaya denied OANN's recusal motion, she held a discovery status conference on December 20, 2023. (Dec. 20, 2023 Minute Entry.) At that conference, because an extension of the discovery schedule was anticipated, Judge Upadhyaya suggested the parties file a joint submission regarding the extension of discovery deadlines with this Court. (Dkt. 156, 54:9-11.) On January 2, 2024, the parties filed the joint submission with this Court, in which Smartmatic proposed the dates that eventually became the operative Scheduling Order. (Dkt. 165.) That same

3

day, the parties also identified pending disputes, including OANN's motion to compel amended initial disclosures. (Dkt. 163 at 9.)

After the December 20 hearing, Judge Upadhyaya also ordered Smartmatic to respond to OANN's motion to compel amended initial disclosures by January 9, 2024. (Dkt. 153 at 2.) But rather than argue with OANN over the issue, Smartmatic went ahead and served OANN with amended initial disclosures, including the information it requested, on January 4, 2024. (Motion Ex. 1-H.) On January 9, 2024, Smartmatic then submitted its response to Judge Upadhyaya via email as directed[3]—in which Smartmatic indicated that its initial disclosures satisfied Rule 26 but that it supplemented them on its own accord.

On January 31, 2024, Judge Upadhyaya's chambers let the parties know that it would be hearing argument on the "Round 1" disputes identified in the parties' list of pending discovery disputes. (Bedell Decl. Ex. B.) Among the "Round 1" disputes was OANN's motion to compel amended initial disclosures. (Dkt. 163 at 9.)

By the end of January, OANN knew that the issues of the discovery schedule and its motion to compel amended initial disclosures were pending. Against that backdrop, OANN brought the instant Motion.

### III. LEGAL STANDARD

Sanctions under Rule 16 are limited to situations in which a party or its attorney "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Rule 37(b) likewise only applies when a party fails to comply with a court order. Fed. R. Civ. P. 37(b).

---

[3] Judge Upadhyaya later instructed Smartmatic to place the response on the docket, which Smartmatic filed on January 31, 2024. (*See* Dkt. 175.)

4

IV.  **ARGUMENT**

In its Motion, OANN asks the Court to sanction Smartmatic with the extreme and unprecedented punishment of striking its damages claim for a purported violation of a scheduling order no longer in effect. It strains logic why Smartmatic should be sanctioned for "violating" the fact discovery deadline, expert disclosure and report deadline, and initial disclosure deadline when none of those deadlines have actually passed. Ultimately, the Motion is yet another transparent attempt by OANN to litigate anything but the merits in this case, as OANN knew at the time it filed the Motion that all of these deadlines were likely to be extended.

A.  **Smartmatic Has Not Violated a Court Order, and OANN Had Reason to Know the At-Issue Deadlines Would Change**

A cursory look at the Scheduling Order in this case shows that Smartmatic has not violated the fact discovery or expert discovery deadlines. Those deadlines are months away. (Dkt, 183 at 1.) While they were not the deadlines when OANN filed the Motion, they are the deadlines now, and Smartmatic should not be sanctioned for not meeting deadlines no longer in effect, especially when it had timely and repeatedly moved to extend those deadlines; when the parties submitted yet another request to extend the discovery deadline on January 2 at Judge Upadhyaya's suggestion; and when OANN had reason to know at the time it filed the Motion that those deadlines would most likely be extended.

OANN knew when it filed the Motion that it was likely an extension of the schedule was forthcoming. Smartmatic timely moved for an extension of discovery back in September 2023. (Dkt. 96.) Shortly after Judge Upadhyaya denied OANN's motion for her recusal, she discussed the issue of an extension at the December 20, 2023 conference. (Dkt. 156.) At that conference, she stated that she was "going to assume that most likely you all will be engaging in some additional discovery." (*Id.* at 12:6–8.) Not only that, but the parties were then encouraged to file

5

a joint motion regarding extending the schedule and did in fact file such a motion. (*Id.* at 13:17–15:24; *see also* Dkt. 165.) But rather than wait for the Court to provide guidance on the issue, OANN moved straight to demanding sanctions.

### B. OANN Rejected Smartmatic's Suggestion to Withdraw the Motion as Moot

On February 5, 2024, Judge Upadhyaya extended the discovery schedule. (Dkt. 183.) Based on that, OANN should have withdrawn the Motion, and its failure to do so amounts to litigating in bad faith. Smartmatic gave notice to OANN that its Motion was moot in light of the February 5, 2024 hearing, but OANN refused to withdraw it. (*See* Bedell Decl. Ex. A.) In stating its position that "[t]he motion is not moot, as there continues to be a dispute as to whether Plaintiffs' disclosures are sufficient," OANN appears to agree there is no basis for claiming Smartmatic violated the fact and expert deadlines. (*Id.*) The parties have had a long-standing dispute over the details required for Smartmatic's damages disclosures—which will be further amended per court order on February 20—and that good faith dispute does not provide any cognizable basis whatsoever for OANN's continued pursuit of the Motion.

Before it filed the Motion, OANN already knew Judge Upadhyaya would be hearing further argument on its Motion to Compel Amended Initial Disclosures. (*Compare* Bedell Decl. Ex. B *with* Dkt. 163, at 9.) Smartmatic provided amended disclosures on damages on January 4— including the detailed Lost Profits Opportunities International excel spreadsheets and the narrative description of Lost Profits Opportunities for the United States—and the parties remained at impasse on further requests for information by OANN. Judge Upadhyaya's chambers informed the parties on January 31, 2024 that it would hear argument on OANN's Motion to Compel Amended Initial Disclosures on February 5, 2024. (Bedell Decl. Ex. B.) If Judge Upadhyaya denied OANN's motion, it would certainly have no basis to claim Smartmatic should be

sanctioned.  And if Judge Upadhyaya granted the motion, OANN would get the information it wanted, but it would *still* have no basis to claim Smartmatic should be sanctioned.

