**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SMARTMATIC USA CORP., | ) | |
| SMARTMATIC HOLDING B.V., AND | ) | |
| SGO CORPORATION LIMITED, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:21-cv-02900-CJN- |
| v. | ) | MAU |
| | ) | |
| HERRING NETWORKS, INC., D/B/A | ) | |
| ONE AMERICA NEWS NETWORK, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE OR
DISMISS PLAINTIFFS' DAMAGES CLAIMS FOR RULE 16 VIOLATIONS AND
DISCOVERY ABUSE OR ALTERNATIVELY, MOTION IN LIMINE TO PRECLUDE
<u>EVIDENCE OF ALLEGED DAMAGES</u>**

## TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................................1

II.  ARGUMENT ........................................................................................................2

     A.   The Original Scheduling Order Is the Operative Scheduling Order at Issue, and Plaintiffs Violated It. ............................................................................2

     B.   The Motion Is Not Moot ...................................................................................7

     C.   Plaintiffs' "Clearly Deficient" Rule 26 Initial Disclosures, Amendments, and Supplements. ................................................................................................9

     D.   Plaintiffs' Second Amended Initial Disclosures Ignore the Court's Ruling and Admonitions and Are Deficient, Providing an Additional Reason for Striking of Damages Pleadings, Dismissal, or Preclusion of Evidence ................14

          (1)   The Documents Supporting *Plaintiffs'* Claims Are Not Identified. ..........14

          (2)   Deficient List of Damages and Failure to Break Out as to Each of the Three Plaintiffs. ...............................................................................15

          (3)   Impacted International Opportunities Lost Profits. ...................................15

          (4)   U.S. Lost Profits ........................................................................................18

          (5)   Lost Enterprise Value. ..............................................................................20

          (6)   Out-of-Pocket Expenses ............................................................................20

     E.   Plaintiffs Have Provided No Basis to Sanction OAN. ...........................................20

     F.   Plaintiffs Offer No Response or Explanation for Their Discovery Abuse and/or Failure to Comply with Rule 26(a) and (e). ...............................................21

III. CONCLUSION ....................................................................................................21

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*3E Mobile, LLC v. Glob. Cellular, Inc.*,
   222 F. Supp. 3d 50 (D.D.C. 2016) ......................................................................................6

*Am. Prop. Const. Co. v. Sprenger Lang Found.*,
   274 F.R.D. 1 (D.D.C. 2011) ...........................................................................................18

*Am. Stock Exchange, LLC v. Mopex, Inc.*,
   215 F.R.D. 87 (S.D.N.Y. 2002) ....................................................................................21

*Amiri v. Omni Excavators, Inc.*,
   No. CV 18-586 (RMC), 2019 WL 5653622 (D.D.C. Oct. 31, 2019) ....................................17

*Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*,
   596 F.3d 357 (6th Cir. 2010) .........................................................................................18

*In re Coyne Electric Contractors, Inc.*,
   231 B.R. 204 (Bankr. S.D.N.Y. 1999) ...................................................................5, 6, 7

*Design Strategies, Inc. v. Davis*,
   367 F. Supp. 2d 630 (S.D.N.Y. 2005), *aff'd sub nom. Design Strategy, Inc. v.*
   *Davis,* 469 F.3d 284 (2d Cir. 2006) ...............................................................................21

*Design Strategy, Inc. v. Davis*,
   469 F.3d 284 (2d Cir. 2006) ...........................................................................................16

*Encyclopedia Britannica, Inc. v. Dickstein Shapiro, LLP.*,
   905 F. Supp. 2d 150 (D.D.C. 2012) ..........................................................................20, 21

*George v. Allen Martin Ventures, LLC*,
   No. 21-CV-2876-RJL-ZMF, 2023 WL 2705776 (D.D.C. 2023) ...........................................3

*N.Y.C. Transit Auth. v. Express Scripts, Inc.*,
   588 F. Supp. 3d 424 (S.D.N.Y. 2022) ...........................................................................17

*Odie v. Gen. Motors Corp.*,
   131 F.R.D. 365 (D. Mass. 1990) .................................................................................5, 7

*In re Pro. Hockey Antitrust Litig.*,
   63 F.R.D. 641 (E.D. Pa. 1974), *rev'd*, 531 F.2d 1188 (3d Cir. 1976), *rev'd sub*
   *nom. Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639 (1976) .......................8

*Pub. Citizen, Inc. v. FERC*,
   No. 22-1251, 2024 U.S. App. LEXIS 3717 (D.C. Cir. Feb. 16, 2024) ...................................7

*R & R Sails, Inc. v. Ins. Co. of Penn.*,
  673 F.3d 1240 (9th Cir. 2012) ................................................................18

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*,
  280 F.R.D. 147 (S.D.N.Y. 2012) ............................................................21

*St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*,
  No. CIV.A.05 2115 CKK, 2007 WL 1589495 (D.D.C. June 1, 2007)................................3, 6

*Unique Industries, Inc. v. 965207 Alberta Ltd.*,
  764 F. Supp. 2d 191 (D.D.C. 2011) ......................................................6, 7

*Walls v. Paulson*,
  250 F.R.D. 48 (D.D.C. 2008)..................................................................9

*Willmore v. Savvas Learning Co.*,
  344 F.R.D. 546 (D. Kan. 2023)..............................................................17

**Other Authorities**

Fed. R. Civ. P. 16....................................................................................1, 21

Fed. R. Civ. P. 26......................................................1, 8, 9, 11, 12, 13, 16, 17, 18

Fed. R. Civ. P. 26(a)...........................................................................16, 17, 20, 21

Fed. R. Civ. P. 26(a)(1).............................................................................10

