**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

| | | |
|---|---|---|
| 1. | Sender | The Honorable Moxila A. Upadhyaya<br>Magistrate Judge of the United States District Court for the District of Columbia (Washington, DC)<br>333 Constitution Avenue N.W.<br>Washington D.C. 20001<br>Telephone of Judge's Chambers: 001 - (202) 354-3230 |
| 2. | Central Authority of the Requested State | The United Kingdom Central Authority<br>The Senior Master<br>For the attention of the Foreign Process Section<br>Room E16<br>Royal Courts of Justice<br>Strand<br>LONDON WC2A 2LL<br>Tel.: +44 207 947 7772 (option 2)<br>Email: foreignprocess.rcj@justice.gov.uk |
| 3. | Person to whom the executed request is to be returned | The Honorable Moxila A. Upadhyaya<br>Magistrate Judge of the United States District Court for the District of Columbia (Washington, DC)<br>333 Constitution Avenue N.W.<br>Washington D.C. 20001<br>Telephone of Judge's Chambers: 001 - (202) 354-3230 |

4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

      Date:                    26 April 2024

      Reason for urgency:    The exchange of fact evidence in this case closes soon.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST

| | | |
|---|---|---|
| 5. | *a* Requesting judicial authority (article 3, *a*) | The Honorable Moxila A. Upadhyaya Magistrate Judge of the United States District Court for the District of Columbia (Washington, DC) 333 Constitution Avenue N.W. Washington D.C. 20001 Telephone of Judge's Chambers: 001 - (202) 354-3230 |
| | *b* To the competent authority of (article 3, *a*) | The United Kingdom |
| | *c* Name of the case and identifying number | *Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited versus Herring Networks, Inc., doing business as One America News Network* (Case Number 1:21-cv-02900-CJN) |
| 6. | Names and addresses of the parties and their representatives (article 3, *b*) | |
| | *a* Plaintiffs | Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively referred to in this document as "Smartmatic") |
| | Representatives | Joel Erik Connolly Benesch, Friedlander, Coplan & Aronoff LLP 71 S. Wacker Drive Suite 1600 Chicago, IL 60606 001 - 312-212-4949 Email: econnolly@beneschlaw.com |
| | *b* Defendant | Herring Networks, Inc., doing business as One America News Network (referred to in this document as "OAN") |
| | Representatives | Charles L. Babcock Jackson Walker L.L.P. 1401 McKinney Suite 1900 Houston, TX 77010 001 - 713-752-4210 Email: cbabcock@jw.com |

Page **2** of **11**

| | | |
|---|---|---|
| 7. | *a* Nature of the proceedings (article 3, *c*) | Civil complaint for defamation |
| | *b* Summary of complaint | Smartmatic contends that OAN defamed Smartmatic through a series of television broadcasts occurring after the U.S. presidential election in 2020. Smartmatic contends that OAN told its audience that Smartmatic's voting machines were compromised and that the reported outcome of the election could not be trusted. Outside the Complaint, Smartmatic has specifically confirmed that it is asserting reputational harm in foreign countries.[1] This is consistent with Smartmatic's Complaint, which alleges global harm.[2] |
| | *c* Summary of defense | OAN contends that it is not liable because statements appearing on the television broadcasts at issue: were not defamatory; were protected by the First Amendment to the U.S. Constitution; OAN did not make any statements with actual malice; the statements were true or substantially true; and Smartmatic did not suffer any damage as a result of any statements made by OAN. |
| 8. | *a* Evidence to be obtained or other judicial act to be performed | **1.** Valuations of Smartmatic by Kroll (formerly known as Duff and Phelps) for the years 2018 through 2022.<br><br>**2.** Audited financial statements of Smartmatic from KPMG UK from 2014 to the present.<br><br>**3.** Investment deal and Special Purpose Acquisition Company (SPAC) strategy and business valuations performed for Smartmatic and supporting data from Portman Global Partners, also known as Portman Partners (UK). |

---

[1] Email from C. Kovacs, Counsel for Plaintiff, to J. Edwards and others, Counsel for OAN (Aug. 15, 2023).

[2] Complaint, Dkt. 1 at pp. 184-85 (claiming that "Smartmatic's reputation has been irreparably tarnished," that "[p]rior to the 2020 U.S. election" Smartmatic had a reputation that guaranteed secure, accurate and auditable elections, and that "[i]ndividuals responsible for selecting voting systems in the United States *and across the world* understood they would not be second-guessed if they selected Smartmatic") (emphasis added); *see also id.* at p. 438 (Smartmatic listing many international subsidiaries operating around the globe).

