IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br> v. <br><br> HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, <br><br> Defendant. | Civil Action No. 1:21-cv-02900-CJN-MAU |

**DECLARATION OF BETHANY SHAH IN SUPPORT OF
OAN'S MOTION TO COMPEL THIRD PARTY ATLANTIC COUNCIL
TO COMPLY WITH RULE 45 SUBPOENA**

I, Bethany Shah, declare as follows:

1. I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN").

2. I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of OAN's Motion to Compel Third Party Atlantic Council to Comply with Rule 45 Subpoena.

3. On November 17, 2023, OAN's Rule 45 subpoena was served on Atlantic Council in the above-captioned matter. The subpoena asked for documents responsive to eighteen requests for production. The subpoena designated the place of compliance at 801 17th Street NW, Suite 350, Washington, DC 20006, and the date and time of compliance December 1, 2023 at 10:00 am. A true and correct copy of the subpoena is attached as Exhibit A.

4. On November 29, 2023, Atlantic Council served its objections to the subpoena. A true and correct copy of Atlantic Council's objections is attached as Exhibit B.

5. Two days after Atlantic Council served its objections, I reached out for a meet-and-confer with counsel for Atlantic Council. A true and correct copy of my email correspondence with counsel for Atlantic Council is attached as Exhibit E.

6. Before OAN's subpoena was issued, on November 6, 2023, the Interim Staff of the U.S. House of Representatives Committee on the Judiciary and the Select Subcommittee on the Weaponization of the Federal Government released a report entitled "The Weaponization of 'Disinformation' Pseudo-Experts and Bureaucrats: How the Federal Government Partnered with Universities to Censor Americans' Political Speech." A true and correct copy of the report is attached as Exhibit C.

7. On December 6, 2023, and again on December 22, 2023, I met and conferred with Atlantic Council via Zoom videoconference. During the conferences, OAN explained why the information sought by the subpoena is relevant, including that Atlantic Council's work as a member of the EIP bears on the substantial truth of OAN's statements at issue in Smartmatic's complaint against OAN. As I explained in follow-up correspondence, "to take just one example" of the many reasons OAN's subpoena is highly relevant, "the House Judiciary Committee Report explicitly states that the Election Integrity Partnership targeted OAN's reporting as disinformation." Exhibit E (email of January 2, 2024 from Bethany Shah to Andy Johnson) (citing ELECTION INTEGRITY P'SHIP, THE LONG FUSE: MISINFORMATION AND THE 2020 ELECTION 67 (2021), https://stacks.stanford.edu/file/druid:tr171zs0069/EIP-Final-Report.pdf [https://perma.cc/ESX5-NFB6]). "Atlantic Council is part of the EIP and was thus involved in that activity." *Id.* "Understanding the metrics that Atlantic Council used to determine falsity or misinformation—and whether Atlantic Council improperly relied on Smartmatic's self-serving narrative to classify OAN's reporting as disinformation— would therefore by highly relevant to

the claims at issue in this lawsuit, including the substantial truth of the statements in question." *Id.* I provided further reasons for relevance, explaining that "[a]dditionally, the Atlantic Council's involvement in censoring OAN broadcasts potentially decreased the audience for those broadcasts, which is relevant to a damages calculation, among other things." *Id.*

8. A search of Smartmatic's complaint against OAN results in 132 hits for "disinformation." *See* Complaint, ECF No. 1, *Smartmatic USA Corp. v. Herring Networks, Inc.* (D.D.C. filed Nov. 3, 2021).

9. During the course of OAN's conferral efforts, counsel for Atlantic Council asserted objections based on burden. In response, OAN explained that its subpoena is not burdensome and that Atlantic Council's bare assertions of undue burden are insufficient and require justification. Counsel for OAN accordingly requested actual evidence of Atlantic Council's assertions of undue burden, such as by running searches and returning the ensuing hit counts. OAN counsel explained that such evidence would enable OAN to evaluate and alleviate any actual undue burden on Atlantic Council.

