# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Smartmatic USA Corp., et al,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| | § | CASE #: 1:21-cv-02900 |
| vs. | § | |
| | § | |
| **Herring Networks, Inc. d/b/a One America News Network** | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## NON-PARTY ATLANTIC COUNCIL OF THE UNITED STATES, INC.'S OBJECTIONS TO DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   Defendant Herring Networks, Inc. d/b/a One America News Network
c/o John Edwards, esq., 1401 McKinney Ave, Suite 1900, Houston, TX, 77010

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Non-Party Atlantic Council of the United States, Inc. ("Atlantic Council"), serves these objections to Defendant Herring Networks, Inc. d/b/a One America News Network's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena"), served on November 17, 2023.

More specifically, Atlantic Council objects to each and every request for production contained in the Subpoena and labeled as "Requests for Production" and individually numbered "1" through "18" in their entirety. As grounds for these objections and as set forth below, Atlantic Council shows as follows:

## **Grounds for Objection**

1. Atlantic Council is a nonpartisan non-profit organization.

2. Upon information and belief, Atlantic Council has no known relationship with either Plaintiff or Defendant in this matter.

3. Upon information and belief, Atlantic Council was not involved in any way with the underlying dispute(s) in this action.

4. The Subpoena seeks information that is not relevant to any claim or defense in the action and is therefore beyond the scope of discovery allowed under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(b)(1).  Atlantic Council further objects on the grounds that the "Definitions and Instructions" seek to impose duties or obligations that are beyond the scope or inconsistent with the scope of discovery within the Federal Rules of Civil Procedure.

5. The Subpoena is not reasonably calculated to lead to the discovery of admissible evidence in the underlying case.

6. The requests in the Subpoena are not proportional to the needs of the case, and the burden of the proposed non-party discovery outweighs its likely benefit, particularly insofar as the requests seek from a non-party documents that are in the possession, custody, or control of a party or available in the public domain.

7. Responding to the Subpoena would cause undue burden on Atlantic Council.

8. The Subpoena is overly broad seeks information protected by the attorney-client privilege, work product doctrines, or other applicable privileges.  It further seeks to impose a burden of creation of a privilege log on Atlantic Council, which is improper and burdensome for a non-party recipient of a subpoena as unduly burdensome.  Subpoena, Definitions ¶ 23.

9. The Subpoena is further overly broad and unduly burdensome as it defines the entity to respond to the Subpoena so broadly as to encompass "all … affiliates, ... employees … and any other Person … purporting to act, on behalf of Atlantic Council." Subpoena, Definitions ¶ 22. This definition is overly broad on its face, and impossible to be complied with in any reasonable manner.

10. The Subpoena seeks to create an ongoing duty to supplement, which is unduly burdensome and would require that Atlantic Council, as a non-party, remain engaged in this action with ongoing discovery burdens. *See* Subpoena, Definitions ¶ 25.

11. The Subpoena as directed to Atlantic Council amounts to unnecessary harassment of a non-profit organization for no end other than to essentially conduct a fishing expedition.

12. The Subpoena does not allow for a reasonable time to comply.

13. Because the Subpoena was served on or after November 15, 2023, these objections are timely pursuant to Fed. R. Civ. P. 45.

**Objections to Individual "Requests for Production"**

For the specific "Requests for Production," Atlantic Council objects as follows:

Request 1:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 2:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

3

Request 3:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 4:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 5:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 6:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 7:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 8:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 9:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 10:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 11:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 12:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 13:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 14:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 15:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 16:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Request 17:

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

<u>Request 18:</u>

Atlantic Council objects to this request on the grounds set forth in the Grounds for Objection enumerated above as Objections number 1 – 13.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

_/s/ John Sweeney_
John Parker Sweeney
Bradley Arant Boult Cummings, LLP
1615 L Street NW
Suite 1350
Washington, D.C. 20036
(202) 393-7150
jsweeney@bradley.com

**ATTORNEYS FOR ATLANTIC COUNCIL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on the 29th day of November 2023 pursuant to the Federal Rules of Civil Procedure.

econnolly@beneschlaw.com
nwrigley@beneschlaw.com
mbloom@beneschlaw.com
lmuench@beneschlaw.com
edillingham@beneschlaw.com
ltortorella@beneschlaw.com
kwatsonmoss@beneschlaw.com
jbedell@beneschlaw.com
jloftus@beneschlaw.com

*Counsel for Plaintiff*

cbabcock@jw.com
nhamilton@jw.com
Jedwards@jw.com
jglover@jw.com
bpickett@jw.com
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com
mccotter@boydengrayassociates.com

*Counsel for Defendant*

                                                                 */s/ John Sweeney*
                                                                  Of Counsel