# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> HERRING NETWORKS, INC. d/b/a ONE AMERICA NEWS NETWORK, <br><br> *Defendant*, <br><br> v. <br><br> ATLANTIC COUNCIL OF THE UNITED STATES, INC., <br><br> *Non-party Respondent*. | Case No. 1:21-cv-02900-CJN |
| SMARTMATIC USA CORP, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> HERRING NETWORKS, INC. d/b/a ONE AMERICA NEWS NETWORK, <br><br> *Defendant*. | Related to: <br> Case Nos. 1:24-mc-15-CJN |

**DECLARATION OF ANDREW B. JOHNSON IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL THIRD-PARTY THE ATLANTIC COUNCIL**

The undersigned submits the following declaration in support of the Opposition to the Motion to Compel Third-Party the Atlantic Council of the United States, Inc. ("the Atlantic Council"), and shows as follows:

1. My name is Andrew Burns Johnson, I am over nineteen years of age, and this declaration is based on my own personal knowledge.

1

2. I am an attorney and serve as counsel for the Atlantic Council in a lawsuit that was brought in the Western District of Louisiana and is currently on appeal before the United States Court of Appeals for the Fifth Circuit (the "LA Lawsuit"). *Hines et al v. Stamos, et al*, 3:23-cv-00571-TAD-KDM (WD LA); *Hines v. Stamos*, Case No. 23-30826 (5th Cir.).

3. The plaintiffs in the LA Lawsuit generally allege that certain defendants, including the Atlantic Council, gathered information that was used in the alleged censorship of their social media posts by private social media companies.

4. The LA Lawsuit is on appeal on a motion to compel arbitration under those plaintiffs' agreements with the social media companies and a challenge to personal jurisdiction over the defendants in that courts. There has been no discovery conducted in this case while the case is on appeal and with dispositive motions pending, and the parties' planning meeting has not taken place. The case was filed in May 2023.

5. Defendants in this action served the subpoena at issue in the motion on the Atlantic Counsel on November 17, 2023. Doc. 194-2, Ex. A. Upon information and belief, several other defendants in the LA Lawsuit were served with similar subpoenas.

6. The Atlantic Council timely served objections to the subpoena. Doc. 194, Ex. B.

7. I, on behalf of the Atlantic Council, engaged in several meet and confer sessions with counsel who issued the subpoena at issue.

8. These meet and confer conferences took place on or about December 6 and 22, 2023, and on January 15, 31, and February 13, 2024.

9. Each of the meet and confer conferences were conducted in good faith without waiver of any objections or defenses.

10. Throughout the meet and confer process it was made clear that the Atlantic Council objected to and disputed the relevance of any material in its possession and the overall enforceability of the subpoena on this basis. *See* Doc. 194, Ex. D (email of Thursday, January 25, 2024 9:23 AM). Nevertheless, and despite the belief that the subpoena is not valid under Rule 45, the Atlantic Council attempted to resolve the dispute by offering to conduct limited searches into its Congressional production for straightforward terms such as the parties to this action. *Id.*

11. Throughout the meet and confer process it was also made clear that the Atlantic Council needed finality in any agreement on the subpoena, meaning that any agreed production would end the obligations under the subpoena. Issuing counsel would only consider agreeing to this component of the meet and confer after a wholesale search by the Atlantic Council and not restricted to the Congressional subpoena response. *See* Doc. 194, Ex. D (email of Thursday, January 25, 2024 3:54 PM).

12. Issuing counsel's declaration spends considerable effort on the question of Atlantic Council's alleged lack of evidence of burden in responding to the subpoena. *See, generally,* Shah Declaration (Doc. 194-1). While the burden of the production was discussed during the meet and confer process, it was generally discussed in terms

3

of the fact that Atlantic Council is a non-profit and is not sophisticated when it comes to litigation or document production. *See* Doc. 194, Ex. D (email of Thursday, January 25, 2024 9:23 AM). Burden was also discussed in the context of cost-shifting or sharing, which issuing counsel declined. *Id.*

13. Moreover, and again, the Atlantic Council's primary objection and focus was the lack of relevance or connection to this case, all while seeking to find an agreeable compromise to avoid burdening the Court with this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746. Executed on March 29, 2024.

_____
Andrew B. Johnson