**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, <br><br> Defendant. | Civil Action No. 1:21-cv-02900-CJN-MAU |

**OAN'S MOTION TO AMEND PROTECTIVE ORDER'S
DOCUMENT DESTRUCTION DEADLINE**

Herring Networks, Inc. d/b/a One America News Network ("OAN") files this Motion to Amend Protective Order's Document Destruction Deadline ("Motion") as follows.[1]

## I.      SUMMARY

Under the protective order entered in this case, the document destruction deadline requires the parties to jointly destroy certain documents in their possession produced by June 15, 2024, in light of this action's termination by settlement of the parties. A small subset of those documents—184 of over 2,500,000 total documents produced by Plaintiffs (<0.0074%)—are relevant to the claims and defenses at issue in Dominion's defamation lawsuit against OAN.[2] OAN therefore

---

[1] OAN respectfully requests that this Court promptly issue a brief administrative stay of the document destruction deadline, to maintain the status quo—*i.e.*, preservation of documents—pending the resolution of this Motion.

[2] The *Dominion* action, like Plaintiffs' lawsuit did, concerns OAN's alleged reporting on the security of election systems in the 2020 U.S. Presidential election and, in part, concerns the relationship between Dominion and Smartmatic. *See generally* ECF No. 1, Compl., No. 1:21-cv-02130-CJN, *US Dominion, Inc. v. Herring Networks, Inc.* (D.D.C. filed Aug. 10, 2021).

respectfully asks this Court to modify the document destruction deadline to permit OAN to retain the 184 Smartmatic-produced documents until the termination of the *Dominion* litigation.

According to Plaintiffs, OAN must destroy the documents now, and must go through the motions of serving non-party subpoenas in *Dominion* on each of the three Smartmatic entities—two of which entities Benesch has refused to accept service for—for the very same documents it already has in its possession. Plaintiffs' insistence on handicapping OAN in obtaining discovery would work a needless burden on OAN in terms of expense and delay, especially when depositions are actively taking place in the *Dominion* litigation and where a September 2024 fact-discovery deadline looms.[3]

OAN respectfully requests that this Court amend the protective order's document destruction deadline in order "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, by permitting OAN's retention of a limited number of Smartmatic-produced documents until termination of the *Dominion* action.

## II.    BACKGROUND

Judge Nichols entered the Amended Confidentiality Agreement and Protective Order in this case on December 16, 2022. ("Protective Order" or "Order," Dkt. 48). This litigation terminated by settlement on April 16, 2024. (Dkt. 201).[4] Paragraph 20 of the Order provides, in pertinent part, "Within sixty (60) days after the final termination of this litigation by settlement . . . all Confidential Information or Highly Confidential - Attorney's Eyes-Only Information produced or designated and all reproductions and derivatives thereof shall be returned

---

[3] ECF No. 181, ¶ 1, Amended Scheduling Order, No. 1:21-cv-02130-CJN, *US Dominion, Inc. v. Herring Networks, Inc.* (D.D.C. entered June 3, 2024).

[4] The Protective Order's provisions continue bind the parties after settlement. (Dkt. 48, ¶ 18).

to the Producing Party or, at the Receiving Party's option, shall be destroyed." Sixty days after the termination of the litigation is June 15, 2024.

OAN asked for Plaintiffs' consent to retain approximately 9,447 documents produced by Plaintiffs (of over 2,500,000 documents Plaintiffs produced in this litigation, or less than 0.38%) for use in the *Dominion* action, where they are relevant and discoverable in the *Dominion* action. *See* (Edwards Decl. ¶¶ 6–7). OAN provided copies of the specific documents in question for Plaintiffs' review. *Id.* at ¶ 7. Plaintiffs responded that they were willing to review only "200 documents or less," and even then, did not commit to letting OAN retain these 200 documents for use in *Dominion*. *Id.* at ¶ 9.

OAN counter-proposed that, while reserving OAN's subpoena rights, OAN could identify 250 documents for Plaintiffs' review and at the same time asked Plaintiffs' consent for "OAN to retain – but <u>not</u> use" past the document destruction deadline the larger universe of documents OAN initially provided, pending a resolution of the use issue. *Id.* at ¶ 10. Plaintiffs rejected OAN's counterproposal, insisting that OAN relinquish its subpoena rights in exchange for Plaintiffs' review of the 250 documents. *Id.* at ¶ 11.

OAN explained that a surrender of its subpoena rights would be inappropriate as the *Dominion* case continues to develop, *id.* at ¶ 12, and to avoid the need for judicial intervention, urged:

> We would rather work cooperatively, and the proposal we've made is not burdensome to Smartmatic -- that is, review a list of approximately 250 documents and suspend the obligation to destroy the original requested set until we resolve the issue.  Again, we are not asking for the ability to use the larger set of documents in the Dominion case at this time.

