**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP., <br> SMARTMATIC HOLDING B.V., AND <br> SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br> v. <br><br> HERRING NETWORKS, INC., D/B/A <br> ONE AMERICA NEWS NETWORK, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )     Civil Action No. 1:21-cv-02900-CJN-MAU <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DECLARATION OF JOHN K. EDWARDS IN SUPPORT OF**
**OAN'S MOTION TO AMEND PROTECTIVE ORDER'S**
**DOCUMENT DESTRUCTION DEADLINE**

I, John K. Edwards, declare as follows:

1.  I am over the age of 21 and competent to make this declaration.  I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN").  I have personal knowledge of the facts stated in this declaration and those facts are true and correct.  I submit this Declaration in support of OAN's Motion to Amend Protective Order's Document Destruction Deadline.

2.  On December 16, 2022, the Court entered an Amended Confidentiality Agreement and Protective Order ("Order"). *See* ECF No. 48.

3.  Paragraph 20 of the Order provides, in pertinent part, "Within sixty (60) days after the final termination of this litigation by settlement . . . all Confidential Information or Highly Confidential - Attorney's Eyes-Only Information produced or designated and all reproductions and derivatives thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed." ECF No. 48 at ¶ 20.

4.  This action terminated by settlement of the parties on April 16, 2024. ECF No. 201.

5.      Because the litigation terminated on April 16, 2024, OAN's deadline under the Order to return—or at its option, destroy—all Confidential Information or Highly Confidential - Attorney's Eyes-Only Information produced or designated by Plaintiffs in this action is June 15, 2024.

6.      Plaintiffs produced over 2,500,000 documents to OAN in this litigation.

7.      On May 21, 2024, I reached out to Plaintiffs via email to request that Plaintiffs agree to modify Paragraph 20 of the Order to allow OAN to retain approximately 9,447 documents produced by Plaintiffs for OAN's use in *US Dominion, Inc. et al. v. Herring Networks, Inc. et al.*, No. 1:21-cv-02130-CJN-MAU, solely for the purpose of OAN's defense of the Dominion lawsuit, and subject to the operative protective order in that case. I explained that the documents are relevant and discoverable in the *Dominion* action. My email contained a link to an electronic folder containing copies of the documents for review by Plaintiffs' counsel. A true and correct copy of my email correspondence with counsel for Plaintiffs is attached as Exhibit A.

8.      As an alternative to OAN's retention of the documents, I requested that Plaintiffs agree to re-produce the same documents in response to a subpoena requesting these documents issued by OAN in the Dominion lawsuit. *See id.*

9.      On May 28, 2024, Plaintiffs rejected the request, responding that reviewing the documents would be unduly burdensome. Plaintiffs counter-proposed that OAN "narrow its request to a set of 200 documents or less," but did not commit to letting OAN retain these 200 documents for use in the Dominion lawsuit. *See id.*

10.     On May 30, 2024, I responded that OAN could narrow the initial set to 250 documents for Plaintiffs' review, reserving OAN's rights to a future subpoena. I further requested that, "[i]n the meantime . . .Smartmatic consent to allowing OAN to retain - but not use -- the

documents identified and listed in my email of May 21, 2024 . . . past the PO destruction deadline until we get this issue fully resolved." *See id.*

11.     Plaintiffs rejected my request the same day, stating: "If OANN wants Smartmatic to agree to amending the PO, it will be in exchange for an agreement that OANN will not then subpoena Smartmatic in the future with respect to its litigation with Dominion. We are not going to do both. We will agree to review 250 documents or fewer if OANN foregoes a future subpoena and destroys the rest of the documents." *See id.*

12.     On May 31, 2024, I explained that OAN "cannot agree to forego a subpoena" because OAN "can't be hamstrung in this fashion should it become necessary as we move down the track in the Dominion case." *See id.* I explained that, in contrast to Plaintiffs' insistence that OAN surrender its subpoena rights, "We would rather work cooperatively, and the proposal we've made is not burdensome to Smartmatic -- that is, review a list of approximately 250 documents and suspend the obligation to destroy the original requested set until we resolve the issue.  Again, we are not asking for the ability to use the larger set of documents in the Dominion case at this time." *See id.*