So instead, two days later—the final business day before the hearing—OANN filed the Motion and included Smartmatic's initial disclosures as a basis for sanctions.  (*See, e.g.*, Motion at 8–10.)  OANN filed the Motion despite the fact that Judge Upadhyaya has been addressing the parties' good faith dispute over the completeness of Smartmatic's damages disclosures since December 20, despite the fact that Smartmatic voluntarily agreed to amend such disclosures on January 4, and despite the fact that OANN knew as of January 31 that the parties' dispute would be further addressed by the Court on February 5.  At no time has Judge Upadhyaya found that Smartmatic violated any discovery rules or acted in any manner other than in good faith.

## C. OANN's Vague Reference to Violations of "Other Orders" Should Be Rejected

Not willing to leave the kitchen sink behind, OANN also complains—again—of violations of the Court's Standing Order.  (*Compare* Motion at 13–14 *with* Defendant's Emergency Motion to Strike Plaintiffs' Motion Filed in Violation of the Court's Standing Order (dated December 7, 2023).)  First, OANN makes vague references to purported violations without describing any filing that it alleges constitutes a violation.  Second, OANN leaves out its own refusal to join Smartmatic in a call to Judge Upadhyaya's chambers *nine months ago* that would have prevented the confusion the parties were left with regarding the Court's dispute resolution process.  Before filing its first motion in front of Judge Upadhyaya, Smartmatic asked OANN to join a call to her chambers to understand the Judge' process for deciding discovery disputes. (Bedell Decl. Ex. C.)  OANN refused.  (*Id.*).  Smartmatic therefore sent an email to Judge Upadhyaya's chambers informing them of Smartmatic's intent to file a motion and asking for guidance if the Judge wanted Smartmatic to follow a different process.  (Bedell Decl. Ex. D.)  Since Smartmatic did not receive

7

a response, it had no reason to believe there was any problem with filing discovery motions in front of Judge Upadhyaya, and the idea that Smartmatic should be *sanctioned* for doing so when *OANN* refused to join a run-of-the-mill telephone call to chambers is beyond hypocritical. Third, speaking of hypocrisy, OANN has filed a number of its own discovery disputes on the docket in the past several months, including the Motion that prompts this response. (*See, e.g.*, Dkt. 135 (Defendant's Motion or Protective Order Forbidding Plaintiffs' Third-Party Discovery that Violates Standing Oder); Dkt. 131 (Defendant's Emergency Motion to Strike Smartmatic Motions to Compel); Dkt. 143 (wherein OANN filed *six* discovery motions, styled as attachments to "Defendant's Notice of Unfiled Discovery Disputes").) OANN cannot seriously ask for sanctions regarding conduct that OANN itself continues to engage in.

### D.     All of OANN's Case Law is Predicated on Facts Not Present Here

OANN's case law, cited on pages 5–6 and 11–21, is irrelevant, as it solely deals with actual violations of court orders and non-amended disclosures. Given the conduct of Smartmatic and the timeline of events and orders discussed above, there was no violation of any Court Order, and no basis to suggest Smartmatic did not comply with the Court's Orders when addressing issues related to the damages disclosures pursuant to Rule 26. And to the extent OANN now bases its Motion solely on Smartmatic's initial disclosures, Smartmatic has until February 20, 2024 to amend them, and it is in the process of doing so.

### E.     The Court Should Sanction OANN

The Court should sanction OANN. There was no reasonable basis to file this Motion. Once Judge Upadhaya engaged with the parties beginning on December 20, she addressed pending motions and the extension of the fact discovery cut-off and extension of the expert disclosure deadline. Smartmatic violated no discovery schedule and no Court Orders. OANN has needlessly multiplied the proceedings in this case, and the Court should order OANN

to pay Smartmatic for its costs in responding to the Motion. *See Encyclopedia Brittanica, Inc. v. Dickstein Shapiro, LLP*, 905 F. Supp. 2d 150 (D.D.C. 2012) (finding sanctions warranted when a party maintained a motion to treat a motion for sanctions as conceded based on an incorrect reading of the rules); *see also* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

## V.     CONCLUSION

Smartmatic did not violate any Court Order, and OANN cannot claim otherwise. OANN should have withdrawn the Motion as soon as the schedule was extended, but it did not. OANN remains determined to litigate this case on anything but the merits. The Court should put a stop to that now by denying OANN's Motion in its entirety, including its request for an order striking or dismissing Plaintiffs' damages claims or precluding Plaintiffs from introducing evidence of damages at trial. The Court should further deny OANN's request for unnecessary oral argument and sanction OANN for this frivolous conduct.

Date: February 16, 2024

                                              */s/ James R. Bedell*
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Ronald S. Betman (admitted *pro hac vice*)
Caitlin A. Kovacs (admitted *pro hac vice*)
Olivia E. Sullivan (admitted *pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
rbetman@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

James R. Bedell (admitted *pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: 216.363.4500
jbedell@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ James R. Bedell*
James R. Bedell

*One of the Attorneys for the Plaintiffs*
*Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*