Fed. R. Civ. P. 26(a)(1)(A).........................................................................10

Fed. R. Civ. P. 26(a)(1)(A)(ii).................................................................12, 14

Fed. R. Civ. P 26(a)(1)(A)(iii) ....................................8, 11, 15, 16, 17, 18, 19, 20

Fed. R. Civ. P. 26(e)................................................................................21

Fed. R. Civ. P. 33(b)(1)(B)........................................................................8, 9

Fed. R. Civ. P. 33(b)(3)..............................................................................9

Fed. R. Civ. P. 33(b)(5)..............................................................................9

Fed. R. Civ. P. 34...................................................................................12, 16

Fed. R. Civ. P. 34(b)(2)(A).........................................................................8, 9

Fed. R. Civ. P. 36(a)(4).............................................................................8, 9

**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE OR DISMISS PLAINTIFFS' DAMAGES CLAIMS FOR RULE 16 VIOLATIONS AND DISCOVERY ABUSE OR ALTERNATIVELY, MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGED DAMAGES**

Defendant Herring Networks, Inc., d/b/a One America News Network files this Reply ("Reply") to Plaintiffs' Response ("Response") to Defendants' Motion to Strike or Dismiss Plaintiffs' Damages Claims for Rule 16 Violations and Discovery Abuse or Alternatively, Motion in Limine to Preclude Evidence of Alleged Damages ("Motion"), as follows:

## I.      INTRODUCTION

The Response combines lessons from the musical *Chicago* ("Give them the ole razzle dazzle") with *Alice in Wonderland* ("That's not a regular rule, you invented it just now") to create a fictional world where multiple violations of the Court's Scheduling Order have, "poof," gone away down the rabbit hole because, Plaintiffs say, the Magistrate Judge entered a new scheduling order thus absolving them for violations of the old one. Like any sleight of hand practitioner, Plaintiffs have mastered the art of misdirection. As we point out in some detail, the Scheduling Order was in place when Plaintiffs decided to and did violate it.

As to Federal Rules of Civil Procedure 16 and 26, Plaintiffs act as if OAN "invented them just now." Fortunately, there is a record of the recent proceedings where the Magistrate Judge quite clearly and meticulously cited Rule 26 and found Plaintiffs' original and first supplemental damage disclosures inadequate before ordering an additional second supplemental damages disclosure with the warning that further failure to comply with the rules would result in "dire consequences."

Remarkably, the second supplemental damages disclosures repeat the failures of its predecessors. The second supplement: (i) failed to link damages to OAN's conduct, (ii) refused to differentiate damages among the three Plaintiffs, (iii) neglected to identify damages documents,

and (iv) failed to provide a computation of damages that each Plaintiff allegedly suffered because of OAN's conduct. *See* Ex. A (Second Supplemental Disclosures) attached hereto.

Plaintiffs did **exactly** what the Magistrate Judge warned against and now should suffer the foreshadowed "dire consequences."

## II.      ARGUMENT

**A.      The Original Scheduling Order Is the Operative Scheduling Order at Issue, and Plaintiffs Violated It.**

Despite all evidence to the contrary, Plaintiffs state, "[n]o rules have been violated; [and] no deadlines missed." (ECF 187 at 3.)[1] This statement is, of course, demonstrably false and illustrates Plaintiffs' cavalier and disrespectful approach to this Court's Orders and Plaintiffs' discovery responsibilities. The missed deadlines for fact discovery and expert designations and reports, which are only two of the several subjects of the Motion, both occurred when the original scheduling order was in effect. (*See* ECF 42.)

Plaintiffs do not dispute that they served amended initial disclosures on January 4, 2024, nearly a month after the December 8, 2023 fact discovery deadline passed, or that they also ignored the expert designation and reports deadline of January 19, 2024, despite repeated promises to OAN *since December 2022*, that they would, with respect to damages, "timely disclose expert opinions pursuant to the Federal Rules of Civil Procedure and any scheduling order entered by the Court."[2]

Moreover, while portions of the original scheduling order are no longer in effect, Plaintiffs are not excused from meeting the Court-ordered deadlines in place at the time, even if they thought

---

[1] All page cites are to the ECF page.

[2] (*See, e.g.*, ECF 179 at 10 n.12, ECF 179-22 (Ex. 1-U) Pls. Omnibus Resps. & Objs. to Def's First Set of Reqs. for Prod. at 52 (Dec. 16, 2022)(Request No. 83); *see also* Pls.' Am. Initial Disclosures (ECF 179-9 (Ex. 1-H) at 12 (stating damages information would be provided by experts at time of designation).).)

the deadlines were going to be extended. It is well settled that an entered scheduling order "shall not be modified except upon a showing of good cause and by leave of the [presiding] judge." *George v. Allen Martin Ventures, LLC*, No. 21-CV-2876-RJL-ZMF, 2023 WL 2705776, at *10 (D.D.C. 2023) (alteration in original) (quoting *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005) (citing Fed. R. Civ. P. 16(b); LCvR 16.4)). The Court had not consented to nor granted a modification of the original scheduling order until February 5, 2024, well past the time those operative deadlines passed. (*See* ECF 179 at 17–19.)

Consequently, Plaintiffs' contention that this Motion is "predicated on an outdated scheduling order" is without merit. (ECF 187 at 2.)[3] Likewise, their contention that the Motion was filed a day before Magistrate Judge Upadhyaya's next scheduled discovery hearing on February 5, 2024, is both wrong (it was filed on February 2, 2024) and equally without merit. (*See id.*) It was not Plaintiffs' prerogative to treat that original scheduling order as "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.,* No. CIV.A.05 2115 CKK, 2007 WL 1589495, *16–17 (D.D.C. June 1, 2007) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), *aff'd sub nom. Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217 (D.C. Cir. 2011).