4. Documentation of credit facilities supplied by Santander UK plc.

5. Electronic communications including emails to, from, copied or forwarded to or by Lord Mark Malloch-Brown (markmallochbrown@yahoo.com or markmallochbrown@protonmail.com and/or any other personal email address) and Niranjan Deva (nirjdeva@yahoo.co.uk) and others between 2014 and 2020 regarding attempts to secure work for Smartmatic and Smartmatic's financial status.

6. Electronic communications including emails between January 1, 2021 and the present in which Mark Malloch Brown (including through markmallochbrown@yahoo.com or markmallochbrown@protonmail.com and/or any other personal email address) refers to the lawsuits regarding the 2020 election, including against OAN and FOX. This includes emails with Amy.Pope@shillingpartners.com.

7. Electronic communications including emails in 2015-2016 to, from, copied or forwarded to or by Lord Mark Malloch-Brown (markmallochbrown@yahoo.com or markmallochbrown@protonmail.com and/or any other personal email address) and the Clinton Campaign concerning Smartmatic's business. This includes emails exchanged with Teddy Goff (tgoff@hillaryclinton.com), Kate Offerdahl (kofferdahl@hillaryclinton.com), and Deepa Subramaniam (deeprasubra@hillaryclinton.com).

8. Electronic communications including emails to, from, copied or forwarded to or by Lord Mark Malloch-Brown (markmallochbrown@yahoo.com or markmallochbrown@protonmail.com and/or any other personal email address) and either George Soros (George.soros@soros.com), Alex Soros (agsoros@gmail.com) (alex.soros@opensocietyfoundations.org), Zack Graham (zgraham@alexsoros.com), Michael Vachon (michael.vachon@soros.com), Kim Forepaugh (kim.forepaugh@soros.com), Chris Canavan (chris.canavan@soros.com), Melissa

|   |   |
|---|---|
|   | Bukuru (Melissa.bukuru@soros.com), Chris Stone (chris.stone@opensocietyfoundations.org), Maria Cattaui (maria.cattaui@opensocietyfoundations.org), Heather Grabbe (heather.grabbe@opensocietyfoundations.org), Shahin Vallee (Shahin.vallee@soros.com), or Heloisa Griggs (Heloisa.griggs@opensocietyfoundations.com) between 2014 and the present regarding Smartmatic and Smartmatic's financial status.<br><br>9. Witness testimony of Lord Mark Malloch-Brown (as described in Attachment B). It is believed that Lord Malloch-Brown's address is: Lord Mark Malloch-Brown, 3 Bassein Park Road, London, W12 9RM. |
| *b* Purpose of the evidence or judicial act sought | The purpose is to identify evidence related to the truth or falsity of Smartmatic's allegation that Smartmatic has been harmed by billions of dollars in lost valuation, as well as several other issues. It is OAN's understanding that there may be valuations of Smartmatic conducted by Kroll, audited financial statements of Smartmatic by KPMG UK, valuations conducted for Smartmatic from Portman Partners UK, and credit facilities for Smartmatic by Santander UK plc. Additionally, the emails sought between Lord Mark Malloch-Brown and the various individuals set forth above are directly relevant. Lord Malloch-Brown is the former chairman of the board of SGO Corporation Limited ("SGO"), the parent company of Smartmatic and a co-Plaintiff. Several of the statements that Smartmatic alleges were defamatory include statements about the relationship between Lord Malloch-Brown, George Soros, and the Open Society Foundation. Further, it is believed that communications took place between Lord Malloch-Brown and British politician Niranjan Deva relating to Smartmatic, which is also relevant to Smartmatic's damages model and causation. It is also believed that Lord Malloch-Brown communicated with the Clinton campaign regarding Smartmatic, and communicated with others regarding Smartmatic's lawsuit against Fox News |