10. Also during the conferral process and in the hope of efficiently resolving this subpoena without burdening the court, I made a proposal to address Atlantic Council's assertions of burden. I proposed that if Atlantic Council would simply (a) comply with Request No. 10 by re-producing the documents it had already collected and provided to Congress, and (b) produce documents responsive to just 6 narrow search queries for other documents, then OAN would anticipate not needing any other information under its subpoena. *See* Exhibit E (email of January 2, 2024 from Bethany Shah to Andy Johnson). A true and correct copy of the search queries I proposed to Atlantic Council is attached as Exhibit D.

11. After another conference of counsel held on January 15, 2024, Atlantic Council said that OAN search terms numbers 1, 2, and 4 "seemed appropriate" but objected on relevance and burdensomeness grounds to search term numbers 3, 5, and 6. Atlantic Council also suggested that producing documents it had already produced to Congress would be unduly burdensome. During that conference, OAN requested that Atlantic Council provide evidence of this purported undue burden in the form of a hit report so that OAN could evaluate ways to alleviate any credible evidence of undue burden. OAN also explained the relevance of the search queries Atlantic Council objected to.

12. In subsequent email correspondence, Atlantic Council rejected OAN's proposal. *See* Exhibit E (email of January 25, 2024 from Andy Johnson to Bethany Shah). Atlantic Council refused to provide evidence OAN had requested to evaluate its assertions of undue burden, with Atlantic Council stating, "we decline your invitation to create or share any hit reports or any other information with you at this point for a number of reasons, including, but not limited to the fact that there is no such requirement under the rules." *Id.* Moreover, Atlantic Council counter-proposed that it search *only* its "production to the Congressional subpoena for the search terms identified in your proposed search terms 1, 2, and 4"—*i.e.*, just 3 of OAN's 6 search queries—and that OAN consider the production of any resulting non-privileged material to be in full satisfaction of the subpoena. *Id.*

13. I explained that Atlantic Council's counterproposal "would be imperfect compliance with only *one* of RFPs—a far cry from good faith compliance with our subpoena." Exhibit E (email of January 25, 2024 from Bethany Shah to Andy Johnson). I stated that although OAN had "not received any evidence of undue burden other than [Atlantic Council's] bare assertion, which is insufficient to establish burden," "in the spirit of compromise" and to further

4

reduce any suggestion of burden, OAN is "happy to reconsider terms you object to if you can provide a credible basis for your objection." *Id.* I then offered to remove terms relating to Rudy Giuliani and Sidney Powell which Atlantic Council had specifically mentioned on a prior meet-and-confer conference. *Id.* But I explained the necessity for other terms by providing specific citations to Smartmatic's complaint and to EIP materials that demonstrate the relevancy of the terms, including terms relating to Dominion and terms that include the names of OAN's journalists since the EIP "specifically targeted some of our journalist's election reporting." *Id.* I further pointed Atlantic Council to a limited list of relevant custodians that the EIP itself had publically identified in their Final Report as having worked on these issues, and requested that OAN's search terms be run across these custodians. *Id.* (citing ELECTION INTEGRITY P'SHIP, THE LONG FUSE: MISINFORMATION AND THE 2020 ELECTION (2021), https://stacks.stanford.edu/file/druid:tr171zs0069/EIP-Final-Report.pdf [https://perma.cc/ESX5-NFB6]). I countered that if Atlantic Council would agree to this amended proposal, OAN would agree that its subpoena is satisfied in full.

14.     Atlantic Council rejected OAN's further attempts to compromise, declaring an impasse at final conferences of counsel held on January 31, 2024, and February 13, 2024, with Atlantic Council refusing to run *any* search terms across its relevant custodians and refusing to provide any evidence of burden. Atlantic Council further refused to reproduce to OAN the documents it had already collected and provided to Congress. And despite OAN's request, Atlantic Council refused to even tell OAN how many documents in the House production would hit upon OAN's 6 narrowly tailored search terms.

15.     Despite OAN's efforts to work with Atlantic Council to identify acceptable search terms and responsive documents and to alleviate any alleged burden, Atlantic Council refused to engage or provide any evidence of its purported burden.

16.     To this day, Atlantic Council has yet to produce documents responsive to the November 17 subpoena or indicate that it is willing to comply in good faith with any aspect of OAN's subpoena.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 18, 2024.

_____
Bethany P. Shah