*Id.*

Plaintiffs responded that OAN's request was "patently unreasonable" and confirmed that the parties were at an impasse. *See id.* at ¶ 13. In conclusion, Plaintiffs noted, counsel would accept

service of a subpoena for Smartmatic USA Corp. only, but not for its foreign affiliates, Smartmatic

Holding B.V. and SGO Corporation Limited—hinting that OAN may have to serve those entities

under the onerous Hague Convention rules governing international discovery. *See id.*

In a final effort to avoid the need for judicial intervention, OAN requested that Plaintiffs

waive the destruction obligation for only 184 documents total. *Id.* at ¶ 16. Although this requested

set amounts to less than 0.0074% of the number of documents Plaintiffs produced in this action,

Plaintiffs did not respond to the offer. *See id.* at ¶¶ 16, 18.

On June 11, 2024, prior to the filing of this Motion, OAN issued a Rule 45 non-party

subpoena in the *Dominion* action, seeking Smartmatic USA Corp.'s production of the 184

documents.  *Id.* at ¶ 17; (**Ex. B**, Documents Subpoena).

## III.   ARGUMENT

### A.   Legal Standard

"Protective orders are not permanent or immutable and may be modified to serve important

efficiency or fairness goals." *United States ex rel. Pogue v. Diabetes Treatment Centers of Am.*,

No. 99-3298, 01-MS-50(MDL)(RCL), 2004 WL 2009414, at *2 (D.D.C. May 17, 2004) (citing

*EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). "As such, they are

flexible devices and subject to modification . . . within a trial court's informed discretion." *Id.*

(citing *Alexander v. FBI*, 186 F.R.D. 99, 100 (D.D.C. 1998)). "The court retains this power even

after the underlying case has been settled for as long as the order is in effect." *Muenchener*

*Ruckversicherungs-Gesellschaft Aktiengesellschaft in Munchen v. Northrop Grumman Risk Mgmt.*

*Inc.*, 312 F.R.D. 686, 690 (D.D.C. 2015) (citation omitted).

Modification is warranted "upon a showing of good cause." *Alexander*, 186 F.R.D. at 100

(citing *Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, No. CIV.A. 83-3347, 1988 WL

23257, at *4 (D.D.C. Mar. 2, 1988)); *see also Tavoulareas v. Washington Post Co.*, 737 F.2d 1170,

1172 (D.C. Cir. 1984) (per curiam). Where modification is sought "so as to avoid duplicative discovery in collateral litigation, policy considerations favoring the efficient resolution of disputes justifies modification unless such an order would tangibly prejudice substantial rights of the party opposing modification." *In re Vitamins Antitrust Litig.*, No. MDL 1285, 2001 WL 34088808, at *6 n.17 (D.D.C. Mar. 19, 2001)  (quoting *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994)). "Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order." *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980) (citation omitted).

B.  **Efficiency justifies a limited amendment of the Protective Order's document destruction deadline pending completion of the *Dominion* litigation.**

Courts routinely grant modifications of protective orders so that discovery produced in one case may be used in other cases. *See, e.g.*, *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 192 F. Supp. 3d 400, 407 (S.D.N.Y. 2016) ("Sharing discovery 'is an efficient and effective means of avoiding duplicative and costly discovery, as well as avoiding unnecessary delay in the adjudication of cases.'" (quoting *Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc.*, 287 F.R.D. 130, 134 (E.D.N.Y. 2012)); *Bell v. Am. Int'l Indus.*, 627 F. Supp. 3d 520, 529 (M.D.N.C. 2022) ("In essence, [Defendant] seeks to vacate the protective order so the Northwell Document can be used in other litigation. This is 'the most forceful' grounds for modifying a protective order and 'builds on a long line of cases recognizing the propriety of access to the fruits of one litigation to facilitate the preparation of other cases.'" (quotation omitted)). *See generally* 8A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2044.1 & nn. 29–31 (3d ed. June 2024 update) (collecting cases).

The relief OAN requests in this case, however, is even more modest. OAN seeks the Court's permission not to *use* the Smartmatic-produced documents in the *Dominion* action at this time, but rather to merely retain 184 of them. *See* Edwards Decl. ¶ 17 (citing list of 184 documents identified by Bates number). OAN will not utilize the retained Smartmatic documents for any purpose without either (1) Smartmatic's agreement or (2) pursuant to order of the *Dominion* court. The reason OAN seeks to stay its destruction of the documents is to facilitate obtaining that agreement or court order. OAN's retention of the documents, which OAN has subpoenaed from Smartmatic, will permit OAN to fully address the merits of Smartmatic's objections, if any.