13.     On June 4, 2024, Plaintiffs rejected OAN's request to retain documents past the Order's destruction deadline, stating that OAN's request was "patently unreasonable." *See id.* Counsel for Plaintiffs noted that it would accept service of a subpoena for Smartmatic USA Corp. only, but not Smartmatic Holding B.V. and SGO Corporation Limited. *See id.*

14.     On June 10, 2024, I offered a videoconference with counsel for Plaintiffs to discuss a cooperative resolution without the need for OAN to file a motion. *See id.*

15.     Plaintiffs responded the same day, stating that "there seems to be no room left for a reasoned discussion." *See id.*

16.     On June 11, 2024, "in the interest of compromise and to hopefully avoid an ongoing dispute," I wrote to Plaintiffs' counsel, explaining that OAN narrowed its request to retain and use in the Dominion lawsuit documents produced by Plaintiffs to only 184. *See id.* I reiterated that "we cannot agree with your condition that in order for you to review a set of documents and -potentially- allow retention/use, we must forego any future subpoena." *See id.*

17.     I simultaneously provided to Plaintiffs' counsel a documents subpoena issued in the Dominion lawsuit for the 184 documents. A true and correct copy of the documents subpoena is attached as <u>Exhibit B</u>. The subpoena is addressed to Smartmatic USA Corp. *See id.* It contains a single request for production, asking for 184 documents produced by Plaintiffs in this action, as identified by Bates stamp.  *See id.* at sch. A, ex. A.

18.     As of the time of writing, Plaintiffs have failed to respond to OAN's narrowed request identified *supra* at ¶ 16.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 12, 2024.



_____

John K. Edwards

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC HOLDING B.V., AND SGO CORPORATION LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No. 1:21-cv-02900-CJN-MAU |
| v. | ) ) | |
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT OAN'S INDEX OF EXHIBITS

Defendant Herring Networks, Inc., d/b/a One America News Network, pursuant to paragraph 8(b) of the Standing Order for Civil Cases, *see* ECF No. 5, submits its Index of Exhibits to the Motion to Amend Protective Order's Document Destruction Deadline as follows:

| **Exhibit A** | Email Correspondence Between Counsel Beginning May 21, 2024 |
|---|---|
| **Exhibit B** | Documents Subpoena to Smartmatic USA Corp. (issued June 11, 2024) |

**EXHIBIT A**

**Bakke, West**

| | |
|---|---|
| **From:** | Edwards, John |
| **Sent:** | Tuesday, June 11, 2024 11:33 AM |
| **To:** | Kovacs, Caitlin; OANNService |
| **Cc:** | Smartmatic-OANNServiceList; Trent McCotter |
| **Subject:** | RE: SM/OAN - Documents under PO |
| **Attachments:** | 40629972_1_Document Subpoena - Smartmatic USA Corp.pdf |

Caitlin, in the interest of compromise and to hopefully avoid an ongoing dispute, we have narrowed our request to retain/use documents to 184.  As I said before, we cannot agree with your condition that in order for you to review a set of documents and - potentially- allow retention/use, we must forego any future subpoena.  Again, I think it is unlikely but can't guarantee it won't be necessary.  Thus, attached is a subpoena for those documents to Smartmatic USA Corp.

If this changes your position, let me know today; otherwise, we'll file our motion and ask the Court to allow us to retain the 184 documents until this issue is resolved.

Thanks. - John

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Monday, June 10, 2024 8:50 PM
**To:** Edwards, John <jedwards@jw.com>; OANNService <OANNService@jw.com>
**Cc:** Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>; Trent McCotter <tmccotter@boydengray.com>
**Subject:** RE: SM/OAN - Documents under PO

> **Caution: **External Email.**

John,

OANN has no legal basis on which to seek an amendment of the Protective Order. Smartmatic is not a party to OANN's litigation with Dominion. Despite OANN's many false statements otherwise, Dominion and Smartmatic are actually fierce competitors, and OANN's request to preserve over 9,400 of Smartmatic's confidential documents to use in litigation with that competitor would be enormously prejudicial to Smartmatic.