Plaintiffs next contend that the new scheduling order entered on February 5, 2024, which *post-dated* the close of fact discovery and expert designations deadlines in the original scheduling

---

[3] Plaintiffs do not identify the first motion they refer to or what ruling they are referring to from the December 20, 2023 Conference. (ECF 187 at 2.) Instead, they drop nonsensical and gratuitous footnotes contending that OAN is misrepresenting Plaintiffs' alleged $2 billion in damages claim, and gratuitously including a reference to a CNN story headline—which Plaintiffs planted using a privileged email that is the subject of a claw-back letter and a separate motion for sanctions—making an allegation that OAN vehemently denies (*see* ECF 171). (*See* ECF 187 at 2 nn.1–2.)

order *by months and weeks*, somehow absolves them for ignoring this Court's original scheduling order deadlines that were in place at the time of their transgressions. (*See* ECF 187 at 2–3.) Plaintiffs cite no law in support of this novel proposition. As noted above, the original scheduling order was in effect and had not been modified by the Court.

Instead, they claim that Magistrate Judge Upadhyaya's comment on December 20, 2023, after the fact discovery deadline had already passed,[4] that "she was 'going to assume that most likely you will be engaging in some additional discovery," and encouraging the parties to file a joint motion to extend the schedule, without more, was license enough for them to continue to ignore the Original Scheduling Order deadlines, including the January 19, 2024 expert designation and report deadline. (*See* ECF 187 at 6–7.)

The December 20th Conference transcript, however, paints another picture. At the beginning of the hearing, Magistrate Judge Upadhyaya stated that she wanted to get the parties views on "what, if any additional time is needed to complete discovery in this case." (ECF 156 at 7:10–12.) OAN made it clear that it opposed Plaintiffs' motion to extend discovery. (*See id.* at 11:5–10 (Babcock: "We did not consent and we do not consent, because there was no effort … to do any deposition discovery on us.").) Magistrate Judge Upadhyaya noted that it was Judge Nichols who would have to decide whether to amend his scheduling order to extend discovery and that she did not know his thinking but she was going to assume that there would be "some additional discovery." (*Id.* at 12:3–8.) She advised the parties:

> [T]o the extent that you all can come to an agreement as to how much time it would take to get this discovery done, great. Otherwise, Judge Nichols needs to rule on that.

---

[4] Under the Original Scheduling Order fact discovery closed on December 8, 2023. (*See* ECF 42.)

I do think that knowing his ruling on that is going to be relevant to how we proceed here, highly relevant to how we proceed here, so we know the timing and what's left, you know, and whether certain discovery can be taken.

(*Id*. at 13:1–8.)

Consequently, as of the December 20, 2023 Conference, there was no order or ruling extending the discovery deadlines because, as Magistrate Judge Upadhyaya stated, it was Judge Nichols's decision at that time and it was uncertain whether or not certain discovery could be taken. (*See id*.) Accordingly, Plaintiffs had no reasonable factual basis to believe that they could ignore the Court's original scheduling order deadlines.

Moreover, even though they moved to extend discovery in September 2023, absent an amended scheduling order, Plaintiffs had no legal basis to ignore the Court's deadlines. *See Odie v. Gen. Motors Corp.*, 131 F.R.D. 365, 366–67 (D. Mass. 1990). In *Odie*, the plaintiff served requests for production after the discovery deadline. *Id.* at 366. Later, the plaintiff moved to extend the discovery period, but before the motion had been acted on, the plaintiff served four notices of deposition. *Id.* The court noted that "until modified by the Court, those [scheduling] Orders prohibited the plaintiff from filing or serving any further discovery unless and until the Court granted leave to the plaintiff to do so." *Id.* Noting that the plaintiff's actions evinced "deliberate indifference" for the court's orders that "tends to make a mockery of the Court's effort to manage civil cases in an efficient manner," the court imposed sanctions in the form of requiring the plaintiff to pay costs and reasonable attorney's fees incurred in filing a motion for protective order and a motion for sanctions. *Id.* at 366–67.

In *In re Coyne Electric Contractors, Inc.*, 231 B.R. 204 (Bankr. S.D.N.Y. 1999), the court reached the same result and entered a dismissal order with prejudice. *Id.* The court noted that the rules only allowed amendment of the scheduling order by order of the court and only for good cause shown. *Id.* at 208. Thus, even where the parties *agreed* that more time was needed, a party

"proceed[s] at [its] own risk without Court approval." *Id.* The court "cannot fairly, economically and expeditiously administer its docket if parties to litigation are at liberty to abuse the process and ignore or violate orders of the Court, such as the Scheduling Orders, without consequence." *Id.* Noting that the burden to prosecute the case fell on plaintiff and its counsel, the court dismissed the plaintiff's proceeding with prejudice. *Id.* at 208–09; *see also 3E Mobile, LLC v. Glob. Cellular, Inc.*, 222 F. Supp. 3d 50, 56–57 (D.D.C. 2016) ("blatantly flouting the Court's scheduling order" supported awarding reasonable attorney's fees under the court's inherent power in order to best "serve the punitive and remedial purposes of discovery sanctions and preserve the case for adjudication on the merits").

A Court in this district awarded attorneys' fees incurred because of the plaintiff's late disclosures in *Unique Industries, Inc. v. 965207 Alberta Ltd.*, 764 F. Supp. 2d 191 (D.D.C. 2011). Based on newly disclosed prior art, the plaintiff then sought leave to amend its pleadings, assert new claims, add new defendants, and extend the discovery deadlines by 90 days. *Id.* at 197. The court described the plaintiff's late disclosure as a "clear violation of the court's scheduling order" noting the need to provide a "disincentive for parties who might otherwise disregard the court's scheduling orders." *Id.* at 205.