|   |   |   |
|---|---|---|
|   |   | Network. Finally, the requested witness testimony (regarding the topics in Attachment B) is also directly relevant and necessary. It is believed that Lord Malloch-Brown – as the former chairman of the board of the board of Smartmatic's parent company (co-Plaintiff SGO) – has intimate knowledge of the business obstacles faced by Smartmatic and Smartmatic's reputation prior to the broadcast at issue. Indeed, Lord Malloch-Brown indicated – prior to OAN's broadcast – that Smartmatic had a poor reputation. |
| 9. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3, *h*) | The companies and individuals from whom the documents above are sought are requested to complete the attached declaration (Attachment A) verifying the authenticity of the documents produced. If this is not acceptable, they are requested to provide a certification that the documents are true and correct. Further, it is requested that the witness examination be taken under oath or affirmation and that it be recorded by stenographic and/or videographic means. |
| 10. | Identification of the person to be examined: | Lord Mark Malloch-Brown<br>3 Bassein Park Road<br>London, W12 9RM |
| 11. | Questions to be put to the person(s) to be examined or statement of the subject-matter about which they are to be examined: | See Attachment B describing the subject-matter about which Lord Mark Malloch-Brown is to be examined. |
| 12. | Special methods or procedure to be followed (Articles 3 and 9): | The following methods or procedures are respectfully requested:<br><br>1. Audio recording of the witness testimony and delivery of the recorded media (mp3 or other suitable format) to the requesting judicial authority.<br><br>2. Allow direct examination / cross-examination by U.K. counsel. |

|   |   |   |
|---|---|---|
| | | 3. Allow the presence of the parties and their U.S. counsel. |
| 13. | Request for notification of the time and place for the execution of the request and the identity and the address of any person to be notified. | It is requested that when the time and place for execution of this Request has been determined, you please inform Smartmatic's and OAN's respective legal representatives, identified in paragraphs 6(a) & (b) above, of the date, time, and place of the execution of this Request. |
| 14. | The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by | Defendant Herring Networks, Inc., doing business as One America News Network. |

DATE OF REQUEST:     *February 16, 2024*

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:     *M.A.Upsh*

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK,<br><br>Defendant. | No. 1:21-cv-02900-CJN |

## DECLARATION

1. My name is _____. I am over the age of eighteen (18) years. The facts stated in this declaration are based on my personal knowledge and my review of records, and are true and correct.

2. I am the _____ [insert job title/position] for _____ [insert name of employer]. As part of my job duties, I am familiar with the record keeping practices of _____ [insert name of employer]. The documents being produced by _____ [insert name of employer] were made at or near the time by – or from information transmitted by – someone with knowledge; were kept in the course of a regularly conducted activity of the organization; and making the record was a regular practice of that activity.

3. I declare under criminal penalties of the laws of the United Kingdom that the foregoing is true and correct.

EXECUTED on the _____ day of _____ month, 20___.

                                           Signature: _____
                                           Name: _____

## ATTACHMENT B

### I. Definitions

1. "Malloch-Brown" shall refer to Lord Mark Malloch-Brown, and shall include any individual or entity acting under Malloch-Brown's supervision or on his behalf.

2. "Communication" shall mean the transmittal of information of any kind in any form or medium.

3. "Smartmatic" shall mean Plaintiff Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, and any of Plaintiffs' former or current officers, agents, directors, employees, subdivisions, subsidiaries, parents, entities or persons having ownership interests therein, representatives, advisors, attorneys, and any other person or entity purporting to act on their behalf or under their control, and any predecessors or successors.

### II. Subject Matter for Lord Mark Malloch-Brown's Examination

1. Malloch-Brown's relationship with Smartmatic and the origins and history of his relationship with Smartmatic.

2. Malloch-Brown's knowledge of Smartmatic's earnings, budget cuts, layoffs, financial condition, projections, relationship with George Soros and his foundations, efforts to expand business in the United States, and board meeting discussions relating to Smartmatic and SGO.

3. Malloch-Brown's knowledge of Smartmatic's reputation and public image, including issues raised by customers, potential customers, or the media regarding Smartmatic's ownership, including Smartmatic's Venezuelan origins.

4. Malloch-Brown's knowledge of the Committee on Foreign Investment in the United States' investigation into Smartmatic.

5. Malloch-Brown's relationship with Antonio Mugica (Smartmatic's CEO), including discussions with Mr. Mugica regarding Smartmatic's financial condition and outlook and Mr. Mugica's leadership.

6. Malloch-Brown's knowledge of OAN's coverage of Smartmatic, including without limitation the effect, if any, on Smartmatic's financial condition, and any discussions relating to OAN, including Communications relating to OAN's coverage of Smartmatic.

7. Malloch-Brown's Communications with Smartmatic relating to his connection to George Soros, Alexander Soros, and/or Open Society Foundations, as well as Malloch-Brown's knowledge of any proposal that George Soros would, or in fact did, provide business advice, business connections, or other financial or strategic aid to Smartmatic; and Malloch-Brown's Communications with George Soros, or anyone acting on his behalf, relating to Smartmatic seeking fundraising.

8.   Malloch-Brown's Communications regarding Smartmatic since his departure from Smartmatic, including any discussions relating to this litigation.