Plaintiffs insist that OAN destroy the documents, then issue subpoenas to the Smartmatic entities for the documents just destroyed. In other words, Plaintiffs contend that OAN must pretend as if discovery in this action never existed to begin with, and that OAN must start from scratch by propounding non-party discovery on Smartmatic pursuant to Rule 45, duplicating efforts already made. This will only prolong discovery in the *Dominion* action.[5] Such an approach flouts the primary aim of the Federal Rules of Civil Procedure, which is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see Tavoulareas*, 111 F.R.D. at 659 (observing that this Court's construction of Rule 26(c), governing protective orders, is guided by Rule 1); *see also Jochims v. Isuzu Motors, Ltd.*, 148 F.R.D. 624, 631 (S.D. Iowa 1993) ("[I]t makes little sense to require each of Petitioners to trod the footsteps left by

---

[5] Moreover, counsel for Smartmatic has stated that although counsel will accept service of subpoena on Smartmatic USA Corp., it will not do so for service on Smartmatic Holding B.V. and SGO Corporation Limited. (Edwards Decl. ¶ 13). Since these are foreign entities, effectuating service on them will potentially take several months. *See* Eric Porterfield, *Too Much Process, Not Enough Service: International Service of Process Under the Hague Service Convention*, 86 TEMP. L. REV. 331, 332 (2014) ("Indeed, service of process under the Hague Service Convention often adds six months or more to an already delay-ridden judicial process."). This appears to be done for the further purpose of frustrating OAN's attempts to efficiently use these documents.

Jochims' counsel in the sands of this case's protracted discovery in order merely to obtain duplicative discovery; discovery which more easily and less expensively could be obtained by modification of the protective order in this case."). This Court should exercise its direction to modify the Protective Order and rightly reject Plaintiffs' demand that OAN entirely reinvent the wheel in the *Dominion* action.

**C.    Plaintiffs cannot show prejudice would result from the requested amendment.**

Plaintiffs will suffer no prejudice by an extension of the document destruction deadline. Indeed, this Motion's requested relief requires no action on the part of Plaintiffs. Moreover, any desire on the part of Plaintiffs to "make it more burdensome" for OAN to pursue discovery in the *Dominion* action "is not legitimate prejudice." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990) (citation omitted). Any legitimate interest Plaintiffs have in concealing confidential or sensitive information from the public, or from their competitor Dominion, can be accommodated by placing use restrictions on the documents (whether via agreement between Smartmatic and OAN or by order of the *Dominion* court).

## IV.    CONCLUSION

For these reasons, OAN respectfully requests that this Court:

(1) promptly issue a brief administrative stay of the document destruction deadline, in order to maintain the status quo (*i.e.*, preservation of the documents) pending resolution of this Motion; and

(2) amend the Protective Order's document destruction deadline as to the 184 Smartmatic-produced documents in question, pending completion of the *Dominion* action.

Dated: June 12, 2024

By: ___/s/ R. Trent McCotter_____

**JACKSON WALKER LLP**
Charles L. Babcock
(admitted *pro hac vice*)
Nancy W. Hamilton
(admitted *pro hac vice*)
John K. Edwards
(admitted *pro hac vice*)
Joel R. Glover
(admitted *pro hac vice*)
Bethany Pickett Shah
(admitted *pro hac vice*)
1401 McKinney Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
cbabcock@jw.com
nhamilton@jw.com
jedwards@jw.com
jglover@jw.com
bpickett@jw.com

Jonathan D. Neerman
D.C. Bar No. 90003393
Carl C. Butzer
(admitted *pro hac vice*)
Minoo Sobhani Blaesche
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5664
Fax: (214) 661-6899
jneerman@jw.com
cbutzer@jw.com
mblaesche@jw.com

**BOYDEN GRAY PLLC**
R. Trent McCotter
D.C. BAR NO. 1011329
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

*Counsel for Herring Networks, Inc.*

8

**CERTIFICATE OF CONFERENCE**

I hereby certify that by email correspondence dated May 21, 2024 through June 4, 2024, counsel for the parties met and conferred to discuss the issues presented by this Motion. No agreement could be reached, and counsel for Plaintiffs confirmed the parties were at an impasse on June 4, 2024. On June 10, 2024, I attempted to confer with counsel for Plaintiffs via videoconference to discuss the relief requested in this Motion, and counsel for Plaintiffs declined.

John K. Edwards

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June 2024, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.

/s/ R. Trent McCotter
R. Trent McCotter