As the below correspondence shows, OANN has not in fact worked cooperatively with Smartmatic to formulate a reasonable request. If OANN truly wants to take discovery of Smartmatic with respect to its Dominion litigation, it should issue a subpoena – not demand that Smartmatic amend the PO with respect to thousands of documents *after* the parties have settled their dispute. OANN's demand that Smartmatic both agree to amend the PO *and* be receptive to any future subpoena is wildly unreasonable. Since OANN has refused Smartmatic's proposal to either narrow the scope of its voluminous request and forego a subpoena, *or* simply serve a subpoena and abide by the PO the parties have agreed to, there seems to be no room left for a reasoned discussion.

If OANN chooses to file a motion with the Court tomorrow, please remember to serve us with that motion, since our prior matter has been closed. We reserve all rights with respect to opposing whatever motion OANN imagines is proper after a case has been finally resolved.

In the absence of any court order to the contrary, we also fully expect OANN to comply with the PO and destroy all of Smartmatic's produced documents by June 15, which will be sixty days after the parties stipulated to dismiss the case.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Monday, June 10, 2024 3:44 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; OANService <OANService@jw.com>
**Cc:** Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>; Trent McCotter <tmccotter@boydengray.com>
**Subject:** RE: SM/OAN - Documents under PO

Caitlin, I'm happy to discuss this further via Zoom if you think it would be helpful, but given the time sensitivity, we are otherwise filing a motion to amend the PO tomorrow afternoon.  Thanks. - John

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Friday, June 7, 2024 11:43 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; OANService <OANService@jw.com>
**Cc:** Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>
**Subject:** RE: SM/OAN - Documents under PO

Caitlin, we disagree with your email below, which mischaracterizes my email.  We were seeking a cooperative resolution, but since you'd rather have us issue a subpoena, we'll do so - and ask the Court for relief as I mentioned in my prior emails.

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, June 4, 2024 12:44 PM
**To:** Edwards, John <jedwards@jw.com>; OANService <OANService@jw.com>
**Cc:** Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>
**Subject:** RE: SM/OAN - Documents under PO

**Caution: **External Email.

John –

Your email below shows that OANN's request is patently unreasonable. OANN is asking Smartmatic to excuse its compliance with the operative Protective Order with respect to 9,447 documents in exchange for nothing at all. That

suggests that the 250 documents would be just the start and OANN will continuously push for more, whether through negotiation over the Protective Order's applicability, a newly issued subpoena, or both. Moreover, retaining Smartmatic's documents as opposed to issuing a new subpoena is not the proper way for OANN to obtain third party discovery, especially given that the plaintiff in OANN's case is one of Smartmatic's competitors.

Accordingly, Smartmatic does not consent to OANN retaining documents from the *Smartmatic v. OANN* litigation. Those documents should be handled in accordance with the Protective Order. If OANN has grounds to obtain documents from Smartmatic USA, Smartmatic BV or SGO Corporation in the *Dominion v. OANN* litigation, OANN should issue a subpoena to the proper entity or entities.

Benesch is authorized to accept service of a subpoena issues to Smartmatic USA. Benesch is not authorized to accept service of a subpoena issued to Smartmatic BV or SGO Corporation. Our client(s) will respond to the subpoena(s) as appropriate and reserve all rights.

Best,
Caitlin



Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

vCard

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Friday, May 31, 2024 2:58 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; OANService <OANService@jw.com>
**Cc:** Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>
**Subject:** RE: SM/OAN - Documents under PO

Caitlin, we cannot agree to forego a subpoena. While it is unlikely, we can't be hamstrung in this fashion should it become necessary as we move down the track in the Dominion case.

If you insist on OAN agreeing to give up its subpoena rights in exchange for a retention agreement, we will ask Judge Nichols to amend the protective order to allow retention of the documents we originally requested for the duration of the Dominion case. We would rather work cooperatively, and the proposal we've made is not burdensome to Smartmatic -- that is, review a list of approximately 250 documents and suspend the obligation to destroy the original requested set until we resolve the issue. Again, we are not asking for the ability to use the larger set of documents in the Dominion case at this time.

Please let me know if we are at impasse by Monday.

Thanks. - John

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Thursday, May 30, 2024 4:16 PM

**To:** Edwards, John <jedwards@jw.com>; OANService <OANService@jw.com>
**Cc:** Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>
**Subject:** RE: SM/OAN - Documents under PO

> **Caution: **External Email.