Here, Plaintiffs' deliberate indifference and disregard for the original scheduling order has "undermined the Court's ability to control its docket, [and] disrupt[ed] the agreed-upon course of the litigation." *See St. Paul Mercury Ins.*, 2007 WL 1589495, at *16–17. By way of one example, Plaintiffs' indifference to the original scheduling order resulted in their failure to depose witnesses in a timely manner in advance of OAN's Motion for Partial Summary Judgment on actual malice, causing them to file their Rule 56(d) Response in Opposition to the motion. (*See* ECF 155 at 8 (filed December 22, 2023) (claiming Smartmatic "has not had the opportunity to take depositions

of *any* OANN witnesses or *any* third parties").) As Magistrate Judge Upadhyaya informed Plaintiffs during the February 5, 2023 discovery hearing, "[O]ne thing I will not tolerate is, you know, any party sitting on their hands. To be very frank, Smartmatic, I would have noticed depositions if I were in your shoes. The motion for recusal did not stay discovery." Ex B, Feb. 5, 2024 Disc. Hr'g Tr. at 4:20–22. The Court "cannot fairly, economically and expeditiously administer its docket if parties to litigation are at liberty to abuse the process and ignore or violate orders of the Court, such as the scheduling orders, without consequence." *In re Coyne Elec.*, 231 B.R. at 208–09.

Thus, here, as in *Odie*, 131 F.R.D. at 366–67, *In re Coyne Electric*, 231 B.R. at 208–09, and *Unique Industries*, 764 F. Supp. 2d at 205–06, it is immaterial whether the Court ultimately granted an extension of discovery. What matters are Plaintiffs' actions and/or inaction that evince a deliberate indifference to the Court's scheduling order. Sanctions are warranted, at a minimum, in the form of requiring Plaintiffs to pay OAN's costs and reasonable attorney's fees incurred in filing a motion for sanctions. There is a need to provide a "disincentive for parties who might otherwise disregard the court's scheduling orders," including Plaintiffs. *Unique Indus.*, 764 F. Supp. 2d at 205.

## B.      The Motion Is Not Moot

Plaintiffs "suggest" that the Motion is moot because the Court entered a new scheduling order. (*See* ECF 187 at 3, 6–8.) Plaintiffs do not support their mootness argument with citation to any authority nor do they discuss the applicable standard for mootness which is "a case is moot if a decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Pub. Citizen, Inc. v. FERC,* No. 22-1251, 2024 U.S. App. LEXIS 3717, *5 (D.C. Cir. Feb. 16, 2024). Here, the Motion (whether granted or denied) will affect the parties' rights now and in the future, and Plaintiffs' conduct under review surely cannot escape

scrutiny when there is a live dispute over whether they violated judicial orders and engaged in other discovery abuse, which demands that they suffer consequences for the violations.

The Motion is not moot for the additional reason that Plaintiffs apparently chose to ignore and do not contest, oppose or otherwise address OAN's other assertions of discovery abuse that are also the subject of the Motion. (*See, e.g.*, ECF 179 at 9–12, and 21–23, and exhibits thereto.) For example, OAN asserts that Plaintiffs failed and refused to provide *individual responses* to (1) Rule 26 initial disclosures, (2) computation of damages in their disclosures, (3) sworn interrogatory answers, (4) responses to requests for production, and (5) requests for admission, as required under Fed. R. Civ. P. 26(a)(1)(A)(iii), 33(b)(1)(B), 34(b)(2)(A) and 36(a)(4). (*See id.*) Plaintiffs also failed to appear and provide witnesses for Rule 30(b)(6) depositions *noticed to each of them* (primarily on the subject of damages). (ECF 179 at 10–11.) The above allegations of discovery abuse remain unanswered and, therefore, undisputed. They are ripe for decision.

For example, as noted in the Motion, three separate corporate entities filed suit against OAN, yet each and every discovery response is an "omnibus" response without any individualized or itemized answers despite the particularized information required of them. (*See* ECF 179 at 21.) *See also In re Pro. Hockey Antitrust Litig.*, 63 F.R.D. 641, 645 (E.D. Pa. 1974) (exercising discretion in dismissing litigation where the plaintiffs provided "all encompassing" unsigned and unsworn interrogatory answers), *rev'd*, 531 F.2d 1188 (3d Cir. 1976), *rev'd sub nom. Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) (holding district court judge did not abuse his discretion in finding bad faith and concluding extreme sanction of dismissal was appropriate). Plaintiffs did not respond to this failing.

Here, as in *In re Pro Hockey*, Plaintiffs' omnibus answers to interrogatories (especially on damages) fall drastically short of any minimum, good-faith compliance because they do not

provide individual answers as to each Plaintiff, some are unsworn and unsigned, and the documents averted to therein are, in lieu of answers, wholly unspecified. (*See* ECF 179 at 21; *see also, e.g.*, ECF 179-20 (unsworn and unsigned omnibus answers to OAN's Third Set of Interrogatories to each Plaintiff).) As stated in the Motion, Rule 33(b)(5) could not be more clear: "the person who makes the answers must sign them," and Rule 33(b)(5) requires '[e]ach interrogatory must be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3), (5). The requirement "is critical because 'interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory.'" *Walls v. Paulson,* 250 F.R.D. 48, 52 (D.D.C. 2008) (quoting *Melius v. Nat'l Indian Gaming Comm'n*, No. CIVA98-2210, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000)). Accordingly, Plaintiffs' omnibus answers to OAN's discovery fails to meet the requirements of Federal Rules of Civil Procedure 33(b)(1)(b), 34(b)(2)(A) and 36(a)(4).