John,

If OANN wants Smartmatic to agree to amending the PO, it will be in exchange for an agreement that OANN will not then subpoena Smartmatic in the future with respect to its litigation with Dominion. We are not going to do both. We will agree to review 250 documents or fewer if OANN foregoes a future subpoena and destroys the rest of the documents.

If you'd prefer to issue a subpoena, we will expect OANN to comply with the PO as-written.

Thanks,
Caitlin



| | Caitlin A. Kovacs |
| --- | --- |
| | (she/her/hers) |
| | Partner \| Litigation |
| | Benesch Friedlander Coplan & Aronoff LLP |
| | |
| | t: 312.624.6392 \| m: 614.804.0562 |
| | CKovacs@beneschlaw.com \| www.beneschlaw.com |
| | 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637 |
| | |
| | Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice |

vCard

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Thursday, May 30, 2024 11:47 AM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>; OANService <OANService@jw.com>
**Cc:** Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>
**Subject:** RE: SM/OAN - Documents under PO

Caitlin, thanks for getting back to us.  In response to your counter-proposal, OAN will agree to identify approximately 250 documents for your team's review (reserving rights to a future subpoena).  We will get you this list next week.  In the meantime, we ask that Smartmatic consent to allowing OAN to retain - but <u>not</u> use - - the documents identified and listed in my email of May 21, 2024, below, past the PO destruction deadline until we get this issue fully resolved.  Let me know.  Thanks. - John

**From:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Sent:** Tuesday, May 28, 2024 4:56 PM
**To:** Edwards, John <jedwards@jw.com>; OANService <OANService@jw.com>
**Cc:** Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>
**Subject:** FW: SM/OAN - Documents under PO

> **Caution: **External Email.

John,

It appears that OANN is asking to retain 9,447 Smartmatic-produced documents for use in its litigation with Dominion. Your request that we authorize this use would require a document-by-document review that is unduly burdensome, particularly for a third party to litigation involving its competitor.

Smartmatic will consider consenting to OANN's retention and use of a smaller set of documents in the Dominion Lawsuit. Please let us know if OANN is willing to narrow its request to a set of 200 documents or less. If so, Smartmatic is willing to review them. Otherwise, OANN will need to issue a subpoena to Smartmatic, and the parties can further discuss parameters for Smartmatic's response. Benesch will accept service on behalf of Smartmatic if OANN chooses to issue a subpoena.

Please let us know how you would like to proceed.

Best,
Caitlin



vCard

Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, May 21, 2024 6:42 PM
**To:** Kovacs, Caitlin <CKovacs@beneschlaw.com>
**Cc:** Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>; OANService <OANService@jw.com>
**Subject:** Re: SM/OAN - Documents under PO

Understood, and thank you.

Sent from my iPhone

On May 21, 2024, at 5:48 PM, Kovacs, Caitlin <CKovacs@beneschlaw.com> wrote:

**Caution:** **External Email.

John,

Hello – hope you've been well. We have received your request below. Loading the documents you have shared is taking substantial time due to size, which indicates that we will likely require longer than Friday to evaluate the documents you have asked about and provide you with our position. Once those documents have loaded and we get a sense of them, we will circle back on our expected timing.

Thanks,
Caitlin

Caitlin A. Kovacs
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

vCard

t: 312.624.6392 | m: 614.804.0562
CKovacs@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Edwards, John <jedwards@jw.com>
**Sent:** Tuesday, May 21, 2024 11:26 AM
**To:** Smartmatic-OANNServiceList <Smartmatic-OANNServiceList@beneschlaw.com>; OANService <OANService@jw.com>
**Subject:** SM/OAN - Documents under PO

Counsel:

Under Paragraph 20 of the Amended Protective Order in this case (ECF No. 48), the Receiving Party is required to return or destroy information designated as Confidential Information or Highly Confidential - Attorneys' Eyes-Only by the Producing Party within 60 days of final termination of the litigation.  However, under Paragraph 19(b), the Receiving Party may seek permission from the Producing Party to modify the Amended Protective Order.

Herring Networks, Inc. ("OAN") requests that Plaintiffs agree to modification of Paragraph 20 of the Amended Protective Order to allow OAN to retain certain documents produced by Plaintiffs that are relevant and discoverable in *US Dominion, Inc. et al. v. Herring Networks, Inc. et al.*, 1:21-cv-02130 (CJN) ("Dominion Lawsuit").  These specific documents are listed in the attached, and the documents are available at this link:  https://jacksonwalker.sharefile.com/d-s73893b924b294ae49dcd52d763fa3a5d.  The request includes families/attachments.