## C. Plaintiffs' "Clearly Deficient" Rule 26 Initial Disclosures, Amendments, and Supplements.

Plaintiffs characterize OAN's assertion that Plaintiffs have engaged in discovery abuse with regard to Plaintiffs' initial disclosures as "specious,"[5] and state, "At no time has Judge Upadhyaya found Plaintiffs violated any discovery rules or acted in any manner other than in good faith." (ECF 187 at 8.) Magistrate Judge Upadhyaya's findings and admonitions with regard to their initial and amended initial disclosures during the February 5, 2024 discovery hearing flatly contradict Plaintiffs' statement as shown below.[6] (*See id.* at 5.)

---

[5] (ECF 187 at 3.)

[6] On December 21, 2023 Magistrate Judge Upadhyaya ordered Plaintiffs to submit their response to OAN's motion to compel amended initial disclosures by January 9, 2024. (ECF 187 at 5; ECF

At the February 5, 2024 hearing before Magistrate Judge Upadhyaya, the Court addressed OAN's motion to compel regarding Plaintiffs' disclosures. In considering the alleged inadequacies and deficiencies of Plaintiffs' initial and amended initial disclosures, the Court asked Plaintiffs' counsel, "What in the rules allows the plaintiffs to file an omnibus initial disclosure as to damages?"[7] Far from arguing that Plaintiffs had complied with the rule by responding for *each* party their counsel, Mr. Letkewicz, admitted, "It's ultimately for all parties."[8]

As stated in the Motion, Rule 26(a)(1) mandates disclosures by *each party*, including a computation of each category of damages claimed by the "disclosing party." Fed. R. Civ. P. 26(a)(1)(A). Failure to do so supports sanctions including precluding presentation of damages. (*See, e.g.*, ECF 179 at 23 (citing *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179–80 (9th Cir. 2008)).) Indeed, during the February 5, 2024 hearing when the Court gave Plaintiffs fourteen (14) days to amend their disclosures to provide a computation of damages and to provide the categories of damages supporting those damages, the Court strongly advised Plaintiffs:

> Now with respect to this argument that's been raised that the party plaintiffs have not specified which damages each one of them has suffered, . . . if Smartmatic does not choose to amend on the basis at least to separate the calculation of damages . . . you do so at your own peril. I'm making that very clear right now.
> . . . .
> . . . And if you choose not to disclose damages or apportion damages or even give . . . a provisional assessment of damages that each party has suffered, then that's something that the Court will and can and will consider at a later time if there is any sort of challenge to these disclosures.

Ex. B, Feb. 5, 2024 Disc. Hr'g Tr. at 74:2–9, 14–19.

---

152 at 2.) Plaintiffs "voluntarily agreed to amend" and served the amended initial disclosures that were the subject of that motion on January 4, 2024. (ECF 187 at 8.)

[7] Ex. B, Feb. 5, 2024 Disc. Hr'g Tr. at 61:21–23.

[8] *Id.* at 61:24–62:2.

In addition to questions concerning the impropriety of Plaintiffs' omnibus disclosures during the February 5th hearing, Magistrate Judge Upadhyaya also questioned Plaintiffs' counsel about their lack of computations for each category of damages and the documents and material on which those computations are based. *See* Fed. R. Civ. P 26(a)(1)(A)(iii). The Court asked, "I haven't seen a computation for damages. You want to point me to it?"[9] Mr. Letkewicz answered: "Sure. So we specifically referenced this international opportunities Excel that includes a computation of our damages with respect to international opportunities."[10] To which the Court responded, "That document does not apportion any damages to OAN."[11] Mr. Letkewicz replied, "I would agree. Yes. It does not specifically apportion anything to OAN."[12] The Court then admonished Plaintiffs, "You have an obligation to say what your damages are as a result of the defendant's conduct and that is not something Smartmatic has done."[13]

Plaintiffs' counsel stated that they believed they complied with Rule 26 to which the Court responded, "But there's no number. That's the problem. There was absolutely zero details. . . . Now you've amended the disclosures to include a little bit of additional information . . . . But you must have information supporting some measure of damages because you had to have that in order to file your complaint under Rule 11." Ex. B, Feb. 5 2024 Disc. Hr'g Tr. at 64:20–65:6. The Court continued:

> *And you made an allegation that the company was devalued by approximately $2 billion, but there's no documents that support that valuation, no category of damages relating to a devaluation of the company. None of that. And Rule 26 requires you to set forth that information . . . . [T]he rule could not be more clear*

---

[9] *Id*. at 62:2–3.

[10] *Id.* at 62:4–7.

[11] *Id*. at 62:14–15.

[12] *Id.* at 62:16–17.

[13] *Id*. at 63:13–15.

> *that you're not allowed to rest on that excuse that certain documents have not been produced in discovery, particularly by the other side. Rule 26 could not be more clear on that issue. . . .* Where is the information relating to the devaluation of the company as set forth in your own complaint in the initial disclosures?

*Id.* at 65:7–16, 22–24 (emphasis added).

As for the alleged business value as stated in paragraph 438 of the Complaint, the Court continued, "*I don't see anything -- certainly not in the first iteration of amended disclosures, nothing about that. I don't see anything in the amended disclosures. . . . [Y]ou're not allowed to just say my expert will get around to it. I mean the rule is so clear on that.*" *Id.* at 66:11–18 (emphasis added). Plaintiffs' counsel responded, "I think we've tried to be as specific as we can be based on the information that we have" to which the Court responded, "Well, … it's not going to cut it." *Id*. at 66:19–23.