OAN's retention and use of these documents would be solely for the purpose of defending the Dominion Lawsuit and would be subject to the Amended Protective Order in that case (attached).

If Smartmatic will not agree to this request, OAN requests that Smartmatic agree to re-produce these same documents in response to a subpoena requesting these documents issued by OAN in the Dominion Lawsuit, with Plaintiffs' production of documents governed by the Amended Protective Order in the Dominion Lawsuit.

Please let me know by Friday, May 24, 2024 whether Smartmatic will agree to one of the above options.  If Smartmatic will not agree to either option, OAN intends to seek relief from the Court.  Thanks. - John

John K. Edwards | Partner
1401 McKinney Suite 1900 | Houston, TX | 77010
V: (713) 752-4319 | C:  (713) 553-7951 | F: (713) 308-4117
 John Edwards - Houston Litigation Attorney - Jackson Walker (jw.com)| jedwards@jw.com

# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| US DOMINION INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| Herring Networks, Inc., et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  1:21-cv-02130-CJN

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Smartmatic USA Corp., 108 LAKELAND AVE., DOVER, DE 19901
c/o Caitlin Kovacs, Benesch Friedlander Coplan & Aronoff LLP

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Veritext Legal Solutions | Date and Time: |
|---|---|
| 300 Delaware Avenue, Suite 815 Wilmington, DE 19801 | 06/28/2024 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      06/11/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ John Edwards |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendant
Herring Networks, Inc. d/b/a One America News Network                    , who issues or requests this subpoena, are:

John Edwards, jedwards@jw.com,1401 McKinney Ave, Suite 1900, Houston, TX 77010

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-cv-02130-CJN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS AND INSTRUCTIONS**

1.      "Document" means any writing, graphic matter, or other tangible or digital thing, whether printed, recorded, produced by any process, or written or produced by hand, including, without limitation, agreements, contracts, correspondence, memoranda, letters, reports, Communications (as defined above) and Electronically Stored Information (as defined below), correspondence, telegrams, internal and external memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, ledgers, work papers, photographs, tape recordings, applications, video tapes, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of Persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in Your possession, custody or control, or the possession, custody or control of any Your counsel, investors, agents, employees and/or Persons acting on Your behalf.

2.      "OAN" shall mean One America News Network.

3.      "Smartmatic Documents" shall mean Documents produced by Smartmatic USA Corp. to Defendants in the case styled *Smartmatic USA Corp., et al. v. Herring Networks Inc., d/b/a One America News Network*, No. 1:21-cv-02900 (D.D.C.).

4.      Where a claim of privilege is asserted in responding or objecting to any discovery requested herein and information is not provided on the basis of such assertion, You shall, in Your response or objection, identify the nature of the privilege (including work product) which is being

claimed.  When any privilege is claimed, You shall, as to the Documents and/or information

requested, whether:

(a)      any Documents exist or any Communications took place; and

(b)      provide the following information for each such Document or  Communication in

a "privilege log" or similar format:

(i)      the type of Document or Communication;

(ii)      the general subject matter of the Document or Communication;

(iii)      the date of the Document or Communication;

(iv)      the author(s) of the Document or participants in the Communication;

(v)      the addressee(s) and any other recipient(s) of the Document; and

(vi)      the custodian of the Document, where applicable.

## <u>REQUESTS FOR PRODUCTION</u>

**1.**      The Smartmatic Documents produced to OAN in the case of *Smartmatic USA Corp., et al.*

*v. Herring Networks Inc., d/b/a One America News Network*, No. 1:21-cv-02900 (D.D.C.)

identified by bates-number in <u>Exhibit A</u>.