Next, the Court turned to the measure of damages that each of the Plaintiffs claims it has suffered and asked counsel where the category of documents and location required under Rule 26(a)(1)(A)(ii) is listed. *Id*. at 67:12–68:12. The Court also noted that in the amended disclosures there is no computation for compensatory damages, special damages, punitive damages, or attorneys' fees. *Id*. at 68:19–24. In its ruling, the Court reiterated that "Rule 26 very clearly requires a list of information that a party is to disclose without waiting for any sort of request," including a computation of each category of damages claimed by the disclosing party who must make available for inspection and copying as under Rule 34 the documents or other evidentiary material on which each computation is based, including material bearing on the nature and extent of injuries suffered. *Id*. at 71:25–72:20.

Magistrate Judge Upadhyaya held the first set of initial disclosures were "clearly deficient" because "[t]here was no computation of damages at all and very little, if any, description of the category and location of documents supporting the damages claims." *Id*. at 73:1–5. As for the

amended initial disclosures, the Court held "there is still no computation of the categories of damages that any plaintiff has suffered allegedly on account of OAN's conduct in this case." *Id.* at 73:6–9. The Court admonished Plaintiffs once again, that they are not entitled to "simply withhold the information and say you'll get it during expert discovery. *Again the rule could not be more clear on this. And this is something that should have been relayed at the beginning of the case and amended throughout the case*." *Id.* at 73:14–19 (emphasis added).

That the Court gave Plaintiffs a *third opportunity* to provide initial disclosures within fourteen days does not change the fact that Plaintiffs' initial disclosures and amended initial disclosures were "clearly deficient," and not in compliance with the clear requirements of Rule 26. *Id.* at 74:20–25.[14] In summary, Magistrate Judge Upadhyaya found (1) the initial disclosures were "clearly deficient"; (2) the initial disclosures provided no damages computation, no number, and "absolutely no details"; (3) the initial disclosures provide no documents, category of damages, or information relating to the devaluation of the company as set forth in the Complaint; (4) Plaintiffs could not rest on the excuse that OAN had not produced certain documents; (5) the rules do not allow Plaintiffs to say that the information would come from their experts; (6) the initial disclosures do not provide computations for compensatory damages, special damages, punitive damages or attorneys' fees; (7) there was no description of the category and location of documents supporting the damages claims; and, finally, (8) the initial disclosures do not delineate damages by plaintiff. Moreover, Magistrate Judge Upadhyaya emphasized that this information was something Plaintiffs should have provided from the beginning of the case. *Id.* at 73:10–19.

---

[14] The Court also noted that it would consider whether Plaintiffs choose not to disclose damages or apportion damages that each party has suffered at a later time. *Id*. at 74.

Plaintiffs do not explain how the Court's ruling that the Rule is "clear" and their disclosures "clearly deficient" squares with their statements that "[a]t no time" has the Court found that "Smartmatic violated any discovery rules," or that the Motion is "specious," nor can they. (*See* ECF 187 at 8.) As we mentioned in the introduction, Plaintiffs must be looking through a different glass than the rest of us.

**D.      Plaintiffs' Second Amended Initial Disclosures Ignore the Court's Ruling and Admonitions and Are Deficient, Providing an Additional Reason for Striking of Damages Pleadings, Dismissal, or Preclusion of Evidence**

On February 20, 2024, Plaintiffs served their Second Amended Initial Disclosures. In spite of the Court's forewarning and admonitions on February 5, 2024, regarding the deficiencies of Plaintiffs' initial and amended initial disclosures, those overriding issues remain prevalent in Plaintiffs' Second Amended Initial Disclosures. *See generally* Ex. A. To wit, the Second Amended Initial Disclosures are once again made under the "Smartmatic" omnibus definition. *See id*.

**(1)      The Documents Supporting *Plaintiffs'* Claims Are Not Identified.**

The portion of the Second Amended Disclosures identifying ▮Redacted▮ ▮ ████████████████████████████████████████ ████████████ further illustrates the ambiguity and confusion occasioned by this "omnibus" approach because, contrary to the Rule 26(a)(1)(A)(ii) requirement that "a party must…provide to the other parties" documents that "the disclosing party" may use to support its claims or defenses," Plaintiffs' omnibus answer denies OAN the ability to identify which documents any one of the Plaintiffs may or may not have to support their claims or defenses. Additionally, the categories of documents are so broad and generic as to be of no use whatsoever with regard to those claims and defenses. *See id*. at 8-9; *see* Fed. R. Civ. P. 26(a)(1)(A)(ii); Ex. B Disc. Hr'g Tr. at 67:12–16 ("Rule 26(a)(1)(a)(ii) requires a copy of description by category and location of all documents used to support your claims and defenses including damages. Where is

that listed?"), 74:14–19 ("[I]f you choose not to disclose damages or apportion damages…that each party has suffered, then that's something that the Court will and can and will consider at a later time if there is any sort of challenge to these disclosures.").

(2)      **Deficient List of Damages and Failure to Break Out as to Each of the Three Plaintiffs.**

Although Plaintiffs' initial disclosures list: ▬▬Redacted▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬ they do not provide computations as to each of those categories nor a copy or description by category of all documents on which any computations are based, let alone break them out by individual Plaintiff. *See* Ex. A at 9–10*; see also* Fed. R. Civ. P. 26(a)(1)(A)(iii); Ex. B, Feb. 5, 2024 Disc. Hr'g Tr. at 67:12–16, 74:14–19.