## ATTORNEYS OF RECORD

Stephen Shackelford, Jr.
sshackelford@susmangodfrey.com
Mark Hatch-Miller
MHatch-Miller@susmangodfrey.com
Zachary Savage
zsavage@susmangodfrey.com
Eve Levin
elevin@susmangodfrey.com
Christina Dieckmann
cdieckmann@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330

Davida Brook
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Jonathan J. Ross
Mary K. Sammons
Laranda Walker
Elizabeth Hadaway
SUSMAN GODFREY L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
jross@susmangodfrey.com
ksammons@susmangodfrey.com
lwalker@susmangodfrey.com
ehadaway@susmangodfrey.com

Edgar Sargent
Katherine Peaslee
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 516-3880
esargent@susmangodfrey.com
kpeaslee@susmangodfrey.com

Charles L. Babcock
cbabcock@jw.com
Nancy Hamilton
nhamilton@jw.com
John Edwards
Jedwards@jw.com
Joel Glover
jglover@jw.com
Bethany Pickett Shah
bpickett@jw.com
JACKSON WALKER LLP
1401 McKinney
Suite 1900
Houston, TX 77010

Jonathan Neerman
jneerman@jw.com
Carl Butzer
cbutzer@jw.com
Minoo Blaesche
mblaesche@jw.com
JACKSON WALKER LLP
2323 Ross Avenue
Suite 600
Dallas, TX 75201

R. Trent McCotter
BOYDEN GRAY & ASSOCIATES
801 17th Street NW, Suite 350
Washington, DC 20006
mccotter@boydengrayassociates.com

*Attorneys for Defendants*

Rodney Smolla
164 Chelsea Street
South Royalton, VT 05068
(864) 373-3882
rodsmolla@gmail.com

*Attorneys for Plaintiffs*

**Exhibit A**

| |
|---|
| SMMT-OAN00001987 |
| SMMT-OAN00010703 |
| SMMT-OAN00011524 |
| SMMT-OAN00012120 |
| SMMT-OAN00014383 |
| SMMT-OAN00014389 |
| SMMT-OAN00014516 |
| SMMT-OAN00015822 |
| SMMT-OAN00048888 |
| SMMT-OAN00051013 |
| SMMT-OAN00053129 |
| SMMT-OAN00053512 |
| SMMT-OAN00053668 |
| SMMT-OAN00057586 |
| SMMT-OAN00064407 |
| SMMT-OAN00066004 |
| SMMT-OAN00079229 |
| SMMT-OAN00079762 |
| SMMT-OAN00108348 |
| SMMT-OAN00115459 |
| SMMT-OAN00128201 |
| SMMT-OAN00130630 |
| SMMT-OAN00137366 |
| SMMT-OAN00138105 |
| SMMT-OAN00138201 |
| SMMT-OAN00138727 |
| SMMT-OAN00140379 |
| SMMT-OAN00148497 |
| SMMT-OAN00149213 |
| SMMT-OAN00149243 |
| SMMT-OAN00149247 |
| SMMT-OAN00151776 |
| SMMT-OAN00151921 |
| SMMT-OAN00164511 |
| SMMT-OAN00164533 |
| SMMT-OAN00164552 |
| SMMT-OAN00164563 |
| SMMT-OAN00164575 |
| SMMT-OAN00164585 |

| |
|---|
| SMMT-OAN00164701 |
| SMMT-OAN00165785 |
| SMMT-OAN00191755 |
| SMMT-OAN00245137 |
| SMMT-OAN00712323 |
| SMMT-OAN00712394 |
| SMMT-OAN00717750 |
| SMMT-OAN00731103 |
| SMMT-OAN00732058 |
| SMMT-OAN00736698 |
| SMMT-OAN00738791 |
| SMMT-OAN00762614 |
| SMMT-OAN00781041 |
| SMMT-OAN00781149 |
| SMMT-OAN00959817 |
| SMMT-OAN01075776 |
| SMMT-OAN01158847 |
| SMMT-OAN01160389 |
| SMMT-OAN01187793 |
| SMMT-OAN01212579 |
| SMMT-OAN01225365 |
| SMMT-OAN01244905 |
| SMMT-OAN01245891 |
| SMMT-OAN01253562 |
| SMMT-OAN01254848 |
| SMMT-OAN01290605 |
| SMMT-OAN01312693 |
| SMMT-OAN01312698 |
| SMMT-OAN01333402 |
| SMMT-OAN01333853 |
| SMMT-OAN01333890 |
| SMMT-OAN01334380 |
| SMMT-OAN01334996 |
| SMMT-OAN01335003 |
| SMMT-OAN01335006 |
| SMMT-OAN01337239 |
| SMMT-OAN01338249 |
| SMMT-OAN01341566 |
| SMMT-OAN01342177 |
| SMMT-OAN01342837 |
| SMMT-OAN01344046 |
| SMMT-OAN01351081 |
| SMMT-OAN01352300 |