(3)      **Impacted International Opportunities Lost Profits.**

The category of International Opportunities Lost Profits ▬▬Redacted▬▬

▬▬▬▬▬▬▬▬▬▬▬▬. *Compare* Ex. A at 10–11 (Jan. 4, 2024 Amended Disclosures (Supplemental Response))*, with id.* at 12–13 (Second Amended Initial Disclosures (Second Supplemental Response)). Once again, Plaintiffs allege ▬▬Redacted▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬ *Id*. at 12. ▬▬Redacted▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬ without support or reference as to how they arrived at the number. The Oxford Dictionary defines "computation" as "the action of mathematical calculation." There is no mathematical calculation here of any specificity. As the

Court noted regarding Plaintiffs' original $2 billion figure, "I don't see that here in your initial disclosures, how Smartmatic got there. … [T]here has to be some computation listed in the initial disclosures." Ex. B, Feb. 5, 2024 Disc. Hr'g Tr. at 69:14–17. The same holds true for the Second Supplemental Response. Furthermore, ███████████████████████████████ The number is not broken out by Plaintiff.

The Second Supplemental Response for "Impacted International Opportunities Lost Profits" is also deficient because, as addressed at the February 5th hearing and ordered by the Court, Plaintiffs did not and do not provide adequate descriptions of the documents "on which each computation is based, including material bearing on the nature and extent of the injuries suffered." Rule 26(a)(1)(A)(iii); *see also* Ex. B, Feb. 5, 2024 Disc. Hr'g Tr. at 74:20–25 (ordering amendment to provide computations and additional categories of documents supporting those damages).

Rule 26 "requires a 'computation,' supported by documents." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295–96 (2d Cir. 2006) ("[B]y its very terms Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a 'computation,' supported by documents. The need for computation and supporting documents is especially necessary in a case like this, where the damages claim is for lost profits . . . ."). Further, the requirement to make available the documents on which the damages calculation is based is "the functional equivalent of a standing Request for Production under Rule 34." *Id.* at 296 (quoting Fed. R. Civ. P. 26 advisory committee notes to 1993 amendments). Failure to disclose the documents supporting the plaintiff's damages calculation along with its initial disclosures violates Rule 26. *Id.*

As the Court noted previously,[15] this means that Plaintiffs were required to produce the documentation supporting their calculations of damages, without awaiting a separate request for production. Thus, Rule 26 is violated when a plaintiff does not cite to the documents that support its damages calculation. *See N.Y.C. Transit Auth. v. Express Scripts, Inc.*, 588 F. Supp. 3d 424, 440 (S.D.N.Y. 2022).

Plaintiffs have frustrated the purpose of Rule 26(a)(1)(A)(iii), prejudicing and causing harm and great and unnecessary expense to OAN, because they have produced millions of pages of documents and only broad generalized descriptions of categories of documents in derogation of Rule 26(a), which has prevented OAN from knowing and identifying which documents and evidentiary material are related to not only the computation of damages but the nature and extent of the injuries suffered. *See Willmore v. Savvas Learning Co.*, 344 F.R.D. 546, 563–64 (D. Kan. 2023) (descriptions are also meant to help the defendant understand the documents on which the plaintiff may rely to support its claims in motion practice or at trial). OAN cannot possibly determine which of the more than 2 million documents produced (many of which are junk and irrelevant) may be used by Plaintiffs to support their claims. This makes it nearly impossible for OAN to fairly prepare for depositions of Plaintiffs' witnesses, dispositive motion practice, and trial. Additionally, the descriptions are meant to help the defendant identify which documents might need to be examined and frame its document requests accordingly. *Amiri v. Omni Excavators, Inc.*, No. CV 18-586 (RMC), 2019 WL 5653622, at *3 (D.D.C. Oct. 31, 2019). This purpose is frustrated where, as here, after *three opportunities* to get it right and explicit guidance from this Court, Plaintiffs continue to serve insufficient initial disclosures more than two-and-a-half years since suit was filed.

---

[15] Ex. B, Feb. 5, 2024 Disc. Hr'g Tr. at 65, 67.

Finally, with regard to the Impacted International Opportunities Lost Profits, the Second Supplemental Response states that ███████ ██████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ *See* Ex. A. at 13. Consequently, not only are the categories of documents generic, but given the choice of words, and language above, it does not appear that Plaintiffs are actually referring to the documents "on which each computation is based." *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

It is not OAN's burden to sift through the more than 10 million pages of documents produced to locate documents that might support Plaintiffs' damages computations. *See Am. Prop. Const. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1, 9–10 (D.D.C. 2011) ("Simply put, it is [Plaintiffs'] burden to specifically identify, itemize, and document its claimed damages, and it cannot shift the burden to [defendant] to 'weed through a stack of invoices without explanation or clarification to determine what exactly [Plaintiffs] are claiming in this matter.'" (quoting plaintiff's reply)); *see also Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 369 (6th Cir. 2010) (failure to produce evidence of avoided costs to support lost profits calculation violated Rule 26); *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246–47 (9th Cir. 2012).

Plaintiffs' failings above are repeated with regard to the purported U.S. Lost Profits, Lost Enterprise Value, and Out-of-Pocket Expenses categories as well, as demonstrated next.

**(4)        U.S. Lost Profits**

For the first time, Plaintiffs include ███████████████████████. Ex. A at 14. This category of damages was ██████████████████████████ ████ ████ ████████ ████████████████████████ *Id.* But later in the description, the disclosure states ███████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

[Redacted] *Id.* at 15 (emphasis added). Thus, once again, Plaintiffs are playing games and not providing individualized damages calculations as to each Plaintiff. As for the number, no computation is provided. Instead, Plaintiffs make a statement about [Redacted]

[Redacted]

[Redacted] . *Id.* at 14–15. [Redacted]

[Redacted]

[Redacted]

[Redacted] *Id.* at 15.