| |
|---|
| SMMT-OAN01353623 |
| SMMT-OAN01362751 |
| SMMT-OAN01365017 |
| SMMT-OAN01403415 |
| SMMT-OAN01403656 |
| SMMT-OAN01404250 |
| SMMT-OAN01412912 |
| SMMT-OAN01425879 |
| SMMT-OAN01435823 |
| SMMT-OAN01447539 |
| SMMT-OAN01447540 |
| SMMT-OAN01468721 |
| SMMT-OAN01502087 |
| SMMT-OAN01504202 |
| SMMT-OAN01511172 |
| SMMT-OAN01550227 |
| SMMT-OAN01551214 |
| SMMT-OAN01551232 |
| SMMT-OAN01551240 |
| SMMT-OAN01564355 |
| SMMT-OAN01571215 |
| SMMT-OAN01591921 |
| SMMT-OAN01604829 |
| SMMT-OAN01716548 |
| SMMT-OAN01867342 |
| SMMT-OAN01870617 |
| SMMT-OAN01899311 |
| SMMT-OAN01939928 |
| SMMT-OAN01974434 |
| SMMT-OAN01996184 |
| SMMT-OAN02014815 |
| SMMT-OAN02029648 |
| SMMT-OAN02045064 |
| SMMT-OAN02047812 |
| SMMT-OAN02067740 |
| SMMT-OAN02196066 |
| SMMT-OAN02321075 |
| SMMT-OAN02345962 |
| SMMT-OAN02364137 |
| SMMT-OAN02372868 |
| SMMT-OAN02379678 |
| SMMT-OAN02475837 |
| SMMT-OAN02476248 |
| SMMT-OAN02484507 |
| SMMT-OAN02547027 |

| |
|---|
| SMMT-OAN02548366 |
| SMMT-OAN02569383 |
| SMMT-OAN03087486 |
| SMMT-OAN03127559 |
| SMMT-OAN03712095 |
| SMMT-OAN03712368 |
| SMMT-OAN03726617 |
| SMMT-OAN03726633 |
| SMMT-OAN03781666 |
| SMMT-OAN03830996 |
| SMMT-OAN03839027 |
| SMMT-OAN03926496 |
| SMMT-OAN03946820 |
| SMMT-OAN04082002 |
| SMMT-OAN04088534 |
| SMMT-OAN04195763 |
| SMMT-OAN04195964 |
| SMMT-OAN04195977 |
| SMMT-OAN04281890 |
| SMMT-OAN04536879 |
| SMMT-OAN04812409 |
| SMMT-OAN05121567 |
| SMMT-OAN05158934 |
| SMMT-OAN05167295 |
| SMMT-OAN05257628 |
| SMMT-OAN05722412 |
| SMMT-OAN05957382 |
| SMMT-OAN05964775 |
| SMMT-OAN05965134 |
| SMMT-OAN06727087 |
| SMMT-OAN06939539 |
| SMMT-OAN07034299 |
| SMMT-OAN07034300 |
| SMMT-OAN07062206 |
| SMMT-OAN07399437 |
| SMMT-OAN07543987 |
| SMMT-OAN07789559 |
| SMMT-OAN07874202 |
| SMMT-OAN07874440 |
| SMMT-OAN07874781 |
| SMMT-OAN07874933 |
| SMMT-OAN07875991 |

| |
|---|
| SMMT-OAN07875992 |
| SMMT-OAN07876256 |
| SMMT-OAN07877253 |
| SMMT-OAN07877879 |
| SMMT-OAN07886097 |
| SMMT-OAN07894860 |
| SMMT-OAN08026751 |
| SMMT-OAN08034950 |
| SMMT-OAN08063656 |
| SMMT-OAN08077060 |
| SMMT-OAN08118543 |
| SMMT-OAN08118679 |
| SMMT-OAN08118715 |
| SMMT-OAN09565458 |
| SMMT-OAN09979054 |