And, once again, the U.S. Lost Profits statement fails to attribute specific damages allegedly caused by OAN. *See id.* at 15 [Redacted]

[Redacted] Given this disclosure, there is no way to determine what the damage computation is for any one of the three Plaintiffs or what would be attributable to OAN. "Rule 26(a)(1)(a)(iii) requires "a computation of each category of damages claimed by the disclosing party …. Implicit in this rule is the fact that the injuries suffered is injuries suffered on account of defendant's conduct." *See* Ex. B, Feb. 5, 2024 Disc. Hr'g Tr. at 72:3–13.

And, of course, the description of documents on which each computation is based is utterly lacking here. We need not repeat the case law, rule, and policy behind this requirement because it is stated above. Needless to say, Plaintiffs' reference to broad categories of documents, such as

[Redacted]

[Redacted]

[Redacted]

[Redacted] does not suffice. *See* Ex. A Second Am. Initial Disclosures at 15. (*See also* Dkt. 179-1 at 14 (describing OAN's extraordinary (and only partially successful) efforts to locate just the CRM data that Plaintiffs claim support their calculations).)

(5)      **Lost Enterprise Value.**

Plaintiffs' omnibus claim now states that [Redacted]

[Redacted] *Id.* at 15. They cryptically claim that [Redacted]

[Redacted] *Id.* (emphasis added). They do not provide any separate calculations of their lost enterprise value or of the portion of that lost value that they claim OAN is responsible for. They do also do not provide the requisite document information. For all the reasons stated above, this does not meet the Rule 26(a) disclosure requirements.

(6)      **Out-of-Pocket Expenses.**

Plaintiffs offer no changes since their previous amended disclosures on January 4. Plaintiffs

[Redacted]

[Redacted]

[Redacted] *Id.* at 16. There is no computation of how they arrived at these numbers or identification of categories of documents or other evidentiary material on which these numbers are based other than the statement referencing [Redacted] *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). Finally, there is nothing to show that these purported expenses were attributable to OAN.

**E.      Plaintiffs Have Provided No Basis to Sanction OAN.**

Plaintiffs cite *Encyclopedia Britannica, Inc. v. Dickstein Shapiro, LLP.*, 905 F. Supp. 2d 150 (D.D.C. 2012), for the proposition that OAN should be sanctioned because, according to Plaintiffs, "[t]here was no reasonable basis to file this Motion" and "Smartmatic violated no

discovery schedule and no Court Orders." (*See* ECF 187 at 9–10.) In *Encyclopedia*, the court found

the party "failed to point to a shred of misconduct" by opposing counsel, filed a factually

unsupported motion, asked for a remedy entirely unsupported by the law, and removed from the

scope of the purported violations. *Encyclopedia*, 905 F. Supp. 2d at 159–60. For these reasons,

*Encyclopedia* is inapposite. Plaintiffs have no grounds to demand that OAN be sanctioned for

calling out their discovery abuses.

**F.      Plaintiffs Offer No Response or Explanation for Their Discovery Abuse and/or Failure to Comply with Rule 26(a) and (e).**

The party that fails to comply with Rule 26(a) or (e) bears the burden of proving both that

its non-compliance was substantially justified, *see Am. Stock Exchange, LLC v. Mopex, Inc.,* 215

F.R.D. 87, 93 (S.D.N.Y. 2002), and that it was harmless, *see Design Strategies, Inc. v. Davis,* 367

F. Supp. 2d 630, 635 (S.D.N.Y. 2005), *aff'd sub nom. Design Strategy, Inc. v. Davis*, 469 F.3d 284

(2d Cir. 2006). "Substantial justification" may be demonstrated where "there is 'justification to a

degree that could satisfy a reasonable person that parties could differ as to whether the party was

required to comply with the disclosure request,' or 'if there exists a genuine dispute concerning

compliance." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280

F.R.D. 147, 159 (S.D.N.Y. 2012). Plaintiffs do not offer a response or explanation for their failure

to comply with Rule 26(a) and (e) accordingly, they have not demonstrated that their lack of

compliance was substantially justified. *See Design Strategies*, 367 F. Supp. 2d at 634–35. Under

this record, sanctions are warranted.

## III.      CONCLUSION

Rule 16(f)(1)(C) allows the Court to issue "any just orders" as a sanction against "a party"

who "fails to obey a scheduling or other pretrial order." In light of the undisputed facts above,

including, without limitation, their submitting a second supplemental damages disclosure that still

does not comply with the Magistrate Judge's rulings and admonitions, Plaintiffs violated the original scheduling order and should be subject to sanctions. It really doesn't matter why the Plaintiffs refuse to allocate damages to each Plaintiff, fail to give a computation of individual damages and refuse to connect those undisclosed damages to the Defendant *in this case*. Whether it's the hidden ball trick of refusing to disclose until the last minute or the fact that there just isn't any damage caused by this small family-owned news channel, the reason is irrelevant to whether the motion should be granted. The orders of the Court and the Rules must be followed in order to provide justice to the parties. Plaintiffs have done neither here and their conduct should be addressed by either striking of pleadings, dismissal of the damages claims, or preclusion of damages evidence. In addition, OAN should recover its attorneys' fees. The razzle dazzle may prevail on a Cook County Circuit Court jury in a work of fiction. But this is real life, where the stakes are high, although maybe not $2 billion. But who knows.

Finally, Rules 16 and 26 are real. Unlike *Alice in Wonderland*, we didn't "invent them just now."

Dated: February 23, 2024                By: /s/ *Charles L. Babcock*

**JACKSON WALKER L.L.P.**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

BOYDEN GRAY PLLC
R. Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com
*Counsel for Defendant*

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of February 2024, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.

<u>/s/ *R. Trent McCotter*</u>
R. Trent McCotter